**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In Re: | No. 18-03197-11 |
| **GIGA WATT INC.,** | **STIPULATION ON MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL** |
| Debtor in Possession. | |

Giga Plex, LLC, by David A. Kazemba, and the Debtor in Possession, Giga Watt Inc., by Timothy R. Fischer, stipulate to a proposed order on the Debtor's Motion for Interim Order Authorizing Use of Cash Collateral, which shall provide the terms that follow:

A. <u>Commencement of Case</u>. On November 19, 2018, the Debtor filed a voluntary petition for relief with this Court, commencing a case (the "<u>Chapter 11 Case</u>") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the filing date (the "<u>Petition Date</u>"), the Debtor has continued to manage and operate its business as a debtor in possession pursuant to sections 1107

Page 1 - **STIPULATION ON MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

and 1108 of the Bankruptcy Code.

B.   <u>No Creditors' Committee</u>.  To date, the United States Trustee has not appointed a committee pursuant to section 1102(a) of the Bankruptcy Code in this Chapter 11 Case.

C.   <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over these proceedings and the parties and properties affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for proceedings on the Motion is proper in this Court pursuant to 28 U.S.C. § 1409.

D.   <u>Prepetition Indebtedness to the Creditor and Security Therefor</u>.  Giga Plex, LLC (the "<u>Creditor</u>") and the Debtor are parties to a lease agreement, subject to three UCC financing statements, all of which secure property of the debtor located at various locations, including specifically the following:

All of debtor's equipment, including gigapods, electrical infrastructure, servers, trade fixtures, furnishings, accounts and all other property of debtor (located at the specific addresses)

The Creditor contends that the security extends to all of the Debtor's accounts.  The Debtor contends that only accounts located at the specific properties are subject to any security agreement. The Creditor contends that, as of the Petition Date, the

Page 2 -   **STIPULATION ON MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

Debtor was indebted to the Creditor in the approximate amount of $57,960.00.

E. <u>Necessity of Use of Alleged Cash Collateral</u>. The Debtor's source of revenue is cash generated from cryptocurrency mining, and payments from customers for customers use of the Debtor's infrastructure and it is necessary for the Debtor to pay operating expenses pending the Court's approval and entry of a final order and/or any subsequent interim cash collateral orders and budgets during this Chapter 11 Case, until it is determined whether Creditor's security agreement includes all of the Debtor's accounts or not. Use of alleged Cash Collateral to pay expenses as set forth in the budget attached hereto as <u>Exhibit A</u> (the "<u>Budget</u>") pending a final hearing is necessary to avoid immediate and irreparable harm to the estate.

F. <u>Cause</u>. Entry of this Order will minimize disruption of the Debtor's business and is in the best interests of the Debtor, its creditors and its estate.

G. <u>Notice</u>. Notice of the hearing and the relief requested in the Motion has been given to (a) the Office of the United States Trustee, (b) the Creditor, (c) the creditors holding the twenty (20) largest unsecured claims against the Debtor, and (d) all parties requesting special notice pursuant to Bankruptcy Rule 2002. Sufficient and adequate notice of the hearing and the relief requested in the Motion has been given pursuant to all applicable provisions of the Bankruptcy Code and the

Bankruptcy Rules, including, without limitation, section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 4001.

**NOW THEREFORE**, based on the above representations and stipulations, it is hereby ORDERED as follows:

<u>**USE OF ALLEGED CASH COLLATERAL**</u>

1.     The Debtor is authorized to use alleged Cash Collateral until the Termination Date (as defined below), solely in accordance with the terms of this Order to pay costs and expenses incurred by the Debtor in the ordinary course of its business, consistent with the Budget.

2.     The Debtor's authority to use alleged Cash Collateral is limited to the amounts set forth in the Budget; provided, however, that the Debtor may make expenditures in excess of said sums in the Budget so long as any variance shall not exceed fifty percent (50%) of the cumulative expenses as set forth in the Budget. The Debtor may exceed such variances only with the prior written consent of the Creditor or by subsequently entered order of this Court.    The fifty percent (50%)variance does not apply to payments that are payable for utilities.

3.     The Debtor's authority to use alleged Cash Collateral, without further order of the Court issued after notice and hearing or the written consent of the Creditor, shall automatically expire upon the earlier of (a) February 28, 2019, or

(b) regardless of whether the Debtor has expended the entire amount set forth in the Budget, the failure by the Debtor to comply with any provision of this Order (such failure being an "Event of Default"), which failure is not remedied within five business days after delivery of notice of such failure by the Creditor to the Debtor (the earlier of such date, the "Termination Date"). Upon the Termination Date, the Debtor's authority to use or spend any further alleged Cash Collateral shall automatically terminate unless and until the Debtor obtains the written consent of the Creditoror a further order of this Court, issued after notice and an opportunity for a hearing, provided, however, that notwithstanding the occurrence of the Termination Date, the Debtor shall be authorized to use alleged Cash Collateral to pay those budgeted amounts that have been incurred prior to the Termination Date.

4.    This Order does not determine that the Debtor's cash, accounts, revenue, proceeds, profits, or any other personal property is cash collateral of the Creditor, nor does it determine the extent or validity of any lien asserted by the Creditor. Any use of the word "Cash Collateral" is used to describe the property that the Debtor is temporarily limited from freely using, and is subject to restriction in use, until further order of the court.

## ADEQUATE PROTECTION

5.    As adequate protection for any Cash Collateral used by the Debtor,

Page 5 -  **STIPULATION ON MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

Creditor is hereby granted, pursuant to sections 361(1) and 363(e) of the Bankruptcy Code, a perfected lien (the "Replacement Lien") to secure an amount of Creditor's prepetition claims equal to $57,960.00, and all post-petition obligations that remain unpaid subject to the extent of any diminution in value of the Prepetition Collateral (the "Diminution") by reason of the use of Cash Collateral authorized herein, whether as a result of physical deterioration, consumption, shrinkage or otherwise. The Replacement Lien shall attach to all cryptocurrency owned by the Debtor generated at the locations that Debtor leases from Giga Plex, LLC.. The Creditor understands that the Replacement Lien does not extend to cryptocurrency generated at the leased premises which is generated and owned by the Debtor's customers. Granting this security interest to Creditor is for the purpose of providing adequate protection to Creditor to protect its allowed secured claim on the Petition Date and is not intended, nor shall it be deemed, to improve the collateral position of Creditor as of the Petition Date.

      6.     The Replacement Lien shall be in addition to all other security interests and liens securing Creditor's alleged secured claim in existence on the Petition Date. Additionally, nothing in this Order shall abridge or limit Creditor's alleged security interest in proceeds, products, or profits to the extent provided under section 552 of the Bankruptcy Code, if said security interest is found to exist.

7.     The Replacement Lien hereunder shall at all times be senior to the rights of the Debtor and any successor trustee or estate representative in this case or any subsequent cases or proceedings under the Bankruptcy Code.

8.     The Replacement Lien granted to Creditor by this Order shall be perfected and enforceable by operation of law upon execution and entry of this Order by the Court without regard to whether such security interests and liens are perfected under applicable non-bankruptcy law.

9.     The Debtor shall at all times keep the Prepetition Collateral and the properties to which the Replacement Lien attaches free and clear of all other liens, encumbrances and security interests, other than those in existence on the Petition Date, and shall pay and discharge when due all taxes, levies and other charges arising or accruing from and after the Petition Date.

10.     If it is subsequently determined by this Court, at any later hearing on use of alleged cash collateral, determination of validity and extent of security interests, or any other hearing, that the Creditor is determined to have no interest, or pre-petition perfected interest in cash collateral, this Adequate Protection lien will be null and void, nunc pro tunc, to the entry of this order, and shall be as it never existed.

## ADDITIONAL PROVISIONS

11. The Debtor acknowledges that by agreeing to this Order, approving any Budget, administering the Debtor's use of alleged Cash Collateral, or taking any other action relating to or in connection with this Order, Creditor shall not have any liability to the Debtor or any third party and shall not be deemed to be in control of the operations of the Debtor.

12. This Order, and each of its terms, shall be effective immediately upon entry by the Court and the automatic stay of judgment provisions of Bankruptcy Rule 8017(a) shall not apply.

13. A final hearing on the Debtor's Motion for Authority to Use Cash Collateral shall be held on January 17, 2019, at 1:00 p.m., or as soon thereafter as counsel may be heard. Within three (3) business days after the entry hereof, the Debtor shall mail or otherwise serve a copy of this Order, together with a notice of the final hearing.

As evidenced by the attached Budget, all rents, electricity and utility owed to Creditor will be paid on time in the Debtor's ordinary course of business.

All post-petition obligations that have not been paid will be paid by February 28, 2019.

1    Creditor may use security deposit currently in its possession to pay for post-

2    petition obligations that have not been paid.

3

4

5    WINSTON & CASHATT, LAWYERS

6    By: __/s/ *Timothy R. Fischer*_____
     Timothy R. Fischer, WSBA No. 40075
7    Attorneys for Debtor

8

9

10   Stipulated and agreed to by Giga Plex, LLC & MLDC1, LLC:

11   OVERCAST LAW OFFICES, PS

12
     By: __/s/ *David A. Kazemba*_____
13   David A. Kazemba, WSBA No. 48049

14   Attorneys for Giga Plex, LLC & MLDC1, LLC

15

16

17

18

19

20

21

22

23

24

25

26

Page 9 - **STIPULATION ON MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**