TIMOTHY R. FISCHER, WSBA No. 40075
NANCY L. ISSERLIS, WSBA No. 11623
DARREN M. DIGIACINTO, WSBA No. 39771
DAVID P. GARDNER, WSBA No. 39331
WINSTON & CASHATT, LAWYERS
601 W. Riverside Avenue, Suite 1900
Spokane, WA 99201
Telephone: (509) 838-6131
trf@winston&cashatt.com
Attorneys for Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>**GIGA WATT INC.,**<br><br>             Debtor in Possession. | Case No. 18-03197-11<br><br>**DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR IN POSSESSION TO (A) INCUR POSTPETITION DEBT ON AN EMERGENCY BASIS PENDING A FINAL HEARING, AND (B) PROVIDE SECURITY AND OTHER RELATED RELIEF** |

Giga Watt, Inc., as Debtor and Debtor in Possession (the **"Debtor"**), by and through its undersigned counsel, hereby moves (the "Motion") the Court for entry of interim and final orders:

(a) authorizing the Debtor to obtain secured, super-priority post-petition financing (the **"DIP Credit Facility"**) consisting of $500,000.00, with the sum of $400,000 being available to the Debtor on an interim basis, subject to the terms and conditions set forth herein and in that certain Debtor in Possession

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Credit Facility Term Sheet attached hereto as **Exhibit A** (as may be amended, supplemented, restated or otherwise modified from time to time, only consistent with the terms of this Interim Order **(Exhibit B)**, the **"DIP Agreement")**[1] by and among the Debtor and High Five Capital, LLC (the **"DIP Lender"**) and the financial institutions or other entities from time to time parties thereto, each as a DIP Lender, all as more fully set forth in the Interim DIP order.

(b) authorizing the Debtor to execute and deliver the DIP Agreement and other related loan documents, including the Credit Agreement consistent therewith (collectively, with all documents comprising the DIP Credit Facility, the **"Financing Documents"**) and to perform such other acts as may be necessary or desirable in connection with the Financing Documents and pursuant to the provisions of the Interim Order;

(c) authorizing the Debtor to grant DIP Lender allowed super-priority administrative expense claims in this Chapter 11 case and any successor case for the DIP Credit Facility and all obligations owing thereunder and under the Financing Documents.

(d) authorizing the Debtor to grant the DIP Lender, automatically perfected security interests in and liens on all of the DIP Collateral (as defined herein) including, without limitation:
(1) All of Borrower's assets and all proceeds and products of the foregoing, with priority over all existing liens including that of Giga Plex, LLC and Mechanic's liens on Borrower's assets; (2) proceeds of any and all claims, causes of action, and rights of Borrower arising under Bankruptcy Code sections 542-553 (other then Section 549)

(e) authorizing the accrual of all fees and expenses payable to the DIP Lender under the Financing Documents;

(f) vacating and modifying the automatic stay pursuant to Section 363 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the Interim Order and the Financing Documents;

---

[1] Following entry of the Interim Order, the Debtor intends to work with the DIP Lender and its counsel to negotiate a DIP Credit Agreement (the "Credit Agreement") that will be annexed to the form of the proposed Final Order.

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

(g) effective upon entry of a final order approving the relief requested herein (the **"Final Order"**), waiving the Debtor's ability to surcharge against the DIP Collateral pursuant to Section 506(c) of the Bankruptcy Code;

(h) effective upon entry of the Final Order, granting liens to the DIP Lender on the claims and proceeds of the Debtor's claims and causes of action arising under Sections 544, 547, 548, 549, 550 and 553 of the Bankruptcy Code to secure the DIP Loan Outstandings;

(i) scheduling a final hearing (the **"Final Hearing"**) to consider entry of the Final Order, and in connection therewith, giving and prescribing the manner of notice of the Final Hearing on this Motion; and

(j) granting the Debtor such other and further relief as is just and proper.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are Sections 105, 361, 362, 363 and 364 of Title 11 of the United States Code (the **"Bankruptcy Code"**), Rules 202, 401, 6003 and 9014 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**).

## PRELIMINARY STATEMENT

3.    As discussed herein, the proceeds of the DIP Credit Facility will be used for working capital and other general corporate purposes and pay for the Debtor's budgeted administrative expenses incurred during the Chapter 11 Case. The loan is absolutely

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

essential to maintain utility services and for the Debtor to generate revenue from the cryptocurrency market.

## BANKRUPTCY RULE 4001 AND LOCAL RULE 4001-2 CONCISE STATEMENTS AND HIGHLIGHTED PROVISIONS

4. Pursuant to Bankruptcy Rules 4001(b) and (c), the Debtor submits the following concise statements of the relief requested and the material terms of the Interim Order and highlighted provisions:

| Required Disclosure | Description of Relief/Provisions |
|---|---|
| DIP Borrower | Giga Watt, Inc. *See* DIP Agreement at pg. 1 |
| DIP Lender | *See* DIP Agreement at pg. 1 |
| DIP Credit Facility Amount | $500,000.00, with the sum of $400,000.00 being available on an interim basis. *See* DIP Agreement at pg. 1 |
| Interest Rate | The DIP Credit Facility will bear PIK interest at a rate per annum equal to 20% provided that, upon exercise by the Borrower of the Extension Period, or an event of default, such rate per annum shall increase to 24% *See* DIP Agreement at pg. 2 |
| Default Interest | The default rate will be the rate otherwise in effect plus 4%, payable on demand. *See* DIP Agreement at pg. 1 |
| Fees | *Closing Fee*: $10,000 payable to DIP Lender at closing which fee shall be deemed earned at closing. *Plan of Reorganization Success Fees*: If a plan of reorganization is confirmed in respect of this Chapter 11 case then a fee in the amount of $100,000 will be payable upon the date of confirmation of such plan. *Section 363 Sale Success Fee*: If all or substantially |

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

| | |
|---|---|
| | all of the Debtor's assets are sold pursuant to Section 363 of the Bankruptcy Code, then a fee of $100,000 shall be payable to the DIP Lender on the confirmation date or at the time of sale.<br><br>*See* DIP Agreement at pp. 2 |
| Approved Budget | The Borrower shall not pay any expenses other than those set forth in the Approved Budget. The Borrower shall be authorized to use the proceeds of the DIP Credit Facility only for payment of such items as are set forth in the Approved Budget and subject to the terms and conditions set forth in the Financing Documents. The Approved Budget shall be revised by the end of each month during the term of the Credit Facility, and which shall remain subject to the consent of the DIP Lender each month. The Approved Budget is subject to certain variances and variance reports, all of which are discussed in the DIP Agreement attached hereto.<br><br>The Approved Budget is attached as **Exhibit C**.<br><br>*See* DIP Agreement at pp. 3 |
| Use of DIP Credit Facility | DIP Lender is providing the DIP Facilities to fund the required operations of the Debtor during the administration of the Debtor's Case. As a condition to the entry into the DIP Agreement and the extension of credit under the DIP Credit Facility, the DIP Lender requires, and the Debtor has agreed, that proceeds of the DIP Credit Facility shall be used, in each case in a manner consistent with the terms and conditions of the Financing Documents, this Interim Order and the Budget (defined below and as the same may be modified from time to time) solely for (1) working capital and other general corporate purposes, (2) permitted payment of costs of administration of the Case (subject to the |

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 5

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

| | limitations of the Carve Out defined below), (3) payment of fees and expenses due under the DIP Credit Facility, and as approved by the Court. |
|---|---|
| Termination Date of DIP | The earliest of: (a) June 30, 2019, provided, however, that the Borrower will have the right to extend such date to no later than September 30, 2019 by exercising one (1) three-month extension period (the **"Extension Period"**); or (c) confirmation of the Plan (as defined below) (the **"Maturity Date"**). For purposes hereof, the **"Plan"** shall mean a plan of reorganization of the Borrower, the terms and conditions of which are acceptable to the DIP Lender and its counsel. |
| Security to DIP Lender | DIP Lender is hereby granted continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected security interests in and liens on the **"DIP Collateral"**:<br><br>The DIP Liens securing the DIP Loan Outstandings shall be junior in payment and priority to the Carve Out defined below |
| DIP Super-priority Claims | Upon entry of the Interim Order, the DIP Lender is hereby granted, pursuant to Section 364(c)(1) of the Bankruptcy Code, an allowed super-priority administrative expense claim in each of the Case and any Successor Case (collectively, the **"DIP Super-priority Claims"**) for all DIP Loan Outstandings. The DIP Super-priority Claims shall be subordinate in payment and priority only to the Carve Out, and shall (a) otherwise have priority over any and all administrative expenses and unsecured claims against the Debtor or its estate in the Case and any Successor Case, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or |

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 6

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

| | |
|---|---|
| | ordered pursuant to Sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b) (except as set forth herein), 546(c),, 546(d), 726 (to the extent permitted by law), 1113 and 1114 of the Bankruptcy Code, and any other provision of the Bankruptcy Code, except as set forth herein, and (b) at all times be senior to the rights of the Debtor and its estate, and any successor trustee or other estate representative to the extent permitted by law. In addition, upon entry of a Final Order, the DIP Super-priority Claims shall extend to (i) commercial tort claims, or (ii) any avoidance actions or claims arising under Chapter 5 of the Bankruptcy Code, or any of the proceeds of (i) and (ii). |
| Adequate Protection to Prepetition Lenders | N/A. <br><br> *See* Interim Order at §7. |
| Carve Out | **"Carve Out"** shall encompass the following expenses: (i) allowed fees, and reimbursement for disbursements of professionals retained by the Debtor (the **"Debtor's Professional Fee Payments"**) accrued in accordance with the Budget in an aggregate amount for all the Debtor's Professional Fee Payments not to exceed $50,000; (ii) quarterly fees pursuant to 28 U.S.C. § 1930(a)(6); and (iii) fees payable to a Chapter 7 trustee in an aggregate amount not to exceed $10,000 and (b) without reducing the Carve Out Amount, all Debtor's Professional Fee Payments in accordance with the Budget, and payable under Sections 330 and 331 of the Bankruptcy Code, to the extent incurred prior to such Triggering Event. |
| Indemnification | The Debtor shall indemnify and hold harmless the DIP Lender and their affiliates against any and all |

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

| | |
|---|---|
| | liabilities arising out of or related to the transaction. Borrower's obligations shall survive termination of this term sheet. |
| Covenants | Usual and customary negative covenants for financings of this kind and subject to customary exceptions for facilities of this type. <br><br> *See* DIP Agreement at 4. |

5.      As discussed in greater detail below, the DIP Lender would not provide the DIP Credit Facility without the inclusion of the provisions listed above, each of which was heavily negotiated among the parties.  Moreover, given that the provision of the DIP Credit Facility will enable the Debtor to administer this Chapter 11 case for the interest of all stakeholders, these provisions will not unduly harm the Debtor's estate and are justified under the circumstances for the reasons set forth below.  Finally, the Debtor has determined in its sound business judgment that agreeing to such provisions was appropriate under the circumstances of this case to afford the Debtor immediate and much needed liquidity on the most competitive terms available to the Debtor.

## BACKGROUND
## BASIS FOR RELIEF

6.      For the following reasons, the Debtor respectfully submits that it has satisfied the standards applicable for the Court's approval of the DIP Credit Facility and entry of the Interim Order.

**I.      The Debtor Satisfies the Requirements for Entering into the DIP Credit Facility Under Section 364(c) of the Bankruptcy Code.**

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 8

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

7.      The Debtor proposes to obtain the DIP Credit Facility by providing to the DIP Lender security interests and liens as set forth above pursuant to Section 364(c) of the Bankruptcy Code.  The statutory requirement for obtaining postpetition credit under Section 364(c) is a finding, made after notice and hearing, that a debtor is "unable to obtain unsecured credit allowable under Section503(b)(1) of [the Bankruptcy Code] ...." 11 U.S.C. Section 364(c).

8.      Section 364(c) financing is appropriate when the trustee or debtor-in-possession is unable to obtain unsecured credit allowable as an ordinate administrative claim.

9.      Courts have articulated a three-part test to determine whether a debtor is entitled to financing under Section 364(c) of the Bankruptcy Code.  Specifically, courts look to whether:

(a)   the debtor is unable to obtain unsecured credit under Section 364(b), *i.e.*, by allowing a lender only an administrative claim;
(b)   the credit transaction is necessary to preserve the assets of the estate; and
(c)   the terms of the transaction are fair, reasonable and adequate, given the circumstances of the debtor-borrower and the proposed lender.

*In re Aqua Assocs.*, 123 B. R. 192, 195-96 (Bankr. E.D. Pa. 1991).  For the reasons discussed below, the Debtor satisfies the standards required to obtain postpetition financing under Section 364(c) of the Bankruptcy Code.

**A.    The Debtor Does Not Have an Alternative to the DIP Credit Facility.**

10.     The required showing under Section 364 of the Bankruptcy Code that other credit was not available to the Debtor is not rigorous.  In these circumstances, "[t]he statute imposes no duty to seek credit from every possible lender before concluding that

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 9

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

such credit is unavailable." *Bray v. Shenandoah Fed. Says & Loan Ass'n (In re Snowshoe Co.)*, 789 F.2d 1085, 1088 (4th Cir. 1986)  Indeed, a debtor need only demonstrate by a good faith effort that credit was not available without the protections afforded to potential lenders by Section 364(c)  of the Bankruptcy Code. *In re Antico Mfg. Co.*, 31 B.R. 103, 105 (Bankr. E.D.N.Y. 1983).  Moreover, whereas here, there are few lenders likely to be able and willing to extend the necessary credit to a debtor, "it would be unrealistic and unnecessary to require [the debtor] to conduct … an exhaustive search for financing." *In re Sky Valley, Inc.*, 100 B. R. 107, 113 (Bankr. H.D. Ga. 1988).

11.     After assessing its financial condition and reaching out to other potential financing parties, the Debtor determined that adequate financing on an unsecured or junior priority basis to the existing prepetition liens was simply not available.  As a result, the DIP Lender is the only party that offered to provide the Debtor with postpetition financing and was only willing to lend to the Debtor on the terms set forth in the Financing Documents and the Interim Order.  For these reasons, the Debtor has determined that, under the circumstances, the DIP Credit Facility is the best postpetition financing option available to it and its estate and is a prudent exercise of the Debtor's business judgment. *See, e.g., In re Ames Dept. Stores*, 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990)(with respect to postpetition credit, courts "permit debtors in possession to exercise their basic business judgment consistent with their fiduciary duties").

**B.     The DIP Credit Facility is Necessary to Preserve the Assets of the Debtor's Estate.**

12.     It is imperative that the Debtor promptly obtain access to financing to preserve and protect the value of its estate.  Access to substantial credit is necessary to meet the day-to-day costs associated with administering this Chapter 11 Case, including funding for employee wages and other costs necessary for preservation of the Debtor's

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 10

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

assets. Immediate access to sufficient cash is therefore critical to the Debtor. In the absence of immediate liquidity, the Debtor's employees and servicers may refuse to continue providing services to the Debtor, rendering the Debtor unable to administer this Chapter 11 Case. Indeed, loss of confidence among employees and other interested parties in the Debtor's ability to access credit at this crucial time would have a material adverse impact on the Debtor and its estate. Accordingly, the DIP Credit Facility is necessary to maximize the value of the Debtor's estate, pending prosecution of the Trade Case and, ultimately, confirmation of a plan of reorganization. *See Burtch v. Ganz (In re Mushroom Transp. Co.)* 382 F.3d 325, 339 (3d Cir. 2004)(debtors-in-possession have a duty to maximize their estates' assets).

### C. The Terms of the DIP Credit Facility are Fair, Reasonable and Appropriate Under the Circumstances.

13. The Debtor's request to enter into the DIP Credit Facility reflects the exercise of the Debtor's sound and prudent business judgment. As described above, the Debtor was not able to obtain alternative financing on an unsecured basis, nor were they able to obtain any financing on terms as favorable to them as the terms negotiated with the DIP Lender.

14. Accordingly, the Debtor submits that the terms and conditions of the Financing Documents and the Interim Order are fair and reasonable and were negotiated by the Parties in good faith and at arm's-length.

## II. The Debtor Has Exercised Sound Business Judgment in Determining that the DIP Credit Facility is Necessary.

15. As described above, after appropriate investigation and analysis, and given the exigencies of the circumstances, the Debtor has concluded that alternative credit of

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 11

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

the type and in the amount required by the Debtor is not available on an unsecured basis. Bankruptcy courts routinely defer to a debtor's business judgment on most business decisions, including the decision to borrow money, unless such decision fails the arbitrary and capricious standard. *See Trans World Airlines, Inc. v. Travelers Intl AG (In re Trans World Airlines, Inc.)*, 163 B.R. 964, 974 (Bankr. D. Del. 1994) (noting that approval of interim loan, receivables facility, and asset-based facility "reflect[ed] sound and prudent business judgment …[was] reasonable under the circumstances and in the best interest of [the debtor] and its creditors.").

16. The Debtor has exercised sound business judgment in determining that the DIP Credit Facility is not only appropriate, but that it is absolutely necessary. Without the liquidity provided by the DIP Credit Facility, the Debtor would be unable to pay employees and other constituencies that are essential to preserving the going concern value of this estate.

**III. Request for Modification of the Automatic Stay for the DIP Lender.**

17. Section 362 of the Bankruptcy Code provides for an automatic stay upon the filing of a bankruptcy petition. The proposed Financing Documents contemplate a modification of the automatic stay, to the extent applicable, to permit the DIP Lender to exercise of all of its rights and remedies provided for in the Financing Documents upon the occurrence and during the continuation of an Event of Default (as defined in the DIP Agreement), provided that the DIP Lender shall not be entitled to exercise any remedies with respect to the DIP Collateral until five (5) business days after the Termination Date (as defined in the Interim Order).

**IV. Request for Immediate Interim Relief.**

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 12

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

18.     Bankruptcy Rules 4001(b) and 4001(c) provide that a final hearing on a motion to obtain credit may not be commenced earlier that fourteen (14) days after the service of such motion. *See* Bankruptcy Rules 4001(b)(2), 4001(c)(2). Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and to authorize the obtaining and use of credit to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing. In examining requests for interim relief under this rule, courts apply the same business judgment standard applicable to other business decisions. *See, e.g., In re Simasko Prod. Co.*, 47 B.R. 444, 449 (Bankr. D. Colo. 1985).

19.     Pending the Final Hearing, the Debtor will be permitted to use up to $400,000 of the DIP Credit Facility Commitment for, among other things, payment of employee wages, rent and other working capital needs. It is essential that the Debtor immediately have the ability to pay for postpetition operating expenses to preserve and enhance the going concern value of the Debtor's estate.

20.     Absent immediate use of the DIP Credit Facility, the Debtor will be unable to pay ongoing operational expenses and will not be able to continue to make payments to key constituencies, such as its employees, who are integral to ensuring a smooth transition into Chapter 11. Consequently, if interim relief is not obtained, the Debtor's efforts in this case will be jeopardized immediately and irreparably harmed to the detriment of the Debtor's estate, its creditors, and other parties in interest.

## V.     The Financing Documents Should be Accorded the Benefits of Section 364€ of the Bankruptcy Code.

21.     Because the Financing Documents are fair and reasonable and have been negotiated in good faith and at arm's-length, and no consideration is being provided to

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 13

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

any party for obligations arising under the DIP Agreement or the other Financing Documents, other than as disclosed therein, the Debtor requests that the Financing Documents be accorded the benefits of Section 364(e) of the Bankruptcy Code.

**VI. The Payment of Fees and Other Costs are Reasonable and Appropriate.**

22.  As described above, the Debtor has agreed, subject to Bankruptcy Court approval, to accrue certain fees to the DIP Lender in connection with the DIP Credit Facility. The Debtor believes that that proposed fees are reasonable and appropriate and give the Debtor access to financing on the most favorable terms on which the DIP Lender would agree to make the DIP Credit Facility available. The Debtor considered these fees when determining in the exercise of its sound business judgment that the DIP Credit Facility constitutes the best terms on which the Debtor could obtain the postpetition financing necessary to administer this case.

**The Requirements of Bankruptcy Rule 6003(b) are Satisfied**

23.  Bankruptcy Rule 6003 provides that the relief requested in the Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm ...." *See* Fed. R. Bankr. P. 6003. As described herein, the Debtor's estate will suffer immediate and irreparable harm if it is not granted immediate use of the DIP Credit Facility in order to pay ongoing operational expenses. Accordingly, the Debtor submits that the relief requested herein is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

24.  To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfied Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 14

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

25.    Notice of this Motion and any order entered hereon will be served on all required parties.  Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtor respectfully submits that no further notice is required.

## NO PREVIOUS REQUEST

26.    No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court:

(a)    enter the Interim Order, granting the relief requested in this Motion on an interim basis;

(b)    after the Final Hearing, enter the Final Order substantially in the form that shall be filed with the Court; and

(c)    grant such other and further relief as may be just and proper.

DATED this 20th day of December, 2018.

WINSTON & CASHATT, LAWYERS

*/s/ Timothy R. Fischer*
_____
TIMOTHY R. FISCHER, WSBA No. 40075
Attorneys for Debtor in Possession

DEBTOR IN POSSESSION'S EMERGENCY MOTION - 15

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131