# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| In Re: | Case No. 18-03197-11 |
|---|---|
| **GIGA WATT INC.,** | **INTERIM ORDER (I) AUTHORIZING SECURED POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §364, AND (II) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(c)** |
| Debtor in Possession. | |

Upon the motion (the "***Motion***") of Giga Watt, Inc., (the "***Debtor***") in the above-referenced Chapter 11 case (the "***Case***"), pursuant to sections 105, 362, 363(c), 364(c), 364(d)(1), 364(e) and 507 of Title 11 of the United States Code, 11 U.S.C. §§101 <u>et</u> <u>seq</u>. (the "***Bankruptcy Code***"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), seeking, *inter alia*, entry of an Interim Order (this "***Interim Order***") and a Final Order (the "***Final Order***"):

INTERIM ORDER AUTHORIZATION /
SCHEDULING FINAL HEARING - Page 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

18-03197-FPC7    Doc 58-2    Filed 12/20/18    Entered 12/20/18 09:17:35    Pg 2 of 22

(i)     authorizing the Debtor to obtain secured, superpriority postpetition financing (the "***DIP Facility***") consisting of $500,000.00, with the sum of $400,000 being available to the Debtor on an interim basis pursuant to this Interim Order pending entry of a Final Order, subject to the terms and conditions set forth herein and in that certain Debtor in Possession Term Sheet (attached hereto as **Exhibit B**) (as may be amended, supplemented, restated, or otherwise modified from time to time, only consistent with the terms of this Interim Order, the "***DIP Agreement***") by and among the Debtor and High Five Capital, LLC ("***DIP Lender***,").

(ii)     authorizing the Debtor to execute and deliver the DIP Agreement and other related loan documents (collectively with all documents comprising the DIP Facility, the "***DIP Financing Documents***") and to perform such other acts as may be necessary or desirable in connection with the DIP Financing Documents and pursuant to the provisions of this Interim Order;

(iii)     authorizing the Debtor to grant the DIP Lender allowed superpriority administrative expense claims in the Case and any successor case (as defined herein) for the DIP Facility and all obligations owing thereunder and under the DIP Financing Documents (collectively, and including all "***Obligations***" as described in the DIP Agreement, the "***DIP Loan Outstandings***"), as more fully set forth in this Interim Order;

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

(iv)   authorizing the Debtor to grant the DIP Lender, automatically perfected security interests in and liens on all of the DIP Collateral (as defined herein);

(v)   authorizing and directing the Debtor to accrue the principal, interest, fees, expenses and other amounts payable under each of the DIP Financing Documents as they become due (subject to the provisions of paragraphs 3(a) and 3(b) of this Interim Order), including, without limitation, those fees set forth in the DIP Agreement, all to the extent provided by and in accordance with the terms of the DIP Financing Documents;

(vi)   vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the DIP Financing Documents and this Interim Order; and

(vii)   scheduling a final hearing (the "*Final Hearing*") on the Motion to consider the entry of the Final Order authorizing the borrowings under the DIP Financing Documents on a final basis and approve the form of notice procedures with respect thereto.

The Court having considered the Motion, the exhibits attached thereto, the DIP Financing Documents, the evidence submitted or adduced and the arguments of counsel made at the interim hearing held on December [_____], 2018 (the "*Interim Hearing*"); notice of the Interim Hearing having been given in accordance with Bankruptcy Rules 2002, 4001(b), (c) and (d), and 9014; the Interim Hearing to consider

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

the interim relief requested in the Motion having been held and concluded; all objections, if any, to the interim relief requested in the Motion having been withdrawn, resolved or overruled by the Court; it appearing to the Court that granting the interim relief requested is necessary to avoid immediate and irreparable harm to the Debtor and its estate pending the Final Hearing, and otherwise is fair and reasonable and in the best interests of the Debtor, its estate, and its creditors and equity holders, and is essential for the continued operation of the Debtor's businesses; and after due deliberation and consideration, and for good and sufficient cause appearing therefor:

BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING BY THE DEBTOR, THE DEBTOR AND DIP LENDER STIPULATE AND THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. *Petition Date*: On November 19, 2018 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Washington, commencing this Case (the "***Court***").

B. *Debtor in Possession*. The Debtor is continuing in the management and operation of its businesses and properties as Debtor in possession pursuant to sections

INTERIM ORDER AUTHORIZATION /
SCHEDULING FINAL HEARING - Page 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Case.

    C.    *Jurisdiction and Venue*. This Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over these proceedings, and over the persons and property affected hereby. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for the Case and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

    D.    *Statutory Committee*. The United States Trustee (the "***U.S. Trustee***") has appointed an official committee of unsecured creditors in this Case pursuant to section 1102 of the Bankruptcy Code (the "***Statutory Committee***").

    E.    *Findings Regarding the Postpetition Financing*.

    (i)    *Need for Postpetition Financing and Use of Cash Collateral*. The Debtor's need to obtain credit pursuant to the DIP Facility is immediate and critical to enable the Debtor to continue operations, to minimize the disruption of the Debtor as a "going concern", and to administer and to preserve the value of its estate. The ability of the Debtor to finance its operations, maintain business relationships with its vendors, suppliers and customers, to pay its employees, and to otherwise finance its operations requires the availability of working capital from the DIP Facility, the absence of which would immediately and irreparably harm the Debtor, its estate, its creditors, and the

INTERIM ORDER AUTHORIZATION /
SCHEDULING FINAL HEARING - Page 5

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

possibility for a successful reorganization. The Debtor does not have sufficient available sources of working capital and financing to operate its business or maintain its properties in the ordinary course of business without the DIP Facility. Without credit, the Debtor would, most critically, be unable to pay utility payments that are essential to make its only product, cryptocurrency.

(ii) *No Credit Available on More Favorable Terms.* Given its current financial condition, financing arrangements, and capital structure, the Debtor is unable to obtain financing from sources other than the DIP Lender on terms more favorable than the DIP Facility. The Debtor has been unable to obtain unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense or solely in exchange for the grant of a special administrative expense priority pursuant to section 364(c)(1) of the Bankruptcy Code. The Debtor has also been unable to obtain credit: (a) having priority over that of administrative expenses of the kind specified in sections 503(b), 507(a) and 507(b) of the Bankruptcy Code; (b) secured by a lien on property of the Debtor and its estate that is not otherwise subject to a lien; or (c) secured solely by a junior lien on property of the Debtor and its estate that is subject to a lien pursuant to section 364(c)(2) of the Bankruptcy Code. Within the time frame required by its need to avoid immediate and irreparable harm, financing on a postpetition basis is not otherwise available without granting the DIP Lender, (1) perfected security interests in and liens on

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

(each as provided herein) all of the Debtor's existing and after-acquired assets, (2) superpriority claims, and (3) the other protections set forth in this Interim Order.

(iii)     *Use of Proceeds of the DIP Facility.* The DIP Lender is providing the DIP Facilities to fund the Debtor's filing and the administration of its Case and required operations of the Debtor. As a condition to the entry into the DIP Agreement and the extension of credit under the DIP Facility, the DIP Lender requires, and the Debtor has agreed, that proceeds of the DIP Facility shall be used, in each case in a manner consistent with the terms and conditions of the DIP Financing Documents, this Interim Order and the Budget (defined below) solely for (1) working capital and other general corporate purposes, (2) permitted payment of costs of administration of the Case (subject to the limitations of the Carve Out defined below), (3) payment of fees and expenses due under the DIP Facility, and as approved by the Court..

G.     *Good Faith of the DIP Lender.*

(i)     *Willingness to Provide Financing.* The DIP Lender has indicated a willingness to provide financing to the Debtor subject to: (a) the entry of this Interim Order and the Final Order; (b) approval of the terms and conditions of the DIP Facility and the DIP Financing Documents; and (c) entry of findings by this Court that such financing is essential to the Debtor's estate, that the DIP Lender is extending credit to the Debtor pursuant to the DIP Financing Documents in good faith, and that the DIP Lender's

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

claims, superpriority claims, security interests, liens, rights, and other protections granted pursuant to this Interim Order and the DIP Financing Documents will have the protections provided in section 364(e) of the Bankruptcy Code and will not be affected by any subsequent reversal, modification, or reconsideration of this Interim Order or any other order.

(ii) *Business Judgment and Good Faith Pursuant to Section 364(e).* The terms and conditions of the DIP Facility and the DIP Financing Documents, and the fees paid and to be paid thereunder, are fair, reasonable, and the best available to the Debtor under the circumstances, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and consideration. The DIP Facility was negotiated in good faith and at arm's length among the Debtor and DIP Lender. Credit to be extended under the DIP Facility shall be deemed to have been so allowed, advanced, made, used or extended in good faith, and for valid business purposes and uses within the meaning of section 364(e) of the Bankruptcy Code. Accordingly, the DIP Lender is entitled to the protection and benefits of section 364(e) of the Bankruptcy Code and this Interim Order and will not be affected by any subsequent reversal, modification, or reconsideration of this Interim Order or any other order.

H. *Final Hearing.* At the Final Hearing, the Debtor will seek final approval of the proposed postpetition financing arrangements pursuant to a proposed Final Order,

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

which shall be in form and substance acceptable to the DIP Lender approving such postpetition financing arrangements, notice of which Final Hearing and Final Order will be provided in accordance with this Interim Order.

I.    *Notice*. Notice of the Interim Hearing and the emergency relief requested in the Motion has been provided by the Debtor, to certain parties in interest, including: (i) the Office of the U.S. Trustee; (ii) the Internal Revenue Service; (iii) Debtor's twenty (20) largest unsecured creditors; (iv) counsel to Giga Plex, LLC; (v) counsel to the DIP Lender; (vi) all parties who have filed a notice of appearance and requested service of pleadings in the Case; (vii) the Internal Revenue Service; (viii) applicable state and local taxing authorities; and (vix) the two unsecured creditors' committee members.    The parties have made reasonable efforts to afford the best notice possible under the circumstances and such notice is good and sufficient to permit the interim relief set forth in this Interim Order, and no other or further notice is or shall be required.

J.    The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2).

Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

IT IS HEREBY ORDERED, effective immediately, that:

1. **Interim Financing Approved.** The Motion is granted as set forth herein, the Interim Financing (as defined herein) is authorized and approved, subject to the terms and conditions set forth in this Interim Order, and the Debtor is authorized to obtain borrowings under the DIP Facility on an interim basis in an amount up to $400,000 pending entry of a Final Order.

2. **Objections Overruled.** All objections to the Interim Financing to the extent not withdrawn or resolved are hereby overruled.

## DIP Facility Authorization

3. **Authorization of the DIP Financing and DIP Financing Documents.** The DIP Financing Documents are hereby approved for the Interim Financing. The Debtor is expressly and immediately authorized, empowered and directed to execute and deliver the DIP Financing Documents and subject to, the terms of this Interim Order and the DIP Financing Documents, to deliver all instruments and documents which may be required or necessary for the performance by the Debtor under the DIP Facility and the creation and perfection of the DIP Liens described in and provided for by this Interim Order and the DIP Financing Documents. The Debtor is hereby authorized and directed to pay the principal, interest, fees, expenses and other amounts described in the DIP Financing Documents as such become due and without need to obtain further Court approval.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

4.     <u>Authorization to Borrow</u>. Until the earlier of (a) the Maturity Date (as defined in the DIP Agreement), and (b) the termination of obligations under the DIP Financing Documents the Debtor is hereby authorized to request extensions of credit under the DIP Facility (in the form of loans) and under the DIP Financing Documents.

5.     <u>DIP Loan Outstandings</u>. The DIP Financing Documents and this Interim Order shall constitute and evidence the validity and binding effect of the DIP Loan Outstandings, which DIP Loan Outstandings shall be enforceable against the Debtor, its estate and any successors thereto, including without limitation, any trustee or other estate representative appointed in the Case, or any case under chapter 7 of the Bankruptcy Code upon the conversion of the Case, or in any other proceedings superseding or related to any of the foregoing (collectively, "***Successor Case***").

6.     <u>DIP Liens and DIP Collateral</u>. Effective immediately upon the execution of this Interim Order, pursuant to sections 361, 362, 364(c)(2), 364(c)(3), and 364(d) of the Bankruptcy Code, the DIP Lender is hereby granted, continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected security interests in and liens on (the "***DIP Liens***") any and all presently owned and hereafter acquired personal property, real property and other assets of the Debtor, whether owned or consigned by or to, or leased from or to the Debtor, including, without limitation, the following (collectively, the "***DIP Collateral***"): All of Borrower's assets and all proceeds

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

and products of the foregoing, with priority over all existing liens including that of Giga Plex, LLC and Mechanic's liens on Borrower's assets; (2) proceeds of any and all claims, causes of action, and rights of Borrower arising under Bankruptcy Code sections 542-553 (other than Section 549).

7. <u>DIP Lien Priority</u>. The DIP Liens securing the DIP Loan Outstandings shall be junior in payment and priority to the Carve Out. Other than as set forth herein, the DIP Liens shall not be made subject to or *pari passu* with any lien or security interest heretofore or hereinafter granted in the Case or any Successor Case. The DIP Liens shall be valid and enforceable against any trustee or other estate representative appointed in the Case or any Successor Case, upon the conversion of the Case to a case under chapter 7 of the Bankruptcy Code (or in any other Successor Case), and/or upon the dismissal of the Case or Successor Case. Upon entry of the Final Order the DIP Liens shall not be subject to sections 506(c), 510, 549, or 550 of the Bankruptcy Code. No lien or interest avoided and preserved for the benefit of any estate pursuant to section 551 of the Bankruptcy Code shall be made *pari passu* with or senior to the DIP Liens.

8. <u>DIP Superpriority Claims</u>. Upon entry of this Interim Order, the DIP Lender is hereby granted, pursuant to section 364(c)(1) of the Bankruptcy Code, an allowed superpriority administrative expense claim in each of the Case and any Successor Case (collectively, the "***DIP Superpriority Claims***") for all DIP Loan Outstandings. The DIP

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Superpriority Claims shall be subordinate in payment and priority only to the Carve Out, and shall (a) otherwise have priority over any and all administrative expenses and unsecured claims against the Debtor or its estate in the Case and any Successor Case, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b) (except as set forth herein), 546(c), 546(d), 726 (to the extent permitted by law), 1113 and 1114 and the Bankruptcy Code, and any other provision of the Bankruptcy Code, except as set forth herein, and (b) at all times be senior to the rights of the Debtor and its estate, and any successor trustee or other estate representative to the extent permitted by law.

9. <u>No Obligation to Extend Credit</u>. The DIP Lender shall not have any obligation to make any loan or advance under the DIP Financing Documents, unless all of the conditions precedent to the making of such extension of credit under the applicable DIP Financing Documents and this Interim Order have been satisfied in full or waived by the DIP Lender, in its sole discretion.

10. <u>*Use of DIP Facility Proceeds; Payment of Prepetition Obligations*</u>. From and after the Petition Date, the Debtor shall use advances of credit under the DIP Facility only for the purposes specifically set forth in this Interim Order, the DIP Financing

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Documents and in compliance with the Budget, a copy of which is attached to this Interim Order as **Exhibit A**.

    11.    <u>Amendment of the DIP Financing Documents</u>. The DIP Financing Documents may from time to time be amended, modified or supplemented by the parties thereto without notice or a hearing if: (i) the amendment, modification, or supplement is (a) in accordance with the DIP Financing Documents, (b) beneficial to the Debtor, and (c) not prejudicial in any material respect to the rights of third parties; (ii) a copy (which may be provided through electronic mail or facsimile) of the amendment, modification or supplement is provided to counsel for the Statutory Committee (if any) and the U.S. Trustee upon five (5) business days' notice; and (iii) the amendment, modification or supplement is filed with the Court. The consent of the Statutory Committee or the U.S. Trustee, and approval of the Court is not necessary to effectuate any such amendment, modification or supplement; provided, however, that in the event the Statutory Committee or the U.S. Trustee file a written objection to such amendment, modification or supplement with this Court within such five (5) business day period, the proposed amendment, modification or supplement shall be subject to the approval of this Court, and further provided that the Statutory Committee and U.S. Trustee may waive in writing their right to object to any proposed amendment, modification or supplement otherwise satisfying (i)-(iii) above, thereby resulting in that proposed amendment, modification or

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

supplement being deemed effective without the passing of such five (5) business day period.

12. <u>Budget</u>. Attached hereto as Exhibit A is a one month Budget (the "**Budget**") for the period from December 20, 2018, through and including January 20, 2019, which has been consented to by the DIP Lender. The Budget reflects, on a line-item basis, anticipated expenditures and includes all necessary and required expenses that the Debtor expects to incur during each month of the Budget. The Debtor shall be authorized to use the proceeds of the DIP Facility only for payment of such items as are set forth in the Budget and subject to the terms and conditions set forth in the DIP Agreements and this Order. The Budget shall be revised by the end of each month during the period of this Order, and which shall remain subject to the consent of the DIP Lender each month. The Budget is not static, and the parties recognize that the utilities budget could have a variance greater than 10%, which is accepted by the DIP Lender.

13. <u>Modification of Automatic Stay</u>. The automatic stay imposed under section 362(a) of the Bankruptcy Code is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order, including, without limitation, to: (a) permit the Debtor to grant the DIP Liens, Adequate Protection Liens, DIP Superpriority Claims; (b) permit the Debtor to incur all liabilities and obligations under the DIP Financing Documents, the DIP Facility and this Interim Order; (c) permit the Debtor to

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

perform such other acts as are necessary to effectuate the terms of this Interim Order; and (d) authorize the Debtor to pay DIP Lender, payments made in accordance with the terms of this Interim Order.

14. <u>Perfection of DIP Liens</u>. This Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the DIP Liens without the necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the DIP Liens, or to entitle the DIP Lender, to the priorities granted herein.

15. <u>Disposition of DIP Collateral; Rights of the DIP Lender</u>. The Debtor shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the DIP Collateral (with the exception of prepetition inventory which shall be subject to prior Bankruptcy Court approval if not sold in the ordinary course) without the prior written consents as required under the DIP Financing Documents.

16. <u>DIP Termination</u>. On the Termination Date all DIP Loan Outstandings shall be immediately due and payable and all commitments to extend credit under the DIP Facility will terminate.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

17. <u>Rights and Remedies Upon Event of Default</u>. Immediately upon the occurrence and during the continuation of an Event of Default, (a) the DIP Lender may declare all DIP Loan Outstandings owing under the Financing Documents to be immediately due and payable, (ii) any further commitment of the DIP Lender to extend credit (to the Debtor to the extent any such commitment remains) may be terminated, restricted, or reduced, and (iii) the DIP Agreement and any other DIP Document shall be terminated as to any future liability or obligation of the DIP Lender, but without affecting any of the DIP Liens or the DIP Loan Outstandings <u>after first providing the Debtor and the Statutory Committee three days written notice of the Event(s) of Default</u> ("***Termination Date***"). On the Termination Date, the DIP Loan Outstandings shall be due and payable, without notice or demand.

18. <u>Good Faith Under Section 364(e) of the Bankruptcy Code; No Modification or Stay of this Interim Order</u>. Through the date hereof, the DIP Lender has acted in good faith in connection with negotiating the DIP Financing Documents, extending credit under the DIP Facility, and their reliance on this Interim Order is in good faith. Based on the findings set forth in this Interim Order and the record made during the Interim Hearing, and in accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Interim Order are hereafter reversed, modified, amended or

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

vacated by a subsequent order of this Court or any other court, the DIP Lender is entitled to the protections provided in section 364(e) of the Bankruptcy Code.

19. <u>Indemnification of the DIP Lender</u>. The Debtor shall indemnify and hold harmless the DIP Lender and their affiliates against any and all liabilities arising out of or related to the transaction. Borrower's obligations shall survive termination of this term sheet.

20. <u>Reporting Requirements</u>. Debtor shall observe and comply with all of the financial reporting and performance covenants and conditions set forth in the Financing Documents.

21. <u>Rights of Access and Information</u>. Without limiting the rights of access and information afforded the DIP Lender under the DIP Financing Documents, the Debtor shall be, and hereby is, required to afford representatives, agents and/or employees of the DIP Lender reasonable access to the Debtor's premises and its books and records in accordance with the DIP Financing Documents, and shall reasonably cooperate, consult with, and provide to such persons all such information as may be reasonably requested. In addition, the Debtor authorizes its independent certified public accountants, financial advisors, and consultants to cooperate, consult with, and provide to the DIP Lender all such information as may be reasonably requested with respect to the business, results of operations and financial condition of any borrower.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

22. <u>Carve Out</u>.

(a) *Carve Out*. As used in this Interim Order, the "Carve Out" shall encompass the following expenses: (i) allowed fees, and reimbursement for disbursements of professionals retained by the Debtor (the **"Debtor's Professional Fee Payments"**) accrued in accordance with the Budget in an aggregate amount for all the Debtor's Professional Fee Payments not to exceed $50,000; (ii) quarterly fees pursuant to 28 U.S.C. § 1930(a)(6); and (iii) fees payable to a Chapter 7 trustee in an aggregate amount not to exceed $10,000 and (b) without reducing the Carve Out Amount, all Debtor's Professional Fee Payments in accordance with the Budget, and payable under Sections 330 and 331 of the Bankruptcy Code, to the extent incurred prior to such Triggering Event.

(b) *No Direct Obligation to Pay Professional Fees; No Waiver of Right to Object to Fees*. The DIP Lender shall not be responsible for the direct payment or reimbursement of any fees or disbursements of any professionals retained by the Debtor and/or the Statutory Committee incurred in connection with this Case or any Successor Case.

23. <u>Limitations on the DIP Facility, DIP Collateral, and Carve Out</u>. The DIP Facility, DIP Collateral, Cash Collateral, and Carve Out may not be used: (a) in connection with or to finance in any way any action, suit, arbitration, proceeding,

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

application, motion or other litigation of any type (i) adverse to the interests of the, DIP Lender, or their rights and remedies under the DIP Financing Documents.

24. <u>No Third Party Rights</u>. Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

25. <u>Discharge Waiver</u>. The Debtor expressly stipulates, and the Court finds and adjudicates that, the DIP Loan Outstandings shall not be discharged by the entry of an order confirming any plan of reorganization, notwithstanding the provisions of section 1141(d) of the Bankruptcy Code, unless the DIP Loan Outstandings have been paid in full in cash on or before the effective date of a confirmed plan of reorganization.

26. <u>Interim Order Controls</u>. In the event of any inconsistency between the terms and conditions of the DIP Financing Documents or this Interim Order, the provisions of this Interim Order shall govern and control.

27. <u>Final Hearing</u>. The Final Hearing to consider entry of the Final Order and final approval of the DIP Facility is scheduled for [_____] (PST) before the Honorable Frederick P. Corbit, at the United States Bankruptcy Court for the Eastern District of Washington. On or before December [_____] 2018, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "***Final Hearing Notice***"), together with a copy of this

INTERIM ORDER AUTHORIZATION /
SCHEDULING FINAL HEARING - Page 20

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

18-03197-FPC7    Doc 58-2    Filed 12/20/18    Entered 12/20/18 09:17:35    Pg 21 of 22

Interim Order and the Motion, on: (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; and (c) counsel for any Statutory Committee, if any. Any parties objecting shall file responses as proscribed by the local rules for the Eastern District of Washington.

28.     _Effect of this Interim Order_. This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

29.     _Retention of Jurisdiction_. The Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

30.     Notwithstanding Bankruptcy Rules 6003 and 6004 or any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

/// END OF ORDER ///

WINSTON & CASHATT, LAWYERS

By:   _/s/ Timothy R. Fischer_
Timothy R. Fischer, WSBA No. 40075
Attorneys for Debtor in Possession

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131