Benjamin Ellison, WSBA #48315
Daniel J. Bugbee, WSBA #42412
Dominique R. Scalia, WSBA #47313
DBS Law
155 NE 100th St., Suite 205
Seattle, WA 98125
Telephone: (206) 489-3802
Facsimile: (206) 973-8737
[Proposed] Attorneys for Official
Unsecured Creditors' Committee

HONORABLE FREDERICK CORBIT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>GIGA WATT INC.<br><br>Debtor in Possession | Case No. 18-03197-11<br>Chapter 11<br><br>COMMITTEE'S RESPONSE TO GIGA PLEX, LLC'S MOTION TO PROCEED ON SHORTENED TIME FOR SUBSTANTIVE RELIEF |

## I.   PRELIMINARY STATEMENT

The Unsecured Creditors Committee of Giga Watt, Inc. ("Committee") hereby objects to Giga Plex, LLC and MLDC1, LLC's (the "Movants") motion for the Court to hear on shortened time (the "Motion") the pending substantive omnibus motion seeking relief from stay, abandonment, and rejection of contracts.

Simple math militates against an expedited proceeding.  While Giga Plex may be owed $500,000 it has not been paid, the Movant Landlord in this case is

COMMITTEE OBJECTION TO MOTION TO PROCEED ON
SHORTENED TIME - PAGE 1



A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC7    Doc 98    Filed 01/14/19    Entered 01/14/19 16:46:31    Pg 1 of 8

also, according to Debtor's schedules, the exclusive secured party in the Debtor-in-Possession's equipment and accounts at the Moses Lake WA site, which Giga Watt previously asserted in its cash collateral motion had a value of $30,000,000. (ECF No. 30, at p. 5. See also Amended Schedules, (ECF No. 40, Schedule A). Separate from legal infirmities with the present Motion, the Movants appear either to be adequately protected, or to have the funds to pay Grant County concerning the delayed utilities payment. No emergency exists justifying expedited adjudication of an underlying substantive motion that could predetermine the remaining trajectory of this bankruptcy case.

## II. STATEMENT OF FACTS

Because the underlying substantive motion here seeks three substantive remedies, the overall response deadline is the time period required for the individual remedy with the longest notice period. LBR 9013-1(b)(3). Rejection of contract is sought in the underlying substantive motion, and so respondents here should have up to 21 days to respond to the entire motion. LBR 6006-1(c)(1). By contrast, the shortened time procedure proposed by the Movants requires respondents to file objections within 11 days.

COMMITTEE OBJECTION TO MOTION TO PROCEED ON SHORTENED TIME - PAGE 2

DBS|LAW

A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC7    Doc 98    Filed 01/14/19    Entered 01/14/19 16:46:31    Pg 2 of 8

While under normal circumstances, a loss of 10 days' notice might not prevent a meaningful response, in this case, a substantial disruption in the case occurred immediately after Movants filed their Motion.

First, the party expected to most forcefully respond to the Movants' substantive pleadings, the Chapter 11 Debtor-in-Possession, went "missing." On January 7, 2019, without explanation, the Debtor's lawyers moved to withdraw, and the next day, the Debtor's principals failed to show up for the 341 creditors meeting.

Second, the Committee in this case was appointed only just before Christmas, and was hampered by the holidays in immediately securing legal counsel. The undersigned counsel was just hired this past January 11, 2019.

In short, the Movants chose the worst possible time to seek multiple forms of dispositive and substantive relief – while the party most knowledgeable about the facts of the case was exiting, and a new party without substantial background was entering the case at the very last minute.

On January 11, 2019, the Committee's new counsel requested an extension of the hearing date, which, on January 12, 2019, Movants' counsel denied.

COMMITTEE OBJECTION TO MOTION TO PROCEED ON SHORTENED TIME - PAGE 3

DBS|LAW

A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC7    Doc 98    Filed 01/14/19    Entered 01/14/19 16:46:31    Pg 3 of 8

## III. LEGAL ARGUMENT

### A. Procedure Authorized by the Bankruptcy Rules May Not Be Used To Abridge the Terms of the Bankruptcy Code

The Bankruptcy Code provides that unsecured creditors' committees "*may*,"

*(2) investigate ... the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case ...*

*(4) request the appointment of a trustee or examiner under section 1104 of this title; and*

*(5) perform such other services as are in the interest of those represented.*

11 U.S.C. § 1103(c).[1]

The Committee is presently attempting to exercise precisely these duties identified under the Bankruptcy Code: (a) determine the desirability of continuing the Debtor's business, and (b) in furtherance thereof, request the appointment of a Chapter 11 trustee.

Because the Committee was appointed right before Christmas, and only secured legal counsel on January 11, 2019, it cannot meaningfully comply with its duties under the Bankruptcy Code if by January 14, 2019, with only an

---

[1] While this statutory language is phrased in the permissive, it has been interpreted, based on the context, in fact to be mandatory. *Matter of Advisory Committee of Major Funding Corp.*, 109 F. 3d 219, 224-225 (5th Cir. 1997).

COMMITTEE OBJECTION TO MOTION TO PROCEED ON SHORTENED TIME - PAGE 4

DBS | LAW

A Professional Limited Liability Company
155 NE 100th Street, Suite 205    Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC7    Doc 98    Filed 01/14/19    Entered 01/14/19 16:46:31    Pg 4 of 8

intervening weekend to prepare, it must respond to a dispositive motion from Movants that will push this case towards liquidation.

Under the Rules Enabling Act, federal procedural rules may not be used to circumvent federal substantive law, 28 U. S. C. § 2072(b), thus the Committees' duties under the Bankruptcy Code take precedence over the Movants' request for expedited proceeding. Indeed, the Committee should be entitled to sufficient time to take meaningful steps to investigate whether a successful Chapter 11 outcome may be achieved in this case to maximize the return to all creditors, not just Movants, who are secured, apparently with a substantial equity cushion.

### B. The Movants Have Not Demonstrated "Cause" Here to Shorten Time

The Giga Plex Motion is threadbare, and contains no supporting declaration establishing any admissible evidence that cause exists. The totality of the argument is two sentences: "*Cause exists to shorten time due to the Creditors' ongoing obligation for utilities. Further, judicial economy is served by hearing the Final Order on Cash Collateral and Creditors' Motion for Relief from Stay at the same time.*" Motion at p. 1.

This is insufficient. Procedural rules in other bankruptcy courts, such as the Western District, clarify that proceeding on shortened time is "disfavored." W.D. Bankr. LBR-9013-1(d)(3).

COMMITTEE OBJECTION TO MOTION TO PROCEED ON SHORTENED TIME - PAGE 5

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205  Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

18-03197-FPC7    Doc 98    Filed 01/14/19    Entered 01/14/19 16:46:31    Pg 5 of 8

Judicial economy (the fact the final cash collateral hearing is set for the same day as Movants want the Motion heard) is insufficient to justify substantially shortening time to hear both a motion for relief from stay, a motion to abandon, and a motion to reject executory contracts. First, it is not clear that the Debtors will file anything on January 17, 2019 to address cash collateral, and that motion presumably will be continued. Second, the hearing can simply be continued. Under the terms of the Interim Cash Collateral Order, the Order does not expire until the end of February.

Furthermore, the "*Creditors' ongoing obligation for utilities*" is also insufficient basis for shortening time. While no Declaration is linked to the Motion, attached to the underlying substantive motion is the 2 page Ryan Oster Declaration. It generically argues, in paragraph 10, that after failure to pay November rent, "*The Grant County PUD is expected to shut off the power to the Premises due to the Landlords' nonpayment, which was precipitated by the Debtor's failure to pay its post-petition obligations*." If the Landlord has the contractual obligation, why does it not simply pay? And if it has a security interest worth $30,000,000, then why is the Landlord's interests under its lease not adequately protected? Cause, in short, has not been made out in this case.

COMMITTEE OBJECTION TO MOTION TO PROCEED ON
SHORTENED TIME - PAGE 6

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC7    Doc 98    Filed 01/14/19    Entered 01/14/19 16:46:31    Pg 6 of 8

### C. The Committee and the Bankruptcy Estate Are More Prejudiced by Shortening Time than Movants Are Prejudiced By Having to Wait – As Required by the Rules -- 10 More Days

Even if the Movants can make out cause, prejudice to the Committee here forms a type of "countervailing cause." The Secured Parties/Landlord seek to have three substantive motions heard that could have dispositive effect: if the Court grants relief from stay, abandonment and rejection of the Grant County Leasehold, then half of the Debtor's operations will disappear, and a precedent could be established for the Port to do the same with regard to the remaining operations in Douglas County. Granting the substantive relief without an adequate opportunity for the various constituents to be heard on January 17, 2019 will cause an abrupt and irreversible end to all Debtor operations for Grant County operations, which could cascade and push this case closer to liquidation. Given the magnitude of the underlying substantive motions here, the Committee and its attorneys should have more than a weekend to persuade the Court that a reorganization may be possible and reap benefits to all parties in interest, not just the Movants.

### IV. CONCLUSION

All relevant parties should be provided with adequate notice and a reasonable opportunity to respond when the relief sought will be dispositive. The

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

Debtor in this case appears to be distracted or unable to respond, and the Committee has only had access to legal counsel for one single business day. Under the circumstances, the Committee should be entitled to a continuance of the existing hearing deadlines, and the underlying substantive motion should be set for a minimum 10 additional days, consistent with the requirements of the Federal Rules of Bankruptcy Procedure.

DATED this 14th day of January, 2019.

DBS | Law

*/s/ Dominique Scalia*
Ben Ellison, WSBA # 48315
Daniel J. Bugbee, WSBA #42412
Dominique R. Scalia, WSBA #47313
*Proposed Attorneys for Official Unsecured Creditors Committee*



A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737