Benjamin Ellison, WSBA #48315
Daniel J. Bugbee, WSBA #42412
Dominique R. Scalia, WSBA #47313
DBS Law
155 NE 100th St., Suite 205
Seattle, WA 98125
Telephone: (206) 489-3802
Facsimile: (206) 973-8737
Proposed Attorneys for Official Unsecured
Creditors' Committee

HONORABLE FREDERICK CORBIT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In Re:

GIGA WATT INC.

Debtor in Possession

Case No. 18-03197-11
Chapter 11

COMMITTEE'S RESPONSE TO GIGA PLEX, LLC'S MOTION FOR RELIEF FROM STAY, ABANDONMENT, AND REJECTION OF EXECUTORY CONTRACT

## I. PRELIMINARY STATEMENT

To the extent Giga Plex, LLC and MLDC1, LLC's (the "**Landlord**" or the "**Movants**") motion to proceed on shortened time is granted, the Court should nonetheless deny the underlying motion for relief from stay, abandonment, and rejection of executory contract (the "**Motion**") on any one of several grounds. The Landlord has improperly combined three separate motions (in violation of Local Rules), and has failed to provide sufficient information to ascertain specifically what relief is sought and whether such relief is justified. The Court

COMMITTEE OBJECTION TO GIGA PLEX'S OMNIBUS SUBSTANTIVE MOTION - PAGE 1

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC11    Doc 99    Filed 01/14/19    Entered 01/14/19 16:56:37    Pg 1 of 10

should deny the Motion, brought less than 60 days into this case, and allow the Debtor-in-Possession, creditors, and potentially a Chapter 11 trustee the opportunity to formulate a viable plan of reorganization that protects not just the (secured) Landlord, but unsecured creditors as well.

## II. LEGAL ARGUMENT

The Movant complains that the Debtor-in-Possession is shirking its responsibility to reimburse Landlord for electricity bills that the Landlord must pay up front under Paragraph 1(a)(viii) of the Leases. However, the solution to this problem is not one of the remedies sought in the Motion, which simply seeks to give up on the contractual relationship with the Debtor-in-Possession altogether and push this case further in the direction of liquidation proceeding before a reorganization plan can be formulated. Moreover, the Motion itself is procedurally improper. It should be denied.

**A. Landlord's Motion Violates Myriad Local Rules**

Movant fails to comply with no less than five different Local Rules. These rules are not merely procedural in nature, but are designed to allow both the Court and interested parties the ability to evaluate the Movants' basis for relief sought. Without compliance with the following Rules, there is insufficient basis on which to determine whether Movants are entitled to any relief.



DBS | LAW

A Professional Limited Liability Company
155 NE 100th Street, Suite 205    Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

First, the Landlord's pleading here seeks to join together, in one single brief, three different substantive motions. The Local Rules prohibit this, because one of the motions so-merged is the motion for relief from stay. LBR 9013-1(b)(1) ("*Motions may be combined with other motions, except motions to lift the automatic stay …*").

Second, when combining multiple motions, the Local Rules require that there be different internal sections within the brief, addressing the motions as separate topics: "*each request shall be clearly identified … in the body of the pleading.*" LBR 9013-1(b)(2). That did not happen here.

In fact, the five-page Motion here (ECF No. 76) consists of one undifferentiated fact section, which concludes with paragraph 2.19 (the generic assertion that adequate protection is missing), paragraph 2.20 (the unsubstantiated assertion that the Landlord is irreparably harmed by the ongoing application of the automatic stay), and paragraph 2.21 (the blanket conclusion that cause exists to terminate the stay).

Due at least in part to this failure to differentiate their three different requests for relief, the Committee is at a loss for how exactly to evaluate the impact of granting the Motion. Presumably the Landlord intends to evict the Debtor-in-Possession, which would require the Debtor-in-Possession to incur

COMMITTEE OBJECTION TO GIGA PLEX'S OMNIBUS
SUBSTANTIVE MOTION - PAGE 3

DBS|LAW

A Professional Limited Liability Company
155 NE 100th Street, Suite 205    Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC11    Doc 99    Filed 01/14/19    Entered 01/14/19 16:56:37    Pg 3 of 10

additional expense potentially retaining additional professionals, defending the eviction in a separate state-court proceeding outside of this centralized proceeding.  However, perhaps Giga Plex seeks something more modest, effectively to modify the language of its Interim Cash Collateral Order, ECF No. 53, to clarify that bitcoin created by the Debtor-in-Possession in Grant County is not merely "*subject to Giga Plex's replacement security interest*," but is formally transferred into the Landlord's possession.

As for Movants' request for abandonment or rejection, it is mentioned only in the final prayer for relief. Motion, p. 5. No applicable case law or analysis of the grounds for such relief is included. The Landlord does not even specify what "property of the estate" should be abandoned, instead simply seeking as relief an order directing abandonment of property. The "*body of the pleading*," therefore does not "*clearly identify*" the basis for two of the three motions.

Third, the specific motion for relief from stay violates the Local Rule relating to the same, because it does not "*describe the property or interest involved, including a statement as to its fair market value and encumbrances thereon*." LBR 4001-1(a)(1)(C).  Indeed, it would be particularly helpful – for adequate protection purposes – for Movants to commit to the value of their encumbrances regarding the Moses Lake, WA properties, and whether they

COMMITTEE OBJECTION TO GIGA PLEX'S OMNIBUS
SUBSTANTIVE MOTION - PAGE 4

DBS|LAW

A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC11    Doc 99    Filed 01/14/19    Entered 01/14/19 16:56:37    Pg 4 of 10

dispute the $30,000,000 valuation of collateral given by Debtor-in-Possession in its prior Motion for Use of Cash Collateral, ECF No. 30. (Without such dispute, it is clear that Movants are more than adequately protected, as discussed below.)

Fourth, the Local Rule concerning automatic stay is abridged because it anticipates an entire preliminary procedure, LBR 4001-1(a)(2), whereby if an objection is timely filed, the movant must now obtain a new date for a final hearing. Review of the Motion does not indicate that Landlord anticipates that anything other than a final determination on the merits concerning relief from the automatic stay will occur on January 17, 2019.

Fifth, Movants have complied with none of the requirements for abandonment. LBR 6007-1(1)(a) & (b) require: (i) a description of the property or interest involved, including a statement as to its fair market value and any encumbrances thereon; and (ii) copies of documents evidencing the interest of the requesting party, and the perfection of that interest, if appropriate. Again, if provided, these documents would help resolve any dispute over adequate protection. They were not, and their absence militates against the notion that the Landlord lacks adequate protection. More fundamentally, their absence prevents the entry of an order for abandonment, as what specific property interest is at stake remains opaque.

COMMITTEE OBJECTION TO GIGA PLEX'S OMNIBUS
SUBSTANTIVE MOTION - PAGE 5

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

18-03197-FPC11    Doc 99    Filed 01/14/19    Entered 01/14/19 16:56:37    Pg 5 of 10

## B. Adequate Protection Obviates the Need for Any Relief

The Motion should further be denied because the Landlord is adequately protected in this case.[1] Irrespective of the procedural missteps, the Movant has not contested the prior assertion that it has a security interest in collateral worth $30,000,000, as represented by the Debtor in ECF No. 30, at p. 5.

Under 11 U.S.C. § 362(d)(1), the existence of such an equity cushion would be sufficient basis to deny Landlord's Motion relating to relief from stay. Moreover, under 11 U.S.C. § 365(d)(3), while the Debtor-in-Possession must timely perform its post-petition payment obligations under a lease, the Code provides that "*a court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period.*"

Accordingly, due to the substantial equity cushion, the Court should similarly excuse strict payment compliance at the present time, and authorize the Debtor-in-Possession—certainly if administered by a Chapter 11 trustee, as the

---

[1] While Giga Plex may be owed $500,000 in overdue rent (the majority of which is prepetition rent), the Movant Landlord in this case is also the exclusive secured party in the Debtor's equipment and accounts, which according to line 23 of Debtor's Schedule A, ECF No. 40, has a value of up to $57,505,431.00.

COMMITTEE OBJECTION TO GIGA PLEX'S OMNIBUS
SUBSTANTIVE MOTION - PAGE 6



DBS | LAW

A Professional Limited Liability Company
155 NE 100th Street, Suite 205    Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

Committee intends to request—a 60-day extension of the time to come current on post-petition lease obligations before rejection is considered.

Finally, if the automatic stay remains in place, and the Debtor-in-Possession is continuing to operate at the leaseholds, then the standard for abandonment under 11 U.S.C. § 554(b) cannot be made out because the leaseholds in question are not "*burdensome to the estate*" or "*of inconsequential value and benefit to the estate.*"

To the extent the Landlord requires additional reassurance regarding its collateral, the issue is better solved—with less overall disruption to the bankruptcy estate and this Chapter 11 case—by modifying the language of the existing Interim Cash Collateral Order, to require the Debtor-in-Possession to segregate the bitcoins created by virtue of the unpaid-for utilities directly in an account established for the Landlord's exclusive benefit.[2] That technical fix should be feasible to accomplish, and if Debtor-in-Possession cannot promptly achieve this, demonstrates further cause for appointment of a Chapter 11 trustee.

---

[2] The Debtor-in-Possession can also explain at the upcoming hearing what technical steps can be taken to identify the specific bitcoins that were obtained using electricity paid for, but not reimbursed to, the Landlord.

COMMITTEE OBJECTION TO GIGA PLEX'S OMNIBUS
SUBSTANTIVE MOTION - PAGE 7

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC11    Doc 99    Filed 01/14/19    Entered 01/14/19 16:56:37    Pg 7 of 10

### C. Potential Reorganization Should Not Be Prejudiced Because the Debtor-in-Possession is Nominally Managing Operations

Relief from stay is unavailable not only when adequate protection is present, but also when the property at issue may be "*necessary to an effective reorganization*" under 11 U.S.C. § 362(d)(2)(B). The Committee does not presume to be aware of all the Debtor-in-Possession's strategic business plans, but proceeds under the belief that the Grant County leasehold is necessary for its operations, similar to the Douglas County leasehold. Further, to the extent the Debtor-in-Possession is incapable of proposing its own "effective reorganization," this can be cured by the appointment of appropriate professionals like a Chapter 11 trustee, which the Committee is currently working toward and has not yet had the opportunity to propose.

The Supreme Court has found the relevant standard here under 11 U.S.C. § 362(d)(2)(B) is whether there is "*a reasonable possibility of a successful reorganization within a reasonable time.*" *United Sav. Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.,* 484 U.S. 365, 375-76, 108 S.Ct. 626, 632-33, 98 L.Ed.2d 740 (1988). This makes the analysis dependent on the particular temporal phase of the case; the earlier on, the lower the threshold that needs to be established by the Debtor-in-Possession to defeat a request for relief. *Timbers*, 484 U.S. at 376, 108 S.Ct. at 633.



A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

At this juncture, less than 60 days into the case, there need be only a "plausible" case for effective reorganization – sufficient evidence superficially worthy of belief that the Debtor is capable of producing a confirmable plan. Regardless of whether the Debtor-in-Possession can itself produce such a plan, so long as a Chapter 11 trustee may yet be appointed, it is premature and unfair to all parties in interest to grant the Landlord's Motion.

### III. CONCLUSION

Movants simply have not provided the Court or other interested parties with sufficient information to determine that any of their relief requested should be granted. Based on the record to date, it is undisputed that the Landlord is more than adequately protected by collateral with a value that exceeds its total claim dozens of times over. As such, the Court should deny the Motion.

Finally, if the Court is nonetheless inclined to grant the Movants their relief requested, the Committee asks that the Court continue final resolution of the Motion until it is clear whether or not a Chapter 11 trustee will be appointed. Such continuance is appropriate, because potential new management for the Debtor should not be limited in its options going forward as a consequence of the Debtor-in-Possession's prior missteps.

COMMITTEE OBJECTION TO GIGA PLEX'S OMNIBUS
SUBSTANTIVE MOTION - PAGE 9

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

18-03197-FPC11    Doc 99    Filed 01/14/19    Entered 01/14/19 16:56:37    Pg 9 of 10

DATED this 14th day of January, 2019.

DBS | Law

*/s/ Dominique Scalia*
Ben Ellison, WSBA # 48315
Daniel J. Bugbee, WSBA #42412
Dominique R. Scalia, WSBA #47313
*Proposed Attorneys for Official Unsecured Creditors Committee*

COMMITTEE OBJECTION TO GIGA PLEX'S OMNIBUS
SUBSTANTIVE MOTION - PAGE 10



A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737