Benjamin Ellison, WSBA #48315
Daniel J. Bugbee, WSBA #42412
Dominique R. Scalia, WSBA #47313
DBS Law
155 NE 100th St., Suite 205
Seattle, WA 98125
Telephone: (206) 489-3802
Facsimile: (206) 973-8737
Proposed Attorneys for Official Unsecured
Creditors' Committee

HONORABLE FREDERICK CORBIT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>GIGA WATT INC.<br><br>Debtor in Possession | Case No. 18-03197-11<br>Chapter 11<br>COMMITTEE'S MOTION FOR<br>CHAPTER 11 TRUSTEE |

The Unsecured Creditors Committee request that the Court hear this Motion to Appoint Chapter 11 Trustee on shortened time, for this coming hearing date of January 17, 2019. Applicable Ninth Circuit precedent authorizes *sua sponte* approval in an appropriate case such as this. *In re Bibo, Inc.*, 76 F.3d 256, 259 (9th Cir. 1996).

## I.     INTRODUCTORY STATEMENT

Counsel for the Debtor-in-Possession was recently forced to file an emergency $500,000 DIP loan motion (ultimately denied), heard on Christmas Eve. ECF No. 58.

COMMITTEE MOTION TO APPOINT CHAPTER 11 TRUSTEE - PAGE 1



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205    Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

Due to the Court's denial of the DIP loan motion, various third parties now have not been paid, and may be withholding services such that the Debtor-in-Possession feels compelled to suspend its operations.

Giga Watt's blanket suspension of services is documented by a customer notice distributed to Giga Watt customers this morning (January 15, 2019) attached as **Exhibit A** to the accompanying Declaration in Support. It states, in relevant part,

> *To All Giga Watt Customers,*
> *As was reported in November of 2018, Giga Watt voluntarily filed with the Bankruptcy Court seeking debt relief and reorganization. Subsequent to the filing, day to day operations continued until now.* ***At present, both access and power to the facilities in which Giga Watt operates have been closed to the company.***

(emphasis added).

Simultaneously with this bad news, the Debtor-in-Possession asserts that a partial sale may be in the offing. It stated that Giga Watt is "*acquiring a Letter of Interest for purchase of interest in the Debtor, and expects to have concrete details of the purchase early this week.*" ECF No. 96, January 14, 2019, at p. 6, ll. 13-14. Evidently, the market views the Debtor as possessing valuable assets, so there is merit in continuing to operate the Company for the benefit of creditors in Chapter 11.



DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC11    Doc 104    Filed 01/15/19    Entered 01/15/19 17:11:27    Pg 2 of 11

Nonetheless, given the case's current status, it is not appropriate for current management to remain in place. Rather, a specialist Chapter 11 trustee should be appointed to effectively execute a bankruptcy strategy benefitting all parties-in-interest.

## II. FACTUAL BACKGROUND

### A. Corporate Background

Giga Watt's significant operations and business model were previously covered in the national media by an article in POLITICO in March 2018.[1] Suffice it to say that the issues in this case are of significant local importance. Each giga-watt of electricity consumed by a company like the Debtor-in-Possession for computing power would otherwise support approximately 1,000 residences. The Debtor-in-Possession's website indicates it has contracts to provide 50 giga-watts of power.[2] If the case fails, presumably the regional demand and supply for electricity will be affected.

---

[1] Paul Roberts, "*This is what happens when bitcoin miners take over your town*," (March 9, 2018), *also available at* https://www.politico.com/magazine/story/2018/03/09/bitcoin-mining-energy-prices-smalltown-feature-217230.

[2] https://giga-watt.com/promo/offers.

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

Similarly, the assets of Giga Watt's business are the timely subject of political debate as on January 11, 2019, Wenatchee City Counsel scrapped proposed rules authorizing mixed-use bitcoin mining operations, citing concerns over disruption in residential areas, and noise in commercial areas.[3] To the extent broad limitations are placed on where bitcoin mining operations occur in Wenatchee, pre-existing operations, such as those owned by the Debtor-in-Possession, would seem to have enhanced value.

### B. Bankruptcy Filing

In response to a number of pending lawsuits against the company, the Debtor-in-Possession's bankruptcy case was filed on November 19, 2018 with a skeleton filing. ECF No. 1. The Petition indicated that the bankruptcy estate had up to $50,000 of assets, but up to $50,000,000 of liabilities. *Id*. at p. 3. A docket notation indicated that complete schedules needed to be filed within two weeks, or by December 3, 2018.

On November 22, 2018, the Debtor-in-Possession clarified that it in fact had up to $50,000,000 of assets as well. ECF No. 11.

---

[3] Bridget Mire, *City Council rejects proposed cryptocurrency changes*, WENATCHEE WORLD (Jan. 11, 2019), *available at* https://www.wenatcheeworld.com/news/2019/jan/11/city-council-rejects-proposed-cryptocurrency-changes/.

COMMITTEE MOTION TO APPOINT CHAPTER 11 TRUSTEE - PAGE 4



DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205　Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

On December 5, 2018, the Debtor-in-Possession moved for use of cash collateral. ECF No. 30. It asserted that cryptocurrency accounts associated with two properties in Moses Lake, WA had a value of $30,000,000 alone, and Debtor-in-Possession sought authorization to make use of this collateral even though the landlord Giga Plex apparently had a security interest in such accounts. The Motion asserted, p. 4, that the landlord was more than adequately protected. A Declaration in Support of the Motion for Cash Collateral, ECF No. 37, presented three operational alternatives for the Debtor-in-Possession, each one requiring approximately $500,000 per month to operate.

On December 11, 2018, more than a week after the deadline to file completed schedules, the Debtor-in-Possession filed additional, partially-completed schedules. ECF No. 40. These indicated that Giga Watt held in excess of $80,000,000 of assets. *Id*. at p. 1. By contrast, the Debtor-in-Possession discloses only $500,000 of secured debt, and approximately $15,000,000 of unsecured debt. *Id*.

Specifically, the Statement of Financial Affairs ("SOFA"), filed on December 12, 2018, remains materially incomplete, though previously due on December 3, 2018. ECF No. 42.

COMMITTEE MOTION TO APPOINT CHAPTER 11 TRUSTEE - PAGE 5



A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

- The Debtor-in-Possession's response to Number 1 INCOME from 2016 through petition date, is left blank, except for a "To be supplemented" notation.
- The Debtor-in-Possession's response to Number 4 PAYMENT TO INSIDERS within 12 months of the petition date, is left blank, except for a "To be supplemented" notation.
- The Debtor-in-Possession's response to Number 10 LOSS OF ASSETS within 12 months of the petition date, is left blank, except for a "To be supplemented" notation.

The SOFA, however, has never been supplementednor has any monthly operating report ever been filed.

On December 17, 2018, the Debtor-in-Possession and its landlord/secured party Giga Plex entered into a stipulated interim cash collateral order, approved by the Court. ECF No. 53.

On December 20, 2018, the Debtor-in-Possession sought an emergency postpetition DIP loan for $500,000 from High Five Capital LLC. ECF No. 58.

Debtor-in-Possession also filed a cash flow statement indicating that it generates $550,000 in revenue per month, and has expenses of $507,000 per month. ECF No. 64. Giga Watt is therefore theoretically cash-flow positive.

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

Bankruptcy Judge Kurtz heard the emergency motion for approval of DIP financing on December 20 and December 24, 2018, and ultimately denied the motion.

On January 3, 2019, the Grant County landlord filed an omnibus motion for relief from stay, abandonment, and rejection of its lease. ECF No. 76. The landlord sought for its motion to be heard on shortened time, to coincide with the scheduled final hearing on cash collateral.

On January 7, 2019, counsel for the Debtor-in-Possession moved to withdraw. ECF No. 90. The next day, principals for the Debtor-in-Possession failed to attend the 341 meeting. The UST has rescheduled this meeting for Wednesday, January 16, 2019.

## II.     LEGAL ARGUMENT

The Bankruptcy Code specifically authorizes the Committee to move for a Chapter 11 Trustee under appropriate circumstances. 11 U.S.C. § 1103(c)(4). The circumstances of mismanagement of this high-profile Debtor-in-Possession, that have lead to Giga Watts' current suspension of operations, provide more than adequate justification for the appointment of a Chapter 11 Trustee.

Indeed, mismanagement seems to have characterized both Giga Watt's prepetition as well as postpetition operations. As disclosed in the partially

COMMITTEE MOTION TO APPOINT CHAPTER 11 TRUSTEE - PAGE 7

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC11    Doc 104    Filed 01/15/19    Entered 01/15/19 17:11:27    Pg 7 of 11

completed Statement of Financial Affairs, ECF No.42, at p. 4, Giga Watt was felled by a combination of securities and RICO fraud class action lawsuits by bitcoin miners who purchased "*turnkey hosting services*," only to be find that they had been sold a bill of goods. *See, e.g., Sofair v. Giga Watt, Inc.,* 18-cv-00308-SMJ (E.D. Wa. 2018) (fraud); *McVickers v. Giga Watt, Inc*., 18-cv-00103-SMJ (E.D. Wa. 2018) (securities violations). Despite the financial disclosures made to date by the Debtor-in-Possession, there appear to be no accounting for where all the proceeds provided by the claimants in the class action lawsuits went.

**A. The standard for appointing a Chapter 11 Trustee is satisfied here**

Under 11 U.S.C. § 1104(a)(1), appointment of a trustee is mandatory when cause is found. *In re Oklahoma Refining Co*., 838 F.2d 1133, 1136 (10th Cir. 1988) ("*Once the court has found that cause exists under Sec. 1104, it has no discretion but must appoint a trustee*."). Even if cause is not found under (a)(1), however, subsection (a)(2) permits appointment of a trustee where it is in the best interest of all parties, based on a flexible standard that allows a court to look to the practical realities and necessities of a case. *In re Marvel Entertainment Group, Inc.,* 140 F.3d 463, 474 (3d Cir. 1998); *In re Colorado-Ute Electric Assn., Inc.,* 120 B.R. 164, 176 (Bankr. D. Colo. 1990).



A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC11    Doc 104    Filed 01/15/19    Entered 01/15/19 17:11:27    Pg 8 of 11

The present case indicates a straightforward case for appointment of a Chapter 11 Trustee. On the one hand, it is not clear that the Debtor-in-Possession intends to or is capable of proceeding with the case.

On the other hand, even if the Debtors-in-Possession still plans to make a go of it, the Court "*shall*" appoint a Chapter 11 trustee for "*cause*," such as when there is "*incompetence or gross mismanagement of the affairs of the debtor*."[4]

Here, this is a case prompted by a skeletal bankruptcy petition; Giga Watt still has not disclosed its full financial health over the 60 days the case has been in Chapter 11; from the incomplete SOFA, it is unclear what the Debtor-in-Possession's pre 2018 income was; it is unclear whether transfers were made to insiders in the year before bankruptcy; and we don't know if any material assets will be claimed to have gone missing. Further, no monthly operating report has ever been filed, and Giga Watt has substantially under-identified relevant creditors and stakeholders in its schedules. Debtor-in-Possession conceded in its prior cash collateral motion that though seeking approval to use cash collateral for

---

[4] Nonetheless, under 11 U.S.C. § 1104(a)(2), even "cause" is not required for appointment of a Chapter 11 trustee, so long as, as in this case, "*such appointment is in the interests of creditors, any equity security holders, and other interests of the estate*." As the designated representative of all unsecured creditors, the Committee's position here should be afforded a certain amount of deference.



DBS|LAW

A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC11    Doc 104    Filed 01/15/19    Entered 01/15/19 17:11:27    Pg 9 of 11

accounts associated with properties in Moses Lake, WA, it could not determine whether and which accounts actually existed (ECF No. 30, at p. 3, ll. 19-20).

If unexpected payment emergencies or broken promises to pay postpetition vendors were the exception and not the norm in this case, perhaps the Court could allow the Debtor to continue operations on a short leash. However, when one considers the allegations in class action litigation concerning considerable corporate mismanagement which precipitated the present bankruptcy filing, combined with the amount of extended confusion over basic assets and finances, one comes away with the unequivocal impression that this Chapter 11 present cause to appoint a trustee.[5]

### B. The United States Trustee Should Promptly Consult with Creditors to Determine the Appropriate Chapter 11 Trustee

11 U.S.C. § 1104(a) provides that any party-in-interest may petition for appointment of a Chapter 11 trustee. Once the Court finds that such trustee should be appointed, then "*after consultation with parties in interest*," the United States Trustee "*shall appoint ... one disinterested person ... to serve as trustee…*" The Committee respectfully asks that the Court order the United States Trustee to

---

[5] A party seeking the appointment of a Chapter 11 trustee bears the burden of persuasion by a preponderance of the evidence. *In re Veblen West Dairy LLP,* 434 B.R. 550, 555-6 (Bankr. D.S.D. 2010).



A Professional Limited Liability Company
155 NE 100th Street, Suite 205  Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

promptly appoint a Chapter 11 trustee within 7 business days. In determining the appropriate candidate, the Committee recommends that the UST consider candidates with industry or accounting expertise that is specific or relevant to the circumstances of this case.

### III. CONCLUSION

Appointment of a Chapter 11 Trustee, whose credentials may be tailored by the UST to the specific facts at hand, is the appropriate remedy to get this case back on track, and restore creditor confidence in a transparent reorganization process that maximizes value for all.

DATED this 15th day of January, 2019.

DBS | Law

*/s/ Daniel J. Bugbee*
Ben Ellison, WSBA # 48315
Daniel J. Bugbee, WSBA #42412
Dominique R. Scalia, WSBA #47313
*Proposed Attorneys for Official Unsecured Creditors Committee*

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205    Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC11    Doc 104    Filed 01/15/19    Entered 01/15/19 17:11:27    Pg 11 of 11