OVERCAST LAW OFFICES, P.S.
23 S. Wenatchee Ave. Suite 320
Wenatchee, WA 98801
(509) 663-5588 tele
(509) 662-5508 fax

HON. FREDERICK P. CORBIT

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

In re:
GIGA WATT, INC.

Debtor in Possession

CASE NO. 18-03197-FPC11

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO DEBTOR'S AND COMMITTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY; ABANDONMENT; AND REJECTION OF UNEXPIRED COMMERCIAL LEASES

Giga Plex, LLC and MLDC1, LLC, ("Creditors" or "Landlords") by and through its counsel of record, submits the following Memorandum of Authorities in Response to Debtor's and Committee's Objection to Motion for Relief from Stay; Abandonment; and Rejection of Unexpired Commercial Leases.

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO DEBTOR'S AND COMMITTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY; ABANDONMENT; AND REJECTION OF UNEXPIRED COMMERCIAL LEASES - 1

**OVERCAST LAW OFFICES**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588

18-03197-FPC11    Doc 109    Filed 01/15/19    Entered 01/15/19 20:46:17    Pg 1 of 10

The Debtor in Possession ("Debtor") in its Objection to Motion for Relief from Stay uses inflammatory language decrying that Creditors' motion for relief from stay is "devoid of facts and law," however, Debtor neglects to detail in its objection that Creditors' Motion for Relief from Stay was filed solely due to the Debtors lack of assurances provided and Creditors' lack of faith in the Debtors ability to reorganize, given its previous actions. As correctly pointed out by the Committee's Objection to Giga Plex's Omnibus Substantive Motion, the ability of the Debtor to reorganize within a reasonable time is the cornerstone of the chapter 11 bankruptcy process. *See United Sav. Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd*., 484 U.S. 365, 376 (1988).

Many if not all creditors in this bankruptcy case are frustrated and concerned about the actions of the Debtor or the lack thereof. Further, the Committee's objection references appointment of a Chapter 11 trustee. The primary reasons for a Chapter 11 trustee appointment are "for cause, including fraud, dishonesty, incompetence, or gross mismanagement . . . or similar cause." *In re Marvel Entm't Grp.,* 140 F.3d 463, 472 (3d Cir. 1998).

The Meeting of Creditors was rescheduled from January 8, 2019 to January 16, 2019 at 3:00 pm due to failure of the Debtor to appear. The debtor in possession ("DIP") financing motion was denied due to the Court not having enough evidence to evaluate the long-term benefits of approving a DIP loan in light of the budget presented, not having a clear picture of the Debtor's revenue source, and the fact the DIP loan would have resulted in the Debtor still unable to pay its debts after obtaining the proposed loan. *See* Hearing Minutes, ECF No. 73

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO DEBTOR'S AND COMMITTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY; ABANDONMENT; AND REJECTION OF UNEXPIRED COMMERCIAL LEASES - 2

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588**

at 1:05-1:08. Further, the DIP financing was represented as the only thing preventing the Debtor from chapter 7 liquidation but presumptively it is still operating as a debtor in possession and paying wages and other expenses listed on the proposed budget, but nothing has been paid to Creditors. Like before, Creditors are provided in Debtor's objection unsubstantiated whispers of a "securing financing" and a "Letter of Interest" despite any evidence being provided. *See* Debtors Objection to Motion for Relief from Stay, pg. 6 at 11-16.

Creditor's counsel has diligently tried to work with Debtor and Debtor's counsel prior to seeking relief from stay. Creditors offered to be paid in cryptocurrency to ease the burden of converting the cryptocurrency to traditional currency, but nothing has been provided, despite Debtor's unfiled statement that it holds roughly $300,000.00 worth of cryptocurrency in its possession at the time. The Interim Order for Cash Collateral was signed by this Court on December 17, 2018. This order provided that all rents, electricity and utility owed to Creditor will be paid on time in the Debtor's ordinary course of business. ECF No. 53, pg. 8, 23-24. Three days later, a Motion for Debtor in Possession Financing was filed, proposing to prime the replacement lien agreed upon by the parties only days earlier. Further, the term sheet attached to the Motion for Debtor in Possession Financing was dated the same day as this Court's Order. See Exhibit A – Term Sheet pg. 2, ECF No. 58-1.

Creditors cannot be compelled to extend credit to the Debtor or pay for electricity that the Debtor is obligated to pay under its commercial leases, the Bankruptcy Code, or this Court's Interim Order. However, Creditors submit this memorandum as an opportunity to

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO DEBTOR'S AND COMMITTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY; ABANDONMENT; AND REJECTION OF UNEXPIRED COMMERCIAL LEASES - 3

**OVERCAST LAW OFFICES**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588

brief this Court and the parties as to why relief from stay should be granted, and why continuing this matter only allows the debtor more time to adjust this Court's cash collateral order and scheduling order without any meaningful explanation.

**A. Adequate Protection**

    *i.*    *Cause*

11 U.S.C. § 362 (d) provides in pertinent part: On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…

Adequate protection requires that a secured creditor receive essentially what it bargained for. *In re Colrud*, 45 BR 169, 174 (Bankr. D. Alaska 1984) citing H. Rep. No. 95-595, 95th Cong., 1st Sess. 339 (1977). The most common form of adequate protection for a secured creditor where the value of said property decreases is periodic payments sufficient to pay the creditors claim in full with interest. *See* 11 U.S.C. § 361(1). Here, this has not been offered despite being requested by Creditors.

Second, Debtor and Creditor negotiated a replacement lien under subsection (2) under Section 361, through this Court's Interim Cash Collateral Order. However, Debtor's financing motion through the proposed priming lien eviscerated Creditors' faith that any replacement lien would adequately protect its interest.

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO DEBTOR'S AND COMMITTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY; ABANDONMENT; AND REJECTION OF UNEXPIRED COMMERCIAL LEASES - 4

**OVERCAST LAW OFFICES**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588

18-03197-FPC11    Doc 109    Filed 01/15/19    Entered 01/15/19 20:46:17    Pg 4 of 10

Given the prior options failed, the adequate protection sought would be under subsection (3) of Section 361, requiring the secured creditor receive its "indubitable equivalent." *In re Colrud*, 45 BR at 174.

Debtor and the Committee argue that Creditors have equity in the personal property assets (based on the prima facie but believed to be inflated values in Debtor's schedules) and therefore Creditors are adequately protected. However, despite the Debtors and the Committee's assertions, equitable considerations other than the equity cushion must be taken into account in determining if the creditor is adequately protected." *Id.* citing (*In re Mellor,* 734 F.2d 1396 (9th Cir. 1984); *In re American Mariner Industries, Inc.,* 734 F.2d 426 (9th Cir. 1984)).

Equitable considerations allow this Court to take into consideration all the facts and circumstances of this case. *In re Colrud*, 45 BR at 175. A poignant question that should be asked of the Debtor is why it cannot afford to pay its post-petition obligations under 11 U.S.C. § 365(d)(3) or comply with this Court's Interim Cash Collateral Order? Given the budget attached to the Motion for Interim Cash Collateral and the subsequent Monthly Operating Report (ECF No. 64) there should be funds available to pay Creditors *something*, but nothing has been forthcoming. Why?

Further, no evidence of what cryptocurrency has been generated since the time of filing has been provided to this court. As provided in the Declaration of Ryan Oster (ECF No 66), as of December 20, 2018, the Debtor should have generated over $600,000.00 in

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO DEBTOR'S AND COMMITTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY; ABANDONMENT; AND REJECTION OF UNEXPIRED COMMERCIAL LEASES - 5

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588**

18-03197-FPC11    Doc 109    Filed 01/15/19    Entered 01/15/19 20:46:17    Pg 5 of 10

cryptocurrency in Giga Plex, LLC and MLDC1, LLC alone. Where has the cryptocurrency generated by the Debtor gone if not to Creditors pursuant to the Court's previous order?

For all of these reasons, the crux being that Creditors have no idea when and how it will receive its indubitable equivalent, Creditors respectfully request this Court grants its Motion for Relief from Stay or in the alternative modify the stay to afford Creditors its indubitable equivalent. *See In re Colrud*, 45 BR at 177.

## ii. Valuation

Creditors are currently pursuing valuation of the personal property assets at the Giga Plex, LLC and MLDC1, LLC facilities. The valuation placed in the Debtor's schedules for the Moses Lake locations (the Giga Plex, LLC and MLDC1, LLC facilities) was listed as Unknown. ECF No. 40, pg. 6, at 55.5. In fact, the Debtor's Schedules and the Statement of Affairs are woefully incomplete. (i.e. Statement of Financial Affairs, Part 1 Gross revenue from business –Unknown – To be Supplemented; Statement of Financial Affairs, Part 4, Transfers that benefited any insider – To be supplemented). Further, Creditors are learning for the first time in Debtor's objection about "minor liens" in the collateral which would also affect valuation. *See* Debtors Objection to Motion for Relief from Stay, pg. 3, para. 10.

The Debtor's Motion for Order Authorizing Use of Cash Collateral then places an estimated value of the non-cash collateral assets at $30 million without any specific evidence. ECF No. 30, pg. 4 at 1-3. This value is believed to be inflated and inaccurate given the age of the infrastructure and gigapods and the condition in which they have been left.

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO DEBTOR'S AND COMMITTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY; ABANDONMENT; AND REJECTION OF UNEXPIRED COMMERCIAL LEASES - 6

**OVERCAST LAW OFFICES**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588

Debtor in its present objection, now estimates the value of the personal property assets at the Giga Plex, LLC and MLDC1, LLC facilities at 22 million without further evidence. (ECF No. 96, Para. 9). Debtor's objection also states that Creditors assert a $8 million for the personal property assets without further evidence. This valuation was mentioned in passing and is not for the personal property itself but for Giga Plex, LLC as a going concern. It is believed that no valuation or formal appraisal of the personal property assets has been obtained as of the date of this reply. Although a formal appraisal of the personal property by the Creditors is believed to be forthcoming, it is on information and belief that the personal property values of $30 million or $22 million are not an accurate representation of the value of the personal property assets at the Giga Plex, LLC and MLDC1, LLC facilities, particularly because the power has been turned off.

Because of the volatile nature of the cryptocurrency business, and the newer gigapod technology coming to market, Creditors are hesitant to put forth a value in the personal property assets unless provided by a licensed appraiser familiar with the cryptocurrency market. To this end, Creditors dispute the value placed on the collateral in Debtor's schedules and requests documentation of the Debtors valuation referenced in its objection. ECF No. 96, Para. 9. The truest example of valuation is a willing seller and willing buyer. If Creditor's Motion for Relief from Stay were granted, under a commercially reasonable Article 9 public sale, the Debtor would be entitled to the surplus from the sale of the personal property assets.

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO DEBTOR'S AND COMMITTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY; ABANDONMENT; AND REJECTION OF UNEXPIRED COMMERCIAL LEASES - 7

**OVERCAST LAW OFFICES**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588

18-03197-FPC11    Doc 109    Filed 01/15/19    Entered 01/15/19 20:46:17    Pg 7 of 10

**B. Abandonment**

Property that is abandoned pursuant to 11 U.S.C. § 554 is no longer property of the estate and becomes part of the debtor's nonbankruptcy estate. Abandonment under any 11 U.S.C. § 554 will be to a party with a "possessory interest" which is defined as a "right to exert control over" or a "right to possess" property "to the exclusion of others." *In re Jandous Elec. Constr. Corp.*, 96 B.R. 462, 466 (Bankr. S.D.N.Y. 1989) ; *see also In re First Magnus Fin. Corp.*, No. 4:07-bk-01578-JMM, 2008 Bankr. LEXIS 3207, at *15 (Bankr. D. Ariz. Nov. 25, 2008) (unpublished) ("The legislative history and weight of authority holds that abandonment to a third party with a possessory interest is entirely proper.") Abandonment is not the equivalent of a judicial sale, however, and any secured creditor or lessor must thereafter comply with state law foreclosure or forfeiture requirements. *In re First Magnus Fin. Corp.* at *15. Here, if the Creditors would have constructive possession of the personal property, Creditors could utilize the Article 9 process which would result in a true valuation of the collateral and net benefit to the Debtor and its creditors.

Despite the Committee's assertions, abandonment is frequently requested in a relief from stay motion and can be combined with a motion for relief from stay under Local Rules. *See* LBR 4001-1(e). Despite the Committee's assertion otherwise, Creditors did provide copies of documents evidencing the interest of the requesting party (i.e. commercial leases). *See* LBR 6007-1(b). Further, abandonment to the possession of Creditors is a viable request which would benefit all parties in interest given the Debtor's non-response to Creditors' attempts to resolve the matter making the motion for relief from stay a necessity.

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO DEBTOR'S AND COMMITTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY; ABANDONMENT; AND REJECTION OF UNEXPIRED COMMERCIAL LEASES - 8

**OVERCAST LAW OFFICES**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588

18-03197-FPC11    Doc 109    Filed 01/15/19    Entered 01/15/19 20:46:17    Pg 8 of 10

Although Creditors concede that combining the motion for rejection of commercial leases may be procedurally flawed, hearing the matter of rejection one day prior to the deadline to accept or reject leases under this Court's Agreed Scheduling Order (January 18, 2019) is appropriate given the Debtor has taken no steps to fulfill its post-petition obligations under 11 U.S.C § 365(d)(3) as detailed below. Further, this Court has authority under 11 U.S.C. § 105 to issue any order, process or judgment that it deems necessary.

### C. Rejection of Lease

11 USC 365 (d)(3) provides:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the <u>order for relief</u> under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding <u>section 503(b)(1) of this title</u>. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period…

The sixty (60) day deadline is set to expire on January 18, 2019; however, as the date of this reply, no payments have been made to Creditors. Although this Court can extend the time to comply, "the <u>time for performance shall not be extended beyond such 60-day period</u>." 11 U.S.C. §365(d)(3). Creditors have had no assurances that Debtor understands its post-petition obligations. Debtor, in its objection has once again indicated its <u>intention</u> to assume the lease without any meaningful explanation as to why it has not complied with its post-petition obligations under the commercial leases, the Bankruptcy Code and this Court's Interim Cash Collateral Order. *See* Debtors Objection to Motion for Relief from Stay, pg. 6 at 11-16.

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO DEBTOR'S AND COMMITTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY; ABANDONMENT; AND REJECTION OF UNEXPIRED COMMERCIAL LEASES - 9

**OVERCAST LAW OFFICES**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588

Finally, Debtor has not paid its post-petition obligations and Creditors cannot be compelled to continue to extend credit to the Debtor or continue to pay the substantial amount of electricity used for cryptocurrency mining. The Motion to Shorten Time was brought because Creditors ongoing obligations for the electricity bills. *See* Declaration of Ryan Oster in Support of the Motion for Relief from Stay, pg. 2, para. 10. Creditors do not have the financial means to do so. Due to nonpayment based on Debtor's failure to pay it post-petition obligations, the Grant County PUD has shut off the power to Creditors' locations.

For all these reasons, Creditors pray for relief from this Court for the relief from stay and abandonment of the premises back to Creditors, or in the alternative, request this Court modify the stay and make specific findings of what Creditors indubitable equivalent would be. In the event the Debtor cannot produce adequate protection, Creditors respectfully request that this Court deem Creditors' nonresidential leases rejected given the Debtors inability to fulfill its post-petition obligations.

DATED:     January 15, 2019

OVERCAST LAW OFFICES

/s/ David A. Kazemba
David A. Kazemba, WSBA #48049
Attorneys for Creditors, Giga Plex, LLC
and MLDC1, LLC

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO DEBTOR'S AND COMMITTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY; ABANDONMENT; AND REJECTION OF UNEXPIRED COMMERCIAL LEASES - 10

OVERCAST LAW OFFICES
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588