TIMOTHY R. FISCHER, WSBA NO. 40075
WINSTON & CASHATT, LAWYERS
601 W. Riverside Avenue, Suite 1900
Spokane, WA 1900
Telephone: (509)838-6131
trf@winston&cashatt.com

Attorneys for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re ) Case No. 18-03197-11
)
GIGA WATT, INC., ) Chapter 11
)
                Debtor. ) **DEBTOR'S RESPONSE TO MOTION TO APPOINT CHAPTER 11 TRUSTEE**
)
) Hearing:
) DATE: January 17, 2019
) TIME: 1:00 p.m.

Giga Watt, Inc., the debtor and debtor in possession herein (the "Debtor"), respectfully submits this objection (the "Objection") to that certain *Motion for Chapter 11 Trustee* [Doc. No. 105] filed by the unsecured creditor's committee ("UCC").

## I.
## STATEMENT OF FACTS

1. The Debtor commenced this case by filing a voluntary petition under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") on November 19, 2018 (the "Petition Date").

2. The Debtor is currently unable to operate until either investment or a loan is obtained to cure past due payments and assume leases.

3. The Debtor is committed to appointing a Chief Restructuring Officer, answerable to the Court, but still allowing limited involvement by the shareholders.

4. The CRO would have control of the Debtor's activities, control of a Third Party Dashboard, and control of Revenue and disbursal of funds.

5. The existence of the CRO would still allow involvement from the Russian Team, which developed and maintain the proprietary systems that the Debtor developed and uses in its business.

## II.
## DISCUSSION

**The Russian Team is essential to Continued Operations, and will likely not participate with a Chapter 11 Trustee.**

A trustee should be appointed "when to do so would serve the parties' and estate's interests." *In re Sharon Steel Corp.,* 871 F.2d 1217, 1226 (3rd Cir. 1989). According to the UCC motion, the committee wants the company to continue to operate as an ongoing entity, where it has more value.

Operating as an ongoing entity would require, as set forth in the Declaration of Andrey Kuzenny, participation of what is called the "Russian Team". As set forth in the declaration, and as Mr. Kuzenny testified at the 341 meeting of creditors, the participation of the Russian Team is necessary for successful continue operation. The Russian Team developed the necessary software to operate the business, and know the means to maintain it. As set forth by Mr. Kuzenny, their participation is highly unlikely if a Chapter 11 Trustee is appointed.

A reasonable alternative to a Chapter 11 Trustee is a Chief Restructuring Officer ("CRO"). The CRO could allow limited involvement by the current management, while ensuring the continuing participation of the Russia Team. The CRO could be in charge of all operations, and responsible for reporting to the Court with regard to revenue, product mined, and overall operations. The CRO would also be in charge of a third party dashboard, and remove access to the mined cryptocurrency from any other individuals. Such an alternative arrangement would allow present, ongoing operations to continue, and "would serve the parties' and estate's interests." The Debtor would support such an arrangement.

## III.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order denying the Unsecured Creditors' Committees Motion in its entirety, and alternatively allow appointment of a Chief Restructuring Officer and further relief as the Court deems just and proper.

Dated: January 17, 2019          WINSTON & CASHATT, LAWYERS

By: _____
TIMOTHY R. FISCHER
Attorneys for Debtor In Possession