Pamela M. Egan, CA Bar No. 224758 (admitted *pro hac vice*)
Paul H. Beattie, WSBA No. 30277
CKR Law LLP
506 2nd Avenue, Suite 1400
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pegan@ckrlaw.com

*Attorneys for Mark D. Waldron, in his capacity as the duly-appointed Chapter 11 Trustee herein*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, Inc., a Washington corporation,

Debtor.

Case No. 18-03197

The Honorable Frederick P. Corbit

Chapter 11

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE CHAPTER 11 TRUSTEE FOR ORDER (I) EXTENDING DEADLINE TO FILE PROOFS OF CLAIM, (II) APPROVING PROCEDURE RELATING TO NOTICE TO TOKEN HOLDERS AND MINER OWNERS, (III) APPROVING THE FORM OF SECOND NOTICE OF CASE COMMENCEMENT AND NOTICE OF FIRST EXTENDED BAR DATE, AND (IV) GRANTING EXPEDITED CONSIDERATION**

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 1

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 1 of 19

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................... 1

II. BACKGROUND .................................................................................. 2

    A.    HIGH-LEVEL SUMMARY OF BLOCKCHAIN AND MINING ............................. 2

    B.    DESCRIPTION OF THE DEBTOR'S BUSINESS, TOKEN HOLDERS AND MINER OWNERS ................................................................................... 4

    C.    POST-PETITION EVENTS. ............................................................... 5

III. POINTS AND AUTHORITIES ................................................................. 7

    A.    CAUSE TO EXTEND CLAIMS BAR DATE EXISTS. .................................... 7

    B.    PROCEDURES RELATING TO SERVICE ON THE TOKEN HOLDERS AND MINER OWNERS WHILE PRESERVING THEIR PRIVACY ...................................... 8

        1.   Service By Email Upon the Token Holders and Miner Owners by the Chapter 11 Trustee ................................................................. 8

        2.   Service on Token Holders and Miner Owners By Other Parties. ........ 9

        3.   Procedure for Certifying Service on the Token Holders and Miner Owners ................................................................................ 11

    C.    THE FORM OF THE SECOND NOTICE OF CASE COMMENCEMENT AND NOTICE OF FIRST EXTENDED BAR DATE IS APPROPRIATE. ............................... 12

    D.    EXPEDITED CONSIDERATION IS NECESSARY ....................................... 13

IV. CONCLUSION ................................................................................. 13

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page i

18-03197-FPC7   Doc 191   Filed 02/19/19   Entered 02/19/19 15:04:10   Pg 2 of 19

# TABLE OF AUTHORITIES

**CASES**

*In re BGI, Inc.,* 476 B.R. 812, 820 (Bankr. S.D.N.Y. 2012) .................................. 7
*In re Maya,* 78 F.3d 1395, 1398 (9th Cir.1996), *cert. denied,* 519 U.S. 862, 117 S.Ct. 168, 136 L.Ed.2d 110 (1996) ....................................................... 7
*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950) ......................................................................................... 7

**STATUTES**

11 U.S.C. § 105(a) ................................................................................................ 8
11 U.S.C. § 107(c) .............................................................................................. 12

**RULES**

Fed. R. Bank. P. 2002(g) .................................................................................... 10
Fed. R. Bank. P. 9007 .................................................................................... 9, 12
Fed. R. Bankr. P. 9007 ....................................................................................... 12
Fed.R.Bankr.P. 3003(c)(3) ................................................................................... 7
LBR 2002-1(b)(3) ................................................................................................ 8
LBR 2002-1(b)(4) .............................................................................................. 11
LBR 9018-1(b) ................................................................................................... 11
LBR 9018-1(b). .................................................................................................. 11

**MEDIA SOURCES**

Bitcoin News Today, *https://theoofy.com/1519/how-many-bitcoins-are-left-2018-17-million-have-been-mined-4-million-bitcoin-left-bitcoin-news-today-crypto-news-today-sun-feb-17* ........................................................................................ 3
TNW, https://thenextweb.com/hardfork/2018/06/11/ethereums-total-supply/, access on February 17, 2019 ............................................................................ 3

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page ii

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 3 of 19

Mark Waldron, the duly appointed Chapter 11 Trustee (the "Chapter 11 Trustee") in the bankruptcy case of the above-captioned debtor (the "Debtor" or "Giga Watt"), hereby respectfully submits this memorandum of points and authorities in support of the *Motion of the Chapter 11 Trustee for Order (i) Extending Deadline to File Proofs of Claim, (ii) Approving Procedure Relating to Notice to Token Holders and Miner Owners, (iii) Approving the Form of Second Notice of Case Commencement and Notice of First Extended Bar Date, and (iv) Granting Expedited Consideration* (the "Motion"), filed herewith.

In support of the Motion, and as supported by the declarations of Lauren Miehe and Mark D. Waldron, in his capacity as Chapter 11 Trustee, filed herewith, the Chapter 11 Trustee respectfully submits:

## I.

## INTRODUCTION

The Chapter 11 Trustee has determined that the Debtor's customers (referred to as Token Holders and Miner Owners, as defined below), who number in the thousands, have not been served with notice of the commencement of this case or of the bar date that the Court originally set for February 18, 2019 (the "Original Bar Date"). The Token Holders and Miner Owners are entitled to notice of this case and to a new claims bar date (the "Second Notice of Case Commencement and of First Extended Bar Date"). Therefore, the Chapter 11 Trustee hereby requests that the Court to extend the claims bar date to April 19, 2019 (the "Extended Bar Date").

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 1

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 4 of 19

The Chapter 11 Trustee has further determined that the Debtor does not have street addresses for the Token Holders and Miner Owners. Instead, the Debtor appears to have communicated with the Token Holders and Miner Owners by email. The Chapter 11 Trustee is concerned that disclosing the email addresses of the Token Holders and Miner Owners to parties who wish to serve them with filings in this case will expose the Token Holders and Miner Owners to the undue risk of identity theft. This Motion presents for the Court's approval a procedure that will facilitate service to the Token Holders and Miner Owners while avoiding the risks inherent in full disclosure of email addresses.

Finally, it is appropriate to reduce the period to object to the Motion from 21 days to 7 days. As set forth below, the Chapter 11 Trustee is negotiating an agreement with the Debtors' landlords to reopen some of the Debtor's facilities. The Chapter 11 Trustee anticipates filing a series of motions related to this endeavor. The Token Holders and Miner Owners are entitled to notice regarding these matters. It will be advantageous to the estate to set that procedure in place before or shortly after the series of expected motions relating to the reopening of the Debtor's facilities are filed.

## II.

## BACKGROUND

### A. High-Level Summary of Blockchain and Mining

A blockchain is a permanent, distributed digital ledger made up of blocks of verified entries. Proponents of blockchain technology state that entries on the

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 2

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 5 of 19

blockchain are immutable. The immutability of entries on the blockchain arise from the nature of "hash functions." With any given input, a hash function will produce only one unique output.

Crypto-miners use special "hash functions" to confirm the validity of a new entry on the blockchain. For example, an unverified entry may report that Jane gave Jack 25 bitcoins on a certain date. A miner uses computer calculations, and a special hash function, to verify that the "hash" on Jack's receipt of 25 bitcoins is the unique output of the "hash" showing Jane's transfer of those bitcoins. Once the transaction is verified, it becomes part of the permanent record on the blockchain.

Whenever a miner verifies a transaction, the miner's owner receives a brand new coin as a "reward." The supply of bitcoin is capped at 21 million. To date, approximately 17 million bitcoin have been mined, leaving approximately 4 million bitcoin to be mined.[1] The total supply of Ethereum is not capped. To date approximately 100 million Ethereum coins have been mined.[2] By design the mathematical process of verifying "hashes," i.e., mining, becomes become difficult as more coins are released.

---

[1] *See* Bitcoin News Today, *https://theoofy.com/1519/how-many-bitcoins-are-left-2018-17-million-have-been-mined-4-million-bitcoin-left-bitcoin-news-today-crypto-news-today-sun-feb-17*, last accessed on February 17, 2019.

[2] *See* TNW, https://thenextweb.com/hardfork/2018/06/11/ethereums-total-supply/, access on February 17, 2019.

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 3

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 6 of 19

### B. Description of the Debtor's Business, Token Holders and Miner Owners

The Debtor provides colocation and hosting services to those who mine for cryptocurrency. Some of the Debtor's facilities may also be used as data centers. Giga Watt touted its access to cheap power in Washington as a major selling point.

In 2017, the Debtor raised approximately $20 million by selling tokens ("<u>WTT Tokens</u>") through a process known as an Initial Coin Offering (the "<u>Giga Watt Token Launch</u>"). Each WTT Token costs $1 and is theoretically backed by one (1) watt's worth of power at the Debtor's facilities for fifty years. Essentially, Token Holders can use the Debtor's facilities for a lower fee than was available to non-Token Holders.

A party could also buy computers, known as miners, through Giga Watt's "partner" in Singapore. In what Giga Watt referred to as a "turnkey solution," the miners would be delivered directly to Giga Watt's facilities and, for a fee, Giga Watt would maintain the miners. The owners of miners, whether purchased through the "partner" or otherwise, are referred to herein as "Miner Owners."

Some Token Holders entered into separate agreements with Miner Owners pursuant to which the Miner Owners "rented" WTT Tokens from Token Holders. This way, the Token Holder could receive income without actually mining and miner owners could pay reduced fees to Giga Watt without participating in the WTT Token ICO.

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 4

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 7 of 19

While some Token Holders may also be Miner Owners, not all Token Holders are Miner Owners, and not all Miner Owners are Token Holders.

**C.  Post-Petition Events.**

On November 19, 2019 (the "<u>Petition Date</u>"), the Debtor commenced the above-captioned case by filing a voluntary petition for relief under title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). Pursuant to the Notice of Chapter 11 Bankruptcy Case, filed on November 19, 2018 (Docket No. 4) (the "<u>Case Commencement Notice</u>") and LBR 3001-1(c), the Court set the Original Bar Date. Token Holders and Miner Owners are not listed in the creditor matrix. As a result, the BNC Certificate of Mailing Meeting of Creditors Notice [Docket No. 12], which certifies service of the Notice of Chapter 11 Bankruptcy Case, does not include Token Holders or Miner Owners (defined below). Therefore, they have not received notice of this case or of the Original Bar Date.

During the first two months of this case, the Debtor generated revenues, which are estimated to be as much as $200,000, possibly more.[3] These revenues have never been accounted for. The Chapter 11 Trustee has received reports that funds from customers' "wallets" have been taken without authorization after the Petition Date. The Debtor's former management is not cooperating with the Chapter 11 Trustee. The Chapter 11 Trustee will shortly request an order to compel former management's cooperation.

---

[3] The Debtor stopped generating post-petition revenues in mid-January after the Grant County PUD shut off the electricity.

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc.  – Page 5

On January 18, 2019, the Court ordered the appointment of a Chapter 11 Trustee pursuant to its *Order Granting Committee's Motion to Appoint Chapter 11 Trustee* (Docket No. 121). On January 23, 2019, the Court approved the appointment of Mark D. Waldron as the Chapter 11 Trustee pursuant to its Order Approving Appointment of Chapter 11 Trustee (Docket. No. 146). Pursuant to its *Order Approving Employment Under 11 U.S.C. § 327 by Trustee/Debtor in Possession* [Docket No. 183], dated February 14, 2018, the Chapter 11 Trustee has retained Lauren Miehe, a colocation and hosting services provider based in Wenatchee, Washington, to provide consulting services and operational assistance with respect to the Debtor's business and in particular with re-opening the Debtor's facilities.

The Chapter 11 Trustee is in active and productive negotiations with the Debtor's landlords and other parties in interest regarding re-opening certain of the Debtor's facilities. The Chapter 11 Trustee is also consulting with parties in interest regarding the sale of the Debtor's facilities and business operations as a going concern.

As the foregoing suggests, the Chapter 11 Trustee expects to be filing a series of motions. This Motion proposes a procedure to ensure proper notice on the Token Holders and Miner Owners during the next and critical stage of this case. Reducing the objection period to seven (7) days will ensure that a clear procedure will be in place that can allow the Token Holders and Miner Owners to

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 6

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 9 of 19

receive proper notice in that case that will satisfy the right of the Token Holders and Miner Owners to due process and the necessity to the estate for finality.

## III.

## POINTS AND AUTHORITIES

### A. Cause to Extend Claims Bar Date Exists.

Under Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, the Court "for cause shown may extend the time within which proofs of claim or interest may be filed." Fed.R.Bankr.P. 3003(c)(3). Cause exists in this case because the Token Holders and Miner Owners were not served with notice of the commencement of this case or of the Original Bar Date.

In chapter 11 cases, known creditors are entitled to formal notice of the bankruptcy and claims date. *See In re Maya,* 78 F.3d 1395, 1398 (9th Cir.1996), *cert. denied,* 519 U.S. 862, 117 S. Ct. 168, 136 L.Ed.2d 110 (1996). *See also Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them and opportunity to present their objections.

*Id.*, 339 U.S. 306 at 314, 70 S. Ct. at 657. *See also In re BGI, Inc.,* 476 B.R. 812, 820 (Bankr. S.D.N.Y. 2012) ("Adequate notice entails actual written notice of the bankruptcy filing and the bar date.").

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc.  – Page 7

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 10 of 19

Extending the deadline to file proofs of claim until April 19, 2019 will serve the twin goals of satisfying the due process rights of Token Holders and Miner Owners and allowing the Chapter 11 Trustee to establish finality with respect to their claims.

Accordingly, the Chapter 11 Trustee respectfully asks that the Court extend the current deadline for non-governmental entities to file claims to April 19, 2019, representing a 60-day extension.

### B. Procedures Relating to Service on the Token Holders and Miner Owners While Preserving Their Privacy

#### 1. Service By Email Upon the Token Holders and Miner Owners by the Chapter 11 Trustee

LBR 2002-1(b)(3) provides that "[a]ll notices shall be by first-class mail, unless the recipient is a registered participant in the CM/ECF system." As far as the Chapter 11 Trustee can tell, based on the limited information made available to him by the Debtor's former management, the Debtor did not maintain street addresses for the Token Holders and Owner Miners. Instead, it retained email addresses for the Token Holders and Miner Owners. As a result, the Chapter 11 Trustee can neither mail filings to the Token Holders and Miner Owners nor list their physical addresses in any certificate of service.

The Court has the power to modify the default rules for providing notice and to approve service by email in this case. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 8

18-03197-FPC7   Doc 191   Filed 02/19/19   Entered 02/19/19 15:04:10   Pg 11 of 19

out the provisions of this title."); Fed. R. Bank. P. 9007 (empowering the court to designate "the form and manner" of notice in a bankruptcy case). The Court has already exercised this power in this case. At a hearing on January 17, 2019, the Court authorized and approved service by email of the *Motion for Relief From Stay; Abandonment; and Rejection of Unexpired Commercial Leases* (Docket No. 76) (the "Stay Relief Motion"). *See Docket No. 117* (audio recording of January 17, 2019 hearing at 1:04:30 – 1:05:30).

Accordingly, the Chapter 11 Trustee respectfully requests that the Court authorize and permit the Chapter 11 Trustee to serve (i) the Motion, (ii) the Second Notice of Case Commencement and Notice of the First Extended Bar Date, and (iii) all future filings upon Token Holders and Miner Owners by email and specifically by sending filings to the email address for each Token Holder and Miner Owner as set forth in the Debtor's records (the "<u>Token Holder and Miner Owners List</u>").

2. <u>Service on Token Holders and Miner Owners By Other Parties.</u>

Publicly disseminating the email addresses of Token Holders and Miner Owners may raise the risk of identity theft. However, parties in interest must have access to these addresses in order to serve them with filings. To solve this tension, the Chapter 11 Trustee proposes the following procedure:

- Until the Extended Bar Date, the Chapter 11 Trustee will serve all Token Holders and Miner Owners by email using the address shown on the Debtor's limited records that were made available to the

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 9

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 12 of 19

Chapter 11 Trustee; a party wishing to serve Token Holders and Miner Owners shall within one (1) business day of filing send an email to the Chapter 11 Trustee's counsel, pegan@ckrlaw.com, with every document attached to the email in pdf format and ready to be emailed to the Token Holders and Miner Owners List.

- The Chapter 11 Trustee will not share the email addresses of the Token Holders and Miner Owners with third parties;
- On or before the First Extended Bar Date, Token Holders and Miner Owners must designate the address for service in a timely filed Proof of Claim[4] or file a Notice of Appearance and Request for Notice that (a) provides a street address for service or (b) publicly discloses an email address to which all parties may serve the Token Holder or Miner Owner.
- If no proof of claim or notice of appearance and request for notice is filed before the First Extended Bar Date, then no further notice to the Token Holder or Miner Owner shall be provided.

This procedure will allow the Token Holders and Miner Owners to participate in this case while also preserving their privacy and reducing the risk of identity theft.

---

[4] *See also* Fed. R. Bank. P. 2002(g) (parties must serve notice to the address designated in a proof of claim).

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 10

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 13 of 19

### 3. Procedure for Certifying Service on the Token Holders and Miner Owners

LBR 2002-1(b)(4) requires a party to file a certificate of service that includes the recipient's address. However, publishing the Token Holders and Miner Owner's email addresses may expose them to the risk of identity theft.

To satisfy the obligation to establish service upon Token Holders and Miner Owners without increasing their risk of identity theft, the Chapter 11 Trustee seeks approval of the following procedure:

- The Chapter 11 Trustee shall file a Certificate of Service in which the email addresses of Token Holders and Miner Owners' emails is redacted.
- Pursuant to the sealed document protocol set forth in LBR 9018-1(b), the Chapter 11 Trustee will submit to the Court an unredacted Certificate of Service, which will include the emails of all parties on the Token Holders and Miner Owners List.
- Future filings will be accompanied by a Certificate of Service that does not list the emails of Token Holders and Miner Owners but instead refers generically to the "Token Holders and Miner Owners List."

The foregoing procedure ensures notice to the Token Holders and Miner Owners without exposing them to the risk of identity theft. The power to

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 11

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 14 of 19

streamline and conserve resources is well within this Court's power. *See e.g.* 11 U.S.C. § 107(c) (the court "for cause" may issue an order regarding the disclosure of information as necessary to avoid the "undue risk of identity theft."; Fed. R. Bank. P. 9007 ("[T]he court shall designate . . . the form and manner in which the notice shall be given.").

Accordingly, the Chapter 11 Trustee requests that the Court grant the Motion.

### C. The Form of the Second Notice of Case Commencement and Notice of First Extended Bar Date is Appropriate.

Rule 9007 of the Federal Rules of Bankruptcy Procedure empowers the Court to regulate "the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007. Pursuant to this rule, the Chapter 11 Trustee respectfully requests approval of the form of the Second Notice of Case Commencement and Notice of First Extended Bar Date, attached hereto as **Exhibit A**.

The Second Notice of Case Commencement and Notice of First Extended Bar Date clearly sets forth the First Extended Bar Date, explains how to obtain and file the proof of claim, and states the consequences of failing to file such a claim by the First Extended Bar Date. It also clearly explains the procedure set forth herein for providing notice to Token Holders and Miner Owners in this case.

Accordingly, the form of the Second Notice of Case Commencement and Notice of First Extended Bar Date should be deemed proper and sufficient.

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 12

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 15 of 19

### D. Expedited Consideration Is Necessary

The Chapter 11 Trustee has spent the first month of his appointment in this case collecting facts and developing a strategy for reorganization without the cooperation of Debtor's former management. The Chapter 11 Trustee has made progress in negotiations to re-open some of the Debtor's facilities in order to generate revenue for the estate and to maximize the value of the Debtor's facilities for an eventual sale.

The Chapter 11 Trustee expects to be filing various motions with the Court in short order. The Token Holders and Miner Owners are entitled to full notice of these motions. Shortening the objection period for this Motion, which establishes a procedure for full and fair notice to these key players, will facilitate those later important motions by establishing in advance the method by which all parties may serve the Token Holders and Miner Owners.

Rather than requiring individuals to obtain permission to serve the Token Holders and Miner Owners on an *ad hoc* basis, it is more efficient to establish a procedure now. The sooner that procedure is set in place, the more efficiently future filings and service may be accomplished.

## IV.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

1. Granting this Motion in its entirety;

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 13

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 16 of 19

2. Extending by 60 days, until April 19, 2019, the deadline for all parties in interest, other than governmental units, to file proofs of claim in the Debtor's case;

3. Authorizing the Chapter 11 Trustee to serve the Second Notice of Case Comment and Notice of First Extended Bar Date and future filings upon the Token Holders and Miner Owners by email;

4. Directing the Chapter 11 Trustee to email to the Token Holders and Miner Owners all papers filed in this case whether filed by the Chapter 11 Trustee or by a third party ***until and only until the First Extended Bar Date***.

5. Directing that any party wishing to serve Token Holders and Miner Owners with filed documents in this case shall within one (1) business day of filing the documents to be served, send an email to the Chapter 11 Trustee's counsel, pegan@ckrlaw.com, with every document to be served attached to the email in pdf format and ready to be emailed to the Token Holders and Miner Owners List.

6. Directing that after the First Extended Bar Date, all parties shall serve the Token Holders and Miner Owners at the address listed in the proof of claim or notice of appearance and request for notice filed by the applicable Token Holder or Miner Owner. If no proof of claim or notice of appearance and request for notice is filed by a Token Holder or Miner Owner before the First Extended Bar Date, then no further notice to the Token Holder or Miner Owner shall be required.

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 14

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 17 of 19

7. The Chapter 11 Trustee shall file under seal the portion of the Certificate of Service of this Motion that includes the Token Holders and Miner Owners List and shall, if not done so already, file an unredacted version of the Token Holders and Mine Owners List with the Court pursuant to the Court's protocol for filing sealed documents.

8. With respect to future filings and notices in this case, and to alleviate the burden of moving to seal each Certificate of Service, a filing party in this case may certify service on the Token Holders and Miner Owners by stating that the party served "all persons whose addresses are included in the Token Holders and Miner Owners";

9. Finding that the Notice of this Motion proposed herein is proper and sufficient and approving the reduced period of time to object to the Motion, as requested by the Chapter 11 Trustee in the Motion; and

[*This memorandum continues on the following page.*]

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 15

18-03197-FPC7    Doc 191    Filed 02/19/19    Entered 02/19/19 15:04:10    Pg 18 of 19

10. Granting such other and further relief as the Court deems just and proper.

Dated: February 19, 2019   CKR LAW LLP

*Pamela M. Egan*
_____
Pamela M. Egan
Paul H. Beattie
506 2nd Avenue, Suite 1400
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pbeattie@ckrlaw.com

Attorneys for Mark D. Waldron, in his capacity as the duly-appointed Chapter 11 Trustee

Memorandum in Support of Motion of the
Chapter 11 Trustee for Order (i) Extending
Deadline to File Proofs of Claim, etc. – Page 16