Pamela M. Egan, CA Bar No. 224758 (PHV)
Paul H. Beattie, WSBA No. 30277
CKR Law LLP
506 2nd Avenue, Suite 1400
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pegan@ckrlaw.com

*Attorneys for Mark D. Waldron, in his capacity
as the duly-appointed Chapter 11 Trustee herein*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 11<br><br>**DECLARATION OF MARK D. WALDRON IN SUPPORT OF MOTION OF THE CHAPTER 11 TRUSTEE FOR ORDER (I) EXTENDING DEADLINE TO FILE PROOFS OF CLAIM, (II) APPROVING PROCEDURE RELATING TO NOTICE TO TOKEN HOLDERS AND MINER OWNERS, (III) APPROVING THE FORM OF SECOND NOTICE OF CASE COMMENCEMENT AND NOTICE OF FIRST EXTENDED BAR DATE, AND (IV) GRANTING EXPEDITED CONSIDERATION** |

I, Mark D. Waldron, declare as follows:

1. I submit this declaration in my capacity as the duly-appointed Chapter 11 trustee (the "Trustee") in the bankruptcy case of the above-captioned debtor

Declaration of Mark D. Waldron in Support
of Motion of the Chapter 11 Trustee for Order
(i) Extending Deadline to File Proofs of Claim, Etc. - 1

18-03197-FPC7    Doc 192    Filed 02/19/19    Entered 02/19/19 15:15:24    Pg 1 of 5

(the "Debtor" or "Giga Watt") and in connection with the *Motion of the Chapter 11 Trustee for Order (i) Extending Deadline to File Proofs of Claim, (ii) Approving Procedure Relating to Notice to Token Holders and Miner Owners, (iii) Approving the Form of Second Notice of Case Commencement and Notice of First Extended Bar Date, and (iv) Granting Expedited Consideration* (the "Motion").[1] The statements set forth herein are based on my investigation of the Debtor's affairs and, except where otherwise noted, is based on personal knowledge. If called as a witness, I would and could competently testify hereto.

2. I have determined that the Debtor's customers (referred to as Token Holders and Miner Owners, as defined below), who number in the thousands, have not been served with notice of the commencement of this case or of the bar date that the Court originally set for February 18, 2019 (the "Original Bar Date").

3. I have further determined that the Debtor does not have street addresses for the Token Holders and Miner Owners. Instead, the Debtor appears to have communicated with the Token Holders and Miner Owners by email. The Motion requests approval of a procedure that will permit service on the Token Holders and Miner Owners without have ot publicly disclose their email addresses.

4. The Debtor provides colocation and hosting services to those who mine for cryptocurrency. Some of the Debtor's facilities may also be used as data

---

[1] Capitalized terms used in this Declaration have the meanings ascribed to them in the Motion.

Declaration of Mark D. Waldron in Support
of Motion of the Chapter 11 Trustee for Order
(i) Extending Deadline to File Proofs of Claim, Etc. - 2

centers. Giga Watt touted its access to cheap power in Washington as a major selling point.

5. In 2017, the Debtor raised approximately $20 million by selling tokens ("<u>WTT Tokens</u>") through a process known as an Initial Coin Offering (the "<u>Giga Watt Token Launch</u>"). Each WTT Token costs $1 and is theoretically backed by one (1) watt's worth of power at the Debtor's facilities for fifty years. Essentially, Token Holders can use the Debtor's facilities for a lower fee than was available to non-Token Holders.

6. A party could also buy computers, known as miners, through Giga Watt's "partner" in Singapore. In what Giga Watt referred to as a "turnkey solution," the miners would be delivered directly to Giga Watt's facilities and, for a fee, Giga Watt would maintain the miners. The owners of miners, whether purchased through the "partner" or otherwise, are referred to herein as "Miner Owners."

7. Some Token Holders entered into separate agreements with Miner Owners pursuant to which the Miner Owners "rented" WTT Tokens from Token Holders. This way, the Token Holder could receive income without actually mining and miner owners could pay reduced fees to Giga Watt without participating in the WTT Token ICO.

8. While some Token Holders may also be Miner Owners, not all Token Holders are Miner Owners, and not all Miner Owners are Token Holders.

Declaration of Mark D. Waldron in Support
of Motion of the Chapter 11 Trustee for Order
(i) Extending Deadline to File Proofs of Claim, Etc. - 3

18-03197-FPC7    Doc 192    Filed 02/19/19    Entered 02/19/19 15:15:24    Pg 3 of 5

9. I have determined that Token Holders and Miner Owners are not listed in the creditor matrix. As a result, they have not received notice of this case or of the Original Bar Date.

10. During the first two months of this case, the Debtor generated revenues, which are estimated to be as much as $200,000, possibly more. These revenues have not been accounted for. I am informed that the Debtor stopped generating post-petition revenues in mid-January after the Grant County PUD shut off the electricity. I have also received reports that funds from customers' "wallets" have been taken without authorization after the Petition Date. The Debtor's former management is not cooperating with me. I have instructed my attorneys to obtain the necessary order to compel former management's cooperation.

11. With the assistance of counsel, I am in active and productive negotiations with the Debtor's landlords and other parties in interest regarding re-opening certain of the Debtor's facilities. The Chapter 11 Trustee is also consulting with parties in interest regarding the sale of the Debtor's facilities and business operations as a going concern.

12. As the foregoing suggests, I expect to file a series of motions in the near future. The Motion proposes a procedure to ensure proper notice on the Token Holders and Miner Owners during the next and critical stage of this case. In my judgment, reducing the objection period to seven (7) days will ensure that a clear procedure will be in place that can allow the Token Holders and Miner

Declaration of Mark D. Waldron in Support
of Motion of the Chapter 11 Trustee for Order
(i) Extending Deadline to File Proofs of Claim, Etc. - 4

18-03197-FPC7    Doc 192    Filed 02/19/19    Entered 02/19/19 15:15:24    Pg 4 of 5

Owners to receive proper notice in that case that will satisfy the right of the Token Holders and Miner Owners to due process and the necessity to the estate for finality.

13. A true and correct copy of the proposed Second Notice of Case Commencement and Notice of First Extended Bar Date is attached to the Motion as <u>Exhibit A</u>. A true and correct copy of the proposed Order granting the Motion is attached to the Motion as <u>Exhibit B</u>.

To the best of my knowledge, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of February 2019 in Tacoma, Washington.

*/s/ Mark D. Waldron*
Mark D. Waldron

Declaration of Mark D. Waldron in Support
of Motion of the Chapter 11 Trustee for Order
(i) Extending Deadline to File Proofs of Claim, Etc. - 5