JAMES D. PERKINS, WSBA #12996
Attorney for the United States Trustee
United States Dept. of Justice
920 West Riverside, Room 593
Spokane, WA  99201
Telephone (509) 353-2999
Fax (509) 353-3124

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| In re: | Case No. 18-03197-FPC11 |
|---|---|
| Giga Watt Inc. | UNITED STATES TRUSTEE'S OBJECTION TO FEE APPLICATION |
| Debtor | |

The United States Trustee objects to the Application for Award of Compensation (the "Fee Application") filed by Timothy R. Fischer of Winston & Cashatt on February 7, 2019 as Docket #159.  That Fee Application seeks an award of fees for work performed by three of Winston & Cashatt's attorneys and two of its paralegals.

The United States Trustee objects to the Fee Application on the following grounds:

1. **Winston & Cashatt Failed to Make Full Disclosure in Its Employment Application**.

    The Bankruptcy Code contains a number of provisions (e.g., §§ 327, 329, 330, 331) designed to protect the debtor from the debtor's attorney.  In order to assist the Court in applying these provisions, both BR 2014 and LBR 2014-1 require an attorney seeking to be retained as a professional for the bankruptcy estate to file an application detailing any connections the attorney has with not only the debtor, but with any creditors or other parties in interest.  The purpose of this disclosure is to assist the court in ensuring that the attorney has no conflicts of interest and is disinterested, as required

by 11 U.S.C. § 327(a). *In re Park–Helena Corp.,* 63 F.3d 877, 881 (9th Cir. 1995*)*, cert. denied, *Neben & Starrett, Inc. v. Chartwell Financial Corp.,* 516 U.S. 1049, 116 S.Ct. 712, 133 L.Ed.2d 667 (1996). This Court has created a form application which professionals are required to use for this purpose. *Local Form 2014.*

Here, Winston & Cashatt filed an Employment Application seeking the Court's approval for the employment of four of its attorneys to act as attorneys for the Chapter 11 Debtor in this case. *Docket #15.* That Employment Application generally follows Local Form 2014. It now appears that the Employment Application did not disclose at least the following material facts about Winston & Cashatt's situation:

 a) Winston & Cashatt apparently received $50,000.00 as a retainer in this case. *Fee Application, Docket #159, p.3, Item (a)(6).* The Employment Application discloses only that Winston & Cashatt had received $15,085.00 in pre-petition fees and $1,717.00 for payment of the filing fee. *Docket #15, p.5, Item 8.J.* Until the Fee Application was filed on February 7th, there was no mention of the additional $33,198.00 which Winston & Cashatt is apparently holding in its trust account.

 b) Winston & Cashatt now asserts that this $50,000.00 retainer was received not from the Debtor, but from one if its principals, Andrey Kuzenny. *Notice of Deposit, Docket #185.* The Local Form 2014 employment application specifically asks whether the attorney applicant has "received or been promised compensation from Debtor <u>or some other entity</u> . . . " (emphasis added). The Employment Application filed by Winston & Cashatt expressly represents that it received only the $15,085.00 in pre-petition fees and $1,717.00 filing fee and does not indicate that the money was received from anyone other than the Debtor, thereby failing to disclose both the remaining amount of the retainer and that the money was allegedly received from Mr. Kuzenny, not from the Debtor.

United States Trustee's Objection - 2

18-03197-FPC11    Doc 204    Filed 02/22/19    Entered 02/22/19 14:15:45    Pg 2 of 4

By failing to disclose these very material facts about its employment, Winston & Cashatt deprived the Court and the parties to this case of the opportunity to understand whether it was appropriate for Winston & Cashatt to represent the Debtor. This failure seems particularly critical in this case in light of Winston & Cashatt's subsequent withdrawal as counsel for the Debtor. *Docket #90*. Winston & Cashatt did not provide any basis for its decision to withdraw. *Id*.

A bankruptcy court has broad discretion in determining whether to deny or award fees when a debtor's attorney has failed to disclose material facts. *Park–Helena*, 63 F.3d at 881 (bankruptcy court correctly denied fees to attorneys who willfully failed to disclose all their connections with the debtor, creditors, and any other party in interest). The Ninth Circuit bolstered *Park–Helena* in *In re Lewis*, 113 F.3d 1040, 1045 (9th Cir.1997), holding that an attorney's failure to obey the disclosure and reporting requirements of the Bankruptcy Code and Rules also gives the bankruptcy court discretion to order disgorgement of attorney's fees. This includes the authority to deny any and all compensation when an attorney fails to meet the requirements of these provisions. See, e.g., *In re Downs*, 103 F.3d 472, 479 (6th Cir.1996) ("[T]he bankruptcy court should deny all compensation to an attorney who exhibits a willful disregard of his fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement under § 329 and Rule 2016. The authority to do so is inherent, and in the face of such infractions should be wielded forcefully."); *Matter of Prudhomme*, 43 F.3d 1000, 1003 (5th Cir. 1995) ("Additionally, the court's broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to order disgorgement as a sanction to debtors' counsel for nondisclosure."); *In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569, 575 (Bankr.N.D.Tex.1986*)* ("Indeed, a failure of counsel to obey the mandate of § 329 and Rule 2016 concerning disclosure, and by implication review by the Court, is a basis for entry of an order denying compensation and requiring the return of sums already paid.").

The United States Trustee reserves the right to amend this objection to include any issues raised by any information subsequently provided to the United States Trustee.

For all of the foregoing reasons, the United States Trustee objects to and asks the Court to deny the Fee Application. The United States Trustee requests a hearing on this objection.

Dated: February 22, 2019

        Respectfully submitted,

        GREGORY M. GARVIN
        Acting United States Trustee

        */s/ James D. Perkins*
        JAMES D. PERKINS
        Attorney for the United States Trustee