Pamela M. Egan, WSBA No. 54736[1]
Paul H. Beattie, WSBA No. 30277
CKR Law LLP
506 2nd Avenue, Suite 1400
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pegan@ckrlaw.com

*Attorneys for Mark D. Waldron, in his capacity
as the duly-appointed Chapter 11 Trustee herein*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S (I) JOINDER IN UNITED STATES TRUSTEE'S OBJECTION TO FEE APPLICATION AND (II) OBJECTION TO APPLICATION FOR AWARD OF COMPENSATION** |

Mark Waldron, the duly appointed Chapter 11 trustee (the "**Chapter 11 Trustee**") in the bankruptcy case of the above-captioned debtor (the "**Debtor**"), hereby respectfully (i) joins in the *United States Trustee's Objection to Fee Application* (the "**USTO Objection**"), filed by the U.S. Trustee's Office on February 22, 2019 [Docket No. 204], and (ii) objects (the "**Chapter 11 Trustee**

---

[1] Ms. Egan was recently admitted to the Washington State Bar. She will shortly apply for admission to the U.S. District Court for the E.D. Washington. She is admitted in this case *pro hac vice*.

Chapter 11 Trustee's (i) Joinder in
United States Trustee's Objection, etc. - Page 1

**Objection**") to the *Application for Award of Compensation for Services Rendered and Reimbursement of Expenses Pursuant to 11 USC 330, and for Approval of the Payment of Bank Fees* (the "**W&C Fee Application**"), filed by Winston & Cashatt ("**W&C**") on February 7, 2019 [Docket No. 159].

This Objection is supported by the Declaration of Pamela M. Egan ("**Egan Declaration**"), filed herewith, and the facts and argument respectfully submitted as follows.

## I. INTRODUCTION

The United States Trustee's Office (the "**USTO**") has objected to the W&C Fee Application on the ground that W&C failed to disclose receipt of a $50,000 deposit (the "**Retainer**") with respect to this case. W&C counters that the Retainer was not paid by the Debtor. Therefore, disclosure was not required. *See* USTO Objection, p. 2, ¶ b). The Chapter 11 Trustee agrees with the USTO Objection in its entirety. W&C was obligated to disclose receipt of the Retainer. The failure to disclose warrants disallowance of W&C's fees.

The Chapter 11 Trustee objects to the W&C Fee Application on two additional grounds. First, the circumstances of the Retainer show badges of fraud that suggest a fraudulent transfer. To the extent any fees are awarded to W&C, W&C should not be allowed to pay itself from the Retainer until it is determined whether the Retainer should be returned to the estate. Second, W&C is asking this estate to pay for services that the Chapter 11 Trustee has to duplicate in order to uncover accurate financial information concerning the Debtor.

Accordingly, the W&C Fee Application should be denied.

## II. RELEVANT BACKGROUND

The Debtor commenced the above-captioned case on November 19, 2018 (the "**Petition Date**") by filing a voluntary petition (the "**Petition**") for relief pursuant to sections 101 *et seq.* of the United States Code (the "**Bankruptcy Code**"). Andrey Kuzenny ("**Kuzenny**"), the Debtor's Secretary and Chief Operating Officer, signed the Petition. *See* Petition, Docket No. 1.

In the W&C Fee Application, W&C requests approval of $44,494.00 in fees and expenses. According to the W&C Fee Application, W&C withdrew $16,802 from the Retainer before the Petition Date. The sum of $33,198 remains in W&C's trust account.

Under Kuzenny's management, the Debtor was a defendant in five pending lawsuits, including one fraud suit, as of the Petition Date.[2] Amended Statement of Financial Affairs., ¶ 7, filed on January 23, 2019 [Docket No. 142]. Post-petition, an estimated $200,000, perhaps more, in post-petition revenues remains unaccounted for. Kuzenny has refused to provide an accounting regarding the missing post-petition revenues or any revenues of the Debtor. He has also excluded the Chapter 11 Trustee from access to the Debtor's computerized financial records.

The Meeting of Creditors was held over three sessions. Kuzenny did not appear at the first Meeting of Creditors, despite his obligation to do so. At the

---

[2] *Sofair v. Giga Watt Inc et al*, U.S. District Court, E.D. Washington, Case No. 18-00308-SMJ. The Chapter 11 Trustee hereby requests that the Court take judicial notice of this lawsuit pursuant to Fed. R. Evid. 201, applicable herein by Fed. R. Bankr. P. 9017.

Chapter 11 Trustee's (i) Joinder in
United States Trustee's Objection, etc. - Page 3

continued Meeting of Creditors, Kuzenny testified that the Debtor's accountant, Heather Mulhall, had financial information regarding the Debtor's revenues. However, the accountant testified that she did not have such information and had never had access to information regarding the Debtor's revenues. Nonetheless, Kuzenny has continued to misrepresent that the Debtor's accountant, Heather Mulhall, possesses relevant information regarding the Debtor's revenues and, in the alternative, that he has provided full information to the Chapter 11 Trustee. Kuzenny failed to appear at the second continued Meeting of Creditors and the Meeting of Creditors was closed.

When the Chapter 11 Trustee demanded Kuzenny's cooperation, he claimed that an additional approximate $57,000 was missing. He added falsely that he had provided the Chapter 11 Trustee with full access to the Debtor's computerized financial records and that, therefore, the Chapter 11 Trustee either took the approximate $57,000 money or is responsible for its loss. After presenting these false allegations, Kuzenny's counsel warned the Chapter 11 Trustee's counsel to "govern yourself accordingly."

The Debtor's Schedules of Assets and Liabilities and the Amended Statement of Financial Affairs are incomplete on their face. [Docket Nos. 40 and 142]. W&C's effort to obtain approval for post-petition credit was unsuccessful. *See Order Denying Debtor in Possession's Motion for Interim and Final Orders Authorizing Debtor to Incur Post-Petition Debt*, entered on the docket on December 26, 2018 [Docket No. 74].

### III. OBJECTION

Numerous indicia of fraud surround the Retainer. The circumstances suggest that Kuzenny is an initial transferee of a fraudulent transfer and that W&C is a mediate transferee. 11 U.S.C. § 550(a)(2) (mediate transferees); 11 U.S.C. § 544. Wash Rev. Code § 19.40.041.

Kuzenny is an insider of the Debtor. He paid the Retainer to W&C while the Debtor was a defendant in five pending lawsuits and was insolvent. Post-petition, an estimated $200,000 or more was transferred from the estate without authority and Kuzenny refuses to account for those funds. Kuzenny flouted his obligation to appear and cooperate at the Meeting of Creditors, and has obfuscated and become obstreperous in response to the Chapter 11 Trustee's requests for cooperation. *See In re NW Territorial Mint, LLC*, 591 B.R. 852, 872 (Bankr. W.D. Wash. 2018) (applying the badges of fraud to a fraudulent transfer); Wash. Rev. Code § 19.40.041(b) (listing badges of fraud).

Courts are split on whether property fraudulently transferred is property of the estate, and thus subject to turnover, or not property of the estate until it is recovered as an avoidable transfer. *See* 11 U.S.C. §§ 542 and 548; *In re Huber*, 2013 WL 6184986, at *3 (Bankr. W.D. Wash. Nov. 25, 2013) (discussing this split and adopting the majority view that fraudulently transferred property is not property of the estate until it is recovered by the trustee).

Whether the Retainer is subject to turnover or avoidance, the Chapter 11 Trustee should not be required to expend limited resources on the issue. As an officer of this Court, W&C is obligated to cooperate with the Chapter 11 Trustee

Chapter 11 Trustee's (i) Joinder in
United States Trustee's Objection, etc. - Page 5

to determine (i) the Retainer's origin and (ii) whether W&C must transfer the Retainer to the estate. Instead, W&C should refrain from paying itself any awarded fees from the Retainer pending further Order of the Court.

Finally, the incompleteness of the Schedules of Assets and Liabilities and the amended Statement of Financial Affairs coupled with the lack of success in obtaining post-petition credit directly affects the reasonableness of the requested fees. The Chapter 11 Trustee urges the Court to view the W&C Fee Application in light of these facts.

## IV. CONCLUSION

WHEREFORE, the Chapter 11 Trustee prays for entry of an Order:

1. Denying the W&C Fee Application;
2. Sustaining the USTO Objection;
3. Sustaining the Chapter 11 Trustee's Objection;
4. Prohibiting W&C from applying any portion of the Retainer to the any fees that may be awarded to W&C until further Order of the Court; and

[*The Chapter 11 Trustee Objection continues on the next page.*]

5. Granting such other and further relief as the Court deems appropriate and just.

Dated: March 4, 2019          CKR LAW LLP

*Pamela M. Egan*
_____
Pamela M. Egan
Paul H. Beattie
506 2nd Avenue, Suite 1400
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pbeattie@ckrlaw.com

*Attorneys for Mark D. Waldron, in his capacity as the duly-appointed Chapter 11 Trustee herein*

Chapter 11 Trustee's (i) Joinder in
United States Trustee's Objection, etc. - Page 7