Pamela M. Egan, WSBA No. 54736[1]
Paul H. Beattie, WSBA No. 30277
CKR Law LLP
506 2nd Avenue, Suite 1400
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pegan@ckrlaw.com

*Attorneys for Mark D. Waldron, in his capacity
as the duly-appointed Chapter 11 Trustee herein*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 11<br><br>**DECLARATION OF PAMELA M. EGAN IN SUPPORT OF CHAPTER 11 TRUSTEE'S (I) JOINDER IN UNITED STATES TRUSTEE'S OBJECTION TO FEE APPLICATION AND (II) OBJECTION TO APPLICATION FOR AWARD OF COMPENSATION** |

I, Pamela M. Egan, hereby declare as follows:

1. I am a partner in the law firm of CKR Law LLP, which serves as general bankruptcy counsel to Mark Waldron, in his capacity as the duly-

---

[1] Ms. Egan was recently admitted to the Washington State Bar. She will shortly apply for admission to the U.S. District Court for the E.D. Washington. She is admitted in this case *pro hac vice*.

Declaration of Pamela M. Egan in Support
of Chapter 11 Trustee's (i) Joinder, etc. - Page 1

appointed Chapter 11 trustee (the "**Chapter 11 Trustee**") in the above-captioned bankruptcy case.

2. I submit this Declaration in support of the Chapter 11 Trustee's (i) Joinder in United States Trustee's Objection to Fee Application and (ii) Objection to Application for Award of Compensation (the "**Chapter 11 Trustee Objection**"), filed herewith. Unless otherwise defined herein, capitalized terms used in this Declaration have the meanings ascribed to them in the Chapter 11 Trustee Objection.

3. I base this Declaration on facts personally known to me.

4. Post-petition, an estimated $200,000, perhaps more, in post-petition revenues remains unaccounted for. Kuzenny has refused to provide an accounting regarding the missing post-petition revenues or any revenues of the Debtor. He has also excluded the Chapter 11 Trustee from access to the Debtor's computerized financial records.

5. The Meeting of Creditors was held over three sessions. Kuzenny did not appear at the first Meeting of Creditors. At the continued Meeting of Creditors, Kuzenny testified that the Debtor's accountant, Heather Mulhall, had financial information regarding the Debtor's revenues. However, the accountant testified that she did not have such information and had never had access to information regarding the Debtor's revenues. Nonetheless, Kuzenny has continued to misrepresent to me, though his counsel, that the Debtor's accountant, Heather Mulhall, possesses relevant information regarding the Debtor's revenues and, in the alternative, that he has provided full information to the Chapter 11 Trustee.

Kuzenny failed to appear at the second continued Meeting of Creditors and the Meeting of Creditors was closed.[2]

6. When the Chapter 11 Trustee demanded Kuzenny's cooperation, he claimed that an additional approximate $57,000 was missing. He added falsely that he had provided the Chapter 11 Trustee with full access to the Debtor's computerized financial records and that, therefore, the Chapter 11 Trustee either took the approximate $57,000 money or is responsible for its loss. After presenting these false allegations, Kuzenny's counsel warned, "govern yourself accordingly."

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of March 2019 in Seattle, Washington.

*Pamela M. Egan*
Pamela M. Egan

---

[2] Mr. Kuzenny also failed to appear at the first Meeting of Creditors.

Declaration of Pamela M. Egan in Support
of Chapter 11 Trustee's (i) Joinder, etc. - Page 3