Pamela M. Egan, WSBA No. 54736[1]
Paul H. Beattie, WSBA No. 30277
CKR Law LLP
506 2nd Avenue, Suite 1400
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pegan@ckrlaw.com

*Attorneys for Mark D. Waldron, in his capacity as the duly-appointed Chapter 11 Trustee herein*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| | Chapter 11 |
| Debtor. | **SECOND NOTICE OF CASE COMMENCEMENT AND NOTICE OF FIRST EXTENDED BAR DATE** |

**TO: CREDITORS AND OTHER PARTIES IN INTEREST**

**PLEASE TAKE NOTICE** that on March 4, 2019 this Court entered an Order Granting Motion of the Chapter 11 Trustee for Order (i) Extending Deadline to File Proofs of Claim, (ii) Approving Procedure Relating to Notice to Token Holders and Miner Owners, (iii) Approving the Form of Second Notice of

---

[1] Ms. Egan was recently admitted to the Washington State Bar. She will shortly apply for admission to the U.S. District Court for the E.D. Washington. She is admitted in this case *pro hac vice*.

Second Notice of Case Commencement and
Notice of First Extended Bar Date - Page 1

Case Commencement and Notice of First Extended Bar Date, and (iv) Granting Expedited Consideration [Docket No. 219] (the "Order").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the Court has set an extended deadline for creditors other than governmental units to file proofs of claim in the above-captioned case, which such deadline is **April 19, 2019** (the "First Extended Bar Date"). The First Extended Bar Date and the procedures set forth below apply to all claims against the Debtor that arose on or before November 19, 2018 (the "Petition Date") except for those holders of the claims listed in Section D below, and holder of claims that are governmental units as defined in section 101(27) of title 11 of the United States Code.

**PLEASE TAKE FURTHER NOTICE** that claims of governmental units must be filed by 180 days after the Petition Date (May 20, 2019), as set forth in the Court's previous Notice of Chapter 11 Bankruptcy Case dated November 19, 2018 [Doc. No. 4].

### A. Who Must File a Proof of Claim

If you have a claim against Giga Watt, Inc. (the "Debtor") that arose on or before November 19, 2018 (the "Petition Date"), and it is not one of the types of claims described in section D below, you must file a proof of claim to vote on a chapter 11 plan or to share in distributions from the Debtor's bankruptcy estate.

Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or prior to the First Extended Bar Date, even if such claims are not now fixed, liquidated, or certain, or were not mature, fixed, liquidated, or certain before the Petition Date.

Second Notice of Case Commencement and
Notice of First Extended Bar Date - Page 2

**B. What to File**

A proof of claim form may be obtained at https://www.waeb.uscourts.gov/electronic-proof-claim-epoc, or any bankruptcy clerk's office. Each proof of claim must conform substantially to this form and must be signed by the claimant or an authorized agent of the claimant. Each proof of claim must be written in English and denominated in United States currency. You should attach to the proof of claim form any documents on which the claim is based or an explanation as to why the documents are not available.

**C. When and Where to File**

Except as provided herein, all proofs of claim must be filed on or before **April 19, 2019**, either by filing it online through the Electronic Proof of Claim portal on the website for the United States Bankruptcy Court for the Eastern District of Washington, at https://www.waeb.uscourts.gov/electronic-proof-claim-epoc, or, if you are unable to complete and submit the form electronically, by mailing the proof of claim to be actually received on or before **April 19, 2019** at the Clerk's Office at the following address:

```
UNITED STATES BANKRUPTCY COURT
ATTN:  CLERK OF THE COURT
PO BOX 2164
SPOKANE, WA 99201
```

Proofs of claim will be timely filed only if actually received electronically or at the Clerk's Office at or before 4:30 PM (Pacific Time) on the First Extended Bar Date. Proofs of claim may be not delivered by facsimile or electronic mail, or otherwise except as provided herein.

### D. Who Need Not File a Proof of Claim

The following persons or entities are not required to file a proof of claim by the First Extended Bar Date:

(a) Any person or entity whose claim is listed on the Debtor's Schedules of Assets and Liabilities (the "Schedules"), *so long as* (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated," and (ii) the person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

(b) Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the First Extended Bar Date, if any exist; and

(c) Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of title 11 of the United Code (the "Bankruptcy Code") as an administrative expense (other than any unpaid administrative expense claim allowable under section 503(b)(9) of the Bankruptcy Code).

If you have a claim that arises from the rejection of an executory contract or unexpired lease, you must file a proof of claim based on such rejection by the later of (a) the First Extended Bar Date, or (b) 30 days after notice of the entry of an order authorizing rejection to which the claim relates.

### E. Consequences of Failure to File a Proof of Claim by the Bar Date

Any holder of a claim that is not excepted from the requirements set forth herein, but that fails to timely file a proof of claim, shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a

proof of claim with respect thereto), and the Debtor and its estate and property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan filed in this case, or participate in any distribution on account of such claim, or to receive further notices regarding such claim, unless the Court orders otherwise in accordance with the applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure and/or other legal authority.

### F. Service Upon Token Holders and Miner Owners

If you are a Token Holder, i.e, you hold WTT Tokens issued by the Debtor, or if you are a Miner Owner, i.e., you own a miner that is located at one of Giga Watt's facilities, then the Chapter 11 Trustee will serve you by email at the address shown on the Debtor's limited records that were made available to the Chapter 11 Trustee.

Any party wishing to serve Token Holders and Miner Owners with a document filed in this case shall within one (1) business day of filing such document send an email to the Chapter 11 Trustee's counsel, pegan@ckrlaw.com, with every document attached to the email in pdf format and ready to be emailed to the Token Holders and Miner Owners List.

On or before the First Extended Bar Date, Token Holders and Miner Owners must designate the address for service in a timely filed Proof of Claim or file a Notice of Appearance and Request for Notice with the above-captioned Court that (a) provides a street address for service or (b) publicly discloses an email address to which all parties may serve the Token Holder or Miner Owner.

Second Notice of Case Commencement and
Notice of First Extended Bar Date - Page 5

If no proof of claim or notice of appearance and request for notice is filed before the First Extended Bar Date, then no further notice to the Token Holder or Miner Owner shall be provided.

Dated: March 5, 2019  CKR LAW LLP

*Pamela M. Egan*
_____
Pamela M. Egan
Paul H. Beattie
506 2nd Avenue, Suite 1400
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pbeattie@ckrlaw.com

Attorneys for Mark D. Waldron, in his capacity as the duly-appointed Chapter 11 Trustee

Second Notice of Case Commencement and
Notice of First Extended Bar Date - Page 6