Pamela M. Egan, WSBA No. 54736[1]
Paul H. Beattie, WSBA No. 30277
CKR Law LLP
506 2nd Avenue, Suite 1400
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pegan@ckrlaw.com

*Attorneys for Mark D. Waldron, in his capacity
as the duly-appointed Chapter 11 Trustee herein*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 11<br><br>**STIPULATION BETWEEN THE CHAPTER 11 TRUSTEE AND THE PORT OF DOUGLAS COUNTY REGARDING THE LEASE, THE APPLICATION OF THE SURETY DEPOSIT TO THE CLAIMS OF THE PORT OF DOUGLAS COUNTY, AND THE MODIFICATION OF THE AUTOMATIC STAY** |

This *Stipulation Between the Chapter 11 Trustee and the Port of Douglas County Regarding the Lease, the Application of the Surety Deposit to the Claims of the Port of Douglas County, and the Modification of the Automatic Stay* (the

---

[1] Ms. Egan was recently admitted to the Washington State Bar. She will shortly apply for admission to the U.S. District Court for the E.D. Washington. She is admitted in this case *pro hac vice*.

STIPULATION BET. CH. 11 TRUSTEE AND
PORT OF DOUGLAS COUNTY RE LEASE, ETC. - Page 1

"Stipulation") is entered into by and between the Port of Douglas County (the "Port"), on the one hand, and Mark D. Waldron, in his official capacity as the Chapter 11 Trustee in the above-captioned bankruptcy case (the "Chapter 11 Trustee"), on the other hand.

IT HEREBY STIPULATED AND AGREED that the Chapter 11 Trustee's time to assume or reject that certain *Lease for Portion of Pangborn Airport Business Park East Wenatchee, Washington*, dated March 9, 2017, and *Addendum to Lease Agreement*, dated August 15, 2017, (collectively, the "Lease") entered into by and among the Port and Giga Watt, Inc. (the "Debtor"), is hereby extended for ninety days to June 17, 2019 (the "90-Day Extension Period"); ***provided that*** the Lease shall be deemed rejected as of March 19, 2019 without the need for further notice or Order if, within thirty days of the date of this Stipulation, the Court has not entered an Order that both (1) approves this Stipulation and (2) modifies the automatic stay set forth in section 362 of title 11 of the United States Code to permit the Port to exercise its rights under the Stipulation (the "Approval Order").

IT IS FURTHER STIPULATED AND AGREED that the Port hereby grants to the Chapter 11 Trustee the right to defer $4,000.00 in monthly rent (the "Rent Deferral") from the current monthly rent of $9,722.97 during the 90-Day Extension Period, effective as of the date that the Court enters the Approval Order.

IT IS FURTHER STIPULATED AND AGREED that if the Chapter 11 Trustee has not removed the personal property on Lots 8 & 9 by March 31, 2019, then the Port will have the express right to do so. The Chapter 11 Trustee shall not wait until entry of the Approval Order before removing the personal property on Lots 8 & 9.

IT IS FURTHER STIPULATED AND AGREED that the Port shall be allowed to apply the $350,000 surety deposit that the Port is currently holding with respect to the Lease (the "Surety Deposit") to the following expenses:

1. To pay the cost of Port administrative expenses incurred up to March 19, 2019 in the above-captioned bankruptcy case, including, but not limited to, rent at the current rental rate under the Lease, attorneys fees, fencing costs, and any payments made by the Port to maintain the premises that are the subject of the Lease;

2. To pay the cost of filling the hole that the Debtor dug and left on land that is adjacent to the Premises and that the Port administers;

3. To pay the cost of removing the personal property located on Lots 8 & 9 of the property that the Port administers if the Chapter 11 Trustee has failed to do so on or before March 31, 2019;

4. To pay the cost of all administrative expenses as they are incurred by the Port during the 90-Day Extension Period and to the date of the closing of a transaction pursuant to which the Lease is assumed and assigned, in the event that the 90-Day Extension Period is extended;

STIPULATION BET. CH. 11 TRUSTEE AND
PORT OF DOUGLAS COUNTY RE LEASE, ETC. - Page 3

5. At the end of the 90-day Extension Period, to reimburse the Port for the Rent Deferral amount;

6. In the event of an extension of the 90-Day Extension Period and if the Lease is not assumed and assigned before July 31, 2019, then the Port may treat the payment due under CERB loan S17-790A0-133 on July 31, 2019 in the amount of $17,830.36 (the "July CERB Payment") as Deferred Rent and may pay the July CERB Payment out of the Surety Deposit; provided that, if the Surety Deposit is depleted by July 31, 2019, then the July CERB Payment shall be included as a closing cost or a cure cost payable to the Port in the event the 90-Day Extension Period is extended and the Chapter 11 Trustee assumes and assigns the Lease pursuant to section 365 of the Bankruptcy Code; and

7. The Port may apply the Surety Deposit to the payment of administrative expenses, excluding Rent Deferral, as they are incurred.

IT IS FURTHER STIPULATED AND AGREED that the automatic stay provided by section 362 of title 11 of the United States Code is hereby modified to allow the Port to exercise its rights under this Stipulation commencing on the date that the Approval Order is entered on the docket of the Court.

IT IS FURTHER STIPULATED AND AGREED that nothing contained in this Stipulation shall limit the Port's right to assert any and all claims it may have against the Debtor's estate at the conclusion of the 90-Day Extension Period.

IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed in counterparts and that a facsimile or electronic signature shall have the same binding effect on all parties hereto as an original signature.

IT IS FURTHER STIPULATED AND AGREED that this stipulation, together with the Lease, constitute the sole and entire agreement of the Parties with respect to the subject matter of this Stipulation, and supersedes all prior and contemporaneous understandings, agreements, representations, and warranties, both written and oral, with respect to the subject matter.

March 19, 2019

**PORT OF DOUGLAS COUNTY**

By: *Lisa Parks*
Printed Name:
Its: Executive Director

March 19, 2019

**ESTATE OF GIGA WATT INC.**

By: *[signature]*
Mark D. Waldron, in his capacity as the Chapter 11 Trustee in the bankruptcy case of Giga Watt, Inc., and not in any personal capacity.