Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
Paul H. Beattie, WSBA No. 30277
CKR Law LLP
506 2nd Avenue, 14th Floor
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pbeattie@ckrlaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 11<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S MOTIONS FOR ORDERS (I) APPROVING STIPULATION PURSUANT TO LBR 9013-1(c)(3) AND (II) GRANTING EXPEDITED CONSIDERATION THEREOF** |

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee, hereby moves (the "Motion") the Court pursuant to LBR 9013-1(c)(3), LBR 4001-1 for (i) an Order approving that certain *Stipulation Between the Chapter 11 Trustee and the Port of Douglas County Regarding the Lease, the Application of the Surety Deposit to the Claims of the Port of Douglas County, and the Modification of the Automatic Stay* (the "Stipulation"), a copy of which is attached hereto as **Exhibit A**, and (ii) an Order granting expedited consideration of this Motion. A

proposed form of Order is attached hereto as **Exhibit B**. The Chapter 11 Trustee is also separately filing concurrently herewith:

1. Notice of Chapter 11 Trustee's Motions for Orders (i) Approving the Stipulation Pursuant to LBR 9013-1(c)(3) and (ii) Granting Expedited Consideration Thereof;
2. The Stipulation, as required by LBR 9013-1(c)(3)(A);
3. Notice of Stipulation to Modify Automatic Stay as required by LBR 4001-1(d); and
4. Declaration of Mark D. Waldron in support of this Motion.

## I. INTRODUCTION

By this Motion, the Chapter 11 Trustee requests that the Court enable him to preserve what is potentially a valuable asset of the estate, referred to herein as the "Pangborn Site." The Port of Douglas County (the "Port") administers the land underlying the Pangborn Site and is the Debtor's landlord at the Pangborn Site.

The Pangborn Site is only partially developed. However, it is potentially valuable to the estate because of a power agreement between the Debtor and the Douglas County Public Utility District No. 1 pursuant to which the Douglas County Public Utility District No. 1 agreed to provide up to 30 megawatts of power to the Pangborn Site at energy prices that are considered among the most competitive in the world. In the Chapter 11 Trustee's judgment, it is in the estate's best interests to try to capture that value for the benefit of the estate. The Stipulation is an essential part of achieving that goal.

The Stipulation includes the following main components: (1) stipulated relief from stay to allow the Port to apply a $350,000 surety deposit (the "Surety Deposit") to the Port's claims -- both past due and current, as discussed more fully below, (2) an extension of ninety (90) days for the Chapter 11 Trustee to assume or reject the Pangborn Lease, from March 19, 2019 to June 17, 2019 (the "90-Day Extension Period"), subject to further extension upon the Port's agreement, (3) deferral of $4,000 of the monthly rent due under the Pangborn Lease during the 90-Day Extension Period, but which is due at the end of the 90-Day Extension Period, and (4) a commitment by the Chapter 11 Trustee to remove by March 31, 2019, personal property that the Debtor left on land adjacent to the Pangborn Site that is administered by the Port. The Stipulation is without prejudice to the Port's right to assert further claims against the estate. The Stipulation is contingent on entry of an Order approving the Stipulation and modifying the stay by April 18, 2019.

This Stipulation allows the estate to become current on what may be its most important lease. Payment of these expenses will make it easier for the Chapter 11 Trustee to assume and assign the Pangborn Lease by reducing any cure amounts.

## II. POINTS AND AUTHORITIES

Pre-petition, the Debtor and the Port entered into that certain *Lease for Portion of Pangborn Airport Business Park East Wenatchee, Washington*, dated March 9, 2017 (the "Lease"). Pursuant to section 6 of the Lease, the Debtor delivered the Surety Deposit to the Port. The Port initially required the Debtor to

submit a bond in the amount of $300,000 to secure the Port's rights under the Lease. When the Debtor was unable to obtain a bond, the Port accepted $300,000 cash surety in lieu of the bond.

Subsequently, the Port obtained a grant/loan package from the Community Economic Revitalization Board ("CERB") to fund the construction of improvements to the Pangborn Site. The loan portion of the CERB grant/loan package was in the principal amount of $291,552 and is payable over 20 years with two (2%) interest. The Port and the Debtor then entered into that certain *Addendum to Lease Agreement*, dated August 15, 2017,[1] (the "Addendum" and, together with the Lease, the "Pangborn Lease") pursuant to which the rent under the Pangborn Lease was increased to $9,722.97 per month to defray the payments due to the CERB. After the rent was increased, , the amount of the cash surety was increased to $350,000. The term of the Pangborn Lease is 30 years. A copy of the Pangborn Lease is attached hereto as **Exhibit C**.

Pre-petition, the Debtor dug a large hole on land that the Port administers and that is adjacent to the Pangborn Site. The Port has asserted, not unreasonably, that it cannot lease that adjacent land until the hole is filled. The estimated cost of filling the hole is $147,224, as set forth in the chart attached ("Claim Itemization") hereto as **Exhibit D**.

On November 1, 2018, the Port filed a Verified Complaint for Unlawful Detainer against the Debtor in the Superior Court of Washington for Douglas

---

[1] The Addendum states in the preamble that it is dated August 9, 2017. The Port and Giga Watt signed it on August 15, 2017.

Chapter 11 Trustee's Motions
for Orders (i) Approving Stipulation, etc. - Page 4

County (the "Unlawful Detainer Action"), alleging that the Debtor was in breach of the Pangborn Lease. On the eve of the hearing in the Unlawful Detainer Action, November 19, 2018 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief pursuant to sections 101 *et seq.* of the United States Code. Commencement of this case automatically stayed the Unlawful Detainer Action.

On January 18, 2019, the Court ordered the appointment of a Chapter 11 Trustee pursuant to its *Order Granting Committee's Motion to Appoint Chapter 11 Trustee* (Docket No. 121). On January 23, 2019, the Court approved the appointment of Mark D. Waldron as the Chapter 11 Trustee pursuant to its *Order Approving Appointment of Chapter 11 Trustee* (Docket. No. 146).

On February 15, 2019, the Port submitted a proof of claim, assigned claim number 65-1, asserting the right to payment in the amount of $662,994.09 on a general unsecured basis for pre-petition rent and two liens that were recorded in the property records of Douglas County with respect to the Pangborn Site by two contractors who have claimed to have performed work for the Debtor on the Pangborn Site. The Stipulation does not resolve the asserted liens or the proof of claim. However, payment to the Port pursuant to the Stipulation will reduce the Port's claims against the estate.

### A. The Court Should Allow the Port to Apply the Surety Deposit Pursuant to the Stipulation

Since the Petition Date, administrative rent and other costs associated with the Pangborn Lease have accrued against the estate, as set forth in the Claim

Itemization attached hereto as **Exhibit D**. Significant among these costs is: (1) amounts accrued through February 1, 2019, which total $108,449.01, and the (2) the cost of filling the hole in the estimated amount of $147,224 for a total of $255,673.01, leaving a balance of $94,327 in the Surety Deposit, which can be used to pay rent and other administrative claims of the Port related to the Pangborn Lease.

The Stipulation will reduce the Estate's administrative liabilities, provide critical additional time to assume or reject the Pangborn Lease, and allow the land adjacent to the Pangborn Site to be repaired (i.e., the hole filled) and cleaned up (i.e., personal property removed) so that the Port may lease that adjacent land. Reducing administrative liabilities is critical to stabilizing the Debtor's operations and capturing its going concern value. Further, the Port was entitled and obligated to demand the Surety Deposit as security in the event of the Debtor's breach of the Pangborn Lease. *See* RCW 53.08.085 ("Every lease of . . .real . . . property of a port district for a term of more than one year shall have the rent secured by rental insurance, bond, **or other security satisfactory to the port commission**. . . .). (Emphasis added.)

Accordingly, the Chapter 11 Trustee respectfully requests that the Court enter an Order approving the Stipulation.

### III. NOTICE IS SUFFICIENT

LBR 9013-1(c)(3) requires a party seeking entry of an Order upon stipulation to "[s]atisfy notice and hearing requirements as to any provision in the stipulation." *Id.* The Stipulation contains two components that require notice.

First, the Stipulation allows the Port's claims against the estate in the amounts set forth in **Exhibit D**. *Cf.* 11 U.S.C. § 503(b) (administrative claims may be allowed after notice and hearing).

Second, LBR 4001-1(d) requires fourteen (14) days' notice of a stipulation for relief from stay before the stipulation may become effective. Pursuant to LBR 4001(a)(1), which LBR 4001-1(d) incorporates, notice must be served on the US Trustee's Office, counsel for the Committee and any party who might claim an interest in the Surety Deposit. The Chapter 11 Trustee is aware of no party other than the Port that asserts an interest in the Surety Deposit. *See also* LBR 2002-1(b)(1)(B) (incorporated by LBR 4001-1(d) and LBR 4001-1 (a)(1)(A), providing for notice to all those with a potential good faith objection to the proposed order or action). *See also* 11 U.S.C. § 102(1) (authorizing an act without an actual hearing if such notice is given properly and if a hearing is not requested timely by a party in interest).

The Chapter 11 Trustee is serving this Motion, notice of this Motion, the Stipulation and the Notice of Stipulated Relief From Stay upon the U.S. Trustee's Office, counsel for the Committee, registered participants in the CM/ECF system in the case (including the two creditors who have asserted liens with respect to the Pangborn Site), and the Token Holders and Miner Owners List. Based on the foregoing, the Chapter 11 Trustee submits that service on the Master Mailing List is not required and that the notice described herein is proper and sufficient.

## IV. EXPEDITED CONSIDERATION IS NECESSARY

The Port has required as an essential term of the Stipulation that the Court approve the Stipulation on or before April 18, 2019. Given the potential value of the Pangborn Site to the estate, as set forth above, and the Port's deadline for Court approval, expedited consideration as set forth herein is necessary. Accordingly, the Chapter 11 Trustee respectfully requests that the time to object to these Motions be reduced to fourteen (14) days from the date of service.

Rule 9007 of the Federal Rules of Bankruptcy Procedure empowers the Court to regulate "the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007. *See also* LBR 2002-1(c)(2) (permitting reduced objection period). The Notice of Motion filed herewith clearly explains the necessity for a reduction of time within which to object to this Motion. It also provides a fourteen-day period for any party to object after which time this Motion may be granted. Therefore, expedited consideration should be allowed.

## V. CONCLUSION

WHEREFORE, the Chapter 11 Trustee respectfully requests entry of an Order:

1. Approving the Stipulation*;*
2. Providing that the stay will be deemed modified pursuant to the terms set forth in the Stipulation effective fourteen days after the Notice of Stipulation to Modify Automatic Stay is filed and served pursuant to the terms set forth herein;

Chapter 11 Trustee's Motions
for Orders (i) Approving Stipulation, etc. - Page 8

3. Finding that Notice of this Motion as proposed herein is proper and sufficient and approving the reduced period of time to object to the Motion, as requested herein; and

4. Granting such other and further relief as the Court deems necessary and just.

Dated: March 29, 2019

CKR LAW LLP

By:    */s/ Paul H. Beattie*
Paul H. Beattie (WSBA No. 30277)
506 2nd Avenue, 14th Floor
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pbeattie@ckrlaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

Chapter 11 Trustee's Motions
for Orders (i) Approving Stipulation, etc. - Page 9