Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
Paul H. Beattie, WSBA No. 30277
CKR LAW LLP
506 2nd Avenue, 14th Floor
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pbeattie@ckrlaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING MOSES LAKE TWO-WAY AGREEMENT** |

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "Trustee"), hereby moves (the "Motion") the Court pursuant to 11 U.S.C. §§ 363 and 364 and Fed. R Bankr. Proc. 4001 for an Order, as proposed in **Exhibit A** attached hereto, approving that certain *Agreement to Settle Relief from Stay Motion, Obtain Super Priority Unsecured Credit and Re-Enter the Premises* (the "Moses Lake Two-Way Agreement") between the estate of the above-captioned Debtor in this case (the "Estate"), on the one hand, and Giga Plex LLC and MLDC1 LLC (collectively, the "Moses Lake Landlords"), on the other hand. A copy of the Moses Lake Two-Way Agreement is attached hereto as **Exhibit B**. A

Chapter 11 Trustee's Motion
for Order Approving Agreement, etc. - Page 1

list of the four leases with the Moses Lake Landlords is attached hereto as **Exhibit C.**

The Motion is also based upon the authorities and arguments set forth in the Memorandum of Points and Authorities and upon the statements made in the Declaration of Mark D. Waldron, filed herewith.

| MATERIAL PROVISIONS OF PROPOSED AGREEMENT | Agr. § | Ord. ¶ |
|---|---|---|
| The Trustee may re-enter and operate the Debtor's business at Parcel C and the Data Center of the Moses Lake facility. | § 2.4 | ¶ 3(a) |
| The Trustee will pay to the Moses Lake Landlords on a current basis, all electricity bills generated by Parcel C and the Data Center | § 3.1 | ¶ 3(b) |
| The Trustee will repay to the Moses Lake Landlord the principal sum of $169,500.19) (the "Catch-Up Power Payment") at the rate of 19.9% annual interest | §1.8 § 2.1 § 2.3 | ¶ 3(c) |
| The Trustee will repay to the Moses Lake Landlord a bond payment required by the Grant County PUD up to the sum of $25,000 (the "Bond Payment"), without interest. | § 2.2 | ¶ 3(d) |

Chapter 11 Trustee's Motion
for Order Approving Agreement, etc. - Page 2

| MATERIAL PROVISIONS OF PROPOSED AGREEMENT | Agr. § | Ord. ¶ |
|---|---|---|
| After electricity costs are paid and out of the remaining monthly revenues, the Trustee will pay (i) seventy-seven percent (77%) of the monthly net revenues[1] from the Debtor's operations at Moses Lake, up to $299,000, and (ii) eighty-five percent (85%) of monthly net revenues from the Debtor's operations at Moses Lake that exceed $300,000 (the "<u>Moses Lake Revenue Sharing</u>"). | § 3.2 | ¶ 3(e) |
| The Moses Lake Landlords will apply their share of the foregoing revenue-sharing in the following order of priority: (a) current administrative rent for all the Moses Lake parcels, whether opened or not (this amount totals $62,500 per month); (b) the Catch-Up Power Payment; and (c) the Bond Payment. | § 3.4 | ¶ 4 |
| The Trustee's obligation to share revenue ends once the Estate has paid in full the Catch-Up Power Payments, the Bond Payment, and all past due rent that has accrued after the Petition Date has been paid in full. | § 3.3 | ¶ 5 |

---

[1] Net revenues refers to revenues left after current electricity costs are paid.

| MATERIAL PROVISIONS OF PROPOSED AGREEMENT | Agr. § | Ord. ¶ |
|---|---|---|
| The claim of the Moses Lake Landlords to repayment of the Catch-Up Payments shall have priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of title 11 of the United State Code (the "Bankruptcy Code") as provided by section 364(c)(1) of the Bankruptcy Code. | § 4.1 | ¶ 6 |
| Events of Default: (1) late payment of obligations under the Two-Way Agreement after a 5-day cure expires without remedy; (2) dismissal or conversion of the above-captioned bankruptcy case; (3) equal or higher priority claim granted to a creditor other than the Moses Lake Landlords | § 9.1 | ¶ 7 |
| The Moses Lake Landlords agree to extend the deadline in the Bankruptcy Case to assume or reject the Moses Lake Leases for two months to May 19, 2019 and will negotiate in good faith for any further extensions. | § 10.1 | ¶ 9 |
| The Moses Lake Landlords agree to withdraw the motion for relief from stay [Docket No. 76] without prejudice. | § 11.1 | ¶ 8 |
| The Trustee agrees to send monthly revenue and expense reports to the Moses Lake Landlords | § 6.1 | ¶ 3.f |

| MATERIAL PROVISIONS OF PROPOSED AGREEMENT | Agr. § | Ord. ¶ |
|---|---|---|
| Approval by the Bankruptcy Court is a condition precedent to the Trustee's and Estate's obligations under the Moses Lake Two-Way Agreement | § 5.2 | n/a |

WHEREFORE, the Trustee respectfully requests entry of an Order:

1. Granting the Motion;

2. Approving the Moses Lake Two-Way Agreement;

3. Authorizing the Trustee to perform pursuant to the terms of the Moses Lake Two-Way Agreement;

4. Granting to the Moses Lake Landlords a super-priority administrative claim for repayment of the Catch-Up Power Payment Amount and accrued interest, pursuant to section 364(c)(1) of title 11 of the United States Code; and

5. Granting such other and further relief as the Court deems necessary and just.

Dated: April 5, 2019                CKR LAW LLP

                        By:    /s/ Paul H. Beattie
                            Paul H. Beattie (WSBA No. 30277)

                            *Attorneys for Mark D. Waldron, Chapter 11 Trustee*

Chapter 11 Trustee's Motion
for Order Approving Agreement, etc. - Page 5

18-03197-FPC11    Doc 260    Filed 04/05/19    Entered 04/05/19 18:09:47    Pg 5 of 5