# Exhibit B
*Moses Lake Two-Way Agreement*

# AGREEMENT TO SETTLE RELIEF FROM STAY MOTION, OBTAIN SUPER PRIORITY UNSECURED CREDIT AND RE-ENTER THE PREMISES

This Agreement to Settle Relief from Stay Motion, Obtain Super Priority Unsecured Credit and Re-Enter the Premises, dated as of March [__], 2019, is entered into among the Estate of Giga Watt, Inc., represented by the duly-appointed Chapter 11 Trustee on the one hand, and Giga Plex LLC and MLDC 1 LLC, on the other hand. The Estate of Giga Watt, Inc., Giga Plex LLC and MLDC 1 LLC are at times referred to herein collectively as the "**Parties**."

## RECITALS

**WHEREAS**, capitalized terms used in these Recitals shall have the meanings ascribed to them in Section 1 hereof.

**WHEREAS**, the Debtor has leased from the Moses Lake Landlords four parcels pursuant to four leases.

**WHEREAS**, on the Petition Date, the Debtor commenced a voluntary petition for relief pursuant to the Bankruptcy Code.

**WHEREAS**, Mark D. Waldron is the duly-appointed Chapter 11 Trustee for the Estate of Giga Watt, Inc. in the Bankruptcy Case operating in his official capacity as Chapter 11 Trustee and not in any personal capacity.

**WHEREAS**, the Grant County Public Utility District will not provide electricity to the Data Center or the Parcel C Pods without receipt of the Catch-Up Power Payment and the Bond Payment.

**WHEREAS**, the Moses Lake Landlords have asserted various claims and has moved the Bankruptcy Court for relief from the automatic stay pursuant to section 362 of the Bankruptcy Code.

**WHEREAS**, the Trustee has asserted that any security interest of the Moses Lake Landlords in any of the Debtor's assets is avoidable pursuant to sections 544 and 547 of the Bankruptcy Code.

**WHEREAS**, the Parties wish to re-open the facilities governed by the Moses Lake Leases and resolve their differences.

**NOW, THEREFORE**, in consideration of the premises and the agreements, provisions and covenants herein contained, the parties hereto agree as follows:

1

# SECTION 1 DEFINITIONS

**1.1** "**Agreement**" means this Agreement to Settle Relief from Stay Motion, Obtain Super Priority Unsecured Credit and Re-Enter the Premises, dated as of March [__], 2019, between the Moses Lake Landlords and the Trustee on behalf of the Estate of Giga Watt, Inc.

**1.2** "**Bankruptcy Case**" means that bankruptcy proceeding commenced by Giga Watt, Inc., in the Bankruptcy Court on November 19, 2018, seeking an order of relief pursuant to chapter 11 of the Bankruptcy Code, and assigned case number 18-03197.

**1.3** "**Bankruptcy Code**" means sections 101 *et seq.* of title 11 of the United States Code.

**1.4** "**Bankruptcy Court**" means the United States Bankruptcy Court for the Eastern District of Washington.

**1.5** "**Bond Payment**" means the payment of up to $25,000 by the Moses Lake Landlords to a bonding company as required by the Grant County Public Utility District before the Grant County Public Utility District will provide electricity to the Data Center and the Parcel C Pods.

**1.6** "**Bond Payment Amount**" means the actual amount required by the Grant County Public Utility District up to the amount of $25,000.

**1.7** "**Catch-Up Power Payment**" means the payments that the Moses Lake Landlords agree to pay to the Grant County Public Utility in the amount of $169,500.19, subject to the terms and conditions of this Agreement.

**1.8** "**Catch-Up Power Payment Amount**" means the sum of (i) $105,000 paid to the Grant County PUD by the Moses Lake Landlords to obtain electricity service to the Parcel C Pods plus (ii) $64,500.19 paid to the Grant County PUD by the Moses Lake Landlords to obtain electricity service to the Data Center for a total. The Catch-Up Payment Amount totals $169,500.19.

**1.9** "**Chapter 11 Trustee**" means Mark D. Waldron, solely in his capacity as the Chapter 11 Trustee pursuant to an Order of the Bankruptcy Court in the Bankruptcy Case and not in any personal capacity.

**1.10** "**Closing Date**" means three business days after the date upon which an Order approving this Agreement has been entered on the docket of the Bankruptcy Court in the Bankruptcy Case.

**1.11** "**Data Center**" means that certain real property and accompanying improvements that is subject to the MLDC 1 Datacenter Lease.

**1.12** "**Datacenter Lease**" means the Turn-Key Datacenter Lease and License Agreement Between Enterprise Focus, Inc. (as alleged to have been assumed by Giga Watt, Inc.), as tenant, and MLDC 1, LLC, as Landlords, dated June 10, 2015, with respect to a "portion of Parcel D, Carlile Development Major Plat, Lot 1 Industrial Binding Site Plan, Grant County, Washington."

**1.13** "**Debtor**" means Giga Watt, Inc.

**1.14** "**Default Interest Rate**" means the rate at which interest will accrue on the Catch-Up Power Payment Amount after an Event of Default.

**1.15** "**Estate**" means the estate of Giga Watt, Inc. in the Bankruptcy Case pursuant to the Bankruptcy Code.

**1.16** "**Event of Default**" means any of the events specified in Section 9 hereof which constitutes an Event of Default.

**1.17** "**Expansion Pods**" means the portion of Parcel D, Carlile Development Major Plat, Lot 1 Industrial Binding Site Plan, Grant County, Washington that is subject to the MLDC 1 Pods Lease.

**1.18** "**Expansion Pods Lease**" means the Amended and Restated Lease Between Giga Watt, Inc., as tenant, and MLDC 1, LLC, as Landlords, dated October 16, 2018 with respect to the Expansion Pods.

**1.19** "**Grant County PUD**" means the Grant County Public Utility District located in Grant County, Washington.

**1.20** "**Interest Rate**" means NINETEEN AND NINE TENTHS PERCENT (19.9%) simple interest compounded annually.

**1.21** "**Moses Lake Landlords**" means Giga Plex LLC and MLDC 1 LLC, collectively.

**1.22** "**Moses Lake Leases**" means the (i) Data Center Lease, (ii) Parcel C Pods Lease, (iii) Parcel E Pods Lease, and (iv) Expansion Pods Lease.

**1.23** "**Parcel C Pods**" means Parcel C, Carlile Development Major Plat, Lot 1 Industrial Binding Site Plan, Grant County, Washington that is subject to the Parcel C Pods Lease.

**1.24** "**Parcel C Pods Lease**" means the Amended and Restated Lease Between Giga Watt, Inc., as tenant, and Giga Plex, LLC, as Landlords, dated October 15, 2018 with respect to the Parcel C Pods.

**1.25** "**Parcel E Pods**" means Parcel E, Carlile Development Major Plat, Lot 1 Industrial Binding Site Plan, Grant County, Washington that is the subject of the Parcel E Pods Lease.

**1.26** "**Parcel E Pods Lease**" means the Amended and Restated Lease Between Giga Watt, Inc., as tenant, and Giga Plex, LLC, as Landlords, dated October 16, 2018 with respect to the Parcel E Pod.

**1.27** "**Parties**" means the Estate of Giga Watt, Inc., on the one hand, and Giga Plex LLC and MLDC 1 LLC, on the other.

**1.28** "**Trustee**" means the duly-appointed Chapter 11 Trustee, Mark D. Waldron, in the Bankruptcy Case acting on behalf of the Estate in his official capacity as Chapter 11 Trustee and not in any personal capacity.

## SECTION 2 PAYMENTS BY THE MOSES LAKE LANDLORDS AND RE-ENTRY

**2.1** <u>Catch-Up Power Payment</u>. The Moses Lake Landlords shall pay the Catch-Up Power Payment to the Grant County Public Utility District on March 11, 2019.

**2.2** <u>Bond Payment</u>. The Moses Lake Landlords shall make the Bond Payment to the appropriate party in the amount and at the time(s) required by the Grant County Public Utility District as a condition to the resumption of electricity service to the Datacenter and the Parcel C Pods.

**2.3** <u>Interest</u>. Interest shall accrue on the Catch-Up Power Payment at the rate of NINETEEN PERCENT AND NINE TENTHS PERCENT (19.9%) per annum simple. Interest shall begin to accrue on the date that the Grant County PUD turns on the electricity to the Data Center and the Parcel C Pods.

**2.4** <u>Re-Entry</u>. The Chapter 11 Trustee may resume operations at the Parcel C Pods and the Data Center.

## SECTION 3 PAYMENTS BY THE TRUSTEE ON ESTATE'S BEHALF

**3.1** <u>Current Electricity</u>. After the Closing Date, the Trustee shall pay all current electricity bills for the Data Center and the Parcel C Pods on a current basis. The Moses Lake Landlords shall deliver the electricity bills with respect to the Data Center and the Parcel C Pods within FIVE (5) business days of receipt of such bill(s) from the Grant County PUD. The Trustee agrees to pay the current electricity bills for the Data Center and the Parcel C Pods within FIVE (5) business days of receipt of such bill(s) from the Moses Lake Landlords.

**3.2** <u>Percentages</u>. In consideration for the Catch-Up Power Payment, the Bond Payment and the Moses Lake Landlords' permission to re-enter the premises, the Trustee agrees to pay to the Moses Lake Landlords SEVENTY SEVEN PERCENT (77%) of monthly revenues net of the cost of electricity that is generated from the Parcel C Pods and the Data Center up to $299,000. On monthly revenues net of the cost of electricity generated from the Parcel C Pods and the Data Center in the amount of $300,000 or more, the Trustee agrees to pay to the Moses Lake Landlords EIGHTY FIVE PERCENT (85%) of monthly revenues net of the cost of electricity generated from the Parcel C Pods and the Data Center.

**3.3** <u>Paid in Full</u>. Once the Trustee has paid in full the Catch-Up Power Payment, the Bond Payment, and all past due rent that has accrued after the Petition Date, then the Trustee shall no longer be obligated under this Agreement to pay a percentage of any monthly revenue. The Trustee shall remain obligated to meet all obligations under the Moses Lake Leases.

**3.4** <u>Landlords' Allocation of Repayment</u>. The Moses Lake Landlords shall apply their portion of net revenues as set forth in section 3.1 in the following Order:

    3.4.1  Current administrative rent under each of the Moses Lake Leases on a current basis.

    3.4.2  Catch-Up Power Payment Amount.

    3.4.3  The Bond Payment Amount.

**3.5** <u>Facility Security</u>. After the Closing Date, the Trustee shall pay all costs of securing the Data Center, the Expansion Pods, the Parcel C Pods and the Parcel E Pods, in an amount to be negotiated. The Parties agree to negotiate this amount in good faith.

**3.6** <u>Security Deposits</u>. After the Closing Date, the Trustee shall place with the Moses Lake Landlords deposits to be used by the Moses Lake Landlords in the event of a default under this Agreement, in an amount to be negotiated. The Parties agree to negotiate this amount in good faith.

## SECTION 4 SUPER-PRIORITY BASIS

**4.1** <u>Super-Priority Administrative Status</u>. The claim of the Moses Lake Landlords to repayment of the Catch-Up Payment shall have priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of the Bankruptcy Code as provided by section 364(c)(1) of the Bankruptcy Code.

## SECTION 5 CONDITIONS PRECEDENT

**5.1** <u>Evidence of Payment to Grant County PUD</u>. As a condition to the Estate's obligations under this Agreement, the Moses Lake Landlords shall deliver to the Trustee evidence of payment of the Catch-Up Power Payment and of the Bond Payment, in a form satisfactory to the Trustee.

**5.2** <u>Court Approval</u>. Approval of this Agreement by the Bankruptcy Court is a condition precedent to the Trustee's and Estate's obligations hereunder. The Trustee shall expeditiously seek Bankruptcy Court approval of this Agreement and shall make every reasonable effort to obtain that approval.

## SECTION 6 AFFIRMATIVE COVENANTS

**6.1** <u>Monthly Reports</u>. The Trustee covenants and agrees to provide to the Moses Lake Landlords, on a monthly basis, a report of revenues and expenses of the entire estate, with an itemization for the revenues and expenses of maintaining the Data Center and the Parcel C Pods.

## SECTION 7 NEGATIVE COVENANTS

**7.1** The Trustee shall not and shall cause his attorneys, professionals, employees, and consultants to not:

- 7.1.1 contact the Grant County PUD during the term of the Agreement without the prior, written consent of the Moses Lake Landlords.

- 7.1.2 incur, create, assume, suffer to exist or permit any other super-priority administrative claim which is *pari passu* with or senior to the claim of the Moses Lake Landlords against the Estate;

- 7.1.3 seek or consent to any modification, stay, vacation or amendment to the Order;

- 7.1.4 seek or consent to any order seeking authority to take any action that is prohibited by the terms of this Agreement or refrain from taking any action that is required to be taken by the terms of this Agreement.

## SECTION 8 REPRESENTATIONS AND WARRANTIES

**8.1** The Moses Lake Landlords represent and warrant that the Catch-Up Power Payment and the Bond Payment are required by the Grant County Public Utility District before it will provide electricity to the Data Center and the Parcel C Pods.

## SECTION 9 EVENTS OF DEFAULT

**9.1** <u>Events of Default</u>. Each of the following events or conditions shall constitute an Event of Default:

    9.1.1 The Trustee fails to make any payment required under this Agreement when due and such failure is not remedied for a period of five (5) days after receipt of written notice from the Moses Lake Landlords of such failure to pay.

    9.1.2 The dismissal of the Bankruptcy Case or the conversion of the Bankruptcy Case from one under Chapter 11 to one under Chapter 7 of the Bankruptcy Code

    9.1.3 The entry of an order in the Bankruptcy Case granting any other claim on a priority basis that is equal or superior to that granted to the Moses Lake Landlords herein, without the written consent of the Moses Lake Landlords.

**9.2** <u>Waiver</u>. Presentment, demand, protest, and all other notices of any kind are hereby expressly waived by the Trustee, other than as provided for herein in section 9.1.1 hereof.

**9.3** <u>Default Interest Rate</u>. Upon an Event of Default, the Default Interest Rate shall apply on the unpaid amount of the Catch-Up Payment at the rate of TWENTY-FIVE (25%) per annum simple without compounding.

**9.4** <u>Acceleration</u>. Upon an Event of Default, the entire unpaid amount of the Catch-Up Power Payment and of the Bond Payment shall become due and payable immediately.

## SECTION 10 ASSUMPTION OR REJECTION OF LEASES

**10.1** <u>Extension</u>. The Moses Lake Landlords agree to extend the deadline in the Bankruptcy Case to assume or reject the Moses Lake Leases for two months to May 19, 2019 and will negotiate in good faith for any further extensions.

## SECTION 11 RELEASES

**11.1** <u>Withdrawal of the Motion for Relief From Stay</u>. The Moses Lake Landlords agree to withdraw the motion for relief from stay without prejudice to the right to file a new motion for relief from stay at any time that the Moses Lake Landlords determine in its sole discretion that such a motion is warranted. The Trustee reserves all rights to object to such motion on any terms that the Trustee determines in his sole discretion are warranted.

**11.2** <u>Reservation of Right</u>. The Parties agree to reserve all rights with respect to (x) the contention by the Moses Lake Landlords that the Moses Lake Landlords have a security interest in the Debtor's assets and with respect to the contention by the Trustee that the security interest was perfected within ninety (90) days before the Petition Date and therefore is an avoidable preference subject to sections 544 and 547 of the Bankruptcy Code or (y) any other claims of the Estate.

**SECTION 12 MISCELLANEOUS**

**12.1** Notices.

12.1.1 All notices to the Moses Lake Landlords shall be sent to:

Giga Plex LLC
MLDC 1 LLC
10622 227th Avenue Se
Monroe, WA 982782
Attn: Ryan Oster

With a copy to:

David Visser, Esq.
David Kazemba, Esq.
Overcast Law Firm
23 S. Wenatchee Ave., #320
Wenatchee, WA 98801
Email: dvisser@overcastlaw.com
Email: dkazemba@overcastlaw.com


12.1.2 All notices to the Trustee shall be sent to:

Mark D. Waldron, Esq.
Law Offices of Mark D. Waldron, PLLC
6711 Regents Blvd. W., Suite B
Tacoma, WA 98466
Email: mark@mwaldronlaw.com

With a copy to:

Pamela M. Egan, Esq.
CKR Law LLP
502 Second Ave., 14th Floor
Seattle, WA 98114
Email: pegan@ckrlaw.com

**12.2** <u>Electronic Communications</u>. Notices and other communications between the Moses Lake Landlords and the Trustee hereunder may be delivered or furnished by electronic communication (including e-mail and Internet or intranet websites).

**12.3** <u>No Waiver</u>. No failure or delay on the part of the Moses Lake Landlords in the exercise of any power, right or privilege hereunder shall impair such power, right or privilege or be construed to be a waiver of any default or acquiescence therein, nor shall any single or part.

**12.4** <u>Severability</u>. In case any provision in or obligation hereunder shall be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions or obligation shall not in any way be affected or impaired thereby.

**12.5** <u>Integration</u>. This Agreement represents the entire agreement between the Moses Lake Landlords and the Trustee other than the Moses Lake Leases. Any and all representations and agreements by either of the Parties that were (x) made prior to this Agreement, (y) made regarding this Agreement and (z) not included in the express written terms of this Agreements, shall not be binding upon either of the Parties.

**12.6** <u>Modification</u>. This Agreement may not be modified, altered or amended, except by a writing signed by both the Moses Lake Landlords and the Trustee.

**12.7** <u>Counterpart Execution</u>. This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, but such counterparts together shall constitute but one and the same instrument.

**12.8** <u>Headings</u>. The headings to the Sections of this Lease are inserted only as a matter of convenience and for reference, and in no way confine, limit or proscribe the scope or intent of any Section of this Lease, nor in any way affect this Lease.

**12.9** <u>Governing Law</u>. This Agreement shall be governed by and construed and interpreted in accordance with the laws of the State of Washington and Title 11 of the United States Code.

9

18-03197-FPC7    Doc 260-2    Filed 04/05/19    Entered 04/05/19 18:09:47    Pg 10 of 11

**12.10** Attorneys' Fees and Costs. The Parties will each bear the costs of negotiating or enforcing the Agreement, including without limitation all attorneys' fees arising from this Agreement.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the dates set forth below.

April [ ], 2019        **MOSES LAKE LANDLORDS**

**GIGA PLEX, LLC**
**MLDC 1, LLC**


By: _____
        Ryan Oster
        Managing Member


April [ ], 2019        **ESTATE OF GIGA WATT, INC.**


By: _____
        Mark D. Waldron, *in his capacity as Chapter 11 Trustee of the estate of giga Watt, Inc. and not in any personal capacity*

10