Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
Paul H. Beattie, WSBA No. 30277
CKR Law LLP
506 2nd Avenue, 14th Floor
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pbeattie@ckrlaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, Inc., a Washington corporation,

Debtor.

Case No. 18-03197 FPC 11

Chapter 11

**DECLARATION OF MARK D. WALDRON IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING MOSES LAKE TWO-WAY AGREEMENT**

I, Mark D. Waldron, declare as follows:

1. I submit this declaration in my capacity as the duly-appointed Chapter 11 Trustee (the "Trustee") in the bankruptcy case of the above-captioned debtor (the "Debtor" or "Giga Watt"). I submit this declaration in support of the *Chapter 11 Trustee's Motion for Order Approving Moses Lake Two-Way Agreement* (the "Motion"),[1] filed herewith. The statements set forth herein are based on my investigation of the Debtor's affairs and, except where otherwise noted, are based

---

[1] Capitalized terms used in this Declaration have the meanings ascribed to them in the Motion.

Declaration of Mark D. Waldron in Support
of Motion to Approve Two-Way Agreement - Page 1

1 on personal knowledge. If called as a witness, I would and could competently
2 testify hereto.
3     2. Pursuant to four leases, the Debtor leased the following premises from
4 the Moses Lake Landlords: Parcel C, the "Expansion Pod" on Parcel D, the "Date
5 Center" on Parcel D, and Parcel E. A list of the leases between the Moses Lake
6 Landlords and Giga Watt, Inc. is attached to the Motion as <u>Exhibit C</u>.
7     3. On the leased premises, the Debtor built buildings, known as pods,
8 that are wired and equipped to house computers that "mine" for cryptocurrency.
9     4. The foregoing chart accurately depicts the parcels and buildings
10 (pods) located on the Debtor's Moses Lake facility:

```
            Parcel C                    Parcel D                    Parcel E
       ┌──────┼──────┐              ┌──────┴──────┐            ┌──────┼──────┐
     Pod 3  Pod 4  Pod 5        Expansion      Data         Pod 6  Pod 7  Pod 8
                                   Pod        Center
```

14     5. Parcel C and the Data Center in Parcel D have been re-opened
15 pursuant to the Moses Lake Two-Way Agreement. A true and correct copy of the
16 Moses Lake Two-Way Agreement is attached to the Motion as <u>Exhibit B</u>.
17     6. Parcel E has been re-opened pursuant to a separate agreement that is
18 the subject of a separate motion.
19     7. The material terms of the Moses Lake Two-Way Agreement are
20 accurately summarized in the Motion and incorporated herein by reference as if
21 set forth fully herein.
22     8. Within five weeks of the Petition Date, the Debtor granted to the
23 Moses Lake Landlords certain security interests. In my judgment, those security

Declaration of Mark D. Waldron in Support
of Motion to Approve Two-Way Agreement - Page 2

interests and their subsequent perfection most likely constitute avoidable transfers pursuant to section 547 of the Bankruptcy Code. Pursuant to ¶ 10 of the Cash Collateral Order, the adequate protection lien was only valid to the extent the security interest was valid. The Moses Lake Two-Way Agreement does not resolve this issue and the Agreement does not include any releases of claims.

9. When I was appointed as Trustee, all power to all of the Debtor's facilities was cut off and operations were at a complete standstill.

10. I have retained and the Court has approved the employment of Lauren Miehe, Douglas Pratt, and Allen Oh to provide consulting services and operational assistance with respect to the Debtor's business and in particular with re-opening the Debtor's facilities. I have also retained two technicians in the ordinary course to assist with operations at Moses Lake.

11. On March 11, 2019, the Moses Lake Landlords paid $169,500.19 (the "Catch-Up Power Payment") to the Grant County Public Utility District in order to turn the power back on at a portion of the Debtor's facilities in Moses Lake. Without the Catch-Up Power Payment, I would not have been able to resume the Debtor's business operations. However, before the Moses Lake Landlords made the Catch-Up Power Payment, I informed and disclosed to the Moses Lake Landlord that any agreement, including to repay the Catch-Up Power Payment, was subject to Court approval.

12. After the Moses Lake Landlord paid the Master Landlord Catch-Up Power payment, the Grant County PUD almost instantly turned on the electricity. The Debtor's operations at a portion of the Moses Lake facility are now being

Declaration of Mark D. Waldron in Support
of Motion to Approve Two-Way Agreement - Page 3

managed, under the Trustee's supervision, by Lauren Miehe, Doug Pratt and Allen Oh, whose employment has been approved by this Court.

13. I believe that sound business reasons support my decision to enter into the Moses Lake Two-Way Agreement. The Agreement re-starts the Debtor's business operations at a portion of the Moses Lake facility. It will allow me to pay down administrative liabilities and possibly re-open the rest of the Moses Lake facility. Additionally, running operations at the Moses Lake facility will allow me to prepare accurate financial statements based on current information which in turn will allow me to assess and possibly capture for the benefit of creditors the Debtor's going concern value.

14. In my judgment, the terms of the Moses Lake Two-Way Agreement are favorable. The Moses Lake Landlords are not requiring a set amount of money every month, other than the cost of electricity. Instead, payments after electricity are based on a percentage of the Estate's revenues. Thus, even if cryptocurrency depreciates or expenses increase, the Estate will receive some income from Moses Lake every month going forward. Additionally, interest will not accrue on any of the Estate's payments obligations other than on the Catch-Up Payment. The interest rate on the Catch-up Payment is the same as the rate that the Moses Lake Landlords are paying on the loan that they took out to make the Catch-Up Payment in the first place.

15. Given that operations were defunct and that no financial information regarding the Debtor was available, I was unable to obtain credit on an administrative basis pursuant to section 364(b) of the Bankruptcy Code.

Declaration of Mark D. Waldron in Support
of Motion to Approve Two-Way Agreement - Page 4

To the best of my knowledge, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of April 2019 in Tacoma, Washington.

_____
Mark D. Waldron

Declaration of Mark D. Waldron in Support
of Motion to Approve Two-Way Agreement - Page 5