Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
CKR LAW LLP
506 2nd Avenue, 14th Floor
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pegan@ckrlaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING MOSES LAKE THREE-WAY AGREEMENT** |

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "Trustee"), hereby moves (the "Motion") the Court pursuant to 11 U.S.C. §§ 363 and 365, Fed. R Bankr. Proc. 9019 and LBR 9019-1 for an Order, as proposed in **Exhibit A** attached hereto, approving that certain *Agreement to Withdraw Motion for Relief From Stay, for Re-Entry of Subtenant Eco-Diversified Holdings, Inc. and for Release of Claim* (the "Moses Lake Three-Way Agreement") between (1) the estate of the above-captioned Debtor in this case (the "Estate"), (2) Giga Plex LLC and MLDC1 LLC (collectively, the "Moses Lake Landlords") and

Chapter 11 Trustee's Motion
for Order Approving Three-Way Agreement, etc. - Page 1

(3) EcoDiversified Holdings, Inc. (the "Subtenant" or "EDH"). A copy of the Moses Lake Three-Way Agreement is attached hereto as **Exhibit B**.

| MATERIAL PROVISIONS OF PROPOSED AGREEMENT | Agr. § |
|---|---|
| EDH agreed to pay, and has already paid, to the Moses Lake Landlords the EDH Catch-Up Power Payment (in the amount of $127,620.20), and the EDH Bond Payment (in the amount $10,202.00). | § 2.1<br>§ 2.2<br>§ 5.1 |
| The Estate's liability to the Moses Lake Landlords to repay the Bond Payment (in the amount of $10,202) is reduced by the amount of the EDH Bond Payment ($10,000). | § 2.2.2 |
| Commencing on April 1, 2019, and on the first of each month thereafter, EDH shall pay to the Trustee the EDH Monthly Rent in the amount of $9,000 per month. The EDH Monthly Rent is in lieu of the rent provided in the Sublease. (It is approximately double the rent provided in the Sublease.) | § 3.1 |
| The Moses Lake Landlords shall deliver to EDH and the Trustee the electricity bills with respect to Pod 8. EDH shall pay all current electricity bills for Pod 8 on a current basis. | § 3.2 |

| MATERIAL PROVISIONS OF PROPOSED AGREEMENT | Agr. § |
|---|---|
| The Trustee shall pay electricity bills on a current basis. The Trustee agrees to pay all current electricity bills arising from the Moses Lake Leases to the Moses Lake Landlords on a current basis and pursuant to the time table set forth in the Moses Lake Three-Way Agreement. | § 4.1 |
| The Trustee shall have no obligation to provide any maintenance, services or hosting services of any kind to EDH, Pod 8, or with respect to any operations of EDH. | § 3.3 |
| The Trustee is authorized to cash the Tendered Checks, in the sum of $42,576.00, as full performance under the Sublease through the date of the Moses Lake Three-Way Agreement and to retain their proceeds as property of the Estate, with no obligation to repay any portion thereof. | § 3.4 |
| After payment of current electricity, the Trustee shall pay to the Moses Lake Landlords (i) seventy-seven percent (77%) of Moses Lake Revenues, net of electricity, up to $299,000 and (ii) eighty-five percent (85%) of Moses Lake Revenues, net of electricity, received in excess of $299,000. Moses Lake Revenues is defined to mean revenues from all the Moses Lake Parcels less the cost of electricity plus the EDH Rent Payment. | § 4.2<br>§ 1.26 |

| MATERIAL PROVISIONS OF PROPOSED AGREEMENT | Agr. § |
|---|---|
| The Moses Lake Landlords will apply their share of the foregoing revenue-sharing in the following order of priority: (a) current administrative rent for all the Moses Lake parcels, whether opened or not (this amount totals $62,500 per month); (b) the Catch-Up Power Payment; and (c) the Bond Payment. | § 4.4 |
| Once the Catch-Up Power Payment, the Bond Payment less the EDH Bond Payment, and all past due rent (including unpaid electricity) that has accrued after the Petition Date for all Moses Lake Leases has been paid in full, then the Trustee shall no longer be obligated to pay a percentage of any monthly revenue; however, the Trustee shall remain obligated to meet all obligations under the Moses Lake Leases. | § 4.3 |
| The Moses Lake Landlords shall apply their portion of net revenues as set forth in section 4.2 in the following Order: (1) Current administrative rent (including unpaid electricity) under each of the Moses Lake Leases on a current basis; (2) the Moses Lake Catch-Up Power Payments Amount; and (3) the Moses Lake Bond Payment Amount less the EDH Bond Payment. | § 4.4 |

| MATERIAL PROVISIONS OF PROPOSED AGREEMENT | Agr. § |
|---|---|
| The Trustee shall pay all costs of securing the Data Center, the Expansion Pods, the Parcel C Pods and the Parcel E Pods, other than Pod 8, in an amount to be negotiated, including reimbursement of the Moses Lake Landlords for expenses incurred after the Petition Date. The Parties agree to negotiate this amount in good faith | § 4.5 |
| After the Closing Date, the Trustee shall replenish with the Moses Lake Landlords the deposits to be used by the Moses Lake Landlords in the event of a default under this Agreement, in an amount to be negotiated. The Parties agree to negotiate this amount in good faith. | § 4.6 |
| No contact by the Trustee or EDH with the Grant County PUD without the prior written consent of the Moses Lake Landlords. | § 7.1 |

18-03197-FPC7    Doc 277    Filed 04/17/19    Entered 04/17/19 10:54:21    Pg 5 of 9

| MATERIAL PROVISIONS OF PROPOSED AGREEMENT | Agr. § |
|---|---|
| Events of Default.<br><br>• EDH fails to make any payment required under this Agreement when due and such failure is not remedied for a period of five (5) days after receipt of written notice from the Trustee of such failure to pay.<br><br>• The Trustee fails to make any payment required under this Agreement when due and such failure is not remedied for a period of five (5) days after receipt of written notice from the Moses Lake Landlords of such failure to pay.<br><br>• Dismissal/conversion of this bankruptcy case.<br><br>• The entry of an order in the Bankruptcy Case granting any other claim on a priority basis that is equal or superior to that granted to the Moses Lake Landlords herein, without the written consent of the Moses Lake Landlords. | § 10.1 |
| EDH agrees to extend the deadline in the Bankruptcy Case to assume or reject the Sublease for two months to May 19, 2019 and will negotiate in good faith for any further extensions. | § 11.2 |

| MATERIAL PROVISIONS OF PROPOSED AGREEMENT | Agr. § |
|---|---|
| The Moses Lake Landlords agree to withdraw the motion for relief from stay [Docket No. 76] without prejudice. | § 12.3 |
| The Trustee agrees to send monthly revenue and expense reports to the Moses Lake Landlords | § 6.1 |
| <u>Subordination, Attornment and Nondisturbance</u><br><br>EDH acknowledges the Moses Lake Landlords as the owner of the property and subordinates its leasehold interest to that of the Moses Lake Landlords and any of their lenders. The Moses Lake Landlords and the Trustee agree that EDH shall have the right to continue occupying the leased premises as long as EDH is not in default, even after the property is sold or foreclosed and if the Trustee rejects the Sublease. | § 9.0 |
| Mutual release of all claims arising out of, or in any way related to the Pre-Petition Agreements or the Claim from the beginning of time up to and including the Closing Date. | § 12.1 |
| EDH shall withdraw the Claim with prejudice pursuant to Rule 3006 of the Federal Rules of Bankruptcy Procedure by filing with the Bankruptcy Court a Notice of Withdrawal. | § 12.3 |

| MATERIAL PROVISIONS OF PROPOSED AGREEMENT | Agr. § |
|---|---|
| Agreement by the Bankruptcy Court is a condition precedent to the Trustee's and Estate's obligations. If not approved, the EDH Catch-Up Power Payment and the EDH Bond Payment shall be treated as a loan from EDH to the Estate and be deemed to be an administrative claim. | § 5.2 |

The Moses Lake Three-Way Agreement relates to the four leases (the "Moses Lake Leases") that the Debtor entered into with the Moses Lake Landlords. A list of the Moses Lake Leases is attached hereto as **Exhibit C**. The dispute that the Moses Lake Three-Way Agreement resolves arises from two agreements (the "Pre-Petition Agreements") that the Debtor purportedly entered into with EDH, as more fully described in the Memorandum of Points and Authorities, filed herewith. They are attached hereto as **Exhibit D** and **E**, respectively.

WHEREFORE, the Trustee respectfully requests entry of an Order:

1. Granting the Motion;
2. Approving the Moses Lake Three-Way Agreement;
3. Authorizing the Trustee to enter into and perform pursuant to the terms of the Moses Lake Three-Way Agreement; and,

4. Granting such other and further relief as the Court deems necessary and just.

Dated: April 16, 2019

CKR LAW LLP

By:    */s/ Pamela M. Egan*
Pamela M. Egan (WSBA No. 54736)

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

Chapter 11 Trustee's Motion
for Order Approving Three-Way Agreement, etc. - Page 9