**<u>Exhibit B</u>**
*Moses Lake Three-Way Agreement*

## AGREEMENT TO WITHDRAW MOTION FOR RELIEF FROM STAY, FOR RE-ENTRY OF SUBTENANT ECO DIVERSIFIED HOLDINGS, INC. AND FOR RELEASE OF CLAIM

This Agreement to Withdraw Motion for Relief from Stay, for Re-Entry of Subtenant Eco Diversified Holdings, Inc., and For Release of Claim dated as of March 18, 2019, is entered into among 1) the Estate of Giga Watt, Inc., represented by the duly-appointed Chapter 11 Trustee, 2) Eco Diversified Holdings, Inc., and 3) Giga Plex LLC and MLDC 1 LLC. The Estate of Giga Watt, Inc., Giga Plex LLC, MLDC 1 LLC and Eco Diversified Holdings, Inc. are at times referred to herein collectively as the "**Parties**."

## RECITALS

**WHEREAS**, bold and capitalized terms used in these Recitals shall have the meanings ascribed to them in these Recitals and Section 1 hereof.

**WHEREAS**, the Debtor has leased from the Moses Lake Landlords four parcels pursuant to four leases.

**WHEREAS**, pursuant to the Claim, EDH has asserted the right to payment on a general unsecured basis of the sum of $25,180,375.00 arising from the alleged breach by the Debtor of the Pre-Petition Agreements.

**WHEREAS**, the Moses Lake Landlords allege that they neither received notice of nor approved the Sublease as required by the Parcel E Pods Lease.

**WHEREAS**, the Trustee alleges that EDH is in default of the Pre-Petition Agreements.

**WHEREAS**, EDH alleges that the Trustee is in breach of the Pre-Petition Agreements.

**WHEREAS**, on the Petition Date, the Debtor commenced a voluntary petition for relief pursuant to the Bankruptcy Code.

**WHEREAS**, Mark D. Waldron is the duly-appointed Chapter 11 Trustee for the Estate of Giga Watt, Inc. in the Bankruptcy Case operating in his official capacity as Chapter 11 Trustee and not in any personal capacity.

**WHEREAS**, the Grant County Public Utility District will not provide electricity to the Parcel E Pods without receipt of the EDH Catch-up Power Payment and the EDH Bond Payment.

1

**WHEREAS**, the Moses Lake Landlords have asserted various claims and have moved the Bankruptcy Court for relief from the automatic stay pursuant to section 362 of the Bankruptcy Code.

**WHEREAS**, the Trustee and the Moses Lake Landlords have entered into the Two-Way Agreement.

**WHEREAS**, the Parties wish to restart operations on the Parcel E Pods Lease and resolve their differences with respect to the Pre-Petition Agreements and the Claim.

**NOW, THEREFORE**, in consideration of the premises and the agreements, provisions and covenants herein contained, the Parties hereto agree as follows:

## SECTION 1 DEFINITIONS

**1.1** "**Agreement**" means this Agreement to Withdraw Motion for Relief from Stay, for Re-Entry of Subtenant Eco Diversified Holdings, Inc., and For Release of Claim, dated as of March 18, 2019, between the Moses Lake Landlords, EDH and the Trustee on behalf of the Estate of Giga Watt, Inc.

**1.2** "**Bankruptcy Case**" means that bankruptcy proceeding commenced by Giga Watt, Inc., in the Bankruptcy Court on November 19, 2018, seeking an order of relief pursuant to chapter 11 of the Bankruptcy Code, and assigned case number 18-03197.

**1.3** "**Bankruptcy Code**" means sections 101 *et seq.* of title 11 of the United States Code.

**1.4** "**Bankruptcy Court**" means the United States Bankruptcy Court for the Eastern District of Washington.

**1.5** "**Claim**" means that certain proof of claim assigned number 67 in the claims registry of the Bankruptcy Court in the Bankruptcy Court filed by EDH.

**1.6** "**Closing Date**" means the earlier of (i) three business days after the date upon which an Order approving this Agreement has been entered on the docket of the Bankruptcy Court in the Bankruptcy Case or (ii) the date by which EDH has (x) signed this Agreement and (y) paid the Catch-Up Power Payment and the EDH Bond Payment.

**1.7** "**Data Center**" means that certain real property and accompanying improvements that is subject to the Turn-Key Datacenter Lease and License Agreement Between Enterprise Focus, Inc. (as alleged to have been assumed by Giga Watt, Inc.), as tenant, and MLDC 1, LLC, as Landlords, dated June 10, 2015,

2

with respect to a "portion of Parcel D, Carlile Development Major Plat, Lot 1 Industrial Binding Site Plan, Grant County, Washington."

    **1.8**    "**Debtor**" means Giga Watt, Inc.

    **1.9**    "**Development Agreement**" means the Mine Farm Development Agreement, dated June 27, 2017 between the Debtor and EDH.

    **1.10**    "**EDH**" means Eco Diversified Holdings, Inc.

    **1.11**    "**EDH Bond Payment**" means the payment by the Moses Lake Landlords to a bonding company as required by the Grant County Public Utility District as a condition to the resumption of electricity service to the Parcel E Pods.

    **1.12**    "**EDH Bond Payment Amount**" means one-half of the bond payment, not to exceed $10,000.

    **1.13**    "**EDH Catch-Up Payment**" means the payment that the EDH agrees to pay to the Moses Lake Landlords and that the Moses Lake Landlords will subsequently pay to the Grant County Public Utility for the power bill for the Parcel E Pods in the amount of $128,013.34 plus interest and penalties that may accrue after March 14, 2019 (but not to exceed $2,500), subject to the terms and conditions of this Agreement.

    **1.14**    "**EDH Security Deposit**" means the sum of $34,034.00 that EDH asserts it delivered to the Debtor pursuant to the terms of the Sublease.

    **1.15**    "**EDH Catch-Up Payment Amount**" means the sum of (i) $128,013.34 plus (ii) interest and penalties that may accrue after March 14, 2019 (but not to exceed $2,500) due to the Grant County PUD by the Moses Lake Landlords to obtain electricity service to the Parcel E Pods.

    **1.16**    "**Estate**" means the estate of Giga Watt, Inc. in the Bankruptcy Case pursuant to the Bankruptcy Code.

    **1.17**    "**Event of Default**" means any of the events specified in Section 9 herein which constitutes an Event of Default.

    **1.18**    "**Expansion Pods**" means the portion of Parcel D, Carlile Development Major Plat, Lot 1 Industrial Binding Site Plan, Grant County, Washington that is subject to the MLDC 1 Pods Lease.

    **1.19**    "**Expansion Pods Lease**" means the Amended and Restated Lease Between Giga Watt, Inc., as tenant, and MLDC 1, LLC, as Landlords, dated October 16, 2018 with respect to the Expansion Pods.

18-03197-FPC11   Doc 277-2   Filed 04/17/19   Entered 04/17/19 10:54:21   Pg 4 of 23

**1.20** "**Grant County PUD**" means the Grant County Public Utility District located in Grant County, Washington.

**1.21** "**Moses Lake Bond Payment**" means the payment of up to $25,000 by the Moses Lake Landlords to a bonding company as required by the Grant County Public Utility District before the Grant County Public Utility District will provide electricity to the Data Center and the Parcel C Pods.

**1.22** "**Moses Lake Landlords**" means Giga Plex LLC and MLDC 1 LLC, collectively.

**1.23** "**Moses Lake Catch-Up Payments Amount**" means the sum of (i) $106,279.54 paid to the Grant County PUD by the Moses Lake Landlords to obtain electricity service to the Parcel C Pods plus (ii) $64,519.06 paid to the Grant County PUD by the Moses Lake Landlords to obtain electricity service to the Data Center for a total of $170,798.60.

**1.24** "**Moses Lake Leases**" means the (i) Data Center Lease, (ii) Parcel C Pods Lease, (iii) Parcel E Pods Lease, and (iv) Expansion Pods Lease.

**1.25** "**Moses Lake Parcels**" means the Parcel C Pods, the Data Center, the Expansion Pods, and the Parcel E Pods.

**1.26** "**Moses Lake Revenues**" means (i) monthly revenues from the Moses Lake Parcels LESS (ii) the monthly cost of electricity that is provided to the Moses Lake Parcels PLUS (iii) the EDH Monthly Rent.

**1.27** "**Parcel C Pods**" means Parcel C, Carlile Development Major Plat, Lot 1 Industrial Binding Site Plan, Grant County, Washington that is subject to the Parcel C Pods Lease.

**1.28** "**Parcel C Pods Lease**" means the Amended and Restated Lease Between Giga Watt, Inc., as tenant, and Giga Plex, LLC, as Landlords, dated October 15, 2018, with respect to the Parcel C Pods.

**1.29** "**Parcel E Pods**" means Parcel E, Carlile Development Major Plat, Lot 1 Industrial Binding Site Plan, Grant County, Washington that is the subject of the Parcel E Pods Lease.

**1.30** "**Parcel E Pods Lease**" means the Amended and Restated Lease Between Giga Watt, Inc., as tenant, and Giga Plex, LLC, as Landlords, dated October 16, 2018 with respect to the Parcel E Pod.

**1.31** "**Parties**" means the Estate of Giga Watt, Inc., Eco Diversified Holdings, Inc., and Giga Plex LLC and MLDC 1 LLC.

**1.32** "**Pods 6 and 7**" means that portion of the Parcel E Pods and improvements thereon that are subject to the Parcel E Pods Lease, but are not subject to the Pre-Petition Agreement.

**1.33** "**Pod 8**" means that portion of the Parcel E Pods and improvements thereon that are subject to the Pre-Petition Agreements.

**1.34** "**Pre-Petition Agreements**" means the Development Agreement, the Service Agreement and the Sublease.

**1.35** "**Service Agreement**" means the Service Agreement, dated June 27, 2017, between Giga Watt Hosting, Inc. and EDH.

**1.36** "**Sublease**" means the Sublease, dated June 27, 2017, between the Debtor and EDH.

**1.37** "**Tendered Checks**" means those certain checks that EDH has previously delivered to the Chapter 11 Trustee in the sum of $42,576.00.

**1.38** "**Trustee**" means the duly-appointed Chapter 11 Trustee, Mark D. Waldron, in the Bankruptcy Case acting on behalf of the Estate in his official capacity as Chapter 11 Trustee and not in any personal capacity.

**1.39** "**Two-Way Agreement**" means that certain Agreement to Settle Relief from Stay Motion, Obtain Super-Priority Unsecured Credit and Re-Enter the Premises entered into by the Trustee and the Moses Lake Lawyers and that is subject to Bankruptcy Court approval.

## SECTION 2 INITIAL PAYMENTS BY EDH

**2.1** EDH Catch-Up Power Payment. On or before March 19, 2019, EDH shall pay to the Moses Lake Landlords the EDH Catch-Up Power Payment, which the Moses Lake Landlords shall pay to the Grant County Public Utility District as soon as possible. If the payment is made with bitcoin, EDH shall include a 1.49% conversion premium so that the EDH Catch-Up Power Payment may be converted to US Dollars for payment to the Grant County PUD. The Moses Lake Landlords reserve the right to recover from the Estate as an administrative expense the actual amount paid to the Grant County Public Utility District for the power bill for the Parcel E Pods if the EDH Catch-Up Payment does not cover the entire cost to restore power.

**2.2** EDH Bond Payment. On or before March 19, 2019, EDH shall pay the EDH Bond Payment to the Moses Lake Landlords. If the payment is made with bitcoin, EDH shall include a 1.49% conversion premium so that the EDH

5

Bond Payment may be converted to US Dollars for payment to the Grant County PUD.

>　2.2.1　Promptly after the receipt of the EDH Bond Payment, the Moses Lake Landlords shall pay the EDH Bond Payment Amount to the appropriate party at the time required by the Grant County Public Utility District as a condition to the resumption of electricity service to the Parcel E. Pods.

>　2.2.2　Upon payment by the Moses Lake Landlord of the EDH Bond Payment Amount, the amount of the Chapter 11 Trustee's liability to the Moses Lake Landlords for the Full Bond Payment pursuant to the Two-Way Agreement shall be reduced by the EDH Bond Payment Amount.

## SECTION 3 CONTINUING PAYMENT OBLIGATIONS OF EDH

**3.1** <u>EDH Monthly Rent</u>. Commencing on April 1, 2019, and on the first of each month thereafter, EDH shall pay to the Trustee the EDH Monthly Rent in the amount of $9,000 per month. The EDH Monthly Rent is in lieu of the rent provided in the Sublease.

**3.2** <u>Current Electricity</u>. EDH shall pay all current electricity bills for Pod 8 on a current basis. The Moses Lake Landlords shall deliver the electricity bills with respect to Pod 8 within FIVE (5) business days of receipt of such bill(s) from the Grant County PUD. EDH agrees to pay the current electricity bills for Pod 8 within FIVE (5) business days of receipt of such bill(s) from the Moses Lake Landlords. This provision is in lieu of any provision regarding the payment of electricity provided in the Pre-Petition Agreements. The Parties agree that EDH shall have the right to request that Giga Plex, LLC install separate metering equipment at EDH's sole expense to monitor the amount of electricity being used by EDH relative to the total amount of electricity being used by the Parcel E Pods, and thereafter EDH shall be entitled to receive from the Trustee copies of documentation regarding apportionment of power use and apportionment of power expenses for the pods on the Parcel E Pods Lease not less than quarterly.

**3.3** <u>Maintenance</u>. Notwithstanding anything to the contrary in the Pre-Petition Agreements, the Trustee shall have no obligation to provide any maintenance, services or hosting services of any kind to EDH, Pod 8, or with respect to any operations of EDH.

**3.4** <u>Tendered Checks</u>. On the Closing Date, the Trustee is authorized to cash the Tendered Checks as full performance under the Sublease through the date hereof and retain their proceeds as property of the Estate.

6

**3.5** EDH Security Deposit. Until and unless the Trustee finds and obtains possession of the EDH Security Deposit, then (i) any claim by EDH with respect to the EDH Security Deposit shall be deemed waived and (ii) the Trustee shall no obligation whatsoever with respect to the EDH Security Deposit.

      3.5.1 If the Trustee finds and obtains possession of the EDH Security Deposit, then the Trustee shall hold the EDH Security Deposit and shall apply the EDH Security Deposit to any default by EDH of its obligations under the Pre-Petition Agreements without waiver of the right to assert a claim for any amount in excess of the EDH Security Deposit.

## SECTION 4 PAYMENTS BY THE CHAPTER 11 TRUSTEE ON ESTATE'S BEHALF

**4.1** Current Electricity. After the Closing Date, the Trustee shall pay all current electricity bills arising from the Moses Lake Leases to the Moses Lake Landlords on a current basis. EDH shall pay all current electricity bills arising from Pod 8 to the Trustee on a current basis. The Moses Lake Landlords shall deliver to the Trustee the electricity bills with respect to the Moses Lake Leases within FIVE (5) business days of receipt of such bill(s) from the Grant County PUD. The Trustee agrees to pay the current electricity bills for the Moses Lake Leases, within SEVEN (7) business days of receipt of such bill(s) from the Moses Lake Landlords. The Trustee shall deliver to EDH the electricity bills with respect to Pod 8 within TWO (2) business days of receipt of such bill(s) from the Moses Lake Landlords. EDH agrees to pay the current electricity bills for Pod 8, within FIVE (5) business days of receipt of such bill(s) from the Chapter 11 Trustee.

**4.2** Percentages. Subject to the limitation set forth in section 4.3 hereof, the Trustee shall pay to the Moses Lake Landlords (i) seventy-seven percent (77%) of Moses Lake Revenues up to $299,000 and (ii) eighty-five percent (85%) of Moses Lake Revenues received in excess of $299,000. By way of example, if Moses Lake Revenues are $450,000, the Trustee shall pay to the Moses Lake Landlords seventy-seven percent (77%) of Moses Lake Revenue up to $299,000 and on the amount in excess, $151,000, the Trustee shall pay to the Moses Lake Landlords eighty-five percent (85%).

**4.3** Paid in Full. Once the Moses Lake Landlords Catch-Up Power Payment, the Moses Lake Bond Payment less the EDH Bond Payment, and all past due rent (including unpaid electricity) that has accrued after the Petition Date for all Moses Lake Leases has been paid in full, then the Trustee shall no longer be obligated under this Agreement to pay a percentage of any monthly revenue; however, the Trustee shall remain obligated to meet all obligations under the Moses Lake Leases.

18-03197-FPC11    Doc 277-2    Filed 04/17/19    Entered 04/17/19 10:54:21    Pg 8 of 23

**4.4**    <u>Landlords' Allocation of Repayment</u>. The Moses Lake Landlords shall apply their portion of net revenues as set forth in section 4.2 in the following Order:

    4.4.1  Current administrative rent (including unpaid electricity) under each of the Moses Lake Leases on a current basis.

    4.4.2  Moses Lake Catch-Up Power Payments Amount.

    4.4.3  The Moses Lake Bond Payment Amount less the EDH Bond Payment.

**4.5**    <u>Facility Security</u>. After the Closing Date, the Trustee shall pay all costs of securing the Data Center, the Expansion Pods, the Parcel C Pods and the Parcel E Pods, other than Pod 8, in an amount to be negotiated, including reimbursement of the Moses Lake Landlords for expenses incurred after the Petition Date. The Parties agree to negotiate this amount in good faith.

**4.6**    <u>Moses Lake Security Deposits</u>. After the Closing Date, the Trustee shall replenish with the Moses Lake Landlords the deposits to be used by the Moses Lake Landlords in the event of a default under this Agreement, in an amount to be negotiated. The Parties agree to negotiate this amount in good faith.

## SECTION 5 CONDITIONS PRECEDENT

**5.1**    <u>Evidence of Payment to Grant County PUD</u>. As a condition to the Parties' obligations under this Agreement, the Moses Lake Landlords shall deliver to the Parties evidence of payment of the EDH Catch-Up Power Payment to the Grant County PUD and of the EDH Bond Payment, in a form satisfactory to the Trustee.

**5.2**    <u>Court Approval</u>. Approval of this Agreement by the Bankruptcy Court is a condition precedent to the Trustee's and Estate's obligations hereunder. The Trustee shall expeditiously seek Bankruptcy Court approval of this Agreement and shall make every reasonable effort to obtain that approval. If this Agreement is not approved, the EDH Catch-Up Power Payment and the EDH Bond Payment shall be treated as a loan from EDH to the Estate and be deemed to be an administrative claim.

## SECTION 6 AFFIRMATIVE COVENANTS

**6.1**    <u>Monthly Reports</u>. The Trustee covenants and agrees to provide to the Moses Lake Landlords, on a monthly basis, a report of revenues and expenses of the entire estate.

18-03197-FPC11    Doc 277-2    Filed 04/17/19    Entered 04/17/19 10:54:21    Pg 9 of 23

**6.2**　Monthly Payments. The Trustee covenants and agrees to make the payments set forth herein not less than monthly.

## SECTION 7 NEGATIVE COVENANTS

**7.1**　The Trustee and EDH shall not and shall cause their attorneys, professionals, employees, and consultants to not:

> 7.1.1　contact the Grant County PUD during the term of the Agreement without the prior, written consent of the Moses Lake Landlords;
>
> 7.1.2　incur, create, assume, suffer to exist or permit any other super-priority administrative claim which is *pari passu* with or senior to the claim of the Moses Lake Landlords against the Estate;
>
> 7.1.3　seek or consent to any order seeking authority to take any action that is prohibited by the terms of this Agreement or refrain from taking any action that is required to be taken by the terms of this Agreement.

## SECTION 8 REPRESENTATIONS AND WARRANTIES

**8.1**　The Moses Lake Landlords represent and warrant that the EDH Catch-Up Power Payment and the Bond Payment are required by the Grant County Public Utility District as a condition of providing electricity to the Parcel E Pods.

## SECTION 9 NONDISTURBANCE AND ATTORNMENT

**9.1**　The Parties agree that Giga Plex, LLC is the Landlord under that certain Amended and Restated Lease by and between Giga Plex, LLC and Debtor, as Tenant, dated on or about October 16, 2018 ("Master Lease"). The Parties further agree as follows:

> 9.1.1　The Parties hereby acknowledge and consent to the Sublease in accordance with its terms and the modifications contained herein; provided, however, that the Sublease shall automatically be subordinate to any mortgage, deed of trust, UCC1 filing, or other security interest created by Giga Plex, LLC which may now be existing or hereafter placed upon the **Premises** including any advances, interest, modifications, renewals, replacements or extensions ("**Landlord's Mortgage**"); provided that nothing herein shall be construed as a waiver by the Trustee of the right to avoid any preference or other avoidable transfer pursuant to the Bankruptcy Code; and

18-03197-FPC11    Doc 277-2    Filed 04/17/19    Entered 04/17/19 10:54:21    Pg 10 of 23

9.1.2  EDH shall attorn to the holder of any Landlord's Mortgage or any person(s) acquiring the Premises at any sale or other proceeding under any Landlord's Mortgage provided such person(s) assume the obligations of Landlord under the Parcel E Pods Lease. EDH shall promptly and in no event later than fifteen (15) days after request execute, acknowledge and deliver documents which the holder of any Landlord's Mortgage may reasonably require as further evidence of this subordination and attornment. Notwithstanding the foregoing, EDH's obligations under this Section to subordinate in the future are conditioned on the holder of each Landlord's Mortgage and each person acquiring the Premises at any sale or other proceeding under any such Landlord's Mortgage not disturbing EDH's occupancy and other rights under this Lease, so long as no uncured event of default by EDH exists.

9.1.3  In the event Debtor defaults under the Master Lease, Giga Plex, LLC shall provide notice and opportunity to cure such default to EDH.

9.1.4  Non-Disturbance. Provided that EDH is not then in default under the Sublease, in the event of subordination of the Sublease and/or the attornment by any conveyance or proceeding, Subtenant's leasehold interest hereunder shall not be disturbed. Giga Plex, LLC's acknowledgment and agreement of nondisturbance provided for herein is self-operative, and no further instrument of nondisturbance shall be required; however, Giga Plex, LLC agrees that upon the request of EDH, from time to time, Giga Plex, LLC shall execute whatever reasonable instruments may be required to carry out the intent of this Section.

9.1.5  In the event that Trustee or any other party or proceeding rejects the Master Lease or defaults thereunder, then EDH may exercise a right to assume that portion of the Master Lease contemplated in Section 9.1.8, below (covering Pod 8), provided that the post-Agreement financial defaults (including but not limited to rent and all electricity) of Debtor on the Parcel E Pods Lease have been cured to Giga Plex, LLC by EDH. In the event that EDH assumes the portion of the Master Lease contemplated in this paragraph, then the terms of the Master Lease shall survive and prevail over any contradictory terms in the Sublease, except that any increased rent under the Sublease as amended shall continue. In the event that the monthly rent is less under the Sublease than the Master Lease, then rent shall not decrease from the Master Lease rent amount.

18-03197-FPC11    Doc 277-2    Filed 04/17/19    Entered 04/17/19 10:54:21    Pg 11 of 23

9.1.6 In the event that the Trustee does not make a timely payment under the Parcel E Pods Lease, then EDH shall have the right to advance extra monies to cure, and thereafter all net revenues after payment of current electricity obligations for Pods 6 and 7 of the Parcel E Pods Lease shall first be paid by the Trustee to EDH to reimburse EDH for the advances before any payments shall continue under section 4.2 above to Debtor and the Moses Lake Landlords.

9.1.7 Recordation. The parties acknowledge and agree that this Agreement may be recorded with the Grant County Auditor.

9.1.8 The Parties agree that Pod 8 is a tenant improvement and owned by EDH, subject to the terms of the Pre-Petition Agreements, and the Sublease is for the land underneath Pod 8, which is commonly known as Pod 8 of the Parcel E Pods Lease located at 9221 Tyndall Road, Moses Lake, WA 98837, Grant County Parcel Number 09-0969-104; and legally described as a portion of Parcel E, Carlile Development Major Plat, Lot 1 Industrial Binding Site Plan, Grant County, Washington, recorded January 13, 2017, under Grant County Auditor's No. 1373121 (also referred to herein as the "**Premises**").

## SECTION 10 EVENTS OF DEFAULT

**10.1** Events of Default. Each of the following events or conditions shall constitute an Event of Default:

10.1.1 EDH fails to make any payment required under this Agreement when due and such failure is not remedied for a period of five (5) days after receipt of written notice from the Trustee of such failure to pay.

10.1.2 The Trustee fails to make any payment required under this Agreement when due and such failure is not remedied for a period of five (5) days after receipt of written notice from the Moses Lake Landlords of such failure to pay.

10.1.3 The dismissal of the Bankruptcy Case or the conversion of the Bankruptcy Case from one under Chapter 11 to one under Chapter 7 of the Bankruptcy Code

10.1.4 The entry of an order in the Bankruptcy Case granting any other claim on a priority basis that is equal or superior to that granted

11

to the Moses Lake Landlords herein, without the written consent of the Moses Lake Landlords.

## SECTION 11 ASSUMPTION OR REJECTION OF LEASES

**11.1** <u>No Assumption or Rejection</u>. By entering into this Agreement, the Trustee is neither assuming nor rejecting the Pre-Petition Agreements. Nothing in this Agreement constitutes either a rejection or an assumption of the Pre-Petition Agreements, however the Pre-Petition Agreements that may be assumed shall only be assumed as modified by the terms of this Agreement.

**11.2** <u>Extension</u>. EDH agrees to extend the deadline in the Bankruptcy Case to assume or reject the Sublease for two months to May 19, 2019 and will negotiate in good faith for any further extensions**.**

11.2.1 The Parties hereby expressly acknowledge section 365(h)(1)(A) of the Bankruptcy Code which provides:

If the Chapter 11 Trustee rejects an unexpired lease of real property under which the debtor is the lessor and if the rejection by the Chapter 11 Trustee amounts to such a breach as would entitle the lessee to treat such lease as terminated by virtue of its terms, applicable nonbankruptcy law, or any agreement made by the lessee, then the lessee under such lease may treat such lease as terminated by the rejection; or if the term of such lease has commenced, THE LESSEE MAY RETAIN ITS RIGHTS UNDER SUCH LEASE (INCLUDING RIGHTS SUCH AS THOSE RELATING TO THE AMOUNT AND TIMING OF PAYMENT OF RENT AND OTHER AMOUNTS PAYABLE BY THE LESSEE AND ANY RIGHT OF USE, POSSESSION, QUIET ENJOYMENT, SUBLETTING, ASSIGNMENT, OR HYPOTHECATION) THAT ARE IN OR APPURTENANT TO THE REAL PROPERTY FOR THE BALANCE OF THE TERM OF SUCH LEASE AND FOR ANY RENEWAL OR EXTENSION OF SUCH RIGHTS TO THE EXTENT THAT SUCH RIGHTS ARE ENFORCEABLE UNDER APPLICABLE NONBANKRUPTCY LAW.

## SECTION 12 RELEASE AND WITHDRAWAL

**12.1** <u>Release</u>. Other than the obligations provided for by this Agreement, the Parties irrevocably and unconditionally fully and forever release each other from any and all claims, demands, actions, causes of actions, judgments, rights, fees, damages, debts, obligations, liabilities, and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown that one Party may have or has ever had against the other Party, or any of them, arising out of, or in any way

18-03197-FPC11   Doc 277-2   Filed 04/17/19   Entered 04/17/19 10:54:21   Pg 13 of 23

related to the Pre-Petition Agreements or the Claim from the beginning of time up to and including the Closing Date.

**12.2** <u>No Admission of Liability</u>. No provision of this Agreement is an admission of liability by either Party.

**12.3** <u>Withdrawal of the Motion for Relief From Stay</u>. The Moses Lake Landlords shall withdraw their motion for relief from stay without prejudice to the right to file a new motion for relief from stay. The Trustee and EDH reserve all rights to object to such motion on any terms that either the Trustee or EDH determines are warranted.

**12.4** <u>Withdrawal of Claim</u>. EDH shall withdraw the Claim with prejudice pursuant to Rule 3006 of the Federal Rules of Bankruptcy Procedure by filing with the Bankruptcy Court a Notice of Withdrawal.

**12.5** <u>No Assignment of Claim</u>. EDH affirms that it has not assigned or otherwise transferred the Claim or any interest in the Claim to any party.

## SECTION 13 MISCELLANEOUS

**13.1** Notices.

13.1.1 All notices to the Moses Lake Landlords shall be sent to:

Giga Plex LLC
MLDC 1 LLC
10622 227th Avenue Se
Monroe, WA 982782
Attn: Ryan Oster

With a copy to:

David Visser, Esq.
David Kazemba, Esq.
Overcast Law Firm
23 S. Wenatchee Ave., #320
Wenatchee, WA 98801
Email: david@overcastlaw.com
Email: dkazemba@overcastlaw.com

18-03197-FPC11    Doc 277-2    Filed 04/17/19    Entered 04/17/19 10:54:21    Pg 14 of 23

13.1.2 All notices to the Trustee shall be sent to:

> Mark D. Waldron, Esq.
> Law Offices of Mark D. Waldron, PLLC
> 6711 Regents Blvd. W., Suite B
> Tacoma, WA 98466
> Email: mark@mwaldronlaw.com

> With a copy to:

> Pamela M. Egan, Esq.
> CKR Law LLP
> 502 Second Ave., 14th Floor
> Seattle, WA 98114

13.1.3 All notices to EDH shall be sent to:

> ECO Diversified Holdings, Inc.
> 4625 W. Nevso Drive, Suite 2
> Las Vegas, NV 89103

> With a copy to:

> Shauna Brennan, Esq.
> Brennan Legal Counsel Group, PLLC
> 2657 Windmill Pkwy #302
> Henderson, NV 89074

**13.2**   No Effect on the Two-Way Agreement. Nothing in this Agreement is intended or shall be construed by any Party to in any way modify the rights and obligations of the Moses Lake Landlords and the Trustee under the Two-Way Agreement.

**13.3**   No Diminishment of Financial Claims of Master Landlords. Nothing in this Agreement is intended or shall be construed by any Party to in any way reduce the total financial obligations due to the Moses Lake Landlords under the Moses Lake Leases, except to the extent of the EDH Catch-Up Power Payment, the EDH Bond Payment, the payments contemplated to be made pursuant to the terms of this Agreement and pursuant to the Two-Way Agreement. The foregoing payments will and are attended to reduce the total financial obligations due to the Moses Lake Landlords under the Moses Lake Leases.

14

**13.4** <u>Electronic Communications</u>. Notices and other communications between the Parties hereunder may be delivered or furnished by electronic communication (including e-mail and Internet or intranet websites).

**13.5** <u>No Waiver</u>. After the Closing Date, no failure or delay on the part of the Moses Lake Landlords in the exercise of any power, right or privilege hereunder shall impair such power, right or privilege or be construed to be a waiver of any default or acquiescence therein, nor shall any single or part.

**13.6** <u>Severability</u>. In case any provision in or obligation hereunder shall be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions or obligation shall not in any way be affected or impaired thereby.

**13.7** <u>Integration</u>. This Agreement, combined with the Two-Way Agreement, the Moses Lake Leases, and the Prepetition Agreements made prior to this Agreement, form the entire agreements of the Parties. Any term not contained within this Agreement, the Two-Way Agreement, the Moses Lake Leases, and the Prepetition Agreements, is not binding.

**13.8** <u>Modification</u>. This Agreement may not be modified, altered or amended, except by a writing signed by all Parties.

**13.9** <u>Counterpart Execution</u>. This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, but such counterparts together shall constitute but one and the same instrument.

**13.10** <u>Headings</u>. The headings to the Sections of this Agreement are inserted only as a matter of convenience and for reference, and in no way confine, limit or proscribe the scope or intent of any Section of this Agreement, nor in any way affect this Agreement.

**13.11** <u>Governing Law</u>. This Agreement shall be governed by and construed and interpreted in accordance with the laws of the State of Washington and Title 11 of the United States Code.

**13.12** <u>Attorneys' Fees and Costs</u>. The Parties will each bear the costs of negotiating or enforcing the Agreement, including without limitation all attorneys' fees arising from this Agreement.

*[Signature pages follow.]*

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the dates set forth below.

March 18, 2019          **MOSES LAKE LANDLORDS**

                                    **GIGA PLEX, LLC**
                                    **MLDC 1, LLC**

By: _____
       Ryan Oster
       Managing Member

March 18, 2019          **ESTATE OF GIGA WATT, INC.**

By: _____
       Mark D. Waldron, *in his capacity as Chapter 11 Trustee of the estate of giga Watt, Inc. and not in any personal capacity*

March 18, 2019          **ECO DIVERSIFIED HOLDINGS, INC.**

               By: _____
Printed Name: _____
              Its: _____

16

STATE OF WASHINGTON

ss.

COUNTY OF _____

I certify that I know or have satisfactory evidence that Ryan Oster is the person who appeared before me and the manager of Giga Plex, LLC and MLDC 1, LLC, and said person acknowledged that he signed this instrument and acknowledged it to be Giga Plex, LLC's and MLDC 1, LLC's free and voluntary act for the uses and purposes mentioned in this instrument.

Dated:

Notary name printed or typed:
Notary Public in and for the State of
Residing at
My appointment expires:

STATE OF NEVADA

ss.

COUNTY OF PIERCE

I certify that I know or have satisfactory evidence that Mark D. Waldron is the person who appeared before me and the Chapter 11 Trustee for the Bankruptcy Estate of Giga Watt, Inc., and said person acknowledged that he signed this instrument and acknowledged it to be the Bankruptcy Estate of Giga Watt, Inc.'s free and voluntary act for the uses and purposes mentioned in this instrument.

Dated:

Notary name printed or typed: Diana L. Atkins
Notary Public in and for the State of Washington
Residing at Tacoma
My appointment expires: 7-2-21

17

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the dates set forth below.

March 18, 2019        **MOSES LAKE LANDLORDS**

**GIGA PLEX, LLC**
**MLDC 1, LLC**

By: _____
       Ryan Oster
       Managing Member

March 18, 2019        **ESTATE OF GIGA WATT, INC.**

By: _____
       Mark D. Waldron, *in his capacity as*
       *Chapter 11 Trustee of the estate of giga*
       *Watt, Inc. and not in any personal*
       *capacity*

March 18, 2019        **ECO DIVERSIFIED HOLDINGS, INC.**

By: _____
Printed Name: _Randy Prince_____
Its: _President_____

16

STATE OF WASHINGTON

ss.

COUNTY OF _____

I certify that I know or have satisfactory evidence that Ryan Oster is the person who appeared before me and the manager of Giga Plex, LLC and MLDC 1, LLC, and said person acknowledged that he signed this instrument and acknowledged it to be Giga Plex, LLC's and MLDC 1, LLC's free and voluntary act for the uses and purposes mentioned in this instrument.

Dated:

_____
Notary name printed or typed:
Notary Public in and for the State of
Residing at
My appointment expires:


STATE OF NEVADA

ss.

COUNTY OF PIERCE

I certify that I know or have satisfactory evidence that Mark D. Waldron is the person who appeared before me and the Chapter 11 Trustee for the Bankruptcy Estate of Giga Watt, Inc., and said person acknowledged that he signed this instrument and acknowledged it to be the Bankruptcy Estate of Giga Watt, Inc.'s free and voluntary act for the uses and purposes mentioned in this instrument.


Dated:

_____
Notary name printed or typed:
Notary Public in and for the State of
Residing at
My appointment expires:

STATE OF NEVADA

                                 ss.

COUNTY OF
_____Clark_____

I certify that I know or have satisfactory evidence that Randy Prince is the person who appeared before me and the President of ECO Diversified Holdings, Inc., and said person acknowledged that he signed this instrument and acknowledged it to be ECO Diversified Holdings, Inc.'s free and voluntary act for the uses and purposes mentioned in this instrument.

Dated: 3·18·19



Notary name printed or typed: Felicia McGhee
Notary Public in and for the State of Nevada
Residing at Las Vegas, Clark County Nevada
My appointment expires: 7·7·21

NOTARY PUBLIC
FELICIA MCGHEE
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. JUL. 17, 2021
No: 05-101833-1

18

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the dates set forth below.

March 18, 2019 **MOSES LAKE LANDLORDS**

**GIGA PLEX, LLC**
**MLDC 1, LLC**

By: _____
Ryan Oster
Managing Member

March 18, 2019 **ESTATE OF GIGA WATT, INC.**

By: _____
Mark D. Waldron, *in his capacity as*
*Chapter 11 Trustee of the estate of giga*
*Watt, Inc. and not in any personal*
*capacity*

March 18, 2019 **ECO DIVERSIFIED HOLDINGS, INC.**

By: _____
Printed Name: _____
Its: _____

16

STATE OF WASHINGTON

ss.

COUNTY OF _Grant_

I certify that I know or have satisfactory evidence that Ryan Oster is the person who appeared before me and the manager of Giga Plex, LLC and MLDC 1, LLC, and said person acknowledged that he signed this instrument and acknowledged it to be Giga Plex, LLC's and MLDC 1, LLC's free and voluntary act for the uses and purposes mentioned in this instrument.

Dated: 3|18|19

Notary name printed or typed: David Visser
Notary Public in and for the State of Washington
Residing at Chelan County
My appointment expires: 11-1-2020

STATE OF NEVADA

ss.

COUNTY OF PIERCE

I certify that I know or have satisfactory evidence that Mark D. Waldron is the person who appeared before me and the Chapter 11 Trustee for the Bankruptcy Estate of Giga Watt, Inc., and said person acknowledged that he signed this instrument and acknowledged it to be the Bankruptcy Estate of Giga Watt, Inc.'s free and voluntary act for the uses and purposes mentioned in this instrument.

Dated:

Notary name printed or typed:
Notary Public in and for the State of
Residing at
My appointment expires: