# **Exhibit D**
*The MFDA*

# MINING FARM DEVELOPMENT AGREEMENT

This Mining Farm Development Agreement ("Agreement") is made on June 27, 2017, by and between Giga Watt, Inc., a Washington corporation, located at 1 Campbell Pkwy, East Wenatchee, WA 98802 ("Developer" or "Giga Watt") and ECO DIVERSIFIED HOLDINGS INC., a Nevada corporation, located at 4625 West Nevso Drive, Suite 2 & 3, Las Vegas, NV 89103 ("Client").

**Whereas,** Developer is in business of owning and operating data processing facilities in the State of Washington.

**Whereas,** Client wishes for Developer to construct the mining farm on the land subleased by Client and for the use by Client.

**Now, therefore,** in consideration of the mutual covenants and agreements and subject to the conditions and limitations set forth herein, the Parties hereto do hereby agree as follows:

1. **Project.**
   a. Mining Farm. The mining farm ("Mining Farm") shall consist of one structure with the aggregate capacity of up to 1.63 MW but not less than 1.5 MW connected to the power line of Grant County PUD. The structure shall have all required parts such as fans, shelves, and power distribution infrastructure to allow operation of the Client's equipment.
   b. Location. The Mining Farm shall be located at 7906 Randolph Road, Moses Lake, Washington 98837.
   c. Additional Work. Installation, operation, maintenance and service of the Client's mining equipment shall be governed by separate agreements.

2. **Scope of Work.**
   a. Design of Mining Farm. Over the course of its business, Developer invented and perfected the proprietary design of a structure required to operate the mining equipment, which shall be used as a basis to construct the Mining Farm for Client. All drawings, specifications and other documents and electronic data furnished by Developer to Client under this Agreement ("Work Product") are deemed to be the property of Developer, and Client is granted a limited license to use such Work Product solely for the Mining Farm to which this Agreement pertains.
   b. Construction Management. Developer shall hire all necessary contractors and purchase the required materials and equipment to build and operate the Mining Farm for Client.
   c. Permits. Developer shall facilitate obtaining the required governmental approvals and permits for construction of the Mining Farm. The cost of the permits shall be borne by Developer.

1

d. As per specifications in attachment A in this agreement, GigaPod Plan set showing facility and electrical design components committed to as this Scope of Work shall be furnished to the Client.

3. **Payment.**
   a. The price of development of the Mining Farm for Client by Developer shall be One Million Five Hundred Thousand U.S. dollars ($1,500,000). This amount shall not include the cost of the mining equipment, which shall be purchased by Client under a separate agreement.

   b. Developer shall credit Five Hundred Thousand dollars ($500,000) paid by Client for the WTT tokens towards the price set forth in section 3(a) of this Agreement, which shall bring the payment to One Million dollars ($1,000,000) which shall be made as a 50% deposit of $500,000 within 3 business days from the date of signing of this Agreement and final payment of $500,000 within 15 days from the date of deposit. Once final payment is made, Client shall lose any and all rights to the WTT token it ever acquired which shall be returned to GigaWatt or would acquire otherwise.

   c. The Payment may be made in BTC to the Seller's wallet (1JGQo8hQhddXFN5FdLCdhAMwzgyqLGZ6sh) at the exchange rate set by the Coindesk at the time of transfer (http://www.coindesk.com/price/).

4. **Ownership of Mining Farm.** Client shall be the sole owner of the Mining Farm constructed under this Agreement. The ownership of the Mining Farm is subject to the land sublease, which Client has with Giga Watt, Inc. ("Sublease Agreement"). In construction and operation of the Mining Farm, Client shall be bound by the terms of the Sublease Agreement.

5. **Branding and Signage.**
   a. Client shall have the right to display its signage and logos on the Mining Farm as appropriate and in compliance with the local regulations.
   b. At the request of Developer, Client shall display on the Mining Farm the Developer's signage and logo provided and paid for by Developer. Developer logo and signage shall not be placed in such a way as to the detriment of Client logo and signage. Any unauthorized use of the Developer's name or logo or any combination thereof is strictly prohibited.

6. **Schedule.** Developer shall commence the designing work on the Mining Farm within Three (3) business days upon the receipt of payment under this Agreement and shall commence the construction portion of the work within Three (3) business days of the issuance of the building permit. Subject to the permitted extensions and delays provided herein, Developer shall deliver the Mining Farm within Ten (10) weeks after the execution of this Agreement.

2

7. **Delivery.** The Mining Farm shall be considered delivered when it is connected to the power line of the Grant County PUD and is ready for the operation of mining equipment with the aggregate capacity of up to 1.63 MW but not less than 1.5 MW.

8. **Delay.** Client understands and acknowledges that the delivery of Mining Farm can be delayed by the act, neglect, or default of the third parties, including but not limited by contractors and material suppliers, governmental action or inaction, or any other reason or reasons beyond Developers reasonable control, including but not limited to damage caused by fire or other casualty, strikes, force majeure, shortage of materials or labor, transportation delays, weather conditions, etc.

9. **Warranty.** Developer warrants that Mining Farm shall be constructed in accordance with the applicable laws and free from material structural defects. Developer shall repair any work not performed in accordance with the applicable law for a period of One (1) year from the date of delivery. Client shall give a written notice of any defect to Developer and allow Developer reasonable time but not less than Sixty (60) days to cure the defect. All product warranties, if any, are deemed assigned from Developer to Client, and Developer shall reasonably assist Client in enforcing such product warranties.

10. **Arbitration.** The parties agree to attempt to resolve any disputes relating to this Agreement by negotiation and/or with a mutually agreed-upon mediator. However, if these attempts are unsuccessful, upon demand by either party, all claims between the parties shall be referred for binding arbitration in accordance with the Washington Uniform Arbitration Act (RCW 7.04A et seq.). There shall be one arbitrator, whose decision shall be final, and binding, and judgment may be entered thereon. If the parties cannot agree on the arbitrator, the arbitrator shall be appointed by the presiding judge of the Douglas County Superior Court. The arbitrator is authorized to restrict and/or limit discovery in the arbitrator's discretion, to that discovery reasonable under the circumstances considering the complexity of the matter and the amount in controversy. The substantially prevailing party, in any arbitration or other action, shall be entitled to collect all fees and costs incurred in connection with such action, including attorneys' fees, which amount shall be included in any award given.

11. **Survival.** In the event any clause or provision of this Agreement shall be held to be invalid, then the remaining clauses and provisions shall nevertheless be and remain in full force and effect.

12. **Entire Agreement.** In entering into this Agreement, neither party has relied upon any statement, estimate, forecast, projection, representation, warranty, action or agreement of the other party except for those expressly contained in this Agreement. All other agreements, oral or written, are hereby merged into and superseded by this Agreement. There are no other agreements which modify or affect the terms hereof. No amendment hereto shall be binding

3

unless the terms thereof are in writing and signed by both parties. No verbal or other agreements shall modify or affect this Agreement.

13. **Binding Effect.** This Agreement shall be binding upon the parties hereto, and their heirs, successors, executors, administrators, and assigns.

14. **Assignment.** Neither party shall assign nor transfer this Agreement or any rights hereunder without the prior written consent of the other.

15. **Notices.** All notices which may be required under this Contract are to be in writing and delivered (a) to the attention of the party at the address listed on the signature page; or (b) by email to the email address on the signature page; or (c) by fax to the fax number on the signature page, or (d) mailed by certified mail, postage prepaid, to the address listed on the signature page. All notices shall be deemed served upon delivery, successful transmission, or Two (2) days following deposit of the notice in the U.S. mail as required herein.

16. **Governing Law, Venue.** The performance and interpretation of this Contract shall be governed in accordance with the laws of the State of Washington.

**DEVELOPER**

_____
By: David M. Carlson, CEO

Giga Watt, Inc.
1 Campbell Pkwy
East Wenatchee, WA 98802

**CLIENT**

*Randy Prince* (signature)
By: Randy Prince, CFO

Eco Diversified Holdings, Inc.
4625 West Nevso Drive, Suite 2 & 3,
Las Vegas, NV 89103

4