Pamela M. Egan, WSBA No. 54736
William R. Firth, III (admitted *pro hac vice*)
CKR Law LLP
506 2nd Avenue, Suite 1400
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pegan@ckrlaw.com

*Attorneys for Mark D. Waldron in his capacity as the duly-appointed Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re: | Case No. 18-03197 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| | Chapter 11 |
| Debtor. | **MOTION OF CHAPTER 11 TRUSTEE FOR APPROVAL OF COMPROMISE WITH EXECUTIVE FLIGHT, INC.; POINTS AND AUTHORITIES THEREON** |

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "Trustee") in the bankruptcy case of the above-captioned debtor (the "Debtor"), hereby moves (the "Motion") for entry of an Order, substantially in the form attached hereto as **Exhibit A**, approving the compromise reached between the Trustee, on the one hand, and Executive Flight, Inc. ("EFI"), on the other hand, the terms and conditions of which are contained in the agreement dated April 19, 2019 ("Settlement Agreement") attached hereto as **Exhibit B**.

Motion of Chapter 11 Trustee for Approval of
Compromise with Executive Flight, Inc. - Page 1

Pursuant to the Settlement Agreement, the Trustee has agreed, subject to Court approval, to transfer to EFI all right, title, interest, and ownership in certain office furniture left by the Debtor when it surrendered premises that it had leased from EFI. In exchange, EFI will release the estate from an administrative claim in the amount of $12,378.18, which represents one month of administrative rent allegedly owed by the Debtor to EFI. The office furniture will be transferred "as is" with no warranties, and EFI shall be responsible for any fees, transfer costs and/or taxes associated with the transfer.

The relief requested in in this Motion is supported by Rule 9019 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 363.

## I.     JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

## II.     BACKGROIUND

On November 19, 2018 ("Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On or about December 19, 2018, the Debtor vacated the Premises. On December 19, 2018, the Official Committee of Unsecured Creditors was appointed. *See Appointment of Committee of Unsecured Creditors in a Chapter 11 Reorganization Case* [Docket No. 56].

On December 19, 2018, the Court entered an *Order Granting Executive Flight, Inc.'s Motion to Compel Rejection of Non-Unexpired Residential Real Estate Lease* [Docket No. 55] (the "Rejection Order"). The Rejection Order compelled the rejection of that certain Commercial Lease, dated April 1, 2017, as amended, between EFI and the Debtor pursuant to which the Debtor leased from EFI, the premises located at One Campbell Parkway, East Wenatchee, WA 98802 ("Premises"). Pursuant to the Commercial Lease, EFI also transferred ownership of certain office furniture (the "Personal Property") to the Debtor on an "as is" basis. The Trustee is informed and therefore believes that in December 19, 2018, the Debtor vacated the Premises, leaving the Personal Property behind Certain equipment was also transferred to the Debtor pursuant to the Commercial Lease. That equipment is not part of the Settlement Agreement.

On January 18, 2019, the Court ordered the appointment of a Chapter 11 Trustee pursuant to its *Order Granting Committee's Motion to Appoint Chapter 11 Trustee* [Docket No. 121]. On January 23, 2019, the Court approved the appointment of Mark D. Waldron as the Chapter 11 Trustee pursuant to its *Order Approving Appointment of Chapter 11 Trustee* [Docket No. 146].

On February 8, 2019, EFI filed a Proof of Claim (Claim No. 36-1) in which it asserted the right to payment on a general unsecured basis in the amount of $161,306.22 representing $148,537.92 in rejection damages pursuant to section 502(b)(6) of the Bankruptcy Code plus prepetition rent in the amount of $12,768.30 (the "Rejection Damages Claim"). On February 15, 2019, EFI filed an

amended claim (Claim No. 36-2), increasing the amount of the Rejection Damages Claim to $152,652.74.

Subsequently, EFI contacted the Trustee asserting an informal administrative claim (the "<u>Administrative Rent Claim</u>") in the amount of $12,378.18 representing one month of post-petition rent for the period from the Petition Date to December 19, 2019 when the Rejection Order was entered and the Debtor vacated the premises. The Settlement Agreement resolves the Administrative Rent Claim. It does not resolve the Rejection Damages Claims

On March 1, 2019, the Personal Property was appraised and it was found to have a fair market value of $4,530.00.

### III. BASIS FOR RELIEF

Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. To be approved, the settlement should be in the best interests of the estate and "reasonable, given the particular circumstances of the case." *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). In determining the "fairness, reasonableness and adequacy" of a proposed compromise, a bankruptcy court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the

creditors and a proper deference to their reasonable
views in the premises.

*A&C Properties*, 784 F.2d at 1381 (quoting *In re Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir.1984) (citations omitted), *cert. denied*, 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985)). "When assessing a compromise, courts need not rule upon disputed facts and questions of law, but rather only canvass the issues." *In re Schmitt,* 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997).

### A. The Proposed Settlement Meets the A&C Properties Test

#### 1. Probability of Success

While the estate clearly owns the Personal Property, the Administrative Rent Claim also appears at this time to be straightforward. The probability of defeating the Administrative Rent Claim is not clear at this point. This factor weighs in favor of approving the proposed Settlement

#### 2. Difficulties of Collection

Even if the Trustee defeated the Administrative Rent Claim, the estate would still be burdened with the expense of liquidating the Personal Property, for which it has no use. This factor weighs in favor of approving the proposed Settlement Agreement.

#### 3. Complexity, Inconvenience, and Delay

The estate has very limited resources. The Trustee is focusing those limited resources on generating and capturing going concern value. Settling the Administrative Rent Claim on the terms set forth herein (returning the Personal

Property to EFI) is an efficient use of those limited resources. This factor weights in favor of approving the proposed Settlement.

    4.  <u>Paramount Interest of Creditors</u>

The Personal Property which the estate is giving up pursuant to the Settlement Agreement is worth less than the Administrative Rent Claim from which it is being released. This factor weighs in favor of approving the proposed Settlement.

For these reasons, the proposed Settlement Agreement meets the A&C Properties factors.

**B.** **The Settlement Agreement Is an Exercise of Sound Business Judgment.**

After notice and hearing, the Trustee may "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A transaction outside of the ordinary course "must be based on [the trustee's] reasonable business judgment*." In re Ernst Home Ctr., Inc.,* 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997). The trustee must also establish "some articulated business justification" for the transaction. *Id.*, quoting *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir.1983); In re Walter, 83 B.R. 14 (B.A.P. 9th Cir. 1988). *See also In re Lahijani,* 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005) ("Ordinarily, the position of the trustee is afforded deference, particularly where business judgment is entailed in the analysis or where there is no objection.").

The Trustee's decision to enter into the Settlement Agreement is supported by sound business reasons because it resolves an administrative claim without

Motion of Chapter 11 Trustee for Approval of
Compromise with Executive Flight, Inc. - Page 6

litigation and allows the Trustee to liquidate burdensome personal property without having to incur any liquidation costs.

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

1. Granting the Motion;

2. Approving the Settlement Agreement; and

3. Granting such other and further relief as is just and proper.

Dated: April 23, 2019

CKR LAW LLP

*/s/ Pamela M. Egan*
Pamela M. Egan (WSBA No. 54736)

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

Motion of Chapter 11 Trustee for Approval of
Compromise with Executive Flight, Inc. - Page 7