BANKRUPTCY COURT FOR THE

EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| In re Giga Watt, Inc.,<br><br>　　　　Debtor. | UNSECURED CREDITORS COMMMITTEE'S RESPONSE TO TRUSTEE'S MOTION FOR ORDER APPROVING MOSES LAKE TWO-WAY AGREEMEENT<br><br>CASE NO: 18-03197 FPC 11 |

　　　　The Committee of Unsecured Creditors of the Chapter 11 Bankruptcy Estate of Giga Watt, Inc. ("Committee") hereby responds to the Chapter 11 Trustee's Motion for Order Approving Moses Lake Two-Way Agreement ("Motion"), ECF No. 261, filed on April 5, 2019 concerning the terms for restarting the Debtor's operations in Grant County. In sum, the Committee does not object to the Trustee's requested relief, so long as it does not purport to determine any potential issues regarding the characterization of potential claims held by the Committee's class members, including but not limited to rights of Token Holders and/or Miner Owners[1], who have filed approximately 90% of the timely-filed proofs of claim in this case.

---

[1] As previously explained by the Trustee in his Motion for Order Extending Deadline to File Proofs of Claim (ECF No. 191), in 2017 the Debtor engaged in a sale of "tokens" ("WTT Tokens") representing one watt of power at the Debtor's facility for fifty years (purchasers hereinafter referred to as "Token Holders"). The Debtor also offered for sale computers called "miners" (their purchasers hereinafter referred to as "Miner Owners") that could be

COMMITTEE RESPONSE TO TRUSTEE'S MOTION RE TWO-WAY
AGREEMENT - 1



DBS | LAW

A Professional Limited Liability Company
155 NE 100th Street, Suite 205　Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

18-03197-FPC11　　Doc 289　　Filed 05/02/19　　Entered 05/02/19 18:12:29　　Pg 1 of 3

The non-ordinary course reopening of the Moses Lake facility was undertaken without the Court's prior authorization, and may involve the use of non-estate property including Miners and the power-capacity reserved by Token Holders. No administrative priority is proposed in the Motion for Token Holders and Miner Owners. By failing to address the rights of Token Holders and Miner Owners for the Trustee's current and ongoing use of their property in the Debtor's operations, the Trustee seems implicitly to be suggesting that the claims of Token Holders and Miner Owners are properly subordinated under 11 U.S.C. § 510.

The Committee favors the outcome achieved by the Motion, including the generation of income for the estate through the reopening of operations at Moses Lake, and generally approves of the Trustee's considerable efforts in this case to recover and maximize value for the estate. This is especially so given that such a large percentage of the Committee's constituents are Token Holder and Miner Owners, and that those creditors may ultimately become the future owners of Giga Watt through a debt-to-equity swap in a conceivable future plan of reorganization – something that some of the Token Holder and Miner Owners have expressed interest in, both to the Committee and to the Trustee. The Trustee's efforts to restart operations is an important step in allowing Token Holders and Miner Owners—and any other potential future owner of Giga Watt and/or its assets—to evaluate the company's ability to function and meet its overhead obligations as a going concern.

The Committee also does not object to the Trustee's use of property that it believes may belong to creditors, *so long as* it is understood that creditors are not waiving any future rights to

---

hosted and maintained by the Debtor for the purpose of mining cryptocurrency. In sum, Token Holders purchased the exclusive right to utilize one watt (per token) of power for fifty years, and Miner Owners purchased computers.

COMMITTEE RESPONSE TO TRUSTEE'S MOTION RE TWO-WAY AGREEMENT - 2



DBS | LAW

A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

reimbursement that would be due from any income generated through the use of their property, or any other rights that would arise under the Trustee's operations at Moses Lake.

To the extent not already part of the Trustee's plans for Moses Lake operations (or potential future operations at other facilities), Committee recommends that in order to facilitate the future resolution of any claims arising from the use of non-estate assets, the Trustee maintain an accounting of revenues in substantially the same format that was previously used by the Debtor.

Finally, the Committee recommends that any future changes to the current status of operations by the Trustee, including the reopening of future facilities, be undertaken only after notice and court approval.

DATED this 2nd day of May, 2019.

DBS | LAW

By /s/ B. Ellison
Benjamin Ellison, WSBA No. 48315
155 NE 100th St., Suite 205
Seattle, WA 98125
Tel: (206) 259-2950
Fax: (206) 973-8737
*Attorneys for the Committee*

COMMITTEE RESPONSE TO TRUSTEE'S MOTION RE TWO-WAY AGREEMENT - 3

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC11    Doc 289    Filed 05/02/19    Entered 05/02/19 18:12:29    Pg 3 of 3