Pamela M. Egan, WSBA No. 54736
William R. Firth, III (admitted *pro hac vice*)
CKR Law LLP
506 2nd Avenue, Suite 1400
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pegan@ckrlaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S APPLICATION FOR ORDER APPOINTING BANKRUPTCY MANAGEMENT SOLUTIONS, INC. D/B/A STRETTO AS CLAIMS AND NOTICING AGENT AND ADMINISTRATIVE ADVISOR PURSUANT TO 28 U.S.C. § 156(c), 11 U.S.C. §§ 105(a) AND 327(a)** |

Mark D. Waldron, the Court-appointed trustee (the "**Trustee**"), in the above-captioned case hereby moves (the "Application") for entry of an order, substantially in the form of **Exhibit A** hereto (the "**Retention Order**") appointing Bankruptcy Management Solutions, Inc. d/b/a/ Stretto ("**Stretto**") as:

Application for Order Authorizing Retention
of Stretto as Claims and Noticing Agent, etc. -- Page 1

A. The claims and noticing agent in this case pursuant to section 156(c) of title 28 of the United States Code and section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"); and

B. As administrative advisor pursuant to section 327(a) of the Bankruptcy Code, to the extent that any of the services described herein can be construed as falling outside the scope of the services covered by section 156(c), 28 U.S.C. § 156(c).

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

On November 19, 2018, Giga Watt, Inc. (the "**Debtor**") commenced this case by filing a voluntary petition for relief pursuant to sections 101 et seq. of the United States Code (the "**Bankruptcy Code**").

On January 23, 2019, the Court approved the appointment of Mark D. Waldron (the "**Trustee**") as the Trustee of the Debtor's estate (the "**Estate**") pursuant to its *Order Approving Appointment of Chapter 11 Trustee* [Docket. No. 146].

The bar date for filing proofs of claims passed on April 19, 2019 pursuant to that certain Order, dated March 4, 2019. [Docket No. 219] To date,

approximately 340 claims have been filed in this case with an aggregate face value of $142,314,778.

The Trustee has used the services of Stretto (formerly known as Bankruptcy Management Solutions, Inc.) for more than fifteen (15) years. Stretto provides services to approximately half of all chapter 7 trustees in the nation.

## SCOPE OF SERVICES

The Engagement Agreement, a copy of which is attached hereto as **Exhibit B**, provides for Stretto to provide administrative services, including:

> Legal noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, preparation of [amended] schedules of assets and liabilities and [amended] statements of financial affairs, communications, [and ]confidential online workspaces or data room.

**Exhibit B**, Agreement, § (a). Stretto will provide these services on an as-needed basis.

Stretto has also agreed to set up and host a website for the estate free of charge. As set forth below, it has waived other important fees.

## TERMS OF SERVICE

Stretto pushes work down to the most efficient person.

**Consulting Services**

Its staffing costs and descriptions are summarized as follows:

| Position | Summary of Service | Hourly Rate |
|---|---|---|
| Analyst | Processes incoming mail, including creditor | $30-$50 |

Application for Order Authorizing Retention of Stretto as Claims and Noticing Agent, etc. -- Page 3

| Position | Summary of Service | Hourly Rate |
|---|---|---|
| | correspondence and returned mail | |
| Associate/Sr. Assoc. | Reviewing and processing claims, custom claim and ballot reports, overseeing all mailings | $65-$165 |
| Director/Managing Dir. | Primary contact with counsel and other professionals and supports all aspects of administration | $175-$210 |
| Chief Oper. Ofc./Sr. Managing Director | Will provide consulting support at no charge. | Waived |
| Solicitation Associate | Reviews, tabulates and audits ballots and executes plan solicitation | $190 |

Application for Order Authorizing Retention
of Stretto as Claims and Noticing Agent, etc. -- Page 4

**Printing and Other Services**

Stretto will charge 5 cents per page for envelope printing. It will charge 10 cents per page for printing, fax noticing, and electronic imaging. It is waiving any fee for email noticing and for document folding and inserting.

With respect to claims administration and management, the license fee and data storage for the claims database that Stretto will set up will only be 10 cents per creditor per month, which in this case will approximate $35 per month. Stretto is waiving the monthly maintenance charge for the claims database, as well as fees for updating the claims register, providing access to the claims database (to an unlimited number of users), running custom reports, and providing a voice mail box for creditors (with interactive voice response).

Stretto is also waiving any fee for the set up and hosting of a case-specific website for this case.

A complete description of fees is listed in the Agreement, attached hereto as **Exhibit B**.

**Monthly Payment**

Pursuant to the Agreement, and subject to this Court's approval, Stretto will be paid monthly as an administrative expense of the Estate pursuant to section 503(b)(1)(A) of the Bankruptcy Code. Stretto will send a monthly invoice to: (i) the Trustee, (ii) counsel for the Trustee, (iii) the Office of the United States Trustee, and (iv) counsel for the Official Committee of Unsecured Creditors ("**Notice Party**" or "**Notice Parties**").

If no Notice Party objects within ten (10) days following service of the monthly invoice, then the Trustee will pay Stretto's invoice in full. If an objection to an invoice is made, the objecting party shall schedule a hearing before the Court to consider the disputed invoice or the disputed portion thereof, as applicable. In the event of an objection, the Trustee may pay any undisputed portion of the invoice.

## BASIS FOR RELIEF REQUESTED

The relief requested herein is appropriate under 28 U.S.C. § 156(c), which governs the staffing and expenses of the Bankruptcy Court and states as follows:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid out of the assets of the estate and are not charged to the United States.

28 U.S.C. § 156(c).

To the extent any of the services described herein are outside the scope of section 156(c), then the Trustee requests employment of Stretto pursuant to section 327(a) of the Bankruptcy Code which authorizes the Trustee to employ professional persons that "do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Payment to Stretto on a monthly basis is permissible pursuant to sections 105(a) and 331 of the Bankruptcy Code.

More than 340 proofs of claim with an aggregate face value of $142,314,778 have been filed in this case. Stretto's employment will: (i) relieve the Clerk of the significant administrative burden arising from this number of claims, (ii) avoid delay and reduce costs in the management and processing of proofs of claim, (iii) effectively and efficiently assist the Trustee with the task of sending notices to creditors and other parties in interest and (iv) provide an efficient way to communicate with creditors and keep them informed through a website and call center.

Moreover, Stretto has agreed to significantly reduce its fees. Among other concessions, Stretto is waiving any fee for (1) access to the claims database that it will create and for running customer client reports from that database, (2) setting up and hosting a case-specific website, (3) maintaining a voice messaging service and (4) providing consulting support from its top executives, its Chief Operating Office and Senior Management Director, at no charge. These professionals have collectively over thirty-five years of experience.

Based on the Trustee's experience and queries made in this case, the Trustee has determined that Stretto is offering pricing that is below market value.

### STRETTO'S QUALIFICATIONS

Stretto is well-qualified to perform the various services set forth herein. Stretto specializes in providing claims management consulting and computer services to chapter 11 debtors and has performed similar services in many other chapter 11 cases. *See*, *e.g.*, *In re Montesquieu, Inc.*, Case No. 19-10599 (Bankr.

D. Del. 2019); *In re Z Gallerie, LLC*, Case No. 19-10488 (Bankr. D. Del. 2019); *In re Diesel USA Inc.*, Case No. 19-10432 (Bankr. D. Del. 2019); *In re BeavEx Holding Corporation*, Case No. 19-10316 (Bankr. D. Del. 2019); *In re Willowood USA Holdings, LLC, et al.*, Case No. 19-11079 (Bankr. D. Col. 2019); *In re SIW Holding Company, Inc.*, Case No. 18-11579 (Bankr. D. Del. 2018); *In re Sancilio Pharmaceuticals Company, Inc.*, Case No. 18-11333 (Bankr. D. Del. 2018); *In re Nighthawk Royalties LLC*, Case No. 18-10989 (Bankr. D. Del. 2018); *In re Scotty's Holdings, LLC, et al.*, Case No. 18-09243 (Bankr. S.D. Ind. 2018); *In re Oklahoma ProCure Management, LLC*, Case No. 18-12622 (Bankr. D. Del. 2018); *In re Angel Medical Systems, Inc.*, Case No. 18-12903 (Bankr. D. Del. 2018); *In re Toys "R" Us, Inc., et al.*, Case No. 17-34665 (Bankr. E.D. Va. 2017).

The Debtor's estate will benefit from the efficient and cost-effective methods that Stretto has developed in performing its services in these numerous other cases.

## EMPLOYMENT DISCLOSURES

Stretto has not been paid any sums by the Trustee. There are no arrangements between Stretto and any other entity for the sharing of compensation received or to be received in connection with this case, except insofar as such compensation may be shared among Stretto employees.

To the best of the Trustee's and Stretto's knowledge, Stretto does not: (1) represent any interest adverse to the Debtor or its estate; (ii) have any connection with the Debtor, its creditors, any other party in interest, their respective attorneys

and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; (iii) hold any claims against the Debtor; or (iv) employ any person that is related to a judge of this Court or the United States Trustee for Region 18. In addition, to the best of the Trustee's knowledge, Stretto is a "disinterested person" under applicable sections of the Bankruptcy Code. If any new facts or relations are discovered, Stretto will supplement its disclosure to the Court.

Stretto will not employ any past or present employee of the Debtor for work that involves the Debtor's bankruptcy case.

Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in the Chapter 11 Cases;

In its capacity as the claims and noticing agent in this case, Stretto will not be an agent of the United States and will not act on behalf of the United States

## NOTICE

Notice of this Application will be provided to: (a) all ECF participants; (b) the Master Mailing List and (c) all parties that have filed a request for notice of all matters in accordance with Bankruptcy Rule 2002(i). The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

No prior application for the relief requested herein has been made to this or any other court.

---

Application for Order Authorizing Retention
of Stretto as Claims and Noticing Agent, etc.  --  Page 9

## CONCLUSION

WHEREFORE, the Trustee requests the entry of an order:

A. Granting this Application and entering an Order in substantially the form attached hereto as **Exhibit A**;

B. Authorizing and approving the retention of Stretto as the claims and noticing agent for the Clerk and to serve as administrative advisor;

C. Authorizing monthly compensation to Stretto as provided for herein; and

D. Granting such other and further relied as is just and proper.

Dated: May 6, 2019                      CKR LAW LLP

/s/    Pamela M. Egan
Pamela M. Egan
William R. Firth III (admitted *pro hac vice*)

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# VERIFIFICATION

I, Mark D. Waldron, am the duly-appointed Chapter 11 Trustee in the above-captioned bankruptcy case. I have reviewed the Application. I believe the factual statements set forth herein are true based upon my personal knowledge and where applicable based on my investigation and review of documents in this case.

I declare under penalty of perjury that the foregoing is true.

Signed this 6th day of May 2019 in Tacoma, Washington.

_____
Mark D. Waldon, *in his capacity as the duly appointed Chapter 11 Trustee*

Application for Order Authorizing Retention of Stretto as Claims and Noticing Agent, etc. -- Page 11

## VERIFICATION

I, Sheryl Betance, am a Managing Director of Bankruptcy Management Solutions, Inc. d/b/a Stretto. I have reviewed the Application. I believe the allegations set forth herein are true based upon my personal knowledge and where applicable based on my investigation and review of documents in this case.

I declare under penalty of perjury that the foregoing is true.

Signed this 6th day of May 2019 in Irvine, California.

*Sheryl Betance*
Sheryl Betance
*Managing Director of Bankruptcy Management Solutions, Inc., d/b/a Stretto*

Application for Order Authorizing Retention of Stretto as Claims and Noticing Agent, etc. -- Page 12