JAMES D. PERKINS, WSBA #12996
Attorney for the United States Trustee
United States Dept. of Justice
920 West Riverside, Room 593
Spokane, WA 99201
Telephone (509) 353-2999
Fax (509) 353-3124

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re: | Case No. 18-03197-FPC11 |
|---|---|
| Giga Watt Inc. | UNITED STATES TRUSTEE'S BRIEF IN SUPPORT OF OBJECTION TO FEE APPLICATION |
| Debtor | |

    The United States Trustee has objected to the Application for Award of Compensation (the "Fee Application") filed by Timothy R. Fischer of Winston & Cashatt on February 7, 2019 as Docket #159. *Docket #204*. The United States Trustee's Objection has been joined by both the Unsecured Creditors' Committee (*Docket #221*) and the Chapter 11 Trustee (*Docket #222*), both of whom have also raised additional objections to the Fee Application.

    The United States Trustee's objection to the Fee Application is based on Winston & Cashatt's failure to disclose to the Court and all parties in its Employment Application both (a) the fact that it was in possession of the remaining $33,198.00 of a $50,000.00 retainer it had received pre-petition, and (b) that it had received this retainer not from the Debtor, but from one of its principals, Andrey Kuzenny. *Docket #204, pp.1-2*. This non-disclosure violates a number of bankruptcy statutes and rules which mandate the disclosure of all pertinent facts surrounding an attorney's proposed representation of a Chapter 11 debtor. The United States Trustee's Objection sets out the basic principles requiring that disclosure and supporting the denial of fees to an attorney who fails to

United States Trustee's Brief - 1

comply with those provisions. This brief provides additional citations of authority in support of the United States Trustee's Objection to the Fee Application.

## ADDITIONAL AUTHORITIES

The failure to disclose under section 329(a) and Bankruptcy Rule 2016(b) is grounds for denying the entire fee. *Mapother & Mapother v. Cooper (In re Downs)*, 103 F.3d 472, 478 (6th Cir. 1996) (finding bankruptcy court abused discretion in not ordering complete disgorgement for chapter 7 debtors' counsel's failure to disclose source of fees paid under section 329 and remanded with instruction to order disgorgement of all fees); *In re Basham*, 208 B.R. 926, 931 (B.A.P. 9th Cir. 1997), aff'd 152 F.3d 924 (9th Cir. 1998) (any attorney who fails to comply with section 329 "forfeits any right to receive compensation"); *In re Waldo*, 417 B.R. 854 (Bankr. E.D. Tenn. 2009) (denial of fees for, inter alia, failure to disclose that fees were paid by post-dated checks). Even a negligent or inadvertent failure to disclose is sufficient grounds to deny fees. *In re Kisseberth*, 273 F.3d at 718-19 (bankruptcy court has discretion to order return of fees for negligent or inadvertent violations of section 329). The duty to disclose is a continuing one. *In re Whitcomb*, 479 B.R. 133, 142 (Bankr. M.D. Fla. 2012); *In re Perrine*, 369 B.R. at 571 (Bankr. C.D. Cal. 2007); *In re Berg*, 356 B.R. 378 (Bankr. E.D. Pa. 2006).

An attorney's disclosure about compensation and all arrangements with his/her client must be full and complete, or he/she risks the loss of all fees and other sanctions. See *Park-Helena Corp.*, 63 F.3d at 880-881. The disclosure in a fee application is no substitute. See *In re TJN, Inc.*, 194 B.R. 400, 402 (Bankr. D.S.C. 1996); see *In re Quality Respiratory Care, Inc.*, 157 B.R. 180, 181 (Bankr. D. Me. 1993). *Matter of Prudhomme*, 43 F.3d 1000, 1003 (5th Cir.1995).

Although bankruptcy courts generally have some discretion in fashioning sanctions "[i]n cases involving an attorney's failure to disclose his fee arrangement under § 329 or Rule 2016, the courts have consistently denied all fees." See *In re Downs*, 103 F.3d 472, 478 (6th Cir. 1996). The fact that the failure to properly disclose may have

been the result of negligence or inadvertence does not "vitiate the failure to disclose." *In re Maui 14K, Ltd.*, 133 B.R. 657, 660 (Bankr. D. Haw. 1991); *Park-Helena Corp.*, 63 F.3d at 881. With respect to inadequate disclosures, "no exceptions are to be made based upon inadvertency, (slipshoddiness), or good faith." *In re Century Plaza Assoc.*, 154 B.R. 349, 352 (Bankr. S.D. Fla. 1992) (quoting *Matter of Kero-Sun*, 58 B.R. 770, 780 (Bankr. D. Conn. 1986)).

There is no requirement that the failure to disclose cause any actual harm to a party or the estate before compensation may be denied or reduced. *In re Saturley*, 131 B.R. 509, 517 (Bankr. D. Me. 1991); *In re Bob's Supermarket's, Inc.*, 146 B.R. 20, 25 (Bankr. D. Mont. 1992).

Dated: May 15, 2019

                                          Respectfully submitted,

                                          GREGORY M. GARVIN
                                          Acting United States Trustee

                                          */s/ James D. Perkins*
                                          JAMES D. PERKINS
                                          Attorney for the United States Trustee