Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP
1300 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004
Telephone: (415) 297-0132
Facsimile: (202) 318 7707
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>        Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>**TRUSTEE'S MOTION FOR ORDER: (I) SETTING EXPEDITED HEARING ON REQUEST FOR AUTHORITY TO RE-OPEN THE TNT FACILITY AND TO BORROW ON INTERIM BASIS; (II) AUTHORIZING RE-OPENING OF TNT FACILITY, AND (III) APPROVING FINANCING ON INTERIM AND FINAL BASIS WITH SUPER-PRIORITY UNSECURED STATUS**<br><br><u>**INTERIM HEARING**</u><br>Date:     August 29, 2019<br>Time:    10:00 a.m.<br>Location:  904 West Riverside Ave.<br>              Suite 304<br>Spokane, WA 99201 |

MOTION TO RE-OPEN TNT FACILITY AND OBTAIN SUPER-PRIORITY CREDIT  - Page 1

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "Trustee") hereby moves (the "Motion") the Court pursuant to 11 U.S.C. §§ 105, 363, 364(c)(1), 503, 507, Rules 2002, 4001(c), 9006 and 9014 of the Federal Rules of Bankruptcy Procedure and L.B.R. 2002-1(c)(2) for an Order, substantially in the form attached hereto as **Exhibit A**:

1. Authorizing the Trustee to re-open the TNT Facility on shortened notice of six (6) days with objections due the day before the expedited hearing;

2. Authorizing the Trustee to obtain a $158,512 loan on an interim basis, comprised of $154,512 (the "Catch-Up Power Payment") and a $4,000 origination fee, pending a final hearing on the Motion, and (ii) the remainder of $41,488 for a total of $200,000 on a final basis (the "Loan") pursuant to the terms of the Super-Priority Unsecured Credit Agreement (the "Loan Agreement") attached to the Motion as **Exhibit B**;

3. Authorizing the Trustee to use the proceeds of the Loan in accordance with the budget (the "Budget") set forth in Section 2.6 of the Loan Agreement, as such may be revised or with the Lender's consent;

4. Authorizing the Trustee to execute and enter into the Loan Agreement and to perform such other and further act as may be required thereby; and

5. Granting a super-priority claim pursuant to section 364(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"); and

6. Finding that the Loan is made in good faith.

The Trustee further requests that the Court (i) schedule a final hearing on 21-days' notice on the Trustee's request to borrow funds; (ii) approve notice procedures with respect thereto and (iii) grant such other and further relief as the Court deems appropriate.

The Motion is based upon the authorities and arguments set forth in the Memorandum of Points and Authorities, filed herewith, and upon the statements made in the Declaration of Mark D. Waldron, filed herewith. In accordance with Rule 4001(c) of the Federal Rules of Bankruptcy Procedure the following are material provisions of the Loan Agreement.

| Term | Description | Agr. § | Ord. ¶ |
|---|---|---|---|
| Borrowing Amount | $200,000 of which $158,512 is sought on an interim basis | § 2.1 | ¶ 1.a |
| Interest Rate / Fees | 15% per annum, no compounding<br>Two points | § 2.3<br>§ 2.2 | ¶ 1.b |
| Default Interest Rate | 21% per annum, no compounding | § 2.3.3 | ¶ 1.b |
| Maturity Date | The earliest of (i) 12 months, (ii) sale of all or substantially all the Estate's assets at TNT Facility, (iii) confirmation and consummation of plan or (iv) an Event of Default | § 3.3 | ¶ 1.c |
| Events of Default | Failure to make any payment of principal of, or interest on, or fees owing in respect of the Loan | § 9.1.1 | ¶ 1.d |
| | Any untrue representation or warranty | § 9.1.2 | ¶ 1.d |
| | Trustee's violation of Interim Financing Order or Final Financing Order, including, use of loan for items outside of Budget | § 9.1.3 | ¶ 1.d |

MOTION TO RE-OPEN TNT FACILITY AND OBTAIN SUPER-PRIORITY CREDIT - Page 3

| Term | Description | Agr. § | Ord. ¶ |
|---|---|---|---|
| | Trustee's non-observance of covenants that are not remedied during 10-day (or, if applicable 30-day) cure period. | § 9.1.4 | ¶ 1.d |
| | Final Financing Order not entered by Court within sixty (60) days after entry of the Interim Financing Order, absent Lender consent | § 9.1.5 | ¶ 1.d |
| | Granting any claim on priority basis equal or superior to that granted Lender | § 9.1.6 | ¶ 1.d |
| | Interim Financing Order or Final Financing Order Orders are amended, stayed, vacated, or modified without Lender's written consent | § 9.1.7 | ¶ 1.d |
| | Challenge by Trustee to Lender's claim | § 9.1.9 | ¶ 1.d |
| Use of Loan Proceeds | Loan proceeds used as set forth in the Budget, Schedule 2.6 | § 2.6 | ¶ 2 |
| Borrowing Conditions | Execution of Loan Agreement Entry of Financing Orders | § 4.1.1 § 4.1.2 | n/a |
| Granting of Priority | Unsecured Super-Priority Administrative Claim | § 5.1 | ¶ 3 |
| Payment Terms | Monthly payment: greater of $25,000 or fifty percent (50%) of Monthly Net Revenues from TNT. Monthly Net Revenues is TNT monthly revenues less (i) TNT mthly. electricity, (ii) TNT mthly. rent, and (iii) TNT mthly. labor | § 2.4 | ¶ 5 |

MOTION TO RE-OPEN TNT FACILITY AND OBTAIN SUPER-PRIORITY CREDIT  - Page 4

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion.

Dated: August 22, 2019

POTOMAC LAW GROUP

By:     */s/ Pamela M. Egan*
Pamela M. Egan (WSBA No. 54736)

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

MOTION TO RE-OPEN TNT FACILITY AND OBTAIN SUPER-PRIORITY CREDIT - Page 5