# **EXHIBIT A**
*Proposed Order*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, Inc., a Washington corporation,

        Debtor.

Case No. 18-03197 FPC 11

The Honorable Frederick P. Corbit

**ORDER GRANTING REQUEST FOR (I) EXPEDITED HEARING ON AUTHORITY TO RE-OPEN THE TNT FACILITY AND TO BORROW ON INTERIM BASIS; (II) AUTHORIZING RE-OPENING OF TNT FACILITY; AND (III) APPROVING FINANCING ON INTERIM BASIS WITH SUPER-PRIORITY UNSECURED STATUS AND ORDER SETTING FINAL HEARING ON REQUEST TO BORROW**

<u>**INTERIM HEARING**</u>

Date:      August __, 2019
Time:     __:__ _.m.
Location:  904 West Riverside Ave.
                Suite 304
                Spokane, WA 99201

Order Authorizing Re-Opening of TNT Facility and Granting Interim Financing - Page 1

This matter came to be heard on the *Chapter 11 Trustee's Motion for Order (i) Setting Expedited Hearing on Request for Authority to Re-Open the TNT Facility and to Borrow on Interim Basis; (ii) Authorizing Re-Opening of TNT Facility; and (iii) Approving Financing on Interim and Final Basis with Super-Priority Unsecured Status* (the "Motion") filed by Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "Trustee"). In the Motion, the Trustee requested entry of an order:

1. Authorizing the Trustee to re-open the Debtor's facility at 474 Highline Drive, East Wenatchee, Washington (the "TNT Facility") on shortened notice;

2. Authorizing the Trustee to obtain a $158,512 loan on an interim basis, comprised of $154,512 (the "Catch-Up Power Payment") and a $4,000 origination fee, pending a final hearing on the Motion, and (ii) the remainder of $41,488 for a total of $200,000 on a final basis (the "Loan") pursuant to the terms of the Super-Priority Unsecured Credit Agreement (the "Loan Agreement") attached to the Motion as **Exhibit B**;

3. Authorizing the Trustee to use the proceeds of the Loan in accordance with the budget (the "Budget") set forth in Section 2.6 of the Loan Agreement, as such may be revised or with the Lender's consent;

4. Authorizing the Trustee to execute and enter into the Loan Agreement and to perform such other and further act as may be required thereby; and

5. Granting a super-priority claim pursuant to section 364(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"); and

6. Finding that the Loan is made in good faith.

Based upon the Motion, the record before the Court and the consent of the Trustee and the Lender, it appears to the Court as follows:

A. Cause existed to consider the Trustee's request to re-open the TNT Facility on an expedited basis. Further, an interim hearing on the Motion has been held pursuant to the authorization of Bankruptcy Rule 4001(c)(2). The Trustee provided adequate notice of the interim hearing.

B. Entry of this Order is necessary to prevent the immediate and irreparable harm to the estate that otherwise would result if the estate were prevented, pending a final hearing on the Motion, from obtaining immediate financing and re-opening the TNT Facility.

C. The Trustee has made reasonable efforts, under the circumstances, to locate financing of the type contemplated by this Order; the Chapter 11 Trustee is unable to obtain, in the ordinary course of business or otherwise, financing in the form of unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.

D. Pending a final hearing on the Motion, Lender is willing to lend $158,512 on the terms, conditions and with the protections provided in this Order and in the Loan Agreement.

E. The terms and conditions of the Loan Agreement have been negotiated in good faith and at arm's length. Accordingly, the Loan shall be

Order Authorizing Re-Opening of TNT Facility and Granting Interim Financing - Page 3

deemed to be extended in good faith as that term is used in section 364(e) of the Bankruptcy Code.

    F.    Good cause has been shown for immediate entry of this Order pursuant to Bankruptcy Rule 4001(c)(2). The terms of the Loan reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties.

    G.    The decision to re-open the TNT Facility and to enter into the Loan Agreement is an exercise of the Trustee's sound business judgment.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. <u>Authorization for Loan</u>. The Motion is GRANTED. The Trustee shall be and hereby is authorized to borrow from Lender on the terms and conditions contained in this order and is authorized, but not directed, to enter into the Loan Agreement. Upon execution and delivery of the Loan Agreement, such agreement shall constitute a valid and binding obligation of the bankruptcy estate, enforceable against the Trustee, in his capacity as trustee and not personally, and enforceable against the estate in accordance with its terms.

    a.  <u>Loan Amount</u>. The amount of principal borrowing pursuant to the Loan Agreement is $200,000. On an interim basis pending the Final Hearing, the Trustee may borrow up to $158,512.

    b.  <u>Interest/Fees</u>. The interest rate is fifteen percent (15%) per year with no compounding. The default interest rate is twenty-one percent (21%) year with no compounding. An origination fee shall

Order Authorizing Re-Opening of TNT Facility and Granting Interim Financing - Page 4

18-03197-FPC7   Doc 353-1   Filed 08/22/19   Entered 08/22/19 18:21:32   Pg 5 of 7

be paid pursuant to the Loan Agreement in the amount of $4,000, which is two percent (2%) of the principal amount of $200,000.

    c. <u>Maturity</u>. As more particularly described in Section 3.3 of the Loan Agreement, the maturity date of the Loan is the earliest of (i) 12 months, (ii) the sale of all or substantially all the estate's asset at the TNT Facility, (iii) confirmation and consummation of a plan or (iv) an Event of Default as defined in the Loan Agreement.

    d. <u>Events of Default</u>. Events of Default are listed in the Loan Agreement, Section 9.

2. <u>Use of Loan Proceeds</u>. The Trustee shall use the Loan proceeds as set forth in the Budget, set forth in Section 2.6 of the Loan Agreement.

3. <u>Super-Priority Administrative Claim</u>. The Loan shall constitute an administrative expense under section 364(c)(1) of the Bankruptcy Code. The Loan shall be afforded a super-priority claim senior to all other claims, either pre-petition or administrative.

4. <u>Use of Proceeds</u>. The Trustee shall use the Loan solely in accordance with the Budget attached to the Loan Agreement as Schedule 2.6, unless the written consent of the Lender is first obtained.

5. <u>Payment Terms</u>. The Trustee shall pay to the Lender on a monthly basis the greater of $25,000 or FIFTY PERCENT (50%) of Monthly Net Revenues, as such term is defined in the Loan Agreement, until the full amount of the Loan, including principal and interest, is paid in full.

Order Authorizing Re-Opening of TNT Facility and Granting Interim Financing - Page 5

6. <u>Good Faith</u>. The Court has considered and determined the matters set forth in this Order pursuant to its power under section 364(c) of the Bankruptcy Code to authorize the Trustee to obtain credit and other financial accommodations on the terms agreed to by and between the Trustee and the Lender. Each of such terms and conditions of the Loan is subject to the protections contained in section 364(e) of the Bankruptcy Code.

7. <u>Immediate Binding Effect</u>. The subject of this Order is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(D). This Order shall be valid and fully effective immediately upon its entry.

8. Within three business days of entry of this Order, the Trustee shall serve notice of the date and time of the final hearing on the Motion (the "Notice").

9. The Notice shall state that any party in interest objecting to the approval of the Loan on a final basis shall file a written objection on or before August __, 2109, which objection shall be served on the United States Trustee, counsel for the Chapter 11 Trustee, and the Lender. If no written objection has been timely filed, the Court may approve the Loan on a final basis with or without further hearing. If an objection is timely filed, a written reply shall not be required but may be filed on or before September __, 2019. A final hearing shall be held on the Motion on September __, 2019.

/// **END OF ORDER** ///

Order Authorizing Re-Opening of TNT Facility and Granting Interim Financing - Page 6