JASON T. PISKEL, WSBA #35398
Email: jtp@pyklawyers.com
BENJAMIN J. MCDONNELL, WSBA #45547
Email: ben@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 West Riverside Ave., Suite 700
Spokane, WA 99201
Telephone: (509) 321-5930
Facsimile: (509) 321-5935

*Attorneys for David M. Carlson,*
*Enterprise Focus, Inc., and Clever Capital, LLC*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197-FPC11 |
| GIGA WATT, INC., | Chapter 11 |
| Debtor. | **CREDITORS DAVID CARLSON AND CLEVER CAPITAL, LLC'S OBJECTION TO:** |
| | **TRUSTEE'S MOTION FOR ORDER: (1) SETTING EXPEDITED HEARING ON REQUEST FOR AUTHORITY TO RE-OPEN THE TNT FACILITY AND TO BORROW ON INTERIM BASIS; (II) AUTHORIZING RE-OPENING OF TNT FACILITY, AND (III) APPROVING FINANCING ON INTERIM AND FINAL BASIS** |

CREDITORS DAVID CARLSON . . . - 1

## I. INTRODUCTION

The Trustee's motions should not be granted at this time because: the Trustee has not established good cause to reduce the time to object and reducing the time to object is not necessary to avoid immediate and irreparable harm to the estate; the request to re-open the TNT Facility is procedurally premature given the pending adversary proceeding; the Trustee has not demonstrated at this time that his decisions are based on good and reasonable business judgment; and the Trustee has not provided for adequate protection of Mr. Carlson or Clever Capital and has not paid all obligations in connection with the TNT Facility.

## II. BACKGROUND

The factual background and procedural posture has been set forth in prior filings, submissions, and testimony offered in this case and in the adversary proceeding that the Trustee commenced against David M. Carlson, Enterprise Focus, Inc., and Clever Capital, LLC, adversary proceeding number 19-80012-FPC ("Adversary Proceeding"), which filings, submissions, and testimony are incorporated by reference; Mr. Carlson and Clever Capital request the Court take judicial notice of the same, including the prior testimony of Mr. Carlson.

CREDITORS DAVID CARLSON . . . - 2



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

# III. ARGUMENT

**A. The Trustee's Motion to Reduce Time to Object Lacks Good Cause and is Not Necessary to Avoid Immediate and Irreparable Harm to the Estate Pending a Final Hearing.**

Absent "*cause shown*," reducing the time for notice and time to object is unwarranted. Fed. R. Bankr. P. 9006(c); see L.B.R. 2002(c)(2) ("*cause shown*"). Furthermore:

> *The court may commence a final hearing on a motion for authority to obtain credit **no earlier than** 14 days after service of the motion. If the motion so requests, the court may conduct a hearing before such 14 day-period expires, but the court may authorize the obtaining of credit **only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing**.*

Fed. R. Bankr. P. 4001(c)(2) (emphasis added); see also Fed R. Bankr. P. 9006(c)(2) (explaining the "*court may not reduce the time for taking action under Rule[] . . . 4001[](c)(2)*").

Here, the Trustee has not demonstrated cause sufficient to support a reduction in time to object to the proposed actions to six days inclusive of mailing with a hearing the morning of the seventh day after the filing. The Trustee argues he "*should be allowed to re-open the TNT Facility as soon as possible*" due to "*accruing monthly rent and the lag time in becoming fully operational.*" (ECF No. 354 at 13). Lag time, alone, is necessarily insufficient to curtail the time for notice because allowing the full time to

CREDITORS DAVID CARLSON . . . - 3



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

object always results in more time than were time reduced. Notably, the Trustee does not contend that, absent a reduction in time, the estate will be unable to make ongoing rental payments. (Id.).

The Trustee also contends that reducing time is necessary to avoid immediate and irreparable harm to the estate because each day the TNT Facility is "*closed is a day of lost revenues.*" (Id.). However, this argument presupposes the TNT Facility will generate sufficient revenue relative to the credit the Trustee proposes to extend. Furthermore, even were one to presuppose the premise that the TNT Facility will generate sufficient profit, the Trustee fails to explain how gaining a week or two of otherwise "*lost revenues*" is necessary to avoid immediate and irreparable harm.

The Trustee argues that the proposed lender will not advance funds without an origination fee such that an order reducing time is necessary to avoid immediate and irreparable harm to the estate. (Id.). Notably, however, the Trustee does not contend that the proposed financing, including any term for an origination fee, would be unavailable absent an order reducing time. (Id.). Similarly, while the Trustee argues that the DC PUD requires ten days after payment to resume electricity, the Trustee does not contend that the PUD would not be able to resume electricity within such prompt timeframe in the future. (Id.).

CREDITORS DAVID CARLSON . . . - 4



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

The requested time reduction for notice, thus, lacks cause and is not necessary to avoid immediate and irreparable harm; it is properly denied.

**B.  The Trustee's Motion to Re-Open the TNT Facility is Procedurally Premature Given Pending Litigation.**

The Trustee premises his request to re-open the TNT Facility, and to obtain credit, on asserted property rights, under a prior tenancy, in the TNT Facility. However, the TNT Facility is presently subject to pending litigation in the Adversary Proceeding. In that proceeding, the Trustee contends that the Commercial Lease between Clever Capital and Giga Watt ("Sublease") was a fraudulent transfer and requested that the Court impose a constructive trust upon the TNT Facility. (Adversary Proceeding, ECF No. 1). The Trustee alleged in that litigation that the TNT Facility is property he "*may use, sell, or lease under section 363.*" (Adversary Proceeding, ECF No. 1 at 19). However, this allegation and the Trustee's claims remain disputed and have not been fully adjudicated. Until these claims are adjudicated, and the Court rules on the purported property rights, if any, of the estate in and to the TNT Facility, re-opening the facility and obtaining credit for that purpose is premature.

CREDITORS DAVID CARLSON . . . - 5


Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

Mr. Carlson and Clever Capital are mindful of the Court's Order Granting Preliminary Injunction, on which the Trustee relies in support of his motions. (Adversary Proceeding, ECF No. 70). That order, however, was based on the standard for preliminary injunctions and did not resolve the substantive merit to the disputed property rights in the TNT Facility; rather, the order maintains the status quo pending the Court's resolution of the merits of the dispute. (Id.).

Resolving this issue first is particularly appropriate given Clever Capital's position that the estate lacks a leasehold interest in the TNT Facility. Section 365(d)(4) of the Bankruptcy Code provides as follows:

> *Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be **deemed rejected**, and the trustee **shall immediately surrender** that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—*
>
> *(i) the date that is 120 days after the date of the order for relief; or*
> *(ii) the date of the entry of an order confirming a plan.*

11 U.S.C. § 356(d)(4) (emphasis added). "*The term 'deemed rejected'* . . . *is self-executing*." Arizona Appetito's Stores, Inc. v. Paradise Vill. Inv. Co. (In re Arizona Appetito's Stores, Inc.), 893 F.2d 216, 219 (9th Cir. 1990); see Pinnacle Rest. at Big Sky, LLC v. CH SP Acquisitions, LLC (In re Matter of

CREDITORS DAVID CARLSON . . . - 6


Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Spanish Peaks Holdings II, LLC), 872 F.3d 892, 899 (9th Cir. 2017) (explaining that "*a trustee's failure to act is deemed a rejection*"); Turgeon v. Victoria Station Inc. (In re Victoria Station), 840 F.2d 682, 684 (9th Cir. 1988) ("*Unless a lease of nonresidential real property is assumed within . . . [the time required] the lease is deemed rejected*").  Consequently, "*the rejection . . . occurs automatically*" and "*is conclusive.*" Appetito's Stores, Inc., 893 F.2d at 219.  "*The Ninth Circuit has clearly ruled on the issue in this case: once rejected, the lease was terminated.*" Port Angeles Waterfront Assoc. v. Port of Port Angeles (In re Port Angeles Waterfront Assoc.), 134 B.R. 377, 380 (9th Cir. BAP 1991); see, e.g., Jim Slemons Hawaii, Inc. v. U.S. Trustee (In re Jim Slemons Hawaii, Inc.), 2011 WL 6934459 (9th Cir. BAP 2011) ("*crucial deadline*" to assume lease was "*missed,*" resulting in losing main assets of the estate (affirmed in part dismissed in part, 542 Fed. Appx. 656 (9th Cir. Oct. 21, 2013))); J&M Food Serv., Inc. v. Camel Inv., L.L.C. (In re J&M Food Serv., Inc.), 770 Fed. Appx. 865-66 (9th Cir. May 24, 2019) ("*lease was 'deemed rejected' when the 120-statutory deadline to assume or reject an unexpired lease of nonresidential real property passed*").

The congressional policy behind this provision has been succinctly stated as follows:

CREDITORS DAVID CARLSON . . . - 7



> *[T]he purpose of Section 365(d)(4) is to protect lessors from delay and uncertainty by forcing the trustee or debtor-in-possession to act quickly to assume unexpired leases. . . . . On the other side of the equation, to ensure that the bankrupt estate is not unwittingly burdened with liabilities, an affirmative act of assumption by the trustee is required to bring executory contracts and unexpired leases into the estate.*

<u>City of San Francisco Mkt. Corp. v. Walsh (In re Moreggia & Sons, Inc.)</u>, 852 F.2d 1179, 1185 (9th Cir. 1988).

Here, any interest under any lease that the Trustee may have had in the TNT Facility has been "*deemed rejected*" and, therefore, terminated. 11 U.S.C. § 365(d)(4). The Trustee did not assume any lease of the TNT Facility within the time required. As a matter of well-established Ninth Circuit law, consistent with the purpose behind Section 365(d)(4), such leases of the TNT Facility to which Giga Watt was a tenant have been deemed rejected and, consequently, terminated. (<u>Id</u>.). Further, any ruling by the Court on the pending motions should not be preclusive of any issue or claim in the pending adversary proceeding and such issues are appropriately determined first within the context of that proceeding.

Furthermore, Mr. Carlson owns certain miners that were, and may still be, located at the TNT Facility; while the Trustee does not identify which miners the estate intends to utilize, authorization to use the miners of Mr. Carlson and/or Clever Capital should not be authorized.

CREDITORS DAVID CARLSON . . . - 8


Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## C. The Trustee Has Not Demonstrated, at this Time, that Re-Opening the TNT Facility and Entering into the TNT Loan are Based on Good and Reasonable Business Judgment.

The Trustee quotes from In re Lahijani, 325 B.R. 282, 289 (BAP 9th Cir. 2005) that "*[o]rdinarily, the position of the trustee is afforded deference, particularly where business judgment is entailed in the analysis or where there is no objection*" (ECF No. 354 at 14), but fails to set forth the next sentence: "*Nevertheless, particularly in the face of opposition by creditors, the requirement of court approval means that the responsibility ultimately is the court's*." Simantob v. Claims Prosecutor, LLC (In re Lahijani), 325 B.R. 282, 289 (9th Cir. BAP 2005).

Here, the Trustee has not demonstrated that re-opening the TNT Facility and entering into the proposed TNT Loan are based on good and reasonable business judgment and in the best interest of the estate and its creditors. While the Trustee concludes that re-opening the TNT Facility, including obtaining the requested credit, will "*generat[e] revenue for the benefit of creditors,*" and explains his projections are based on "*analysis and discussions with consultants*" (ECF No. 355 at 7), the Trustee does not submit evidence or detailed analysis forming the basis for the projected revenues and does not offer meaningful detail concerning his conference with "*cryptocurrency experts*" on which he based such decision. (ECF No.

CREDITORS DAVID CARLSON . . . - 9

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

355 at 7-8).  For instance, the Trustee does not explain any assumptions or material risks to which any projections may be subject including, for example: the risk the Trustee receives an adverse determination in the pending adversary proceeding involving the TNT Facility; the anticipated shelf-life, if any, of miners proposed to be utilized at the TNT Facility; any potential impact summer weather may have on the use and cost of miners; and the projected value trend of cryptocurrency.  The Trustee also does not identify the (a) type and (b) quantity of miners proposed to be utilized at the TNT Facility or whether such miners are subject to claims of ownerships by third parties.  The Trustee does not account for the claims of Mr. Carlson and/or Clever Capital, as described below.

Additionally, the Trustee has not adequately described his efforts to obtain financing on better terms, other then mentioning having "*contacted . . . potential lenders*" (ECF No. 355 at 5), and has not explained why he, through counsel, has not continued good faith discussion with Mr. Carlson regarding potential resolution of the pending adversary proceeding and potential financing.  The Trustee also does not provide details about the proposed lender's longstanding relationship with Trustee's counsel, other than noting general involvement in cases over the "*decades*" and referencing one recent case. (ECF No. 354 at 17).

CREDITORS DAVID CARLSON . . . - 10

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

Based on the lack of information offered to support the Trustee's conclusion that his own decision is based on good and reasonable business judgment, and in the best interest of the estate and its creditors, the Trustee's proposed action should not be authorized at this time.

**D.  David Carlson and Clever Capital Have Not Been Paid All Rent or Other Costs in Connection with the TNT Facility and the Trustee has Not Provided Adequate Protection.**

*"The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . . ."* 11 U.S.C. § 365(d)(3). This statute *"makes clear that a debtor must perform all obligations owing under a lease—particularly the obligation to pay rent at the contract rate—until the lease is rejected."* Jim Slemons Hawaii, Inc., 2011 WL 6934459 (internal quotations omitted). *"If a debtor fails to timely pay postpetition rent, the lessor's right to payment becomes an administrative claim for the accrued liability on the unpaid rent."* (Id.).

Furthermore, 11 U.S.C. § 363(e) provides as follows:

> *Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to*

CREDITORS DAVID CARLSON . . . - 11



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

*provide adequate protection of such interest. . . . .*

11 U.S.C. § 363(e).

Here, Mr. Carlson/Clever Capital have not been paid all post petition rent under the Sublease and other costs incurred in connection with the TNT Facility and, again, own(s) certain miners. Consequently, the Trustee's statements that the "*monthly rent for the TNT Facility is $11,600*" and that "*[t]he Estate is meeting its current rent obligations at the TNT Facility*" is not correct. (ECF No. 355 at 6). The Sublease provides for monthly rent in the amount of $31,056.00, which the Trustee has not fully paid. (Adversary Proceeding, ECF No. 1-5). Rather, it is understood that, following the Court's hearing on the preliminary injunction motion, the Trustee has made certain monthly payments directly to TNT Business Complexes, LLC/Thompsons (the "Thompsons") of $11,600. However, prior to that time, Mr. Carlson caused to be made prior monthly payments to the Thompsons including payments under the lease between Clever Capital and the Thompsons; no reimbursement has been made.

Furthermore, in connection with the commercial lease with the Thompsons, Mr. Carlson undertook payment to the Thompsons of the sum of approximately $76,400 as alteration deposits. In an effort to avoid a power shutoff at the TNT Facility, Mr. Carlson also caused funds to be

CREDITORS DAVID CARLSON . . . - 12

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

extended to pay the PUD, for the benefit of Giga Watt, the amount of $46,049, subject to Giga Watt's repayment obligation as provided under the Sublease. The Sublease also provides for a security interest to secure performance under that lease and provides for the transfer of certain miners, which is subject to litigation in the pending adversary proceeding.

The Trustee must, but has not, provided for adequate protection of Mr. Carlson and/or Clever Capital and they request the same. Furthermore, all administrative rent and other costs incurred in connection with the TNT Facility should be paid by the Trustee as a condition to any order re-opening the TNT Facility or obtaining credit to re-open the facility, and/or the same should be paid from any credit extended. Furthermore, the budget utilized in any loan agreement should reflect monthly payments to Clever Capital.

## IV. CONCLUSION

For the reasons set forth above, Mr. Carlson and Clever Capital, LLC respectfully request that the Court deny the motions at this time and that the Court grant such other and further relief as set forth above and as the Court may deem appropriate.

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

DATED this 28th day of August 2019.

        PISKEL YAHNE KOVARIK, PLLC

        /s/ Benjamin J. McDonnell
        JASON T. PISKEL, WSBA #35398
        jtp@pyklawyers.com
        BENJAMIN J. MCDONNELL, WSBA #45547
        ben@pyklawers.com
        PISKEL YAHNE KOVARIK, PLLC
        522 West Riverside Ave., Suite 700
        Spokane, WA 99201
        Telephone: (509) 321-5930
        Facsimile: (509) 321-5935

        *Attorneys for David M. Carlson,*
        *Enterprise Focus, Inc., and Clever Capital, LLC*

CREDITORS DAVID CARLSON . . . - 14



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

18-03197-FPC7   Doc 360   Filed 08/28/19   Entered 08/28/19 19:27:55   Pg 14 of 14