# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>          Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>**ORDER GRANTING REQUEST FOR (I) EXPEDITED HEARING ON AUTHORITY TO RE-OPEN THE TNT FACILITY AND TO BORROW ON INTERIM BASIS; (II) AUTHORIZING RE-OPENING OF TNT FACILITY; AND (III) APPROVING FINANCING ON INTERIM BASIS WITH SUPER-PRIORITY UNSECURED STATUS AND ORDER SETTING FINAL HEARING ON REQUEST TO BORROW** |

This matter came to be heard on the *Chapter 11 Trustee's Motion for Order (i) Setting Expedited Hearing on Request for Authority to Re-Open the TNT Facility and to Borrow on Interim Basis; (ii) Authorizing Re-Opening of TNT*

Order Authorizing Re-Opening of TNT Facility and Granting Interim Financing, etc. - Page 1

*Facility; and (iii) Approving Financing on Interim and Final Basis with Super-Priority Unsecured Status* (the "<u>Motion</u>") filed by Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "<u>Trustee</u>"). The Court has also considered the objection of David Carlson and Clever Capital, LLC to the Motion, filed on August 28, 2019 [ECF No. 360] (the "<u>Objection</u>") and the response of the Official Committee of Unsecured Creditors to the Motion filed on August 28, 2019 [ECF No. 361] (the "<u>Response</u>"). The Court also held an interim hearing (the "<u>Interim Hearing</u>") by telephone on August 29, 2019 at 10:00 a.m. in which it heard argument and testimony.

In the Motion, the Trustee requested entry of an order:

A. Authorizing the Trustee to re-open the Debtor's facility at 474 Highline Drive, East Wenatchee, Washington (the "<u>TNT Facility</u>") on shortened notice;

B. Authorizing the Trustee to obtain a $158,512 loan on an interim basis, comprised of $154,512 (the "<u>Catch-Up Power Payment</u>") and a $4,000 origination fee, pending a final hearing on the Motion, and (ii) the remainder of $41,488 for a total of $200,000 on a final basis (the "<u>Loan</u>") pursuant to the terms of the Super-Priority Unsecured Credit Agreement (the "<u>Loan Agreement</u>") submitted with the Motion as Exhibit B;

C. Authorizing the Trustee to use the proceeds of the Loan in accordance with the budget (the "<u>Budget</u>") set forth in Section 2.6 of the Loan Agreement, as such may be revised or with the Lender's consent;

D. Authorizing the Trustee to execute and enter into the Loan Agreement and to perform such other and further act as may be required thereby; and

E. Granting a super-priority claim pursuant to section 364(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"); and

F. Finding that the Loan is made in good faith.

Based upon the Motion, the record before the Court, the testimony and arguments made and heard at the Interim Hearing, the Objection and the Response, the Court stated its findings of fact and conclusions of law at the Interim Hearing and those findings of fact and conclusions of law are incorporated herein by reference as if set forth fully herein as provided in Rule 7052 of the Federal Rules of Bankruptcy Procedure.

ACCORDINGLY, IT IS HEREBY ORDERED THAT THE MOTION IS GRANTED:

1. Authorization to Re-Open the TNT Facility. The Trustee shall be and hereby is authorized to re-open the TNT Facility.

2. Authorization for Loan. The Trustee shall be and hereby is authorized to borrow from Lender on the terms and conditions contained in this order and is authorized, but not directed, to enter into the Loan Agreement. Upon execution and delivery of the Loan Agreement, such agreement shall constitute a valid and binding obligation of the bankruptcy estate, enforceable against the Trustee, in his capacity as trustee and not personally, and enforceable against the estate in accordance with its terms.

Order Authorizing Re-Opening of TNT Facility and Granting Interim Financing, etc. - Page 3

a. <u>Loan Amount</u>. The amount of principal borrowing pursuant to the Loan Agreement is $200,000. On an interim basis pending the Final Hearing, the Trustee may borrow up to $158,512.

b. <u>Interest/Fees</u>. The interest rate is fifteen percent (15%) per year with no compounding. The default interest rate is twenty-one percent (21%) year with no compounding. An origination fee shall be paid pursuant to the Loan Agreement in the amount of $4,000, which is two percent (2%) of the principal amount of $200,000.

c. <u>Maturity</u>. As more particularly described in Section 3.3 of the Loan Agreement, the maturity date of the Loan is the earliest of (i) 12 months, (ii) the sale of all or substantially all the estate's asset at the TNT Facility, (iii) confirmation and consummation of a plan or (iv) an Event of Default as defined in the Loan Agreement.

d. <u>Events of Default</u>. Events of Default are listed in the Loan Agreement, Section 9.

3. <u>Use of Loan Proceeds</u>. The Trustee shall use the Loan proceeds as set forth in the Budget, set forth in Section 2.6 of the Loan Agreement.

4. <u>Super-Priority Administrative Claim</u>. The Loan shall constitute an administrative expense under section 364(c)(1) of the Bankruptcy Code. The Loan shall be afforded a super-priority claim senior to all other claims, either pre-petition or administrative.

Order Authorizing Re-Opening of TNT Facility and Granting Interim Financing, etc. - Page 4

18-03197-FPC7    Doc 364    Filed 08/29/19    Entered 08/29/19 13:00:02    Pg 4 of 6

5. <u>Use of Proceeds</u>. The Trustee shall use the Loan solely in accordance with the Budget attached to the Loan Agreement as Schedule 2.6, unless the written consent of the Lender is first obtained.

6. <u>Payment Terms</u>. The Trustee shall pay to the Lender on a monthly basis the greater of $25,000 or FIFTY PERCENT (50%) of Monthly Net Revenues, as such term is defined in the Loan Agreement, until the full amount of the Loan, including principal and interest, is paid in full.

7. <u>Good Faith</u>. The Court has considered and determined the matters set forth in this Order pursuant to its power under section 364(c) of the Bankruptcy Code to authorize the Trustee to obtain credit and other financial accommodations on the terms agreed to by and between the Trustee and the Lender. Each of such terms and conditions of the Loan is subject to the protections contained in section 364(e) of the Bankruptcy Code.

8. <u>Immediate Binding Effect</u>. The subject of this Order is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(D). This Order shall be valid and fully effective immediately upon its entry.

9. <u>Notice of Final Hearing</u>. Within one business day of entry of this Order, the Trustee shall serve notice of the date and time of the final hearing on the Motion (the "Notice"). The Notice shall state that any party in interest objecting to the approval of the Loan on a final basis shall file a written objection within the deadlines provided by the Federal Rules of Bankruptcy Procedure and any applicable Local Bankruptcy Rules and that if no written objection has been timely filed, the Court may approve the Loan on a final basis with or without

Order Authorizing Re-Opening of TNT Facility and Granting Interim Financing, etc. - Page 5

further hearing. A final hearing shall be held on the Motion on September 24, 2019 at 1:30 p.m.

10. This Order does not resolve any issues in the adversary proceeding, *Waldron v. Carlson, et al*, Case No. 19-80012, which is currently pending.

**/// END OF ORDER ///**

Order Authorizing Re-Opening of TNT Facility and Granting Interim Financing, etc. - Page 6