In re:                                                              Case No. 18-03197-FPC
GIGA WATT INC                                                       Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0980-2          User: notice          Page 1 of 2          Date Rcvd: Oct 01, 2019
                              Form ID: pdf002        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 03, 2019.
          +Randy Michelson, Esq,   Michelson Law Group,   220 Montgomery Street Suite 2100,
           San Francisco, CA 94104-3502

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 03, 2019                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 1, 2019 at the address(es) listed below:
          Angie  Lee   on behalf of Creditor   Washington State Taxing Agencies bculee@atg.wa.gov
          Benjamin A Ellison   on behalf of Creditor Committee   Unsecured Creditors' Committee
           benaellison@gmail.com
          Benjamin J McDonnell   on behalf of Creditor   Clever Capital, LLC ben@pyklawyers.com,
           lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com
          Benjamin J McDonnell   on behalf of Defendant   Clever Capital, LLC ben@pyklawyers.com,
           lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com
          Benjamin J McDonnell   on behalf of Creditor David M Carlson ben@pyklawyers.com,
           lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com
          Benjamin J McDonnell   on behalf of Defendant David M. Carlson and Jane Doe 1 ben@pyklawyers.com,
           lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com
          Benjamin J McDonnell   on behalf of Defendant   Enterprise Focus, Inc. ben@pyklawyers.com,
           lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com
          Brian A. Walker   on behalf of Defendant Jeffrey  Field bwalker@omwlaw.com,  kreynolds@omwlaw.com
          Christopher F Ries   on behalf of Creditor   Neppel Electrical & Controls, LLC ,
           diana@rieslawfirm.com,cdg@rieslawfirm.com,carrie@rieslawfirm.com
          Danial D Pharris   on behalf of Creditor   NC Machinery Co. pharris@lasher.com,
           luksetich@lasher.com
          Daniel J Bugbee   on behalf of Creditor Committee   Unsecured Creditors' Committee
           dbugbee@lawdbs.com,  paralegal@lawdbs.com
          David A Kazemba   on behalf of Creditor   MLDC1, LLC dkazemba@overcastlaw.com,
           amber@overcastlaw.com,lindat@overcastlaw.com,kazembadr92395@notify.bestcase.com
          David A Kazemba   on behalf of Creditor   Giga Plex, LLC dkazemba@overcastlaw.com,
           amber@overcastlaw.com,lindat@overcastlaw.com,kazembadr92395@notify.bestcase.com
          David R Law   on behalf of Creditor   Port of Douglas County david@dadkp.com,  amy@dadkp.com
          Dominique R Scalia   on behalf of Interested Party   Unsecured Creditors Committee of Giga Watt
           Inc. dscalia@lawdbs.com,  paralegal@lawdbs.com
          Douglas A. Hofmann   on behalf of Creditor Refael  Sofair dhofmann@williamskastner.com
          Gary W Dyer   on behalf of U.S. Trustee   US Trustee Gary.W.Dyer@usdoj.gov
          Gretchen J. Hoog   on behalf of Attorney   Emerald City Statewide LLC ghoog@pcslegal.com,
           danderson@pcslegal.com
          James D Perkins   on behalf of U.S. Trustee   US Trustee james.perkins@usdoj.gov
          Jason T Piskel   on behalf of Defendant   Enterprise Focus, Inc. jtp@pyklawyers.com
          Jason T Piskel   on behalf of Creditor David M Carlson jtp@pyklawyers.com
          Jason T Piskel   on behalf of Defendant David M. Carlson and Jane Doe 1 jtp@pyklawyers.com
          Jason T Piskel   on behalf of Defendant   Clever Capital, LLC jtp@pyklawyers.com
          Jason T Piskel   on behalf of Creditor   Clever Capital, LLC jtp@pyklawyers.com
          John  Knox   on behalf of Creditor Refael  Sofair jknox@williamskastner.com,
           kmejia@williamskastner.com
          Joseph A.G. Sakay   on behalf of Interested Party   Allrise Financial Group joe.sakay@hcmp.com,
           bankruptcy@hcmp.com;carol.cannon@hcmp.com;tammie.gere@hcmp.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Kathryn R McKinley    on behalf of Creditor    Douglas County PUD kathryn.mckinley@painehamblen.com,
               ads@painehamblen.com
              Mark  Waldron    trustee@mwaldronlaw.com,  mark@mwaldronlaw.com
              Pamela Marie Egan    on behalf of Plaintiff Mark  Waldron pegan@potomaclaw.com
              Pamela Marie Egan    on behalf of Trustee Mark  Waldron pegan@potomaclaw.com
              Quentin D Batjer    on behalf of Creditor    Port of Douglas County pam@dadkp.com,
               quentin@dadkp.com
              Roberto H Castro    on behalf of Interested Party Nathan  Welling rcastro@rcastrolaw.com,
               castro.ava@gmail.com
              Scott  Weaver    on behalf of Creditor    Executive Flight, Inc. weaver@carneylaw.com,
               fuhrmann@carneylaw.com
              Scott B Henrie    on behalf of Creditor Refael  Sofair SHenrie@williamskastner.Com,
               DLevitin@williamskastner.Com
              Shauna S Brennan    on behalf of Creditor    ECO Diversified Holdings, Inc.
               sbrennan@outsidegeneralcounsel.com,  admin@outsidegeneralcounsel.com
              US Trustee    USTP.REGION18.SP.ECF@usdoj.gov
              Vanessa Pierce  Rollins    on behalf of Creditor    Clever Capital, LLC vprollins@gmail.com
              Vanessa Pierce  Rollins    on behalf of Creditor David M Carlson vprollins@gmail.com
              William L Hames    on behalf of Creditor    Port of Douglas County billh@hawlaw.com,
               mecqueh@hawlaw.com,juliem@hawlaw.com,frontdesk@hawlaw.com,carmenb@hawlaw.com,emmal@hawlaw.com,
               chlaynef@hawlaw.com
                                                                              TOTAL: 39

**So Ordered.**

**Dated: September 30th, 2019**

_Frederick P. Corbit_

**Frederick P. Corbit**
**Bankruptcy Judge**

1
2
3
4
5
6
7
8
9

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

10 | In re:

11 | GIGA WATT, Inc., a Washington corporation,

12 |                     Debtor.

13
14

Case No. 18-03197 FPC 11

The Honorable Frederick P. Corbit

**ORDER GRANTING FINANCING ON FINAL BASIS WITH SUPER-PRIORITY UNSECURED STATUS**

15       This matter came to be heard on the _Chapter 11 Trustee's Motion for Order_

16 _(i) Setting Expedited Hearing on Request for Authority to Re-Open the TNT_

17 _Facility and to Borrow on Interim Basis; (ii) Authorizing Re-Opening of TNT_

18 _Facility; and (iii) Approving Financing on Interim and Final Basis with Super-_

19 _Priority Unsecured Status_ (the "Motion") filed by Mark D. Waldron, in his

20 official capacity as the Chapter 11 Trustee (the "Trustee"). The Court has also

21 considered the objections of David Carlson and Clever Capital, LLC to the

22 Motion, filed on August 28, 2019 [ECF No. 360] and on September 20, 2019

23

24 Order Authorizing Re-Opening of TNT Facility and Granting Financing on Final
Basis - Page 1
4827-4792-6439, v. 2

25

1  [ECF 373] and the response of the Official Committee of Unsecured Creditors to

2  the Motion filed on August 28, 2019 [ECF No. 361].

3      The Court held an interim hearing (the "Interim Hearing") by telephone on

4  August 29, 2019 at 10:00 a.m. in which it approved on an interim basis the

5  Trustee's request to obtain post-petition credit as set forth in the Motion. The

6  Court also set a final hearing (the "Final Hearing") for September 24, 2019 at 1:30

7  p.m.

8      In the Motion, the Trustee requested entry of an order:

9      A.    Authorizing the Trustee to re-open the Debtor's facility at 474

10  Highline Drive, East Wenatchee, Washington (the "TNT Facility") on shortened

11  notice;

12      B.    Authorizing the Trustee to obtain a $158,512 loan on an interim

13  basis, comprised of $154,512 and a $4,000 origination fee, pending a final hearing

14  on the Motion, and (ii) the remainder of $41,488 for a total of $200,000 on a final

15  basis (the "Loan") pursuant to the terms of the Super-Priority Unsecured Credit

16  Agreement (the "Loan Agreement") submitted with the Motion as Exhibit B;

17      C.    Authorizing the Trustee to use the proceeds of the Loan in

18  accordance with the budget (the "Budget") set forth in Section 2.6 of the Loan

19  Agreement, as such may be revised or with the Lender's consent;

20      D.    Authorizing the Trustee to execute and enter into the Loan

21  Agreement and to perform such other and further act as may be required thereby;

22  and

23

24  Order Authorizing Re-Opening of TNT Facility and Granting Financing on Final
    Basis - Page 2
    4827-4792-6439, v. 2

25

1    E.    Granting a super-priority claim pursuant to section 364(c)(1) of title

2  11 of the United States Code (the "Bankruptcy Code"); and

3    F.    Finding that the Loan is made in good faith.

4    The Court has considered the Motion and completed a preliminary and final

5  hearing as provided for under section 364 of the Bankruptcy Code and Rule

6  4001(c) of the Federal Rules of Bankruptcy Procedure. Based upon the Motion,

7  the record before the Court, the testimony and arguments made and heard at the

8  Interim Hearing, the Final Hearing and in the filings with the Court, the Court

9  stated its findings of fact and conclusions of law at the Interim Hearing and at the

10  Final Hearing and those findings of fact and conclusions of law are incorporated

11  herein by reference as if set forth fully herein as provided in Rule 7052 of the

12  Federal Rules of Bankruptcy Procedure. At the Interim Hearing, the Court granted

13  the Trustee's request to re-open the TNT Facility on a final basis and such

14  approval is repeated herein.

15    ACCORDINGLY, IT IS HEREBY ORDERED THAT THE MOTION IS

16  GRANTED:

17    1.    Authorization to Re-Open the TNT Facility. The Trustee shall be and

18  hereby is authorized to re-open the TNT Facility.

19    2.    Authorization for Loan. The Trustee shall be and hereby is authorized

20  to borrow from Lender on the terms and conditions contained in this order and is

21  authorized, but not directed, to enter into the Loan Agreement. Upon execution

22  and delivery of the Loan Agreement, such agreement shall constitute a valid and

23  binding obligation of the bankruptcy estate, enforceable against the Trustee, in his

24  Order Authorizing Re-Opening of TNT Facility and Granting Financing on Final
Basis - Page 3

25  4827-4792-6439, v. 2

capacity as trustee and not personally, and enforceable against the estate in accordance with its terms.

      a. <u>Loan Amount</u>. The amount of principal borrowing pursuant to the Loan Agreement is $200,000.

      b. <u>Interest/Fees</u>. The interest rate is fifteen percent (15%) per year with no compounding. The default interest rate is twenty-one percent (21%) year with no compounding. An origination fee shall be paid pursuant to the Loan Agreement in the amount of $4,000, which is two percent (2%) of the principal amount of $200,000.

      c. <u>Maturity</u>. As more particularly described in Section 3.3 of the Loan Agreement, the maturity date of the Loan is the earliest of (i) 12 months, (ii) the sale of all or substantially all the estate's asset at the TNT Facility, (iii) confirmation and consummation of a plan or (iv) an Event of Default as defined in the Loan Agreement.

      d. <u>Events of Default</u>. Events of Default are listed in the Loan Agreement, Section 9.

3.   <u>Use of Loan Proceeds</u>. The Trustee shall use the Loan proceeds as set forth in the Budget, set forth in Section 2.6 of the Loan Agreement.

4.   <u>Super-Priority Administrative Claim</u>. The Loan shall constitute an administrative expense under section 364(c)(1) of the Bankruptcy Code. The Loan shall be afforded a super-priority claim senior to all other claims, either pre-petition or administrative.

Order Authorizing Re-Opening of TNT Facility and Granting Financing on Final Basis - Page 4
4827-4792-6439, v. 2

5. _Use of Proceeds_. The Trustee shall use the Loan solely in accordance with the Budget attached to the Loan Agreement as Schedule 2.6, unless the written consent of the Lender is first obtained.

6. _Payment Terms_. The Trustee shall pay to the Lender on a monthly basis the greater of $25,000 or FIFTY PERCENT (50%) of Monthly Net Revenues, as such term is defined in the Loan Agreement, until the full amount of the Loan, including principal and interest, is paid in full.

7. _Good Faith_. The Court has considered and determined the matters set forth in this Order pursuant to its power under section 364(c) of the Bankruptcy Code to authorize the Trustee to obtain credit and other financial accommodations on the terms agreed to by and between the Trustee and the Lender. Each of such terms and conditions of the Loan is subject to the protections contained in section 364(e) of the Bankruptcy Code.

8. _Immediate Binding Effect_. The subject of this Order is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(D). This Order shall be valid and fully effective immediately upon its entry.

[_This Order continues on the next page._]

Order Authorizing Re-Opening of TNT Facility and Granting Financing on Final Basis - Page 5
4827-4792-6439, v. 2

1        9.     This Order does not resolve any issues in the adversary proceeding,

2   *Waldron v. Carlson, et al*, Case No. 19-80012, which is currently pending.

3   **/// END OF ORDER ///**

4

5   Approved as to Form:                Approved as to Form:

6   PISKEL YAHNE KOVARIK, PLLC    OFFICE OF UNITED STATES
        TRUSTEE
7

8

9   */s/ Benjamin McDonnell*          */s/ James Perkins*
        Benjamin McDonnell, WSBA #45547    James Perkins
10  *Counsel for David Carlson and*     *Counsel for the U.S. Trustee's Office*
        *Clever Capital LLC*
11

12  Presented by:

13  POTOMAC LAW GROUP, PLLC

14
    */s/ Pamela Egan*
15  Pamela Egan, WSBA #54736
    *Counsel for Mark D. Waldron,*
16  *as Chapter 11 Trustee*

17

18

19

20

21

22

23

24  Order Authorizing Re-Opening of TNT Facility and Granting Financing on Final
    Basis - Page 6
25  4827-4792-6439, v. 2