Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1300 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004
Telephone: (415) 297-0132
Facsimile: (202) 318-7707
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>                Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING INTERIM PAYMENT PROCEDURE** |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE

# TABLE OF CONTENTS

I. JURISDICTION, VENUE, AND BASES FOR RELIEF ............................. 3

II. BANKRUPTCY PROCEEDINGS ................................................................ 3

    A. Post-Petition Revenues and Disbursements ........................................ 4

III. POINTS AND AUTHORITIES ..................................................................... 5

    A. The Monthly Interim Payment Procedure Is Appropriate .................. 7

        1. The First *Knudsen* Criterion, Large and Complex Case, Is Met ...... 8

        2. The Second *Knudsen* Criterion, Hardship, Is Met .......................... 9

        3. The Third *Knudsen* Criterion, Ability to Disgorge, Is Met ........... 10

        4. The Fourth *Knudsen* Criterion, Notice, Is Met .............................. 10

IV. CONCLUSION ............................................................................................ 11

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE – Page i

4826-9562-2565, v. 12

18-03197-FPC7    Doc 387    Filed 10/09/19    Entered 10/09/19 12:29:47    Pg 2 of 14

# TABLE OF AUTHORITIES

## Cases

*In re ACT Mfg., Inc.,* 281 B.R. 468, 477–78 (Bankr. D. Mass. 2002) ...................... 6

*In re Knudsen Corp.,* 84 B.R. 668, 672–73 (B.A.P. 9th Cir. 1988), ................ 5, 6, 7

*In re Mariner Post–Acute Network, Inc.,* 257 B.R. 723, 731 (Bankr. D. Del. 2000) ........................................................................................ 6

## Statutes

11 U.S.C. § 105 ........................................................................................... 3

11 U.S.C. § 326 ........................................................................................... 3

11 U.S.C. § 330 ........................................................................................... 3

11 U.S.C. § 331 ........................................................................................ 3, 8

28 U.S.C. § 1408 ......................................................................................... 3

28 U.S.C. § 1409 ......................................................................................... 3

28 U.S.C. § 157 ........................................................................................... 3

28 U.S.C. §1334 .......................................................................................... 3

## Rules

Fed.R.Bankr.P. 2002 ................................................................................. 10

L.B.R. 2002-1(b) ...................................................................................... 10

ii
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE – Page ii
4826-9562-2565, v. 12

18-03197-FPC7    Doc 387    Filed 10/09/19    Entered 10/09/19 12:29:47    Pg 3 of 14

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "Trustee") hereby respectfully submits this memorandum of points and authorities in support of the *Trustee's Motion for Order Setting Monthly Interim Payment Procedure* (the "Motion") pursuant to which the Trustee requests permission to cause the Debtor to pay his fees on a monthly basis up to $15,000 per month and to reimburse expenses on a monthly basis subject to the following procedure (the "Monthly Interim Payment Procedure"):

1. Each month, the Trustee will file and serve, as set forth below, a notice stating the amount of fees and expenses that he accrued in the calendar month prior (the "Notice of Monthly Interim Fee Statement").

2. The Trustee will file and serve the Notice of Monthly Interim Fee Statement upon all parties who have registered to participate in Electronic Court Filing (the "Monthly Notice Parties").

3. The Monthly Notice Parties will have ten (10) days from the date of service of the Notice of Interim Fee Statement to file and serve upon the Trustee and undersigned counsel an objection to the proposed fees.

4. If no timely objection is filed with the Court, then the Trustee may cause the Debtor to pay the Trustee up to the sum of $15,000 for fees plus expenses incurred; provided that if monthly fees are less than $15,000, then the Trustee will cause the Debtor to pay actual fees plus expenses.

5. The Trustee shall use his business judgment in deciding whether to cause the Debtor to pay any portion of the monthly interim payments. If the

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE – Page 1
4826-9562-2565, v. 12

Trustee decides in the exercise of his business judgment that the Debtor should not pay otherwise properly noticed fees, that unpaid interim allowed amount will roll forward and will be payable at such time as the Trustee deems appropriate. Furthermore, payment of the rolled forward amount will not count toward the $15,000 cap.

6. If a timely objection is filed with the Court and served upon the Trustee and undersigned counsel, then the Trustee shall set the matter for hearing, which may be on an expedited basis.

7. If a party objects to less than the full amount of the requested fees or expenses set forth in the Notice of Monthly Interim Fee Statement, then the Trustee may cause the Debtor to pay him the amount of fees to which there is no objection up to the sum of $15,000 plus expenses.

8. All fees and expenses will be subject to final review and approval after notice and hearing pursuant to section 330 of title 11 of the United States Code.

9. The Trustee shall disgorge any fees and expenses that have been paid pursuant to the Monthly Interim Payment Procedure but that are not allowed on a final basis.

By separate application, the Trustee has asked for interim approval of $95,244.26 in fees and for approval of reimbursement of $5,235.80 in expenses for the period January 2019 through September 2019. *See Application for Award of Compensation for Service Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. § 330, and for Approval of the Payment of Bank Fees* [ECF 384]. The

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE – Page 2
4826-9562-2565, v. 12

18-03197-FPC7    Doc 387    Filed 10/09/19    Entered 10/09/19 12:29:47    Pg 5 of 14

Trustee will cause the Debtor to pay approved fees and expenses only to the extent that the Trustee believes it is financially prudent to do so.

## I. JURISDICTION, VENUE, AND BASES FOR RELIEF

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 28 U.S.C. § 1409.

The statutory predicates for the relief requested are sections 105, 326, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code").

## II. BANKRUPTCY PROCEEDINGS

On November 19, 2018, Giga Watt, Inc. (the "Debtor" or "Giga Watt") commenced this case by filing a voluntary petition for relief pursuant to sections 101 of the Bankruptcy Code.

On January 23, 2019, the Court approved the appointment of Mark D. Waldron as the Trustee pursuant to its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 146].

On May 10, 2019, the Court approved the re-opening of a portion of the Moses Lake Facility pursuant to its *Order Granting Chapter 11 Trustee's Motion for Order Approving Agreement with Moses Lake Landlords* [ECF No. 300]. On May 20, 2019, the Court approved the re-opening of another portion of the Moses Lake Facility, pursuant to the *Order Granting Chapter 11 Trustee's Motion for*

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE – Page 3
4826-9562-2565, v. 12

18-03197-FPC7    Doc 387    Filed 10/09/19    Entered 10/09/19 12:29:47    Pg 6 of 14

*Order Approving Moses Lake Three-Way Agreement* [ECF No. 309], dated May 20, 2019. Currently, all of the Moses Lake Facility is up and running except for two pods. A third party has asserted an interest in one of the two unopened pods. The Trustee contests this party's assertion and is currently attempting to negotiate with this party.

On June 5, 2019, the Court entered its *Order Granting Preliminary Injunction* [AP ECF No. 70] which, *inter alia,* granted management and control of the TNT Facility to the Trustee.

Pursuant to an Order, dated August 29, 2019, [ECF No. 365], the Court authorized the Trustee to reopen the TNT Facility. Pursuant to an Order, dated September 30, 2019 [ECF No. 380], the Court approved on a final basis the Trustee's request to borrow $200,000 on a superpriority unsecured basis in order to re-open the TNT Facility. Operations have begun at the TNT Facility.

### A. Post-Petition Revenues and Disbursements

Since his appointment, the Trustee has filed Monthly Operating Reports which contain detailed information regarding the Debtor's post-petition revenues.[1] In summary, the Moses Lake Facility generated approximately $400,000 in gross revenues in each of June, July and August 2019. All current obligations are being

---

[1] *See Chapter 11 Trustee's Monthly Financial Report:* February 2019 [ECF No. 271]; March 2019 [ECF No. 272]; April 2019 [ECF No. 301]; May 2019 [ECF No. 326]; June 2019 [ECF No. 342]; July 2019 [ECF No. 352]; August 2019 [ECF No. 372].

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE – Page 4
4826-9562-2565, v. 12

18-03197-FPC7    Doc 387    Filed 10/09/19    Entered 10/09/19 12:29:47    Pg 7 of 14

met on a timely basis. The Trustee fully re-paid the loan made by the Moses Lake Landlords. He has also caused the Debtor to pay more than $1.5 million in past due and current administrative rent. Currently, approximately $51,000 in past due administrative rent remains due and owing to the Moses Lake Landlords. The revenue-sharing obligation to the Moses Lake Landlords will end when the past due administrative rent is paid in full.

The Trustee has recently re-opened the TNT Facility.

The Trustee has distributed $1,943,163.27 since his appointment through September 30, 2109. The Trustee's fees accrued since his appointment on January 23, 2019, through September 2019 total $95,244.26 as set forth more specifically in the Application. For the same period, expenses total $5,235.80. Based on disbursements from May through September 2019, the average disbursements are $432,304.34 per month.[2] Based on the foregoing, the Trustee fee of 3% would be $12,969.13 per month.

### III. POINTS AND AUTHORITIES

In *In re Knudsen Corp.,* 84 B.R. 668 (B.A.P. 9th Cir. 1988), the panel approved a monthly payment procedure that is similar to the one proposed here. The procedure applied to counsel and the debtor's accountant. *Id.* at 670. In this case, the procedure will apply to the Trustee. When the estate is generating

---

[2] Disbursements for the months of January through April 2019 are not included in the average because there were no operations during that time.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE – Page 5
4826-9562-2565, v. 12

sufficient revenue, the Trustee expects to request an interim payment procedure for counsel for the Trustee and for the Official Committee of Unsecured Creditors.

*Knudsen's* approval of a similar interim payment procedure was based on four specific factual criteria: (1) the case was unusually large; (2) an extended waiting period for payment would place an undue hardship on the professional; (3) the professional could respond to any reassessment; and (4) the fee retainer procedure was subject to a noticed hearing prior to any payment. *Id*. at 672–673.

In *In re Mariner Post–Acute Network, Inc.,* 257 B.R. 723, 731 (Bankr. D. Del. 2000), the court agreed with the *Knudsen* analysis but refused to limit instances where interim compensation procedures should be adopted to only those cases meeting the four-part *Knudsen* test. The court noted that other factors were relevant to a determination of whether an interim compensation procedure is appropriate. Those factors include "whether other fee arrangements would impose a hardship on the debtor," "the effect of the proposed procedure on the ability of the Court to adequately review professional fee applications," "the payment arrangement's economic impact on the ability of the debtor's ongoing business operation, the ability of the debtor to reorganize, or the reputation of debtor's counsel." *Id* at 731. *See also In re ACT Mfg., Inc.,* 281 B.R. 468, 477–78 (Bankr. D. Mass. 2002) (discussing and surveying the case law).

In *Knudsen*, as in this case, the interim compensation procedure expressly provided for review and opportunity to object to final approval of any fees and

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE – Page 6
4826-9562-2565, v. 12

expense reimbursement. This procedure satisfied the Bankruptcy Code's policy of requiring transparency regarding fees. *See Knudsen,* 84 B.R. at 672 ("The fee application procedure and the notice and hearing requirement are not policies in themselves; they are a method of implementing the Code's policy of having the bankruptcy court scrutinize attorneys' fees in order to avoid overreaching and waste of the estate's assets.").

The Panel also addressed the concern that qualified professionals might not participate in the bankruptcy process absent these kinds of payment orders. It stated:

> [W]hen counsel must wait an extended period for payment, counsel is essentially compelled to finance the reorganization. This result is improper and may discourage qualified professionals from participating in the bankruptcy cases; a result that is clearly contrary to Congressional intent.

*Knudsen*, 84 B.R. at 672. The panel affirmed the trial court's decision allowing the interim payment procedure. All these factors and considerations apply here and in favor of approval of the Monthly Interim Payment Procedure.

### A. The Monthly Interim Payment Procedure Is Appropriate

The Monthly Interim Payment Procedure will allow the Trustee to receive partial payment on a regular basis without compromising the Court's or any interested party's right and ability to monitor the Trustee's fees and, if appropriate, object. The Monthly Interim Payment Procedure allows the Monthly Notice Parties to review the Monthly Interim Fee Statement each month and to

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE – Page 7
4826-9562-2565, v. 12

object. Furthermore, all fees paid pursuant to the Monthly Interim Payment Procedure will be subject to further review and objection pursuant to a final fee application.

The Monthly Interim Payment Procedure will also create more transparency because it requires the Trustee to file and serve statements setting forth his fees and expenses on a monthly basis. *Compare* 11 U.S.C. § 331 (providing for interim compensation applications every four months). Furthermore, the Trustee will not cause the Debtor to pay fees or expenses to the Trustee unless in his business judgment such payments will not likely impair the estate's ability to continue to pay down past due administrative expenses, meet current obligations, and administer the case.

In addition to these important general considerations, each of the *Knudsen* factors also apply.

### 1. The First *Knudsen* Criterion, Large and Complex Case, Is Met

Based on the claims registry, this case has 403 creditors with claims totaling $110,141,374.11. When the Trustee took over, post-petition revenues were unaccounted for and operations were defunct. The Trustee and his team have succeeded in (1) re-opening the Moses Lake Facility, (2) obtaining a preliminary injunction to assert the Trustee's authority to re-open the TNT Facility for the benefit of creditors, and (3) re-opening the TNT Facility. He is currently rationalizing operations and analyzing plan options.

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE – Page 8
4826-9562-2565, v. 12

18-03197-FPC7    Doc 387    Filed 10/09/19    Entered 10/09/19 12:29:47    Pg 11 of 14

In addition to active reorganization efforts, the Trustee is litigating with the Debtor's former CEO and investigating the unregistered securities offering that the Debtor conducted in 2017.

Based on the foregoing, the Trustee requests that the Court find the first *Knudsen* criterion is present.

### 2. The Second *Knudsen* Criterion, Hardship, Is Met

The Trustee has not been paid since his appointment nine months ago. The Trustee is a sole practitioner. His office has paid $5,235.80 in expenses on behalf of the estate. He has also devoted significant time and energy to his successful efforts in the case to date. It would work a hardship on the Trustee to have to continue to work and advance expenses without monthly payment and to have to devote limited resources to filing an interim fee application every four (4) months.

The Monthly Interim Payment Procedure will alleviate the hardship on the Trustee without compromising either the reorganization effort or the Court's and parties' interest in reviewing fees. The Trustee will not cause the Debtor to pay him any fees or expenses unless in his business judgment it is prudent to do so. And, as set forth above, the procedure provides an opportunity for parties to object.

Based on the foregoing, the Trustee requests that the Court find that the second *Knudsen* criterion is present.

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE – Page 9
4826-9562-2565, v. 12

18-03197-FPC7    Doc 387    Filed 10/09/19    Entered 10/09/19 12:29:47    Pg 12 of 14

### 3. The Third *Knudsen* Criterion, Ability to Disgorge, Is Met

As set forth in the *Declaration of Mark Waldron in Support of Trustee's Motion for Order Setting Monthly Interim Payment Procedure*, filed herewith, the Trustee is financially able to disgorge any fees paid or expenses reimbursed pursuant to the Monthly Interim Payment Procedure.

Based on the foregoing, the Trustee requests that the Court find that the third *Knudsen* criterion is present.

### 4. The Fourth *Knudsen* Criterion, Notice, Is Met

Notice of this Motion will be served upon the Master Mailing List maintained by the Court which includes (i) the Office of the United States Trustee for the Eastern District of Washington and (ii) the Official Committee of Unsecured Creditors and parties that have filed with the Court requests for notice of all matters in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure and L.B.R. 2002-1(b).

In addition to serving the entire creditor matrix with this Motion, each month the Trustee will serve a Notice of Monthly Interim Fee Statement upon the Monthly Notice Parties, as set forth above, each of whom have registered in the ECF program. This limited monthly notice will conserve the limited resources of the estate and strikes the appropriate balance between costs and disclosure. Finally, a final fee application providing another opportunity to review fees will be served upon the entire creditor matrix.

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE – Page 10
4826-9562-2565, v. 12

18-03197-FPC7    Doc 387    Filed 10/09/19    Entered 10/09/19 12:29:47    Pg 13 of 14

Based on the foregoing, the Trustee requests that the Court find that this Notice is sufficient and proper, and that the fourth *Knudsen* criterion is present.

## IV. CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion.

Dated: October 9, 2019     POTOMAC LAW GROUP

By: */s/ Pamela M. Egan*
Pamela M. Egan (WSBA No. 54736)

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE – Page 11
4826-9562-2565, v. 12

18-03197-FPC7    Doc 387    Filed 10/09/19    Entered 10/09/19 12:29:47    Pg 14 of 14