Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1300 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004
Telephone: (415) 297-0132
Facsimile: (202) 318-7707
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>**DECLARATION OF MARK D. WALDRON IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE** |

I, Mark D. Waldron, declare as follows:

1. I submit this declaration in my capacity as the duly appointed Chapter 11 Trustee (the "Trustee") in the bankruptcy case of the above-captioned debtor (the "Debtor" or "Giga Watt") and in support of the *Trustee's Motion for Order Setting Monthly Interim Payment Procedure* (the "Motion"), filed herewith. The statements set forth herein are based on my investigation of the Debtor's affairs, which is ongoing, and, except where otherwise noted, are based on personal knowledge. If called as a witness, I would and could competently testify thereto. Unless otherwise defined herein, capitalized terms have the meanings

DECLARATION OF MARK D. WALDRON IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE - Page 1
4810-4409-9753, v. 3

18-03197-FPC7    Doc 388    Filed 10/09/19    Entered 10/09/19 12:33:00    Pg 1 of 6

ascribed to them in *the Memorandum of Points and Authorities in Support of the Trustee's Motion for Order Setting Monthly Interim Payment Procedure*, filed herewith.

2. Pursuant to the Motion, I am requesting permission to cause the Debtor to pay my fees on a monthly basis up to $15,000 per month and to reimburse my expenses on a monthly basis subject to the procedure (the "Monthly Interim Payment Procedure") set forth in the Motion.

3. Each month, I will file and serve, as set forth below, a notice stating the amount of fees and expenses that I accrued in the calendar month prior (the "Notice of Monthly Interim Fee Statement").

4. I will file and serve the Notice of Monthly Interim Fee Statement upon all parties who have registered to participate in Electronic Court Filing (the "Monthly Notice Parties").

5. The Monthly Notice Parties will have ten (10) days from the date of service of the Notice of Interim Fee Statement to file and serve upon my counsel and me an objection to the proposed fees.

6. If no timely objection is filed with the Court, then I may cause the Debtor to pay me up to the sum of $15,000 for fees plus expenses incurred; provided that if monthly fees are less than $15,000, then I will cause the Debtor to pay actual fees plus expenses.

7. I shall use my business judgment in deciding whether to cause the Debtor to pay any portion of the monthly interim payments. If I decide in the

DECLARATION OF MARK D. WALDRON IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE - Page 2
4810-4409-9753, v. 3

exercise of my business judgment that the Debtor should not pay otherwise properly noticed fees, that unpaid interim allowed amount will roll forward and will be payable at such time as I deem appropriate. Furthermore, payment of the rolled forward amount will not count toward the $15,000 cap.

8. If a timely objection is filed with the Court and served upon the Trustee and undersigned counsel, then I will set the matter for hearing, which may be on an expedited basis.

9. If a party objects to less than the full amount of the requested fees or expenses set forth in the Notice of Monthly Interim Fee Statement, then I may cause the Debtor to pay me the amount of fees to which there is no objection up to the sum of $15,000 plus expenses.

10. All fees and expenses will be subject to final review and approval after notice and hearing pursuant to section 330 of title 11 of the United States Code.

11. I shall will disgorge any fees and expenses that have been paid pursuant to the Monthly Interim Payment Procedure but that are not allowed on a final basis.

12. By separate application, I have asked for interim approval of $95,244.26 in fees and for approval of reimbursement of $5,235.80 in expenses for the period January 2019 through September 2019. *See Application for Award of Compensation for Service Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. § 330, and for Approval of the Payment of Bank Fees* [ECF 384]. If

DECLARATION OF MARK D. WALDRON IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE - Page 3
4810-4409-9753, v. 3

18-03197-FPC7    Doc 388    Filed 10/09/19    Entered 10/09/19 12:33:00    Pg 3 of 6

1 approved, I will cause the Debtor to pay fees and expenses set forth in the
2 Application only to the extent that I believe it is financially prudent to do so.

3     13. Since my appointment, I have filed Monthly Operating Reports
4 which contain detailed information regarding the Debtor's post-petition revenues.
5 Those Monthly Operating Reports are listed in the Memorandum of Points and
6 Authorities filed herewith. In summary, the Moses Lake Facility generated
7 approximately $400,000 in gross revenues in each of June, July and August 2019.
8 All current obligations are being met on a timely basis. I have fully re-paid the
9 loan made by the Moses Lake Landlords. I have also caused the Debtor to pay
10 more than $1.5 million in past due and current administrative rent. Currently,
11 approximately $51,000 in past due administrative rent remains due and owing to
12 the Moses Lake Landlords. The revenue-sharing obligation to the Moses Lake
13 Landlords will end when the past due administrative rent is paid in full.

14     14. I have recently re-opened the TNT Facility.

15     15. I have distributed $1,943,163.27 since my appointment through
16 September 30, 2109. Fees accrued since my appointment on January 23, 2019,
17 through September 2019 total $95,244.26 as set forth more specifically in the
18 Application. For the same period, expenses total $5,235.80. Based on
19 disbursements from May through September 2019, the average disbursements are

DECLARATION OF MARK D. WALDRON IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE - Page 4
4810-4409-9753, v. 3

$432,304.34 per month.[1] Based on the foregoing, the Trustee fee of 3% would be $12,969.13 per month.

16. Based on the claims registry, this case has 403 creditors with claims totaling $110,141,374.11. When I took over, post-petition revenues were unaccounted for and operations were defunct. My team and I have succeeded in (1) re-opening the Moses Lake Facility, (2) obtaining a preliminary injunction to assert the Trustee's authority to re-open the TNT Facility for the benefit of creditors, and (3) re-opening the TNT Facility. He is currently rationalizing operations and analyzing plan options.

17. In addition to active reorganization efforts, I am litigating with the Debtor's former CEO and investigating the unregistered securities offering that the Debtor conducted in 2017.

18. I have not been paid since my appointment nine months ago. I am a sole practitioner. My office has paid $5,235.80 in expenses on behalf of the estate. I have also devoted significant time and energy to my successful efforts in this case to date. It would work a hardship on me to have to continue to work and advance expenses without monthly payment and to have to devote limited resources to filing an interim fee application every four (4) months.

19. I am financially able to disgorge any fees paid or expenses reimbursed pursuant to the Monthly Interim Payment Procedure.

---

[1] Disbursements for the months of January through April 2019 are not included in the average because there were no operations during that time.

DECLARATION OF MARK D. WALDRON IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE - Page 5

4810-4409-9753, v. 3

20. Notice of the Motion will be served upon: (i) the Office of the United States Trustee for the Eastern District of Washington; (ii) the Official Committee of Unsecured Creditors, (iii) the Public Utility District No. 1 of Douglas County, Washington; (iv) TNT Business Complex, LLC, the landlord at the TNT Facility; (v) Giga Plex LLC and MLDC I LLC, the landlords of the Moses Lake Facility; (vi) David M. Carlson and his counsel; (vii) Randy Michelson, the post-petition lender; (viii) the Master Mailing List maintained by the Court, and (ix) parties that have filed with the Court requests for notice of all matters in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure and LBR 2002-1(b).

21. In addition to serving the entire creditor matrix with this Motion, each month I will serve a Notice of Monthly Interim Fee Statement upon the Monthly Notice Parties, as set forth above. Finally, a final fee application providing another opportunity to review fees will be served upon the entire creditor matrix.

To the best of my knowledge, I declare under penalty of perjury that foregoing is true and correct.

Executed this 9th day of October 2019 in Tacoma, Washington

_____
Mark D. Waldron

---

DECLARATION OF MARK D. WALDRON IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER SETTING MONTHLY INTERIM PAYMENT PROCEDURE - Page 6
4810-4409-9753, v. 3