Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP
1300 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004
Telephone: (415) 297-0132
Facsimile: (202) 318 7707
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>**CHAPTER 11 TRUSTEE'S OBJECTION TO *APPLICATION FOR ORDER APPROVING EMPLOYMENT* FILED BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "Trustee"), hereby respectfully submits this objection (the "Objection") to the *Application for Order Approving Employment*, filed by the Official Committee of Unsecured Creditors on December 16, 2019 (ECF No. 436) (the "Special Counsel Application").

First, the Committee has not served the Special Counsel Application on the Master Mailing List. The Special Counsel Application asks the Court to approve an actual rate of compensation to special counsel of $600 an hour. It also requests

TRUSTEE'S OBJECTION TO CREDITORS' COMMITTEE'S SPECIAL COUNSEL EMPLOYMENT APPLICATION - Page 1
4810-9210-2319, v. 3

that the estate repay a $5,000 retainer that a Committee member paid to proposed special counsel. The Court's rules state:

> (b) Terms of Employment If the applicant desires that the order also establish **the actual rate of compensation and terms of employment**, **then the applicant shall give notice and hearing to the Master Mailing List** pursuant to LBR 2002-1 of the proposed actual rate of compensation and terms of employment.

L.B.R. 2014-1(b). (Emphasis added.) Despite the service requirement, no certificate of service is on file and Committee counsel confirmed, see **Exhibit A**, that he had not served the Master Mailing List. He also declined to re-notice the Application thus necessitating this Objection. The Application should be denied on the ground that it was not properly served.

The Application fails on substance as well. The Application does not demonstrate why special counsel is required to study the "power contracts." *See e.g.*, *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883 (7th Cir. 2013), as amended (Apr. 29, 2013) (discussing how the Federal Power Act does not preempt state contract law). Instead, it states that since the 50MW power contract between the Douglas County Public Utility District No. 1 Washington (the "DC PUD") and the debtor was so potentially valuable, it is worth rolling the dice, with the estate's financial backing, to see if there is any way to sue the DC PUD. This is not a sufficient ground to employ special counsel.

Further, the Committee would not have standing to bring any of its proposed speculative lawsuits. "A trustee is vested with the exclusive power to

TRUSTEE'S OBJECTION TO CREDITORS' COMMITTEE'S SPECIAL COUNSEL EMPLOYMENT APPLICATION - Page 2
4810-9210-2319, v. 3

raise legal claims on behalf of the estate." *Estate of Spirtos v. One San Bernardino Cty. Superior Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1175 (9th Cir. 2006).

Finally, the Committee's proposed special counsel is the attorney for a class of plaintiffs who have filed suit against the Grant County Public Utility District. *See* Special Counsel Application, ¶ 8. Giga Watt runs a facility in Grant County, Washington: the Moses Lake Facility. If a hearing is set on the Special Counsel Application, the Trustee will represent to the Court that he has chosen not to join in that litigation because in the Trustee's judgment the chances of maximizing the value of Moses Lake lies in negotiation -- not litigation. Retaining the lead lawyer in the class action lawsuit against Grant County could be detrimental to the Trustee's reorganization efforts.

WHEREFORE, the Trustee respectfully requests that the Court sustain this Objection and deny the Special Counsel Application.

Dated: December 23, 2019          POTOMAC LAW GROUP

                                  By:    */s/ Pamela M. Egan*
                                         Pamela M. Egan (WSBA No. 54736)

                                         *Attorneys for Mark D. Waldron, Chapter 11 Trustee*

TRUSTEE'S OBJECTION TO CREDITORS' COMMITTEE'S SPECIAL COUNSEL EMPLOYMENT APPLICATION  - Page 3
4810-9210-2319, v. 3