BEN ELLISON, WSBA #48315
Email: salishsealegal@outlook.com
SALISH SEA LEGAL PLLC
2212 Queen Anne Avenue North, No. 719
Seattle, WA 98109
Telephone: (206) 257-9547
Attorney for the Unsecured Creditors Committee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, INC.

Debtor.

18-03197-FPC11

COMMITTEE REPLY IN SUPPORT OF EMPLOYMENT OF BEVERIDGE & DIAMOND AS SPECIAL COUNSEL

## I. PRELIMINARY STATEMENT

The Chapter 11 Trustee in this case has unnecessarily objected to the Committee of Unsecured Creditors of the Giga Watt, Inc. ("**Committee**")'s motion to retain Beveridge & Diamond ("B&D") as special counsel to review the Douglas County PUD contract that purportedly has been terminated.

## II. FACTUAL BACKGROUND

The Committee has been in discussions with the Chapter 11 Trustee to investigate the Douglas County PUD contract for almost six months. The hurdle for much of this time was finding monies for a retainer to pay B & D. The Trustee has consistently maintained that it could not afford to provide retainer monies for a lawyer such as B & D, but nonetheless encouraged the Committee to pursue such an avenue if they believed there was value in the Douglas County PUD contract. The Committee ultimately solved this problem by fronting the money for a retainer

1

COMMITTEE REPLY

personally.

In late August 2019, the Committee wanted to seek formal authorization to pursue investigation or litigation over this asset class. The response by the Trustee to a draft motion for this authorization, *see attached* **Exhibit A**, was that a motion would be premature, and that the Committee should go out and retain the attorney first. Now that the Committee has taken steps to retain the attorney, the Trustee objects to the very step that it recommended to the Committee, stating that the Committee should first have authorization to conduct the investigation.

### III. LEGAL ARGUMENT

The bankruptcy estate overall finds itself between a rock and a hard place as it historically incurred a substantial amount ($600,000+) in attorney's fees when it was assumed there were three significant operation centers – Moses Lake, Pangborn, and TNT. Now, however, the Trustee appears to have given up on selling any operations other than the smallest, TNT. For that reason, the Committee wishes to take another look at whether the Pangborn electricity contract – once the crown jewel of the bankruptcy estate – really is gone.

Importantly, the Trustee made its conclusion without the involvement of specialized energy counsel, and so the Committee wants to be able to bring in Mr. Christensen from B&D to complete the analysis. Notably, Mr. Christensen's experience includes many years as in-house counsel at a Washington PUD working on energy contracts, as well as many years of private practice representing PUDs and other entities in the energy industry, so he brings expertise in energy-related contracts that the Trustee cannot match. Further, a preliminary analysis has already been conducted (relying on the $5,000 fronted by Committee members), and that seems favorable enough to continue investigation. Preliminary Analysis will be presented to the Court as **Exhibit B**. The Trustee's objection that the potential litigation is a "roll of the dice" is therefore unfounded.

As to the specific technical objections raised by Ms. Egan, the application

was not circulated to the general mailing matrix. This is only required when attorney rates (here, $600 per hour) are sought to be approved in advance. As should be clear from the email sent by the Committee on December 22, 2019, the Committee is not seeking such pre-approval of rate of compensation at present.

Further, the Trustee complains that he alone has standing to bring claims against Douglas County PUD. This is true, but ignores the fact that the Committee already requested standing to pursue this specialized litigation, and there is a good faith basis for proceeding. **Exhibits A & B**.

Finally, the Trustee implies that Mr. Christensen and his firm may be conflicted out of this representation because they currently are in litigation with Grant County over electricity rate hikes. But the Pangborn facility is served by Douglas County PUD, not Grant County PUD, and the Grant County litigation therefore does not pose any conflict issues. Further, the Grant County litigation challenges rate hikes could render the Moses Lake facility nonviable after April 2020. A victory in the Grant County litigation would therefore be a victory for the estate.

## IV. CONCLUSION

The Committee would be happy if the Trustee could restore confidence in its vision of the case as a whole, but what the Trustee should not be doing is interfering with the Committee's ability to put in place its own plan.

DATED this 24th day of December, 2019.

**SALISH SEA LEGAL PLLC**

By: /s/ *Benjamin A. Ellison*
Ben Ellison, WSBA No. 48315
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98125
Tel: (206) 257-9547
Email: salishsealegal@outlook.com