BANKRUPTCY COURT FOR THE

EASTERN DISTRICT OF WASHINGTON AT SPOKANE

In re Giga Watt, Inc.,

Debtor.

UNSECURED CREDITORS COMMITTEE'S MOTION FOR AUTHORIZATION TO PURSUE INVESTIGATION OF STATUS OF DOUGLAS COUNTY PUD ELECTRICITY CONTRACT

CASE NO: 18-03197 FPC 11

## I. PRELIMINARY STATEMENT

The Committee of Unsecured Creditors ("Committee") of the Chapter 11 Bankruptcy Estate of Giga Watt, Inc. ("Debtor") hereby requests court authorization for standing to investigate the nature and status of the proposed 50-year contract for supply of electricity provided by the Douglas County Public Utility District ("PUD"). If currently in force, the PUD Contract would be the most valuable asset of the Chapter 11 bankruptcy estate.

The PUD asserts that the Contract terminated prepetition, and apparently the Chapter 11 Trustee plans not to further challenge this assertion. Given the technical nature of interpreting power supply contracts, the potentially high value of such PUD Contract if it were presently enforceable and could be assumed and assigned to a purchaser, as well as prior indications from

COMMITTEE MOTION FOR LEAVE TO PURSUE INVESTIGATION
- 1



DBS | LAW

A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

the Chapter 11 Trustee that questioned the Douglas County PUD's claims of termination, the Committee seeks authorization to conduct information discovery through FRBP 2004 and other mechanisms, hire an electricity regulatory attorney, and as necessary, be authorized to file an adversary proceeding to recover the PUD Contract for the benefit of the Chapter 11 estate.

## II. FACTUAL BACKGROUND

Prepetition, the Debtor was in the midst of construction of its primary facility at the Pangborn facility, to access electricity available under the PUD Contract, when it ran into cost overruns and ultimately was forced to file Chapter 11 bankruptcy.

In the present bankruptcy proceeding, the Chapter 11 Trustee came to a stipulation with the landlord at the Pangborn site, whereby cure of unpaid rent was to be completed before June 17, 2019, otherwise the lease – as distinct from the PUD Contract – would be terminated. ECF No. 253-1. Such deadline was not met, and now presumably, the lease for Pangborn has now been rejected.

The Douglas County PUD has separately contended that its supply of electricity in the form of **Exhibit A** was terminated prepetition and no further supply of information is necessary.

Douglas County PUD has separately filed a proof of claim (No. 14) seeking damages for monies still owed by the Debtor under the PUD Contract.

Prior to any clean-up resolution of the Pangborn lease which has been promised by the Chapter 11 Trustee, or the end of the wind-up phase for the PUD Contract, even if terminated, the Committee would like to an opportunity to clarify whether the "crown jewel" of the estate is in fact no longer part of the state. As the Chapter 11 Trustee has clearly indicated it will

COMMITTEE MOTION FOR LEAVE TO PURSUE INVESTIGATION - 2

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

18-03197-FPC7    Doc 442-1    Filed 12/24/19    Entered 12/24/19 09:57:28    Pg 2 of 4

pursue no further investigation, the Committee requests standing to pursue such work for the benefit of the Chapter 11 estate.

### III.    LEGAL ARGUMENT

A committee must obtain court approval prior to bringing litigation. *In re Applied Theory Corp.,* 345 B.R. 56, 60 (S.D.N.Y. 2006). The right to initiate litigation is contingent on court approval and may be exercised in limited circumstances, including when the debtor consents. *In re STN Enters.*, 779 F.2d 901, 904 (2d Cir. 1985). In determining whether to allow a committee to proceed with litigation, a court considers whether the claim is colorable and whether the claim is likely to benefit the reorganized estate. *STN*, 779 F.2d at 905.

The Ninth Circuit BAP recognizes the *STN* line of cases and holds that a committee may initiate derivative actions with the consent of the debtor-in-possession. *In re Spaulding Composites, Inc.*, 207 B.R. 899, 904 (B.A.P. 9th Cir. 1997)(holding DIP may stipulate to committee representation in litigation on behalf of DIP).

The Court should grant the present Motion because (a) the asset at issue was the fundamental basis for the Debtor undertaking the Pangborn construction, and the allure of 50 years of electricity at 3 cents per kilowatt prompted the investments and loans to the Company; (b) the Chapter 11 Trustee initially favored pursuing an action to recover the PUD Contract, (c) neither the Chapter 11 Trustee nor the Committee has FERC-specialist counsel to make this determination. The Committee offers to provide the laboring oar on this work, however, needs authorization from the Court to do so (and thereafter shall retain employment of special counsel concerning the same).

### IV.    CONCLUSION

DBS|LAW

A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  | f: 206.973.8737

18-03197-FPC7    Doc 442-1    Filed 12/24/19    Entered 12/24/19 09:57:28    Pg 3 of 4

The Committee respectfully requests that the Court enter an Order authorizing the Committee to Commence Recovery Actions. Debtor [has agreed] to the relief sought, and any recovery from the possible actions will benefit the estate, either by increasing the amount of recovery available for unsecured creditors or accelerating the schedule on which unsecured creditors would receive their payments.

DATED this 27th day of August, 2019.

DBS | LAW

By _____
Benjamin Ellison, WSBA No. 48315
155 NE 100th St., Suite 205
Seattle, WA 98125
Tel: (206) 259-2950
Fax: (206) 973-8737
*Attorneys for the Committee*

COMMITTEE MOTION FOR LEAVE TO PURSUE INVESTIGATION - 4

DBS | LAW

A Professional Limited Liability Company
155 NE 100th Street, Suite 205    Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737