KATHRYN R MCKINLEY
PAINE HAMBLEN LLP
717 West Sprague Avenue Suite 1200
Spokane WA 99201
T (509) 455-6000
F (509) 838-0007
kathryn.mckinley@painehamblen.com

Attorneys for Creditor Public Utility District No. 1 of Douglas County, Washington

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | No. 18-03197-FPC11 |
| **GIGA WATT INC, a Washington corporation,** | CHAPTER 11 |
| Debtor. | MEMORANDUM IN SUPPORT OF OBJECTION TO APPLICATION FOR ORDER APPROVING EMPLOYMENT OF SPECIAL COUNSEL |

Public Utility District No. 1 of Douglas County, Washington (the "DC PUD"), through its attorneys or record, Kathryn R McKinley and Paine Hamblen LLP, respectfully submits this Memorandum in Support of its objection to the Application for Order Approving Employment filed by the Official Committee of Unsecured Creditors (the "Committee"). [ECF 436]

**MEMORANDUM IN SUPPORT OF OBJECTION TO APPLICATION FOR ORDER APPROVING EMPLOYMENT OF SPECIAL COUNSEL** - 1

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000
FAX (509) 838-0007

18-03197-FPC7    Doc 448    Filed 01/16/20    Entered 01/16/20 11:35:53    Pg 1 of 5

## I. APPLICABLE FACTS

Debtor, Giga Watt, Inc., and the DC PUD entered into an Interconnection and Service Agreement (the "Agreement") for (1) the construction and installation of infrastructure to provide electrical power to Lot 13 of the Pangborn Airport Business Park for a cryptocurrency mining facility to be developed by Debtor. (Declaration of Gary Ivory, ¶ 2 and Exhibit A.) The Agreement was effective as of March 7, 2017. *Id.* Pursuant to the Agreement, Debtor was to construct a substation on a portion of Lot 13 and provide power poles and other necessary infrastructure for delivery of electrical power from the DC PUD to the substation. (Ivory Decl., ¶¶ 3-5.) Once the required infrastructure was constructed and functional, then the DC PUD would provide power to Lot 13 in accordance with the Agreement. (Ivory Decl., ¶¶ 3 & 6.)

The Agreement was for an indefinite period of time and provided for termination by either party upon 1 year's written notice. (Ivory Decl., ¶ 7 and Ex. A, p12, § 20.1. In October, 2018, the DC PUD elected to terminate the Agreement in accordance with § 20.1 by giving written notice of termination to the Debtor. (Ivory Decl., ¶ 8 and Ex. B.) This decision was made for several reasons centering on the DC PUD's concerns about the Debtor's financial condition and going-concern status. (Ivory Decl., ¶¶ 9-10.)

**MEMORANDUM IN SUPPORT OF OBJECTION TO APPLICATION FOR ORDER APPROVING EMPLOYMENT OF SPECIAL COUNSEL** - 2

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000
FAX (509) 838-0007

18-03197-FPC7    Doc 448    Filed 01/16/20    Entered 01/16/20 11:35:53    Pg 2 of 5

## II. LAW AND ANALYSIS

A. THE AGREEMENT WAS PROPERLY TERMINATED IN ACCORDANCE WITH WASHINGTON STATE CONTRACT LAW.

The Committee's request for employment of Special Counsel is apparently aimed at investigating the propriety of the DC PUD's termination of the Agreement. [ECF 436]. As noted by the Chapter 11 Trustee in his response to the Application, state law, not Federal law, is applicable to the Agreement. [ECF 441 citing *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883 (7th Cir. 2013, as amended (Apr. 29, 2018)]. Simply stated, public utility contracts with retail customers is not subject to Federal regulation. *Id.*

In Washington, when a contract does not state a definite duration, it is construed by the courts to be terminable-at-will by either party upon reasonable notice and time. *Cascade Auto Glass, Inc. v. Progressive Cas. Ins. Co.*, 145 P.3d 1253, 1256 (Ct.App. 2006) (additional citations omitted). The Agreement at issue here has no specified duration and, thus, would be subject to the foregoing rule. However, we need not rely on that rule as the parties specifically included a provision for termination of the Agreement by either party, specifying the type of notice and the time from notice to effective termination. (Ivory Decl., ¶ 7 and Ex. A, § 20.1.) The method of notification was specified to be written notice. The time

**MEMORANDUM IN SUPPORT OF OBJECTION TO APPLICATION FOR ORDER APPROVING EMPLOYMENT OF SPECIAL COUNSEL** - 3

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000
FAX (509) 838-0007

18-03197-FPC7    Doc 448    Filed 01/16/20    Entered 01/16/20 11:35:53    Pg 3 of 5

from notice to effective termination date was one year. Both the method and the notice period were reasonable.

B. **REINSTATEMENT OF THE PANGBORN AGREEMENT WILL NOT RESULT IN POWER BEING IMMEDIATELY AVAILABLE FOR OPERATIONS AT THE PANGBORN SITE.**

It is important to recognize that the Agreement was not just for the provision of electric power by the DC PUD. The Agreement first required the Debtor to construct and install a substation and related infrastructure. Only a limited amount of power was available to Debtor's Pangborn site at the time the DC PUD gave notice of termination. (Ivory Decl., ¶ 11.) Specifically, power was available for what the Debtor called a "Show Pod" and for construction, both on a temporary basis. The significant amount of power required for the Debtor's future operations at the site was not available and could not be available until the infrastructure was completed. (Ivory Decl., ¶ 11.) The DC PUD estimates that completion of the infrastructure will take at least two years and several million dollars. (Ivory Decl., ¶ 13.)

### III. CONCLUSION

Based on the foregoing, the Committee's Application for Order Approving Employment of Special Counsel should be denied. The Agreement was formed and is governed by Washington state contract law, and special power contract analysis is unnecessary for interpretation or construction of the termination provision.

MEMORANDUM IN SUPPORT OF OBJECTION TO
APPLICATION FOR ORDER APPROVING
EMPLOYMENT OF SPECIAL COUNSEL - 4

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000
FAX (509) 838-0007

18-03197-FPC7    Doc 448    Filed 01/16/20    Entered 01/16/20 11:35:53    Pg 4 of 5

Further, reinstatement of the Agreement would merely obligate the bankruptcy estate to expend significant funds which it does not have and would not result in available power to the Pangborn site for at least two years.

The DC PUD respectfully requests that this Court deny the Committee's Application.

DATED this 16th day of January, 2020.

PAINE HAMBLEN LLP

/s/ Kathryn R. McKinley
Kathryn R McKinley, WSBA #25105
Attorneys for Public Utility District No. 1
of Douglas County, Washington

I:\Spodocs\42020\00001\PLEAD\01878897.DOCX

**MEMORANDUM IN SUPPORT OF OBJECTION TO APPLICATION FOR ORDER APPROVING EMPLOYMENT OF SPECIAL COUNSEL** - 5

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000
FAX (509) 838-0007

18-03197-FPC7    Doc 448    Filed 01/16/20    Entered 01/16/20 11:35:53    Pg 5 of 5