IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: | In Chapter 11 Proceeding |
| GIGA WATT, INC., | Case No. 18-03197-FPC11 |
| Debtor. | **APPLICATION OF ALLRISE FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** |

## I.   INTRODUCTION AND RELIEF REQUESTED

1.      Allrise IP Holding, Inc. ("Allrise"), by and through its corporate affiliate, Allrise Financial Group, respectfully applies (the "Application") for the entry of an order (i) granting it an allowed administrative expense priority claim in the total amount of one hundred sixty-five thousand and one hundred dollars ($165,100.00) for eleven (11) Antminer S9 Miners, one hundred and eighty-one (181) PandaMiners Plus, and one hundred and eighty-one (181) power supply units (collectively, the "Missing Miners") belonging to Allrise that remain in

APPLICATION OF ALLRISE FINANCIAL GROUP FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIM- 1

1189538.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 459    Filed 01/24/20    Entered 01/24/20 15:31:08    Pg 1 of 30

possession of Giga Watt, Inc. (the "Debtor"); and (ii) ordering the Debtor to pay to Allrise one hundred sixty-five thousand and one hundred dollars ($165,100.00) on account of such administrative expense priority claim.

2.    As detailed below, Allrise has attempted to locate the Missing Miners to no avail.  Despite Allrise's request to search the Moses Lake Bitcoin mining facility to search for the Missing Miner at its own expense with no cost to the Estate, the Trustee's representatives have refused to allow the search.  Thus, Allrise was left with no choice, but to bring this Application to seek payment for the Missing Miners that the Debtor is either using to mine Bitcoin or has misplaced.

3.    Allrise purchased the Missing Miners on May 1, 2017, which was approximately eighteen (18) months before the Debtor filed this Chapter 11 bankruptcy proceeding.  Allrise believed that the Missing Miners were located at the Debtor's Moses Lake Bitcoin mining facility.  Following Allrise's purchase, the Debtor retained possession of the Missing Miners, and never informed Allrise that they had been moved or misplaced from the Moses Lake Facility.  To the best of Allrise's knowledge, the Debtor was continuing to use the Missing Miners to mine Bitcoin.

APPLICATION OF ALLRISE FINANCIAL GROUP FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIM - 2

2053288.02

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 459    Filed 01/24/20    Entered 01/24/20 15:31:08    Pg 2 of 30

4.      Following the Debtor's bankruptcy filing, Allrise attempted to recover the Missing Miners.  To that end, Allrise contacted counsel for the Chapter 11 Trustee (the "Trustee"), and requested that the Trustee permit Allrise to send a team to the Debtor's Bitcoin mining facility at Moses Lake to remove the Missing Miners.  Counsel refused to allow Allrise to send an inspection team.  Eventually, in December 2019, the Trustee allowed Allrise to recover some of its equipment from the Moses Lake facility, but the Trustee could not produce the Missing Miners.

5.      Since the Trustee has been unable to provide the Missing Miners despite Allrise's repeated requests, then it is apparent that the Debtor has either misplaced them or is continuing to use them to mine Bitcoin.  If the Estate is using the Missing Miners, then Allrise has provided a post-petition benefit to the Estate by allowing the Missing Miners to continue to mine Bitcoin and allow the Debtor to operate.  Thus, Allrise is entitled to "the actual, necessary costs and expenses of preserving the estate," which is the value of the Missing Miners, or $165,100.00.  11 U.S.C. § 503(b)(1)(A).

6.      In the alternative, if the Trustee misplaced the Missing Miners, then the Trustee negligently failed to safeguard Allrise's equipment, thus resulting in harm to Allrise in the amount of $165,100.00.  *Reading Co. v. Brown*, 391 U.S.

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

471, 476-84 (granting administrative priority to postpetition tort claims against bankruptcy receiver).

7.     Accordingly, for the reasons set forth below, Allrise is entitled to an allowed administrative expense priority claim in the total amount of one hundred sixty-five thousand and one hundred dollars ($165,100.00), which is equal to the value of the Missing Miners.  11 U.S.C. §§ 503, 507; *Reading Co.*, 391 U.S. at 476-84.

## II.     JURISDICTION AND VENUE

6.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1344.

7.     Venue of this bankruptcy case and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

9.     The statutory predicates for the relief requested herein are sections 503 and 507 of the Bankruptcy Code.

## III.     STATEMENT OF FACTS

10.     On November 19, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Washington (the "Court").

APPLICATION OF ALLRISE FINANCIAL GROUP FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIM - 4

2053288.02

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 459    Filed 01/24/20    Entered 01/24/20 15:31:08    Pg 4 of 30

11.     Allrise, with is headquarters in Irvine, California, is a private equity company.

12.     On May 1, 2017, prior to the Petition Date, Allrise purchased from the Debtor 268 Antminer S9 Miners together with 268 power supply units as well as 636 PandaMiners Plus for an original purchase price of $1,627,956.00.

13.     After the Petition Date, on October 29, 2019, Allrise's General Counsel, Nathan Cho, contacted the Trustee's counsel via email, and asked whether the Trustee would be willing to allow Allrise to search for the Missing Miners:

> Pam,
>
> . . . Would the Trustee be open to a short-term lease agreement to allow us to mine at the GW site? If so, we would also very much appreciate it if you would allow us to search for the rest of our miners (I believe we are missing ~200). Please let me know. Thank you.

14.     In response, the Trustee's counsel asked for (i) a portion of a fully executed purchase agreement providing that the Debtor had agreed to sell Allrise the Missing Miners, (ii) proof of payment, and (iii) proof of delivery by the Debtor of the Missing Miners.

15.     On November 5, 2019, Mr. Cho responded with the following email:

APPLICATION OF ALLRISE FINANCIAL GROUP FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIM - 5

2053288.02

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 459    Filed 01/24/20    Entered 01/24/20 15:31:08    Pg 5 of 30

Pam,

In response to items 1 and 2 below, attached are (1) purchase agreement showing 904 miners, and (2) details of the payment transaction showing wallet address which can be reviewed for history. . . .

I will continue searching, but are you able to let me know now whether the Trustee would be open to a short-term and allowing us to search for our other miners?

16. The Trustee's counsel responded almost immediately: "Essentially, you think you might have miners at Moses Lake and you want permission to go look for them?"

17. Thereafter, Allrise reminded the Trustee's counsel that it would look for the Missing Miners at its own expense:

Yes. At Moses Lake or TNT; we are uncertain where they may have been moved. They were not cheap, so we would like to be able to look for them. As mentioned before, we can cover the cost of resources that might be necessary for this, to make it more reasonable to you. Please let me know.

18. A week came and went, with no response from the Trustee's counsel. In response to a November 13, 2019, email from Allrise requesting a conference call to discuss the Missing Miners and other issues, the Trustee's counsel stated:

Dear Nathan,

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

The Debtor has rejected the service agreement and the sublease. In any event, the sublease is void because it violates the master lease. We would like to arrange a time for Allrise to pick up its miners. Allrise does not own the Pod.[1] As for miners that Allrise believes are missing, a proof of claim should be filed.

19.     As such, the Trustee rejected Allrise's request to search for the Missing Miners at its own expense. Attached hereto as Exhibit A is a true and correct copy of email correspondence exchanged between Allrise and the Trustee's counsel that is referenced above.

20.     On December 11, 2019, with the Trustee's consent, Allrise obtained possession of 257 Antminer S9 Miners and 455 PandaMiners Plus with 455 power supply units.

---

[1] Allrise is bringing this Application without prejudice to its right to move for abandonment of its Pod currently in the Debtor's possession. Before the Debtor filed its bankruptcy petition, Allrise and the Debtor entered into a Sublease on May 3, 2017, whereby Allrise agreed to lease a portion of the Moses Lake Facility from the Debtor to run a Bitcoin mining farm. Allrise also purchased a Pod from the Debtor, which is currently stored at the Moses Lake Facility. The Pod serves as a storage unit for Bitcoin miners. As of the date of the filing of this Application, the Trustee refuses to release the Pod to Allrise. The Trustee contends that Allrise no longer owns the Pod because the Sublease purportedly violated a Master Lease between the Debtor and its landlord for the Moses Lake Facility, and the Debtor rejected the Sublease. Allrise disputes the Trustee's contentions because the purported invalidity or rejection of the Sublease does not have any bearing on Allrise's ownership of the Pod. Accordingly, Allrise intends to file a motion directing the Trustee to abandon the Pod.


Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

21.     Eleven (11) Antminer S9 Miners, one hundred and eighty-one(181) PandaMiners Plus, and one hundred and eighty-one (181) power supply units remain in possession of the Debtor.

22.     The value of the Missing Miners is approximately one hundred sixty-five thousand and one hundred dollars ($165,100.00). Each Antminer S9 is valued at approximately $200.00 each while each PandaMiners Plus is valued at approximately $800.00 and each power supply unit is valued at approximately $100.00 each.

23.     Allrise claims the amount of one hundred sixty-five thousand and one hundred dollars ($165,100.00) as an administrative expense priority claim in connection with value of the Missing Miners.

24.     Attached hereto as Exhibit B is a true and complete copy of the Proof of Claim timely filed by Allrise with the Bankruptcy Court on April 19, 2019 (Claim No. 327-1), which constitutes *prima facie* evidence of the validity and amounts of Allrise's Reclamation Claim, 503(b)(9) Claim, and general unsecured claim pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure.

APPLICATION OF ALLRISE FINANCIAL GROUP FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIM - 8

2053288.02

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 459    Filed 01/24/20    Entered 01/24/20 15:31:08    Pg 8 of 30

## IV.   ARGUMENT AND AUTHORITY

**A.   Allrise's administrative expense priority claim constitutes the actual and necessary costs and expenses of preserving the Estate.**

25.    In section 503(b), the first category of allowable administrative expenses is "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).   A creditor claiming administrative expenses treatment under section 503(b)(1)(A) must satisfy a two-part test demonstrating that claim (i) arose from a transaction with the bankruptcy Estate; and (ii) directly and substantially benefited the Estate.  Both parts are met here.

26.    First, Allrise's claim arose from a transaction with the bankruptcy Estate.  Allrise originally purchased the Missing Miners from the Debtor in 2017, and the Debtor has either continued to use the Missing Miners to mine Bitcoin postpetition or misplaced them.  Bankruptcy courts have found that creditors may be entitled to administrative expense priority when a benefit conferred on the debtor pre-petition continued post-petition.  *See*, *e.g*., *In re Sharon Steel Corp*., 161 B.R. 934, 937 (Bankr. W.D. Pa. 1994) (life insurer creditor entitled to administrative expense priority where it continued to provide coverage for debtor post-petition); *see also Siller v. Big Hill Logging & Road Building Co., Inc. (In re CWS Enters., Inc.)*, BAP Nos. EC-14-1195, EC-14-1273-PaJuKu, 2015 WL 3651541, at *5 (9th Cir. June 12, 2015) ("It is the

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

consensus of authority that when third parties are induced to supply goods or services to a debtor in possession, their claims should be accorded administrative expense status.").

27.     Second, the Missing Miners have directly and substantially benefited the Estate.  The Debtor cannot generate Bitcoin without miners, thus a lack of miners would substantially impair the Debtor's ability to operate its business or successfully reorganize.  If the Debtor has retained the Missing Miners, then Allrise has conferred a substantial and direct benefit on the Estate by allowing it to continue to generate Bitcoin and operate its business using Allrise's equipment.

28.     Accordingly, the Court should allow Allrise's priority administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A).

**B.     Alternatively, Allrise's administrative expense priority claim constitutes damages resulting from the Trustee's negligence.**

29.     Where a debtor's postpetition operations result in tortious injuries to third parties, or claims from actions that deliberately violate applicable law and damage others, "fundamental fairness" requires those claims to be accorded administrative expense priority even though they do not benefit the Estate and are not necessary costs to preserve the Estate.  *In re Healthco Int'l, Inc.*, 272 B.R. 510, 512-13 (1st Cir. BAP 2002); *Reading*, 391 U.S. at 476-84.  The

RS    Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

"*Reading* exception operates to deter the trustee from injuring third parties." *In re Abercrombie*, 139 F.3d 755, 758 (9th Cir. 1998). *Reading* further prevents "general creditors from benefitting at the expense of innocent parties." *In re Madden*, 185 B.R. 815, 818 (B.A.P. 9th Cir. 1995).

30.     In *Reading*, the district court appointed a receiver under Chapter XI of the Bankruptcy Act to conduct the debtor's business, which consisted principally of leasing the debtor's only significant asset, an eight-story industrial structure located in Philadelphia. *Id.* at 473. After the receiver was appointed, a fire completely destroyed the building and damaged adjoining real and personal property of Reading Company and other third parties. *Id.*

31.     After the fire, Reading filed a claim in the debtor's bankruptcy for an administrative expense based upon the receiver's negligence. *Id.* The receiver (who was eventually appointed trustee) objected to the administrative expense claim. *Id.* The district court and Third Circuit Court of Appeals affirmed the trustee's objection, and Reading appealed to the Supreme Court. *Id.* at 474-75.

32.     The Supreme Court held "that damages resulting from the negligence of a receiver acting within the scope of his authority as receiver give rise to 'actual and necessary costs' of a Chapter XI arrangement." *Id.* at 485.

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

33.     No less is true here.  The Trustee injured Allrise by negligently failing to secure the Missing Miners.  Thus, Allrise is entitled to claim the value of the Missing Miners as an administrative expense.  To rule otherwise, would cause all the Debtor's general creditors to benefit at the expense of an innocent third party.

## V.     NOTICE

34.     Notice of this Application has been provided to: (a) counsel for the Debtor; (b) the Office of the United States Trustee; (c) counsel for the Official Committee of Unsecured Creditors; and (d) all parties who have noted their appearances pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  Allrise has also attempted to "meet and confer" with Trustee's counsel to no avail.  Allrise submits that no other or further notice is required.

35.     No prior application for the relief requested herein has been made to this Court or any other Court.

## VI.     CONCLUSION

**WHEREFORE**, based on the foregoing and for good cause shown, Allrise respectfully requests that the Court ender an Order substantially in the form attached hereto as Exhibit C: (a) granting Allrise an allowed administrative expense priority claim in the total amount of one hundred sixty-five thousand

APPLICATION OF ALLRISE FINANCIAL GROUP FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIM - 12

2053288.02

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7     Doc 459     Filed 01/24/20     Entered 01/24/20 15:31:08     Pg 12 of 30

and one hundred dollars ($165,100.00); (b) directing the Debtor to pay to Allrise its administrative expense priority claim in the aggregate amount of one hundred sixty-five thousand and one hundred dollars ($165,100.00); and (c) granting Allrise such other further relief as may be appropriate and just and warranted by the circumstances.

DATED this 24th day of January, 2020.

By  /s/ *Adam C. Doupé*

Joseph A.G. Sakay, WSBA #24667
Adam C. Doupé, WSBA #55483
RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington  98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
sakay@ryanlaw.com
doupe@ryanlaw.com

*Attorneys for Allrise Financial Group*



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

# EXHIBIT A

**From:** Pamela M. Egan [mailto:pegan@potomaclaw.com]
**Sent:** Wednesday, November 13, 2019 9:18 AM
**To:** Nathanael Cho <Nathan@allrisecapital.com>
**Cc:** Mark Waldron <mark@mwaldronlaw.com>; Diana Atkins <diana@mwaldronlaw.com>;
Sakay, Joe <Sakay@ryanlaw.com>
**Subject:** RE: GW/Allrise

[EXTERNAL]
Dear Nathan,

The Debtor has rejected the service agreement and the sublease. In any event, the sublease is
void because it violates the master lease.
We would like to arrange a time for Allrise to pick up its miners. Allrise does not own the Pod.
As for miners that Allrise believes are missing, a proof of claim should be filed.

Pam


**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
Tel: (415) 297-0132 | Fax: (202) 318-7707
pegan@potomaclaw.com | www.potomaclaw.com




*This e-mail and any attachments may contain information that is private, confidential,
and/or privileged. If you are not the intended recipient, please notify us immediately
and destroy all copies of this message and any attachments.*

**From:** Nathanael Cho <Nathan@allrisecapital.com>
**Sent:** Tuesday, November 12, 2019 10:40 AM
**To:** Pamela M. Egan <pegan@potomaclaw.com>
**Cc:** Mark Waldron <mark@mwaldronlaw.com>; Diana Atkins <diana@mwaldronlaw.com>;
Sakay, Joe <Sakay@ryanlaw.com>
**Subject:** RE: GW/Allrise

⚠ **EXTERNAL**

Hi Pam,

I wanted to follow up and see if we could schedule a collaborative conference call to wrap things up and resolve all issues (i.e., removal of existing miners, search for missing miners, and ownership of the pod). I think it would be most efficient to have both Mark and our counsel Joe Sakay (CC'ed here) join this call. Please let me know. Thank you.

**Nathan Cho**
General Counsel
**ALLRISE** | CAPITAL
200 Spectrum Center Dr., Ste. 1450
Irvine, CA 92618
O: 1-949-748-6285 x103
M: 1-949-838-5085
nathan@allrisecapital.com

CONFIDENTIALITY NOTICE: This email may contain confidential and privileged material for the sole use of the intended recipient(s) and is protected by law. Any review, use, distribution, or disclosure by others is strictly prohibited. If you are not the intended recipient, or are not authorized to receive for the recipient, please contact the sender and delete all copies of this message.

**From:** Nathanael Cho
**Sent:** Tuesday, November 5, 2019 4:07 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>
**Cc:** Mark Waldron <mark@mwaldronlaw.com>; Diana Atkins <diana@mwaldronlaw.com>
**Subject:** Re: [External] GW/Allrise

Yes. At Moses Lake or TNT; we are uncertain where they may have been moved. They were not cheap, so we would like to be able to look for them. As mentioned before, we can cover the cost of resources that might be necessary for this, to make it more reasonable to you. Please let me know.

**Nathan Cho**
General Counsel
**ALLRISE** | CAPITAL
200 Spectrum Center Dr., Ste. 1450
Irvine, CA 92618
O: 1-949-748-6285 x103

M: 1-949-838-5085
[nathan@allrisecapital.com](mailto:nathan@allrisecapital.com)


On Nov 5, 2019, at 1:34 PM, Pamela M. Egan <[pegan@potomaclaw.com](mailto:pegan@potomaclaw.com)> wrote:


*Essentially, you think you might have miners at Moses Lake and you want permission to go look for them?*

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
Tel: (415) 297-0132 | Fax: (202) 318-7707
[pegan@potomaclaw.com](mailto:pegan@potomaclaw.com) | [www.potomaclaw.com [potomaclaw.com]](http://www.potomaclaw.com)


*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

**From:** Nathanael Cho <[Nathan@allrisecapital.com](mailto:Nathan@allrisecapital.com)>
**Sent:** Tuesday, November 5, 2019 1:30 PM
**To:** Pamela M. Egan <[pegan@potomaclaw.com](mailto:pegan@potomaclaw.com)>
**Cc:** Mark Waldron <[mark@mwaldronlaw.com](mailto:mark@mwaldronlaw.com)>; Diana Atkins <[diana@mwaldronlaw.com](mailto:diana@mwaldronlaw.com)>
**Subject:** RE: GW/Allrise


⚠ **EXTERNAL**

Pam,

In response to items 1 and 2 below, attached are (1) purchase agreement showing 904 miners, and (2) details of the payment transaction showing wallet address which can be reviewed for history.

I wanted to send all items 1-3 in one email, but I have not been able to locate a "proof of delivery" thus far. Delivery may have confirmed verbally. Also, we have past invoices and payments for hosting fees which indicate that we had all of the miners (I believe you already have copies).

I will continue searching, but are you able to let me know now whether the Trustee would be open to a short-term and allowing us to search for our other miners?

**Nathan Cho**
General Counsel
**ALLRISE** | CAPITAL
200 Spectrum Center Dr., Ste. 1450
Irvine, CA 92618
O: 1-949-748-6285 x103
M: 1-949-838-5085
nathan@allrisecapital.com

CONFIDENTIALITY NOTICE: This email may contain confidential and privileged material for the sole use of the intended recipient(s) and is protected by law. Any review, use, distribution, or disclosure by others is strictly prohibited. If you are not the intended recipient, or are not authorized to receive for the recipient, please contact the sender and delete all copies of this message.

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Tuesday, October 29, 2019 4:59 PM
**To:** Nathanael Cho <Nathan@allrisecapital.com>
**Cc:** Mark Waldron <mark@mwaldronlaw.com>; Diana Atkins <diana@mwaldronlaw.com>
**Subject:** Re: [External] GW/Allrise

As part of our due diligence, I would like to ask you to please do the following. Send to me in one email:

1. The part of the fully executed purchase agreement that states that GW agreed to sell to Allrise the miners that are now missing;
2. Proof of payment; and
3. Proof of delivery by GW of those miners.

That will speed this process along. Thank you.

Pam

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
Tel: (415) 297-0132 | Fax: (202) 318-7707
pegan@potomaclaw.com | www.potomaclaw.com [potomaclaw.com]

*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

**From:** Nathanael Cho <Nathan@allrisecapital.com>
**Sent:** Tuesday, October 29, 2019 4:55 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>
**Cc:** Mark Waldron <mark@mwaldronlaw.com>; Diana Atkins <diana@mwaldronlaw.com>
**Subject:** RE: GW/Allrise

⚠ **EXTERNAL**

Pam,

The identification numbers of the missing miners are attached.

**Nathan Cho**
General Counsel
**ALLRISE** | CAPITAL
200 Spectrum Center Dr., Ste. 1450
Irvine, CA 92618
O: 1-949-748-6285 x103
M: 1-949-838-5085
nathan@allrisecapital.com

CONFIDENTIALITY NOTICE: This email may contain confidential and privileged material for the sole use of the intended recipient(s) and is protected by law. Any review, use, distribution, or disclosure by others is strictly prohibited. If you are not the intended recipient, or are not authorized to receive for the recipient, please contact the sender and delete all copies of this message.

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Tuesday, October 29, 2019 3:42 PM
**To:** Nathanael Cho <Nathan@allrisecapital.com>
**Cc:** Mark Waldron <mark@mwaldronlaw.com>; Diana Atkins <diana@mwaldronlaw.com>
**Subject:** Re: [External] GW/Allrise

Please send me a list of the missing miners.

Pam

Get [Outlook for iOS [aka.ms]](aka.ms)

---

**From:** Nathanael Cho <[Nathan@allrisecapital.com](mailto:Nathan@allrisecapital.com)>
**Sent:** Tuesday, October 29, 2019 12:47:04 PM
**To:** Pamela M. Egan <[pegan@potomaclaw.com](mailto:pegan@potomaclaw.com)>
**Subject:** RE: GW/Allrise

 **⚠ EXTERNAL**

Pam,

After further close analysis and internal discussion, purchasing Giga Watt doesn't seem like a viable option anymore. I apologize for any inconvenience. Would the Trustee be open to a short-term lease agreement to allow us to mine at the GW site? If so, we would also very much appreciate it if you would allow us to search for the rest of our miners (I believe we are missing ~200). Please let me know. Thank you.

**Nathan Cho**
General Counsel
**ALLRISE** | CAPITAL
200 Spectrum Center Dr., Ste. 1450
Irvine, CA 92618
O: 1-949-748-6285 x103
M: 1-949-838-5085
[nathan@allrisecapital.com](mailto:nathan@allrisecapital.com)

CONFIDENTIALITY NOTICE: This email may contain confidential and privileged material for the sole use of the intended recipient(s) and is protected by law. Any review, use, distribution, or disclosure by others is strictly prohibited. If you are not the intended recipient, or are not authorized to receive for the recipient, please contact the sender and delete all copies of this message.

# EXHIBIT B

**Fill in this information to identify the case:**

Debtor 1          GIGA WATT INC.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Eastern District of Washington

Case number    18-03197-FPC11

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Allrise Financial Group
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Joseph A.G. Sakay
Name

999 Third Avenue Suite 4600
Number          Street

Seattle                    WA          98104
City                        State         ZIP Code

Contact phone  206-623-1745

Contact email  joe.sakay@hcmp.com

**Where should payments to the creditor be sent?** (if different)

Name

Number          Street

City                        State         ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
                  MM  /  DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?**
$ At least $2,827,956.00  . **Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Sales, Development, Service and Sublease agreements

9. **Is all or part of the claim secured?**
☑ No
☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                              $_____
**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**        $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**
☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**        $_____

11. **Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$ _____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:** Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date     04/19/2019
                     MM / DD / YYYY

/s/Joseph A.G. Sakay
Signature

Print the name of the person who is completing and signing this claim:

Name           Joseph A.G. Sakay
               First name        Middle name          Last name

Title          Attorney

Company        Hillis Clark Martin & Peterson P.S.
               Identify the corporate servicer as the company if the authorized agent is a servicer.

Address        999 Third Avenue Suite 4600
               Number        Street

               Seattle                          WA          98104
               City                             State       ZIP Code

Contact phone  206-623-1745            Email   joe.sakay@hcmp.com

Claimant Allrise Financial Group, on behalf of itself and its Allrise corporate affiliates (collectively "Allrise") submit the following statement in support of its claims in this case.

1.      On May 1, 2017, Allrise purchased from Giga Watt, Inc. 268 Antminer S9 Miners together with 268 power supply units as well as 636 Pandaminers Plus.  The original price equaled $1,627,956.00. This transaction was structured as a purchase and sale.  Allrise promptly paid the total amount of the sales invoice.

2.      On May 2, 2017, Allrise entered in to a mining farm develop agreement with Giga Watt, Inc. for the construction of a mining farm structure.  Allrise paid the $1.2 million required by this agreement and pursuant to the terms of the agreement is the sole owner of this mining farm.

Allrise is entitled to possession of its equipment and mining farm.  To the extent any of its property is missing, lost or damaged Allrise holds a claim for direct and consequential damages.

3.      On May 2, 2017, Allrise and Giga Watt entered into a service agreement for the above-referenced farm.

4.      That same date Allrise entered into a sublease for the property commonly known as Parcel 1 7906 Randolph Road Moses Lake Washington.

Allrise is entitled to a claim for all direct and consequential damages flowing from any breach of these agreements described in Paragraphs 3 and 4 above.

Supporting documents are available upon request.

Allrise reserves any and all rights including, but not limited to, the right to amend this claim as additional facts warrant.

# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In Re:

GIGA WATT, INC.,

                    Debtor.

In Chapter 11 Proceeding

Case No. 18-03197-FPC11

**ORDER GRANTING APPLICATION OF ALLRISE FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

[PROPOSED]

Upon the Application of Allrise Financial Group for Allowance and Payment of Administrative Expense Claim ( the "Application") (Dkt. _____) filed by Allrise IP Holding, Inc. ("Allrise"), by and through its undersigned counsel, in the above-captioned bankruptcy case, requesting entry of an Order

ORDER GRANTING APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM- 1

1189538.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 459    Filed 01/24/20    Entered 01/24/20 15:31:08    Pg 27 of 30

(i) granting it an allowed administrative expense priority claim in the total amount of one hundred sixty-five thousand and one hundred dollars ($165,100.00) for eleven (11) Antminer S9 Miners, one hundred and eighty-one (181) PandaMiners Plus, and one hundred and eighty-one (181) power supply units (collectively, the "Missing Miners") belonging to Allrise that remain in possession of Giga Watt, Inc. (the "Debtor"); and (ii) ordering the Debtor to pay to Allrise one hundred sixty-five thousand and one hundred dollars ($165,100.00) on account of such administrative expense priority claim, the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1344; and the consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and proper notice of the Application having been provided to all necessary and appropriate parties; and for good and sufficient cause shown; it is hereby ORDERED that:

1.    The Application is GRANTED on the terms set forth in this Order.

2.    Allrise shall have an allowed administrative expense claim in the total amount of one hundred sixty-five thousand and one hundred dollars ($165,100.00), which claim is hereby allowed on a final basis as an

ORDER GRANTING APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM - 2

2053108.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 459    Filed 01/24/20    Entered 01/24/20 15:31:08    Pg 28 of 30

administrative expense claim entitled to priority under section of the Bankruptcy Code and which claim shall not be subject to further objection by the Debtor and/or any other party in interest.

3. With respect to payment of the administrative expense claim allowed herein, the Debtor shall pay such allowed administrative expense claim in full pursuant to any plan of the Debtor confirmed by a final order of the Bankruptcy Court and/or pursuant to any other final order of the Bankruptcy Court in the total amount of one hundred sixty-five thousand and one hundred dollars ($165,100.00).

4. Nothing herein waives or extinguishes any right of Allrise to have any other claims not specifically addressed herein allowed and paid in accordance with the terms of the Bankruptcy Code and/or the Bankruptcy Court's Orders, and all the Debtor's and Allrise's rights, defenses, and claims are reserved in their entirety.

5. Any applicable stay of this Order is hereby waived.

///

///

///

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

6.      This Court retains jurisdiction to hear and determine all matters arriving form or related to the implementation or interpretation of this Order.

/// END OF ORDER///

Presented By:

RYAN, SWANSON & CLEVELAND, PLLC


By _____
Joseph A.G. Sakay, WSBA #24667
Adam C. Doupé, WSBA #55483
RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington  98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
sakay@ryanlaw.com
doupe@ryanlaw.com

*Attorneys for Allrise Financial Group*


Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359