Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
Potomac Law Group PLLC
1905 7th Avenue West
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 11<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING AGREEMENT AND GENERAL RELEASE OF CLAIMS (CARLSON ADVERSARY)** |

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") hereby respectfully submits this Memorandum of Points and Authorities in support of the *Chapter 11 Trustee's Motion for Order Approving Agreement and General Release of Claims (Carlson Adversary)* (the "**Motion**") pursuant to which the Trustee requests approval of that certain *Agreement and General Release of Claims* (the "**Agreement**"), between, on the one hand, Mark D. Waldron, in his capacity as the Chapter 11 Trustee (the "**Trustee**") acting on behalf of and representing the estate (the "**Estate**") in the above-captioned

Memo in Support of Motion to Approve Carlson Settlement - Page 1

bankruptcy case and, on the other hand, (1) David M. Carlson, (2) Dorrinda M. Carlson, (3) Enterprise Focus, Inc., a Washington corporation, and (4) Clever Capital, LLC, a Washington limited liability company (collectively, "**Carlson**"). Carlson and the Trustee are referred to herein collectively, as the "**Litigation Parties**," subject to this Court's approval.

In addition, Terrain Holdings, LLC and the landlords and related parties (the "**TNT Landlords**") with respect to the Debtor's crypto-mining facility located at 474 Highline Drive, East Wenatchee, Washington (the "**TNT Facility**") have entered into certain provisions of the Agreement, subject to Court approval, and as set forth more fully below. A copy of the Agreement is attached the Motion as **Exhibit B**.

In support of the Motion, the Trustee respectfully avers:

## I.

## INTRODUCTION

The Agreement resolves a dispute with Carlson with respect to the TNT Facility. It also clarifies the status of the Estate's interest in the leases with respect to the TNT Facility.

It provides a full general release between the Estate and Carlson, the release by Carlson of any interest in the TNT Facility, and the transfer by Carlson's affiliate, Terrain Holdings LLC, to the Estate of a condominium located in Quincy, Washington. According to a title report that the Trustee ordered from Frontier Title & Escrow, the condominium is free and clear of any mortgages, loans or other encumbrances. The Trustee has consulted with local brokers to

establish and determine value which is estimated at between $350,000 and $400,000.

In addition, the TNT Landlords have agreed on a new deadline to reject or assume the leases related to the TNT Facility. In short, the Agreement will allow the Trustee to fully and robustly market the TNT Facility without the overhang of uncertainty created by the litigation.

## II.
## BANKRUPTCY PROCEEDINGS

On November 19, 2018 (the "Petition Date"), Giga Watt, Inc. (the "Debtor" or "Giga Watt") commenced this case by filing a voluntary petition for relief pursuant to sections 101 of the Bankruptcy Code.

On January 23, 2019, the Court approved the appointment of Mark D. Waldron as the Trustee pursuant to its *Order Approving Appointment of Chapter 11 Trustee* [Docket. No. 146].

On April 19, 2019, Carlson filed Claim No. 318 asserting the right to payment of $13,575.10 on a general unsecured basis and Claim No. 319 asserting the right to payment of $1,359,891.59 on a general unsecured basis. On April 19, 2019, an affiliate of David Carlson, Clever Capital LLC, filed Claim No. 320 seeking payment of $259,055.66 on a general unsecured basis. The foregoing claims are referred to herein as the "**Carlson Proofs of Claim**."

On April 22, 2019, the Trustee commenced an adversary proceeding entitled, *Mark D. Waldron, in his capacity as the duly-appointed Chapter 11 Trustee v. David M. Carlson, et al*, (the "**Complaint**") assigned adversary

Memo in Support of Motion to Approve Carlson Settlement - Page 3

proceeding number 19-80012 [AP Doc 1]. On May 6, 2019, Carlson filed the *Defendants' Answer to Verified Complaint* [AP Doc 71] in which Carlson denied all the allegations made in the Complaint.

On October 15, 2019, the Court entered its *Order Re Settlement Conference* [ECF 85] pursuant to which a settlement conference was set for December 5, 2019 at 9:00 a.m. The Honorable Benjamin Hursh was appointed as mediator. The mediation resulted in the Agreement for which the Trustee now seeks approval.

### III.

### THE TNT FACILITY

The TNT Facility has four buildings, Buildings A, B, C, and H (referred to as H1 and H2), which the Debtor leases from TNT Business Complex LLC. Pre-petition, the Debtor operated the TNT Facility and invested in tenant improvements at the TNT Facility. Prepetition, and effective May 14, 2018, Giga Watt entered into a power contract with the DC PUD, the *Interconnection and Service Agreement* (the "**TNT Power Contract**"), pursuant to which the DC PUD agreed to provide up to 3.3MW of power to the Debtor's operations at the TNT Facility, subject to terms of the TNT Power Contract. The DC PUD terminated power to the TNT Facility in December 2018. When the Trustee was appointed, the TNT Facility was shut down and not operating.

After the Petition Date, on June 5, 2019, the Court entered its *Order Granting Preliminary Injunction* [AP Doc 70] (the "**Preliminary Injunction**") pursuant to which, *inter alia*, the Court ordered:

> That management and control of the Debtor's business operations and interests located at 474 Highline Drive, Buildings, A, B, C, H1, H2, East Wenatchee, Washington (the "TNT Facility") are placed with Mark D. Waldon [sic], in his official capacity as the duly-authorized trustee in this bankruptcy case (the "Trustee").

*Id.*, at 2:17-21.

Pursuant to an Order dated September 30, 2019 [ECF 380], the Trustee obtained post-petition credit in order to restore the electrical service and otherwise re-open the TNT Facility. The Trustee continues to operate the TNT facility.

## IV.

## THE DISPUTE AND THE SETTLEMENT

### A. The Dispute

The dispute centered on control and ownership of the TNT Facility, with Carlson and the Estate each claiming ownership of the leasehold interest in the TNT Leases. It also centered on the proper treatment of the Carlson Proof of Claims.

The Trustee asserted that no amount was owed to Carlson and that the Estate held the leasehold interest in the TNT Leases. Carlson disagreed.

### B. The Settlement

The Agreement resolves this dispute in its entirety. The material terms include a full mutual release between Carlson and the Estate. Carlson has agreed

to assign to the Estate any and all leasehold interests in the TNT Facility that he or his affiliates may hold or assert to hold.

Carlson's affiliate, Terrain Holdings LLC, will transfer to the Estate a condominium that is located in Quincy, Washington and that has an estimated value, based on conferral with local brokers, of between $350,000 and $400,000. The Trustee intends to hire a broker promptly and sell the Condo for the benefit of the estate.

In addition, the Agreement brings certainty to the Estate's leasehold interest in the TNT Leases. First, Carlson and the TNT Landlords release each other with respect to the TNT Leases. In addition, the TNT Landlords agree that the Debtor has an existing right of possession to the TNT Facility based on the TNT Leases. They also agree that the Trustee's deadline to assume or reject the TNT Leases is 120 days after the Court enters an Order approving the Agreement. The deadline is subject to extension.

## V.

## POINTS AND AUTHORITIES

### A. Standard for Approving a Settlement

Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. To be approved, the settlement should be in the best interests of the estate and "reasonable, given the particular circumstances of the case." *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). While a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter,

the Trustee "has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved" *Id.*

In determining the "fairness, reasonableness and adequacy" of a proposed compromise, a bankruptcy court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*A&C Properties*, 784 F.2d at 1381 (quoting *In re Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984) (citations omitted), *cert. denied*, 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985)). "When assessing a compromise, courts need not rule upon disputed facts and questions of law, but rather only canvass the issues." *In re Schmitt,* 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997).

**B.    The Agreement Meets Each of the *A&C Properties* Factors.**

**1.    *Probability of Success on the Merits Is Uncertain*.**

The Trustee is confident in the claims that he asserted. However, Carlson vehemently denied the allegations and presented every indication of a willingness to contest the assertions.

Therefore, the probability-of-success-on-the-merits factor weighs in favor of the settlement.

### 2. *Collectability Is Questionable.*

Carlson has asserted that he does not own significant assets. Indeed, an affiliate, Terrain Holdings LLC, is transferring the Condo to the Estate. Thus, even if the Estate won the dispute, collection of damages would have been problematical.

Therefore, the collectability factor weighs in favor of the proposed settlement.

### 3. *The Litigation Would Be Complex, Expensive, Inconvenient and Would Cause Delay.*

The dispute included substantial facts and was document intensive. The hearing on the Preliminary Injunction alone lasted an entire day. There were multiple witnesses and issues regarding intent. While the Trustee believes he would have won certain issues on summary judgment, other issues would have had to go to trial. The Trustee estimates that the litigation would have cost the Estate more than $400,000 in attorneys' fees if it had gone through trial. It also consumed a disproportionate amount of the professionals' energies in a case that has limited resources. The dispute also created uncertainty in the market and hindered the Trustee's efforts to sell the TNT Facility.

Therefore, the complexity-expense-inconvenience-delay factor weighs in favor of the proposed settlement.

Memo in Support of Motion to Approve Carlson Settlement - Page 8

#### 4. *The Settlement Serves the Paramount Interest of the Creditors and Provides Proper Deference to Their Reasonable Views.*

The Agreement serves the paramount interest of creditors by resolving the distraction, expense and uncertainty that was inherent in the dispute over ownership of the TNT Facility.

Therefore, this paramount-interest-of-creditors factor weighs in favor of the proposed settlement.

Finally, entering into the Agreement is an exercise of sound business judgment pursuant to 11 U.S.C. § 363.

## VI.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an Order:

1. Granting the Motion;

2. Approving the Agreement and the settlement embodied therein;

3. Authorizing the Trustee to perform pursuant to the terms of the Agreement; and

4. Granting such other and further relief as the Court deems necessary and just.

Dated: February 3, 2020      POTOMAC LAW GROUP PLLC

By:    */s/ Pamela M. Egan*
Pamela M. Egan (WSBA No. 54736; *pro hac vice*)

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*
4810-4869-3683, v. 2

Memo in Support of Motion to Approve Carlson Settlement - Page 9