William L. Hames, WSBA #12193
Hames, Anderson, Whitlow & O'Leary, P.S.
601 W. Kennewick Avenue
P.O. BOX 5498
Kennewick, WA  99336-0498
(509) 586-7797/ (509) 586-3674 fax
BillH@hawlaw.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT INC,<br><br>            Debtor. | Case No. 18-03197-FPC11<br><br>**AMENDED** MOTION FOR RELIEF FROM AUTOMATIC STAY; ABANDONMENT OF PROPERTY OF THE ESTATE; WAIVER OF FRBP 4001(a)(3) AND NOTICE THEREOF **WITH NOTICE OF TIME IN WHICH TO OBJECT** |

Comes now the Chelan Douglas Regional Port Authority, formerly the Port of Douglas County (the "Port"), former landlord of Debtor herein, by and through its attorney, William L. Hames of Hames, Anderson, Whitlow, & O'Leary P.S., and moves the above entitled court for an order granting relief from the automatic stay; abandonment of the below-described property of the estate; and an order waiving FRBP 4001(a)(3). This motion is based on 11 U.S.C. § 362(b)(10) in that the non-residential real property lease between the Port, as Lessor, and Debtor, as Lessee, was not assumed pursuant to 11 USC § 365.

FACTS

The Port respectfully represents that the Debtor and Port entered a non-residential real property lease (Pangborn lease) pre-petition, in which the Port leased non-residential real estate at Pangborn Memorial Airport in East Wenatchee,

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY; ABANDONMENT OF PROPERTY OF THE ESTATE; WAIVER OF FRBP 4001(a)(3) AND NOTICE THEREOF WITH NOTICE OF TIME IN WHICH TO OBJECT - 1

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA  99336-0498
(509) 586-7797/ (509) 586-3674 fax

18-03197-FPC7    Doc 478    Filed 02/11/20    Entered 02/11/20 13:37:07    Pg 1 of 6

Washington to Debtor. (Exhibit A to Jim Kuntz Declaration). Pursuant to RCW 53.08.085 the Lessee/Debtor was required to post a surety Bond with the Port District to assure the Port will be paid in the event of Lessee's default. In this case Debtor could not obtain a surety bond and posted a $350,000.00 cash deposit in lieu of Bond. Prior to the Debtor filing bankruptcy, the Port terminated the Pangborn lease and instituted an unlawful detainer action against Giga Watt for various defaults under the Pangborn lease. (Exhibit B to Jim Kuntz declaration).

In response, the Debtor filed the above-captioned bankruptcy proceeding on November 19, 2018.

At a hearing held on January 17, 2019, the court granted the unsecured creditor committee's motion directing the US Trustee to appoint a Chapter 11 Trustee. (ECF119).

By *sua sponte* order, on January 18, 2019, the court extended the deadline by which to assume or reject executory contracts and unexpired real property leases to March 19, 2019 (ECF 120).

On January 24, 2019, the court entered an order approving the appointment of Mark Waldron as Chapter 11 Trustee (ECF 146)

On March 29, 2019, a notice of conditional stipulation between the Port and Mark Waldron as Trustee was entered, in which the Port granted the Debtor a 90-day extension to June 17, 2019 in which to assume to the lease. The stay was modified to permit the Port to use Debtor's surety deposit to pay certain expenses and costs (ECF 251). The order approving the stipulation was entered on April 16, 2019 (ECF 276). The Port has completed the cleanup projects pursuant to the stipulation, but there is still remedial work to be completed to return the leased ground to its pre-lease condition so it may again be marketed by the Port. The contractor who performed the

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY; ABANDONMENT OF PROPERTY OF THE ESTATE; WAIVER OF FRBP 4001(a)(3) AND NOTICE THEREOF WITH NOTICE OF TIME IN WHICH TO OBJECT - 2

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

18-03197-FPC7    Doc 478    Filed 02/11/20    Entered 02/11/20 13:37:07    Pg 2 of 6

major ground remediation will complete the smoothing of berms created by debtor and cover the pad that was installed at the location of the projected, but never built, electrical substation, and other smaller miscellaneous remediation.

Debtor also had a pre-petition power supply agreement with Douglas County P.U.D. under which the P.U.D. would supply power to Debtor at a favorable rate. The agreement was terminated pre-petition. The favorable power rate would have enabled the debtor to be profitable at the Pangborn site. Without electric power at a favorable rate, a cryptocurrency mining operation will not be profitable. The Chapter 11 Trustee was unable to persuade the Douglas County P.U.D. to revive the terminated power supply agreement between the P.U.D. and Debtor. Therefore, the property cannot be successfully marketed as a cryptocurrency mining location, which means it has no value to the bankruptcy estate.

As a result of the failed negotiations between the P.U.D. and the Trustee, the Pangborn lease was not assumed by the Trustee prior to June 17, 2019. Pursuant to 11 U.S.C. § 363 (d)(4), the lease was deemed rejected and the Trustee immediately surrendered the nonresidential property to the Port.

The debtor, during its occupancy of the Pangborn site, constructed improvements consisting of "pods," small shed-like structures which contained the computers and electrical equipment. Outside the pods, the Debtor installed transformers, electrical switching equipment, breaker boxes and a significant amount of underground electrical conduit, connectors, cabling and wiring necessary to conduct a large-scale cryptocurrency mining operation. The debtor was supposed to construct an electrical substation through which the power to the pods would have been supplied. While the debtor began construction on the electrical substation, installing significant concrete footings and foundations for equipment as well as conduit, connectors, wiring

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY; ABANDONMENT OF PROPERTY OF THE ESTATE; WAIVER OF FRBP 4001(a)(3) AND NOTICE THEREOF WITH NOTICE OF TIME IN WHICH TO OBJECT - 3

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

18-03197-FPC7    Doc 478    Filed 02/11/20    Entered 02/11/20 13:37:07    Pg 3 of 6

and a copper grounding mat, it did not complete the electrical substation. The debtor also left personal property on the Pangborn site and on adjacent lots which were not part of the area leased by the debtor.

Debtor also caused damage to the Port's real estate, primarily by excavating a large hole on unleased lots, which the Port obtained an engineer's estimate of $159,000.00 to fill and compact. The actual work that was performed turned out to be less than the original bid. Some of the personal property that was left by Debtor is affixed to the Port's real estate, some is not. The list of personal property that is also the subject of this motion is attached hereto and as Exhibit E to the Declaration of Jim Kuntz. The Port does not know the value of the personal property left on the premises.

The Port obtained a "Committed Private Partner Community Economic Revitalization Board" (CERB) grant/loan package to provide tenant improvements (vehicle access and basic utilities) that were requested by the debtor and constructed by the Port. The addendum to the lease agreement was negotiated and approved to incorporate cost recovery of those tenant improvements incurred by the Port on behalf of the debtor. The Port is also liable on the CERB loan.

The Port and the Trustee entered a subsequent stipulation amending the prior stipulation to allow the Port to spend the remaining statutory security deposit to retain a contractor to restore the land to its pre-lease status. That stipulation is dated October 30, 2019 (ECF 397). The order approving the stipulation was signed November 14, 2019 (ECF 417). The contractor has been trying to do the work. However, the Port has been unable to get the Trustee or Windland Credit Partners, LLC, the assignee of Neppel Electric and Controls, who claims a lien on some of the personal property, which lien is disputed by the Trustee to remove the property that is impeding the Port's contractor's work.

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY; ABANDONMENT OF PROPERTY OF THE ESTATE; WAIVER OF FRBP 4001(a)(3) AND NOTICE THEREOF WITH NOTICE OF TIME IN WHICH TO OBJECT - 4

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

18-03197-FPC7    Doc 478    Filed 02/11/20    Entered 02/11/20 13:37:07    Pg 4 of 6

The Port doesn't care who owns the personal property. However, the contractor cannot proceed until the personal property claimed by the estate and/or Windland Credit Partners is removed from the Ports premises. The equipment that is not affixed to the Port's real estate, including the pods, (non-fixture equipment) needs to be removed as soon as possible to enable the contractor to complete the restoration work. Winter has already set in in Wenatchee and it is apparent the contractor will not be able to complete the work, including reseeding the soil, until spring.

No rent has been paid to the Port since the end of the first stipulation in June 2019. The Port is unable to use this property and now cannot even restore it because the Trustee has failed to remove the property he is claiming an interest in.

The Trustee/bankruptcy estate has moved and organized some of the personal property, however none of the personal property has been removed since the lease was not assumed by the June 2019 deadline. The Declaration of Jim Kuntz describes the series of events in detail.

## RELIEF REQUESTED

The Port prays that the Automatic Stay pursuant to 11 U.S.C. § 362 be terminated as to the pods erected on the Port's real property and all non-fixture personal property, which includes but is not limited to the items contained in Exhibit E attached to the declaration of Jim Kuntz, because the Pangborn lease was terminated pre-petition and was not assumed by the Trustee pursuant to 11 U.S.C. § 365.

The Port also prays that all the personal property of the estate and the non-fixture personal property, including, but not limited to the property described in Exhibit E attached to the declaration of Jim Kuntz, be abandoned pursuant to 11 U.S.C. § 554, because the property left on the premises is not necessary for an effective reorganization and is burdensome and of inconsequential value to the estate.

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY; ABANDONMENT OF PROPERTY OF THE ESTATE; WAIVER OF FRBP 4001(a)(3) AND NOTICE THEREOF WITH NOTICE OF TIME IN WHICH TO OBJECT - 5

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

18-03197-FPC7    Doc 478    Filed 02/11/20    Entered 02/11/20 13:37:07    Pg 5 of 6

In the alternative, the Port prays that the Trustee and/or Windland Credit Partners be given 30 days to remove all non-fixture personal property from the premises.

This motion is based upon the files and records herein, the Declaration of Jim Kuntz and pursuant to 11 U.S.C. § 362, FRBP 4001, LBR 4001.1, FRBP 6007, LBR 6007.1, and 11 U.S.C. § 554.

## NOTICE

**IF YOU OBJECT TO CREDITOR CHELAN DOUGLAS REGIONAL PORT AUTHORITY, FORMERLY THE PORT OF DOUGLAS COUNTY'S *MOTION FOR RELIEF FROM AUTOMATIC STAY; ABANDONMENT OF PROPERTY OF THE ESTATE; WAIVER OF FRBP 4001(a)(3)* YOU MUST FILE A WRITTEN OBJECTION WITH THE CLERK OF THE ABOVE-ENTITLED COURT AND REQUEST A HEARING AT P.O. BOX 2164, WEST 904 RIVERSIDE, ROOM 304, SPOKANE, WASHINGTON 99201, ON OR BEFORE 17 DAYS (14 DAYS PLUS 3 DAYS FOR MAILING) FROM THE DATE OF THIS NOTICE AND SERVE A COPY ON THE UNDERSIGNED AT 601 WEST KENNEWICK AVENUE, P.O. BOX 5498, KENNEWICK, WASHINGTON 99336.**

**SHOULD YOU FAIL TO SO OBJECT AS SET FORTH ABOVE, THE RELIEF REQUESTED MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.**

DATED this 11th day of February 2020.

          HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
          Attorneys for Chelan Douglas Regional Port
          Authority, formerly the Port of Douglas County

By:     */s/ William L. Hames*
     WILLIAM L. HAMES, WSBA #12193

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY; ABANDONMENT OF PROPERTY OF THE ESTATE; WAIVER OF FRBP 4001(a)(3) AND NOTICE THEREOF WITH NOTICE OF TIME IN WHICH TO OBJECT - 6

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

18-03197-FPC7    Doc 478    Filed 02/11/20    Entered 02/11/20 13:37:07    Pg 6 of 6