JAMES D. PERKINS, WSBA #12996
Attorney for the United States Trustee
United States Dept. of Justice
920 West Riverside, Room 593
Spokane, WA  99201
Telephone (509) 353-2999
Fax (509) 353-3124

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| In re: | Case No. 18-03197-FPC11 |
|---|---|
| Giga Watt Inc. | UNITED STATES TRUSTEE'S OBJECTION TO ADMINISTRATIVE EXPENSE APPLICATION |
| Debtor | |

The United States Trustee objects to the Application of Allrise Financial Group for Allowance and Payment of Administrative Expense Claim (the "Application") filed on January 24, 2020 as Docket #459.  That Application seeks payment for certain electronic equipment the applicant asserts have either been used by or lost by this bankruptcy estate.

The United States Trustee objects to the Fee Application on the following grounds:

1. **The Applicant Concedes that it Does Not Know What Happened to the Electronic Equipment in Question**

    The administrative expense claim asserted by the Applicant is premised on the assertion that the bankruptcy estate is either using the electronic equipment the Applicant claims to own or that the estate negligently lost that equipment.  "[I]t is apparent that the Debtor has either misplaced them or is continuing to use them to mine Bitcoin." *Application, p.3, ll13-14*.  However, while the application asserts that the equipment was in the possession of the Debtor pre-petition, it acknowledges that the applicant does not know what happened to that equipment thereafter.  "As detailed

United States Trustee's Objection - 1

below, Allrise has attempted to locate the Missing Miners to no avail." *Id., p.2, ll5-6*. In the absence of even an assertion that this equipment came into the possession of the bankruptcy estate, there is no basis for the assertion that the estate in any way benefitted from this equipment. The allegations of the Application would just as easily support the conclusion that either (a) the Applicant was defrauded by the Debtor pre-petition and there was never any equipment, or (b) that the Debtor disposed of the equipment pre-petition. In either of these cases, the Applicant might have a claim against the estate, but not a claim for an administrative expense. The Applicant acknowledges that a benefit to the estate is required to establish an administrative expense claim. *Application, p.9*. Accordingly, the Applicant needs to affirmatively show that the estate had the equipment and benefitted from it, neither of which has even been alleged here.

2. **The Applicant Has Not Given Proper Notice**

Any motion seeking an award of compensation greater than $1,000.00 from a bankruptcy estate requires the applicant to give the debtor, the trustee, and all creditors at least twenty-one days notice of the request. *F.R.B.P. 2002(a)(6)*. This Court's local rules require that notice to inform those parties of not only the relief requested but also what the recipient must do to object, the time within which to object, and that relief may be granted if no objection is filed. *LBR 2002-1(a)*.

These requirements have not been met here. The Administrative Expense Application was not served on all creditors, does not inform the recipients what they recipient must do to object, the time within which they must object, or that relief may be granted if no objection is filed. In the absence of proper notice the application should be denied.

The United States Trustee reserves the right to amend this objection to include any issues raised by any information subsequently provided to the United States Trustee.

For all of the foregoing reasons, the United States Trustee objects to and asks the Court to deny the Application. The United States Trustee requests a hearing on this objection.

Dated: February 14, 2020

                                            Respectfully submitted,

                                            GREGORY M. GARVIN
                                            Acting United States Trustee

                                            */s/ James D. Perkins*
                                            JAMES D. PERKINS
                                            Attorney for the United States Trustee