BANKRUPTCY COURT FOR THE

EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| In re Giga Watt, Inc.,<br><br>Debtor. | UNSECURED CREDITORS COMMITTEE'S RESPONSE TO ALLRISE FINANCIAL GROUP'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM<br><br>CASE NO: 18-03197 FPC 11 |

The Committee of Unsecured Creditors ("Committee") of the Chapter 11 Bankruptcy Estate of Giga Watt, Inc. ("Debtor") hereby responds to the Motion of Allrise Financial Group ("Allrise"),[1] ECF No. 459, as follows:

First, if the mining equipment of Allrise is in the possession of the Chapter 11 Trustee, then the Trustee should give the mining equipment back, as it does not constitute property of the bankruptcy estate. That said, even based on the narrative and evidence presented, it still seems unclear as to what is the status of such mining equipment. Most of the relief requested

---

[1] The Motion curiously references two Allrise entities, Allrise IP Holding, Inc., as well as its affiliate, Allrise Financial Group. If the party that purchased the mining equipment is distinct from the entity that is filing the present motion, it needs to be shown why the movant has standing to seek the present relief.

COMMITTEE RESPONSE  - 1

by Allrise therefore seemed premature, certainly until Allrise propounds a FRBP 2004 exam on the bankruptcy estate, and determines whether or not the mining equipment is being held by the Trustee. Further, from a priority standpoint, it should make a difference as to whether the Trustee is benefiting from use of the mining equipment or has negligently misplaced it. That too should be clarified.

Second, if such discovery determines that the property is in the hands of the Trustee, the appropriate remedy would seem to be a motion for turnover, as opposed to the specific request that Allrise be paid what is claimed to be the "value" of the mining equipment. Relevant caselaw states that it is fair market value of assets used by the estate, and not their replacement cost, that determines administrative priority. *In re Dant & Russell, Inc.,* 853 F.2d 700, 707 (9th Cir. 1988). Further proceedings are therefore required to determine this proper amount, and only then can the Court grant any remedy in favor of Allrise.

DATED this 17th day of February, 2020.

SALISH SEA LEGAL PLLC

By /s/ Ben Ellison
Benjamin Ellison, WSBA No. 48315
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98109
salishsealegal@outlook.com
*Attorney for the Committee*