# EXHIBIT B
(Sublease)

## SUBLEASE OF LAND

THIS SUBLEASE ("Sublease") is made by and between Giga Watt, Inc., a Washington corporation, located at 1 Campbell Pkwy, East Wenatchee, WA 98802 ("Giga Watt" or "Sublessor") and Allrise IP Holding, Inc., a Delaware corporation, located at 936 Southwood Blvd, 201, Incline Village, NV 89451 ("Allrise" or "Sublessee"). Giga Watt and Allrise may refer to individually as Party and jointly as Parties.

**Whereas,** Giga Watt leased a portion of the land ("Parcel 1") located at 7906 Randolph Road, Moses Lake, Washington 98837 from MLDC 1, LLC ("Landlord") under the Land Lease for Portion of Land in Moses Lake, Washington dated May 1, 2017 ("Master Lease").

**Whereas,** Allrise wishes to sublease Parcel 1 from Giga Watt to construct and operate the data processing facility ("Mining Farm").

**Now, therefore,** in consideration of the mutual covenants and agreements and subject to the conditions and limitations set forth herein, the Parties hereto do hereby agree as follows:

1. <u>Sublease and Use of Parcel 1</u>.

    a. **Sublease of Parcel 1.** Giga Watt subleases to Allrise the Parcel 1, which is approximately 1,250 square foot parcels of land of unimproved real property located at 7906 Randolph Road, Moses Lake, Washington 98837 ("Land"), as indicated in the Exhibit A.

    b. **Use of Parcel 1.** Allrise intends to construct and operate the Mining Farm on Parcel 1 with the assistance from Giga Watt.

2. <u>Term</u>.

    a. **Term.** The term of this Sublease shall be thirty (30) years beginning **May 1, 2017** and ending on **April 30, 2047** ("Initial Term").

    b. **Effective Date.** The terms of this Lease shall be effective and binding on both parties upon the signing of this Lease (the "Effective Date").

    c. **Extended Term.** Allrise may request the Initial Term be extended for up to two (2) additional terms of ten (10) years each ("Extended Term") by notifying the Giga Watt twelve (12) months prior to the end of the Initial Term or the first Extended Term. Unless otherwise agreed to by the Parties, the terms of the Sublease for the Extended Term shall be the same terms and conditions as set forth herein. In the event that Allrise continues to occupy the Parcel 1 after the Initial Term without giving notice to Landlord as provided herein, the lease shall convert to a month-to-month lease.

    3. <u>Rent</u>.

        a. **Base Rent.** Allrise shall pay the Giga Watt monthly rent in the amount of Five Thousand dollars ($5,000) ("Initial Rent").

b. **Rent Commencement Date.** The rent shall be paid monthly on the First (1ˢᵗ) of each month. The first rental payment under this Sublease shall not be due until 30 days after the Mining Farm is connected to the main power line.

c. **Late Charge.** Allrise shall pay a late charge equal to One Hundred dollars ($100) if the rent is delinquent for more than five (5) days after the due date. If the rental payment has not been paid within thirty (30) days, then all unpaid rent shall accrue interest at 12% per annum until paid.

d. **Rent Increase.** The rent shall increase by One percent (1%) every 3 years, starting on May 1, 2020. Upon of the expiration of the Initial Term, the base rent shall be adjusted to the amount agreed by Landlord and Giga Watt. Allrise shall be obligated to pay adjusted rent for the Extended Term of the Sublease.

e. **Contingency.** This Sublease is contingent upon Allrise IP Holdings, Inc., a Cayman corporation, located at 2nd Floor, The Grand Pavilion Commercial Centre, 802 West Bay Rd, P.O. Box 10338, Grand Cayman KY1-1003, Cayman Islands, which is an affiliate of Allrise ("Affiliate") entering into the Mining Farm development agreement with Giga Watt to construct the Mining Farm on the subleased Parcel 1 ("Mining Farm Development Agreement").

4. Rules and Regulations. Allrise shall comply with the rules and regulations of federal, state and local governments that apply to the Parcel 1 and the Allrise's use of the Parcel 1.

5. Allrise Improvements.

    a. **Construction.** Any construction or improvements on the Parcel 1 shall only be made under the Mining Farm Development Agreement. There shall be no other construction or improvements allowed on the Parcel 1.

    b. **Property of Allrise.** All structures, equipment, machinery, appliances, furniture, trade fixtures and other property regardless of whether it is affixed to Parcel 1, shall be considered the property of Allrise or its Affiliate ("Property of Allraise"); provided, at the termination of this Sublease, Tenant shall revert the Mining Farm to Giga Watt.

    c. **Risk of Loss.** The full risk of destruction or damage to any of the Allrise's property rests with Allrise.

6. Utilities. Utility services used by Allrise shall be included into the hosting fee charged to Allrise under a separate service agreement with Giga Watt ("Service Agreement").

7. Property Taxes. Allrise shall pay all personal property taxes for the Property of Allrise.

8. Sublease and Assignment. Allrise shall have the right to further sublease or assign this Sublease in whole or in part to its Affiliate upon approval from Giga Watt ("Further Sublease"). The Further Sublease shall be subject and subordinate to this Sublease. In case of a Further Sublease, Allrise shall remain liable for the payment of rent under this Sublease. No other or subsequent

sublease or assignment shall be allowed unless approved by Giga Watt.

9. Right of Entry. Giga Watt or its authorized representatives shall have an unrestricted right of entry on the Parcel 1.

10. Default and Reentry. If Allrise fails to pay any rent installment within thirty (30) days of its due date, or fails to perform any other covenant under this Sublease within thirty (30) days after written notice from Giga Watt stating the nature of the default, Giga Watt may cancel this Sublease and reenter and take possession of the Parcel 1 using all necessary force to do so. Provided, however, that if Allrise defaults on a covenant other than its covenant to pay rent that cannot reasonably be cured within the 30-day period, Allrise shall not be deemed to be in default, if Allrise, within such period, commences and thereafter diligently initiates correction of said default.

11. Insurance. Allrise shall insure all of its improvements on the property. In addition, Allrise shall at Allrise's expense maintain comprehensive liability insurance on the Parcel 1. Allrise shall pay the insurance premiums as they become due. Giga Watt and Landlord shall be an additional insured on such policy. Allrise shall deliver a copy of any such insurance policy to Giga Watt within five (5) days upon request thereof. In the event that Giga Watt fails to timely pay premiums or otherwise maintain such insurance, Giga Watt may procure and pay for such insurance and charge any such payments to Allrise. Such charges shall constitute additional rent owed Allrise to Giga Watt.

12. Hazardous Waste and Materials.

    a. Allrise shall comply with all present and future laws and regulations governing water pollution, air pollution, soil pollution, hazardous waste, hazardous and/or toxic material use, storage, transportation and disposal and hazardous or toxic chemical use, storage, transportation and disposal.

    b. Allrise shall at all times comply with all city, county, state and federal environmental laws and environmental rules and regulations. Any breach of the conditions of this section will be a material breach of this Sublease. Allrise further agrees that in the event of any such breach, Allrise shall be solely responsible for all fines, costs, penalties, and expenses in connection with said breach, and shall hold Giga Watt harmless therefrom.

    c. Without limiting the foregoing, if the presence of any hazardous material on the Parcel 1 caused or permitted at any time by the Allrise results in any contamination of the Parcel 1, Allrise shall take all actions at its sole expenses as are necessary to return the Parcel 1 to the condition that existed prior to the introduction of such hazardous material to the Parcel 1; provided, Giga Watt's approval to undertake any clean up shall first be obtained.

13. Indemnification. Allrise shall indemnify, defend, and hold Giga Watt and Landlord harmless from any and all injury, damage or contamination of the Parcel 1, property of third parties or injury to any person, and will indemnify and hold Giga Watt and Landlord harmless from any and all claims, judgments, penalties, costs, fines and lawsuits, which could arise during the term of this

Sublease or after the Sublease term.

14. Condemnation. If all of the Parcel 1 and the Allrise's interest therein shall be condemned for public use by any authority superior to Giga Watt or Landlord, such as the State of Washington or the United States of America, this Sublease shall terminate without liability of either party to the other, with each party having the right to make a claim in such condemnation proceedings as their interests may appear.

    a. If the entire Parcel 1 or such portion thereof, will preclude Allrise from conducting its business is taken by eminent domain, this Sublease shall expire on the date when the Parcel 1 shall be so taken, and the rent shall be apportioned as of that date.

    b. If only a portion of the Parcel 1 is taken by eminent domain and Allrise continues its business, the rent payable at that time shall be decreased in proportion to the amount or portion of the Parcel 1 as shall be taken under the proceeding.

    c. Landlord shall be entitled to all compensation resulting from the taking of the Parcel 1. Allrise shall be entitled to make claim against the taking entity for compensation for loss incurred by Allrise for such taking.

15. Abandonment/Allrise's Property. Allrise shall not vacate or abandon the Parcel 1 at any time during the Initial or Extended Terms, unless otherwise provided in this Sublease. In addition to any other remedy available to Giga Watt, if Allrise shall abandon, vacate or surrender the Parcel 1, or be dispossessed by process of law, or otherwise, the Mining Farm shall revert to Giga Watt.

16. Master Lease. This Sublease is and shall be at all times subject and subordinate to the Master Lease; provided, however, that any provisions of this Sublease that directly contradict to Master Lease shall control over the Master Lease.

17. Arbitration of Disputes. The parties agree to attempt to resolve any disputes relating to this Agreement by negotiation and/or with a mutually agreed-upon mediator. However, if these attempts are unsuccessful, upon demand by either party, all claims between the parties shall be referred for binding arbitration in accordance with the Washington Uniform Arbitration Act (RCW 7.04A et seq.). There shall be one arbitrator, whose decision shall be final, and binding, and judgment may be entered thereon. If the parties cannot agree on the arbitrator, the arbitrator shall be appointed by the presiding judge of the Grant County Superior Court. The arbitrator is authorized to restrict and/or limit discovery in the arbitrator's discretion, to that discovery reasonable under the circumstances considering the complexity of the matter and the amount in controversy. The substantially prevailing party, in any arbitration or other action, shall be entitled to collect all fees and costs incurred in connection with such action, including attorneys' fees, which amount shall be included in any award given.

18. Miscellaneous.

    a. **Notices.** Any notices by either party to the other shall be in writing and shall be deemed to be duly given only if delivered personally, or mailed by certified mail in a postage paid envelope addressed to the other party as identified below

3

If to Allrise: If given on the Parcel 1

or at such address as Tenant may direct in writing,

If to Giga Watt: 1 Campbell Pkwy
East Wenatchee, WA 98802

or at such address as Giga Watt may direct in writing.

b. **Attorney Fees.** This Sublease shall be construed in accordance with the laws of the State of Washington. Each party to this Sublease had the right to consult with their own attorney. In the event of any action arising hereunder, the prevailing party shall be granted its attorney fees and court costs. Venue for such action shall lie in Grant County, Washington.

c. **Successors and Assigns.** All rights, remedies, liabilities herein given to or imposed upon either of the parties hereto, shall inure to the benefit of and be binding upon their respective heirs, executors, administrators, successors in interest, transferrees, and assigns.

d. **Waiver.** The waiver by any party of a breach of any provision of this Sublease shall not be deemed a continuing waiver or a waiver of any subsequent breach of this Lease.

e. **Severability.** If any provision of this Sublease shall be declared invalid or unenforceable, the remainder of the lease shall continue in full force and effect.

f. **Entire Agreement.** This Sublease contains the entire agreement between the parties and cannot be modified or amended unless the same is in writing and signed by both parties and attached hereto.

g. **Counterparts.** This Agreement may be executed in any number of separate counterparts, all of which taken together shall be deemed one original instrument notwithstanding that all parties are not signatory to the same counterpart.

SUBLESSEE

Allrise IP Holding, Inc.
a Delaware corporation

By: Vladimir Evseev, _____

Date:

SUBLESSOR

Giga Watt, Inc.,
a Washington corporation

*Dave Carlson*

By: Dave Carlson, President

Date: 5/3/17

4

STATE OF WASHINGTON )
) ss.
COUNTY OF Chelan )

I certify that I know or have satisfactory evidence that DAVID M. CARLSON is the person who appeared before me and said person acknowledged that she signed this instrument, on oath stated that he was authorized to execute the instrument and acknowledged it as a Member of MLDC 1, LLC, a Wyoming limited liability company, to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated this 2 day of May, 2017.

Devonne F. Higgins
Typed/Printed Name Devonne J. Higgins
NOTARY PUBLIC
In and for the State of Washington
My appointment expires 6-30-2019

[Notary Seal: DEVONNE J. HIGGINS, NOTARY PUBLIC, STATE OF WASHINGTON, COMMISSION EXPIRES JUNE 30, 2019]

5