EXHIBIT D
(Development Agreement)

# MINING FARM DEVELOPMENT AGREEMENT

$1.2 mm

This Mining Farm Development Agreement ("Agreement") is made on May 2, 2017, by and between Giga Watt, Inc., a Washington corporation, located at 1 Campbell Pkwy, East Wenatchee, WA 98802 ("Developer" or "Giga Watt") and Allrise IP Holding, Inc., a Cayman corporation, located at 2nd Floor, The Grand Pavilion Commercial Centre, 802 West Bay rd P.O. Box 10338, Grand Cayman KY1-1003, Cayman Islands ("Client").

**Whereas,** Developer is in business of owning and operating data processing facilities in the State of Washington.

**Whereas,** Client wishes for Developer to construct the mining farm on the land subleased by Client and for the use by Client.

**Now, therefore,** in consideration of the mutual covenants and agreements and subject to the conditions and limitations set forth herein, the Parties hereto do hereby agree as follows:

1. **Project.**
    a. Mining Farm. The mining farm ("Mining Farm") shall consist of one structure with the aggregate capacity of 1.25 MW and useful capacity of 1.2 MW connected to the power line of Grant County PUD. The structure shall have all required parts such as fans, shelves, and power distribution infrastructure to allow operation of the Client's equipment.
    b. Location. The Mining Farm shall be located at 7906 Randolph Road, Moses Lake, Washington 98837.
    c. Additional Work. Installation, operation, maintenance and service of the Client's mining equipment shall be governed by separate agreements.

2. **Scope of Work.**
    a. Design of Mining Farm. Over the course of its business, Developer invented and perfected the proprietary design of a structure required to operate the mining equipment, which shall be used as a basis to construct the Mining Farm for Client. All drawings, specifications and other documents and electronic data furnished by Developer to Client under this Agreement ("Work Product") are deemed to be the property of Developer, and Client is granted a limited license to use such Work Product solely for the Mining Farm to which this Agreement pertains.
    b. Construction Management. Developer shall hire all necessary contractors and purchase the required materials and equipment to build and operate the Mining Farm for Client.
    c. Permits. Developer shall facilitate obtaining the required governmental approvals and permits for construction of the Mining Farm. The cost of the permits shall be borne by Developer.

3. **Payment.** Client shall pay One Million Two Hundred Thousand U.S. dollars ($1,200,000) for construction of the Mining Farm upon the execution of this Agreement. This amount shall not include the cost of the mining equipment, which shall be purchased by Client under a separate agreement. The Payment may be made in BTC to the Seller's wallet (18KQG3h7cAM3eJk4zPSHkhG2KLKdkuPrBy) at the exchange rate set by Coindesk at the time of transfer.

4. **Ownership of Mining Farm.** Client shall be the sole owner of the Mining Farm constructed under this Agreement. The ownership of the Mining Farm is subject to the land sublease, which Client has with Allrise IP Holding, Inc., a Delaware corporation ("Sublease Agreement"). In construction and operation of the Mining Farm, Client shall be bound by the terms of the Sublease Agreement.
5. **Schedule.** Developer shall commence the designing work on the Mining Farm within Three (3) business days upon the receipt of payment under this Agreement and shall commence the construction portion of the work within Three (3) business days of the issuance of the building permit. Subject to the permitted extensions and delays provided herein, Developer shall deliver the Mining Farm within Ten (10) weeks after the execution of this Agreement.
6. **Delivery.** The Mining Farm shall be considered delivered when it is connected to the power line of the Grant County PUD and is ready for the operation of mining equipment with the aggregate capacity of 1.2 MW.
7. **Delay.** Client understands and acknowledges that the delivery of Mining Farm can be delayed by the act, neglect, or default of the third parties, including but not limited by contractors and material suppliers, governmental action or inaction, or any other reason or reasons beyond Developers reasonable control, including but not limited to damage caused by fire or other casualty, strikes, force majeure, shortage of materials or labor, transportation delays, weather conditions, etc. In case of any delay, Developer will place the Client's mining equipment to its own facilities to allow full operation of the Client's equipment no later than 10 weeks from the execution of this Agreement.
8. **Warranty.** Developer warrants that Mining Farm shall be constructed in accordance with the applicable laws and free from material structural defects. Developer shall repair any work not performed in accordance with the applicable law for a period of One (1) year from the date of delivery. Client shall give a written notice of any defect to Developer and allow Developer reasonable time but not less than Sixty (60) days to cure the defect. All product warranties, if any, are deemed assigned from Developer to Client, and Developer shall reasonably assist Client in enforcing such product warranties.
9. **Arbitration.** The parties agree to attempt to resolve any disputes relating to this Agreement by negotiation and/or with a mutually agreed-upon mediator. However, if these attempts are unsuccessful, upon demand by either party, all claims between the parties shall be referred for binding arbitration in accordance with the Washington Uniform Arbitration Act (RCW 7.04A et seq.). There shall be one arbitrator, whose decision shall be final, and binding, and judgment may be entered thereon. If the parties cannot agree on the arbitrator, the arbitrator shall be appointed by the presiding judge of the Douglas County Superior Court. The arbitrator is authorized to restrict and/or limit discovery in the arbitrator's discretion, to that discovery reasonable under the circumstances considering the complexity of the matter and the amount in controversy. The substantially prevailing party, in any arbitration or other action, shall be entitled to collect all fees and costs incurred in connection with such action, including attorneys' fees, which amount shall be included in any award given.
10. **Survival.** In the event any clause or provision of this Agreement shall be held to be invalid, then the remaining clauses and provisions shall nevertheless be and remain in full force and effect.
11. **Entire Agreement.** In entering into this Agreement, neither party has relied upon any statement, estimate, forecast, projection, representation, warranty, action or agreement of the other party except for those expressly contained in this Agreement. All other agreements, oral

or written, are hereby merged into and superseded by this Agreement. There are no other agreements which modify or affect the terms hereof. No amendment hereto shall be binding unless the terms thereof are in writing and signed by both parties. No verbal or other agreements shall modify or affect this Agreement.
12. **Binding Effect.** This Agreement shall be binding upon the parties hereto, and their heirs, successors, executors, administrators, and assigns.
13. **Assignment.** Neither party shall assign nor transfer this Agreement or any rights hereunder without the prior written consent of the other.
14. **Notices.** All notices which may be required under this Contract are to be in writing and delivered (a) to the attention of the party at the address listed on the signature page; or (b) by email to the email address on the signature page; or (c) by fax to the fax number on the signature page, or (d) mailed by certified mail, postage prepaid, to the address listed on the signature page. All notices shall be deemed served upon delivery, successful transmission, or Two (2) days following deposit of the notice in the U.S. mail as required herein.
15. **Governing Law, Venue.** The performance and interpretation of this Contract shall be governed in accordance with the laws of the State of Washington.

**DEVELOPER**

*David M. Carlson*

By: David M. Carlson, CEO

Giga Watt, Inc.
1 Campbell Pkwy
East Wenatchee, WA 98802

**CLIENT**

By: Vladimir Evseev, _____

Allrise IP Holding, Inc.
2nd Floor, The Grand Pavilion Commercial Centre
802 West Bay rd P.O. Box 10338
Grand Cayman KY1-1003, Cayman Islands