EXHIBIT H
(Cease and Desist Order)

STATE OF NEVADA
DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF MORTGAGE LENDING

Before the Commissioner of the Division of Mortgage Lending

In the Matter of:

ALLRISE DIRECT LENDING LLC D/B/A
ALLRISE FINANCIAL GROUP, INC.,
Mortgage Broker License No. 4818,
NMLS ID No. 1710040,

and

ROYAL DEVELOPMENT INC.
Mortgage Broker License No. UNL,

and

VLADIMIR NIKOLAYEVICH EVSEEV,
NMLS ID No. 1729027,

Respondents.

Order No. 2018-010

Case No. 2018-010

ORDER TO CEASE AND DESIST,
ORDER IMPOSING AN ADMINISTRATIVE FINE AND INVESTIGATIVE COSTS,
AND
NOTICE OF OPPORTUNITY FOR ADMINISTRATIVE HEARING

Issued and Entered,
This 4th day of December, 2018,
By Cathy Sheehy,
Commissioner

I.
ORDER TO CEASE AND DESIST AND
ORDER IMPOSING AN ADMINISTRATIVE FINE AND INVESTIGATIVE COSTS

The Commissioner of the State of Nevada, Department of Business and Industry, Division of Mortgage Lending (the "Commissioner") having been statutorily charged with the responsibility and authority to administer and enforce Chapter 645B of the Nevada Revised Statutes, 645B.010 *et seq.* ("the Statute"), and Chapter 645B of the Nevada Administrative Code, NAC 645B.001 *et seq.* ("the

Regulation") (collectively, "the Act"), governing the licensing and conduct of mortgage brokers and mortgage agents doing business in the State of Nevada; and,

The Commissioner having been vested with general supervisory power and control over all mortgage brokers and mortgage agents doing business in the State of Nevada pursuant to the Statute; and,

The Commissioner having been further vested with broad authority to conduct investigations to determine whether any person is violating or has violated any provision of the Act; and,

The Division of Mortgage Lending (the "Division") having received information indicating that ALLRISE DIRECT LENDING LLC ("ALLRISE DIRECT") D/B/A ALLRISE FINANCIAL GROUP, INC. ("ALLRISE FINANCIAL"), ROYAL DEVELOPMENT INC. ("ROYAL DEVELOPMENT"), and VLADIMIR NIKOLAYEVICH EVSEEV ("EVSEEV") (collectively, the "RESPONDENTS") are or were engaged in activity requiring licensure as a mortgage broker under the Statute; and,

The Division having commenced an investigation of RESPONDENTS' business practices pursuant to NRS 645B.060(2)(c), and having determined, from that investigation, that RESPONDENTS were engaged in activity requiring licensure as a mortgage broker under the Statute; and,

The Division staff having reported the results of its investigation to the Commissioner; and,

The Commissioner having reviewed the results of the investigation, makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

### Findings of Fact

1. NRS 645B.900 prohibits any person from offering or providing any of the services of a mortgage broker or mortgage agent or otherwise engaging in, carrying on or holding himself or herself out as engaging in or carrying on the business of a mortgage broker or mortgage agent without first obtaining the applicable license issued pursuant to this chapter, unless the person is properly exempt from licensure.

2. NRS 645B.0127(1) defines "[m]ortgage broker" to include any person who directly or indirectly does any of the following:

(a) Holds himself or herself out for hire to serve as an agent for any person in an attempt to obtain a loan which will be secured by a lien on real property;

(b) Holds himself or herself out for hire to serve as an agent for any person who has money to lend, if the loan is or will be secured by a lien on real property;

(c) Holds himself or herself out as being able to make loans secured by liens on real property;

(d) Holds himself or herself out as being able to buy or sell notes secured by liens on real property; or

(e) Offers for sale in this State any security which is exempt from registration under state or federal law and purports to make investments in promissory notes secured by liens on real property.

3. The Division's investigation specifically found the following:

a. ALLRISE DIRECT is a Nevada foreign limited-liability company organized under the laws of the state of Delaware, possessing an active Nevada business license (NV Entity No. E0158382017-6); City of Reno, business license (License No. R142905A); and California Finance Lender License ("CFL License" No. 60DBO-73997, as issued by the California Department of Business Oversight under the designated licensure type, "Lender and Broker").

b. ALLRISE DIRECT is not currently and at no time relevant to this matter been licensed as a mortgage broker in Nevada under the Statute.

c. Based upon information and belief, ALLRISE DIRECT'S principal place of business in Nevada is located at 200 S. Virginia Street, Suite 500, Reno, Nevada, 89501.

d. Based upon information and belief, EVSEEV is the president and chief executive officer of ALLRISE DIRECT and as reflected by records of the Nevada Secretary of State ("NSOS"), serves as its managing member at 200 Spectrum Center Drive, Suite #1460, Irvine, California, 92618.

e. EVSEEV is not currently and has at no time relevant to this matter been licensed as a mortgage broker or mortgage agent in Nevada under the Statute.

f. ALLRISE FINANCIAL is a Nevada foreign corporation organized under the laws of the state of Delaware, possessing an active Nevada business license (NV Entity No. E0268302017-1).

g. Based upon information and belief, ALLRISE FINANCIAL'S principal place of business in Nevada is located at 200 S. Virginia Street, Suite 500, Reno, Nevada, 89501. NSOS records reflect that EVSEEV serves as the President of ALLRISE FINANCIAL at the same Irvine, California, address where he serves as the managing member of ALLRISE DIRECT.

h. ALLRISE FINANCIAL is not currently and has at no time relevant to this matter been licensed as a mortgage broker under the Statute. On or about June 20, 2018, ALLRISE DIRECT LENDING LLC D/B/A ALLRISE FINANCIAL GROUP, INC. applied to the Division for licensure as a mortgage broker, submitting the required "MU1" company-filing form, but Commissioner-approval thereof remains pending. As reflected in Division records and as identified in the Nationwide Multistate Licensing System & Registry ("NMLS"), ALLRISE DIRECT LENDING LLC D/B/A ALLRISE FINANCIAL GROUP, INC. has yet to resolve numerous documented deficiencies in its application for a Nevada mortgage broker license. Despite the Division's July 6, 2018, notifications to RESPONDENTS (via the NMLS) of the information still required to enable the Division to perform complete review of the application (which includes submission of EVSEEV's fingerprints for conducting his federal background check, EVSEEV'S permanent-resident card, the mortgage-agent application of RESPONDENTS' designated qualified employee, and copies of an uploaded organizational chart which shows the owner of ALLRISE FINANCIAL and any indirect owners), the noticed deficiencies have not been cleared.

i. ROYAL DEVELOPMENT is an active Nevada foreign corporation organized under the laws of the state of California (NV Entity No. E0263392016-4), which is licensed by the California Department of Real Estate (License ID No. 02007498), "to perform acts for which a real estate license is required in California." Its main office is situated at the same, Irvine, California location associated with ALLRISE DIRECT and ALLRISE FINANCIAL.

j. ROYAL DEVELOPMENT is not currently and has at no time relevant to this matter been licensed as a mortgage broker in Nevada under the Statute.

k. NSOS records demonstrate that EVSEEV is the President of ROYAL DEVELOPMENT at the same, Irvine, California address associated with ALLRISE DIRECT and ALLRISE FINANCIAL. However, all other named officers of ROYAL DEVELOPMENT are identified with the address of 200 S. Virginia Street, Suite 500, Reno, Nevada, 89501, the same address at which ALLRISE DIRECT and ALLRISE FINANCIAL are located, or from which they do business

l. According to NSOS records, EVSEEV is also the managing officer of two other active Nevada-licensed entities, Evn Management LLC, and Allrise Asset Management, LLC.

m. On or about February 22, 2018, the Division became aware of facts indicating that RESPONDENTS were engaged in activity requiring licensure under the Statute. In particular, the Division discovered that on the website https://allrise.us, RESPONDENTS advertised and promoted ALLRISE FINANCIAL'S services as a provider of real-estate secured, private-money loans or direct lending services in 41 states, including Nevada. Specifically directing attention to ALLRISE FINANCIAL'S Reno, Nevada office (not only identifying the physical address thereof, but providing the link to a website to obtain *directions* thereto), RESPONDENTS offered high-return, residential hard-money loans to facilitate "fix and flips," "commercial rehabs," or other real estate investments or projects, claiming that the funding could be procured quickly and easily regardless of FICO score. RESPONDENTS' asserted focus was upon the provision of transitional, short-term, and interim-financing with fixed rates as low as 7.5%, with no pre-payment penalties, touting high-yield returns on investments at an average rate of 7.78%. Particularly for residential loans, RESPONDENTS advertised that through just four or five "stress-free steps," which commenced upon a user's click upon the website page which provided its online, "Preliminary Application" form (https://allrise.us/apply-for-funding), once the submitted application was reviewed by an "account specialist," and completed, processed, and approved, the loan would be "seeded" and distribution of the proceeds could occur "in just a few days." RESPONDENTS alternatively provided a telephone number and e-mail address by which interested persons could obtain assistance, as well as an additional website link (https://allrise.us/contact-us/) to procure loan advice by one of its "hard money Loan Specialists." RESPONDENTS further set forth the social media addresses for access to its Facebook, Yelp, Twitter, Instagram, and LinkedIn accounts. Boasting that it had "empowered" over 170 borrowers and had achieved over $165 million in loans,

-5-

RESPONDENTS proclaimed that "[a]t Allrise, we see a bright future where borrowers and investors can come together for mutual benefit without being tethered to the restrictive regulations of the banking industry."

   n. Among the "Important Disclaimers" included in RESPONDENTS' website, is RESPONDENTS' express representation that "all loans will be arranged by Royal Development," which RESPONDENTS identify as ALLRISE FINANCIAL'S affiliate, allegedly operating under "CA BRE 02007498."

  4. In his correspondence to the Division dated March 5, 2018, EVSEEV argued that ALLRISE FINANCIAL was licensed to conduct its business operations in Reno, Nevada. However, EVSEEV asserted that while "[w]e are licensed to originate and broker loans using our BRE and CFL license[s]," such licenses being used to conduct real estate loans in other states, "more specifically" in California, "our company hasn't originated and/or brokered out any Real Estate loans" in Nevada at the present time. EVSEEV represented that because the company was currently in the process of applying for a "Banker Branch/Broker License" in Nevada, "we haven't targeted Nevada residents as potential borrowers so we don't have any marketing materials to provide."

  5. On or about May 18, 2018, in response to EVSEEV'S letter, Division Compliance/Audit Investigator DK issued correspondence to EVSEEV in which she explained that based upon its reliance upon the accuracy and truth of his representations to the Division that his company had not originated and/or brokered any loans in Nevada, the Division had determined to close its investigation of the matter. At the same time, however, on behalf of the Division, Compliance/Audit Investigator DK requested that EVSEEV place a *disclaimer* on RESPONDENTS' website at https://allrise.us, to expressly proclaim that RESPONDENTS do not conduct any activities in Nevada as described by NRS 645B.0127. Compliance/Audit Investigator DK further informed EVSEEV that should the Division discover he had provided misleading information, the matter may be reopened and additional enforcement proceedings pursued.

  6. On or about June 20, 2018, and again on July 11, 2018, and August 16, 2018, Compliance/Audit Investigator DK reviewed RESPONDENTS' website at https://allrise.us to discover that contrary to the terms of her May 18, 2018 correspondence, RESPONDENTS have never placed

-6-

18-03197-FPC7 Doc 483-8 Filed 02/17/20 Entered 02/17/20 21:25:33 Pg 7 of 10

upon such website, any kind of disclaimer concerning its lending activities in Nevada, and moreover, the real-estate secured, hard-money loan funding which RESPONDENTS' formerly proclaimed in their website to have provided in 41 states (as of approximately February 22, 2018), RESPONDENTS subsequently touted in https://allrise.us to have been provided in *50 states*, such number of which, by definition, necessarily includes such purported private-money, loan funding with respect to *Nevada-situated* properties.

7. RESPONDENTS engaged in, carried on, or held themselves out as engaging in or carrying on the business of a mortgage broker within the meaning of NRS 645B.0127, when on behalf of Nevada borrowers or investors, RESPONDENTS directly or indirectly held themselves out for hire to serve as agents for such borrowers or investors in offering, arranging, or attempting to arrange private or hard-money loans for the purchase of and/or investment in residential or commercial properties as secured by liens on real property. As facilitated by RESPONDENTS' utilization of their website https://allrise.us, RESPONDENTS directly or indirectly hold themselves out as hard-money lenders able to originate, underwrite, or fund described mortgage loans and transactions, and able to assist borrowers and investors in pursuing property purchases or investment projects, obtaining income-producing properties, or repairing and rehabilitating residential properties, for resale.

8. RESPONDENTS engaged in activities and conduct which require licensure as a mortgage broker under the Statute and are not exempt from licensure under the Statute.

9. Any finding of fact that may be deemed a conclusion of law shall be so construed.

## Conclusions of Law

10. Unless otherwise exempt, it is a violation of NRS 645B.900 for any person to offer or provide any of the services of a mortgage broker or mortgage agent or to engage in, carry on, or otherwise hold himself or herself out as engaging in or carrying on the business of a mortgage broker or mortgage agent without first obtaining the applicable license issued pursuant to the Statute.

11. Notwithstanding the submitted application of ALLRISE DIRECT LENDING LLC D/B/A ALLRISE FINANCIAL GROUP, INC. for licensure as a mortgage broker in Nevada, or pending licensure determination by the Commissioner, by providing or offering to provide the services of a

mortgage broker without having first obtained the applicable license under the Statute, and not being exempt from the licensure requirements, RESPONDENTS are in violation of NRS 645B.900.

12. NAC 645B.515 vests in the Commissioner the authority to order a person engaging in activity in violation of the Statute or the Regulation to immediately cease and desist from engaging in the activity.

13. NRS 645B.690(1)(a) requires the Commissioner to impose an administrative fine of not more than $50,000.00 on a person that offers or provides any of the services of a mortgage broker or otherwise engages in, carries on or holds himself or herself out as engaging in or carrying on the business of a mortgage broker and, at the time the person was required to have a license pursuant to the Statute and the person did not have such a license.

14. Any conclusion of law that may be deemed a finding of fact shall be so construed.

### Order

The Commissioner having formed the opinion based upon the foregoing that RESPONDENTS have been or are engaged in unlicensed activities in violation of the Statute, and concluded and determined that RESPONDENTS should be ordered to: 1) cease and desist from engaging in any activity requiring licensure under NRS 645B; 2) pay an administrative fine; and 3) pay the Division's investigative costs.

NOW, THEREFORE, IT IS ORDERED that ALLRISE DIRECT LENDING LLC D/B/A ALLRISE FINANCIAL GROUP, INC., ROYAL DEVELOPMENT INC., and VLADIMIR NIKOLAYEVICH EVSEEV shall immediately CEASE AND DESIST from advertising, engaging in, or otherwise carrying on or holding themselves out as engaging in or carrying on any activities that require licensure as a mortgage broker under the Statute.

IT IS FURTHER ORDERED that an ADMINISTRATIVE FINE in the amount of $50,000.00 shall be and hereby is imposed, jointly and severally, on ALLRISE DIRECT LENDING LLC D/B/A ALLRISE FINANCIAL GROUP, INC., ROYAL DEVELOPMENT INC., and VLADIMIR NIKOLAYEVICH EVSEEV in accordance with NRS 645B.690(1)(a). The ADMINISTRATIVE FINE shall be due and payable on the 30th day following the effective date of this Order and shall be tendered to the Division in accordance with the attached wire transfer instructions.

| | |
|---|---|
| 1 | IT IS FURTHER ORDERED that RESPONDENTS shall be and hereby are assessed, jointly and severally, on ALLRISE DIRECT LENDING LLC D/B/A ALLRISE FINANCIAL GROUP, INC., ROYAL DEVELOPMENT INC. and VLADIMIR NIKOLAYEVICH EVSEEV, the Division's INVESTIGATIVE COSTS in the amount of $2,595.00, in accordance with NRS 622.400. The INVESTIGATIVE COSTS shall be due and payable on the 30th day following the effective date of this Order and shall be tendered to the Division with the ADMINISTRATIVE FINE in accordance with the attached wire transfer instructions. |

IT IS FURTHER ORDERED that RESPONDENTS shall be and hereby are assessed, jointly and severally, on ALLRISE DIRECT LENDING LLC D/B/A ALLRISE FINANCIAL GROUP, INC., ROYAL DEVELOPMENT INC. and VLADIMIR NIKOLAYEVICH EVSEEV, the Division's INVESTIGATIVE COSTS in the amount of $2,595.00, in accordance with NRS 622.400. The INVESTIGATIVE COSTS shall be due and payable on the 30th day following the effective date of this Order and shall be tendered to the Division with the ADMINISTRATIVE FINE in accordance with the attached wire transfer instructions.

IT IS FURTHER ORDERED that an administrative hearing shall be scheduled in this matter only if RESPONDENTS timely request an administrative hearing in accordance with the instructions set forth in Section II of this Order entitled Notice of Opportunity for an Administrative Hearing. **If no administrative hearing is requested within 30 calendar days of the effective date of this ORDER, RESPONDENTS shall be deemed to have waived and relinquished the right to an administrative hearing in this matter and a FINAL ORDER shall be issued in this matter.**

IT IS FURTHER ORDERED that this Order shall be and is effective and enforceable on the date that it is issued and entered, as shown in the caption hereof.

IT IS FURTHER ORDERED that this Order shall remain effective and enforceable until terminated, modified, set aside, or suspended in writing by the Commissioner.

IT IS FURTHER ORDERED that the Commissioner specifically retains jurisdiction over the matters contained herein and has the authority to issue such further order(s) as the Commissioner shall deem just, necessary, and appropriate to enforce NRS 645B and NAC 645B and protect the public.

IT IS SO ORDERED.

DIVISION OF MORTGAGE LENDING

By: ███████████
Cathy Sheehy, Commissioner

/ / /

/ / /

/ / /