BANKRUPTCY COURT FOR THE

EASTERN DISTRICT OF WASHINGTON AT SPOKANE

In re Giga Watt, Inc.,

    Debtor.

COMMITTEE'S RESPONSE TO AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY; ABANDONMENT OF PROPERTY OF THE ESTATE

CASE NO: 18-03197 FPC 11

The Committee of Unsecured Creditors ("Committee") of the Chapter 11 Bankruptcy Estate of Giga Watt, Inc. ("Debtor") hereby responds to the Motion for Relief from Stay ("Motion") and Related Relief from Chelan Douglas Regional Port Authority ("Port Authority"), ECF No. 478, as follows:

First, the Port Authority's contention is without merit that the leasehold property should be abandoned because it lacks value. According to the underlying amended schedules filed in this case, the items being constructed at the Pangborn site had a cost-basis of more than $2.1 million. ECF No. 40 at p. 4. While this value has no doubt diminished over time, the Port Authority should not obtain a windfall of valuable assets.

COMMITTEE RESPONSE - 1

To that ends, the schedule of items to be abandoned in the Declaration in Support of the Motion, **Exhibit E** to the Kuntz Memorandum, ECF No. 468, at p. 38, needs to specifically indicate what the value of the items to be abandoned actually is. Without this information, Port Authority probably cannot make out the threshold burden under 11 U.S.C. § 554, that the items are of "*inconsequential value and benefit to the estate.*" Any supplemental submission by the Port Authority should also make clear whether this inventory is a current one, or more dated, and does not take into account items that the Trustee has already removed from the leasehold. In its response, the Trustee will hopefully document that over the last six+ months, it has been transferring valuable assets from the Pangborn site to its other facilities.

Second, the Port Authority, Giga Watt, Inc., and the Douglas County Public Utility District ("PUD") are parties to interlocking contracts concerning lease of land and provision of utilities. The Committee is currently pursuing an investigation to recover the value of the PUD electricity contract for the bankruptcy estate, and intends to file a motion seeking authority to bring litigation concerning the same before March 6, 2020.

The Committee does not anticipate that, were the present Motion granted, that the Port Authority or its related partner, the PUD, would use the ensuing order to defend against a subsequent action by the Committee. Nonetheless, out of an abundance of caution, the Committee requests that any Order entered with regard to the Motion make clear that the relief granted is without prejudice to any investigation or future claims brought by the Committee concerning the PUD.

To the extent that the Court is at all hesitant to include such language within the Order, the Committee requests that the Court delay granting such relief until the Court considers the forthcoming motion for authority for the Committee to bring litigation against the PUD (again,

to be filed no later than March 6). Once that issue is resolved, the prospect and prejudice of potential issue preclusion can more accurately be gauged by all parties.

DATED this 27th day of February, 2020.

SALISH SEA LEGAL PLLC

By /s/ Ben Ellison
Benjamin Ellison, WSBA No. 48315
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98109
salishsealegal@outlook.com
*Attorney for the Committee*

COMMITTEE RESPONSE - 3