Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP
1905 7th Avenue W
Seattle, Washington 98119
Telephone: (415) 297-0132
Facsimile: (202) 318-7707
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, Inc., a Washington corporation,

          Debtor.

Case No. 18-03197

The Honorable Frederick P. Corbit

**CHAPTER 11 TRUSTEE'S OBJECTION TO AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY; ABANDONMENT OF PROPERTY OF THE ESTATE; WAIVER OF FRBP 4001(a)(3)**

CHAPTER 11 TRUSTEE'S OBJECTION TO PORT'S MOTION FOR RELIEF FOR STAY AND FOR ABANDONMENT

## TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................1

II.  BACKGROUND FACTS .......................................................................3

III. POINTS AND AUTHORITIES ..............................................................5

    A.   Section 362(b)(10) Is Inapposite............................................................5

    B.   Abandonment Is Inappropriate...............................................................6

        1.   The Pangborn Equipment Is Property of the Estate ................................7

        2.   The Mechanics' Liens Do Not Reduce the Personal Property's Value ..7

IV.  CONCLUSION ......................................................................................8

# **TABLE OF AUTHORITIES**

C<small>ASES</small>

*In re Johnston*, 49 F.3d 538, 540 (9th Cir. 1995) ...................................................... 6

*Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1662, 203 L. Ed. 2d 876 (2019) .................................................................................................. 6

S<small>TATUTES</small>

11 U.S.C. § 362 ............................................................................................................ 5

11 U.S.C. § 362(b)(10) ................................................................................................. 2

11 U.S.C. § 365(g) ....................................................................................................... 6

11 U.S.C. § 554 ............................................................................................................ 6

RCW 60.04.021 ........................................................................................................... 8

RCW 60.04.141 ........................................................................................................... 7

CHAPTER 11 TRUSTEE'S OBJECTION TO PORT'S MOTION FOR RELIEF FROM STAY AND ABANDONMENT

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "**Trustee**") hereby objects (the "**Objection**") to the *Amended Motion for Relief from Automatic Stay; Abandonment of Property of the Estate; Waiver of FRBP 4001(a)(3)*, filed on February 11, 2020 [ECF 478] (the "**Motion**") by the Chelan Douglas Regional Port Authority, formerly the Port of Douglas County (the "**Port**"). This Objection is supported by the Declaration of Mark D. Waldron (the "**Waldron Declaration**") and the points and authorities set forth below.

In support of the Objection, the Trustee respectfully avers:

## I. INTRODUCTION[1]

The Trustee is engaged in active efforts to sell the Debtor's personal property, both affixed and not affixed, (the "**Pangborn Equipment**") located on the Port's real property (the "**Premises**"), subject to Court approval. The Trustee is in discussion with IronPlanet/Ritchie Brothers, highly experienced equipment auctioneers, to retain them to sell the Pangborn Equipment, subject to Court approval. IronPlanet/Ritchie Brothers has reviewed the Pangborn Equipment and has informed the Trustee that the Pangborn Equipment may have an estimated worth of between $1 million and $2 million. In addition, the Trustee is in active discussions with a potential purchaser of the Pangborn Equipment, Griid Infrastructure of Greenwich, Connecticut. The electrical engineer for Griid

---

[1] Unless otherwise defined herein, capitalized terms used in this section have the meanings ascribed to them elsewhere in this Objection.

Infrastructure is scheduled to examine the Pangborn Equipment in person with the Trustee's consultant, Lauren Miehe, on Tuesday, March 3, 2020.

Months ago, the Trustee offered to sell the Pangborn Equipment jointly with the Port, to cooperate with the Port and to divide the sale proceeds in appropriate fashion, subject to Court approval. The Pangborn Equipment, while valuable, is also highly specialized. It took considerable effort to find the right professional, IronPlanet, and a serious buyer, Griid Infrastructure. Further, it would have cost the estate $18,000 approximately to move the Pangborn Equipment and the estate has insufficient space to store such specialized equipment.

Further, the Motion should be denied on its merits. Section 362(b)(10) does not allow a lessor to take a defaulting tenant's personal property. 11 U.S.C. § 362(b)(10). It allows the lessor of a terminated lease to recover its real property. Here, the Lease was not terminated, and the lessor is attempting to recover personal property. This is inappropriate.

Abandonment is similarly inappropriate because the Pangborn Equipment is valuable to the estate. The Port seems to base its contrary conclusion on the fact that the real property is of no value to the estate given the lack of electricity. However, the real property is inapposite. The Port is seeking abandonment of the Pangborn Equipment.

Finally, all of the Pangborn Equipment, whether affixed or not, is property of the estate. The Lease very clearly provides that the tenant owns the

2
CHAPTER 11 TRUSTEE'S OBJECTION TO PORT'S MOTION FOR RELIEF
FROM STAY AND ABANDONMENT

improvements. Even upon breach, there is no provision of forfeiture of that personal property. Instead, the Lease actually gives the Port the option of storing the personal property for Giga Watt's benefit and at Giga Watt's expense.

In summary, the Trustee has worked diligently to find a qualified auctioneer and serious buyer for the valuable, but highly specialized Pangborn Equipment. Therefore, the Motion should be mooted shortly. Further, the Motion fails on its merits. Section 362(b)(10) does not apply to the recovery of personal property and abandonment is not appropriate given the value of the Pangborn Equipment.

## II. BACKGROUND FACTS

On March 9, 2017, the Port and Giga Watt, Inc. ("**Giga Watt**") executed that certain *Land Lease for Portion of Pangborn Airport business Park East Wenatchee, Washington* (the "**Lease**") pursuant to which Giga Watt leased from the Port approximately 7.9 acres of real property defined in the Lease as the Premises. On August 15, 2017, the Port and Giga Watt signed that certain *Addendum to Lease Agreement Pangborn Airport Business Park East Wenatchee, Washington* (the "**Addendum**"), which modified certain terms of the Lease.[2] A copy of the Lease and Addendum is attached hereto as **Exhibit A**.

The Lease was a triple-net lease. **Exh. A**, Lease at ¶ 4g. Pursuant to the Lease, Giga Watt provided a cash deposit to the Port of $350,000.

---

[2] The Port adds incorrectly that Giga Watt is liable under the CERB loan. Motion at 4:11-16. Based on the Trustee's review, this is not correct.

On November 1, 2018, the Port filed a *Verified Complaint for Unlawful Detain in the Superior Court of the State of Washington for the County of Douglas* (the "**Verified Complaint**"). A copy of the Verified Complaint is attached hereto as **Exhibit B**. In the Verified Complaint, the Port admitted that "tenant is the owner of any substation and improvements constructed on the premises, except those improvements which are defined as 'Permanent Structures' under the Lease." **Exh. B**, Verified Complaint, at ¶ 10, 2:19-21. As set forth below, "Permanent Structures" are defined in the Lease as buildings, not buildings that are slab-on-grade and not equipment.

By the Verified Complaint, the Port sought, *inter alia*, a judgment terminating the Lease, alleging, "The [Port] is entitled to an Order terminating the Lease Agreement." Verified Complaint, **Exh. B** at ¶ 17, 4:10-11.

On November 19, 2018, the Debtor commenced this case by filing a voluntary petition for relief pursuant to sections 101, *et seq.* of the title 11 of the United State Code (the "**Bankruptcy Code**"). The filing stayed the unlawful detainer action that the Port had commenced. Therefore, the state court did not issue an Order terminating the Lease, as requested by the Port.

On January 23, 2019, the Court approved the appointment of Mark D. Waldron as the Trustee pursuant to its *Order Approving Appointment of Chapter 11 Trustee* [Docket. No. 146].

On April 16, 2019, the Court entered its *Order Granting Chapter 11 Trustee's Motions for Orders (i) Approving Stipulation Pursuant to LBR 9013-*

1(c)(3) and (iii) Granting Expedited Consideration Thereof [ECF 276] (the "**Stipulated Order**"). Pursuant to the Stipulation, the Lease was deemed rejected in June 2019.

### III. POINTS AND AUTHORITIES

A. Section 362(b)(10) Is Inapposite

The Port invokes section 362(b)(10) of the Bankruptcy Code to obtain relief from the stay in order to obtain personal property that belongs to the estate, specifically, the Pangborn Equipment. Section 362(b)(10) does not permit a lessor to recover the debtor's personal property after the debtor has rejected the lease. Instead, it allows a lessor to recover its real property upon termination of a lease. Section 362(b)(10) states that the automatic stay does not apply to:

> . . . any act by a lessor to the debtor under a lease of nonresidential real property *that has terminated* by the expiration of the stated term of the lease before the commencement of or during a case under this title *to obtain possession of such property.* . . .

11 U.S.C. § 362. (Emphasis added.) "Such property" clearly refers to the leased nonresidential real property. Thus, section 362(b)(10) does not support the Port's request to obtain possession of the Debtor's personal property.

Section 362(b)(10) does not apply for the additional reason that the Lease was never terminated. If the Lease had been terminated, then there would have been no need for pray for an order terminating the Lease in the Verified Complaint. Further, it would have been impossible to stipulate to the extension of the Trustee's deadline to assume or reject the Lease.

5

CHAPTER 11 TRUSTEE'S OBJECTION TO PORT'S MOTION FOR RELIEF
FROM STAY AND ABANDONMENT

The deemed rejection of the Lease in June 2019 did not terminate the Lease. *See Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1662, 203 L. Ed. 2d 876 (2019) ("A rejection does not terminate the contract."). In *Mission Product Holdings*, the Supreme Court clarified that rejection is to be treated as if it were a pre-petition breach. Whatever rights the parties would have in that situation, they have in bankruptcy. *See Mission Prod. Holdings, supra*:

> Rejection "constitutes a breach of [an executory] contract," deemed to occur "immediately before the date of the filing of the petition." . . . Or said more pithily for current purposes, a rejection is a breach. And "breach" is neither a defined nor a specialized bankruptcy term. ***It means in the Code what it means in contract law outside bankruptcy.***

*Id.*, 139 S. Ct. at 1661 (quoting 11 U.S.C. § 365(g)). (Emphasis added.)

Therefore, the Court should deny the Port's request for relief from the stay.

**B.      Abandonment Is Inappropriate**

The Motion is also brought pursuant to 11 U.S.C. § 554. On its face, § 554 permits abandonment only "upon a showing that property is either of inconsequential value and benefit to the estate or burdensome to the estate." *In re Johnston*, 49 F.3d 538, 540 (9th Cir. 1995). The Port makes no showing that the equipment left on the Premises is of inconsequential value and benefit to the estate or burdensome. Indeed, as set forth in the Waldron Declaration, the equipment is valuable to estate.

### 1. The Pangborn Equipment Is Property of the Estate

The Lease very clearly provides that all of the property left on the premises belongs to the estate. The Lease states:

> a. <u>Construction</u>. The Tenant may, from time to time, at its own expense, make improvements upon the Premises, whether structural or otherwise, and may install such machinery, equipment and facilities thereon as may be proper and necessary in connection the use and operation of the Premises . . . .
>
> b. . . . .
>
> c. <u>Permanent Structures</u>. Improvements constructed on the Premises by the Tenant and personal property belonging to the Tenant, which such property consists of facilities, furniture, machinery, equipment, appliances or trade fixtures ***shall be and remain the property of the Tenant regardless of whether each property is affixed to the real property comprising the Premises***."

**Exh. A**, Lease, ¶¶ 4(a) and (c). (Emphasis added.)

### 2. The Mechanics' Liens Do Not Reduce the Personal Property's Value

Furthermore, the mechanics' liens referred to in the Motion do not render the Pangborn Equipment worthless to the estate. The lien of Consolidated Electrical Distribution, Inc. has expired[3] and in any event only reaches the

---

[3] It was dated December 10, 2017. Pursuant to RCW 60.04.141 the lien endured for only 8 months which means it expired before the Petition Date.

7

CHAPTER 11 TRUSTEE'S OBJECTION TO PORT'S MOTION FOR RELIEF FROM STAY AND ABANDONMENT

substation and the real property. **Exh. A**, Verified Complaint, Exhibit C attached thereto, ¶ 4. *See also* RCW 60.04.021 which states:

> Except as provided in RCW 60.04.031, any person furnishing labor, professional services, materials, or equipment for the improvement of real property shall have a lien ***upon the improvement*** for the contract price of labor, professional services, materials, or equipment furnished at the instance of the owner, or the agent or construction agent of the owner.

RCW 60.04.021. (Emphasis added.) Further, the lien of Neppel Electrical & Controls, LLC is only asserted against the real property. **Exh. A**, Verified Complaint, Exhibit D attached thereto. However, the Port seeks an order requiring the Trustee to abandon a broad set of equipment and other personal property that is of value to the estate. Furthermore, there is no evidence that the value of any improvement to which the liens may attach is greater than the value of the asserted liens.

Therefore, the Port's request for abandonment is without merit.

### IV. CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court deny the Motion in its entirety and with prejudice.

Dated: February 28, 2020     POTOMAC LAW GROUP

By: */s/ Pamela M. Egan*
Pamela M. Egan (WSBA No. 54736)

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

8

CHAPTER 11 TRUSTEE'S OBJECTION TO PORT'S MOTION FOR RELIEF FROM STAY AND ABANDONMENT