IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>GIGA WATT, INC.,<br><br>                Debtor. | In Chapter 11 Proceeding<br><br>Case No. 18-03197-FPC11<br><br>**REPLY IN SUPPORT OF APPLICATION OF ALLRISE FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** |

**<u>REPLY</u>**

Allrise IP Holding, Inc. ("**Allrise**") hereby submits this Reply in support of its Application for Allowance and Payment of Administrative Expense Claim ("**Application**") for the reasons set forth below.

REPLY IN SUPPORT OF APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM - 1
2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7   Doc 516   Filed 03/27/20   Entered 03/27/20 15:14:39   Pg 1 of 14

# I. INTRODUCTION

Having shown through admissible evidence and applicable law that Allrise is the owner of the Missing Miners,[1] Chapter 11 Trustee Mark D. Waldron (the "Trustee") wastes pages of his Response to the Application (the "Response") launching character attacks at Allrise's management team and employees. The Trustee's efforts to distract the Court's attention from the fact that Allrise owns the Missing Miners are unavailing. After repeated attempts to work with the Trustee to resolve the dispute over the Missing Miners and retrieve them from the Debtor at Allrise's expense including reimbursement to the Estate for any of its employees' wages incurred in the search, the Trustee's counsel invited Allrise to "file a claim" "so it could be promptly objected to." Given no other opportunity to reach a reasonable compromise, Allrise has been forced to file this Application, as the Trustee has demanded. Allrise now requests that the Court allow Allrise to be compensated for the value of its equipment or that it be allowed to retrieve the Missing Miners, for the following reasons, among others.

*First*, contrary to the Trustee's ridiculous red herring, Allrise has standing to bring the Application. As explained below, Allrise has neither conducted

---

[1] Terms not defined herein are defined in Allrise's Application for Allowance and Payment of Administrative Expense Claim.

REPLY IN SUPPORT OF APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM - 2
2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 516    Filed 03/27/20    Entered 03/27/20 15:14:39    Pg 2 of 14

business in Washington nor initiated a lawsuit in Washington. As such, RCW 23.95.505 does not prevent Allrise from pursuing its administrative expense claim.

*Second*, pursuant to the Court's Order dated February 27, 2020 granting Allrise's Motion to Limit Notice, Dkt. 497, Allrise provided limited notice of the Application to (a) the Trustee, (b) the U.S. Trustee's Office, (c) the Unsecured Creditors' Committee, (d) anyone requesting ECF notice herein, (e) anyone requesting special notice, and (f) the 20 largest creditors as designated in the Debtor's Schedules, Dkt. 459-1. Thus, notice of the Application was proper.

*Third*, Allrise's Application is meritorious. As explained below, the Trustee's Response suggests that the Estate is presently using the Missing Miners. As such, Allrise has admittedly provided a post-petition benefit to the Estate by allowing the Missing Miners to continue to mine Bitcoin and allow the Debtor to operate. Allrise is entitled to "the actual, necessary costs and expenses of preserving the estate," which is the value of the Missing Miners, or $165,100.00. 11 U.S.C. § 503(b)(1)(A).

In the alternative, if the Trustee misplaced the Missing Miners, then the Trustee negligently failed to safeguard Allrise's equipment, thus resulting in harm to Allrise in the amount of $165,100.00. *Reading Co. v. Brown*, 391 U.S. 471, 476-84 (granting administrative priority to post-petition tort claims against

REPLY IN SUPPORT OF APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM - 3
2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 516    Filed 03/27/20    Entered 03/27/20 15:14:39    Pg 3 of 14

bankruptcy receiver). Indeed, Allrise has good reason to suspect negligence. In December 2019, when Allrise's employees visited the Moses Lake Facility where the Missing Miners were supposed to be located, they observed inadequate security and damaged numerous miners. To that end, as explained in the Declaration of Dmitry Budanov filed herewith (Dkt. 518), Allrise's employees observed no security cameras or mechanisms recording who accessed the Moses Lake Facility, no key cards, and no access codes. The Moses Lake Facility could be accessed through a simple chain link fence. To make matters worse, miners were strewn on the ground around the Moses Lake Facility laying in the dirt, unprotected by the elements.

*Fourth*, if the Court is not inclined to allow Allrise's administrative expense claim, then it should be permitted to search for the Missing Miners at its expense. Although the Trustee contends that it would be "burdensome" and "expensive" to search for the Missing Miners, Allrise will pay for the search. It is also not burdensome. Contrary to the Trustee's assertions, a crew would not need to unplug the miners in order to determine their identity. A portable barcode scanner would be used to scan the back of each miner, and Allrise estimates that the work could be completed in less than one week. No miners would have to be unplugged to perform this scanning. No workers hands would

REPLY IN SUPPORT OF APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM - 4
2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 516    Filed 03/27/20    Entered 03/27/20 15:14:39    Pg 4 of 14

be cut unplugging wires from the back of the miners nor would it take almost a month to complete the work.

## II. ARGUMENT AND AUTHORITY

**A. Allrise has standing to bring the Application under Washington Law.**

Allrise has neither conducted business in Washington nor initiated a lawsuit in Washington. Contrary to the Trustee's assertions, RCW 23.95.505 does not prevent Allrise from pursuing its administrative expense claim. RCW 23.95.505 only prevents an unregistered foreign entity ***doing business in the state*** from filing suit in Washington. *See Lake v. MTC Fin., Inc.*, No. C16-1482JLR, 2017 WL 841752, at *2 (W.D. Wash. Mar. 3, 2017) (Statute did not apply where foreign corporation did not initiate suit). This statute does not preclude Allrise from pursuing its administrative expense claims.

*First*, Allrise is not doing business in the state. Allrise has received raw materials from the Mining Farm to use in a product it compiles elsewhere. Under RCW 23.95.520(k), "[d]oing business in interstate commerce" does not constitute doing business in the state. Indeed, Allrise does not maintain an office, bank accounts, or employees in Washington.

*Second*, merely bringing suit alone does not constitute doing business in the state. *Top Line Equip. Co. v. Nat'l Auction Serv., Inc.*, 32 Wn. App. 685, 689, 649 P.2d 165 (1982) (defendant failed to establish that plaintiff was doing

REPLY IN SUPPORT OF APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM - 5

2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 516    Filed 03/27/20    Entered 03/27/20 15:14:39    Pg 5 of 14

business in Washington and so plaintiff was not required to obtain a certificate of authority before bringing its action).

In any event, initiating a contested matter is not the equivalent of initiating a lawsuit. Bankruptcy courts have found that a bankruptcy is distinguishable from both an adversary proceeding and a contested matter, both of which arise under the Bankruptcy Code. *See In re S. Indus. Banking Corp.*, 189 B.R. 697, 702 (E.D. Tenn. 1992) ("The case is to be distinguished from the adversary proceeding, Bankr. R. 7001, and from the contested matter, Bankr.R. 9014, both of which arise in the case under the Bankruptcy Code.") Furthermore, bankruptcy courts have highlighted the informality and expediency of contested matters. *See*, *e.g.*, *In re Strata Title, L.L.C.*, No. BAP AZ-13-1291-PAKUD, 2014 WL 661174, at *7 (B.A.P. 9th Cir. Feb. 21, 2014) ("Adversary proceedings are separate lawsuits within the bankruptcy case and have all the attributes of a lawsuit in the district court…In a contested matter, there is no summons and complaint, pleading rules are…relaxed, counterclaims and third-party practice do not apply, and…pre-trial procedure is either restricted or dispensed with"); *see also In re Van Ness*, 399 B.R. 897, 904 (Bankr. E.D. Cal. 2009) ("An adversary proceeding under Federal Rule of Bankruptcy Procedure 7001 is essentially indistinguishable from a civil action under the Federal Rules of Civil Procedure…In contrast, a contested matter under Federal Rule of

REPLY IN SUPPORT OF APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM - 6
2053288.01

Bankruptcy Procedure 9014 is a motion procedure susceptible of more expeditious resolution...").

Although the Trustee contends that a contested matter is a "proceeding" for the purposes of RCW 23.95.505, the Trustee is incorrect. Indeed, the cases cited by Trustee do not provide that contested matters are analogous to a lawsuit. *See In re Khachikyan*, 335 B.R. 121, 127 (B.A.P. 9th Cir. 2005) ("Since the mandatory disclosure requirement of Civil Rule 26 does not apply to contested matters, there is no impediment to immediately seeking discovery"); *In re Ballard*, 502 B.R. 311, 320 (Bankr. S.D. Ohio 2013) ("Adversary proceedings are lawsuits filed within a bankruptcy case and are governed by Part VII of the Bankruptcy Rules.").

Therefore, for all the reasons stated above, RCW 23.95.505 does not bar Allrise's Application for Administrative Expense Claim.

**B.    Allrise has established an administrative expense priority claim.**

As set forth in its Application, and pursuant to the Court's Order allowing limited notice, Allrise provided proper notice of its administrative expense claim. Dkt. 459. An allowable administrative expense is "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Allrise has established that its claim (i) arose from a transaction with the bankruptcy

REPLY IN SUPPORT OF APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM - 7

2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 516    Filed 03/27/20    Entered 03/27/20 15:14:39    Pg 7 of 14

Estate; and (ii) directly and substantially benefitted the Estate. *In re DAK Indus., Inc.*, 66 F.3d 1091, 1094 (9th Cir. 1995). Each of these elements is met here.

*First*, Allrise's claim arose from a transaction with the eventual Debtor that was continued post-petition. Allrise purchased the Missing Miners on May 1, 2017, pursuant to a Purchase and Sale Agreement ("Purchase Agreement") entered into between the parties.[2] Dkt. 483-5. Thereafter, Allrise monitored its Bitcoin wallets, which showed that the Missing Miners were active and generating Bitcoin for Allrise. As set forth in the Application, creditors may be entitled to administrative expense priority when a benefit conferred on a debtor pre-petition continues post-petition. The Debtor retained the Missing Miners and has failed to provide them to Allrise post-petition. As the Trustee has been unable to provide the Missing Miners, it is apparent that the Debtor has either continued to use the Missing Miners to mine Bitcoin post-petition or misplaced them. Indeed, the Response suggests that the Estate is using the Missing Miners and generating revenue from them. Dkt. 483 at 15.

---

[2] Although the Trustee questions the credibility of Allrise's management and employees, and the veracity of its ownership claim, the Trustee's character attacks are without merit. The Trustee bases this assertion on a "Cease and Desist Order" purportedly issued against Allrise Direct Lending LLC and other parties. Allrise Direct Lending LLC and Allrise IP Holding, Inc. are not the same entity. The "Cease and Desist Order" is immaterial to the Application and should be disregarded. If one were to look closely that order relates to a technical violation regarding a certain notice on the company's website. No consumers were harmed by the missing language.

REPLY IN SUPPORT OF APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM - 8

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

2053288.01

18-03197-FPC7    Doc 516    Filed 03/27/20    Entered 03/27/20 15:14:39    Pg 8 of 14

As the Debtor appears to be using the Missing Miners, Allrise has directly and substantially benefitted the Estate. The Debtor cannot generate Bitcoin without miners and therefore the Missing Miners have provided support for the continued operation of the Debtor's mining operation. The Estate should not be unjustly enriched at Allrise's expense.

C. **Allrise's administrative claim constitutes damages resulting from the Trustee's negligence.**

Alternatively, if the Trustee is not using the Missing Miners and instead misplaced them post-petition, then the Trustee negligently failed to safeguard Allrise's equipment, resulting in harm to Allrise in the amount of $165,100.00. *Reading Co. v. Brown*, 391 U.S. 471, 476-84 (granting administrative priority to post-petition tort claims against bankruptcy receiver). Consequently, under *Reading*, Allrise is entitled to claim the value of the Missing Miners as an administrative expense.

Indeed, Allrise has good reason to suspect negligence. As shown in the accompanying Budanov Declaration, when Allrise's employees visited the Moses Lake Facility to retrieve some of its equipment in December 2019, they observed no cameras, simple key access (no electronic card verification), and miners strewn on the ground. Contrary to the Trustee's assertions in the Response, Allrise did not observe a secure facility.

REPLY IN SUPPORT OF APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM - 9
2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7   Doc 516   Filed 03/27/20   Entered 03/27/20 15:14:39   Pg 9 of 14

Although the Trustee asserts that the Missing Miners may not even exist, this assertion is contradicted by the evidence. Allrise has access to preliminary bitcoin wallet information which monitors how much revenue the miners are generating. Budanov Decl., ¶ 10. The Missing Miners generated revenue and operated as intended, demonstrating that the Missing Miners did exist. Budanov Decl., ¶ 10.

Furthermore, the Trustee alleges, without adequate support, that there is reason to distrust the authenticity of a list of serial numbers Allrise provided to it and that the Trustee would have to divert extremely limited resources for two to three weeks to search for the Missing Miners. Dkt. 483 at 20-21. This is inaccurate. Allrise has not asked the Trustee to check the serial numbers on each of its 7,000 to 8,000 miners. Dkt. 483 at 21. Instead, Allrise has asked to be permitted to search for the Missing Miners at its own expense. In any event, a search for the Missing Miners will not take two to three weeks to complete or cause harm to searchers. The search will involve use of a scan gun over the barcodes present on each miner in the Pod. Budanov Decl., ¶¶ 11-12. It would take approximately two days. Budanov Decl., ¶¶ 11-12. The Trustee's description of pulling workers away to do grueling, dangerous work for weeks is inaccurate. Dkt. 483 at 21.

REPLY IN SUPPORT OF APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM - 10

2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 516    Filed 03/27/20    Entered 03/27/20 15:14:39    Pg 10 of 14

### D. Allrise's proof of claim is prima facie evidence of its claims.

Allrise's proof of claim constitutes prima facie evidence of its claims. A proof of claim may constitute prima facie evidence of a claim, even when supporting documentation is not attached. *See In re Los Angeles Int'l Airport Hotel Assocs.*, 196 B.R. 134, 139-40 (B.A.P. 9th Cir. 1996), aff'd, 106 F.3d 1479 (9th Cir. 1997) (Chapter 11 debtor's liability for state sales taxes was not based on a writing, and thus, state did not have to attach documentation to its proof of claim); *In re Lampe*, 665 F.3d 506, 514 (3d Cir. 2011) (The requirements of Rule 3001(c) only apply when a writing created the purported obligation and is not applicable merely because a document might play some role in establishing the claim); *In re Umstead*, 490 B.R. 186, 194 (Bankr. E.D. Pa. 2013) ("A proof of claim may be prima facie valid despite noncompliance with Rule 3001(c) if it provides sufficient indicia of the claim's validity and amount to justify imposing on the objector the burden and expense of responding with contrary evidence.")

Allrise's claim arose because the Debtor retained possession of its Missing Miners after Allrise purchased the Missing Miners and the Trustee's representative refused to allow Allrise to search for the Missing Miners. Its proof of claim provides sufficient indicia of reliability, detailing the basis for Allrise's claim and providing that supporting documents are available upon request. *In re Umstead*, 490 B.R. at 194. In fact, the Trustee had the Purchase

REPLY IN SUPPORT OF APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM - 11
2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 516    Filed 03/27/20    Entered 03/27/20 15:14:39    Pg 11 of 14

Agreement along with all other underlying agreements in his possession before Allrise filed its administrative claim because Allrise provided them to him earlier in the case immediately upon request. These documents are now in the record in this matter. See Dkt. 483-2, -3, -4, -5. Consequently, Allrise was not required to attach these documents to its proof of claim in order for its proof of claim to constitute prima facie evidence.

E.  **Allrise should be permitted to search for the Missing Miners.**

At a minimum, Allrise should be permitted to search for the Missing Miners. From the beginning, Allrise's objective was to be permitted to search for its Missing Miners at its own expense. There would be no burden or expense imposed on the Estate if Allrise was permitted to do so. However, the Trustee denied Allrise's requests to search for the Missing Miners and told Allrise it would need to "file a claim." Allrise did so, and now the Trustee is objecting to the Application. If the Court is not inclined to grant Allrise's Application, the Allrise requests that the Court enter an order permitting it to search for its Missing Miners at the Moses Lake Facility at its own expense. Indeed, this whole Application could have probably been avoided had the Trustee allowed Allrise to search for the Missing Miners at its own expense.

REPLY IN SUPPORT OF APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM - 12
2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 516    Filed 03/27/20    Entered 03/27/20 15:14:39    Pg 12 of 14

### III. CONCLUSION

For the reasons set forth above and in the Application of Allrise Financial Group for Allowance and Payment of Administrative Expense Claim, Allrise respectfully requests that the Court enter the Proposed Order [Dkt. 459-2]: (a) granting Allrise an allowed administrative expense priority claim in the total amount of one hundred sixty-five thousand ($165,100.00); (b) directing the Debtor to pay to Allrise its administrative expense priority claim in the aggregate amount of one hundred sixty-five thousand and one hundred dollars ($165,100.00); and (c) granting Allrise such other further relief as may be appropriate and just and warranted by the circumstances.

DATED this 27th day of March, 2020.

By  /s/ *Adam C. Doupé*
Joseph A.G. Sakay, WSBA #24667
Adam C. Doupé, WSBA #55483
RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
sakay@ryanlaw.com
doupe@ryanlaw.com
*Attorneys for Allrise Financial Group*

REPLY IN SUPPORT OF APPLICATION OF ALLRISE FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM - 13
2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 516    Filed 03/27/20    Entered 03/27/20 15:14:39    Pg 13 of 14

# CERTIFICATE OF SERVICE

I, Patricia Herzog, declare that I am employed by the law firm of Ryan, Swanson & Cleveland, PLLC, that I am over 18 years of age, and not a party to this action.

On March 27, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all interested parties.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this day 27th day of March, 2020.

*/s/ Patricia Herzog*
Patricia Herzog

REPLY IN SUPPORT OF APPLICATION OF ALLRISE
FINANCIAL GROUP FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM - 14
2053288.01



18-03197-FPC7    Doc 516    Filed 03/27/20    Entered 03/27/20 15:14:39    Pg 14 of 14