IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: | In Chapter 11 Proceeding |
| GIGA WATT, INC., | Case No. 18-03197-FPC11 |
| Debtor. | **REPLY IN SUPPORT OF MOTION TO COMPEL TRUSTEE TO ABANDON ALLRISE MINING POD** |

## **REPLY**

Allrise IP Holding, Inc. ("**Allrise**") hereby submits this Reply in support of its Motion to Compel Trustee to Abandon Allrise Mining Pod ("**Motion**") for the reasons set forth below.

///

///

///

REPLY IN SUPPORT OF MOTION TO COMPEL THE TRUSTEE
TO ABANDON THE ALLRISE MINING POD - 1

2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 517    Filed 03/27/20    Entered 03/27/20 15:18:00    Pg 1 of 10

# I.     INTRODUCTION[1]

Pursuant to a Mining Farm Development Agreement dated May 2, 2017, Allrise owns the Mining Farm[2] (also known as a Pod) which is the subject of the Motion. As detailed below and in Allrise's Motion, the Court should compel the Chapter 11 Trustee, Mark D. Waldron (the "Trustee"), to abandon the Mining Farm for the following reasons.

*First*, Allrise is the owner of the Pod, and Allrise need not file a financing statement or record a grant deed to establish its ownership. Allrise paid Gigi Watt $1,200,000 for construction of the Pod. Each of the cases cited by the Trustee in support of the proposition that a deed or financing statement must be recorded to establish ownership only apply to real property and not personal property, like the Pod. As such, the Mining Farm Development Agreement speaks for itself and establishes Allrise's ownership rights.

*Second*, the termination of the Sublease does not strip Allrise of its ownership of the Pod. Although the Trustee contends otherwise, the Trustee is incorrect. The Development Agreement states that Allrise is the owner of the Pod, and the Sublease has no bearing on Allrise's ownership rights. Even if the

---

[1] For the sake of brevity, Allrise incorporates herein those portions of its accompanying Reply in Support of Application for Allowance and Payment of Administrative Expense Claim related to standing and proper notice.

[2] Terms not defined herein are defined in Allrise's Motion to Compel Trustee to Abandon Allrise Mining Pod.

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

termination of the Sublease did impact Allrise's ownership rights, the Sublease is unenforceable because the Sublease is subject to the Amended Master Lease, and the Landlord did not approve the Sublease as required therein.

*Third*, having shown that Allrise owns the Pod, the Court should order the Trustee to abandon it or pay Allrise the reasonable market rental value for its use to the Estate. Pursuant to 11 U.S.C. § 554(b), the Court may order the Trustee to abandon the Estate's interest in assets of the estate that are "burdensome to the estate" or "of inconsequential value and benefit to the estate." Either the Pod is not being used and offers no value or benefit to the estate, or as the Trustee suggests in his Response, the Pod is presently being used to store Bitcoin miners for the benefit of the Estate. If the former is true, then the Trustee should be ordered to abandon the Pod to Allrise. If the latter is true, then Allrise should be compensated for the fair market value of its Pod as an administrative expense since Allrise has provided a post-petition benefit to the Estate.

## II.     ARGUMENT AND AUTHORITY

### A.     Allrise is the owner of the Pod.

As set forth in the Purchase Agreement, Allrise does own the Pod, a structure developed to host miners and not affixed to the land, which is personal property under Washington law. *See Emerald City Elec. & Lighting, Inc. v. Jensen Elec., Inc.*, 68 Wn. App. 734, 740, 846 P.2d 559 (1993) ("For personal

REPLY IN SUPPORT OF MOTION TO COMPEL THE TRUSTEE
TO ABANDON THE ALLRISE MINING POD - 3
2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 517    Filed 03/27/20    Entered 03/27/20 15:18:00    Pg 3 of 10

property to become a fixture, it must meet each of the following requirements: (1) Actual annexation to the realty…(2) application to the use or purpose to [the realty]…and (3) the intention of the party making the annexation to make a permanent accession to the freehold"); *W. Ag. Land Partners v. State, Dep't of Revenue*, 43 Wn. App. 167, 171, 716 P.2d 310 (1986) ("Personal property is defined as goods and chattels including, but not limited to, tangible movables such as farm machinery"); *see also* Dkt. 483-5.

As the Pod is personal property, Allrise was not required to record its interest in the Pod and Allrise's lien is not a secret lien. The case the Trustee cites for the proposition that any interest in the Pod must be recorded to be perfected is wholly distinguishable, as it involves an asserted interest in a parcel of real property. *In re Seaway Exp. Corp.*, 912 F.2d 1125, 1126 (9th Cir. 1990). It is similarly irrelevant to Allrise's claim that the Debtor's Schedules omit Allrise. Allrise has no control over what the Debtor might do with its Schedules, and provided proof of ownership of the Pod to the Trustee. Consequently, there is no requirement that Allrise record its interest in the public record.

The Trustee does not have the rights of a bona fide purchaser and judicial lien creditor with respect to Allrise's personal property interests and cannot assert such rights under 11 U.S.C. § 544(a). *See In re Seaway Exp. Corp.*, 912 at 1130 ("Section 544(a)(3) grants the trustee power over real property that it does

REPLY IN SUPPORT OF MOTION TO COMPEL THE TRUSTEE
TO ABANDON THE ALLRISE MINING POD - 4

2053288.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 517    Filed 03/27/20    Entered 03/27/20 15:18:00    Pg 4 of 10

not grant over personal property"); *In re Marino*, 813 F.2d 1562, 1566 (9th Cir. 1987) (Leasehold interest is personal property under California law, and therefore, provision of Bankruptcy Code granting Chapter 7 trustee rights of bona fide purchaser of real property did not protect debtor's leasehold interest in land from claims of former co-holder of leasehold interest). The Debtor has been on notice of Allrise's interest in the Pod since the parties executed the Development Agreement. The Trustee was on notice of the Development Agreement, at the latest, in April of 2019 when Allrise filed its claim.

**B.     The Sublease does not give the Debtor any interest in the Pod.**

The Sublease does not provide that ownership of the Pod will revert to the Debtor in any instance. Washington courts will look to the stated intent of the parties when interpreting a contract. *Tanner Elec. Co-op. v. Puget Sound Power & Light Co.*, 128 Wn. 2d 656, 674, 911 P.2d 1301 (1996) (internal citation omitted) ("The touchstone of contract interpretation is the parties' intent"); *see also Wm. Dickson Co. v. Pierce Cty.*, 128 Wn. App. 488, 493, 116 P.3d 409 (2005) ("Unilateral or subjective purposes and intentions about the meanings of what is written do not constitute evidence of the parties' intentions.") Washington courts have found that a contract susceptible to a reasonable or unreasonable construction should be given a reasonable one. *Universal/Land Const. Co. v. City of Spokane*, 49 Wn. App. 634, 638, 745 P.2d 53 (1987) ("[I]f

RS Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

the terms of the contract taken as a whole are plain and unambiguous, the meaning should be deduced from the language alone without resort to parol evidence…Words should be given their ordinary meaning; courts should not make another or different contract for the parties under guise of construction.")

The Sublease between Allrise and the Debtor provides, in relevant part:

> If Allrise fails to pay any rent installment within thirty (30) days of its due date, or fails to perform any other covenant under this Sublease within thirty (30) days after written notice from Giga Watt stating the nature of the default, Giga Watt may cancel this Sublease and reenter and take possession of the Parcel 1 using all necessary force to do so.

Dkt. 483-2 at ¶ 10.

Looking to the plain language of this provision, as well as the surrounding provisions, the Sublease does not give Debtor the right to any equipment owned by Allrise. Dkt. 483-2. Indeed, Parcel 1 is defined in the Sublease as the portion of land Allrise is subleasing from Giga Watt, not as any of the equipment on the land. Dkt. 483-2 at ¶ 1. The Trustee's Response misstates the meaning of terms clearly defined in the Agreements.

Furthermore, the Mining Farm Development Agreement provides that it belongs to Allrise: "Client (Allrise) shall be the sole owner of the Mining Farm constructed under this Agreement." Dkt. 483-4 at ¶ 4. The express terms of the

REPLY IN SUPPORT OF MOTION TO COMPEL THE TRUSTEE
TO ABANDON THE ALLRISE MINING POD - 6
2053288.01

RS Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 517    Filed 03/27/20    Entered 03/27/20 15:18:00    Pg 6 of 10

Sublease and the Mining Farm Development Agreement do not give the Debtor ownership of the Pod.

## C. The Sublease is unenforceable and unrelated to the Development Agreement.

Even if the Sublease did provide that the Debtor could take possession of the Pod, it is unenforceable because the Landlord did not consent to it as required under the Master Lease. A contract may be void ab initio when the person who signed the contract lacked signatory power. *See Peterson v. Allen*, No. C07-1866MJP, 2008 WL 2891078, at *1 (W.D. Wash. July 23, 2008) (under Washington law void ab initio means to be treated as invalid from the outset).

Paragraph 17 of the Amended Master Lease states:

> **TENANT ASSIGNMENT AND SUBLETTING.**
> Tenant will not assign this Lease, in whole or in part, nor sublet all or any part of the Premises, without the prior written consent of Landlord in each instance, which consent may be withheld, conditioned or delayed in Landlord's absolute discretion.

Dkt. 483-7, Ex. G, ¶ 17. As explained in the Trustee's Response, the landlord never provided its consent or received a request for consent. Dkt. 485, Oster Decl. As such, the Sublease is unenforceable.

Furthermore, paragraph 10 of the Sublease is unrelated to the Development Agreement and does not impact the language in the Development

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

Agreement providing that Allrise shall be the "sole owner" of the Mining Farm. Dkt. 483-4 at ¶ 4.

**D.      The Court Should Compel the Trustee to Abandon the Pod.**

Having established that Allrise is the owner of the Pod, the Court should order the Trustee to abandon the Pod. A party moving to compel the Trustee to abandon property of the bankruptcy Estate must show either that (1) the property is burdensome to the Estate, or (2) the property is of inconsequential value and benefit to the Estate. *In re Johnston*, 49 F.3d 538, 540 (9th Cir.1995). If it is true that the Debtor's Estate is not using the Pod, then it has no value or benefit to the Estate and Allrise's Motion to Compel Trustee to Abandon the Pod should be granted.[3]

In the alternative, if the Debtor is using the Pod, then Allrise has provided a post-petition benefit to the Estate, entitling Allrise to "the actual, necessary costs and expenses of preserving the estate" as an administrative expense. 11 U.S.C. § 503(b)(1)(A). Indeed, in order to allow the miners within the Pod to operate, the Pod must be capable of controlling the temperature of 1000 miners, thus creating value for the Pod if it is being used. Budanov Decl., ¶¶ 13-15. As explained in the accompanying Declaration of Dmitry Budanov, the fair market

---

[3] Indeed, the Trustee has already abandoned pods located at a different site as part of Chelan Douglas Regional Port Authority's Motion for Relief from Stay or Abandonment. Dkt. 515.

RS    Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

rental value of the Pod is $10,000 per month.[4] Budanov Decl., ¶ 15. Beginning in January 2019, and continuing to date, the Trustee has prohibited Allrise from removing the Pod. Based on the monthly rental rate described above, multiplied by 15 months, Allrise believes that a reasonable amount of rent for the Pod is $150,000. Budanov Decl., ¶ 15. That being said, since the Estate is already teetering on administrative insolvency, Allrise requests $40,000 as a reasonable amount of rent.

### III. CONCLUSION

For the reasons set forth above and in Allrise's Notice and Motion to Compel the Trustee to Abandon the Allrise Mining Pod, Allrise respectfully moves the Court to compel the Trustee to abandon the Mining Pod.

DATED this 27th day of March, 2020.

By   /s/ Adam C. Doupé
Joseph A.G. Sakay, WSBA #24667
Adam C. Doupé, WSBA #55483
RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
sakay@ryanlaw.com
doupe@ryanlaw.com

*Attorneys for Allrise Financial Group*

---

[4] Although the Trustee suggests that the Pod is affixed to the ground at the Moses Lake Facility, it can be disassembled and moved to another location. Budanov Decl., ¶ 13.

REPLY IN SUPPORT OF MOTION TO COMPEL THE TRUSTEE
TO ABANDON THE ALLRISE MINING POD - 9
2053288.01

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18-03197-FPC7    Doc 517    Filed 03/27/20    Entered 03/27/20 15:18:00    Pg 9 of 10

**CERTIFICATE OF SERVICE**

I, Patricia Herzog, declare that I am employed by the law firm of Ryan, Swanson & Cleveland, PLLC, that I am over 18 years of age, and not a party to this action.

On March 27, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all interested parties.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this day 27th day of March, 2020.

/s/ Patricia Herzog
Patricia Herzog

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359