Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER SHORTENING TIME ON MOTION FOR ORDER APPROVING SALE OF EQUIPMENT FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS, APPROVING NOTICE THEREOF AND RELATED RELIEF**<br><br>**<u>Telephonic Hearing</u>**<br>Date:     April 9, 2020<br>Time:    10:30 a.m. PT<br>Telephone:  877-402-9753<br>Access Code: 3001392 |

    Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "**Trustee**"), hereby moves (the "**Motion**") the Court pursuant to 11 U.S.C. § 105, Rule 9006 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rule**")

Chapter 11 Trustee's Motion for Order Shortening Time, etc. - Page 1

and Rule 2002-1 of the Local Bankruptcy Rules of the above-captioned court ("**LBR**") for an Order, in the form attached hereto as **Exhibit A**, allowing the *Chapter 11 Trustee's Motion for Order Approving Sale of Equipment Free and Clear of All Liens, Claims and Interests, Approving Notice Thereof and Related Relief* (the "**Sale Motion**") [ECF 519] to be heard on seven (7) days' notice, without three (3) additional days for mailing – such that notice of the Sale Motion will be served by ECF and First Class U.S. Mail on or before April 2, 2020 and the hearing will be heard on April 9, 2020 at 2:30 p.m. Objections would be due the day before the hearing.

Bankruptcy Rule 9006(c)(1) provides that:

> when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, ***the court for cause*** shown may in its discretion ***with or without motion or notice order the period reduced***.

*Id.*

Similarly, LBR 2002-1 provides,

> A motion for an order reducing the time for making objections to a proposed action may be made and granted after notice and hearing for cause shown. Notice of such a motion shall clearly state the reasons supporting the necessity for a reduction of time and that objections may be made to the requested reduction. The objections will be considered by the court at the time of hearing on the motion for the principal relief requested.

*Id.* On March 18, 2020, at the hearing on the *Amended Motion for Relief from Automatic Stay; Abandonment of Property of the Estate; Waiver of FRBP 4001(a)(3)* filed by the Chelan Douglas Regional Port Authority, formerly the Port

Chapter 11 Trustee's Motion for Order Shortening Time, etc. - Page 2

of Douglas County (the "**Port**") [ECF 478], the Court orally ruled that the Trustee could file the Sale Motion on seven (7) days' notice. A written order has not been submitted. In an abundance of caution, the Trustee files this Motion.

Cause exists to hear the Sale Motion on shortened time. The Court has ordered the Trustee to remove equipment from the site that the above-captioned debtor had leased from the Port (the "**Pangborn Site**") within 45 days of entry of an order (the "**Abandonment Order**") granting the Port's motion. If the Trustee fails to clear the Pangborn Site within that timeframe, then any property remaining on the Pangborn Site after the deadline will be deemed abandoned. The Abandonment Order was entered on March 24, 2020. Therefore, the Trustee must remove equipment from the Pangborn Site by May 7, 2020.

In the Sale Motion, the Trustee asks permission to sell the majority of the equipment on the Pangborn Site to a third party, subject to overbidding. Pursuant to the proposed sale, the buyer will pick up and remove the purchased equipment from the Pangborn Site on or before May 2, 2020, which is five days before the court-mandated deadline of May 7, 2020. Therefore, the proposed purchaser is operating under a deadline. As set forth in the declaration of Mark D. Waldron filed in support of the Sale Motion [ECF 521], the equipment to be sold is heavy and will take time and effort to remove. Shortened notice is required to allow the purchaser sufficient time to remove the equipment from the Pangborn Site within the deadline set forth in the Abandonment Order.

WHEREFORE, the Trustee requests entry of an Order;

1. Granting this motion;

Chapter 11 Trustee's Motion for Order Shortening Time, etc. - Page 3

2. Shortening time on the Sale Motion to seven days (without three extra days for mailing) with objections due on April 8, 2020;

3. Granting such other and further relief as the Court deems appropriate.

Dated: April 1, 2020

POTOMAC LAW GROUP PLLC

By:    */s/ Pamela M. Egan*
Pamela M. Egan (WSBA No. 54736)

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

Chapter 11 Trustee's Motion for Order Shortening Time, etc. - Page 4