William L. Hames, WSBA #12193
Hames, Anderson, Whitlow & O'Leary, P.S.
601 W. Kennewick Avenue
P.O. BOX 5498
Kennewick, WA  99336-0498
(509) 586-7797/ (509) 586-3674 fax
BillH@hawlaw.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT INC,<br><br>           Debtor. | Case No. 18-03197-FPC11<br><br>LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF EQUIPMENT FREE AND CLEAR OF LIENS |

    Comes now the Chelan Douglas Regional Port Authority, formerly the Port of Douglas County (the "Port") and raises a limited objection to the Trustee's motion. The Port does not object to the Trustee's sale of the personal property to Gibb Compute LLC or the overbid procedures outlined in the Trustee's motion.  However, the Port does object to what is not in the Purchase and Sale Agreement.

    As was previously established in the Port's motion for relief from stay, the current lease between the Port and Debtor was not assumed and is therefore rejected. The lease was terminated prior to filing and there is currently no lease in effect.

    Paragraph 13 of the Purchase and Sale Agreement (ECF 519-2, page 5 of 11) indicates that the buyer shall indemnify the seller against any damage to the real property, which real property is the Port's property, that is caused by "buyer's **gross negligence**". Paragraph 1 of the Purchase and Sale Agreement (ECF 519-2, page 2 of 11) indicates the buyer is not required to remove all Debtor's equipment.  Currently

LIMITED OBJECTION TO CHAPTER 11
TRUSTEE'S MOTION FOR ORDER
APPROVING SALE OF EQUIPMENT FREE
AND CLEAR OF LIENS - 1

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA  99336-0498
(509) 586-7797/ (509) 586-3674 fax

18-03197-FPC7    Doc 527    Filed 04/06/20    Entered 04/06/20 14:24:52    Pg 1 of 2

there is equipment, debris, and underground conduit left by Debtor that remains on the Port's real property along with the pods. The last sentence of that paragraph, which is at the top of page 3 of ECF 519-2, indicates the buyer may, but is not obligated to, demolish or remove any pods.

The Port's objection is that there may be debris and/or equipment left on the Port's real property after the purchaser removes the items it agrees to purchase. The Purchase and Sale Agreement allows the purchaser to cherry-pick personal property. Therefore, there could be substantial debris, underground conduit, and junk left from Debtor that would remain on the Port's property after purchaser removes the items of equipment it chooses to purchase. The Port wants to be assured that ALL personal property is to be removed, whether the purchaser elects to purchase it or not.

The Port further objects because the Port is not being indemnified by either the purchaser or the Trustee. Therefore, the Port requests the court to order the Trustee to indemnify the Port against any and all claims of any nature and to any extent brought by any party whatsoever, for any claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which any party brings against the Port, which may accrue in any way out of the sale and removal of personal property by purchaser or removal of any remaining debris by the Chapter 11 Trustee.

DATED this 6th day of April 2020.

> HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
> Attorneys for Chelan Douglas Regional Port
> Authority, formerly the Port of Douglas County
>
> By: /s/ William L. Hames
> WILLIAM L. HAMES, WSBA #12193

LIMITED OBJECTION TO CHAPTER 11
TRUSTEE'S MOTION FOR ORDER
APPROVING SALE OF EQUIPMENT FREE
AND CLEAR OF LIENS - 2

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

18-03197-FPC7    Doc 527    Filed 04/06/20    Entered 04/06/20 14:24:52    Pg 2 of 2