William L. Hames, WSBA #12193
Hames, Anderson, Whitlow & O'Leary, P.S.
601 W. Kennewick Avenue
P.O. BOX 5498
Kennewick, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax
BillH@hawlaw.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT INC,<br><br>          Debtor. | Case No. 18-03197-FPC11<br><br>DECLARATION OF JIM KUNTZ IN SUPPORT OF LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF EQUIPMENT FREE AND CLEAR OF LIENS |

I, Jim Kuntz, am the CEO of the Chelan Douglas Regional Port Authority formerly the Port of Douglas County (the "Port"). I am the person in charge of and have possession of all the books, records and files pertaining to the lease of Port real property to the debtor, Giga Watt, Inc., and the financial records of rent paid and the surety deposit filed by Giga Watt. Collectively, these records and files are referred to as "Debtor's Business Records".

I have personally worked on the Debtor's Business Records. Accordingly, the facts stated herein are based on my own true knowledge, and/or I have gained

DECLARATION OF JIM KUNTZ IN SUPPORT OF LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF EQUIPMENT FREE AND CLEAR OF LIENS - 1

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

18-03197-FPC7    Doc 528    Filed 04/06/20    Entered 04/06/20 14:26:26    Pg 1 of 3

knowledge of the facts from the Debtor's Business Records. The Debtor's Business Records were created in the ordinary course of the Chelan Douglas Regional Port Authority, formerly the Port of Douglas County, (the "Port") and were created at or about such time as the records are dated. After the Debtor's Business Records were prepared, the Debtor's Business Records were stored in both paper and electronically on the Port's servers. The Debtor's Business Records can be accessed by me electronically in my office or by asking for the actual paper files. Therefore, I have personal knowledge of the facts contained in this declaration. If I were called to testify, my testimony would be consistent with the facts set forth in this declaration.

As stated in my prior declaration at ECF 468, the lease between the Port and Debtor was terminated prior to Debtor filing bankruptcy and was not assumed by the Trustee. The Port does not object to the sale and removal of personal property from Port's real estate. However, the Purchase and Sale Agreement indicates on page 1 of the Purchase and Sale Agreement, (ECF 519-2, page 2 of 11) that the buyer is not obligated to buy all the personal property. Further, the buyer is not obligated to demolish or remove any of the pods, which are temporary buildings erected on the Port's real property by Debtor. Additionally, there are pallets of debris, junk, bent siding from the buildings, and underground conduit etc. that is still on the Port's real property. The Port wants to ensure that ALL debtor's personal property is removed from the Port's real property, whether by the purchaser or by the Chapter 11 Trustee. The Port doesn't care who removes it as long as it is removed.

The Port welcomes the sale of the debtor's personal property and hopes that all the personal property and debris of every nature and sort left by Debtor on the Port's real property will be removed. The Port requests that the order of sale state that **all**

DECLARATION OF JIM KUNTZ IN SUPPORT
OF LIMITED OBJECTION TO CHAPTER 11
TRUSTEE'S MOTION FOR ORDER
APPROVING SALE OF EQUIPMENT FREE
AND CLEAR OF LIENS - 2

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

18-03197-FPC7    Doc 528    Filed 04/06/20    Entered 04/06/20 14:26:26    Pg 2 of 3

personal property left by Debtor on the Port's real property will be removed by either the Trustee or the purchaser.

The Port's second limited objection is the lack of indemnification of the Port. The purchaser is required to indemnify the Trustee for damage to the Port's real property, for the purchaser's **gross** negligence, which is set forth in paragraph 13 of the Purchase and Sale Agreement (ECF 519-2, page 5 of 11). The Port objects to any sale in which the Port is not indemnified. The Trustee should be ordered to indemnify the Port against any and all claims of any nature and to any extent brought by any party whatsoever, for any claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which any party brings against the Port, which may accrue in any way out of the sale and removal of personal property by purchaser or removal of any remaining debris by the Chapter 11 Trustee. The indemnification of the Port should not have a gross negligence standard. The Trustee should indemnify the Port for all claims that arise from the sale and removal of Debtor's personal property brought against the Port.

I make this declaration under the penalty of perjury under the laws of the State of Washington.

DATED this **6th** day of April 2020, at East Wenatchee, Washington.

Jim Kuntz

DECLARATION OF JIM KUNTZ IN SUPPORT
OF LIMITED OBJECTION TO CHAPTER 11
TRUSTEE'S MOTION FOR ORDER
APPROVING SALE OF EQUIPMENT FREE
AND CLEAR OF LIENS - 3

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

18-03197-FPC7    Doc 528    Filed 04/06/20    Entered 04/06/20 14:26:26    Pg 3 of 3