Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S REPLY TO LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF EQUIPMENT FREE AND CLEAR OF LIENS**<br><br>**Telephonic Hearing**<br>Date: April 9, 2020<br>Time: 10:30 a.m. PT<br>Telephone: 877-402-9753<br>Access Code: 3001392 |

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "**Trustee**"), respectfully replies to the *Limited Objection to Chapter 11 Trustee's Motion for Order Approving Sale of Equipment Free and Clear of Liens* (the

CHAPTER 11 TRUSTEE'S REPLY TO LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF EQUIPMENT FREE AND CLEAR OF LIENS - 1

"**Port's Objection**"), filed by the Chelan Douglas Regional Port Authority, formerly the Port of Douglas County (the "**Port**") on April 6, 2020 [ECF 527].

Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the *Chapter 11 Trustee's Motion for Order Approving Sale of Equipment Free and Clear of All Liens, Claims and Interests, Approval of Notice Thereof and Related Relief*, filed on March 30, 3020 [ECF 520] (the "**Equipment Sale Motion**").

## I.  INTRODUCTION

This Reply makes three points. First, the Trustee has complied with this Court's Order pursuant to which the Trustee has until May 7, 2020 to remove the Pangborn Equipment from the Pangborn Site. Otherwise the Port will have relief from stay to do what it wishes with the Pangborn Equipment and the Pangborn Equipment will be deemed abandoned. *See Order Granting Relief From Automatic Stay, Abandonment of Property of the Estate and Denying Waiver of FRBP 4001(a)(3)*, entered on the Court's docket on March 24, 2020 [ECF 515] (the "**MRS/Abandonment Order**"). Second, the estate has a $2 million liability policy for claims against the estate by third parties for property damage or personal injury. Third, under binding authority, the Trustee is not obligated to remove all the equipment from the Pangborn Site.

[*This Reply continues on the next page.*]

CHAPTER 11 TRUSTEE'S REPLY TO LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF EQUIPMENT FREE AND CLEAR OF LIENS - 2

18-03197-FPC7    Doc 531    Filed 04/08/20    Entered 04/08/20 17:48:26    Pg 2 of 4

## II. ARGUMENT

### A. The Trustee Has Complied With the MRS/Abandonment Order

The Trustee has until May 7, 2020[1] to remove the Pangborn Equipment from the Pangborn Site. Otherwise, the stay will be lifted, and the Pangborn Equipment will be deemed abandoned.

In compliance with the MRS/Abandonment Order, the Trustee has entered into an agreement to sell the Pangborn Equipment, as more fully described in the *Chapter 11 Trustee's Motion for Order Approving Sale of Equipment Free and Clear of All Liens, Claims and Interests, etc.*, filed on March 30, 2020 [ECF 519] and supporting papers. Subject to Court approval, the proposed buyer will pay $175,000 in exchange for the right to take any equipment from the Pangborn Site as described in the Equipment Sale Motion. This represents a good faith effort to help clean up the Pangborn Site while also bringing in funds to the estate.

### B. The Port Is Protected From Any Claim Arising From the Sale

The estate has a Commercial General Liability insurance policy in the amount of $2 million. Further, if a third party asserts a claim against the Port arising from the proposed sale, the estate's indemnification obligations can be assessed at that time. There is no reason to litigate that issue in the abstract and as part of a sale motion.

---

[1] The MRS/Abandonment Order states, "The court's intent is that this order shall become effective forty-four (44) days from the date of entry." Order at 2:10-12. It was entered on March 24, 2020.

CHAPTER 11 TRUSTEE'S REPLY TO LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF EQUIPMENT FREE AND CLEAR OF LIENS - 3

18-03197-FPC7    Doc 531    Filed 04/08/20    Entered 04/08/20 17:48:26    Pg 3 of 4

### C. The Estate Is Not Obligated to Clean Up the Pangborn Site

The Trustee rejected the Debtor's pre-petition lease with the Port. Pursuant to section 365(g) of the Bankruptcy Code, the rejection constituted a breach as of "immediately before the date of the filing of the petition." 11 U.S.C. § 365(g). Therefore, claims arising from that breach are general unsecured. *See In re Treesource Industries, Inc.,* 363 F.3d 994 (9th Cir. 2004) (failure of debtor to comply with obligation to remove concrete slab and restore premises gave lessor pre-petition, general, unsecured claim for rejection damages). Under *Treesource,* the Port's claim for cleanup is general unsecured.

### D. The Pangborn Site Is in Orderly Condition

The Port refers to debris and junk at the Pangborn Site, implying that the Pangborn Site is a mess. This is not true. The Trustee and undersigned counsel both visited the Pangborn Site in mid-February. It is in an orderly condition. *See* Egan Declaration, filed herewith.

### III. CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an Order:

1. Overruling the Limited Objection;
2. Granting the Equipment Sale Motion in its entirety; and
3. Granting such other relief as the Court deems appropriate and just.

Dated: April 8, 2020       POTOMAC LAW GROUP PLLC

By: _____*/s/ Pamela M. Egan*_____
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

CHAPTER 11 TRUSTEE'S REPLY TO LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF EQUIPMENT FREE AND CLEAR OF LIENS - 4