BANKRUPTCY COURT FOR THE

EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| In re Giga Watt, Inc.,<br><br>Debtor. | COMMITTEE'S APPLICATION TO LIMIT NOTICE OF ITS MOTION FOR THE COURT TO AUTHORIZE COMMITTEE TO FILE ADVERSARY PROCEEDING AGAINST DOUGLAS COUNTY PUD FOR THE BENEFIT OF THE BANKRUPTCY ESTATE AND NOTICE THEREOF<br><br>CASE NO: 18-03197 FPC 11 |

**I.    NOTICE**

PLEASE TAKE NOTICE that The Committee of Unsecured Creditors of the Chapter 11 Bankruptcy Estate of Giga Watt, Inc. ("Committee") is filing an Application to Limit Notice of Its Motion for Court Authorization for Committee to File Adversary Proceeding Against Douglas County PUD for the Benefit of the Bankruptcy Estate, ECF No. 533 ("Application"). Through the Application, the Committee seeks to limit the parties who will receive notice of the underlying Motion for Court Authorization for Committee to File Adversary Proceeding Against Douglas County PUD for the Benefit of the Bankruptcy Estate, ECF No. 533

COMMITTEE RESPONSE  - 1

("Motion") to only those who are involved in receiving electronic notice of the case, and are not relying on U.S. Mail service of papers in order to determine whether to participate in hearings. All parties that regularly appear in the present case receive electronic notice of filings, and the nature of the specific Motion is one particular to the interests really of just two parties, each of whom is amply aware of the pending Motion. Those parties are the Chapter 11 Trustee and the Douglas County Public Utility District.

PLEASE TAKE FURTHER NOTICE that any party opposing the Application must serve a written response to the undersigned counsel at 1201 Third Avenue, Suite 3400, Seattle, WA 98101, and file the response with the Clerk of the United States Bankruptcy Court, 904 West Riverside Avenue, Suite 304, Spokane, WA 99201 on the response date which is April 27, 2020. The Court may enter an order and grant the Application without an actual hearing or further notice unless a written objection is timely served and filed.

## II.  MOTION

The Committee hereby requests the Court's authorization to limit notice of its pending Motion filed simultaneously herewith. ECF No. 533.

The service regime applicable to the Motion is set forth in FRBP 2002(a)(2)("*a proposed use ... of property of the estate other than in the ordinary course of business*") and requires notice to all parties in interest, which here comprise of more than 380 parties in this case,[1] most of whom have not opted in to receive electronic service of filings.

FRBP 2002(a)(2) also provides that the Court "*for cause shown .... [may] direct[] another method of giving notice.*" Similarly, less inclusive notice may be provided to parties in

---

[1] Committee counsel previously mailed notice of a single prior motion to all 380 parties-in-interest in this case, and had to expend some $700 out-of-pocket through an online bankruptcy mailing service.

COMMITTEE RESPONSE - 2

interest "*if not prohibited by the Code or Rules and specifically allowed by the Court….*" LBR 2002-1(b)(1)(B).

Here, cause exists not to require any additional service by U.S. Mail of the present Motion. In requesting that the Chapter 11 Trustee cede its litigation claims against Douglas County PUD to the Committee, the Committee seeks relief really against only two parties – the Chapter 11 Trustee, and the Douglas County PUD. Each has received ample notice of the pending Motion. The Chapter 11 Trustee is well-aware of the pending Motion as two prior drafts had been shared with his office over the preceding month. And after filing the Motion, a courtesy copy of the same was further e-mailed to the Douglas County PUD counsel, so they too have received more than a mere ECF notification.

The service achieved already should be sufficient under the circumstances, especially as upon filing, the Motion was directly received through the ECF System by all relevant parties that appear regularly in this case, including, but not limited to, all parties requesting such notice, the Chapter 11 Trustee, his legal counsel, and the United States Trustee.

Based on the cost of mailing, and the very discrete issue presented by the Motion of not how estate property will be "used," but rather who will make that decision on how to use estate property – the Chapter 11 Trustee or the Committee – the service achieved for the present Motion already should be deemed sufficient.

The Committee is not aware of any specific prohibitions against the Court entering an order permitting limitation of notice as requested herein, and submits that good cause exists for doing so.

1   DATED this 10th day of April, 2020.

2                                            SALISH SEA LEGAL PLLC

3

4                                            By /s/ Ben Ellison
                                                Benjamin Ellison, WSBA No. 48315
5                                               2212 Queen Anne Ave. N., No. 719
                                                Seattle, WA 98109
6                                               salishsealegal@outlook.com
                                                *Attorney for the Committee*
7

COMMITTEE RESPONSE - 4