Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| | Chapter 11 |
| Debtor. | **MEMORANDUM IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING (I) SALES OF VEHICLES, (II) SHORTENED NOTICE, AND (III) LIMITED NOTICE** |

Memorandum in Support of Chapter 11 Trustee's Motion for Order Approving (i) Sales of Vehicles, (ii) Shortened Notice, and (iii) Limited Notice

18-03197-FPC7    Doc 557    Filed 04/24/20    Entered 04/24/20 11:02:28    Pg 1 of 13

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. RELIEF REQUESTED ......................................................................................... 2

III. JURISDICTION AND VENUE ............................................................................ 2

IV. THE BANKRUPTCY CASE ................................................................................ 3

V. PROPOSED SALES ............................................................................................. 3

    A. The Box Truck and Proposed Purchaser ..................................................... 3

    B. The Avalanche and Proposed Purchaser ..................................................... 4

    C. Title to the Vehicles .................................................................................... 4

    D. Cost and Value ............................................................................................ 5

VI. POINTS AND AUTHORITIES ............................................................................ 5

    A. The Sales Are Authorized Pursuant to 11 U.S.C. § 363(b)(1) .................... 5

    B. The Sales Are Made in Good Faith ............................................................. 6

    C. Shortened Notice Is Appropriate Due To a Court Deadline, an Insurance Deadline, and an Imminent Sale of the TNT Facility ........................ 8

    D. Limited Notice Is Appropriate Because the Amount at Stake Is Only $6,000. .................................................................................................... 9

VII. CONCLUSION .................................................................................................... 10

Memorandum in Support of Chapter 11 Trustee's Motion for Order Approving (i) Sales of Vehicles, (ii) Shortened Notice, and (iii) Limited Notice - Page ii

18-03197-FPC7    Doc 557    Filed 04/24/20    Entered 04/24/20 11:02:28    Pg 2 of 13

# TABLE OF AUTHORITIES

**Cases**

*Community Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985) .................................................................................................. 7

*Ewell v. Diebert (In re Ewell),* 958 F.2d 276, 281 (9th Cir. 1992) ..................... 6, 7

*In re Ernst Home Ctr., Inc.,* 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997) .................................................................................................................. 6

*In re Filtercorp, Inc.,* 163 F.3d 570, 576 (9th Cir. 1998) .................................... 6, 7

*In re Lionel Corp.*, 722 F.2d 1063, 1070 (2nd Cir. 1983) ........................................ 6

*In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1174 (9th Cir. 1988) ....................... 6

**Statutes**

11 U.S.C. § 105 ............................................................................................................ 3

11 U.S.C. § 363 ................................................................................................. 2, 3, 5, 6

28 U.S.C. § 1409 .......................................................................................................... 2

28 U.S.C. § 1334 .......................................................................................................... 2

28 U.S.C. § 157 ............................................................................................................ 2

**Rules**

Fed.R.Bank.P. 2002 .................................................................................................. 3, 9

Fed.R.Bank.P. 6004 ............................................................................................... 2, 3, 6

Fed.R.Bank.P. 9006 .................................................................................................. 3, 8

Fed.R.Bank.P. 9014 ..................................................................................................... 3

L.B.R. 2002-1 .......................................................................................................... 3, 8, 9

LBR 6004-1 .................................................................................................................. 3

Memorandum in Support of Chapter 11 Trustee's Motion for Order Approving (i) Sales of Vehicles, (ii) Shortened Notice, and (iii) Limited Notice - Page iii

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "**Trustee**"), hereby respectfully submits this memorandum in support of the *Chapter 11 Trustee's Motion for Order Approving Sales of Vehicles and Approving Notice Thereof* (the "**Motion**") and in support of the Motion avers as follows:

## I. INTRODUCTION

Subject to Court approval, the Trustee has accepted offers to sell ("**Sales**") (i) a Ford box truck (the "**Box Truck**") to David Knowles ("**Knowles**") for a purchase price of $3,000 and (ii) a 2004 Chevrolet Avalanche (the "**Avalanche**") to Skyler Simpson ("**Simpson**") for a purchase price of $3,000. The Box Truck and the Avalanche are referred to herein collectively as the "**Vehicles**." The aggregate price for the two vehicles is $6,000.

Sound business judgment supports the Sales. The Vehicles are no longer necessary. They cost the estate $1,800 in annual insurance costs. They require expensive repairs. After conferring with an auctioneer, approved by the U.S. Trustee's Office, and an automobile dealer, the Trustee determined that the offers are for fair market value.

The Sales are made in good faith. Knowles and Simpson were formerly employed by the estate as workers. The Trustee negotiated directly with both Knowles and Simpson. The Trustee is motivated to sell the Vehicles because the Trustee no longer needs them, and they cost the estate money.

Memorandum in Support of Chapter 11 Trustee's Motion for Order Approving (i) Sales of Vehicles, (ii) Shortened Notice, and (iii) Limited Notice - Page 1

18-03197-FPC7    Doc 557    Filed 04/24/20    Entered 04/24/20 11:02:28    Pg 4 of 13

Shortened and limited notice is appropriate because insurance for the vehicles is about to expire, the Trustee is under a Court order to remove property from the site owned by the Chelan Douglas Regional Port Authority formerly the Port of Douglas County (the "**Port**") at its site in East Wenatchee, Washington (the "**Pangborn Site**"). The Box Truck is located at the Pangborn Site. Further, the Trustee is in advanced negotiations to sell the Debtor's other facility located at 464 Highline Drive, East Wenatchee, Washington (the "**TNT Facility**") where the Avalanche is located. The Trustee expects to file a motion to approve the sale of the TNT Facility imminently and would like the Avalanche to be gone before the sale of the TNT Facility closes.

## II.  RELIEF REQUESTED

The Trustee requests that the Court:

1. approve the Sales pursuant to 11 U.S.C. §§ 363(b);
2. find that the Sales are in good faith;
3. waive the 14-day stay provided by Fed.R.Bank.P. 6004(h); and
4. approve the form and manner of service of the Notice, including grant shortened time of ten days (seven days plus three for mailing) to object to the Motion and approving limited notice as set forth herein.

## III.  JURISDICTION AND VENUE

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 28 U.S.C. § 1409.

Memorandum in Support of Chapter 11 Trustee's Motion for Order Approving (i) Sales of Vehicles, (ii) Shortened Notice, and (iii) Limited Notice  - Page 2

18-03197-FPC7    Doc 557    Filed 04/24/20    Entered 04/24/20 11:02:28    Pg 5 of 13

The statutory predicates for the relief requested in the Motion are 11 U.S.C. § 105 and 11 U.S.C. § 363, Fed.R.Bank.P. 2002, Fed.R.Bank.P. 6004, Fed.R.Bank.P. 9006, Fed.R.Bank.P. 9014, L.B.R. 2002-1 and L.B.R. 6004-1.

## IV. THE BANKRUPTCY CASE

On November 19, 2018, Giga Watt, Inc. commenced this case by filing a voluntary petition for relief pursuant to sections 101, *et seq.* of title 11 of the United States Code (the "**Bankruptcy Code**").

On January 23, 2019, the Court approved the appointment of Mark D. Waldron as the Trustee pursuant to its *Order Approving Appointment of Chapter 11 Trustee* [Docket No. 146].

On March 23, 2020, the Court signed the *Order Granting Relief from Automatic Stay, Abandonment of Property of the Estate and Denying Waiver of FRBP 4001(a)(3)*, [ECF 515] (the "**Abandonment Order**"), pursuant to which the Trustee must remove equipment from the Pangborn Site by May 7, 2020. Otherwise, the equipment will be deemed abandoned.

## V. PROPOSED SALES

### A. The Box Truck and Proposed Purchaser

The Box Truck requires substantial mechanical repairs. The buyer will have to tow the Box Truck to the nearest mechanic's shop for work. The high pressure oil pump, which drives the truck's injection system, needs replacement at an estimated cost of $1,200. This estimate does not include labor or other related materials, such as gaskets and seals. The mating surface associated with the oil

Memorandum in Support of Chapter 11 Trustee's Motion for Order Approving (i) Sales of Vehicles, (ii) Shortened Notice, and (iii) Limited Notice - Page 3

18-03197-FPC7    Doc 557    Filed 04/24/20    Entered 04/24/20 11:02:28    Pg 6 of 13

pump is in bad condition. The entire engine block may have to be pulled to perform necessary repairs. It is probable that other parts need to be replaced or fixed.

The Box Truck is parked at the Pangborn Site. A heavy-duty tow truck is required to move the Box Truck. The buyer will hire the tow truck.

The Box Truck will be sold "As Is" with no warranty of any kind other than title. Knowles was formerly employed by the estate as a laborer at the Debtor's facilities in Moses Lake, Washington and East Wenatchee, Washington.

### B. The Avalanche and Proposed Purchaser

The Avalanche has been driven approximately 142,500 miles. Both window motors are shot. The ignition and tires need to be replaced. The estimated cost of these repairs exceeds $1,000.

The Avalanche is located at the estate's facility in East Wenatchee, Washington. It will be sold "As Is" with no warranty of any kind other than title. Upon transfer of title, the buyer, Skyler Simpson ("**Simpson**") is prepared to drive the Avalanche away. Simpson was formerly employed by the estate as a laborer at the estate's facilities in Moses Lake, Washington and East Wenatchee, Washington.

### C. Title to the Vehicles

Title to both the Box Truck and the Avalanche are in the name of Giga Watt, Inc. and are in the Trustee's possession. The Trustee has searched the public record and found no party who asserts any interest in the Vehicles.

Memorandum in Support of Chapter 11 Trustee's Motion for Order Approving (i) Sales of Vehicles, (ii) Shortened Notice, and (iii) Limited Notice - Page 4

### D. Cost and Value

The Trustee has maintained insurance on the Vehicles because the estate's team on the ground needed to move equipment between locations. That need has largely ended. Further, the insurance costs approximately $1,900 per year and is set to expire on May 22, 2020. Now that the estate no longer needs the Vehicles, the Trustee would like to sell them, collect $6,000 for the estate's benefit, and cancel the automobile insurance to avoid a $1,800 liability.

Before accepting the offers for the Vehicles, subject to Court approval, the Trustee consulted with the one auctioneer who is approved by the U.S. Trustee's Office regarding the Vehicles and their value.[1] The Trustee also consulted with an automobile dealer regarding the Vehicles and their value. Based on these consultations, and the lack of any other offers, the Trustee determined that the offers submitted by Knowles and Simpson were fair market value offers.

## VI. POINTS AND AUTHORITIES

### A. The Sales Are Authorized Pursuant to 11 U.S.C. § 363(b)(1)

Under section 363(b)(1) of the Bankruptcy Code, the Trustee may use, sell, or lease property of the estate, other than in the ordinary course of its business. 11 U.S.C. § 363. The decision to enter into a transaction that is outside the ordinary course of the debtor's business must be based on the Trustee's reasonable business judgment and supported by "some articulated business justification." *In re Ernst*

---

[1] The auctioneer is located in Walla Walla, Washington.

Memorandum in Support of Chapter 11 Trustee's Motion for Order Approving (i) Sales of Vehicles, (ii) Shortened Notice, and (iii) Limited Notice - Page 5

18-03197-FPC7    Doc 557    Filed 04/24/20    Entered 04/24/20 11:02:28    Pg 8 of 13

*Home Ctr., Inc.,* 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997) (quoting *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2nd Cir. 1983)).

The Sales are of property of the estate by virtue of the fact that title to the Vehicles is in the name of Giga Watt, Inc. Sound business judgment supports the Sales. The Vehicles are only in fair condition. The estate no longer needs them. The Sales will save the estate annual insurance costs in the amount of $1,800. The Trustee conferred with an auctioneer and auto dealer before accepting these offers, subject to Court approval, and concluded that $3,000 for each Vehicle is fair.

### B. The Sales Are Made in Good Faith

The Trustee requests a finding that the Sales are made in good faith pursuant to 11 U.S.C. § 363(m). Under § 363(m) of the Bankruptcy Code:

> [w]hen a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal.

*In re Filtercorp, Inc.,* 163 F.3d 570, 576 (9th Cir. 1998). *See also* Fed.R.Bank.P. 6004(h):

> An order authorizing the . . . sale . . . of property . . . is stayed until the expiration of 14 days after entry of the order unless **the court orders otherwise**.

*Id.* (emphasis added).

A good faith buyer "is one who buys 'in good faith' and 'for value.'" *Ewell v. Diebert (In re Ewell),* 958 F.2d 276, 281 (9th Cir. 1992). The analysis is holistic and does not depend on any one factor. *See also In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1174 (9th Cir. 1988) ("Ninth Circuit authority . . . does not make good

Memorandum in Support of Chapter 11 Trustee's Motion for Order Approving (i) Sales of Vehicles, (ii) Shortened Notice, and (iii) Limited Notice - Page 6

faith depend on 'value' . . . ."); *Ewell*, 958 F.2d at 218 ("[L]ack of good faith is [typically] shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'") (quoting *Community Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985)). *See also Filtercorp, supra*, 163 F.3d 570 (holding that an insider could be a good faith purchaser).

The Sales were negotiated at arm's length. The Trustee conferred with experts (the auctioneer and an auto dealer) regarding the Vehicles and their value before accepting the offers, subject to Court approval. The parties negotiated the price. The Trustee is motivated to enter into the Sales in order to benefit the estate both by monetizing the Vehicles and eliminating the expense of car insurance.

The Trustee submits that this is sufficient to find that the Sales were made in good faith and that the order approving the Sales should be effective immediately.

[*This memorandum continues on the following page.*]

Memorandum in Support of Chapter 11 Trustee's Motion for Order Approving (i) Sales of Vehicles, (ii) Shortened Notice, and (iii) Limited Notice - Page 7

18-03197-FPC7    Doc 557    Filed 04/24/20    Entered 04/24/20 11:02:28    Pg 10 of 13

### C. Shortened Notice Is Appropriate Due To a Court Deadline, an Insurance Deadline, and an Imminent Sale of the TNT Facility

Fed.R.Bankr.P. 9006(c)(1) provides that:

> when an act is required or allowed to be done at or within a specified time . . ., the court for cause shown may in its discretion with or without motion or notice order the period reduced.

*Id.* (Emphasis added.) Similarly, L.B.R. 2002-1 provides,

> A motion for an order reducing the time for making objections to a proposed action may be made and granted after notice and hearing for cause shown. . . . The objections will be considered by the court at the time of hearing on the motion for the principal relief requested.

*Id.* The Notice provides that if objections are received, the Trustee will set the matter for hearing. The foregoing meets the requirement of "notice and hearing." *See* L.B.R. 2002-1(a), (notice of opportunity to object satisfies "notice and hearing" requirement). *Cf.* L.B.R. 6004-1 (in the context of a sale free and clear, "[i]f no objection is timely filed and served, the moving party may strike the hearing and present ex parte a proposed order. . . ").

Cause exists to hear the Sale Motion on shortened time for three reasons: (1) a Court deadline, (2) an insurance termination date, and (3) an imminent sale. The Box Truck is parked at the Pangborn Site. The Trustee wants to monetize the Box Truck rather than have it deemed abandoned pursuant to the Abandonment Order.

Memorandum in Support of Chapter 11 Trustee's Motion for Order Approving (i) Sales of Vehicles, (ii) Shortened Notice, and (iii) Limited Notice - Page 8

Second, insurance on the Vehicles expires on May 22, 2020.

Finally, the Avalanche, described in the Motion, is located at the Debtor's facility known as the TNT Facility. The Trustee is in the last stages of negotiations to sell the TNT Facility and would like to have the Avalanche removed before that before sale closes.

### D. Limited Notice Is Appropriate Because the Amount at Stake Is Only $6,000.

The Trustee has served the Notice on (i) the U.S. Trustee's Office, (ii) the Official Committee of Unsecured Creditors, (iii) all parties receiving ECF notice, including the Port and active parties in the case, and (iv) the 20 largest creditors as designated on the Debtor's schedules (the "**Limited Notice Parties**"). L.B.R. 2002-1 allows less inclusive notice to be given, if "specifically allowed by the Court or local rules." Further, "[n]otice is appropriate if it reaches all those with a potential good faith objection to the proposed order or action." *Id.*

Cause exists to limit notice. The expense of serving the entire master mailing list is disproportionate to the proposed Sales' prices of $6,000 in the aggregate. Further, by serving the Limited Notice Parties, the Trustee is reaching all those who would have any objection to the Motion.

The Notice of Sales also contains all the information required by Fed.R.Bank.P. 2002(c)(1) and L.B.R. 2002-1. In particular, it describes the Vehicles and the Sales, the reasons for shortened and limited notice, the time to

Memorandum in Support of Chapter 11 Trustee's Motion for Order Approving (i) Sales of Vehicles, (ii) Shortened Notice, and (iii) Limited Notice - Page 9

object and the consequences of not objecting. Based on the foregoing, the form and manner of service of the Notice of Sales is sufficient.

## VII. CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an Order:

1. Granting the Motion;
2. Approving the Sales;
3. Finding that the Sales are entered into in good faith and waiving the 14-day stay set forth in Fed.R.Bank.P. 6004(h);
4. Approving the form and manner of service of the Notice of Sale; and
5. Granting such other and further relief as the Court deems necessary and just.

Dated: April 24, 2020            POTOMAC LAW GROUP PLLC

                                 By:    /s/ Pamela M. Egan
                                        Pamela M. Egan (WSBA No. 54736)

                                 *Attorneys for Mark D. Waldron, Chapter 11 Trustee*

Memorandum in Support of Chapter 11 Trustee's Motion for Order Approving (i) Sales of Vehicles, (ii) Shortened Notice, and (iii) Limited Notice - Page 10

18-03197-FPC7    Doc 557    Filed 04/24/20    Entered 04/24/20 11:02:28    Pg 13 of 13