JAMES D. PERKINS, WSBA #12996
Attorney for the United States Trustee
United States Dept. of Justice
920 West Riverside, Room 593
Spokane, WA 99201
Telephone (509) 353-2999
Fax (509) 353-3124

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

Giga Watt Inc.

Debtor

Case No. 18-03197-FPC11

UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR AUTHORIZATION AND TO LIMIT NOTICE

The United States Trustee objects to the Motion for Authorization to File Adversary Proceeding filed by the Unsecured Creditors' Committee on April 9, 2020 as Docket #533 and the accompanying Motion to Limit Notice, Docket #544 (the "PUD Motions"). The United States Trustee asserts that the PUD Motions should be denied for the following reasons:

1. Interested parties were not given proper notice of the PUD Motions. Bankruptcy Rule 2002(a)(2) requires that interested parties be given 21 days notice of and opportunity to object to the PUD motion for authorization. *See also, LBR 2002-1(c)*. Here, the notices provided by the Unsecured Creditors' Committee were filed on April 10th and required a response by April 27th, providing only a 17 day objection period. *Docket ##541 & 544.*

2. The PUD Motions seek relief (permission for the Unsecured Creditors Committee to litigate a claim held by the estate) which is more appropriately dealt with in a Chapter 11 plan. The Chapter 11 Trustee has been concentrating on administering the physical assets of the estate and that process appears to be is drawing to a close. Once that has happened the logical next step is for the creditors to decide whether the funds generated by the Chapter 11 Trustee's efforts should be distributed to creditors or used, in whole or part, to fund the litigation of a number of possible claims which could be raised by the estate. A possible claim against the Douglas County PUD is one of those claims. The United States Trustee believes that this is a question that should be presented to the creditor body in the form of a proposed reorganization plan so that creditors may determine for themselves how to further proceed in this case. Ironically, the Unsecured Creditors Committee itself originally started down precisely this path with the Disclosure Statement it filed in December 2019 as Docket #431. Although that document had some defects and needed a proposed plan and other documents to go with it, the basic proposal was to allow creditors to opt either for cash now or to leave their share of the estate cash for use in pursuing the possible claims held by the estate, and then sharing in any proceeds derived from that litigation. The United States Trustee generally agrees with this approach and urges the court to deny the PUD Motions so that this case may proceed through the plan process.

3. The Unsecured Creditors' Committee asserts that the appropriate legal standard for ruling on the PUD Motions is the "derivative standing" test used by the Montana Bankruptcy Court in *In re Valley Park*, 217 B.R. 864 (Bankr.D.MT 1998). That test was originally promulgated by the Sixth Circuit in *Canadian Pacific Forest Products, Ltd. v. J.D. Irving, Ltd. (In re Gibson Group, Inc.)*, 66 F.3d 1436, 1438-46 (6th Cir. 1995). The United States Trustee does not presently intend to argue the issues raised by that test if applied in this case. However, the United States Trustee does note that it isn't clear that this test has been adopted in the 9th Circuit. In *In re*

*Consolidated Nevada Corporation*, 2017 WL 6553394 (9th Cir. BAP 2017), the 9th Circuit BAP acknowledged that several bankruptcy courts in the 9th Circuit have applied the Gibson test, but did not specifically adopt that test itself. However, in affirming that unpublished BAP opinion, the 9th Circuit (in another unpublished opinion) went out of its way to neither adopt nor reject the Gibson approach, stating only that the appellants had asked the court to follow that decision and that "[e]ven under this line of cases, appellants would not be entitled to derivative standing . . . " *In re Consolidated Nevada Corporation*, 778 Fed.Appx. 432, 436 (9th Cir. 2019).

The United States Trustee urges the Court to treat the *Gibson* approach to the issue presented by the Unsecured Creditors' Committee cautiously, especially given that the *Gibson* case arose in the context of a Chapter 11 debtor-in-possession who was refusing to pursue preference claims against his relatives. Here the Committee is asking the Court to take the decision about when and how to proceed with respect to the estate's possible claim against the PUD away from the business judgement of the duly appointed and un-conflicted Chapter 11 Trustee in charge of this case. As both the Ninth Circuit BAP and the Ninth Circuit itself noted in the *Consolidated Nevada* opinions, it is the trustee that has been vested with the authority to make decisions about how to deal with estate claims, and one of the aspects of that decision making authority is to decide what approach will best lead to the prompt and efficient resolution of the case. *2017 WL at \*5&6; 778 Fed.Appx. at 435-6*.

4. As noted above the United States Trustee believes that the PUD Motions seek to substitute a ruling by this court for a decision by the trustee or the creditors about how the case should proceed from here. In light of that the United States Trustee asserts that it would be improper to limit the notice of this motion to those few parties who are actively involved in the case on a day to day basis. All creditors should be entitled to be aware of and heard on the issue of whether the proceeds

generated by the Chapter 11 Trustee should be distributed to creditors or should be used to fund the litigation of a claims held by the estate. Accordingly, the United States Trustee asks the Court to deny the motion to limit notice and require full notice of this motion to the master mailing list as required by the applicable court rules.

The United States Trustee reserves the right to amend this objection to include any issues raised by any information subsequently provided to the United States Trustee.

For all of the foregoing reasons, the United States Trustee objects to and asks the Court to deny the PUD Motions.

The United States Trustee requests a hearing on this objection.

Dated: April 27, 2020

Respectfully submitted,

GREGORY M. GARVIN
Acting United States Trustee

*/s/ James D. Perkins*
JAMES D. PERKINS
Attorney for the United States Trustee