Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP
1905 7th Avenue W
Seattle, Washington 98119
Telephone: (415) 297-0132
Facsimile: (202) 318-7707
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>              Debtor. | Case No. 18-03197<br><br>The Honorable Frederick P. Corbit<br><br>**CHAPTER 11 TRUSTEE'S OBJECTION TO COMMITTEE'S MOTION TO FILE ADVERSARY PROCEEDING AGAINST DOUGLAS COUNTY PUD FOR THE BENEFIT OF THE BANKRUPTCY CASE** |

CHAPTER 11 TRUSTEE'S OBJECTION TO COMMITTEE'S MOTION TO
SUE DOUGLAS COUNTY PUD

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................1

II. POINTS AND AUTHORITIES ...........................................................1

    A. The Trustee Is the Estate's Representative ..........................................1

    B. The Committee Has Not Explained Why the Trustee Should be Stripped of His Responsibility to Represent the Estate .......................2

    C. The Estate's Limited Resources Should Not be Expended on Pre-Confirmation Litigation That Is Unrelated to Disposition of the Debtor's Physical Assets ..................................................................3

III. CONCLUSION ....................................................................................3

# **TABLE OF AUTHORITIES**

Cases

*In re Consol. Nevada Corp.*, 2017 WL 6553394 (B.A.P. 9th Cir. Dec. 21, 2017) ................................................................................................ 2

*Lopez v. Specialty Restaurants Corp. (In re Lopez)*, 283 B.R. 22 (9th Cir. BAP 2002) ............................................................................................... 2

Statutes

11 U.S.C. § 323 ........................................................................................... 1

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "**Trustee**") hereby objects to the *Committee's Motion for Authorization to File Adversary Proceeding Against Douglas County PUD for the Benefit of the Bankruptcy Estate*, filed on April 9, 2020 [ECF 533] (the "**Motion**") by the Official Committee of Unsecured Creditors (the "**Committee**"). This Objection is supported by the Declaration of Mark D. Waldron, filed herewith, and the points and authorities set forth below. In support of the Objection, the Trustee respectfully avers:

## I. INTRODUCTION

The Motion should be denied for at least three reasons. First, the Trustee is the representative of the bankruptcy estate. Second, the Committee has failed to explain why the Trustee should be stripped of that responsibility. Third, litigation of the type proposed by the Committee should not be commenced before confirmation of a plan.

## II. POINTS AND AUTHORITIES

### A. The Trustee Is the Estate's Representative

"The trustee in a case under this title is the representative of the estate." 11 U.S.C. § 323. The Bankruptcy Appellate Panel has reiterated the central role of the trustee with respect to litigation:

> [The trustee] has the "authority to act for the benefit of the estate and may sell the cause of action, prosecute it in nonbankrupt court, settle it, or abandon it to the debtor as of inconsequential value to the estate." . . . It follows that a trustee may simply dismiss a claim if
---

1

CHAPTER 11 TRUSTEE'S OBJECTION TO COMMITTEE'S MOTION TO SUE DOUGLAS COUNTY PUD

doing so would further the estate's interests. The bankruptcy trustee must determine, in his sound business judgment, what disposition is in the best interests of the estate.. . . The trustee's authority is discretionary.

*In re Consol. Nevada Corp.*, 2017 WL 6553394, at *5 (B.A.P. 9th Cir. Dec. 21, 2017), *aff'd*, 778 F. App'x 432 (9th Cir. 2019) (quoting *Lopez v. Specialty Restaurants Corp. (In re Lopez)*, 283 B.R. 22, 32–33 (9th Cir. BAP 2002); other citations omitted). The BAP added, "Moreover, we are loathe to second-guess a trustee's business judgment." *Consol. Nevada Corp., supra* at *6.

### B. The Committee Has Not Explained Why the Trustee Should be Stripped of His Responsibility to Represent the Estate

Despite its own formidable rights of investigation, the Committee has not interviewed any of the relevant parties, including Lisa Parks of the Chelan Douglas Regional Port Authority, formerly known as the Port of Douglas County, Gary Ivory of the Public Utility District No. 1 of Douglas County, Washington or their attorneys, Bill Hames, Kathryn McKinley and Evan McCauley. In contrast, the Trustee has interviewed each of these parties. Furthermore, before the Committee filed the Motion, the Trustee agreed to confer with the Committee's special counsel regarding the claims alleged against the District. The Trustee also promised that if the special counsel raised a colorable theory, then the Trustee would conduct discovery. He also agreed to keep the Committee apprised of his analysis.

18-03197-FPC7    Doc 570    Filed 04/27/20    Entered 04/27/20 15:57:09    Pg 5 of 6

The Committee does not explain why these efforts are insufficient or unreasonable. Nor does the Committee justify its request to sue the District without the benefit of any investigation by the Committee.

**C.     The Estate's Limited Resources Should Not be Expended on Pre-Confirmation Litigation That Is Unrelated to Disposition of the Debtor's Physical Assets**

Now is not the time to expend the estate's limited resources on litigation that is not directly tied to the Trustee's current efforts to monetize the Debtor's assets for the benefit of creditors. Currently, the Trustee is in the final stages of selling the Debtor's facility commonly known as the "TNT Facility," as a going concern). The next step will be to wind down the Debtor's facility in Moses Lake, Washington and finalize the Trustee's litigation analysis. At that point, the Trustee expects to submit a plan, providing for a litigation trust, on which the creditors can vote. If the plan is confirmed, appropriate litigation would be commenced post-confirmation. There is no reason to alter that timeline.

## III.   CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court deny the Motion in its entirety.

Dated: April 27, 2020          POTOMAC LAW GROUP

By:   /s/ Pamela M. Egan
      Pamela M. Egan (WSBA No. 54736)

      *Attorneys for Mark D. Waldron, Chapter 11 Trustee*

3
CHAPTER 11 TRUSTEE'S OBJECTION TO COMMITTEE'S MOTION TO SUE DOUGLAS COUNTY PUD