# EXHIBIT B
(Settlement Agreement and Release)

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "**Agreement**") is entered into by and between (a) the Chelan Douglas Regional Port Authority, formerly the Port of Douglas County (the "**Port**") and (b) Mark D. Waldron, in his capacity as the duly-appointed Chapter 11 Trustee (the "**Chapter 11 Trustee**") in the bankruptcy case of Giga Watt, Inc. (the "**Debtor**"), pending in the U.S. Bankruptcy Court for the E.D. of Washington (the "**Bankruptcy Court**"), and assigned case no. 18-03197 (the "**Bankruptcy Case**"). Collectively, the Port and the Chapter 11 Trustee shall be referred to as the "**Parties**".

## BACKGROUND

WHEREAS, the Port and the Debtor entered into that certain *Land Lease for Portion of Pangborn Airport Business Park East Wenatchee, Washington* on March 1, 2017 and that certain *Addendum to Lease Agreement Pangborn Airport Business Park East Wenatchee, Washington* on August 9, 2017 (collectively, the "**Lease**").

WHEREAS, on November 19, 2018, the Debtor commenced the Bankruptcy Case by filing a petition for relief under chapter 11 of the United States Code, section 101, *et seq* (the "**Bankruptcy Code**").

WHEREAS, the Bankruptcy Court approved the appointment of the Chapter 11 Trustee pursuant to the *Order Approving Appointment of Chapter 11 Trustee*, dated January 23, 2019 [ECF 146] and the Chapter 11 Trustee is acting on behalf of the Debtor's estate in the Bankruptcy Case (the "**Estate**").

WHEREAS, the Port filed in the Bankruptcy Case a proof of claim, assigned no. 65 on February 15, 2019, asserting the right to payment of $662,994.09 on a general unsecured basis (the "**Proof of Claim**").

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Port and the Chapter 11 Trustee hereby agree as follows:

## AGREED TERMS

1. <u>Payment by the Chapter 11 Trustee</u>. The Chapter 11 Trustee will pay the Port the total sum of Twenty-Two Thousand Five Hundred and No/100 Dollars ($22,500) (the "**Settlement Payment**") as provided herein. The Settlement Payment shall be paid by wire transfer not later than five (5) business days after entry of an order in the Bankruptcy Case approving this Agreement (the "**Approval Order**").

2. <u>Withdrawal of the Proof of Claim</u>. Upon entry of the Approval Order, the Proof of Claim shall be deemed withdrawn with prejudice without the need of further notice or order.

3. <u>No Assignment</u>. The Port affirms it has not assigned to any third party any claim released hereunder, including but not limited to, the Proof of Claim and any claim against the Estate for payment on an administrative basis.

4. <u>Subject to Court Approval</u>. This Agreement, and all the rights, obligations, releases and waivers of each of the Parties hereunder, are subject to the approval of the Bankruptcy Court. The Chapter 11 Trustee will seek the approval of the Bankruptcy Court within five (5) business days after receipt by the Chapter 11 Trustee of this Agreement executed by the Port.

5. **Mutual Release.** The Parties, on behalf of themselves, their predecessors, successors, affiliates, and assigns, and its and their past, present, and future officers, directors, commissioners, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns, and successors in interest, and all persons acting by, through, under, or in concert with them, and each of them, hereby release and discharge the other Party, together with their predecessors, successors, affiliates and assigns and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns, and successors in interest, and all persons acting by, through, under, or in concert with them, and each of them, from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, medical costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually incurred), and punitive damages, of any nature whatsoever, known or unknown, which either Party has, or may have had, against the other Party, whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from:

 (a) the Lease;

 (b) the Bankruptcy Case;

 (c) any agreement between the Parties or between the Port and the Debtor;

 (d) any other matter between the Parties or between the Port and the Debtor.

6. **No Further Claims.** Upon approval of the Bankruptcy Court and payment of the Settlement Payment, no further claims, administrative, general unsecured, pre-petition or otherwise shall exist between the Parties."

7. **No Admission of Liability.** The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by the Chapter 11 Trustee and is not to be construed as an admission that the Chapter 11 Trustee engaged in any wrongful, tortious, or unlawful activity. the Chapter 11 Trustee specifically disclaims and denies (a) any liability to the Port and (b) engaging in any wrongful, tortious, or unlawful activity.

8. **No Attorneys' Fees or Costs.** The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred and that neither Party nor the Party's attorney(s) will seek any award of attorneys' fees or costs from the other Party.

9. **Entire Agreement.** The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

10. **New or Different Facts: No Effect.** Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any

new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

11. <u>Interpretation</u>. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

12. <u>Choice of Law</u>. This Agreement and all related documents, and all matters arising out of or relating to this Agreement, whether sounding in contract, tort, or statute are governed by, and construed in accordance with, the laws of the State of Washington and the Bankruptcy Code, as applicable, without giving effect to the conflict of laws provisions thereof to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of the State of Washington or the Bankruptcy Code.

13. <u>Choice of Forum; Exclusive Jurisdiction</u>. The Bankruptcy Court shall be the exclusive forum for litigation concerning this Agreement. The Parties hereby irrevocably submit to the exclusive jurisdiction of the Bankruptcy Court and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

14. <u>Reliance on Own Counsel</u>. In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

15. <u>Counterparts</u>. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16. <u>Authority to Execute Agreement</u>. By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants, and/or other restrictions placed upon them by their respective entities.

17. <u>Effective Date</u>. The terms of the Agreement will be effective on the date that the Chapter 11 Trustee has paid the Settlement Payment (the "**Effective Date**").

*[Signature page follows.]*

**IN WITNESS WHEREOF,** and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below.

Date: May 5th, 2020

Mark D. Waldron, as Chapter 11 Trustee
By: /s/ Mark D. Waldron
Name: Mark D. Waldron
Title: Chapter 11 Trustee

Date: May 5th, 2020

Chelan Douglas Regional Port Authority, formerly the Port of Douglas County
By: /s/ James M. Kuntz
Name: James M. Kuntz
Title: CEO

4847-2215-7754, v. 2