Benjamin Ellison, WSBA No. 48315
SALISH SEA LEGAL PLLC
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98109
Tel: (206) 257-9547
Attorney for the Committee

BANKRUPTCY COURT FOR THE

EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| In re Giga Watt, Inc.,<br><br>Debtor. | COMMITTEE'S LIMITED RESPONSE TO CHAPTER 11 TRUSTEE'S MOTION TO SELL THE TNT FACILITY<br><br>CASE NO: 18-03197 FPC 11 |

## I. INTRODUCTION

With the pending motion to sell the TNT facility, the Chapter 11 Trustee has come to the effective end of a process to sell all the tangible assets of this bankruptcy estate. All that remains is a series of potential litigation claims for which the Trustee may be able to hire contingent fee legal counsel to pursue, and for which recovery is uncertain, and destined to be several years in the future.[1]

---

[1] The Committee is aware of several meaningful litigations that could be brought by the bankruptcy estate. The Chapter 11 Trustee has expressed openness to pursuing all these litigations other than the one against Douglas County PUD. For this reason, the Committee is seeking authorization at the upcoming hearing

COMMITTEE RESPONSE TO PROPOSED SALE - 1

The $200,000 that the estate will earn from the TNT sale will be welcome, but when added up with all the other sources of income (funds from operations while they were ongoing, the settlement of the Carlson claims, and the sale of the Pangborn equipment), back-of-the napkin accounting suggests that there may be insufficient income to pay the administrative and professional fees in this case.[2]

In short, none of the 300-plus persons who filed a proof of claim in this case will be paid out anything unless some nebulous litigation claims, which the Chapter 11 Trustee may or may not assert, brings in significant cash in the distant future. The Committee always feared this precarious financial outcome, and that is why back in December 2019, they took the unorthodox step of putting forward their own Disclosure Statement, proposing to hand the assets over to the unsecured creditors. This seemed preferable to the Chapter 11 Trustee's apparent

---

to be able to pursue this one cause of action. The Trustee can take the reigns on the other cases that he apparently has greater confidence in.

Moreover, if the Trustee's primary objection to Douglas County PUD litigation is that the PUD might interfere with a potential sale of the TNT facility, then the Committee specifically recommends that the Court hear the sale motion first at the upcoming May 13, 2020 hearing.

[2] The undersigned's current fees are less than $35,000, and a motion to allow such fees will be filed in the coming week.

plan to (a) spend a lot of time, while professional fees continue to accrue ever higher, and (b) hope the market would come through with significant sales prices.

All parties would have been far better served six months ago if the then-existing operations had been turned over to the unsecured creditors, as proposed in the Disclosure Statement. ECF No. 431. At least then, something would have ended up in unsecured creditors' pockets, and half a year's worth of administrative fees would have been avoided, which are presumably in excess of the $200,000 that will now be coming into the estate as a result of this sale.

## II. LEGAL ARGUMENT

What is done, cannot clearly be undone, and so at this point, the Committee supports at least this money coming into the estate. The motion to sell can be approved.

That said, the Committee strongly objects to previously unknown or undisclosed data stored locally on Giga Watt storage devices being transferred to the buyer as part of the transaction, for success with future litigations may hinge on these records, which may be the last gasp for a return to unsecured creditors.

Moreover, as a matter of equity, the Committee believes Chapter 11 Trustee should only sell property (mining equipment) that it has not been

established belongs to the bankruptcy estate.[3] Once the Miners' Application has been decided, then whether such mining equipment could be sold by the Chapter 11 Trustee would best seem to be ripe.

DATED this 8th day of May, 2020.

                                            SALISH SEA LEGAL PLLC

                                            By /s/ Ben Ellison
                                                Benjamin Ellison, WSBA No. 48315
                                                2212 Queen Anne Ave. N., No. 719
                                                Seattle, WA 98109
                                                Tel: (206) 257-9547
                                                *Attorney for the Committee*

---

[3] Chairman of the Committee Jun Dam recused himself from voting on the response to the present motion.