Jun Dam (*Pro Se*)
237 Kearny #9096
San Francisco, CA 94108
Phone: (415) 748-1113
Email: jundam@hotmail.com

The Honorable Frederick P. Corbit
Chapter 11

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT INC.,

Debtor

Case No.: 18-03197-FPC

BAP No.: EW-20-1156

**STATEMENT OF ISSUES ON APPEAL OF JUN DAM, DESIGNATION OF RECORD, AND STATEMENT OF TRANSCRIPTS**

JUN DAM, appellant

vs.

MARK D. WALDRON, Chapter 11 Trustee, appellee

Pursuant to Federal Rule of Bankruptcy Procedure 8009(a), appellant hereby submits his Statement of Issues on Appeal, Designation of Record and Statement of Transcripts:

# STATEMENT OF ISSUES ON APPEAL OF JUN DAM

The bankruptcy court approved the ORDER APPROVING: (I) SALE OF TNT FACILITY AND TRAILER EQUIPMENT FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS, RELATED OVERBIDDING AND NOTICE THEREOF; (II) ASSUMPTION AND ASSIGNMENT OF LEASES AND POWER CONTRACT; AND (III) GRANTING REQUEST FOR SHORTENED NOTICE THEREON. The appellant requests the appellate court to consider:

Whether the bankruptcy court erred in approving the assumption & assignment of leases and power contract to purchaser EcoChain in violation of appellant rights under 11 U.S.C. §365 after appellant had asserted executory lease rights under 11 U.S.C. § 365(h) and if so what equitable remedies exist for appellant.

Whether the bankruptcy court erred in allowing the debtor to sell TNT facility and trailer equipment free and clear of all liens pursuant to 11 U.S.C. § 363(f)(4) when the court had not ruled if the property or leases were in a bona fide dispute rather than a spurious one.

Whether the bankruptcy court erred in allowing the debtor to sell TNT facility and trailer equipment free and clear of all Liens pursuant to 11 U.S.C. § 363(f)(5) when the court had not determined if the WTT token holders or mining machine owners could be compelled to accept a monetary payment in a legal or equitable proceeding.

Whether appellant and other WTT token holders and mining machine owners, some of whom may or may not have been notified of the sale of their property or lease interests, are entitled to

adequate protection under 11 U.S.C. § 363(e) in the event the court approves sale and if so how their interests are adequately protected.

Whether the bankruptcy court erred in allowing the debtor to sell property, assign leases and the power contract under shortened time and shortened notice under Rule 2002, 6004, 6006, 9014 or other such rules.

Whether the Chapter 11 Trustee provided sufficient proof of adequate protection under 11 U.S.C. § 363(p) during the hearings of the Order and if not what equitable remedies exist for appellant to ensure adequate protection.

Whether mootness under 11 U.S.C. § 363(m) applies only to subsection § 363(b) and § 363(c) as explicitly stated or if it expands to sales under 11 U.S.C. § 363(f), and if mootness applies narrowly if there are sufficient grounds in this instant case to overturn Order.

Whether 11 U.S.C. § 363(m) renders moot appeals under Federal Rule of Civil Procedure 60(b) and Rule 9024 that permit orders to be reconsidered due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct" by Chapter 11 Trustee or for other reasons under Rule 9024 and if mootness does not apply what equitable remedies exist to appellant and other creditors who are harmed.

# DESIGNATION OF RECORD

**A. Documents**

| No. | Description | Date Filed | ECF No. |
|---|---|---|---|
| 1 | MOTION to Authorize Chapter 11 Trustee to Perform Pursuant to Moses Lake Two-Way Agreement | 04/05/2019 | 260 |
| 2 | RESPONSE signed by Ben Ellison (RE: Motion to Authorize 260) | 05/02/2019 | 289 |
| 3 | MOTION FOR ORDER APPROVING AGREEMENT AND GENERAL RELEASE OF CLAIMS (CARLSON ADVERSARY) | 02/03/2020 | 473 |
| 4 | ORDER Granting Motion to Approve Compromise and Settlement - Carlson | 03/10/2020 | 508 |
| 5 | MOTION for Allowance of Administrative Expenses - Dart | 04/10/2020 | 547 |
| 6 | DECLARATION signed by Scott Glasscock | 04/10/2020 | 548 |
| 7 | CHAPTER 11 Trustee's Motion for Order Approving: (I) Sale of TNT Facility and Trailer Equipment Free and Clear of Liens, Claims and Interests, Subject to Overbidding, Approving Notice Thereof; (II) Assumption and Assignment of Leases and Power Contract and (III) Shortened Notice Thereon | 05/01/2020 | 573 |
| 8 | MEMORANDUM signed by Pamela M. Egan | 05/01/2020 | 574 |
| 9 | NOTICE of Hearing | 05/01/2020 | 575 |
| 10 | DECLARATION in Supp. of Ch. 11 T'ee's Mot. for Order Approving: (i) Sale of TNT Facility, etc. | 05/04/2020 | 576 |
| 11 | SUPPLEMENTAL DECLARATION in Supp. of Ch. 11 T'ee's Mot. for Order Approving: (i) Sale of TNT Facility, etc. | 05/04/2020 | 577 |
| 12 | OBJECTION (RE: MOTION to Sell Property Free and Clear of Liens 573). Filed by Samuel Dart | 05/07/2020 | 592 |

| No. | Description | Date Filed | ECF No. |
|---|---|---|---|
| 13 | DECLARATION of nonprofit Creditors Committee of WTT Token Holders and Miners (Owners) signed by Samuel Dart | 05/08/2020 | 593 |
| 14 | RESPONSE signed by B. Ellison (RE: MOTION to Sell Property Free and Clear of Liens573) | 05/08/2020 | 594 |
| 15 | REPLY signed by Pamela M. Egan (RE: Objection 592) | 05/12/2020 | 596 |
| 16 | DECLARATION of Mark D. Waldron in Supp. of Ch. 11 T'ee's Reply to WTT Token Comm. Obj. to TNT Sale | 05/12/2020 | 597 |
| 17 | ORDER Approving: (I) Sale of TNT Facility and Trailer Equipment Free and Clear of Liens, Claims and Interests, Subject to Overbidding, Approving Notice Thereof; (II) Assumption and Assignment of Leases and Power Contract and (III) Granting Request For Shortened Notice Thereon (Re: # 573) | 05/19/2020 | 602 |
| 18 | MOTION to Reconsider (related documents 602 Order on Motion to Sell Property Free and Clear) - Dam | 06/05/2020 | 610 |
| 19 | Adversary case 20-80020. COMPLAINT. | 06/05/2020 | 627 |
| 20 | ORDER Denying Motion To Reconsider (Related Doc # 610) | 06/18/2020 | 624 |

**B. Transcripts**

| No. | Description | Date of Hearing | ECF No. |
|---|---|---|---|
| 1 | Hearing - Motion to Approve Sale of TNT and assignment/assumption of lease | 05/13/2020 1:30PM | 598, 599 |
| 2 | Hearing - Motion to Reconsider Sale of TNT & assignment/assumption of lease - Dam | 06/17/2020 2:30PM | 621, 622 |

## STATEMENT OF TRANSCRIPTS

Appellant intends to designate the transcripts of the hearings described in the table above. The Motion to Approve Sale of TNT etc. was heard May 13th, 2020 at 1:30PM and the Motion to Reconsider Sale of TNT etc. was heard June 17th, 2020 at 2:30PM.

Dated this 1st day of July, 2020

Jun Dam, Pro Se
237 Kearny #9096
San Francisco, CA 94108
Phone: (415) 748-1113
Email: jundam@hotmail.com

# CERTIFICATE OF SERVICE

I certify that a copy of this **STATEMENT OF ISSUES ON APPEAL OF JUN DAM, DESIGNATION OF RECORD, AND STATEMENT OF TRANSCRIPTS** was served by mail on the persons listed below:

Pamela Egan, The Potomac Law Group

Attorney for MARK D. WALDRON, Chapter 11 Trustee

1905 7th Ave W

Seattle, WA 98119


Tara Schleicher

Attorney for EcoChain, Inc.

121 SW Morrison St, Suite 1100

Portland, OR 97204


Date Served: 7/1/2020

Sign your name: _____

Print name: Jun Dam