Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
(206) 622-2000
Facsimile No.: (206) 622-2522

Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter: 11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In Re:

GIGA WATT, INC.,

Debtor.

No. 18-03197-11

**RESPONSE AND OBJECTIONS OF PERKINS COIE LLP TO ORDER FOR RULE 2004 EXAMINATION**

Perkins Coie LLP ("Perkins") responds and objects as follows to the Ex Parte Order for Rule 2004 Examination of Perkins Coie LLP ("Order").

### I. OBJECTIONS

1. <u>Specialized Definitions of Terms</u>. Perkins objects to lengthy definitions given to certain words in the Order to the extent that the definitions require Perkins to give specialized meanings to words that are different than the normal meaning given to the defined terms. The basis for this objection is that specialized definitions impose an undue burden on Perkins and make it difficult for Perkins to determine what documents are responsive to the Order. Perkins will respond to the document requests in the Order by giving words the meanings accorded to the words in common usage.

RESPONSE AND OBJECTIONS OF PERKINS COIE LLP TO
ORDER FOR RULE 2004 EXAMINATION - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 645    Filed 07/14/20    Entered 07/14/20 14:22:54    Pg 1 of 6

2. <u>Complicated Instructions Requiring Procedures That Go Beyond the Provisions of the Federal Rules of Civil Procedure</u>.  Perkins objects to instructions or procedures specified in the Order that require Perkins to respond to the Order using complicated procedures that go beyond the procedures authorized in the Federal Rules of Civil Procedure as incorporated in Bankruptcy Rules 7026-7037.  The basis for this objection is that such complicated instructions impose an undue burden on Perkins who is a third party who has not appeared or submitted a claim against the Debtor.

3. <u>Privilege</u>.  To the extent that the Order directs Perkins to produce or provide documents or information that is subject to a privilege, including, without limitation, the attorney-client privilege, the work product doctrine, or a common interest privilege, Perkins hereby asserts the privilege and objects to producing any information or documents which are privileged as follows:

    a. To the extent that documents or information sought by the Order are subject to a privilege held by any non-Debtor client of Perkins, Perkins hereby asserts said privilege pursuant to the ethical duties imposed on attorneys by Rule of Professional Conduct 1.6.  *See* Am. Bar. Ass'n Op. 16-473.

    b. To the extent that documents or information sought by the Order are subject to a privilege held by Perkins, by virtue of Perkins' consultation with its own counsel, including in-house counsel who act as its general counsel or assistant general counsel, Perkins

RESPONSE AND OBJECTIONS OF PERKINS COIE LLP TO
ORDER FOR RULE 2004 EXAMINATION - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 645    Filed 07/14/20    Entered 07/14/20 14:22:54    Pg 2 of 6

hereby asserts said privilege and objects to producing a privilege log as to any such materials.

4. <u>Confidentiality.</u>  Pursuant to Rule of Professional Conduct 1.6, Perkins is obligated to seek informed consent of a client before revealing any information relating to the representation of a client.  Because all of the documents responsive to the Order relate to the representation of one or more non-Debtor clients, Perkins objects to producing responsive documents.

5. <u>Return Date Unreasonable.</u>  Perkins objects that the return date does not give Perkins sufficient time to attempt to contact its non-Debtor clients, inform them of the Order, and seek their input as to a response.  In addition, to the extent Perkins could produce any responsive documents, Perkins' files related to entities having some relationship to the Debtor potentially contain thousands of pages of documents.  However, the ten-day return date specified in the Order does not give Perkins adequate time to search its files, organize, and produce all of the documents requested in the Order.  Upon producing any documents, Perkins will do its best to produce responsive documents in a prompt fashion.

6. <u>Protective Order.</u>  Many of the documents responsive to the Order contain financial information relating to third parties such as bank information, account numbers, wiring instructions, clues as to the financial resources of such persons, and potentially other personal information as well.  In addition, many of the document responsive to the Order contain information which Perkins has a duty to safeguard under Rule of Professional Conduct 1.6.  *See* RPC 1.6 cmt. 16.  Perkins

RESPONSE AND OBJECTIONS OF PERKINS COIE LLP TO
ORDER FOR RULE 2004 EXAMINATION - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 645    Filed 07/14/20    Entered 07/14/20 14:22:54    Pg 3 of 6

objects to producing any such information in the absence of a protective order placing reasonable restrictions on the use and dissemination of documents being produced.

## II. RESPONSES

<u>Document Request No. 1</u>: All Information, including Documents, regarding the Escrow, including but not limited to, deposits and withdrawals, and any agreements with respect to the Escrow.

<u>Response</u>: Perkins objects that investor funds deposited into its trust account for a non-Debtor client was not an "escrow" as that term is sometimes understood. Nevertheless, Perkins maintains transactional records regarding the funds held in its trust account and can produce non-privileged records, subject to the above exceptions, upon satisfaction of any of the exceptions provided in Rule of Professional Conduct 1.6(b). With regard to RPC 1.6(b)(6), although the Court has issued an ex parte B.R. 2004 "order," Perkins is informed by its bankruptcy partners that such orders are the bankruptcy equivalent of a subpoena. Accordingly, Perkins does not believe it can produce any client information pursuant to RPC 1.6(b)(6) absent a further court order. *See generally* Am. Bar Ass'n Op. 16-473.

<u>Document Request No. 2</u>: Any agreement between Giga Watt, Inc. and Giga Watt Pte. Ltd.

<u>Response</u>: Perkins does not have any responsive documents if "agreement" is given its normal meaning of two or more parties memorializing their assent to some mutual course of conduct. If "agreement" is used in some broader or different sense,

RESPONSE AND OBJECTIONS OF PERKINS COIE LLP TO ORDER FOR RULE 2004 EXAMINATION - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 645    Filed 07/14/20    Entered 07/14/20 14:22:54    Pg 4 of 6

then Perkins objects that it does not understand what is being requested and cannot reasonably respond, and that Perkins does not believe it can produce any client information pursuant to RPC 1.6(b)(6) absent a further court order.

<u>Document Request No. 3</u>: Any agreement between Giga Watt, Inc. and Cryptonomous Pte. Ltd.

<u>Response</u>: Perkins does not have any responsive documents if "agreement" is given its normal meaning of two or more parties memorializing their assent to some mutual course of conduct. If "agreement" is used in some broader or different sense, then Perkins objects that it does not understand what is being requested and cannot reasonably respond, and that Perkins does not believe it can produce any client information pursuant to RPC 1.6(b)(6) absent a further court order.

DATED this 14th day of July, 2020.

>BYRNES KELLER CROMWELL LLP
>
>By /s/ Bradley S. Keller
>   Bradley S. Keller, WSBA #10665
>By /s/ Ralph E. Cromwell, Jr.
>   Ralph E. Cromwell, Jr., WSBA #11784
>1000 Second Avenue, 38th Floor
>Seattle, Washington 98104
>206-622-2000
>Fax: 206-622-2522
>Email: bkeller@byrneskeller.com
>       rcromwell@byrneskeller.com
>*Attorneys for Perkins Coie LLP*

RESPONSE AND OBJECTIONS OF PERKINS COIE LLP TO ORDER FOR RULE 2004 EXAMINATION - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7   Doc 645   Filed 07/14/20   Entered 07/14/20 14:22:54   Pg 5 of 6

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By /s/ Ralph E. Cromwell, Jr.
Ralph E. Cromwell, Jr.
*Attorneys for Plaintiffs*
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: rcromwell@byrneskeller.com

RESPONSE AND OBJECTIONS OF PERKINS COIE LLP TO ORDER FOR RULE 2004 EXAMINATION - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 645    Filed 07/14/20    Entered 07/14/20 14:22:54    Pg 6 of 6