1  Bradley S. Keller, WSBA #10665
2  Ralph E. Cromwell, Jr., WSBA #11784
   Byrnes Keller Cromwell LLP
3  1000 Second Avenue, 38th Floor
4  Seattle, WA  98104
   (206) 622-2000
5  Facsimile No.: (206) 622-2522
6
7  Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter: 11

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| In Re:<br><br>GIGA WATT, INC.,<br><br>　　　　　　　　　　Debtor. | No. 18-03197-11<br><br>**MOTION FOR FURTHER DIRECTION AND FOR PROTECTIVE ORDER REGARDING EX PARTE ORDER FOR RULE 2004 EXAMINATION** |
|---|---|

### I.  RELIEF REQUESTED

Perkins Coie LLP ("Perkins"), a non-party witness, asks that the Court enter an order providing further direction to Perkins regarding production to Mark Waldron, in his capacity as the Chapter 11 Trustee (the "Trustee") of non-privileged documents which are responsive to a Rule 2004 Order entered on July 6, 2020.  Because many of the documents contain financial information relating to third parties, Perkins also asks that the Court consider entering a Protective Order placing reasonable limitations on the use and dissemination of such documents.

MOTION FOR FURTHER DIRECTION AND FOR
PROTECTIVE ORDER REGARDING EX PARTE
ORDER FOR RULE 2004 EXAMINATION - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

18-03197-FPC7    Doc 650    Filed 07/21/20    Entered 07/21/20 11:29:10    Pg 1 of 5

## II. FACTUAL BACKGROUND

Perkins Coie represented certain non-Debtor former clients, whom the Trustee believes have information relevant to the bankruptcy. Specifically, the Trustee has requested information from Perkins Coie regarding an account it maintained and regarding any agreement that the Debtor entered into with two non-Debtor entities. The Court entered this Rule 2004 Order on July 6, 2020.

## III. DISCUSSION AND LEGAL AUTHORITY

With regard to the Trustee's desire to obtain documents from Perkins relating to its representation of non-Debtor clients, Rule of Professional Conduct 1.6 requires that Perkins safeguard and keep confidential all such information:

> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

RPC 1.6(a). The "information" covered by RPC 1.6(a) is broader than privileged information communicated in confidence by a client:

> The confidentiality rule, for example, applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct.

RPC 1.6 cmt. 3. Accordingly, Perkins is prohibited from complying with the Rule 2004 Order absent client consent, or absent satisfaction of one of the exceptions specified in RPC 1.6(b). Perkins Coie has attempted to contact its former clients at their last known email and physical mailing addresses, but to date has been unable to

MOTION FOR FURTHER DIRECTION AND FOR PROTECTIVE ORDER REGARDING EX PARTE ORDER FOR RULE 2004 EXAMINATION - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 650    Filed 07/21/20    Entered 07/21/20 11:29:10    Pg 2 of 5

make contact.  Perkins Coie therefore does not have client consent to produce any responsive documents pursuant to RPC 1.6(a).

Regarding the RPC 1.6(b) exceptions, subpart 6 allows a lawyer to reveal client information "to comply with a court order."  In this matter, although this Court has issued a Rule 2004 order, it has issued the Order ex parte and Perkins understands from its bankruptcy partners that a Rule 2004 Order is, in bankruptcy cases, the functional equivalent of a subpoena.  Accordingly, Perkins is unsure whether the existing Rule 2004 Order is sufficient to satisfy the requirements of RPC 1.6(b)(6).

Perkins therefore requests that the Court provide further guidance through an Order clarifying whether Perkins is directed to produce responsive, non-privileged documents to the Trustee notwithstanding the duties imposed by RPC 1.6(a).  Under RPC 1.6(a), Perkins cannot agree to the entry of such an order but Perkins does understand that the Trustee has concerns which the Trustee wants to investigate and that the Court may wish to facilitate such investigations.  Perkins does have documents which are responsive to the Rule 2004 Order, which it is able to produce but only upon entry of an additional order making clear that the Court intends for Perkins to produce non-privileged documents notwithstanding the duties imposed by RPC 1.6(a).

In this regard, most of the documents responsive to the Rule 2004 Order contain financial information related to third parties who sent money to affiliates of the Debtor.  Such information includes, for example, bank account numbers, routing information, clues as to the financial resources of such persons and perhaps other

MOTION FOR FURTHER DIRECTION AND FOR PROTECTIVE ORDER REGARDING EX PARTE ORDER FOR RULE 2004 EXAMINATION - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 650    Filed 07/21/20    Entered 07/21/20 11:29:10    Pg 3 of 5

sensitive information as well.  If such documents are produced for use in this bankruptcy, Perkins believes that a Protective Order should be issued placing reasonable limitations on the use and dissemination of such information.  Perkins has filed with this motion a form of proposed Order which it requests that the Court review and sign if appropriate.

## IV.    CONSULTATION WITH COUNSEL FOR TRUSTEE

Perkins has provided a draft of this motion and its proposed Order to counsel for the Trustee prior to filing and has conferred with the Trustee's counsel regarding Perkins' concern that it cannot ethically produce non-privileged documents absent a further order from the Court.  Counsel for the Trustee expressed a desire that the Court give expedited consideration to this motion on the ground that the information is important to the Trustee's investigation of the Debtor's affairs.  Perkins does not object to expedited consideration.  Perkins will send a copy of this motion to its non-Debtor former clients at their last known addresses.

DATED this 21st day of July, 2020.

>   BYRNES KELLER CROMWELL LLP
>
>   By /s/ Bradley S. Keller
>       Bradley S. Keller, WSBA #10665
>   By /s/ Ralph E. Cromwell, Jr.
>       Ralph E. Cromwell, Jr., WSBA #11784
>   1000 Second Avenue, 38th Floor
>   Seattle, Washington  98104
>   206-622-2000
>   Fax:  206-622-2522
>   Email:  bkeller@byrneskeller.com
>            rcromwell@byrneskeller.com
>   *Attorneys for Perkins Coie LLP*

MOTION FOR FURTHER DIRECTION AND FOR PROTECTIVE ORDER REGARDING EX PARTE ORDER FOR RULE 2004 EXAMINATION - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

18-03197-FPC7    Doc 650    Filed 07/21/20    Entered 07/21/20 11:29:10    Pg 4 of 5

# CERTIFICATE OF SERVICE

     I hereby certify that on this 21st day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

                                  By /s/ Ralph E. Cromwell, Jr.
                                       Ralph E. Cromwell, Jr.
                                   *Attorneys for Perkins Coie LLP*
                                   1000 Second Avenue, 38th Floor
                                   Seattle, Washington 98104
                                   206-622-2000
                                   Fax: 206-622-2522
                                   Email: rcromwell@byrneskeller.com

MOTION FOR FURTHER DIRECTION AND FOR PROTECTIVE ORDER REGARDING EX PARTE ORDER FOR RULE 2004 EXAMINATION - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7   Doc 650   Filed 07/21/20   Entered 07/21/20 11:29:10   Pg 5 of 5