Jun Dam (*Pro Se*)
237 Kearny #9096
San Francisco, CA 94108
Phone: (415) 748-1113
Email: jundam@hotmail.com

The Honorable Frederick P. Corbit
Chapter 11

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT INC.,

Debtor

Case No. 18-03197-FPC

**OBJECTION TO TRUSTEE'S (1) APPLICATION FOR AWARD OF COMPENSATION AND (2) MOTION FOR AN ORDER AUTHORIZING PAYMENT OF PREVIOUSLY AWARDED BUT UNPAID COMPENSATION**

## MOTION

**COMES NOW** creditor Jun Dam, in propria persona, moves to request the Court to deny Trustee's application of award of compensation and Motion to authorize payment of compensation.

## ARGUMENT

### I. THE COURT SHOULD CONSIDER THE NATURE, THE EXTENT, AND VALUE OF TRUSTEE SERVICES, TAKING INTO ACCOUNT ALL RELEVANT FACTORS TO DETERMINE COMPENSATION

Trustee Waldron has calculated compensation based on the maximum allowed under 11 U.S. Code § 326 instead of what is 'reasonable' under § 330. For Chapter 11 Trustees, the court should consider all the following relevant factors pursuant to § 330(a)(3),(4):

> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
> (4)
> (A) Except as provided in subparagraph (B), the court shall not allow compensation for—
> (i) unnecessary duplication of services; or
> (ii) services that were not—
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.

In re McKinney, 374 B.R. 726 (Bankr. N.D. Cal. 2007), the court asserted:
> "Section 330(a)(3) requires the commission of chapter 11 trustees to be calculated under a Lodestar approach."

The BAP court asserted In re Mednet, 251 B.R. 103 (B.A.P. 9th Cir. 2000):
> "A bankruptcy court also must examine the circumstances and the manner in which services are performed and the results achieved in order to arrive at a determination of a

reasonable fee allowance. Such examination, in general, should include the following questions: First, were the services authorized? Second, were the services necessary or beneficial to the administration of the estate at the time they were rendered? Third, are the services adequately documented? Fourth, are the fees requested reasonable, taking into consideration the factors set forth in § 330(a)(3)? *See Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 957-58 (9th Cir. 1991). Finally, in making this determination, the court must take into consideration whether the professional exercised reasonable billing judgment."

Also the BAP court noted:

"In Puget Sound, the Ninth Circuit stated that in performing services, the professional is required to evaluate the following:

(a) Is the burden of the probable cost of legal services disproportionately large in relation to the size of the estate and maximum probable recovery?

(b) To what extent will the estate suffer if the services are not rendered?

(c) To what extent may the estate benefit if the services are rendered and what is the likelihood of the disputed issues being resolved successfully?

Id. at 959. The Ninth Circuit concluded: "[The attorney] had an obligation to consider the potential for recovery and balance the effort required against the results that might be achieved. Absent unusual circumstances, an attorney must scale his or her fee at least to the reasonably expected recovery." Id. at 961."

The BAP court further asserted:

"As stated in *In re Riverside-Linden Investment Co.*, 925 F.2d 320, 321 (9th Cir. 1991), **"[w]hen a cost benefit analysis indicates that the only parties who will likely benefit from [a service] are the trustee and his professionals," the service is unwarranted and a court does not abuse its discretion in denying fees for those services (citation and internal quotation marks omitted)."**

The Court should also consider the following:

1) Most of the revenue the estate has generated was due to the Trustee's unauthorized use of WTT token owner hosting facilities and miner machine owners equipment who are entitled to compensation for their contributions as an administrative award or alternatively as compensation from a breach of contract. Hence the cash available from the estate to pay for legal administration fees should be far lower than reported.

2) The Trustee's sale of TNT facilities, lease and power contract to EcoChain, LLC for less than salvage value has significantly harmed creditors and eliminated the potential for WTT token and mining machine owners, who comprise 80-90% of all the creditors both in number and claim size, to obtain substantial recovery by retaining hosting rights to Debtor's facilities and their machines.

3) Creditor Dam has filed a complaint Adv. Proc. No. 20-80020 against the Trustee for breach of contract, breach of fiduciary duty, professional negligence and unjust enrichment and that case should be disposed before any Trustee compensation is awarded or paid.

4) The administrative legal fees that have accrued in this bankruptcy are likely to be substantially greater than the total value of the estate assets. The Debtor is no longer operating as a going concern and is effectively operating under a Chapter 7 liquidation. There are very few prospects for any substantial estate recovery aside from lengthy and expensive litigation that should be pursued on contingency. Although the Trustee and counsel have recently begun investigation into Perkins Coie for a breach of escrow, the estate may not even have standing to litigate. WTT token owners placed their money in escrow and have standing against Perkins Coie and Dave Carlson. Hence the Court should carefully scrutinize all the Trustee activities to determine what activities were necessary and beneficial to the estate in the past as well as going forward.

## CONCLUSION

**WHEREFORE,** the Court should deny the Trustee's 1) application for award of compensation and 2) and Motion to authorize payment of compensation until Trustee submits time records and a detailed narrative statement for services so the Court can consider the nature, the extent, and value of Trustee services, taking into account all relevant factors to determine compensation.

Dated this 27th day of July, 2020

/s/ Jun Dam

Jun Dam (*Pro Se*)
237 Kearny #9096
San Francisco, CA 94108
Phone: (415) 748-1113
Email: jundam@hotmail.com

CM-27169-0021

# CERTIFICATE OF SERVICE

I certify that a copy of this **OBJECTION TO TRUSTEE'S (1) APPLICATION FOR AWARD OF COMPENSATION AND (2) MOTION FOR AN ORDER AUTHORIZING PAYMENT OF PREVIOUSLY AWARDED BUT UNPAID COMPENSATION** was served by mail on the persons listed below:

Pamela Egan, The Potomac Law Group

Attorney for Mark D. Waldron, Chapter 11 Trustee

1905 7th Ave W

Seattle, WA 98119


Giga Watt Inc. - Chapter 11 Trustee

Mark D. Waldron

6711 Regents Blvd Ste B

Tacoma, WA 98466-5421


An electronic copy was also emailed to:

Ben Ellison as attorney for the OCUC - Salishsealegal@outlook.com

The United States Trustee - James.Perkins@usdoj.gov

Samuel Dart as attorney for CCWTHM - sdart@eisenhowerlaw.com


Date Served: 7/27/2020

Sign your name: *Jun Dam*

Print name: Jun Dam

# CERTIFICATE OF SERVICE

I certify that a copy of this **AMENDED COMPLAINT FOR BREACH OF FIDUCIARY DUTY; PROFESSIONAL NEGLIGENCE; UNJUST ENRICHMENT; BREACH OF CONTRACT** and **SUMMONS** was served by mail on the persons listed below:

Pamela Egan, The Potomac Law Group

Attorney for Mark D. Waldron, Chapter 11 Trustee

1905 7th Ave W

Seattle, WA 98119


Giga Watt Inc. - Chapter 11 Trustee

Mark D. Waldron

6711 Regents Blvd Ste B

Tacoma, WA 98466-5421


CKR Law LLP

1330 Avenue of the Americas

12th & 14th Floors

New York, NY 10019


Date served on or before: 7/27/2020

Sign your name: *Jun Dam*

Print name: Jun Dam