Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>              Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 11<br><br>**MEMORANDUM IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR ORDER: (I) APPROVING SALE OF CONDOMINIUM FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; (II) APPROVING BIDDING PROCEDURES; (III) GRANTING AUTHORITY TO PAY COMMISSION AND CLOSING COSTS; AND (IV) GRANTING RELATED RELIEF**<br><br>**Telephonic Hearing**<br>Date: September 22, 2020<br>Time: 10:30 a.m.<br>Telephone: (509) 353-3183 |

Memorandum in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Condominium, etc.

**TABLE OF CONTENTS**

I. JURISDICTION AND VENUE .................................................................................. 2

II. FACTUAL BACKGROUND ...................................................................................... 3

III. POINTS AND AUTHORITIES .................................................................................. 4

    A. The Sale Is Authorized Pursuant to 11 U.S.C. § 363(b)(1) ................ 4

        *1. The Condo Is Property of the Estate* ............................................. 5

        *2. Sound Business Judgment Supports the Sale* .............................. 6

        *3. The Bidding Procedures Are Appropriate* .................................. 6

    B. The Motion Satisfies the Elements of 11 U.S.C. § 363(f) .................. 7

    C. The Sale Is in Good Faith .................................................................... 8

    D. The Form and Manner of Service of Notice Is Sufficient .................. 9

IV. CONCLUSION ........................................................................................................... 9

Memorandum in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Condominium, etc.– Page i

# TABLE OF AUTHORITIES

**Cases**

*Ewell v. Diebert (In re Ewell),* 958 F.2d 276 (9th Cir. 1992) ............................... 8

*In re Claar Cellars LLC and RC Farms LLC*, 2020 WL 1238924
 (Bankr. E.D. Wash. Mar. 13, 2020) ............................................................... 5

*In re Equity Funding Corp. of Am.*, 519 F.2d 1274 (9th Cir. 1975) ....................... 5

*In re Ernst Home Ctr., Inc.,* 209 B.R. 974 (Bankr. W.D. Wash. 1997) .................. 5

*In re Filtercorp, Inc.,* 163 F.3d 570 (9th Cir. 1998) ................................................ 8

*In re Integrated Resources, Inc.*, 147 B.R. 650 (Bankr. S.D.N.Y.
 1992) .............................................................................................................. 5

*In re Lady H Coal Co., Inc.,* 193 B.R. 233 (Bankr. S.D. W. Va. 1996) ................. 7

*In re Lind,* 2019 WL 2950167 (B.A.P. 9th Cir. July 8, 2019) ................................ 8

*In re Lionel Corp.*, 722 F.2d 1063 (2nd Cir. 1983) ................................................ 5

*In re Onouli-Kona Land Co.*, 846 F.2d 1170 (9th Cir. 1988) ................................ 8

*Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652,
 203 L. Ed. 2d 876 (2019) ............................................................................... 5

**Statutes**

11 U.S.C. § 105 ....................................................................................................... 2

11 U.S.C. § 363 ............................................................................................ 2, 4, 7, 8

28 U.S.C. § 157 ....................................................................................................... 2

28 U.S.C. § 1334 ..................................................................................................... 2

28 U.S.C. § 1408 ..................................................................................................... 2

28 U.S.C. § 1409 ..................................................................................................... 2

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approv-
ing Sale of Condominium, etc.– Page ii

**Rules**

Fed.R.Bank.P. 2002 ................................................................................................ 2

Fed.R.Bank.P. 6004 ......................................................................................... 2, 8, 9

Fed.R.Bank.P. 9014 ................................................................................................ 2

LBR 2002-1 ............................................................................................................. 2

LBR 6004-1 ............................................................................................................. 2

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "Trustee"), hereby respectfully submits this memorandum in support of the *Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Condominium Free and Clear of all Liens; Claims, (ii) Approving Bidding Procedures; (iii) Granting Authority to Pay Commission and Closing Costs; and (iv) Granting Related Relief* (the "Motion").[1] A copy of the proposed Order, and the legal description of the condominium subject to this Motion, are attached to the Motion as Exhibit A.

Subject to Court approval, the Trustee has negotiated an agreement (the "Sale Agreement") with Renee Michelle Hawkes and Gregory Lawrence Griffith (collectively, "Buyer") to sell ("Sale") the condominium located at 23684 NW Cliffe Pointe Road 8-B, Quincy, WA 98848 (the "Condo"). A copy of the Sale Agreement is attached to the Motion as Exhibit B.

The consideration is a cash payment of $315,000 due at closing. The Sale is subject to overbidding. Overbids must be received by the Trustee on or before September 18, 2020 by email to mark@waldronlaw.com and to pegan@potomaclaw.com. Bids must be in writing and contain the same material terms as the Sale Agreement, except for the increased price. A bid must indicate the source of cash consideration, including proposed funding commitments, and demonstrate the financial ability to close on or before September 30, 2020, as determined by the Trustee, subject to Court review. To qualify for consideration,

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

Memorandum in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Condominium, etc.– Page 1

bids must include all the material terms of the Sale Agreement, except for the increased purchase price. The initial overbid must exceed the Purchase Price (which is $315,000) by a minimum increment of $15,000. Therefore, the initial overbid must be in the amount of $330,000 or more. Subsequent overbids must be in minimum increments of $10,000. If the Trustee receives one or more qualified bid(s) ("Qualified Bid(s)"), then the qualified bidder(s) ("Qualified Bidder(s)") and the Buyer may continue to bid at the Hearing in minimum increments of $10,000, until a winning bid is obtained. The Court would then decide whether to approve the Sale to the winning bidder. No break-up fee is proposed.

The Buyer has placed a $3,500 earnest money deposit with an escrow agent, which will be applied to the purchase price, if the Sale is approved. In the event that a third person outbids the Buyer, then the earnest money deposit will be returned to the Buyer.

The Broker's commission is 6% of the gross purchase price, which at $315,000 would be $18,900. The Trustee has agreed to pay all closing costs, escrow fees, excise tax, title report and any other transfer fees.

## I. JURISDICTION AND VENUE

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested in the Motion are 11 U.S.C. §§ 105, 363, Fed.R.Bank.P. 2002, 6004, 9014, and L.B.R. 2002-1, 6004-1.

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approv-
ing Sale of Condominium, etc.– Page 2

18-03197-FPC7    Doc 679    Filed 08/20/20    Entered 08/20/20 15:58:53    Pg 6 of 14

## II. FACTUAL BACKGROUND

On November 19, 2018, Giga Watt, Inc. commenced this case by filing a voluntary petition for relief pursuant to sections 101, *et seq.* of title 11 of the United States Code ("Bankruptcy Code").

On January 23, 2019, the Court approved the appointment of Mark D. Waldron as the Trustee pursuant to its *Order Approving Appointment of Chapter 11 Trustee*. [Doc. No. 146]

On March 10, 2020, the Court signed the Order (the "TNT Settlement Approval Order") [Docket No. 508] approving the settlement agreement ("TNT Settlement") and resolving litigation between the Trustee and David Carlson, the Debtor's former Chief Executive Officer. Pursuant to the TNT Settlement, an affiliate of David Carlson, transferred the Condo to the estate. The TNT Settlement further provided that if the Trustee sold the Condo for more than $300,000, then David Carlson would obtain an allowed administrative claim of $25,000.[2]

On April 9, 2020, pursuant to the *Order Approving Employment Under 11 U.S.C. § 327* (the "Broker Employment Order") [Doc 553], the Court granted the Trustee's request to retain RE/MAX Northwest Realtor as the estate's real estate broker with respect to the Condo. By the end of April 2020, the Broker had listed the Condo for sale and was fielding queries. Pursuant to the Broker Employment

---

[2] Agreement and General Release of Claims, ¶ 9, attached as Exhibit A to the *Chapter 11 Trustee's Motion for Order Approving Agreement and General Release of Claims (Carlson Adversary)*, filed on February 3, 2020. [Doc 473]

Memorandum in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Condominium, etc.– Page 3

Order, the Broker is entitled to a commission in the amount of six percent (6%) of the gross sales price, which in this case is $18,900. The initial listing price was $385,000 based on pre-Covid 19 comparable sales and conferral with the Broker. As of July 1, 2020, the Trustee lowered the list price to $365,000 based on updated comparable sales, the offers received to date (all under $300,000) and discussions with the Broker.

The Trustee received several offers to purchase the Condo for a purchase price of $250,000. He received one oral offer at $275,000. The offer now presented to the Court began at $300,000. The Trustee made a counteroffer at $315,000, which was accepted.

The pandemic reduced the Condo's value, in the Trustee's judgment. It eliminated, for the foreseeable future, rental income that the Condo generated from concertgoers to the Gorge Amphitheatre, which is walking distance from the Condo. Without clarity regarding when that stream of income might resume, the Condo's value is less than it was before the Covid-19 pandemic.

### III.  POINTS AND AUTHORITIES

#### A.  The Sale Is Authorized Pursuant to 11 U.S.C. § 363(b)(1)

Under section 363(b)(1) of the Bankruptcy Code, the Trustee may use, sell, or lease property of the estate, other than in the ordinary course of its business. 11 U.S.C. § 363. The decision to enter into a transaction that is outside the ordinary course of the debtor's business must be based on the Trustee's reasonable business judgment and supported by "some articulated business justification." *In re Ernst*

*Home Ctr., Inc.*, 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997) (quoting *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2nd Cir. 1983)). The standard is deferential. *See In re Claar Cellars LLC and RC Farms LLC*, 2020 WL 1238924, at *4 (Bankr. E.D. Wash. Mar. 13, 2020) (the business judgment standard is "deferential"; the "bankruptcy court will generally approve a reasoned decision by the debtor.").[3] The same deferential standard also applies to the Bidding Procedures. *See In re Integrated Resources, Inc.*, 147 B.R. 650, 656-57 (Bankr. S.D.N.Y. 1992) (noting that bidding procedures that have been negotiated by a trustee are to be reviewed according to the deferential "business judgment" standard, under which such procedures and arrangements are "presumptively valid").

### 1. The Condo Is Property of the Estate

The Condo was transferred to the estate pursuant to the Court-approved TNT Settlement Agreement. *See* TNT Settlement Approval Order, dated March 10, 2020. [Doc 508] This conclusively establishes the estate's ownership of the Condo.

---

[3] Citing and quoting, *In re Equity Funding Corp. of Am.*, 519 F.2d 1274, 1277 (9th Cir. 1975); *Ernst Home Ctr., Inc.*, 209 B.R. at 979-80, and *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1658, 203 L. Ed. 2d 876 (2019).

### 2. Sound Business Judgment Supports the Sale

The Condo went on the market in April 2019 during the Covid-19 pandemic. A significant draw for the Condo is its location near the Gorge Amphitheatre and the opportunity to earn rental income from concert goers. However, the Gorge Amphitheatre has cancelled all concerts and one cannot predict when it will re-open. By forcing the closure of the Gorge Amphitheatre, the Covid-19 pandemic has depressed the Condo's value.

The Court-approved broker initially listed the Condo at $385,000. The Condo has been on the market since April 2019, comprising four (4) months. The Trustee received offers for $250,000 (more than one), $275,000 and $300,000. After the Trustee countered the latest offer with $315,000, the Trustee and the Buyer signed the Sale Agreement, subject to Court approval.

Based on the foregoing, the Trustee submits that sound business judgment supports the Sale.

### 3. The Bidding Procedures Are Appropriate

The Bidding Procedures provide a fair opportunity for overbids, with an initial minimal increment of $15,000 and subsequent minimum increments of $10,000. If one or more Qualified Bid(s) is received, then at the Hearing, additional bidding between the Qualified Bidder(s) and the Buyer may occur.

The Bidding Procedures ensure that any competing bids are made on terms which permit ready comparison and analysis of which bid is a higher and better offer. The Bidding Procedures provide that any competing bids be made on the

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approv-
ing Sale of Condominium, etc.– Page 6

18-03197-FPC7    Doc 679    Filed 08/20/20    Entered 08/20/20 15:58:53    Pg 10 of 14

same material terms and conditions as are included in the Sale Agreement, without modification, but for increased purchase price.

The Trustee submits that the Bidding Procedures are an exercise of sound business judgment.

### B. The Motion Satisfies the Elements of 11 U.S.C. § 363(f)

The Trustee seeks an order making the sale of the Condo free and clear of any lien, claim or interest. As set forth in the Waldron Declaration, there are no known liens, claims, or interests in the Condo and all taxes and homeowner association fees are current. Nonetheless, a condition of the Sale Agreement is that the Sale be free and clear of any liens, claims, or interests. Therefore, the Trustee requests that the Sale be approved free and clear of interests. Section 363(f) allows the Chapter 11 Trustee to sell property of the estate free and clear of interests that are "in *bona fide* dispute," or if the claimed interest holder "could be compelled, in a legal or equitable proceeding, to accept a monetary satisfaction of such interest." 11 U.S.C. § 363(f)(4); 11 U.S.C. § 363(f)(5). Any creditor who claims an interest could be compelled to accept a monetary satisfaction and the Trustee is unaware of any other party who might assert an interest. Further, the claim does not have to be paid in order to satisfy section 363(f). *See In re Lady H Coal Co., Inc.,* 193 B.R. 233, 247–48 (Bankr. S.D. W. Va. 1996) (referring to "hypothetical" satisfaction under (f)(5) since the subsection uses "could be" compelled and not "must be" or "shall be" compelled.).

For all the foregoing reasons, the Sale satisfies the elements of 11 U.S.C. § 363(f) and the Sale can be approved free and clear of all claims, liens and interests.

**C.     The Sale Is in Good Faith**

The Trustee requests a finding that the Sale Agreement is made in good faith pursuant to 11 U.S.C. § 363(m). Under § 363(m) of the Bankruptcy Code:

> [w]hen a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal.

*In re Filtercorp, Inc.,* 163 F.3d 570, 576 (9th Cir. 1998). *See also* Fed.R.Bank.P. 6004(h):

> An order authorizing the . . . sale . . . of property . . . is stayed until the expiration of 14 days after entry of the order, **unless the court orders otherwise**.

*Id.* (emphasis added).

A good faith buyer "is one who buys 'in good faith' and 'for value.'" *Ewell v. Diebert (In re Ewell),* 958 F.2d 276, 281 (9th Cir. 1992). The analysis is holistic and does not depend on any one factor. *See also In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1174 (9th Cir. 1988) ("Ninth Circuit authority . . . does not make good faith depend on 'value' . . . ."); *accord In re Lind,* 2019 WL 2950167, at *4 (B.A.P. 9th Cir. July 8, 2019) ("[A] a good faith finding does not turn on the purchase price in isolation.").

The Sale Agreement was negotiated at arm's length. The Buyer is not an insider of the Debtor and is disinterested. The Trustee submits that this is

Memorandum in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Condominium, etc.– Page 8

sufficient to find that the Sale and the Sale Agreement are made in good faith. Based on the foregoing, the Trustee further requests that the 14-day stay provided by Fed.R.Bank.P. 6004(h) be waived and that the Order approving the Sale be effective immediately.

### D. The Form and Manner of Service of Notice Is Sufficient

The Trustee will serve the Notice on the Master Mailing List, the Buyer, the Broker, and on the homeowners' association for the Condo on Friday, August 21, 2020. A copy of the Notice is attached to the Motion as <u>Exhibit C</u>. Based on the foregoing, the Trustee submits that the form and manner of service of the Notice is sufficient.

## IV. CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an Order:

1. Granting the Motion;

2. Approving the Sale Agreement;

3. Authorizing the Trustee to enter into and perform pursuant to the terms of the Sale Agreement, including paying the Commission and Closing Costs;

4. Approving the form and manner of service of the Notice; and

5. Granting such other and further relief as the Court deems necessary and just.

Dated: August 20, 2020          POTOMAC LAW GROUP PLLC

By:    */s/ Pamela M. Egan*
Pamela M. Egan (WSBA No. 54736)

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*