1  Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
   POTOMAC LAW GROUP PLLC
   1905 7th Ave. W
2  Seattle, WA 98119
   Telephone: (415) 297-0132
3  Email: pegan@potomaclaw.com

4  *Attorneys for Mark D. Waldron, Chapter 11 Trustee*

5

6

7                 UNITED STATES BANKRUPTCY COURT
                  EASTERN DISTRICT OF WASHINGTON
8

9  In re:                                    Case No. 18-03197 FPC 11

10 GIGA WATT, Inc., a Washington             The Honorable Frederick P. Corbit
   corporation,
11                                           Chapter 11

12                    Debtor.                 **DECLARATION OF MARK D.
                                             WALDRON IN SUPPORT OF
13                                           CHAPTER 11 TRUSTEE'S
                                             MOTION FOR ORDER: (I)
14                                           APPROVING SALE OF
                                             CONDOMINIUM FREE AND
15                                           CLEAR OF ALL LIENS, CLAIMS
                                             AND INTERESTS; (II) APPROVING
16                                           BIDDING PROCEDURES; (III)
                                             GRANTING AUTHORITY TO PAY
17                                           COMMISSION AND CLOSING
                                             COSTS; AND (IV) GRANTING
18                                           RELATED RELIEF**

19                                           **Telephonic Hearing**
                                             Date:  September 22, 2020
20                                           Time: 10:30 a.m.
                                             Telephone: (509) 353-3183
21

22

23 Decl. of Mark Waldron in Support of
   Chapter 11 Trustee's Motion for Order:
24 (i) Approving Sale of Condominium, etc.

25

1    I, Mark D. Waldron, declare as follows:

2    1.    I submit this declaration in my capacity as the duly-appointed $Ch_{ap}$ ter

3    11 Trustee in the bankruptcy case of the above-captioned debtor (the "Debtor" or

4    "Giga Watt") and in support of the *Chapter 11 Trustee's Motion for Order: (i)*

5    *Approving Sale of Condominium Free and Clear of all Liens, Claims, and Interests,·*

6    *(ii) Approving Bidding Procedures,· (iii) Granting Authority to Pay Commission*

7    *and Closing Costs; and (iv) Granting Related Relief(the* "Motion"), filed herewith. [1]

8    The statements set f01th herein are based on my investigation of the Debtor's affairs,

9    which is ongoing, and, except where otherwise noted, are based on personal

10    knowledge. If called as a witness, I would and could competently testify thereto.

11    When the pronoun "I" is used herein, it refers to Mark D. Waldron in the official

12    capacity as the Trustee working on behalf of the estate, and not in any personal

13    capacity.

14    2.    Subject to Comt approval, I have negotiated an agreement (the "Sale

15    Agreement") with Renee Michelle Hawkes and Gregory Lawrence Griffith

16    (collectively, "Buyer") to sell ("Sale") the condominium located at 23684 NW

17    Cliffe Pointe Road 8-B, Quincy, WA 98848 (the "Condo"). A true and correct copy

18    of the Sale Agreement is attached to the Motion as Exhibit B.

19

20

21
_____

22    [1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to
them in the Motion.

23    Decl. of Mark Waldron in Support of

24    Chapter 11 Trustee's Motion for Order:
(i) Approving Sale of Condominium, etc.- Page 1

25

1     3.     The consideration is a cash payment of $315,000 due at closing. The

2 Sale is subject to overbidding. Overbids must be received on or before September

3 18, 2020 by email at mark@waldronlaw.com and pegan@potomaclaw.com. Bids

4 must be in writing and contain the same material terms as the Sale Agreement,

5 except for the increased price. A bid must indicate the source of cash consideration,

6 including proposed funding commitments, and demonstrate the financial ability to

7 close on or before September 30, 2020. To qualify for consideration, bids must

8 include all the material terms of the Sale Agreement, except for the increased

9 purchase price. The initial overbid must exceed the Purchase Price (which is

10 $315,000) by a minimum increment of $15,000. Therefore, the initial overbid must

11 be in the amount of $330,000 or more. Subsequent overbids must be in minimum

12 increments of $10,000. If I receive one or more qualified bid(s) ("Qualified

13 Bid(s)"), then the qualified bidder(s) ("Qualified Bidder(s)") and the Buyer may

14 continue to bid at the Hearing in minimum increments of $10,000, until a winning

15 bid is obtained. The Court would then decide whether to approve the Sale to the

16 winning bidder. No break-up fee is proposed. Based on my experience and

17 judgment, the Bidding Procedures provide a fair opportunity for overbids. Also, by

18 requiring bids to match the material terms of the Sale Agreement, the Bidding

19 Procedures ensure ready comparison of bids. In my judgment, they are reasonable

20 and appropriate.

21     4.     The Buyer has placed a $3,500 earnest money deposit with an escrow

22 agent, which will be applied to the purchase price, if the Sale is approved. In the

23

Decl. of Mark Waldron in Support of

24 Chapter 11 Trustee's Motion for Order:
(i) Approving Sale of Condominium, etc.– Page 2

25

1  event that a third person outbids the Buyer, then the earnest money deposit will be
2  returned to the Buyer.

3  5. The Broker's commission is 6% or $18,900, if the Purchase Price
4  remains $315,000. The estate will pay all closing costs, escrow fees, excise tax, if
5  applicable, title report and any other transfer fees.

6  6. By the end of April 2020, the Broker had listed the Condo for sale and
7  was fielding queries. The initial listing price was $385,000 was based on pre-Covid
8  19 comparable sales and conferral with the Broker. As of July 1, 2020, I lowered
9  the listing price to $365,000 based on updated comparable sales, the offers received
10 to date (all under $300,000) and discussions with the Broker.

11 7. I received several offers to purchase the Condo for a purchase price of
12 $250,000. I received one oral offer at $275,000. The offer now presented to the
13 Court began at $300,000. I made a counteroffer at $315,000, which was accepted.

14 8. The pandemic reduced the Condo's value, in my judgment. It
15 eliminated, for the foreseeable future, rental income that the Condo generated from
16 concertgoers to the Gorge Amphitheatre, which is walking distance from the Condo.
17 Without clarity regarding when that stream of income might resume, the Condo's
18 value is less than it was before the Covid-19 pandemic.

19 9. Based on the most current title insurance report, there are no
20 underlying liens on the Condo. Nonetheless, I am requesting that the Sale be free
21 and clear of any liens, claims, or interests, because such a provision is a condition
22 of the Sale Agreement.

23 Decl. of Mark Waldron in Support of
24 Chapter 11 Trustee's Motion for Order:
   (i) Approving Sale of Condominium, etc.– Page 3
25

10. The property taxes and homeowners' association dues and assessments for the Condo are current. The legal description of the Condo is attached to the proposed Order, which is attached to the Motion as Exhibit A.

11. Regarding my request for a finding that the Sale Agreement is made in good faith, the Sale Agreement was negotiated at arm's length. The Buyer is not an insider of the Debtor and is disinterested.

12. I am serving the Notice on the Master Mailing List, the Buyer, the Broker, and the homeowners' association of the Condo on Friday, August 21, 2020. A true and correct copy of the Notice is attached to the Motion as Exhibit C.

To the best of my knowledge, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of August 2020 in Tacoma, Washington.

_____
Mark D. Waldron, *in his official capacity as Chapter 11 Trustee in the above-captioned case*

Decl. of Mark Waldron in Support of
Chapter 11 Trustee's Motion for Order:
(i) Approving Sale of Condominium, etc.- Page 4