BEN ELLISON, WSBA #48315
Email: salishsealegal@outlook.com
SALISH SEA LEGAL PLLC
2212 Queen Anne Avenue North, No. 719
Seattle, WA 98109
Telephone: (206) 257-9547
Attorney for the Unsecured Creditors Committee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, INC.<br><br>Debtor. | 18-03197-FPC11<br><br>COMMITTEE'S *EX PARTE* MOTION FOR ENTRY OF AN ORDER PURSUANT TO FRBP 2004 AUTHORIZING DISCOVERY EXAM OF CHAPTER 11 TRUSTEE AND ISSUANCE OF SUBPOENA *DUCES TECUM* PURSUANT TO FRCP 9016 |

## I.   Preliminary Statement

The Committee of Unsecured Creditors ("Committee") hereby moves the Court for entry of an *ex parte* order pursuant to FRBP 2004 compelling the Chapter 11 Trustee to submit to examination regarding the existence, value, merit, and feasibility of all estate litigation, and authorizing the issuance of a subpoena *duces tecum* pursuant to Fed. R. Bankr. P. 9016 concerning the same.

## II.   Legal Background

The information that the Committee seeks is properly within the scope of an FRBP 2004 request, but is specifically a proper area of inquiry for the Committee

under 1103(c)(2)-(3):

> *A committee appointed under section 1102 of this title may … investigate the acts, conduct, assets, liabilities, and financial condition of the debtor … and any other matter relevant to the case or to the formulation of a plan;………….. [or] participate in the formulation of a plan …*

### III.    Argument

The Committee believes the onus now lies on it to present a confirmable plan to the Court, otherwise the United States Trustee will convert the present case to Chapter 7.[1]  ECF No. 659.

In order to meaningfully propose a plan of reorganization, the Committee must propose how to treat the estate's main remaining asset which consists of various litigation claims against third parties.  The Committee proposes to hire reputable contingent fee law firms in order to pursue these claims.

In order to proceed, the Committee needs to obtain concrete expressions of interest from prospective law firms after those firms have had a chance to vet the Estate's legal claims.  This has not yet happened because the Trustee asserts that he is bound by a protective order which was designed to protect potential defendant Perkins Coie.  Despite the fact that the Trustee has attempted to use that protective order as a shield against sharing litigation-related documents and information with

---

[1] There is a general consensus in the case that to proceed with the final stage of administering the estate, a confirmed Chapter 11 plan is required.  The Committee expects that the Chapter 11 Trustee will not propose a specific plan.

2

*EX PARTE* APPLICATION FOR 2004 EXAM

18-03197-FPC7    Doc 692    Filed 09/01/20    Entered 09/01/20 17:06:32    Pg 2 of 5

the Committee, the protective order clearly allows the Trustee to produce even "Confidential" documents within its ambit. Paragraph 3(a) of the protective order reads in full as follows:

> Unless otherwise ordered by the Court or agreed to in writing by Perkins and the Trustee, <u>Confidential documents may be used only for purposes relating to this bankruptcy, and may be disclosed only to</u>:
>
> a. <u>any party in interest to this bankruptcy directly concerned with the issues then in dispute relating to such Confidential documents</u>…

(Emphasis added.) *See* ECF No. 673. That language notwithstanding, the Trustee currently has exclusive access to and possession of the documents produced by Perkins Coie and will not provide them to the Committee without an Order from this Court.

Pursuant to LBR 2004-1(a), undersigned counsel confirms that he has made numerous attempts to coordinate production of the requested documents and general provision of the requested information from both the trustee and the trustee's attorney Pamela Egan, to no avail. The trustee's attorney has refused to cooperate with the Committee in fulfilling the requests which are the subject of this motion, necessitating the present request for relief.

Therefore, in order to finalize its own confirmable Plan and Disclosure Statement, the Committee requests that the Court order the Trustee to appear for examination regarding the existence, value, merit, and feasibility of all estate litigation, and to produce all legal memoranda and other documents related to

potential estate litigation to the Committee, including any discovery that the Chapter 11 Trustee has already obtained (or will obtain) from targets of such litigation, including but not limited to documents produced by Perkins Coie.

DATED this 1st day of September, 2020.

        **SALISH SEA LEGAL PLLC**

By: /s/ *Benjamin A. Ellison*
Ben Ellison, WSBA No. 48315
Jason E. Wax, WSBA No. 41944
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98125
Tel: (206) 257-9547