Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
As Attorneys for Mark D. Waldron, in his official
capacity as Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 11 |
| | **CHAPTER 11 TRUSTEE'S OBJECTION TO COMMITTEE'S *EX PARTE* MOTION FOR ENTRY OF AN ORDER PURSUANT TO FRBP 2004 AUTHORIZING DISCOVERY EXAM OF CHAPTER 11 TRUSTEE AND ISSUANCE OF SUBPOENA DUCES TECUM PURSUANT TO FRCP [SIC] 9016; AND REQUEST FOR JUDICIAL NOTICE** |

CH. 11 TRUSTEE'S OBJECTION
TO COMMITTEE'S RULE 2004 MOTION

# TABLE OF CONTENTS

I.   PRELIMINARY FACTS ................................................................................. 1

II.  ARGUMENT ................................................................................................ 2

   A.  The Rule 2004 Motion Exceeds the Committee's power. ..................... 2

   B.  The Court Has Discretion to Deny the Rule 2004 Motion .................... 2

   C.  The Exception Does Not Apply and Perkins Coie Should Be Heard ...... 3

III. CONCLUSION ............................................................................................ 4

i

# TABLE OF AUTHORITIES

### CASES

*In re Kleynerman,* 617 B.R. 122 (Bankr. E.D. Wis. 2020) ................................... 2

*In re Mitchell*, No. BR 18-40736-JMM, 2019 WL 1054715 (Bankr. D. Idaho Mar. 5, 2019) .................................................................................................................. 3

*United States v. Rakow,* No. CR 04-01563 MMM, 2006 WL 8445911 (C.D. Cal. July 3, 2006) ......................................................................................................... 3

### STATUTES

11 U.S.C. § 105 ............................................................................................................. 2

### RULES

F.R.E. 201 .................................................................................................................... 3

Fed.R.Bankr.P. 2004 .................................................................................................... 2

Mark D. Waldron (the "Trustee"), through counsel, hereby respectfully submits this objection (the "Objection") to the *Committee's Ex Parte Motion for Entry of an Order Pursuant to FRBP 2004 Authorizing Discovery Exam of Chapter 11 Trustee and Issuance of Subpoena Duces Tecum Pursuant to FRCP [sic] 9016* (the "Rule 2004 Motion"). [AP Doc 692] The Objection is supported by the Declaration of Mark D. Waldron ("Waldron Declaration") filed herewith.

In respect thereof, the Trustee avers:

### I. PRELIMINARY FACTS

On August 13, 2020, the Court entered the *Order Regarding Production of Documents Responsive to Rule 2004 Order and Placing Limits on the Use of Confidential Information in Such Documents* [Doc 673] (the "Perkins Coie Protective Order"). A copy of the Perkins Coie Protective Order is attached hereto as Exhibit A. In August 2020, Perkins Coie LLP produced documents (the "Perkins Coie Documents") to the Trustee pursuant to the terms and protections of the Protective Order.

On August 20, 2020, the Trustee and counsel for the Official Committee of Unsecured Creditors (the "Committee") spoke on the telephone. On this call, the Trustee told counsel for the Committee that the Trustee would produce the Perkins Coie Documents pursuant to the terms of the Protective Order. In correspondence about an hour after the call, the Committee asked if the Trustee would share the Perkins Coie Discovery with four law firms. "If not, could you involve each of the

1

CH. 11 TRUSTEE'S OBJECTION
TO COMMITTEE'S RULE 2004 MOTION

above in coming up with the classes of documents you plan to obtain in future 2004 exams?" *See* correspondence attached hereto as **Exhibit B**.

On September 1, 2020, the Committee sent the Trustee a draft motion for a Rule 2004 exam that retreated from the demand to send documents to four different law firms and instead asked for a broad set of documents relating to the Trustee's litigation analyses. Six hours later, the Committee filed the Rule 2004 Motion.

## II. ARGUMENT

### A. The Rule 2004 Motion Exceeds the Committee's power.

In the Rule 2004 Motion, the Committee states its intent to retain counsel to represent the estate in litigation and that it needs the Perkins Coie Discovery and other documents, including privileged communications and attorney-work product, to accomplish this task. The Committee has not and cannot show why the Trustee is unable to lead the litigation analysis.

The Committee would have the Court negate the Perkins Coie Protective Order so that the Committee can shop a contingence fee claim to four different law firms, none of whom represent the Trustee, or have any background in the case.

### B. The Court Has Discretion to Deny the Rule 2004 Motion

"A Rule 2004 examination is not a window to the world, or for all time." *In re Kleynerman,* 617 B.R. 122, 124 (Bankr. E.D. Wis. 2020). The Court has discretion with respect to Rule 2004 motions. 11 U.S.C. § 105; Fed.R.Bankr.P. 2004. *See also In re Mitchell*, No. BR 18-40736-JMM, 2019 WL 1054715, at *5

2
CH. 11 TRUSTEE'S OBJECTION
TO COMMITTEE'S RULE 2004 MOTION

(Bankr. D. Idaho Mar. 5, 2019) ("Rule 2004 gives the Court discretion to limit examination as justice requires.") (citation omitted); *see also United States v. Rakow,* No. CR 04-01563 MMM, 2006 WL 8445911, at *4 (C.D. Cal. July 3, 2006) (court has discretion to order that witness in Rule 2004 examination be represented by counsel during the exam).

**C.     The Exception Does Not Apply and Perkins Coie Should Be Heard**

The Committee asserts that the Rule 2004 Motion fits within an exception in the Perkins Coie Protective Order for "any party in interest to this bankruptcy directly concerned with the issues then in dispute relating to such Confidential documents." Motion, p. 3, lines 5-9. This provision might allow one who was directly involved with the escrow to view Perkins Coie Discovery that is marked Confidential as provided in the Perkins Coie Protective Order. Exh. A, p. 2, paragraphs 2 and 3. However, the Committee had no role with the escrow, which is the issue "in dispute." In any event, Perkins Coie LLP should be given an opportunity to be heard before the Rule 2004 Motion is considered.

### III.     REQUEST FOR JUDICIAL NOTICE

The Trustee requests that the Court take judicial notice of the Perkins Coie Protective Order which is on this Court's docket, as set forth above. The Court has the power to take such judicial notice pursuant to F.R.E. 201.

## IV. CONCLUSION

Wherefore, the Trustee respectfully request that the Court:

1. Deny the Motion in its entirety;
2. Take Judicial Notice of the Perkins Coie Protective Order; and
3. Grant such other and further relief as the Court deems necessary and just.

Dated: September 4, 2020     POTOMAC LAW GROUP PLLC

By:   /s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, in his official capacity as Chapter 11 Trustee*