Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
As Attorneys for Mark D. Waldron, in his official
capacity as Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>               Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 11<br><br>**DECLARATION OF MARK D. WALDRON IN SUPPORT OF CHAPTER 11 TRUSTEE'S OBJECTION TO COMMITTEE'S *EX PARTE* MOTION FOR ENTRY OF AN ORDER PURSUANT TO FRBP 2004 AUTHORIZING DISCOVERY EXAM OF CHAPTER 11 TRUSTEE AND ISSUANCE OF SUBPOENA DUCES TECUM PURSUANT TO FRCP [SIC] 9016; AND REQUEST FOR JUDICIAL NOTICE** |

1

WALDRON DECL. IN SUPP.
OF CH. 11 TRUSTEE'S OBJ.
TO COMMITTEE'S RULE 2004
MOTION

1    I, Mark D. Waldron, declare as follows:

2        1.    I submit this declaration in my official capacity as the duly-appointed

3    Chapter 11 Trustee in the bankruptcy case of the above-captioned debtor (the

4    "Debtor" or "Giga Watt") and in support of the *Chapter 11 Trustee's Objection to*

5    *Committee's Ex Parte Motion for Entry of an Order Pursuant to FRBP 2004*

6    *Authorizing Discovery Exam of Chapter 11 Trustee and Issuance of Subpoena*

7    *Duces Tecum Pursuant to FRCP [sic] 9016* (the "Objection"), filed herewith.

8    Unless otherwise defined herein capitalized terms have the meanings ascribed to

9    them in the Objection. The statements set forth herein are based on my

10   investigation of the Debtor's affairs, which is ongoing, and, except where

11   otherwise noted, are based on personal knowledge. If called as a witness, I would

12   and could competently testify thereto. When the pronoun "I" is used herein, it

13   refers to Mark D. Waldron in my official capacity as the Trustee working on

14   behalf of the estate, and not in any personal capacity.

15       2.    A true and correct copy of the Perkins Coie Protective Order is

16   attached to the Objection as Exhibit A. In August 2020, Perkins Coie LLP

17   produced documents (the "Perkins Coie Documents") to me pursuant to the terms

18   and protections of the Protective Order.

19       3.    On August 20, 2020, counsel for the Official Committee of

20   Unsecured Creditors (the "Committee") and I, with my counsel present, spoke on

21   the telephone. On this call, I told counsel for the Committee that I would produce

2

22   WALDRON DECL. IN SUPP.
23   OF CH. 11 TRUSTEE'S OBJ.
     TO COMMITTEE'S RULE 2004
24   MOTION

1 the Perkins Coie Documents pursuant to the terms of the Protective Order. In

2 correspondence received about an hour after the call, the Committee asked if I

3 would share the Perkins Coie Discovery with four law firms. "If not, could you

4 involve each of the above in coming up with the classes of documents you plan to

5 obtain in future 2004 exams?" A true and correct copy of the foregoing

6 correspondence is attached to the Objection as Exhibit B.

7       4.      As a courtesy to the Committee, I spoke with one of the four lawyers.

8 However, I did not agree to the Committee's request.

9       5.      On September 1, 2020, the Committee sent my counsel a draft

10 motion for a Rule 2004 exam that retreated from the demand to send documents to

11 four different law firms and instead asked for a broad set of documents relating to

12 the Trustee's litigation analyses. Six hours later, the Committee filed the Rule

13 2004 Motion.

14       To the best of my knowledge, I declare under penalty of perjury that the

15 foregoing is true and correct.

16       Executed this __4th__ day of September 2020 in Tacoma, Washington.

17

18       _____
        Mark D. Waldron, in his official capacity as Chapter 11
19       Trustee in the above-captioned case

20

21

22                                                    3
   WALDRON DECL. IN SUPP.
23 OF CH. 11 TRUSTEE'S OBJ.
   TO COMMITTEE'S RULE 2004
24 MOTION

4841-1608-4682, v. 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

1

23   CH. 11 TRUSTEE'S OBJECTION
     TO COMMITTEE'S RULE 2004 MOTION
24