BEN ELLISON, WSBA #48315
Email: salishsealegal@outlook.com
SALISH SEA LEGAL PLLC
2212 Queen Anne Avenue N., No. 719
Seattle, WA 98109
Telephone: (206) 257-9547
Attorney for Committee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

In re:
GIGA WATT, INC.
    Debtor.

18-03197-FPC11

REPLY IN SUPPORT OF COMMITTEE'S *EX PARTE* 2004 EXAM OF CHAPTER 11 TRUSTEE

### I. PRELIMINARY STATEMENT

The Chapter 11 Trustee has told the Committee that he does not intend to file a plan of reorganization. In light of this, the Committee must be allowed to move forward with obtaining the relevant information so that the Committee may present such plan of reorganization itself.

Central to this is obtaining the Trustee's litigation files and discovery, so that the Committee can arrange the employment of interested contingent-fee law firms to take on this work.

Under these circumstances, it makes no sense for the Trustee to not only refuse to move forward himself, but simultaneously block anyone else from moving forward. This is especially so when such cooperation is mandated by the Bankruptcy Code provisions relating to the rights of Committees.

## II.   ARGUMENT

On a call with the Committee on August 20, 2020,[1] the Chapter 11 Trustee offered to share certain documents relating to litigation with the Committee.

Nothing has been produced in the meantime on a voluntary basis.

Given that time is short, the Committee would now like to proceed forward, especially since whatever voluntary production might eventually be forthcoming may well be insufficient for the purposes of retaining contingent fee counsel.

## III.   ARGUMENT

While the Court arguably has discretion to deny a 2004 exam request, *In re Mitchell*, No. BR 18-40736-JMM, 2019 WL 1054715, at *5 (*may be limited to the extent that justice requires*), the Court should not deny a 2004 application that ensures compliance with the express terms of the Code, such as here.[2]  The Committee is entitled to the information and needs it so that the Committee can reasonably formulate a plan of reorganization.  The Trustee has to involve the Committee in plan preparation, and if he does not – as here – the Court should

---

[1] The Trustee has had a copy of the application for 2004 exam since August 17, 2020, and in no way would have been surprised by the present motions practice.  In the Opposition, the Trustee suggests he was made aware of the 2004 exam application only for the first time on September 1, 2020.

[2] 11 U.S.C. § 1103(c)(2 & 3) (the Committee may "*investigate the acts, conduct, assets, liabilities, and financial condition of the debtor ... and any other matter relevant to the case or to the formulation of a plan;………….. [or] participate in the formulation of a plan ...*")

compel such cooperation by granting the 2004 application.

This is especially so given that a motion to convert this case to Chapter 7 is currently pending. ECF No. 659. The UST has implied that if a plan of reorganization *were* presented, such motion could be withdrawn. Now if the Chapter 11 Trustee were on the verge of filing a plan, his refusal to cooperate with the Committee could in a way be explained in that it was unnecessary. However, that is not the case.

Finally, the Court should not allow the protective order, ECF No. 673, to trump the terms of 11 U.S.C. § 1103(c)(2 & 3). The plain language of the Protective Order allows third parties with relevant interests to access the documents. The Committee that could step into the shoes of the Trustee certainly qualifies.

But the Court can authorize access by simply granting the 2004 application. No one thought that when the Court granted the Perkins Coie protective order, that thereafter the Law Firm would be immune to having to provide discovery to any other party.

## IV. CONCLUSION

In order to potentially finalize their own confirmable Plan and Disclosure Statement, the Committee requests that the Court order the Trustee to share all legal memoranda and disclose relevant documents and evidence with the Committee, including any discovery that the Chapter 11 Trustee has already

3
REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR 2004 EXAM
18-03197-FPC7   Doc 697   Filed 09/04/20   Entered 09/04/20 15:56:26   Pg 3 of 5

obtained (or will obtain) from targets of such litigation, including but not limited to documents produced by Perkins Coie.

DATED this 4th day of September, 2020.

**SALISH SEA LEGAL PLLC**

By: /s/ *Benjamin A. Ellison*
Ben Ellison, WSBA No. 48315
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98125
Tel: (206) 257-9547