Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| | Chapter 11 |
| Debtor. | **TRUSTEE'S MOTION FOR ORDER ENLARGING TIME TO OPPOSE MOTION FOR APPROVAL OF CONDOMINIUM SALE** |
| | **Tele. Hearing on Principal Relief**<br>Date:  September 22, 2020<br>Time:  10:30 a.m. PT<br>Telephone:  509-353-3183 |

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "Trustee"), hereby moves (the "Rule 9006 Motion") the Court pursuant to 11 U.S.C. § 105, Rule 9006 of the Federal Rules of Bankruptcy Procedure and Rule 2002-1 of the Local Bankruptcy Rules of the above-captioned court for an Order, in the form attached hereto as Exhibit A, extending the time to object to the *Chapter 11 Trustee's Motion for Order: (i) Approving the Sale of Condominium,*

Chapter 11 Trustee's Motion
for Order Enlarging Time, etc. - Page 1

*(ii) Granting Authority to Pay All Closing Costs and (iii) Related Relief* (the "<u>Sale Motion</u>")[1] [Doc 678], filed on August 20, 2020. This Rule 9006 Motion is supported by the *Amendment and Supplement to Chapter 11 Trustee's Condominium Sale Motion* (the "<u>Addenda</u>"), and the declaration of Mark D. Waldron ("<u>Waldron Declaration</u>") in support of the Rule 9006 Motion, filed herewith.

By this Rule 9006 Motion, the Trustee respectfully requests that the Court extend by four days the deadline of interested parties to respond to the Sale Motion. The new deadline would be moved from Monday, September 14, 2020 to Friday, September 18, 2020. Objections to this Rule 9006 Motion would be due at the telephonic hearing on the Sale Motion, which is scheduled for Tuesday, September 22, 2020 at 10:30 a.m. PT.

Typically, a party asks to extend one's own deadline – not the deadline of other parties. However, here, the Trustee is asking to extend the deadline of interested parties to object to the Sale Motion. Pursuant to the Addenda, the date to close the Sale is extended from September 30, 2020 to October 30, 2020. *See* Addenda, Exhibit 1. Further, the Purchase Price of the Condo is reduced from $315,000 to $277,500. *See* Addenda, Exhibit 2.

As set forth in the Waldron Declaration, the Buyers have informed the Trustee that their prospective lender denied their financing application after learning of litigation between the Condo's Homeowners' Association and the

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

Chapter 11 Trustee's Motion
for Order Enlarging Time, etc. - Page 2

developer and after asserting certain construction defects in the Condo. The Buyers have applied for financing with a different lender but will only purchase the Condo for $277,500.

Before the Addenda, the sale would have triggered an administrative claim in favor of David Carlson of $25,000, pursuant to the Court-approved settlement with Carlson. Thus, the net price would have been approximately $290,000, excluding fees and taxes. (The administrative claim would have been paid *pro rata* with other administrative and therefore not necessarily in full.) The new price of $277,5000 does not trigger the administrative claim. Therefore, the net price reduction is approximately $13,500, excluding fees and taxes.

Pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedures, the Court may extend a deadline for cause "with or without motion or notice" so long as the request is made before the deadline has expired. Fed.R.Bank.P. 9006(b). In this case the deadline to object is currently set for September 14, 2020. It has not expired.

Extending the objection deadline while keeping the same hearing date would providing extra time for interested parties to consider these revisions while also allowing the estate to preserve the opportunity to close this Sale. The Trustee has not received a better offer and does not believe that keeping the Condo on the market will result in a higher price in light of the litigation and construction problems.

The bidding procedures will remain the same other than that the starting price will be $277,500.

Chapter 11 Trustee's Motion
for Order Enlarging Time, etc. - Page 3

The Trustee intends to serve upon the MML, notice ("Notice") of this Rule 9006 Motion and of the Addenda in substantially the form attached hereto as Exhibit A.

WHEREFORE, the Trustee requests entry of an Order;

1. Granting this Rule 9006 Motion;

2. Enlarging the time for interested parties to respond to the Sale Motion by four days – from September 14, 2020 to September 18, 2020;

3. Finding that the form and manner of Notice as proposed herein is proper and sufficient;

4. Granting such other and further relief as the Court deems appropriate.

Dated: September 10, 2020          POTOMAC LAW GROUP PLLC

By: */s/ Pamela M. Egan*
Pamela M. Egan (WSBA No. 54736)

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*
4848-4094-9706, v. 2