Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

1

2

3

4

5

6

7

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

8

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| | Chapter 11 |
| Debtor. | **DECLARATION OF MARK D. WALDRON IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER ENLARGING TIME TO OPPOSE MOTION FOR APPROVAL OF CONDOMINIUM SALE** |
| | **Tele. Hearing on Principal Relief**<br>Date: September 22, 2020<br>Time: 10:30 a.m. PT<br>Telephone: 509-353-3183 |

9

10

11

12

13

14

15

16

17

18

    I, Mark D. Waldron, declare as follows:

19

    1.    I submit this declaration in my capacity as the duly-appointed Chapter

20

11 Trustee in the bankruptcy case of the above-captioned debtor ("Debtor") and in

21

support of the *Trustee's Motion for Order Enlarging Time to Oppose Motion for*

22

*Approval of Condominium Sale* (the "Rule 9006 Motion"). Unless otherwise

23

Decl. of Mark D. Waldron in
Support of Chapter 11 Trustee's
Motion for Order Enlarging Time, etc. - Page 1

24

25

defined herein, capitalized terms have the meanings ascribed to them in the Rule 9006 Motion. The statements set forth herein are based on my investigation of the Debtor's affairs, which is ongoing, and, except where otherwise noted, are based on personal knowledge. If called as a witness, I would and could competently testify thereto. When the pronoun "I" is used herein, it refers to Mark D. Waldron in the official capacity as the Trustee working on behalf of the estate, and not in any personal capacity.

2. By the Rule 9006 Motion, I am respectfully requesting that the Court extend by four days the deadline of interested parties to respond to the Sale Motion. The new deadline would be moved from Monday, September 14, 2020 to Friday, September 18, 2020. Objections to this Rule 9006 Motion would be due at the telephonic hearing on the Sale Motion, which is scheduled for Tuesday, September 22, 2020 at 10:30 a.m. PT.

3. Pursuant to the Addenda filed herewith, the date to close the Sale is extended from September 30, 2020 to October 30, 2020. A true and correct copy of this change to the Agreement is attached to the Addenda as Exhibit 1. Further, the Purchase Price of the Condo is reduced from $315,000 to $277,500. A true and correct copy of this change to the Agreement is attached to the Addenda as Exhibit 2.

4. The bidding procedures will remain the same other than that the starting price is $277,500.

Decl. of Mark D. Waldron in
Support of Chapter 11 Trustee's
Motion for Order Enlarging Time, etc. - Page 2

1    5.    The Buyers have informed me that their prospective lender denied

2    their financing application after learning of litigation between the Condo's

3    Homeowners' Association and the developer and after asserting certain

4    construction defects in the Condo. The Buyers have since applied for financing

5    with a different lender, but will only purchase the Condo for $277,500.

6    6.    Before the Addenda, the sale would have triggered an administrative

7    claim in favor of David Carlson of $25,000, pursuant to the Court-approved

8    settlement with Carlson. Thus, the net price would have been approximately

9    $290,000, excluding fees and taxes. (The administrative claim would have been

10   paid *pro rata* with other administrative and therefore not necessarily in full.) The

11   new price of $277,5000 does not trigger the administrative claim. Therefore, the

12   net price reduction is approximately $13,500, excluding fees and taxes.

13   7.    In my judgment, extending the objection deadline while keeping the

14   same hearing date would providing extra time for interested parties to consider

15   these revisions while also allowing the estate to preserve the opportunity to close

16   this Sale. I have not received a better offer and I do not believe that keeping the

17   Condo on the market will result in a higher price in light of the litigation and

18   construction problems.

19   8.    I intend to serve upon the MML notice ("Notice") of the Rule 9006

20   Motion and of the Addenda in substantially the form attached to the Rule 9006

21   Motion as Exhibit A.

22

23   Decl. of Mark D. Waldron in
     Support of Chapter 11 Trustee's
24   Motion for Order Enlarging Time, etc. - Page 3

25

1       To the best of my knowledge, I declare under penalty of perjury that the

2  foregoing is true and correct.

3      Executed this _10_ day of September 2020 in Tacoma, Washington.

4

5

                        _____

6                   Mark D. Waldron, *in his official capacity as*
                   *Chapter 11 Trustee*

7

4831-1342-0746, v. 2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  Decl. of Mark D. Waldron in

24  Support of Chapter 11 Trustee's
    Motion for Order Enlarging Time, etc. - Page 4

25