UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, INC.

          Debtor.

18-03197-FPC11

COMMITTEE OF UNSECURED CREDITORS' OPPOSITION TO UNITED STATES TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7

## I.    PRELIMINARY STATEMENT

The United States Trustee ("UST") has moved to convert the present Chapter 11 case to a liquidation based on perceived administrative insolvency and delay in the Chapter 11 Trustee bringing forward a proposed plan of reorganization.

The Committee shares the UST's concerns and so has discussed internally potentially filing a plan of reorganization itself.[1]

---

[1] The Chapter 11 Trustee recently disclosed that he plans to no longer try to administer the case in Chapter 11. He supports conversion and does not intend to file a plan of reorganization or (footnote continued)

COMMITTEE RESPONSE TO UST MOTION TO CONVERT      1

## II. ARGUMENT

The key elements that such plan *should* provide would be concrete proposals as to how to implement contingent fee litigation against third-parties liable to the bankruptcy estate. Such litigation claims are the key remaining assets of Giga Watt, Inc.

Without formally identifying the specific post-confirmation legal counsel to take on the litigation, the terms of any particular plan will be so generic as to carry little weight for those considering how to vote on the Plan. As such, the Committee needs to obtain relevant litigation information in the custody of the Chapter 11 Trustee concerning such litigation assets and share such information with four law firms it has identified as willing to pursue the litigation(s). *Given that the Committee historically has shared its legal counsel with the Chapter 11 Trustee, it is hoped that the Trustee will not broadly assert attorney-client privilege as a bar to cooperating with the Committee.*

The Court held a hearing on compelling the Chapter 11 Trustee to share relevant litigation information with the Committee on September 11, 2020. Pursuant to the Court's Order, the Trustee will sit for a 2004 exam on September 17, 2020, after which time he will share responsive relevant information with the

---

otherwise oppose conversion.

COMMITTEE RESPONSE TO UST MOTION TO CONVERT 2

Committee in the service of providing due diligence to the law firms the Committee has identified.

In light of the Chapter 11 Trustee withholding information necessary to obtain concrete expressions of interest from post-confirmation litigation counsel, the Committee is unable to formulate a plan of reorganization at the present time. If the Chapter 11 Trustee reasonably shares such information in the next 2 weeks over an expedited schedule, it should be possible to present more information to the Court about the Committee's intentions *vel non* to file its own plan of reorganization prior to the upcoming hearing on the UST's motion to convert.

If damages in the ultimate Perkins Coie litigation are as large as the amount of money placed in escrow by the Tokenholders (in excess of $20 million), then there is no question that this estate is not administratively insolvent. The Chapter 11 Trustee should address this topic at the upcoming hearing. Given the amount of professional time taken examining this issue from his side, there must be an informed opinion on the value of the litigation claims.

**SALISH SEA LEGAL PLLC**

By: /s/ *Benjamin A. Ellison*
Ben Ellison, WSBA No. 48315
Jason E. Wax, WSBA No. 41944
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98125
Tel: (206) 257-9547