Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, Inc., a Washington corporation,

        Debtor.

Case No. 18-03197 FPC 11

The Honorable Frederick P. Corbit

Chapter 11

**MEMORANDUM IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR ORDER: (I) APPROVING THE SALE OF MOSES LAKE EQUIPMENT AND RELATED RELIEF, (II) APPROVING BID PROCEDURES, AND (III) SHORTENING TIME TO OBJECT**

<u>**Telephonic Hearing**</u>
Date: October 6, 2020
Time: 10:30 a.m.
Telephone: (509) 353-3183

Memorandum in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Moses Lake Equipment, etc.

# TABLE OF CONTENTS

I. BACKGROUND FACTS AND SALE DESCRIPTION ............................ 1

II. PROPOSED BID PROCEDURES............................................................ 2

III. PROPOSED SHORTENED NOTICE ...................................................... 3

IV. BANKRUPTCY CASE BACKGROUND .................................................. 3

V. JURISDICTION AND VENUE................................................................ 4

VI. POINTS AND AUTHORITIES................................................................. 4

    A. The Sale Is Authorized Pursuant to 11 U.S.C. § 363(b)(1) ................ 4

        1. *The ML Equipment Is Property of the Estate*.............................. 5

        2. *Sound Business Judgment Supports the Sale* ............................. 5

    B. The Bid Procedures Constitute an Appropriate Process to Obtain the Highest or Best Bid ............................................................................ 6

    C. The Sale Is Free and Clear of Any Lien, Claim or Interest ............... 8

    D. The Sale Is in Good Faith .................................................................. 10

    E. Cause Exists to Waive the Rule 6004 Stay ....................................... 10

    F. Cause Exists for Shortened Notice.................................................... 11

    G. The Form and Manner of Service of Notice Is Sufficient ................ 12

VII. CONCLUSION ....................................................................................... 12

Memorandum in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Moses Lake Equipment, etc.– Page i

18-03197-FPC7    Doc 721    Filed 09/23/20    Entered 09/23/20 13:33:54    Pg 2 of 16

# **TABLE OF AUTHORITIES**

## **Cases**

*Ewell v. Diebert (In re Ewell),*
   958 F.2d 276 (9th Cir. 1992) .................................................................. 10

*In re Claar Cellars LLC and RC Farms LLC,*
   2020 WL 1238924 (Bankr. E.D. Wash. Mar. 13, 2020) .............................. 5

*In re Equity Funding Corp. of Am.,*
   519 F.2d 1274 (9th Cir. 1975) .................................................................... 5

*In re Ernst Home Ctr., Inc.,*
   209 B.R. 974 (Bankr. W.D. Wash. 1997) .................................................. 5

*In re Filtercorp, Inc.,*
   163 F.3d 570 (9th Cir. 1998) .................................................................. 10

*In re Food Barn Stores, Inc.,*
   107 F.3d 558 (8th Cir. 1997) ...................................................................... 7

*In re Integrated Resources, Inc.,*
   147 B.R. 650 (S.D.N.Y. 1992) ............................................................. 6, 7

*In re Lady H Coal Co., Inc.,*
   193 B.R. 233 (Bankr. S.D. W. Va. 1996) .................................................. 8

*In re Lind,*
   2019 WL 2950167 (B.A.P. 9th Cir. July 8, 2019) .................................... 10

*In re Lionel Corp.,*
   722 F.2d 1063 (2nd Cir. 1983) .................................................................. 5

*In re Onouli-Kona Land Co.,*
   846 F.2d 1170 (9th Cir. 1988) ................................................................ 10

*Mission Prod. Holdings, Inc. v. Tempnology, LLC,*
   139 S. Ct. 1652, 203 L. Ed. 2d 876 (2019) ............................................... 5

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approving
Sale of Moses Lake Equipment, etc.– Page ii

**Statutes**

11 U.S.C. § 105 ............................................................................................... 4

11 U.S.C. § 363 ................................................................................ 4, 8, 9, 10

11 U.S.C. § 510 ............................................................................................... 9

28 U.S.C. § 157 ............................................................................................... 4

28 U.S.C. § 1334 ............................................................................................. 4

28 U.S.C. § 1409 ............................................................................................. 4

**Rules**

Fed.R.Bank.P. 2002 ............................................................................. 4, 11, 12

Fed.R.Bank.P. 6004 ................................................................................. 4, 11

Fed.R.Bank.P. 9006 ................................................................................. 4, 11

Fed.R.Bank.P. 9007 ........................................................................................ 4

Fed.R.Bank.P. 9014 ........................................................................................ 4

L.B.R. 2002-1 ..................................................................................... 4, 11, 12

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approving
Sale of Moses Lake Equipment, etc.– Page iii

18-03197-FPC7    Doc 721    Filed 09/23/20    Entered 09/23/20 13:33:54    Pg 4 of 16

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "Trustee"), hereby respectfully submits this memorandum in support of the *Chapter 11 Trustee's Motion for Order: (i) Approving the Sale of Moses Lake Equipment, (ii) Approving Bid Procedures and (iii) Granting Related Relief* (the "Motion").

## I. BACKGROUND FACTS AND SALE DESCRIPTION

On March 13, 2020, the Trustee shut down the above-captioned debtor's ("Debtor's") operations in Moses Lake, Washington (the "ML Facility"). Since then, the Trustee has negotiated three agreements that will allow the Trustee to vacate the ML Facility premises and return them to the landlords, Giga Plex, LLC and MLDC 1, LLC (the "ML Landlords") in an orderly and efficient manner.

The first agreement is with Allrise Financial Group, Inc. and Allrise IP Holding, Inc. ("Allrise"). Pursuant to the agreement with Allrise, Allrise will remove 100 miners from the ML Facility in exchange for a release of all claims. No timely objection to that motion has been received and the Trustee will submit an Order promptly.

The second agreement is with the ML Landlords. It provides, among other things, for the return of the premises to the ML Landlords after Allrise has removed the 100 miners and after the Buyer has removed the ML Equipment (defined and discussed below). The Trustee will shortly file a motion to approve the agreement with the ML Landlords.

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approving
Sale of Moses Lake Equipment, etc.– Page 1

18-03197-FPC7    Doc 721    Filed 09/23/20    Entered 09/23/20 13:33:54    Pg 5 of 16

The third agreement is the subject of this Motion. The Trustee has negotiated an agreement (the "Sale Agreement") with Chain Lodge 1, LLC, a Washington limited liability company ("Buyer") to sell ("Sale") certain equipment (the "ML Equipment") located at the Debtor's facility in Moses Lake, Washington (the "ML Facility"). The ML Equipment consists of certain used miners and computers as well as power supply units, power cables, power cords, servers and computer screens. The ML Equipment is more particularly described in Schedule 1 to the Sale Agreement. A true and correct copy of the Sale Agreement is attached to the Motion as Exhibit B.

The price for the ML Equipment is $42,000 (the "Purchase Price") to be paid within seven calendars days after entry of an Order approving the Sale. The Buyer has placed a $4,200 earnest money deposit with the Trustee, which will become nonrefundable and be applied to the earnest money deposit if the Sale is approved. If the Sale is not approved, the Purchase Price will be returned to the Buyer. Pursuant to the Sale, the Buyer is assuming the risk and burden of removing the ML Equipment from the ML Facility.

## II. PROPOSED BID PROCEDURES

The Sale is subject to overbidding. The Trustee proposes that overbids be received by the Trustee on or before October 4, 2020. They shall be sent to the Trustee by email at the address, mark@mwaldronlaw.com, with a copy simultaneously sent to the Trustee's counsel by email at the address, pegan@potomaclaw.com. To qualify as a bidder ("Qualified Bidder"), a proposed

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approving
Sale of Moses Lake Equipment, etc.– Page 2

18-03197-FPC7    Doc 721    Filed 09/23/20    Entered 09/23/20 13:33:54    Pg 6 of 16

bidder must establish that the bidder has the financial means to timely close the Sale. To qualify as a bid ("Qualified Bid"), a bid must include all the material terms of the Sale Agreement, except for the increased purchase price. The Trustee will determine in his discretion and business judgment, subject to Court review, whether a bidder is a Qualified Bidder and whether a bid is a Qualified Bid.

The initial overbid must exceed the Purchase Price (which is $42,000) by not less than $5,000. Subsequent overbids must be in minimum increments of $5,000. If the Trustee receives one or more Qualified Bids, then the Qualified Bidder(s) and the Buyer may continue to bid at the hearing in minimum increments of $5,000, until a winning bid is obtained. No break-up fee is proposed. EcoChain, Inc. has expressed an interest in submitting an overbid.

### III. PROPOSED SHORTENED NOTICE

The Trustee respectfully requests that the Court allow the matter to be heard on October 6, 2020 at 10:30 a.m. Objections to the principal relief requested herein, i.e., approval of the Sale and Bidding Projections, would be due on October 2, 2020. Objections to the request for shortened notice would be due at the hearing on October 6, 2020 at 10:30 a.m.

### IV. BANKRUPTCY CASE BACKGROUND

On November 19, 2018, Giga Watt, Inc. commenced this case by filing a voluntary petition for relief pursuant to sections 101, *et seq.* of title 11 of the United States Code ("Bankruptcy Code").

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approving
Sale of Moses Lake Equipment, etc.– Page 3

18-03197-FPC7    Doc 721    Filed 09/23/20    Entered 09/23/20 13:33:54    Pg 7 of 16

On January 23, 2019, the Court approved the appointment of Mark D. Waldron as the Trustee pursuant to its *Order Approving Appointment of Chapter 11 Trustee.* [Doc. No. 146]

On March 13, 2020, the Trustee shut down the Debtor's operations at its facility in Moses Lake, Washington ("ML Facility"). The Trustee has negotiated a settlement with the ML Facility landlords ("ML Landlords"), pursuant to which the Trustee will return the ML Facility premises to the ML Landlords. A motion to approve this settlement with the ML Landlords will be filed separately.

## V. JURISDICTION AND VENUE

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1409.

The statutory predicates for the relief requested in the Sale Motion are 11 U.S.C. § 105, 11 U.S.C. § 363, Fed.R.Bank.P. 2002(a)(2), Fed.R.Bank.P. 6004(a), (b), (c), (e), (f) and (h), Fed.R.Bank.P 9006(c), Fed.R.Bank.P. 9007, Fed.R.Bank.P. 9014 and L.B.R. 2002-1.

## VI. POINTS AND AUTHORITIES

**A. The Sale Is Authorized Pursuant to 11 U.S.C. § 363(b)(1)**

Under section 363(b)(1) of the Bankruptcy Code, the Trustee may use, sell, or lease property of the estate, other than in the ordinary course of its business. 11 U.S.C. § 363. The decision to enter into a transaction that is outside the ordinary course of the debtor's business must be based on the Trustee's reasonable business

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approving
Sale of Moses Lake Equipment, etc.– Page 4

18-03197-FPC7    Doc 721    Filed 09/23/20    Entered 09/23/20 13:33:54    Pg 8 of 16

judgment and supported by "some articulated business justification." *In re Ernst Home Ctr., Inc.*, 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997) (quoting *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2nd Cir. 1983)). The standard is deferential. *See In re Claar Cellars LLC and RC Farms LLC*, 2020 WL 1238924, at *4 (Bankr. E.D. Wash. Mar. 13, 2020) (describing the business judgment standard as a "deferential" standard pursuant to which a "bankruptcy court will generally approve' a reasoned decision by the debtor.").[1]

### 1. The ML Equipment Is Property of the Estate

Shortly after his appointment in January 2019, the Trustee inspected the Debtor's facilities in Moses Lake, Washington, and East Wenatchee, Washington. The Trustee found various equipment, including miners, electrical gear and various computers in these facilities. Based on his investigation, including interviews with former employees of the Debtor who have personal knowledge, the Trustee has determined that the Debtor owned the ML Equipment.

### 2. Sound Business Judgment Supports the Sale

A court may approve a section 363 sale if the sale is based upon "some articulated business justification." *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2nd Cir. 1983). *See In re Metropolitan Mortgage & Securities Co., Inc.,* 2019 WL

---

[1] Citing and quoting, *In re Equity Funding Corp. of Am.*, 519 F.2d 1274, 1277 (9th Cir. 1975); *Ernst Home Ctr., Inc.*, 209 B.R. at 979-80, and *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1658, 203 L. Ed. 2d 876 (2019).

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approving
Sale of Moses Lake Equipment, etc.– Page 5

7018891, at *3 (Bankr. E.D. Wash. 2019) (approving section 363 sale, Court found that sound business judgment supported sale).

The Trustee has contacted several potential buyers regarding the sale of the ML Equipment. EcoChain, Inc., the purchaser of the Debtor's former facility in East Wenatchee, Washington (referred to in this case as the TNT Facility) has offered to pay $15,000 for the ML Equipment. The Buyer's offer is $42,000, nearly three times more. The Buyer has agreed to remove the ML Equipment from the ML Facility at Buyer's expense. The Trustee is informed that the cost of removal could exceed $10,000. By removing the ML Equipment, the Trustee will accomplish a major step toward returning the ML Facility to the ML Landlords. In addition, the Sale Agreement is subject to overbidding which will ensure that optimal value is being recovered under the circumstances. EcoChain, Inc. has expressed an interest in submitting an overbid.

The foregoing shows that the Sale Agreement is supported by sound business judgment and will benefit the estate.

**B.     The Bid Procedures Constitute an Appropriate Process to Obtain the Highest or Best Bid**

The Trustee requests that the Court approve the Bid Procedures. A trustee's business judgment is entitled to substantial deference with respect to the procedures to be used in selling an estate's assets. *See In re Integrated Resources, Inc.*, 147 B.R. 650, 656-7 (S.D.N.Y. 1992) (bid procedures negotiated by a trustee

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approving
Sale of Moses Lake Equipment, etc.– Page 6

18-03197-FPC7    Doc 721    Filed 09/23/20    Entered 09/23/20 13:33:54    Pg 10 of 16

are reviewed according to the deferential "business judgment" standard, under which such procedures and arrangements are "presumptively valid").

The paramount goal in any proposed sale of property of the estate is to maximize proceeds. *See In re Food Barn Stores, Inc.,* 107 F.3d 558, 564-65 (8th Cir. 1997) (In bankruptcy cases, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *Integrated Resources,* 147 B.R. at 659 ("[I]t is a well-established principle of bankruptcy law that the objective of the bankruptcy rules and the trustee's duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (internal citations omitted).

As discussed above, in the Trustee's reasonable business judgment, the Bid Procedures will maximize the amount that the estate can recover for the ML Equipment. The Bid Procedures provide a fair opportunity for overbids. They will ensure that any competing bids are made on terms which permit ready comparison and analysis of which bid is a higher and better offer. Interested bidders will have until October 2, 2020 to submit their bids. If a Qualified Bid is received, then additional bids by the Buyer and Qualified Bidder may be submitted at the hearing.

In sum, the Bid Procedures are appropriate, reasonable and designed to ensure the most robust auction process possible for the ML Equipment.

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approving
Sale of Moses Lake Equipment, etc.– Page 7

### C. The Sale Is Free and Clear of Any Lien, Claim or Interest

Section 363(f) allows the Chapter 11 Trustee to sell property of the estate free and clear of interests that are "in bona fide dispute," 11 U.S.C. § 363(f)(4), or where the asserted interest holder "could be compelled, in a legal or equitable proceeding, to accept a monetary satisfaction of such interest." 11 U.S.C. § 363(f)(5). The claim does not have to be paid to satisfy section 363(f). *See In re Lady H Coal Co., Inc.,* 193 B.R. 233, 247–48 (Bankr. S.D. W. Va. 1996) (referring to "hypothetical" satisfaction under (f)(5), since the subsection uses "could be" compelled and not "must be" or "shall be" compelled).

The Trustee is aware of Jun Dam's claim to the Debtor's assets. Further, the ad hoc Creditors' Committee of WTT Token Holders and Minders (the "WTT Token Committee") filed an administrative claim (the "WTT Token Committee Claim") seeking essentially administrative rent for the Trustee's operation of the Debtor's facilities for the benefit of the estate. [Doc 547].

These claims are in *bona fide* dispute. Jun Dam's claim and the WTT Token Committee Claim arise from the rescission or purchase of a security of the Debtor or Debtor's affiliate. The WTT Token Committee has argued that the miner purchases were separate from the purchase of tokens. However, the WTT Token Committee Claim and supporting documents show that the purchase of miners was integral to the purchase of tokens. With limited exceptions that do not apply

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approving
Sale of Moses Lake Equipment, etc.– Page 8

18-03197-FPC7    Doc 721    Filed 09/23/20    Entered 09/23/20 13:33:54    Pg 12 of 16

here,[2] after the ICO, no one could mine at Giga Watt without tokens. Therefore, the claims regarding miners cannot be separated from the token claims and both claims arise from the purchase of a security. Pursuant to section 510(b), Jun Dam and the WTT Token Committee members have claims that are subject to mandatory subordination. 11 U.S.C. § 510(b). They do not have any claim, lien or interest in the ML Equipment. Further, all the miners subject to the Sale are labeled, "Property of Giga Watt, Inc.," and have been so labelled since before the Trustee was appointed. The foregoing is sufficient to raise a *bona fide* dispute and allow the Sale to proceed free and clear of these claims.

The Motion can be approved without a *bona fide* dispute because each party who might assert an interest in the ML Equipment has filed a proof of claim in this case asking for payment of money. Therefore, these claimants could be compelled to accept a monetary satisfaction and their claims satisfy section 363(f)(5) of the Bankruptcy Code. 11 U.S.C. § 363.

For all the foregoing reasons, the Sale can be approved free and clear of all claims, liens and interests.

[*This memorandum continues on the next page.*]

---

[2] The exceptions are: (1) the sale of Pod 1 to Allrise Financial Group, Inc., and Allrise IP Holding, Inc.; (2) the sale of Pod 8 to EcoDiversified Holdings, Inc.; and (3) possibly the use of one pod at the Pangborn site by Trevin Vaughn d/b/a Red Team Investments, Inc.

Memorandum in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Moses Lake Equipment, etc.– Page 9

### D. The Sale Is in Good Faith

The Trustee requests a finding that the Agreement is made in good faith pursuant to 11 U.S.C. § 363(m). Under § 363(m) of the Bankruptcy Code:

> [w]hen a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal.

*In re Filtercorp, Inc.,* 163 F.3d 570, 576 (9th Cir. 1998).

A good faith buyer "is one who buys 'in good faith' and 'for value.'" *Ewell v. Diebert (In re Ewell),* 958 F.2d 276, 281 (9th Cir. 1992). The analysis is holistic and does not depend on any one factor. *See also In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1174 (9th Cir. 1988) ("Ninth Circuit authority . . . does not make good faith depend on 'value' . . . ."); *accord In re Lind,* 2019 WL 2950167, at *4 (B.A.P. 9th Cir. July 8, 2019) ("[A] a good faith finding does not turn on the purchase price in isolation."). The Sale Agreement was negotiated at arm's length. The Buyer is not an insider of the Debtor and is disinterested. The foregoing is sufficient to find that the Sale and the Agreement are made in good faith.

If another party wins the bidding, then the Trustee requests the opportunity to present evidence regarding good faith with respect to the winning bidder.

### E. Cause Exists to Waive the Rule 6004 Stay

Time is of the essence. This Sale will allow the Trustee to vacate the premises at the ML Facility. The ML Landlord is understandably anxious to re-let the premises. The sooner the Sale can close, the sooner the Trustee can return the premises to the ML Landlord. Furthermore, it would be more efficient and safer

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approving
Sale of Moses Lake Equipment, etc.– Page 10

18-03197-FPC7    Doc 721    Filed 09/23/20    Entered 09/23/20 13:33:54    Pg 14 of 16

for the ML Equipment to be removed before the cold weather, ice and snow commence.

The foregoing establishes cause to waive the Rule 6004 stay and allow the Order approving the Sale to be effective immediately. Fed.R.Bank.P. 6004(h).

### F. Cause Exists for Shortened Notice

Rule 9006(c)(1) allows the Court to reduce the period for objecting to the Motion. Fed.R.Bank.P. 9006(c)(1). *See also* Fed.R.Bank.P. 2002(a)(2) (A court may "for cause shown" shorten the time to object to a proposed sale of property). *Accord* L.B.R. 2002-1(c)(2).

Cause exists to shorten notice. It will be less expensive and safer if the Buyer can remove the ML Equipment before the cold weather commences. Also, pursuant to the Sale, the Buyer assumes the cost and responsibility of removing the ML Equipment from the ML Facility. This removal of equipment greatly facilitates the return of the premises to the ML Landlords, who have informed the Trustee that they are anxious to recover the premises and re-let them. As set forth above, the Trustee has entered into a separate agreement with the ML Landlords, subject to Court approval, resolving all outstanding issues between the estate and the ML Landlords, and facilitating the orderly and efficient return of the ML Facility to the ML Landlords. Selling the ML Equipment is an integral part of returning the premises to the ML Landlords.

Memorandum in Support of Chapter 11
Trustee's Motion for Order: (i) Approving
Sale of Moses Lake Equipment, etc.– Page 11

18-03197-FPC7    Doc 721    Filed 09/23/20    Entered 09/23/20 13:33:54    Pg 15 of 16

### G. The Form and Manner of Service of Notice Is Sufficient

The Trustee is serving the Notice on the Master Mailing List on Tuesday, September 22, 2020. A copy of the Notice is attached to the Motion as <u>Exhibit C</u>. The Notice describes the Sale, Bid Procedures, and the reasons for shortened notice. It otherwise complies with Fed.R.Bank.P. 2002(c)(1) and L.B.R. 2002-1.

Based on the foregoing, the form and manner of service of the Notice is sufficient.

### VII. CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an Order:

1. Granting the Motion;
2. Approving the Sale Agreement;
3. Authorizing the Trustee to enter into and perform pursuant to the Sale Agreement or on such terms as are not less favorable to the estate than the Sale Agreement's terms;
4. Approving the form and manner of service of the Notice; and
5. Granting such other and further relief as the Court deems necessary and just.

Dated: September 23, 2020     POTOMAC LAW GROUP PLLC

By:     */s/ Pamela M. Egan*
       Pamela M. Egan (WSBA No. 54736)

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

Memorandum in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Moses Lake Equipment, etc.– Page 12

18-03197-FPC7   Doc 721   Filed 09/23/20   Entered 09/23/20 13:33:54   Pg 16 of 16