Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

Attorneys for Mark D. Waldron, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, Inc., a Washington corporation,

Debtor.

Case No. 18-03197 FPC 11

The Honorable Frederick P. Corbit

Chapter 11

**DECLARATION OF MARK D. WALDRON IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR ORDER: (I) APPROVING THE SALE OF MOSES LAKE EQUIPMENT AND RELATED RELIEF, (II) APPROVING BID PROCEDURES, AND (III) SHORTENING TIME TO OBJECT**

<u>Telephonic Hearing</u>
Date: October 6, 2020
Time: 10:30 a.m.
Telephone: (509) 353-3183

Waldron Declaration in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Moses Lake Equipment, etc.

I, Mark D. Waldron, declare as follows:

1. I submit this declaration in my official capacity as the duly-appointed Chapter 11 Trustee (the "Trustee") in the above-captioned bankruptcy case and in support of the *Chapter 11 Trustee's Motion for Order: (i) Approving the Sale of Moses Lake Equipment, (ii) Approving Bid Procedures and (iii) Granting Related Relief* (the "Motion"), which I have read and approved. The statements set forth herein are based on my investigation of the affairs of the above-captioned debtor (the "Debtor"), which is ongoing, and, except where otherwise noted, are based on personal knowledge. If called as a witness, I would and could competently testify thereto.

2. Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

3. As background, I shut down the Debtor's operations in Moses Lake, Washington (the "ML Facility") on March 13, 2020. Since then, I have negotiated three agreements that will allow me to vacate the ML Facility premises and return them to the landlords, Giga Plex, LLC and MLDC 1, LLC (the "ML Landlords") in an orderly and efficient manner.

4. The first agreement is with Allrise Financial Group, Inc. and Allrise IP Holding, Inc. (collectively, "Allrise"). Pursuant to this agreement, Allrise will remove 100 miners from the ML Facility in exchange for a release of all claims. No timely objection to that motion has been received and I will submit an Order promptly.

Waldron Declaration in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Moses Lake Equipment, etc.– Page 2

18-03197-FPC7    Doc 722    Filed 09/23/20    Entered 09/23/20 13:35:40    Pg 2 of 7

5. The second agreement is with the ML Landlords. It provides, among other things, for the return of the premises to the ML Landlords after Allrise has removed the 100 miners and after the Buyer has removed the ML Equipment (defined and discussed below). I will shortly file a motion to approve the agreement with the ML Landlords.

6. The third agreement is the subject of this Motion. I have negotiated an agreement (the "Sale Agreement") with Chain Lodge 1, LLC, a Washington limited liability company ("Buyer") to sell ("Sale") certain equipment (the "ML Equipment") located at the Debtor's facility in Moses Lake, Washington (the "ML Facility"). The ML Equipment consists of certain used miners and computers as well as power supply units, power cables, power cords, servers and computer screens. The ML Equipment is more particularly described in Schedule 1 to the Sale Agreement. A true and correct copy of the Sale Agreement is attached to the Motion as Exhibit B.

7. The price for the ML Equipment is $42,000 (the "Purchase Price") to be paid within seven calendars days after entry of an Order approving the Sale. The Buyer has placed a $4,200 earnest money deposit with me, which will become nonrefundable and be applied to the Purchase Price if the Sale is approved. If the Sale is not approved, the earnest money deposit will be returned to the Buyer. Pursuant to the Sale, the Buyer is assuming the risk and burden of removing the ML Equipment from the ML Facility.

Waldron Declaration in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Moses Lake Equipment, etc.– Page 3

8. The Sale is subject to overbidding as follows: overbids to be received by my office on or before October 4, 2020 by email at the address, mark@mwaldronlaw.com, with a copy simultaneously sent to my counsel at pegan@potomaclaw.com. To qualify as a bidder ("Qualified Bidder"), a proposed bidder must establish that the bidder has the financial means to timely close the Sale. To qualify as a bid ("Qualified Bid"), a bid must include all the material terms of the Sale Agreement, except for the increased purchase price. Pursuant to the proposed Bid Procedures, I will determine in my discretion and business judgment, subject to Court review, whether a bidder is a Qualified Bidder and whether a bid is a Qualified Bid.

9. The initial overbid must exceed the Purchase Price (which is $42,000) by not less than $5,000. Subsequent overbids must be in minimum increments of $5,000. If my office timely receives one or more Qualified Bids, then the Qualified Bidder(s) and the Buyer may continue to bid at the hearing in minimum increments of $5,000, until a winning bid is obtained. No break-up fee is proposed.

10. Shortly after my appointment in January 2019, I inspected the Debtor's facilities in Moses Lake, Washington, and East Wenatchee, Washington. I found various equipment, including miners, electrical gear and various computers in these facilities. Based on my investigation, including interviews with former employees of the Debtor who have personal knowledge, I have determined that the Debtor owns the ML Equipment and that it is property of the estate.

Waldron Declaration in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Moses Lake Equipment, etc.– Page 4

18-03197-FPC7    Doc 722    Filed 09/23/20    Entered 09/23/20 13:35:40    Pg 4 of 7

11. I have contacted several potential buyers regarding the sale of the ML Equipment. EcoChain, Inc., the purchaser of the Debtor's former facility in East Wenatchee, Washington (referred to in this case as the TNT Facility) has offered to pay $15,000 for the ML Equipment. The Buyer's offer is $42,000, nearly three times more. The Buyer has agreed to remove the ML Equipment from the ML Facility at Buyer's expense. I am informed that the cost of removal could exceed $10,000. Removing the ML Equipment will complete a major step toward returning the ML Facility premises to the ML Landlords, pursuant to an agreement that I have separately negotiated and am separately bringing to the Court for approval. EcoChain, Inc. has expressed an interest in submitting an overbid.

12. In my judgment, the Bid Procedures will maximize the amount that the estate can recover for the ML Equipment. I also believe the Bid Procedures provide a fair opportunity for overbids. They will ensure that any competing bids are made on terms which permit ready comparison and analysis of which bid is a higher and better offer. Interested bidders will have until October 2, 2020 to submit their bids. If a Qualified Bid is received, then additional bids by the Buyer and Qualified Bidder may be submitted at the hearing.

13. With respect to the request to sell the ML Equipment free and clear of all liens, claims, and interests, I am aware of Jun Dam's claim to the Debtor's assets. Further, the ad hoc Creditors' Committee of WTT Token Holders and Miners (the "<u>WTT Token Committee</u>") have filed an administrative claim (the

Waldron Declaration in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Moses Lake Equipment, etc.– Page 5

"WTT Token Committee Claim") for essentially administrative rent for the estate's use of the Debtor's facilities. [Doc 547].

14. I dispute these claims on the grounds set forth in the memorandum filed in support of the Motion. The WTT Token Committee Claim and supporting documents show that all miners purchased by WTT Token Committee members were purchased in conjunction with the purchase of tokens. In fact, with limited exceptions that do not apply here and as described in the Memorandum, unless one owned or rented token, one could not mine at Giga Watt. Further, all the miners subject to the Sale are labeled, "Property of Giga Watt, Inc.," and have been so labelled since before I was appointed.

15. Each party who might assert an interest in the ML Equipment has filed a proof of claim in this case asking for payment of money. Therefore, these claimants could be compelled to accept a monetary satisfaction and their claims satisfy section 363(f)(5) of the Bankruptcy Code.

16. Regarding good faith, the Sale Agreement was negotiated at arm's length. The Buyer is not an insider of the Debtor and is disinterested.

17. With respect to the Rule 6004 waiver and the request to shorten time, time is of the essence. First, when the cold weather approaches, it will become more difficult for the Buyer to remove the ML Equipment. Further, the removal of equipment facilitates the return of the premises to the ML Landlords. The ML Landlords have informed me that they are anxious to recover the premises and re-

Waldron Declaration in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Moses Lake Equipment, etc.– Page 6

18-03197-FPC7    Doc 722    Filed 09/23/20    Entered 09/23/20 13:35:40    Pg 6 of 7

let them. Selling the ML Equipment is an integral part of returning the premises to the ML Landlords.

18. I am serving the Notice on the Master Mailing List on Wednesday, September 23, 2020. A true and correct copy of the Notice is attached to the Motion as <u>Exhibit C</u>.

To the best of my knowledge, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of September 2020 in Tacoma, Washington.

_____
Mark D. Waldron, in his official capacity as Chapter 11 Trustee in the above-captioned case

Waldron Declaration in Support of Chapter 11 Trustee's Motion for Order: (i) Approving Sale of Moses Lake Equipment, etc.– Page 7