Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Avenue W.
Seattle, Washington 98119
Telephone: (415) 297-0132
Facsimile: (202) 318-7707
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>           Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>**MEMORANDUM IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR ORDER (I) APPROVING ML AND EDH SETTLEMENT AND GRANTING RELATED RELIEF AND (II) SHORTENING TIME THEREON** |

Memorandum in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc.

# TABLE OF CONTENTS

I. BACKGROUND FACTS ................................................................... 1

II. BANKRUPTCY EVENTS ................................................................ 2

III. DISPUTE AND RESOLUTION ....................................................... 2

IV. POINTS AND AUTHORITIES ........................................................ 4

    A. Standard for Approving a Settlement ................................... 4

    B. The Settlement Agreement Meets Each of the *A & C Properties* Factors ........................................................................................ 5

        1. Probability of Success on the Merits Is Uncertain ......... 5

        2. Collectability Weighs in Favor of Settlement ................ 6

        3. The Litigation Would Be Complex, Expensive, Inconvenient and Would Cause Delay ......................................................... 6

        4. The Settlement Serves the Paramount Interest of the Creditors and Provides Proper Deference to Their Reasonable Views ................ 6

    C. The Settlement Is An Exercise of Sound Business Judgment ........... 7

    D. Waiver of Fourteen-Day Stay and Shortened Time ........................... 8

V. NOTICE ......................................................................................... 9

VI. CONCLUSION ............................................................................. 9

Memorandum in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc. - Page i

18-03197-FPC7     Doc 725     Filed 09/23/20     Entered 09/23/20 13:43:59     Pg 2 of 13

# TABLE OF AUTHORITIES

Page(s)

CASES

*In re Claar Cellars LLC and RC Farms LLC*, 2020 WL 1238924 (Bankr. E.D. Wash. Mar. 13, 2020) .................................................................................................. 8

*In re Equity Funding Corporation of America,* 519 F.2d 1274 (9th Cir. 1975) ..... 8

*In re Ernst Home Ctr., Inc.*, 209 B.R. 974 (Bankr. W.D. Wash. 1997) .............. 7, 8

*In re Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128 (8th Cir. 1984) (citations omitted), *cert. denied*, 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985)) ........................................................................................... 5

*In re Johnston*, 49 F.3d 538 (9th Cir. 1995) ............................................................ 5

*In re Lionel Corp.*, 722 F.2d 1063 (2nd Cir. 1983) ................................................. 7

*In re Schmitt,* 215 B.R. 417 (B.A.P. 9th Cir. 1997) ................................................ 5

*Mission Products Holdings, Inc. v. Tempnology,* LLC, 139 S. Ct. 1652, 203 L. Ed. 2d 876 (2019) ......................................................................................................... 8

STATUTES

11 U.S.C. § 105 ......................................................................................................... 1

11 U.S.C. § 363 ..................................................................................................... 1, 7

11 U.S.C. § 554 ......................................................................................................... 5

Memorandum in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc.  - Page ii

18-03197-FPC7    Doc 725    Filed 09/23/20    Entered 09/23/20 13:43:59    Pg 3 of 13

<u>Rules</u>

Fed. R. Bankr. P. 9019 .................................................................................... 4

Fed.R.Bank.P. 2002 ...................................................................................... 1

Fed.R.Bankr.P. 6004 ................................................................................. 1, 8

Fed.R.Bankr.P. 9019 ................................................................................. 1, 4

L.B.R. 2002-1 ............................................................................................ 1, 9

L.B.R. 6004-1 ................................................................................................ 1

L.B.R. 9019-1 ............................................................................................ 1, 9

Memorandum in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc.  - Page iii

18-03197-FPC7    Doc 725    Filed 09/23/20    Entered 09/23/20 13:43:59    Pg 4 of 13

Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "Trustee") in the above-captioned case hereby respectfully submits this memorandum in support of the *Chapter 11 Trustee's Motion for Order (i) Approving ML and EDH Settlement and Granting Related Relief and (ii) Shortening Time Thereon* (the "Motion"), filed herewith.

The Trustee brings the Motion pursuant to 11 U.S.C. §§ 105 and 363, Fed.R.Bank.P. 2002, 6004, and 9019 and L.B.R. 2002-1, 6004-1, and 9019-1. In support of the Motion, the Trustee respectfully avers:

## I. BACKGROUND FACTS

In 2017 and 2018, Giga Watt, Inc. ("Giga Watt" or "Debtor") expanded its operations at the ML Facility by building eight (8) sheds, known as Giga Pods or Pods. The Allrise Financial Group, Inc. and Allrise IP Holding, Inc. ("Allrise") purchased one of the pods, Pod 1, and sublet the underlying ground from the Debtor. EcoDiversified Holdings, Inc. ("Diversified") purchased Pod 8 and sublet the underlying ground from the Debtor.[1] Giga Watt operated the remaining six Pods as well as a datacenter located on the premises. Giga Watt's rent obligation at the ML Facility was greater than $60,000 per month. This rent obligation excluded the cost of electricity which the landlords for the ML Facility (the "ML Landlords") billed separately.

---

[1] A third pod, located at the Debtor's site near the Pangborn airport in East Wenatchee, WA, may have been operated by Red Team Investments, Inc.

Memorandum in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc. - Page 1

## II. BANKRUPTCY EVENTS

On November 19, 2018 (the "Petition Date"), Giga Watt commenced this case by filing a voluntary petition for relief pursuant to sections 101, *et seq.* of title 11 of the United States Code (the "Bankruptcy Code"). After the Petition Date, management did not report its post-petition revenues despite the fact that Giga Watt continued to operate until mid-January 2019. Those revenues are unaccounted for and management has fled.

On January 23, 2019, the Court approved the appointment of Mark D. Waldron as the Trustee pursuant to its *Order Approving Appointment of Chapter 11 Trustee* [Docket. No. 146].

After the Petition Date, the Court entered a series of Orders pursuant to which the Trustee operated the ML Facility. Those Orders are specifically described in the Recitals of the Settlement Agreement, attached to the Motion as Exhibit B.

The Grant County Public Utility District has raised electrical rates for cryptocurrency miners to the point that crypto-mining in Grant County, Washington is not profitable. On March 13, 2020, the Trustee shut down operations at the ML Facility because operations were not profitable.

## III. DISPUTE AND RESOLUTION

The ML Landlords have asserted that the estate owes them the sum of $1,156,764.03 in administrative rent, unpaid post-petition electricity bills, and

Memorandum in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc. - Page 2

18-03197-FPC7    Doc 725    Filed 09/23/20    Entered 09/23/20 13:43:59    Pg 6 of 13

fees, including the Minimum Charge. The Trustee disputes this assertion. In particular, the Trustee contests a significant set of charges related to a "power pathway." Nonetheless, the Trustee concedes that the premises have not been vacated.

This settlement is related to two other agreements that the Trustee has entered into with the common aim of returning the ML Facility premises to the ML Landlords in an efficient and orderly manner. The first agreement is with Allrise, pursuant to which the Trustee will abandon Pod 1 of the ML Facility and allow Allrise to remove 100 miners from the ML Facility. No timely objection to the motion for approval of this settlement has been served and the Trustee will upload an Order approving that settlement shortly. The second agreement provides for the sale of equipment (the "ML Equipment") that the ML Landlords agree belongs to the estate and that is located at the ML Facility.

Pursuant to the agreement that is the subject of this Motion, the estate will satisfy all the ML Landlords' claims against the estate by paying on an administrative basis the sum of $169,128.43 (the "Settlement Payment"). Diversified is making a payment to the ML Landlords in the amount of $19,128.43. The Trustee will abandon the six Giga Pods and any equipment that is not transferred or sold pursuant to the agreements with Allrise and with the buyer of the ML Equipment.

Memorandum in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc. - Page 3

18-03197-FPC7    Doc 725    Filed 09/23/20    Entered 09/23/20 13:43:59    Pg 7 of 13

The leases between the Debtor and the ML Landlords will be deemed rejected as of March 13, 2020 and all the agreements between the Debtor, the ML Landlords, and Diversified that the Court approved will be deemed terminated as of March 13, 2020.

All the parties are granting each other full mutual releases.

## IV. POINTS AND AUTHORITIES

### A. Standard for Approving a Settlement

Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019. To be approved, the settlement should be in the best interests of the estate and "reasonable, given the particular circumstances of the case." *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). While a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter, the Trustee "has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved." *Id.*

In determining the "fairness, reasonableness and adequacy" of a proposed compromise, a bankruptcy court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the

Memorandum in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc. - Page 4

18-03197-FPC7    Doc 725    Filed 09/23/20    Entered 09/23/20 13:43:59    Pg 8 of 13

creditors and a proper deference to their reasonable
views in the premises.

*A & C Props.*, 784 F.2d at 1381 (quoting *In re Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984) (citations omitted), *cert. denied*, 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985)). "When assessing a compromise, courts need not rule upon disputed facts and questions of law, but rather only canvass the issues." *In re Schmitt,* 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997).

The Trustee has determined that the Giga Pods located at the ML Facility (other than Pod 1 and Pod 8 which are owned by third parties) are of inconsequential value and benefit to the estate and that they should be abandoned. 11 U.S.C. § 554. *Accord In re Johnston*, 49 F.3d 538, 540 (9th Cir. 1995). The Giga Pods cannot be moved without using a crane or other heavy equipment. The Trustee has nowhere to put them. They are too specialized to be used outside of cryptocurrency mining and cannot economically be repurposed. For example, an entire wall of each Giga Pod has holes in it for fans. They have no running water or heat. The foregoing justifies abandonment, regardless of the settlement.

### B. The Settlement Agreement Meets Each of the *A & C Properties* Factors.

#### 1. *Probability of Success on the Merits Is Uncertain.*

If rent accrued at the amount provided by the leases with the ML Landlords, then the amount owed since March 13, 2020 would be more than $600,000. The

Memorandum in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc. - Page 5

18-03197-FPC7    Doc 725    Filed 09/23/20    Entered 09/23/20 13:43:59    Pg 9 of 13

Trustee also acknowledges unpaid post-petition electricity fees that accrued before March 13, 2020.

Therefore, the probability of success factor weighs in favor of the settlement.

### 2. *Collectability Weighs in Favor of Settlement.*

The estate would be the defendant in any proceedings. Therefore, collectability does not apply.

### 3. *The Litigation Would Be Complex, Expensive, Inconvenient and Would Cause Delay.*

The ML Landlords have asserted a significant set of fees, known as power pathway charges, that the Trustee disputes. Analyzing these charges would require a complete accounting that would be time consuming and expensive. By the same token, the Trustee concedes that he has not been able to vacate the ML Facility and that administrative rent is accruing. Arguing over the proper amount of "power pathway charges" and the reasonable rate for this hold-over rent would be distracting and time consuming. Meanwhile, the administrative hold-over rent would continue to accrue.

This factor weighs in favor of settlement.

### 4. *The Settlement Serves the Paramount Interest of the Creditors and Provides Proper Deference to Their Reasonable Views.*

The Trustee has determined that the ML Facility is not valuable. Furthermore, the Trustee conducted an avoidance analysis regarding the pre-

---

petition transfers that are described in particular in the Recitals of the Settlement Agreement, attached as Exhibit B to the Motion. That analysis did not reveal meaningful preference or fraudulent transfer liability.

Therefore, it is in the paramount interests of the creditors to avoid litigation with the ML Facility, and to transfer the premises to the ML Landlords in an orderly and efficient manner.

Based on the foregoing, the *A & C Properties* factors weigh in favor of approving the Settlement Agreement and the settlement contained therein. The Giga Pods are of inconsequential value or benefit to the estate. The Settlement Agreement releases the estate of a general unsecured claim in the amount of $255,265.47 and of an administrative claim in the amount of $1,156,764.03 in administrative rent, unpaid post-petition electricity bills, and fees in exchange for a payment by the Trustee of $169,128.43.

### C. The Settlement Is An Exercise of Sound Business Judgment

Under section 363(b)(1) of the Bankruptcy Code, the Trustee may use, sell, or lease property of the estate, other than in the ordinary course of its business. 11 U.S.C. § 363. The decision to enter into a transaction that is outside the ordinary course of the debtor's business must be based on the Trustee's reasonable business judgment and supported by "some articulated business justification*." In re Ernst Home Ctr., Inc.*, 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997) (quoting *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2nd Cir. 1983)). The standard is deferential.

Memorandum in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc. - Page 7

18-03197-FPC7    Doc 725    Filed 09/23/20    Entered 09/23/20 13:43:59    Pg 11 of 13

*See In re Claar Cellars LLC and RC Farms LLC,* 2020 WL 1238924, at *4 (Bankr. E.D. Wash. Mar. 13, 2020) (describing the business judgment standard as a 'deferential' standard pursuant to which a 'bankruptcy court will generally approve' a reasoned decision by the debtor.").[2]

Here, the Trustee is proposing to abandon Giga Pods that are a liability, to surrender the premises of the ML Facility to the ML Landlords and to make a payment of $169,128.43. In exchange, the estate is being released of more than $1 million in claims. Based on the foregoing, the proposed transaction is a reflection of sound business judgment.

### D. <u>Waiver of Fourteen-Day Stay and Shortened Time</u>

Bankruptcy Rule 6004 provides for a 14-day stay of an order unless the court orders otherwise. Fed.R.Bankr.P. 6004(h). Time is of the essence. The Settlement requires the Trustee to vacate the premises as soon as possible so that the ML Landlords may re-let the premises. The Trustee requests that the Court shorten time so that the hearing would be heard on thirteen (13) days' notice. Notice will be served on September 23, 2020. The hearing would be held on October 6, 2020. Objections to the Settlement will be due on October 2, 2020. Objections to the request to shorten time may be made at the hearing.

---

[2] Citing and quoting, *In re Equity Funding Corporation of America,* 519 F.2d 1274, 1277 (9th Cir. 1975); *Ernst Home Ctr., Inc.*, 209 B.R. at 979-80, and *Mission Products Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1658, 203 L. Ed. 2d 876 (2019).

## V. NOTICE

Pursuant to L.B.R. 2002-1 and 9019-1, the Trustee is serving notice of this Motion to the Master Mailing List, which includes the U.S. Trustee. A copy of the Notice is attached to the Motion as <u>Exhibit C</u>. The Trustee respectfully submits that the Notice is sufficient.

## VI. CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an Order:

1. Granting the Motion;
2. Approving the Settlement Agreement;
3. Authorizing the Trustee to enter into the Settlement Agreement and to perform pursuant to its terms, including, abandoning the Giga Pods and other equipment as described above;
4. Providing that the Order be effective immediately upon entry; and
5. Shortening time as requested herein;
6. Approving the Notice; and
7. Granting such other and further relief as the Court deems necessary and just.

Dated: September 23, 2020         POTOMAC LAW GROUP PLLC

By: /s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

---