Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Avenue W.
Seattle, Washington 98119
Telephone: (415) 297-0132
Facsimile: (202) 318-7707
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, Inc., a Washington corporation,

    Debtor.

Case No. 18-03197 FPC 11

The Honorable Frederick P. Corbit

**DECLARATION OF MARK D. WALDRON IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR ORDER (I) APPROVING ML AND EDH SETTLEMENT AND GRANTING RELATED RELIEF AND (II) SHORTENING TIME THEREON**

I, Mark D. Waldron, declare as follows:

1. I submit this declaration in my official capacity as the duly-appointed Chapter 11 Trustee (the "Trustee") in the above-captioned case and in support of the *Chapter 11 Trustee's Motion for Order (i) Approving ML and EDH Settlement and Granting Related Relief and (ii) Shortening Time Thereon* (the "Motion"), which I have read and approved. The statements set forth herein are based on my investigation of the affairs of the above-captioned debtor (the "Debtor"), which is

Waldron Declaration in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc.

ongoing, and, except where otherwise noted, are based on personal knowledge. If called as a witness, I would and could competently testify thereto.

2. Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

3. In 2017 and 2018, Giga Watt, Inc. ("<u>Giga Watt</u>" or "<u>Debtor</u>") expanded its operations at the ML Facility by building eight (8) sheds, known as Giga Pods or Pods. The Allrise Financial Group, Inc. and Allrise IP Holding, Inc. ("<u>Allrise</u>") purchased one of the pods, Pod 1, and sublet the underlying ground from the Debtor. EcoDiversified Holdings, Inc. ("<u>Diversified</u>") purchased Pod 8 and sublet the underlying ground from the Debtor. (A third pod, located at the Debtor's site near the Pangborn airport in East Wenatchee, WA, may have been operated by Red Team Investments, Inc.) Giga Watt operated the remaining six Pods as well as a datacenter located on the premises. Giga Watt's rent obligation at the ML Facility was greater than $60,000 per month. This rent obligation excluded the cost of electricity which the landlords for the ML Facility (the "<u>ML Landlords</u>") billed separately.

4. The Grant County Public Utility District has raised electrical rates for cryptocurrency miners to the point that crypto-mining in Grant County, Washington is not profitable. On March 13, 2020, I shut down operations at the ML Facility because operations were not profitable.

Waldron Declaration in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc.

18-03197-FPC7    Doc 726    Filed 09/23/20    Entered 09/23/20 13:46:08    Pg 2 of 6

5.  The ML Landlords have asserted that the estate owes them the sum of $1,156,764.03 in administrative rent, unpaid post-petition electricity bills, and fees, including the Minimum Charge. I dispute this assertion. In particular, I contest a significant set of charges related to a "power pathway." Nonetheless, I concede that the premises have not been vacated.

6.  This settlement is related to two other agreements that I have entered into with the common aim of returning the ML Facility premises to the ML Landlords in an efficient and orderly manner. The first agreement is with Allrise, pursuant to which I will abandon Pod 1 of the ML Facility and allow Allrise to remove 100 miners from the ML Facility. No timely objection to the motion for approval of this settlement has been served and I will upload an Order approving that settlement shortly. The second agreement provides for the sale of equipment (the "ML Equipment") that the ML Landlords agree belongs to the estate and that is located at the ML Facility.

7.  Pursuant to the agreement that is the subject of this Motion, the estate will satisfy all the ML Landlords' claims against the estate by paying on an administrative basis the sum of $169,128.43 (the "Settlement Payment"). Diversified is making a payment to the ML Landlords in the amount of $19,128.43. I will abandon the six Giga Pods and any equipment that is not transferred or sold pursuant to the agreements with Allrise and with the buyer of the ML Equipment.

---

Waldron Declaration in Support of Chapter 11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc.

18-03197-FPC7    Doc 726    Filed 09/23/20    Entered 09/23/20 13:46:08    Pg 3 of 6

8. The leases between the Debtor and the ML Landlords will be deemed rejected as of March 13, 2020 and all the agreements between the Debtor, the ML Landlords, and Diversified that the Court approved will be deemed terminated as of March 13, 2020.

9. All the parties are granting each other full mutual releases.

10. I have determined that the Giga Pods located at the ML Facility (other than Pod 1 and Pod 8 which are owned by third parties) are of inconsequential value and benefit to the estate and that they should be abandoned. 11 U.S.C. § 554. The Giga Pods cannot be moved without using a crane or other heavy equipment. I have nowhere to put them. They are too specialized to be used outside of cryptocurrency mining and cannot economically be repurposed. For example, an entire wall of each Giga Pod has holes in it for fans. The Giga Pods have no running water or heat. In my judgment, the foregoing justifies abandonment, regardless of the settlement.

11. If rent accrued at the amount provided by the leases with the ML Landlords, then the amount owed since March 13, 2020 would be more than $600,000. I also acknowledge unpaid post-petition electricity fees that accrued before March 13, 2020.

12. The estate would be the defendant in any proceedings. Therefore, I do not believe that the collectability prong of the analysis applies.

---

Waldron Declaration in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc.

13. The ML Landlords have asserted a significant set of fees, known as power pathway charges, that the Trustee disputes. Analyzing these charges would require a complete accounting that would be time consuming and expensive. By the same token, I concede that I not been able to vacate the ML Facility and that administrative rent is accruing. Arguing over the proper amount of "power pathway charges" and the reasonable rate for this hold-over rent would be distracting and time consuming. Meanwhile, the administrative hold-over rent would continue to accrue.

14. I have determined that the ML Facility is not valuable. Furthermore, I conducted an avoidance analysis regarding the pre-petition transfers that are described in particular in the Recitals of the Settlement Agreement, a true and correct copy of which is attached as <u>Exhibit B</u> to the Motion. That analysis did not reveal meaningful preference or fraudulent transfer liability.

15. In summary, the Giga Pods are of inconsequential value or benefit to the estate. The Settlement Agreement releases the estate of a general unsecured claim in the amount of $255,265.47 and of an administrative claim in the amount of $1,156,764.03 in administrative rent, unpaid post-petition electricity bills, and fees in exchange for a payment by the Trustee of $169,128.43.

16. Time is of the essence. The Settlement requires that I vacate the premises as soon as possible so that the ML Landlords may re-let the premises.

Waldron Declaration in Support of Chapter
11 Trustee's Motion for Order
(i) Approving ML-EDH Settlement, etc.

18-03197-FPC7    Doc 726    Filed 09/23/20    Entered 09/23/20 13:46:08    Pg 5 of 6

17. I am serving notice of this Motion to the Master Mailing List, which includes the U.S. Trustee. A true and correct copy of the Notice is attached to the Motion as <u>Exhibit C</u>.

To the best of my knowledge, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of September 2020 in Tacoma, Washington.

*/s/ Mark D. Waldron*
Mark D. Waldron, in his official capacity as Chapter 11 Trustee in the above-captioned case

Waldron Declaration in Support of Chapter 11 Trustee's Motion for Order (i) Approving ML-EDH Settlement, etc.