BEN ELLISON, WSBA #48315
Email: salishsealegal@outlook.com
SALISH SEA LEGAL PLLC
2212 Queen Anne Avenue North, No. 719
Seattle, WA 98109
Telephone: (206) 257-9547
Unsecured Creditors Committee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, INC.

          Debtor.

18-03197-FPC11

COMMITTEE'S SUPPLEMENTAL RESPONSE CONCERNING THE UST'S MOTION TO CONVERT

## I.    PRELIMINARY STATEMENT

Though a 2004 exam occurred this past September 17, 2020, the Chapter 11 Trustee refuses to provide any documents to enable the Committee to facilitate due diligence for contingent fee law firms to decide whether to offer their services to the bankruptcy estate. Due to these actions, the Committee now must concede that it is unable to propose a plan of reorganization.

Nonetheless, as the Chapter 11 case converts to a liquidation, the Committee would like specific understandings in place as to the role that the Chapter 11 Trustee and his counsel might properly play in a future Chapter 7 case. In particular, the Trustee and his counsel should certainly *cooperate* with the new Chapter 7 Trustee in transitioning the case, but there is no circumstances under which they should be able to secure employment positions post-conversion, especially on the present facts.

SUPPLEMENTAL RESPONSE RE MOTION TO CONVERT

1

## II. STATEMENT OF FACTS

In a perfect world, the Committee would have preferred at this point to take control of the case and direct the administration of the estate itself.[1] It is satisfied though that the appointment of a Chapter 7 Trustee – where there is no further benefit for the Chapter 11 Trustee – is a reasonable compromise position for dealing with the dissatisfaction over how this case has proceeded. The Committee therefore strenuously objects to any scenario where conversion is not the end of the Chapter 11 Trustee's role, but either the Trustee or his counsel are re-appointed to be Chapter 7 Trustee or are formally employed by the new Trustee. The present supplement is filed to alert the Court to this concern, which the Chapter 11 Trustee has been unable to allay, including at the recent 2004 exam.[2]

---

[1] The Committee does not endorse the pending litigation of Jun Dam against the Chapter 11 Trustee. However, the frustration of the former head of the Committee is probably different in extent, but not kind, with what many unsecured creditors feel in this case. There has been a consistent and ongoing lack of cooperation by the Chapter 11 Trustee's counsel that has resulted in a lack of confidence in the Trustee's ability to properly represent the best interests of the bankruptcy estate.

[2] Two months ago counsel for the Chapter 11 Trustee indicated that she was conducting all due diligence on the Perkins Coie litigation and charging on an hourly basis. Given that (a) a credible litigation threat with trial expertise is required to match the defendant's counsel, and (b) the estate had no money to be paying people approximately $500 per hour to conduct this due diligence if they were not going to be the ones litigating the adversary proceeding, the plan long ago should have been to bring in contingent fee counsel from large trial practice firms. To this end, the Committee two months ago offered to provide contact information to the Trustee to read prospective law firms into the matter, and then identified
(footnote continued)

At the 2004 exam, the Chapter 11 Trustee was candid in his assessment of the estate's remaining (litigation) assets, but he was impeded from providing broad categories of testimony because he was a party to a Protective Order that apparently prevents him answering basic questions relating to Perkins Coie's role in transactions representing or involving the Debtor. ECF No. 673. He was prevented from saying (or did not know) who Perkins represented, what specific work they performed, or how much money the Law Firm charged for its role in Giga Watt's initial coin offering. Since the exam, his counsel has refused to provide any documents the Trustee previously received from Perkins Coie in the Trustee's own discovery.

As a result, after the deposition on September 17, 2020, none of the three law firms in attendance were able to say they would take on the litigation or not, although given the potential for a damages recovery of up to $20 million, they all remain interested in conducting additional due diligence into the litigation claims.

The Committee believes that the Trustee in fact has the legal ability to share documents and information he has obtained from his own FRBP 2004 exam of Perkins Coie, as confidentiality provisions expressly do not apply to "*any party in interest to this bankruptcy directly concerned with the issues then in dispute*

---

specific persons to reach out to five weeks ago. Despite this amount of time, no outside law firm has been provided any paper discovery, nor been asked to provide their expert opinion on the merits of the litigation.

3

SUPPLEMENTAL RESPONSE RE MOTION TO CONVERT

*relating to such Confidential documents…"* ECF No. 673. That language would seem to cover the Committee, who has shared attorneys with the Trustee in the past in this very case.

Despite the foregoing, the Trustee has refused to provide the necessary disclosures for the contingent fee law firms to conduct sufficient due diligence to decide whether they would want to represent the estate. The Trustee also refused to agree that neither he nor his counsel will seek or accept employment to prosecute these claims post-conversion.

### III. ARGUMENT

The foreseeable problem in all this is that if there is a sizeable and complicated litigation asset for the estate such as the Perkins Coie claims, and no one is able to look at the merits of the claim other than the Chapter 11 Trustee, that if the statute of limitations is running and litigation needs to be filed quickly, the only person that can conduct that litigation post-conversion will have to be the previous Trustee and his counsel.

*At the 2004 exam, we found out that the statute of limitations is indeed running here, and within fewer than 60 days, many millions of dollars from the potential claim may be time-barred.*

The best way to dispel the potential appearance that the Chapter 11 Trustee may be shielding others from being able to knowledgeably understand the merits of the litigation would be for the Trustee to contact all these various (4) law firms

that he was made aware over on August 17, 2020, interview them all to be estate counsel, read them into the file by sharing the discovery he obtained from Perkins Coie (surely prospective estate counsel fall within the scope of the safe harbor in the Protective Order), and then there would be multiple attorney options that the Chapter 7 Trustee could choose from.

If the existing Trustee has already spent 100+ hours of legal time and still doesn't know whether he wants to bring a claim, then the new on-coming Chapter 7 Trustee will similarly be challenged to take considered action in the limited amount of time that is available to him.

## IV. CONCLUSION

If the present Chapter 11 case had been successful or even had been a failure after regularly consulting with the Committee, then having the persons with the institutional knowledge continue on in their role postconversion could be appropriate. However, here, the Committee and all the constituencies that it represents do not have that confidence in the team that brought us to where we are.

The Committee hopes that the claims referenced herein have the potential to finally provide a meaningful recovery to unsecured creditors – who have been paid nothing from this case. Therefore, if there is a financial benefit to be gained from serving as counsel in a forthcoming litigation, they request that some new party needs to be read in and made aware of the legal issues, and that neutral party be allowed to proceed as counsel.

5
SUPPLEMENTAL RESPONSE RE MOTION TO CONVERT
18-03197-FPC7    Doc 731    Filed 09/24/20    Entered 09/24/20 12:54:21    Pg 5 of 7

DATED this 24th day of September, 2020.

**SALISH SEA LEGAL PLLC**

By: /s/ *Benjamin A. Ellison*
Ben Ellison, WSBA No. 48315
Jason E. Wax, WSBA No. 41944
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98125
Tel: (206) 257-9547