1 BEN ELLISON, WSBA #48315
Email: salishsealegal@outlook.com
2 SALISH SEA LEGAL PLLC
2212 Queen Anne Avenue North, No. 719
3 Seattle, WA 98109
Telephone: (206) 257-9547
4 Unsecured Creditors Committee

5

6

7

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

8 In re:                                        18-03197-FPC11

GIGA WATT, INC.

9                                               COMMITTEE'S MOTION TO
                                                COMPEL PRODUCTION OF
10           Debtor.                            CONFIDENTIAL PERKINS COIE
                                                MATERIALS IN THE POSSESSION
11                                              OF THE CHAPTER 11 TRUSTEE

12

13                    **I.    PRELIMINARY STATEMENT**

14     The Committee propounded a subpoena on the Chapter 11 Trustee

15 ("Trustee") on September 22, 2020.  **Exhibit A** to Declaration.  The subpoena

16

17 directed the Trustee to produce all documents in his possession previously received

18 from Perkins Coie.

19     The Trustee's counsel has refused to produce any such documents, as she

20

21 asserts that they are subject to the confidentiality terms of a Protective Order

22 relating to the same.  ECF No. 673.

23     The Committee maintains that either (a) the Committee is an express

24

25 beneficiary to a safe harbor provision in the Protective Order, or (b) a valid court

26 order, compelling production of the underlying documents, may trump the terms of

27 the existing Protective Order.  Regardless of the Court's interpretation, once the

28

1

COMMITTEE MOTION TO COMPEL

documents are made available to the Committee, counsel is willing to abide by the existing terms of the Protective Order.

## II.     STATEMENT OF FACTS

At the prompting of the Committee, the Chapter 11 Trustee propounded and obtained discovery materials from Perkins Coie through a 2004 Exam.  ECF No. 632.

Before Perkins Coie produced responsive documents, it required the Trustee to enter into a Protective Order.  ECF No. 673.  The Protective Order requires the Trustee not to share confidential documents it receives – except with "*any party in interest to this bankruptcy directly concerned with the issues then in dispute relating to such Confidential documents.*"  *Id.*

The Committee believes that it is a party in interest to this bankruptcy directly concerned with the issues.

To that end, the Committee sought its own 2004 exam, requiring the Trustee to produce, *inter alia*, all the documents the Trustee had obtained from Perkins Coie.  ECF No. 692.

In response to the Committee's application, the Trustee argued that the safe harbor did not cover the Committee.  ECF No. 693 at p.3.  No explanation was provided as to who specifically the language would cover, if not the Committee.

On September 17, 2020, the Committee took the Trustee's exam.  He testified that he did not know who would fall within the scope of the safe harbor

2

COMMITTEE MOTION TO COMPEL

language.  He also conceded that he did not know that the Committee was excluded from such protective language.  Declaration at ¶ 2.

At the deposition, the Trustee also conceded that he could not or did not know what role Perkins Coie had played in the Giga Watt initial currency offering, or how it conducted itself with regard to the release of escrow funds.   He could not answer how much legal counsel was paid, nor could he even specify who Perkins Coie's client was in the whole transaction if not Giga Watt Inc. Declaration at ¶ 3.

Based on this testimony, none of the law firms aware of the existence of possible claims here was able to agree that they wanted to take on the work on a contingent fee basis for the estate, certainly not without seeing the underlying documents.  Declaration at ¶ 4.

Three business days later, the Committee propounded a subpoena specifically requesting these documents once again from the Trustee.  Declaration at ¶ 5.[1]  Production was requested for September 25, 2020, although if time were an issue, the Committee offered to allow production to occur on September 28 or

---

[1] The subpoena was propounded after the oral exam, not before because (a) it seemed unlikely that between the court ruling and the fixed date of the deposition, the Trustee could comply with the document request, and (b) it was only after the oral exam that it would be clear to the law firms considering the matter, what specific documents they still wanted to see.  Indeed, it was possible if the Trustee did not interpose the defense of the Protective Order throughout the oral exam, and spoke candidly and with sufficient specifics, there would be no need to see all the underlying documents from Perkins Coie.

COMMITTEE MOTION TO COMPEL

18-03197-FPC7     Doc 740     Filed 09/25/20     Entered 09/25/20 16:08:48     Pg 3 of 8

1  29, 2020.  *Id*.

2  Trustee's counsel declined, and citing a family emergency, was unable to

3

4  commit to a specific date for a meet and confer on this topic.  Declaration at ¶ 6.

5  On September 24, 2020, the Trustee's counsel nonetheless cited as her objection to

6  the subpoena in an e-mail.  **Exhibit B** to Declaration.

7

8  Production of the documents was requested for today, but none were

9  produced.  The Trustee has known since August 17, 2020, when the Committee

10  shared a draft of the 2004 exam, that these documents were being sought.

11

12  Historically, it is true that the Trustee has shared apparently all non-

13  confidential documents it received from Perkins Coie.  *See* Trustee's Supplemental

14  Declaration, ECF No. 739 at p. 2.  *This amounts to a grand total of 5 pages of*

15  *production*, and is insufficient to entice any law firms to formally commit to taking

16

17  on the present litigation.  Declaration at ¶ 7.

18  Finally, in the Supplemental Declaration filed today, Mr. Waldron states that

19  he has now spoken with 1 of the 4 law firms recommended by the Committee, and

20

21  reached out to another law firm.  *Id*. at p. 3.  These accommodations are too little

22  and too late, because (a) documents have still not been shared with any of the law

23

24  firms – and without them, none can commit to taking on the litigation, (b) the

25  Committee asked the Trustee in writing to secure no-fee counsel more than 2

26  months ago, and (c) since that time, the Trustee's counsel insisted on continuing to

27

28  conduct all due diligence herself, billing on an hourly basis, and/or engaging in

4

COMMITTEE MOTION TO COMPEL

unnecessary motions practice to beat back attempts by the Committee to obtain these disclosures.[2]

### III.            LEGAL ARGUMENT

The motivating need for the responsive documents is set forth in the Committee's Supplemental Memorandum re Conversion.  ECF No. 731.  In short, the new Chapter 7 Trustee will need to employ counsel to prosecute the Perkins Coie matter – if at all – immediately after being appointed.  The Trustee concedes that the statute of limitations is about to run.

The Chapter 11 Trustee has been unwilling or legally unable to assist in including other law firm candidates in the case file here, because he construes the terms of the Protective Order in the strictest possible sense.  Because the Committee wants the Chapter 7 Trustee to have options other than the Chapter 11 Trustee to prosecute this matter, it requests the Court to order that the document materials that the Chapter 11 Trustee obtained from Perkins Coie be shared with

---

[2] The writing was on the wall here long ago.  The Committee warned everyone that would listen on December 12, 2019 that it thought this case would fail.  ECF No. 431.  The Trustee assured everyone that he had a plan.  Precisely nothing unexpected happened in the ensuing 10 months until the UST filed its motion to convert and suddenly the Chapter 11 Trustee conceded there was no plan.  If conversion was always going to happen, administrative costs could have been capped or substantially lessened if conversion had been agreed to long ago, or the Trustee has accepted the influence of the Committee, and proceeded in a manner other than what the Trustee chose, which included substantial and unnecessary contentious litigation over the last 10 months.

COMMITTEE MOTION TO COMPEL

the three law firms the Committee has identified as potentially willing to take on the litigation on a contingent fee basis.

The Court can order the Trustee to produce the documents on one of two theories. The subpoena, **Exhibit A**, is a duly-enforceable subpoena under FRCP 45, made applicable by FRBP 9016. Here, the Trustee has objected to producing any documents based on legal impossibility due to the Protective Order between it and Perkins Coie. Under FRCP 45(d)(2)(B)(i), this Court may nonetheless compel the production of such documents.

The documents may be produced because there is no legal impediment to doing so, for the Trustee has testified at his 2004 exam, he does not dispute that the Committee might be the beneficiary of the safe harbor language. Indeed, the safe harbor language is broad, and should cover a party as related to the Trustee as the Committee, who has shared legal counsel on certain matters in this case.

Alternatively, even if the Committee were not expressly entitled to the documents pursuant to the language of the Protective Order, the Trustee can still be compelled to turn over the documents. The Protective Order is effectively a court-endorsed nondisclosure agreement, which agreements never trump normal discovery or prelitigation discovery rights, and indeed, are typically made subject to any court order.

The Court should properly compel disclosure, and to the extent that Perkins Coie is concerned over its ethical obligation to keep client confidences – the

COMMITTEE MOTION TO COMPEL

remedy for protecting them from the Trustee – agreeing to the Protective Order –

should resolve any concerns here.  The Committee would agree to the terms of the

existing Agreement if the Court orders production of the underlying documents to

the Committee.

## IV.   CONCLUSION

The present issues were presented earlier to the Court when it considered

whether to authorize the Committee's 2004 Exam.  ECF No. 715.  The Court

authorized such exam, but based on objection by the Trustee on the same grounds

over confidentiality, postponed a decision on whether the Protective Order

insulated documents from production.  *Id*. at p.3.  As the current Chapter 11 case

converts to Chapter 7, it is appropriate for the Court to rule on this issue.


DATED this 25th day of September, 2020.

**SALISH SEA LEGAL PLLC**

By: /s/ *Benjamin A. Ellison*
Ben Ellison, WSBA No. 48315
Jason E. Wax, WSBA No. 41944
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98125
Tel: (206) 257-9547

COMMITTEE MOTION TO COMPEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28