BEN ELLISON, WSBA #48315
Email: salishsealegal@outlook.com
SALISH SEA LEGAL PLLC
2212 Queen Anne Avenue North, No. 719
Seattle, WA 98109
Telephone: (206) 257-9547
Unsecured Creditors Committee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, INC.

Debtor.

18-03197-FPC11

DECLARATION IN SUPPORT OF COMMITTEE'S MOTION TO COMPEL

I, Benjamin Ellison, am over the age of 18 and have personal knowledge of all facts stated herein and declare as follows:

1. I am legal counsel for the Committee of Unsecured Creditors in this chapter 11 case.

2. On September 17, 2020, I took the oral FRBP 2004 exam of the Chapter 11 Trustee. He testified that he did not know who would fall within the scope of the safe harbor language within the Perkins Coie Protective Order. He also conceded that he did not know that the Committee was excluded from such protective language.

3. At the deposition, the Trustee also conceded that he could not say or did not know what role Perkins Coie had played in the Giga Watt initial currency offering, or how it conducted itself with regard to the release of escrow funds. He could not answer how much legal counsel was paid,

DECLARATION

1

nor could he even specify who Perkins Coie's client was in the whole transaction if not Giga Watt Inc. Finally, the Trustee acknowledged that within less than 60 days, the statute of limitations would likely begin to run on a material portion of claims.

4. Based on this decidedly "thin" testimony, none of the law firms indicated that it wanted to take on the work on a contingent fee basis for the estate, certainly not without seeing the underlying documents.

5. On September 22, 2020, I propounded a subpoena on the Chapter 11 Trustee requesting two classes of documents: all documents previously produced to the Trustee by Perkins Coie, and all Trustee billing records reflecting work done conducting due diligence on the Perkins Coie matter. A true and accurate copy of the subpoena is attached hereto as **Exhibit A**. Production was requested for September 25, 2020, although if time were an issue, the Committee offered to allow production to occur on September 28 or 29, 2020. *Id*.

6. Trustee's counsel declined, and citing a family emergency, was unable to commit to a specific date for a meet and confer on this topic. On September 24, 2020, the Trustee's counsel nonetheless cited as her objection to the subpoena in an e-mail. A true and accurate copy of the same is attached as **Exhibit B** to Declaration. Production of the documents was requested for today, but none were produced. The

Trustee has known since August 17, 2020, when the Committee shared a draft of the 2004 exam, that these Perkins Coie documents were being sought.

7. It is true that the Trustee has shared apparently all non-confidential documents it received from Perkins Coie. However, this is by no means meaningful compliance, because the Trustee only turned over 5 pages of production to my understanding.

8. More documents are required in order to secure the confidence of contingent fee law firms to take on this litigation.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 25th day of September 2020, at Seattle, Washington.

Benjamin Ellison

# UNITED STATES BANKRUPTCY COURT

_____Eastern_____ District of _____Washington_____

In re ___Giga Watt Inc._____
                          Debtor

Case No. __18-3197_____

*(Complete if issued in an adversary proceeding)*

Chapter _____11_____

_____
                      Plaintiff
                        v.

Adv. Proc. No. _____

_____
                      Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: _____**Chapter 11 Trustee Mark Waldron**_____

*(Name of person to whom the subpoena is directed)*

☐ X*Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following:
A. All documents, including those subject to the Protective Order (ECF No. 673) previously produced to you by Perkins Coie   B. All nonprivileged billing records reflecting you or your counsel's time conducting due diligence in determining the merits of potential Estate claims against Perkins Coie

| PLACE | DATE AND TIME |
|---|---|
| Production via e-mail to salishsealegal@outlook.com | September 25, 2020 at noon |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   September 22, 2020
      _____

                      CLERK OF COURT

                                            OR    Benjamin A. Ellison

_____        _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
  Unsecured Creditors Committee   , who issues or requests this subpoena, are:
    Benjamin Ellison, 2212 Queen Anne Ave N., Seattle, WA 98109, salishsealegal@outlook.com, 206 257 9547

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

   *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
      (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
      (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
         (i) is a party or a party's officer; or
         (ii) is commanded to attend a trial and would not incur substantial expense.

   *(2) For Other Discovery.* A subpoena may command:
      (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
      (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
      (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
      (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information; or
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
      (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**From:** salishsealegal@outlook.com
**Subject:** FW: Giga Watt document production

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Wednesday, September 23, 2020 5:13 PM
**To:** Benjamin Ellison <Salishsealegal@outlook.com>
**Subject:** RE: Giga Watt document production

Dear Ben,

Please treat the response provided yesterday as the Trustee's objection to the Committee's subpoena pursuant to Fed.R.Civ.P. 45(d) applicable here by Fed.R.Bank.P. 9016.

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
Tel: (415) 297-0132 | Fax: (202) 318-7707
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

**From:** Benjamin Ellison <Salishsealegal@outlook.com>
**Sent:** Wednesday, September 23, 2020 2:39 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>
**Subject:** RE: Giga Watt document production

⚠️ **EXTERNAL**

Hi Pam

1

I see that you filed a number of pleadings today.  If you are still in the office, please let me know if we can have our meet and confer today on compelling production of the Perkins Coie documents you say are subject to the Protective Order.

If our positions are self-evident, and already documented in prior pleadings, I would appreciate it if you would waive the need for a meet and confer.  Alternatively, if there is anything to discuss, allow me to follow up with Mark or someone at your Firm while you are out of pocket.

Thanks
Ben

---

**From:** Benjamin Ellison
**Sent:** Tuesday, September 22, 2020 4:22 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>
**Cc:** Ralph Cromwell <rcromwell@byrneskeller.com>
**Subject:** RE: Giga Watt document production

Pam

Unfortunately, it looks like the Chapter 11 case is going to be over in 7 days so I must move forward soon if there is to be motions practice heard by the Court.
Please know that I would take the exact opposite tact if there were any more time available to me.

Based on the forgoing, it sounds like there needs to be motions practice (your historical position has not changed), so please authorize me to speak directly with your client, who is an attorney, speak with another attorney at your law firm, or waive the need for any meet and confer.
I have no problem with your response to a motion to compel being filed at the very last moment.

Moreover, if Mr. Cromwell has the real legal rights that need protecting (the underlying documents are Perkins Coie's "sensitive documents,") he can ably argue to the Court why his Protective Order trumps my 2004 subpoena.

Thanks
Ben