# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| | Chapter 7 |
| Debtor. | **ORDER: (I) APPROVING THE SALE OF MOSES LAKE EQUIPMENT AND RELATED RELIEF, (II) APPROVING BID PROCEDURES, AND (III) SHORTENING TIME TO OBJECT** |

This matter came to be heard on the *Chapter 11 Trustee's Motion for Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, and (iii) Shortening Time to Object* (the "Motion") [Doc No. 720] on October 19, 2020 at 10:00 a.m. (the "Hearing"). Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

Order: (i) Approving
Sale of Moses Lake Equipment, etc. – Page 1

Based upon the Motion, the record before the Court, and the Objection to the Motion, filed on October 8, 2020 [Doc 753], the Court made the following findings of fact and conclusions of law at the Hearing:

1. On September 30, 2020, this case converted to one under Chapter 7 of the Bankruptcy Code by Order of this Court. Mark D. Waldron is the duly appointed Chapter 7 Trustee herein.

2. The interests asserted in the Objection will be adequately protected if the Chapter 7 Trustee holds the Sale proceeds until those asserted interests are resolved.

3. Delay is not possible. The ML Equipment will be lost upon delay.

4. Mr. Jun Dam is not a miner owner.

5. Mr. Jun Dam is not a lawyer.

6. Mr. Jun Dam has synthesized the arguments of those who signed the Objection.

7. The Sale is in good faith.

8. The Chapter 7 Trustee is exercising reasonable business judgment with respect to the Sale.

9. Notice of the Sale is sufficient. The request for shortened notice was denied to allow more time for any objecting parties or interested bidders to participate.

10. Pursuant to 11 U.S.C. § 704(a)(1), the Chapter 7 Trustee has a duty to collect and reduce to money all property of the estate.

11. The ML Equipment is property of the estate pursuant to 11 U.S.C. § 541(a)(1) which provides that the estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." *Id.*

12. Pursuant to 11 U.S.C. §§ 363(b) and (f), the Chapter 7 Trustee has the authority to complete the Sale free and clear of any interest in the ML Equipment. The interest asserted in the Objection is in *bona fide* dispute. 11 U.S.C. § 363(f)(4). The parties signing the Objection "could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f)(5).

13. It is appropriate in a liquidation case to provide that an asserted interest in property sold will attach to the sale proceeds to the extent of the asserted interest.

14. An appropriate way to determine the value of property to be sold is to put the property up for sale and learn what people are willing to pay.

Any other findings of fact and conclusions of law made by the Court at the Hearing are incorporated herein by reference as if set forth fully herein as provided in Rule 7052 of the Federal Rules of Bankruptcy Procedure.

ACCORDINGLY, IT IS HEREBY ORDERED THAT THE MOTION IS GRANTED AND FURTHER ORDERED THAT

1. The Sale Agreement is approved.

2.     The Chapter 7 Trustee is authorized to proceed with the Sale on terms that are no less favorable to the estate than the terms of the Sale Agreement pursuant to an oral auction to be conducted by the Chapter 7 Trustee.

3.     The Bidding Procedures are approved. No credit bids will be allowed or accepted.

4.     The form of the Notice and the manner of its service are approved.

5.     The Sale is found and is deemed to have been made in good faith.

6.     The 14-day stay provided by Rule 6004(h) of the Federal Rules of Bankruptcy is waived.

7.     The Trustee shall hold the Sale proceeds until further Order of this Court.

8.     This Order shall be valid and fully effective immediately upon its entry.

/// **END OF ORDER** ///

**PRESENTED BY:**
Pamela M. Egan, Esq.
Potomac Law Group PLLC
1905 7th Ave. W
Seattle, WA 98110
Tel.: 415-297-0132
Email: pegan@potomaclaw.com
*Proposed Attorneys for Mark D. Waldron,
as Chapter 7 Trustee*

Order: (i) Approving
Sale of Moses Lake Equipment, etc. – Page 4