| | |
|---|---|
| In re: | Case No. 18-03197-FPC |
| GIGA WATT INC | Chapter 7 |
| Debtor(s) | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0980-2 | User: notice | Page 1 of 3 |
| Date Rcvd: Oct 20, 2020 | Form ID: pdf002 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 22, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| 4035412 | + | Jun Dam, 2116 L Street No. 2, Antioch, CA 94509-3434 |
| 4035131 | + | Pamela M Egan, Paul H Beattie, CKR Law LLP, 506 2nd Avenue, 14th Floor, Seattle, WA 98104-2343 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 22, 2020          Signature:          /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 20, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Adam C. Doupe | on behalf of Interested Party Allrise Financial Group doupe@ryanlaw.com  doupear96329@notify.bestcase.com |
| Angie Lee | on behalf of Creditor Washington State Taxing Agencies bculee@atg.wa.gov |
| Benjamin A Ellison | on behalf of Creditor Committee Unsecured Creditors' Committee benaellison@gmail.com |
| Benjamin J McDonnell | on behalf of Creditor Clever Capital  LLC ben@pyklawyers.com, lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com |
| Benjamin J McDonnell | on behalf of Defendant Clever Capital  LLC ben@pyklawyers.com, lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com |

Benjamin J McDonnell
 on behalf of Creditor David M Carlson ben@pyklawyers.com lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com

Benjamin J McDonnell
 on behalf of Defendant David M. Carlson and Jane Doe 1 ben@pyklawyers.com lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com

Benjamin J McDonnell
 on behalf of Defendant Enterprise Focus  Inc. ben@pyklawyers.com, lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com

Christopher F Ries
 on behalf of Creditor Neppel Electrical & Controls  LLC , diana@rieslawfirm.com;cdg@rieslawfirm.com;carrie@rieslawfirm.com

Danial D Pharris
 on behalf of Creditor NC Machinery Co. pharris@lasher.com luksetich@lasher.com

David A Kazemba
 on behalf of Creditor MLDC1  LLC dkazemba@overcastlaw.com, amber@overcastlaw.com,lindat@overcastlaw.com,debbie@overcastlaw.com;kazembadr92395@notify.bestcase.com

David A Kazemba
 on behalf of Creditor Giga Plex  LLC dkazemba@overcastlaw.com, amber@overcastlaw.com,lindat@overcastlaw.com,debbie@overcastlaw.com;kazembadr92395@notify.bestcase.com

David R Law
 on behalf of Creditor Port of Douglas County david@dadkp.com amy@dadkp.com

Dominique R Scalia
 on behalf of Interested Party Unsecured Creditors Committee of Giga Watt Inc. dscalia@lawdbs.com paralegal@lawdbs.com

Dominique R Scalia
 on behalf of Attorney DBS Law dscalia@lawdbs.com paralegal@lawdbs.com

Douglas A. Hofmann
 on behalf of Creditor Refael Sofair dhofmann@williamskastner.com kmejia@williamskastner.com

Gary W Dyer
 on behalf of U.S. Trustee US Trustee Gary.W.Dyer@usdoj.gov

Gretchen J. Hoog
 on behalf of Attorney Emerald City Statewide LLC ghoog@pcslegal.com danderson@pcslegal.com

James D Perkins
 on behalf of U.S. Trustee US Trustee james.perkins@usdoj.gov

Jason T Piskel
 on behalf of Defendant Enterprise Focus  Inc. jtp@pyklawyers.com, mknight@pyklawyers.com

Jason T Piskel
 on behalf of Creditor David M Carlson jtp@pyklawyers.com mknight@pyklawyers.com

Jason T Piskel
 on behalf of Defendant David M. Carlson and Jane Doe 1 jtp@pyklawyers.com mknight@pyklawyers.com

Jason T Piskel
 on behalf of Defendant Clever Capital  LLC jtp@pyklawyers.com, mknight@pyklawyers.com

Jason T Piskel
 on behalf of Creditor Clever Capital  LLC jtp@pyklawyers.com, mknight@pyklawyers.com

John Knox
 on behalf of Creditor Refael Sofair jknox@williamskastner.com rnelson@williamskastner.com

Joseph A.G. Sakay
 on behalf of Interested Party Allrise Financial Group sakay@ryanlaw.com docketing@ryanlaw.com

Kathryn R McKinley
 on behalf of Creditor Douglas County PUD kathryn.mckinley@painehamblen.com ads@painehamblen.com

Mark Waldron
 trustee@mwaldronlaw.com mark@mwaldronlaw.com

Pamela Marie Egan
 on behalf of Defendant The Potomac Law Group  a Washington DC Limited Liability Partnership pegan@potomaclaw.com

Pamela Marie Egan
 on behalf of Defendant Mark D. Waldron pegan@potomaclaw.com

Pamela Marie Egan
 on behalf of Defendant Pamela M Eagan pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Plaintiff Mark Waldron pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Defendant GIGA WATT INC pegan@potomaclaw.com

Quentin D Batjer
    on behalf of Creditor Port of Douglas County pam@dadkp.com quentin@dadkp.com

Ralph E Cromwell, Jr
    on behalf of Witness Perkins Coie LLP rcromwell@byrneskeller.com lyoshinaga@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com

Roberto H Castro
    on behalf of Interested Party Nathan Welling rcastro@rcastrolaw.com castro.ava@gmail.com

Scott Weaver
    on behalf of Creditor Executive Flight Inc. weaver@carneylaw.com, fuhrmann@carneylaw.com

Scott B Henrie
    on behalf of Creditor Refael Sofair SHenrie@williamskastner.Com DLevitin@williamskastner.Com

Shauna S Brennan
    on behalf of Creditor ECO Diversified Holdings Inc. sbrennan@outsidegeneralcounsel.com, admin@outsidegeneralcounsel.com

Tara J. Schleicher
    on behalf of Interested Party EcoChain Inc. tara.schleicher@foster.com, kesarah.rhine@foster.com

US Trustee
    USTP.REGION18.SP.ECF@usdoj.gov

Vanessa Pierce
    on behalf of Creditor David M Carlson vprollins@gmail.com

Vanessa Pierce
    on behalf of Creditor Clever Capital LLC vprollins@gmail.com

William L Hames
    on behalf of Creditor Port of Douglas County billh@hawlaw.com mecqueh@hawlaw.com,juliem@hawlaw.com,frontdesk@hawlaw.com,carmenb@hawlaw.com,katies@hawlaw.com

TOTAL: 44

So Ordered.

Dated: October 20th, 2020



Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, Inc., a Washington corporation,

        Debtor.

Case No. 18-03197-FPC7

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AUTHORIZING TRUSTEE'S SALE OF MOSES LAKE EQUIPMENT

THIS MATTER came before the Court on the Chapter 11 Trustee's Motion to approve the sale of certain equipment located at the Debtor's facility in Moses Lake, Washington, free and clear of all liens, claims and interests, and to approve bid procedures and shorten time ("the Motion"). (ECF No. 720). The Court reviewed the files and records herein, including the Motion, and the Trustee's Memorandum (ECF No. 721), Declaration of Trustee Mark Waldron (ECF No. 722), Objection filed by Jun Dam, *pro se* (ECF No. 753), Request for Judicial Notice in Support of Objection to Motion (ECF No. 759), heard argument from the parties; heard sworn testimony of Mr. Waldron and Mr. Dam at the hearing on October 19, 2020; and was fully advised in the premises. Based on the foregoing,

**FINDINGS OF FACT AND CONCLUSIONS OF LAW . . . – Page 1**

the Court provided some oral findings and conclusions at the hearing on October 19, 2020 and ordered the Trustee to prepare an order to accompany the Court's written findings and conclusions. The Court incorporates its oral findings of fact and conclusions of law, pursuant to Fed. R. Bankr. P. 9014(c) and 7052, and enters the following additional findings of fact and conclusions of law to accompany the order approving the sale of the Moses Lake equipment:

## FINDINGS OF FACT[1]

**Procedural History**

1. On November 19, 2018, Giga Watt, Inc. filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code. (ECF No. 1).

2. On December 19, 2018, the United States Trustee's Office appointed the Official Committee of Unsecured Creditors (the "Creditors Committee") and assigned three trade creditors to the Creditors Committee. (ECF No. 56).

3. On January 15, 2019, the Creditor's Committee requested the Court appoint a Chapter 11 Trustee. The motion was based on alleged mismanagement by the Debtor-in-Possession. Specifically, the Creditor's Committee argued that Debtor: (i) filed a "skeletal bankruptcy petition;" (ii) had

---

[1] Where a finding of fact is actually a conclusion of law, it shall be treated as such and vice-versa.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW . . . – Page 2**

not disclosed its full financial health; (iii) failed to report its pre-2018 income; (iv) had not disclosed whether transfers were made to insiders in the year preceding bankruptcy; (v) failed to disclose if material assets were missing; (vi) "substantially under-identified relevant creditors and stakeholders in its schedules;" and (vii) had not paid various third parties, thus endangering continued operations. (ECF No. 104). The Court granted the motion on January 11, 2019. (ECF No. 111).

    4.    Pursuant to 11 U.S.C. § 1104, the United States Trustee selected Mr. Waldron as the Chapter 11 Trustee. (ECF No. 138).

    5.    On January 24, 2019, the Court approved the United States Trustee's selection of Mr. Waldron as the Chapter 11 Trustee (the "Trustee"). (ECF No. 146).

    6.    On February 6, 2019, the Court approved the employment of Ms. Pamela Egan, then of CKR Law, LLP, as Attorney for Trustee. (ECF No. 158). Ms. Egan changed law firms and the Court approved the Trustee's employment of her current law firm, the Potomac Law Group PLLC, on July 12, 2019. (ECF No. 340).

    7.    Proofs of claim were filed in the bankruptcy by creditors who allege that they purchased WTT Tokens and cryptocurrency mining machines ("miners"). These proofs of claim each specify a dollar amount owed. On each of

these proofs of claims, the "no" box was checked in response to the questions of whether the claim is secured and whether the claim is entitled to priority under 11 U.S.C. § 507. For example: Mr. Dam's claim is number 52-1 and is in the amount of $5,391,720.37; Shawn Dyck's claim is number 199-1 and is in the amount of $25,320.33; Andrew Molitor's claim is number 344-1 and is in the amount of $7,919.00; and Krishna Karthik Reddy Adapala's claim is number 119-2 and is in the amount of $193,368.27.

8. On March 13, 2020, the Trustee shut down the operations at the Debtor's facility in Moses Lake, Washington. (ECF No. 722).

9. After the Trustee shut down the operations, the landlord locked the gate to the perimeter fencing, effectively eliminating access to the building.

10. On April 10, 2020, an Ad Hoc Creditor's Committee of WTT Token Holders and Miners ("WTT Token Holders") filed an application seeking "administrative expenses" and for declaratory relief. In general, the WTT Token Holders sought payment for the period during which the Trustee operated the facilities for the benefit of the estate. (ECF No. 547)[2] The application has not been noted for hearing.

---

[2] On April 10, 2020, the WTT Token Holders filed a motion to limit notice of the application for the order granting a claim to administrative expense, requiring oppositions to the motion by May 8, 2020. (ECF No. 546) The WTT Token Holders did not submit an order after the expiration of the notice period. The WTT Token Holders submitted a declaration of counsel on May 8, 2020, "in order to

**FINDINGS OF FACT AND CONCLUSIONS OF LAW . . . – Page 4**

11. After shutting down the operations at the Moses Lake facility, the Trustee negotiated three agreements that involved vacating the Moses Lake premises and returning the facility to the landlords Giga Plex, LLC, and DLDC 1, LLC.

12. The Court approved the first agreement the Trustee entered with Allrise Financial Group, Inc. and Allrise IP Holding, Inc. (ECF No. 733). Under the agreement, the Allrise entities are authorized to remove 100 miners from the Moses Lake facility in an exchange for release of all claims. (ECF No. 687).

13. The Trustee's second agreement was with the Moses Lake facility landlords and provided for the return of the premises after Allrise removed the 100 miners, and after certain equipment was removed.[3]

14. The Trustee's third agreement is the subject of the present Motion filed September 23, 2020. The Motion seeks Court authorization of the sale of specific equipment at the Moses Lake facility free and clear of liens. The Trustee also requests Court approval of the bidding procedures related to the equipment sale. (ECF Nos. 720, 721, 722).

---

clarify the identity of the Owners and their standing to bring the motion for an administrative expense claim and associated request for declaratory relief." (ECF No. 593)

[3] The Trustee intends to file a motion to approve this agreement in the near future. (ECF No. 722)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW . . . – Page 5**

15. On September 30, 2020, the Court granted the United States Trustee's motion to convert the case from a Chapter 11 to a Chapter 7. (ECF No. 744). The United States Trustee selected Mr. Waldron to continue as the Trustee in the converted case. (ECF No. 745).

16. The Trustee's request that the Motion be heard on shortened time was denied. (ECF No.756).

**Sale of the equipment at the Moses Lake facility**

17. The Moses Lake facility consisted of four locked buildings on land that was leased. Each building had rows of miners in racks that were tightly placed next to one another. The Trustee held the keys to the buildings. No other parties or creditors had keys to the facilities.

18. The miners at the Moses Lake facility subject to the sale are labeled "Property of Giga Watt, Inc." These labels were affixed before the Chapter 11 Trustee was appointed.

19. No financing statements referencing liens against the miners were filed with the Washington State Department of Licensing.

20. Any third party interested in purchasing the miners would reasonably believe that Mr. Waldron is the person with the authority to negotiate a sale because Mr. Waldron has the keys to the facility where the miners are

**FINDINGS OF FACT AND CONCLUSIONS OF LAW . . .** – Page 6

stored, is the duly appointed trustee for Giga Watt and the miners are marked with Giga Watt stickers.

21. After Mr. Waldron was appointed as the Chapter 11 Trustee, some individuals who claimed ownership of particular miners contacted the Trustee via email to try to claim their machines. When the Trustee attempted to match the serial numbers or identifying numbers from the creditor to the machine, the task proved impossible. The Trustee discovered that prior to petitioning for bankruptcy, miners were moved between buildings and many miners were simply missing.

22. The equipment at the Moses Lake facility consists of used miners and computers, power supply units, power cables, power cords, servers and computer screens.

23. The estimated cost to remove the equipment at the Moses Lake facility is $10,000.

24. The Trustee contacted several potential buyers while trying to sell the equipment from Debtor's Moses Lake facility. One potential buyer, EcoChain, Inc., the purchaser of Debtor's former facility in East Wenatchee, Washington, offered to pay $15,000 for the Moses Lake equipment.

25. The Trustee negotiated an agreement ("Sale Agreement") to sell the equipment at the Moses Lake facility to buyer Chain Lodge 1, LLC, a

Washington limited liability company. Under the Sale Agreement, Chain Lodge 1, LLC agreed to pay $42,000 within seven calendar days after entry of the order approving the sale and will remove the equipment at its own cost.

26. After the Trustee filed the Motion to approve the Sale, the Trustee received increased offers from both EcoChain, Inc., and from Chain Lodge 1, LLC.

27. The Sale is subject to overbidding as described in the Trustee's declaration. (See ECF No. 722) The overbidding process established by the Trustee is fair, reasonable and appears designed to obtain the best price from a qualified buyer.

28. Creditor Jun Dam filed an objection to the Motion. (ECF No. 753). The objection contains the signatures of over 30 additional creditors.

29. Mr. Dam admits that he does not own any of the miners being sold, but rather purchased WTT tokens from the Debtor. Mr. Dam is not a lawyer, nor is he an official "spokesperson" for any individuals. He testified at the October 19, 2020 hearing that he tried to "synthesize" and present to the Court the arguments of other token holders and miner purchasers who signed his objection.

30. Mr. Dam asserted in his objection that the Trustee's negotiated price is too low and the "estimated proceeds for the estate is up to $700,000 or

more based on comparable sales on Ebay….” Mr. Dam provided no evidence to support this assertion and the Court finds that Mr. Dam's opinion about the value of the equipment is not credible.

31. No creditors have undertaken effective action to control or take possession of the equipment at the Moses Lake facility. No creditors appeared in person to collect the claimed equipment, no creditor filed a motion for turnover, and no creditor filed an adversary action related to claimed ownership of the equipment.

32. The Trustee has taken the position that the objections to the sale of the equipment at the Moses Lake facility by creditors, including Jun Dam and an ad hoc Creditor's Committee of WTT Token Holders, are not well founded. Specifically, the Trustee asserts that the equipment at the Moses Lake facility is part of Debtor's estate.

33. The creditor claims of ownership to cryptocurrency miners at the Moses Lake facility, which Mr. Dam attempted to "synthesize" in his objection, are claims in bona fide dispute.

34. Mr. Dam and the parties who signed the objection he prepared have filed proofs of claim asserting the right to money.

35. If the Sale Agreement is not approved, the landlord at the Moses Lake facility will repossess the premises and neither the Trustee nor the creditors will recover anything from the sale of the equipment.

36. The Trustee, on behalf of the Giga Watt bankruptcy estate, is the person in possession of the miners.

37. The Trustee, on behalf of the Giga Watt bankruptcy estate, is the person with the right of control over the miners.

38. The Sale Agreement was negotiated at arm's length.

39. Neither potential identified buyer is an insider of the Debtor and both are disinterested.

40. With respect to the proposed sale, no evidence exists of fraud, collusion, or unfair bidding procedures.

41. The proposed sale is in good faith.

42. The sale of the equipment at the Moses Lake facility is an appropriate exercise of the Trustee's reasonable business judgment and is supported by the Trustee's articulated business justification that continuing to operate the facility is not profitable, and if the equipment is not sold, it will be lost when the landlord takes possession of the premises.

43. The Debtor, and then the Trustee, have exercised dominion and exclusive control over the miners and equipment at the Moses Lake facility since the Giga Watt bankruptcy petition was filed on November 19, 2018.

44. Time is of the essence because the Trustee will soon lose access to the premises in Moses Lake. The sale will allow the Trustee to recover some money from the equipment, while timely vacating the Moses Lake facility and return the premises to the landlord.

45. Cause exists to waive the Rule 6004 14-day stay.

46. The disputed ownership claims of creditors are adequately protected by the order approving the sale of the Moses Lake equipment providing that ownership rights, if any, will attach to the sale proceeds.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction under 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2. A Trustee may use, sell, or lease property of the estate, other than in the ordinary course of its business. 11 U.S.C. §363 (b)(1).

3. Mr. Waldron, as the Chapter 7 Trustee, has the duty to collect and reduce to money property of the Giga Watt bankruptcy estate. 11 U.S.C. § 704(a)(1).

4. Other than for some limited exceptions that do not apply here, property of the Gia Watt bankruptcy estate includes all legal and equitable property interests of Giga Watt as of November 19, 2018. 11 U.S.C. § 541(a)(1).

5. State law determines the existence and scope of a debtor's interest in property. *In re Reed*, 940 F.2d 1317, 1322 (9th Cir. 1991), citing *Butner v. United States,* 440 U.S. 48, 54 (1979). That interest is determined upon filing the bankruptcy petition and becomes part of the bankruptcy estate at that time. *Id.,* citing 11 U.S.C. §541(a).

6. Under Washington law, indicia of ownership includes possession, *Allstate Ins. Co. v. Neel*, 25 Wash. App. 723, 725 (1980)(an automobile was not "owned" by insured because the insured did not control the use of the automobile), and right of control. *Kelly v. Aetna Cas. Sur. Co.*, 100 Wash.2d 401, 407 (1983)(an automobile was not "owned" by insured because the insured did not possess the automobile).

7. The bankruptcy estate has a legal and/or equitable interest in the Moses Lake equipment because the Debtor and the Trustee have exclusively maintained possession and control of that property and excluded others from possessing or controlling that property.

8. A trustee's selection of bidding and sale procedures is a matter committed to the trustee's business judgment, to which the bankruptcy court

gives deference. *Simantob v. Claims Prosecutor, LLC (In re Lahijani)*, 325 B.R. 282, 288–89 (9th Cir. BAP 2005).

9. Section 363(f) allows a chapter 11 Trustee to sell property of the estate free and clear that are in bona fide dispute or where the interest holder could be compelled in a legal or equitable proceeding, to accept a monetary satisfaction of such interest. 11 U.S.C. §§ 363(f)(4) and (5).

10. A lack of good faith in a sale is shown by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Sw. Prod., Inc.*, 144 B.R. 100, 103 (BAP 9th Cir. 1992). No such showing was made here.

11. A bona fide dispute exists where the court finds an objective basis for a factual or a legal dispute related to the validity of the debt. *In re Vortex Fishing Sys., Inc.*, 277 F.3d 1057, 1064 (9th Cir. 2002).

12. Because the parties claiming ownership of the equipment at the Moses Lake facility are at odds with the Trustee's position that the miners belong to the estate, these claims are subject to a bona fide dispute and thus the equipment may be sold free and clear of all claims, liens and interests. 11 U.S.C. § 363(f)(4).

13. Because each party who might assert an interest in the Moses Lake equipment has filed a proof of claim asserting the right to payment of

**FINDINGS OF FACT AND CONCLUSIONS OF LAW . . . – Page 13**

money, these claimants can be compelled to accept a monetary satisfaction and thus the equipment may be sold free and clear of all claims, liens and interests. 11 U.S.C. § 363(f)(5).

14. In this case, no parallel and piecemeal proceedings exist, as there were in *Darby v. Zimmerman (In re Popp),* 323 B.R. 260 (9th Cir. BAP 2020) and *Warnick v. Yassian (In re Rodeo)*, 362 F.3d 603 (9th Cir. 2004). Unlike the present case, the *Darby* and *Warnick* cases each had pending unresolved adversary actions regarding an interest in the subject property at the time the trustee's motion to sell was granted.

15. An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise. Fed. R. Bankr. P. 6004. In connection with this matter, cause exists to waive the Rule 6004 stay.

16. The Trustee has exercised sound business judgment and obtained for the estate a benefit by negotiating the Sale Agreement.

17. The Trustee has proceeded in good faith within the meaning of 11 U.S.C. § 363(m) and the purchaser of the equipment is entitled to the protection thereof.

18. The form and manner of service of Notice of Chapter 11 Trustee's Motion for Order (ECF No. 720-3, Ex. C) was sufficient and is approved.

19. The contemporaneously entered order approving the sale of the Moses Lake equipment has an adequate protection provision for the benefit of creditors who claim they own property that is being sold.

20. Based on the findings and conclusions set forth above, contemporaneously with the entry of these findings and conclusions, this Court will enter an order approving the Motion.

//END OF DOCUMENT///

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0980−2 | User: notice | Date Created: 10/20/2020 |
| Case: 18−03197−FPC7 | Form ID: pdf002 | Total: 4 |

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| tr | Mark Waldron | trustee@mwaldronlaw.com |
| aty | James D Perkins | james.perkins@usdoj.gov |
| aty | Tara J. Schleicher | tara.schleicher@foster.com |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
| | | | | |
|---|---|---|---|---|
| aty | Mark Waldron | Mark D. Waldron | 6711 Regents Blvd. W., Suite B | Tacoma, WA 98466 |

TOTAL: 1