Pamela M. Egan, WSBA No. 54736[1]
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
  *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation,<br>                    Debtor. | The Honorable Frederick P. Corbit |
| | Chapter 7 |
| | **CHAPTER 7 TRUSTEE'S OBJECTION TO APPLICATION OF WTT TOKEN HOLDERS AND MINER OWNERS FOR ADMINISTRATIVE EXPENSE AND FOR DECLARATORY RELIEF** |

Mark D. Waldron, in his capacity as the duly-appointed Chapter 7 Trustee, by and through his attorneys, the Potomac Law Group PLLC, hereby respectfully objects (the "Objection") to the *Application of WTT Token Holders and Miner Owners for Administrative Expense and for Declaratory Relief* (the "Motion") as follows:

---

[1] Admitted to the U.S. District Court for the Eastern District of Washington on October 14, 2020.

TRUSTEE'S OBJECTION TO WTT TOKEN AND
MINER OWNER ADMINISTRATIVE CLAIM – Page 1

# I.     BACKGROUND

On November 19, 2018, Giga Watt, Inc. (the "Debtor") commenced this case by filing a voluntary petition for relief under title 11, chapter 11 of the United States Code (the "Bankruptcy Code").

On January 24, 2019, the Court approved Mark D. Waldron's appointment as Chapter 11 Trustee. [ECF No. 146.]

Three of the parties filing this Motion, Jun Dam, John Winslow, and Scott Glasscock, were members of the Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 case. Jun Dam was its Chair. Neither the Committee nor the movants objected to the re-opening of the Debtor's facilities nor did they express any concern regarding the Trustee's financial projections that the Trustee filed with the Court and that did not include any provision for paying the WTT token holders and miner owners any share of revenues generated by the Trustee's operation of the Debtor's facilities.

On September 30, 2020, the Court converted the case from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code pursuant to the *Order Converting Case to Chapter 7*. [ECF No. 744.] The U.S. Trustee's Office appointed Mark D. Waldron as the Chapter 7 Trustee in this case pursuant to the *Appointment of Trustee*, dated September 30, 2020. [ECF No. 745.]

The movants are a minority. They purchased less than 10% of WTT tokens sold in the Giga Watt Project or approximately 1,917,150 WTT out of 20,997,260

TRUSTEE'S OBJECTION TO WTT TOKEN AND
MINER OWNER ADMINISTRATIVE CLAIM – Page 2

1  WTT sold. By number, they represent approximately 12% of all WTT token and

2  miner claimants: 33 out of a total of an estimated 279 claims filed by WTT token

3  holders and miner owners. Their prepetition claims total approximately 18% of all

4  claims filed by WTT token and miner owners or $12,950,863.02 out of an

5  aggregate of approximately $70 million.

6  ## II.     ARGUMENT

7  **A.     Movants Need to Commence an Adversary Proceeding**

8  The Motion seeks a judgment of declaratory relief that the Debtor's crypto-

9  mining facilities and infrastructure were not property of the estate and instead

10  belonged to the movants. The Motion further seeks an Order requiring the Chapter

11  7 Trustee to set up a procedure by which the movants (and perhaps others) would

12  claim and recover their respective ownership interest and revenue share from the

13  Chapter 11 Trustee's operation of the Debtor's business.

14  Rule 7001 of the Federal Rules of Bankruptcy Procedure provides that an

15  action for declaratory relief regarding an interest in property must be brought as

16  an adversary proceeding. Fed.R.Bank.P. 7001. If a complaint is filed, the Trustee

17  will counter-claim for subordination pursuant to section 510 of the Bankruptcy

18  Code. Such a counter-claim can only be made in an adversary proceeding.

19  Fed.R.Bank.P. 7001.

20  The procedural rules governing an adversary proceeding will guide

21  resolution of this dispute. For example, if the movants are acting on behalf of a

22  class, then they will have to meet the elements for certifying such class. If they are

23
24  TRUSTEE'S OBJECTION TO WTT TOKEN AND
     MINER OWNER ADMINISTRATIVE CLAIM – Page 3

25

1 acting in their individual capacity, they will be listed in the caption. The Motion

2 includes supporting declarations from parties who are not identified as movants

3 and it omits declarations from parties who are identified as movants. The

4 requirements of a complaint will simplify and clarify this process of identification.

5 The adversary proceeding rules also trigger the standards applicable to

6 assessing the request for judicial relief. For example, Rule 12(b)(6), dismissal for

7 failure to state a claim, will directly apply. The adversary proceeding rules also

8 enable motion practice, such as a motion to dismiss or motion for summary

9 judgment. These rules also provide the time and procedures for facilitating an

10 evidentiary trial, if necessary.

11 Therefore, the Trustee requests that the Court deny the Motion and direct

12 the movants to commence an adversary proceeding where the issues can be

13 properly resolved.

14 **B.** **Certain of the Movants Cannot Appear *Pro Se***

15 At least four of the Movants are business entities. Therefore, they may only

16 appear in this Court through a licensed attorney. *See Rowland v. Cal. Men's*

17 *Colony,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993) ( "it

18 has been the law for the better part of two centuries  that a corporation may appear

19 in the federal courts only through licensed counsel."). This rule is applicable to all

20 forms of business entities. *See Id.*, 506 U.S. at 202, 113 S.Ct. at 721 ("[S]ave in a

21 few aberrant cases, the lower courts have routinely held that 28 U.S.C. § 1654,

22 'providing that parties may plead and conduct their own cases personally or by

23

24 TRUSTEE'S OBJECTION TO WTT TOKEN AND
MINER OWNER ADMINISTRATIVE CLAIM – Page 4

25

counsel,' does not allow corporations, partnerships, or associations to appear in federal court" other than through a licensed attorney); *In re American West Airlines,* 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney").

Therefore, business entities asserting claims should be required to appear through counsel.

## III. RESERVATION OF RIGHTS

The Trustee contests the Motion and reserves the right to bring any and all defenses to the assertions set forth in the Motion should this matter have to be resolved as a contest matter.

## IV. CONCLUSION

Wherefore, the Trustee respectfully requests that the Court enter an Order:

1. Denying the Motion in its entirety; and

2. Granting such other and further relief as the Court deems necessary and just.

Dated: November 9, 2020          POTOMAC LAW GROUP PLLC

By:     /s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

TRUSTEE'S OBJECTION TO WTT TOKEN AND
MINER OWNER ADMINISTRATIVE CLAIM – Page 5