UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

In re: ) Case No. 18-03197

GIGA WATT, INC. )

        Debtor )

)

MOTION TO SELL EQUIPMENT FREE AND CLEAR OF LIENS, BIDDING

PROCEDURES, AND MOTION TO SHORTEN TIME

OCTOBER 9, 2020

TRANSCRIBED BY: GINA M. COZZA

TRANSCRIPT OF PROCEEDINGS; OCTOBER 9, 2020

1. CLERK: Please rise. We have the Honorable Frederick P. Corbit presiding.
2. JUDGE CORBIT: Please be seated.
3. CLERK: This is In Re: Giga Watt, Inc., 18-03197. This is the continued hearing on the
4. Motion to Sell Equipment Free and Clear of Liens, Bidding Procedures, and Motion
5. Shortening Time. Present in the courtroom, we have John Scevola and his wife Nancy
6. Scevola; Jim Perkins on the phone for the U.S. Trustee; Pamela Egan, former attorney to the
7. Trustee; Mark Waldron, the Chapter 7 Trustee; David Kazemba, attorney for the Moses Lake
8. property landlord; Tara Schleicher, attorney for Soluna Tech; and then Jun Dam, Creditor, for
9. himself and other parties.
10. JUDGE CORBIT: Good morning. I appreciate the people that have come to the courtroom
11. wearing their masks. I will wear my mask, too, except for I don't think people can hear me
12. on the phone, but I do note that I'm probably thirty feet away from any audience members,
13. and ten feet away from Madam Clerk. Good morning, all. At the outset, I have a preliminary
14. ruling and some remarks about the history of the Giga Watt bankruptcy. At this time, every
15. person participating in this hearing other than me should have their phones on mute.
16. Everyone, please double-check that your phones are on mute. Thank you. There are two
17. matters before the Court today. Both were raised by motion…by the motion of Mark
18. Waldron in his official capacity as the Trustee for the Giga Watt bankruptcy estate. Mr.
19. Waldron's motion is on the Court's Docket as Entry Number 720. First, there was a
20. procedural request to shorten time for hearing of a motion to sell property. This procedural
21. request has prompted the objection from Mr. Jun Dam on behalf of himself and other
22. Creditors. Second, there was a substantive motion for the Court to approve the sale of the
23. equipment that is commonly referred to as the "Moses Lake equipment". This substantive
24. request has also resulted in an objection from Mr. Dam on behalf of himself and other
25. creditors. As for the first request, the Court does not favor motions to shorten time, and in
26. cases where matters can be timely heard without such a motion, disputes about the timing of a
27. hearing can be put to rest by denying the motion to shorten time. Pursuant to local and
28. national Bankruptcy Rules 2002, the notice period for a proposed sale of property is twenty-

2

one days. Since the Trustee's motion to sell was filed on September 23rd, the substantive motion can be heard by this Court in the middle of October without an order shortening time. Moreover, the Court finds that conducting the substantive hearing in the middle of October would not result in any adverse consequences to the estate. Therefore, I will sustain Mr. Dam's objection in part, deny the motion to shorten time, and schedule the hearing on the sale of the Moses Lake equipment at a time more than twenty-one days after the motion was filed. The Court will hear the motion for the sale of the Moses Lake equipment later this month on Monday, October 19th at 10:00am Pacific Time. Because of COVID concerns, the hearing on October 19th will be by telephone. Since the Creditors' objection to the motion to shorten time was sustained, there is no reason for anymore argument by Creditors on that issue. As for the Creditors' argument about the Trustee's substantive motion, which is the motion to sell the Moses Lake equipment, I will hear from Mr. Dam on October 19th about the objection he filed on behalf of himself and other Creditors. This objection is on the Court's Docket for the Giga Watt case as Entry Number 753. Since the hearing on the substantive motion is now scheduled for October 19th, nothing more needs to be said about the sale of the Moses Lake equipment at this time. Nevertheless, at this time, I believe it would be useful for Creditors, some of whom live almost halfway around the world, if I briefly discuss the history of this bankruptcy case. There is little doubt that Creditors have suffered legitimate and significant losses as a result of Giga Watt's business failure. Moreover, all the Creditors have an interest in knowing who caused them to suffer these losses. Mr. Dam has asserted that the Creditors' losses are in part a result of the actions of the Trustee. Specifically, in Mr. Dam's most recently filed document, he says, and I quote "the Trustee and Counsel have continued to commit acts of theft and conversion of personal property" end of quote. I invite the Creditors to carefully review the eight hundred plus documents docketed in this case and the related adversary actions to see if they agree with Mr. Dam. In particular, I direct you to Docket Number 28 in Adversary Proceeding Number 20-80020. Now, please note that adversary actions have different case numbers from the main case in which the motion to sell the Moses Lake equipment was filed. Again, the adversary proceeding that I mentioned previously…I

1 just mentioned, is Adversary Proceeding Number 20-80020. The court documents show
2 many things including that the managers of Giga Watt did the following. They left the
3 business in a state where landlords were unpaid and evictions were imminent. They failed to
4 pay bills, which resulted in utility companies refusing to provide electrical power. They
5 neglected to maintain business records related to the interests of Creditors and alleged owners
6 of equipment. And in short, Giga Watt's former management left a terrible mess that the
7 Trustee is attempting to clean up. As a result of the failures of Giga Watt's management, the
8 bankruptcy case was filed and eventually, the official Committee of Creditors moved for an
9 order appointing a trustee. Many months ago, I reviewed the Creditors' motion for a trustee
10 and found that the appointment of an independent trustee was appropriate. I entered an order,
11 and independent of me, Mr. Waldron was selected by the United States Department of Justice
12 to serve as the trustee in this case. Mr. Waldron was selected because he is an experienced
13 bankruptcy trustee and had no previous connection to Giga Watt. Again, the way this process
14 works is, interested parties may ask for the appointment of a trustee if they're unhappy with
15 the business management, and that's what happened here when Creditors, the official
16 Creditors Committee said they were unhappy with the management of Giga Watt and asked
17 for me to appoint a trustee. When I agreed with the Creditors, I entered such an order. The
18 next process is, the trustee is selected. To avoid any impropriety or connections directly
19 between the Court and the trustee, because the Court reviews the trustee's compensation and
20 the trustee's work, the Court does not selected the trustee, the trustee is selected by the United
21 States…the Office of the United States Trustee, which is part of the Department of Justice.
22 And that's what happened here. As the Chapter 11 Trustee, subject to court supervision, Mr.
23 Waldron had the statutory duty to be accountable for all of Giga Watt's property. And when I
24 talk about the statutory duty, I'm talking about Title 11 of the United States Code, which was
25 passed by Congress in accordance with Article 1 of the Constitution, which says that
26 Congress can pass uniform laws with respect to bankruptcies. Now, as the Chapter 7 Trustee,
27 and again is subject to court supervision, Mr. Waldron has the statutory duty to collect and
28 reduce to money property of the bankruptcy estate. This duty is what Mr. Waldron is trying

1 to fulfil by selling the Moses Lake equipment to the highest bidder. Creditors who review the
2 records in this case should ask themselves, "would there be any assets available if Mr.
3 Waldron did not try to clean up the mess that was left by the former managers of Giga Watt?"
4 If there is evidence presented on October 19th that Mr. Waldron is not properly exercising his
5 duties with respect to the Moses Lake equipment, I will not approve the proposed sale.
6 However, on the other hand, if Mr. Waldron is properly exercising his business judgment in
7 connection with fulfilling his statutory duties as the Trustee, I will grant his motion to sell the
8 Moses Lake equipment. These issues will be examined on October 19th, not today. There is
9 no need for argument today. However, Mr. Dam, do you have any questions? And you may
10 unmute your phone, Mr. Dam. Do you have any questions, sir?
11 JUN DAM: Oh thanks so much, Judge Corbit, for extending this and continuing the hearing
12 until October 19th. Can you hear me? I just want to make sure.
13 JUDGE CORBIT: Yes, I can hear you, sir.
14 JUN DAM: Okay. Yes, just first off, thank you for extending time, and I look forward to
15 October 19th. And I don't have any questions, just a few comments.
16 JUDGE CORBIT: No, we'll save your comments for later.
17 JUN DAM: Okay.
18 JUDGE CORBIT: We're gonna have…I'll hear from you as to the sale. Again, you don't
19 need to comment on the motion to shorten time because as you requested, I denied it, so
20 nothing needs to be said further about that. With respect to the other issue, whether or not it's
21 appropriate to sell the Moses Lake equipment as proposed by the Chapter 7 Trustee, I've read
22 your objection that you filed on your behalf and on behalf of other Creditors. I will read it
23 again before the hearing, and I will consider your arguments at that hearing. So that's for
24 another day. As you're aware, the last hearing we had was very disorganized, and so I've had
25 to make sure that this hearing went more smoothly. And as a result, I've narrowed the issues,
26 which hopefully will make the October 19th hearing move smoothly, as well. Ms. Egan, do
27 you have any questions?
28 PAMELA EGAN: No, Your Honor. Thank you.

5

TRANSCRIPT OF PROCEEDINGS; OCTOBER 9, 2020

1 JUDGE CORBIT: Mr. Waldron, do you have any questions?

2 MARK WALDRON: I do not, Your Honor.

3 JUDGE CORBIT: Mr. Perkins, do you have any questions?

4 JIM PERKINS: I do not, Judge. Thank you.

5 JUDGE CORBIT: Alright. Thank you. The Court is adjourned.

6 CLERK: Please rise.

7

8 Signed under penalty of perjury on November 14, 2020

9

10 _[signature]_____

11 Signature

12

13 Gina M. Cozza_____

14 Print/Type Name

15

16 518 East Nebraska, Spokane, WA 99208_____

17 Address

6