Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| | Chapter 7 |
| Debtor. | **OBJECTION OF THE CHAPTER 7 TRUSTEE TO MOTION FOR STAY PENDING APPEAL OF ORDER (I) APPROVING THE SALE OF MOSES LAKE EQUIPMENT AND RELATED RELIEF, (II) APPROVING BID PROCEDURES** |

Mark D. Waldron, the Court-appointed Trustee in the above captioned case (the "Trustee") hereby objects ("Objections") to the *Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures* (the "Motion") [ECF 769] on the ground that the Motion is constitutionally moot because the sale that the Motion seeks to stay has already closed. This Objection is based on the Declaration of Mark D. Waldron, filed herewith, and the facts and arguments set forth below.

Trustee's Objection to Motion
for Stay Re ML Equipment Sale - P a g e | **1**

On November 19, 2018, the Debtor commenced this case by filing a voluntary petition for relief pursuant to Title 11, Sections 101, *et seq.* of the United States Code (the "Bankruptcy Code").

On September 30, 2020, the Court entered its Order converting the case from one under Chapter 11 of the Bankruptcy Code to one under Chapter 7 of the Bankruptcy Code [Doc 744].

On October 20, 2020, the Court entered its *Findings of Fact and Conclusions of Law in Support of Order Authorizing Trustee's Sale of Moses Lake Equipment* [Doc 764] and its *Order: (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, and (iii) Shortening Time to Object* (the "Sale Approval Order") [Doc 765]. The Sale Approval Order provided in pertinent part:

> The Chapter 7 Trustee is authorized to proceed with the Sale on terms that are no less favorable to the estate than the terms of the Sale Agreement pursuant to an oral auction to be conducted by the Chapter 7 Trustee.

Sale Approval Order [Doc 765], p. 4, ¶ 2, lines 1-3. The Sale Approval Order further provided, "The 14-day stay provided by Rule 6004(h) of the Federal Rules of Bankruptcy is waived." Sale Approval Order [Doc 765], p. 4, ¶ 6, lines 8-9.

As set forth in the *Chapter 7 Trustee's Report of Sale of Moses Lake Inventory / Equipment* [Doc 776], filed on October 23, 2020, the Trustee held the

Trustee's Objection to Motion
for Stay Re ML Equipment Sale - P a g e | **2**

oral auction on October 20, 2020 and Soluna Technologies Ltd. ("Soluna") made the winning bid in the amount of $112,000.

The sale closed on October 22, 2020 with the receipt of the purchase price in the amount of $112,000, the delivery of a Bill of Sale to Soluna, and the delivery of the assets to Soluna. *See* Waldron Declaration.

Jun Dam filed the Notice of Appeal [Doc 770] and the Motion [Doc 769] on October 22, 2020. On October 26, 2020, the Court issues its *Notice Re: Failure to Note Motion for Stay Pending Appeal* [Doc 781], in which the Court notified all parties in interest that the Court would not consider the Motion "until proper notice is given" pursuant to the Local Bankruptcy Rules. On October 30, 2020, Jun Dam served notice of the Motion [Doc 794].

## POINTS AND AUTHORITIES

Federal courts cannot decide moot issues. As the Supreme Court stated more than a century ago:

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.

*Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895).

In this case, the Motion is moot because the sale, which the Motion seeks to stay, has already closed. *See In re Akhlaghpour,* 2018 WL 3357367, at *1–2 (Bkrtcy. C.D. Cal., 2018) (motion to stay sale of property moot after sale closed). The Trustee properly conducted the auction and closed the sale pursuant to the

Trustee's Objection to Motion
for Stay Re ML Equipment Sale - P a g e | **3**

1 | Sale Order. *See Matter of Combined Metals Reduction Co.*, 557 F.2d 179,

2 | 190 (9th Cir. 1977) ("An appeal will not affect the validity of a judgment or order

3 | during the pendency of the appeal, absent a stay or supersedeas."); *Rockin*

4 | *Artwork, LLC v. Bravado International Group Merchandising Services, Inc.,* 2017

5 | WL 2215804, at *2 (W.D. Wash., 2017). Accordingly, the Court cannot grant

6 | relief on the Motion. Sale cannot be stayed because it has already closed, making

7 | the Motion moot.

8 | **<u>CONCLUSION</u>**

9 | WHEREFORE, the Trustee respectfully requests that the Court deny the

10 | Motion in its entirety and grant such other and further relief as the Court deems

11 | appropriate and just.

12 | Dated: November 23, 2020 POTOMAC LAW GROUP PLLC

14 | By: _____*/s/ Pamela M. Egan*_____
    Pamela M. Egan (WSBA No. 54736)

15 |
16 | *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

Trustee's Objection to Motion
for Stay Re ML Equipment Sale - P a g e | **4**