Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 7<br><br>**OBJECTION OF THE CHAPTER 7 TRUSTEE TO MOTION TO ENFORCE SETTLEMENT AGREEMENT AND SUPPORTING DECLARATION** |

Mark D. Waldron, the duly-appointed trustee in the above-captioned chapter 7 bankruptcy case (the "Chapter 7 Trustee") hereby objects ("Objection") to the *Motion to Enforce Settlement Agreement* (the "Motion") [ECF 793]. The Motion seeks an Order compelling the Chapter 7 Trustee to pay $169,128.43 (the "Settlement Payment") to Giga Plex LLC and MLDC 1 LLC (the "ML Landlords") on an administrative basis and otherwise perform pursuant to the parties' agreement (the "Settlement Agreement"), a copy of which is attached to the Motion as Exhibit A.

## PRELIMINARY STATEMENT

Only one week after the Trustee could reasonably seek Court approval of the Settlement Agreement, the case converted to one under Chapter 7. The Trustee intended to explain to the Court at the hearing on the Settlement Agreement that he had negotiated the Settlement Agreement as the Chapter 11 Trustee -- not the Chapter 7 Trustee -- and that the Settlement Agreement required priority payment of a Chapter 11 administrative claim ahead of Chapter 7 administrative claims. However, the Trustee did not make these statements because Jun Dam and his client group of WTT token and miner owners severely disrupted the hearing on a separate motion that was set for the same time.

After the hearing, the Trustee and the ML Landlords agreed that the ML Landlords should file a motion in order to put this issue properly before the Court.

## BACKGROUND FACTS

On November 19, 2018 (the "Petition Date"), Giga Watt, Inc. (the "Debtor") commenced this case by filing a voluntary petition for relief pursuant to Title 11, Sections 101, *et seq.* of the United States Code (the "Bankruptcy Code") [ECF No. 1].

On March 13, 2020, the Trustee shut down the Debtor's operations in Moses Lake, Washington (the "Moses Lake Facility") because the Grant County Public Utility District significantly increased the cost of electricity and the price of bitcoin fell. Very soon thereafter, certainly by April 2020, the Trustee and the ML

Trustee's Objection to Motion
to Compel Performance - Page | 2

Landlords began negotiating the different claims that both the Trustee, on behalf of the estate, and the ML Landlords asserted against the other.

During the Spring and the Summer of 2020, the Trustee and the ML Landlords shared a significant amount of information including accountings of transfers between the Trustee and the ML Landlords as well as of pre-petition transfers between the Debtor and the ML Landlords. During these negotiations, the Trustee learned that the ML Landlords had encumbered the Giga Pods (mining sheds) that belonged to the Debtor and possibly third parties, adding another layer of issues to the negotiations. Later, the discussions expanded to include EcoDiversified Holdings, Inc. who claimed to own a Giga Pod and who had sublet land from the Debtor within the Moses Lake Facility.

Furthermore, before the Trustee could finally resolve the issues with the ML Landlords, the Trustee had to first resolve the significant issues that existed with the Allrise Financial Group ("Allrise"), which claimed to own one of the Giga Pods within the Moses Lake Facility. After diligent efforts by the Trustee, the Court approved the settlement with Allrise on September 24, 2020.

However, less than a week later, on September 30, 2020, the case converted to one under chapter 7 and Mark Waldron was appointed as the Chapter 7 Trustee. *See Order Converting Case to Chapter 7* [ECF No. 744]; *see also Chapter 7 Trustee Appointment* [ECF No. 745]. The ML Landlords and the Trustee had been aware that the case would likely convert given that the United States Trustee's Office had moved to convert during the parties' negotiations. *See Motion to*

Trustee's Objection to Motion
to Compel Performance - P a g e | 3

*Convert the Chapter 11 Case to a Chapter 7*, filed on August 3, 2020 [ECF No. 659]. After the conversion, the Trustee told the ML Landlords that it was unlikely that the Court would allow the Trustee to pay the Settlement Amount.

At the hearing on the Settlement Approval Motion, October 8, 2020, the Trustee intended to raise the issue that the Settlement Agreement provided for payment of Chapter 11 administrative claims, which were subordinate to Chapter 7 administrative claims and that the Settlement Agreement had been negotiated by Mark Waldron as the Chapter 11 Trustee, not the Chapter 7 Trustee. Unfortunately, the Trustee did not have an opportunity to discuss these distinctions, because Jun Dam and his group disrupted the entire hearing with respect to a separate motion to sell equipment that was scheduled for the same time.

Under such circumstances, the Trustee did not consider it appropriate to upload an Order approving the Settlement Agreement. The ML Landlords and the Trustee then agreed that the ML Landlords would file a Motion so that these distinctions could be brought to the Court's attention.

## POINTS AND AUTHORITIES

**A.    The Distribution Priorities Changed Upon Conversion**

Section 726(b) of the Bankruptcy Code provides that administrative claims incurred before conversion are subordinate to those incurred after conversion. In particular, the statute states:

> In a case that has been converted to this chapter [chapter 7] under section 1112. . . of this title, a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under

section 503(b) of this title incurred under any other chapter of
this title . . . .

11 U.S.C. § 726(b). Section 503(b) applies to administrative claims. Simply put, administrative claims incurred under chapter 7 take priority over administrative claims incurred under chapter 11. Therefore, until the Chapter 7 Trustee knows the amount of administrative claims under Chapter 7, he cannot make a distribution on a chapter 11 administrative claim, such as the Settlement Payment.

**B.      The Chapter 7 Trustee Is Not a Party to the Settlement Agreement**

The Chapter 7 Trustee does not have authority to comply with the Settlement Agreement because the Chapter 7 Trustee and the Chapter 11 Trustee are different parties, despite the fact that the same individual has occupied both roles in this case. The preamble to the Settlement Agreement (Exhibit A to the Motion) defines the "Trustee" as the Chapter 11 Trustee. After conversion, the Chapter 11 Trustee no longer existed and the Chapter 7 Trustee assumed responsibility for liquidating property of the estate and resolving claims. *See In re Radical Bunny, LLC*, 459 B.R. 434, 443 (Bkrtcy. D. Ariz., 2011) ("[T]he duties of a Chapter 7 trustee and a Chapter 11 trustee are very different."); *In re Financial Corp. of America,* 114 B.R. 221, 225 (9th Cir. BAP (Cal.),1990) ("[T]he services performed here by the Chapter 11 trustee differ significantly from those that will be performed by the Chapter 7 trustee."). The Settlement Agreement was negotiated in the very different context of a chapter 11 case. Despite the Trustee's diligence, the case converted before the Trustee could finalize the Settlement Agreement by obtaining Court approval.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court deny the Motion in its entirety and grant such other and further relief as the Court deems appropriate and just.

Dated: November 27, 2020     POTOMAC LAW GROUP PLLC

By: _/s/ Pamela M. Egan_
Pamela M. Egan (WSBA No. 54736)

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

## DECLARATION

I, Mark D. Waldron, hereby affirm under penalty of perjury that I have personal knowledge of the facts set forth above and they are true and correct. Executed this 27th day of November 2020 in Tacoma, Washington.

/s/ Mark D. Waldron
Mark D. Waldron, *as Chapter 7 Trustee*

Trustee's Objection to Motion to Compel Performance - P a g e | **6**