OVERCAST LAW OFFICES
23 S. Wenatchee Ave. Suite 320
Wenatchee, WA 98801
(509) 663-5588 tele
(509) 662-5508 fax

HON. FREDERICK P. CORBIT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>GIGA WATT, INC.<br><br><br>Debtor. | CASE NO. 18-03197-FPC7<br><br>REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION TO ENFORCE AGREEMENT |

Giga Plex, LLC and MLDC1, LLC, ("Creditors" or "Landlords") by and through its counsel of record, submits the following Memorandum of Authorities in Response to the Chapter 7 Trustee's Objection to Motion to Enforce Agreement and Supporting Declaration ("Trustee's Objection").

### I. PRELIMINARY STATEMENT

As detailed the Trustee's Objection, no further findings were requested under FRBP 7052. The Court granted the Motion to Approve Compromise (ECF No. 724) on October 8, 2020, and this matter was properly brought back to this Court by Landlords for resolution via its Motion to Enforce Settlement Agreement and Notice Thereof (ECF No. 793).

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION TO ENFORCE AGREEMENT - 1

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588**

## II. AUTHORITY

Landlords are not disputing that there is now a Chapter 7 Trustee. On September 29, 2020, the Court entered the Order Converting Case to Chapter 7. Mr. Waldron was appointed Chapter 7 Trustee on September 30, 2020 (ECF No. 745). The Motion to Approve Compromise was entered orally on October 8, 2020. Arguably, the Chapter 7 Trustee has standing to object to the Chapter 11 Trustee's Motion to Approve Compromise prior to entry of the Court's order.

In the Trustee's memorandum, the citation to *In re Radical Bunny, LLC*, 459 B.R. 434, 443 (Bkrtcy. D. Ariz., 2011) and *In re Financial Corp. of America,* 114 B.R. 221, 225 (9th Cir. BAP (Cal.) 1990) are both factually distinguishable. Both cases deal with the Trustee's fees which are not at issue. However, that may be the Trustee's concern when discussing the chapter 7 administrative claims in light of the recent adversary proceeding.

The proper framework is not a fee dispute but a motion to enforce the settlement agreement. Here, the District Court cases of *Onewest Bank, FSB v. Farrar, No*. CV 12-00108 ACK-KSC, 2013 U.S. Dist. LEXIS 165173, at *19 (D. Haw. Oct. 31, 2013) and Meyer v. Oberto Sausage Co., No. 3:17-cv-05076-RJB, 2019 U.S. Dist. LEXIS 36535, at *5 (W.D. Wash. Mar. 6, 2019) are helpful.

In reviewing an action to enforce a settlement agreement, federal courts are to "appl[y] normal principals of contract law." *Onewest Bank, FSB v. Farrar, No*. CV 12-00108 ACK-KSC, 2013 U.S. Dist. LEXIS 165173, at *19.

In Washington, "[t]he validity and enforceability of a settlement agreement is determined by reference to the substantive law of contracts." *Meyer v. Oberto Sausage Co.*,

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION TO ENFORCE AGREEMENT - 2

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588**

18-03197-FPC7    Doc 820    Filed 11/30/20    Entered 11/30/20 16:14:45    Pg 2 of 4

No. 3:17-cv-05076-RJB, 2019 U.S. Dist. LEXIS 36535, at *6 (W.D. Wash. Mar. 6, 2019) citing *Veith v. Xterra Wetsuits, L.L.C.,* 144 Wn. App. 362, 366, 183 P.3d 334 (2008) (internal citation omitted). A contract requires offer, acceptance, and consideration. *Id.*

Here, there is no dispute over whether there was consideration. Here, the issue is whether the settlement agreement approved by this Court is enforceable against the Chapter 7 Trustee.

A bankruptcy case that also may be helpful is *In re McCarthy*, 106 B.R. 201, 203 (Bankr. D. Haw. 1989). In that case, a Trustee and a Debtor in Possession filed a motion to enforce settlement agreement which provided for payments upon the occurrence of certain events, specifically upon the settlement becoming final and nonappealable. The movants in that case asserted that the proceeds from the settlement and release agreement were due and owing because all applicable appeal periods expired. *Id* at 201-202.

Here, this Court granted the Motion to Approve Compromise on October 8, 2020, and it is believed that the time to challenge this Court's ruling should have passed. The Landlords respectfully request further instruction as to the enforceability of the settlement agreement and ask this Court to order the Chapter 7 Trustee to perform based on the settlement agreement that was properly noticed and approved by this Court.

For all these reasons, Landlord's pray for relief from this Court and request that the Motion to Enforce Agreement be granted, and this Court further direct the Chapter 7 Trustee to make the disbursement to Landlords pursuant to the Court's Order within seven (7) days of entry.

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION TO ENFORCE AGREEMENT - 3

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588**

18-03197-FPC7    Doc 820    Filed 11/30/20    Entered 11/30/20 16:14:45    Pg 3 of 4

DATED: November 30, 2020

OVERCAST LAW OFFICES

/s/ David A. Kazemba
David A. Kazemba, WSBA #48049
Attorneys for Creditors, Giga Plex, LLC
and MLDC1, LLC

REPLY MEMORANDUM OF AUTHORITIES IN RESPONSE TO CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION TO ENFORCE AGREEMENT - 4

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588**