UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

## Application for Order Approving Employment

Case Name: **Giga Watt, Inc.**   Case Number: **18-03197**

Comes now the undersigned (Trustee/Debtor in Possession/Chairman of the Creditors' Committee) and applies to the court for an order approving the employment of **Potomac Law Group, PLLC ("PLG")**
(Appointee)
as **litigation counsel** for the ( [X] Trustee - [ ] Debtor in Possession - [ ] Creditors' Committee)
(Position)
in the above entitled estate.

For purposes of this application and verification and the disclosures contained herein, the term APPOINTEE shall include the named appointee, and if the named appointee is a law partnership or corporation or an accounting partnership or corporation, or is an attorney or accountant employed as a partner, member, or regular associate of a partnership or corporation, the named appointee and each member, partner or regular associate of such partnership or corporation.

Applicant and Appointee in making and verifying this application understand that appointee is a fiduciary to the estate or creditors' committee as appropriate, and is obligated to fully and candidly disclose all material facts relating to the employment and is obligated to timely disclose subsequently discovered material facts.

Your applicant makes the following representations under penalty of perjury and subject to 18 U.S.C. § 152:

1. That the specific facts showing the necessity for the employment are: **The Trustee has commenced a complaint against Perkins Coie and needs representation with respect thereto.**

2. That the reason for the selection of the above named appointee is: **PLG knows the facts and law applicable to the litigation described above because it served as gen'l bankruptcy counsel to the T'ee.**

3. That the professional services to be rendered are: **Serve as Plaintiff's counsel in the adversary proceeding, Waldron v. Perkins Coie, et al, AP Case No. 20-80031.**

4. That appointee is qualified to provide the services to be rendered based on the following: **PLG has approx. 100 attorneys, 37 of whom are litigators. Ms. Egan has a JD from Cornell (1989) and a BA from Dartmouth (1982). She is both a bankruptcy lawyer and a litigator.**

5. That any proposed arrangement as to compensation, including hourly rates or flat fees if applicable, is as follows, but that approval of that arrangement and any payment or allowance of compensation for services rendered or reimbursement of expenses will be in accordance with 11 U.S.C. §§ 329 and 330 and FRBP 2016: **Contingency fee 30% of any recovery up to $10 million; 25% of any recovery more than $10 million**

6. That appointee is a relative of the bankruptcy judge assigned the case.   [ ] YES [X] NO

7. (For Trustee or Debtor in Possession) That appointee does hold or represent an interest adverse to the estate, that appointee is not a disinterested person, or that appointee has served as examiner in the case.
[ ] YES  [X] NO  If YES, explain: _____

8. (For Creditors' Committee) That appointee is not and will not while employed by the committee represent any other entity having an adverse interest in connection with the case.
[ ] YES  [ ] NO  If YES, explain: _____

9. That to best of your applicants knowledge, all of the appointees connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee or the bankruptcy judge assigned the case are as follows:

   A. That appointee is a creditor as defined by 11 U.S.C. § 101(10). [ ] YES [X] NO  If YES, complete the following:
   Date on any waiver, set-off or assignment: _____.

   Type of debt incurred: _____   Payment made: $_____
   Date incurred: _____   Date payment made: _____
   Amount incurred: $_____   Amount of payment: $_____
   Remaining Balance: $_____

   B. That appointee is indebted to the debtor or to the estate? [ ] YES [X] NO  If YES, complete the following:

| | | | |
|---|---|---|---|
| *Type of debt incurred:* | _____ | *Payment made:* | $_____ |
| *Date incurred:* | _____ | *Date payment made:* | _____ |
| *Amount incurred:* | $_____ | *Amount of payment:* | $_____ |
| | | *Remaining Balance:* | $_____ |

C. That appointee has or presently represents an entity that could be classified as a creditor as defined by 11 U.S.C. § 101(10)? ☐ YES [X] NO *If YES, provide the following and any other relevant information as to each such entity:*
   a) name
   b) dates, capacity and scope of representation
   c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given

D. That appointee is or has been an equity security holder as defined in 11 U.S.C. § 101(17)? ☐ YES [X] NO *If YES, provide the following and any other relevant information as to such equity security interests:*
   a) description of each interest
   b) amount of each interest
   c) dates each interest held
   d) dates and manner of disposal of each interest

E. That appointee has or presently represents an equity security holder as defined by 11 U.S.C. § 101(17)? ☐ YES [X] NO *If YES, provide the following and any other relevant information as to each such equity security holder:*
   a) name of holder
   b) dates, capacity and scope of representation
   c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given.

F. That appointee is or has been an insider as defined by 11 U.S.C. § 101(31)? ☐ YES [X] NO *If YES, fully explain and provide any and all relevant information pertaining thereto.* _____

G. That appointee has or presently represents an insider as defined by 11 U.S.C. § 101(31)? ☐ YES [X] NO *If YES, provide the following and any other relevant information pertaining thereto as to each such insider:*

   a) name

   b) dates, capacity and scope of representation

   c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given.

H. That appointee has or presently represents the debtor? ☐ YES [X] NO *If YES, provide the following and any other relevant information pertaining thereto:*
   a) name

   b) dates, capacity and scope of representation

   c) actual or possible conflicts according to any applicable code or rules of professional conduct, including any discussion as to any waivers received or given.

I. That appointee has had or has participated in any transaction with the debtor, whether or not such transaction involved representation of the debtor? Transactions include, but are not limited to any actions under 11 U.S.C. § 329(a) and FRBP 2017(a), involving payments, retainers, set-offs, security agreements, liens, gifts or indentures as defined by 11 U.S.C. § 101(28). ☐ YES [X] NO *If YES, provide the following and any other relevant information concerning each such transaction:*
   a) names of all parties involved

   b) dates and description

   c) amounts involved if applicable

   d) reason for transaction

J.  That appointee has received or has been promised compensation from debtor or some other entity for services rendered or to be rendered in the case? ☐ YES ☒ NO *If YES, provide the following and any other relevant information concerning each such payment or promise.*
a) name of payor or promisor

b) status of payor or promisor

c) relationship between debtor and payor or promisor

d) date of payment or promise

e) amount of payment or promise

f) basis for payment or promise

g) location or disposition of any monies received

K.  That appointee has caused to be conducted an internal conflicts check in regard to representation of other clients as required by any code or rules of professional conduct? ☒ YES ☐ NO *If YES, state results, if NO, state why it was not done.* No conflict found.

Mark D. Waldron
Chapter 7 Trustee
6711 Regents Blvd. W.
Suite B
Tacoma, WA 98466

Dated: December 1, 2020

Mark D. Waldron, as Trustee

**Typed Name of Applicant**

**Signature of Applicant**

I, the undersigned appointee, do hereby state under penalty of perjury that I have read the above representations and verify that they are true and accurate and that they disclose all material facts required to the best of my knowledge and belief.

Dated: December __, 2020

Potomac Law Group PLLC ("PLG")

**Typed Name of Appointee**

Phone #: 415-297-0132

Address: 1905 7th Avenue, W, Seattle, WA 98119

**Signature of Appointee**

Pamela M. Egan on behalf of PLG

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re: )
 ) Case No. 18-03197
GIGA WATT, INC. )
 )
 ) **ORDER APPROVING EMPLOYMENT**
 ) **UNDER 11 U.S.C. §327 BY TRUSTEE/**
Debtor(s) ) **DEBTOR-IN-POSSESSION**

This matter having come on regularly for hearing on the application of trustee/debtor-in-possession, the court being fully advised in the premises, no adverse interest being represented and the appointment not being prohibited by Rule 5002:

IT IS HEREBY ORDERED

1. That the employment of __Potomac Law Group PLLC__ as __litigation counsel__ for trustee/debtor-in-possession is approved subject to the terms and conditions set forth in the application and 11 U.S.C. §328.

2. That any actual award of compensation is subject to further order of the court, pursuant to 11 U.S.C. §330.

///End of Order///

Presented by:
Mark D. Waldron
_____
(Signature/address/phone)
(253) 565-5800
6711 Regents Blvd.
Tacoma, WA 98466

ORDER APPROVING EMPLOYMENT UNDER 11 U.S.C. §327 - 1



**Potomac Law Group, PLLC**
1300 Pennsylvania Avenue N.W., Suite 700 | Washington, D.C. 20004
T 202.204.3005 | F 202.318.7707 | www.potomaclaw.com

BY EMAIL ONLY: mark@mwaldronlaw.com
teresa@mwaldronlaw.com

November 30, 2020

Mark D. Waldron
6711 Regents Blvd
Tacoma, WA 98466

Re: *Waldron v. Perkins Coie, LLP, et al.,* AP Case No. 20-80031 (the "**Adversary Proceeding**") commenced in the bankruptcy case (the "**Bankruptcy Case**"), *In re Giga Watt, Inc.*, Case No. 18-03197, pending in the U.S. Bankruptcy Court for the Eastern District of Washington (the "**Bankruptcy Court**")

Dear Mark:

This letter agreement will set forth the terms and conditions under which Potomac Law Group, PLLC ("the Firm") will represent you, as Chapter 7 Trustee, in the Adversary Proceeding commenced in the Bankruptcy Case. For reference, on September 30, 2020 (the "Conversion Date"), the Bankruptcy Case converted from Chapter 11 of title 11 of the United State Code to Chapter 7 of title 11 of the United States Code. For further reference, on October 27, 2020, the Bankruptcy Court approved the Firm's employment as counsel to you as Chapter 7 Trustee in the Bankruptcy Case on an hourly basis at the rate of $400.00 pursuant to the *Order Approving Employment Under 11 U.S.C. § 327 By Trustee* [ECF 785]. This letter agreement modifies the terms of the Firm's employment, subject to Bankruptcy Court approval, in order to provide for a Contingent Fee (defined below) with respect to the Adversary Proceeding, as set forth more particularly below.

    1. Team. I will lead the litigation team, with assistance from other attorneys, paralegals, and others as needed, including Chris Meazell, an experienced litigator, and Kathleen Noebel, an experienced paralegal. I also expect to confer with Benjamin Lieber and Galia Messika of the Firm. The Firm's litigation group has thirty-seven attorneys.

2. <u>Contingent Fee</u>. For services performed with respect to the Adversary Proceeding on or after the Conversion Date, the Firm will receive a contingent fee (the "<u>Contingent Fee</u>"), subject to Bankruptcy Court approval, based on the gross sum recovered by settlement, judgment, or other disposition of the Adversary Proceeding "Gross sum recovered" means all money, including the proceeds of the sale of a non-cash asset(s) recovered in the Adversary Proceeding by you through any settlement, judgment or other disposition. The Contingent Fee shall be: thirty percent (30%) of the gross sum recovered up to the amount of $10 million; twenty-five percent (25%) of the gross sum recovered that is more than $10 million. The Contingent Fee is in lieu of payment on an hourly basis. The Contingent Fee does not apply to services performed before the Conversion Date or to services performed on or after the Conversion Date, which are not related to the Adversary Proceeding as set forth in the following chart:

|  | Related to Adversary Proceeding | Unrelated to Adversary Proceeding |
| --- | --- | --- |
| **On or After Conversion Date** | Contingent Fee | Hourly |
| **Before Conversion Date** | Hourly | Hourly |

4. <u>Expenses</u>. You will file a motion with the Bankruptcy Court for permission to pay up to $10,000 in litigation costs associated with the Adversary Proceeding and to be allowed to make such payments without further notice or hearing and with the expectation and right to seek permission to pay additional amounts, as necessary and appropriate in your judgment. If the Bankruptcy Court grants permission, then the estate will pay upfront for all reasonable litigation costs, such as filing fees, service fees, subpoena fees, court reporters' services, transcripts, postage, express mailing services and copying costs.

5. <u>Effective Date</u>. This agreement shall be made effective upon entry by the Court of a final nonappealable Order approving this agreement.

6. <u>Miscellaneous</u>. Unless we receive different instructions from you, we will retain files for seven years after the completion of this matter. At that time, documents other than those with intrinsic value (such as a contract) will be discarded.

*[This letter agreement continues on the next page.]*

If these terms and conditions are acceptable to you, please sign in the space indicated below.

Sincerely yours,

*Pamela M. Egan*

Pamela M. Egan

AGREED:

MARK D. WALDRON,
as Chapter 7 Trustee

_____ 12/1/2020
Mark D. Waldron, as Chapter 7 Trustee

Mark D. Waldron
Chapter 7 Trustee
6711 Regents Blvd. W.
Suite B
Tacoma, WA 98466