UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

## Application for Order Approving Employment

Case Name: __Giga Watt, Inc.__    Case Number: __18-03197__

Comes now the undersigned (Trustee/Debtor in Possession/Chairman of the Creditors' Committee) and applies to the court for an order approving the employment of __Potomac Law Group, PLLC__ ("PLG")
(Appointee)
as __litigation counsel__ for the ( [X] Trustee - [ ] Debtor in Possession - [ ] Creditors' Committee)
(Position)
in the above entitled estate.

For purposes of this application and verification and the disclosures contained herein, the term APPOINTEE shall include the named appointee, and if the named appointee is a law partnership or corporation or an accounting partnership or corporation, or is an attorney or accountant employed as a partner, member, or regular associate of a partnership or corporation, the named appointee and each member, partner or regular associate of such partnership or corporation.

Applicant and Appointee in making and verifying this application understand that appointee is a fiduciary to the estate or creditors' committee as appropriate, and is obligated to fully and candidly disclose all material facts relating to the employment and is obligated to timely disclose subsequently discovered material facts.

Your applicant makes the following representations under penalty of perjury and subject to 18 U.S.C. § 152:

1. That the specific facts showing the necessity for the employment are: __The Trustee has commenced a complaint against Perkins Coie and needs representation with respect thereto.__

2. That the reason for the selection of the above named appointee is: __PLG knows the facts and law applicable to the litigation described above because it served as gen'l bankruptcy counsel to the T'ee.__

3. That the professional services to be rendered are: __Serve as Plaintiff's counsel in the adversary proceeding, Waldron v. Perkins Coie, et al, AP Case No. 20-80031.__

4. That appointee is qualified to provide the services to be rendered based on the following: __PLG has approx. 100 attorneys, 37 of whom are litigators. Ms. Egan has a JD from Cornell (1989) and a BA from Dartmouth (1982). She is both a bankruptcy lawyer and a litigator.__

5. That any proposed arrangement as to compensation, including hourly rates or flat fees if applicable, is as follows, but that approval of that arrangement and any payment or allowance of compensation for services rendered or reimbursement of expenses will be in accordance with 11 U.S.C. §§ 329 and 330 and FRBP 2016: __Contingency fee 30% of any recovery up to $10 million; 25% of any recovery more than $10 million__

6. That appointee is a relative of the bankruptcy judge assigned the case.    [ ] YES  [X] NO

7. (For Trustee or Debtor in Possession) That appointee does hold or represent an interest adverse to the estate, that appointee is not a disinterested person, or that appointee has served as examiner in the case.
   [ ] YES  [X] NO   If YES, explain: _____

8. (For Creditors' Committee) That appointee is not and will not while employed by the committee represent any other entity having an adverse interest in connection with the case.
   [ ] YES  [ ] NO   If YES, explain: _____

9. That to best of your applicants knowledge, all of the appointees connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee or the bankruptcy judge assigned the case are as follows:

   A. That appointee is a creditor as defined by 11 U.S.C. § 101(10).  [ ] YES  [X] NO  If YES, complete the following:
   Date on any waiver, set-off or assignment: _____.

   Type of debt incurred: _____    Payment made: $_____
   Date incurred: _____           Date payment made: _____
   Amount incurred: $_____          Amount of payment: $_____
                                        Remaining Balance: $_____

   B. That appointee is indebted to the debtor or to the estate? [ ] YES [X] NO  If YES, complete the following:

| | | | |
|---|---|---|---|
| *Type of debt incurred:* | _____ | *Payment made:* | $_____ |
| *Date incurred:* | _____ | *Date payment made:* | _____ |
| *Amount incurred:* | $_____ | *Amount of payment:* | $_____ |
| | | *Remaining Balance:* | $_____ |

C. That appointee has or presently represents an entity that could be classified as a creditor as defined by 11 U.S.C. § 101(10)? ☐ YES ☒ NO *If YES, provide the following and any other relevant information as to each such entity:*
a) name
b) dates, capacity and scope of representation
c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given

D. That appointee is or has been an equity security holder as defined in 11 U.S.C. § 101(17)? ☐ YES ☒ NO *If YES, provide the following and any other relevant information as to such equity security interests:*
a) description of each interest
b) amount of each interest
c) dates each interest held
d) dates and manner of disposal of each interest

E. That appointee has or presently represents an equity security holder as defined by 11 U.S.C. § 101(17)? ☐ YES ☒ NO *If YES, provide the following and any other relevant information as to each such equity security holder:*
a) name of holder
b) dates, capacity and scope of representation
c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given.

F. That appointee is or has been an insider as defined by 11 U.S.C. § 101(31)? ☐ YES ☒ NO *If YES, fully explain and provide any and all relevant information pertaining thereto.* _____

G. That appointee has or presently represents an insider as defined by 11 U.S.C. § 101(31)? ☐ YES ☒ NO *If YES, provide the following and any other relevant information pertaining thereto as to each such insider:*

a) name

b) dates, capacity and scope of representation

c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given.

H. That appointee has or presently represents the debtor? ☐ YES ☒ NO *If YES, provide the following and any other relevant information pertaining thereto:*
a) name

b) dates, capacity and scope of representation

c) actual or possible conflicts according to any applicable code or rules of professional conduct, including any discussion as to any waivers received or given.

I. That appointee has had or has participated in any transaction with the debtor, whether or not such transaction involved representation of the debtor? Transactions include, but are not limited to any actions under 11 U.S.C. § 329(a) and FRBP 2017(a), involving payments, retainers, set-offs, security agreements, liens, gifts or indentures as defined by 11 U.S.C. § 101(28). ☐ YES ☒ NO *If YES, provide the following and any other relevant information concerning each such transaction:*
a) names of all parties involved

b) dates and description

c) amounts involved if applicable

d) reason for transaction

J.  That appointee has received or has been promised compensation from debtor or some other entity for services rendered or to be rendered in the case? ☐ YES ☒ NO  *If YES, provide the following and any other relevant information concerning each such payment or promise.*
   a) name of payor or promisor
   b) status of payor or promisor
   c) relationship between debtor and payor or promisor
   d) date of payment or promise
   e) amount of payment or promise
   f) basis for payment or promise
   g) location or disposition of any monies received

K.  That appointee has caused to be conducted an internal conflicts check in regard to representation of other clients as required by any code or rules of professional conduct? ☒ YES ☐ NO  *If YES, state results, if NO, state why it was not done.*  No conflict found.

Dated: December 1, 2020

Mark D. Waldron, as Trustee
Typed Name of Applicant

Mark D. Waldron
Chapter 7 Trustee
6711 Regents Blvd. W.
Suite B
Tacoma, WA 98466

Signature of Applicant

I, the undersigned appointee, do hereby state under penalty of perjury that I have read the above representations and verify that they are true and accurate and that they disclose all material facts required to the best of my knowledge and belief.

Dated: December 2, 2020

Potomac Law Group PLLC ("PLG")
Typed Name of Appointee

Phone #: 415-297-0132

Address: 1905 7th Avenue, W, Seattle, WA 98119

Signature of Appointee
Pamela M. Egan on behalf of PLG

Application for Order Approving Employment      3