| | |
|---|---|
| In re: | Case No. 18-03197-FPC |
| GIGA WATT INC | Chapter 7 |
|     Debtor(s) | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0980-2 | User: notice | Page 1 of 3 |
| Date Rcvd: Dec 11, 2020 | Form ID: pdf002 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 13, 2020:**

| Recip ID | Recipient Name and Address |
|---|---|
| cr | + Jun Dam, 237 Kearny #9096, San Francisco, CA 94108-4502 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 13, 2020      Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 11, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Adam C. Doupe | on behalf of Interested Party Allrise Financial Group doupe@ryanlaw.com doupear96329@notify.bestcase.com |
| Angie Lee | on behalf of Creditor Washington State Taxing Agencies bculee@atg.wa.gov |
| Benjamin A Ellison | on behalf of Creditor Committee Unsecured Creditors' Committee benaellison@gmail.com |
| Benjamin J McDonnell | on behalf of Creditor Clever Capital LLC ben@pyklawyers.com, lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com |
| Benjamin J McDonnell | on behalf of Defendant Clever Capital LLC ben@pyklawyers.com, lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com |

Benjamin J McDonnell
    on behalf of Creditor David M Carlson ben@pyklawyers.com
    lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com

Benjamin J McDonnell
    on behalf of Defendant David M. Carlson and Jane Doe 1 ben@pyklawyers.com
    lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com

Benjamin J McDonnell
    on behalf of Defendant Enterprise Focus  Inc. ben@pyklawyers.com,
    lauren@pyklawyers.com,eboudreau@pyklawyers.com,ncross@pyklawyers.com

Christopher F Ries
    on behalf of Creditor Neppel Electrical & Controls  LLC ,
    diana@rieslawfirm.com;cdg@rieslawfirm.com;carrie@rieslawfirm.com

Danial D Pharris
    on behalf of Creditor NC Machinery Co. pharris@lasher.com luksetich@lasher.com

David A Kazemba
    on behalf of Creditor MLDC1  LLC dkazemba@overcastlaw.com,
    amber@overcastlaw.com,lindat@overcastlaw.com,debbie@overcastlaw.com;kazembadr92395@notify.bestcase.com

David A Kazemba
    on behalf of Creditor Giga Plex  LLC dkazemba@overcastlaw.com,
    amber@overcastlaw.com,lindat@overcastlaw.com,debbie@overcastlaw.com;kazembadr92395@notify.bestcase.com

David R Law
    on behalf of Creditor Port of Douglas County david@dadkp.com amy@dadkp.com

Dominique R Scalia
    on behalf of Interested Party Unsecured Creditors Committee of Giga Watt Inc. dscalia@lawdbs.com paralegal@lawdbs.com

Dominique R Scalia
    on behalf of Attorney DBS Law dscalia@lawdbs.com paralegal@lawdbs.com

Douglas A. Hofmann
    on behalf of Creditor Refael Sofair dhofmann@williamskastner.com kmejia@williamskastner.com

Gary W Dyer
    on behalf of U.S. Trustee US Trustee Gary.W.Dyer@usdoj.gov

Gretchen J. Hoog
    on behalf of Attorney Emerald City Statewide LLC ghoog@pcslegal.com danderson@pcslegal.com

James D Perkins
    on behalf of U.S. Trustee US Trustee james.perkins@usdoj.gov

Jason T Piskel
    on behalf of Defendant Enterprise Focus  Inc. jtp@pyklawyers.com, mknight@pyklawyers.com

Jason T Piskel
    on behalf of Creditor David M Carlson jtp@pyklawyers.com mknight@pyklawyers.com

Jason T Piskel
    on behalf of Defendant David M. Carlson and Jane Doe 1 jtp@pyklawyers.com mknight@pyklawyers.com

Jason T Piskel
    on behalf of Defendant Clever Capital  LLC jtp@pyklawyers.com, mknight@pyklawyers.com

Jason T Piskel
    on behalf of Creditor Clever Capital  LLC jtp@pyklawyers.com, mknight@pyklawyers.com

John Knox
    on behalf of Creditor Refael Sofair jknox@williamskastner.com rnelson@williamskastner.com

John D Munding
    on behalf of Defendant Lowell Ness John@Mundinglaw.com Karen@mundinglaw.com

John D Munding
    on behalf of Defendant Perkins Coie LLP John@Mundinglaw.com Karen@mundinglaw.com

Joseph A.G. Sakay
    on behalf of Interested Party Allrise Financial Group sakay@ryanlaw.com docketing@ryanlaw.com

Kathryn R McKinley
    on behalf of Creditor Douglas County PUD kathryn.mckinley@painehamblen.com ads@painehamblen.com

Mark Waldron
    trustee@mwaldronlaw.com mark@mwaldronlaw.com

Pamela Marie Egan
    on behalf of Defendant The Potomac Law Group  a Washington DC Limited Liability Partnership pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Defendant Mark D. Waldron pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Plaintiff Mark D. Waldron pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Defendant Pamela M Eagan pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Plaintiff Mark Waldron pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Defendant GIGA WATT INC pegan@potomaclaw.com

Quentin D Batjer
    on behalf of Creditor Port of Douglas County pam@dadkp.com quentin@dadkp.com

Ralph E Cromwell, Jr
    on behalf of Witness Perkins Coie LLP rcromwell@byrneskeller.com
    lyoshinaga@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com

Ralph E Cromwell, Jr
    on behalf of Defendant Lowell Ness rcromwell@byrneskeller.com
    lyoshinaga@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com

Ralph E Cromwell, Jr
    on behalf of Defendant Perkins Coie LLP rcromwell@byrneskeller.com
    lyoshinaga@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com

Roberto H Castro
    on behalf of Interested Party Nathan Welling rcastro@rcastrolaw.com castro.ava@gmail.com

Scott B Henrie
    on behalf of Creditor Refael Sofair SHenrie@williamskastner.Com DLevitin@williamskastner.Com

Shauna S Brennan
    on behalf of Creditor ECO Diversified Holdings Inc. sbrennan@outsidegeneralcounsel.com, admin@outsidegeneralcounsel.com

Tara J. Schleicher
    on behalf of Interested Party EcoChain Inc. tara.schleicher@foster.com, kesarah.rhine@foster.com

US Trustee
    USTP.REGION18.SP.ECF@usdoj.gov

Vanessa Pierce
    on behalf of Creditor David M Carlson vprollins@gmail.com

Vanessa Pierce
    on behalf of Creditor Clever Capital LLC vprollins@gmail.com

William L Hames
    on behalf of Creditor Port of Douglas County billh@hawlaw.com
    mecqueh@hawlaw.com,juliem@hawlaw.com,frontdesk@hawlaw.com,carmenb@hawlaw.com,katies@hawlaw.com

TOTAL: 48

So Ordered.

Dated: December 11th, 2020



Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| In re: | Case No. 18-03197-FPC11 |
|---|---|
| GIGA WATT INC., | **ORDER DENYING MOTION FOR STAY** |
| Debtor. | |

THIS MATTER came before the court on Creditor Jun Dam's Motion for Stay Pending Appeal of the Order Approving the Sale of Moses Lake Equipment and Approving Bid Procedures (the "Motion") (ECF No. 769). After reviewing the Motion, considering arguments and testimony from the October 19, 2020 and December 10, 2020 hearings ("the Hearings"), the Court makes the following findings of fact and conclusions of law, and orders as follows:

1. On September 23, 2020, Chapter 11 Trustee Mark Waldron filed a Motion for Order: (I) Approving the Sale of Moses Lake Equipment and Related Relief, (II) Approving Bid Procedures, and (III) Shortening Time to Object. (ECF No. 720).

ORDER DENYING MOTION FOR STAY – Page 1

2. On October 19, 2020, the Court held a hearing on the Trustee's Motion for Order Approving Sale.

3. On October 20, 2020, the Court entered Findings of Fact and Conclusions of Law in Support of the Order Approving the Sale of Moses Lake Equipment and the Order Approving the Sale of Moses Lake Equipment. (ECF Nos. 764, 765). These Findings of Fact are incorporated herein.

4. On October 22, 2020, Mr. Dam filed the Motion, but failed to note it for hearing. (ECF No. 769).

5. On October 23, 2020, Mr. Waldron filed a Chapter 7 Trustee's Report of Sale of the Moses Lake Inventory/Equipment (ECF No. 776). In the report the Trustee reported that: he conducted a telephonic auction on October 22, 2020; the equipment was sold for $112,000 to Soluna Technologies, Ltd.; he received the proceeds of the auction sale; and the sold equipment was delivered to Soluna.

6. On October 26, 2020, the Court issued a Notice re: Failure to Note Motion for Stay Pending Appeal, which notified all interested parties that the Court would not consider the Motion until proper notice was given pursuant to Local Bankruptcy Rules 2002-1(a), (b), and (c). (ECF No. 781). Mr. Dam did not serve or file notice for the Motion until October 30, 2020. (ECF No. 794).

7. When a motion for stay is filed concerning property that has been sold, the motion for stay is moot because effective relief is no longer possible. *In re*

ORDER DENYING MOTION FOR STAY – Page 2

*Akhlaghpour,* 2018 WL 3357367, at *2 (Bankr. C.D. Cal. July 9, 2018); *see also Glacier Valley Tours, LLC v. Estate of Smith (In re Glacier Valley Tours, LLC)*, 2010 WL 6259996 (B.A.P. 9th Cir. Apr. 9, 2010).

8. As a result of the consummation of the sale of the equipment before Mr. Dam even noted the Motion for hearing, the Motion was moot. Even if the Motion was timely filed, Mr. Dam presented no evidence that would justify a stay.

9. "A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926). It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.*, at 672–673.

10. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

11. When determining whether to grant a stay, the Court considers four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

ORDER DENYING MOTION FOR STAY – Page 3

12. After considering the evidence, including sworn testimony of the Trustee and Mr. Dam at the October 19, 2020 hearing, the Court concluded that Mr. Dam's objection to the sale lacked merit. (ECF Nos. 764, 765). Since October 19, 2020, Mr. Dam has not presented arguments or evidence that would change this conclusion. Therefore, the Motion fails to satisfy the first *Hilton* factor.

13. Mr. Dam will not be irreparably injured absent a stay because he never had an ownership interest in the equipment that was sold. Also, the Court found that the sale price and the overbid process for the sale were reasonable. Therefore, the Motion fails to satisfy the second *Hilton* factor.

14. For the reasons described in previous Findings of Fact and Conclusions of Law (ECF No. 764), the value of the property that was sold would have been lost if there was delay in consummating the sale. As a result, all interested parties would be substantially harmed if the sale had not occurred. Therefore, the Motion failed to satisfy the third *Hilton* factor.

15. The sale was properly held pursuant to the Order Approving the Sale of Moses Lake Equipment and Related Relief, (II) Approving Bid Procedures, and (III) Shortening Time to Object (ECF No. 765). The sale property was fungible electronic equipment and the sale of such equipment did not adversely affect the public. Moreover, creditors of the Giga Watt bankruptcy benefited from the sale. Therefore, the Motion failed to satisfy the fourth *Hilton* factor.

ORDER DENYING MOTION FOR STAY – Page 4

16. At the hearing on December 10, 2020, Mr. Dam raised new objections to the sale. These late objections included an objection to the form of the order approving the sale and an objection to the Trustee's selection of attorney. Notwithstanding the failure to timely raise and provide notice of these new complaints, the new objections provide no basis for granting the Motion.

17. At the December 10, 2020 hearing, the Trustee's attorney made an oral motion for sanctions against Mr. Dam because Mr. Dam has failed to follow court rules and has arguably represented other parties, despite the fact he is not licensed to practice law. At this time, the Court will not address sanctions against Mr. Dam. If the Trustee files a written motion for sanctions against Mr. Dam, after proper notice, the Court will consider such a motion.

18. Mr. Dam has failed to meet his burden of showing that the circumstances justify the relief requested.

Therefore, IT IS ORDERED:

The Motion (ECF No. 769) is **DENIED.**

///End of Order///

ORDER DENYING MOTION FOR STAY – Page 5

18-03197-FPC7    Doc 838    Filed 12/13/20    Entered 12/13/20 21:26:37    Pg 8 of 8