**So Ordered.**

**Dated: December 22nd, 2020**



Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington Corporation,<br><br>                           Debtor. | Case No. 18-03197-FPC11<br><br>**ORDER CONVERTING APPLICATION FOR ADMINISTRATIVE EXPENSES AND DECLARATORY RELIEF TO AN ADVERSARY PROCEEDING** |

      THIS MATTER came before the Court on Creditor Jun Dam's Application of WTT Token Holders and Miner Owners for Administrative Expenses and for Declaratory Relief (ECF No. 758) (the "Application") and the Chapter 7 Trustee's Objection to the Application (ECF No. 800). The Court reviewed the files and records herein, heard argument of Jun Dam, Pamela Egan of Potomac Law, LLC for the Chapter 7 Trustee, and Jim Perkins for the United States Trustee's Office, and was fully advised in the premises and finds that the issues raised by the Application are not appropriately resolved in the posture presented to the Court.

      Therefore, IT IS ORDERED:

      1. All findings of fact and conclusions of law made by the Court at the

ORDER CONVERTION APPLICATION - 1

Hearing on December 17, 2020 (ECF No. 843) are incorporated herein by reference as if set forth fully herein as provided in Rule 9014(c) of the Federal Rules of Bankruptcy Procedure.

2. The issues raised by the Application should be resolved as an Adversary Proceeding pursuant to part VII of the Federal Rules of Bankruptcy Procedure.

3. Upon the entry of this order, if Mr. Dam wants to pursue his demands set forth in the Application, he must file an adversary case cover sheet, with the Application attached thereto, and pay the $350 filing fee.

4. If Mr. Dam proceeds as described in paragraph 3 above, the Application will be treated as the complaint and Trustee's Objection (ECF No. 800) will be treated as the answer.

5. In the above described adversary proceeding and all other matters in the Court, Mr. Dam may not pursue claims for other parties, as he is not a licensed attorney.[1]

6. If Mr. Dam proceeds as described in paragraph 3 above, the Court shall issue a Notice of Scheduling Conference.

7. If Mr. Dam proceeds as described above in paragraph 3, and in the event parties other than Mr. Dam commence adversary proceedings in this Court that raise issues similar to those raised in the Application, the Court may consider on its own motion, or on the motion of an interested party, consolidating the proceedings.

///End of Order///

---

[1] The privilege to represent oneself *pro se* under 28 U.S.C. § 1654 is personal to a litigant and does not extend to other parties or entities. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966); *see also Simon v. Hartford Life & Accident Ins. Co.,* 546 F.3d 661, 664 (9th Cir. 2008). Moreover, corporate entities, including but not limited to Limited Liability Companies, cannot commence adversary actions without representation by an attorney admitted to this Court. "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993), quoting *Osborn v. President of Bank of United States,* 22 U.S. 738 (1824).

ORDER CONVERTION APPLICATION - 2