Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Avenue W.
Seattle, Washington 98119
Telephone: (415) 297-0132
Facsimile: (202) 318-7707
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| In re: | Case No. 18-03197 FPC 7 |
|---|---|
| GIGA WATT, Inc., a Washington corporation,<br><br>        Debtor. | The Honorable Frederick P. Corbit<br><br>**MEMORANDUM IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING AGREEMENT AND GENERAL RELEASE OF CLAIMS (RI LANDLORD)** |

Mark D. Waldron, in his official capacity as the Chapter 7 Trustee (the "Chapter 7 Trustee") in the above-captioned case hereby respectfully submits this memorandum in support of the *Chapter 7 Trustee's Motion for Order Approving Settlement Agreement (RI Landlord)* (the "Motion"), filed herewith, pursuant to 11 U.S.C. §§ 105 and 363, Fed.R.Bank.P. 2002, 6004, and L.B.R. 2002-1 and 9019-1. In support of the Motion, the Chapter 7 Trustee respectfully avers:

Memorandum in Support of Ch. 7
Trustee's Motion for Order
Approving Agreement and General
Release of Claim (RI Landlord) – Page 1

18-03197-FPC7    Doc 850    Filed 02/08/21    Entered 02/08/21 16:03:12    Pg 1 of 10

## I. DISPUTE AND RESOLUTION

In the Chapter 11 case of the above-captioned Debtor, TNT Business Complexes, LLC,[1] the landlord (the "RI Landlord") for the Debtor's warehouse (the "RI Warehouse") located in Rock Island, Washington, filed an administrative claim for (1) post-petition rent and late fees in the amount of $65,750 and (2) an alleged maintenance fee in the amount of $17,500 for a total administrative claim of $83,250. Pursuant to the settlement, the RI Landlord will have an allowed administrative claim in the amount of $65,400 with payment to be made only pursuant to further Order of the Court.

The settlement essentially disposes of the maintenance fee, which the Chapter 11 Trustee disputed, and a portion of the late fee charged by the RI Landlord. With respect to the maintenance fee, the RI Landlord asserted that they had incurred expense and effort in heating the RI Warehouse after the Douglas County Public Utility had turned off the electricity in January 2019. They claimed that they had to keep the RI Warehouse heated during the cold-weather months in order to keep the water pipes from bursting.

Mark Waldron signed the Agreement in his capacity as the Chapter 11 Trustee two days before this case converted to one under Chapter 7 of the Bankruptcy Code. He will add an addendum to the agreement pursuant to which

---

[1] TNT Business Complexes, LLC was also the landlord of the Debtor's former facility referred to in this case as the TNT Facility.

Memorandum in Support of Ch. 7
Trustee's Motion for Order
Approving Settlement Agreement
(RI Landlord) – Page 2

he assents to the Agreement's terms in his capacity as the Chapter 7 Trustee, subject to this Court's approval.

## II. BACKGROUND FACTS

On August 8, 2017, Giga Watt, as tenant, and the RI Landlord, as landlord, signed a lease (the "RI Lease") with respect to the RI Warehouse, which is a 15,500 square foot warehouse located on 83 S. 4th Street, Rock Island, WA. The Debtor used the RI Warehouse to store equipment. The term of the lease was six months, August 1, 2017 to January 31, 2018. The rent was $7,500 per month with a 12% late fee for payment received 10 days after the 1st of the month. The parties orally extended the lease thereafter.

On November 19, 2018 (the "Petition Date"), Giga Watt commenced this case by filing a voluntary petition for relief pursuant to sections 101, et seq. of title 11 of the United States Code (the "Bankruptcy Code").

On January 23, 2019, the Court approved the appointment of Mark D. Waldron as the Chapter 11 Trustee pursuant to its *Order Approving Appointment of Chapter 11 Trustee* [Docket. No. 146].

On February 10, 2019, the RI Landlord filed a claim, Claim No. 40-1, seeking payment of $42,700 comprised of (1) $25,200 for three months of administrative rent (Dec. 2018, Jan.-Feb. 2019) at $8,400 a month and (2) $17,500, representing 70 days' worth of a $250 daily fee for heating the WI Warehouse after the Douglas County Public Utility District had turned off the

Memorandum in Support of Ch. 7
Trustee's Motion for Order
Approving Settlement Agreement
(RI Landlord) – Page 3

18-03197-FPC7    Doc 850    Filed 02/08/21    Entered 02/08/21 16:03:12    Pg 3 of 10

electricity in January 2019. The RI Landlord asserted that heating the building was necessary to prevent the water pipes from bursting during cold weather.

In March 2019, the RI Lease was rejected by operation of section 365 of the Bankruptcy Code. 11 U.S.C. § 365(d)(4)(i). However, due to the expense of moving equipment and the lack of funds in the estate, the Chapter 11 Trustee was not able to vacate the RI Warehouse until May 2020. The Chapter 11 Trustee stayed in regular touch with the RI Landlord during the holdover period.

On April 26, 2019, the RI Landlord filed another claim, Claim No. 40-2, seeking payment of $71,050. This amount included the previously claimed amount of $42,700 plus (1) a 12% late fee in the amount of $16,150 and (2) one month's rent at the rate of $12,200.

On May 19, 2019, the RI Landlord filed a claim, Claim No. 40-3, seeking payment of $83,250. This claim included the $71,050 from Claim No. 40-2, and added another month's rent in the amount of $12,200.

On September 28, 2020, the Chapter 11 Trustee and the RI Landlord signed the Settlement of Administrative Claim (the "Agreement") in which the Chapter 11 Trustee agreed, subject to Court approval, to the allowance of one administrative claim with respect to the RI Warehouse in the reduced amount of $65,400. Payment would be subject to further Order. A copy of the Agreement is attached to the Motion as Exhibit B.

Memorandum in Support of Ch. 7
Trustee's Motion for Order
Approving Settlement Agreement
(RI Landlord) – Page 4

18-03197-FPC7    Doc 850    Filed 02/08/21    Entered 02/08/21 16:03:12    Pg 4 of 10

On September 30, 2020, the case converted to one under Chapter 7 of the Bankruptcy Code and Mark Waldron was appointed as the Chapter 7 Trustee.

The Chapter 7 Trustee will sign an addendum to the Agreement pursuant to which the Chapter 7 Trustee will accept the terms of the Agreement in his capacity as the Chapter 7 Trustee, upon Court approval of this Motion

### III. POINTS AND AUTHORITIES

#### A. Standard for Approving a Settlement

Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019. To be approved, the settlement should be in the best interests of the estate and "reasonable, given the particular circumstances of the case." *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). While a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter, the movant "has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved." *Id.*

In determining the "fairness, reasonableness and adequacy" of a proposed compromise, a bankruptcy court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the

Memorandum in Support of Ch. 7
Trustee's Motion for Order
Approving Settlement Agreement
(RI Landlord) – Page 5

creditors and a proper deference to their reasonable
views in the premises.

*A & C Props.*, 784 F.2d at 1381 (quoting *In re Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984) (citations omitted), *cert. denied*, 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985)). "When assessing a compromise, courts need not rule upon disputed facts and questions of law, but rather only canvass the issues." *In re Schmitt,* 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997).

## IV. POINTS AND AUTHORITIES

### A. Standard for Approving a Settlement

Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019. To be approved, the settlement should be in the best interests of the estate and "reasonable, given the particular circumstances of the case." *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). While a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter, the movant "has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved." *Id.*

In determining the "fairness, reasonableness and adequacy" of a proposed compromise, a bankruptcy court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily

Memorandum in Support of Ch. 7
Trustee's Motion for Order
Approving Settlement Agreement
(RI Landlord) – Page 6

> attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*A & C Props.*, 784 F.2d at 1381 (quoting *In re Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984) (citations omitted), *cert. denied*, 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985)). "When assessing a compromise, courts need not rule upon disputed facts and questions of law, but rather only canvass the issues." *In re Schmitt,* 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997).

### B. The Settlement Agreement Meets Each of the *A & C Properties* Factors.

#### 1. Probability of Success on the Merits Is Uncertain.

The maintenance fee issue would have required the Chapter 11 Trustee to ascertain and litigate (i) the terms of any oral agreement to pay such a fee and (ii) the reasonable cost of heating the RI Warehouse. It is possible that the Maintenance Fee was both agreed to and reasonable. Therefore, the probability of success factor weighs in favor of the settlement.

#### 2. Collectability Weighs in Favor of Settlement.

The estate would be the defendant in any proceedings. Therefore, collectability does not apply.

Memorandum in Support of Ch. 7
Trustee's Motion for Order
Approving Settlement Agreement
(RI Landlord) – Page 7

18-03197-FPC7    Doc 850    Filed 02/08/21    Entered 02/08/21 16:03:12    Pg 7 of 10

### 3. The Litigation Would Be Complex, Expensive, Inconvenient and Would Cause Delay.

Litigating with the RI Landlord would have required spending the estate's limited resources conducting discovery regarding the terms of an oral agreement to pay maintenance fees as well as regarding the reasonableness of the RI Landlord's charge of $250 per day to keep the RI Warehouse heated. This factor weighs in favor of settlement.

### 4. The Settlement Serves the Paramount Interest of the Creditors and Provides Proper Deference to Their Reasonable Views.

It is in the paramount interests of the creditors to avoid litigation with the RI Landlord and focus instead on pending appeals and the pending litigation regarding the ICO escrow. Furthermore, pursuant to the settlement, the RI Landlord has agreed to concede the maintenance fee, which was the main area of dispute between the parties.

Based on the foregoing, the *A & C Properties* factors weigh in favor of approving the Settlement Agreement and the settlement contained therein.

### C. The Settlement Is An Exercise of Sound Business Judgment

Under section 363(b)(1) of the Bankruptcy Code, a trustee may use, sell, or lease property of the estate, other than in the ordinary course of its business. 11 U.S.C. § 363. The decision to enter into a transaction that is outside the ordinary course of the debtor's business must be based on the trustee's reasonable business

Memorandum in Support of Ch. 7
Trustee's Motion for Order
Approving Settlement Agreement
(RI Landlord) – Page 8

18-03197-FPC7    Doc 850    Filed 02/08/21    Entered 02/08/21 16:03:12    Pg 8 of 10

judgment and supported by "some articulated business justification*." In re Ernst Home Ctr., Inc.*, 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997) (quoting *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2nd Cir. 1983)). The standard is deferential. *See In re Claar Cellars LLC and RC Farms LLC,* 2020 WL 1238924, at *4 (Bankr. E.D. Wash. Mar. 13, 2020) (describing the business judgment standard as a 'deferential' standard pursuant to which a 'bankruptcy court will generally approve' a reasoned decision by the debtor.") (citing and quoting, *In re Equity Funding Corporation of America,* 519 F.2d 1274, 1277 (9th Cir. 1975), *Ernst Home Ctr., Inc.*, 209 B.R. at 979-80, and *Mission Products Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1658, 203 L. Ed. 2d 876 (2019)).

The RI Landlord is essentially conceding the point regarding the dispute maintenance fee without the need for discovery or litigation. Therefore, the Agreement is an exercise of reasonable business judgment.

### D. The Chapter 7 Trustee Does Not Seek Authority to Pay the RI Administrative Claim

Section 726(b) of the Bankruptcy Code provides that administrative claims incurred before conversion are subordinate to those incurred after conversion. 11 U.S.C. § 726(b). Therefore, until the Chapter 7 Trustee knows the amount of administrative claims in the Chapter 7 case, he will not make a distribution on the allowed chapter 11 administrative claim of the RI Landlord, without further Order of this Court.

Memorandum in Support of Ch. 7
Trustee's Motion for Order
Approving Settlement Agreement
(RI Landlord) – Page 9

## V. CONCLUSION

WHEREFORE, the Chapter 7 Trustee respectfully requests entry of an Order:

1. Granting the Motion;

2. Approving the Settlement Agreement and allowing the RI Chapter 11 Administrative Claim; and

3. Granting such other and further relief as the Court deems necessary and just.

Dated: February 8, 2021　　　POTOMAC LAW GROUP PLLC

　　　　　　　　　　　　　　By:　*/s/ Pamela M. Egan*
　　　　　　　　　　　　　　　　Pamela M. Egan (WSBA No. 54736)
　　　　　　　　　　　　　　　　*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

Memorandum in Support of Ch. 7
Trustee's Motion for Order
Approving Settlement Agreement
(RI Landlord) – Page 10