Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Avenue W.
Seattle, Washington 98119
Telephone: (415) 297-0132
Facsimile: (202) 318-7707
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>                Debtor. | Case No. 18-03197 FPC 7<br><br>The Honorable Frederick P. Corbit<br><br>**DECLARATION OF MARK D. WALDRON IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT (RI LANDLORD)** |

I, Mark D. Waldron, declare as follows:

1.    I submit this declaration in my official capacity as the Chapter 7 Trustee (the "Trustee") in the above-captioned case and in support of the *Chapter 7 Trustee's Motion for Order Approving Settlement Agreement (RI Landlord)* (the "Motion"), filed herewith. The statements set forth herein are based on my investigation of the affairs of the above-captioned debtor (the "Giga Watt" or the "Debtor"), which is ongoing, and except where otherwise noted, are based on

Declaration of Mark D. Waldron
in Support of Chapter 7 Trustee's
Motion for Order Approving Settlement
Agreement (RI Landlord) – Page 1

18-03197-FPC7   Doc 853   Filed 02/08/21   Entered 02/08/21 16:30:38   Pg 1 of 5

personal knowledge. If called as a witness, I would and could competently testify thereto.

2. Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion or the Memorandum, filed herewith.

## DISPUTE AND RESOLUTION

3. In the Chapter 11 case of the Debtor, TNT Business Complexes, LLC, the landlord (the "RI Landlord") for the Debtor's warehouse (the "RI Warehouse") located in Rock Island, Washington, filed an administrative claim for (i) post-petition rent and late fees in the amount of $65,750 and (ii) for an alleged maintenance fee in the amount of $17,500 for a total administrative claim of $83,250. I disputed the maintenance fee. Pursuant to the settlement, the RI Landlord will have an allowed administrative claim in the amount of $65,400, with payment to be made only pursuant to further Order of the Court.

4. The settlement essentially disposes of the maintenance fee and a portion of the late fee. The RI Landlord asserted that they had incurred expense and effort in heating the RI Warehouse after the Douglas County Public Utility had turned off the electricity in January 2019. They claimed that they had to keep the RI Warehouse heated during the cold weather months in order to keep the water pipes from bursting.

Declaration of Mark D. Waldron
in Support of Chapter 7 Trustee's
Motion for Order Approving Settlement
Agreement (RI Landlord) – Page 2

18-03197-FPC7    Doc 853    Filed 02/08/21    Entered 02/08/21 16:30:38    Pg 2 of 5

**BACKGROUND FACTS**

5.  On August 8, 2017, Giga Watt, as tenant, and the RI Landlord signed a lease (the "RI Lease") with respect to the RI Warehouse, which is a 15,500 square foot warehouse located on 83 S. 4th Street, Rock Island, WA. The Debtor used the RI Warehouse to store equipment. The term of the lease was six months, August 1, 2017 to January 31, 2018. The rent was $7,500 per month with a 12% late fee for payment received 10 days after the 1st of the month. The parties orally extended the lease thereafter.

6.  On November 19, 2018 (the "Petition Date"), Giga Watt commenced this case by filing a voluntary petition for relief pursuant to sections 101, *et seq.* of title 11 of the United States Code (the "Bankruptcy Code").

7.  On January 23, 2019, the Court approved my appointment as the Chapter 11 Trustee pursuant to its *Order Approving Appointment of Chapter 11 Trustee* [Docket. No. 146].

8.  On February 10, 2019, the RI Landlord filed a claim, Claim No. 40-1, seeking payment of $42,700 comprised of (1) $25,200 for three months of administrative rent (Dec. 2018, Jan.-Feb. 2019) at $8,400 a month and (2) $17,500, representing 70 days' worth of a $250 daily fee for heating the WI Warehouse after the Douglas County Public Utility District had turned off the electricity in January 2019. The RI Landlord asserted that heating the building was necessary to prevent the water pipes from bursting during cold weather.

Declaration of Mark D. Waldron
in Support of Chapter 7 Trustee's
Motion for Order Approving Settlement
Agreement (RI Landlord) – Page 3

18-03197-FPC7    Doc 853    Filed 02/08/21    Entered 02/08/21 16:30:38    Pg 3 of 5

9. In March 2019, the RI Lease was rejected by operation of section 365 of the Bankruptcy Code. 11 U.S.C. § 365(d)(4)(i). However, due to the expense of moving equipment and the lack of funds in the estate, I was not able to vacate the RI Warehouse until May 2019. I stayed in regular touch with the RI Landlord during the holdover period.

10. On April 26, 2019, the RI Landlord filed another claim, Claim No. 40-2, seeking payment of $71,050. This amount included the previously claimed amount of $42,700 plus (1) a 12% late fee in the amount of $16,150 and (2) one month's rent at the rate of $12,200.

11. On May 19, 2019, the RI Landlord filed a claim, Claim No. 40-3, seeking payment of $83,250. This claim included the $71,050 from Claim No. 40-2, and added another month's rent in the amount of $12,200.

12. On September 28, 2020, the Trustee and the RI Landlord signed the Settlement of Administrative Claim (the "Agreement") in which I agreed, in my capacity as the Chapter 11 Trustee, and subject to Court approval, to the allowance of the RI Administrative Claim in the reduced amount of $65,400. Payment would be subject to further Order. A true and correct copy of the Agreement is attached to the Motion as Exhibit B.

13. On September 30, 2020, the case converted to one under chapter 7 and I was appointed as the Chapter 7 Trustee. I have an added an addendum to the

Declaration of Mark D. Waldron
in Support of Chapter 7 Trustee's
Motion for Order Approving Settlement
Agreement (RI Landlord) – Page 4

18-03197-FPC7    Doc 853    Filed 02/08/21    Entered 02/08/21 16:30:38    Pg 4 of 5

Agreement pursuant to which I accept the terms of the Agreement in my capacity as the Chapter 7 Trustee, subject to Court approval.

14. Litigating with the RI Landlord would have required spending the estate's limited resources conducting discovery regarding the terms of an oral agreement to pay maintenance fees as well as regarding the reasonableness of the RI Landlord's charge of $250 per day to keep the RI Warehouse heated.

15. I will not make a distribution on the allowed chapter 11 administrative claim of the RI Landlord, without further Order of this Court.

To the best of my knowledge, I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of February 2021 in Tacoma, Washington.

_____
Mark D. Waldron, in his official capacity as Chapter 7 Trustee

Declaration of Mark D. Waldron
in Support of Chapter 7 Trustee's
Motion for Order Approving Settlement
Agreement (RI Landlord) – Page 5