UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

Case Name: Giga Watt, Inc.                              Case Number: 18-03197 FPC

NARRATIVE SUMMARY (Required by
LBR 2016-1(b)(1)(A) where requested
compensation exceeds $10,000.00)

Name of Applicant:          Potomac Law Group PLLC
Position of Applicant:      General Insolvency Counsel to Chapter 7 Trustee
Application Number:         One (1)
Application Period:         October 1, 2020 through January 29, 2021

## I. Background of the Case

Before commencing this case on November 19, 2018, Giga Watt, Inc. ("Giga Watt" or the "Debtor") and its partner, Giga Watt Pte. Ltd ("GW Singapore") conducted an unregistered Initial Coin Offering ("ICO"), reportedly raising an estimated $50 million. The ICO ran from approximately May 19, 2017 through approximately August 7, 2017. The ICO revenue stream was divided between token sale proceeds, which were placed into escrow, and computer (miner) sale proceeds, which were paid to GW Singapore without any escrow. GW Singapore had access to the escrow. Giga Watt did not.

Giga Watt had two operating facilities, in Moses Lake and East Wenatchee, Washington, respectively, and was building a 30MW site near the Pangborn airport in East Wenatchee, Washington. GW Singapore – not Giga Watt – received the ICO proceeds as well as revenues from Giga Watt's operations.

1

Between August 2017 and December 2017, Andrey Kuzenny misappropriated $10.8 million from the token proceeds escrow. In 2018, he skimmed more than $1 million from customers' wallets. In a sign of Kuzenny's brazenness, he raided these wallets while Giga Watt's ICO was the subject of an active, formal SEC's Investigation by the United States Securities and Exchange Commission ("SEC").[1] In August 2018, David Carlson resigned as Giga Watt's CEO, but stayed on as its sole director. By mid-November 2018:

- Giga Watt owed $3.5 million in trade debt, mostly for unfinished construction at the Pangborn site;
- The Douglas County Public Utility District had triggered the one-year notice of termination provision in Giga Watt's 30 MW power contract at the Pangborn site;
- The Chelan Douglas Regional Port Authority had commenced eviction proceedings at the Pangborn site;
- Carlson, who had quit as CEO in August 2018, but remained as Giga Watt's sole director, had convinced an underling at Giga Watt to sign over the TNT Facility to him; and

---

[1] Wilson Sonsini Goodrich & Rosati represented Giga Watt in the SEC investigation and has filed a proof of claim for payment of $477,204.45 in unpaid fees incurred. *See* POC 16-1,

- Three class actions lawsuits were pending in the District Court against Giga Watt and others arising from the ICO and the depleted escrow.

A. Chapter 11 Case

On November 19, 2018, Kuzenny signed Giga Watt's voluntary petition for relief pursuant to sections 101 et seq. of Title 11 of the United State Code (the "Bankruptcy Code"). On January 18, 2019, the Court ordered the appointment of a Trustee, ECF No. 121.

This Application does not request allowance of PLG's fees incurred in the Chapter 11 case and this Narrative does not discuss the Chapter 11 case, except with respect to the appeals initiated by J. Dam.

B. The Chapter 7 Case

On September 30, 2020, the Bankruptcy Court entered an Order converting the bankruptcy case from Chapter 11 to Chapter 7 of the Bankruptcy Code, ECF No. 744. The same day, the U.S. Trustee's Office appointed Mark D. Waldron as Trustee in the Chapter 7 case, ECF No. 745.

On October 6, 2020, the Court held a hearing regarding the Trustee's motions for approval of (1) a settlement with the Debtor's landlords at the Debtor's facility in Moses Lake, Washington (the "ML Landlords Settlement") regarding their administrative rent claim that had accrued in the Chapter 11 case (the "ML Landlords' Chapter 11 Administrative Claim") and (2) the sale (the

"ML Equipment Sale") of certain equipment (the "ML Equipment") located at the Debtor's former facility in Moses Lake, Washington. The Court approved the ML Landlords Settlement and reset the hearing on the ML Equipment Sale for October 19, 2020. Jun Dam and a group of fellow token holders disrupted the hearing with unruly conduct.

On October 15, 2020, J. Dam, acting on behalf of another constellation of token holders, filed a motion (the "J. Dam Administrative Claim") for allowance of administrative expense, repeating the argument that he and his cohort either owned the Debtor or were its subtenants and that, either way, they were entitled to priority payment, ECF No. 758.

On October 19, 2020, the Court held the second hearing on the motion to approve the ML Equipment Sale and approved the ML Equipment Sale, over Jun Dam's objection, ECF No. 765 (entered on October 20, 2020).

On October 20, 2020, the Trustee conducted the Court-approved auction of the ML Equipment and accepted the winning bid of $112,000.

On October 21, 2020, PLG participated in oral argument on J. Dam's appeal to the Bankruptcy Appellate Panel of the Court's order approving the sale of the Debtor's facility known as the TNT Facility, *Dam v. Waldron,* No. 20-01156 (BAP 9th Cir., filed June 29, 2020).

On October 22, 2020, the ML Equipment Sale closed. On October 22, 2020, J. Dam filed in this Court a Notice of Appeal of the Order approving the ML Equipment Sale, ECF No. 770 (the "ML Equipment Sale Appeal") and moved to stay the ML Equipment Sale's closing, pending appeal (the "First ML Equipment Sale Stay Motion"), ECF No. 769.

On October 27, 2020, the Court approved the employment of the Potomac Law Group, PLLC ("PLG" or "Applicant") as counsel to the Chapter 7 Trustee, ECF No. 785.

On November 2, 2020, the ML Landlords filed a motion for an order compelling the Trustee to pay the ML Landlords Chapter 11 Administrative Claim ahead of other chapter 11 administrative claimants, ECF No. 793.

On November 2, 2020, J. Dam filed a second motion to stay the ML Equipment Sale (the "Second ML Equipment Sale Stay Motion"). J. Dam filed the Second Stay Motion in the U.S. District Court for the Eastern District of Washington, *Dam v. Waldron*, Case No. 20-00391 (E.D. Wash., filed October 23, 2020), D. Ct. ECF No. 4 .

On November 9, 2020, the Trustee objected to the J. Dam Administrative Claim, ECF No. 800.

On November 10, 2020, the Trustee closed the sale of a condo that he had obtained for the estate pursuant to the settlement with Carlson of claims arising

5

18-03197-FPC7    Doc 863-4    Filed 03/10/21    Entered 03/10/21 14:49:39    Pg 5 of 13

from Carlson's effort to take the TNT Facility on the eve of bankruptcy. The condo sale closed with a net distribution to the estate of $252,683.02.

On November 18, 2020, the Trustee commenced an adversary proceeding in this case against Kuzenny and other parties arising from his misappropriation of the escrow proceeds, *Waldron v. Perkins Coie*, Adv. Proc. No. 20-80031 (the "Escrow Adversary Proceeding"). PLG is representing the Trustee in the Escrow Adversary Proceeding on a contingency fee basis. *See Order Granting Application to Approve Employment of Potomac Law Group, PLLC as Litigation Counsel*, ECF No. 840. This Application does not seek fees relating to the Escrow Adversary Proceeding.

On November 23, 2020, the Trustee objected to the First ML Equipment Sale Stay Motion, ECF No. 812.

On November 25, 2020, the Trustee objected to the Second ML Equipment Sale Stay Motion, *Dam v. Waldron*, Case No. 20-00391 (E.D. Wash., filed October 23, 2020), D. Ct. ECF No. 10.

On November 27, 2020, the Trustee objected to the ML Landlords' motion to compel payment of the ML Chapter 11 Administrative Claim ahead of other creditors, ECF No. 819.

On November 30, 2020, J. Dam filed a 335-page reply (counting exhibits) to the Trustee's objection to the Second ML Equipment Sale Stay Motion, *Dam v.*

*Waldron*, Case No. 20-00391 (E.D. Wash., filed October 23, 2020), D. Ct. ECF, No. 14.

On December 2, 2020, after a hearing, the Court filed its Order denying the ML Landlords' motion to compel immediate payment of the ML Landlords' Chapter 11 Administrative claim, ECF No. 829.

On December 11, 2020, after a hearing, the Court filed its Order denying the First ML Equipment Sale Stay Motion, ECF No. 836.

On December 22, 2020, after a hearing, the Court ruled that if J. Dam filed a civil cover sheet and paid the filing fee, then his administrative claim would be resolved pursuant to an adversary proceeding, ECF No. 846. J. Dam has yet to take this step.

On January 19, 2021, J. Dam filed his opening brief in his appeal of the ML Equipment Sale, *Dam v. Waldron*, Case No. 20-00391 (D. Ct. ED WA, filed September 29, 2020), D. Ct. ECF No. 17.

On January 21, 2021, the District Court denied the Second ML Equipment Sale Stay Motion, D. Ct. ECF No. 18.

On January 29, 2021, the BAP affirmed the Bankruptcy Court's judgment approving the sale of the TNT Facility, *Dam v. Waldron,* Case No. 20-01151 (BAP 9th Cir., filed June 29, 2020), BAP ECF No. 21. J. Dam has since appealed

this decision to the Ninth Circuit Court of Appeals (the "TNT Sale Appeal) and the TNT Sale Appeal has been assigned Case No. 0:2021-bkp-60016.

On January 29, 2021, J. Dam filed his opening brief in the appeal of the dismissal of the complaint (the "Dismissal Order Appeal") against the Trustee and counsel, *Dam v. Waldron*, Case No. 20-00351 (E.D. Wash., filed September 29, 2020), D. Ct. ECF No. 9.

C. Jun Dam

The litigiousness of Jun Dam, a token holder and former Chair of the Official Committee of Unsecured Creditors, accounts for 58% of the fees requested herein. All other activities combined account for only 42% of fees. The chart below is compiled from PLG's accounting records for time billed during the Application Period.



8

18-03197-FPC7    Doc 863-4    Filed 03/10/21    Entered 03/10/21 14:49:39    Pg 8 of 13

II. **Financial Condition of the Estate:**

    A. Profit and Loss: Not applicable. Debtor is not operating.

    B. Amount of Cash on Hand or on Deposit: $796,359.66

    C. Amount of Accrued Unpaid Administrative Expenses: $31,010.50

    D. Amount of Unencumbered Funds in the Estate: $684,359.66

III. **Status of the Chapter 7 Case:**

The Debtor's tangible property has been liquidated.

Four motions, three appeals and one adversary proceeding are currently pending. The motion relate to the Trustee's requests for (1) limited notice procedures, ECF No. 857, (2) approval of a settlement with the landlords of the Debtor's former TNT Facility, ECF No. 849, (3) allowing but not paying certain chapter 11 administrative claims, ECF No. 855, and (4) allowing and paying certain chapter 7 administration claims, other than this Application ECF No. 856.

With respect to the appeals:

1. the TNT Sale Appeal is before the Ninth Circuit Court of Appeals, Case No. 21-60016;

2. the Dismissal Order Appeal is pending before the U.S. District Court for the Eastern District of Washington, *Dam v. Waldron*, Case No. 20-00351 (E.D. Wash., filed September 29, 2020); briefs have been submitted.

3. the ML Equipment Sale Appeal is pending before the U.S. District Court for the Eastern District of Washington, *Dam v. Waldron*, Case No. 20-00391 (E.D. Wash, filed October 23, 2020); briefs have been submitted.

As set forth above, the Escrow Adversary Proceeding is also pending. PLG is representing the Trustee in the Escrow Adversary Proceeding on a contingency fee basis and this Application does not apply to the Escrow Adversary Proceeding.

## IV. Description of Tasks or Projects for which Compensation is Sought

### A. Case Administration

Communications with Court re pending motions and hearings; confirmation and monitoring deadlines. The Firm has reduced the requested fees.

*Time Spent: 2.1 hrs.* *Amount $280.00*

### B. Asset Analysis and Recovery

PLG caused Winston & Cashatt ("W&C"), the Debtor's former counsel, to disgorge $50,000 in fees that W&C, in the Trustee's view, had not properly disclosed. PLG convinced W&C of the Trustee's turnover rights, without having to resort to litigation.

*Time Spent: 5.6 hrs.* *Amount $2,240.00*

10

18-03197-FPC7    Doc 863-4    Filed 03/10/21    Entered 03/10/21 14:49:39    Pg 10 of 13

### C. Asset Disposition - the ML Equipment Sale

PLG advised the Trustee with respect to ML Equipment Sale, communicated with bidders and obtained court approval of the ML Equipment Sale over the objection of Jun Dam and his client group. Sale Price Received: $112,000.

*Time Spent: 9.9*                                                                                      *Amount $3,960.00*

### D. Meetings of and Communications with Creditors

Fielding miscellaneous queries from creditors.

*Time Spent: .5*                                                                                       *Amount $200.00*

### E. Fee/Employment Applications

PLG drafted its employment application papers.

*Time Spent: .5 hrs.*                                                                                  *Amount $200.00*

### F. Fee/Employment Objections

PLG reviewed an objection to its proposed employment that B. Ellison wrote and forwarded. B. Ellison never filed the objection.

*Time Spent: .1*                                                                                       *Amount $40.00*

### G. Other Contested Matters

PLG has researched issues related to sanctions against J. Dam and his group.

*Time Spent: 2.8*                                                                                      *Amount $1,120.00*

H.  <u>Claims Administration and Objections – ML Landlords Ch. 11 Admin.</u>

The Debtor's former landlords in Moses Lake, Washington moved to compel the Trustee to pay their Chapter 11 administrative claim (in the amount of $169,128.43) ahead of other Chapter 11 administrative claims. PLG advised the Trustee regarding this issue, communicated with the ML Landlords' counsel and objected to the motion to compel. The Court denied the motion.

*Time Spent: 10.3*                                                                                    *Amount $4,120.00*

I.  <u>Claims Administration and Objections – Miscellaneous</u>

Three small claims filed during the Chapter 7 case.

*Time Spent: .3*                                                                                        *Amount $120.00*

J.  <u>Claims Administration and Objections – J. Dam Administrative Claim</u>

PLG advised the Trustee regarding the J. Dam Administrative Claim, drafted the objection and represented the Trustee in oral argument. The Court ruled that J. Dam could pursue the J. Dam Administrative Claim as an adversary upon filing a civil cover sheet and paying the filing fee. The Court also ruled that J. Dam's cohort could not appear through him on the J. Dam Administrative Claim because he lacks a license to practice law.

*Time Spent: 16.50*                                                                                  *Amount $6,600.00*

K. <u>Appeal to the District Court of JD Adversary Proceeding</u>

This project relates to the Dismissal Order Appeal. During the Application Period, PLG reviewed the Statement of Issues and appellant's brief in preparation for filing Appellees' brief.

*Time Spent: 1.80*                      *Amount $720.00*

L. <u>Appeal to the District Court of the ML Equipment Sale</u>

This project relates to ML Equipment Sale Appeal. During the Application Period, PLG successfully litigated J. Dam's two motions to stay the ML Equipment Sale pending appeal and reviewed and analyzed J. Dam's opening brief.

*Time Spent: 20.4*                      *Amount $8,160.00*

M. <u>Appeal to the BAP of the TNT Sale</u>

This project relates to J. Dam's appeal of the Court's approval of the TNT Sale. During the Application Period, PLG argued the case before the BAP and the BAP affirmed the Court's order approving the TNT Sale.

*Time Spent: 5.7*                      *Amount $2,280.00*

**V.** **[Intentionally omitted. Only Applies in Chapter 11.]**

**VI.** **Other Information: None.**

13

18-03197-FPC7    Doc 863-4    Filed 03/10/21    Entered 03/10/21 14:49:39    Pg 13 of 13