Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 7<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION TO LIMIT NOTICE OF FIRST INTERIM CHAPTER 7 FEE APPLICATION OF THE POTOMAC LAW GROUP PLLC (OCTOBER 1, 2020 – JANUARY 29, 2021)** |

Mark D. Waldron, in his capacity as the duly-appointed Chapter 7 Trustee, hereby moves (the "Motion") the Court for entry of an Order, in the form attached hereto as **Exhibit A**, permitting limited notice of the *First Interim Chapter 7 Fee Application of the Potomac Law Group PLLC (October 1, 2020 – January 29, 2021)* (the "PLG First Interim Fee Application").

This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. This Motion raises a core matter. 28 U.S.C. §157(b)(2)(A).

Rule 2002(a)(6) of the Federal Rules of Bankruptcy Procedure ("BR") requires 21-days' notice of the Application. *See also* L.B.R. 2016-1 (requiring service on 21-days' notice to the Master Mailing List). However, BR 2002(m)

Motion to Limit Notice of
PLG Fee Application - P a g e | **1**

permits the Court to enter orders designating the manner and scope of notice. Further, L.B.R. 2002-1(b)(1)(B) allows "less inclusive notice . . . if not prohibited by the Code or Rules and specifically allowed by the Court or local rules." This local rule also states, "Notice is appropriate if it reaches all those with a potential good faith objection to the proposed order or action." L.B.R. 2002-1(b)(1)(B).

The Master Mailing Matrix for this case includes 414 mailable addresses. Photocopying and postage expenses as well as other expenses associated with such large mailings would be extremely burdensome and costly to the estate. Furthermore, the PLG First Interim Fee Application is interim and subject to final review where all creditors, may be given notice. Therefore, the Trustee requests that notice of the PLG First Interim Fee Application and of this Motion, in substantially the form attached hereto as **Exhibit B**, be sent only to the following parties (the "Limited Mailing List"): (i) the United States Trustees Office; (ii) David Carlson, the Debtor's director; (iii) Andrey Kuzenny, who signed the petition and schedules on the Debtor's behalf; (iv) holders of allowed Chapter 11 administrative claims; (v) holders of the ten largest trade claims; (vi) holders of the ten largest token and miner claims. All parties registered with the ECF system will receive notice electronically. The Limited Mailing List includes all those with a potential good faith objection to the PLG First Interim Fee Application.

WHEREFORE, the Trustee requests entry of an Order:

1. Granting this Motion in its entirety;

Motion to Limit Notice of
PLG Fee Application - P a g e | 2

2. Finding that the form of Notice, substantially in the form attached hereto as **Exhibit B**, is appropriate and sufficient;

3. Authorizing the Trustee to limit notice of the PLG First Interim Fee Application to the Limited Mailing List; and

4. Granting such other and further relief as the Court deems appropriate and just.

Dated: March 10, 2021         POTOMAC LAW GROUP PLLC

By: /s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

I, Mark D. Waldron, declare based on my personal knowledge, that the foregoing is true and correct.

Dated this 8th day March 2021 in Tacoma, Washington.

Mark D. Waldron

Motion to Limit Notice of
PLG Fee Application - P a g e | 3