*LF 2016 (6/15)*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

Case Name: _____ Case Number: _____

**APPLICATION FOR AWARD OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 USC 330, AND FOR
APPROVAL OF THE PAYMENT OF BANK FEES**

Name of Applicant: _____

Position of Applicant: _____

Application Number: _____  ☐ Interim  ☐ Final

The undersigned applicant applies to the court for an award or allowance of compensation for services rendered and for reimbursement of expenses incurred in the above entitled case pursuant to 11 USC 330 *(or USC 331 if an interim application)*, and for approval of the payment of bank fees pursuant to sections 363 and 503(b). This application is supported by the following information and attached documents.

I. *(If applicant is employee of trustee, debtor in possession or creditors committee)*
Date of Entry of Order Approving Employment: _____

II. Dates Covered by this Application: _____ to _____

III. The name, position, hourly rate, total time spent and amount requested for all compensation for services rendered by each person covered by this application, in connection with this case, is as follows *(if this is the FIRST Application, include **ALL** time and amounts, both pre- and post-petition in this Application)*:

| Name | Position | Hourly Rate | Total Time | Amount Requested |
|------|----------|-------------|------------|------------------|
|      |          | $           |            | $                |
|      |          | $           |            | $                |
|      |          | $           |            | $                |
|      |          | $           |            | $                |
|      |          | $           |            | $                |
|      |          | $           |            | $                |
| **Totals** |    |             |            | $                |

IV. Total amount of REIMBURSEMENT of expenses requested by this application in connection with this case *[if this is the **FIRST** Application, include **ALL** costs (including filing fees), both pre- and post-petition]*: $ _____

V. Total of Compensation and Reimbursement requested: $ _____

APPLICATION FOR COMPENSATION AND REIMBURSEMENT - 1

VI.    *(If applicant is a trustee)* The maximum amount of compensation allowable under 11 USC 326(a) is: $ _____ .

VII.    *(If applicant is an employee of trustee, debtor in possession or creditors committee).* All compensation for services rendered and reimbursement of expenses incurred for which award is sought were necessary to the administration of the case, beneficial to the estate, and does not include any unnecessary duplication of services.

   ☐ Yes        ☐ No        ☐ N/A      *(If answer is NO, attach an explanation.)*

VIII.    *(If applicant is the attorney for the debtor)* All compensation for services rendered and reimbursement for expenses incurred for which award is sought for representing the interests of the debtor(s) were necessary and beneficial to the debtor(s) in connection with the case.

   ☐ Yes        ☐ No        ☐ N/A      *(If answer is NO, attach an explanation.)*

IX.    Compensation or reimbursement previously received has been shared with another entity, or an agreement or understanding exists between the applicant and any other entity for sharing of compensation received or to be received for services rendered in or in connection with this case, except as a member or regular associate of a firm of lawyers.

   ☐ Yes        ☐ No      *(If answer is YES, attach an explanation.)*

X.    Attached to this application, and made part of this application are the following supporting documents:

   a.   ☐ Statement of Money or Property Received or Promised Other than by Applicant *(required in all cases, LF 2016A);*

   b.   ☐ Summary Supporting Application for Compensation for Services or Reimbursement of Expenses *(required in all cases, LF 2016B);*

   c.   ☐ Itemization of Services Rendered *(required; itemization must be by project category if cumulative compensation exceeds $10,000);*

   d.   ☐ Itemization of Expenses *(required)*; and   Expenses not requested.

   e.   ☐ Narrative Summary *(required if cumulative compensation exceeds $10,000, LF 2016C).*

XI.    Bank Fees: $_____

The undersigned Applicant states under penalty of perjury that the representations contained in this application and attachments are true and correct to the best of the applicant's knowledge and belief.

DATED: _____      _____

                                              *(Signature of Applicant)*

Name: _____
Position: _____
Address: _____
Phone: _____
Fax: _____
Email: _____

APPLICATION FOR COMPENSATION AND REIMBURSEMENT - 2

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF WASHINGTON

Case Name: _____     Case Number: _____

## STATEMENT OF MONEY OR PROPERTY RECEIVED OR PROMISED
## IN CONNECTION WITH THIS CASE OTHER THAN BY APPLICATION OR A PLAN

Name of Applicant: _____

Position of Applicant: _____

Application Number: _____

No Money or property was received or promised other than by application as a part of a Chapter 13 Plan.

(a)     Money or things of value received other than by application or as part of a Chapter 13 Plan:

    (1)     Amount received by attorney or firm for filing fee     $_____

    (2)     Amount received before the order for relief by attorney or firm for services and costs     $_____

    (3)     Amount received after the order for relief by attorney or firm for services and costs     $_____

    (4)     Value of any property or service given to attorney or firm as payment of fees and costs     $_____
Description:

    (5)     Total of entries 1, 2, 3 and 4     $_____

    (6)     Amount remaining in client trust account     $_____

(b)     Amount applied to filing fee and services     $_____
*(Subtract entry (a)(6) from entry (a)(5))*

(c)     Money promised:     $_____
Nature of arrangement for promise of payment:
_____

(d)     Total amount and value of all money or property received or promised
other than by Application or a Chapter 13 Plan *(items (a)(5) and (c))*     $_____

(e)     Other Items *(Value and description of any liens, guarantees,*
*security interests or promissory notes):*
_____

(f)     Source of Payment of Promise *(If other than the debtor,*
*identify entity and relationship to the debtor):*
_____

STATEMENT OF MONEY OR PROPERTY RECEIVED

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

Case Name: _____     Case Number: _____

## SUMMARY SUPPORTING APPLICATION FOR COMPENSATION FOR SERVICES OR REIMBURSEMENT OF EXPENSES

Name of Applicant: _____
Position of Applicant: _____
Application Number: _____

| Sequential # | | Applied for | Awarded | Received |
|---|---|---|---|---|
| A<br>Receipts other than by Application<br>*(Transfer from (b) of Application LF 2016A)* | **Date<br>Compensation<br>Expenses** | | | _____<br>$_____<br>$_____ |
| Prior Application<br><br>#_____ | **Date<br>Compensation<br>Expenses** | $_____<br>$_____ | _____<br>$_____ | _____<br>$_____ |
| Prior Application<br><br>#_____ | **Date<br>Compensation<br>Expenses** | $_____<br>$_____ | _____<br>$_____ | _____<br>$_____ |
| Prior Application<br><br>#_____ | **Date<br>Compensation<br>Expenses** | $_____<br>$_____ | _____<br>$_____ | _____<br>$_____ |
| Present Application<br>*(Transfer totals from III & IV of Application)*<br>#_____ | **Date<br>Compensation<br>Expenses** | _____<br>$_____<br>$_____ | | |
| **Totals**<br><br>B | **Compensation<br>Expenses**<br><br>**Total Comp. + Exp.** | $_____<br>$_____<br><br>$_____ | $_____<br>$_____<br><br>$_____ | $_____<br>$_____<br><br>$_____ |

SUMMARY SUPPORTING APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES

| Project | Hrly Amt Worked | Billed Amount |
|---|---|---|
| Case Administration | 1.70 | $680.00 |
| Claims Administration and Resolution | 6.30 | $2,520.00 |
| JD AP Dismissal Appeal | 46.50 | $18,600.00 |
| Meetings of and Communications with Cred | 0.60 | $240.00 |
| ML Equipment Sale Appeal | 23.20 | $9,280.00 |
| Professional Fee and Employment Applicati | 3.70 | $1,480.00 |
| Settlement | 6.90 | $2,760.00 |
| TNT Sale Appeal | 17.80 | $7,120.00 |
| **Grand Total** | 106.70 | $42,680.00 |

# Project Billing Itemization; PLG; Second Interim Fee App; 1.30.21 - 5.30.21

| Project | DateWorked | Description | Hrly Amt Worked | Billed Amount |
|---|---|---|---|---|
| Case Administration | | | | |
| | 2/17/2021 | Finalize motion for case procedures: limited notice | 1.50 | $600.00 |
| | 3/16/2021 | Verify lack of objections to motion for limited notice (.1), finalize Order for uploading (.1) | 0.20 | $80.00 |
| | | Subtotal | 1.70 | $680.00 |
| Claims Administration and Resolution | | | | |
| | 2/8/2021 | Prepare request for allowance of Chapter 11 admin claim of Stretto | 1.50 | $600.00 |
| | 2/10/2021 | Prepare request for allowance of Insta-Stor and NCW claims as Chapter 7 administrative claims | 2.30 | $920.00 |
| | 2/11/2021 | Continue preparing papers for approval of Stretto Chapter 11 claim | 0.50 | $200.00 |
| | 2/13/2021 | Continue preparing motion for allowance of chapter 7 admin claim of NCW | 0.40 | $160.00 |
| | 2/17/2021 | Finalize motions for approval of Ch. 7 admin expense NCW and Insta-Stor (.2) and for approval of Ch. 11 admin expense of Stretto (.5) | 0.70 | $280.00 |
| | 3/17/2021 | Verify allowed Chapter 11 administrative claims (.6); verify lack of objection to motions for approval of Limited Notice, Stretto Ch. 11 admin claim, NCW and Insta-Stor Ch. 7 claims (.2) | 0.80 | $320.00 |

18-03197-FPC7    Doc 897    Filed 07/16/21    Entered 07/16/21 17:27:13    Pg 6 of 30

| Project | DateWorked | Description | Hrly Amt Worked | Billed Amount |
|---|---|---|---|---|
| | 3/19/2021 | Review Order approving Chapter 7 administrative claim for NCW and Insta-Stor (Storage and Equipment Removal) | 0.10 | $40.00 |
| | | Subtotal | 6.30 | $2,520.00 |
| JD AP Dismissal Appeal | | | | |
| | 2/25/2021 | Review Bankruptcy Court's findings of fact and conclusions of law re dismissal of JD adversary in preparation for drafting appellee's brief (.7); outline issues for appellee's brief (2.6) | 3.30 | $1,320.00 |
| | 2/26/2021 | Draft appellee's brief in appeal of JD adversary against Trustee and professionals. | 7.20 | $2,880.00 |
| | 2/27/2021 | Draft appellee's brief on adversary proceeding | 8.60 | $3,440.00 |
| | 2/28/2021 | Draft appellee's brief | 9.60 | $3,840.00 |
| | 3/1/2021 | Draft appellee's brief | 5.80 | $2,320.00 |
| | 3/3/2021 | Finalize Appellees' Brief | 12.00 | $4,800.00 |
| | | Subtotal | 46.50 | $18,600.00 |
| Meetings of and Communications with Creditors | | | | |
| | 2/15/2021 | Correspondence with token holder, B. Tobbe, regarding his claim | 0.10 | $40.00 |
| | 4/16/2021 | Telephone conference with K. McKinley re DC PUD discovery request in main case | 0.50 | $200.00 |
| | | Subtotal | 0.60 | $240.00 |

18-03197-FPC7    Doc 897    Filed 07/16/21    Entered 07/16/21 17:27:13    Pg 7 of 30

| Project | DateWorked | Description | Hrly Amt Worked | Billed Amount |
|---|---|---|---|---|
| ML Equipment Sale Appeal | | | | |
| | 2/1/2021 | Review issues and documents in preparation for drafting Appellee's brief | 4.50 | $1,800.00 |
| | 2/17/2021 | Draft appellee's brief in ML Equipment Sale | 8.50 | $3,400.00 |
| | 2/18/2021 | Finalize appellee's brief | 10.20 | $4,080.00 |
| | | Subtotal | **23.20** | **$9,280.00** |
| Professional Fee and Employment Applications | | | | |
| | 3/6/2021 | Finalize First Interim Chapter 7 PLG Fee Application | 3.70 | $1,480.00 |
| | | Subtotal | **3.70** | **$1,480.00** |
| Settlement | | | | |
| | 2/2/2021 | Review issues re settlement of administrative claim of TNT Business Complex (Darel and Kelly Thompson) as landlord of debtor's warehouse in Rock Island | 1.10 | $440.00 |
| | 2/3/2021 | Draft settlement papers for Rock Island Administrative claim: notice (.3), proposed order (.2), motion for settlement approval (.3), supporting memorandum (3.2); and supporting declaration of Trustee (.5) | 4.50 | $1,800.00 |
| | 2/8/2021 | Finalize Rock Island settlement approval papers | 0.90 | $360.00 |
| | 3/13/2021 | Review order approving Rock Island Chapter 11 administrative claim (.1); draft addendum for chapter 7 to enter into RI settlement pursuant to the Order (.3) | 0.40 | $160.00 |
| | | Subtotal | **6.90** | **$2,760.00** |

18-03197-FPC7    Doc 897    Filed 07/16/21    Entered 07/16/21 17:27:13    Pg 8 of 30

| Project | DateWorked | Description | Hrly Amt Worked | Billed Amount |
|---|---|---|---|---|
| TNT Sale Appeal | | | | |
| | 2/2/2021 | Review BAP's opinion rejecting Dam's TNT Sale appeal and related filings (.7) | 0.70 | $280.00 |
| | 3/7/2021 | Review pertinent excerpts of Federal Rules of Appellate Procedure for the 9th Cir. and Circuit Rules in preparation for J. Dam appeal of the TNT Sale approval, which BAP affirmed | 0.90 | $360.00 |
| | 4/8/2021 | Research regarding effect of Jun Dam's untimely filing of motion to appeal | 3.70 | $1,480.00 |
| | 4/8/2021 | Review and analyze issues related to the Court of Appeal's Order to Show Cause why the Court of Appeal has jurisdiction in light of the late filing of the Notice of Appeal by one day; develop reply to J. Dam's response to the Order to Show Cause | 4.60 | $1,840.00 |
| | 5/5/2021 | Research and outline issues re Dam's late filed TNT Sale appeal to the 9th Circuit and outline law in prep for drafting Reply | 2.10 | $840.00 |
| | 5/6/2021 | Draft Reply re untimeliness of TNT Sale Appeal | 5.80 | $2,320.00 |
| | | Subtotal | **17.80** | **$7,120.00** |
| **Grand Total** | | | 106.70 | $42,680.00 |

18-03197-FPC7    Doc 897    Filed 07/16/21    Entered 07/16/21 17:27:13    Pg 9 of 30

## Chron. Itemization; PLG; 2nd Interim Fee App; 1.30.21 - 5.30.21, In re Giga Watt, Inc., No. 18-03197

| DateWorked by Month | Description | Hrly Amt Worked | Billed Amount |
|---|---|---|---|
| **February 2021** | | | |
| 2/1/2021 | Review issues and documents in preparation for drafting Appellee's brief | 4.50 | $1,800.00 |
| 2/2/2021 | Review BAP's opinion rejecting Dam's TNT Sale appeal and related filings (.7) | 0.70 | $280.00 |
| 2/2/2021 | Review issues re settlement of administrative claim of TNT Business Complex (Darel and Kelly Thompson) as landlord of debtor's warehouse in Rock Island | 1.10 | $440.00 |
| 2/3/2021 | Draft settlement papers for Rock Island Administrative claim: notice (.3), proposed order (.2), motion for settlement approval (.3), supporting memorandum (3.2); and supporting declaration of Trustee (.5) | 4.50 | $1,800.00 |
| 2/8/2021 | Prepare request for allowance of Chapter 11 admin claim of Stretto | 1.50 | $600.00 |
| 2/8/2021 | Finalize Rock Island settlement approval papers | 0.90 | $360.00 |
| 2/10/2021 | Prepare request for allowance of Insta-Stor and NCW claims as Chapter 7 administrative claims | 2.30 | $920.00 |
| 2/11/2021 | Continue preparing papers for approval of Stretto Chapter 11 claim | 0.50 | $200.00 |
| 2/13/2021 | Continue preparing motion for allowance of chapter 7 admin claim of NCW | 0.40 | $160.00 |
| 2/15/2021 | Correspondence with token holder, B. Tobbe, regarding his claim | 0.10 | $40.00 |
| 2/17/2021 | Draft appellee's brief in ML Equipment Sale | 8.50 | $3,400.00 |

18-03197-FPC7    Doc 897    Filed 07/16/21    Entered 07/16/21 17:27:13    Pg 10 of 30

| DateWorked by Month | Description | Hrly Amt Worked | Billed Amount |
|---|---|---|---|
| 2/17/2021 | Finalize motions for approval of Ch. 7 admin expense NCW and Insta-Stor (.2) and for approval of Ch. 11 admin expense of Stretto (.5) | 0.70 | $280.00 |
| 2/17/2021 | Finalize motion for case procedures: limited notice | 1.50 | $600.00 |
| 2/18/2021 | Finalize appellee's brief | 10.20 | $4,080.00 |
| 2/25/2021 | Review Bankruptcy Court's findings of fact and conclusions of law re dismissal of JD adversary in preparation for drafting appellee's brief (.7); outline issues for appellee's brief (2.6) | 3.30 | $1,320.00 |
| 2/26/2021 | Draft appellee's brief in appeal of JD adversary against Trustee and professionals. | 7.20 | $2,880.00 |
| 2/27/2021 | Draft appellee's brief on adversary proceeding | 8.60 | $3,440.00 |
| 2/28/2021 | Draft appellee's brief | 9.60 | $3,840.00 |
| Sum | | 66.10 | $26,440.00 |
| March 2021 | | | |
| 3/1/2021 | Draft appellee's brief | 5.80 | $2,320.00 |
| 3/3/2021 | Finalize Appellees' Brief | 12.00 | $4,800.00 |
| 3/6/2021 | Finalize First Interim Chapter 7 PLG Fee Application | 3.70 | $1,480.00 |
| 3/7/2021 | Review pertinent excerpts of Federal Rules of Appellate Procedure for the 9th Cir. and Circuit Rules in preparation for J. Dam appeal of the TNT Sale approval, which BAP affirmed | 0.90 | $360.00 |
| 3/13/2021 | Review order approving Rock Island Chapter 11 administrative claim (.1); draft addendum for chapter 7 to enter into RI settlement pursuant to the Order (.3) | 0.40 | $160.00 |

18-03197-FPC7   Doc 897   Filed 07/16/21   Entered 07/16/21 17:27:13   Pg 11 of 30

| DateWorked by Month | Description | Hrly Amt Worked | Billed Amount |
|---|---|---|---|
| 3/16/2021 | Verify lack of objections to motion for limited notice (.1), finalize Order for uploading (.1) | 0.20 | $80.00 |
| 3/17/2021 | Verify allowed Chapter 11 administrative claims (.6); verify lack of objection to motions for approval of Limited Notice, Stretto Ch. 11 admin claim, NCW and Insta-Stor Ch. 7 claims (.2) | 0.80 | $320.00 |
| 3/19/2021 | Review Order approving Chapter 7 administrative claim for NCW and Insta-Stor (Storage and Equipment Removal) | 0.10 | $40.00 |
| Sum | | 23.90 | $9,560.00 |
| April 2021 | | | |
| 4/8/2021 | Research regarding effect of Jun Dam's untimely filing of motion to appeal | 3.70 | $1,480.00 |
| 4/8/2021 | Review and analyze issues related to the Court of Appeal's Order to Show Cause why the Court of Appeal has jurisdiction in light of the late filing of the Notice of Appeal by one day; develop reply to J. Dam's response to the Order to Show Cause | 4.60 | $1,840.00 |
| 4/16/2021 | Telephone conference with K. McKinley re DC PUD discovery request in main case | 0.50 | $200.00 |
| Sum | | 8.80 | $3,520.00 |
| May 2021 | | | |
| 5/5/2021 | Research and outline issues re Dam's late filed TNT Sale appeal to the 9th Circuit and outline law in prep for drafting Reply | 2.10 | $840.00 |

| DateWorked by Month | Description | Hrly Amt Worked | Billed Amount |
|---|---|---|---|
| 5/6/2021 | Draft Reply re untimeliness of TNT Sale Appeal | 5.80 | $2,320.00 |
| Sum | | 7.90 | $3,160.00 |
| Grand Total | | 106.70 | $42,680.00 |

18-03197-FPC7    Doc 897    Filed 07/16/21    Entered 07/16/21 17:27:13    Pg 13 of 30

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

Case Name: Giga Watt, Inc.                    Case Number: 18-03197 FPC

NARRATIVE SUMMARY (Required by
LBR 2016-1(b)(1)(A) where requested
compensation exceeds $10,000.00)

Name of Applicant:              Potomac Law Group PLLC
Position of Applicant:          General Insolvency Counsel to Chapter 7 Trustee
Application Number:             Two (2)
Application Period:             January 30, 2021 through May 30, 2021
Fees Requested:                 $42,680.00

## I.      Background of the Case; Events Leading to Bankruptcy

In 2017, Giga Watt, Inc. ("Giga Watt" or the "Debtor") and its partner, Giga

Watt Pte. Ltd. ("GW Singapore"), conducted an Initial Coin Offering ("GW

ICO") pursuant to which they raised more than $20 million from the sale of tokens

("WTT Tokens") and an estimated $20 to $30 million in computer sales. Their

project, the Giga Watt Project, aimed to build and maintain cryptocurrency mining

facilities in Grant and Douglas Counties, Washington. Giga Watt held a lease with

the Chelan Douglas Regional Port Authority f/k/a Port of Douglas County (the

"Port Authority"), for approximately eight (8) acres of undeveloped land zoned

for industrial use and located in the Pangborn Area Business Park (the "Pangborn

Site") in East Wenatchee, Washington. Giga Watt also held a power contract (the

1

"Pangborn Power Contract") with the Douglas County Public Utility District (the "DC PUD") to provide 30 MW of power to the Pangborn Site.

One of the Giga Watt Project's founders, David Carlson, had been crypto-mining in the local area since 2013. His co-founders were a group of Russians named, Andrey Kuzenny, Nikolay Evdokimov, Leonid Markin and Eduard Khaptakhaev.[1] Katrina Arden,[2] a solo practitioner, and Lowell Ness, a partner at Perkins Coie LLP, provided legal advice to the Giga Watt Project regarding the GW ICO.

The GW ICO offered (1) WTT Tokens, which are digital assets housed on the Ethereum blockchain, and (2) miners, which are shoe-boxed sized computers that "hash" or run the calculations necessary for crypto-mining. WTT Token and miner owners were entitled to the net profits of Giga Watt's crypto-mining

---

[1] Kuzenny is represented by counsel. Evdokimov defaulted in a lawsuit brought against him by the SEC after he began another unregistered ICO. Markin is a professional poker player. Khaptakhaev is an attorney in Russia, upon information and belief. Arden is also in Russia, upon information and belief.

[2] Arden passed the California bar without going to law school. She may have an MBA from an American university.

2

operations in proportion to the number of WTT Tokens and miners that they purchased in the GW ICO. If Giga Watt missed its estimated construction deadlines by more than three months, then oversubscribed WTT Token holders could receive a refund of the purchase price through an escrow held by Perkins Coie. There were no similarly explicit terms for the returns of miners. However, Giga Watt stated that it would send miners to their purchasers on request.

The GW ICO lasted from approximately May 19, 2017 to approximately August 7, 2017. Generally, one WTT Token equated to one watt of power at Giga Watt for fifty years. During the Giga Watt Project, Giga Watt built approximately 10.5 MW of crypto-mining facilities for WTT Token holders. Therefore, the Giga Watt Project generated income for the holders of approximately 10.5 million WTT Token holders.

However, GW Singapore had sold more than 20 million WTT Tokens, leaving almost 10 million WTT Tokens with non-income producing WTT

*[This Application continues on the next page.]*

Tokens.[3] Assuming a price of $1.10 per WTT Tokens, these over-subscribed WTT Tokens represented approximately $11 million in token sale proceeds. As set forth more fully in an adversary proceeding pending in the case,[4] GW Singapore looted the escrow and took these over-subscribed proceeds for itself. GW Singapore distributed the other half of the escrow money to Giga Watt in line with Giga Watt's constructions of facilities.

In March 2018, two sets of over-subscribed WTT Token holders commenced class actions[5] against Giga Watt and GW Singapore seeking rescission of their ICO investments under the US securities law. Rescission is the

---

[3] Giga Watt reportedly sold 20,154,783 WTT Tokens at prices ranging from $1 per WTT Token to $1.20 per WTT Token. *See* SEC Letter, dated August 2, 2018

[4] *See Waldron v. Perkins Coie, et al*, Adv. Case No. 20-80031 (the "Perkins Adversary").

[5] *See Moss v. Giga Watt, Inc. et al.*, No. 2:18-cv-00100-SMJ (E.D. Wash.), filed March 19, 2018; *Balestra v. Giga Watt, Inc., et al.*, No. 2:18-cv-00103-SMJ (E.D. Wash.), filed March 20, 2018. By stipulation of the parties, on July 3, 2018, the District Court consolidated the *Moss* and *Balestra* cases.

4

same remedy that the escrow would have provided had GW Singapore not looted those funds. In October 2018, a small group of miner owners who had bought miners without WTT Tokens[6] challenged the Giga Watt Project's decision to give power on a priority basis to WTT Token holders.[7] The lawyers for this minority miner group are now representing Jun Dam in the lawsuit against Perkins Coie.

In April 2018, the United States Securities and Exchange Commission ("SEC") began investigating the GW ICO. In June 2018, the Douglas County Public Utility District took over construction of the Pangborn Site's substation, which meant further significant construction delays.

In August 2018, David Carlson resigned as Giga Watt's CEO, but stayed on as a director. By mid-November 2018, according to the proofs of claims filed in this case:

---

[6] During the pre-sale and in early June 2017, the GW Project allowed a small number of people to buy miners without also buying WTT Tokens.

[7] See *Sofair v. Giga Watt, Inc. et al.*, No. 2:18-cv-00308-SMJ (E.D. Wash.), filed October 2, 2018. Jun Dam hired Sofair's lawyers to bring the copycat lawsuit against Perkins Coie.

5

- Giga Watt owed approximately $3.5 million in trade debt, approximately $1.8 million of which was construction related;

- The Douglas County Public Utility District had exercised the one-year notice of termination provision in the Pangborn Power Contract;

- The Port Authority had commenced proceedings to evict Giga Watt from the Pangborn site; and

- Three class actions lawsuits were pending in the U.S. District Court for the Eastern District of Washington against Giga Watt and others arising from the depleted escrow.

A. Chapter 11 Case

On November 19, 2018, Andrey Kuzenny signed Giga Watt's voluntary petition for relief pursuant to sections 101 et seq. of Title 11 of the United State Code (the "Bankruptcy Code"). On January 18, 2019, the Court ordered the appointment of a Trustee, ECF No. 121. This Application does not request allowance of PLG's fees incurred in the Chapter 11 case and this Narrative does not discuss the Chapter 11 case, except to the extent relevant to the appeals initiated by J. Dam during the Chapter 11 case.

B. Financial Condition of the Estate:

1. Profit and Loss: Not applicable. Debtor is not operating.

2. Amount of Cash on Hand or on Deposit: $760,365.96.

6

3. Amount of Accrued Unpaid Administrative Expenses: $53,240.

4. Amount of Unencumbered Funds in the Estate: $648,365.96.

## II. Chapter 7 Case

On September 30, 2020, the Bankruptcy Court entered an Order converting the bankruptcy case from Chapter 11 to Chapter 7 of the Bankruptcy Code, ECF No. 744. The same day, the U.S. Trustee's Office appointed Mark D. Waldron as Trustee in the Chapter 7 case, ECF No. 745.

On October 27, 2020, the Court approved PLG's retention as counsel to Mr. Waldron in the chapter 7 case, ECF No. 785.

On November 19, 2020, the Trustee commenced an adversary proceeding with respect to GW Singapore's raiding of the escrow. *See Waldron v. Perkins Coie, LLP, et al.,* Case No. 20-ap-80031 (the "Perkins Adversary"). On December

On December 16, 2020, Jun Dam filed a purported class action asserting the same claims and requesting the same damages as the Trustee is asserting in the Perkins Adversary. *See Dam v. Perkins Coie, LLP, et al.,* Case No. 20-cv-00464, pending in the U.S. District Court for the District of Eastern Washington.

On April 13, 2021, the Court approved PLG's first interim request for attorney's fees in the amount of $30,040.00, ECF No. 887. The Trustee paid these fees on April 21, 2021.

18-03197-FPC7    Doc 897    Filed 07/16/21    Entered 07/16/21 17:27:13    Pg 20 of 30

On July 18, 2021, the Trustee filed in this bankruptcy case a motion for order to show cause why Jun Dam's lawsuit against Perkins Coie LLP does not violate the automatic stay. *See,* ECF Nos. 889, 890, 891.

### A.  Second Interim Application Period of the Chapter 7 Case

The period for which PLG seeks fees in this Application extends from January 30, 2021 to May 30, 2021 (the "Application Period"). As set forth in more detail below, during the Application Period, PLG helped the Trustee to obtain orders:(1) providing for limited notice procedures, ECF No. 857, (2) approving a settlement with the landlords of the Debtor's former TNT Facility, ECF No. 849, (3) allowing certain chapter 11 administrative claims, ECF No. 855, and (4) allowing certain chapter 7 administration claims, other than this Application ECF No. 856.

As set forth more fully below, PLG also continued to defend the three appeals brought by Dam. Jun Dam's appeals continue to dominate the estate's attorney's fees. The chart below is compiled from PLG's accounting records for time billed during the Application Period. It shows the percentage[8] of fees generated by the Jun Dam appeals compared to the main case matters.

---

[8] The percentages are rounded.



## III. Description of Tasks or Projects for which Compensation is Sought

### A. Case Administration

PLG obtained an Order providing for limited notice in the Chapter 7 case. This will save the estate thousands of dollars in service and notice costs while still providing due process to creditors and all other parties in interest.

*Time Spent: 1.7 hours*                    *Amount: $680.00*

### B. Claims Administration and Resolution

PLG obtained Orders approving the Chapter 11 administrative claim of Stretto, Inc., f/k/a Bankruptcy Management Solutions, which was the court-appointed claims agent in the chapter 11 case. PLG also obtained orders

9

approving the Chapter 7 administrative claims of Insta-Stor and NCW. Insta Stor held equipment that the Trustee was storing and has since sold. NCW is the company of Lauren Miehe who spent time supervising the removal of equipment that the Trustee had sold with Court Approval. Resolution of claims is essential to the orderly administration of the estate.

*Time Spent: 6.3 hours*                                           *Amount: $2,520.00*

### C.   Appeal to the District Court of JD Adversary Proceeding

On September 17, 2020, the Court entered its Order Granting Defendant's Motion to Dismiss ("JD AP Dismissal Order") in the adversary proceeding that Jun Dam had commenced against the Trustee and his professionals. *See Dam v. Waldron, et al.*, Adv. P. 20-80020, AP ECF 28. This project relates to Jun Dam's appeal of the AP Dismissal Order.

On September 29, 2020, Dam appealed the AP Dismissal Order to the U.S. District Court for the Eastern District of Washington, *Dam v. Waldron*, Case No. 20-00351.

During the Second Interim Application Period, PLG reviewed and analyzed Dam's appellate brief and researched, drafted and filed appellees' brief on behalf

10

of the Trustee and his professionals (with the exclusion of CKR Law LLP). A decision has not yet been issued.

***Time Spent: 46.50 hours***                                   ***Amount: $18,600.00***

> D.  Meeting of and Communications With Creditors

During the Second Interim Application Period, PLG corresponded with token holder, B. Tobbe, regarding his pre-petition claim. Counsel also spoke with Kathryn McKinley regarding information that the DC PUD requested from the Trustee.

***Time Spent: .6 hours***                                   ***Amount: $240.00***

> E.  Appeal to the District Court of the ML Equipment Sale

On October 20, 2020, the Court entered its *Order: (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, and (iii) Shortening Time to Object*, ECF 765 (the "ML Equipment Sale Order"). In conjunction with the ML Equipment Sale Order, the Court also issued its *Findings of Fact and Conclusions of Law in Support of Order Authorizing Trustee's Sale of Moses Lake Equipment*, dated October 20, 2020, ECF No. 764.

On October 23, 2020, Dam appealed the ML Equipment Sale Order to the U.S. District Court for the Eastern District of Washington. *See Dam v. Waldron*, Case No. 20-00391 (the "ML Equipment Sale Appeal").

11

During the Application Period, PLG drafted and filed appellee's brief with respect to the ML Equipment Sale Appeal.

*Time Spent: 23.2*                                    *Amount $9,280.00*

      F.   Fee and Employment Applications

During the Second Interim Application Period, PLG drafted its first interim fee application ("PLG First Interim Fee Application"), which the Court granted. *See* PLG First Interim Fee Application, ECF No. 863 and *Order Awarding Compensation for Services Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. § 330 and § 331, and Approving the Payment of Bank Fees*, ECF No. 887. The fees billed in total for drafting the First Interim Fee Application, $1,480 are less than 5% of the total amount awarded, $30,040.

*Time Spent: 3.7 hours*                                    *Amount: $1,480.00*

[*This Application continues on the next page.*]

G.   Settlement

Pre-petition, in August 2017, Giga Watt signed a Commercial Lease Agreement with TNT Business Complexes LLC[9] ("TNT") pursuant to which Giga Watt would occupy a 15,500 square foot warehouse located at 83 S. 4th St., Rock Island, WA in Douglas County, Washington (the "Rock IslandWarehouse"). TNT asserted a Chapter 11 administrative claim in the amount of $83,250 comprised of administrative rent payments in the amount of $65,750 and an asserted maintenance fee in the amount of $17,500. Pursuant to the settlement, which the Court approved, TNT would hold an allowed Chapter 11 administrative claim in the amount of $65,400 with payment to be made pursuant to further Order of the Court. This Settlement saved the estate $17,500 plus the expense and distraction of litigation the claim. The Court approved the settlement pursuant to the *Order Granting Chapter 7 Trustee's Motion for Order Approving Settlement Agreement (RI Landlord)*, filed March 19, 2021, ECF 877.

**Time Spent: 6.9 hours**                    **Amount $2,760.00**

---

[9] TNT Business Complexes LLC was also the Debtor's landlord for its facility in East Wenatchee, Washington referred to in this case as the TNT Facility.

13

H.   The TNT Sale Appeal

On May 19, 2020, the Court filed its *Order Approving: (i) Sale of TNT Facility and Trailer Equipment Free and Clear of all Liens, Claims and Interests, Related Overbidding and Notice Thereof; (ii) Assumption and Assignment of Leases and Power Contract; and (iii) Granting Request for Shortened Notice Thereon*, ECF 602 (the "TNT Sale Approval Order"). On June 25, 2020, Jun Dam filed a Notice of Appeal with respect to the TNT Sale Approval Order.

After losing before the Bankruptcy Appellate Panel, *see Dam v. Waldron*, BAP No. EW-20-1156-FBG, Jun Dam filed a Notice of Appeal with the U.S. Court of Appeals for the Ninth Circuit. He filed the Notice of Appeal one day after the appellate deadline of March 1, 2021. The Court of Appeals asked for briefing on whether the appeal should be dismissed as having been late filed. Dam argued that his lateness should be excused because Federal Express was to blame for the one-day delay in filing. PLG successfully argued that Dam had failed to ask for permission to file a tardy Notice of Appeal and that the deadline to use this safe harbor had passed.

On June 11, 2021 (after the Application Period), the Court of Appeals dismissed the TNT Sale Appeal. *See* Order, *Dam v. Waldron*, No. 21-60016, U.S. Court of Appeals for the Ninth Circuit, ECF No. 6.

***Time Spent: 17.8 hours***                    ***Amount: $7,120.00***

**IV.** **[Intentionally omitted. Only Applies in Chapter 11.]**

**V.** **Other Information: None.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re: | ) |
| | )    Case No. |
| | ) |
| | )    **ORDER AWARDING COMPENSATION** |
| | )    **FOR SERVICES RENDERED AND** |
| | )    **REIMBURSEMENT OF EXPENSES** |
| | )    **PURSUANT TO 11 U.S.C. §330 or §331,** |
| | )    **AND APPROVING THE PAYMENT OF** |
| | )    **BANK FEES** |
| Debtor(s) | ) |

THIS MATTER HAVING come before the Court on the # _____ (☐interim ☐ final) application of _____ dated _____, docket # _____, notice docket # _____ and certificate of service docket # _____, for an order allowing compensation for services rendered and reimbursement of expenses in the above entitled case; and the court being fully advised in the premises:

NOW THEREFORE the below listed amounts are hereby allowed and awarded as compensation and reimbursement pursuant to 11 USC §330 or §331, and approved as bank fees pursuant to §363 and §503(b), to the above-named applicant and are authorized to be disbursed or transferred from funds of the above entitled estate, subject to the availability of funds and the provision of any confirmed plan. *

| | | |
|---|---|---|
| Compensation in the amount | $ | _____ |
| Reimbursement in the amount of | $ | _____ |
| Bank fees | $ | _____ |
| **TOTAL** | $ | _____ |

\* If for first application, includes compensation earned pre-petition and filing fees and other costs incurred pre-petition.

ORDER AWARDING COMPENSATION - 1

Summary of all prior awards and approvals on previous applications:

Compensation $ _____
Reimbursement $ _____
Bank fees $ _____
Total $ _____

Disbursement information for this award:

Received directly from debtor by application
   (if for first application) $ _____
To be paid by transfer from attorney trust account: $ _____
To be paid by trustee $ _____
Total $ _____

///End of Order///

Presented by:

_____

(Signature/address/phone)

Potomac Law Group PLLC
1905 7th Ave. W
Seattle, WA 98119
(415) 297-0132

ORDER AWARDING COMPENSATION - 2