WESTERN WASHINGTON LAW GROUP PLLC
DENNIS J. MCGLOTHIN (#28177)
ROBERT J. CADRANELL (#41773)
P.O. Box 468
Snohomish, WA 98291
Tel: 425/728-7296, ext. 4
dennis@westwalaw.com
docs@westwalaw.com

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (*PHV Admission Pending*)
THOMAS J. O'REARDON II (CA 247952)
PAULA R. BROWN (CA 254142)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Attorneys for Jun Dam and the Class in
Dam v. Perkins Coie, LLP, et al.,
Case No. 2:20-cv-00464-SAB (E.D. Wash.)*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No: 18-03197 FPC 7<br><br>Chapter 7<br><br>**OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY** |

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00180069

18-03197-FPC7    Doc 903    Filed 07/22/21    Entered 07/22/21 16:35:23    Pg 1 of 19

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND FACTS | 2 |
| III. | ARGUMENT | 4 |
| | A. Legal Standards | 4 |
| | B. The Class Action Causes of Action Are Not Property of the Estate | 7 |
| |     1. The Class alleges particularized injuries and not a general injury to the Estate | 8 |
| |     2. The Trustee could not have pursued the Class Action Claims at the commencement of the bankruptcy | 10 |
| | C. The Request for Sanctions is Baseless | 10 |
| IV. | CONCLUSION | 13 |

BLOOD HURST & O' REARDON, LLP

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - i

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00180069

18-03197-FPC7    Doc 903    Filed 07/22/21    Entered 07/22/21 16:35:23    Pg 2 of 19

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Aguilar*,
 No. CC-14-1071-PaTaKu, 2014 Bankr. LEXIS 4982
 (B.A.P. 9th Cir. Dec. 10, 2014) ................................................................................7

*Ashland Oil v. Arnett*,
 875 F.2d 1271 (7th Cir. 1989) ..................................................................................5

*Boucher v. Shaw*,
 572 F.3d 1087 (9th Cir. 2009) ...............................................................................4, 5

*CarrAmerica Realty Corp. v. NVIDIA Corp.*,
 302 Fed. Appx. 514 (9th Cir. 2008) ..........................................................................6

*In re Chugach Forest Prods.*,
 23 F.3d 241 (9th Cir. 1994) ...................................................................................4, 6

*In re Cred Inc.*,
 No. 20-12836 (JTD), 2021 Bankr. LEXIS 518
 (Bankr. D. Del. Feb. 26, 2021) ...............................................................................13

*In re Dyer*,
 322 F.3d 1178 (9th Cir. 2003) ................................................................................10

*In re Educators Grp. Health Trust*,
 25 F.3d 1281 (5th Cir. 1994) ....................................................................................8

*In re Folks*,
 211 B.R. 378 (B.A.P. 9th Cir. 1997) ......................................................................10

*In re Glo-Tex Int'l, Inc.*,
 No. 07-06449-JW, 2010 Bankr. LEXIS 4330
 (Bankr. D.S.C. Nov. 30, 2010) .................................................................................7

*In re Granite Partners, L.P.*,
 194 B.R. 318 (Bankr. S.D.N.Y. 1996) ..................................................................7, 9

*Hirsch v. Arthur Andersen & Co.*,
 72 F.3d 1085 (2d Cir. 1995) .....................................................................................6

*Hornbeck Offshore Servs., LLC v. Nichols Bros. Boat Builders, Inc.*,
   No. C06-782JLR, 2008 U.S. Dist. LEXIS 132328
   (W.D. Wash. Jan. 25, 2008) ...................................................................................5

*In re Jeong*,
   No. CC-19-1244-STaF, 2020 Bankr. LEXIS 714
   (B.A.P. 9th Cir. Mar. 16, 2020) ............................................................................10

*In re Lockard*,
   884 F.2d 1171 (9th Cir. 1989) ................................................................................5

*Morici v. Hashfast Techs. LLC*,
   No. 5:14-cv-00087 EJD, 2014 U.S. Dist. LEXIS 142107
   (N.D. Cal. Oct. 6, 2014) .........................................................................................6

*In re Panther Mt. Land Dev., LLC*,
   686 F.3d 916 (8th Cir. 2012) ..................................................................................6

*In re Real Marketing Servs., Inc.*,
   309 B.R. 783 (Bankr. S.D. Cal. 2004) ....................................................................7

*In re Seven Seas Petroleum, Inc.*,
   522 F.3d 575 (5th Cir. 2008) ...............................................................................5, 9

*In re Shubh Hotels Pittsburgh, LLC*,
   No. 10-26337-JAD, 2011 Bankr. LEXIS 5283
   (Bankr. W.D. Pa. May 16, 2011) ............................................................................7

*Smith v. Arthur Andersen LLP*,
   421 F.3d 989 (9th Cir. 2005) ..................................................................................7

*In re Soundview Elite Ltd.*,
   565 B.R. 534 (Bankr. S.D.N.Y. 2017) ....................................................................5

*In re Speciality Retail Shops Holding Corp.*,
   No. 8:19CV504, 2020 U.S. Dist. LEXIS 224730
   (D. Neb. Dec. 2, 2020) ...........................................................................................8

*In re Sun Cho*,
   9 Fed. Appx. 633 (9th Cir. 2001) ...........................................................................8

*Taggart v. Lorzenzen*,
   139 S. Ct. 1795 (2019) ....................................................................................10, 12

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - iii

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00180069

18-03197-FPC7    Doc 903    Filed 07/22/21    Entered 07/22/21 16:35:23    Pg 4 of 19

*Totten v. Kellogg Brown & Root, LLC*,
    152 F. Supp. 3d 1243 (C.D. Cal. 2016) .................................................................... 6, 10

*In re Tronox Inc.*,
    855 F.3d 84 (2d Cir. 2017) .............................................................................................. 7

*U.S. v. Dos Cabezas Corp.*,
    995 F.2d 1486 (9th Cir. 1993) ..................................................................................... 4, 6

*In re Vector Arms, Corp.*,
    No. 15-21039, 2015 Bankr. LEXIS 4181
    (Bankr. D. Utah Dec. 11, 2015) ..................................................................................... 10

*Williams v. Cal. 1st Bank*,
    859 F.2d 664 (9th Cir. 1988) ............................................................................................ 6

**Statutes**

11 U.S.C.
    § 54 ................................................................................................................................... 7
    § 105 ................................................................................................................................. 6
    § 105(a) ........................................................................................................................... 10
    § 362 ........................................................................................................................... 4, 10

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - iv

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00180069

18-03197-FPC7    Doc 903    Filed 07/22/21    Entered 07/22/21 16:35:23    Pg 5 of 19

Nominal Plaintiff Jun Dam ("Dam"), on behalf of himself and all other similarly situated Class Members in *Dam v. Perkins Coie, LLP, et al.*, No. 2:20-cv-00464-SAB (E.D. Wash.) (the "Class Action"), submits this opposition to the Chapter 7 Trustee's Motion for Order to Show Cause why Jun Dam Should not be Sanctioned for Violating the Automatic Stay. *See* ECF No. 890 (the "Motion").

## I. INTRODUCTION

The Motion asserts Plaintiff violated the Bankruptcy Code's automatic stay because the causes of action asserted in the Class Action somehow belong to the bankruptcy estate (the "Estate"). The Class Action claims are straightforward: The members of the proposed class paid money into an escrow managed by Perkins Coie and one of its partners. In breach of the escrow instructions, Perkins and Ness improperly released those funds to third parties Gigawatt Singapore and the debtor, Giga Watt Inc. (the "Debtor"). Plaintiff alleges the escrowed money belonged to the Class Members and should not have been released from escrow to others. The Class Action seeks the return of Class Member's money. It seeks direct recovery of particularized damages from an independently liable, non-debtor escrow agent.

Perkins is independently liable to the Class. The claims are not by or against the Debtor and do not seek any property of the Estate or in which the Estate has an interest. The Debtor could never have sought early release of the escrowed money. Tellingly, despite the age of this bankruptcy proceeding and the Trustee's knowledge of the improper release of the escrowed funds, the Trustee never laid claim to this money until now. To the contrary, after the Class Action was filed, the Trustee wanted to work with counsel for the Class ("Class Counsel").

Even if these claims belonged to the Estate—and they do not—the automatic stay does not apply because the Class Action is brought by non-debtors against non-debtors, only. The only way the Class Claims could be stayed is if the Trustee had first obtained an injunction after a hearing with notice to the parties.

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE
WHY JUN DAM SHOULD NOT BE SANCTIONED FOR
VIOLATING THE AUTOMATIC STAY - 1

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00180069

18-03197-FPC7   Doc 903   Filed 07/22/21   Entered 07/22/21 16:35:23   Pg 6 of 19

If, and only if, an injunction had been issued and then violated could sanctions even be contemplated. The Trustee's request is improper.

No order to show cause should issue.

## II. BACKGROUND FACTS

On December 16, 2020, Plaintiff, on behalf of himself and all others who purchased Giga Watt Tokens (the "Class"), filed a class action complaint in the Eastern District of Washington against five Perkins Coie-related parties (collectively, "Perkins"), none of whom are debtors (the "Class Action"). *See* Declaration of Timothy G. Blood in Opposition to OSC ("Blood Decl."), Ex. 1 (the "Class Action Complaint"). Each Class Member purchased a "token" entitling him or her to use a specified amount of a cryptocurrency "mining" facility based on an amount of power (the "Project") that a non-party, Giga Watt Pte. Ltd., a Singaporean entity ("GW Singapore"), was building with the assistance of another non-party, the Debtor.

As set forth in a white paper detailing the token and cryptocurrency mining agreement, Class Members deposited their purchase money into an escrow in which Perkins acted as escrow agent. Class Action Complaint, ¶¶ 19-21. Perkins was to disburse the escrow money to GW Singapore in proportion to the percentage of completion of the Project. *Id.*, ¶ 20. Each Token represented both the right to use the Project to the extent it was operational, as well as the money deposited in escrow to the extent the Project was not. *Id.*, ¶ 18. Defendants, in violation of the terms of the escrow, released all the money to GW Singapore (and sometimes to the Debtor), even though only about half of the Project was operational. *Id.*, ¶¶ 27-29. The Class seeks only to recover their money prematurely released from escrow – approximately $11 million.

The Class Action alleges Defendants' improper disbursement from escrow gives rise to causes of action for (1) breach of fiduciary duty to the Token holders; (2) breach of express or implied agreement with the Token holders; (3) breach of

00180069

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 2

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

18-03197-FPC7    Doc 903    Filed 07/22/21    Entered 07/22/21 16:35:23    Pg 7 of 19

agreements Perkins had with the GW Entities[1] and Cryptonomos; (4) violation of Washington's Consumer Protection Act; and (5) violation of Washington's Escrow Agent Registration Act (the "Class Claims").

On November 19, 2020, the Trustee filed an adversary complaint captioned *Waldron v. Perkins Coie LLP*, Adv. Proc. No. 20-80031 (ECF Nos. 1, 6) (the "Adversary Complaint"). The Adversary Complaint alleges that Perkins, GW Singapore, and Andrey Kuzenny breached their fiduciary duties owed directly to the Debtor when the escrowed funds were improperly released and aided and abetted each other in the process. *See* Adversary Complaint, *e.g.*, ¶¶ 31 ("By disbursing money to GW Singapore in violation of the Escrow terms, Perkins Coie substantially assisted GW Singapore's breach of its fiduciary duty to Giga Watt."), ¶ 68 ("Perkins Coie owed [the Debtor] a fiduciary duty as GW Singapore's partner with respect to the Escrow."). Based on the Adversary Complaint and the Motion, it appears the Trustee believes this conduct caused the Debtor consequential damages in the amount of $73 million. *See*, *e.g.*, *id.*, ¶¶ 73-74 ("Perkins Coie's breach of fiduciary duty increased [the Debtor's] liability for not registering the [Initial Coin Offering] as required by the U.S. securities laws" and Perkins Coie's conduct "guaranteed Giga Watt's collapse and this bankruptcy case in which creditors have filed approximately $73 million in claims.").

Until recently, the Trustee sought to work alongside Class Counsel, even offering to assist Class Counsel in prosecuting the Class Action. The Trustee has repeatedly acknowledged that the Class Action was properly brought. It merely wanted the Class Action and the Adversary Proceeding to both be litigated in bankruptcy court, which Class Counsel ultimately concluded was procedurally

---

[1] Based on information available since the Class Action was filed, Perkins likely only had agreements with GW Singapore and Cryptonomos, not the Debtor.

improper. It was only then the Trustee changed position to claim the automatic stay was violated. *See generally* Blood Decl., ¶¶ 4-12 and referenced exhibits.

III. **ARGUMENT**

A. **Legal Standards**

The automatic stay under the Bankruptcy Code enjoins "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). However, "Congress did not give the bankruptcy court exclusive jurisdiction over all controversies that in some way affect the debtor's estate." *In re Chugach Forest Prods.*, 23 F.3d 241, 245 (9th Cir. 1994).[2] Thus, the automatic stay is to be "construed no more expansively than is necessary to effectuate legislative purpose." *Id*.

"As a general rule, the automatic stay protects **only** the debtor, property of the debtor or property of the estate." *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (emphasis in original). "It does not protect non-debtor parties or their property [and] does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." *Chugach*, 23 F.3d at 246. "[U]nless the assets of the bankrupt estate are at stake, the automatic stay does not extend to actions against parties other than the debtor, such as codebtors and sureties." *U.S. v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir. 1993).

In *Boucher*, the Ninth Circuit made clear that actions against independently liable non-debtors should not be enjoined:

> We have refused to extend the automatic stay to enjoin claims against a contractor-debtor's surety, even though a surety bond guarantees the contractor-debtor's performance. . . . We found that this was the case even though allowing a claim against the surety would trigger the surety's right to recourse against the debtor. *Id*. Similarly, the

---

[2] Internal citations, brackets, and quotations are omitted, and all emphasis is from the original source, unless otherwise stated.

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 4

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

> automatic stay does not protect the property of parties such as officers of the debtor, even if the property in question is stock in the debtor corporation, and even if that stock has been pledged as security for the debtor's liability.

*Boucher*, 572 F.3d at 1092-93. The automatic stay does not apply if "the third party is 'independently liable' to the creditor." *In re Lockard*, 884 F.2d 1171, 1179 (9th Cir. 1989).

Moreover, the "fact that [a creditor's] claim against [non-debtors] shares a similar legal and factual nexus with its claim against [the debtor] is not sufficient ground for extending the automatic stay." *Hornbeck Offshore Servs., LLC v. Nichols Bros. Boat Builders, Inc.*, No. C06-782JLR, 2008 U.S. Dist. LEXIS 132328, at *8 n.4 (W.D. Wash. Jan. 25, 2008) (citing *Dos Cabezas*, 995 F.2d at 1492). That is because "there is nothing illogical or contradictory about saying that a [non-debtor] might have inflicted direct injuries on both [creditors] and [the estate] during the course of dealings that form the backdrop of both sets of claims." *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 587 (5th Cir. 2008). Accordingly, "the automatic stay does not bar a creditor from pursuing individual or personal claims for particularized injury belonging to the creditor, even where the debtor may also have claims against the same third party." *In re Soundview Elite Ltd.*, 565 B.R. 534, 544 (Bankr. S.D.N.Y. 2017); *see also Ashland Oil v. Arnett*, 875 F.2d 1271, 1280 (7th Cir. 1989) (creditors and the estate had both concurrent and independent standing against same third-party for same underlying scheme).

An "eas[y] case" for denying a stay is when "the plaintiff's claim does not … impact property of the estate." *Boucher*, 572 F.3d at 1093. This includes when the defendant is "generally not liable for the debts of the debtor," when the plaintiff does not "seek damages based on an insurance policy held by the debtor," or if "[t]he plaintiff's claim is not being used as an alternative route to recoup property of the estate." *Id.* These cases are easy because extending the stay to claims against non-debtors under those circumstances "would not advance the aims of the

bankruptcy scheme: it would neither promote reorganization nor protect the Corporation's other creditors." *Dos Cabezas*, 995 F.2d at 1492. *See also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088, 1093-94 (2d Cir. 1995) (claims belonging to investor-creditors "may be asserted only by them and to the exclusion of the [trustee]" because non-debtor induced them to invest in the scheme); *Williams v. Cal. 1st Bank*, 859 F.2d 664, 666 (9th Cir. 1988) (trustee lacked standing to sue third-party bank for fraud arising from bank's alleged participation in debtor's Ponzi scheme where bank held funds collected from investors); *CarrAmerica Realty Corp. v. NVIDIA Corp.*, 302 Fed. Appx. 514, 516-17 (9th Cir. 2008) (creditor could not sue non-debtor for fraudulent transfer outside an eventually bankrupt corporation, but that same creditor could sue the same non-debtor for interference with contractual relations and fraud); *Morici v. Hashfast Techs. LLC*, No. 5:14-cv-00087 EJD, 2014 U.S. Dist. LEXIS 142107, at *5 (N.D. Cal. Oct. 6, 2014) (notwithstanding allegations the officer defendants were alter egos of the bankrupt defendant, the automatic stay does not apply to the individual defendants because the "Individual Defendants are being sued in this action for damages sustained as a result of a 'particularized injury' and not for injury to the corporation or creditors of the corporation in general since Plaintiff alleges that the Individual Defendants, themselves, made specific misrepresentations...").

Even if a stay can be extended to non-debtors, it "does not occur automatically" and first requires a hearing and an injunction issued under 11 U.S.C. § 105 following "the establishment of unusual need." *Totten v. Kellogg Brown & Root, LLC*, 152 F. Supp. 3d 1243, 1267-68 (C.D. Cal. 2016); *see also Chugach*, 23 F.3d at 247 n.6. This helps prevent "parties inadvertently violating an automatic stay and exposing themselves to potential sanctions due to a lack of notice concerning its applicability towards a third party." *In re Panther Mt. Land Dev., LLC*, 686 F.3d 916, 927 (8th Cir. 2012).

Here, the Class Claims are particularized and not the property of the Estate. The procedure chosen to enforce the inapplicable stay also is improper. Therefore, the Motion should be denied and in no event is a contempt finding warranted.

**B.  The Class Action Causes of Action Are Not Property of the Estate**

Certain causes of action are property of the estate. *See* 11 U.S.C. § 54. However, "the trustee is confined to enforcing entitlements of the [debtor]. He has no right to enforce entitlements of a creditor." *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005). An estate's causes of action may include "derivative" (or "general") claims. "An action is derivative of the [debtor's] rights, and hence not independent of them, if the gravamen of the complaint is injury to the [debtor] … or it seeks to recover assets for the [debtor] or to prevent the dissipation of its assets." *In re Real Marketing Servs., Inc.*, 309 B.R. 783, 788 (Bankr. S.D. Cal. 2004). In other words, a claim is derivative if it could "be brought by any creditor of the debtor." *In re Tronox Inc.*, 855 F.3d 84, 100 (2d Cir. 2017).

To demonstrate standing on a cause of action, the Trustee must satisfy two separate requirements. First, the Trustee must show that each cause of action is based on general harm to the debtor. *Smith*, 421 F.3d at 1002. Second, the Trustee must show it could have raised each cause of action at the commencement of bankruptcy. *Id*. As with a motion to dismiss for failure to state a claim or a challenge to jurisdiction, the allegations of the complaint under attack are taken as true. *In re Aguilar*, No. CC-14-1071-PaTaKu, 2014 Bankr. LEXIS 4982, at *14-15 (B.A.P. 9th Cir. Dec. 10, 2014); *In re Granite Partners, L.P.*, 194 B.R. 318, 325 (Bankr. S.D.N.Y. 1996) (trustee's motion to enjoin creditor lawsuits for violating stay: "we look solely to the allegations in the [creditors'] complaint" and "assume their truth"); *In re Shubh Hotels Pittsburgh, LLC*, No. 10-26337-JAD, 2011 Bankr. LEXIS 5283, at *5 (Bankr. W.D. Pa. May 16, 2011); *In re Glo-Tex Int'l, Inc.*, No. 07-06449-JW, 2010 Bankr. LEXIS 4330, at *8-9 (Bankr. D.S.C. Nov. 30, 2010).

BLOOD HURST & O'REARDON, LLP

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 7

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00180069

18-03197-FPC7    Doc 903    Filed 07/22/21    Entered 07/22/21 16:35:23    Pg 12 of 19

BLOOD HURST & O'REARDON, LLP

The Trustee argues the Class Action seeks Estate property because it is about "a cause of action that belongs exclusively to the estate" and "alleges only claims that are derivatives of Giga Watt's claim." Motion at 6-8. The Trustee never explains how (1) money paid by a non-debtor (2) into an escrow held by a non-debtor (3) which was then improperly released by a non-debtor transforms into money the Debtor should have received for the benefit of creditors generally.

### 1. The Class alleges particularized injuries and not a general injury to the Estate

The Class Action causes of action are based on particularized injuries to the Class and not general harm to the Debtor. "If a cause of action alleges only indirect harm to a creditor (i.e., an injury which derives from harm to the debtor), the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate." *In re Educators Grp. Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994). "Conversely, if the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor … and thus is not property of the estate." *Id.*; *see also In re Sun Cho*, 9 Fed. Appx. 633, 635 (9th Cir. 2001) (creditor could not sue the law firm representing the trustee for "only harm[ing] [the creditor] indirectly … by purportedly diminishing the assets available for the estate's creditors"); *In re Speciality Retail Shops Holding Corp.*, No. 8:19CV504, 2020 U.S. Dist. LEXIS 224730, at *9 (D. Neb. Dec. 2, 2020) ("An injury is particularized to the creditor when it is directly traceable to the third party's conduct.").

Here, the Debtor never could have sued Perkins for the improper release of escrowed funds that belong to the Class Members. Those claims belong to the Class Members – the Estate does not and never has had standing to assert the Class Claims. In fact, the Estate admits it already received much of these improperly released funds but seeks compensatory damages from others for the others acts

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE
WHY JUN DAM SHOULD NOT BE SANCTIONED FOR
VIOLATING THE AUTOMATIC STAY - 8

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00180069

18-03197-FPC7    Doc 903    Filed 07/22/21    Entered 07/22/21 16:35:23    Pg 13 of 19

and omissions. *See* Adversary Complaint, ¶ 24. Moreover, the Estate does not assert the Class Members did anything wrong or otherwise damaged the Debtor.

Further, unlike derivative claims that would be estate property, the Class Claims could not be brought by any creditor of the Debtor, but only by the Class Members because the money sought belonged to them. In fact, the Trustee admits that Perkins' conduct "directly injured" at least some Class Members. Motion at 4.

The Trustee makes an odd argument that Plaintiff factually cannot state a claim because he made money from funds ***properly*** released from escrow. *Id.* at 7. But Plaintiff does not seek the return of money properly released or, for that matter, any damages relating to money he lost as a result of the failure of the Project (that is part of the bankruptcy proceeding). The Class Action only seeks the repayment of the money improperly released from escrow – the money that belonged to Plaintiff and the Class and should not have been released by Perkins. Class Action Complaint, ¶¶ 5, 45, 50, 68, 80.

At any rate, the Trustee's argument against the propriety of the Class Claims does not change the nature of the Class Claims. *Seven Seas*, 522 F.3d at 583 ("Whether a specific cause of action belongs to a bankruptcy estate is likewise a matter of law that we decide by reference to the facial allegations in the complaint."); *Granite Partners*, 194 B.R. at 325 ("we look solely to the allegations in the [creditors'] complaint" and "assume their truth").

Finally, the Trustee states that individual creditors cannot sue derivatively for generalized injury to the Estate because it risks "picking off assets from the corporation's creditors." Motion at 7. While that statement is generally true, the Class Action does not assert any derivative claims—only direct and particularized claims against Perkins. Tellingly, the Trustee never says what general Estate assets the Class Members are attempting to "pick off" by suing Perkins for refunds of their money improperly released from escrow.

The Motion should be denied.

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 9

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00180069

18-03197-FPC7    Doc 903    Filed 07/22/21    Entered 07/22/21 16:35:23    Pg 14 of 19

## 2. The Trustee could not have pursued the Class Action Claims at the commencement of the bankruptcy

Whether a cause of action belongs to the estate depends on whether under applicable state law the debtor could have raised the claim as of the commencement of the case. *In re Folks*, 211 B.R. 378, 384 (B.A.P. 9th Cir. 1997). Nothing permits a non-party to an escrow to recover someone else's money improperly released from that escrow. The Trustee cites nothing to the contrary.

### C. The Request for Sanctions is Baseless

The Trustee requests an order to show cause why Plaintiff should not be found in civil contempt and sanctioned under 11 U.S.C. § 105(a). Motion at 8-10.

"Civil contempt is a severe remedy." *Taggart v. Lorzenzen*, 139 S. Ct. 1795, 1802 (2019). "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Dyer*, 322 F.3d 1178, 1190-91 (9th Cir. 2003). Civil contempt is found only if there is "no objectively reasonable basis for concluding [the] creditor's conduct might be lawful." *See In re Jeong*, No. CC-19-1244-STaF, 2020 Bankr. LEXIS 714, at *14 and n.3 (B.A.P. 9th Cir. Mar. 16, 2020) (applying *Taggart's* standard to civil contempt for a stay violation).

Here, there is no basis to request sanctions for violating the automatic stay because the automatic stay does not apply. Instead, if the Trustee believed the Class Claims belonged to the Estate, it should have first obtained an injunction after providing notice to the Class Action parties and an opportunity to be heard. Although there is no basis for an injunction, had one been issued, "a specific and definite order of the court" would have existed. However, the bankruptcy court has never issued such an order. Plaintiff could not have willfully violated a specific and definite order that does not exist. *Totten*, 152 F. Supp. 3d at 1268; *see also In re Vector Arms, Corp.*, No. 15-21039, 2015 Bankr. LEXIS 4181, at *19 (Bankr. D. Utah Dec. 11, 2015) (the § 362 stay "applies by its literal terms only to the

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 10

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00180069

18-03197-FPC7    Doc 903    Filed 07/22/21    Entered 07/22/21 16:35:23    Pg 15 of 19

BLOOD HURST & O' REARDON, LLP

debtor" and "so the Debtor is effectively asking the Court to sanction [plaintiff] for violating a stay—as to the non-debtor parties—that did not exist").

But there is more. For months, the Trustee and its counsel actively solicited and encouraged Class Counsel to prosecute the Class Action and repeatedly offered to help. Two weeks after the Class Action was filed the Trustee's counsel introduced herself and wanted to "touch base [] regarding the two lawsuits against Perkins that are pending in the Bankruptcy Court and the District Court." Blood Decl., Ex. 2. To assist Class Counsel to get up to speed more quickly, the Trustee's counsel then emailed Perkins' counsel to ask if they would "object if I sent the unredacted hyperlinked complaint to Timothy Blood, counsel for plaintiffs in the District Court action." *Id.*, Ex. 4. Perkins did not object, and Trustee's counsel sent Class Counsel the unredacted complaint. *Id.*

Because the Trustee's counsel wanted Class Counsel's assistance, Trustee's counsel repeatedly discussed with Class Counsel the possibility of transferring the Class Action to bankruptcy court so Class Counsel could litigate the Class Action in bankruptcy court. The Trustee offered "two options":

1. Token holders dismiss D. Ct. action without prejudice and file in Bankruptcy Court. The Bankruptcy Court has "related to" jurisdiction. Judge Corbit would manage both cases. If they go to trial, the reference would be withdrawn for that purpose.
2. Trustee intervenes in D. Ct. action for purpose of moving to refer District Court action to Bankruptcy Court. Under FRCP 24, intervention would be mandatory.

*Id.*, Ex. 5. Trustee's counsel then suggested a third option. *Id.* ("Another option is that the token holders move to refer the case to the Bankruptcy Court."). She added, "[t]he Trustee and I would be happy to review and provide comments on your motion, if you'd wish." *Id.*, Ex. 7.

Trustee's counsel went so far as to provide Class Counsel with the names of Class Members it wanted to act as class representative. Trustee's counsel

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 11

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

BLOOD HURST & O'REARDON, LLP

00180069
18-03197-FPC7    Doc 903    Filed 07/22/21    Entered 07/22/21 16:35:23    Pg 16 of 19

forwarded an email from one potential Class Member, and told Class Counsel "See below. [sic] For information re class candidates." *Id.*, Ex. 8. She then copied Class Counsel on emails with other Class Members, telling one person "If you purchased tokens, you may be able to join the token holders' class action" and to contact Class Counsel. *Id.*, Ex. 9.

The Trustee continues to maintain the Class Action can go forward for something the Trustee terms "directly injured" Class Members who were wholly "powerless token holders." Motion at 4. For purposes of the Class Action, however, this distinction is meaningless—if half of the money a Class Member paid into escrow was improperly released, the Class Member should have that money returned.

Plaintiff also has not attempted to hide the Class Action from anyone. From the outset, Plaintiff alerted the district court to the pendency of the Adversary Proceeding in the Civil Cover Sheet filed with the Complaint (Class Action, ECF No. 1-1). The Adversary Proceeding was discussed in the initial case management conference statement (*id.*, ECF No. 11) and at the initial case management conference (*id.*, ECF No. 13). Likewise, this Court was made aware of the Class Action from its outset and Plaintiff's counsel participated as an observer at hearings and conferences in the Adversary Proceeding.

As a result, even if the Court determines an order to show cause should issue about whether the Class Action claims belong to the Estate (and it should not), it should not issue an order to show cause regarding civil contempt. Given Plaintiff's transparency in bringing the Class Action, the Trustee's failure to follow the correct procedure in seeking a stay, and the Trustee's other conduct encouraging and supporting the Class Action until it did an about-face, there was an "objectively reasonable basis" for Plaintiff to believe the Class Action against non-debtors "might be lawful." *Taggart*, 139 S. Ct. at 1804. In fact, even if Plaintiff believed the Class Claims were subject to the automatic stay (and he does not), he

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 12

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00180069

18-03197-FPC7    Doc 903    Filed 07/22/21    Entered 07/22/21 16:35:23    Pg 17 of 19

would have lacked standing to seek relief from the stay to initiate the Class Action because the Perkins defendants are non-debtors. *See In re Cred Inc.*, No. 20-12836 (JTD), 2021 Bankr. LEXIS 518, at *7 (Bankr. D. Del. Feb. 26, 2021) (denying plaintiff's motion: "As the automatic stay does not apply to actions against non-debtors, [plaintiff] does not need an order for relief from the stay to initiate one.").

Sanctions are in no way warranted, so the Court should not issue an order to show cause why Plaintiff should not be found in contempt and sanctioned.

## IV. CONCLUSION

For the foregoing reasons, the Motion for Order to Show Cause Why Jun Dam Should Not be Sanctioned for Violating the Automatic Stay should be denied.

Respectfully submitted,

Dated: July 22, 2021

WESTERN WASHINGTON LAW
   GROUP PLLC
DENNIS J. MCGLOTHIN (#28177)

By:     s/ Dennis J. McGlothin
         DENNIS J. MCGLOTHIN

P.O. Box 468
Snohomish, WA 98291
Tel: 425/728-7296, ext. 4
dennis@westwalaw.com
docs@westwalaw.com

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD
   (*PHV Admission Pending*)
THOMAS J. O'REARDON II
   (CA 247952)
PAULA R. BROWN (254142)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Attorneys for Jun Dam and the Class in Dam v. Perkins Coie, LLP, et al., Case No. 2:20-cv-00464-SAB (E.D. Wash.)*

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 13

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00180069

18-03197-FPC7    Doc 903    Filed 07/22/21    Entered 07/22/21 16:35:23    Pg 18 of 19

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will in turn automatically generate a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF System. The NEF for the foregoing specifically identifies recipients of electronic notice.

Executed on July 22, 2021.

*s/ Dennis McGlothin*
DENNIS J. McGLOTHIN

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 14

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00180069

18-03197-FPC7    Doc 903    Filed 07/22/21    Entered 07/22/21 16:35:23    Pg 19 of 19