WESTERN WASHINGTON LAW GROUP PLLC
DENNIS J. MCGLOTHIN (#28177)
ROBERT J. CADRANELL (#41773)
P.O. Box 468
Snohomish, WA 98291
Tel: 425/728-7296, ext. 4
dennis@westwalaw.com
docs@westwalaw.com

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (*PHV Admission Pending*)
THOMAS J. O'REARDON II (CA 247952)
PAULA R. BROWN (CA 254142)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Attorneys for Jun Dam and the Class in*
*Dam v. Perkins Coie, LLP, et al.,*
*Case No. 2:20-cv-00464-SAB (E.D. Wash.)*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No: 18-03197 FPC 7<br><br>Chapter 7<br><br>**DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY**<br><br>Chief Judge Stanley A. Bastian |
|---|---|

DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00180372

18-03197-FPC7    Doc 904    Filed 07/22/21    Entered 07/22/21 16:45:21    Pg 1 of 6

I, TIMOTHY G. BLOOD, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California. I am admitted *pro hac vice* to practice before the United States District Court for the Eastern District of Washington in *Dam v. Perkins Coie, LLP, et al.*, No. 2:20-cv-00464-SAB (E.D. Wash.) (the "Class Action"). I have an application pending for admission *pro hac vice* to practice before this Court in the above-entitled matter. I am the managing partner of the law firm of Blood Hurst & O'Reardon, LLP ("BHO"), one of the law firms representing Plaintiff Jun Dam, individually and on behalf of all others similarly situated in the Class Action. I have personal knowledge of the matters stated and, if called upon, could and would competently testify to them.

2. I submit this declaration in support of Plaintiff's opposition to the motion for order to show cause why Jun Dam should not be sanctioned for violating the automatic stay.

3. Attached as **Exhibit 1** is a true and correct copy of the Class Action Complaint filed on December 16, 2020 in the Eastern District of Washington captioned *Dam v. Perkins Coie, LLP, et al.*, No. 2:20-cv-00464 (E.D. Wash.).

4. Attached as **Exhibit 2** is a true and correct copy of a December 30, 2020 email addressed to me from Pamela Egan. The email states in part:

> My firm represents Mark D. Waldron, in his capacity as the Chapter 11 Trustee, in the bankruptcy case of Giga Watt, Inc., Case No. 18-03197, pending in the US Bankruptcy Court for the Eastern District of Washington.
>
> Mark and I would like to touch base with you regarding the two lawsuits against Perkins that are pending in the Bankruptcy Court and the District Cout.
>
> Would you have some time for a call next week Monday or Tuesday afternoon?

DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 1

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

18-03197-FPC7   Doc 904   Filed 07/22/21   Entered 07/22/21 16:45:21   Pg 2 of 6

5. Attached as **Exhibit 3** is a true and correct copy of a January 5, 2021 email addressed to my co-counsel, Dennis McGlothin, and me from Pamela Egan. In the email, Ms. Egan provided us various procedural options she believed would permit the District Court to transfer the Class Action to bankruptcy court so Class Counsel could litigate the Class Action while the Trustee litigated *Waldron v. Perkins Coie LLP*, Adv. Proc. No. 20-80031 (the "Adversary Proceeding") in bankruptcy court. Exhibit 3 at 1-2.

6. Attached as **Exhibit 4** is a true and correct copy of a January 7, 2021 email addressed to Dennis McGlothin and me from Pamela Egan. With this email, Ms. Egan sought permission to send a copy of the Adversary Complaint with hyperlinks to documents for my use in prosecuting the Class Action. Exhibit 4 states:

> Would Perkins Coie (PC) object if I sent the unredacted hyperlinked complaint to Timothy Blood, counsel for plaintiffs in the District Court action against PC brought by Token Holders?

*Id.* at 2.

7. Attached as **Exhibit 5** is a true and correct copy of a January 10, 2021 email addressed to Dennis McGlothin and me. The email further offered ideas to move the Class Action to bankruptcy court. It states, in pertinent part:

> Another option is that the token holders move to refer the case to the Bankruptcy Court.
>
> * * *
>
> 1. Token holders move to refer the case and the cases essentially stay separate bout would be managed together; or
> 2. Trustee intervenes, moves to refer, and the cases are joined.

*Id.* at 1.

8. Attached as **Exhibit 6** is a true and correct copy of a January 19, 2021 email addressed to Ralph Cromwell and John Munding from Pamela Egan

DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 2

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00180372

18-03197-FPC7    Doc 904    Filed 07/22/21    Entered 07/22/21 16:45:21    Pg 3 of 6

regarding drafting the Rule 26(f) Conference report in the Adversary Proceeding. I am copied on the email because I was invited to participate in the Rule 26(f) conference to generally coordinate efforts to litigate the Class Action and Adversary Proceeding.

9. Attached as **Exhibit 7** is a true and correct copy of a January 19, 2021 email addressed to Dennis McGlothin and me. In the email, Ms. Egan asked that the Class Action and Adversary Proceeding be "combined" in bankruptcy court. I continued to believe the procedure suggested was not viable.

10. Attached as **Exhibit 8** is a true and correct copy of a January 19, 2021 email addressed to me from Pamela Egan, forwarding January 19, 2021 emails between Pamela Egan and a token holder. Ms. Egan provided me with this information because she wanted other token holders to represent the Class rather than Mr. Dam. The token holder's name, email address, and other personal identifiable information has been redacted from Exhibit 8.

11. Attached as **Exhibit 9** is a true and correct copy of a January 20, 2021 email exchange between Pamela Egan and a token holder, with copy to me and Mr. Dam. Exhibit 9 states, in pertinent part:

> If you purchased tokens, you may be able to join the token holders' class action. I am copying the proposed lead plaintiff, Jun Dam, and his attorney, Timothy Blood.
>
> The estate also has a cause of action arising from the depleted escrow. It is in the early stages. Those two actions will hopefully fund a recovery for creditors.

*Id.* at 1. The token holder's name, email address, and other personal identifiable information has been redacted from Exhibit 9.

12. Attached as **Exhibit 10** is a true and correct copy of an April 13, 2021 email responding to my original April 13, 2021 email to Pamela Egan. In it, I update Ms. Egan on the Fed. R. Civ. Proc. 16 conference held in the Class

DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 3

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00180372

18-03197-FPC7    Doc 904    Filed 07/22/21    Entered 07/22/21 16:45:21    Pg 4 of 6

Action in the District Court. I relayed to Ms. Egan the District Court's views on how the Class Action would proceed. The email states, in part:

> Hope all is well. The Court just held the Rule 16 conference. When you get a chance I can fill you in. No rush. Essentially the parties will focus on Perkin's motion to compel arbitration, which is due in about 60 days. I raised the issue of the bankruptcy court handling aspects of the case. The judge said typically he would handle everything, including all pretrial matters and wouldn't use a magistrate, but is open to discussing it further if he ultimately denies the motion to compel arbitration.

*Id*. at 1. Ms. Egan responded, in pertinent part:

> Also, please consider the serious stay issues involved in your case with Jun Dam as the lead plaintiff.

*Id*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 22, 2021, at San Diego, California.

*By:*      *Timothy G. Blood*
           TIMOTHY G. BLOOD

DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 4

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00180372

18-03197-FPC7    Doc 904    Filed 07/22/21    Entered 07/22/21 16:45:21    Pg 5 of 6

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will in turn automatically generate a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF System. The NEF for the foregoing specifically identifies recipients of electronic notice.

Executed on July 22, 2021.

*s/ Dennis McGlothin*
DENNIS J. McGLOTHIN

DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY JUN DAM SHOULD NOT BE SANCTIONED FOR VIOLATING THE AUTOMATIC STAY - 5

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00180372

18-03197-FPC7    Doc 904    Filed 07/22/21    Entered 07/22/21 16:45:21    Pg 6 of 6