*LF 2016 (6/15)*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

Case Name: _____     Case Number: _____

## APPLICATION FOR AWARD OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 USC 330, AND FOR APPROVAL OF THE PAYMENT OF BANK FEES

Name of Applicant: _____

Position of Applicant: _____

Application Number: _____     ☐ Interim     ☐ Final

The undersigned applicant applies to the court for an award or allowance of compensation for services rendered and for reimbursement of expenses incurred in the above entitled case pursuant to 11 USC 330 *(or USC 331 if an interim application)*, and for approval of the payment of bank fees pursuant to sections 363 and 503(b). This application is supported by the following information and attached documents.

I. *(If applicant is employee of trustee, debtor in possession or creditors committee)* Date of Entry of Order Approving Employment: _____

II. Dates Covered by this Application: _____ to _____

III. The name, position, hourly rate, total time spent and amount requested for all compensation for services rendered by each person covered by this application, in connection with this case, is as follows *(if this is the FIRST Application, include **ALL** time and amounts, both pre- and post-petition in this Application):*

| Name | Position | Hourly Rate | Total Time | Amount Requested |
|---|---|---|---|---|
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| **Totals** | | | | $ |

IV. Total amount of REIMBURSEMENT of expenses requested by this application in connection with this case *[if this is the **FIRST** Application, include **ALL** costs (including filing fees), both pre- and post-petition]:*     $ _____

V. Total of Compensation and Reimbursement requested:     $ _____

APPLICATION FOR COMPENSATION AND REIMBURSEMENT - 1

VI. *(If applicant is a trustee)* The maximum amount of compensation allowable under 11 USC 326(a) is: $ _____.

VII. *(If applicant is an employee of trustee, debtor in possession or creditors committee).* All compensation for services rendered and reimbursement of expenses incurred for which award is sought were necessary to the administration of the case, beneficial to the estate, and does not include any unnecessary duplication of services.

☐ Yes ☐ No ☐ N/A *(If answer is NO, attach an explanation.)*

VIII. *(If applicant is the attorney for the debtor)* All compensation for services rendered and reimbursement for expenses incurred for which award is sought for representing the interests of the debtor(s) were necessary and beneficial to the debtor(s) in connection with the case.

☐ Yes ☐ No ☐ N/A *(If answer is NO, attach an explanation.)*

IX. Compensation or reimbursement previously received has been shared with another entity, or an agreement or understanding exists between the applicant and any other entity for sharing of compensation received or to be received for services rendered in or in connection with this case, except as a member or regular associate of a firm of lawyers.

☐ Yes ☐ No *(If answer is YES, attach an explanation.)*

X. Attached to this application, and made part of this application are the following supporting documents:

a. ☐ Statement of Money or Property Received or Promised Other than by Applicant *(required in all cases, LF 2016A);*

b. ☐ Summary Supporting Application for Compensation for Services or Reimbursement of Expenses *(required in all cases, LF 2016B);*

c. ☐ Itemization of Services Rendered *(required; itemization must be by project category if cumulative compensation exceeds $10,000);*

d. ☐ Itemization of Expenses *(required);* and

e. ☐ Narrative Summary *(required if cumulative compensation exceeds $10,000, LF 2016C).*

XI. Bank Fees: $_____

The undersigned Applicant states under penalty of perjury that the representations contained in this application and attachments are true and correct to the best of the applicant's knowledge and belief.

DATED: _____    _____
                                                      *(Signature of Applicant)*

Name: _____
Position: _____
Address: _____
Phone: _____
Fax: _____
Email: _____

APPLICATION FOR COMPENSATION AND REIMBURSEMENT - 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

Case Name: _____     Case Number: _____

**STATEMENT OF MONEY OR PROPERTY RECEIVED OR PROMISED
IN CONNECTION WITH THIS CASE OTHER THAN BY APPLICATION OR A PLAN**

Name of Applicant: _____
Position of Applicant: _____
Application Number: _____

No Money or property was received or promised other than by application as a part of a Chapter 13 Plan.

(a)     Money or things of value received other than by application or as part of a Chapter 13 Plan:

     (1)     Amount received by attorney or firm for filing fee     $_____

     (2)     Amount received before the order for relief by
           attorney or firm for services and costs     $_____

     (3)     Amount received after the order for relief by
           attorney or firm for services and costs     $_____

     (4)     Value of any property or service given to attorney
           or firm as payment of fees and costs     $_____
           Description:

     (5)     Total of entries 1, 2, 3 and 4     $_____

     (6)     Amount remaining in client trust account     $_____

(b)     Amount applied to filing fee and services     $_____
     *(Subtract entry (a)(6) from entry (a)(5))*

(c)     Money promised:     $_____
     Nature of arrangement for promise of payment:
     _____

(d)     Total amount and value of all money or property received or promised
     other than by Application or a Chapter 13 Plan *(items (a)(5) and (c))*     $_____

(e)     Other Items *(Value and description of any liens, guarantees,
     security interests or promissory notes):*
     _____

(f)     Source of Payment of Promise *(If other than the debtor,
     identify entity and relationship to the debtor):*
     _____

STATEMENT OF MONEY OR PROPERTY RECEIVED

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

Case Name: _____     Case Number: _____

## SUMMARY SUPPORTING APPLICATION FOR COMPENSATION FOR SERVICES OR REIMBURSEMENT OF EXPENSES

Name of Applicant:          _____
Position of Applicant:       _____
Application Number:         _____

| Sequential # | | Applied for | Awarded | Received |
|---|---|---|---|---|
| A<br>Receipts other than by Application<br>*(Transfer from (b) of Application LF 2016A)* | **Date<br>Compensation<br>Expenses** | | | _____<br>$_____<br>$_____ |
| Prior Application<br><br>#_____ | **Date<br>Compensation<br>Expenses** | _____<br>$_____<br>$_____ | _____<br>$_____<br>$_____ | _____<br>$_____<br>$_____ |
| Prior Application<br><br>#_____ | **Date<br>Compensation<br>Expenses** | _____<br>$_____<br>$_____ | _____<br>$_____<br>$_____ | _____<br>$_____<br>$_____ |
| Prior Application<br><br>#_____ | **Date<br>Compensation<br>Expenses** | _____<br>$_____<br>$_____ | _____<br>$_____<br>$_____ | _____<br>$_____<br>$_____ |
| Present Application<br>*(Transfer totals from III & IV of Application)*<br>#_____ | **Date<br>Compensation<br>Expenses** | _____<br>$_____<br>$_____ | | |
| **Totals**<br><br>B | **Compensation<br>Expenses**<br><br>**Total Comp. + Exp.** | $_____<br>$_____<br><br>$_____ | $_____<br>$_____<br><br>$_____ | $_____<br>$_____<br><br>$_____ |

SUMMARY SUPPORTING APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES

# POTOMAC LAW GROUP, PLLC - ABA Task Summary Report

Date Start: 5/31/2021 | Date End: 1/26/2022 | Clients: Law Offices of Mark D. Waldron, PLLC | Matters: Chapter 7 Trustee

| Project/Task Description | Labor Time/ Quantity | Bill Amt/ Sell Price |
|---|---|---|
| **B120 - Asset Analysis and Recovery** | | |
| **B120 - Asset Analysis and Recovery Sub Totals:** | 2.60 | $1,040.00 |
| **B150 - Meetings of and Communications with Creditors** | | |
| **B150 - Meetings of and Communications with Creditors Sub Totals:** | 3.40 | $1,360.00 |
| **B160 - Fee/Employment Applications** | | |
| **B160 - Fee/Employment Applications Sub Totals:** | 4.40 | $1,760.00 |
| **B240 - Tax Issues** | | |
| **B240 - Tax Issues Sub Totals:** | 1.70 | $680.00 |
| **B310 - Claims Administration and Objections** | | |
| **B310 - Claims Administration and Objections Sub Totals:** | 0.10 | $40.00 |
| **L220 - Preliminary Injunctions/Provisional Remedies** | | |
| **L220 - Preliminary Injunctions/Provisional Remedies Sub Totals:** | 99.10 | $39,640.00 |
| **L510 - Appellate Motions and Submissions** | | |
| **L510 - Appellate Motions and Submissions Sub Totals:** | 35.30 | $14,120.00 |
| **L520 - Appellate Briefs** | | |
| **L520 - Appellate Briefs Sub Totals:** | 16.40 | $6,560.00 |
| **Grand Total** | **163.40** | **$65,360.00** |

# POTOMAC LAW GROUP, PLLC - ABA Task Summary report

Date Start: 5/31/2021 | Date End: 1/26/2022 | Clients: Law Offices of Mark D. Waldron, PLLC | Matters: Chapter 7 Trustee | Users:

| Date | User | Description | Rate/ Unit Price | Labor Time/ | Bill Amt/ Sell Price |
|------|------|-------------|------------------|-------------|----------------------|
| **B120 - Asset Analysis and Recovery** | | | | | |
| 07/20/2021 | Pamela Egan | Review documents re DC PUD | $400.00 hr | 1.60 | $640.00 |
| 07/21/2021 | Pamela Egan | Telephone conference with E. Christenson regarding analysis of potential claims against DC PUD | $400.00 hr | 0.80 | $320.00 |
| 07/21/2021 | Pamela Egan | Confer with client regarding DC PUD and E. Christensen's analysis | $400.00 hr | 0.20 | $80.00 |
| | | **B120 - Asset Analysis and Recovery Sub Totals:** | | 2.60 | $1,040.00 |
| **B150 - Meetings of and Communications with Creditors** | | | | | |
| 07/22/2021 | Pamela Egan | Draft email memorandum to D. Enright, counsel for class of token holders who filed claims against GW | $400.00 hr | 0.90 | $360.00 |
| 07/23/2021 | Pamela Egan | Telephone conference with D. Enright and D. Silver regarding claims of oversubscribed token holders (1.0); conference with M. Waldron re same (.2) | $400.00 hr | 1.20 | $480.00 |
| 11/23/2021 | Pamela Egan | Telephone conference with K. McKinley, counsel for DC PUD, regarding status | $400.00 hr | 0.50 | $200.00 |
| 01/11/2022 | Pamela Egan | Telephone conference with assignee of Neppel Electric claim | $400.00 hr | 0.80 | $320.00 |
| | | **B150 - Meetings of and Communications with Creditors Sub Totals:** | | 3.40 | $1,360.00 |
| **B160 - Fee/Employment Applications** | | | | | |
| 07/11/2021 | Pamela Egan | Draft second interim fee application papers | $400.00 hr | 4.20 | $1,680.00 |
| 08/17/2021 | Pamela Egan | Attend hearing on 2nd interim fee application | $400.00 hr | 0.20 | $80.00 |
| | | **B160 - Fee/Employment Applications Sub Totals:** | | 4.40 | $1,760.00 |

18-03197-FPC7    Doc 940    Filed 04/01/22    Entered 04/01/22 14:34:33    Pg 6 of 28

## B240 - Tax Issues

| Date | Name | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 09/02/2021 | Pamela Egan | Telephone conference with R. Newton re payment of purchase price for sale of MegaBigPower to Giga Watt, Inc. | $400.00 hr | 0.90 | $360.00 |
| 10/07/2021 | Pamela Egan | Telephone conference from R. Newton regarding payments for sale of MegaBigPower's assets to Giga Watt, Inc. | $400.00 hr | 0.80 | $320.00 |
| | | **B240 - Tax Issues Sub Totals:** | | **1.70** | **$680.00** |

## B310 - Claims Administration and Objections

| Date | Name | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 06/25/2021 | Pamela Egan | Review late filed claim by Jared Solow | $400.00 hr | 0.10 | $40.00 |
| | | **B310 - Claims Administration and Objections Sub Totals:** | | **0.10** | **$40.00** |

## L160 - Settlement/Non-Binding ADR

| Date | Name | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 05/31/2021 | Pamela Egan | Additional time entry | $400.00 hr | 0.40 | $160.00 |
| | | **L160 - Settlement/Non-Binding ADR Sub Totals:** | | **0.40** | **$160.00** |

## L220 - Preliminary Injunctions/Provisional Remedies

| Date | Name | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 09/28/2021 | Pamela Egan | Review, analyze and outline procedure for obtaining injunction under section 105, as described by Court in Order Denying OSC | $400.00 hr | 3.50 | $1,400.00 |
| 10/01/2021 | Pamela Egan | Outline complaint for injunctive relief | $400.00 hr | 2.40 | $960.00 |
| 10/02/2021 | Pamela Egan | Outline terms of requested preliminary injunction (.3); research relevant case law (2.2); identify facts, documents, and exhibits supporting preliminary injunction (2.2) | $400.00 hr | 4.70 | $1,880.00 |
| 10/04/2021 | Pamela Egan | Draft complaint for injunctive relief | $400.00 hr | 7.00 | $2,800.00 |
| 10/13/2021 | Pamela Egan | Draft injunction relief papers: motion (.5); supporting memorandum (5.3); Egan declaration (.4); Waldron declaration (.4) | $400.00 hr | 6.60 | $2,640.00 |
| 10/18/2021 | Pamela Egan | Draft memorandum in support of motion for injunctive relief | $400.00 hr | 6.30 | $2,520.00 |
| 10/25/2021 | Pamela Egan | Draft Waldron declaration in support of motion for injunctive relief (1.7); draft Egan declaration in support of motion for injunctive relief (1.3); finalize memorandum in preparation for filing (2.5) | $400.00 hr | 5.50 | $2,200.00 |
| 10/26/2021 | Pamela Egan | Draft motion for injunctive relief (.4); draft proposed Order (1.9); identify/review supporting exhibits (2.8) | $400.00 hr | 5.10 | $2,040.00 |

| Date | Name | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 10/28/2021 | Pamela Egan | Draft Egan declaration in support of motion for preliminary injunction (.5); draft Waldron declaration in support of same (.3); draft motion to file under seal (.5); review exhibits (.7); confer with client regarding memorandum in support of preliminary injunction motion (.4); finalize complaint (.4); finalize supporting memorandum (4.3); finalize proposed Order granting preliminary injunction (.3) | $400.00 hr | 7.40 | $2,960.00 |
| 11/09/2021 | Pamela Egan | Review discovery requests propounded by Mr. Blood (.3); telephone conference with Mr. Blood regarding scheduling (.2); attend status conference re injunctive relief (.3); telephone conference with client recapping (.2) | $400.00 hr | 1.00 | $400.00 |
| 11/09/2021 | Pamela Egan | Review and draft responses to J. Dam's first request for admissions | $400.00 hr | 2.60 | $1,040.00 |
| 11/09/2021 | Pamela Egan | Review and develop responses to J. Dam's interrogatories (first 25) | $400.00 hr | 1.80 | $720.00 |
| 11/12/2021 | Pamela Egan | Telephone conference with T. Blood and T. O'Reardon re hearing on injunctive relief motion (.9); draft responses to requests for admission (.7) | $400.00 hr | 1.60 | $640.00 |
| 12/02/2021 | Pamela Egan | Prepare for call with T. Blood re injunctive relief proceeding (.6); call with T. Blood re injunctive relief (.3); review memorandum in support of injunctive relief and pleading in preparation for hearing on preliminary injunction motion (.5); draft responses to J. Dam's interrogatories (3.5) | $400.00 hr | 4.90 | $1,960.00 |
| 12/03/2021 | Pamela Egan | Draft responses to discovery requests propounded by T. Blood | $400.00 hr | 8.10 | $3,240.00 |
| 12/05/2021 | Pamela Egan | Identify and review documents to produce to J. Dam (3.5); draft interrogatory responses (5.6) | $400.00 hr | 9.10 | $3,640.00 |
| 12/06/2021 | Pamela Egan | Telephone conference with M. Waldron re discovery responses in Dam injunctive relief proceeding (.4); finalize Trustee's responses to interrogatories and RFAs (1.9); draft responses to requests for production of documents (.3) | $400.00 hr | 2.60 | $1,040.00 |
| 12/07/2021 | Pamela Egan | Prepare for status conference by outlining issues (.3); attend status conference (.9); telephone conference with client recapping status (.2); draft objection to J. Dam's 12(b)(1) motion to dismiss (1.8) | $400.00 hr | 3.20 | $1,280.00 |
| 12/09/2021 | Pamela Egan | Draft objection to motion to dismiss for lack of subject matter jurisdiction | $400.00 hr | 6.50 | $2,600.00 |

18-03197-FPC7   Doc 940   Filed 04/01/22   Entered 04/01/22 14:34:33   Pg 8 of 28

| | | | | | |
|---|---|---|---|---:|---:|
| 12/12/2021 | Pamela Egan | Research and analysis in preparation for replying to Dam's objection to the Trustee's motion for injunctive relief | $400.00 hr | 4.60 | $1,840.00 |
| 12/15/2021 | Pamela Egan | Prepare for oral argument on motion for injunctive relief (2.5); review J. Dam's filing in District Court asking that the automatic stay appeal be stayed pending resolution and expected appeal of the injunctive relief motion becuase the issues were intertwined (.1) | $400.00 hr | 2.60 | $1,040.00 |
| 12/16/2021 | Pamela Egan | Oral argument on motion for preliminary injunction (1.2) and confer with client thereafter (.3) | $400.00 hr | 1.50 | $600.00 |
| 12/20/2021 | Pamela Egan | Telephone conference with T. Blood meeting and conferring regarding mediation per the Court's instruction | $400.00 hr | 0.30 | $120.00 |
| 12/21/2021 | Pamela Egan | Draft letter to M. Waldron regarding discussion with T. Blood during court-ordered meet and confer | $400.00 hr | 0.20 | $80.00 |
| | | **L220 - Preliminary Injunctions/Provisional Remedies Sub Totals:** | | **99.10** | **$39,640.00** |

## L510 - Appellate Motions and Submissions

| | | | | | |
|---|---|---|---|---:|---:|
| 06/22/2021 | Pamela Egan | Draft letter to R. Cromwell re frivolous appeal of order denying jury demand because order is interlocutory | $400.00 hr | 0.50 | $200.00 |
| 07/26/2021 | Pamela Egan | Review briefing schedule for appeal of jury demand and arbitration orders (.1); review stipulated motion to extend briefing schedule deadlines (.2); confer with client re same (.1) | $400.00 hr | 0.40 | $160.00 |
| 07/30/2021 | Pamela Egan | [J. Dam Appeal of Dismissal of AP v. Professionals] Read District Court's decision affirming the Bankruptcy Court's dismissal of J. Dam's complaint against the professionals. [Case No. 2:20-cv-0341-SAB] | $400.00 hr | 0.10 | $40.00 |
| 08/12/2021 | Pamela Egan | Draft motion to dismiss Perkins' appeal of Order Striking Jury Demand on ground that the Order is interlocutory | $400.00 hr | 2.50 | $1,000.00 |
| 08/16/2021 | Pamela Egan | Call with M. Waldron re Perkins' appeal of orders striking jury demand and arbitration demand | $400.00 hr | 0.20 | $80.00 |

18-03197-FPC7    Doc 940    Filed 04/01/22    Entered 04/01/22 14:34:33    Pg 9 of 28

| Date | User | Description | Rate/ Unit Price | Labor Time/ Quantity | Bill Amt/ Sell Price |
|---|---|---|---|---|---|
| 09/12/2021 | Pamela Egan | Draft motion for sanctions against Perkins on ground that appeal of Jury Strike Order is frivolous and that Perkins is mischaracterizing the law | $400.00 hr | 4.30 | $1,720.00 |
| 09/14/2021 | Pamela Egan | Finalize sanctions motion for frivolous appeal and mischaracterization of the law | $400.00 hr | 5.60 | $2,240.00 |
| 09/16/2021 | Pamela Egan | Telephone conference with M. Waldron re Perkins' appeal to the District Court of jury and arbitration demand orders | $400.00 hr | 0.20 | $80.00 |
| 09/23/2021 | Pamela Egan | Analyze Perkins' response to motion for sanctions for frivolous appeal | $400.00 hr | 4.40 | $1,760.00 |
| 09/28/2021 | Pamela Egan | Outline reply to Perkins' opposition to motion for frivolous appeal sanctions | $400.00 hr | 5.20 | $2,080.00 |
| 09/29/2021 | Pamela Egan | Draft reply to Perkins' opposition to Rule 8020 motion for sanctions for filing frivolous appeal and mischaracterizing the law | $400.00 hr | 7.30 | $2,920.00 |
| 09/30/2021 | Pamela Egan | Finalize reply to opposition to frivolous appeal sanctions motion (4.3); draft supporting declaration (.2) | $400.00 hr | 4.50 | $1,800.00 |

| Date | User | Description | Rate/ Unit Price | Labor Time/ Quantity | Bill Amt/ Sell Price |
|---|---|---|---|---|---|
| 10/07/2021 | Pamela Egan | Review Notice of Appeal filed by J. Dam of Court's Order imposing automatic stay on first three causes of action in the Dam- Perkins lawsuit | $400.00 hr | 0.10 | $40.00 |
| | | **L510 - Appellate Motions and Submissions Sub Totals:** | | 35.30 | $14,120.00 |

## L520 - Appellate Briefs

| Date | User | Description | Rate/ Unit Price | Labor Time/ Quantity | Bill Amt/ Sell Price |
|---|---|---|---|---|---|
| 06/25/2021 | Pamela Egan | ML Equipment Sale Appeal: Review appellant's reply brief and issues related thereto | $400.00 hr | 1.20 | $480.00 |
| 09/05/2021 | Pamela Egan | Perkins' Appeal of Jury and Arbitration Demand Orders: Research in preparation for drafting appellee's brief including on flexible finality considering Perkins' arguments regarding same | $400.00 hr | 6.70 | $2,680.00 |
| 09/06/2021 | Pamela Egan | Perkins' Appeal of Jury and Arbitration Demand Orders: Draft appellee's brief in PC's appeal of Orders striking/denying jury and arbitration demands | $400.00 hr | 8.50 | $3,400.00 |
| | | **L520 - Appellate Briefs Sub Totals:** | | 16.40 | $6,560.00 |
| | | **Grand Total** | | **163.40** | **$65,360.00** |

18-03197-FPC7    Doc 940    Filed 04/01/22    Entered 04/01/22 14:34:33    Pg 10 of 28

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

Case Name: Giga Watt, Inc.                    Case Number: 18-03197 FPC

NARRATIVE SUMMARY
(Required by LBR 2016-1(b)(1)(A) where requested
compensation exceeds $10,000.00)

Name of Applicant:              Potomac Law Group PLLC
Position of Applicant:          General Insolvency Counsel to Chapter 7 Trustee
Application Number:             Three (3)
Application Period:             May 31, 2021 through January 26, 2022
Fees Requested:                 $65,360.00
Expenses Requested:             $    350.00

## I.     Introduction

This Application seeks fees accrued over an eight-month period, May 31,

2021 through January 26, 2022 (the "Application Period")

The Potomac Law Group PLLC ("PLG") represents the Trustee pursuant to

two employment Orders: *Order Approving Employment Under 11 U.S.C. § 327

By Trustee/Debtor-in-Possession,* dated October 27, 2020 [ECF 785], pursuant to

which PLG was retained as counsel to the Chapter 7 Trustee, and the *Order

Approving Employment Under 11 U.S.C. § 327 By Trustee/Debtor-in-Possession,*

dated December 14, 2020 [ECF 840], pursuant to which PLG was retained on a

contingent fee basis to represent the Debtor in an adversary proceeding that the

Trustee brought against Perkins Coie, LLP, Lowell Ness, GigaWatt Pte. Ltd., and

Andrey Kuzenny, Case No. 20-80053 ("Perkins Adversary").

1

This Application does not seek fees incurred in the Perkins Adversary. It seeks fees incurred in obtaining a preliminary injunction to stop Jun Dam from pursuing litigation that threatened to interfere with the Trustee's efforts in the Perkins Adversary. It also seeks fees incurred in Perkins' unsuccessful appeal to the District Court of Bankruptcy Court rulings in the Perkins Adversary. J. Dam's actions account for sixty-one percent of the requested fees. Perkins' unsuccessful appeals account for thirty-two percent of the request fees.

This pie chart is based on PLG's attorney time accounting records:



## II. Background of the Case

### A. <u>Conversion</u>

On November 19, 2018, Giga Watt, Inc. ("<u>Giga Watt</u>") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On September 30, 2020, the Bankruptcy Court entered an Order converting the bankruptcy case from Chapter 11 to Chapter 7 of the Bankruptcy Code, <u>ECF No. 744</u>. The same day, the U.S. Trustee's Office appointed Mark D. Waldron as Trustee in the Chapter 7 case, <u>ECF No. 745</u>.

### B. <u>Giga Watt Background</u>

This summary assumes the Court's familiarity with the facts of this case as reported by the Trustee in previous filings.[1]

In late 2016, early 2017, a group of Russian nationals who at the time were residing in Beverly Hills and in Russia, struck a deal with a lifelong Washington resident to develop a large-scale cryptocurrency mining facility in Central

---

[1] For additional facts, the Trustee refers the Court to the Narrative Summaries set forth in the *First Interim Application for Award of Compensation for Services Rendered and Reimbursement of Expenses*, dated March 10, 2021, <u>ECF 863</u>, and *Second Interim Application for Award of Compensation for Services Rendered and Reimbursement of Expenses*, dated July 16, 2021, <u>ECF 898</u>.

3

Washington.[2] When David Carlson, the local, met these Russians in 2016, he and his friends, Jeffrey Field and Robert Toews, were operating about 2-3 MW of cryptocurrency facilities in Moses Lake, Washington and East Wenatchee, Washington through a Washington corporation, Enterprise Focus, Inc., doing business as MegaBigPower.

In early 2017, David Carlson, Jeffrey Field and Robert Toews sold MegaBigPower's assets to Giga Watt for a purchase price of $3 million payable over time. In addition, Mr. Carlson received a 10.5% equity interest in Giga Watt, the title of CEO, and a $180,000 annual salary. According to Washington Secretary of State public filings and documents submitted to the United States Securities and Exchange Commission ("SEC") during its investigation of the Giga Watt Initial Coin Offering ("GW ICO"), Giga Watt was formed in December 2016, issuing 9,500 shares which, as of May 2018, were owned as follows:

| Stockholder | Date of Initial Ownership | Number of Shares | From Whom Transferred |
|---|---|---|---|
| David M. Carlson | 1/3/2017 | 1,000 | Initial Issue |

---

[2] Andrey Kuzenny and Leonid Markin, Russian nationals, resided in and around Los Angeles, California. Eduard Khaptakhaev, a Russian national, resided in St. Petersburg, Russia.

| Stockholder | Date of Initial Ownership | Number of Shares | From Whom Transferred |
|---|---|---|---|
| Silaren Limited | 12/18/2017 | 2,920 | Faraversum Corporation Limited |
| Leonid Markin | 1/3/2017 | 1,660 | Initial Issue |
| Andrey Kuzenny | 1/3/2017 | 1,660 | Initial Issue |
| Eduard Khaptakhaev | 1/3/2017 | 1,660 | Initial Issue |
| The Goldcoin Trust dated 1/1/2017 | 1/3/2017 | 500 | Initial Issue |
| Silaren Limited | 12/31/2017 | 100 | Daria Generalova |

In the Spring of 2017, Giga Watt signed (1) a lease ("the Pangborn Lease") with what is now called the Chelan Douglas Regional Port Authority ("Port") for land near the Pangborn airport in East Wenatchee, Washington ("the Pangborn Site") on which it planned to develop cryptocurrency facilities and (2) a contract ("Pangborn Power Contract") with the Douglas County Public Utility District No. 1 ("DC PUD") to provide up to 30 MW of power to the Pangborn Site at rates that were, according to the White Paper, among the lowest in the world.[3]

Giga Watt built pods on the Pangborn Site, but it could not finish the substation. Without the substation, the Pangborn Site lacked power. Thus, the

---

[3] White Paper, p. 9, GWSEC00000003.

Pangborn Site was reduced to a Potemkin Village.[4] For example, in April 2018,

Giga Watt's counsel sent this picture of the Pangborn Site to the SEC:



---

[4] A Potemkin Village is "an impressive facade or show designed to hide an undesirable fact or condition." Merriam Webster, https://www.merriam-webster.com/dictionary/Potemkin%20village. The term dates back to 1783 when Catherine the Great seized Crimea from the Ottoman Empire and then sent her lover, Grigorii Potemkin, to develop this "New Russia." Some have asserted that Potemkin built facades along Catherine the Great's subsequent victory tour route in order to exaggerate the progress made in developing Crimea. *See generally*, Robert T. Massie, Catherine the Great: Portrait of a Woman, Random House, 2011.

None of the pods shown in this picture were ever powered up, save for a "show pod" which used only .75 MW of power.

Giga Watt's failure to meet the White Paper construction schedule caused friction between D. Carlson and his partners. In July 2017, while discussing construction delays, D. Carlson wrote that his board of directors had just visited the site and the directors "were completely freaking out."[5]

There were other tensions. In the first half of 2017, Giga Watt booked its operating funds as loans from GigaWatt Pte. Ltd. ("GW Singapore").[6] However, starting in July 2017, a newly minted "acting CFO"[7] reclassified these loans as construction progress payments. Under this treatment, Giga Watt did not own the facilities that it was building, operating, and maintaining. It was building the facilities for GW Singapore.[8] This did not sit well with Mr. Carlson. A year later,

---

[5] Email from David Carlson dated July 19, 2017, GWTEE135059.

[6] Email from Mike Olmstead to David Carlson and others, dated July 26, 2017, GWSEC00022170.

[7] Excerpt of Timur Usmanov Deposition Transcript, 3/7/22, 34:12-19. Mr. Usmanov has until April 27, 2022 to submit any corrections.

[8] Excerpt of Timur Usmanov Deposition Transcript, 3/7/22, 73:21-25, 74, 75, 76, 77, 1-8.

in July 2018, David Carlson beseeched Andrey Kuzenny to place the pods on Giga Watt's balance sheet as an asset.[9] And a month later, he resigned citing differences with management decisions.

By mid-November 2018, according to the proofs of claims filed in this case:

- Giga Watt owed approximately $3.5 million in trade debt, approximately $1.8 million of which was construction related;

- The DC PUD had exercised the one-year notice of termination provision in the Pangborn Power Contract;

- The Port had commenced proceedings to evict Giga Watt from the Pangborn Site; and

- Three class actions lawsuits were pending against Giga Watt and others.

**C.**   **Financial Condition of the Estate**

1.   <u>Profit and Loss</u>: Not applicable. Debtor is not operating.

2.   <u>Amount of Cash on Hand or on Deposit</u>: $711,723.18.

3.   <u>Amount of Accrued Unpaid Administrative Expenses</u>:

---

[9] Email from D. Carlson to A. Kuzenny, July 24, 2018, <u>DCX_001062</u>.

8

| Expense Description | Amount |
|---|---|
| Deposition Costs incurred in Perkins Adversary - Perkins has agreed to pay $843.75 of these costs, representing ½ the cost of having an interpreter. | $5,350.75 |
| Accountants' Fees | $14,000.00 |
| Attorneys' Fee accrued after Application Period | $3,000.00 |
| **Total** | $22,530.00 |

4. Amount of Unencumbered Funds in the Estate: $599,723.18.[10]

---

[10] Pursuant to the *Order: (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, and (iii) Shortening Time to Object*, ECF 765 ("ML Equipment Sale Order") $112,000 in sales proceeds are being held subject to resolution of claims asserted by certain WTT Token and miner purchasers.

## III. Description of Tasks or Projects for which Compensation is Sought

### A. Asset Analysis and Recovery

During the Application Period, PLG conferred with counsel from Beveridge and Diamond, which had been retained to analyze potential claims against the DC PUD. PLG also conferred with the client on these claims.

*Time Spent: 2.6 hrs.*                                              *Amount: $1,040.00*

### B. Meetings of and Communications With Creditors

PLG spoke with counsel who had brought pre-petition class action lawsuits against the Debtor for rescission of the WTT Token purchases and restitution of the purchase price.[11] PLG also spoke with the holder of a trade vendor's claim.

*Time Spent: 3.4 hrs.*                                              *Amount: $1,360*

### C. Fee/Employment Applications

During the Application Period, PLG drafted its second interim fee application, ECF 897, which the Court granted. *See Order Awarding Compensation for Services Rendered and Reimbursement of Expenses Pursuant*

---

[11] *See Moss v. Giga Watt, Inc. et al.*, No. 2:18-cv-00100-SMJ (E.D. Wash.), filed March 19, 2018; *Balestra v. Giga Watt, Inc., et al.*, No. 2:18-cv-00103-SMJ (E.D. Wash.), filed March 20, 2018. By stipulation of the parties, on July 3, 2018, the District Court consolidated the *Moss* and *Balestra* cases.

*to 11 U.S.C. § 330 and § 331, and Approving the Payment of Bank Fees*, dated August 17, 2021, ECF No. 913. The fees billed in total for drafting the Second Interim Fee Application are less than 5% of the total amount awarded, $42,680.00.

***Time Spent: 4.4***          ***Amount: $1,760.00***

### D.    <u>Tax Issues</u>

PLG responded to queries by the United States Internal Revenue Service relating to certain payments made by GW Singapore.

***Time Spent: 1.7***          ***Amount: $680.00***

### E.    <u>Claims Administration and Resolution</u>

PLG reviewed a late-filed claim by a token holder, Jered Solow.

***Time Spent: .1***          ***Amount $40.00***

### F.    <u>Preliminary Injunctions/Provisional Remedies</u>

During the Application Period, the Trustee obtained a preliminary injunction against Jun Dam's copycat lawsuit against Perkins.

PLG drafted the complaint, a motion for preliminary injunction, and supporting papers. Mr. Dam responded with an answer, an objection to the motion for preliminary injunction, and a motion to dismiss for lack of subject matter jurisdiction. In addition, Mr. Dam served the trustee with 31

interrogatories, after counting subparts, 20 requests for admissions and 8 document requests.

PLG responded to the first 25 interrogatories, answered all the requests for admissions, and produced responsive documents. Mr. Dam relied on this discovery in his subsequent filings and presentations to the Court. PLG also drafted the Trustee's reply to Mr. Dam's objection to the Trustee's motion for preliminary injunction and drafted the Trustee's objection to Mr. Dam's motion to dismiss.

Oral argument lasted more than an hour. Three attorneys appeared on Mr. Dam's behalf. PLG fielded one attorney.

On February 23, 2022, after the Application Period, the Bankruptcy Court granted the Trustee's motion for preliminary injunction and denied Jun Dam's motion to dismiss.[12] The matter is now on appeal to the District Court.

*Time Spent: 99.10*                    *Amount: $39,640.00*

---

[12] *Order Denying Mr. Dam's Motion to Dismiss and Granting Trustee's Motion for Preliminary Injunction,* February 23, 2022, *Waldron v. Dam,* Adv. Proc. No. 21-80053, ECF 39.

## G. Appellate Motions and Submissions

This project covers work performed on Perkins' appeal to the District Court of this Court's (1) *Order Granting Motion to Strike Jury Demand*, dated April 22, 2021, ECF No. 49 ("Order Striking Jury Demand"), and (2) *Order Denying Perkins' and Ness' Motion to Compel Arbitration and Stay,* dated April 22, 2021, ECF No. 51 ("Order Denying Arbitration Demand"), filed in the Perkins Adversary. *See Order Denying Motions and Appeals*, dated January 7, 2022, ECF No. 21, in Case No. 2:21-cv-00159-SAB, filed in the U.S. District Court, Eastern District of Washington.

In this project, PLG drafted:

1. the Trustee's motion to dismiss the appeal of the Order Striking Jury Demand on the ground that it was interlocutory;

2. the Trustee's motion for sanctions, which was prepared and filed separately pursuant to Rule 8020 of the Federal Rules of Bankruptcy Procedure; and

3. the Trustee's objection to Perkins' motion for leave to file an interlocutory appeal.

The Trustee moved for sanctions to "check" Perkins' conduct. The District Court indeed "checked" Perkins, "**sternly** warn[ing]"[13] Perkins to think twice before appealing again and agreeing that Perkins had "made several mis-representations to the Court"[14] and had "mischaracterize[d]"[15] the law. While saying that Perkins' conduct was "<u>dangerously</u> close to being sanctionable,"[16] the District Court denied the motion for sanctions. Nonetheless, the motion achieved the Trustee's goal of checking Perkins.

The District also denied Perkins' motion for interlocutory appeal, thus rendering moot the Trustee's motion to dismiss.

Perkins has appealed the District Court's affirmance of the Bankruptcy Court's Order Denying Arbitration Demand.

Under this project, PLG also spent time reviewing:

---

[13] *Order Denying Motions and Appeals*, dated January 7, 2022, 13:2, ECF 21, filed in *Perkins v. Waldron*, Case No. 2:21-cv-00159-SAB. (Emphasis in original.)

[14] *Id*., 11:1-2, ECF 21. (Emphasis in original.)

[15] *Id.*, 8:1-2, ECF 21.

[16] *Id.*, 10:21-23, ECF 21.

14

1. the District Court's *Order Affirming the Bankruptcy Court's Sale Approval Order*,[17] affirming the Bankruptcy Court's ML Equipment Sale Order, ECF 765; and

2. the District Court's *Order Affirming the Bankruptcy Court's Order Granting Appellee's Motion to Dismiss*,[18] affirming the Bankruptcy Court's dismissal of Jun Dam's complaint against the Trustee and his professionals.

*Time Spent: 35.30*                                             *Amount: $14,120.00*

### H.    Appellate Briefs

During the Application Period, PLG drafted the Trustee's appellee's brief in Perkins' appeal to the District Court of (1) the Order Striking Jury Demand and 2:(2) the Order Denying Arbitration Demand. The Trustee won this appeal. Perkins now concedes that the Order Striking Jury Demand is interlocutory but has appealed the decision regarding Order Denying Arbitration Demand to the Court of Appeals for the Ninth Circuit.

---

[17] *Dam v. Waldron,* Case No. 2:20-cv-00391-SAB, U.S. District Court, Eastern District of Washington, ECF 21.

[18] *Dam v. Waldron*, Case No. 2:20-cv-00351-SAB, U.S. District Court, Eastern District of Washington, ECF 15.

In this project, PLG also reviewed J. Dam's reply brief in his appeal of the ML Equipment Sale Order. The Trustee won this appeal.

*Time Spent: 16.40*                    *Amount: $6,500*

**IV.**     **[Intentionally omitted. Only Applies in Chapter 11.]**

**V.**      **Other Information: None.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

In re:                                              )
                                                    )          Case No.
                                                    )
                                                    )          **ORDER AWARDING COMPENSATION**
                                                    )          **FOR SERVICES RENDERED AND**
                                                    )          **REIMBURSEMENT OF EXPENSES**
                                                    )          **PURSUANT TO 11 U.S.C. §330 or §331,**
                                                    )          **AND APPROVING THE PAYMENT OF**
                                                    )          **BANK FEES**
_____ Debtor(s)           )

THIS MATTER HAVING come before the Court on the # _____ (☐interim ☐ final) application of _____ dated _____, docket # _____, notice docket # _____ and certificate of service docket # _____, for an order allowing compensation for services rendered and reimbursement of expenses in the above entitled case; and the court being fully advised in the premises:

NOW THEREFORE the below listed amounts are hereby allowed and awarded as compensation and reimbursement pursuant to 11 USC §330 or §331, and approved as bank fees pursuant to §363 and §503(b), to the above-named applicant and are authorized to be disbursed or transferred from funds of the above entitled estate, subject to the availability of funds and the provision of any confirmed plan. *

| | |
|---|---|
| Compensation in the amount | $ _____ |
| Reimbursement in the amount of | $ _____ |
| Bank fees | $ _____ |
| **TOTAL** | $ _____ |

* If for first application, includes compensation earned pre-petition and filing fees and other costs incurred pre-petition.

ORDER AWARDING COMPENSATION  - 1

Summary of all prior awards and approvals on previous applications:

Compensation $ _____
Reimbursement $ _____
Bank fees $ _____
Total $ _____

Disbursement information for this award:

Received directly from debtor by application
(if for first application) $ _____
To be paid by transfer from attorney trust account: $ _____
To be paid by trustee $ _____
Total $ _____

///End of Order///

Presented by:

_____

(Signature/address/phone)

Potomac Law Group PLLC
1905 7th Ave. W
Seattle, WA 98119
(415) 297-0132

ORDER AWARDING COMPENSATION - 2