Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Fax: (202) 318-7707
Email: pegan@potomaclaw.com
   *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re: | Case No. 18-03197-FPC |
| GIGA WATT, Inc., a Washington corporation,<br>                  Debtor. | The Honorable Frederick P. Corbit<br><br>Chapter 7<br><br>**TRUSTEE'S MOTION FOR AUTHORITY TO INCUR AND PAY EXPENSES INCIDENT TO DISCOVERY IN PERKINS ADVERSARY** |

By and through undersigned counsel, Mark D. Waldron, in his official capacity as the Chapter 7 Trustee ("Trustee") in the above-captioned case, hereby moves for an Order pursuant to § 363(b) of the Bankruptcy Code, in substantially the form attached hereto as **Exhibit A**, authorizing the Trustee to incur and pay expenses incident to the completion of fact discovery in the adversary proceeding, *Waldron v. Perkins Coie, et al.*, pending in this case, as Adv. Proc. No. 20-80031 ("Perkins Adversary"). This Motion is supported by the Declaration of Mark D. Waldron, filed herewith.

TRUSTEE'S MOTION FOR
AUTHORITY TO INCUR AND
PAY ADMINISTRATIVE EXPENSES – Page 1

## I. JURISDICTION

This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This motion is a core matter under 28 U.S.C. §§ 157(b)(2)(A), (M), and (O). Venue is proper pursuant to 28 U.S.C. § 1408. By Local Civil Rules 83.5 of the United States District Court for the Eastern District of Washington, the District Court has referred all bankruptcy cases to the Bankruptcy Court.

## II. REQUESTED RELIEF

The Trustee requests permission to pay and incur up to $32,107 in discovery costs in the Perkins Adversary, itemized as follows:

|  | Comments | Subtotal | Total |
|---|---|---|---|
| **Incurred Deposition Expense – Timur Usmanov** | Transcript: | $1,925.75 | |
| | Video: | $1,737.50 | |
| | One half the cost of the interpreter; Perkins Coie LLP ("Perkins") has agreed to pay the other half | $843.75 | **$4,507.00** |
| **Anticipated Deposition Expenses** | **1**. Timur Usmanov (cont'd) – Giga Watt CFO from 1/1/2017 to 8/15/2017 (circa) | $1,000.00 | |
| | **2**. David Carlson, Giga Watt's CEO from 1/1/2017 to 8/15/2017 (circa) | $2,500.00 | |

TRUSTEE'S MOTION FOR
AUTHORITY TO INCUR AND
PAY ADMINISTRATIVE EXPENSES – Page 2

| | Comments | Subtotal | Total |
|---|---|---|---|
| | 3. Mike Olmstead, a governor of Giga Watt who worked in the accounting department | $2,500.00 | |
| | 4. Jeff Field – actively involved in construction of new facilities for WTT tokens | $2,500.00 | |
| | 5. Travis Hibbard, principal of LT Equities LLC and Talos Construction, Inc. – who built the Giga Pods | $2,500.00 | |
| | 6. Katrina Arden – attorney for Giga Watt, Inc. before and during GW ICO (introduced the escrow concept to the GW ICO) | $2,500.00 | |
| | 7. Lowell Ness – attorney at Perkins Coie overseeing escrow | $2,500.00 | $16,000.00 |

[*This Motion continues on the next page.*]

TRUSTEE'S MOTION FOR
AUTHORITY TO INCUR AND
PAY ADMINISTRATIVE EXPENSES – Page 3

| | Comments | Subtotal | Total |
|---|---|---|---|
| **E-Disc. Processing** | Lighthouse, extraction, and processing as described in Section III hereof | $9,600.00 | $9,600.00 |
| **Misc**. | Circle, Intuit, and LT Equities, reasonable subpoena expense | $2,000.00 | $2,000.00 |
| | | | $32,107.00 |

## III. FACTUAL & PROCEDURAL BACKGROUND

On November 19, 2018, Giga Watt, Inc. ("Giga Watt" or "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On September 30, 2020, the Bankruptcy Court entered an Order converting the bankruptcy case from Chapter 11 to Chapter 7 of the Bankruptcy Code, ECF No. 744. The same day, the U.S. Trustee's Office appointed Mark D. Waldron as Trustee in the Chapter 7 case, ECF No. 745.

On November 19, 2020, the Trustee commenced the Perkins Adversary. On December 15, 2020, the Court approved the employment of the Potomac Law Group PLLC ("PLG") as counsel to the Trustee in the Perkins Adversary. ECF 840. PLG's fees in the Perkins Adversary are contingent.

Perkins and the Trustee have resumed discussions of whether a mediation would be helpful. One of the issues is the completion of certain discovery before

the mediation occurs. The fact discovery deadline is May 27, 2022 pursuant to the Court's scheduling order.

In the Perkins Adversary, the Trustee has obtained and produced documents from more than ten custodians, including (1) David Carlson, (2) Wilson Sonsini Goodrich & Rosati ("WSGR"), which represented Giga Watt in (a) the investigation by the U.S. Securities and Exchange Commission ("SEC Investigation") of the Giga Watt Initial Coin Offering and (b) three of the four pre-petition class actions against Giga Watt, (3) the Douglas County Public Utility District No. 1, (4) the Debtor's landlords, (5) the Debtor's five different banks, (6) the Debtor's former Chief Financial Officer, and (7) attorneys, Katrina Arden and Perkins Coie LLP ("Perkins").

In addition, the following parties are currently complying with subpoenas served by the Trustee:

    a. Circle Internet Financial, Ltd., which transferred $12,372,579.00 to Giga Watt's bank accounts or 31% of total deposits (approximately $40 million);

    b. Intuit, Inc., which hosted the Debtor's QuickBooks financial entries;

    c. Travis Hibbard, doing business as LT Equities, LLC and as Talos Construction, Inc., which built the Giga Pods; and

d. Lighthouse Document Technologies, Inc. ("Lighthouse") which is holding 1 terabyte or 1,000 gigabytes of information taken from all or substantially all of Giga Watt's computer systems, including laptops and phones, as set forth more fully below.

After reviewing thousands of documents and interviewing numerous witnesses, the Trustee discovered that Lighthouse had collected information from substantially all of Giga Watt's computer systems, including laptops and telephones. WSGR had ordered this extraction.

Lighthouse is complying with the Trustee's turnover demand. It has provided information about the type of information it is holding. This information includes emails of all the main players in this case from Giga Watt's inception in January 2017 through the selling of WTT tokens, August 2017. There may also be emails from after August 2017 based on the fact that Lighthouse copied Giga Watt's computerized information in May 2018. This later period is of interest because the escrow releases which are at the heart of the Perkins Adversary occurred from August 2017 to February 2018. The Lighthouse information comprises two sets: (1) 1 terabyte (1,000 gigabyte) of raw data; and (2) 30.5 gigabytes that Lighthouse had placed in a Relativity review database at WSGR's request. The second set consists of information that Lighthouse culled from the 1 terabyte raw-data set.

TRUSTEE'S MOTION FOR
AUTHORITY TO INCUR AND
PAY ADMINISTRATIVE EXPENSES – Page 6

The Trustee has conferred with Lighthouse and LexBe, Inc. ("LexBe") regarding the cost of accessing, reviewing, and producing this information and has determined that the following costs are reasonable:

|  | Activity Description | Itemized Amount | Totals |
|---|---|---|---|
| **Extraction** | | | |
| | Export of the raw data[1] | $ 800.00 | |
| | Concordance Export of the Relativity Review database[2] | $1,500.00 | |
| | Perkins' contribution | -$ 700.00 | $1,600.00 |
| **Review & Processing by Lexbe, Inc.** | 1 TB hosting for one month while the Trustee reviews and culls at $4 per gigabyte | $4,000.00 | |
| | 500 GB hosting for one month while the Trustee reviews and culls | $2,000.00 | |
| | 50 GB hosting at $4 per GB ($200 per month) for five months (this will be the review database) | $2,000.00 | $8,000.00 |
| | | | $9,600.00 |

Perkins has agreed to contribute $3,000 toward the cost of extracting the information in exchange for immediate access to the Lighthouse information.

---

[1] Perkins will pay the same amount for a copy. Andrey Kuzenny may also receive a copy at his expense.

[2] *Id.*

TRUSTEE'S MOTION FOR
AUTHORITY TO INCUR AND
PAY ADMINISTRATIVE EXPENSES – Page 7

Extracting one copy costs $2,300.[3] Thus, Perkins will pay $2,300 for its copy of the extracted information and will contribute $700 towards the cost of the estate's copy.

If the Trustee culls information more quickly than as set forth above, then the cost will be less. The vendor who would assist with the Trustee's review and processing is Lexbe. The Trustee received cost proposals from both Lighthouse and LexBe. LexBe's proposal was significantly lower than Lighthouse's proposal.

This estimate assumes the need to review 50 gigabytes of information for five months. The Trustee has reviewed a description provided by Lighthouse of the raw data and of filters used to populate the Relativity review database. The Trustee has determined based on that review that this estimate of the review database's size is reasonable. The Trustee has further determined that the estate would need Lexbe's review database hosting for five months given that the trial date is November 1, 2022.

The parties have also begun depositions. To date, the estate has incurred $4,507 deposing Timur Usmanov. The deposition of Timur Usmanov was expensive for two reasons: (1) it was conducted by videographer; and (2) Mr. Usmanov insisted on an interpreter, (although his English is fluent). Perkins has agreed to pay for one half the cost of the interpreter. The amount $4,507 includes

---

[3] A. Kuzenny can extract the information upon payment of $2,300.

TRUSTEE'S MOTION FOR
AUTHORITY TO INCUR AND
PAY ADMINISTRATIVE EXPENSES – Page 8

this deduction. Mr. Usmanov's deposition is not finished. However, the second installment will not have either a videographer or interpreter. The estimated cost is $1,000. In addition, the Trustee has identified witnesses who should be deposed. As itemized above, that cost is an estimated $16,000.

## IV. CURRENT FUNDS AND CHAPTER 7 ADMINISTRATIVE EXPENSES

The estate has a total of $711,723.18 in cash on hand. Pursuant to the *Order: (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, and (iii) Shortening Time to Object*, ECF 765, dated October 20, 2020, $112,000 of that amount is encumbered, leaving $599,723.18 in unencumbered funds. Outstanding Chapter 7 administrative expenses are as follows:

| **Pending Chapter 7 Administrative Expenses** | **Amount** |
|---|---|
| PLG's Third *Application for Award of Compensation for Services Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. 330, etc.*, filed on April 1, 2022, ECF 940, and set for hearing on May 3, 2022 at 11:00 a.m. | $65,710.00 |
| Deposition Costs incurred in Perkins Adversary – This amount is net of the $843.75 that Perkins agreed to pay, representing ½ the cost of having an interpreter. | $4,507.00 |

TRUSTEE'S MOTION FOR
AUTHORITY TO INCUR AND
PAY ADMINISTRATIVE EXPENSES – Page 9

| Pending Chapter 7 Administrative Expenses | Amount |
|---|---|
| Accountants' Fees | $5,208.75 |
| Est. Hourly Attorneys' Fee accrued after Third Application Period | $3,000.00 |
| Total | $79,269.50 |

## V. BASIS FOR REQUESTED RELIEF

Section 363(b) provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." The Trustee must incur and pay the discovery expenses itemized herein in order to pursue the Perkins Adversary. Furthermore, both Perkins and the Trustee agree that completion of fact discovery will facilitate settlement discussions.

Based on the foregoing, the Trustee submits that incurring and paying the foregoing expenses is a prudent exercise of his business judgment under the circumstances of this case and is in the best interests of the Debtor's estate and its

[*This Motion continues on the next page.*]

TRUSTEE'S MOTION FOR
AUTHORITY TO INCUR AND
PAY ADMINISTRATIVE EXPENSES – Page 10

creditors. Therefore, the Trustee requests that the Court grant the Motion and grant such other and further relief as the Court finds equitable and just.

DATED this 20th day of April 2022.

                POTOMAC LAW GROUP PLLC

                By: *Pamela M. Egan*
                Pamela M. Egan (WSBA No. 54736)
                1905 7th Ave. W
                Seattle, WA 98119
                Tel.: (415) 297-0132
                Fax.: (202) 318-7707
                E: pegan@potomaclaw.com

                    *Attorneys for Mark D. Waldron,*
                    *Chapter 7 Trustee, Plaintiff*

TRUSTEE'S MOTION FOR
AUTHORITY TO INCUR AND
PAY ADMINISTRATIVE EXPENSES – Page 11