Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Fax: (202) 318-7707
Email: pegan@potomaclaw.com
  *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197-FPC |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| | **DECLARATION OF MARK D. WALDRON IN SUPPORT OF TRUSTEE'S MOTION FOR AUTHORITY TO INCUR AND PAY EXPENSES INCIDENT TO DISCOVERY IN PERKINS ADVERSARY** |

I, Mark D. Waldron, in my capacity as the chapter 7 trustee ("Trustee") in the above-captioned bankruptcy case, pursuant to 28 U.S.C. § 1746 hereby declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration.

2. I am the Chapter 7 Trustee in the above-captioned bankruptcy case. I submit this declaration in support of the *Trustee's Motion for Authority to Incur and Pay Expenses Incident to Discovery in Perkins Adversary* ("Motion").

3. The statements made herein are based on my investigation of the Debtor's affairs, my operation of the Debtor's facilities, and my review of the Debtor's books and records, including documents obtained from third parties.

4. Through counsel, Perkins Coie LLP ("Perkins") and I have resumed discussions of whether a mediation would be helpful. One of the issues is the completion of certain discovery before the mediation occurs. The fact discovery deadline is May 27, 2022 pursuant to the Court's scheduling order.

5. I have reviewed the foregoing proposed budget and believe that it is reasonable:

|  | Comments | Subtotal | Total |
|---|---|---|---|
| **Incurred Deposition Expense – Timur Usmanov** | Transcript: | $1,925.75 | |
| | Video: | $1,737.50 | |
| | One half the cost of the interpreter; Perkins Coie LLP ("Perkins") has agreed to pay the other half | $843.75 | **$4,507.00** |
| | **1**. Timur Usmanov (cont'd) – Giga Watt CFO from 1/1/2017 to 8/15/2017 (circa) | $1,000.00 | |

WALDRON DECL. IN SUPP. OF
TRUSTEE'S MOTION FOR AUTHORITY
TO INCUR AND PAY ADMINISTRATIVE
EXPENSES – Page 2

| | Comments | Subtotal | Total |
|---|---|---|---|
| **Anticipated Deposition Expenses** | 2. David Carlson, Giga Watt's CEO from 1/1/2017 to 8/15/2017 (circa) | $2,500.00 | |
| | 3. Mike Olmstead, a governor of Giga Watt who worked in the accounting department | $2,500.00 | |
| | 4. Jeff Field – actively involved in construction of new facilities for WTT tokens | $2,500.00 | |
| | 5. Travis Hibbard, principal of LT Equities LLC and Talos Construction, Inc. – who built the Giga Pods | $2,500.00 | |
| | 6. Katrina Arden – attorney for Giga Watt, Inc. before and during GW ICO (introduced the escrow concept to the GW ICO) | $2,500.00 | |
| | 7. Lowell Ness – attorney at Perkins Coie overseeing escrow | $2,500.00 | **$16,000.00** |

WALDRON DECL. IN SUPP. OF
TRUSTEE'S MOTION FOR AUTHORITY
TO INCUR AND PAY ADMINISTRATIVE
EXPENSES – Page 3

|  | Comments | Subtotal | Total |
|---|---|---|---|
| **E-Disc. Processing** | Lighthouse, extraction, and processing as described below | $9,600.00 | $9,600.00 |
| **Misc**. | Circle, Intuit, and LT Equities, reasonable subpoena expense | $2,000.00 | $2,000.00 |
|  |  |  | $32,107.00 |

6. In the adversary proceeding, *Waldron v. Perkins*, Adv. Proc. No. 20-80031 ("Perkins Adversary"), through counsel, I have obtained and produced documents from more than ten custodians, including (1) David Carlson, (2) Wilson Sonsini Goodrich & Rosati ("WSGR"), which represented Giga Watt in (a) the investigation by the U.S. Securities and Exchange Commission ("SEC Investigation") of the Giga Watt Initial Coin Offering and (b) three of the four pre-petition class actions against Giga Watt, (3) the Douglas County Public Utility District No. 1, (4) the Debtor's landlords, (5) the Debtor's five different banks, (6) the Debtor's former Chief Financial Officer, and (7) attorneys, Katrina Arden and Perkins Coie LLP ("Perkins").

7. In addition, the following parties are currently complying with subpoenas that I have served through counsel:

    a. Circle Internet Financial, Ltd., which transferred $12,372,579.00 to Giga Watt's bank accounts or 31% of total deposits of approximately $40 million;

    b. Intuit, Inc., which hosted the Debtor's QuickBooks financial entries;

    c. Travis Hibbard, doing business as LT Equities, LLC and as Talos Construction, Inc., which built the Giga Pods; and

    d. Lighthouse Document Technologies, Inc. ("<u>Lighthouse</u>") which is holding 1 terabyte or 1,000 gigabytes of information taken from all or substantially all of Giga Watt's computer systems, including laptops and phones, as set forth more fully below.

8. After counsel's review of thousands of documents and interviewing numerous witnesses, my team discovered that Lighthouse had collected information from all or substantially all of Giga Watt's computer systems, including laptops and telephones. WSGR had ordered this extraction.

9. Lighthouse is complying with my turnover demand. It has provided information about the type of information it is holding. This information includes emails of all the main players in this case from Giga Watt's inception in January 2017 through the selling of WTT tokens, August 2017. There may also be emails

from after August 2017 based on the fact that Lighthouse copied Giga Watt's computerized information in May 2018. This later period is of interest because the escrow releases which are at the heart of the Perkins Adversary occurred from August 2017 to February 2018. The Lighthouse information comprises two sets: (1) 1 terabyte (1,000 gigabyte) of raw data; and (2) 30.5 gigabytes that Lighthouse had placed in a Relativity review database at WSGR's request. The second set consists of information that Lighthouse culled from the 1 terabyte raw-data set.

      10. My team has conferred with Lighthouse and LexBe, Inc. ("LexBe") regarding the cost of accessing, reviewing, and producing this information. Based on this work, I have determined that the following costs are reasonable:

[*This Declaration continues on the next page.*]

WALDRON DECL. IN SUPP. OF
TRUSTEE'S MOTION FOR AUTHORITY
TO INCUR AND PAY ADMINISTRATIVE
EXPENSES – Page 6

| | Activity Description | Itemized Amount | Totals |
|---|---|---|---|
| **Extraction** | | | |
| | Export of the raw data | $ 800.00 | |
| | Concordance Export of the Relativity Review database | $1,500.00 | |
| | Perkins' contribution | -$ 700.00 | $1,600.00 |
| **Review & Processing by Lexbe, Inc.** | 1 TB hosting for one month while the Trustee reviews and culls at $4 per gigabyte | $4,000.00 | |
| | 500 GB hosting for one month while the Trustee reviews and culls | $2,000.00 | |
| | 50 GB hosting at $4 per GB ($200 per month) for five months (this will be the review database) | $2,000.00 | $8,000.00 |
| | | | $9,600.00 |

11. Perkins has agreed to contribute $3,000 toward the cost of extracting the information in exchange for immediate access to the Lighthouse information, to which I have agreed. Extracting one copy costs $2,300. Perkins will pay $2,300 for its copy of the extracted information and will contribute $700 to the cost of the estate's copy. If the Trustee culls information more quickly than as set forth above, then the cost will be less. The vendor who would assist with the Trustee's review and processing is Lexbe. My team received cost proposals from both Lighthouse and LexBe. LexBe's proposal was significantly lower than Lighthouse's proposal.

WALDRON DECL. IN SUPP. OF
TRUSTEE'S MOTION FOR AUTHORITY
TO INCUR AND PAY ADMINISTRATIVE
EXPENSES – Page 7

12. This estimate assumes the need to review 50 gigabytes of information for five months. I have reviewed a description provided by Lighthouse of the raw data and of the filters used to populate the Relativity review database. Based on the foregoing, I have determined that the foregoing estimate of the review database's size is reasonable. I have further determined that the estate would need Lexbe's review database hosting for five months given that the trial date is November 1, 2022.

13. The parties have also begun depositions. To date, the estate has incurred $4,507 deposing Timur Usmanov. The deposition of Timur Usmanov was expensive for two reasons: (1) it was conducted by videographer; and (2) Mr. Usmanov insisted on an interpreter, (although his English is fluent). Perkins has agreed to pay for one half the cost of the interpreter. The amount $4,507 includes this deduction. Mr. Usmanov's deposition is not finished. However, the second installment will not have either a videographer or interpreter. The estimated cost is $1,000. In addition, with counsel, I have identified witnesses who should be deposed. As itemized above, that cost is an estimated $16,000.

14. The estate has a total of $711,723.18 in cash on hand. Pursuant to the *Order: (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, and (iii) Shortening Time to Object*, ECF 765, dated October 20, 2020, $112,000 of that amount is encumbered, leaving $599,723.18 in

unencumbered funds. Outstanding Chapter 7 administrative expenses are as follows:

| Pending Chapter 7 Administrative Expenses | Amount |
|---|---|
| PLG's Third *Application for Award of Compensation for Services Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. 330, etc*., filed on April 1, 2022, ECF 940, and set for hearing on May 3, 2022 at 11:00 a.m. | $65,710.00 |
| Deposition Costs incurred in Perkins Adversary – This amount is net of the $843.75 that Perkins agreed to pay, representing ½ the cost of having an interpreter. | $4,507.00 |
| Accountants' Fees | $5,208.75 |
| Est. Hourly Attorneys' Fee accrued after Third Application Period | $3,000.00 |
| Total | $79,269.50 |

15. I believe that the estate must incur and pay the discovery expenses itemized herein in order to pursue the Perkins Adversary. Furthermore, Perkins and I agree that completion of fact discovery will facilitate settlement discussions.

16. Based on the foregoing, I also believe that the relief requested herein is in the best interests of the Debtor's estate, its creditors, and the WTT Token investors.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 20th day of April 2022 in Tacoma, Washington.

/s/ Mark D. Waldron
Mark D. Waldron

WALDRON DECL. IN SUPP. OF
TRUSTEE'S MOTION FOR AUTHORITY
TO INCUR AND PAY ADMINISTRATIVE
EXPENSES – Page 10