Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W.
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: <br><br> GIGA WATT, Inc., a Washington corporation, <br><br> Debtor. | Case No. 18-03197 FPC 11 <br><br> The Honorable Frederick P. Corbit <br><br> Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee, <br><br> Plaintiff, <br> vs. <br><br> PERKINS COIE LLP, a Washington limited liability partnership, LOWELL NESS, an individual and California resident, and TIMUR USMANOV, an individual and Russian citizen, <br><br> Defendants. | Adv. Case No. 20-80031 <br><br> **TRUSTEE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF TRUSTEE'S MOTION TO DISMISS THIRD-PARTY COMPLAINT FOR MISJOINDER** |

Mark D. Waldron, in his capacity as the duly appointed Chapter 7 Trustee, by and through his attorneys, the Potomac Law Group PLLC, hereby submits his *Request for Judicial Notice in Support of the Trustee's Motion to Dismiss Third-Party Complaint for Misjoinder,* filed herewith.

TRUSTEE'S REQ. FOR JUDICIAL
NOTICE ISO TRUSTEE'S MOTION
TO DISMISS THIRD-PARTY
COMPLAINT FOR MISJOINDER -- P a g e | 1

Pursuant to Rule 201 of the Federal Rules of Evidence, the Trustee respectfully requests that the Court take judicial notice of the documents listed below.

**REQUESTS FOR JUDICIAL NOTICE OF DOCUMENTS**

1. *Class Action Complaint*, filed in the United States District for the Eastern District of Washington ("District Court") on December 16, 2020, Case No. 2:20-cv-00464-SAB, ECF No. 1, attached hereto as **Exhibit 1**;

2. *Order Cancelling Status Conference; Striking Motions; Staying Case,* filed in the District Court on August 1, 2022, Case No. 2:21-cv-00291-SAB, ECF No. 56, attached hereto as **Exhibit 2**.

**ARGUMENT**

The foregoing documents fit squarely within the ambit of Rule 201, which provides:

> The Court may judicially notice a fact that is not subject to reasonable dispute because it: . . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questions.

F.R.E. 201.

To determine the accuracy of the foregoing one need only review the docket of the District Court.

"[I]t is standard for a court to take judicial notice of the existence of another court's opinion." *Metropolitan Creditors' Trust v. Pricewaterhouse-coopers,*

TRUSTEE'S REQ. FOR JUDICIAL
NOTICE ISO TRUSTEE'S MOTION
TO  DISMISS THIRD-PARTY
COMPLAINT FOR MISJOINDER -- P a g e | 2

*LLP*, 463 F. Supp. 2d 1193, 1197–98 (E.D. Wash. 2006) (citing *Cal. ex rel. RoNo, LLC v. Altus Fin. S.A.*, 344 F.3d 920, 931 (9th Cir. 2003) and *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

## CONCLUSION

Wherefore, the Plaintiff respectfully requests that the Court grant the Motion, allow the Trustee to file the proposed First Amended Complaint, and grant such other and further relief as the Court deems necessary and just.

Dated: December 13, 2022                POTOMAC LAW GROUP PLLC

By: *s/ Pamela M. Egan*
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

TRUSTEE'S REQ. FOR JUDICIAL NOTICE ISO TRUSTEE'S MOTION TO DISMISS THIRD-PARTY COMPLAINT FOR MISJOINDER -- P a g e | **3**

18-03197-FPC7    Doc 967    Filed 12/13/22    Entered 12/13/22 21:48:20    Pg 3 of 3