Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W.
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION TO FIND THE PERKINS GROUP IN CONTEMPT AND TO IMPOSE SANCTIONS** |

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO FIND THE PERKINS GROUP
IN CONTEMPT AND TO IMPOSE SANCTIONS

# TABLE OF CONTENTS

I. JURISDICTION ................................................................................................. 1

II. INTRODUCTION ............................................................................................. 1

III. BACKGROUND FACTS .................................................................................. 2

IV. ARGUMENT ..................................................................................................... 6

    A. Perkins Violated the Automatic Stay Order and the Preliminary Injunction Order ................................................................................... 6

    B. The Court Has the Statutory Power to Impose Civil Contempt Sanctions Against the Perkins Group ............................................................... 7

    C. Sanctions Are Appropriate ............................................................... 8

V. REQUESTED RELIEF ...................................................................................... 9

VI. CONCLUSION .................................................................................................. 9

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO FIND THE PERKINS GROUP
IN CONTEMPT AND TO IMPOSE SANCTIONS - Page i

# TABLE OF AUTHORITIES

### CASES

*FTC v. Affordable Media*, 179 F.3d 1228 (9th Cir. 1999)..........................8

*In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693 (9th Cir. 1993) ...............................................................................................7

*Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178 (9th Cir. 2003) ..........7

*Stone v. City and County of San Francisco*, 968 F.2d 850(9th Cir. 1992)...............8

### STATUTES

11 U.S.C. § 105..........................................................................................7

28 U.S.C. § 1334........................................................................................1

28 U.S.C. § 157..........................................................................................1

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO FIND THE PERKINS GROUP
IN CONTEMPT AND TO IMPOSE SANCTIONS  - Page ii

18-03197-FPC7    Doc 971    Filed 12/13/22    Entered 12/13/22 22:18:39    Pg 3 of 12

Mark D. Waldron, the duly appointed Chapter 7 Trustee ("Trustee") in the above-captioned case, hereby submits this Memorandum in support of the motion (the "Motion"), filed herewith, for an Order imposing civil contempt sanctions against Perkins Coie LLP, Lowell Ness (collectively, "Perkins"), Byrnes Keller Cromwell LLP, Ralph E. Cromwell, Jr., and Joffrey McWilliam (together with Perkins, "Perkins Group"), as set forth below. Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

## I. JURISDICTION

The Bankruptcy Court has jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1). This matter is core. 28 U.S.C. § 157(b)(2)(A) and (O).

## II. INTRODUCTION[1]

The Perkins Group barely escaped being sanctioned by the District Court after lying about the law and the ink has barely dried on this Court's Order finding that the Perkins Group withheld critical documents from the Trustee. Mr. Cromwell has openly stated that he thinks "chaos and confusion" help cases to settle. The Trustee urges the Court to take Maya Angelou's advice, "When someone shows you who they are, believe them the first time," and impose civil contempt sanctions against the Perkins Group for filing the Third-Party Complaint in violation of the Automatic Stay Order and Preliminary Injunction.

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in other sections of this Memorandum.

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO FIND THE PERKINS GROUP
IN CONTEMPT AND TO IMPOSE SANCTIONS - Page 1

The Third-Party Complaint improperly attempts to resurrect Mr. Dam's Lawsuit. Counts 1-3 of the Class Action Complaint filed in Mr. Dam's Lawsuit, alleged entitlement to the GW ICO trust funds. However, these claims are void pursuant to this Court's Automatic Stay Order, ECF No. 921 (main case). Attempting to resurrect the void Contract-Based Claims by filing the Third-Party Complaint violates the Automatic Stay Order.

Mr. Dam's Deception-Based Claims, counts 4-5 of his Class Action Complaint, seek direct and particular damages for Perkins' alleged deceptive acts regarding the Giga Watt Initial Coin Offering. These claims are enjoined until the Trustee's claims against Perkins are resolved. Adv. Proc. No. 21-80053, ECF No. 39 at 31. Attempting to resurrect the enjoined Deception-Based Claims by filing the Third-Party Complaint violates the Preliminary Injunction.

Therefore, the Perkins Group should be held in contempt and sanctioned pursuant to the Court's authority under 11 U.S.C. § 105.

### III. BACKGROUND FACTS

On November 18, 2020, the Trustee commenced an adversary proceeding against Perkins and others, Adversary Proceeding No. 20-80031 ("<u>Trustee's Lawsuit</u>").

On December 16, 2020, Mr. Dam filed a copycat action against Perkins Coie LLP, Lowell Ness, and affiliates in the United States District Court for the

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO FIND THE PERKINS GROUP
IN CONTEMPT AND TO IMPOSE SANCTIONS - Page 2

18-03197-FPC7    Doc 971    Filed 12/13/22    Entered 12/13/22 22:18:39    Pg 5 of 12

Eastern District of Washington, Case No. 2:20-cv-464-SAB ("Mr. Dam's Lawsuit"). Mr. Dam alleged three claims based on contract, ("Contract-Based Claims") and two claims based on Perkins' alleged deceptiveness ("Deception-Based Claims"). RJN No. 1

On September 26, 2021, the Court ruled that the Contract-Based Claims belong to the estate. Therefore, Mr. Dam's assertion of the Contract-Based Claims was barred by the Automatic Stay Order and void. *Memorandum Opinion and Order Regarding Stay and Motion for Order to Show Cause* ("Automatic Stay Order"), ECF No. 921. The Court found that (1) Mr. Dam was trying to "jump the line of bankruptcy creditors," Automatic Stay Order at 26, (2) allowing Jun Dam to recover on these claims "could decrease or eliminate the amount the Trustee could recover for the estate," *id*. at 18, and (3) litigation of the Contract-Based Claims "would interfere with the Trustee's ability to pursue claims for the benefit of all creditors and to ensure that all similarly-situated creditors are treated fairly," *id*. at 18-19. The Perkins Group received a copy of the Automatic Stay Order as a registered participant in this Court's electronic filing system.

On January 7, 2022, the U.S. District Court for the Eastern District of Washington stated:

> In presenting their first argument [on appeal of this Court's *Order Granting Motion to Strike Jury Demand*, ECF No. 49], **<u>Perkins Coie et al. made several misrepresentations to the Court.</u>**

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO FIND THE PERKINS GROUP
IN CONTEMPT AND TO IMPOSE SANCTIONS  - Page 3

18-03197-FPC7    Doc 971    Filed 12/13/22    Entered 12/13/22 22:18:39    Pg 6 of 12

*Order Denying Motions and Appeals*, dated July 7, 2022, Case No. 2:21-cv-00159-SAB, RJN No. 2. (Emphasis added.)

On February 23, 2022, this Court enjoined litigation of the Deception-Based Claims, concluding:

> The pursuit of Mr. Dam's Lawsuit during the pendency of the Trustee's Lawsuit threatens the jurisdiction of this court, the integrity of the bankruptcy process, and the orderly liquidation of the bankruptcy estate.

*Order Denying Mr. Dam's Motion to Dismiss and Granting Trustee's Motion for Preliminary Injunction*, Adv. Proc. No. 21-80053, ECF No. 39 at 31. The Court ordered that Mr. Dam's Lawsuit was "**ENJOINED** until this Court issues a Report and Recommendation to the District Court or until the parties otherwise fully resolve the Trustee's Lawsuit." Preliminary Injunction, ECF No. 39 at 31. (Emphasis in original.) The Perkins Group received notice of the Preliminary Injunction on February 24, 2022. Egan Decl. at ¶ 6.

Mr. Dam has appealed the Automatic Stay Order and the Preliminary Injunction Order to the District Court. Those appeals are consolidated in Case No. 2:22-cv-291-SAB. By Order of the District Court dated January 20, 2022, they are stayed pending the resolution of a mediation before The Honorable Benjamin P. Hursh which is scheduled to occur on January 20, 2022. RJN No. 3. There is no stay of the Trustee's Lawsuit pending Mr. Dam's appeals.

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO FIND THE PERKINS GROUP
IN CONTEMPT AND TO IMPOSE SANCTIONS  - Page 4

On November 23, 2022, this Court found:

> ***Perkins' previous disclosures of documents to the Trustee failed to include several critical documents on which Trustee now relies*** to allege that Perkins represented Debtor and thus had certain legal duties to Debtor that it breached.

*Order Granting Trustee's Motion to Amend Complaint, Motions to Take Judicial Notice, and Denying Motions to Strike Cromwell Affidavit*, ECF No. 134 at 5-6, ¶ 15. (Emphasis added.)

On November 23, 2022, the Trustee filed his First Amended Complaint.

On December 7, 2022, Perkins filed in the Trustee's Lawsuit *Perkins Coie and Lowell Ness' Answer, and Affirmative Defenses to First Amended Complaint and Third-Party Complaint Against Jun Dam and a Class of Similarly Situated Token Purchasers*, ECF No. 139 ("Perkins Answer"). The Perkins Answer includes a Third-Party Complaint in which Perkins joins Mr. Dam and his purported WTT Token class so that they can assert the barred, void Contract-Based Claims and the enjoined Deception-Based Acts Claims. Perkins alleges:

> Both the Trustee and Mr. Dam ***claim an interest in the same funds*** – the token purchase proceeds allegedly deposited into "escrow" in Perkins IOLTA account – and ***which both the Trustee and Mr. Dam claim the right to recover from Perkins***.

Perkins' Answer, Third-Party Complaint at 139: 39:1-4, para. 8. (Emphasis added.) Disregarding the Court's ruling that only the Trustee can assert claims to the GW ICO trust funds, Perkins seeks to join Mr. Dam within the Trustee's

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO FIND THE PERKINS GROUP
IN CONTEMPT AND TO IMPOSE SANCTIONS  - Page 5

Lawsuit "to determine **_the respective rights_** of Perkins, the Trustee, **_and Mr. Dam regarding funds_** held by Perkins in its IOLTA account." Perkins Answer, Third-Party Complaint at 139: 39:5-9, ¶ 9. (Emphasis added.)

Perkins' Answer continues:

> **_Since Mr. Dam_**, in both his individual and representative capacities, **_asserts an interest in the corpus of the alleged trust_** (the escrow and the token purchase proceeds), **_and_** therefore **_claims the rights of a "beneficiary" of the alleged trust_**, Perkins is entitled to and hereby does join him in both his individual and representative capacities, and as a "virtual" representative of other token purchasers . . . **_to determine the respective rights and recovery_**, if any, of the Trustee, **_Mr. Dam, and similarly situated token purchasers_**.

Perkins Answer, Third Party-Complaint, ECF No. 139 at 40:16-24. (Emphasis added.)

Counterintuitively, the Third-Party Complaint alleges that the Automatic Stay Order and Preliminary Injunction "demonstrate that joinder is required under Rule 19." Third-Party Complaint, ECF No. 139 at 40:4-5.

## IV. ARGUMENT

### A. Perkins Violated the Automatic Stay Order and the Preliminary Injunction Order

Joining Mr. Dam so that he can assert the Contract-Based Claims violates the Automatic Stay Order. Joining Mr. Dam so that he can assert the Deception-Based Claims violates the Preliminary Injunction.

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO FIND THE PERKINS GROUP
IN CONTEMPT AND TO IMPOSE SANCTIONS - Page 6

18-03197-FPC7    Doc 971    Filed 12/13/22    Entered 12/13/22 22:18:39    Pg 9 of 12

## B. The Court Has the Statutory Power to Impose Civil Contempt Sanctions Against the Perkins Group

The Bankruptcy Court has the authority to impose civil contempt sanctions under section 105(a) of the Bankruptcy Code when an offending party knowingly violates a definite and specific court order. 11 U.S.C. § 105; *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1189–90 (9th Cir. 2003); *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993). The Trustee has the burden of showing a willful violation of the automatic stay by clear and convincing evidence. *Dyer*, 322 F.3d at 1190–91. Willfulness is established upon a finding that the party knew of the Order and that the actions in violation of the Order were intentional. *See Dyer*, 322 F.3d at 1191 (holding that a party is subject to sanction for violating the automatic stay "upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional").

The Perkins Group received notice of the Automatic Stay Order pursuant to Court's Notice of Electronic Filing system. On February 24, 2022, the Trustee sent a copy of the Preliminary Injunction to Perkins' counsel. Egan Decl. at ¶ 6. Perkins did not file the Third Amended Complaint by accident. Thus, Perkins' violation was willful.

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO FIND THE PERKINS GROUP
IN CONTEMPT AND TO IMPOSE SANCTIONS  - Page 7

18-03197-FPC7    Doc 971    Filed 12/13/22    Entered 12/13/22 22:18:39    Pg 10 of 12

Once willfulness is established, as it is here, "[t]he burden then shifts to the contemnors to demonstrate why they were *unable* to comply" with the Court order. *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (*quoting Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir. 1992)). Therefore, the Perkins Group members are required to explain why they were unable to comply with the Automatic Stay Order and Preliminary Injunction.

C. **Sanctions Are Appropriate**

By willfully violating the Automatic Stay Order and Preliminary Injunction, the Perkins Group is intentionally (1) helping Mr. Dam and his purported class of WTT Token holders to jump the line of bankruptcy creditors, (2) threatening to decrease or eliminate the amount the Trustee can recover for the estate, (3) interfering with the Trustee's ability to pursue claims against Perkins for the benefit of all creditors, and (4) undermining the jurisdiction of this Court, the integrity of the bankruptcy process, and the orderly liquidation of the bankruptcy estate. This inference arises directly from the Perkins Group's knowledge of the Automatic Stay Order and Preliminary Injunction, which expressly state these purposes. Mr. Cromwell's preference for "chaos and confusion" bolsters the inference of an improper intent, making the appropriateness of sanctions all the more urgent. Egan Decl. at ¶ 8.

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO FIND THE PERKINS GROUP
IN CONTEMPT AND TO IMPOSE SANCTIONS  - Page 8

## V. REQUESTED RELIEF

The Trustee requests an Order finding that the Perkins Group is in contempt and sanctioning the members of the Perkins Group by:

1. Holding the Perkins Group in contempt of the Automatic Stay Order and Preliminary Injunction; and

2. Requiring Perkins Coie LLP, Lowell Ness, Brynes Keller Cromwell LLP, Ralph E. Cromwell, Jr., and Joffrey McWilliam, jointly and severally, to pay to the estate $1,000 per day from the date they filed the Third-Party Complaint (December 7, 2022) to the date the Third-Party Complaint is dismissed with prejudice.

## VI. CONCLUSION

WHEREFORE, the Trustee requests sanctions against the Perkins Group as set forth herein and such other and further relief as the Court considers appropriate and just.

Dated: December 13, 2022         POTOMAC LAW GROUP PLLC

By:     s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO FIND THE PERKINS GROUP
IN CONTEMPT AND TO IMPOSE SANCTIONS  - Page 9

18-03197-FPC7    Doc 971    Filed 12/13/22    Entered 12/13/22 22:18:39    Pg 12 of 12