Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
(206) 622-2000
Facsimile No.: (206) 622-2522

Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter: 7

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF WASHINGTON

In Re:

GIGA WATT, INC.,

Debtor.

No. 18-03197-FPC-7

**OBJECTION / OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS**

OBJECTION/OPPOSITION OF "PERKINS
GROUP" TO MOTION FOR CONTEMPT
AND SANCTIONS

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# I.    INTRODUCTION AND RELIEF REQUESTED

Perkins Coie LLP, Lowell Ness, and undersigned counsel, respectfully submit that the Trustee's Motion for Contempt and Sanctions should be denied.

Perkins takes very seriously the automatic stay and this Court's Orders under it and strongly disagrees with the Trustee's argument that somehow the stay or this Court's Preliminary Injunction has been violated. What has occurred here is simple. The Trustee recently abandoned his long-standing theory of a partnership between Giga Watt, Inc. (the "Debtor") and Perkins. In its place, the Trustee filed an Amended Complaint that alleged an Express Trust theory/cause of action. Under Washington law, Perkins is entitled to join all of the potential beneficiaries of an alleged trust in order to avoid inconsistent and/or piecemeal results in multiple lawsuits. Thus, Perkins seeks, pursuant to RCW 11.96A and/or FRCP 19, to join Jun Dam, as he and the class clearly are potential beneficiaries of the Trustee's new theory that a trust existed.

No violation of the automatic stay, no violation of this Court's "Automatic Stay Order," and no violation of this Court's "Preliminary Injunction Order," which temporarily stayed Jun Dam from proceeding before the District Court, have occurred. Perkins merely seeks joinder of a party based on the Trustee's brand-new Express Trust theory, a procedural right to which Perkins is entitled and not a substantive encroachment on the Trustee's efforts to pursue claims that are owned by the

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 622-2000

18-03197-FPC7    Doc 976    Filed 01/03/23    Entered 01/03/23 16:49:46    Pg 2 of 24

bankruptcy estate. Moving for joinder in this context is evidence of Perkins' respect for the Bankruptcy Court's jurisdiction, not any attempt to violate its orders.

Moreover, the automatic stay does not apply to (a) proceedings before this Court, (b) proceedings in which the debtor is the plaintiff, and (c) Perkins' right to avail itself in this adversary proceeding of both substantive and procedural rights to defend and fully adjudicate the claims against it:

> Although the scope of the automatic stay is broad, it does not stay all proceedings. Courts have recognized the automatic stay does not apply to actions against the debtor in the debtor's home bankruptcy court. *In re Miller,* 397 F.3d at 730; *In re N. Coast Vill., Ltd.,* 135 B.R. at 643. Additionally, the automatic stay has been found inapplicable to lawsuits initiated by the debtor. *Eisinger v. Way (In re Way* ), 229 B.R. 11, 13 (9th Cir. BAP 1998) (primary policy considerations do not exist where debtor has initiated a lawsuit against a creditor); *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n,* 892 F.2d 575, 577 (7th Cir. 1989) (statutory language refers to actions "against the debtor"). Alternatively, a defendant in an action brought by a plaintiff/debtor may defend itself in that action without violating the automatic stay. *Gordon v. Whitmore (In re Merrick*), 175 B.R. 333, 336 (9th Cir. BAP 1994); *In re Way,* 229 B.R. at 13.

*In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 663–64 (B.A.P. 9th Cir. 2009), *aff'd*, 654 F.3d 868 (9th Cir. 2011).  Because the automatic stay does not apply in the Trustee's adversary proceeding before this Court, the Automatic Stay and Preliminary Injunction Orders have not been violated and cannot be violated by

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 976    Filed 01/03/23    Entered 01/03/23 16:49:46    Pg 3 of 24

pleadings, claims, or assertions made to this Court in the adversary proceeding. For this reason alone, the Trustee's Motion should be denied.

Likewise, joining Mr. Dam as a necessary party does not violate this Court's Preliminary Injunction Order, which only stayed proceedings in the District Court. The Preliminary Injunction Order, by its terms, does not apply to proceedings in this Court.

This Court's Automatic Stay and Preliminary Injunction Orders, both of which were entered against Jun Dam regarding his class action pending in the District Court, were not intended to, and as Perkins understands the Orders, did not, address, much less adjudicate and limit, Perkins' right to fully and fairly defend itself in this adversary proceeding by availing itself of all of its substantive and procedural rights before this Court.

In his newly filed First Amended Complaint, the Trustee asserts new factual allegations, new theories of liability, and brand-new claims against Perkins—all based on what the Trustee himself presented to this Court as a "paradigmatic shift" in the Trustee's case. ECF 121 at 5:13-14 (Adv. Case No. 21-80031-FPC). In joining Mr. Dam and the class, Perkins merely asserts its right to fully and fairly defend itself by joining necessary parties—all as specifically allowed under Bankruptcy Rule 7019, RCW 11.96A.030 and .080, and by Ninth Circuit and B.A.P. authority interpreting the automatic stay under Section 362.

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 976    Filed 01/03/23    Entered 01/03/23 16:49:46    Pg 4 of 24

Notably, Perkins has not asserted any claim for affirmative relief against the Trustee/Debtor and does not seek to control property of the estate. Nor has Perkins alleged that this Court's prior Orders are ineffective or do not apply here. Rather, Perkins seeks only to have the claims against it joined in one action before one court, to streamline proceedings and avoid inconsistent results, mutually exclusive obligations, and double damages—precisely as permitted by Bankruptcy Rule 7019 and RCW 11.96A.

There are good faith reasons for joining Jun Dam and the class in the adversary proceeding, as Perkins is entitled to do. For example, the Automatic Stay and Preliminary Injunction Orders were based on *allegations* asserted at the time, not on the brand-new claims of the Trustee or any amendments that might later be asserted by the class; critically, the Orders did not decide the merits of any party's claims or determine proven facts. *See e.g.,* Decl. of Cromwell in Supp. of Obj./Opp'n to Mot. for Sanctions & Contempt ("Cromwell Decl."), Ex. 1 at 3:6-11, 3:13-17, 4:5-10 (ECF 920, August 17, 2021 Hearing Tr. regarding the automatic stay & mot. for sanctions against Jun Dam). Thus, joining Mr. Dam and the class in the adversary proceeding is the only way to obtain a single, final judgment with res judicata effect that fully, fairly, and consistently decides all facts and obligations relating to the same events and subject matter. Likewise, because the prior Orders are not on the merits and do not limit or

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 622-2000

18-03197-FPC7    Doc 976    Filed 01/03/23    Entered 01/03/23 16:49:46    Pg 5 of 24

address claims that Mr. Dam and the class might later assert by amendment, if the Trustee succeeded in establishing the existence of an express trust, the class might later amend to assert a similar claim but would not be bound from taking positions inconsistent with this Court's rulings unless joined as a necessary party here. In fact, based on Mr. Blood's arguments at the Show Cause hearing on August 17, 2022, that Mr. Dam's claims are particularized and run against the actual money (or *res*) that Perkins held, it appears virtually certain that Mr. Dam and the Trustee now assert directly competing claims against the "res" of the express trust. *See, e.g.*, *Id.* at 17:8-20, 14:8-16. Thus, Washington law, as cited above, provides for a defendant's rights to join all beneficiaries in one lawsuit to avoid inconsistent results and/or double recovery.

Similarly, if the District Court or the Ninth Circuit reverse this Court's Automatic Stay Order, then the competing claims asserted by the Trustee and Mr. Dam will still be before one court, preventing duplicative proceedings, inconsistent outcomes, and double recovery. Joining Mr. Dam and the class is the best (and only) way to both protect the estate *and* ensure a fair and consistent outcome. As such, it is surprising that the Trustee objects to joinder.

In short, joining Mr. Dam and the class does not violate, and is not an attempt to avoid, this Court's Orders regarding who owns those claims and how they may be

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

prosecuted. Because joinder is made in response to new claims by the Trustee in a proceeding before this Court—the same Court that issued the Orders and that is administering the estate—a violation is an impossibility.

The Trustee's Motion for Contempt and Sanctions does not analyze the applicability of the automatic stay to the adversary proceeding before this Court (it does not apply), does not point to any specific term or prohibition of the Court's Orders that Perkins supposedly violated (there is no violation), and does not explain how the Trustee's prior motions against Jun Dam regarding his claims in the District Court somehow limit and prevent Perkins from availing itself of all of its substantive and procedural rights in the adversary proceeding, particularly when Perkins is responding to new claims based on new factual allegations and new legal theories. Rather, the Trustee's Motion seems to be based on the vague and incorrect implication that Perkins and its counsel seek "chaos and confusion" and that Perkins' defenses are part of that strategy. However, Perkins said no such thing to the Ninth Circuit (or to counsel) and, in fact, seeks the opposite of the chaos and confusion that the current situation presents, involving three different actions, on three different appellate tracks, with a minimum of two different discovery schedules before two different judges, all of which will cause inefficiency and likely inconsistent results for all concerned. It is exactly for this reason

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 976    Filed 01/03/23    Entered 01/03/23 16:49:46    Pg 7 of 24

that the joinder of Mr. Dam is authorized under Bankruptcy Rule 7019 and RCW 11.96A.

For all of these reasons, the Motion for Contempt and Sanctions should be denied.

## II.     BACKGROUND

This Court is familiar with the background facts and the proceedings, which will not be repeated at length here.  The following is a very brief chronology of the various proceedings pertinent to this Motion.

In November of 2020, the Trustee commenced an adversary proceeding against Perkins before this Court.  In his original Complaint, the Trustee claimed that the debtor was the partner of Giga Watt Pte., Ltd. ("Giga Watt Singapore") and that the terms of an escrow Perkins had allegedly breached were incorporated by reference into the WTT Token Purchase Agreements pursuant to which tokens had been sold.  *See, e.g.,* ECF 6 (in Adv. Case No. 20-80031-FPC).  The Trustee claimed that Perkins' alleged breach of the escrow had put the debtor into breach of the Token Purchase Agreements, making the Trustee liable to token purchasers under the Agreements as the partner of the token seller, Giga Watt Singapore.  The Trustee sought as damages the amount of the "escrowed" funds allegedly prematurely released by Perkins. *See id*.

A month later, in December of 2020, Jun Dam, on behalf of himself and a proposed class of token purchasers, filed a class action complaint against Perkins in the

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 7

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

18-03197-FPC7     Doc 976     Filed 01/03/23     Entered 01/03/23 16:49:46     Pg 8 of 24

District Court for the Eastern District of Washington. *See* ECF 1 (Case No. 2:20-cv-00464-SAB) (the "Class Complaint"). The Class Complaint asserted five causes of action against Perkins and, like the Trustee, claimed as damages the "escrowed" funds allegedly prematurely released by Perkins. *See id*.

Six months later, in June of 2021, the Trustee moved in the main bankruptcy proceeding for an order to show cause why Jun Dam should not be sanctioned for violating the automatic stay by filing the Class Complaint. *See* ECF 890. The Trustee claimed that the escrowed funds were intended primarily to benefit the debtor, and that Jun Dam's claims to the escrowed funds were derivative of the debtor's claims. *Id*. at 8.

By Order dated September 26, 2021, this Court held that three of the claims asserted by Jun Dam belonged to the estate, and two did not. Regarding the three claims that belonged to the estate, this Court ordered: "In the case pending in Eastern District of Washington, Case Number 2:2020-cv-00464, pursuit of Class Complaint Counts I, II, and III is stayed. . ." ECF 921 at 29 (the "Automatic Stay Order"). The Automatic Stay Order did not decide the merits of those claims or dismiss them with prejudice. *See id*. Accordingly, they remain pending, but stayed.

On October 7, 2021, Jun Dam filed a Notice of Appeal of the Automatic Stay Order. *See* ECF 922.

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 976    Filed 01/03/23    Entered 01/03/23 16:49:46    Pg 9 of 24

Regarding the two claims that did not belong to the estate, the Trustee subsequently filed an adversary proceeding against Jun Dam and moved this Court to enjoin Mr. Dam's prosecution of those claims in the District Court. *See* ECF 1 and ECF 2-3 (Adv. Case No. 21-80053-FPC). By Order dated February 23, 2022, this Court granted the injunction and specifically ordered: "Eastern District of Washington Case No. 2:20-cv-00464-SAB **IS ENJOINED** until this Court issues a Report and Recommendation to the District Court or until the parties otherwise fully resolve the Trustee's Lawsuit." ECF 38 at 31 (Case No. 21-80053-FPC) (the "Preliminary Injunction Order"). Therefore, the Preliminary Injunction Order operated as a temporary stay of the District Court action.

On March 8, 2022, Jun Dam filed a Notice of Appeal of the Preliminary Injunction Order. *See* ECF 40 (Case No. 21-80053-FPC). The appeals of the Automatic Stay Order and the Preliminary Injunction Order are pending before Judge Bastian in the Eastern District of Washington. *See* ECF 19 (Order Consolidating Appeals) and ECF 56 (Order Staying Appeals) (Case No. 2:21-CV-00291-SAB).

On September 26, 2022, one year after this Court entered the Automatic Stay Order, and six months after the Preliminary Injunction Order, the Trustee moved to amend his complaint in the Trustee's adversary proceeding against Perkins. *See* ECF 115 and 116 (Case No. 20-80031-FPC). The Trustee argued that the Lighthouse

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 9

Byrnes ♦ Keller ♦ Cromwell llp
38th Floor
1000 Second Avenue
Seattle, Washington 98104
(206) 622-2000

18-03197-FPC7    Doc 976    Filed 01/03/23    Entered 01/03/23 16:49:46    Pg 10 of 24

documents on which his motion to amend relied "created a 'paradigmatic shift' in the Trustee's case." ECF 121 at 5:13-14 (Adv. Case No. 21-80031-FPC). In granting the motion to amend, this Court found, among other things, that the Lighthouse documents "reveal new, significant, material facts that have changed the basis and theories of liability." ECF 134 at 6 (Finding No. 16) (Adv. Case No. 21-80031-FPC).

On November 23, 2022, the Trustee filed his First Amended Complaint against Perkins, asserting for the first time (a) that Perkins had acted as the debtor's lawyer and breached fiduciary duties owed to the debtor as its lawyer, and (b) breach of express trust under RCW 11.98. *See* ECF 135 (Adv. Case No. 21-80031-FPC). In response to the Trustee's First Amended Complaint, Perkins joined Jun Dam and the proposed class, as Perkins was entitled to do under RCW 11.96A and Bankruptcy Rule 7019.

## III.    <u>ARGUMENT</u>

### A.    The Automatic Stay Does Not Apply to Proceedings Before This Court or to Claims Asserted by the Trustee.

The Trustee's Motion for Contempt and Sanctions fundamentally attempts to prevent Perkins from availing itself of its substantive and procedural rights in an action by the Trustee before the same court (this Court) that is presiding over the debtor's estate. However, the automatic stay "does not apply to proceedings initiated against the debtor if the proceedings are initiated in the same bankruptcy court where the debtor's bankruptcy proceedings are pending." *In re Miller*, 397 F.3d 726, 730 (9th Cir. 2005).

OBJECTION/OPPOSITION OF "PERKINS
GROUP" TO MOTION FOR CONTEMPT
AND SANCTIONS - 10

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 976    Filed 01/03/23    Entered 01/03/23 16:49:46    Pg 11 of 24

*Accord, e.g.*, *In re Palmdale Hills*, 423 B.R. at 663–64 (discussing cases). Thus, even if Perkins' third-party claims joining Jun Dam somehow sought relief against the debtor or the debtor's property, which they do not, there would be no violation of the automatic stay. *See In re Miller*, 397 F.3d at 730; *In re Palmdale Hills*, 423 B.R. at 663–64.

Likewise, because the automatic stay does not apply to actions brought by a Trustee, the automatic stay does not prevent or prohibit a party sued by the Trustee from defending itself:

> Given this freedom for the debtor or the trustee to prosecute the debtor's claims, an equitable principle of fairness requires a defendant to be allowed to defend himself from the attack without imposing on him a gratuitous impediment in dealing with an adversary who suffers no correlative constraint. **The automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate.** "Though this paragraph will include choses in action and claims by the debtor against others, it is not intended to expand the debtor's rights against others more than they exist at the commencement of the case." Notes of Committee on the Judiciary, S.Rep. No. 989, 95th Cong., 2nd Sess., 82–83 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5868. While it is true that a successful defense to a lawsuit eliminates its alleged value, this results in no loss to the estate, as the debtor admits. There can be no loss of what does not exist.

*In re Merrick*, 175 B.R. 333, 338 (B.A.P. 9th Cir. 1994) (emphasis added) (footnote omitted). *Accord, e.g.*, *In re Palmdale Hills*, 423 B.R. at 663–64 (discussing cases). Thus, here, because Perkins is merely availing itself of its substantive and procedural rights in defense of an action brought by the Trustee, the automatic stay does not apply.

Byrnes ♦ Keller ♦ Cromwell llp
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

*In re Merrick*, 175 B.R. at 338. *Accord, e.g.*, *In re Palmdale Hills*, 423 B.R. at 663–64 (discussing cases).

**B.     The Automatic Stay Order Entered Against Mr. Dam Has Not Been Violated.**

Because this Court's Automatic Stay Order entered against Jun Dam was premised on 11 U.S.C. § 362(a)(3), which does not and cannot apply to proceedings before this Court or to claims brought by the Trustee, the Automatic Stay Order necessarily does not apply in the Trustee's adversary proceeding against Perkins and has not been violated.

Perkins also notes that the Automatic Stay Order, by its express terms is limited to claims asserted by Jun Dam "[i]n the case pending in Eastern District of Washington, Case Number 2:2020-cv-00464." ECF 921 at 29. This is not surprising since the automatic stay applies only to proceedings before other courts and does not apply to proceedings before this Court or to actions in which the Trustee is the plaintiff. Thus, by joining Jun Dam and the proposed class as necessary parties in the Trustee's adversary proceeding, Perkins did not and could not violate the Automatic Stay Order.

Moreover, Perkins has not asserted that Jun Dam is now somehow relieved of this Court's Automatic Stay Order. Rather, unless and until the Automatic Stay Order is reversed, presumably Jun Dam remains collaterally estopped by that Order from pursuing in the adversary proceeding claims that this Court has already held belong to

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 12

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7     Doc 976     Filed 01/03/23     Entered 01/03/23 16:49:46     Pg 13 of 24

the estate of Giga Watt, Inc.  As such, even though the Automatic Stay Order does not apply in the Trustee's adversary proceeding against Perkins, for this reason as well, there has been no violation of the Automatic Stay Order.

Nevertheless, it is worth noting that the Automatic Stay Order (a) was not a decision on the merits, and (b) Mr. Dam has appealed it.  Thus, to fully and finally preclude Mr. Dam's and the class's claims, and particularly if the Order is reversed or modified, Mr. Dam must still be in joined in one action, before one court, with one judge presiding over the proceedings, including discovery—such that the competing claims and interests of the estate and the class will be fairly, fully, efficiently, and finally adjudicated in one proceeding that is binding on all parties and is subject to one right of appeal ensuring consistent outcomes.  Therefore , it is surprising that the Trustee does not want Mr. Dam and the proposed class joined in the Trustee's action against Perkins, as this is the only way to ensure a fair, consistent, and binding result.

**C.   The Injunction Order Entered Against Mr. Dam Has Not Been Violated.**

For the same reasons as discussed above, this Court's Preliminary Injunction Order has not been violated by joining Jun Dam and the proposed class in the Trustee's action against Perkins.  The Trustee's Complaint for injunctive relief against Jun Dam seeks only to enjoin Mr. Dam's and the Class's claim "outside the Bankruptcy Court."  Complaint at ¶ 33 (Adv. Proc. No. 21-80053-FPC).   Likewise, the Preliminary

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 13

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

Injunction Order only enjoined Mr. Dam's prosecution of claims in the "Eastern District of Washington Case No. 2:20-cv-00464-SAB." ECF 38 at 31 (Adv. Case No. 21-80053-FPC). The Preliminary Injunction Order did not address, much less prohibit, Perkins' right to defend itself by joining necessary parties based on the Trustee's assertion of entirely new claims against Perkins. Although the Preliminary Injunction Order does not apply to the Trustee's adversary proceeding against Perkins, because this Court is (a) administering the estate, (b) presiding over the Trustee's action against Perkins, and (c) the same Court that issued the Preliminary Injunction Order temporarily enjoining Jun Dam from prosecuting his claims in the District Court, this Court may both protect the interests of the estate *and* determine how competing claims involving the same events, claims, witnesses, defendants, and damages can efficiently and fairly proceed. Again, Perkins does not understand why the Trustee objects to this procedure, which is specifically contemplated by Bankruptcy Rule 7019 and which is the only way to fairly and efficiently adjudicate competing claims regarding the same subject matter.

**D. Perkins is Entitled to Avail Itself of All Substantive and Procedural Rights to Defend Against the Trustee's First Amended Complaint Which Asserts New Claims Based on New Facts and New Theories.**

In seeking leave to file his First Amended Complaint the Trustee asserted that alleged newly discovered evidence "created a 'paradigmatic shift' in the Trustee's case," ECF 121 at 5:13-14 (Case No. 21-80031-FPC); in granting the motion to amend,

OBJECTION/OPPOSITION OF "PERKINS
GROUP" TO MOTION FOR CONTEMPT
AND SANCTIONS - 14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

this Court concluded that the First Amended Complaint was based on "new, significant, material facts that have changed the basis and theories of liability."  ECF 134 at 6 (Finding No. 16) (Case No. 21-80031-FPC).  Among the claims newly asserted by the Trustee was a claim for breach of express trust under RCW 11.98.  Those claims fall within the Washington Trusts and Estates Dispute Resolution Act ("TEDRA"), RCW 11.96A, which expressly permits any party to "have a judicial proceeding" regarding any issue or dispute involving the rights and legal relations regarding any matter defined under RCW 11.96A.030.  *See* RCW 11.96A.080.  RCW 11.96A.030, in turn, defines "matter" to include, among other things, the determination of any class of persons interested in a trust, the determination of any question arising in the administration of a trust, the determination of any question relating to the construction of a trust, and any accounting from a trustee.

The Class has not yet asserted that the "escrow" is in fact an express trust, although they have asserted claims to recover the purchase proceeds they paid—i.e., the "res" of the trust alleged by the debtor.  If the class is not joined as interested parties under RCW 11.96A or necessary parties under FRCP 19, they can sit back and wait to see if this Court so rules.  In the event this Court finds a trust, the class can amend to assert that Perkins is estopped to deny that the escrow is an express trust, while at the same time asserting that they are not bound by any of this Court's rulings as to how the

OBJECTION/OPPOSITION OF "PERKINS
GROUP" TO MOTION FOR CONTEMPT
AND SANCTIONS - 15

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

18-03197-FPC7     Doc 976     Filed 01/03/23     Entered 01/03/23 16:49:46     Pg 16 of 24

trust works or who the beneficiaries are—because they were not parties to the adversary proceeding. If not joined, the class would be free to pick and choose whatever inconsistent positions best served their interests. In addition, having multiple actions over whether the "escrow" is actually an express trust is highly inefficient for Perkins, for the Court system, and for witnesses. It is for these reasons that TEDRA allows Perkins to "have a judicial proceeding" to determine the respective rights of the debtor and the proposed class of token purchasers to the alleged express trust that Perkins is alleged to have improperly administered. In joining the class, therefore, Perkins is merely exercising its statutory right to defend the Trustee's new claim and determine, in one proceeding, the rights and obligations of Perkins as the alleged trustee of an express trust under Washington law, and of the respective rights of all who claim or may have any interest in the alleged trust.

Likewise, FRCP 19, which is made applicable through Bankruptcy Rule 7019, specifically applies in adversary proceedings and expressly allows Perkins to join necessary parties to avoid the risk of double, multiple, or inconsistent obligations.

In joining Jun Dam and the proposed class as it is entitled to do under Washington law and FRCP 19, Perkins is not asserting or seeking any affirmative relief against the debtor or the property of the debtor and is not required to do so. *See* RCW 11.96A.030 and .080; Fed. R. Civ. P. 19. *See also*, *e.g.*, *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 16

Byrnes ♦ Keller ♦ Cromwell llp
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 976    Filed 01/03/23    Entered 01/03/23 16:49:46    Pg 17 of 24

774, 781 (9th Cir. 2005) (joinder under Rule 19 does not require a claim for affirmative relief against the party to be joined); *Beverly Hills Fed. Sav. & Loan Ass'n v. Webb*, 406 F.2d 1275, 1279-80 (9th Cir. 1969) (same) (allowing joinder of party "for sole purpose of 'facilitating' the enforcement of any orders that might be made by the court with respect to the trust or the trust property"). As such, the joinder of Jun Dam and the proposed class in response to the Trustee's First Amended Complaint is purely defensive, to ensure that Perkins is not subjected to inconsistent claims and obligations. Doing so does not violate the automatic stay or this Court's orders.

### E.   Sanctions Are Neither Authorized Nor Warranted Under the Circumstances.

"[C]ivil contempt is a 'severe remedy.'" *Taggart v. Lorzenzen*, 139 S. Ct. 1795, 1802 (2019). "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Dyer*, 322 F.3d 1178, 1190-91 (9th Cir. 2003). Civil contempt is warranted only where there is "no objectively reasonable basis for concluding [the] . . . conduct might be lawful." *In re Moo Jeong*, No. 6:19-BK-10728-WJ, 2020 WL 1277575, at *4 (B.A.P. 9th Cir. Mar. 16, 2020) (applying *Taggart* to civil contempt for stay violation). "Put differently, when there was no 'fair ground of doubt' as to whether the subject order barred the conduct the violator engaged in, the court has the discretion to hold the violator in contempt of court." *Id.* (quoting *Taggart*, 139 S. Ct. at 1804).

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 17

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7     Doc 976     Filed 01/03/23     Entered 01/03/23 16:49:46     Pg 18 of 24

Here, sanctions are not authorized because, as explained above, the automatic stay does not apply in proceedings before this Court, does not apply to the adversary proceeding by the Trustee against Perkins, does not apply because Perkins' joinder of Jun Dam and the proposed class seeks no affirmative relief against the debtor or its property, and because Perkins did not violate any specific or definite order of this Court.

Moreover, even if the automatic stay or this Court's Orders somehow did apply, there is ample "ground of doubt" whether Perkins was prohibited from defending itself against the Trustee's claims in the adversary proceeding by joining Jun Dam as authorized under Washington law and Bankruptcy Rule 7019. In this regard, Perkins submits herewith the Declaration of Armand J. Kornfeld, an experienced bankruptcy attorney who opines that Perkins' joinder of Jun Dam was reasonable, proper, and not in violation of the automatic stay under the circumstances.

Finally, Perkins notes that the Trustee's request for imposition of a sanction of $1,000 per day for every day from the filing of the Third-Party Complaint to its withdrawal is an improper punitive sanction under Section 105 and is not permitted. *See In re Dyer*, 322 F.3d at 1192 (sanction that is not intended to coerce compliance or compensate for actual damages, and which gives no opportunity to be avoided through compliance, is not permitted under Section 105). Here, the estate has suffered no actual damage through the filing of pleadings before this Court—the same Court presiding

OBJECTION/OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 18

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 976    Filed 01/03/23    Entered 01/03/23 16:49:46    Pg 19 of 24

over the estate. Thus, Perkins' Third-Party Complaint had no chance of resulting in a judgment against the estate without this Court first considering and allowing it. The notion that a pleading filed before the same Court that is presiding over the estate could somehow damage the debtor or its property without action by the Court is baseless. This is precisely why the automatic stay does not apply. The sanctions requested by the Trustee are punitive and impermissible, *see id.*, and should be denied for the same reason they were denied against Jun Dam: there was and is no damage to the estate and there has been no trial or entry of judgment (on the Third-Party Complaint). *See* Automatic Stay Order at 28-29.

### F. The Trustee Has Failed to Properly Serve His Motion For Contempt and Sanctions.

Neither Perkins nor its counsel are parties to the main bankruptcy proceeding and have not been made a party by service of original process. A motion for sanctions is a "contested" matter under the bankruptcy rules and, under Bankruptcy Rule 9014, must be served in the same manner as a summons and complaint under Bankruptcy Rule 7004. The Trustee did not serve its Motion for Contempt and Sanctions in the same manner as original service of process. Accordingly, this Court lacks jurisdiction to enter the requested sanctions.

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**G.    The Trustee's Continued *Ad Hominem* Attacks on Perkins and Its Counsel Are Inaccurate and Irrelevant.**

In motions and other papers the Trustee has repeatedly made *ad hominem* attacks on the integrity of Perkins and its counsel.  While Perkins believes the Trustee's repeated attacks are generally self-serving mischaracterizations, Perkins has attempted to avoid engaging and responding.  The latest attack is the assertion, in the Trustee's Motion for Contempt and Sanctions, that the strategy of Perkins and its counsel is to create "chaos and confusion."  Implicit in this assertion is that Perkins' Third-Party Complaint is part of that strategy.  However, the assertion is incorrect on all fronts.

First, counsel for Perkins never said any such thing.  Rather, in answer to a direct question posed by Judge Graber during oral argument regarding whether the panel should delay announcing its decision until after the mediation scheduled with Judge Hursh, counsel for Perkins stated simply that Perkins would not oppose a delay, adding that "uncertainty" is sometimes helpful to resolving disputes.  *See* Cromwell Decl., Ex. 2 at 14:1-5 (Oral Argument Tr. from Ninth Cir. Case No. 22-35104).  Saying that a short delay is not objectionable is fundamentally different than announcing that Perkins intends to pursue a litigation strategy of chaos and confusion.  With regard to joining the class as necessary parties, the opposite is closer to the truth.  Perkins has repeatedly and expressly told counsel for the Trustee and this Court that it was concerned about inconsistent results and obligations resulting from duplicative actions before two

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

different courts. *Id.*, Ex. 1 at 4:20-5:11 (ECF 920, August 17, 2021 Hearing Tr. regarding the automatic stay motion against Jun Dam). Perkins understood from this Court's comments that this Court shared that concern. *See id*. at 5:12. Ultimately, moreover, the Trustee's *ad hominem* attacks are irrelevant to the issues at hand and detract from the serious case administration issues presented by having multiple actions asserting the same claim and seeking the same damages. The automatic stay does not prohibit Perkins from defending itself in the adversary proceeding and Perkins has not violated the Orders of this Court in doing so.

## IV.  **CONCLUSION**

The automatic stay does not apply. This Court's Orders have not been violated. Sanctions are not authorized or warranted. The Trustee's Motion for Contempt and Sanctions should be denied.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

DATED this 3rd day of January, 2023.

BYRNES KELLER CROMWELL LLP                    MUNDING, P.S.

By /s/ Bradley S. Keller                              By /s/ John Munding
   Bradley S. Keller, WSBA #10665                 John Munding, WSBA #21734
By /s/ Ralph E. Cromwell, Jr.                            309 E. Farwell Rd., Suite 310
   Ralph E. Cromwell, Jr., WSBA #11784             Spokane, Washington 99218
By /s/ Jofrey M. McWilliam                               Phone:   (509) 590-3849
   Jofrey M. McWilliam, WSBA #28441                Fax:     (509) 624-6155
   1000 Second Avenue, 38th Floor                  Email:   john@mundinglaw.com
   Seattle, Washington 98104                    *Attorneys for Perkins Coie LLP and*
   Phone:   (206) 622-2000                   *Lowell Ness*
   Fax:     (206)-622-2522
   Email:   bkeller@byrneskeller.com
          rcromwell@byrneskeller.com
          jmcwilliam@byrneskeller.com

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By /s/ Ralph E. Cromwell, Jr.
    Ralph E. Cromwell, Jr.
*Attorneys for Plaintiffs*
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: rcromwell@byrneskeller.com

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000