Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
(206) 622-2000
Facsimile No.: (206) 622-2522

Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter: 7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In Re: | No. 18-03197-FPC11 |
|---|---|
| GIGA WATT, INC., | **DECLARATION OF ARMAND J. KORNFELD RE OBJECTION/ OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS** |
| Debtor. | |

I, Armand J. Kornfeld, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct to the best of my knowledge, information and belief:

1. I am over the age of 18 and am competent to testify herein.

2. I am a partner in the law firm, Bush Kornfeld LLP, where I have practiced law since July 1, 1992. Prior to Bush Kornfeld, I was an associate attorney

DECLARATION OF ARMAND J. KORNFELD RE OBJECTION/ OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

ga02fp01se

18-03197-FPC7   Doc 978   Filed 01/03/23   Entered 01/03/23 16:54:41   Pg 1 of 10

at Culp Guterson & Grader, a 60-lawyer firm that has since disbanded, from August 1987 until July 1992.

3. I have been engaged in the private practice of law in the state Washington since 1987.

4. Since 1987, my practice has focused on the representation of clients in creditor-debtor, bankruptcy, receiverships, and commercial litigation matters. Specifically, I have represented companies, trustees, creditors, creditor committees, buyers of assets and businesses, individuals, and professionals in Chapter 11 and Chapter 7 bankruptcy cases, as well as in out-of-court workouts and restructures. My practice also includes regularly representing clients in adversary proceedings in bankruptcy and, from time to time, in bankruptcy appeals.

5. My practice typically involves advising clients on fairly complex legal and business issues, not unlike the issues before this Court in the pending litigation involving the Trustee and the Perkins Group.

6. In addition, my practice includes representing receivers and other parties in state court receiverships, as well as representing clients in state court litigation matters.

7. Over the last ten years, I have regularly served as a mediator in two-party and multi-party disputes arising in Chapter 7 cases (typically pending litigation

- 2 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

between trustees and third parties), Chapter 11 cases, and related litigation pending in bankruptcy courts, federal district courts, and state courts.

8. I have regularly written articles and materials for and presented at continuing legal education and similar seminars over the years with the primary focus on bankruptcy law and practice issues.

9. While my bankruptcy practice is centered in Washington, I have represented clients in bankruptcy courts in Oregon, California, Alaska, Delaware, New York, Texas, Colorado, and Montana.

10. In considering the Trustee's Motion for Sanctions and drafting this Declaration, I reviewed the pleadings and documents listed on the attached Exhibit A.

11. My goal is to provide the Court with a practicing lawyer's perspective on the issues here, including the challenges which Perkins and its counsel face in light of the Trustee's recent decision to add an express trust claim under Washington law, while dropping its partnership claims and theories.

12. The Trustee's First Amended Complaint (Dkt. No. 135 in Adv. Case No. 20-80031 FPC) includes a Breach of Trust Claim and the following specific allegation at ¶154, p. 40:

> Perkins is liable for the amount required to restore the value of the trust property to what it would have been had the breach not occurred.

- 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

ga02fp01se

18-03197-FPC7    Doc 978    Filed 01/03/23    Entered 01/03/23 16:54:41    Pg 3 of 10

13. The Trustee's new trust claim directly implicates other parties that are either or both potential trustors and/or beneficiaries, namely the Dam Class members, who paid the token purchase proceeds the Trustee claims constituted the *res* of the alleged trust. As Mr. Dam's counsel has explained in its briefing and oral argument before this Court, Mr. Dam asserts a particularized claim for those very funds, as well. The Trustee has now expanded his legal theories and claims for recovery so that they now overlap and mirror at least some of Mr. Dam's claims/theories/requested recovery.

14. The Trustee's new estate claims expose Perkins to potential double recovery if Mr. Dam is not joined in the adversary proceeding as a necessary party and potential beneficiary. The risk of double recovery exists if the Trustee obtains a judgment against Perkins in this Court, while Mr. Dam later obtains an identical or similar judgment against Perkins in the pending District Court lawsuit.

15. Faced with the risk created by the Trustee's new estate claim, the Perkins Group has reasonably and properly sought to add Mr. Dam to the adversary proceeding, as provided for in RCW 11.96A and FRCP 19 (made applicable by BR 7019), as a party with a direct interest in the *res* which the Trustee seeks to restore and from which the Trustee seeks recovery. The Trustee and Mr. Dam are, essentially, competing direct beneficiaries of the alleged trust.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

ga02fp01se

18-03197-FPC7    Doc 978    Filed 01/03/23    Entered 01/03/23 16:54:41    Pg 4 of 10

16.     With respect to the Perkins Group's decision to seek joinder of Mr. Dam, the Trustee's newly-added claim changes the landscape of what has transpired thus far in this Court. This Court's prior orders related to the application of the automatic stay (Memorandum Opinion and Order Regarding Stay and Motion for Order to Show Cause) ("**Stay Order**") and Rule 105 injunction (Order Denying Mr. Dam's Motion to Dismiss and Granting Trustee's Motion for Preliminary Injunction) ("**Rule 105 Injunction**") were both entered prior to the Trustee's recent assertion of a trust claim. Put differently, the Trustee has changed the procedural and substantive landscape, not the Perkins Group. The Perkins Group is merely addressing the Trustee's new estate claim.

17.     In addition, the Stay Order and the Rule 105 Injunction both apply directly to Mr. Dam and temporarily impose limitations on his rights to pursue claims in the District Court. Neither the Stay Order nor the Rule 105 Injunction apply to the Perkins Group, and the Perkins Group's procedural request to join Mr. Dam does not violate any term of the Stay Oder or the Rule 105 Injunction.

18.     Neither does the request to add Mr. Dam violate the automatic stay, as the request is merely a procedural step in defense of an adversary proceeding prosecuted by the Trustee. Perkins is merely taking steps to defend itself, not taking action against or seeking recovery from assets of the bankruptcy estate. Perkins

- 5

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

ga02fp01se

18-03197-FPC7    Doc 978    Filed 01/03/23    Entered 01/03/23 16:54:41    Pg 5 of 10

asserts no claims against the bankruptcy estate or its assets. The automatic stay is not implicated here.

19. The Trustee created this situation by adding a new estate claim against Perkins. At the same time, the Trustee takes the position that Perkins should not be entitled to avail itself of procedural or substantive defenses to the Trustee's new claim.

20. Not only does the Trustee seek to prevent Perkins from defending itself in avoiding potential double liability, but its Motion for Sanctions also opens with a litany of *ad hominem* attacks on Perkins and its counsel, a surprising approach that adds nothing to the analysis of the unique and unusual procedural issues before this Court, as well as being out of step and inconsistent with customary practice before this Court.

21. Ultimately, Perkins and its counsel have acted reasonably and in good faith here in seeking to join a party based on the Trustee's newly-added estate claims and have not violated the Stay Order or the Rule 105 Injunction in doing so. Rather, Perkins has merely invoked its rights under applicable statutes and procedural rules, and the Court will address those issues methodically and carefully, as it has done throughout this litigation and rule on the joinder issue.

- 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED this 2nd day of January, 2023, in Seattle, Washington.

_____
Armand J. Kornfeld

- 7

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 978    Filed 01/03/23    Entered 01/03/23 16:54:41    Pg 7 of 10

# EXHIBIT A

# EXHIBIT A

1. Class Action Complaint (*Dam v. Perkins Coie LLP, et al*)

2. Perkins Coie and Lowell Ness Answer to Class Action Complaint

3. Verified Complaint (*Waldron v. Perkins Coie LLP, et al*)

4. First Amended Complaint (*Waldron v. Perkins Coie LLP, et al*)

5. Perkins Coie and Lowell Ness Answer to First Amended Complaint, Affirmatives Defenses and Third-Party Complaint

6. Trustee's Motion to Amend Complaint and Notice

7. Declaration of Pamela M. Egan in Support of Trustee Motion to Amend Complaint

8. Perkins' and Ness' Opposition to Trustee's Motion to Amend Complaint

9. Affidavit of Ralph E. Cromwell, Jr. Regarding Trustee's Motion to Amend Complaint

10. Trustee's Reply to Perkins' and Ness' Opposition to Trustee's Motion to Amend Complaint

11. Order Granting Trustee's Motion to Amend Complaint, Motions to Take Judicial Notice and Denying Motion to Strike Cromwell Affidavit

12. Trustee's Motion for Order to Show Cause Why Jun Dam Should not be Sanctioned for Violating the Automatic Stay

13. Memorandum in Support of Motion for Order to Show Cause Why Jun Dam Should not be Sanctioned for Violating the Automatic Stay

14. Statement and Objections of Perkins Coie, LLP to Motion for Order to Show Cause

15. (Jun Dam) Opposition to Motion for Order to Show Cause Why Jun Dam Should not be Sanctioned for Violating the Automatic Stay

16. Trustee's Reply to J. Dam's Objection to Trustee's Motion for Order to Show Cause Why Jun Dam Should not be Sanctioned for Violating the Automatic Stay and Request Evidentiary Hearing

17. Transcript of August 17, 2021 hearing before the Honorable Frederick P. Corbit re Trustee's Motion for Order to Show Cause Why Jun Dam Should not be Sanctioned for Violating the Automatic Stay

18. Bankruptcy Court's Memorandum Opinion and Order Regarding Stay and Motion for Order to Show Cause

19. Verified Complaint for Injunctive Relieve (*Waldron v. Jun Dam*)

20. Trustee's Motion for Injunctive Relief

21. Trustee's Memorandum in Support of Trustee's Motion for Injunctive Relief

22. Declaration of Mark M. Waldron in Support of Trustee's Motion for Injunctive Relief

23. Defendant's (Jun Dam) Opposition to Trustee's Motion for Injunctive Relief

24. Trustee's Motion to Modify Preliminary Injunction

25. Chapter 7 Trustee's Memorandum in Support of Chapter 7 Trustee's Motion to Modify Injunctive Relief

26. Declaration of Pamela M. Egan in Support of Trustee's Motion to Modify Preliminary Injunction

27. Jun Dam's Response and Objection to the Trustee's Motion to Modify Preliminary Injunction

28. Chapter 7 Trustee's Reply to Jun Dam's Response and Objection to the Trustee's Motion to Modify Preliminary Injunction

29. Defendant's (Jun Dam) Supplemental Brief in Opposition to Trustee's Motion to Modify Preliminary Injunction

30. Jun Dam's Motion to Dismiss for Lack of Subject Matter Jurisdiction

31. Trustee's Objection to Motion to Dismiss for Lack of Subject Matter Jurisdiction

32. Defendant's (Jun Dam) Reply in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction

33. Bankruptcy Court Order Denying Mr. Dam's Motion to Dismiss and Granting Trustee's Motion for Preliminary Injunction

34. Trustee's Motion to Find the Perkins Group in Contempt and to Impose Sanctions; Notice Thereon

35. Memorandum of Points and Authorities in Support of Trustee's Motion to Find the Perkins Group in Contempt and to Impose Sanctions

36. Declaration of Pamela M. Egan in Support of Trustee's Motion to Find the Perkins Group in Contempt and to Impose Sanctions