Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W.
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
  *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| | **TRUSTEE'S REPLY TO OBJECTION / OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS** |

TRUSTEE'S REPLY TO OBJECTION / OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS

# TABLE OF CONTENTS

I.  INTRODUCTION ....................................................................................1

II. ARGUMENT ..........................................................................................2

    A.  These issues are not complicated ............................................................2

    B.  Sanctions are needed to coerce the Perkins Group into
compliance with this Court's orders ......................................................4

    C.  This Court has personal jurisdiction over the Perkins Group ..................4

III. CONCLUSION ......................................................................................5

TRUSTEE'S REPLY TO OBJECTION / OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS   - Page i

# **TABLE OF AUTHORITIES**

### Cases

*Matter of Plunkett*, 60 B.R. 290 (Bankr. S.D.N.Y. 1986) ..........................................3

### Rules

Fed.R.Bank.P. 7004 ........................................................................................................4

L.B.R. 2002-1 ................................................................................................................5

Mark D. Waldron, as Chapter 7 Trustee, hereby replies to the Perkins Group's opposition to the Trustee's Motion for Contempt.

## I. INTRODUCTION

No matter how much the Perkins Group disagrees with the Automatic Stay Order and Preliminary Injunction Order, Court Orders have to be obeyed.

Perkins has a track history in this case of crossing boundaries. When Perkins misrepresented the law to the District Court, the Trustee asked the District Court to "check" Perkins. The District Court did so, rebuking Perkins for mischaracterizing the law. *Order Denying Motions and Appeals*, Case No. 2:21-cv-00159, January 7, 2022, ECF No. 21. That did not work.

Secondly, Perkins mischaracterized the facts by withholding from the Trustee correspondence showing an attorney-client relationship with the Debtor.

And now the Perkins Group has violated the Automatic Stay Order and Preliminary Injunction Order. It is claiming that the Orders need to be revised, essentially, because they expose Perkins to multiple liability. But this is not true. The Court set forth a road map for litigating this case which protects Perkins from inconsistent results and double exposure as set forth in the *Trustee's Reply to Objection / Opposition of "Perkins Group" to Motion to Dismiss Third-Party Complaint* ("Reply"), which is incorporated by reference as if set forth fully herein.

TRUSTEE'S REPLY TO OBJECTION / OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS   - Page 1

Also, Perkins is pretending that the First Amended Complaint alleges for the first time that the GW ICO escrow was a trust and that if Perkins had only known the Trustee's true intentions, it would have objected to the Automatic Stay Order and Preliminary Injunction. This is not true. The parties litigated the issue of whether the Trustee was alleging a trust or a contract, as described in the Reply and not repeated here. The Court entered an Order in the Trustee's favor. The trust issue is not new. It is old.

As a sanction, the Trustee has requested an accruing fine, not as punishment, but to coerce the Perkins Group into compliance.

Furthermore, Perkins consented to service by electronic notice and its lawyers appearing before this Court subject themselves to censure for violating Court Orders, as occurred here.

## II. ARGUMENT

### A. These issues are not complicated

The Perkins Group's arguments contradict the following fundamental rules that are known or should be known by anyone practicing in the Bankruptcy Court: (1) stayed claims are void; (2) claims that belong to the estate cannot be asserted anywhere by anyone other than the trustee; (3) the automatic stay applies worldwide without the need for a specific, separate order; (4) federal law, particularly the Bankruptcy Code's automatic stay, prevails over conflicting state

law pursuant to the Supremacy Clause of the United States Constitution; and (5) Court Orders cannot be collaterally attacked.

This is not a case where no order was entered and a party mistakenly but in good faith thought the automatic stay did not apply. Here, the Court expressly held that Mr. Dam's claims of an interest in the GW ICO escrow were stayed. "Once actually notified of the automatic stay, all persons act at their peril in taking acts directed at any property which may be property of the estate." *Matter of Plunkett*, 60 B.R. 290, 293 (Bankr. S.D.N.Y. 1986).

The Perkins Group also turns the Preliminary Injunction Order on its head. They argue that it did not prevent Mr. Dam from asserting his consumer protection act claims in this Court. It ignores the provision in the Order providing that the Trustee's claims against Perkins would be decided first in this Court. The Court would send its Report and Recommendation to the District Court which would then have the benefit of this Court's findings and conclusions while deciding Mr. Dam's case. *Order Denying Mr. Dam's Motion to Dismiss and Granting Trustee's Motion for Preliminary Injunction*, Case No. 21-80053-FPC, February 23, 2022, ECF No. 39 at 3.

One does not need to be an expert in bankruptcy law to understand the terms.

**B. Sanctions are needed to coerce the Perkins Group into compliance with this Court's orders**

The record contradicts Perkins assertion that the Trustee's trust claim is new. Even if it were, Perkins did not have the right to join Mr. Dam in violation of this Court's Orders.

The proposed sanction of $1,000 per day intends to coerce the Perkins Group into complying with the Automatic Stay Order and Preliminary Injunction Order. As soon as Perkins withdraws the Third Amended Complaint, the fine would stop accruing. Therefore, it is not punitive.

When Perkins misrepresented the law to the District Court on appeal of this Court's decision that the Trustee's claims sounded in equity because they alleged that the GW ICO escrow was a trust, the Trustee thought that a verbal reprimand would suffice. The District Court "sternly warned" Perkins. It did not work.

**C. This Court has personal jurisdiction over the Perkins Group**

This Court acquired personal jurisdiction over Perkins when the Trustee mailed the Verified Complaint by first class mail in compliance with Fed.R.Bank.P. 7004. Certificate of Service, ECF No. 14.

Personal jurisdiction is not divided between the main case and an adversary proceeding. In addition, Perkins made a general appearance in the automatic stay litigation when it informed the Court that it was not taking a position regarding ownership of the claims to an interest in the GW ICO escrow. *Statement and*

TRUSTEE'S REPLY TO OBJECTION / OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - Page 4

*Objections of Perkins Coie, LLP to Motion for Order to Show Cause*, ECF No. 893.

By registering with the ECF system, Perkins consented to service by email. L.B.R. 2002-1(b)(3). And the Court has jurisdiction to sanction attorneys who appear before it.

Finally, the Trustee will mail the sanctions papers to the Perkins Group on January 11, 2023, thus remedying any defect in service.

### III. CONCLUSION

The Perkins Group is not entitled to ignore the law, the facts, and the Court's Orders. Yet, it has done all of that. A rebuke from the District Court made no dent in the Perkins Group's conduct. Stronger measures are needed.

WHEREFORE, the Trustee requests an Order finding that the Perkins Group is in contempt and sanctioning the members of the Perkins Group by:

1. Holding the Perkins Group in contempt of the Automatic Stay Order and Preliminary Injunction;

2. Requiring Perkins Coie LLP, Lowell Ness, Brynes Keller Cromwell LLP, Ralph E. Cromwell, Jr., and Joffrey McWilliam, jointly and severally, to pay to the estate $1,000 per day from the date they filed the Third-Party Complaint (December 7, 2022) to the date the Third-Party Complaint is dismissed with prejudice; and

3. Granting such other and further relief as the Court deems equitable and just.

Dated: January 10, 2023         POTOMAC LAW GROUP PLLC

                                By:     s/ Pamela M. Egan
                                        Pamela M. Egan (WSBA No. 54736)
                                        *Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

TRUSTEE'S REPLY TO OBJECTION / OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS - Page 6