Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W.
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| | **TRUSTEE'S MOTION TO STRIKE DECLARATION OF ARMAND J. KORNFELD RE OBJECTION / OPPOSITION OF "PERKINS GROUP" TO MOTION FOR CONTEMPT AND SANCTIONS** |

Mark D. Waldron, as Chapter 7 Trustee, hereby moves to strike the Declaration of Armand J. Kornfeld, ECF No. 978.

Mr. Kornfeld's declaration is a legal brief. Declarations may not contain legal argument. An affidavit is "[a] voluntary declaration of facts." Black's Law Dictionary (10th ed. 2014). It is not a supplemental briefing mechanism. *See e.g., Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 672 (W.D. Wash. 2007) ("The parties are advised that the Court will not consider legal arguments made in a

TRUSTEE'S MOTION TO STRIKE
KORNFELD DECLARATION – Page 1

declaration."). *See Rubin v. Kirkland Chrysler-Jeep, Inc.*, C05-0052C, 2005 WL 8172700 (W.D. Wash. Oct. 7, 2005):

> The Court further notes that there is no proper place in a declaration for the extensive legal argument present in Defendant's declaration. As a general rule, declarations should conform to the requirements of Rule 56(e) and 28 U.S.C. § 1746. If Defendant wished the Court to consider the legal arguments in its declaration, the appropriate place for those arguments would have been in its motion to compel.

*Id*. at *2, n. 1. *See also Automatic Stay Order*, ECF No. 921 at 13-14 (refusing to consider improper arguments presented by declaration).

The Kornfeld Declaration collaterally attacks the Automatic Stay Order and the Preliminary Injunction Order. A collateral attack is any attack on an Order outside of an appeal. Black's Law Dictionary, 10th Ed., 2014. They are impermissible.

The Kornfeld Declaration misstates the law echoing the legal mistakes pointed out in the Trustee's *Reply to Objection / Opposition of Perkins to Trustee's Motion to Dismiss Third-Party Complaint* ("Reply"), filed in the Perkins' adversary proceeding, Adv. P. No. 20-80031, and incorporated herein by reference as if set forth fully herein.

The Kornfeld Declaration repeats the untrue statement that the Trustee's trust allegations are new. Further, it repeats the argument that Perkins held the WTT purchasers' money. The Court found that Mr. Dam's ownership allegations were not well-plead. Automatic Stay Order, ECF No. 921.

TRUSTEE'S MOTION TO STRIKE
KORNFELD DECLARATION – Page 2

Mr. Kornfeld lacks standing to be heard. He is not a party to the case and is not representing any party.

Mr. Kornfeld's law firm was contacted twice by the Debtor who was seeking representation. A turnover request for all recorded information obtained by his law firm has been submitted.

WHEREFORE, the Trustee requests that the Court strike Mr. Kornfeld's declaration and grant such other and further relief as the Court deems appropriate and just.

Dated: January 10, 2023        POTOMAC LAW GROUP PLLC

By:  s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

TRUSTEE'S MOTION TO STRIKE
KORNFELD DECLARATION – Page 3