Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
(206) 622-2000
Facsimile No.: (206) 622-2522

Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter: 7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In Re:

GIGA WATT, INC.,

Debtor.

No. 18-03197-FPC7

**OPPOSITION TO TRUSTEE'S MOTION TO STRIKE DECLARATION OF ARMAND J. KORNFELD**

The Trustee's Motion to Strike the Declaration of Armand J. Kornfeld (ECF 980) should be denied. The Trustee confuses expert opinion for legal argument. The two are not the same. Here, Mr. Kornfeld opines, based on his training and experience, that the conduct of Perkins and its counsel in filing the Third-Party Complaint in the Trustee's adversary proceeding against Perkins was in good faith and objectively reasonable under the circumstances. *See* ECF 978 ¶ 21. Whether conduct is reasonable

OPPOSITION TO TRUSTEE'S MOTION TO STRIKE
DECLARATION OF ARMAND J. KORNFELD - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 985    Filed 01/19/23    Entered 01/19/23 15:52:57    Pg 1 of 5

and/or in good faith under the circumstances is an issue of fact, not law, and an expert may certainly opine, based on training, experience, and industry standards, that challenged conduct is reasonable or in good faith. *See e.g., Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016–17 (9th Cir. 2004) (observing that "expert witness for [the defendant] was permitted to testify" to "*the issue of bad faith*" by showing that the defendant relied on both "Iowa law" and "industry practice" in engaging in challenged conduct) (quoting *Ford v. Allied Mut. Ins. Co.,* 72 F.3d 836, 841 (10th Cir. 1996)).

Moreover, Mr. Kornfeld's expert opinion testimony that Perkins and its counsel acted in an objectively reasonable fashion under the circumstances is relevant to the Trustee's Motion for Sanctions. Specifically, civil contempt "is a severe remedy." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019). Thus, the standard to impose civil contempt is high and requires a finding that there was no objectively reasonable basis for engaging in the challenged conduct:

> [T]he Supreme Court has set a significantly high hurdle for when it [civil contempt] is imposed. *Taggart*, 139 S. Ct. at 1802. The standard is rooted in the concept that "basic fairness requires that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt." Thus, "civil contempt may be appropriate **if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful."**

OPPOSITION TO TRUSTEE'S MOTION TO STRIKE
DECLARATION OF ARMAND J. KORNFELD - 2

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 985    Filed 01/19/23    Entered 01/19/23 15:52:57    Pg 2 of 5

*In re Taggart*, 980 F.3d 1340, 1347 (9th Cir. 2020) (citing *Taggart*, 139 S. Ct. at 1799-1802) (cleaned up and emphasis added). Put differently, only "when there [i]s no 'fair ground of doubt' as to whether the subject order barred the conduct the violator engaged in, the court has the discretion to hold the violator in contempt of court." *In re Moo Jeong*, No. 6:19-BK-10728-WJ, 2020 WL 1277575, at *4 (B.A.P. 9th Cir. Mar. 16, 2020) (quoting *Taggart*, 139 S. Ct. at 1804). Critically, the "objectively reasonable" standard imposed by the Supreme Court in *Taggart* applies to civil contempt as a sanction for violating the automatic stay. *See id.*, at *4 and n.3 (applying *Taggart* standard to civil contempt for stay violation).

Therefore, Mr. Kornfeld's declaration goes directly to a factual finding that must first be made before civil contempt can be imposed: namely, whether the alleged violator acted in an objectively reasonable fashion and there was "fair ground [to] doubt" that filing a pleading in the adversary proceeding would be improper.

Mr. Kornfeld is an extremely well-respected bankruptcy lawyer with decades of experience. He has reviewed the conduct and circumstances and, based on his training and experience, provides the opinion of an experienced practitioner that the conduct at issue was reasonable and proper. An expert opinion may embrace an ultimate issue—in this case whether filing the Third-Party Complaint was reasonable under the

OPPOSITION TO TRUSTEE'S MOTION TO STRIKE
DECLARATION OF ARMAND J. KORNFELD - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 985    Filed 01/19/23    Entered 01/19/23 15:52:57    Pg 3 of 5

circumstances—and is not objectionable on that ground. Fed. R. Evid. 704(a); *Hangarter*, 373 F.3d at 1016–17 (same).

The Trustee's Motion to Strike Mr. Kornfeld's Declaration should be denied.

DATED this 19th day of January, 2023.

BYRNES KELLER CROMWELL LLP

By /s/ Bradley S. Keller
   Bradley S. Keller, WSBA #10665
By /s/ Ralph E. Cromwell, Jr.
   Ralph E. Cromwell, Jr., WSBA #11784
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: bkeller@byrneskeller.com
       rcromwell@byrneskeller.com
*Attorneys for Perkins Coie LLP*

OPPOSITION TO TRUSTEE'S MOTION TO STRIKE
DECLARATION OF ARMAND J. KORNFELD - 4

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18-03197-FPC7    Doc 985    Filed 01/19/23    Entered 01/19/23 15:52:57    Pg 4 of 5

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By /s/ Ralph E. Cromwell, Jr.
Ralph E. Cromwell, Jr.
*Attorneys for Plaintiffs*
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: rcromwell@byrneskeller.com

OPPOSITION TO TRUSTEE'S MOTION TO STRIKE
DECLARATION OF ARMAND J. KORNFELD - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000