1  Pamela M. Egan, WSBA No. 54736
   POTOMAC LAW GROUP PLLC
2  1905 7th Ave. W.
   Seattle, WA 98119
3  Telephone: (415) 297-0132
   Email: pegan@potomaclaw.com
4   *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

5

6              **UNITED STATES BANKRUPTCY COURT**
               **EASTERN DISTRICT OF WASHINGTON**
7

8  In re:                          | Case No. 18-03197 FPC 11

9  GIGA WATT, Inc., a Washington   | The Honorable Frederick P. Corbit
   corporation,
10                  Debtor.        | Chapter 7

11                                 | **TRUSTEE'S REPLY TO PERKINS**
                                   | **GROUP'S OPPOSITION TO**
12                                 | **TRUSTEE'S   MOTION TO**
                                   | **STRIKE DECLARATION OF**
13                                 | **ARMAND J. KORNFELD**

14

15

16

17

18

19

20

21

22  TRUSTEE'S REPLY TO PERKINS GROUP'S
    OPPOSITION TO TRUSTEE'S MOTION
23  TO STRIKE KORNFELD DECLARATION

24

25

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................... 1

II.   ARGUMENT .............................................. 2

    A.   This Court Does Not Need an "Expert" to Explain Either
          Bankruptcy Law or its Own Orders. ................................ 2

    B.   The "Fair Ground of Doubt" Standard Does Not Apply to the
          Perkins Group's Violation of the Automatic Stay Order ................... 3

    C.   The Automatic Stay and Injunction Orders Bound the Perkins
          Group ................................................... 4

    D.   The Perkins Group Did Not Have an Objectively Reasonable
          Basis for Violating the Preliminary Injunction Order. ................... 4

    E.   The Perkins Group Is Not Entitled to the Benefit of the Doubt ............... 5

    F.   Mr. Kornfeld Has Not Complied With a Turnover Request ................... 6

III.  CONCLUSION ............................................. 7

TRUSTEE'S REPLY TO PERKINS GROUP'S
OPPOSITION TO TRUSTEE'S MOTION
TO STRIKE KORNFELD DECLARATION -- i

# TABLE OF AUTHORITIES

## CASES

*Aguilar v. Int'l Longshoremen's Union Local No. 10*,
  966 F.2d 443 (9th Cir. 1992) ..................................................................................2

*Becton Dickinson & Co. v. C.R. Bard, Inc.*,
  922 F.2d 792 (Fed. Cir. 1990) ................................................................................2

*FTC v. Affordable Media*,
  179 F.3d 1228 (9th Cir. 1999) ................................................................................4

*In re Moo Jeong*,
  No. 6:19-BK-10728-WJ, 2020 WL 1277575 (B.A.P. 9th Cir. Mar. 16, 2020)....3

*McComb v. Jacksonville Paper Co.*,
  336 U.S. 187, 69 S. Ct. 497, 500, 93 L. Ed. 599 (1949)................................. 5, 6

*National Abortion Federation v. Center for Medical Progress*,
  21-15953, 2022 WL 3572943 (9th Cir. Aug. 19, 2022)........................................5

*NLRB v. Sequoia Dist. Council of Carpenters, AFL–CIO*,
  568 F.2d 628 (9th Cir. 1977) ..................................................................................4

*Taggart v. Lorenzen*,
  204 L. Ed. 2d 129, 139 S. Ct. 1795 (2019)......................................................... 3, 5

*United States v. Baker*,
  641 F.2d 1311 (9th Cir. 1981) ................................................................................4

*Wilson v. City of Seattle*,
  C10-1412-BAT, 2013 WL 315715 (W.D. Wash. Jan. 28, 2013).........................2

## STATUTES

11 U.S.C. § 105.......................................................................................................2

11 U.S.C. § 362.......................................................................................................2

TRUSTEE'S REPLY TO PERKINS GROUP'S
OPPOSITION TO TRUSTEE'S MOTION
TO STRIKE KORNFELD DECLARATION -- ii

| | |
|---|---|
| 1 | <div align="center">OTHER AUTHORITIES</div> |
| 2 | Black's Law Dictionary, 10th Ed., 2014 ................................................................4 |
| 3 | <div align="center">RULES</div> |
| 4 | 9th Cir. BAP R. 8024-1(c)(2) .....................................................................3 |
| 5 | Fed.R.Bank.P. 7065 ................................................................................4 |
| 6 | Fed.R.Civ.P. 65 ......................................................................................4 |

Mark D. Waldron, in his official capacity, as the Chapter 7 Trustee respectfully replies to the Perkins Group's insistence that Mr. Kornfeld's expertise is needed or appropriate. This reply is supported by the arguments set forth below and the Declaration of Pamela Egan, filed herewith.

## I.    INTRODUCTION

Bankruptcy courts do not need bankruptcy lawyers to educate them on bankruptcy law. Nor do they need bankruptcy lawyers to tell them what their Orders mean.

The "fair ground of doubt" standard enunciated by *Taggert* does not apply to violations of the automatic stay. The Supreme Court said so expressly. In any event, there is no "fair ground of doubt" regarding the meaning of either the Automatic Stay Order or the Preliminary Injunction Order. It barred and enjoined Mr. Dam's claims.

The Automatic Stay Order and the Preliminary Injunction Order bind the Perkins Group and expose it to contempt because they had actual knowledge of the Orders and they are actively encouraging Mr. Dam to violate them.

The Perkins Group's assertion of good faith does not avoid the contempt finding, although it could affect the sanction. In this case, though, the Perkins Group is not entitled to the benefit of any doubt given its prior bad acts of misrepresenting the law to the District Court and misrepresenting the facts to the Trustee.

TRUSTEE'S REPLY TO PERKINS GROUP'S
OPPOSITION TO TRUSTEE'S MOTION
TO STRIKE KORNFELD DECLARATION -- 1

1   Finally, Mr. Kornfeld's role in this case is unclear. His law firm obtained

2   information from the Debtor. Yet, he refuses to turn it over.

3   For all the foregoing reasons, the Trustee respectfully requests that Mr.

4   Kornfeld's declaration be stricken.

5   ## II.    ARGUMENT

6   **A.    This Court Does Not Need an "Expert" to Explain Either Bankruptcy**

7   **Law or its Own Orders.**

8   Expert testimony provides information that is outside the ken of the fact

9   finder. *See, e.g., Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d

10  443, 447 (9th Cir. 1992) (striking expert testimony regarding legal issues of

11  reasonableness and foreseeability is entirely appropriate); *see also Becton*

12  *Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 797 (Fed. Cir. 1990) (holding

13  that witness's legal opinion is "not fact evidence," and thus is insufficient to create

14  genuine issue of material fact). *Accord Wilson v. City of Seattle*, C10-1412-BAT,

15  2013 WL 315715, at *3 (W.D. Wash. Jan. 28, 2013) ("[T]he Court is not bound

16  by a witness's opinions about the law.").

17  This Court understands the automatic stay, sections 362§ and 105 of the

18  Bankruptcy Code, its contempt powers, and the terms of its own Orders. Mr.

19  Kornfeld's expertise is beside the point.

20

21

22  TRUSTEE'S REPLY TO PERKINS GROUP'S
23  OPPOSITION TO TRUSTEE'S MOTION
    TO STRIKE KORNFELD DECLARATION -- 2

24

25

**B.** **The "Fair Ground of Doubt" Standard Does Not Apply to the Perkins Group's Violation of the Automatic Stay Order.**

In *Taggart*, cited by the Perkins Group, the U.S. Supreme Court specifically declined to decide whether the standard for contempt of a discharge injunction is the same as the standard for contempt of the automatic stay. It noted a significant difference between the automatic stay and a discharge injunction:

> The purposes of automatic stays and discharge orders also differ: A stay aims to prevent damaging disruptions to the administration of a bankruptcy case in the short run, whereas a discharge is entered at the end of the case and seeks to bind creditors over a much longer period.

*Taggart v. Lorenzen*, 204 L. Ed. 2d 129, 139 S. Ct. 1795, 1804 (2019).

*Moo Jeong*, also cited by the Perkins Group, is an unpublished memorandum with no precedential value. *In re Moo Jeong,* No. 6:19-BK-10728-WJ, 2020 WL 1277575 (B.A.P. 9th Cir. Mar. 16, 2020); 9th Cir. BAP R. 8024-1(c)(2). Further, in that case, the BAP "assumed" and the parties did not dispute that the "fair ground of doubt" standard applied to the automatic stay violation analysis. *Moo Jeong*, at *4.

In any event, there is no "fair ground of doubt." This Court specifically held that Mr. Dam's first three causes of action against Perkins belong exclusively to the estate. Nonetheless, the Perkins Group seeks to join Mr. Dam precisely so that he can assert those causes of action.

TRUSTEE'S REPLY TO PERKINS GROUP'S
OPPOSITION TO TRUSTEE'S MOTION
TO STRIKE KORNFELD DECLARATION -- 3

1  **C.     The Automatic Stay and Injunction Orders Bound the Perkins Group.**

2          An injunction binds a non-party if it has actual notice, *United States v.*

3  *Baker*, 641 F.2d 1311, 1313 (9th Cir. 1981), and the non-party either "abet[s] the

4  [enjoined party]" in violating the injunction, *NLRB v. Sequoia Dist. Council of*

5  *Carpenters, AFL–CIO*, 568 F.2d 628, 633 (9th Cir. 1977), or is "legally

6  identified" with the enjoined party. *Id.;* Fed.R.Civ.P. 65(d)(2) (applicable hereto

7  by Fed.R.Bank.P. 7065). Abetting means to encourage one to violate a law. *See*

8  Black's Law Dictionary, 10th Ed., 2014 ("To aid, *encourage*, or assist (someone)

9  esp. in the commission of a crime.") (emphasis added).

10         The Perkins Group received notice of the Automatic Stay and Injunction

11  Orders. The proposed joinder not only encourages but requires Mr. Dam to pursue

12  the stayed and enjoined claims. Therefore, the Perkins Group is bound by and

13  violated these Orders.

14  **D.     The Perkins Group Did Not Have an Objectively Reasonable Basis for**

15  **        Violating the Preliminary Injunction Order.**

16         This Court has the discretion to hold the Perkins Group in contempt of the

17  preliminary injunction. To do so, a court must find "by clear and convincing

18  evidence that the contemnors violated a specific and definite order of the court."

19  *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citation omitted).

20  In an unpublished decision issued post-*Taggert*, the Court of Appeals for the

21  Ninth Circuit applied this standard in upholding a District Court's contempt

22  TRUSTEE'S REPLY TO PERKINS GROUP'S
23  OPPOSITION TO TRUSTEE'S MOTION
    TO STRIKE KORNFELD DECLARATION -- 4

24

25

1    decision for violating a preliminary injunction. *National Abortion Federation v.*
2    *Center for Medical Progress*, 21-15953, 2022 WL 3572943, at *2 (9th Cir. Aug.
3    19, 2022).

4    Further, the Perkins Group's joinder of Mr. Dam was not "objectively

5    reasonable" and there is "no fair ground of doubt" as to the terms of the

6    Preliminary Injunction. As set forth in the Trustee's prior filings, and not repeated

7    here, the Preliminary Injunction order established a clear and specific procedure

8    for resolving Mr. Dam's consumer protection claims. His claims would wait until

9    this Court provided its Report to the District Court resolving the Trustee's claims.

10   The First Amended Complaint did not change this procedure.

11   **E.      The Perkins Group Is Not Entitled to the Benefit of the Doubt.**

12   While a party's good faith does not bar civil contempt, it may help to

13   determine an appropriate sanction. *Taggart*, 139 S. Ct. at 1802. *See also McComb*

14   *v. Jacksonville Paper Co.*, 336 U.S. 187, 192-193, 69 S. Ct. 497, 500, 93 L. Ed.

15   599 (1949) (stating that a party's "record of continuing and persistent violations"

16   and "persistent contumacy" justified placing "the burden of any uncertainty in the

17   decree ... on [the] shoulders" of the party who violated the court order). In this

18   case, Perkins misrepresented the law to the District Court pretending that "flexible

19   finality" applied to adversary proceedings and it misrepresented the facts to the

20   Trustee, pretending that it had not represented Giga Watt and that Giga Watt was

21   a "stranger."

22   TRUSTEE'S REPLY TO PERKINS GROUP'S
23   OPPOSITION TO TRUSTEE'S MOTION
     TO STRIKE KORNFELD DECLARATION -- 5

24

25

The Perkins Group's wordsmithing of the Orders is irrelevant. As the Supreme Court stated in *McComb*, "It does not lie in their mouths to say that they have an immunity from civil contempt because the plan or scheme which they adopted was not specifically enjoined." *McComb,* 336 U.S. at 192. In this case, the Preliminary Injunction Order set up a procedure for resolving both the Trustee's and Mr. Dam's claims. The Perkins Group defied that procedure.

**F.      Mr. Kornfeld Has Not Complied With a Turnover Request.**

Unknown representatives of the Debtor (likely Andrey Kuzenny, an admitted embezzler) contacted Mr. Kornfeld's law firm twice seeking representation of the Debtor in this bankruptcy case. Mr. Kornfeld has failed to answer the Trustee's questions regarding these contacts. He has failed to say who contacted his firm and what was said. He has also failed to turn over to the Trustee the information that was exchanged with Mr. Kornfeld's law firm. This lack of cooperation further justifies striking his testimony.

[*This Reply continues on the next page.*]

TRUSTEE'S REPLY TO PERKINS GROUP'S
OPPOSITION TO TRUSTEE'S MOTION
TO STRIKE KORNFELD DECLARATION -- 6

1

### III. CONCLUSION

2          WHEREFORE, the Trustee requests that the Court strike Mr. Kornfeld's

3    declaration and grant such other and further relief as the Court deems appropriate

4    and just.

5    Dated: January 26, 2023          POTOMAC LAW GROUP PLLC

6
                                      By:      s/ Pamela M. Egan
7                                           Pamela M. Egan (WSBA No. 54736)
                                           *Attorneys for Mark D. Waldron, Chapter 7*
8                                           *Trustee, Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22    TRUSTEE'S REPLY TO PERKINS GROUP'S
      OPPOSITION TO TRUSTEE'S MOTION
23    TO STRIKE KORNFELD DECLARATION -- 7

24

25