# Did you own One or More Giga Watt Tokens on November 19, 2018? If so, you may be entitled to a cash award as part of a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer. You have not been sued.*

- A Settlement has been reached to resolve a class action lawsuit against Perkins Coie, LLP, Perkins Coie U.S., P.C., Perkins Coie California, P.C., and Lowell Ness (collectively, "Perkins Coie"). The Settlement will provide $4.5 million to pay Class Members who submit valid claims, for notice and settlement administration costs, and for Plaintiff's Counsel's fees and expenses, and for a Class Representative service award as awarded by the Court.

- The Settlement resolves a lawsuit over whether Perkins Coie improperly released money deposited in its escrow account that was paid to purchase Tokens representing the right to use the Giga Watt Project's cryptocurrency mining facilities.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a cash payment. |
| EXCLUDE YOURSELF | Get out of this lawsuit and Settlement, but preserve your right to sue. Get no cash payment. |
| OBJECT | Write to the Court about why you do not like the Settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | Get no payment. Give up rights. |

- These rights and options, **and the deadlines to exercise them**, are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

# What This Notice Contains

Basic Information ....................................................................................................................- 3 -
Who is in the Settlement ........................................................................................................- 4 -
The Settlement Benefits – What You Get ............................................................................- 4 -
The Lawyers Representing You ............................................................................................- 7 -
Excluding Yourself From The Settlement ............................................................................- 8 -
Objecting to the Settlement ....................................................................................................- 9 -
The Court's Final Approval Hearing ..................................................................................- 10 -
If You Do Nothing ................................................................................................................- 11 -
Getting More Information ...................................................................................................- 11 -

# BASIC INFORMATION

### 1. WHY DID I GET NOTICE AND WHY SHOULD I READ IT?

You are receiving this notice because records indicate you may have owned, as of November 19, 2018, one or more "Tokens" that were supposed to provide access to "Giga Watt" cryptocurrency mining facilities in Eastern Washington.

This Court-approved Notice is provided to you because you have a right to know about a proposed settlement of a class action lawsuit, and about your options before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will pay out the money pursuant to the settlement. You will be informed of the progress of the settlement.

This Notice explains the lawsuit, the settlement, your legal rights, the settlement benefits, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Eastern District of Washington and the case is known as *Dam v. Perkins Coie, LLP, et al.*, Case No. 2:20-cv-00464-SAB. The person who sued is called the Plaintiff. The company and people sued, Perkins Coie, LLP, Perkins Coie U.S., P.C., Perkins Coie California, P.C., and Lowell Ness, are the Defendants. The Defendants are collectively referred to as "Perkins Coie."

Please read this Notice carefully to determine whether you wish to participate in the Settlement. Your rights and options—**and the deadlines to exercise them**—are explained in this Notice. Your legal rights are affected regardless of whether you act.

### 2. WHAT IS THIS LAWSUIT ABOUT?

The lawsuit claims that Defendants improperly released money from an escrow account they controlled. The money in this escrow account represented money collected from the sale of "Tokens" to provide token holders with access to the "Giga Watt Project." The Giga Watt Project was supposed to provide Token purchasers with access to cryptocurrency mining facilities in Eastern Washington maintained by Giga Watt, Inc. ("GW Washington"). The initial sale of Tokens was conducted in May through July of 2017 (the "Initial Token Offering"). The Initial Token Offering proceeds were transferred to Perkins Coie, who was responsible for distributing the proceeds in step with completion of the mining facilities. Despite evidence that the mining facilities were not fully completed, Perkins Coie released all of the Token purchase money held in its escrow account. This lawsuit seeks to recover the money Defendants allegedly released before the proportional completion of the mining facilities.

Perkins Coie asserts that Plaintiff's claims lack merit, does not accurately reflect what happened, and denies any and all liability for the claims alleged in the Action.

### 3. WHY IS THIS A CLASS ACTION?

In a class action, one or more people called "Class Representatives" (in this case, the Plaintiff, Eric Blomquist), sue on behalf of people who have similar claims. All these people are a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those people who properly "exclude" themselves from the Class. U.S. District Judge Stanley A. Bastian is in charge of this class action.

### 4. WHY IS THERE A SETTLEMENT?

> The Court did not decide in favor of Plaintiff or Perkins Coie. Perkins Coie denies doing anything wrong, believes that it has meritorious defenses to Plaintiff's claims, and thinks Plaintiff and the Class would not have won anything at a trial. However, there was no trial. Instead, the parties have agreed to this Settlement to resolve this matter without the expense and uncertainties of additional litigation and trial. The Class Representative and his attorneys believe that the Settlement is in the best interests of the Class Members, and that it is fair, reasonable, and adequate.

## WHO IS IN THE SETTLEMENT

To see if you may be eligible for money from this Settlement, you first have to see if you are a Class Member.

### 5. AM I PART OF THE SETTLEMENT?

With some limited exceptions described below, everyone who fits this description is a Class Member: All persons or entities who owned one or more Tokens on November 19, 2018.

If you received Notice in the mail or via email, it is because records indicate that you may fit the definition. Only persons who meet the criteria set forth above, or any other criteria the Court may later add, and who do not fall within one of the exclusions listed in the next paragraph, will be Class Members. If you were identified as a Class Member by mistake, or if the Court later decides that you do not meet different or added qualifications, you will not be a Class Member. You are not a Class Member merely because you received this Notice.

Excluded from the Settlement and Class are: (1) jurists and mediators who are or have presided over the lawsuit, Plaintiff's Counsel and Defendants' Counsel, their employees, legal representatives, heirs, successors, assigns, or any members of their immediate families; (2) Defendants and any of their subsidiaries, parents, affiliates, and officers, directors, partners, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; (3) GigaWatt Pte., Ltd., Cryptonomos Pte. Ltd., and Giga Watt Inc. and any of these entities' subsidiaries, parents, affiliates, and officers, directors, employees, partners, agents, legal representatives, heirs, successors, or assigns, or any members of their immediate families; and (4) any persons or entities who timely and properly exclude themselves from the Class, as described in responses to Questions 13-14 below.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6. WHAT DOES THE SETTLEMENT PROVIDE?

Subject to Court approval, Perkins Coie has agreed to settle the lawsuit in exchange for creating a $4,500,000 common fund of money. Class notice and claim administration expenses, Plaintiff's Counsel's attorneys' fees and expenses and any service award to the Class Representative (discussed below) will also be paid out of the Common Fund, if approved by the Court. The amount paid to Class Members who submit valid claims is known as the "Net Fund." The settlement distribution process will be administered by an independent Settlement Administrator approved by the Court.

If the Settlement becomes final, Class Members who submit a timely, valid Claim Form will be entitled to a Cash Payment. The Cash Payment to each Class Member will be a pro rata amount of the money remaining in the

Common Fund after paying for Notice and Claim Administration Expenses, Attorneys' Fees and Expenses, a Class Representative Service Award, and (the "Net Fund"). Each Class Members' pro rata amount will be calculated based upon the number of Tokens owned by the Class Member on November 19, 2018, as a percentage of all Tokens owned by Class Members who submit valid claims. The amount of money a Class Member who submits a claim will receive will be calculated by the Settlement Administrator in accordance with the Plan of Allocation, as described in response to Question 9 below, or such other plan of allocation approved by the Court.

If any money is left over that cannot be distributed to the Class Members who submitted a claim because it would be too costly to do so, it will be paid to ORGANIZATION.

### 7. HOW CAN I GET A SETTLEMENT PAYMENT?

If you are a Class Member, you must fill out and submit a Claim Form to qualify for a cash payment. You can fill out and file your Claim at www.GigaWattTokenSettlement.com. You can also download a paper Claim Form from the website or get one by calling the Settlement Administrator at 1-XXX-XXX-XXXX. The completed Claim Form must be submitted online by **Month 00, 0000**, or by mail at the address below, postmarked by **Month 00, 0000**.

Giga Watt Token Settlement Administrator

P.O. Box xxxx

City, State, ZIP Code

Upon receiving a completed Claim Form, the Settlement Administrator will review the documentation and confirm or deny your eligibility for an award.

### 8. WHEN WOULD I GET MY SETTLEMENT PAYMENT?

The Court will hold a hearing on [date] at [time], to decide whether to approve the Settlement. Even if the Court approves the Settlement, there may be appeals. The appeal process can take time, perhaps more than a year. You will not receive your award until any appeals are resolved. Further, the bankruptcy court must approve a settlement Perkins Coie reached with the bankruptcy estate in *In re: Giga Watt, Inc*., Case No. 18-03197-FPC (U.S. Bankr. Ct., E.D. Wash.) For more information, please see the response to Question ___, below. Please be patient.

### 9. WHAT IS THE PROPOSED PLAN OF ALLOCATION?

Your share of the Net Fund will depend on the number of eligible Tokens owned by those who submit valid claims, and the number of eligible Tokens you owned on November 19, 2018.

The objective of the Plan of Allocation is to equitably distribute the Net Fund to Class Members. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to determine and pay the Claims of authorized Claimants for the purpose of making *pro rata* allocations of the Net Fund.

**Determination of Cash Payment Amounts**

Each authorized Claimant shall receive his, her, or its pro rata share of the Net Fund. The pro rata share will be the authorized Claimant's recognized number of Tokens owned on November 19, 2018, as identified in his, her, or its Claim or otherwise determined from available information, divided by the total of recognized Tokens

of all authorized Claimants, multiplied by the total amount in the Net Fund. The determination of eligibility and the calculation of the amount to be distributed will be made by the independent Settlement Administrator appointed by the Court.

To receive a Cash Payment, an authorized Claimant must complete and timely submit a Claim Form to the Claim Administrator. A Claim Form must set forth information confirming the following: (1) the Claimant is a Class Member; (2) the number of Tokens owned on November 19, 2018; (3) the electronic wallet in which the Tokens are held; (4) contact information; and (5) any other relevant information to facilitate the distribution of the Cash Payment.

Upon the Effective Date and receipt by the Settlement Administrator of the funding by Perkins Coie, the Settlement Administrator will distribute Cash Payments from the Net Fund to authorized Claimants. By default, the Settlement Administrator will provide Cash Payments through physical checks to each authorized Claimant. Authorized Claimants receiving their Cash Payment by check will have 90 days from the issue date on the check to cash or deposit the check. The default method by which authorized Claimants receive their Cash Payment may be changed by electing on the Claim Form to receive the amount by means of an electric transfer of funds ("Electronic Transfer"). The Electronic Transfer options are Wire Transfer or Payment by PayPal. Authorized Claimants who elect to receive an Electronic Transfer but fail to provide sufficient or correct information to permit such payment shall be sent their Cash Payment by a physical check.

If an authorized Claimant's Cash Payment calculates to less than $10.00, no distribution will be made to that Class Member.

After the initial distribution of the Net Fund, and after waiting for ninety days from the date the last check or Electronic Transfer is issued, including any check or Electronic Transfer that has been re-issued, the remaining balance, including any funds from failed Electronic Transfers shall be redistributed *pro rata* to authorized Claimants. In the event that any portion of the Net Fund is not distributed to authorized Claimants after all reasonable efforts are made and after waiting for ninety days from the date the last check or Electronic Transfer is issued, including any check or Electronic Transfer that has been re-issued, the remaining balance, including any funds from failed Electronic Transfers shall be redistributed pro rata to authorized Claimants who negotiated the checks or accepted an Electronic Transfer in the initial distribution. If after the initial distribution or redistribution the amount remaining in the Net Fund is de minimis such that further distribution to Class Members would not be economically feasible, the remainder of the Net Fund will be donated to ORGANIZATION, or such other entity approved by the Court.

Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all authorized Claimants. No person shall have any claim against the Parties, Plaintiff's Counsel, Defendants' Counsel, the Settlement Administrator, or any of their agents arising from distributions made substantially in accordance with the Settlement Agreement, the plan of allocation approved by the Court, or further Orders of the Court. The Parties and their respective counsel shall have no responsibility or liability whatsoever for the investment or distribution of the Net Fund; the Plan of Allocation; the determination, administration, calculation, or Cash Payment of any Claim or nonperformance of the Settlement Administrator; the payment or withholding of taxes; or any losses incurred in connection therewith.

The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement Website, www.GigaWattTokenSettlement.com.

**10. IN RETURN FOR THESE SETTLEMENT BENEFITS, WHAT AM I GIVING UP?**

Unless you "exclude" yourself from the Class by timely submitting a Request for Exclusion (see Questions 13-14 below), you will remain in the Class. By remaining in the Class, that means you "release" and cannot sue, continue to sue, or be part of any other lawsuit against Perkins Coie or any other Released Parties, which include the Giga Watt Estate and the Chapter 7 Trustee of the Giga Watt Estate, concerning the claims asserted in this Action.

By remaining in the Class, you also may affect any claim you may have made or will make in the bankruptcy matter captioned *In re Giga Watt, Inc.*, Case No. 18-03197 (E.D. Wash.). Any such effect will be decided by the bankruptcy court in different proceedings.

The Settlement Agreement at Section VII describes these "Released Claims" and "Released Parties" in necessary legal terminology, so read it carefully. For ease of reference, we also attach the full release section to this Notice as Appendix A. The Settlement Agreement is also available at www.GigaWattTokenSettlement.com or in the public court records on file in this Action. You can talk to one of the lawyers listed in response to Question 11 below for free or you can retain your own lawyer at your own expense.

## THE LAWYERS REPRESENTING YOU

### 11. DO I HAVE LAWYERS IN THIS CASE?

The Court has appointed attorneys from the law firm Blood Hurst & O'Reardon, LLP to represent you and the other Class Members. The lawyers are called Class Counsel. They are experienced in handling class action cases. If you want to be represented by your own lawyer, you may hire one at your own expense.

You may contact Class Counsel if you have any questions about this Notice or the Settlement. *Please do not contact the Court.*

**Class Counsel:**
Timothy G. Blood
Thomas J. O'Reardon II
Blood Hurst & O'Reardon, LLP
501 W. Broadway, Suite 1490
San Diego, CA 92101
Tel: 619-338-1100
Email: info@bholaw.com
Website: www.bholaw.com

### 12. HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees up to 25% of the Common Fund (or $1,125,000) and will ask for reimbursement of reasonable expenses. If the Court approves the awards, it will be paid to Class Counsel and their co-counsel who also represents Plaintiff and the Class from the Common Fund. The Class Members will not have to pay anything toward the fees or expenses of Class Counsel.

Class Counsel will also petition the Court for a service award of up to $5,000 for the Class Representative Eric Blomquist to be paid from the Common Fund. The purpose of the service award is to compensate the Plaintiff for his time, efforts, and risks taken on behalf of the Class. The Court may award less than these amounts.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a Cash Payment from this Settlement, but you want to keep whatever legal rights you may have to sue or continue to sue Released Parties such as Perkins Coie on your own, then you must take steps to get out. This is called "excluding" yourself from or "opting out" of the Class.

### 13. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

You do not have to remain in the Class and can exclude yourself (or "opt-out") from the Settlement. If you exclude yourself, you will not be eligible to receive any Cash Payment from the Settlement. If you choose to exclude yourself from the Class, you may pursue whatever legal rights you may have in any separate proceeding if you choose to do so, but you will have to do so at your own expense.

To exclude yourself from the Settlement, you must send a written "Request for Exclusion" addressed to Giga Watt Token Settlement Administrator, EXCLUSIONS, [P.O. Box xxxx, City, State ZIP], in the form of a letter or Request for Exclusion form stating that you want to be excluded from *Dam v. Perkins Coie, LLP, et al.*, Case No. 2:20-cv-00464-SAB. You must sign and mail your Request for Exclusion **postmarked** by [**Month Day, Year**]. You will not be eligible to exclude yourself from the Class after that date.

To ask to be excluded from the Class, your Request for Exclusion *must* state: (1) the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (2) contain a statement that indicates a desire to be excluded from the Class in the Action, such as "I hereby request that I be excluded from the proposed Class in *Dam v. Perkins Coie, LLP, et al.*, Case No. 2:20-cv-00464-SAB"; (3) state the number of Tokens owned by such person or entity on November 19, 2018; (4) identify the wallet address in which the eligible Tokens are or were held; and (5) be signed by the person or entity requesting exclusion or an authorized representative.

A Request for Exclusion that does not include all of the above information, that is sent to an address other than the one listed above, or that is not postmarked on time, will not be valid and the person asking to be excluded will be considered a member of the Class, and will be bound as a Class Member by the Settlement.

No person may opt-out of the Class for any other person or be opted-out by any other person, and no Class Member can be opted-out of the Class through any purported "mass" or "class" opt-outs.

### 14. IF I EXCLUDE MYSELF, CAN I GET MONEY FROM THE SETTLEMENT?

No. If you elect to exclude yourself from the Settlement, do not send in a Claim Form to ask for any money.

If you elect to exclude yourself from the Settlement, you will (i) not have any rights as a member of the Class pursuant to the Settlement; (ii) not be able to receive a Cash Payment, (iii) not be bound by any further orders or judgments in this case, but (iv) will remain able to pursue the claims alleged in the case against Released Parties such as Perkins Coie by filing your own lawsuit at your own expense. If you proceed by filing your own lawsuit, you might receive more or less money than you would otherwise receive under this Settlement, or nothing at all.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 15. HOW CAN I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Class Member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. Note: You cannot ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement awards will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Your objection must be submitted to the Court either by mailing it (or by filing it at any location of the United States District Court for the Eastern District of Washington) and serving it on Class Counsel and Defendants' Counsel to be received no later than **Month DD, 2023**, to the following addresses:

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of Court<br>**United States District Court, Eastern District of Washington**<br>PO Box 2706<br>Yakima, WA 98907 | Timothy G. Blood<br>Thomas J. O'Reardon II<br>**Blood Hurst & O'Reardon, LLP**<br>501 West Broadway, Ste 1490<br>San Diego, CA 92101 | Bradley S. Keller<br>Ralph E. Cromwell, Jr.<br>Jofrey M. McWilliam<br>**Byrnes Keller Cromwell LLP**<br>1000 Second Avenue, 38th Floor<br>Seattle, WA 98104 |

The objection must be in writing, signed, and include the case name ***Dam v. Perkins Coie, LLP, et al.***, **Case No. 2:20-cv-00464-SAB (E.D. Wa.)**. The written objection *must* include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, the name, address, and telephone number of his, her or its counsel; (c) a statement that the objector is a Class Member, including documents sufficient to prove membership in the Class including the number of Tokens owned on November 19, 2018, and identification of wallet in which such Tokens were or are held; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the specific grounds supporting the objection, including any legal or evidentiary support the Class Member wishes to bring to the Court's attention; (f) a statement whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (g) copies of any papers, briefs, or other documents upon which the objection is based; and (h) the objector's handwritten, dated signature (the signature of objector's counsel, an electronic signature, and the annotation "/s" or similar annotation will not suffice).

The Court will consider all objections and comments from Class Members. You do not need to attend the Final Approval Hearing for the Court to consider your objection. If you do intend to appear at the Final Approval Hearing through counsel, your objection or comment must also state the identity of all attorneys representing you who will appear at the Final Approval Hearing.

If you do not submit a written objection or comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses and the Class Representative's service award, in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Final Approval Hearing. However, the Court may excuse your failure to file a written objection upon a showing of good cause, which, if granted, would permit you to still appear at the Final Approval Hearing and object to the Settlement.

The Final Approval Hearing may be adjourned by the Court without further notice sent to the Class. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Class Counsel.

| 16. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND ASKING TO BE EXCLUDED? |
|---|
| Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because you are no longer part of the case. |

# THE COURT'S FINAL APPROVAL HEARING

The Court will hold a "Final Approval Hearing" to decide whether to approve the Settlement. You may attend the Final Approval Hearing, and you may ask to speak, but you do not have to.

| 17. WHEN AND WHERE WILL THE COURT HOLD A HEARING ON THE FAIRNESS OF THE SETTLEMENT? |
|---|
| A Final Approval Hearing has been set for _____, 2023 at \_\_:\_\_ \_\_a.m., before Judge Stanley A. Bastian at the United States District Court for the Eastern District of Washington, 25 South 3rd Street, Room 201, Yakima, WA 98901. <br><br> At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take to make this decision. <br><br> Note: The date and time of the Final Approval Hearing are subject to change by Court Order. Any change will be posted at www.GigaWattTokenSettlement.com. You should check this website or the Court's PACER website to confirm that the date and/or time have not changed. |

| 18. DO I HAVE TO COME TO THE HEARING? |
|---|
| No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you delivered your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. |

| 19. MAY I SPEAK AT THE HEARING? |
|---|
| You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file with the Court a "Notice of Intention to Appear." Be sure to sign the request and include your name, address, and telephone number. You may also be required to provide proof that you are a Class Member. Your Notice of Intention to Appear must be mailed to Class Counsel and Defendants' Counsel and postmarked no later than [date], 2023. It must also be filed with the Clerk of the Court by the same date. The addresses for these three locations are listed in response to Question 15 above. You cannot speak at the Final Approval Hearing if you exclude yourself. |

# IF YOU DO NOTHING

### 20. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will be part of the Class. However, you will not receive a Cash Payment unless you submit a timely, valid Claim Form, as described in response to Questions 6-7 above. Further, you will <u>not</u> be permitted to start a lawsuit or proceeding, continue with a lawsuit or proceeding, or be part of any other lawsuit to assert Released Claims in any other lawsuit against Perkins Coie or the Released Parties, ever again.

# GETTING MORE INFORMATION

### 21. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.GigaWattTokenSettlement.com, or by contacting Class Counsel by email or telephone at the address or number listed in response to Question 11 above.

### 22. HOW CAN I GET MORE INFORMATION?

For more information, or to view key case documents, please visit the Settlement Website at www.GigaWattTokenSettlement.com. If you still have questions, you may contact Class Counsel by email or telephone at the addresses or numbers listed in response to Question 11 above.

You can also access information about this case through the Court's PACER website. To learn about PACER and register for a PACER account, go to https://www.pacer.gov/. Once you have a PACER account, you can access and retrieve documents from the Court's docket for the Action at https://ecf.cand.uscourts.gov/cgi-bin/login.pl. You can also access and retrieve documents from the Court's docket by visiting the Clerk's Office located at United States District Court for the Eastern District of Washington, 25 South 3rd Street, Room 201 Yakima, WA 98901

### 23. ADDITIONAL INFORMATION ABOUT A BANKRUPTCY PROCEEDING

**In addition to this class action, there is a proceeding pending in bankruptcy court in the United States Bankruptcy Court for the Eastern District of Washington against Perkins Coie by Mark D. Waldron, as Chapter 7 trustee. The bankruptcy proceeding is Mark D. Waldron, Chapter 7 Trustee v. Perkins Coie LLCP, Adv. Proc. No. 20-80031 pending in the bankruptcy case, *In re: Giga Watt, Inc.*, Case No. 18-03197-FPC (E.D. Wash.). That proceeding claims that GigaWatt Inc. was damaged by Perkins Coie's alleged improper release of token sale proceeds from an escrow. Perkins has settled that lawsuit at the same time it negotiated the settlement in this class action. Each settlement is contingent on the successful conclusion of the other settlement. The bankruptcy settlement is subject to approval by the bankruptcy court in separate proceedings. It is possible that you will receive separate notices from the bankruptcy court regarding the approval process for that separate bankruptcy settlement. If you have any interest in the bankruptcy, or have filed a claim in the bankruptcy, you should carefully read any such notice.**

**PLEASE DO <u>NOT</u> ATTEMPT TO CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT. IT CANNOT PROVIDE YOU WITH INFORMATION.**

# APPENDIX A

## RELEASE AND WAIVER

A. Upon the Effective Date, unless you exclude yourself ("opt out") from the Settlement Class by timely submitting an Exclusion Request (see Questions 13-14 above), you will remain in the Settlement Class. By remaining in the Settlement Class, you will be deemed a "Releasing Party" and you will have released, waived, forfeited and shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum. These Released Claims are any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Parties, including damages, costs, expenses, penalties, equitable relief, injunctions, and attorneys' fees, known or unknown, suspected or unsuspected, in law or in equity, that arise from or relate to the facts giving rise to this Action.

B. The Settlement Agreement at Section II (titled "Definitions") describes these "Released Claims" and the "Released Parties" in necessary legal terminology and at Section VII (titled "Releases and Additional Conditions of Settlement) further details the Releases, so read these sections carefully. For ease of reference, the Settlement Agreement is available at www.GigaWattTokenSettlement.com or in the public court records on file in this Action.