# EXHIBIT 1.1.D

00205458

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC BLOMQUIST, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERKINS COIE LLP, a Washington limited liability partnership; PERKINS COIE CALIFORNIA, P.C., a California corporation; PERKINS COIE U.S.; and LOWELL NESS, individually,<br><br>Defendants. | Case No: 2:20-cv-00464-SAB<br><br>**CLASS ACTION**<br><br>**[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER**<br><br>Chief Judge Stanley A. Bastian<br><br>Complaint Filed: December 16, 2020<br>Trial Date: Not Yet Set<br><br>**JURY TRIAL DEMANDED** |

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

Exhibit 1.1.D, Page 1 of 8

18-03197-FPC7    Doc 1011-6    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 2 of 9

This matter came on for hearing on _____, 2023. Notice of the hearing has been given in accordance with the Preliminary Approval Order; the represented Parties having appeared by their attorneys of record; an opportunity to be heard having been given to all other persons desiring to be heard as provided in the Class Notice; and having considered the terms of the proposed Settlement Agreement, the application of Class Counsel for an award of attorneys' fees and expenses and for a service award to the Class Representative, and all other the submissions and arguments with respect to the Settlement Agreement, IT IS HEREBY ORDERED AS FOLLOWS:

1. This Final Judgment and Approval Order incorporates the Settlement Agreement, including the Exhibits thereto, and incorporates the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless otherwise stated.

2. The Court has jurisdiction over the subject matter of this Action, and all Parties to the Action for purpose of settlement, including all Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court affirms certification of the following Class for settlement purposes only:

> All persons or entities who owned one or more Tokens on November 19, 2018.
>
> Excluded from the Class are: (i) jurists and mediators who are or have presided over the Action, Plaintiff's Counsel and Defendants' Counsel, their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; (ii) Defendants, any of their subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; (iii) GigaWatt Pte., Ltd., Cryptonomos Pte. Ltd., and Giga Watt Inc. and any of these entities' subsidiaries, parents, affiliates, and officers, directors, employees,

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 1

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205458

Exhibit 1.1.D, Page 2 of 8

18-03197-FPC7   Doc 1011-6   Filed 08/28/23   Entered 08/28/23 22:10:41   Pg 3 of 9

partners, agents, legal representatives, heirs, successors, or assigns, or any members of their immediate families; and (iv) any persons or entities who timely and properly exclude themselves from the Class.

4. The Court finds that the persons and entities excluded from the Class because they filed valid requests for exclusion are identified in Exhibit A to this order. These persons and entities, who filed timely, valid requests for exclusion are not bound by this Final Judgment and Approval Order or the terms of the Settlement Agreement. Such persons and entities are not entitled to any rights or benefits provided to Class Members by the terms of the Settlement Agreement.

5. The Court directed that Class Notice be disseminated pursuant to the Class Notice Program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved Class Notice Program, the Settlement Administrator caused the forms of Class Notice to be disseminated as ordered. The Class Notice advised Class Members of the terms of the Settlement Agreement; the Final Approval Hearing and their right to appear at such hearing; their rights to remain in, or exclude themselves from, the Class and to object to the Settlement Agreement; procedures for exercising such rights; and the binding effect of this Final Judgment and Approval Order, whether favorable or unfavorable, to the Class.

6. The distribution of the Class Notice pursuant to the Class Notice Program constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974); *Rodriguez v. West Publ'g Co.*, 563 F.3d 948, 962 (9th Cir. 2009).

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 2

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205458

Exhibit 1.1.D, Page 3 of 8

18-03197-FPC7    Doc 1011-6    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 4 of 9

7. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and interested persons or entities, that the Settlement Agreement proposed by the Parties is fair, reasonable, and adequate. In reaching this conclusion, the Court considered the record in its entirety and heard the arguments of counsel for the Parties and other persons seeking to comment on the proposed Settlement Agreement. [The Court has carefully considered the objections to the Settlement Agreement, including to Class Counsel's request for attorneys' fees and expenses, and finds the objections are without merit, and they do not undermine the Court's determination that the settlement as a whole "is fundamentally fair within the meaning of Rule 23(e)." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818–19 (9th Cir. 2012). Accordingly, the objections are overruled.

8. The Court has considered a number of factors, including: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Class Members to the Settlement Agreement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of Defendants to withstand a greater judgment; and (8) the reasonableness of the relief provided by the Settlement Agreement in light of the best possible recovery. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992); *Rodriguez*, 563 F.3d at 965.

9. The terms and provisions of the Settlement Agreement are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator: the Honorable Benjamin P. Hursh. Approval of the Settlement Agreement will result in substantial savings of time,

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 3

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205458

Exhibit 1.1.D, Page 4 of 8

18-03197-FPC7    Doc 1011-6    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 5 of 9

money and effort to the Court and the Parties, and will further the interests of justice.

10. All Class Members who have not timely and validly excluded themselves from the Class are Class Members who are bound by this Final Judgment and Approval Order and by the terms of the Settlement Agreement.

11. Nothing in the Settlement Agreement, this Final Judgment and Approval Order, or the fact of the settlement, constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the action.

12. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel and the other Plaintiff's Counsel in prosecuting the claims on behalf of the Class. The efforts of Class Counsel and the other Plaintiff's Counsel have produced the Settlement Agreement entered into in good faith, and which provides a fair, reasonable, adequate, and certain result for the Class. Class Counsel have made application for an award of attorneys' fees and reimbursement of expenses in connection with the prosecution of the Action on behalf of themselves and the other Plaintiffs' Counsel. The requested fee award is 25% of the Common Fund. This amount is fair, reasonable, and adequate under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class Counsel and the other Plaintiff's Counsel in litigating this matter, the degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel's and the other Plaintiff's Counsel's representation of Plaintiff and the Class, and the additional work required of Class Counsel and the

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 4

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205458

Exhibit 1.1.D, Page 5 of 8

18-03197-FPC7    Doc 1011-6    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 6 of 9

other Plaintiff's Counsel to bring this settlement to conclusion. *Hanlon*, 150 F.3d at 1029; *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019). The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the hourly rates of Plaintiff's Counsel are reasonable, and that the hours expended were reasonable. *Hyundai*, 926 F.3d at 570. Accordingly, the Court hereby awards $_____ as attorneys' fees to be paid in accordance with the terms of the Settlement Agreement. Class Counsel shall be responsible for distributing and allocating the attorneys' fees and expenses award to Plaintiff's Counsel in their discretion.

13. Class Counsel have also made application for an award of litigation expenses in connection with the prosecution of the action on behalf of themselves and the other Plaintiff's Counsel. Finding that such expenses were reasonably and necessarily incurred in prosecuting the action on behalf of the Class, the Court approves Class Counsel's request for litigation expenses in the amount of $_____, which is to be paid in accordance with the terms of the Settlement Agreement. *Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003).

14. Further, the Court approves a service award of $_____ for Plaintiff Eric Blomquist. The Class Representative participated in the action, acted to protect the Class, and assisted his counsel. The service award, which is fair, reasonable, and justified, is to be paid in accordance with the terms of the Settlement Agreement. *Rodriguez*, 563 F.3d at 958–59.

15. The Court has considered all relevant factors and hereby approves _____ as the designated *cy pres* recipient of money (if any) remaining after the negotiation period of the Cash Payments in accordance with

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 5

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205458

Exhibit 1.1.D, Page 6 of 8

18-03197-FPC7    Doc 1011-6    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 7 of 9

the Settlement Agreement. *See* ECF No. \_\_\_\_\_ (Declaration of _____ in Support of Cy Pres Designation of_____); *Nachsin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011); *Six (6) Mexican Workers*, 904 F.2d at 1305.

16. The Court hereby dismisses with prejudice this Action, and all Released Claims against each and all Released Parties, and without costs to any of the Parties as against the others.

17. Each and every Releasing Party is hereby deemed to have released, waived, forfeited, and is permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum.

18. Without affecting the finality of this order, the Court reserves jurisdiction over the implementation, administration, and enforcement of this Order, the Final Judgment and the Settlement Agreement, in any proceeding, matter or dispute between Defendants, the Class Representative and/or Class Members.

19. The Parties and the Settlement Administrator are hereby directed and authorized to implement the settlement according to the terms and provisions of the Settlement Agreement. If any material inconsistencies are discovered between this order and the Settlement Agreement, this order will be dispositive, absent approval and further order by the Court.

**IT IS SO ORDERED.**

_____
HONORABLE STANLEY A. BASTIAN
UNITED STATES DISTRICT JUDGE

00205458
[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 6

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

Exhibit 1.1.D, Page 7 of 8

18-03197-FPC7    Doc 1011-6    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 8 of 9

# EXHIBIT A

## TIMELY REQUESTS FOR EXCLUSION ("OPT-OUTS")

1. [ENTER, IF APPLICABLE]

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 7

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205458

Exhibit 1.1.D, Page 8 of 8

18-03197-FPC7    Doc 1011-6    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 9 of 9