# EXHIBIT 1.1.E

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC BLOMQUIST, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERKINS COIE LLP, a Washington limited liability partnership; PERKINS COIE CALIFORNIA, P.C., a California corporation; PERKINS COIE U.S.; and LOWELL NESS, individually,<br><br>Defendants. | Case No: 2:20-cv-00464-SAB<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Chief Judge Stanley A. Bastian<br><br>Complaint Filed: December 16, 2020<br>Trial Date: Not Yet Set<br><br>**JURY TRIAL DEMANDED** |

WHEREAS, this matter has come before the Court pursuant to Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over the action and each of the parties for purposes of settlement and asserts jurisdiction over the Class Members[1] for purposes of effectuating this settlement and releasing their claims.

IT IS HEREBY ORDERED AS FOLLOWS:

## I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1. The terms of the Settlement Agreement filed in this Action are preliminarily approved as fair, reasonable and adequate, are sufficient to warrant sending notice to the Class, and are subject to further consideration at the Final Approval Hearing.

2. The Settlement Agreement was entered into after extensive arm's length negotiations by experienced counsel and with the assistance and oversight of the Honorable Benjamin P. Hursh as mediator. The Court preliminarily finds that the settlement embodied in the Settlement Agreement is sufficiently within the range of reasonableness so that notice of the settlement should be given as provided in the Settlement Agreement and this order. In making this determination, the Court has considered the current posture of this Action and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

## II. THE CLASS, CLASS REPRESENTATIVE AND CLASS COUNSEL

3. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following Class for settlement purposes:

---

[1] All capitalized terms have the meanings as defined in the Settlement Agreement unless otherwise stated.

[PROPOSED]] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTIO SETTLEMENT - 1

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205457

Exhibit 1.1.E, Page 2 of 10
18-03197-FPC7    Doc 1011-7    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 3 of 11

All persons or entities who owned one or more Tokens on November 19, 2018.

Excluded from the Class are: (i) jurists and mediators who are or have presided over the Action, Plaintiff's Counsel and Defendants' Counsel, their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; (ii) Defendants, any of their subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; (iii) GigaWatt Pte., Ltd., Cryptonomos Pte. Ltd., and Giga Watt Inc. and any of these entities' subsidiaries, parents, affiliates, and officers, directors, employees, partners, agents, legal representatives, heirs, successors, or assigns, or any members of their immediate families; and (iv) any persons or entities who timely and properly exclude themselves from the Class.

4. Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds Plaintiff Eric Blomquist is a member of the Class, his claims are typical of the Class, and he has protected and will fairly and adequately protect the interests of the Class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The Court appoints Eric Blomquist as Class Representative for the Class.

5. The Court finds that the Class meets all requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the claims alleged in the first amended class action complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and class counsel; (e) predominance of common questions of fact and law among the Class; and (f) superiority. *See Hanlon*, 150 F.3d at 1023–24 (affirming certification of a settlement class).

6. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court appoints Timothy G. Blood and Thomas J. O'Reardon II of Blood Hurst & O'Reardon, LLP as Class Counsel to represent the Class Members. *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

[PROPOSED]] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTIO SETTLEMENT - 2

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205457

Exhibit 1.1.E, Page 3 of 10
18-03197-FPC7    Doc 1011-7    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 4 of 11

7. The Court confirms the appointment of Epiq Class Action and Claims Solutions as the Settlement Administrator. Certain fees and costs associated with the Class Notice Program shall be advanced by Defendants, as set forth in the Settlement Agreement. The Settlement Administrator is directed to perform all responsibilities assigned in the Settlement Agreement.

8. If the Settlement Agreement is not finally approved by the Court, or for any reason the Final Judgment and Approval Order is not entered as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then:

(a) All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force or effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The provisional certification of the Class shall be vacated automatically and the Action shall proceed as though the Class had never been certified;

(c) Nothing contained in this order is to be construed as a presumption, concession or admission by or against Defendants or Class Representative of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action;

(d) Nothing in this order pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in the Action; and

(e) All of the Court's prior orders having nothing whatsoever to do with class certification or the Settlement Agreement shall remain in force and effect.

[PROPOSED]] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTIO SETTLEMENT - 3

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205457

Exhibit 1.1.E, Page 4 of 10
18-03197-FPC7    Doc 1011-7    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 5 of 11

## III. NOTICE TO CLASS MEMBERS

9. The Court has considered the proposed Class Notice in the Settlement Agreement and finds that the forms of Class Notice and the Class Notice Program as described in the Settlement Agreement and in the Declaration of the Settlement Administrator: (a) meet the requirements of due process and Federal Rule of Civil Procedure 23(c) and (e); (b) constitutes the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the constitutional requirements regarding notice. In addition, the forms of Class Notice: (a) apprise Class Members of the terms of the proposed settlement and their rights and deadlines under the settlement; (b) are written in simple terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves, as to form and content, each of the forms of Class Notice (the Long-form Class Notice, Email Notice and Postcard Notice) and the Class Notice Program as described in the Settlement Agreement and in the Declaration of the Settlement Administrator in all respects, and it hereby orders that notice be commenced within thirty (30) days of this order.

10. The Court further approves the establishment of a Settlement Website as described in the Settlement Agreement and in the Declaration of the Settlement Administrator. The Settlement Website (www.GigaWattTokenSettlement.com) shall include a copy of the Settlement Agreement and its Exhibits, orders of the Court relating to the Settlement Agreement and any other materials or information the Parties agree to include. The Notice and Claim Administration Expenses are to be paid in accordance with the Settlement Agreement. The Parties are hereby authorized to establish the means necessary to implement the Class Notice.

[PROPOSED]] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTIO SETTLEMENT - 4

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205457

Exhibit 1.1.E, Page 5 of 10
18-03197-FPC7   Doc 1011-7   Filed 08/28/23   Entered 08/28/23 22:10:41   Pg 6 of 11

11. The Court is aware that Defendants, as described in the Settlement Agreement, will provide all information they can reasonably obtain to the Settlement Administrator for the sole purpose of providing Class Notice directly to the Class Members.

## IV. REQUEST FOR EXCLUSION FROM THE CLASS

12. Class Members who wish to opt out of the Class must do so no later than the Opt-Out Date. To opt out, a Class Member must send to the Settlement Administrator a written Request for Exclusion that is received no later than twenty-one (21) days before the date first set for the Final Approval Hearing. A Request for Exclusion may also be electronically submitted at the Settlement Website by the Opt-Out Date. The Request for Exclusion must be personally signed by the Class Member, contain a statement that indicates a desire to be excluded from the Class, indicate the number of Tokens owned on November 19, 2018, and identify the wallet in which the Tokens are held.

13. Class Members who properly request to be excluded from the Class shall not: (a) be bound by any orders or judgments entered in the Action relating to the Settlement Agreement; (b) be entitled to a Cash Payment or be affected by the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement.

14. Any Class Member who does not properly and timely exclude himself/herself/itself from the Class shall remain a Class Member and shall be bound by all the terms and provisions of the Settlement Agreement and the Settlement and the Final Judgment and Approval Order.

[PROPOSED]] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTIO SETTLEMENT - 5

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205457

Exhibit 1.1.E, Page 6 of 10
18-03197-FPC7    Doc 1011-7    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 7 of 11

## V. OBJECTIONS

15. Any Class Member who has not requested exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to the requested award of attorneys' fees, costs, and expenses, or the requested service awards to the Class Representative, must file the objection with the Court and serve it on Class Counsel and Defendants' Counsel no by the Objection Date which is no later than twenty-one (21) days before the date first set for the Final Approval Hearing.

16. Any objection must be in writing and include the following information: (a) a heading which refers to the case name and number (*Dam v. Perkins Coie LLP, et al.*, Case No. 2:20-cv-00464-SAB (E.D. Wash.); (b) the objector's name, address, telephone number and, if represented by counsel, the name, address, and telephone number of his/her counsel; (c) a statement that the objector is a Class Member, indicate the number of Tokens owned on November 19, 2018, and identify the wallet in which the Tokens were held; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the specific grounds supporting the objection; (f) a statement whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (g) copies of any papers, briefs, or other documents upon which the objection is based; and (h) the objector's handwritten, dated signature (the signature of objector's counsel, an electronic signature, and the annotation "/s" or similar annotation will not suffice).

17. The Court will require substantial compliance with the requirements above. If the objector does not submit an objection in accordance with the deadline and procedure set forth above, the objector will waive any right to be

[PROPOSED]] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTIO SETTLEMENT - 6

00205457

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

Exhibit 1.1.E, Page 7 of 10
18-03197-FPC7    Doc 1011-7    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 8 of 11

heard at the Final Approval Hearing. However, the Court may excuse the objector's failure to file a written objection upon a showing of good cause, which, if granted, would permit the objector to still appear at the Final Approval Hearing and object to the settlement.

## VI. FINAL APPROVAL HEARING

18. The Final Approval Hearing will be held on [105 days after entry of the Preliminary Approval Order, or as soon thereafter as the Court's schedule permits] at _____ Pacific Time before this Court, at the United States District Court for the Eastern District of Washington, 25 South 3rd Street, Room 201 Yakima, WA 98901 to consider, *inter alia*: (a) whether the Class should be certified for settlement purposes; (b) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; and (c) Class Counsel's application for attorneys' fees, costs and expenses and a Class Representative service award.

19. No later than forty-two (42) days before the Final Approval Hearing, the Parties shall file their opening papers in support of their motion for final approval of the settlement and application for an award of attorneys' fees, costs and expenses and the Class Representative service award. No later than seven (7) days before the Final Approval Hearing, the Parties shall file their reply papers as needed, including as needed to respond to any valid and timely objections.

20. Any Class Member who has not excluded himself/herself/itself from the Class may appear at the Final Approval Hearing in person or by their counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the Settlement Agreement and/or the fee request. Any Class Member wanting to be heard at the Final Approval Hearing shall send a letter

[PROPOSED]] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTIO SETTLEMENT - 7

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205457

Exhibit 1.1.E, Page 8 of 10
18-03197-FPC7    Doc 1011-7    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 9 of 11

saying that it is his/her/its "Notice of Intention to Appear in *Dam v. Perkins Coie LLP, et al.*" Such a letter shall be filed with the Court, served on Class Counsel and Defendants' Counsel, and postmarked on or before seven (7) days prior to the date first set for the Final Approval Hearing. In the notice, the Class Member must include his/her/its name, address, and telephone number, and the name, address, and telephone number of counsel, if any, that will appear.

21. Any Class Member wanting to speak at the Final Approval Hearing without having followed these procedures, may do so only upon demonstrating good cause to the Court.

22. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court, on the Court's website, and/or the Settlement Website at www.GigaWattTokenSettlement.com.

## VII. OTHER PROVISIONS

23. The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement.

24. The deadlines set forth in this order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by order of the Court, for good cause shown, without further notice to the Class Members – except that notice of any such extensions shall be included on the Settlement Website, www.GigaWattTokenSettlement.com. Class Members are advised to check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

25. Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this order or

[PROPOSED]] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTIO SETTLEMENT - 8

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205457

Exhibit 1.1.E, Page 9 of 10
18-03197-FPC7    Doc 1011-7    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 10 of 11

the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Class Notice or to any other exhibits that the parties jointly agree are reasonable or necessary.

26. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

**IT IS SO ORDERED.**

_____
HONORABLE STANLEY A. BASTIAN
UNITED STATES DISTRICT JUDGE

[PROPOSED]] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTIO SETTLEMENT - 9

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205457

Exhibit 1.1.E, Page 10 of 10
18-03197-FPC7    Doc 1011-7    Filed 08/28/23    Entered 08/28/23 22:10:41    Pg 11 of 11