# EXHIBIT 1.2

| | |
|---|---|
| Pamela M. Egan, WSBA #54736<br>Potomac Law Group PLLC<br>2212 Queen Anne Ave., #836<br>Seattle, WA 98109<br>Tel: (415) 297-0132<br>Email: pegan@potomaclaw.com<br>*Attorneys for Mark D. Waldron, Trustee* | Douglas A. Hofmann, WSBA #6393<br>Williams, Kastner & Gibbs PLLC<br>601 Union Street, Suite 4100<br>Seattle, WA 98101-2380<br>Tel: (206) 628-6600<br>*Attorneys for Refael Sofair, Creditor* |

Timothy G. Blood (PHV)
Blood Hurst & O'Reardon, LLP
501 W. Broadway, Suite 1490
San Diego, CA 92101
Tel: 619-338-1100
Email:tblood@bholaw.com
  *Attorneys for Refael Sofair, Creditor*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re Giga Watt, Inc., a Washington corporation,<br><br>　　　　　　　Debtor. | Case No. 18-03197<br><br>The Honorable Frederick P. Corbit<br><br>**STIPULATION REGARDING CLAIM OF REFAEL SOFAIR, CLAIM NO. 70-1** |

Mark D. Waldron, Chapter 7 Trustee, and Refael Sofair, a creditor in this case, (individually each a "Party" and collectively the "Parties") hereby stipulate to the following:

1. Within five business days after the Effective Date (defined below):

    a. Mr. Sofair shall file with this Court a Notice of Withdrawal in substantially the form attached hereto as **Exhibit A**, withdrawing his Clam No. 70-1 ("Sofair Claim") previously filed in the above-captioned bankruptcy case;

STIPULATION REGARDING SOFAIR CLAIM
AND SOFAIR ACTION – Page 1

        b.        Mr. Sofair shall file with the United States District Court, Eastern District of Washington, the Notice of Dismissal in substantially the form attached hereto as **Exhibit B**, dismissing with prejudice the action captioned, *Sofair v. Giga Watt, Inc., et al.*, Case No. 2:18-cv-308 SAB ("Sofair Action").

2.        Upon the filing of the Notice of Withdrawal and Notice of Dismissal referenced in Paragraph 1 above, Mr. Sofair shall have an allowed general unsecured claim in the amount of $16,977, entitling Mr. Sofair to receive a *pro rata* share of property of the estate pursuant to 11 U.S.C. § 726(a)(2).

3.        "Effective Date" has the meaning ascribed to it in that Settlement Agreement and Release, between Mark D. Waldron, as Chapter 7 Trustee, on the one hand, and Perkins Coie LLP and Lowell Ness, on the other.

4.        The Trustee will ask the Bankruptcy Court to approve this Stipulation in the same motion in which he seeks approval of the Settlement Agreement and Release.

5.        This Stipulation and all obligations and rights provided herein are contingent on Bankruptcy Court approval of the Settlement Agreement and Release, Bankruptcy Court approval of this Stipulation, and the occurrence of the Effective Date. For the avoidance of doubt, if the foregoing approvals are not obtained and if the Effective Date does not occur, then the Parties shall retain all the rights that they would have had had they not entered into this Stipulation.

6.        In entering into this Stipulation, Mr. Sofair acknowledges that he has relied upon the legal advice of his attorneys, who are the attorneys of his own choosing, that such terms are fully understood and voluntarily accepted by him,

and that, other than the consideration set forth herein, no promises or representations of any kind have been made to Mr. Sofair. Mr. Sofair represents and acknowledges that in executing this Stipulation he did not rely, and has not relied, upon any representation or statement, whether oral or written, made by theTrustee or by the Trustee's employees, or attorneys with regard to the subject matter, basis, or effect of this Stipulation Agreement or otherwise.

7. The Stipulation may not be changed, modified, or amended except in a writing signed by Mr. Sofair and the Trustee or their counsel, and, if required, approved by this Court.

8. The determination of the terms and conditions contained herein and the drafting of the provisions of this Stipulation have been by mutual understanding after negotiation, with consideration by and participation of Mr. Sofair, the Trustee and their counsel. This Stipulation shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting. Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Stipulation and the Parties agree that the drafting of this Stipulation has been a mutual undertaking.

9. This Stipulation, including all exhibits, shall constitute the entire agreement between the Trustee and Mr. Sofair with respect to the Sofair Claim and the Sofair Action.

10. Except as provided herein, this Agreement shall be and remain in effect despite the discovery or existence of any new or additional fact, or any fact

1 different from that which either Party now knows or believes to be true.

2 Notwithstanding the foregoing, nothing in this Agreement shall be construed as,

3 or constitute, a release of any Party's rights to enforce the terms of this

4 Agreement.

5     11. The Agreement may be executed by the Parties in one or more

6 counterparts, each of which shall be deemed an original but all of which together

7 shall constitute one and the same instrument. Facsimile signatures or signatures

8 sent by email be treated as original signatures and shall be binding.

Dated: October __, 2023    POTOMAC LAW GROUP PLLC

By: _____
    Pamela M. Egan
    2219 Queen Anne Ave., #836
    Seattle, WA 98109
    Tel.: (415) 297-0132
    Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Trustee*

Dated: October ___, 2023    WILLIAMS, KASTNER & GIBBS PLLC

By:   /s/ Douglas A. Hofmann
    Douglas A. Hofmann, WSBA #6393
    Williams, Kastner & Gibbs PLLC
    601 Union Street, Suite 4100
    Seattle, WA 98101-2380
    Tel: (206) 628-6600
     *Attorneys for Refael Sofair, Creditor*

STIPULATION REGARDING SOFAIR CLAIM
AND SOFAIR ACTION – Page 4

Exhibit 1.2, Page 4 of 4