EXHIBIT 1

1   Pamela M. Egan, WSB No. 54736
    POTOMAC LAW GROUP PLLC
2   2212 10th Ave. W., #836
    Seattle, WA 98109
3   Telephone: (415) 297-0132
    Fax: (202) 318-7707
4   Email: pegan@potomaclaw.com
       *Attorneys for Mark D. Waldron, Chapter 7 Trustee*
5

6                    **UNITED STATES DISTRICT COURT**

7                   **EASTERN DISTRICT OF WASHINGTON**

8   JUN DAM, individually and on behalf        Case No. 2:20-cv-00464
    of all others similarly situated,
9                                              The Honorable Stanley A. Bastian
                           Plaintiff,
10         vs.                                 **CHAPTER 7 TRUSTEE'S STATUS**
                                               **CONFERENCE STATEMENT**
11  PERKINS COIE, LLP, a Washington
    limited liability partnership;            **HEARING:**
12  PERKINS COIE I, P.C., a
    Washington corporation registered in     **October 5, 2023, 10 a.m. PT**
13  California; PERKINS COIE
    CALIFORNIA P.C., a California
14  corporation, and LOWELL NESS,
    individually,
15
                           Defendants.
16

17

18

19

20

21

22

23

24  CHAPTER 7 TRUSTEE'S STATUS                              Exhibit 1
    CONFERENCE STATEMENT
25

1

# **TABLE OF CONTENTS**

2

I.    INTRODUCTION...................................................................................... 1

3

II.   POINTS AND AUTHORITIES.............................................................. 3

4

    A.    Relief From the Automatic Stay and the Preliminary Injunction
5

         Are Necessary ............................................................................. 3

6

    B.    Jurisdiction to Lift the Stay and Modify the Preliminary Injunction
         Lies in the Bankruptcy Court............................................ 5

7

    C.    Remand Is Prudent When the Divestment Rule's Application
8

         is Unclear ................................................................................... 6

9

    D.    Approval of the Trustee's Settlement Will Not Terminate or
         Moot the Automatic Stay Order and the Preliminary Injunction Order
10

         ................................................................................................... 7

11

    E.    Mr. Dam and Perkins Should Not Be Heard to Complain
         About the Amount of Time it Would Take to Obtain a Remand ....... 8

12

III.  RESERVATION OF RIGHTS ................................................................ 10

13

IV.  CONCLUSION ....................................................................................... 10

14

15

16

17

18

19

20

21

22

23

24

CHAPTER 7 TRUSTEE'S STATUS
CONFERENCE STATEMENT – Page i

Exhibit 1

25

1

## TABLE OF AUTHORITIES

2

### CASES

3

4

*Cold Mountain v. Garber*, 375 F.3d 884 (9th Cir. 2004), *as amended* (Aug. 9, 2004) ........................................................................................................ 2, 5

5

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) ...................... 7

6

*In re LPM Corp.*, 269 B.R. 217 (B.A.P. 9th Cir. 2001) ....................................... 4

7

*In re LPM Corp.*, 300 F.3d 1134 (9th Cir. 2002) ................................................. 4

8

*In re Padilla*, 222 F.3d 1184 (9th Cir. 2000) .................................................. 2, 4

9

*In re Southold Development. Corporation*, 129 B.R. 18 (E.D.N.Y. 1991) ....... 4, 6

10

*Schwartz v. United States (In re Schwartz)*, 954 F.2d 569 (9th Cir. 1992) ...... 4, 5

11

### STATUTES

12

11 U.S.C. § 362 ................................................................................................... 2, 5

13

28 U.S.C. § 157 ................................................................................................... 2, 5

14

### RULES

15

Fed.R.Bank.P. 8008 ................................................................................................ 9

16

Local Civil Rule 83.5 .......................................................................................... 2, 5

17

18

19

20

21

22

23

24

CHAPTER 7 TRUSTEE'S STATUS
CONFERENCE STATEMENT – Page ii

Exhibit 1

25

1     Mark D. Waldron, as the Chapter 7 Trustee in the bankruptcy case of Giga

2   Watt, Inc. ("Bankruptcy Case"), pending in the U.S. Bankruptcy Court for the

3   Eastern District of Washington ("Bankruptcy Court"), before The Honorable

4   Frederick P. Corbit, Case No. 18-03197, hereby respectfully submits his Status

5   Conference Statement ("Statement") and response to the *Joint Request for Status*

6   *Conference*, filed on September 14, 2023, ECF No. 38, by a stranger to this action,

7   Eric Blomquist, and a set of Perkins Coie LLP affiliates, some of whom are named

8   in Mr. Dam's complaint. This Statement is supported by the *Request for Judicial*

9   *Notice* ("RJN"), the declaration of Pamela M. Egan, filed herewith, and the points

10   and authorities set forth below.

11                          **I.     INTRODUCTION**

12     The Trustee does not oppose Mr. Dam's proposed settlement of this putative

13   class action.[1] However, the proposed settlement resolves claims which are property

14   of the Giga Watt bankruptcy estate and which are stayed and enjoined pursuant to

15   specific Orders of the Bankruptcy Court. Therefore, leave of the Bankruptcy Court

16   is required and remand from Mr. Dam's appeals to this Court of those Orders is

17   prudent before Mr. Dam seeks approval of his settlement.

18     On September 4, 2023, the Trustee sent to Mr. Dam and Perkins Coie LLP

19   ("Perkins"), through counsel, a letter explaining why relief from the stay and

20   injunction must be obtained before Mr. Dam may seek approval of his settlement

21   _____

22   [1] This statement is subject to the Trustee's review of the agreement filed with the

23   Court which was not previously provided to the Trustee.

24   CHAPTER 7 TRUSTEE'S STATUS                                    Exhibit 1
     CONFERENCE STATEMENT – Page 1

25

1   in this case. That letter is attached hereto as **Exhibit A** and incorporated herein by

2   reference.

3       In a nutshell, this Court has referred original jurisdiction over bankruptcy

4   matters to the Bankruptcy Court. 28 U.S.C. § 157(a); Local Civil Rule 83.5. Mr.

5   Dam's appeals to this Court of Orders enjoining and staying this action do not

6   withdraw this reference. Further, the Bankruptcy Court's Orders staying and

7   enjoining this action remain enforceable by the Bankruptcy Court pending their

8   appeal before this Court. *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000).

9   Therefore, relief from the stay pursuant to section 362(d) of the Bankruptcy Code

10  is required before Mr. Dam may settle this case.

11      In addition to sitting as a trial court over this action, this Court is sitting in

12  its appellate capacity over the stay and injunction orders. However, appellate

13  jurisdiction is limited and relief from the stay does not fall within the ambit of the

14  Court's appellate jurisdiction. The issue on appeal is whether the claims are

15  property of the estate. The issue regarding relief from the stay for settlement

16  purposes is whether "cause" exists to lift the stay to allow Mr. Dam to recover $4.5

17  million on claims that belong to the estate. 11 U.S.C. § 362(d). "Cause" to lift the

18  stay would be a new issue on appeal.

19      Appellate courts do not consider new issues on appeal, unless the question is

20  purely legal, there has been a change in the law, or a miscarriage of justice would

21  result otherwise. *Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004), *as*

22  *amended* (Aug. 9, 2004). As set forth in the Trustee's September 4th letter, **Exhibit**

23

24  CHAPTER 7 TRUSTEE'S STATUS                           Exhibit 1
    CONFERENCE STATEMENT – Page 2

25

1  **A**, whether cause exists to lift the stay would inject a new issue into the appeals.

2  Cause is a factual inquiry. The law has not changed. And it would not work a

3  miscarriage of justice to recognize the Bankruptcy Court's core jurisdiction over

4  property of the estate. Instead, a miscarriage of justice would occur if the

5  Bankruptcy Court's core jurisdiction over property of the estate were ignored.

6       This divestment rule is a red herring. Whether or not it requires remand,

7  relief from the stay by the Bankruptcy Court is necessary. Finally, prudence

8  suggests taking the path of least risk. Here, remand will do no harm and will

9  eradicate the risk of a jurisdictional challenge to the relief from the stay and

10  ultimately Mr. Dam's settlement.

11       To push the settlement forward, the Trustee has agreed to file the required

12  motions with this Court and the Bankruptcy Court to obtain remand, relief from

13  the stay, and a modification of the preliminary injunction.

14          **II.    POINTS AND AUTHORITIES**

15  **A.   Relief From the Automatic Stay and the Preliminary Injunction Are**

16       **Necessary**

17       Mr. Dam's claims are stayed as property of the estate and enjoined pursuant

18  to two Orders of the Bankruptcy Court: (1) Memorandum Opinion and Order

19  Regarding Stay and Motion for Order to Show Cause, dated September 27, 2021

20  ("Automatic Stay Order"), ECF No. 921 at 2, 18 (RJN No. 1); and (2) Order

21  Denying Mr. Dam's Motion to Dismiss and Granting Trustee's Motion for

22  Preliminary Injunction, dated February 23, 2022 ("Preliminary Injunction Order"),

23

24  CHAPTER 7 TRUSTEE'S STATUS                      Exhibit 1
CONFERENCE STATEMENT – Page 3

25

1  filed in the Bankruptcy Case adversary proceeding, *Waldron v. Dam*, Adv. Proc.

2  No. 21-80053, ECF No. 38 at 31. (RJN No. 2). Relevant excerpts of the foregoing

3  are attached hereto as **Exhibits B** and **C**, respectively. Mr. Dam's appeals of these

4  Orders are pending in this Court on a consolidated basis under Case No. 2:21-cv-

5  00291-SAB, Order Granting Motion to Consolidate Appeals, dated April 19, 2022,

6  ECF No. 19, **Exhibit D**. (RJN No. 3.) These Orders remain enforceable by the

7  Bankruptcy Court pending Mr. Dam's appeals. *Padilla*, 222 F.3d at 1190 ("Absent

8  a stay or *supersedeas*, the trial court . . . retains jurisdiction to implement or

9  enforce the judgment or order but may not alter or expand upon the judgment.").

10     The divestment rule does not transfer the Bankruptcy Court's core

11  jurisdiction over property of the estate to this Court. *See In re Southold*

12  *Development. Corporation*, 129 B.R. 18, 21 (E.D.N.Y. 1991) ("[I]t does not follow

13  that an appellate court . . .. could  . . . grant relief merely because the lower court

14  was divested of jurisdiction to do so."). The solution is simple: remand.

15     The automatic stay is fundamental to bankruptcy, particularly when it

16  protects property of the estate. *See e.g., In re LPM Corp*., 300 F.3d 1134, 1137 (9th

17  Cir. 2002) ("Although [debtor's landlord] might view the need to get an additional

18  order as a waste of time, the Code jealously protects the process by which a

19  creditor proceeds against property of the estate as fundamental and absolute.")

20  (*quoting In re LPM Corp.*, 269 B.R. 217, 222 (B.A.P. 9th Cir. 2001)) (*citing*

21  *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992)).

22  Therefore, relief must be obtained from the Bankruptcy Court.

23

24  CHAPTER 7 TRUSTEE'S STATUS                    Exhibit 1
    CONFERENCE STATEMENT – Page 4

25

1    Action taken in violation of the automatic stay are void. Therefore, efforts to

2    seek approval from this Court before the Bankruptcy Court finds cause to lift the

3    stay will be void. Similarly, changing the parties to this action without relief from

4    the stay is also void. The Joint Request for Status Conference, ECF No. 38, has a

5    new caption. It adds Eric Blomquist as a plaintiff, drops one defendant and adds

6    another. These changes are void. *See Schwartz*, 954 F.2d at 571 ("Our decision

7    today clarifies this area of the law by making clear that violations of the automatic

8    stay are void, not voidable.").

9    **B.    Jurisdiction to Lift the Stay and Modify the Preliminary Injunction Lies**

10    **in the Bankruptcy Court**

11    The Bankruptcy Court's jurisdiction to lift the stay is core. 28 U.S.C.

12    § 157(b)(2)(G) ("Core proceedings include, but are not limited to- . . . .  motions to

13    terminate, annul, or modify the automatic stay . . . .").

14    District courts do not have original jurisdiction to lift the automatic stay.

15    Pursuant to 28 U.S.C. § 157(a) and Local Civil Rule 83.5, the District Court has

16    referred to the Bankruptcy Court "all cases under United States Code Title 11, and

17    all proceedings arising under Title 11 or arising in or related to cases under Title

18    11." Relief from the stay arises under Title 11, specifically, 11 U.S.C. § 362(d).

19    Appellate jurisdiction is limited to the issues on appeal. *Cold Mountain,* 375

20    F.3d at 891. As set forth in the Trustee's September 4th letter, **Exhibit A**, none of

21    the limited exceptions to expanding a court's appellate jurisdiction apply. On

22    appeal, the District Court sitting in its appellate capacity will consider (1) whether

23

24    CHAPTER 7 TRUSTEE'S STATUS                                    Exhibit 1
CONFERENCE STATEMENT – Page 5

25

1    Mr. Dam's first three claims are property of the estate and therefore subject to the

2    automatic stay and (2) whether Mr. Dam's action should have been enjoined. On a

3    motion for relief from stay, the issue is whether cause exists to lift the automatic

4    stay. That issue is different and is not on appeal. In *Southold,* 129 B.R. at 21, a

5    party appealed a Bankruptcy Court order confirming a plan and then on appeal

6    asked the District Court sitting in its appellate capacity to modify the plan. That is

7    similar to appealing an automatic stay Order to this Court and then asking this

8    Court to lift the stay. In *Southold*, the District Court declined to modify the plan

9    holding that whether to modify the plan is a different issue than whether the plan

10    should have been confirmed in the first. Only the latter issue was before it.

11    *Southold*, 129 B.R. at 21. The same is true here. Whether to lift the stay is a

12    different issue than whether it applies in the first place (i.e., whether the claims are

13    property of the estate). As described in the September 4th letter, **Exhibit A**, the

14    limited and extraordinary circumstances required to expand appellate jurisdiction

15    to lifting the automatic stay do not exist here.

16    **C.    Remand Is Prudent When the Divestment Rule's Application is Unclear**

17          Mr. Dam and Perkins suggest that the divestment rule is a pragmatic rule

18    which intends to promote judicial economy. Therefore, remand is unnecessary.

19    Joint Request for Status Conference, ECF No. 38 at 2:17-26. In this case, there are

20    three primary problems with this otherwise valid point. First, whether or not the

21    divestment rule applies is not relevant to whether the automatic stay applies. If it

22    applies, remand is necessary before relief from the stay is obtained. If it does not

23

24    CHAPTER 7 TRUSTEE'S STATUS                                    Exhibit 1
      CONFERENCE STATEMENT – Page 6

25

1  apply, remand is not necessary before relief from the stay is obtained. Either way,

2  relief from the stay is required.

3      Second, Perkins has already twice argued that the divestment rule is

4  jurisdictional. *See Perkins' and Ness' Opposition to Trustee's Motion to Amend*

5  *Complaint*, **Exhibit E**, ECF No. 120 at 18:17-18, 19:1-2 (RJN No. 4) ("The filing

6  of a notice of appeal is an event of jurisdictional significance -- it confers

7  jurisdiction on the court of appeals and divests the district court of its control over

8  those aspects of the case involved in the appeal.") (quoting *Griggs v. Provident*

9  *Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord Motion to (a) Continue*

10 *Stay of Panel Rehearing Pending Settlement, and (b) Restore Limited Jurisdiction*

11 *to the Courts Below for the Sole Purpose of Settlement Approval*, **Exhibit F**, ECF

12 No. 58 at 1-2. (RJN No. 5.) Under that argument, remand is required.

13     Third, if the divestment rule is a rule of jurisdiction, as Perkins used to

14 believe, then remand is necessary. If the rule is flexible and pragmatic, as Perkins

15 now posits, then prudence dictates seeking remand. Remand will do no harm. Not

16 obtaining remand will inject jurisdictional risk into the settlement approval

17 process.

18 **D.    Approval of the Trustee's Settlement Will Not Terminate or Moot the**

19         **Automatic Stay Order and the Preliminary Injunction Order**

20     The Automatic Stay Order states that Mr. Dam's first three claims are

21 property of the estate. It does not state that the claims are property of the estate

22 until the Trustee resolves his claims. Automatic Stay Order, **Exhibit B,** ECF No.

23

24 CHAPTER 7 TRUSTEE'S STATUS                          Exhibit 1
   CONFERENCE STATEMENT – Page 7

25

1  921 at 10, 18. (RJN No. 1.) Only the <u>Preliminary Injunction Order</u> enjoined the

2  action until the Trustee's action was resolved. <u>Preliminary Injunction Order</u>,

3  **Exhibit C**, ECF No. 38 at 31. (RJN No. 2.)

4      Furthermore, approval by the Bankruptcy Court of the Trustee's settlement

5  with Perkins will not vitiate this Court's core jurisdiction over property of the

6  estate. The Trustee has moved for an Order "[a]uthorizing, *but not directing*, the

7  Trustee to enter into" the settlement with Perkins. <u>*Chapter 7 Trustee's Motion for*</u>

8  <u>*Order Approving Settlements*</u>, **Exhibit G**, ECF No. 1007 at 2:19-21. (Emphasis

9  added.) (RJN No. 6). If the Bankruptcy Court grants the Trustee's motion, the

10  Trustee will not exercise his authority until all conditions to the settlement have

11  been met, including approval of Mr. Dam's settlement, which requires relief from

12  the stay in the first instance. Therefore, settlement is not a path around the

13  automatic stay and the Bankruptcy Court's core jurisdiction over property of the

14  estate.

15  **E.    Mr. Dam and Perkins Should Not Be Heard to Complain About the**

16      **Amount of Time it Would Take to Obtain a Remand**

17      On July 21, 2023, Mr. Dam filed a motion for indicative ruling with the

18  Bankruptcy Court asking for rulings that the Court would lift the stay and modify

19  the preliminary injunction for settlement purposes if the consolidated appeals were

20  remanded. <u>*Motion for Indicative Ruling [F.R.B.P. Rule 8008]*</u>, **Exhibit H**, ECF

21  No. 80. (RJN No. 7.) However, Mr. Dam did not file motions to lift the stay and

22

23

24  CHAPTER 7 TRUSTEE'S STATUS                    Exhibit 1
   CONFERENCE STATEMENT – Page 8

25

1  modify the preliminary injunction as required by Fed.R.Bank.P. 8008 thus

2  reducing the Motion for Indicative Ruling to a request for an advisory ruling.

3      On July 24, 2023, in an attempt to confer, the Trustee sent to counsel for

4  Perkins and Mr. Dam, the attached unfiled *Trustee's Objection to Motion for*

5  *Indicative Ruling [F.R.B.P. Rule 8008]* with cover email, **Exhibit I**, explaining

6  why a motion for relief from stay and preliminary injunction had to accompany the

7  motion for indicative ruling. Mr. Dam then withdrew the motion for indicative

8  ruling. *Notice of Withdrawal of Motion for Indicative Ruling [ECF Nos. 80-81]*,

9  July 24, 2023, **Exhibit J**, ECF No. 82. (RJN No. 8.)

10     On August 11, 2023, Perkins and the Trustee signed their agreement. On

11  August 23, 2023, they sent it to the Trustee through counsel.

12     On September 4, 2023, the Trustee sent the letter, **Exhibit A**, explaining

13  why relief from the automatic stay and the preliminary injunction is required, why

14  jurisdiction lies in the Bankruptcy Court to provide this relief and how remand

15  would solve the conundrum of the divestment rule. Not making progress, the

16  Trustee took the initiative and decided that he would request the necessary Orders.

17  Accordingly, the Trustee will file a motion for remand in this Court. In the

18  Bankruptcy Court, the Trustee will file a motion for indicative ruling, a motion for

19  relief from stay, and a motion to modify the preliminary injunction for settlement

20  purposes. If the appeals are remanded before the Bankruptcy Court issues it

21  indicative ruling, then the Trustee will withdraw the motion for indicative ruling. If

22

23

24  CHAPTER 7 TRUSTEE'S STATUS
    CONFERENCE STATEMENT – Page 9                        Exhibit 1

25

1    the Bankruptcy Court rules first, then the Trustee will submit the indicative ruling

2    to this Court.

### III.    RESERVATION OF RIGHTS

4          The Trustee reserves all rights to object to the factual and legal assertions

5    made by Mr. Dam and Perkins in their Joint Request. The Trustee further reserves

6    the right to take any appropriate action to enforce the Bankruptcy Court Orders.

### IV.    CONCLUSION

8          Although the Trustee supports Mr. Dam's settlement, that settlement cannot

9    bypass the Bankruptcy Court because the claims being settled are property of the

10   estate. The Bankruptcy Court is entitled to decide whether or not cause exists to

11   allow Mr. Dam to pursue approval of his settlement. The divestment rule does not

12   change the Bankruptcy Court's core jurisdiction over property of the estate. It

13   simply requires remand, which the Trustee will request shortly.

14   Dated: September 19, 2023                POTOMAC LAW GROUP PLLC

15

16                                    By:    ___/s/ Pamela M. Egan___
                                            Pamela M. Egan (WSBA No. 54736)
17                                          *Attorneys for Mark D. Waldron, Chapter 7*
                                            *Trustee, Plaintiff*

18

### CERTIFICATE OF SERVICE

19          I hereby certify that on September 19, 2023, I electronically filed the

20   foregoing with the Clerk of the Court using the CM/ECF System, which in turn

21   automatically generated a Notice of Electronic Filing (NEF) to all parties in the

22

23

24   CHAPTER 7 TRUSTEE'S STATUS                          Exhibit 1
     CONFERENCE STATEMENT – Page 10

25

1  case who are registered users of the CM/ECF system.  The NEF for the foregoing

2  specifically identifies recipients of electronic notice.

3       Dated this 19th day of September, 2023.

4                          *s/ Pamela M. Egan*

5                          Pamela M. Egan, WSB No. 54736
                        POTOMAC LAW GROUP PLLC

6                          2212 Queen Anne Ave. N., #836
                        Seattle, WA 98109

7                          Telephone: (415) 297-0132
                        Fax: (202) 318-7707

8                          Email: pegan@potomaclaw.com
                        *Attorneys for Mark D. Waldron,*

9                          *Chapter 7 Trustee*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  CHAPTER 7 TRUSTEE'S STATUS             Exhibit 1
CONFERENCE STATEMENT – Page 11

25

# EXHIBIT A



**Potomac Law Group, PLLC**
2212 Queen Anne Ave. N., #836 | Seattle, Washington 98109
T 415.297.0132 | F 202.318.7707 | www.potomaclaw.com

September 4, 2023

**VIA EMAIL: tblood@bholaw.com**

Timothy Blood
Blood, Hurst & O'Reardon LLP
501 W Broadway, Ste. 1490
San Diego, CA 92101

Re:  *In re Giga Watt*, *Inc.*, Case No. 2:18-bk-03197-FPC, U.S. Bank. Ct., E.D. WA
    *Waldron v. Perkins*, Case No. 2:20-ap-80031-FPC, U.S. Bank. Ct., E.D. WA
    *Dam v. Perkins*, Case No. 2:20-cv-00464-SAB, U.S. D. Ct., E.D. WA
    *Waldron v. Dam*, Case No. 2:21-ap-80053-FPC, U.S. Bank. Ct., E.D. WA
    *Dam v. Waldron*, Case No. 2:21-cv-00291-SAB, U.S. D. Ct., E.D. WA

Dear Tim:

The Trustee supports the Class Settlement.[1] However, we want to advise you against taking certain actions that would unwittingly expose the Class Settlement to being void. Since the Class Settlement and Trustee Settlement are dependent on each other, this matter affects the bankruptcy estate.

As set forth below, Bankruptcy Court orders remain enforceable pending appeal. Further, the District Court lacks jurisdiction to either lift the automatic stay or modify the preliminary injunction. Therefore, the proper course is to obtain a remand from the District Court and then obtain orders from the Bankruptcy Court lifting the automatic stay and modifying the preliminary injunction for settlement approval purposes. The Trustee will not object to these motions.

---

[1] The parties are familiar with the facts and relevant orders. Therefore, this letter does not outline them in detail or define capitalized terms.

Exhibit A, Page 1 of 5

September 4, 2023
Page 2 of 5

**_The Automatic Stay and Preliminary Injunction Remain Enforceable Pending Appeal_**

The Automatic Stay Order and Preliminary Injunction Order have been appealed to the District Court (2:21-cv-00291-SAB). While the Bankruptcy Court, like any trial court, is divested of authority to modify or annul the automatic stay and preliminary injunction pending appeal, bankruptcy courts and trustees retain the authority to enforce unstayed orders pending appeal. "It is settled law that the filing of a petition to review an order of a bankruptcy judge (formerly a referee in bankruptcy), does not stay the effect on operation of the order unless a supersedeas bond is filed or the order itself provides for a stay." _In re Abingdon Realty Corp.,_ 530 F.2d 588, 589 (4th Cir. 1976). "The Trustee in a bankruptcy proceeding is expected and encouraged to proceed with administration of the estate after the entry and during the appeal of an order of adjudication." _Matter of Christian & Porter Aluminum Co._, 584 F.2d 326, 334 (9th Cir. 1978). _Accord In re Padilla_, 222 F.3d 1184, 1190 (9th Cir. 2000) ("Absent a stay or supersedeas, the trial court . . . retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment."). Enforcing the Automatic Stay Order and Preliminary Injunction Order would not alter or expand them. Therefore, the Bankruptcy Court retains the power to enforce them.

The automatic stay is fundamental to bankruptcy, particularly when it protects property of the estate. _See e.g., In re LPM Corp._, 300 F.3d 1134, 1137 (9th Cir. 2002) ("Although [debtor's landlord] might view the need to get an additional order as a waste of time, the Code jealously protects the process by which a creditor proceeds against property of the estate as fundamental and absolute.") (quoting _In re LPM Corp._, 269 B.R. 217, 222 (B.A.P. 9th Cir. 2001)) (citing _Schwartz v. United States (In re Schwartz),_ 954 F.2d 569, 571 (9th Cir. 1992)).

Furthermore, the automatic stay does not only protect the debtor. "The stay also protects creditors as a group from any one creditor who might otherwise seek to obtain payment on its claims to the others' detriment." _Boucher v. Shaw_, 572 F.3d 1087, 1092 (9th Cir. 2009).  Accordingly, creditors are entitled to notice and hearing on any motion or stipulation to lift the stay. _See_ 11 U.S.C. § 362(d) (requiring notice and hearing); Fed.R.Bankr. P. 4001, L.B.R. 4001-1.

September 4, 2023
Page 3 of 5

Finally, in the Ninth Circuit, actions taken in violation of the automatic stay are void. *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992). Therefore, any amendment of the putative class action complaint or approval of the Class Settlement without relief from the stay will be void.

### *The District Court Does Not Have Jurisdiction to Lift the Stay or Modify the Preliminary Injunction[2]*

An appellate court may modify "any . . . order of a court lawfully brought before it for review." 28 U.S.C.A. § 2106. It may also "remand the cause and direct the entry of such appropriate. . . order, or require such further proceedings to be had as may be just under the circumstances." *Id*. However, no court construes this statute so broadly as to allow the District Court to lift the automatic stay or modify a preliminary injunction.

An appellate court in the Ninth Circuit may consider new issues, such as whether cause exists to lift the stay or modify the preliminary injunction, only in very limited circumstances, none of which apply here. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004), *as amended* (Aug. 9, 2004):

> We may invoke our discretion to hear previously unconsidered claims under three recognized exceptions:
>
> > [1] [I]n the "exceptional" case in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, [2] when a new issue arises while appeal is pending because of a change in the law, [3] or when the issue presented is purely one of

---

[2] The Trustee has moved to dismiss the appeal of the Preliminary Injunction Order for lack of jurisdiction. Even if the District Court were to accept that appeal, the analysis would remain the same.

September 4, 2023
Page 4 of 5

> law and either does not depend on the factual record developed below,
> or the pertinent record has been fully developed.

(*quoting Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985) (citations omitted)
(brackets inserted by Court in *Cold Mountain*)). These limited exceptional
circumstances are not present here.

It would not work a miscarriage of justice or undermine the integrity of the judicial
process if the Bankruptcy Court were to exercise its core jurisdiction over lifting
the automatic stay. *See* 28 U.S.C. § 157(b)(2)(G) ("Core proceedings include, but
are not limited to -- motions to terminate, annul, or modify the automatic stay").
Instead, it would undermine the integrity of the bankruptcy process if Giga Watt's
creditors and the U.S. Trustee's Office were deprived of notice and an opportunity
to be heard on a motion for relief from stay. *See* 11 U.S.C. § 362(d) (requiring
notice and hearing). The same is true for modifying the preliminary injunction.

The second exception is inapplicable because there has been no change in the
relevant law.

The third exception does not apply because whether to grant relief from stay or
modify the preliminary injunction is not purely a question of law. Lifting the stay
requires cause, which is a factual inquiry. 11 U.S.C. § 362(d). "The facts of each
[relief from stay] request will determine whether relief is appropriate under the
circumstances." H.R. Rep. No. 95–595 at  343–44 (1977), reprinted in 1978
U.S.C.C.A.N 6300. *See In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985)
("Because there is no clear definition of what constitutes 'cause,' discretionary
relief from the stay must be determined on a case by case basis."). Whether to
modify the preliminary injunction also depends on facts. Therefore, the District
Court lacks jurisdiction to take these actions.

Furthermore, "it does not necessarily follow that an appellate court . . .  could . . .
grant relief merely because the lower court was divested of jurisdiction to do so."
*In re Southold Dev. Corp.*, 129 B.R. 18, 21 (E.D.N.Y. 1991). In *Southold*, a party
appealed a Bankruptcy Court order confirming a plan and then on appeal asked the
District Court sitting in its appellate capacity to modify the plan. The District Court
declined holding that whether to modify the plan is a different issue than whether
the plan should have been confirmed in the first place. Only the latter issue was

September 4, 2023
Page 5 of 5

before it. The same is true here. Whether to lift the stay is a different issue than whether it applies in the first place.

Finally, the parties cannot stipulate to jurisdiction. *See In re Landmark Fence Co., Inc.*, 801 F.3d 1099 (9th Cir. 2015):

> Although both parties urge us to decide this appeal on its merits, "[i]t needs no citation of authorities to show that the mere consent of parties cannot confer upon a court of the United States the jurisdiction to hear and decide a case."

*Id*. at 1102 (*quoting People's Bank v. Calhoun*, 102 U.S. 256, 260–61, 12 Otto 256, 26 L.Ed. 101 (1880)).

## Conclusion

In summary, the Automatic Stay Order and the Preliminary Injunction Order remain enforceable pending their appeal. The Bankruptcy Court retains jurisdiction to enforce these orders. The District Court lacks jurisdiction to grant relief from the stay or modify the preliminary injunction.

In light of the foregoing, the Trustee respectfully requests that you move the District Court for an Order remanding the consolidated appeal (Case No. 2:21-cv-00291-SAB) to the Bankruptcy Court and that upon remand you move the Bankruptcy Court for relief from stay and a modification of the preliminary injunction for settlement purposes. The Trustee will not object to these motions and will support them.

Very truly yours,

*Pamela M. Egan*

Pamela M. Egan

cc:    Leslie Hurst via email: lhurst@bholaw.com
        Dennis McGlothin via email: dennis@westwalaw.com
        Ralph Cromwell via email: rcromwell@byrneskeller.com
        John Munding via email: john@mundinglaw.com

Exhibit A, Page 5 of 5

# EXHIBIT B

**So Ordered.**

**Dated: September 26th, 2021**



Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT INC.,

Debtor.

Case No. 18-03197-FPC7

**MEMORANDUM OPINION AND ORDER REGARDING STAY AND MOTION FOR ORDER TO SHOW CAUSE**

THIS MATTER came before the Court on the motion of Mark D. Waldron, as the chapter 7 trustee, for an Order to Show Cause why Jun Dam, the nominal plaintiff in a proposed class action lawsuit, should not be sanctioned for violating the Bankruptcy Code's automatic stay. (ECF No. 889) Trustee Waldron argued that Mr. Dam knowingly violated the automatic stay by filing a complaint in the United States District Court, Eastern District of Washington, Case Number 20-cv-00464-SAB ("the Class Complaint"),[1] and the Trustee requests entry of an order

---

[1] The proposed class of plaintiffs in the Class Complaint is referred to as "the Class;" the proposed class action is sometimes referred to as "the District Court action."

MEMORANDUM OPINION  - 1

EXHIBIT B, Page 1 of 4

the record presented. Accordingly, applying the factors in the Restatement of

Conflict of Laws, the Court finds that Washington State has the most significant

relationship with the transactions, and the parties. As a result, the Court will apply

Washington law to determine whether any or all of the Class claims belong to the

estate.

> **D. Class Complaint Claims Counts One, Two and Three: the Breach of Contract and Tort Claims are Derivative and Thus Property of the Estate.**

Mr. Dam[12] argues that the Class claims "are not by or against the Debtor and

do not seek any property of the Estate or in which the Estate has an interest." (ECF

No. 903, p. 1) Mr. Dam contends that "[the class action] seeks direct recovery of

particularized damages from an independently liable, non-debtor escrow agent"

based on "particularized injury to the Class and not general harm to the Debtor."

(*Id.* at pp. 1, 8)

Before determining whether a creditor or bankruptcy trustee may properly

assert a claim, the court first examines if state law dictates whether the claim

belongs to one of the parties. *See e.g., Whirlpool Corp v. CIT Group/Business*

*Credit Inc.,* 258 F. Supp.2d 1140 (D. Haw. 2003) (discussing cases where state law

affected creditor's standing to bring claim); *In re ECS Refining Inc.,* 625 B.R. 425

---

[12] The Court occasionally refers to the Class Action nominal plaintiff Jun Dam, instead of the Class, because no Class has yet been certified, and thus the arguments in the present motion are attributed to Mr. Dam.

MEMORANDUM OPINION  - 10

Also, in determining if a claim is derivative, the court considers if a judgment in another court against a defendant by either the debtor or another party asserting the debtor's claims precluded the other from recovery, then the other party's claims are not independent and instead belong exclusively to the debtor. *Real Mktg. Servs.,* 309 B.R. at 788. This would result in this case: if the Class creditors are allowed to proceed with the Class action and they recovered damages because Perkins improperly released funds, that recovery could decrease or eliminate the amount the Trustee could recover for the estate. As a result, the Class claims related to breach of contract and fiduciary duties against Perkins are not direct, particularized claims. Instead, the Debtor, not the Class, was directly harmed by the alleged malfeasance because the escrow's primary purpose—funding construction and operations—was frustrated and the inescapable result was Giga Watt's bankruptcy. In other words, the Class claims are merely a reflection of the loss suffered by the Debtor. If the Trustee prevails, Mr. Dam, and the proposed Class members who filed proofs of claims in the bankruptcy, will likely receive a distribution from the bankruptcy estate. The estate properly owns these claims, and thus, the Class lacks standing to pursue them.

Moreover, the prosecution of the Class action lawsuit claims one, two and three would interfere with the Trustee's ability to pursue claims for the benefit of all creditors and to ensure that all similarly-situated creditors are treated

MEMORANDUM OPINION - 18

amounts to an intentional violation of the automatic stay. It was not unreasonable for Mr. Dam and his attorneys to take the actions that prompted the Trustee to file the motion now before the Bankruptcy Court. Moreover, the actions of Mr. Dam and his attorneys did not significantly damage the Giga Watt bankruptcy estate because those actions have not yet resulted in a trial or the entry of a judgment. For the reasons stated in this Opinion, the Court declines to issue a show cause order.

<div style="border:1px solid black; padding:10px;">

## ORDER

THEREFORE, based on the foregoing it is ordered that:

1. In the case pending in Eastern District of Washington, Case Number 2:2020-cv-00464, pursuit of Class Complaint Counts I, II and III is stayed;

</div>

2. In the case pending in Eastern District of Washington, Case Number 2:2020-cv-00464, the Class Complaint Counts IV and V, are not stayed, but the Trustee may take additional action in this Court, and in conformity with this opinion, to obtain an injunction; and

3. The Motion for an Order to Show Cause (ECF No. 889) is **DENIED.**

///End of Order///

EXHIBIT B, Page 4 of 4

# EXHIBIT C

**So Ordered.**

**Dated: February 23rd, 2022**



*Frederick P. Corbit*

**Frederick P. Corbit**
**Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197-FPC7 |
| GIGA WATT, Inc., a Washington corporation, | |
| Debtor. | |
| | Adv. Case No. 21-80053 |
| MARK D. WALDRON, as Chapter 7 Trustee, | **ORDER DENYING MR. DAM'S MOTION TO DISMISS AND GRANTING TRUSTEE'S MOTION FOR PRELIMINARY INJUNCTION** |
| Plaintiff, | |
| vs. | |
| JUN DAM, a California resident, | |
| Defendant. | |

In this Memorandum Opinion, the Court decides two motions: (1) Defendant Jun Dam's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Adv. ECF No. 21)[1] and (2) Trustee Mark Waldron's Motion for Injunctive Relief (Adv. ECF No. 2).

In brief, the Trustee requests a preliminary injunction against Mr. Dam's pursuit of a lawsuit he filed in District Court against the law firm of Perkins Coie

---

[1] "Adv. ECF" refers to the docket of the Trustee's Preliminary Injunction Lawsuit, Bankruptcy Adversary Case No. 21-80053.

ORDER - 1

Exhibit C, Page 1 of 2

Mr. Dam's Lawsuit is not enjoined, and the public interest favors the imposition of a temporary injunction.

## CONCLUSION AND ORDER

The Court has subject matter jurisdiction of this adversary proceeding in which the Trustee requests a preliminary injunction. Additionally, the Trustee has satisfied the preliminary injunction four-factor test, and alternatively, the "serious questions" test and thus is entitled to a preliminary injunction, temporarily staying Mr. Dam's Lawsuit.

The pursuit of Mr. Dam's Lawsuit during the pendency of the Trustee's Lawsuit threatens the jurisdiction of this Court, the integrity of the bankruptcy process, and the orderly liquidation of the bankruptcy estate. THEREFORE, based on the foregoing it is ORDERED:

1.    Defendant Jun Dam's Motion To Dismiss for Lack of Subject Matter Jurisdiction (Adv. ECF No. 21) is **DENIED;**

2.    Trustee Mark Waldron's Motion for Injunctive Relief (Adv. ECF No. 2) is **GRANTED;**  and

3.    Eastern District of Washington Case No. 2:20-cv-00464-SAB **IS ENJOINED** until this Court issues a Report and Recommendation to the District Court or until the parties otherwise fully resolve the Trustee's Lawsuit.

/// END OF ORDER ///

ORDER - 31

# EXHIBIT D

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 19, 2022

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUN DAM, | |
|      Appellant, | No. 2:21-CV-00291-SAB |
|      v. | 2:22-CV-00040-SAB |
| MARK D. WALDRON, Chapter 7 | |
| Trustee, | **ORDER GRANTING MOTION** |
|      Appellee. | **TO CONSOLIDATE APPEALS** |

Before the Court is Appellant's Unopposed Motion to Consolidate Appeals, ECF No. 18. The motion was considered without oral argument. Appellant is represented by Dennis McGlothin, Robert Cadranell, Thomas O'Reardon, and Timothy Blood. Appellee is represented by Pamela Egan.

Appellant requests that the Court formally consolidate two appeals pending before this Court: the above-captioned matter, Case No. 2:21-CV-00291-SAB, and Case No. 2:22-CV-00040-SAB. Appellant also requests that the Court grant him leave to file one consolidated opening brief. The Court finds good cause to grant the motion.

//

//

//

//

Exhibit D, Page 1 of 2

**ORDER GRANTING MOTION TO CONSOLIDATE APPEALS** # 1

Accordingly, **IT IS HEREBY ORDERED:**

1.      Appellant's Unopposed Motion to Consolidate Appeals, ECF No. 18, is **GRANTED**.

2.      The District Court Clerk **shall** consolidate Case No. 2:22-CV-00040-SAB into Case No. 2:21-CV-00291-SAB.

3.      The District Court Clerk **shall** close Case No. 2:22-CV-00040-SAB.

4.      The parties shall submit all further filings—including the consolidated briefing pursuant to the Court's briefing schedule, ECF No. 17—in Case No. 2:21-CV-00291-SAB.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 19th day of April 2022.



Stanley A. Bastian
Chief United States District Judge

Exhibit D, Page 2 of 2

**ORDER GRANTING MOTION TO CONSOLIDATE APPEALS** # 2