# EXHIBIT E

1  Bradley S. Keller, WSBA #10665
   Ralph E. Cromwell, Jr., WSBA #11784
2  Byrnes Keller Cromwell LLP
   1000 Second Avenue, 38th Floor
3  Seattle, WA  98104
   (206) 622-2000
4  Facsimile No.: (206) 622-2522
   Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter:  7

5

6

7              UNITED STATES BANKRUPTCY COURT
                 EASTERN DISTRICT OF WASHINGTON
8

9  In Re:

10 GIGA WATT, INC., a Washington
   corporation,
                                    Debtor.
11 MARK D. WALDRON, as Chapter 7
   Trustee,

12                              Plaintiff,

   vs.
13
   PERKINS COIE, LLP, a Washington
14 limited liability partnership; LOWELL
   NESS, individual and California resident;
15 GIGA WATT PTE., LTD. a Singapore
   corporation; and ANDREY KUZENNY, a
16 citizen of the Russian Federation;

                                Defendants
17     and

18 THE GIGA WATT PROJECT, a
   partnership,

19                     Nominal Defendant.

NO. 18-03197-FPC11

The Honorable Frederick P. Corbit

**CHAPTER 7**

Adv. Case No. 2:20-ap-80031

**PERKINS' AND NESS'
OPPOSITION TO TRUSTEE'S
MOTION TO AMEND
COMPLAINT**

PERKINS' OPPOSITION TO TRUSTEE'S
MOTION TO AMEND COMPLAINT - 1

Exhibit E, Page 1 of 4

Byrnes ♦ Keller ♦ Cromwell llp
38th Floor
1000 Second Avenue
Seattle, Washington  98104
(206) 622-2000

1    arbitration would stand or fall based on the allegations in affect at the time of its initial

2    demand.  *See id.* ¶ 35.   The Trustee rejected this position.  Following these exchanges

3    between counsel, the Trustee withdrew the Amended Complaint that had been filed

4    without consent of Perkins or leave of the Court.  The Trustee's Motion to Amend

5    followed.   The proposed Amended Complaint filed with the Motion makes further

6    changes.  Importantly, it also *deletes* the entire "partnership" premise of the Trustee's

7    claims to date and *deletes* that the terms of escrow were incorporated by reference into

8    the TPAs.  The proposed Amended Complaint *deletes* the substance of at least the

9    following paragraphs of the original Complaint relating to partnership and incorporation

10   by reference: ¶¶ 10, 11, 17, 18, 19, 20, 25, 26, 28, 29, 30, 31, 44, 48, 68, 72, 77, 78.

11   *Compare* Dkt. 6 *with* Dkt. 115-2.  Nevertheless, the Trustee has continued to suggest

12   that Perkins should agree to vacate the pending appeal so that it can again demand

13   arbitration based on the Trustee's proposed new allegations.  Perkins has declined to do

14   so.

15                            **III.   ARGUMENT**

16   **A.    This Court Lacks Jurisdiction to Grant the Motion to Amend.**

17        "The filing of a notice of appeal is an event of jurisdictional significance–it

18   confers jurisdiction on the court of appeals and divests the district court of its control

19

PERKINS' OPPOSITION TO TRUSTEE'S
MOTION TO AMEND COMPLAINT - 18

Exhibit E, Page 2 of 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2

over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982).

3
4
5
6
7
8
9
10
11

Under the "divestment rule," once an appeal has been taken "the lower court loses jurisdiction over the subject matter of the appeal." *Cal. Dep't. of Toxic Substances Control v. Comm. Realty Projs., Inc.,* 309 F.3d 1113, 1120–21 (9th Cir. 2002). The divestment rule applies to "those aspects of the case involved in the appeal." *Id.* at 1120; *accord e.g., City of Los Angeles,* 254 F.3d at 885–86 (interlocutory appeal divests the district court "of jurisdiction over the particular issues involved in that appeal"); *Pipe Trades Council of N. Cal., U.A. Local 159 v. Underground Contractors Ass'n. of N. Cal.,* 835 F.2d 1275, 1280 (9th Cir. 1987) (appeal from order denying arbitration "clearly divests" the lower court of jurisdiction over subject matter of appeal).

12
13
14
15
16

The divestment rule likewise applies to motions to amend the pleadings that alter or affect the basis of a pending appeal. *In re Mercedes-Benz Emissions Litig.,* 797 F. App'x at 698–99. Under the divestment rule, an amended complaint is inoperative because "suit[s] c[annot] be altered through operation of the Civil Rules during the pendency of [an] appeal." *Id.*

17
18
19

The Third Circuit's opinion in *Mercedes-Benz* involves nearly identical facts to those presented here. There, a motion to compel arbitration was denied. *See id.* While appeal of the order denying arbitration was pending, the plaintiff filed an Amended

1    pending appeal, and the Court would be free to exercise its discretion as it sees fit at

2    that time.

3          Accordingly, both because it currently lacks jurisdiction to grant the Motion to

4    Amend, and because doing so now would be premature and potentially futile, this Court

5    should wait until the Ninth Circuit issues its decision before considering or ruling upon

6    the Trustee's Motion to Amend.

7    DATED this 17th day of October, 2022.

8

9    BYRNES KELLER CROMWELL LLP            MUNDING, P.S.

     By /s/ Bradley S. Keller                By /s/ John Munding
10       Bradley S. Keller, WSBA #10665        John Munding, WSBA #21734
     By /s/ Ralph E. Cromwell, Jr.             309 E. Farwell Rd., Suite 310
11       Ralph E. Cromwell, Jr., WSBA #11784   Spokane, Washington 99218
     By /s/ Jofrey M. McWilliam               Phone:    (509) 590-3849
12       Jofrey M. McWilliam, WSBA #28441      Fax:      (509) 624-6155
         1000 Second Avenue, 38th Floor        Email:    john@mundinglaw.com
13       Seattle, Washington 98104            *Attorneys for Perkins Coie LLP and*
         Phone:    (206) 622-2000             *Lowell Ness*
14       Fax:      (206)-622-2522
         Email:    bkeller@byrneskeller.com
15                 rcromwell@byrneskeller.com
                   jmcwilliam@byrneskeller.com
16

17

18

19

PERKINS' OPPOSITION TO TRUSTEE'S       Exhibit E, Page 4 of 4      BYRNES ♦ KELLER ♦ CROMWELL LLP
MOTION TO AMEND COMPLAINT - 22                                    38TH FLOOR
                                                                 1000 SECOND AVENUE
                                                                 SEATTLE, WASHINGTON 98104
                                                                 (206) 622-2000

# EXHIBIT F

No. 22-35104

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

In re:  GIGA WATT, INC., a Washington corporation,

*Debtor.*

_____

MARK D. WALDRON, Chapter 7 Trustee,

*Appellee,*

v.

PERKINS COIE LLP, a Washington limited liability partnership, and
LOWELL NESS, individual and California resident,

*Appellants,* and

GIGA WATT PTE., LTD., a Singapore corporation, and ANDREY
KUZENNY, a citizen of the Russian Federation,

*Defendants.*

_____

APPEAL FROM UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
No. 2:21-cv-00159-SAB; Honorable Stanley A. Bastian

_____

**MOTION TO (a) CONTINUE STAY OF PANEL REHEARING PENDING
SETTLEMENT, AND (b) RESTORE LIMITED JURISDICTION TO THE
COURTS BELOW FOR THE SOLE PURPOSE OF SETTLEMENT
APPROVAL**

Bradley S. Keller,
WSBA No. 10665
Ralph E. Cromwell, Jr., WSBA
No. 11784
Jofrey M. McWilliam, WSBA
No. 28441
BYRNES KELLER
CROMWELL LLP
1000 Second Ave., Ste. 3800
Seattle, Washington  98104
Telephone: (206) 622-2000

John Munding,
WSBA No. 21734
MUNDING, P.S.
309 E. Farwell Rd., Suite 310
Spokane, Washington  99218
Telephone:  (509) 590-3849

Michael B. King,
WSBA No. 14405
Jason W. Anderson,
WSBA No. 30512
CARNEY BADLEY
SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, Washington  98104
Telephone: (206) 622-8020

Exhibit F, Page 1 of 4

## I.     INTRODUCTION

The parties have reached a tentative settlement.  This motion seeks relief that will enable the parties to finalize and effectuate the settlement.  Appellants ask this Court to (1) stay Appellants' petition for panel rehearing, including the supplemental briefing ordered by this Court and (2) restore limited jurisdiction to the lower courts for the sole purpose of settlement approval.  Appellee has authorized Appellants to notify the Court that Appellee does not object to the relief requested in this motion.

## II.     FACTS RELEVANT TO MOTION

### A.     This Court stayed Appellants' petition for panel rehearing pending the Supreme Court's decision in *Coinbase*, which was issued on June 23.

On January 19, 2023, this Court stayed Appellants' petition for panel rehearing pending the Supreme Court's decision in *Coinbase, Inc. v. Bielski,* No. 22-105.  *See* Dkt. 56.  On June 23, 2023, the Supreme Court issued its decision in *Coinbase.  See Coinbase, Inc. v. Bielski,* No. 22-105, 2023 WL 4138983 (U.S. June 23, 2023).  The Supreme Court held that a district court must stay its proceedings while an interlocutory appeal on the issue of arbitrability is ongoing, overruling this Court's decision in *Britton v. Co-Op Banking Group*, 916 F.2d 1405 (9th Cir. 1990).  In particular, the Supreme Court held that, under *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982), filing a notice of appeal confers jurisdiction on the Court of Appeals and "divests the district court

1

Exhibit F, Page 2 of 4

of its control over those aspects of the case involved in the appeal." *Coinbase*, No. 22-105, 2023 WL 4138983, at *3 (quoting *Griggs*, 459 U.S. at 58). The Court went on to hold that because "the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *Id*. (quoting *Griggs*, 459 U.S. at 58).

As applied to this appeal, the Supreme Court's decision in Coinbase has two important ramifications. First, upon filing appeal of (a) the Bankruptcy Court's decision denying arbitration and, subsequently, (b) the District Court's decision affirming the Bankruptcy Court, the Bankruptcy and District Courts, respectively, lost jurisdiction to take further action in this matter. Accordingly, the Bankruptcy Court had no power to allow Appellee to amend his complaint in a manner purportedly removing all claims subject to arbitration to moot this appeal. Under Coinbase, this Court must reach the merits of Appellants' right to arbitration. Before panel rehearing, however, Appellants seek interim relief to permit the parties to attempt to conclude a settlement that requires court approval and a successful conclusion of a related settlement. If settlement is finalized and approved, this appeal would then be rendered moot and would be dismissed.

**B.    The parties reached a tentative settlement that requires court approval.**

Following this Court's order staying Appellants' motion for panel rehearing, the parties engaged in protracted settlement discussions with the assistance of the

2

Exhibit F, Page 3 of 4

Respectfully submitted this 6th day of July, 2023.

BYRNES KELLER CROMWELL LLP

By /s/ Bradley S. Keller
Bradley S. Keller, WSBA #10665
By /s/ Ralph E. Cromwell, Jr.
Ralph E. Cromwell, Jr., WSBA #11784
By /s/ Jofrey M. McWilliam
Jofrey M. McWilliam, WSBA #28441

MUNDING, P.S.

By /s/ John Munding
John Munding, WSBA #21734

*Attorneys for Perkins Coie LLP and
Lowell Ness*

CARNEY BADLEY SPELLMAN, P.S.

By /s/ Michael B. King
Michael B. King, WSBA # 14405
By /s/ Jason W. Anderson
Jason W. Anderson, WSBA # 30512

5

Exhibit F, Page 4 of 4

# EXHIBIT G

1  Pamela M. Egan, WSBA No. 54736
   POTOMAC LAW GROUP PLLC
2  2212 Queen Anne Ave. N., #896
   Seattle, WA 98109
3  Telephone: (415) 297-0132
   Email: pegan@potomaclaw.com
4  *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

5

6               **UNITED STATES BANKRUPTCY COURT**

7               **EASTERN DISTRICT OF WASHINGTON**

8  In re:                              Case No. 18-03197 FPC 11

9  GIGA WATT, Inc., a Washington       The Honorable Frederick P. Corbit
   corporation,
10                     Debtor.          Chapter 7

11                                      **CHAPTER 7 TRUSTEE'S MOTION
                                        FOR ORDER APPROVING**
12                                      **SETTLEMENTS**

13        Mark D. Waldron, in his official capacity as the Chapter 7 Trustee hereby

14  moves the Court pursuant to 11 U.S.C. §§ 105 and 363, Bankruptcy Rules 3006,

15  7041, 9019 and L.B.R. 9019-1 for an Order approving the settlement between the

16  Trustee, one the one hand, and Perkins Coie LLP and Lowell Ness, on the other,

17  pursuant to the terms set forth in the *Settlement Agreement and Release* (the

18  "Trustee Agreement"), Exhibit 1, submitted herewith. Related to the foregoing

19  settlement, the Trustee further requests that the Court approve a stipulation

20  ("Sofair Stipulation") with Refael Sofair pursuant to which he will dismiss all

21  claims against the estate and withdraw all claims filed in this case in exchange for

22  an allowed general unsecured claim in the amount of $16,977. Further related to

23  the foregoing settlement, the Trustee requests approval of the stipulation

24  Chapter 7 Trustee's Motion
    for Order Approving Settlements - Page 1       Exhibit G, Page 1 of 3

25

1  ("Usmanov Stipulation") with Timur Usmanov pursuant to which the Trustee will

2  dismiss his claims against Mr. Usmanov in exchange for a global release.

3       The settlement and related stipulations with Messrs. Sofair and Usmanov

4  are discussed more fully in the following documents filed herewith: (1)

5  *Memorandum of Points and Authorities in Support of the Chapter 7 Trustee's*

6  *Motion for Order Approving Settlements;* (2) *Declaration of Mark D. Waldron in*

7  *Support of the Chapter 7 Trustee's Motion for Order Approving Settlements;* (3)

8  *Request for Judicial Notice in Support of the Chapter 7 Trustee's Motion for*

9  *Order Approving Settlements;* (4) *Submission of Exhibits in Support of the*

10  *Chapter 7 Trustee's Motion for Order Approving Settlements;* and (5) *Declaration*

11  *of Pamela M. Egan Support of the Chapter 7 Trustee's Motion for Order*

12  *Approving Settlements.*

13       WHEREFORE, the Trustee respectfully requests entry of an Order:

14      1.    Finding that the Trustee Settlement is fair and equitable;

15      2.    Finding that Notice of the Motion complied with all applicable rules

16  and satisfies the requirements of Due Process;

17      3.    Granting the Motion;

18      4.    Approving the Trustee Settlement;

19      5.    Authorizing, but not directing, the Trustee to enter into the Trustee

20  Settlement, the Sofair Stipulation, and the Usmanov Stipulation; and

21

22

23

24  Chapter 7 Trustee's Motion
for Order Approving Settlements - Page 2     Exhibit G, Page 2 of 3

25

6.    Granting such other and further relief as the Court deems necessary

and just.

Dated: August 28, 2023                    POTOMAC LAW GROUP PLLC

                                 By:    _____*/s/ Pamela M. Egan*_____
                                        Pamela M. Egan (WSBA No. 54736)

                                        *Attorneys for Mark D. Waldron, Chapter 7*
                                        *Trustee*

Chapter 7 Trustee's Motion
for Order Approving Settlements - Page 3

# EXHIBIT H

| | | |
|---|---|---|
| 1 | WESTERN WASHINGTON LAW | BLOOD HURST & O'REARDON, |
| | GROUP PLLC | LLP |
| 2 | Dennis McGlothin (WSBA No. 28177) | Timothy G. Blood (*admitted PHV*) |
| | P.O. Box 468 | Leslie E. Hurst (*admitted PHV*) |
| 3 | Snohomish, WA  98291 | Thomas J. O'Reardon II (*admitted PHV*) |
| | Tel: 425/728-7296 | 501 West Broadway, Suite 1490 |
| 4 | 425/955-5300 (fax) | San Diego, CA  92101 |
| | Dennis@westwalaw.com | Tel: 619/338-1100 |
| 5 | | 619/338-1101 (fax) |
| 6 | | tblood@bholaw.com |
| | | lhurst@bholaw.com |
| 7 | | toreardon@bholaw.com |

8

Counsel for Defendant

9

10                **UNITED STATES BANKRUPTCY COURT**

11                **EASTERN DISTRICT OF WASHINGTON**

| | | |
|---|---|---|
| 12 | In re: | Case No: 18-03197 FPC 7 |
| 13 | GIGA WATT, INC., a Washington | The Honorable Frederick P. Corbit |
| 14 | corporation, | Chapter 7 |
| 15 | Debtor. | |
| 16 | MARK D. WALDRON, as Chapter 7 | Adversary Proceeding No. 21-80053 |
| 17 | Trustee, | |
| 18 | Plaintiff, | |
| | v. | **MOTION FOR INDICATIVE** |
| 19 | | **RULING [F.R.B.P. Rule 8008]** |
| | JUN DAM, a California resident, on | |
| 20 | behalf of himself and a purported | |
| | class of similarly situated parties | **[No Hearing Requested]** |
| 21 | | |
| | Defendant. | |
| 22 | | |

23

24

25

18-03197-FPC7    Doc 1020-2    Filed 09/20/23    Entered 09/20/23 11:32:00    Pg 16 of 35

**INTRODUCTION**

Settlements have been reached in the Trustee's and the Class's cases against Perkins Coie, LLP, *et al.* In the settlement of the adversary action with the Trustee, Perkins Coie will pay $3 million to the Giga Watt bankruptcy estate. In the settlement of the class action, Perkins Coie will pay $4.5 million to a class of WTT Token holders. The Trustee's settlement is subject to approval by this Court. The class settlement is subject to approval by Judge Bastian in the district court. Neither the class settlement nor the Trustee's settlement will be effectuated until both receive final approval from their respective courts.

As this Court may recall, it previously issued orders holding three claims in the class action were subject to the automatic stay and the other two claims were preliminarily enjoined. These orders are on appeal in the district court. After briefing on the consolidated appeals was completed, the district court stayed the appeal to permit the parties to discuss settlement. Declaration of Leslie E. Hurst ISO Mtn. for Indicative Ruling ("Hurst Decl."), ¶ 6.

The class and Perkins Coie are ready to present their settlement agreement to the district court for approval. To do so, the automatic stay and injunction issued by this Court (and on appeal in the district court), should be modified so the settlement may be presented for approval to the district court.[1]

Federal Rule of Bankruptcy Procedure, Rule 8008 provides a procedure to restore limited jurisdiction to this Court to modify the stay/preliminary injunction orders.

---

[1] There is a difference of opinion regarding the necessity of an indicative ruling given jurisdiction resides in the district court while the stay/preliminary injunction orders are on appeal. The class seeks the relief here out of an abundance of caution. Hurst Decl., ¶ 8.

MOTION FOR INDICATIVE RULING - 2

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00204389

1    Rule 8008 contemplates a three-step process. **First**, this Court issues an

2    indicative ruling stating that **if** it had jurisdiction over the stay/injunctive orders

3    that are on appeal, it would modify the orders to permit the settling parties to

4    seek approval of their settlement in district court. Rule 8008(a)(3). **Second**, upon

5    notice of the indicative ruling (Rule 8008(b)), the district court where the appeal

6    is pending may retain jurisdiction over the appeal, but issue a limited remand to

7    this Court for identified proceedings to occur. Rule 8008(c). **Third,** upon remand

8    and by motion, this Court would be asked to lift the automatic stay and modify

9    the injunction for the limited purpose of permitting Perkins Coie and the class to

10   seek approval of the class settlement in Case No. 2:20-cv-00464-SAB in the

11   district court.

12   Accordingly, the class plaintiff asks this Court to issue an indicative ruling

13   for the reasons set forth herein. A proposed indicative ruling is concurrently

14   submitted.

15   The Trustee and Perkins Coie do not oppose the relief sought by this

16   motion or the proposed ruling. Hurst Decl., ¶ 9.

17                               **PROCEDURAL POSTURE**

18   On September 26, 2021, the Court ruled that the automatic stay barred the

19   first three counts alleged in the class action. ECF No. 921. The class plaintiff

20   timely appealed the stay order. ECF No. 922.

21   On February 23, 2022, the Court enjoined the remaining two counts in the

22   class action pending resolution of the Trustee's adversary action against Perkins

23   Coie. ECF No. 38. The class plaintiff timely appealed the preliminary injunction

24   order. ECF No. 40.

25

00204389

MOTION FOR INDICATIVE RULING - 3                    **Western Washington Law Group PLLC**
                                                     P.O. Box 468, Snohomish, WA 98291
                                                     (425) 728-7296

Exhibit H, Page 3 of 8

18-03197-FPC    Doc 1020-2    Filed 09/20/23    Entered 09/20/23 11:36:00    Pg 18 of 35

1    The two appeals were consolidated by Judge Bastian of the U.S. District

2  Court, Eastern District of Washington under Case No. 2:21-cv-00291-SAB.

3  After the consolidated appeals were fully briefed, Judge Bastian stayed the

4  appeal to permit settlement negotiations. Appeal ECF No. 56. Hurst Decl., ¶ 6.

5    After numerous sessions with settlement mediator Judge Benjamin P.

6  Hursh, and months of follow up settlement negotiations between the parties, the

7  class and Perkins Coie and the Trustee and Perkins Coie each reached

8  settlements of their respective actions. *Id*., ¶ 7. The settlements now require

9  presentation to and approval by the respective courts. To present the class

10  settlement to the district court for the approval process, the class seeks an

11  indicative ruling and ultimately an order from this Court lifting the stay and

12  modifying the injunction so that settlement proceedings in the district court may

13  commence.

14                            **ARGUMENT**

15  **I.    An Indicative Ruling Is Appropriate**

16    Rule 8008 permits the bankruptcy court, through an indicative ruling, to

17  communicate to the district court its intention to provide some specified relief if

18  the appealed matter is remanded. *See In re Halper*, Nos. CC-18-1225-TaLS, CC-

19  18-1226-TaLS, 2019 Bankr. LEXIS 1967, at *8, 2019 WL 2762340, at *3

20  (B.A.P. 9th Cir. June 28, 2019) ("Rule 8008 allows a bankruptcy court to

21  evaluate timely-filed motions for relief where it would otherwise lack decisional

22  authority because an appeal is pending."); *In re Treasure Valley Marine, Inc.,*

23  *LLC*, No. 16-00927-JDP, 2021 Bankr. LEXIS 8, at *12, 2021 WL 112173

24  (Bankr. D. Idaho Jan. 5, 2021).

25

1    To seek approval of the class settlement, relief from the automatic

2    stay/preliminary injunction is arguably needed. *See, e.g.*, *In re Ambac Fin. Grp.*,

3    No. 08 Civ. 411 (NRB), 2015 U.S. Dist. LEXIS 4468, at *7–8, 2015 WL

4    342522, at *2 (S.D.N.Y. Jan. 9, 2015) (denying preliminary approval of class

5    settlement presented without lift of automatic stay by the bankruptcy court).

6    Relief from the automatic stay/preliminary injunction orders will be for the

7    limited purpose of submitting and seeking approval of the class settlement in the

8    district court.

9    **II.    Cause Exists to Lift the Stay**

10    Section 362(d) provides that "on request of a party in interest and after

11    notice and a hearing, the court shall grant relief from the stay provided under

12    subsection (a) of this section, such as by terminating, annulling, modifying or

13    conditioning such stay for – cause . . . ." 11 U.S.C. § 362(d)(1).

14    The term "cause" is not defined in the statute but is to be construed by

15    bankruptcy courts on a case-by-case basis. *In re Tucson Estates, Inc.*, 912 F.2d

16    1162, 1166 (9th Cir. 1990). In the context of litigation outside the bankruptcy

17    court, courts have identified a series of factors that are potentially relevant to the

18    stay analysis. *Truebro, Inc. v. Plumberex Specialty Prods., Inc.* (*In re Plumberex*

19    *Specialty Prods., Inc.*), 311 B.R. 551, 558 (Bankr. C.D. Cal. 2004) (citing *In re*

20    *Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984) and other authorities).

21    These factors include whether the relief will result in a partial or complete

22    resolution of the issues. They also consider the interests of judicial economy and

23    the expeditious and economical determination of litigation for the parties. *Curtis*,

24    40 B.R. at 799–800.

25

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00204389

18-03197-FPC7    Doc 1080-2    Filed 09/20/23    Entered 09/20/23 11:02:00    Pg 20 of 35

1       Cause exists here to lift the stay if the district court restores limited

2  jurisdiction to this Court for this purpose. The class settlement between the class

3  and Perkins Coie will result in a payment of $4.5 million to class members, i.e.,

4  WTT Token holders who held tokens as of November 19, 2018. Hurst Decl., ¶ 8.

5  The class settlement will resolve all claims in the class action against Perkins

6  Coie. Further, approval of the class settlement by the district court is a condition

7  precedent to effectuating the Trustee's settlement with Perkins Coie, which will

8  pay $3 million to the bankruptcy estate. Similarly, lifting the stay will serve

9  judicial economy by facilitating a complete resolution of the issues between

10  Perkins, the Trustee, and the class.

11  **III.    Modifying the Preliminary Injunction Is Appropriate**

12       Injunctive relief is equitable in nature. *Official Airline Guides, Inc. v.*

13  *Goss*, 856 F.2d 85, 88 (9th Cir. 1988). "[A] party is *always* entitled to move to

14  modify an equitable decree . . . ." *Brown v. Plata*, 563 U.S. 493, 561 (2011)

15  (emphasis in original). *See also N.Y. State Ass'n for Retarded Children, Inc. v.*

16  *Carey,* 706 F.2d 956, 967 (2d Cir. 1983) ("The power of a court of equity to

17  modify a decree of injunctive relief is long-established, broad, and flexible.")

18  "[A] preliminary injunction decision is just that: preliminary." *Ctr. for Biological*

19  *Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013) (citing *Ranchers*

20  *Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of*

21  *Agric.,* 499 F.3d 1108, 1114 (9th Cir. 2007)).

22       It is in the best interest of all settling parties (Perkins Coie, the class and

23  the Trustee) to modify the preliminary injunction order to allow the class and

24  Perkins Coie to obtain district court approval of the class settlement for the same

25  reasons that cause exists to lift the automatic stay. Modifying the preliminary

injunction order will facilitate approval of the class settlement and thus meet a

00204389
MOTION FOR INDICATIVE RULING - 6
**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296
Exhibit H, Page 6 of 8
18-03197-FPC7    Doc 1020-2    Filed 09/20/23    Entered 09/20/23 11:32:00    Pg 21 of 35

1    condition precedent to effectuate settlement of the Trustee's adversary action

2    against Perkins Coie. Indeed, neither the Trustee nor Perkins Coie opposes the

3    relief sought by this motion for indicative ruling.

4                                    **CONCLUSION**

5          Accordingly, the class requests that the Court issue an indicative ruling

6    informing the district court that if the consolidated appeals were remanded for a

7    limited purpose, the Court would upon remand lift the automatic stay for cause

8    and modify the preliminary injunction to permit the class plaintiff to seek

9    approval of the class settlement in the district court.

10                                  Respectfully submitted,

11   Dated: July 21, 2023          WESTERN WASHINGTON LAW
                                         GROUP PLLC
12

13                                 By:      *s/  Dennis McGlothin*

14                                 Dennis McGlothin (WSBA No. 28177)
                                   P.O. Box 468
15                                 Snohomish, WA  98291
                                   Tel: 425/728-7296
16                                 425/955-5300 (fax)
                                   Dennis@westwalaw.com
17
                                   BLOOD HURST & O'REARDON, LLP
18                                 Timothy G. Blood
                                   Leslie E. Hurst (*pro hac vice*)
19                                 Thomas J. O'Reardon II
                                   501 West Broadway, Suite 1490
20                                 San Diego, CA  92101
                                   Tel: 619/338-1100
21                                 619/338-1101 (fax)
                                   tblood@bholaw.com
22                                 lhurst@bholaw.com
                                   toreardon@bholaw.com
23

24                                 *Attorneys for Adversary Proceeding
                                   Defendant Jun Dam*
25

00204389

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on July 21, 2023, I electronically filed the foregoing

3 with the Clerk of the Court using the CM/ECF System, which will in turn

4 automatically generate a Notice of Electronic Filing (NEF) to all parties in the

5 case who are registered users of the CM/ECF System. The NEF for the foregoing

6 specifically identifies recipients of electronic notice.

7    Executed on July 21, 2023.

8

*s/ Dennis McGlothin*
9    DENNIS J. McGLOTHIN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

# EXHIBIT I

## Pamela M. Egan

**From:**      Pamela M. Egan
**Sent:**      Monday, July 24, 2023 9:51 AM
**To:**        Tim Blood; Leslie Hurst; Dennis McGlothin
**Cc:**        Ralph Cromwell
**Subject:**   GW/PC

Attached please find an Objection to the motion for indicative ruling, which the Trustee has asked me to prepare.

We are providing it to you in advance in effort to resolve the outstanding issues without the need for Court intervention.

I will be available after 11 a.m. this morning if you wish to confer.



Objection to
Indicative Ruling...

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
Tel: (415) 297-0132 | Fax: (202) 318-7707
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

Exhibit I
Page 1 of 7

1

1   Pamela M. Egan, WSBA #54736
    Potomac Law Group PLLC
2   2212 Queen Anne Ave., #836
    Seattle, WA 98109
3   Tel: (415) 297-0132
    Email: pegan@potomaclaw.com
4   *Attorney for Mark D. Waldron, as*
    *Chapter 7 Trustee*

5

6                  **UNITED STATES BANKRUPTCY COURT**

7                  **EASTERN DISTRICT OF WASHINGTON**

8   In re Giga Watt, Inc., a Washington          Case No. 18-03197
    corporation,
9                                                 Chapter 7
                    Debtor.
10                                                The Honorable Frederick P. Corbit

11  MARK D. WALDRON, as Chapter 7                Adv. Proc. No. 21-80053
    Trustee,
12
                    Plaintiff,                    **TRUSTEE'S OBJECTION TO**
13      vs.                                       **MOTION FOR INDICATIVE**
                                                  **RULING [F.R.B.P. RULE 8008]**
14  JUN DAM, a California resident, on
    behalf of himself and a purported
15  class of similarly situated parties,

16                  Defendant.

17                  **I.    INTRODUCTION**

18          It is not true that the settlement documents are ready for filing, although

19  tentative settlements have been reached. Outstanding issues between the parties

20  remain. Mr. Dam appears to be trying to force through his settlement approval

21  process before the settlement has been finalized. For this reason alone, the motion

22  for indicative ruling should be denied.

23

24                                                       Exhibit I
    TRUSTEE'S OBJECTION TO
25  MOTION FOR INDICATIVE RULING – Page 1         Page 2 of 7

1    In addition, the motion for indicative ruling is deficient in critical respects,

2    thus threatening to undermine the validity of the settlement approval process.

3    Out of the hundreds of creditors in the bankruptcy and the thousands of class

4    members in the class action, some parties may strictly scrutinize the process.

5    Complying with the rules will ensure that the settlement withstands this scrutiny.

6    The motion for indicative ruling does not comply with the rules.

7    Therefore, it should be denied.

8                    **II.    OBJECTION AND REQUEST**

9    The Trustee objects to Mr. Dam's motion for indicative ruling [ECF Nos.

10   80 and 81] on the ground that it:

11       1.  It misstates the status of the settlement negotiations, as set forth above;

12       2.  It lacks underlying motions for relief from stay and to modify the

13          preliminary injunction;

14       3.  It was not filed in the main case as required for relief from stay;[1] and

15       4.  It does not provide notice in compliance with 11 U.S.C. § 362,

16          Bankruptcy Rules 2002 and 4001, L.B.R. 2002-1 and 4001-1, and this

17          Court's Limited Notice Order, ECF No. 857 and 880.[2]

18

19    _____

20    [1] Mr. Dam filed it twice in this adversary proceeding.

21    [2] Mr. Dam's proposed indicative ruling also inappropriately provides that the

22    Bankruptcy Court would "accept" a remand from the District Court. ECF 81-1 at

23    2:3. Remand is typically an order not a request.

24    TRUSTEE'S OBJECTION TO

25    MOTION FOR INDICATIVE RULING – Page 2

Exhibit I

Page 3 of 7

1    The Trustee requests that the Court deny the motion for indicative ruling

2    without prejudice. If the parties finalize their settlement, Mr. Dam would have the

3    opportunity to file papers that comply with the rules. After obtaining the

4    indicative ruling, Mr. Dam would then ask the District Court to remand with

5    directions to this Court to enter Orders consistent with the indicative ruling.

6                        ### III.    AUTHORITIES

7    Bankruptcy Rule 8008 "is adapted from Rule 62.1 of the Federal Rules of

8    Civil Procedure, which provides district courts with the same slate of options as

9    Bankruptcy Rule 8008." *In re Fairfield Sentry Ltd.*, 10-13164 (SMB), 2020 WL

10    4813565, at *7 (Bankr. S.D.N.Y. Aug. 10, 2020), *aff'd sub nom. Fairfield Sentry*

11    *Ltd. (In Liquidation) by and through Krys v. Citibank, N.A. London*, 630 F. Supp.

12    3d 463 (S.D.N.Y. 2022). It "conforms bankruptcy practice to that of [Rule 62.1

13    of] the Federal Rules of Civil Procedure and [Rule 12.1 of] the Federal Rules of

14    Appellate Procedure. . . ." 10 Collier on Bankruptcy, ¶ 8008.01, p. 8008–2 (16th

15    ed. 2014)).

16    The first clause in Bankruptcy Rule 8008 (and Civil Rule 62.1) states, "If a

17    party files a timely motion in the bankruptcy court for relief. . . ." It then provides

18    that if the Court lacks jurisdiction to consider the motion because of a pending

19    appeal, it could issue an indicative ruling on the underlying motion. *Id.* Courts

20    have addressed this issue. *See e.g., Smith v. HSBC Bank USA, N.A.*, 2:15-CV-70,

21    2018 WL 11413590, at *2 (S.D. Ga. Dec. 4, 2018).

22    > By its terms, Rule 62.1 requires an underlying motion for relief.
     > Without an underlying motion for relief, a Rule 62.1 Motion for
23    > Indicative Ruling fails. Here, the Smiths have not filed a motion for

24

25

Exhibit I
Page 4 of 7

1    relief in addition to their Motion for Indicative Relief. Thus, the
     Court cannot take one of the three options permitted by Rule 62.1(a)
2    (1) - (3).

3    *Accord Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 210 (W.D.N.Y. 2015):

4        In other words, procedurally there is no basis for an independent,
         freestanding Rule 62.1 motion, asking the district court, in the
5        abstract as it were, to advise the court of appeals what it would do if
         the court of appeals were to remand the case. Medgraph has not filed
6        any motion for relief, apart from its motion under Rule 62.1, and the
         motion is subject to denial on that ground alone.
7

8    *See also Ramirez v. Crews*, 2014 WL 12693226, at *3 (S.D. Fla. Oct. 21, 2014),

9    *report and recommendation adopted*, 2015 WL 13333652 (S.D. Fla. Aug. 24,

10   2015), *aff'd sub nom. Ramirez v. Fla. Dep't of Corr.*, 684 F. App'x 927 (11th Cir.

11   2017) ("Federal Rule of Civil Procedure 62.1 is intended to be used in conjunction

12   with a separate motion seeking relief, such as a Rule 60(b) motion to vacate

13   judgment."); *In re Wyman*, 12-32264-DOF, 2023 WL 2250571 (Bankr. E.D.

14   Mich. Feb. 27, 2023) (issuing indicative ruling regarding filed motion to set aside

15   default judgment based on fraud on the court); *In re Temblor Petroleum Co., LLC*,

16   1:22-CV-01507-ADA, 2023 WL 3119791 (E.D. Cal. Apr. 27, 2023) (issuing

17   indicative ruling regarding filed motion to amend Sale Order.

18       The indicative ruling motion does not include underlying motions but

19   instead asks the Court to consider some issues and decide in the abstract what it

20   would do if such motions were filed. Therefore, it is deficient.

21       Furthermore, the motion ignores the notice requirements. Section 362(d) of

22   the Bankruptcy Code provides, "On request of a party in interest ***and after notice***

23

24   TRUSTEE'S OBJECTION TO
     MOTION FOR INDICATIVE RULING – Page 4
25

**Exhibit I**

Page 5 of 7

1   ***and a hearing***, the court shall grant relief from the stay." (Emphasis added.)

2   L.B.R. 2002-1(a)(1) states:

3           Unless otherwise provided in the Bankruptcy Code, the Federal Rules
            of Bankruptcy Procedure, or these rules, whenever the Code or Rules
4           authorizes any act, or authorizes the Court to enter an order, "after
            notice and hearing" or a similar phrase, the party giving the notice
5           shall clearly state in the notice:  (A) The purpose of the notice;  (B)
            What a party receiving the notice must do in order to object to the
6           action contemplated by the notice and the time within which an
            objecting party must act; and  (C) That the act may be performed or
7           the Court may enter an order without an actual hearing or further
            notice unless a written objection is timely served and filed.  (2) A
8           notice may be included with a motion in which case the pleading
            shall be captioned as a motion and notice.

9

10  The notice of indicative ruling ignores this rule. Therefore, it is deficient.

11          Bankruptcy Rule 4001 directs that a motion for relief from stay be served

12  on parties "as the Court may direct." L.B.R. 4001-1 provides:

13          A party in interest desiring relief from the automatic stay of an act
            against property of the estate shall file a motion and give fourteen
14          (14) days' notice in accordance with FRBP 4001 and LBR 2002-1 to
            the debtor(s), attorney for the debtor(s), trustee, United States
15          Trustee, those requiring notice under FRBP 2002(i) and FRBP 4001,
            and any other party known to movant claiming an interest in the
16          subject property.

17          L.B.R. 2002-1(b)(1)(A) and (B) add:

18          (A) Notice, as used in this rule shall mean notice to all creditors,
            equity security holders, indenture trustees, the debtor, the chairperson
19          of any committee appointed in the case, the United States trustee, and
            any other parties in interest.

20
            (B) Less inclusive notice may be given if not prohibited by the Code
21          or Rules and specifically allowed by the Court or local rules. Notice
            is appropriate if it reaches all those with a potential good faith
22          objection to the proposed order or action.

23

24                                                          **Exhibit I**
    TRUSTEE'S OBJECTION TO                                  **Page 6 of 7**
25  MOTION FOR INDICATIVE RULING – Page 5

1    Pursuant to the Limited Notice Order, notice is limited to parties on the

2    Limited Notice List. ECF No. 880.

3    In this case, Mr. Dam did not file a motion for relief from stay, which

4    should have been filed in the main case, or provide 14-days' notice as required by

5    L.B.R. 4001-1. He did not serve his papers on the United States Trustee or the

6    creditors on the Limited Notice List. This is improper.[3]

7    Therefore, the motion for indicative ruling is deficient.

8    ### IV.    CONCLUSION

9    WHEREFORE, the Trustee respectfully requests that the Court:

10    1.    Deny the Motion for Indicative Ruling (ECF Nos. 80-81) without

11    prejudice; and

12    2.    Grant such other and further relief as the Court deems appropriate

13    and just.

14    DATED this [*]th day of July 2023.

POTOMAC LAW GROUP PLLC

15

16    By: _/s/ Pamela M. Egan_
Pamela M. Egan

17    2219 Queen Anne Ave., #836
Seattle, WA 98109

18    Tel.: (415) 297-0132
Email: pegan@potomaclaw.com

19

20    *Attorneys for Mark D. Waldron, Trustee*

21    _____

22    [3] Ms. Hurst suggests in her declaration that the Trustee signed off on these papers.

23    That is inaccurate and irrelevant. The parties cannot agree to violate the rules.

24

25    TRUSTEE'S OBJECTION TO
MOTION FOR INDICATIVE RULING – Page 6

Exhibit I

Page 7 of 7

# EXHIBIT J

| | | |
|---|---|---|
| 1 | WESTERN WASHINGTON LAW GROUP PLLC | BLOOD HURST & O'REARDON, LLP |
| 2 | Dennis McGlothin (WSBA No. 28177) | Timothy G. Blood (*admitted PHV*) |
| 3 | 121 Lake St. S. Suite 201 Kirkland, WA  98033 | Leslie E. Hurst (*admitted PHV*) Thomas J. O'Reardon II (*admitted PHV*) |
| 4 | Tel: 425/728-7296 425/955-5300 (fax) | 501 West Broadway, Suite 1490 San Diego, CA  92101 |
| 5 | Dennis@westwalaw.com docs@westwalaw.com | Tel: 619/338-1100 619/338-1101 (fax) |
| 6 | | tblood@bholaw.com |
| 7 | | lhurst@bholaw.com toreardon@bholaw.com |

8

9  Counsel for Defendant

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| 12 | In re: | Case No: 18-03197 FPC 7 |
| 13 | GIGA WATT, INC., a Washington corporation, | The Honorable Frederick P. Corbit |
| 14 15 | Debtor. | Chapter 7 |
| 16 17 | MARK D. WALDRON, as Chapter 7 Trustee, | Adversary Proceeding No. 21-80053 |
| 18 | Plaintiff, v. | **NOTICE OF WITHDRAWAL OF MOTION FOR INDICATIVE RULING [ECF NOS. 80-81]** |
| 19 20 | JUN DAM, a California resident, on behalf of himself and a purported class of similarly situated parties | |
| 21 22 | Defendant. | **[No Hearing Requested]** |

23

24

25

NOTICE OF WITHDRAWAL OF MOTION FOR INDICATIVE RULING - 1

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296

00204999

Exhibit J, Page 1 of 3

18-03197-FPC7    Doc 1082-2    Filed 09/20/23    Entered 09/20/23 11:06:40    Pg 33 of 35

1   **NOTICE TO THE COURT, ALL PARTIES, AND TO THEIR**

2   **COUNSEL OF RECORD:**

3       On July 21, 2023, counsel for Jun Dam and the putative class filed a motion

4   for indicative ruling as a precursor to presentation of the class action settlement

5   agreement to the district court where the class action is pending. Counsel had the

6   concurrence of the Trustee and Perkins Coie that the motions would be filed and

7   had understood that the procedure, form of the motions, service, and notice was

8   also agreed to by all parties.

9       On July 24, 2023, the Trustee notified the clerk of this court, class counsel

10  and Perkins Coie that it intended to respond to the motion. It provided to counsel

11  the Trustee's written objections.

12      In light of the Trustee's non-concurrence, the Motion for Indicative Ruling

13  [ECF Nos. 80-81] is hereby withdrawn.

14                                      Respectfully submitted,

15   Dated: July 24, 2023               WESTERN WASHINGTON LAW
                                            GROUP PLLC
16
                                        By:     *s/ Dennis McGlothin*
17                                      Dennis McGlothin (WSBA No. 28177)
                                        121 Lake St. S. Suite 201
18                                      Kirkland, WA  98033
                                        Tel: 425/728-7296
19                                      425/955-5300 (fax)
                                        docs@westwalaw.com
20                                      BLOOD HURST & O'REARDON, LLP
                                        Timothy G. Blood
21                                      Leslie E. Hurst (*pro hac vice*)
                                        Thomas J. O'Reardon II
22                                      501 West Broadway, Suite 1490
                                        San Diego, CA  92101
23                                      Tel: 619/338-1100
                                        619/338-1101 (fax)
24                                      tblood@bholaw.com
                                        lhurst@bholaw.com
25                                      toreardon@bholaw.com

                                        *Attorneys for Adversary Proceeding*
                                        *Defendant Jun Dam*

NOTICE OF WITHDRAWAL OF MOTION FOR INDICATIVE
RULING - 2

**Western Washington Law Group PLLC**
121 Lake St. S., Suite 201
Kirkland, WA 98033
(425) 728-7296

00204999

Exhibit J, Page 2 of 3

18-03197-FPC    Doc 1082-2    Filed 09/20/23    Entered 09/20/23 11:46:00    Pg 34 of 35

1                            **CERTIFICATE OF SERVICE**

2         I hereby certify that on July 24, 2023, I electronically filed the foregoing

3 with the Clerk of the Court using the CM/ECF System, which will automatically

4 generate a Notice of Electronic Filing (NEF) to all parties in the case who are

5 registered users of the CM/ECF System. The NEF for the foregoing specifically

6 identifies recipients of electronic notice.

7         Executed on July 24, 2023.

8

9                                 *s/ Dennis McGlothin*
                                  DENNIS J. McGLOTHIN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF WITHDRAWAL OF MOTION FOR INDICATIVE
RULING - 3

**Western Washington Law Group PLLC**
121 Lake St. S., Suite 201
Kirkland, WA 98033
(425) 728-7296

00204999