# EXHIBIT 3

18-03197-FPC7 Doc 1020-4 Filed 09/20/23 Entered 09/20/23 11:06:00 Pg 1 of 6

Pamela M. Egan, WSB No. 54736
POTOMAC LAW GROUP PLLC
2212 Queen Anne Ave. N., #836
Seattle, WA 98109
Telephone: (415) 297-0132
Fax: (202) 318-7707
Email: pegan@potomaclaw.com
  *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUN DAM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PERKINS COIE, LLP, a Washington limited liability partnership; PERKINS COIE I, P.C., a California corporation; PERKINS COIE CALIFORNIA II, P.C., a California corporation, and LOWELL NESS, individually,<br><br>Defendants. | Case No. 2:20-cv-00464<br><br>The Honorable Stanley A. Bastian<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CHAPTER 7 TRUSTEE'S STATUS CONFERENCE STATEMENT**<br><br>**HEARING:**<br><br>**October 5, 2023, 10 a.m. PT** |

Pursuant to Rule 201 of the Federal Rules of Evidence, the Trustee respectfully requests that the Court take judicial notice of the following documents, which are organized in chronological order, supporting the *Chapter 7 Trustee's Status Conference Statement*, ECF No. 40, filed herewith.

Request for Judicial Notice
in Support of Chapter 7
Trustee's Status Conference Statement– Page 1

Exhibit 3

The table below lists the documents subject to this request in the order in which they appear in the Trustee's Statement. The exhibit reference is included.

| RJN No. | Document, Date, Caption, Court, Case No., ECF No., Exhibit Reference |
|---|---|
| 1. | Memorandum Opinion and Order Regarding Stay and Motion for Order to Show Cause ("Automatic Stay Order"), September 27, 2021, *In re Giga Watt, Inc.*, U.S. Bankruptcy Court, EDWA ("Bankruptcy Court"), Case No. 18-03197, ECF No. 921, Exhibit B to Trustee's Statement |
| 2. | Order Denying Mr. Dam's Motion to Dismiss and Granting Trustee's Motion for Preliminary Injunction ("Preliminary Injunction Order"), February 23, 2022, *Waldron v. Dam*, Bankruptcy Court, Adv. Proc. No. 21-80053, ECF No. 38, Exhibit C to Trustee's Statement |
| 3. | Order Granting Motion to Consolidate Appeals, April 19, 2022, *Dam v. Waldron*, this Court, Case No. 2:21-cv-0291-SAB, ECF 19, Exhibit D to Trustee's Statement |
| 4. | *Perkins' and Ness' Opposition to Trustee's Motion to Amend Complaint*, October 17, 2022, *Waldron v. Perkins Coie LLP (In re Giga Watt, Inc.),* Bankruptcy Court, Adv. Proc. No. 20-80031-FPC, ECF No. 120, Exhibit E to Trustee's Statement |

Request for Judicial Notice
in Support of Chapter 7
Trustee's Status Conference Statement– Page 2

Exhibit 3

| RJN No. | Document, Date, Caption, Court, Case No., ECF No., Exhibit Reference |
|---|---|
| 5. | *Motion to (a) Continue Stay of Panel Rehearing Pending Settlement, and (b) Restore Limited Jurisdiction to the Courts Below for the Sole Purpose of Settlement Approval*, July 6, 2023, *Waldron v. Perkins (In re Giga Watt, Inc.)*, U.S. Court of Appeals, Ninth Circuit, Case No. 22-35104, ECF No. 58, Exhibit F to Trustee's Statement |
| 6. | *Chapter 7 Trustee's Motion for Order Approving Settlements*, August 28, 2023, *In re Giga Watt, Inc.*, Bankruptcy Court, Case No. 18-03197, ECF No. 1007, Exhibit G to Trustee's Statement |
| 7. | *Motion for Indicative Ruling [F.R.B.P. Rule 8008],* July 21, 2023, *Waldron v. Dam (In re Giga Watt, Inc.)*, Bankruptcy Court, Adv. Proc. No. 21-80053, ECF Nos. 80 and 81 (the motion was filed twice in the same adversary proceeding), Exhibit H to Trustee's Statement |
| 8. | *Notice of Withdrawal of Motion for Indicative Ruling [ECF Nos. 80-81],* dated July 24, 2023, *Waldron v. Dam (In re Giga Watt, Inc.)*, Bankruptcy Court, Case No. 21-80053, ECF No. 82, Exhibit J to Trustee's Statement |

The foregoing documents fit squarely within the ambit of Evidence Rule 201, which provides, "The Court may judicially notice a fact that is not subject to reasonable dispute because it: . . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." F.R.E. 201. *See also*

Request for Judicial Notice
in Support of Chapter 7
Trustee's Status Conference Statement– Page 3

Exhibit 3

1 | *Metropolitan Creditors' Trust v. Pricewaterhouse-Coopers, LLP*, 463 F. Supp. 2d 1193, 1197–98 (E.D. Wash. 2006) ("[I]t is standard for a court to take judicial notice of the existence of another court's opinion.") (citing *Cal. ex rel. RoNo, LLC v. Altus Fin. S.A.*, 344 F.3d 920, 931 (9th Cir. 2003) and *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (*Lee* was overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002)).

The Court may also take judicial notice of its own docket. S*ee State Bank of San Pedro v. Marincovich* (*The Golden Gate)*, 286 F. 105, 106 (9th Cir. 1923) ("Every court takes judicial notice of its own records in the same case.") (admiralty case); *In re Blumer*, 95 B.R. 143, 146 (B.A.P. 9th Cir. 1988).

To determine the accuracy of the documents subject to this Request, one need only review the dockets of the Bankruptcy Court, this Court, and the U.S. Court of Appeals for the Ninth Circuit.

Finally, the Trustee is not asking the Court to accept or reject the truth (or falsity) of the arguments or assertions made in the documents that are the subject of this Request. The Trustee is only asking that the Court take judicial notice of the existence of the arguments, motions, Orders, and opinions. Their authenticity is not subject to reasonable dispute.

Request for Judicial Notice
in Support of Chapter 7
Trustee's Status Conference Statement– Page 4

Exhibit 3

Wherefore, the Trustee respectfully requests that the Court grant this Request for Judicial Notice.

Dated: September 19, 2023        POTOMAC LAW GROUP PLLC

By:    s/ Pamela M. Egan
Pamela M. Egan (WSB No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

### CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

*s/ Pamela M. Egan*
Pamela M. Egan, WSB No. 54736
POTOMAC LAW GROUP PLLC
2212 Queen Anne Ave. N., #836
Seattle, WA 98109
Telephone: (415) 297-0132
Fax: (202) 318-7707
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

Request for Judicial Notice
in Support of Chapter 7
Trustee's Status Conference Statement– Page 5

Exhibit 3