Pamela M. Egan, WSB No. 54736
POTOMAC LAW GROUP PLLC
2212 Queen Anne Ave. N., #836
Seattle, WA 98109
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| | **CHAPTER 7 TRUSTEE'S REPLY TO OBJECTION FILED BY MR. ELLISON [ECF NO. 1021]** |
| | **Hearing Information** <br> Date: **October 3, 2023** <br> Time: **2:00 p.m. (Pacific Time)** <br> Location: Zoomgov.com or (669) 254-5252; Meeting ID: 1606922376 |

## I.   INTRODUCTION

Mr. Ellison wants to wind back the clock and use a pre-litigation device, a Rule 2004 exam, to see if his stale rumor, which he will not disclose, is worth anything in a case that he does not fully understand on behalf of a client that does not exist.

CHAPTER 7 TRUSTEE'S REPLY
TO OBJECTION FILED BY
MR ELLISON [ECF No. 1021] - Page 1

Even if Mr. Ellison had standing – which he does not – he has not rebutted the Trustee's evidence that the settlement with Perkins[1] is fair and equitable. The settlement will make the case administratively solvent. It will provide a meaningful distribution to trade creditors. It will pave the way to closing the case which is almost five years old.

Over the years, Mr. Ellison neither investigated nor shared his alleged information with the Trustee despite his former role as counsel to the Official Committee of Unsecured Creditors. Instead of conducting pre-litigation discovery to substantiate this alleged rumor when the Committee existed, he used that power to extract information from the Trustee about the estate's case against Perkins which Jun Dam, the former chair of the Committee, then used *against* the estate. Even now, he refuses to share this information with the Trustee.

Now that the litigation is almost three years old, Mr. Ellison would like to step in and tweak the settlement, squeeze some more money out of Perkins. He proposes that he convey his five-year old rumor to the Court *in camera*, chat with the mediator, and interview people at Perkins. He also proposes a short Rule 2004 exam. This plan is not based in reality. Rule 2004 exams are not used after litigation has commenced. And Perkins is not going to allow a person with no client to interview its people.

The Trustee asks that the Objection be overruled.

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the *Chapter 7 Trustee's Memorandum in Support of Motion for Order Approving Settlements*, ECF No. 1008.

CHAPTER 7 TRUSTEE'S REPLY
TO OBJECTION FILED BY
MR ELLISON [ECF No. 1021] - Page 2

## II. POINTS AND AUTHORITIES

### A. Mr. Ellison Lacks Standing and There Is No Role for Him

Mr. Ellison lacks standing. The Committee was dissolved when the case converted three years ago. Order Converting Case to Chapter 7, dated September 30, 2020. ECF No. 744. (RJN No. 1.)[2] *See Schultze v. Chandler*, 765 F.3d 945, 947 (9th Cir. 2014), as amended (Aug. 1, 2014); *In re Freedlander, Inc. The Mortg. People*, 103 B.R. 752, 758 (Bankr. E.D. Va. 1989) ("[C]onversion to Chapter 7, and the ensuing termination of the Chapter 11 Order For Relief, results in the dissolution of any committee appointed under 11 U.S.C. § 1102, and similarly prevents any award of attorney's fees to committee counsel for post-conversion services.").

Mr. Ellison does not know if the more than four-year-old information is true or false. He never investigated it, despite being Committee counsel from January 2019 to September 2020, when the case converted and the Committee automatically dissolved. Order Granting Unsecured Creditor Committee's Application to Employ DBS Law as Counsel Nunc Pro Tunc to January 11, 2019, filed January 24, 2019, ECF No. 145; Order Approving Employment Under 11 U.S.C. § 1103 for Counsel for the Unsecured Creditors Committee, dated December 17, 2019, ECF No. 439. (RJN Nos. 2 and 3, respectively.)

---

[2] RJN refers to the *Request for Judicial Notice in Support of Chapter 7 Trustee's Reply to Objection Filed by Mr. Ellison [ECF 1021]*, filed herewith.

Mr. Ellison claims that in October 2020, he orally told the "Trustee and/or counsel" that he has some information. Objection, ECF No. 1021 at 2:10-12. But somehow that information was not conveyed to the Trustee. Two and a half years later, in April 2023, he reappeared sending an email asking if the litigation was ongoing, and if so, asserting that he might have a useful line of questioning. Objection, ECF No. 1021 at 2:18-20. The litigation was not ongoing. The Trustee was in settlement negotiations. *See* Minute Entry, dated April 25, 2023, Waldron v. Perkins, Adv. Proc. No. 20-80031. ECF No. 168. (RJN No. 8.)

Now Mr. Ellison claims that the information is so important that it undermines the settlement, but he will only share it with the Court *in camera*. He would also like to talk with Judge Hursh and then interview Perkins' witnesses. Meanwhile, he lacks a client.

**B.      Perfect Form Is Not the Standard for Settlement Approval**

Mr. Ellison posits that he could do better than the Trustee. However, the test for settlement approval is not "better," "best" or "perfect" settlement. The standard is whether the settlement is fair and equitable. Mr. Ellison's belated assertion of a valuable rumor does not rebut the evidence that the settlement is fair and equitable. It will make the case administratively solvent. Among the administrative claims are two landlords who worked with the Trustee and who will now be paid. Unsecured trade creditors are expected to receive an above-average distribution within the year instead of an uncertain distribution in years to

come. The settlement fully resolves three lawsuits and three appeals pending in three courts. It pays the estate $3 million and WTT token holders $4.5 million.

To achieve this result, the Trustee obtained critical information from multiple sources, including Wilson Sonsini Rosati & Goodrich, Circle Internet Finance Ltd., Perkins Coie LLP, the Douglas County Public Utility District No. 1, and Lighthouse Technologies, Ltd. He analyzed the documents in an e-discovery database, run by LexBe. He put together a construction schedule and compared that to the escrow releases. He interviewed a score of individuals, including the landlords who were familiar with the construction of the facilities and the amount of power they used. He ran the facilities giving him firsthand knowledge of their revenue output and energy consumption, issues relevant to the claims against Perkins. *See* Declaration of Mark D. Waldron Declaration, filed herewith.

The settlement is fair and equitable.

C. **The Limited Objection Is Contradictory**

Mr. Ellison asserts that he could verify the hearsay information in ten to fourteen days, with only five questions in a Rule 2004 exam. However, he has unearthed no answers *in more than four and a half years*. *See* Objection, ECF No. 1021 at 2, n. 1 ("I came to learn of this information at the inception of the case . . . ."). The case commenced on November 19, 2018.

Mr. Ellison's proposed use of Rule 2004 would violate "[t]he well recognized rule . . . that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed.R.Bankr.P. 7026 *et seq*.,

rather than by a Fed.R.Bankr.P. 2004 examination." *In re Bennett Funding Group., Inc.*, 203 B.R. 24 (Bankr. N.D.N.Y. 1996).

> As Fed.R.Bankr.P. 2004 is meant to give the inquiring party broad power to investigate the estate, it does not provide the procedural safeguards offered by Fed.R.Bankr.P. 7026. For example, under a Fed.R.Bankr.P. 2004 examination, a witness has no general right to representation by counsel, and the right to object to immaterial or improper questions is limited.

*Id*. at 28 (citations omitted). Perkins is unlikely to agree to a Rule 2004 exam, which is "akin to a fishing expedition." *See e.g., In re Subpoena Duces Tecum*, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011) ("The scope of a 2004 examination is 'unfettered and broad' and is akin to a fishing expedition.") (*quoting In re GHR Energy Corp*., 33 B.R. 451, 453–54 (Bankr. D. Mass. 1983)). Mr. Ellison's proposal is, therefore, a non-starter for this additional reason.

Mr. Ellison did not use his broad pre-litigation discovery powers as Committee counsel to substantiate the information that he now claims is so important. Instead, he used his discovery powers to extract information from the Trustee about his case against Perkins which Jun Dam then tried to use *against* the estate. *See e.g., Defendant's Opposition to Trustee's Motion for Injunctive Relief*, dated December 9, 2021, filed in this Court in *Waldron v. Dam*, Case No. 2:21-ap-80053, ECF No. 28 at 6:25-28, 7:1-12. (RJN No. 4). Cited excerpt attached hereto as **Exhibit A**.

Mr. Ellison admits that he does not fully understand the Trustee's case against Perkins. He claims this is so because the Trustee's complaint was

CHAPTER 7 TRUSTEE'S REPLY
TO OBJECTION FILED BY
MR ELLISON [ECF No. 1021] - Page 6

18-03197-FPC7    Doc 1022    Filed 09/26/23    Entered 09/26/23 08:37:14    Pg 6 of 8

redacted. Objection, ECF No. 1021 at 4:2-5. However, the Trustee's First Amended Complaint, filed November 23, 2022, *Waldron v. Perkins,* Adv. Proc. No. 20-80031, ECF No. 135, (RJN No. 7), was not redacted, and Mr. Dam filed an unredacted version of the original complaint after the District Court denied his motion to file it under seal. Order Denying Appellant's Motion to Seal, *Dam v. Waldron*, dated June 8, 2022, U.S. District Court, E.D.W.A., Case No. 2:21-cv-00291-SAB, ECF No. 36, attached hereto as **Exhibit B**; Appellant's Index, Vol. 1 of 2, AA235-266, *Dam v. Waldron*, U.S. District Court, E.D.W.A., Case No. 2:21-cv-00291, ECF No. 38 at 240-271, excerpt attached hereto as **Exhibit C**. (RJN Nos. 5 and 6, respectively.) Therefore, there is no reason for Mr. Ellison's ignorance.

These contradictions undermine any semblance of credibility.

### III. CONCLUSION

Mr. Ellison lacks standing. He also lacks sufficient understanding of the litigation to be allowed to submit *in camera* information to the Court, confer with the mediator, and ask Perkins to agree to sit for an exam that is akin to a fishing expedition.

The settlement is fair and equitable. It is the product of a thorough investigation of the facts and extensive litigation. It will allow the Trustee to turn his attention to claims resolution, distributions to creditors, and closing this five-year-old case.

WHEREFORE, the Trustee respectfully asks the Court to overrule Mr. Ellison's Objection and grant such other and further relief as the Court deems necessary and just.

Dated: September 26, 2023

POTOMAC LAW GROUP PLLC

By: */s/ Pamela M. Egan*
Pamela M. Egan (WSB No. 54736)

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*