Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
2212 Queen Anne Ave. N., #836
Seattle, WA 98109
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| | **CHAPTER 7 TRUSTEE'S MOTION FOR RELIEF FROM THE STAY AND WAIVER OF 14-DAY STAY; IN THE ALTERNATIVE, CHAPTER 7 TRUSTEE'S MOTION FOR INDICATIVE RULING** |

Mark D. Waldron, the Chapter 7 Trustee in the above-captioned case, hereby moves this Court pursuant to section 362(d)(1) of title 11 of the United States Code ("Bankruptcy Code"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 4001-1 for entry of an order:

    1.    Lifting the automatic stay for the limited purpose of permitting Jun Dam, Eric Blomquist, Perkins Coie LLP, Perkins Coie California, P.C., Perkins Coie U.S., P.C., and Lowell Ness: (a) to stipulate to amend Mr. Dam's putative class complaint for settlement purposes, in substantially the form attached hereto

Chapter 7 Trustee's Motion
for Relief From Stay. etc. - Page 1

as **Exhibit A**,[1] and (b) to seek the approval of the United States District Court for the Eastern District of Washington of their settlement, in substantially the form attached hereto as **Exhibit B**;

    2.    Waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3); and

    3.    In the alternative, issuing an indicative ruling pursuant to Bankruptcy Rule 8008, that it would grant the foregoing relief but for Mr. Dam's appeal of the Automatic Stay Order (defined below).

In support of this Motion, the Movant respectfully represents the following:

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the standing order of reference from the United States District Court for the Eastern District of Washington, in the form of Local Civil Rule 83.5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicate for the relief requested herein are section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001(a), Local Bankruptcy Rule 4001-1 and, in the alternative, Bankruptcy Rule 8008.

## FACTUAL BACKGROUND

On November 19, 2018, the Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code.

---

[1] A redline is attached with **Exhibit A** showing the proposed changes to Mr. Dam's putative class action complaint. The redline was created manually.

Chapter 7 Trustee's Motion
for Relief From Stay. etc. - Page 2

On September 30, 2020, the case converted to one under chapter 7 of the Bankruptcy Code. ECF No. 744.

Mark D. Waldron is the duly appointed Chapter 7 trustee.

On December 16, 2020, Jun Dam commenced a putative class action on behalf of himself and WTT Token holders against Perkins Coie LLP, Lowell Ness, and certain affiliates in the United States District Court for the Eastern District of Washington, captioned *Dam v. Perkins*, Case No. 2:20-cv-00464-SAB ("Class Action").

On September 27, 2021, this Court held that the first three claims asserted in the Class Action were property of the estate and, therefore, stayed. *See* [Memorandum Opinion and Order Regarding Stay and Motion for Order to Show Cause] ("Automatic Stay Order"), ECF No. 921.

On October 8, 2023, Mr. Dam appealed the Automatic Stay Order to the United States District Court for the Eastern District of Washington, Case No. 2:21-cv-00291-SAB, where it is still pending.

On October 5, 2023, this Court approved the Trustee's settlement ("Trustee's Settlement") of his adversary proceeding, Adv. Proc. No. 20-80031, against Perkins Coie LLP and Lowell Ness. The Trustee's Settlement is contingent on the approval by the District Court of the settlement ("Class Settlement") of the Class Action on substantially the terms set forth in **Exhibit B**.

Regarding the Class Settlement, the District Court cancelled a status conference that had been set for October 5, 2023. The Trustee is filing this Motion to facilitate the successful conclusion of the Class Settlement.

# RELIEF REQUESTED

By this Motion, the Trustee seeks entry of an order, pursuant to Bankruptcy Code section 362(d)(1), modifying the automatic stay to permit Mr. Dam, Perkins and its affiliates to:

1. amend by stipulation Mr. Dam's putative class action complaint in substantially the form attached hereto as **Exhibit A**;

2. seek the District Court's approval of the Class Settlement in substantially the form attached as **Exhibit B**, and

3. waive the 14-day stay the fourteen (14) day stay provided by Fed.R.Bank.P. 4001.

The Trustee is not seeking relief from the stay to allow Mr. Dam to litigate the claims of relief which belong to the estate pursuant to the Automatic Stay Order. If the Class Settlement is not approved, then the stay will be in effect and will prevent any party from litigating the first three claims asserted in the putative class action.

In the alternative, the Trustee seeks entry of an order, pursuant to Bankruptcy Rule 8008, that this Court would grant this Motion but for Mr. Dam's appeal of the Automatic Stay Order.

A proposed form of Order granting the relief requested in this Motion is attached hereto as **Exhibit C**.

# BASIS FOR RELIEF

### A. Lifting the Stay Will Benefit the Estate; This Meets the Cause Requirement

Bankruptcy Code Section 362(d)(1) states that on request of a party in interest, the court shall grant relief from the stay by modifying or conditioning the stay for cause. "The facts of each [relief from stay] request will determine whether relief is appropriate under the circumstances." H.R. Rep. No. 95–595 at 343–44 (1977), reprinted in 1978 U.S.C.C.A.N 6300. *See In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985) ("Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis.").

In this case, relief from the stay is necessary to allow a condition of the Trustee Settlement to be met: *i.e.*, approval by the District Court of the Class Settlement. See *In re Keene Corp.*, 164 B.R. 844, 852 (Bankr. S.D.N.Y. 1994):

> If the trustee has standing to assert the claim for the benefit of the estate, no individual creditor can assert the claim unless it has been abandoned or the creditor obtains relief from the automatic stay:
>
> > Nevertheless, we believe that under the Bankruptcy Code and the circumstances of this case, if either of [the non-debtor's] asserted causes of action in this suit is property of the debtor or a claim otherwise properly asserted by the bankruptcy trustee, [the non-debtor] does not have standing to raise that cause of action outside of the bankruptcy proceeding. Even if [the non-Debtor] could overcome this jurisdictional hurdle, it would still have to show an abandonment of the claim by the bankruptcy trustee, 11 U.S.C. § 554, or a grant of relief

Chapter 7 Trustee's Motion
for Relief From Stay. etc. - Page 5

> from the automatic stay, 11 U.S.C. §§ 362(d), (e), to press its claims outside of the bankruptcy proceeding.

*Id.* at 852 (*quoting St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 702 (2d Cir. 1989) (footnote omitted)).

Lifting the stay for this limited purpose will benefit the estate. District Court approval of the Class Settlement is a condition precedent to the Trustee Settlement pursuant to which the estate will receive $3 million from Perkins. The Class Settlement pays $4.5 million to WTT Token holders who are creditors of the estate. Further, the Class Settlement contains a release of the estate. The foregoing constitutes cause.

### B. Waiver of the 14-Day Is Appropriate

The Trustee further asks the Court to waive the 14-day stay after entry of an Order approving this Motion. *See* Fed.R.Bank.P. 4001(a)(3) (granting the Court the authority to waive the 14-day stay provided by Rule 4001(a)(1)). Waiver is appropriate. Settlement negotiations have lasted for approximately a year. Furthermore, no party will be prejudiced by waiver.

### C. In the Alternative, the Trustee Requests an Indicative Ruling

If the Court determines that it lacks jurisdiction under the divestment rule, then the Trustee requests an indicative ruling that it would grant the motion for relief from stay if it had jurisdiction.

An appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). This general divestment rule is a "judge-made doctrine designed to avoid the confusion and waste of time that

Chapter 7 Trustee's Motion
for Relief From Stay. etc. - Page 6

might flow from putting the same issues before two courts at the same time." *Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) (*quoting Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988)). It "is a rule of judicial economy and not one that strips the district court of subject matter jurisdiction." *Id.* at 1121. "It should not be employed to defeat its purposes nor to induce needless paper shuffling." *Kern Oil*, 840 F.2d at 734 (quoting 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.11, at 3–45 n. 1 (2d ed. 1987)). "The divestment rule is subject to exceptions." *United States v. PetroSaudi Oil Servs. (Venezuela) Ltd.*, 70 F.4th 1199, 1211 (9th Cir. 2023).

The divestment rule does not apply. Relief from the stay will not turn the Automatic Stay Order into a moving target for the District Court. Instead, it will lead to the dismissal of Mr. Dam's appeal pursuant to the Class and Trustee Settlements. Furthermore, if the settlements do not successfully conclude, then pursuant to the terms of both settlements, the parties will be restored to their prior positions. As counsel for Perkins and Mr. Dam recently told the District Court:

> [T]he basis of [the divestment] rule is to permit the appellate court to review orders as issued, without modification by the issuing court that could nullify or change the issues on appeal. Here, these concerns are not at issue because the class and Trustee settlements are clear that all parties are restored to their former positions (including the appeal) if both settlements are not approved.

*Notice Regarding Status in Related Action*, Exhibit 4, dated September 20, 2023, ECF No. 1020-5 at 2.

Chapter 7 Trustee's Motion
for Relief From Stay. etc. - Page 7

Despite their cogent description of the rule, Perkins and Mr. Dam only concede that the divestment rule's application here "is unclear." *Id*. Therefore, and in an abundance of caution, should the Court conclude that it lacks jurisdiction to grant relief from the stay even for settlement purposes, the Trustee requests that the Court issue an indicative ruling that it would grant this Motion but for that appeal. Bankruptcy Rule 8008. In that event, the Trustee will present the indicative ruling to the District Court with a motion for remand to the Bankruptcy Court so that this Court may enter the Order in substantially the form attached hereto as **Exhibit C**.

## NOTICE

The Trustee will provide notice of this Motion to: (a) the US Trustee; (b) the Master Mailing Matrix; and (c) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

Cause exists to lift the stay to allow Mr. Dam to settle the Class Action. The Trustee Settlement is contingent on the successful conclusion of the Class Settlement. The Trustee Settlement pays $3 million to the estate. Further, the Class Settlement pays $4.5 million to WTT Token holders who are creditors of the

estate and it provides for a release of the estate. Waiver of the 14-day stay is appropriate because settlement negotiations have already taken almost a year and waiver will not prejudice any parties.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto, as **Exhibit C**, and granting such other and further relief as is just and proper. In the alternative, the Trustee seeks an indicative ruling as set forth above.

Dated: October 19, 2023

POTOMAC LAW GROUP PLLC

By:     */s/ Pamela M. Egan*
Pamela M. Egan (WSB No. 54736)

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

Chapter 7 Trustee's Motion
for Relief From Stay. etc. - Page 9