# EXHIBIT B

1  WESTERN WASHINGTON LAW GROUP PLLC
   DENNIS J. MCGLOTHIN (28177)
2  ROBERT J. CADRANELL (41773)
   P.O. Box 468
3  Snohomish, WA 98291
   Tel: 425/728-7296, ext. 4
4  dennis@westwalaw.com
   robert@westwalaw.com
5  docs@westwalaw.com

6  BLOOD HURST & O'REARDON, LLP
   TIMOTHY G. BLOOD (*pro hac vice*)
7  THOMAS J. O'REARDON II (*pro hac vice*)
   PAULA R. BROWN (254142)
8  501 West Broadway, Suite 1490
   San Diego, CA 92101
   Tel: 619/338-1100
9  619/338-1101 (fax)
   tblood@bholaw.com
10 toreardon@bholaw.com
   pbrown@bholaw.com

11 Attorneys for Plaintiff

12                **UNITED STATES DISTRICT COURT**

13              **EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| 14  ERIC BLOMQUIST, individually and on behalf of all others similarly | Case No: 2:20-cv-00464-SAB |
| 15  situated, | **<u>CLASS ACTION</u>** |
| 16        Plaintiff, | **STIPULATION OF SETTLEMENT** |
| 17     v. | |
| 18  PERKINS COIE, LLP, a Washington limited liability partnership; | |
| 19  PERKINS COIE CALIFORNIA, P.C., a California corporation; | Chief Judge Stanley A. Bastian |
| 20  PERKINS COIE U.S.; and LOWELL NESS, individually, | |
| 21        Defendants. | Complaint Filed:   December 16, 2020 |
| 22  | Trial Date:                   Not Yet Set |
| | **<u>JURY TRIAL DEMANDED</u>** |

23

24

25

26

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | RECITALS | 1 |
| II. | DEFINITIONS | 3 |
| III. | CLASS CERTIFICATION AND AMENDED COMPLAINT | 10 |
| | A. Certification of the Class for Settlement Purposes | 10 |
| | B. Filing of Amended Complaint | 10 |
| IV. | SETTLEMENT RELIEF | 11 |
| V. | ADMINISTRATION AND CLASS NOTICE | 17 |
| | A. Settlement Administrator | 17 |
| | B. Class Notice | 18 |
| | C. Dissemination of Class Notice | 20 |
| VI. | OBJECTIONS AND REQUESTS FOR EXCLUSION | 22 |
| | A. Objections | 22 |
| | B. Requests for Exclusion | 23 |
| VII. | RELEASES and additional conditions of settlement | 24 |
| VIII. | ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF SERVICE AWARD | 27 |
| IX. | FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT | 28 |
| X. | NO ADMISSION OF LIABILITY/FOR SETTLEMENT ONLY | 28 |
| XI. | TERMINATION OF THIS SETTLEMENT AGREEMENT | 29 |
| XII. | ADDITIONAL PROVISIONS | 29 |

203372

STIPULATION OF SETTLEMENT - i    Exhibit B

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 3 of 77

# LIST OF EXHIBITS

| | |
|---|---|
| Exhibit A | Long Form Notice |
| Exhibit B | Email Notice |
| Exhibit C | Postcard Notice |
| Exhibit D | Final Judgment and Approval Order |
| Exhibit E | Preliminary Approval Order |
| Exhibit F | Claim Form |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

203372

STIPULATION OF SETTLEMENT - i

Exhibit B

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

# I. RECITALS

A. This Stipulation of Settlement ("Settlement Agreement") is entered into by Plaintiff on behalf of himself and the Class Members, and by Defendants Perkins Coie LLP, Perkins Coie U.S., P.C., Perkins Coie California, P.C., and Lowell Ness ("Perkins Coie" or "Defendants"). Capitalized terms used herein are defined in Section II of this Settlement Agreement or indicated in parentheses;

B. Subject to Court approval, the Parties stipulate and agree that, in consideration for the promises and covenants set forth in the Settlement Agreement and upon entry by the Court of a Final Judgment and Approval Order, the occurrence of the Effective Date, and upon satisfaction of all conditions to this Settlement Agreement, the Action shall be settled and compromised upon the terms and conditions contained herein;

C. WHEREAS, on December 16, 2020, Jun Dam filed a class action complaint against Perkins Coie in the United States District Court for the Eastern District of Washington Case No. 2:20-cv-00464-SAB, on behalf of himself and all other persons whose money was allegedly improperly released from the Escrow Account maintained by Perkins Coie in connection with the sale of Ethereum tokens ("Tokens"). Each Token entitled the purchaser to place one watt of computing power in cryptomining facilities maintained by Giga Watt, Inc. in Eastern Washington (the "Giga Watt Project"). The initial sale of Tokens ("Initial Token Offering") was conducted in May through July of 2017. Giga Watt, Inc. filed a bankruptcy Case No. 18-03197 FPC 11 in the Eastern District of Washington in November of 2018 ("Bankruptcy Case");

D. WHEREAS, on November 19, 2020, Mark Waldron, as Trustee in the Bankruptcy Case ("Trustee"), filed an adversary proceeding (the "Adversary Proceeding"), No. 20-80031, against Perkins Coie LLC, one of its partners, Lowell

203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

Ness, and other parties; alleging that the debtor, Giga Watt, Inc., had been damaged by the improper release of money held in an escrow by Perkins Coie. On September 26, 2022, the Trustee filed a First Amended Complaint which added and dropped both claims and parties;

E.    WHEREAS, on September 26, 2021, the Bankruptcy Court ruled that three of the five claims asserted in the Action were the property of the estate in the Bankruptcy Case and subject to the automatic bankruptcy stay, thereby prohibiting the Class from prosecuting them in this Action, and on February 23, 2022 ruled that litigation of the remaining two claims were enjoined until the Bankruptcy Court issued a report and recommendation to the District Court or until the Adversary Proceeding was resolved;

F.    WHEREAS, Plaintiff appealed both orders of the Bankruptcy Court to the District Court, and moved to consolidate the appeals, which motion was granted;

G.    WHEREAS, briefing on the consolidated appeal was completed on July 29, 2022;

H.    WHEREAS, on August 1, 2022, the appeal was stayed by the District Court to permit the parties to participate in mediation with the Honorable Benjamin P. Hursh;

I.    WHEREAS, Plaintiff and his counsel, Perkins Coie and its counsel, and the Trustee and his counsel attended an all day, in-person mediation with Bankruptcy Judge Hursh on January 20, 2023, prior to which the mediating parties exchanged significant amounts of information, exchanged mediation briefs outlining their positions and each spoke privately with Judge Hursh as well as with each other on numerous occasions; and following the in-person mediation continued to work with Judge Hursh for several months and also further

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

communicated among themselves in an effort to resolve the Action, eventually resulting in settlement between Perkins and the Trustee of the Adversary Proceeding, and between Perkins and the Class in this Action;

J.     WHEREAS, in August 2023, Plaintiff Eric Blomquist filed a First Amended Complaint in the Action;

K.     WHEREAS, Class Counsel have determined that a settlement of the Action on the terms reflected in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class; and

L.     WHEREAS, Perkins Coie, to avoid costs, disruption, and distraction of further litigation, and without admitting the truth of any allegations made in the Action, or any liability with respect thereto, has concluded that it is desirable that the claims against it be settled and dismissed on the terms in this Settlement Agreement.

NOW, THEREFORE, this Settlement Agreement is entered into by and among the Parties, by and through their respective counsel and representatives, and the Parties agree that: (1) upon the Effective Date, the Action and all Released Claims shall be fully, finally, and forever settled and compromised as between Plaintiff and the Class on the one hand, and Perkins Coie on the other hand; and (2) upon final approval of the Settlement Agreement, the Final Judgment and Approval Order, shall be entered dismissing the Action with prejudice and releasing all Released Claims against the Released Parties

## II.    DEFINITIONS

A.     As used in this Settlement Agreement and the attached exhibits the following terms shall have the meanings set forth below:

1.     "Action" means *Dam v. Perkins Coie LLP, et al.*, Case No. 2:20-cv-00464-SAB (E.D. Wash.).

00203372       Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

1     2.     "Attorneys' Fees and Expenses" means such funds as may be

2     awarded by the Court to compensate Plaintiff's Counsel for work performed in

3     this matter and to reimburse Plaintiff's Counsel for their out-of-pocket costs and

4     expenses incurred in litigation of the Action, as set forth in Section VIII.

5     3.     "Bankruptcy Court" means the United States Bankruptcy

6     Court of the Eastern District of Washington, the Honorable Frederick P. Corbit

7     presiding, in the bankruptcy matter captioned *In re: Giga Watt, Inc.*, Case No. 18-

8     03197-FPC (E.D. Wash.) and all related adversary actions in the Bankruptcy

9     Court.

10    4.     "Cash Payment" means the settlement payment, either by

11    check or electronic transfer, made to Class Members as set forth in Section IV.1.

12    5.     "Claim" means the form and information submitted by a

13    Claimant to the Settlement Administrator.

14    6.     "Claimant" means a person or entity who submits a Claim

15    Form to receive a Cash Payment.

16    7.     "Claim Form" means the document and certain information to

17    be submitted by a Claimant substantially in the form of Exhibit F, and as discussed

18    in Section IV.4.

19    8.     "Claim Deadline" means the date by which Claim Forms must

20    be postmarked or submitted online to the Settlement Administrator to be

21    considered timely. Subject to approval by the Court, the Claim Deadline will be

22    45 days after the Settlement Administrator completes dissemination of the Class

23    Notice (excepting any re-mailings of the Class Notice).

24    9.     "Class" or "Class Member" means all persons or entities who

25    owned one or more Tokens on November 19, 2018. Excluded from the Class are:

26    (i) jurists and mediators who are or have presided over the Action, Plaintiff's

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

Counsel and Defendants' Counsel, their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; (ii) Defendants and any of their subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; (iii) GigaWatt Pte., Ltd., Cryptonomos Pte. Ltd., and Giga Watt Inc. and any of these entities' subsidiaries, parents, affiliates, and officers, directors, employees, partners, agents, legal representatives, heirs, successors, or assigns, or any members of their immediate families; and (iv) any persons or entities who timely and properly exclude themselves from the Class.

10. "Class Counsel" means Timothy G. Blood and Thomas J. O'Reardon II of Blood Hurst & O'Reardon, LLP.

11. "Class Notice" means, collectively, the Long-form Class Notice, Email Notice and Postcard Notice (substantially in the forms of Exhibits A–C), and publication notice as discussed in Section V.C.1-3.

12. "Class Notice Program" means the dissemination of Class Notice as described in Section V.B.

13. "Class Representative" or "Plaintiff" means Eric Blomquist.

14. "Common Fund" means a non-reversionary cash fund in the amount of four and one-half million dollars ($4,500,000) which is to be distributed in the following order: to compensate Plaintiff's Counsel their fees and expenses as awarded by the Court; to pay the Settlement Administrator for notice and settlement administration costs; to pay the Class Representative service award as awarded by the Court; to provide the Cash Payments to Class Members; and if applicable, to the Cy Pres Recipient.

1    15. "Court" or "District Court" means the United States District

2 Court for the Eastern District of Washington, the Honorable Stanley A. Bastian

3 presiding.

4    16. "Cy Pres Recipient" means the non-profit public policy

5 organization Blockchain Association that, subject to approval by the Court, will

6 receive any funds remaining after all Class Member distributions have been made.

7    17. "Defendants" or "Perkins Coie" means Perkins Coie LLP,

8 Perkins Coie U.S., P.C., Perkins Coie California, P.C., and Lowell Ness.

9    18. "Defendants' Counsel" or "Perkins Coie's Counsel" means

10 Byrnes Keller Cromwell LLP and Munding, P.S.

11    19. "Direct Notice" means distribution of Class Notice by e-mail

12 (if an e-mail address is available) or if not, by first class mail through the United

13 States Postal Service to Class Members as identified in the records of the

14 Bankruptcy Court, Perkins Coie, or by other reasonable means.

15    20. "Effective Date" means the later in time of: (a) the date on

16 which the time to appeal has expired if no appeal has been taken from entry of the

17 Final Judgment and Approval Order; (b) in the event that an appeal or other effort

18 to obtain review of the Final Judgment and Approval Order has been initiated, the

19 date after which all such appeals or other requests for review have been finally

20 concluded on terms that fully affirm approval of this Settlement Agreement and

21 are no longer subject to further appeal; (c) the date on which the time to appeal has

22 expired if no appeal has been taken from entry of an order of the Bankruptcy Court

23 approving the settlement of the Adversary Proceeding; (d) in the event that an

24 appeal or other effort to obtain review of the Order described in subparagraph (c)

25 hereof has been initiated, the date after which all such appeals or other requests for

26 review have been finally concluded on terms that fully affirm approval of the

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

settlement of the Adversary Proceeding and are no longer subject to further appeal; (e) the date on which all other conditions to the settlement listed in Section VII.G have been met; or (f) if Class Counsel and Perkins Coie agree in writing, any other agreed date that is earlier than the Effective Date as calculated according to the subparagraphs above; provided that the Effective Date may not be modified unless all conditions to settlement of the Adversary Proceeding have been met.

21. "Escrow Account" means that IOLTA account maintained by Perkins Coie in which Token purchase funds from the Initial Token Offering were deposited to be held until certain conditions were met.

22. "Final Approval Hearing" means the hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Settlement Agreement.

23. "Final Judgment and Approval Order" means, collectively, the Final Judgment and Final Order Approving Settlement to be entered by the Court approving this Settlement Agreement as fair, adequate, and reasonable, confirming the certification of the Class, and issuing such other findings and determinations as the Court and/or the Parties deem necessary and appropriate to implement the Settlement Agreement. The Final Judgment and Approval Order shall be substantially in the form of Exhibit D.

24. "Giga Watt Estate" means the estate of Giga Watt, Inc. in the Bankruptcy Case.

25. "Long-form Class Notice" means the legal notice of the terms of the proposed Settlement, as approved by the Court, to be distributed according to the Class Notice Program. The Long-form Class Notice shall be substantially in the form of Exhibit A.

STIPULATION OF SETTLEMENT - 7    Exhibit B

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 11 of 77

26. "Net Fund" means the amount remaining in the Common Fund after payment of Attorneys' Fees and Expenses, a Class Representative Service Award, and Notice and Claim Administration Expenses.

27. "Notice and Claim Administration Expenses" means costs and expenses incurred by the Settlement Administrator, including all notice expenses, the costs of administering the Class Notice Program, and the costs of processing and distributing all the Cash Payment to Class Members.

28. "Notice Date" means the date by which the Settlement Administrator shall complete dissemination of the Class Notice (excepting the re-mailing or forwarding of the Class Notice), which shall be within thirty days from the Preliminary Approval Order, unless the Parties agree to a different date, subject to Court approval.

29. "Objection Date" means the date by which Class Members must file and serve objections to the Settlement Agreement and shall be no later than twenty-one days before the date first set for the Final Approval Hearing.

30. "Opt-Out Date" means the date by which a Request for Exclusion must be received by the Settlement Administrator and shall be no later than twenty-one days before the date first set for the Final Approval Hearing. A Request for Exclusion electronically submitted via the Settlement Website will be deemed received on the date of electronic submission.

31. "Parties" means the Plaintiff and Defendants in this Action.

32. "Plaintiff" means the proposed Class Representative Eric Blomquist.

33. "Plaintiff's Counsel" means Blood Hurst & O'Reardon, LLP and Western Washington Law Group PLLC.

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

34. "Preliminary Approval Order" means the order to be entered by the Court conditionally certifying the Class, preliminarily approving the Settlement Agreement, setting the date of the Final Approval Hearing, appointing Class Counsel for the Settlement Class, approving the Class Notice Program and forms of Class Notice, and setting the Opt-Out Date, Objection Date, and Notice Date, the proposed form of which is attached as Exhibit E.

35. "Released Claims" means any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Parties, including damages, costs, expenses, penalties, equitable relief, injunctions, and attorneys' fees, known or unknown, suspected or unsuspected, in law or in equity, that arise from or relate to the facts giving rise to this Action.

36. "Released Party" or "Released Parties" means Defendants and their parents, subsidiaries, divisions, departments, and affiliates, and any and all of Defendants' past and present officers, directors, employees, stockholders, agents, successors, attorneys, insurers, representatives, and assigns; the Giga Watt Estate, Mark D. Waldron as Chapter 7 Trustee of the Giga Watt Estate, and agents and attorneys of the Giga Watt Estate.

37. "Releasing Party" means Plaintiff and each and every Class Member.

38. "Request for Exclusion" means the communication that must be submitted to and received by the Settlement Administrator on or before the Opt-Out Date by a Class Member who wishes to be excluded from the Settlement Class.

39. "Settlement Administrator" means Epiq Class Action & Claims Solutions, Inc., the entity retained by the Parties and approved by the Court to design, consult on, and implement the Class Notice Program, to administer and

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00203372

send the settlement benefits to Class Members, and perform overall administrative functions.

40. "Settlement Website" means the Internet website to be created and maintained for this settlement by the Settlement Administrator to provide information to the public and the Class about this Settlement Agreement.

B. Capitalized terms used in this Settlement Agreement, but not defined in Section II, shall have the meanings ascribed to them elsewhere in this Settlement Agreement.

## III. CLASS CERTIFICATION AND AMENDED COMPLAINT

### A. Certification of the Class for Settlement Purposes

As part of the motion for preliminary approval of the Settlement Agreement, Plaintiff will seek preliminary certification of the Class. Defendants consent, solely for purposes of settlement, to the certification of the Class, to the appointment of Class Counsel, and to the approval of Plaintiff as suitable representative of the Class; provided, however, that if the Court fails to approve this Settlement Agreement or the Settlement Agreement otherwise fails to be consummated, then Defendants shall retain all rights they had, including but not limited to, the right to object to the maintenance of the Action as a class action.

### B. Filing of Amended Complaint

Plaintiff shall file a First Amended Class Action Complaint, which is reasonably acceptable to Defendants, pursuant to Federal Rule of Civil Procedure 15(a)(2). The Amended Complaint will contain a class definition to conform to this Settlement Agreement, include Eric Blomquist as the named Plaintiff and proposed Class Representative, and include any other changes necessary to conform to the terms of this Settlement Agreement.

STIPULATION OF SETTLEMENT - 10    Exhibit B

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 14 of 77

## IV.   SETTLEMENT RELIEF

1.   Class Members who submit a timely, valid Claim Form will be entitled to a Cash Payment. The Cash Payment to each Class Member will be a *pro rata* share of the Net Fund, calculated using a fraction, where the number of Tokens owned by the respective Class Members on November 19, 2018, is divided by the total number of Tokens owned by all Class Members who submit Claim Forms which are allowed by the Settlement Administrator.

2.   The Cash Payment amount each Class Member is entitled to will be calculated by the Settlement Administrator in accordance with the Plan of Allocation described in the Long-form Class Notice attached hereto as Exhibit A, or such other plan of allocation approved by the Court.

3.   Release of the Common Fund and Distribution of Settlement Relief.

a.   Within fifteen business days of the Effective Date, Perkins Coie shall cause the Common Fund to be funded by paying the sum of $4,500,000 (minus amounts, if any, previously paid by Perkins Coie to the Settlement Administrator under Section IV.3.b, *infra*) to the Settlement Administrator. Payment will be made via wire transfer to the following instructions: Western Alliance Bank, Account Name: Gigawatt Settlement Fund, Routing No. 122105980, Account No. 8943150407 ("Settlement Account"). The Settlement Account will be created and administered by the Settlement Administrator in conformance with the terms of this Settlement Agreement. The Settlement Account shall be held in a Qualified Settlement Fund (defined below) that is established for this settlement.

b.   To reimburse the Settlement Administrator for costs and fees incurred before the Common Fund is fully funded pursuant to Section IV.3.a., Perkins Coie shall advance to the Settlement Administrator the amount of fees and

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00203372

costs it reasonably incurs before the Effective Date in an amount not to exceed $45,000.00. Such amounts shall be paid, up to the specified cap, in the ordinary course of business after receipts of invoices by Defendants' Counsel showing the Settlement Administrator's incurrence of reimbursable costs. The amounts so paid shall be credited against the $4,500,000 amount which Perkins Coie is to pay into the Common Fund pursuant to Section IV.3.a. In the event the Effective Date does not occur, Perkins Coie shall not be reimbursed the amount advanced to the Settlement Administrator pursuant to this paragraph.

    c.  The Settlement Administrator shall invest the Common Fund amount in interest-bearing short-term instruments or accounts that are backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof (the "Instruments"). Interest earned on money in the Settlement Escrow Account, less any taxes owed thereon (if any), will be added to the Common Fund for the benefit of the Class. Notwithstanding the foregoing, that portion of the Common Fund that the Settlement Administrator reasonably estimates needs to be available on a liquid basis to pay on-going costs of settlement administration or to be distributed to the Class, as provided in this Settlement Agreement, may be placed in one or more insured accounts that may be non-interest-bearing. Except as otherwise specified herein, the Instruments at all times will remain in the Settlement Escrow Account and under the control of the Settlement Administrator. The Settlement Administrator shall not disburse the Common Fund except: (i) as provided in this Settlement Agreement; (ii) by an order of the Court; or (iii) with the written agreement of Class Counsel and Defendants' Counsel. All costs and risks related to the investment of the Common Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Common Fund. Subject

1  to further order(s) or directions as may be made by the Court, or as provided in the

2  Settlement Agreement, the Settlement Administrator is authorized to execute such

3  transactions as are consistent with the terms of the Settlement Agreement. All

4  funds held by the Settlement Administrator shall be deemed and considered to be

5  in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the

6  Court, until such time as such funds shall be distributed pursuant to the Settlement

7  Agreement or pursuant to further order(s) of the Court. In the event that the

8  settlement cannot be concluded for any reason, the Common Fund shall be

9  returned to Perkins Coie. Except as otherwise specified herein, the Instruments at

10  all times will remain in the Settlement Escrow Account and under the control of

11  the Settlement Administrator.

12       d.      The Parties agree that the Common Fund is intended to be a

13  "qualified settlement fund" ("Qualified Settlement Fund") within the meaning of

14  Treasury Regulation § 1.468B-1 and that the Settlement Administrator shall be

15  responsible for filing any required tax returns for and paying from the Common

16  Fund any taxes owed with respect to the Common Fund. The Parties agree that the

17  Common Fund shall be treated as a "qualified settlement fund" from the earliest

18  date possible, and agree to any relation-back election required to treat the Common

19  Fund as a "qualified settlement fund" from the earliest date possible. Any and all

20  taxes shall be paid out of the Common Fund, shall, to the extent possible, be paid

21  out of the interest earned on the Common Fund, be considered to be a cost of

22  administration of the Settlement, and be timely paid by the Settlement

23  Administrator without prior order of the Court. The Settlement Administrator will

24  send Class Counsel copies of all such filings and receipts of payment in a timely

25  manner.

26

STIPULATION OF SETTLEMENT - 13  Exhibit B

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 17 of 77

e.      The Common Fund shall be distributed in the following order: to pay the Attorneys' Fees and Expenses approved by the Court; to pay the fees and costs of the Settlement Administrator; and to pay the Class Representative Service Award approved by the Court. The amount remaining after these payments is the Net Fund.

f.      Within fourteen days of receipt by the Settlement Administrator, the Net Fund will be distributed to Class Members who submitted timely Claims approved as valid. By default, the Settlement Administrator will provide Cash Payments through physical checks to each Class Member. Class Members receiving their Cash Payment by check will have 90 days from the issue date on the check to cash or deposit the check. Class Members may change the default method by which they receive their Cash Payment by electing to instead receive the amount by means of an electric transfer of funds ("Electronic Transfer"). The Electronic Transfer payment options will be stated in the Claim Form and on the Settlement Website. The Settlement Website will provide a secure means by which Class Members may furnish the payment information necessary for the Settlement Administrator to provide the Cash Payment through Electronic Transfer. Class Members who elect to receive an Electronic Transfer in their Claim Form or on the Settlement Website but fail to provide sufficient or correct information to permit such payment shall be sent their Cash Payment through physical check.

g.      The Common Fund is not a reversionary fund and Perkins Coie will not have any reversionary interest in the Common Fund or Net Fund. In the event any portion of the Net Fund is not distributed to Class Members after all reasonable efforts are made as described in Sections IV.4 and V.C, and after waiting for ninety days from the date the last check or Electronic Transfer is issued,

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

including any check or Electronic Transfer that has been re-issued, the remaining balance, including any funds from failed Electronic Transfers, shall be redistributed pro rata to Class Members who negotiated the checks or accepted an Electronic Transfer in the initial distribution.

h. If after the initial distribution or redistribution the amount remaining in the Net Fund is *de minimis* such that further distribution to Class Members would not be economically feasible, the remainder of the Net Fund will be donated to the Cy Pres Recipient as may approved by the Court.

4. Claim Form Submission

a. Class Members must timely complete and submit a Claim Form, attached hereto as Exhibit F, to receive a Cash Payment. The Claim Form will require information to confirm the Claimant is a Class Member, confirm the number of Tokens owned and for which the Claimant is entitled to a Cash Payment, the electronic wallet in which the Tokens were held, provide contact information, and such other information as may be relevant to efficiently and fairly process claims.

b. Claimants will have forty-five calendar days from the date of mailing of their Class Notice or email transmission of their Class Notice to return completed Claim Forms to the Settlement Administrator. Claim Forms may be returned by U.S. mail or any other regularly maintained mail delivery service or submitted online on the Settlement Website.

c. The Settlement Administrator will take all adequate and customary steps to determine if Claimants are entitled to a Cash Payment and the amount thereof based on the information provided by Claimants, and any other information obtained by the Settlement Administrator, including information provided by Class Counsel or Perkins Coie. Among other things, the Settlement

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

1  Administrator will consider the completeness of the information provided by the
2  Claimant, whether the information can be verified and whether there is any
3  information that contradicts the information submitted by the Claimant. Perkins
4  Coie will provide all information it can reasonably obtain regarding Claimants at
5  the request of the Settlement Administrator. Prior to the rejection of a Claim, the
6  Settlement Administrator shall take reasonable steps to communicate with the
7  Class Member in an effort to remedy any curable deficiencies in the Claim Form.
8  Following any effort to resolve the curable deficiencies, the Settlement
9  Administrator shall promptly notify all Claimants whose Claims the Settlement
10 Administrator proposes to reject, in whole or in part, and provide its reasons.

11         d.     If a Claimant disputes the determination made by the
12 Settlement Administrator, the Claimant may appeal the decision by providing
13 written notice to the Settlement Administrator within 20 days of the date
14 notification was sent informing the Claimant of the rejection (in whole or in part).
15 Written notice appealing the decision may be made by U.S. mail or by completing
16 and submitting an appeal form on the Settlement Website. The Settlement
17 Administrator shall notify Class Counsel and Defendants' Counsel of any disputes
18 regarding the rejection of a Claim. Class Counsel and Defendants' Counsel may
19 review any Claims rejected by the Settlement Administrator. If Class Counsel and
20 Defendants' Counsel agree that a Claim was improperly rejected, the Claim shall
21 be deemed valid and paid. If Class Counsel and Defendants' Counsel do not agree
22 as to whether a Claim was improperly rejected, the Settlement Administrator's
23 determination of Claimants' eligibility to receive Cash Payments and the amount
24 thereof is final and may not be contested by the Claimant.

25
26

## V.  ADMINISTRATION AND CLASS NOTICE

### A.  Settlement Administrator

1.  Subject to Court approval, the Parties shall retain Epiq Class Action & Claim Solutions, Inc. as Settlement Administrator to help implement the terms of the Settlement Agreement.

2.  The Settlement Administrator will be tasked with the administration of this Settlement Agreement, as set forth herein. Those responsibilities include, but are not limited to (1) arranging for dissemination of the Direct Notice and publication notice, (2) mailing or arranging for the mailing, emailing or other distribution of the Class Notice and the settlement relief to Class Members, (3) handling returned mail and email not delivered to Class Members, (4) making any additional mailings required under the terms of this Settlement Agreement, (5) answering written inquiries from Class Members and/or forwarding such inquiries to Class Counsel or their designee, (6) receiving and maintaining on behalf of the Court and the Parties any Class Member correspondence and Requests for Exclusion from the Settlement, (7) establishing the Settlement Website that posts the operative complaint, Settlement Agreement, the Class Notice, and other related documents, (8) sending and reviewing Claim Forms, (9) distributing the Common Fund according to the terms of this Settlement Agreement, and (10) otherwise assisting with administration of the Settlement Agreement.

3.  The contract with the Settlement Administrator shall obligate the Settlement Administrator to abide by the following performance standards:

a.  The Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to

---

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

1   accurately and objectively describe, the provisions of this Settlement Agreement

2   in communications with Class Members; and

3           b.      The Settlement Administrator shall provide prompt,

4   accurate and objective responses to inquiries from Class Counsel or their designee,

5   Perkins Coie and/or Perkins Coie's Counsel.

6   **B.      Class Notice**

7           1.      Class Notice: The Class Notice forms will include a Long-form

8   Class Notice, Email Notice, and Postcard Notice.

9           2.      The Long-form Class Notice, available on the Settlement

10  Website and to be sent to Class Members at their request, shall be in substantially

11  the form of Exhibit A. At a minimum, the Long-form Class Notice shall:

12          a.      include a short, plain statement of the background of the

13  Action and the proposed Settlement Agreement;

14          b.      describe the proposed settlement relief as set forth in this

15  Settlement Agreement;

16          c.      inform Class Members that, if they do not exclude

17  themselves from the Settlement Class, they may be eligible to receive relief;

18          d.      describe the procedures for participating in the

19  Settlement, including all applicable deadlines, and advise Class Members they

20  may be asked to submit a Claim Form to determine their eligibility to receive a

21  Cash Payment and/or the amount thereof, and that they may elect to receive Cash

22  Payment by Electronic Transfer and inform Class Members how to provide the

23  information necessary for Electronic Transfer, including the deadline for doing so;

24          e.      describe the Release;

25          f.      state that any Cash Payment is contingent on the Court's

26  final approval of the Settlement Agreement;

g.    state the identity of Class Counsel and the amount sought in attorneys' fees and expenses and the Class Representative service award;

h.    explain the procedures for opting out of the Class including the applicable deadline for opting out;

i.    explain the procedures for objecting to the Settlement Agreement including the applicable deadline; and

j.    explain that any judgment or orders entered in the Action, whether favorable or unfavorable to the Class shall include and be binding on all Class Members who have not been excluded, even if they have objected to the proposed Settlement Agreement and even if they have another claim, lawsuit, or proceeding pending against Defendants or the Released Parties.

3.    Email Notice and Postcard Notice: The Email Notice and Postcard Notice shall be in substantially the form of Exhibits B and C, and shall include the web address of the Settlement Website, a description of the Class, a description of relief available to the Class, and an explanation of the right to object and/or opt-out of the Class and the deadlines to exercise these rights.

4.    Publication Notice: In addition to the above forms of notice to the Class, notice of the proposed settlement shall be published for 31 days in Reddit, Twitter and Telegram with publication enhanced by press releases and sponsored search listings in Google, Yahoo! and Bing.

5.    Website Notice: The Settlement Website shall be created and maintained by the Settlement Administrator. The Settlement Website shall be activated no later than the Notice Date and shall remain active until sixty (60) days after the settlement benefits are distributed to Claimants. The URL of the Settlement Website will be "www.GigaWattTokenSettlement.com." The Settlement Administrator shall post the Long-form Class Notice, a copy of this

Settlement Agreement and its Exhibits, the Preliminary Approval Motion, the Preliminary Approval Order, the operative complaint, the Motion for Final Approval and Motion for Attorneys' Fees and Expenses, the Final Judgment and Approval Order, Settlement-related deadlines, Electronic Transfer payment option information, and any other materials or information the Parties agree to include on the Settlement Website. These documents shall be available on the Settlement Website for as long as the Settlement Website is active.

6. Class Action Fairness Act Notice: Perkins Coie shall work with the Settlement Administrator to comply with all notice requirements imposed by 28 U.S.C. § 1715(b) ("CAFA Notice"). Perkins Coie shall be responsible for paying CAFA Notice costs, if any; CAFA Notice costs will not be paid from the Common Fund.

C. **Dissemination of Class Notice**

1. Direct Notice: The Email Notice or Postcard Notice (as applicable), shall be sent via email, or for those Class Members for whom an email address is not available, but a physical address is available, then via the United States Postal Service, to every Class Member who can be identified in the records of (1) Perkins Coie, (2) the Giga Watt Estate, or (3) otherwise. Perkins Coie shall provide the Settlement Administrator with any of the aforementioned Class Member contact information it possesses. Direct Notice will be sent on the Notice Date. Prior to the Notice Date, the Settlement Administrator shall employ its regular data processing and data cleaning procedures on the records (names/addresses) for the Direct Notice. The Settlement Administrator shall design the Direct Notice (for both delivery by U.S. mail and by email) in such a manner as to enhance the likelihood that it will be opened or viewed by the Class Member. After posting of the Postcard Notice by the Settlement Administrator

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

1    with the United States Postal Service, for any such mailed notices returned as

2    undeliverable, the Settlement Administrator shall utilize the National Change of

3    Address registry in an attempt to obtain better addresses for such returned mail

4    notices, and should that registry show a more current address, the Settlement

5    Administrator shall send the returned Postcard Notice to the more current address.

6    The Settlement Administrator will promptly resend any Postcard Notice that is

7    returned as undeliverable with a forwarding U.S. mail or email address to such

8    forwarding address.

9             2.       No later than the Notice Date, the Settlement Administrator

10   shall cause to be published notice of the proposed settlement in the publications

11   listed above and with the enhancements identified above. The publication notice

12   will run for 31 days and will direct viewers to the Settlement Website to read the

13   Long-form Class Notice, submit a Claim Form, and obtain additional information

14   about the proposed settlement.

15            3.       Website Notice: No later than the Notice Date, the Settlement

16   Administrator will post the Long-form Class Notice and Claim Form on the

17   Settlement Website, and shall post the additional documents and information

18   discussed in Section V.B.4 above as they become available. Such documents and

19   information may also be posted on Class Counsel's website and Plaintiff's

20   Counsel's websites at their option.

21            4.       Upon Request: The Long-form Class Notice and Claim Form

22   shall also be sent via electronic mail or regular mail to Class Members who so

23   request. The Class Notice and Claim Form will be disseminated, and these

24   documents and others will be posted on the Settlement Website in English.

25

26

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

# VI. OBJECTIONS AND REQUESTS FOR EXCLUSION

## A. Objections

1. Any Class Member who intends to object to the fairness of the Settlement Agreement must do so in writing no later than the Objection Date. The written objection must be filed with the Court and served on Class Counsel and Defendants' Counsel no later than the Objection Date. The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, the name, address, and telephone number of his/her counsel; (c) a statement that the objector is a Class Member, the number of Tokens owned on November 19, 2018, and an identification of the wallet in which the Tokens were held; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the specific grounds supporting the objection; (f) a statement whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (g) copies of any papers, briefs, or other documents upon which the objection is based; and (h) the objector's handwritten, dated signature (the signature of objector's counsel, an electronic signature, and the annotation "/s" or similar annotation will not suffice).

2. Any Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Settlement Agreement. Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must serve a notice of intention to appear on Class Counsel and Defendants' Counsel, and file the notice of appearance with the Court, no later

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00203372

than seven (7) days before the Final Approval Hearing, or as the Court may otherwise direct.

3. Any Class Member who fails to substantially comply with the provisions of Sections VI.A.1-2 above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object and shall be bound by all of the terms of this Settlement Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

**B.    Requests for Exclusion**

1. Any member of the Class may request to be excluded from the Class. A Class Member who wishes to opt out of the Class must do so no later than the Opt-Out Date. To opt out, a Class Member may mail to the Settlement Administrator a written Request for Exclusion that is received no later than the Opt-Out Date. A Request for Exclusion may also be electronically submitted at the Settlement Website by the Opt-Out Date. Exclusion requests submitted at the Settlement Website will be deemed received on the date of electronic submission. The Request for Exclusion must be personally signed by the Class Member and contain a statement that indicates a desire to be excluded from the Class, states the number of Tokens owned on November 19, 2018, and identifies the wallet in which the Tokens were held. No person may opt out of the Class for any other person or be opted-out by any other person, and no Class Member shall be deemed opted-out of the Class through any purported "mass" or "class" opt-outs.

2. Any Class Member who does not submit a timely, written Request for Exclusion shall be bound by all subsequent proceedings, orders and the Final Judgment and Approval Order in this Action, even if he or she has pending, or subsequently initiates, litigation, arbitration, or any other proceeding against any or all of the Defendants relating to the Released Claims.

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

00203372

3.     Any Class Member who properly requests to be excluded from the Class shall not: (a) be bound by any orders or judgments entered in the Action relating to the Settlement Agreement; (b) be entitled to a Cash Payment or be affected by, the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement.

4.     The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with a final list of all timely Requests for Exclusion within three days after the Opt-Out Date and shall file the final list of all timely Requests for Exclusion prior to or at the Final Approval Hearing.

5.     If Class Members collectively owning more than the agreed number of Tokens submit timely valid requests for exclusion, Perkins Coie shall have the unilateral and exclusive option, in its sole discretion, to terminate the Settlement Agreement. This option must be exercised within 30 days of the Opt-Out Date or within seven days before the Final Approval Hearing, whichever occurs first. The agreed number of Tokens for purposes of this provision is set forth in a separate agreement between Perkins Coie and Plaintiff and will be provided to the Court for good cause and if so, ordered by the Court.

## VII.   RELEASES AND ADDITIONAL CONDITIONS OF SETTLEMENT

A.     Upon the Effective Date, each and every Releasing Party shall by order of this Court be deemed to have released, waived, forfeited and shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum.

B.     In addition, with respect to the Released Claims, Plaintiff specifically acknowledges and affirmatively waives any rights or benefits available to him

STIPULATION OF SETTLEMENT - 24   Exhibit B

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

18-03197-FPC7     Doc 1033-2     Filed 10/19/23     Entered 10/19/23 15:35:34     Pg 28 of 77

1 | under California Civil Code section 1542. California Civil Code section 1542
2 | provides:

> A general release does not extend to claims that the creditor
> or releasing party does not know or suspect to exist in his or
> her favor at the time of executing the release and that, if
> known by him or her, would have materially affected his or
> her settlement with the debtor or released party.

Plaintiff hereby waives any and all federal and state statutes similar in substance, meaning or application to California Civil Code section 1542.

C.    In consideration for the Agreement, Defendants and their parents, subsidiaries, divisions, departments, and affiliates, and any and all of its past and present officers, directors, employees, stockholders, agents, successors, attorneys, insurers, representatives, licensees, licensors, subrogees, and assigns shall be deemed to have, and by operation of the Final Judgment and Approval Order shall have, released Plaintiff's Counsel and Plaintiff from any and all causes of action that were or could have been asserted pertaining solely to the conduct in filing and prosecuting the litigation or in settling the Action.

D.    No Class Member shall have any claim against Plaintiff, Plaintiff's Counsel, Defendants, Defendants' Counsel, or the Settlement Administrator based on distributions of the settlement relief made substantially in accordance with the Settlement Agreement and the Plan of Allocation.

E.    In any proceeding, matter or dispute between Perkins, Plaintiff and/or the Class Members, the Court shall retain exclusive and continuing venue and jurisdiction over the Parties and the Class Members to interpret and enforce the terms, conditions, and obligations under the Settlement Agreement and any such disputes shall be brought in this Court.

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

F.     The Plaintiff, Perkins Coie and the Trustee have various and differing views regarding whether the Bankruptcy Court's orders staying and preliminarily enjoining the Action (which orders are on appeal in this Court) must be lifted or modified before Plaintiff and Perkins Coie may seek approval of this Settlement Agreement in this Court, and if so, the appropriate procedure. Accordingly, Plaintiff intends to seek guidance from the District Court (which has jurisdiction via the consolidated appeal over the stay/preliminary injunction orders). Plaintiff will not file the motion for preliminary approval of this Settlement Agreement until the District Court provides input on this issue.

G.     As an additional condition of settlement, Plaintiff will obtain a voluntary dismissal (without costs or fees to either Plaintiff or the Trustee) of the consolidated appeal pending (and currently stayed) in the separate litigation between the Trustee and Plaintiff in the Eastern District of Washington, Case No. 2:21-cv-00291-SAB, using one of the means identified for voluntary dismissals in the Federal Rules of Bankruptcy Procedure, Rule 8023. Plaintiff will seek a voluntary dismissal of the appeal within 10 business days from when the Final Judgment and Approval Order is final and non-appealable, or from when the Bankruptcy Court's order approving the settlement of the Adversary Proceeding is final and non-appealable, whichever occurs later. Any acts by Perkins Coie keyed off of the Effective Date and conditions of settlement will not be required until the consolidated appeal is dismissed.

H.     This settlement Agreement will not take effect until, and is conditioned upon, a successful conclusion of the settlement of the Adversary Proceeding brought by the Bankruptcy Trustee, Mark D. Waldron, against Perkins Coie LLP, et al., Adversary Case No. 20-80031, in the bankruptcy matter captioned *In re: Giga Watt Inc.*, Case No. 18-03197.

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00203372

## VIII. ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF SERVICE AWARD

A.     Class Counsel shall make an application for an award of attorneys' fees in an amount not to exceed 25% of the Common Fund or one million one hundred twenty-five thousand dollars ($1,125,000).

B.     Class Counsel shall make an application for reimbursement of Plaintiff's Counsel's reasonable out-of-pocket expenses and for approval of the fees and costs to be incurred by the Settlement Administrator.

C.     The award of Attorneys' Fees and Expenses will be paid to Class Counsel from the Common Fund. The application for an award of Attorneys' Fees and Expenses will be made by Class Counsel on behalf of themselves and the other Plaintiff's Counsel. Class Counsel shall distribute and allocate the Attorneys' Fees and Expense awarded to Plaintiff's Counsel in its sole discretion. Perkins Coie shall not be responsible for any other fees or expenses incurred by Class Counsel, Plaintiff's Counsel or Plaintiff.

D.     Plaintiff will apply for a Class Representative service award in the amount of $5,000.00. Any Court-approved service award is in addition to the benefits that the Class Representative is entitled to receive as a member of the Class.

E.     The Court-approved Attorneys' Fees and Expenses and Class Representative service award will be paid from the Common Fund within seven (7) days of the Settlement Escrow Agent's receipt of the Common Fund.

F.     The Court's determination of Attorneys' Fees and Expenses and the Class Representative service award will not affect the remainder of the Settlement.

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00203372

IX.    **FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT**

A.    This Settlement Agreement is subject to and conditioned upon the issuance by the Court of the Final Judgment and Approval Order that finally certifies the Class for the purposes of this settlement, grants final approval of the Settlement Agreement, and provides the relief specified herein. Such Final Judgment and Approval Order shall be in substantially the form attached hereto as Exhibit D.

B.    This Settlement Agreement will not take effect until, and is conditioned upon, a successful conclusion of the settlement of the Adversary Proceeding brought by the Bankruptcy Trustee, Mark D. Waldron against Perkins Coie LLP, et al., Adversary Case No. 20-80031, in the bankruptcy matter captioned *In re: Giga Watt Inc.,* Case No.18-03197.

X.    **NO ADMISSION OF LIABILITY/FOR SETTLEMENT ONLY**

A.    This Agreement reflects the compromise and settlement of disputed claims among the Parties and is for settlement purposes only. Neither the fact of, or any provision contained in this Agreement or its Exhibits, nor any action taken hereunder, shall constitute, be construed as, or be admissible in evidence as an admission of: (a) the validity of any claim or allegation by Plaintiff, or of any defense asserted by Perkins Coie, in the Action or in any other action or proceeding; (b) any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, Defendants, Released Party, or their respective counsel; or (c) the facts recited herein.

B.    The terms of this Settlement Agreement are not, and should not be construed as, an admission of liability or wrongdoing on the part of Perkins Coie.

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

## XI.  TERMINATION OF THIS SETTLEMENT AGREEMENT

A.    Except for Section XI(3), which may be exercised only by Perkins Coie, any Party may terminate this Settlement Agreement by providing written notice to the other Parties within thirty days of any of the following events:

1.    The Court does not enter a Preliminary Approval Order that conforms in material respects to Exhibit E; or

2.    If Class Members owning more than a specified number of Tokens opt out as described above at Section VI.B.5. The specified number of Tokens for purposes of this provision is agreed to by the Parties in a separate written agreement.

B.    In the event that this Settlement Agreement terminates for any reason, all Parties shall be restored to their respective positions as of the date of execution of the Settlement Agreement. In no event will Defendants be entitled to recover any funds advanced to the Settlement Administrator for Notice and Claim Administration Expenses pursuant to Section IV.3.b.

## XII.  ADDITIONAL PROVISIONS

A.    Entire Settlement Agreement: The Settlement Agreement, including all Exhibits, shall constitute the entire Settlement Agreement among the Parties with regard to the Action and shall supersede any previous settlement agreements, terms sheets, representations, communications and understandings among the Parties with respect to the subject matter of the Settlement Agreement.

B.    Execution in Counterparts: The Settlement Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or signatures sent by email shall be treated as original signatures and shall be binding.

00203372        STIPULATION OF SETTLEMENT - 29    Exhibit B        Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 33 of 77

C.   Notices: Whenever this Settlement Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided in writing by first class U.S. Mail and email to:

    1.   If to Plaintiff or Class Counsel:

> Timothy G. Blood
> BLOOD HURST & O'REARDON, LLP
> 501 W. Broadway, Suite 1490
> San Diego, California 92101
> Tel: 619-338-1100
> tblood@bholaw.com

    2.   If to Defendants or Defendants' Counsel:

> Ralph E. Cromwell, Jr.
> BYRNES KELLER CROMWELL LLP
> 1000 2nd Avenue, 38th Floor
> Seattle, Washington 98105
> Tel: 206-622-2000
> rcromwell@byrneskeller.com

D.   Good Faith: The Parties agree that they will act in good faith and will not engage in any conduct that will or may frustrate the purpose of this Settlement Agreement. The Parties further agree, subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

E.   Publicity: To the extent Defendants or Plaintiff make any public statements regarding the settlement of this Action, any such statements shall be consistent with the Court-approved documents that comprise this Settlement Agreement.

F.   Binding on Successors: The Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors and/or assigns of the Released Parties.

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

G.      Arms-Length Negotiations: The determination of the terms and conditions contained herein and the drafting of the provisions of this Settlement Agreement has been by mutual understanding after negotiation, with consideration by, and participation of, the Parties hereto and their counsel. This Settlement Agreement shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting. Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Settlement Agreement and the Parties agree that the drafting of this Settlement Agreement has been a mutual undertaking.

H.      Waiver: The waiver by one Party of any provision or breach of the Settlement Agreement shall not be deemed a waiver of any other provision or breach of the Settlement Agreement.

I.      Variance: In the event of any variance between the terms of this Settlement Agreement and any of the Exhibits hereto, the terms of this Settlement Agreement shall control and supersede the Exhibit(s).

J.      Taxes: No opinion concerning the tax consequences of the Settlement Agreement to any Class Member is given or will be given by Defendants, Defendants' Counsel, Class Counsel, or Plaintiff's Counsel; nor is any Party or their counsel providing any representation or guarantee respecting the tax consequences of the Settlement Agreement as to any Class Member. Each Class Member is responsible for his/her tax reporting and other obligations respecting the Settlement Agreement, if any.

K.      Modification in Writing: The Settlement Agreement may not be changed, modified, or amended except in a writing signed by one of Class Counsel and one of Perkins Coie's Counsel and, if required, approved by the Court. The Parties contemplate that the Exhibits to the Settlement Agreement may be

Exhibit B

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00203372

1  modified by subsequent agreement of Defendants and Class Counsel so long as
2  the modifications do not alter the substantive terms of the Agreement, reduce the
3  rights and benefits of Class Members, or affect the rights of the Trustee as set forth
4  in the settlement agreement of the Adversary Proceeding.

5       L.     Retain Jurisdiction: Subject to Section VII.E, the Court shall retain
6  jurisdiction with respect to the implementation and enforcement of the terms of
7  this Settlement Agreement, and the Parties hereto submit to the jurisdiction of the
8  Court for purposes of implementing and enforcing the settlement.

9       M.     Choice of Law: This Settlement Agreement is governed by, and shall
10  be construed and enforced in accordance with, Washington law.

11       N.     Computation of Time: All deadlines and time periods prescribed in
12  this Settlement Agreement shall be calculated pursuant to Fed. R. Civ. P. 6.

13       IN WITNESS WHEREOF, the Parties hereto have caused the Settlement
14  Agreement to be executed as of the last date set forth below.

15                                  Respectfully submitted,

16  Dated: August 11, 2023          BLOOD HURST & O'REARDON, LLP
                                  TIMOTHY G. BLOOD (*pro hac vice*)
17                                  THOMAS J. O'REARDON II
                                (*pro hac vice*)
18                                  PAULA R. BROWN (254142)

19                                  By: _____
20                                      TIMOTHY G. BLOOD

21                                  501 West Broadway, Suite 1490
                                San Diego, CA 92101
22                                  Tel: 619/338-1100
                                619/338-1101 (fax)
23                                  tblood@bholaw.com
                                toreardon@bholaw.com
                                pbrown@bholaw.com
24

25                                  WESTERN WASHINGTON LAW
                                GROUP PLLC
                                DENNIS J. MCGLOTHIN (#28177)
26                                  ROBERT J. CADRANELL (41773)
                                P.O. Box 468

00203372     STIPULATION OF SETTLEMENT - 32  Exhibit B         Western Washington Law Group PLLC
                                                                      P.O. Box 468, Snohomish, WA  98291
                                                                    (425) 728-7296, ext. 4

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 36 of 77

Snohomish, WA 98291
Tel: 425/728-7296, ext. 4
dennis@westwalaw.com
robert@westwalaw.com
docs@westwalaw.com

*Plaintiff's Counsel*

Dated: August 11, 2023

BYRNES KELLER CROMWELL LLP
RALPH E. CROMWELL, JR.
(WA11784)

By: *Ralph E. Cromwell jr*
RALPH E. CROMWELL, JR.

1000 2nd Avenue, 38th Floor
Seattle, WA 98105
Tel: 206/622-2000
rcromwell@byrneskeller.com

*Attorneys for Defendants Perkins Coie
LLP; Perkins Coie U.S., P.C.; Perkins
Coie California, P.C.;
and Lowell Ness*

MUNDING, P.S.
John D. Munding
309 E. Farwell Rd., Ste. 310
Spokane, WA 99218-1152
Tel: 509/624-6464
john@mundinglaw.com

*Attorneys for Defendants Perkins Coie
LLP and Lowell Ness*

## ECF CERTIFICATION

The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated: August 11, 2023

BLOOD HURST & O'REARDON, LLP

By: _____
TIMOTHY G. BLOOD

STIPULATION OF SETTLEMENT - 33 Exhibit B

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on August 11, 2023, I electronically filed the foregoing

3   with the Clerk of the Court using the CM/ECF System, which will in turn

4   automatically generate a Notice of Electronic Filing (NEF) to all parties in the case

5   who are registered users of the CM/ECF System. The NEF for the foregoing

6   specifically identifies recipients of electronic notice. I hereby certify that I have

7   mailed by United States Postal Service the documents to the non-CM/ECF

8   participants indicated on the Electronic Mail Notice List.

9        Executed on August 11, 2023, at San Diego, California.

10

11                           *s/ Timothy G. Blood*
                               TIMOTHY G. BLOOD

12                         BLOOD HURST & O'REARDON, LLP

13                         501 West Broadway, Suite 1490
                         San Diego, CA 92101

14                         Telephone: 619/338-1100
                         619/338-1101 (fax)

15                         tblood@bholaw.com

16

17

18

19

20

21

22

23

24

25

26

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

# Did you own One or More Giga Watt Tokens on November 19, 2018? If so, you may be entitled to a cash award as part of a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer. You have not been sued.*

- A Settlement has been reached to resolve a class action lawsuit against Perkins Coie, LLP, Perkins Coie U.S., P.C., Perkins Coie California, P.C., and Lowell Ness (collectively, "Perkins Coie"). The Settlement will provide $4.5 million to pay Class Members who submit valid claims, for notice and settlement administration costs, and for Plaintiff's Counsel's fees and expenses, and for a Class Representative service award as awarded by the Court.

- The Settlement resolves a lawsuit over whether Perkins Coie improperly released money deposited in its escrow account that was paid to purchase Tokens representing the right to use the Giga Watt Project's cryptocurrency mining facilities.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a cash payment. |
| EXCLUDE YOURSELF | Get out of this lawsuit and Settlement, but preserve your right to sue. Get no cash payment. |
| OBJECT | Write to the Court about why you do not like the Settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | Get no payment. Give up rights. |

- These rights and options, **and the deadlines to exercise them**, are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

---

NEED MORE INFORMATION? HAVE QUESTIONS?
VISIT WWW.GIGAWATTTOKENSETTLEMENT.COM

Exhibit B

Page - 1 -

Exhibit 1.1.A, Page 1 of 12

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 39 of 77

# WHAT THIS NOTICE CONTAINS

Basic Information ......................................................................................................- 3 -

Who is in the Settlement ..........................................................................................- 4 -

The Settlement Benefits – What You Get ...............................................................- 4 -

The Lawyers Representing You ...............................................................................- 7 -

Excluding Yourself From The Settlement ...............................................................- 8 -

Objecting to the Settlement .....................................................................................- 9 -

The Court's Final Approval Hearing .......................................................................- 10 -

If You Do Nothing ...................................................................................................- 11 -

Getting More Information ........................................................................................- 11 -

**NEED MORE INFORMATION? HAVE QUESTIONS?**
**VISIT WWW.GIGAWATTTOKENSETTLEMENT.COM**

Exhibit B

Page - 2 -

Exhibit 1.1.A, Page 2 of 12

18-03197-FPC7     Doc 1033-2     Filed 10/19/23     Entered 10/19/23 15:35:34     Pg 40 of 77

# <u>Basic Information</u>

| 1. | WHY DID I GET NOTICE AND WHY SHOULD I READ IT? |
|---|---|

You are receiving this notice because records indicate you may have owned, as of November 19, 2018, one or more "Tokens" that were supposed to provide access to "Giga Watt" cryptocurrency mining facilities in Eastern Washington.

This Court-approved Notice is provided to you because you have a right to know about a proposed settlement of a class action lawsuit, and about your options before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will pay out the money pursuant to the settlement. You will be informed of the progress of the settlement.

This Notice explains the lawsuit, the settlement, your legal rights, the settlement benefits, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Eastern District of Washington and the case is known as *Dam v. Perkins Coie, LLP, et al.*, Case No. 2:20-cv-00464-SAB. The person who sued is called the Plaintiff. The company and people sued, Perkins Coie, LLP, Perkins Coie U.S., P.C., Perkins Coie California, P.C., and Lowell Ness, are the Defendants. The Defendants are collectively referred to as "Perkins Coie."

Please read this Notice carefully to determine whether you wish to participate in the Settlement. Your rights and options—**and the deadlines to exercise them**—are explained in this Notice. Your legal rights are affected regardless of whether you act.

| 2. | WHAT IS THIS LAWSUIT ABOUT? |
|---|---|

The lawsuit claims that Defendants improperly released money from an escrow account they controlled. The money in this escrow account represented money collected from the sale of "Tokens" to provide token holders with access to the "Giga Watt Project." The Giga Watt Project was supposed to provide Token purchasers with access to cryptocurrency mining facilities in Eastern Washington maintained by Giga Watt, Inc. ("GW Washington"). The initial sale of Tokens was conducted in May through July of 2017 (the "Initial Token Offering"). The Initial Token Offering proceeds were transferred to Perkins Coie, who was responsible for distributing the proceeds in step with completion of the mining facilities. Despite evidence that the mining facilities were not fully completed, Perkins Coie released all of the Token purchase money held in its escrow account. This lawsuit seeks to recover the money Defendants allegedly released before the proportional completion of the mining facilities.

Perkins Coie asserts that Plaintiff's claims lack merit, does not accurately reflect what happened, and denies any and all liability for the claims alleged in the Action.

| 3. | WHY IS THIS A CLASS ACTION? |
|---|---|

In a class action, one or more people called "Class Representatives" (in this case, the Plaintiff, Eric Blomquist), sue on behalf of people who have similar claims. All these people are a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those people who properly "exclude" themselves from the Class. U.S. District Judge Stanley A. Bastian is in charge of this class action.

| 4. | WHY IS THERE A SETTLEMENT? |
|---|---|

**NEED MORE INFORMATION? HAVE QUESTIONS?**
**VISIT WWW.GIGAWATTTOKENSETTLEMENT.COM**

Exhibit B

Page - 3 -

Exhibit 1.1.A, Page 3 of 12

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 41 of 77

The Court did not decide in favor of Plaintiff or Perkins Coie. Perkins Coie denies doing anything wrong, believes that it has meritorious defenses to Plaintiff's claims, and thinks Plaintiff and the Class would not have won anything at a trial. However, there was no trial. Instead, the parties have agreed to this Settlement to resolve this matter without the expense and uncertainties of additional litigation and trial. The Class Representative and his attorneys believe that the Settlement is in the best interests of the Class Members, and that it is fair, reasonable, and adequate.

# WHO IS IN THE SETTLEMENT

To see if you may be eligible for money from this Settlement, you first have to see if you are a Class Member.

| 5. AM I PART OF THE SETTLEMENT? |
| --- |

With some limited exceptions described below, everyone who fits this description is a Class Member: All persons or entities who owned one or more Tokens on November 19, 2018.

If you received Notice in the mail or via email, it is because records indicate that you may fit the definition. Only persons who meet the criteria set forth above, or any other criteria the Court may later add, and who do not fall within one of the exclusions listed in the next paragraph, will be Class Members. If you were identified as a Class Member by mistake, or if the Court later decides that you do not meet different or added qualifications, you will not be a Class Member. You are not a Class Member merely because you received this Notice.

Excluded from the Settlement and Class are: (1) jurists and mediators who are or have presided over the lawsuit, Plaintiff's Counsel and Defendants' Counsel, their employees, legal representatives, heirs, successors, assigns, or any members of their immediate families; (2) Defendants and any of their subsidiaries, parents, affiliates, and officers, directors, partners, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; (3) GigaWatt Pte., Ltd., Cryptonomos Pte. Ltd., and Giga Watt Inc. and any of these entities' subsidiaries, parents, affiliates, and officers, directors, employees, partners, agents, legal representatives, heirs, successors, or assigns, or any members of their immediate families; and (4) any persons or entities who timely and properly exclude themselves from the Class, as described in responses to Questions 13-14 below.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. WHAT DOES THE SETTLEMENT PROVIDE? |
| --- |

Subject to Court approval, Perkins Coie has agreed to settle the lawsuit in exchange for creating a $4,500,000 common fund of money. Class notice and claim administration expenses, Plaintiff's Counsel's attorneys' fees and expenses and any service award to the Class Representative (discussed below) will also be paid out of the Common Fund, if approved by the Court. The amount paid to Class Members who submit valid claims is known as the "Net Fund." The settlement distribution process will be administered by an independent Settlement Administrator approved by the Court.

If the Settlement becomes final, Class Members who submit a timely, valid Claim Form will be entitled to a Cash Payment. The Cash Payment to each Class Member will be a pro rata amount of the money remaining in the

**NEED MORE INFORMATION? HAVE QUESTIONS?**
**VISIT WWW.GIGAWATTTOKENSETTLEMENT.COM**

Exhibit B

Page - 4 -

Exhibit 1.1.A, Page 4 of 12

18-03197-FPC7     Doc 1033-2     Filed 10/19/23     Entered 10/19/23 15:35:34     Pg 42 of 77

Common Fund after paying for Notice and Claim Administration Expenses, Attorneys' Fees and Expenses, a Class Representative Service Award, and (the "Net Fund"). Each Class Members' pro rata amount will be calculated based upon the number of Tokens owned by the Class Member on November 19, 2018, as a percentage of all Tokens owned by Class Members who submit valid claims. The amount of money a Class Member who submits a claim will receive will be calculated by the Settlement Administrator in accordance with the Plan of Allocation, as described in response to Question 9 below, or such other plan of allocation approved by the Court.

If any money is left over that cannot be distributed to the Class Members who submitted a claim because it would be too costly to do so, it will be paid to ORGANIZATION.

## 7. HOW CAN I GET A SETTLEMENT PAYMENT?

If you are a Class Member, you must fill out and submit a Claim Form to qualify for a cash payment. You can fill out and file your Claim at www.GigaWattTokenSettlement.com. You can also download a paper Claim Form from the website or get one by calling the Settlement Administrator at 1-XXX-XXX-XXXX. The completed Claim Form must be submitted online by Month 00, 0000, or by mail at the address below, postmarked by Month 00, 0000.

Giga Watt Token Settlement Administrator

P.O. Box xxxx

City, State, ZIP Code

Upon receiving a completed Claim Form, the Settlement Administrator will review the documentation and confirm or deny your eligibility for an award.

## 8. WHEN WOULD I GET MY SETTLEMENT PAYMENT?

The Court will hold a hearing on [date] at [time], to decide whether to approve the Settlement. Even if the Court approves the Settlement, there may be appeals. The appeal process can take time, perhaps more than a year. You will not receive your award until any appeals are resolved. Further, the bankruptcy court must approve a settlement Perkins Coie reached with the bankruptcy estate in *In re: Giga Watt, Inc*., Case No. 18-03197-FPC (U.S. Bankr. Ct., E.D. Wash.) For more information, please see the response to Question ___, below. Please be patient.

## 9. WHAT IS THE PROPOSED PLAN OF ALLOCATION?

Your share of the Net Fund will depend on the number of eligible Tokens owned by those who submit valid claims, and the number of eligible Tokens you owned on November 19, 2018.

The objective of the Plan of Allocation is to equitably distribute the Net Fund to Class Members. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to determine and pay the Claims of authorized Claimants for the purpose of making *pro rata* allocations of the Net Fund.

### Determination of Cash Payment Amounts

Each authorized Claimant shall receive his, her, or its pro rata share of the Net Fund. The pro rata share will be the authorized Claimant's recognized number of Tokens owned on November 19, 2018, as identified in his, her, or its Claim or otherwise determined from available information, divided by the total of recognized Tokens

of all authorized Claimants, multiplied by the total amount in the Net Fund. The determination of eligibility and the calculation of the amount to be distributed will be made by the independent Settlement Administrator appointed by the Court.

To receive a Cash Payment, an authorized Claimant must complete and timely submit a Claim Form to the Claim Administrator. A Claim Form must set forth information confirming the following: (1) the Claimant is a Class Member; (2) the number of Tokens owned on November 19, 2018; (3) the electronic wallet in which the Tokens are held; (4) contact information; and (5) any other relevant information to facilitate the distribution of the Cash Payment.

Upon the Effective Date and receipt by the Settlement Administrator of the funding by Perkins Coie, the Settlement Administrator will distribute Cash Payments from the Net Fund to authorized Claimants. By default, the Settlement Administrator will provide Cash Payments through physical checks to each authorized Claimant. Authorized Claimants receiving their Cash Payment by check will have 90 days from the issue date on the check to cash or deposit the check. The default method by which authorized Claimants receive their Cash Payment may be changed by electing on the Claim Form to receive the amount by means of an electric transfer of funds ("Electronic Transfer"). The Electronic Transfer options are Wire Transfer or Payment by PayPal. Authorized Claimants who elect to receive an Electronic Transfer but fail to provide sufficient or correct information to permit such payment shall be sent their Cash Payment by a physical check.

If an authorized Claimant's Cash Payment calculates to less than $10.00, no distribution will be made to that Class Member.

After the initial distribution of the Net Fund, and after waiting for ninety days from the date the last check or Electronic Transfer is issued, including any check or Electronic Transfer that has been re-issued, the remaining balance, including any funds from failed Electronic Transfers shall be redistributed *pro rata* to authorized Claimants. In the event that any portion of the Net Fund is not distributed to authorized Claimants after all reasonable efforts are made and after waiting for ninety days from the date the last check or Electronic Transfer is issued, including any check or Electronic Transfer that has been re-issued, the remaining balance, including any funds from failed Electronic Transfers shall be redistributed pro rata to authorized Claimants who negotiated the checks or accepted an Electronic Transfer in the initial distribution. If after the initial distribution or redistribution the amount remaining in the Net Fund is de minimis such that further distribution to Class Members would not be economically feasible, the remainder of the Net Fund will be donated to ORGANIZATION, or such other entity approved by the Court.

Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all authorized Claimants. No person shall have any claim against the Parties, Plaintiff's Counsel, Defendants' Counsel, the Settlement Administrator, or any of their agents arising from distributions made substantially in accordance with the Settlement Agreement, the plan of allocation approved by the Court, or further Orders of the Court. The Parties and their respective counsel shall have no responsibility or liability whatsoever for the investment or distribution of the Net Fund; the Plan of Allocation; the determination, administration, calculation, or Cash Payment of any Claim or nonperformance of the Settlement Administrator; the payment or withholding of taxes; or any losses incurred in connection therewith.

The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement Website, www.GigaWattTokenSettlement.com.

**10. IN RETURN FOR THESE SETTLEMENT BENEFITS, WHAT AM I GIVING UP?**

NEED MORE INFORMATION? HAVE QUESTIONS?
VISIT WWW.GIGAWATTTOKENSETTLEMENT.COM

Exhibit B

Page - 6 -

Exhibit 1.1.A, Page 6 of 12

18-03197-FPC7     Doc 1033-2     Filed 10/19/23     Entered 10/19/23 15:35:34     Pg 44 of 77

Unless you "exclude" yourself from the Class by timely submitting a Request for Exclusion (see Questions 13-14 below), you will remain in the Class. By remaining in the Class, that means you "release" and cannot sue, continue to sue, or be part of any other lawsuit against Perkins Coie or any other Released Parties, which include the Giga Watt Estate and the Chapter 7 Trustee of the Giga Watt Estate,  concerning the claims asserted in this Action.

By remaining in the Class, you also may affect any claim you may have made or will make in the bankruptcy matter captioned *In re Giga Watt, Inc.*, Case No. 18-03197 (E.D. Wash.).  Any such effect will be decided by the bankruptcy court in different proceedings.

The Settlement Agreement at Section VII describes these "Released Claims" and "Released Parties" in necessary legal terminology, so read it carefully.  For ease of reference, we also attach the full release section to this Notice as Appendix A. The Settlement Agreement is also available at [www.GigaWattTokenSettlement.com](www.GigaWattTokenSettlement.com) or in the public court records on file in this Action.  You can talk to one of the lawyers listed in response to Question 11 below for free or you can retain your own lawyer at your own expense.

# THE LAWYERS REPRESENTING YOU

## 11.  DO I HAVE LAWYERS IN THIS CASE?

The Court has appointed attorneys from the law firm Blood Hurst & O'Reardon, LLP to represent you and the other Class Members. The lawyers are called Class Counsel. They are experienced in handling class action cases. If you want to be represented by your own lawyer, you may hire one at your own expense.

You may contact Class Counsel if you have any questions about this Notice or the Settlement. *Please do not contact the Court.*

> **Class Counsel:**
> Timothy G. Blood
> Thomas J. O'Reardon II
> Blood Hurst & O'Reardon, LLP
> 501 W. Broadway, Suite 1490
> San Diego, CA 92101
> Tel: 619-338-1100
> Email:info@bholaw.com
> Website: www.bholaw.com

## 12. HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees up to 25% of the Common Fund (or $1,125,000) and will ask for reimbursement of reasonable expenses. If the Court approves the awards, it will be paid to Class Counsel and their co-counsel who also represents Plaintiff and the Class from the Common Fund. The Class Members will not have to pay anything toward the fees or expenses of Class Counsel.

Class Counsel will also petition the Court for a service award of up to $5,000 for the Class Representative Eric Blomquist to be paid from the Common Fund. The purpose of the service award is to compensate the Plaintiff for his time, efforts, and risks taken on behalf of the Class. The Court may award less than these amounts.

**NEED MORE INFORMATION? HAVE QUESTIONS?**
**VISIT WWW.GIGAWATTTOKENSETTLEMENT.COM**

Exhibit B

Page - 7 -

Exhibit 1.1.A, Page 7 of 12

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 45 of 77

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a Cash Payment from this Settlement, but you want to keep whatever legal rights you may have to sue or continue to sue Released Parties such as Perkins Coie on your own, then you must take steps to get out. This is called "excluding" yourself from or "opting out" of the Class.

| 13. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT? |
|---|

You do not have to remain in the Class and can exclude yourself (or "opt-out") from the Settlement. If you exclude yourself, you will not be eligible to receive any Cash Payment from the Settlement. If you choose to exclude yourself from the Class, you may pursue whatever legal rights you may have in any separate proceeding if you choose to do so, but you will have to do so at your own expense.

To exclude yourself from the Settlement, you must send a written "Request for Exclusion" addressed to Giga Watt Token Settlement Administrator, EXCLUSIONS, [P.O. Box xxxx, City, State ZIP], in the form of a letter or Request for Exclusion form stating that you want to be excluded from *Dam v. Perkins Coie, LLP, et al.*, Case No. 2:20-cv-00464-SAB. You must sign and mail your Request for Exclusion **postmarked** by [**Month Day, Year**]. You will not be eligible to exclude yourself from the Class after that date.

To ask to be excluded from the Class, your Request for Exclusion *must* state: (1) the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (2) contain a statement that indicates a desire to be excluded from the Class in the Action, such as "I hereby request that I be excluded from the proposed Class in *Dam v. Perkins Coie, LLP, et al.*, Case No. 2:20-cv-00464-SAB"; (3) state the number of Tokens owned by such person or entity on November 19, 2018; (4) identify the wallet address in which the eligible Tokens are or were held; and (5) be signed by the person or entity requesting exclusion or an authorized representative.

A Request for Exclusion that does not include all of the above information, that is sent to an address other than the one listed above, or that is not postmarked on time, will not be valid and the person asking to be excluded will be considered a member of the Class, and will be bound as a Class Member by the Settlement.

No person may opt-out of the Class for any other person or be opted-out by any other person, and no Class Member can be opted-out of the Class through any purported "mass" or "class" opt-outs.

| 14. IF I EXCLUDE MYSELF, CAN I GET MONEY FROM THE SETTLEMENT? |
|---|

No. If you elect to exclude yourself from the Settlement, do not send in a Claim Form to ask for any money.

If you elect to exclude yourself from the Settlement, you will (i) not have any rights as a member of the Class pursuant to the Settlement; (ii) not be able to receive a Cash Payment, (iii) not be bound by any further orders or judgments in this case, but (iv) will remain able to pursue the claims alleged in the case against Released Parties such as Perkins Coie by filing your own lawsuit at your own expense. If you proceed by filing your own lawsuit, you might receive more or less money than you would otherwise receive under this Settlement, or nothing at all.

**NEED MORE INFORMATION? HAVE QUESTIONS?**
VISIT WWW.GIGAWATTTOKENSETTLEMENT.COM

Exhibit B

Page - 8 -

Exhibit 1.1.A, Page 8 of 12

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 46 of 77

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| 15. HOW CAN I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT? |
| --- |

If you are a Class Member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. Note: You cannot ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement awards will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Your objection must be submitted to the Court either by mailing it (or by filing it at any location of the United States District Court for the Eastern District of Washington) and serving it on Class Counsel and Defendants' Counsel to be received no later than ==Month DD==, **2023**, to the following addresses:

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
| --- | --- | --- |
| Clerk of Court<br>**United States District Court, Eastern District of Washington**<br>PO Box 2706<br>Yakima, WA 98907 | Timothy G. Blood<br>Thomas J. O'Reardon II<br>**Blood Hurst & O'Reardon, LLP**<br>501 West Broadway, Ste 1490<br>San Diego, CA 92101 | Bradley S. Keller<br>Ralph E. Cromwell, Jr.<br>Jofrey M. McWilliam<br>**Byrnes Keller Cromwell LLP**<br>1000 Second Avenue, 38th Floor<br>Seattle, WA 98104 |

The objection must be in writing, signed, and include the case name ***Dam v. Perkins Coie, LLP, et al.***, **Case No. 2:20-cv-00464-SAB (E.D. Wa.)**. The written objection *must* include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, the name, address, and telephone number of his, her or its counsel; (c) a statement that the objector is a Class Member, including documents sufficient to prove membership in the Class including the number of Tokens owned on November 19, 2018, and identification of wallet in which such Tokens were or are held; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the specific grounds supporting the objection, including any legal or evidentiary support the Class Member wishes to bring to the Court's attention; (f) a statement whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (g) copies of any papers, briefs, or other documents upon which the objection is based; and (h) the objector's handwritten, dated signature (the signature of objector's counsel, an electronic signature, and the annotation "/s" or similar annotation will not suffice).

The Court will consider all objections and comments from Class Members. You do not need to attend the Final Approval Hearing for the Court to consider your objection. If you do intend to appear at the Final Approval Hearing through counsel, your objection or comment must also state the identity of all attorneys representing you who will appear at the Final Approval Hearing.

If you do not submit a written objection or comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses and the Class Representative's service award, in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Final Approval Hearing. However, the Court may excuse your failure to file a written objection upon a showing of good cause, which, if granted, would permit you to still appear at the Final Approval Hearing and object to the Settlement.

The Final Approval Hearing may be adjourned by the Court without further notice sent to the Class. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Class Counsel.

**NEED MORE INFORMATION? HAVE QUESTIONS?**
VISIT WWW.GIGAWATTTOKENSETTLEMENT.COM

Exhibit B

Page - 9 -

Exhibit 1.1.A, Page 9 of 12

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 47 of 77

| **16. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND ASKING TO BE EXCLUDED?** |
|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because you are no longer part of the case.

# THE COURT'S FINAL APPROVAL HEARING

The Court will hold a "Final Approval Hearing" to decide whether to approve the Settlement. You may attend the Final Approval Hearing, and you may ask to speak, but you do not have to.

| **17. WHEN AND WHERE WILL THE COURT HOLD A HEARING ON THE FAIRNESS OF THE SETTLEMENT?** |
|---|

A Final Approval Hearing has been set for _____, 2023 at __:___ __a.m., before Judge Stanley A. Bastian at the United States District Court for the Eastern District of Washington, 25 South 3rd Street, Room 201, Yakima, WA 98901.

At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take to make this decision.

Note: The date and time of the Final Approval Hearing are subject to change by Court Order. Any change will be posted at www.GigaWattTokenSettlement.com. You should check this website or the Court's PACER website to confirm that the date and/or time have not changed.

| **18. DO I HAVE TO COME TO THE HEARING?** |
|---|

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you delivered your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| **19. MAY I SPEAK AT THE HEARING?** |
|---|

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file with the Court a "Notice of Intention to Appear." Be sure to sign the request and include your name, address, and telephone number. You may also be required to provide proof that you are a Class Member. Your Notice of Intention to Appear must be mailed to Class Counsel and Defendants' Counsel and postmarked no later than **[date], 2023**. It must also be filed with the Clerk of the Court by the same date. The addresses for these three locations are listed in response to Question 15 above. You cannot speak at the Final Approval Hearing if you exclude yourself.

**NEED MORE INFORMATION? HAVE QUESTIONS?**
**VISIT WWW.GIGAWATTTOKENSETTLEMENT.COM**

Exhibit B

Page - 10 -

Exhibit 1.1.A, Page 10 of 12

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 48 of 77

# IF YOU DO NOTHING

## 20. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will be part of the Class. However, you will not receive a Cash Payment unless you submit a timely, valid Claim Form, as described in response to Questions 6-7 above. Further, you will not be permitted to start a lawsuit or proceeding, continue with a lawsuit or proceeding, or be part of any other lawsuit to assert Released Claims in any other lawsuit against Perkins Coie or the Released Parties, ever again.

# GETTING MORE INFORMATION

## 21. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.GigaWattTokenSettlement.com, or by contacting Class Counsel by email or telephone at the address or number listed in response to Question 11 above.

## 22. HOW CAN I GET MORE INFORMATION?

For more information, or to view key case documents, please visit the Settlement Website at www.GigaWattTokenSettlement.com. If you still have questions, you may contact Class Counsel by email or telephone at the addresses or numbers listed in response to Question 11 above.

You can also access information about this case through the Court's PACER website. To learn about PACER and register for a PACER account, go to https://www.pacer.gov/. Once you have a PACER account, you can access and retrieve documents from the Court's docket for the Action at https://ecf.cand.uscourts.gov/cgi-bin/login.pl. You can also access and retrieve documents from the Court's docket by visiting the Clerk's Office located at United States District Court for the Eastern District of Washington, 25 South 3rd Street, Room 201 Yakima, WA 98901

## 23. ADDITIONAL INFORMATION ABOUT A BANKRUPTCY PROCEEDING

**In addition to this class action, there is a proceeding pending in bankruptcy court in the United States Bankruptcy Court for the Eastern District of Washington against Perkins Coie by Mark D. Waldron, as Chapter 7 trustee. The bankruptcy proceeding is Mark D. Waldron, Chapter 7 Trustee v. Perkins Coie LLCP, Adv. Proc. No. 20-80031 pending in the bankruptcy case, *In re: Giga Watt, Inc.*, Case No. 18-03197-FPC (E.D. Wash.). That proceeding claims that GigaWatt Inc. was damaged by Perkins Coie's alleged improper release of token sale proceeds from an escrow. Perkins has settled that lawsuit at the same time it negotiated the settlement in this class action. Each settlement is contingent on the successful conclusion of the other settlement. The bankruptcy settlement is subject to approval by the bankruptcy court in separate proceedings. It is possible that you will receive separate notices from the bankruptcy court regarding the approval process for that separate bankruptcy settlement. If you have any interest in the bankruptcy, or have filed a claim in the bankruptcy, you should carefully read any such notice.**

**PLEASE DO NOT ATTEMPT TO CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT. IT CANNOT PROVIDE YOU WITH INFORMATION.**

NEED MORE INFORMATION? HAVE QUESTIONS?
VISIT WWW.GIGAWATTTOKENSETTLEMENT.COM

Exhibit B

Page - 11 -

Exhibit 1.1.A, Page 11 of 12

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 49 of 77

## **APPENDIX A**

## **RELEASE AND WAIVER**

A.      Upon the Effective Date, unless you exclude yourself ("opt out") from the Settlement Class by timely submitting an Exclusion Request (see Questions 13-14 above), you will remain in the Settlement Class. By remaining in the Settlement Class, you will be deemed a "Releasing Party" and you will have released, waived, forfeited and shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum. These Released Claims are any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Parties, including damages, costs, expenses, penalties, equitable relief, injunctions, and attorneys' fees, known or unknown, suspected or unsuspected, in law or in equity, that arise from or relate to the facts giving rise to this Action.

B.      The Settlement Agreement at Section II (titled "Definitions") describes these "Released Claims" and the "Released Parties" in necessary legal terminology and at Section VII (titled "Releases and Additional Conditions of Settlement) further details the Releases, so read these sections carefully. For ease of reference, the Settlement Agreement is available at www.GigaWattTokenSettlement.com or in the public court records on file in this Action.

**NEED MORE INFORMATION? HAVE QUESTIONS?**
**VISIT WWW.GIGAWATTTOKENSETTLEMENT.COM**

Exhibit B

Page - 12 -

Exhibit 1.1.A, Page 12 of 12

18-03197-FPC7      Doc 1033-2      Filed 10/19/23      Entered 10/19/23 15:35:34      Pg 50 of 77

TO BE SUBMITTED

# EXHIBIT 1.1.B - TO BE PROVIDED

Exhibit B

Giga Watt Token Settlement Administrator
P.O. Box 0000
City, State, 00000-0000

Forwarding Service Requested
Postal Service: Please do not mark barcode
Claim No.:

[CLASS MEMBER INFO]

**Court-Ordered Legal Notice**

**If you owned one or more Giga Watt Tokens on November 19, 2018 you may be entitled to a cash award from a class action settlement.**

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

**To qualify for a cash payment you must return a claim form by Month, Day, 2023.**

**www.GigaWattTokenSettlement.com**

**1-xxx-xxx-xxxx**

You are receiving this because records indicate you may have owned one or more "Tokens" that were supposed to provide access to "Giga Watt" cryptocurrency mining facilities in Eastern Washington. If so, you may be a "Class Member" and entitled to receive a cash award from a class action settlement. In *Dam v. Perkins Coie, LLP, et al.*, Case No. 2:20-cv-00464-SAB (E.D. Wash.), the court preliminarily approved the Settlement of a class action lawsuit over whether Defendants improperly released money deposited in its escrow account that was paid to purchase Tokens representing the right to use the Giga Watt Project's cryptocurrency mining facilities. The Defendants in the lawsuit deny these claims.

**What does the Settlement Provide?** The Settlement will create a $4,500,000 Common Fund from which Class Members who submit a valid claim will receive a cash payment. Class notice and settlement administration expenses, Plaintiff's Counsel's fees and expenses and any Class Representative service award as approved by the Court will also be paid out of the Common Fund.

**How do I get a cash payment?** You must submit a Claim Form to qualify for a cash payment. The Claim Form is available at **www.GigaWattTokenSettlement.com**. Claim Forms can be submitted online at **www.GigaWattTokenSettlement.com** or by mail. The deadline to submit a Claim Form is **MONTH, DAY, 2023**.

**What are my other options?** If you don't want any cash payment or to be legally bound by the Settlement, you must submit a "Request for Exclusion" mailed postmarked or submitted online at www.GigaWattTokenSettlement.com so the request is recieved by **MONTH, DAY, 2023**. If you do not exclude yourself, you have the right to object to the Settlement. The deadline for filing objections is MONTH DAY, 2023. and Tthe requirements for submitting an objection and an exclusion request can be found in the Settlement Agreement and Detailed Notice available at **www.GigaWattTokenSettlement.com**. If you exclude yourself, you cannot receive any cash payment, but you do not release any potential rights to sue Defendants relating to the claims in the lawsuit.

The Court will hold a hearing on **MONTH, DAY, 2023** at **TIME**. At that hearing, the Court will consider whether to approve this Settlement and whether to approve requested attorneys' fees of 25% of the Common Fund plus reimbursement of costs and a $5,000 service award to the Class Representative. You may appear at the hearing, but you don't have to. The Court has appointed attorneys from the law firm Blood Hurst & O'Reardon, LLP to represent the Class ("Class Counsel"). You will not be charged for these lawyers. If you want your own lawyer, you may hire one at your expense.

**For more information or for a Claim Form**, please visit www.GigaWattTokenSettlement.com or call 1-xxx-xxx-xxxx.

Exhibit B

Exhibit B

# EXHIBIT 1.1 D

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC BLOMQUIST, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>PERKINS COIE LLP, a Washington limited liability partnership; PERKINS COIE CALIFORNIA, P.C., a California corporation; PERKINS COIE U.S.; and LOWELL NESS, individually,<br><br>               Defendants. | Case No: 2:20-cv-00464-SAB<br><br>**CLASS ACTION**<br><br>**[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER**<br><br>Chief Judge Stanley A. Bastian<br><br>Complaint Filed:   December 16, 2020<br>Trial Date:         Not Yet Set<br><br>**JURY TRIAL DEMANDED** |

Exhibit B

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER

00205458

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

Exhibit 1.1.D, Page 1 of 8

18-03197-FPC7   Doc 1033-2   Filed 10/19/23   Entered 10/19/23 15:35:34   Pg 54 of 77

This matter came on for hearing on _____, 2023. Notice of the hearing has been given in accordance with the Preliminary Approval Order; the represented Parties having appeared by their attorneys of record; an opportunity to be heard having been given to all other persons desiring to be heard as provided in the Class Notice; and having considered the terms of the proposed Settlement Agreement, the application of Class Counsel for an award of attorneys' fees and expenses and for a service award to the Class Representative, and all other the submissions and arguments with respect to the Settlement Agreement, IT IS HEREBY ORDERED AS FOLLOWS:

1.    This Final Judgment and Approval Order incorporates the Settlement Agreement, including the Exhibits thereto, and incorporates the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless otherwise stated.

2.    The Court has jurisdiction over the subject matter of this Action, and all Parties to the Action for purpose of settlement, including all Class Members.

3.    Pursuant to Federal Rule of Civil Procedure 23, the Court affirms certification of the following Class for settlement purposes only:

All persons or entities who owned one or more Tokens on November 19, 2018.

Excluded from the Class are: (i) jurists and mediators who are or have presided over the Action, Plaintiff's Counsel and Defendants' Counsel, their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; (ii) Defendants, any of their subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; (iii) GigaWatt Pte., Ltd., Cryptonomos Pte. Ltd., and Giga Watt Inc. and any of these entities' subsidiaries, parents, affiliates, and officers, directors, employees,

Exhibit B

00205458    [PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 1    Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

Exhibit 1.1.D, Page 2 of 8

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 55 of 77

1   partners, agents, legal representatives, heirs, successors, or assigns,
2   or any members of their immediate families; and (iv) any persons or
    entities who timely and properly exclude themselves from the Class.

3       4.      The Court finds that the persons and entities excluded from the

4   Class because they filed valid requests for exclusion are identified in Exhibit A

5   to this order. These persons and entities, who filed timely, valid requests for

6   exclusion are not bound by this Final Judgment and Approval Order or the terms

7   of the Settlement Agreement. Such persons and entities are not entitled to any

8   rights or benefits provided to Class Members by the terms of the Settlement

9   Agreement.

10      5.      The Court directed that Class Notice be disseminated pursuant to the

11  Class Notice Program proposed by the Parties and approved by the Court. In

12  accordance with the Court's Preliminary Approval Order and the Court-approved

13  Class Notice Program, the Settlement Administrator caused the forms of Class

14  Notice to be disseminated as ordered. The Class Notice advised Class Members

15  of the terms of the Settlement Agreement; the Final Approval Hearing and their

16  right to appear at such hearing; their rights to remain in, or exclude themselves

17  from, the Class and to object to the Settlement Agreement; procedures for

18  exercising such rights; and the binding effect of this Final Judgment and

19  Approval Order, whether favorable or unfavorable, to the Class.

20      6.      The distribution of the Class Notice pursuant to the Class Notice

21  Program constituted the best notice practicable under the circumstances, and

22  fully satisfied the requirements of Federal Rule of Civil Procedure 23, the

23  requirements of due process, 28 U.S.C. § 1715, and any other applicable law.

24  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974); *Rodriguez v. West*

25  *Publ'g Co.*, 563 F.3d 948, 962 (9th Cir. 2009).

26                                                          **Exhibit B**

00205458   [PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 2   Western Washington Law Group PLLC
                                                              P.O. Box 468, Snohomish, WA 98291
                                                              (425) 728-7296, ext. 4

Exhibit 1.1.D, Page 3 of 8

18-03197-FPC7   Doc 1033-2   Filed 10/19/23   Entered 10/19/23 15:35:34   Pg 56 of 77

7.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and interested persons or entities, that the Settlement Agreement proposed by the Parties is fair, reasonable, and adequate. In reaching this conclusion, the Court considered the record in its entirety and heard the arguments of counsel for the Parties and other persons seeking to comment on the proposed Settlement Agreement. [The Court has carefully considered the objections to the Settlement Agreement, including to Class Counsel's request for attorneys' fees and expenses, and finds the objections are without merit, and they do not undermine the Court's determination that the settlement as a whole "is fundamentally fair within the meaning of Rule 23(e)." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818–19 (9th Cir. 2012). Accordingly, the objections are overruled.

8.     The Court has considered a number of factors, including: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Class Members to the Settlement Agreement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of Defendants to withstand a greater judgment; and (8) the reasonableness of the relief provided by the Settlement Agreement in light of the best possible recovery. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992); *Rodriguez*, 563 F.3d at 965.

9.     The terms and provisions of the Settlement Agreement are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator: the Honorable Benjamin P. Hursh. Approval of the Settlement Agreement will result in substantial savings time,

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 3

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205458

Exhibit Bne,

18-03197-FPC7     Doc 1033-2     Filed 10/19/23     Entered 10/19/23 15:35:34     Pg 57 of 77

money and effort to the Court and the Parties, and will further the interests of justice.

10. All Class Members who have not timely and validly excluded themselves from the Class are Class Members who are bound by this Final Judgment and Approval Order and by the terms of the Settlement Agreement.

11. Nothing in the Settlement Agreement, this Final Judgment and Approval Order, or the fact of the settlement, constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the action.

12. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel and the other Plaintiff's Counsel in prosecuting the claims on behalf of the Class. The efforts of Class Counsel and the other Plaintiff's Counsel have produced the Settlement Agreement entered into in good faith, and which provides a fair, reasonable, adequate, and certain result for the Class. Class Counsel have made application for an award of attorneys' fees and reimbursement of expenses in connection with the prosecution of the Action on behalf of themselves and the other Plaintiffs' Counsel. The requested fee award is 25% of the Common Fund. This amount is fair, reasonable, and adequate under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class Counsel and the other Plaintiff's Counsel in litigating this matter, the degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel's and the other Plaintiff's Counsel's representation of Plaintiff and the Class, and the additional work required of Class Counsel in the

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 4

00205458

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

Exhibit 1.1.D, Page 5 of 8

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 58 of 77

other Plaintiff's Counsel to bring this settlement to conclusion. *Hanlon*, 150 F.3d at 1029; *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019). The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the hourly rates of Plaintiff's Counsel are reasonable, and that the hours expended were reasonable. *Hyundai*, 926 F.3d at 570. Accordingly, the Court hereby awards $_____ as attorneys' fees to be paid in accordance with the terms of the Settlement Agreement. Class Counsel shall be responsible for distributing and allocating the attorneys' fees and expenses award to Plaintiff's Counsel in their discretion.

13. Class Counsel have also made application for an award of litigation expenses in connection with the prosecution of the action on behalf of themselves and the other Plaintiff's Counsel. Finding that such expenses were reasonably and necessarily incurred in prosecuting the action on behalf of the Class, the Court approves Class Counsel's request for litigation expenses in the amount of $_____, which is to be paid in accordance with the terms of the Settlement Agreement. *Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003).

14. Further, the Court approves a service award of $_____ for Plaintiff Eric Blomquist. The Class Representative participated in the action, acted to protect the Class, and assisted his counsel. The service award, which is fair, reasonable, and justified, is to be paid in accordance with the terms of the Settlement Agreement. *Rodriguez*, 563 F.3d at 958–59.

15. The Court has considered all relevant factors and hereby approves _____ as the designated *cy pres* recipient of money (if any) remaining after the negotiation period of the Cash Payments in accordance with

00205458

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 5

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

Exhibit 1.1.D, Page 6 of 8

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 59 of 77

the Settlement Agreement. *See* ECF No. _____ (Declaration of _____ in
Support of Cy Pres Designation of_____); *Nachsin v. AOL, LLC*,
663 F.3d 1034 (9th Cir. 2011); *Six (6) Mexican Workers*, 904 F.2d at 1305.

16.     The Court hereby dismisses with prejudice this Action, and all Released Claims against each and all Released Parties, and without costs to any of the Parties as against the others.

17.     Each and every Releasing Party is hereby deemed to have released, waived, forfeited, and is permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum.

18.     Without affecting the finality of this order, the Court reserves jurisdiction over the implementation, administration, and enforcement of this Order, the Final Judgment and the Settlement Agreement, in any proceeding, matter or dispute between Defendants, the Class Representative and/or Class Members.

19.     The Parties and the Settlement Administrator are hereby directed and authorized to implement the settlement according to the terms and provisions of the Settlement Agreement. If any material inconsistencies are discovered between this order and the Settlement Agreement, this order will be dispositive, absent approval and further order by the Court.

**IT IS SO ORDERED.**


_____
HONORABLE STANLEY A. BASTIAN
UNITED STATES DISTRICT JUDGE


Exhibit B

---

00205458

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 6

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

Exhibit 1.1.D, Page 7 of 8



1           **EXHIBIT A**

2       **TIMELY REQUESTS FOR EXCLUSION ("OPT-OUTS")**

3   1.  [ENTER, IF APPLICABLE]

Exhibit B

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER - 7

00205458

Exhibit 1.1.D, Page 8 of 8

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 61 of 77

Exhibit B

# EXHIBIT 1.1.E

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC BLOMQUIST, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>PERKINS COIE LLP, a Washington limited liability partnership; PERKINS COIE CALIFORNIA, P.C., a California corporation; PERKINS COIE U.S.; and LOWELL NESS, individually,<br><br>        Defendants. | Case No: 2:20-cv-00464-SAB<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Chief Judge Stanley A. Bastian<br><br>Complaint Filed:  December 16, 2020<br>Trial Date:      Not Yet Set<br><br>**JURY TRIAL DEMANDED** |

**Exhibit B**

[PROPOSED]] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTIO SETTLEMENT

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205457

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 63 of 77

1    WHEREAS, this matter has come before the Court pursuant to Plaintiff's

2    Motion for Preliminary Approval of Class Action Settlement (the "Motion");

3    WHEREAS, the Court finds that it has jurisdiction over the action and

4    each of the parties for purposes of settlement and asserts jurisdiction over the

5    Class Members[1] for purposes of effectuating this settlement and releasing their

6    claims.

7    IT IS HEREBY ORDERED AS FOLLOWS:

8    **I.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

9    1.    The terms of the Settlement Agreement filed in this Action are

10   preliminarily approved as fair, reasonable and adequate, are sufficient to warrant

11   sending notice to the Class, and are subject to further consideration at the Final

12   Approval Hearing.

13   2.    The Settlement Agreement was entered into after extensive arm's

14   length negotiations by experienced counsel and with the assistance and oversight

15   of the Honorable Benjamin P. Hursh as mediator. The Court preliminarily finds

16   that the settlement embodied in the Settlement Agreement is sufficiently within

17   the range of reasonableness so that notice of the settlement should be given as

18   provided in the Settlement Agreement and this order. In making this

19   determination, the Court has considered the current posture of this Action and the

20   risks and benefits to the Parties involved in both settlement of these claims and

21   continuation of the litigation.

22   **II.    THE CLASS, CLASS REPRESENTATIVE AND CLASS COUNSEL**

23   3.    Pursuant to Federal Rule of Civil Procedure 23, the Court certifies

24   the following Class for settlement purposes:

25   _____

26   [1]    All capitalized terms have the meanings as defined in the Settlement
Agreement unless otherwise stated.

00205457

[PROPOSED]] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTIO SETTLEMENT - 1

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

Exhibit B

Exhibit 1.1.E, Page 2 of 10

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 64 of 77

All persons or entities who owned one or more Tokens on November 19, 2018.

Excluded from the Class are: (i) jurists and mediators who are or have presided over the Action, Plaintiff's Counsel and Defendants' Counsel, their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; (ii) Defendants, any of their subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; (iii) GigaWatt Pte., Ltd., Cryptonomos Pte. Ltd., and Giga Watt Inc. and any of these entities' subsidiaries, parents, affiliates, and officers, directors, employees, partners, agents, legal representatives, heirs, successors, or assigns, or any members of their immediate families; and (iv) any persons or entities who timely and properly exclude themselves from the Class.

4.      Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds Plaintiff Eric Blomquist is a member of the Class, his claims are typical of the Class, and he has protected and will fairly and adequately protect the interests of the Class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The Court appoints Eric Blomquist as Class Representative for the Class.

5.      The Court finds that the Class meets all requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the claims alleged in the first amended class action complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and class counsel; (e) predominance of common questions of fact and law among the Class; and (f) superiority. *See Hanlon*, 150 F.3d at 1023–24 (affirming certification of a settlement class).

6.      Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court appoints Timothy G. Blood and Thomas J. O'Reardon II of Blood Hurst & O'Reardon, LLP as Class Counsel to represent the Class Members. *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Exhibit B

[PROPOSED]] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTIO SETTLEMENT - 2

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205457

Exhibit 1.1.E, Page 3 of 10

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 65 of 77

1    7.    The Court confirms the appointment of Epiq Class Action and

2    Claims Solutions as the Settlement Administrator. Certain fees and costs

3    associated with the Class Notice Program shall be advanced by Defendants, as

4    set forth in the Settlement Agreement. The Settlement Administrator is directed

5    to perform all responsibilities assigned in the Settlement Agreement.

6    8.    If the Settlement Agreement is not finally approved by the Court, or

7    for any reason the Final Judgment and Approval Order is not entered as

8    contemplated in the Settlement Agreement, or the Settlement Agreement is

9    terminated pursuant to its terms for any reason or the Effective Date does not

10   occur for any reason, then:

11       (a)    All orders and findings entered in connection with the

12   Settlement Agreement shall become null and void and have no force or effect

13   whatsoever, shall not be used or referred to for any purposes whatsoever, and

14   shall not be admissible or discoverable in this or any other proceeding;

15       (b)    The provisional certification of the Class shall be vacated

16   automatically and the Action shall proceed as though the Class had never been

17   certified;

18       (c)    Nothing contained in this order is to be construed as a

19   presumption, concession or admission by or against Defendants or Class

20   Representative of any default, liability or wrongdoing as to any facts or claims

21   alleged or asserted in the Action;

22       (d)    Nothing in this order pertaining to the Settlement Agreement

23   shall be used as evidence in any further proceeding in the Action; and

24       (e)    All of the Court's prior orders having nothing whatsoever to

25   do with class certification or the Settlement Agreement shall remain in force and

26   effect.                                                    Exhibit B

[PROPOSED]] ORDER GRANTING PRELIMINARY          Western Washington Law Group PLLC
APPROVAL OF CLASS ACTIO SETTLEMENT - 3          P.O. Box 468, Snohomish, WA 98291
00205457                                                    (425) 728-7296, ext. 4

Exhibit 1.1.E, Page 4 of 10
18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 66 of 77

**III. NOTICE TO CLASS MEMBERS**

9.     The Court has considered the proposed Class Notice in the Settlement Agreement and finds that the forms of Class Notice and the Class Notice Program as described in the Settlement Agreement and in the Declaration of the Settlement Administrator: (a) meet the requirements of due process and Federal Rule of Civil Procedure 23(c) and (e); (b) constitutes the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the constitutional requirements regarding notice. In addition, the forms of Class Notice: (a) apprise Class Members of the terms of the proposed settlement and their rights and deadlines under the settlement; (b) are written in simple terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves, as to form and content, each of the forms of Class Notice (the Long-form Class Notice, Email Notice and Postcard Notice) and the Class Notice Program as described in the Settlement Agreement and in the Declaration of the Settlement Administrator in all respects, and it hereby orders that notice be commenced within thirty (30) days of this order.

10.     The Court further approves the establishment of a Settlement Website as described in the Settlement Agreement and in the Declaration of the Settlement Administrator. The Settlement Website (www.GigaWattTokenSettlement.com) shall include a copy of the Settlement Agreement and its Exhibits, orders of the Court relating to the Settlement Agreement and any other materials or information the Parties agree to include. The Notice and Claim Administration Expenses are to be paid in accordance with the Settlement Agreement. The Parties are hereby authorized to establish the means necessary to implement the Class Notice.

**Exhibit B**

[PROPOSED]] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTIO SETTLEMENT - 4

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205457

Exhibit 1.1.E, Page 5 of 10

18-03197-FPC7     Doc 1033-2     Filed 10/19/23     Entered 10/19/23 15:35:34     Pg 67 of 77

1    11.    The Court is aware that Defendants, as described in the Settlement

2    Agreement, will provide all information they can reasonably obtain to the

3    Settlement Administrator for the sole purpose of providing Class Notice directly

4    to the Class Members.

5    **IV.    REQUEST FOR EXCLUSION FROM THE CLASS**

6    12.    Class Members who wish to opt out of the Class must do so no later

7    than the Opt-Out Date. To opt out, a Class Member must send to the Settlement

8    Administrator a written Request for Exclusion that is received no later than

9    twenty-one (21) days before the date first set for the Final Approval Hearing. A

10   Request for Exclusion may also be electronically submitted at the Settlement

11   Website by the Opt-Out Date. The Request for Exclusion must be personally

12   signed by the Class Member, contain a statement that indicates a desire to be

13   excluded from the Class, indicate the number of Tokens owned on November 19,

14   2018, and identify the wallet in which the Tokens are held.

15   13.    Class Members who properly request to be excluded from the Class

16   shall not: (a) be bound by any orders or judgments entered in the Action relating

17   to the Settlement Agreement; (b) be entitled to a Cash Payment or be affected by

18   the Settlement Agreement; (c) gain any rights by virtue of the Settlement

19   Agreement; or (d) be entitled to object to any aspect of the Settlement

20   Agreement.

21   14.    Any Class Member who does not properly and timely exclude

22   himself/herself/itself from the Class shall remain a Class Member and shall be

23   bound by all the terms and provisions of the Settlement Agreement and the

24   Settlement and the Final Judgment and Approval Order.

25

26                                                                 Exhibit B

# V.    OBJECTIONS

15.    Any Class Member who has not requested exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to the requested award of attorneys' fees, costs, and expenses, or the requested service awards to the Class Representative, must file the objection with the Court and serve it on Class Counsel and Defendants' Counsel no by the Objection Date which is no later than twenty-one (21) days before the date first set for the Final Approval Hearing.

16.    Any objection must be in writing and include the following information: (a) a heading which refers to the case name and number (*Dam v. Perkins Coie LLP, et al*., Case No. 2:20-cv-00464-SAB (E.D. Wash.); (b) the objector's name, address, telephone number and, if represented by counsel, the name, address, and telephone number of his/her counsel; (c) a statement that the objector is a Class Member, indicate the number of Tokens owned on November 19, 2018, and identify the wallet in which the Tokens were held; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the specific grounds supporting the objection; (f) a statement whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (g) copies of any papers, briefs, or other documents upon which the objection is based; and (h) the objector's handwritten, dated signature (the signature of objector's counsel, an electronic signature, and the annotation "/s" or similar annotation will not suffice).

17.    The Court will require substantial compliance with the requirements above. If the objector does not submit an objection in accordance with the deadline and procedure set forth above, the objector will waive any right to be

[PROPOSED]] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTIO SETTLEMENT - 6

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00205457

Exhibit B

heard at the Final Approval Hearing. However, the Court may excuse the
objector's failure to file a written objection upon a showing of good cause,
which, if granted, would permit the objector to still appear at the Final Approval
Hearing and object to the settlement.

## VI.    FINAL APPROVAL HEARING

18.    The Final Approval Hearing will be held on [105 days after entry of
the Preliminary Approval Order, or as soon thereafter as the Court's schedule
permits] at _____ Pacific Time before this Court, at the United States
District Court for the Eastern District of Washington, 25 South 3rd Street, Room
201 Yakima, WA 98901 to consider, *inter alia*: (a) whether the Class should be
certified for settlement purposes; (b) whether the Settlement Agreement should
be finally approved as fair, reasonable, and adequate; and (c) Class Counsel's
application for attorneys' fees, costs and expenses and a Class Representative
service award.

19.    No later than forty-two (42) days before the Final Approval
Hearing, the Parties shall file their opening papers in support of their motion for
final approval of the settlement and application for an award of attorneys' fees,
costs and expenses and the Class Representative service award. No later than
seven (7) days before the Final Approval Hearing, the Parties shall file their reply
papers as needed, including as needed to respond to any valid and timely
objections.

20.    Any Class Member who has not excluded himself/herself/itself from
the Class may appear at the Final Approval Hearing in person or by their counsel
and may be heard, to the extent allowed by the Court, either in support of or in
opposition to the Settlement Agreement and/or the fee request. Any Class
Member wanting to be heard at the Final Approval Hearing shall set forth later

[PROPOSED]] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTIO SETTLEMENT - 7

00205457

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

Exhibit B

1  saying that it is his/her/its "Notice of Intention to Appear in *Dam v. Perkins Coie*

2  *LLP, et al.*" Such a letter shall be filed with the Court, served on Class Counsel

3  and Defendants' Counsel, and postmarked on or before seven (7) days prior to

4  the date first set for the Final Approval Hearing. In the notice, the Class Member

5  must include his/her/its name, address, and telephone number, and the name,

6  address, and telephone number of counsel, if any, that will appear.

7        21.    Any Class Member wanting to speak at the Final Approval Hearing

8  without having followed these procedures, may do so only upon demonstrating

9  good cause to the Court.

10        22.    The date and time of the Final Approval Hearing shall be subject to

11  adjournment by the Court without further notice to the Class Members other than

12  that which may be posted at the Court, on the Court's website, and/or the

13  Settlement Website at www.GigaWattTokenSettlement.com.

14  **VII.  OTHER PROVISIONS**

15        23.    The Parties are authorized to take all necessary and appropriate

16  steps to establish the means necessary to implement the Settlement Agreement.

17        24.    The deadlines set forth in this order, including, but not limited to,

18  adjourning the Final Approval Hearing, may be extended by order of the Court,

19  for good cause shown, without further notice to the Class Members – except that

20  notice of any such extensions shall be included on the Settlement Website,

21  www.GigaWattTokenSettlement.com. Class Members are advised to check the

22  Settlement Website regularly for updates and further details regarding extensions

23  of these deadlines.

24        25.    Class Counsel and Defendants' Counsel are hereby authorized to

25  use all reasonable procedures in connection with approval and administration of

26  the Settlement Agreement that are not materially inconsistent with Exhibit B or

00205457

[PROPOSED]] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTIO SETTLEMENT - 8

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

Exhibit 1.1.E, Page 9 of 10

18-03197-FPC7   Doc 1033-2   Filed 10/19/23   Entered 10/19/23 15:35:34   Pg 71 of 77

1   the Settlement Agreement, including making, without further approval of the

2   Court, minor changes to the Settlement Agreement, to the form or content of the

3   Class Notice or to any other exhibits that the parties jointly agree are reasonable

4   or necessary.

5        26.    This Court shall maintain continuing jurisdiction over these

6   settlement proceedings to assure the effectuation thereof for the benefit of the

7   Class.

8        **IT IS SO ORDERED.**

9

10  _____

11           HONORABLE STANLEY A. BASTIAN
             UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                    **Exhibit B**

[PROPOSED]] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTIO SETTLEMENT - 9

00205457

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

Exhibit 1.1.E, Page 10 of 10

18-03197-FPC7    Doc 1033-2    Filed 10/19/23    Entered 10/19/23 15:35:34    Pg 72 of 77

**Giga Watt Token Settlement**
c/o Epiq
P.O. Box XXXX
Portland, OR 97208-3770
U.S & Canada Toll-Free Number: XXXX
International Number: XXXX
Email: info@GigaWattTokenSettlement.com
Website: www.GigaWattTokenSettlement.com

## CLAIM FORM

### PART I – GENERAL INSTRUCTIONS

1.  To be eligible to receive a share of the net fund in the Giga Watt Token settlement, you must either (a) mail a completed and signed claim form to the above address via U.S. mail, postmarked on or before **[date]**, or (b) complete and submit the claim form through the settlement website, www.gigawatttokensettlement.com, on or before **[date]**.

2.  Complete this claim form only if you owned Tokens as of November ___, 2018. Any Tokens you sold prior to November __, 2018, or acquired after November __, 2018, are not covered by this settlement.

3.  Separate claim forms should be submitted for each separate legal entity. Conversely, a single claim form should be submitted on behalf of one legal entity no matter how many separate accounts or transactions that entity has.

4.  Agents, executors, administrators, guardians, and trustees must complete and sign the claim form on behalf of persons represented by them.

5.  Your claim is not deemed submitted until you receive an acknowledgement email. The settlement administrator will acknowledge receipt of your claim form by email, within __ days. If you do not receive an acknowledgement email within __ days, please call the settlement administrator at the numbers listed on the top of this form.

6.  If you have questions concerning the claim form or need additional copies of the Claim Form or the Notice, you may contact the Settlement Administrator, Epiq. The contact information is above.

Exhibit B

## PART II – CLAIMANT IDENTIFICATION

**The settlement administrator will use this information for all communications regarding this claim form. If this information changes, you must notify the settlement administrator in writing at the address above.**

Token Owner's First Name | MI | Token Owner's Last Name

Co-Owner's First Name | MI | Co-Owner's Last Name

Entity Name (if Token Owner is not an individual)

Representative or Custodian Name (if different from Owner(s) listed above) Address 1

(street name and number)

Address 2 (apartment, unit or box number)

City | State | ZIP Code

Country

Primary Phone Number | Alternate Phone Number

Email Address

Claimant Account Type

☐ Individual (includes joint owner accounts)    ☐ Other (please specify) _____

☐ Corporation

Exhibit B

# PART III – TOKEN OWNERSHIP

The Settlement Administrator may email you with instructions to confirm the cryptocurrency wallet address used to purchase or acquire the Tokens. If you no longer have ownership or control of this wallet address, please provide documentation sufficient to show evidence of the fiat currency used to purchase the Tokens.

## STEP 1.

### STATE HOW MANY GIGAWATT TOKENS YOU OWNED AS OF NOVEMBER 19, 2018:

Wallet Address in Which You Hold The Gigawatt Tokens

## STEP 2.

### PROVIDE INFORMATION ON THE DATE YOU PURCHASED OR ACQUIRED THE TOKENS.

| Date (MMDDYY) | Number of Tokens Purchased | Blockchain Hosting the Transaction (BTC, ETH, other) | Total Consideration Paid for Tokens |
|---|---|---|---|

Wallet Address from Which Crypto Was Contributed for Purchase

**STEP 3.**

**PROVIDE INFORMATION ON THE DATE YOU SOLD OR TRANSFERRED THE TOKENS.**

| Date (MMDDYY) | Number of Tokens Purchased | Blockchain Hosting the Transaction (BTC, ETH, other) | Total Consideration Received for Token |
|---|---|---|---|
| | | | |

Wallet Address from Which Crypto Was Sold or Transferred From

**STEP 4.**

**PROVIDE DOCUMENTATION SUFFICIENT TO SHOW THAT YOU OWNED THE NUMBER OF TOKENS IDENTIFIED IN STEP 1 AS OF NOVEMBER 19, 2018.**

4

IF YOU NEED ADDITIONAL SPACE FOR THE INFORMATION REQUESTED, ATTACH EXTRA PAGES IN THE SAME FORMAT. PRINT THE OWNER'S FULL NAME ON EACH ADDITIONAL PAGE.

5

18-03197-FPC7     Doc 1033-2     Filed 10/19/23     Entered 10/19/23 15:35:34     Pg 77 of 77