Pamela M. Egan, WSB No. 54736
POTOMAC LAW GROUP PLLC
2212 Queen Anne Ave. N., #836
Seattle, WA 98109
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| | **NOTICE OF CHAPTER 7 TRUSTEE'S MOTION FOR RELIEF FROM STAY AND OPPORTUNITY FOR HEARING** |

**PLEASE TAKE NOTICE** that Mark D. Waldron, the Chapter 7 Trustee, has filed his Motion for Relief from Stay, ECF No. 1033, asking the Court to lift the automatic stay and modify the Memorandum Opinion and Order Regarding Stay and Motion for Order to Show Cause ("Automatic Stay Order"), dated September 27, 2021, ECF No. 921, to permit Jun Dam, Eric Blomquist, Perkins Coie LLP, Perkins Coie California, P.C., Perkins Coie U.S., P.C. and Lowell Ness to amend the complaint and seek approval of the settlement ("WTT Token Settlement") of Mr. Dam's putative class action complaint filed in the United States District Court for the Eastern District of Washington ("District Court"), Case No. 2:20-cv-00464-SAB. Subject to District Court approval, Perkins has

Notice of Chapter 7 Trustee's Motion
for Relief from Stay - Page 1

agreed to pay $4.5 million to a class of WTT token holders. Pursuant to the WTT Token Settlement, WTT token holders are releasing the Giga Watt the estate of all claims that arise from or relate to the facts giving rise to the Class Action. The Trustee's settlement with Perkins Coie LLP and Lowell Ness, approved by the Court on October 5, 2023, ECF No. 1031, pursuant to which the Giga Watt estate will receive $3.0 million from Perkins Coie LLP and Lowell Ness, is contingent on approval by the District Court of the WTT Token Settlement. Alternatively, the Trustee has asked for an indicative ruling pursuant to Bankruptcy Rule 8008 that it would grant the foregoing relief but for the appeal of the Automatic Stay Order (D. Ct., Case No. 21-291). If the settlements do not successfully conclude, the stay will be in place as if it had not been lifted. The Trustee has also asked for an order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3) such that the Order will be enforceable immediately upon entry.

If you wish to object to the foregoing relief, then you must file with the above-captioned court and serve upon undersigned counsel an Objection by November 9, 2023. The Court may enter an order without an actual hearing or further notice unless a written objection is timely served and filed. If an objection is timely filed and served, the Trustee will obtain a hearing date and time from the court's website and will notify the objecting party of the date of the hearing.

Dated: October 19, 2023     POTOMAC LAW GROUP PLLC

By:     */s/ Pamela M. Egan*
Pamela M. Egan (WSB No. 54736)

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

Notice of Chapter 7 Trustee's Motion
for Relief from Stay - Page 2