UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re: | Case No.: 18-03197 FPC 7 |
|---|---|
| GIGA WATT, Inc., a Washington corporation, | OBJECTION TO FIRST AND FINAL CONTINGENCY FEE APPLICATION OF THE POTOMAC LAW GROUP PLLC (PERKINS ADVERSARY PROCEEDING) |
| Debtor. | |

Jun Dam objects to the Potomac Law Group PLLC's ("PLG") First and Final Contingency Fee Application. For the reasons detailed below, Mr. Dam asks the Court to reserve ruling on PLG's Contingency Fee Application and/or disbursing any funds from the Perkins Adversary Settlement Proceeds in the bankruptcy estate until Mr. Dam's claims for equitable rights to those funds may be adjudicated.

## 1. FACTS

Mr. Dam is in the process of filing claims in which he seeks to establish equitable rights to the Settlement Proceeds that were paid to the bankruptcy estate as part of a settlement in the Perkins Adversary case. Dam Decl. ¶¶ 3-4. He anticipates that those claims will be filed in the

OBJECTION TO FIRST AND FINAL CONTINGENCY FEE APPLICATION OF THE POTOMAC LAW GROUP PLLC (PERKINS ADVERSARY PROCEEDING) - 1

Hanson Baker Ludlow Drumheller P.S.
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

next few weeks. *Id.* at ¶ 3. Respectfully, he asks that the Court reserve ruling on the Contingency Fee Application or disbursing any of the Settlement Funds held in the bankruptcy estate to PLG until the adjudication of those claims is complete. *Id.* at ¶ 8.

## 2. LEGAL DISCUSSION

The bankruptcy court has wide discretion when deciding matters of administrative compensation, including the timing of that compensation. *See, e.g., In re Barron*, 73 B.R. 812, 815 (S.D. Cali. 1987); *see also In re Lochmiller Industries, Inc.*, 178 B.R. 241, 251 n.41 and *In re United West, Inc.*, 87 B.R. 138, 141 (D. Nev. 1988). This discretion permits the court to "accommodate the special circumstances of each case and achieve equitable results." *Barron*, 73 B.R. at 815. "Accordingly, even though payment is expressly authorized prior to the end of the case, *such compensation may be deferred*" as necessary to effect justice. *United West*, 87 B.R. at 141 (emphasis added). When deciding when to pay an administrative claim, the Court may consider things like "the status of the case, the ability of the debtor to pay for all administrative expenses, and the efficacy of the remedy of immediate payment subject to surcharge." *Id.* Here, reserving a ruling on PLG's request for their contingency fee best advances the notions of equity in this case.

The balance of justice weighs in favor of this Court reserving ruling on the Contingency Fee Application. First, reserving a ruling on this the Contingency Fee Application will not harm the trustee nor PLG. PLG is also employed as general counsel for the trustee. Contingency Fee Application (Dkt. 1044) at page 4. It has received $278,744.02 in compensation in prior fee applications. *Id.* at page 5. The Perkins Adversary proceeding was filed in November 2020. *Id.* at page 11. It has gone on for nearly four years. *Id.* A short delay in ruling on whether that

OBJECTION TO FIRST AND FINAL CONTINGENCY FEE
APPLICATION OF THE POTOMAC LAW GROUP PLLC
(PERKINS ADVERSARY PROCEEDING) - 2

**HB**
Hanson Baker Ludlow Drumheller P.S.
2229  112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

1  disbursement should happen now, versus in the next few weeks or months is not overly

2  burdensome or prejudicial to PLG.

3  Second, Mr. Dam intends to prosecute several claims related to the Settlement Proceeds. Dam Decl. ¶ 3. As part of that, Mr. Dam will seek to establish a constructive trust on the Settlement Proceeds which were disbursed to the bankruptcy estate. *Id.* at ¶ 4. If a constructive trust is imposed, the Settlement Proceeds may no longer be part of the bankruptcy estate. *See In re. Golden Triangle Capital, Inc.*, 171 B.R.79, 82 (9th Cir. 1994) (discussing how funds subject to a constructive trust may exclude the property subject to the trust from the bankruptcy estate). If any portion of the Settlement Proceeds are paid out as part of bankruptcy estate before that claim can be adjudicated, the estate will not have enough funds to pay back that claim if it is successful. *See* Contingency Fee Application at page 13 (noting that prior to the deposit of the Settlement Proceeds, the bankruptcy estate had approximately $479,000 in unencumbered funds). Thus, Mr. Dam's claims, including his claim that the Settlement Proceeds should not be part of the bankruptcy estate through operation of a constructive trust, should be decided prior to disbursing any of the Settlement Proceeds to PLG. Dam Decl. ¶ 8.

16  Mr. Dam anticipates that the trustee and/or PLG will object to his ability to bring such claims because of a release provision in the Class Action Stipulation of Settlement for Case No: 2:20-cv-00464-SAB ("Class Action Settlement"). Dam Decl. ¶ 5. Mr. Dam's claims and any argument regarding his right to bring such claims should be adjudicated with proper notice to and opportunity to respond for all parties, not in a response to this fee application.

21  But, in an effort to show that those claims are made in good faith and not for any improper purpose, like undue delay, Mr. Dam intends to argue that the terms allegedly releasing

OBJECTION TO FIRST AND FINAL CONTINGENCY FEE
APPLICATION OF THE POTOMAC LAW GROUP PLLC
(PERKINS ADVERSARY PROCEEDING) - 3

Hanson Baker Ludlow Drumheller P.S.
2229  112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

the Debtor, the trustee, and the bankruptcy estate in the Class Action Settlement are not enforceable. Dam Decl. ¶ 6. Those reasons include, but are not limited to lack of consideration, and the fact that the Debtor and/or the trustee lack authority as a third-party beneficiary to enforce the Class Action Settlement. *Id.* at ¶ 7.

Mr. Dam is diligently seeking counsel to assist him in filing these claims. Dam Decl. ¶ 3. He anticipates filing them in the next few weeks. *Id.* If deemed appropriate, Mr. Dam proposes that the Court set a reasonable filing deadline for Mr. Dam to file those claims. This will ensure that Mr. Dam has an opportunity to advance his claims and be heard, while also ensuring that PLG's Contingency Fee Application is decided in a reasonable amount of time.

### 3. CONCLUSION

For the reasons discussed above, Mr. Dam respectfully requests that this Court reserve ruling on the Contingency Fee Application until Mr. Dam's claims related to the Settlement Proceeds are decided.

In the alternative, Mr. Dam requests that any order authorizing payment to PLG under the Contingency Fee Application include a provision that specifically provides for disgorgement of those fees upon a determination that the Settlement Proceeds were not part of the bankruptcy estate and/or upon further determination of this court. *See Lochmiller*, 178 B.R. at 251 (noting that fees paid to a professional in a bankruptcy court may be subject to disgorgement and authorizing orders to pay interim administrative fees to include terms specifying circumstances authorizing disgorgement).

OBJECTION TO FIRST AND FINAL CONTINGENCY FEE
APPLICATION OF THE POTOMAC LAW GROUP PLLC
(PERKINS ADVERSARY PROCEEDING) - 4

**HB**
Hanson Baker Ludlow Drumheller P.S.
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

4893-9798-9594.v3    16-11767-FPC7    Doc 1048    Filed 08/22/24    Entered 08/22/24 13:55:49    Pg 4 of 5

DATED this 22nd day of August, 2024.

HANSON BAKER LUDLOW DRUMHELLER P.S.

By: */s/ Lacee L. Curtis*
Douglas R. Cameron
WSBA No. 43091
dcameron@hansonbaker.com
Lacee L. Curtis
WSBA No. 49953
lcurtis@hansonbaker.com
Attorneys for Jun Dam

OBJECTION TO FIRST AND FINAL CONTINGENCY FEE APPLICATION OF THE POTOMAC LAW GROUP PLLC (PERKINS ADVERSARY PROCEEDING) - 5



**Hanson Baker Ludlow Drumheller P.S.**
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374