The Honorable Frederick P. Corbit
Chapter 11

John Winslow (*Pro Se*)

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT INC.,

Debtor

Case No. 18-03197 FPC

**OBJECTION TO ORDER AWARDING COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §330 or §331, AND APPROVING THE PAYMENT OF BANK FEES**

## MOTION

**COMES NOW** creditor John Winslow, in propria persona, to object to order awarding compensation to Potomac Law Group, PLLC.

## ARGUMENT

1) The $3,000,000 settlement award should never have gone to the bankruptcy estate in the first place, and if ultimately administered in bankruptcy court should go directly to tokenholders as a priority class and not to general creditors.

2) Despite 3 of 5 claims being deemed "derivative" to the escrow agreement between Perkins and the Giga Watt corporations, this assertion is based in part on the incorrect reasoning

that the tokenholder class are shareholders in Gigawatt (Counts I and II), and that "a claim is a general one, with no particularized injury" (Count III) when in fact the tokenholders were directly and particularly harmed by the improper release of escrowed funds which the escrow itself was intended to protect them from.

3) Despite tokenholders and miners being the largest creditor class in the case, trustee counsel Pamela Egan has consistently signaled her intention to subordinate their claims as "equity" when no such formal determination has been made. This constitutes an unjustified and unsubstantiated effort to divert funds to general creditors first and to pay administrative and legal expenses at the expense of tokenholders who are the true intended beneficiaries of the settlement award.

4) Even if the court deems the $3,000,000 settlement award to be in the domain of the bankruptcy case, because Gigawatt the debtor received the $10,800,000 improperly released escrow funds in the first place it had no adverse impact on funding operations or construction contrary to assertions that "the Debtor, not the Class, was directly harmed by the alleged malfeasance because the escrow's primary purpose— funding construction and operations—was frustrated", and that the "Perkins' ability to issue refunds was secondary to the primary purpose of funding construction and operations" whereas the main purpose of escrow is to protect the buyer in a transaction and to "... provide(s) essential protection by ensuring that the parties actually receive what they have contracted for..." per https://www.stonesalluslaw.com/how-does-business-escrow-work-in-california/ there is no justification for the estate to be recompensated for money it already received.

5) Even if the court holds the $3,000,000 class action award to be within the domain of the bankruptcy court, the requested $900,000 contingency fee was not agreed to by tokenholder creditors and therefore should be adjusted as necessary based on the actual

effort required. This may include a reduction in contingency percentage or a fee calculation based on the actual hours spent doing the work.

6) I plan to file an adversarial complaint against the bankruptcy estate requesting my share of the $3,000,000 tokenholder class action award as a tokenholder creditor and certified class member.

## **CONCLUSION**

**WHEREFORE,** upon facts and considerations of law the Court should enter an order to deny order awarding compensation until full resolution of all adversarial claims to the $3 million settlement.

DATED this 20th of August, 2024

*John T. Winslow*

John T. Winslow (*Pro Se*)
112 Weisbrook Ct.
Henderson, NV 89011
Phone: (818) 862-1257
Email: jtwinslow@live.com
Proof of Claim #: 60

# CERTIFICATE OF SERVICE

I certify that on the 20th day of August, 2024, I filed the **OBJECTION TO ORDER AWARDING COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §330 or §331, AND APPROVING THE PAYMENT OF BANK FEES** with the Clerk of the Court. I certify a true and correct copy of said Notice was sent electronically to:

Ben Ellison, on behalf of the Official Committee of Unsecured Creditors - salishsealegal@outlook.com, benaellison@gmail.com

James D Perkins on behalf of The United States Trustee - James.Perkins@usdoj.gov

Samuel Dart as attorney for Creditors' Committee of WTT Token Holders and Miners - sdart@eisenhowerlaw.com

Quentin D Batjer on behalf of Port of Douglas County - pam@dadkp.com, quentin@dadkp.com

William L Hames on behalf of Port of Douglas County - billh@hawlaw.com, mecqueh@hawlaw.com, juliem@hawlaw.com, frontdesk@hawlaw.com, carmenb@hawlaw.com, katies@hawlaw.com

David R Law on behalf of Port of Douglas County - david@dadkp.com, amy@dadkp.com

Shauna S Brennan on behalf of ECO Diversified Holdings, Inc. - sbrennan@outsidegeneralcounsel.com, admin@outsidegeneralcounsel.com

Robert H Castro on behalf of Interested Party Nathan Welling - rcastro@rcastrolaw.com, castro.ava@gmail.com

Adam C. Doupe on behalf of Interested Party Allrise Financial Group - doupe@ryanlaw.com, doupear96329@notify.bestcase.com

Gary W Dyer on behalf of US Trustee - gary.w.dyer@usdoj.gov

Pamela Marie Egan on behalf of Trustee Mark Waldron - pegan@potomaclaw.com

Scott B Henrie on behalf of Creditor Rafael Sofair - shenrie@williamskastner.com, dlevitin@williamskastner.com

Douglas A. Hofmann on behalf of Creditor Rafael Sofair - dhofmann@williamskastner.com, kmejia@williamskastner.com

Gretchen J. Hoog on behalf of Emerald City Statewide LLC - ghoog@pcslegal.com, danderson@pcslegal.com

David Kazemba on behalf of Creditor Giga Plex, LLC and MLDC1, LLC - dkazemba@overcastlaw.com, amber@overcastlaw.com, lindat@overcastlaw.com, debbie@overcastlaw.com; kazembadr92395@notify.bestcase.com

John Knox on behalf of Creditor Rafeal Sofair - jknox@williamskastner.com, rnelson@williamskastner.com

Angie Lee on behalf of Creditor Washington State Taxing Agencies - bculee@atg.wa.gov

Benjamin J McDonnell on behalf of Clever Capital, LLC, David M Carlson, Enterprise Focus, Inc. - ben@pyklawyers.com, lauren@pyklawyers.com, eboudreau@pyklawyers.com, ncross@pyklawyers.com

Kathryn R McKinley on behalf of Creditor Douglas County PUD kathryn.mckinley@painehamblen.com, ads@painehamblen.com

Danial D Pharris on behalf of Creditor NC Machinery Co. - pharris@lasher.com, lukesetich@lasher.com

Jason T Piskol on behalf of Clever Capital, LLC, David M Carlson, Enterprise Focus, Inc. - jtp@pyklawyers.com

Christopher F Ries on behalf of Creditor Neppel Electrical & Controls, LLC - diana@rieslawfirm.com, cdg@rieslawfirm.com, carrie@rieslawfirm.com

Vanessa Pierce Rollins on behalf of Clever Capital, LLC, David M Carlson - vprollins@gmail.com

Joseph A. G. Sakay on behalf of Interested Party Allrise Financial Group sakay@ryanlaw.com, docketing@ryanlaw.com

Dominique R Scalia on behalf of Attorney DBS Law
dscalia@lawdbs.com, paralegal@lawdbs.com
Tara J. Schleicher on behalf of interested party EcoChain, Inc.
tara.schleicher@foster.com, kesarah.rhine@foster.com
US Trustee
ustp.region18.sp.ecf@usdoj.gov
Mark Waldron
trustee@mwaldronlaw.com, mark@mwaldronlaw.com
Brian A. Walker on behalf of Defendant Jeffrey Field
bwalker@omwlaw.com, rgrim@omwlaw.com
Scott Weaver on behalf of Creditor Executive Flight, Inc.
weaver@carneylaw.com, fuhrmann@carneylaw.com

Date Served: 8/20/2024

Sign your name: *John T. Winslow*

Print name: John T. Winslow