1  WESTERN WASHINGTON LAW GROUP PLLC
   DENNIS J. MCGLOTHIN (28177)
2  ROBERT J. CADRANELL (41773)
   P.O. Box 468
3  Snohomish, WA  98291
   Tel: 425/728-7296, ext. 4
4  dennis@westwalaw.com
   robert@westwalaw.com
   docs@westwalaw.com
5
6  BLOOD HURST & O'REARDON, LLP
   TIMOTHY G. BLOOD (*pro hac vice*)
7  THOMAS J. O'REARDON II (*pro hac vice*)
   PAULA R. BROWN (254142)
8  501 West Broadway, Suite 1490
   San Diego, CA  92101
9  Tel: 619/338-1100
   619/338-1101 (fax)
10 tblood@bholaw.com
   toreardon@bholaw.com
   pbrown@bholaw.com

11 Attorneys for Plaintiffs

12              **UNITED STATES DISTRICT COURT**

13            **EASTERN DISTRICT OF WASHINGTON**

14 | ERIC BLOMQUIST, individually and | Case No: 2:20-cv-00464-SAB
   | on behalf of all others similarly |
15 | situated, and JUN DAM, individually, | **CLASS ACTION**
16 |            Plaintiffs, | **STIPULATION OF SETTLEMENT**
17 | v. |
18 | PERKINS COIE, LLP, a Washington |
   | limited liability partnership; |
19 | PERKINS COIE CALIFORNIA, |
   | P.C., a California corporation; |
   | PERKINS COIE U.S., P.C.; and | Chief Judge Stanley A. Bastian
20 | LOWELL NESS, individually, |
21 |            Defendants. | Complaint Filed:   December 16, 2020
   |                      | Trial Date:              Not Yet Set
22 |                      | **JURY TRIAL DEMANDED**

23

24

25                          EXHIBIT A, Page 1 of 37

26

# TABLE OF CONTENTS

**Page**

I.    RECITALS ...................................................................................... 1

II.   DEFINITIONS ................................................................................ 3

III.  CLASS CERTIFICATION AND AMENDED COMPLAINT ............... 10

    A.    Certification of the Class for Settlement Purposes ...................... 10

    B.    Filing of Amended Complaint ....................................................... 10

IV.   SETTLEMENT RELIEF ................................................................. 11

V.    ADMINISTRATION AND CLASS NOTICE ..................................... 17

    A.    Settlement Administrator ............................................................. 17

    B.    Class Notice ................................................................................ 18

    C.    Dissemination of Class Notice .................................................... 20

VI.   OBJECTIONS AND REQUESTS FOR EXCLUSION ........................ 22

    A.    Objections ................................................................................... 22

    B.    Requests for Exclusion ............................................................... 23

VII.  RELEASES and additional conditions of settlement ............................. 24

VIII. ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF SERVICE AWARD ........................................................................... 27

IX.   FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT .... 28

X.    NO ADMISSION OF LIABILITY/FOR SETTLEMENT ONLY .......... 28

XI.   TERMINATION OF THIS SETTLEMENT AGREEMENT ................. 28

XII.  ADDITIONAL PROVISIONS ......................................................... 29

EXHIBIT A, Page 2 of 37

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

203372

18-03197-FPC7    Doc 1052-1    Filed 08/27/24    Entered 08/27/24 15:11:48    Pg 2 of 37

1

## LIST OF EXHIBITS

2

3    Exhibit A                Long Form Notice

4    Exhibit B                Email Notice

5    Exhibit C                Postcard Notice

6    Exhibit D                Final Judgment and Approval Order

7    Exhibit E                Preliminary Approval Order

8    Exhibit F                Claim Form

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                          EXHIBIT A, Page 3 of 37

26

STIPULATION OF SETTLEMENT - i                **Western Washington Law Group PLLC**
                                             P.O. Box 468, Snohomish, WA  98291
                                             (425) 728-7296, ext. 4

# I.    RECITALS

A.    This Stipulation of Settlement ("Settlement Agreement") is entered into by Plaintiff on behalf of himself and the Class Members, and by Defendants Perkins Coie LLP, Perkins Coie U.S., P.C., Perkins Coie California, P.C., and Lowell Ness ("Perkins Coie" or "Defendants"). Capitalized terms used herein are defined in Section II of this Settlement Agreement or indicated in parentheses;

B.    Subject to Court approval, the Parties stipulate and agree that, in consideration for the promises and covenants set forth in the Settlement Agreement and upon entry by the Court of a Final Judgment and Approval Order, the occurrence of the Effective Date, and upon satisfaction of all conditions to this Settlement Agreement, the Action shall be settled and compromised upon the terms and conditions contained herein;

C.    WHEREAS, on December 16, 2020, Jun Dam filed a class action complaint against Perkins Coie in the United States District Court for the Eastern District of Washington Case No. 2:20-cv-00464-SAB, on behalf of himself and all other persons whose money was allegedly improperly released from the Escrow Account maintained by Perkins Coie in connection with the sale of Ethereum tokens ("Tokens"). Each Token entitled the purchaser to place one watt of computing power in cryptomining facilities maintained by Giga Watt, Inc. in Eastern Washington (the "Giga Watt Project"). The initial sale of Tokens ("Initial Token Offering") was conducted in May through July of 2017. Giga Watt, Inc. filed a bankruptcy Case No. 18-03197 FPC 11 in the Eastern District of Washington in November of 2018 ("Bankruptcy Case");

D.    WHEREAS, on November 19, 2020, Mark Waldron, as Trustee in the Bankruptcy Case ("Trustee"), filed an adversary proceeding (the "Adversary Proceeding"), No. 20-80031, against Perkins Coie LLP, one of its partners, Lowell

STIPULATION OF SETTLEMENT - 1

1    Ness, and other parties; alleging that the debtor, Giga Watt, Inc., had been

2    damaged by the improper release of money held in an escrow by Perkins Coie. On

3    September 26, 2022, the Trustee filed a First Amended Complaint which added

4    and dropped both claims and parties;

5         E.      WHEREAS, on September 26, 2021, the Bankruptcy Court ruled that

6    three of the five claims asserted in the Action were the property of the estate in the

7    Bankruptcy Case and subject to the automatic bankruptcy stay, thereby prohibiting

8    the Class from prosecuting them in this Action, and on February 23, 2022 ruled

9    that litigation of the remaining two claims were enjoined until the Bankruptcy

10    Court issued a report and recommendation to the District Court or until the

11    Adversary Proceeding was resolved;

12         F.      WHEREAS, Plaintiff appealed both orders of the Bankruptcy Court

13    to the District Court, and moved to consolidate the appeals, which motion was

14    granted;

15         G.      WHEREAS, briefing on the consolidated appeal was completed on

16    July 29, 2022;

17         H.      WHEREAS, on August 1, 2022, the appeal was stayed by the District

18    Court to permit the parties to participate in mediation with the Honorable

19    Benjamin P. Hursh;

20         I.      WHEREAS, Plaintiff and his counsel, Perkins Coie and its counsel,

21    and the Trustee and his counsel attended an all day, in-person mediation with

22    Bankruptcy Judge Hursh on January 20, 2023, prior to which the mediating parties

23    exchanged significant amounts of information, exchanged mediation briefs

24    outlining their positions and each spoke privately with Judge Hursh as well as with

25    each other on numerous occasions; and following the in-person mediation

26    continued to work with Judge Hursh for several months and also further

EXHIBIT A, Page 5 of 37

STIPULATION OF SETTLEMENT - 2

1   communicated among themselves in an effort to resolve the Action, eventually

2   resulting in settlement between Perkins and the Trustee of the Adversary

3   Proceeding, and between Perkins and the Class in this Action;

4        J.    WHEREAS, in September 2023, Plaintiff Eric Blomquist filed a First

5   Amended Complaint in the Action;

6        K.    WHEREAS, Class Counsel have determined that a settlement of the

7   Action on the terms reflected in this Settlement Agreement is fair, reasonable,

8   adequate, and in the best interests of the Class; and

9        L.    WHEREAS, Perkins Coie, to avoid costs, disruption, and distraction

10  of further litigation, and without admitting the truth of any allegations made in the

11  Action, or any liability with respect thereto, has concluded that it is desirable that

12  the claims against it be settled and dismissed on the terms in this Settlement

13  Agreement.

14       NOW, THEREFORE, this Settlement Agreement is entered into by and

15  among the Parties, by and through their respective counsel and representatives,

16  and the Parties agree that: (1) upon the Effective Date, the Action and all Released

17  Claims shall be fully, finally, and forever settled and compromised as between

18  Plaintiff and the Class on the one hand, and Perkins Coie on the other hand; and

19  (2) upon final approval of the Settlement Agreement, the Final Judgment and

20  Approval Order, shall be entered dismissing the Action with prejudice and

21  releasing all Released Claims against the Released Parties

22  **II.    DEFINITIONS**

23       A.    As used in this Settlement Agreement and the attached exhibits the

24  following terms shall have the meanings set forth below:

25       1.    "Action" means *Dam v. Perkins Coie LLP, et al*, Case No.

26  2:20-cv-00464-SAB (E.D. Wash.).

EXHIBIT A, Page 6 of 37

1    2.    "Attorneys' Fees and Expenses" means such funds as may be

2    awarded by the Court to compensate Plaintiff's Counsel for work performed in

3    this matter and to reimburse Plaintiff's Counsel for their out-of-pocket costs and

4    expenses incurred in litigation of the Action, as set forth in Section VIII.

5    3.    "Bankruptcy Court" means the United States Bankruptcy

6    Court of the Eastern District of Washington, the Honorable Frederick P. Corbit

7    presiding, in the bankruptcy matter captioned *In re: Giga Watt, Inc.*, Case No. 18-

8    03197-FPC (E.D. Wash.) and all related adversary actions in the Bankruptcy

9    Court.

10    4.    "Cash Payment" means the settlement payment, either by

11    check or electronic transfer, made to Class Members as set forth in Section IV.1.

12    5.    "Claim" means the form and information submitted by a

13    Claimant to the Settlement Administrator.

14    6.    "Claimant" means a person or entity who submits a Claim

15    Form to receive a Cash Payment.

16    7.    "Claim Form" means the document and certain information to

17    be submitted by a Claimant substantially in the form of Exhibit F, and as discussed

18    in Section IV.4.

19    8.    "Claim Deadline" means the date by which Claim Forms must

20    be postmarked or submitted online to the Settlement Administrator to be

21    considered timely. Subject to approval by the Court, the Claim Deadline will be

22    45 days after the Settlement Administrator completes dissemination of the Class

23    Notice (excepting any re-mailings of the Class Notice).

24    9.    "Class" or "Class Member" means all persons or entities who

25    owned one or more Tokens on November 19, 2018. Excluded from the Class are:

26    (i) jurists and mediators who are or have presided over the Action, Plaintiff's

EXHIBIT A, Page 7 of 37

STIPULATION OF SETTLEMENT - 4

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

Counsel and Defendants' Counsel, their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; (ii) Defendants and any of their subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; (iii) GigaWatt Pte., Ltd., Cryptonomos Pte. Ltd., and Giga Watt Inc. and any of these entities' subsidiaries, parents, affiliates, and officers, directors, employees, partners, agents, legal representatives, heirs, successors, or assigns, or any members of their immediate families; and (iv) any persons or entities who timely and properly exclude themselves from the Class.

10.    "Class Counsel" means Timothy G. Blood and Thomas J. O'Reardon II of Blood Hurst & O'Reardon, LLP.

11.    "Class Notice" means, collectively, the Long-form Class Notice, Email Notice and Postcard Notice (substantially in the forms of Exhibits A–C), and publication notice as discussed in Section V.C.1-3.

12.    "Class Notice Program" means the dissemination of Class Notice as described in Section V.B.

13.    "Class Representative" or "Plaintiff" means Eric Blomquist.

14.    "Common Fund" means a non-reversionary cash fund in the amount of four and one-half million dollars ($4,500,000) which is to be distributed in the following order: to compensate Plaintiff's Counsel their fees and expenses as awarded by the Court; to pay the Settlement Administrator for notice and settlement administration costs; to pay the Class Representative service award as awarded by the Court; to provide the Cash Payments to Class Members; and if applicable, to the Cy Pres Recipient.

EXHIBIT A, Page 8 of 37

00203372    STIPULATION OF SETTLEMENT - 5    Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

18-03197-FPC7    Doc 1052-1    Filed 08/27/24    Entered 08/27/24 15:11:48    Pg 8 of 37

15.     "Court" or "District Court" means the United States District Court for the Eastern District of Washington, the Honorable Stanley A. Bastian presiding.

16.     "Cy Pres Recipient" means the non-profit public policy organization Blockchain Association that, subject to approval by the Court, will receive any funds remaining after all Class Member distributions have been made.

17.     "Defendants" or "Perkins Coie" means Perkins Coie LLP, Perkins Coie U.S., P.C., Perkins Coie California, P.C., and Lowell Ness.

18.     "Defendants' Counsel" or "Perkins Coie's Counsel" means Byrnes Keller Cromwell LLP and Munding, P.S.

19.     "Direct Notice" means distribution of Class Notice by e-mail (if an e-mail address is available) or if not, by first class mail through the United States Postal Service to Class Members as identified in the records of the Bankruptcy Court, Perkins Coie, or by other reasonable means.

20.     "Effective Date" means the later in time of: (a) the date on which the time to appeal has expired if no appeal has been taken from entry of the Final Judgment and Approval Order; (b) in the event that an appeal or other effort to obtain review of the Final Judgment and Approval Order has been initiated, the date after which all such appeals or other requests for review have been finally concluded on terms that fully affirm approval of this Settlement Agreement and are no longer subject to further appeal; (c) the date on which the time to appeal has expired if no appeal has been taken from entry of an order of the Bankruptcy Court approving the settlement of the Adversary Proceeding; (d) in the event that an appeal or other effort to obtain review of the Order described in subparagraph (c) hereof has been initiated, the date after which all such appeals or other requests for review have been finally concluded on terms that fully affirm approval of the

00203372
STIPULATION OF SETTLEMENT - 6
Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4
18-03197-FPC7    Doc 1052-1    Filed 08/27/24    Entered 08/27/24 15:11:48    Pg 9 of 37

1   settlement of the Adversary Proceeding and are no longer subject to further appeal;

2   (e) the date on which all other conditions to the settlement have been met including

3   those listed in Section VII.G and H; or (f) if Class Counsel and Perkins Coie agree

4   in writing, any other agreed date that is earlier than the Effective Date as calculated

5   according to the subparagraphs above; provided that the Effective Date may not

6   be modified unless all conditions to settlement of the Adversary Proceeding have

7   been met.

8          21.   "Escrow Account" means that IOLTA account maintained by

9   Perkins Coie in which Token purchase funds from the Initial Token Offering were

10   deposited to be held until certain conditions were met.

11          22.   "Final Approval Hearing" means the hearing to be conducted

12   by the Court on such date as the Court may order to determine the fairness,

13   adequacy, and reasonableness of the Settlement Agreement.

14          23.   "Final Judgment and Approval Order" means, collectively, the

15   Final Judgment and Final Order Approving Settlement to be entered by the Court

16   approving this Settlement Agreement as fair, adequate, and reasonable, confirming

17   the certification of the Class, and issuing such other findings and determinations

18   as the Court and/or the Parties deem necessary and appropriate to implement the

19   Settlement Agreement. The Final Judgment and Approval Order shall be

20   substantially in the form of Exhibit D.

21          24.   "Giga Watt Estate" means the estate of Giga Watt, Inc. in the

22   Bankruptcy Case.

23          25.   "Long-form Class Notice" means the legal notice of the terms

24   of the proposed Settlement, as approved by the Court, to be distributed according

25   to the Class Notice Program. The Long-form Class Notice shall be substantially in

26   the form of Exhibit A.

EXHIBIT A, Page 10 of 37

26.    "Net Fund" means the amount remaining in the Common Fund after payment of Attorneys' Fees and Expenses, a Class Representative Service Award, and Notice and Claim Administration Expenses.

27.    "Notice and Claim Administration Expenses" means costs and expenses incurred by the Settlement Administrator, including all notice expenses, the costs of administering the Class Notice Program, and the costs of processing and distributing all the Cash Payment to Class Members.

28.    "Notice Date" means the date by which the Settlement Administrator shall complete dissemination of the Class Notice (excepting the re-mailing or forwarding of the Class Notice), which shall be within thirty days from the Preliminary Approval Order, unless the Parties agree to a different date, subject to Court approval.

29.    "Objection Date" means the date by which Class Members must file and serve objections to the Settlement Agreement and shall be no later than twenty-one days before the date first set for the Final Approval Hearing.

30.    "Opt-Out Date" means the date by which a Request for Exclusion must be received by the Settlement Administrator and shall be no later than twenty-one days before the date first set for the Final Approval Hearing. A Request for Exclusion electronically submitted via the Settlement Website will be deemed received on the date of electronic submission.

31.    "Parties" means the Plaintiff and Defendants in this Action.

32.    "Plaintiff" means the proposed Class Representative Eric Blomquist.

33.    "Plaintiff's Counsel" means Blood Hurst & O'Reardon, LLP and Western Washington Law Group PLLC.

EXHIBIT A, Page 11 of 37

34.    "Preliminary Approval Order" means the order to be entered by the Court conditionally certifying the Class, preliminarily approving the Settlement Agreement, setting the date of the Final Approval Hearing, appointing Class Counsel for the Settlement Class, approving the Class Notice Program and forms of Class Notice, and setting the Opt-Out Date, Objection Date, and Notice Date, the proposed form of which is attached as Exhibit E.

35.    "Released Claims" means any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Parties, including damages, costs, expenses, penalties, equitable relief, injunctions, and attorneys' fees, known or unknown, suspected or unsuspected, in law or in equity, that arise from or relate to the facts giving rise to this Action.

36.    "Released Party" or "Released Parties" means Defendants and their parents, subsidiaries, divisions, departments, and affiliates, and any and all of Defendants' past and present officers, directors, employees, stockholders, agents, successors, attorneys, insurers, representatives, and assigns; the Giga Watt Estate, Mark D. Waldron as Chapter 7 Trustee of the Giga Watt Estate, and agents and attorneys of the Giga Watt Estate.

37.    "Releasing Party" means Plaintiff and each and every Class Member.

38.    "Request for Exclusion" means the communication that must be submitted to and received by the Settlement Administrator on or before the Opt-Out Date by a Class Member who wishes to be excluded from the Settlement Class.

39.    "Settlement Administrator" means Epiq Class Action & Claims Solutions, Inc., the entity retained by the Parties and approved by the Court to design, consult on, and implement the Class Notice Program, to administer and

EXHIBIT A, Page 12 of 37

STIPULATION OF SETTLEMENT - 9

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

00203372

18-03197-FPC7    Doc 1052-1    Filed 08/27/24    Entered 08/27/24 15:11:48    Pg 12 of 37

1  send the settlement benefits to Class Members, and perform overall administrative

2  functions.

3        40.    "Settlement Website" means the Internet website to be created

4  and maintained for this settlement by the Settlement Administrator to provide

5  information to the public and the Class about this Settlement Agreement.

6        B.    Capitalized terms used in this Settlement Agreement, but not defined

7  in Section II, shall have the meanings ascribed to them elsewhere in this Settlement

8  Agreement.

9  **III.   CLASS CERTIFICATION AND AMENDED COMPLAINT**

10       **A.    Certification of the Class for Settlement Purposes**

11       As part of the motion for preliminary approval of the Settlement Agreement,

12  Plaintiff will seek preliminary certification of the Class. Defendants consent,

13  solely for purposes of settlement, to the certification of the Class, to the

14  appointment of Class Counsel, and to the approval of Plaintiff as suitable

15  representative of the Class; provided, however, that if the Court fails to approve

16  this Settlement Agreement or the Settlement Agreement otherwise fails to be

17  consummated, then Defendants shall retain all rights they had, including but not

18  limited to, the right to object to the maintenance of the Action as a class action.

19       **B.    Filing of Amended Complaint**

20       Plaintiff shall file a First Amended Class Action Complaint, which is

21  reasonably acceptable to Defendants, pursuant to Federal Rule of Civil Procedure

22  15(a)(2). The Amended Complaint will contain a class definition to conform to

23  this Settlement Agreement, include Eric Blomquist as the named Plaintiff and

24  proposed Class Representative, and include any other changes necessary to

25  conform to the terms of this Settlement Agreement.

EXHIBIT A, Page 13 of 37

26

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

00203372

## IV.    SETTLEMENT RELIEF

1.    Class Members who submit a timely, valid Claim Form will be entitled to a Cash Payment. The Cash Payment to each Class Member will be a *pro rata* share of the Net Fund, calculated using a fraction, where the number of Tokens owned by the respective Class Members on November 19, 2018, is divided by the total number of Tokens owned by all Class Members who submit Claim Forms which are allowed by the Settlement Administrator.

2.    The Cash Payment amount each Class Member is entitled to will be calculated by the Settlement Administrator in accordance with the Plan of Allocation described in the Long-form Class Notice attached hereto as Exhibit A, or such other plan of allocation approved by the Court.

3.    Release of the Common Fund and Distribution of Settlement Relief.

a.    Within fifteen business days of the Effective Date, Perkins Coie shall cause the Common Fund to be funded by paying the sum of $4,500,000 (minus amounts, if any, previously paid by Perkins Coie to the Settlement Administrator under Section IV.3.b, *infra*) to the Settlement Administrator. Payment will be made via wire transfer to the following instructions: Western Alliance Bank, Account Name: Gigawatt Settlement Fund, Routing No. 122105980, Account No. 8943150407 ("Settlement Account"). The Settlement Account will be created and administered by the Settlement Administrator in conformance with the terms of this Settlement Agreement. The Settlement Account shall be held in a Qualified Settlement Fund (defined below) that is established for this settlement.

b.    To reimburse the Settlement Administrator for costs and fees incurred before the Common Fund is fully funded pursuant to Section IV.3.a., Perkins Coie shall advance to the Settlement Administrator the amount of fees and

EXHIBIT A, Page 14 of 37

00203372

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

18-03197-FPC7    Doc 1052-1    Filed 08/27/24    Entered 08/27/24 15:11:48    Pg 14 of 37

1   costs it reasonably incurs before the Effective Date in an amount not to exceed

2   $45,000.00. Such amounts shall be paid, up to the specified cap, in the ordinary

3   course of business after receipts of invoices by Defendants' Counsel showing the

4   Settlement Administrator's incurrence of reimbursable costs. The amounts so paid

5   shall be credited against the $4,500,000 amount which Perkins Coie is to pay into

6   the Common Fund pursuant to Section IV.3.a. In the event the Effective Date does

7   not occur, Perkins Coie shall not be reimbursed the amount advanced to the

8   Settlement Administrator pursuant to this paragraph.

9           c.      The Settlement Administrator shall invest the Common Fund

10  amount in interest-bearing short-term instruments or accounts that are backed by

11  the full faith and credit of the United States Government or fully insured by the

12  United States Government or an agency thereof (the "Instruments"). Interest

13  earned on money in the Settlement Account, less any taxes owed thereon (if any),

14  will be added to the Common Fund for the benefit of the Class. Notwithstanding

15  the foregoing, that portion of the Common Fund that the Settlement Administrator

16  reasonably estimates needs to be available on a liquid basis to pay on-going costs

17  of settlement administration or to be distributed to the Class, as provided in this

18  Settlement Agreement, may be placed in one or more insured accounts that may

19  be non-interest-bearing. Except as otherwise specified herein, the Instruments at

20  all times will remain in the Settlement Account and under the control of the

21  Settlement Administrator. The Settlement Administrator shall not disburse the

22  Common Fund except: (i) as provided in this Settlement Agreement; (ii) by an

23  order of the Court; or (iii) with the written agreement of Class Counsel and

24  Defendants' Counsel. All costs and risks related to the investment of the Common

25  Fund in accordance with the investment guidelines set forth in this paragraph shall

26  be borne by the Common Fund. Subject to further order(s) or directions as may be

EXHIBIT A, Page 15 of 37

00203372

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

1   made by the Court, or as provided in the Settlement Agreement, the Settlement

2   Administrator is authorized to execute such transactions as are consistent with the

3   terms of the Settlement Agreement. All funds held by the Settlement Administrator

4   shall be deemed and considered to be in *custodia legis* of the Court, and shall

5   remain subject to the jurisdiction of the Court, until such time as such funds shall

6   be distributed pursuant to the Settlement Agreement or pursuant to further order(s)

7   of the Court. In the event that the settlement cannot be concluded for any reason,

8   the Common Fund shall be returned to Perkins Coie. Except as otherwise specified

9   herein, the Instruments at all times will remain in the Settlement Account and

10  under the control of the Settlement Administrator.

11          d.      The Parties agree that the Common Fund is intended to be a

12  "qualified settlement fund" ("Qualified Settlement Fund") within the meaning of

13  Treasury Regulation § 1.468B-1 and that the Settlement Administrator shall be

14  responsible for filing any required tax returns for and paying from the Common

15  Fund any taxes owed with respect to the Common Fund. The Parties agree that the

16  Common Fund shall be treated as a "qualified settlement fund" from the earliest

17  date possible, and agree to any relation-back election required to treat the Common

18  Fund as a "qualified settlement fund" from the earliest date possible. Any and all

19  taxes shall be paid out of the Common Fund, shall, to the extent possible, be paid

20  out of the interest earned on the Common Fund, be considered to be a cost of

21  administration of the Settlement, and be timely paid by the Settlement

22  Administrator without prior order of the Court. The Settlement Administrator will

23  send Class Counsel copies of all such filings and receipts of payment in a timely

24  manner.

25          e.      The Common Fund shall be distributed in the following order:

26  to pay the Attorneys' Fees and Expenses approved by the Court; to pay the fees

STIPULATION OF SETTLEMENT - 13

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

and costs of the Settlement Administrator; and to pay the Class Representative Service Award approved by the Court. The amount remaining after these payments is the Net Fund.

f.        Within fourteen days of receipt by the Settlement Administrator, the Net Fund will be distributed to Class Members who submitted timely Claims approved as valid. By default, the Settlement Administrator will provide Cash Payments through physical checks to each Class Member. Class Members receiving their Cash Payment by check will have 90 days from the issue date on the check to cash or deposit the check. Class Members may change the default method by which they receive their Cash Payment by electing to instead receive the amount by means of an electric transfer of funds ("Electronic Transfer"). The Electronic Transfer payment options will be stated in the Claim Form and on the Settlement Website. The Settlement Website will provide a secure means by which Class Members may furnish the payment information necessary for the Settlement Administrator to provide the Cash Payment through Electronic Transfer. Class Members who elect to receive an Electronic Transfer in their Claim Form or on the Settlement Website but fail to provide sufficient or correct information to permit such payment shall be sent their Cash Payment through physical check.

g.        The Common Fund is not a reversionary fund and Perkins Coie will not have any reversionary interest in the Common Fund or Net Fund. In the event any portion of the Net Fund is not distributed to Class Members after all reasonable efforts are made as described in Sections IV.4 and V.C, and after waiting for ninety days from the date the last check or Electronic Transfer is issued, including any check or Electronic Transfer that has been re-issued, the remaining balance, including any funds from failed Electronic Transfers, shall be

EXHIBIT A, Page 17 of 37

STIPULATION OF SETTLEMENT - 14

00203372

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

18-03197-FPC7    Doc 1052-1    Filed 08/27/24    Entered 08/27/24 15:11:48    Pg 17 of 37

1   redistributed pro rata to Class Members who negotiated the checks or accepted an

2   Electronic Transfer in the initial distribution.

3          h.      If after the initial distribution or redistribution the amount

4   remaining in the Net Fund is *de minimis* such that further distribution to Class

5   Members would not be economically feasible, the remainder of the Net Fund will

6   be donated to the Cy Pres Recipient as may approved by the Court.

7          4.      Claim Form Submission

8          a.      Class Members must timely complete and submit a Claim

9   Form, attached hereto as Exhibit F, to receive a Cash Payment. The Claim Form

10  will require information to confirm the Claimant is a Class Member, confirm the

11  number of Tokens owned and for which the Claimant is entitled to a Cash

12  Payment, the electronic wallet in which the Tokens were held, provide contact

13  information, and such other information as may be relevant to efficiently and fairly

14  process claims.

15         b.      Claimants will have forty-five calendar days from the date of

16  mailing of their Class Notice or email transmission of their Class Notice to return

17  completed Claim Forms to the Settlement Administrator. Claim Forms may be

18  returned by U.S. mail or any other regularly maintained mail delivery service or

19  submitted online on the Settlement Website.

20         c.      The Settlement Administrator will take all adequate and

21  customary steps to determine if Claimants are entitled to a Cash Payment and the

22  amount thereof based on the information provided by Claimants, and any other

23  information obtained by the Settlement Administrator, including information

24  provided by Class Counsel or Perkins Coie. Among other things, the Settlement

25  Administrator will consider the completeness of the information provided by the

26  Claimant, whether the information can be verified and whether there is any

EXHIBIT A, Page 18 of 37

00203372                                          **Western Washington Law Group PLLC**
                                                    P.O. Box 468, Snohomish, WA  98291
                                                    (425) 728-7296, ext. 4

1  information that contradicts the information submitted by the Claimant. Perkins

2  Coie will provide all information it can reasonably obtain regarding Claimants at

3  the request of the Settlement Administrator. Prior to the rejection of a Claim, the

4  Settlement Administrator shall take reasonable steps to communicate with the

5  Class Member in an effort to remedy any curable deficiencies in the Claim Form.

6  Following any effort to resolve the curable deficiencies, the Settlement

7  Administrator shall promptly notify all Claimants whose Claims the Settlement

8  Administrator proposes to reject, in whole or in part, and provide its reasons.

9        d.   If a Claimant disputes the determination made by the

10  Settlement Administrator, the Claimant may appeal the decision by providing

11  written notice to the Settlement Administrator within 20 days of the date

12  notification was sent informing the Claimant of the rejection (in whole or in part).

13  Written notice appealing the decision may be made by U.S. mail or by completing

14  and submitting an appeal form on the Settlement Website. The Settlement

15  Administrator shall notify Class Counsel and Defendants' Counsel of any disputes

16  regarding the rejection of a Claim. Class Counsel and Defendants' Counsel may

17  review any Claims rejected by the Settlement Administrator. If Class Counsel and

18  Defendants' Counsel agree that a Claim was improperly rejected, the Claim shall

19  be deemed valid and paid. If Class Counsel and Defendants' Counsel do not agree

20  as to whether a Claim was improperly rejected, the Settlement Administrator's

21  determination of Claimants' eligibility to receive Cash Payments and the amount

22  thereof is final and may not be contested by the Claimant.

23

24

25                      EXHIBIT A, Page 19 of 37

26

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

00203372

## V.    ADMINISTRATION AND CLASS NOTICE

### A.    Settlement Administrator

1.    Subject to Court approval, the Parties shall retain Epiq Class Action & Claim Solutions, Inc. as Settlement Administrator to help implement the terms of the Settlement Agreement.

2.    The Settlement Administrator will be tasked with the administration of this Settlement Agreement, as set forth herein. Those responsibilities include, but are not limited to (1) arranging for dissemination of the Direct Notice and publication notice, (2) mailing or arranging for the mailing, emailing or other distribution of the Class Notice and the settlement relief to Class Members, (3) handling returned mail and email not delivered to Class Members, (4) making any additional mailings required under the terms of this Settlement Agreement, (5) answering written inquiries from Class Members and/or forwarding such inquiries to Class Counsel or their designee, (6) receiving and maintaining on behalf of the Court and the Parties any Class Member correspondence and Requests for Exclusion from the Settlement, (7) establishing the Settlement Website that posts the operative complaint, Settlement Agreement, the Class Notice, and other related documents, (8) sending and reviewing Claim Forms, (9) distributing the Common Fund according to the terms of this Settlement Agreement, and (10) otherwise assisting with administration of the Settlement Agreement.

3.    The contract with the Settlement Administrator shall obligate the Settlement Administrator to abide by the following performance standards:

a.    The Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to

EXHIBIT A, Page 20 of 37

00203372

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

18-03197-FPC7    Doc 1052-1    Filed 08/27/24    Entered 08/27/24 15:11:48    Pg 20 of 37

1   accurately and objectively describe, the provisions of this Settlement Agreement

2   in communications with Class Members; and

3               b.      The Settlement Administrator shall provide prompt,

4   accurate and objective responses to inquiries from Class Counsel or their designee,

5   Perkins Coie and/or Perkins Coie's Counsel.

6       **B.      Class Notice**

7               1.      Class Notice: The Class Notice forms will include a Long-form

8   Class Notice, Email Notice, and Postcard Notice.

9               2.      The Long-form Class Notice, available on the Settlement

10  Website and to be sent to Class Members at their request, shall be in substantially

11  the form of Exhibit A. At a minimum, the Long-form Class Notice shall:

12              a.      include a short, plain statement of the background of the

13  Action and the proposed Settlement Agreement;

14              b.      describe the proposed settlement relief as set forth in this

15  Settlement Agreement;

16              c.      inform Class Members that, if they do not exclude

17  themselves from the Settlement Class, they may be eligible to receive relief;

18              d.      describe the procedures for participating in the

19  Settlement, including all applicable deadlines, and advise Class Members they

20  may be asked to submit a Claim Form to determine their eligibility to receive a

21  Cash Payment and/or the amount thereof, and that they may elect to receive Cash

22  Payment by Electronic Transfer and inform Class Members how to provide the

23  information necessary for Electronic Transfer, including the deadline for doing so;

24              e.      describe the Release;

25              f.      state that any Cash Payment is contingent on the Court's

26  final approval of the Settlement Agreement;

EXHIBIT A, Page 21 of 37

00203372

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

1          g.     state the identity of Class Counsel and the amount

2    sought in attorneys' fees and expenses and the Class Representative service award;

3          h.     explain the procedures for opting out of the Class

4    including the applicable deadline for opting out;

5          i.     explain the procedures for objecting to the Settlement

6    Agreement including the applicable deadline; and

7          j.     explain that any judgment or orders entered in the

8    Action, whether favorable or unfavorable to the Class shall include and be binding

9    on all Class Members who have not been excluded, even if they have objected to

10    the proposed Settlement Agreement and even if they have another claim, lawsuit,

11    or proceeding pending against Defendants or the Released Parties.

12          3.    Email Notice and Postcard Notice: The Email Notice and

13    Postcard Notice shall be in substantially the form of Exhibits B and C, and shall

14    include the web address of the Settlement Website, a description of the Class, a

15    description of relief available to the Class, and an explanation of the right to object

16    and/or opt-out of the Class and the deadlines to exercise these rights.

17          4.    Publication Notice: In addition to the above forms of notice to

18    the Class, notice of the proposed settlement shall be published for 31 days in

19    Reddit, Twitter and Telegram with publication enhanced by press releases and

20    sponsored search listings in Google, Yahoo! and Bing.

21          5.    Website Notice: The Settlement Website shall be created and

22    maintained by the Settlement Administrator. The Settlement Website shall be

23    activated no later than the Notice Date and shall remain active until sixty (60) days

24    after the settlement benefits are distributed to Claimants. The URL of the

25    Settlement Website will be "www.GigaWattTokenSettlement.com." The

26    Settlement Administrator shall post the Long-form Class Notice, a copy of this

EXHIBIT A, Page 22 of 37

1   Settlement Agreement and its Exhibits, the Preliminary Approval Motion, the

2   Preliminary Approval Order, the operative complaint, the Motion for Final

3   Approval and Motion for Attorneys' Fees and Expenses, the Final Judgment and

4   Approval Order, Settlement-related deadlines, Electronic Transfer payment

5   option information, and any other materials or information the Parties agree to

6   include on the Settlement Website. These documents shall be available on the

7   Settlement Website for as long as the Settlement Website is active.

8         6.   Class Action Fairness Act Notice: Perkins Coie shall work with

9   the Settlement Administrator to comply with all notice requirements imposed by

10   28 U.S.C. § 1715(b) ("CAFA Notice"). Perkins Coie shall be responsible for

11   paying CAFA Notice costs, if any; CAFA Notice costs will not be paid from the

12   Common Fund.

13        **C.**   **Dissemination of Class Notice**

14         1.   Direct Notice: The Email Notice or Postcard Notice (as

15   applicable), shall be sent via email, or for those Class Members for whom an email

16   address is not available, but a physical address is available, then via the United

17   States Postal Service, to every Class Member who can be identified in the records

18   of (1) Perkins Coie, (2) the Giga Watt Estate, or (3) otherwise. Perkins Coie shall

19   provide the Settlement Administrator with any of the aforementioned Class

20   Member contact information it possesses. Direct Notice will be sent on the Notice

21   Date. Prior to the Notice Date, the Settlement Administrator shall employ its

22   regular data processing and data cleaning procedures on the records

23   (names/addresses) for the Direct Notice. The Settlement Administrator shall

24   design the Direct Notice (for both delivery by U.S. mail and by email) in such a

25   manner as to enhance the likelihood that it will be opened or viewed by the Class

EXHIBIT A, Page 23 of 37

26   Member. After posting of the Postcard Notice by the Settlement Administrator

00203372

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

with the United States Postal Service, for any such mailed notices returned as undeliverable, the Settlement Administrator shall utilize the National Change of Address registry in an attempt to obtain better addresses for such returned mail notices, and should that registry show a more current address, the Settlement Administrator shall send the returned Postcard Notice to the more current address. The Settlement Administrator will promptly resend any Postcard Notice that is returned as undeliverable with a forwarding U.S. mail or email address to such forwarding address.

2.     No later than the Notice Date, the Settlement Administrator shall cause to be published notice of the proposed settlement in the publications listed above and with the enhancements identified above. The publication notice will run for 31 days and will direct viewers to the Settlement Website to read the Long-form Class Notice, submit a Claim Form, and obtain additional information about the proposed settlement.

3.     Website Notice: No later than the Notice Date, the Settlement Administrator will post the Long-form Class Notice and Claim Form on the Settlement Website, and shall post the additional documents and information discussed in Section V.B.4 above as they become available. Such documents and information may also be posted on Class Counsel's website and Plaintiff's Counsel's websites at their option.

4.     Upon Request: The Long-form Class Notice and Claim Form shall also be sent via electronic mail or regular mail to Class Members who so request. The Class Notice and Claim Form will be disseminated, and these documents and others will be posted on the Settlement Website in English.

EXHIBIT A, Page 24 of 37

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

00203372

1    **VI.    OBJECTIONS AND REQUESTS FOR EXCLUSION**

2    **A.    Objections**

3              1.    Any Class Member who intends to object to the fairness of the

4    Settlement Agreement must do so in writing no later than the Objection Date. The

5    written objection must be filed with the Court and served on Class Counsel and

6    Defendants' Counsel no later than the Objection Date. The written objection must

7    include: (a) a heading which refers to the Action; (b) the objector's name, address,

8    telephone number and, if represented by counsel, the name, address, and telephone

9    number of his/her counsel; (c) a statement that the objector is a Class Member, the

10   number of Tokens owned on November 19, 2018, and an identification of the

11   wallet in which the Tokens were held; (d) a statement whether the objector intends

12   to appear at the Final Approval Hearing, either in person or through counsel; (e) a

13   statement of the objection and the specific grounds supporting the objection; (f) a

14   statement whether the objection applies only to the objector, to a specific subset

15   of the class, or to the entire class; (g) copies of any papers, briefs, or other

16   documents upon which the objection is based; and (h) the objector's handwritten,

17   dated signature (the signature of objector's counsel, an electronic signature, and

18   the annotation "/s" or similar annotation will not suffice).

19             2.    Any Class Member who files and serves a written objection, as

20   described above, may appear at the Final Approval Hearing, either in person or

21   through counsel hired at the Class Member's expense, to object to any aspect of

22   the fairness, reasonableness, or adequacy of this Settlement Agreement. Class

23   Members or their attorneys who intend to make an appearance at the Final

24   Approval Hearing must serve a notice of intention to appear on Class Counsel and

25   Defendants' Counsel, and file the notice of appearance with the Court, no later

26

EXHIBIT A, Page 25 of 37

STIPULATION OF SETTLEMENT - 22
00203372
**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4
18-03197-FPC7    Doc 1052-1    Filed 08/27/24    Entered 08/27/24 15:11:48    Pg 25 of 37

1    than seven (7) days before the Final Approval Hearing, or as the Court may

2    otherwise direct.

3            3.     Any Class Member who fails to substantially comply with the

4    provisions of Sections VI.A.1-2 above shall waive and forfeit any and all rights he

5    or she may have to appear separately and/or to object and shall be bound by all of

6    the terms of this Settlement Agreement and by all proceedings, orders and

7    judgments, including, but not limited to, the Release, in the Action.

8          **B.**    **Requests for Exclusion**

9            1.     Any member of the Class may request to be excluded from the

10    Class. A Class Member who wishes to opt out of the Class must do so no later than

11    the Opt-Out Date. To opt out, a Class Member may mail to the Settlement

12    Administrator a written Request for Exclusion that is received no later than the

13    Opt-Out Date. A Request for Exclusion may also be electronically submitted at

14    the Settlement Website by the Opt-Out Date. Exclusion requests submitted at the

15    Settlement Website will be deemed received on the date of electronic submission.

16    The Request for Exclusion must be personally signed by the Class Member and

17    contain a statement that indicates a desire to be excluded from the Class, states the

18    number of Tokens owned on November 19, 2018, and identifies the wallet in

19    which the Tokens were held. No person may opt out of the Class for any other

20    person or be opted-out by any other person, and no Class Member shall be deemed

21    opted-out of the Class through any purported "mass" or "class" opt-outs.

22            2.     Any Class Member who does not submit a timely, written

23    Request for Exclusion shall be bound by all subsequent proceedings, orders and

24    the Final Judgment and Approval Order in this Action, even if he or she has

25    pending, or subsequently initiates, litigation, arbitration, or any other proceeding

26    against any or all of the Defendants relating to the Released Claims.

EXHIBIT A, Page 26 of 37

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

00203372

3.      Any Class Member who properly requests to be excluded from the Class shall not: (a) be bound by any orders or judgments entered in the Action relating to the Settlement Agreement; (b) be entitled to a Cash Payment or be affected by, the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement.

4.      The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with a final list of all timely Requests for Exclusion within three days after the Opt-Out Date and shall file the final list of all timely Requests for Exclusion prior to or at the Final Approval Hearing.

5.      If Class Members collectively owning more than the agreed number of Tokens submit timely valid requests for exclusion, Perkins Coie shall have the unilateral and exclusive option, in its sole discretion, to terminate the Settlement Agreement. This option must be exercised within 30 days of the Opt-Out Date or within seven days before the Final Approval Hearing, whichever occurs first. The agreed number of Tokens for purposes of this provision is set forth in a separate agreement between Perkins Coie and Plaintiff and will be provided to the Court for good cause and if so, ordered by the Court.

## VII.   RELEASES AND ADDITIONAL CONDITIONS OF SETTLEMENT

A.      Upon the Effective Date, each and every Releasing Party shall by order of this Court be deemed to have released, waived, forfeited and shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum.

B.      In addition, with respect to the Released Claims, Plaintiff specifically acknowledges and affirmatively waives any rights or benefits available to him

EXHIBIT A, Page 27 of 37

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

00203372

under California Civil Code section 1542. California Civil Code section 1542 provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff hereby waives any and all federal and state statutes similar in substance, meaning or application to California Civil Code section 1542.

C.     In consideration for the Agreement, Defendants and their parents, subsidiaries, divisions, departments, and affiliates, and any and all of its past and present officers, directors, employees, stockholders, agents, successors, attorneys, insurers, representatives, licensees, licensors, subrogees, and assigns shall be deemed to have, and by operation of the Final Judgment and Approval Order shall have, released Plaintiff's Counsel and Plaintiff from any and all causes of action that were or could have been asserted pertaining solely to the conduct in filing and prosecuting the litigation or in settling the Action.

D.     No Class Member shall have any claim against Plaintiff, Plaintiff's Counsel, Defendants, Defendants' Counsel, or the Settlement Administrator based on distributions of the settlement relief made substantially in accordance with the Settlement Agreement and the Plan of Allocation.

E.     In any proceeding, matter or dispute between Perkins, Plaintiff and/or the Class Members, the Court shall retain exclusive and continuing venue and jurisdiction over the Parties and the Class Members to interpret and enforce the terms, conditions, and obligations under the Settlement Agreement and any such disputes shall be brought in this Court.

EXHIBIT A, Page 28 of 37

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

F.     The Plaintiff, Perkins Coie and the Trustee have various and differing views regarding whether the Bankruptcy Court's orders staying and preliminarily enjoining the Action (which orders are on appeal in this Court) must be lifted or modified before Plaintiff and Perkins Coie may seek approval of this Settlement Agreement in this Court, and if so, the appropriate procedure. Accordingly, Plaintiff intends to seek guidance from the District Court (which has jurisdiction via the consolidated appeal over the stay/preliminary injunction orders). Plaintiff will not file the motion for preliminary approval of this Settlement Agreement until the District Court provides input on this issue.

G.     As an additional condition of settlement, plaintiff Jun Dam will obtain a voluntary dismissal (without costs or fees to either party) of the consolidated appeal pending (and currently stayed) in the separate litigation between the Trustee and plaintiff Jun Dam in the Eastern District of Washington, Case No. 2:21-cv-00291-SAB, using one of the means identified for voluntary dismissals in the Federal Rules of Bankruptcy Procedure, Rule 8023. Plaintiff will seek a voluntary dismissal of the appeal within 10 business days from when the Final Judgment and Approval Order is final and non-appealable, or from when the Bankruptcy Court's order approving the settlement of the Adversary Proceeding is final and non-appealable, whichever occurs later. Any acts by Perkins Coie keyed off of the Effective Date and conditions of settlement will not be required until the consolidated appeal is dismissed.

H.     This settlement Agreement will not take effect until, and is conditioned upon, a successful conclusion of the settlement of the Adversary Proceeding brought by the Bankruptcy Trustee, Mark D. Waldron, against Perkins Coie LLP, et al., Adversary Case No. 20-80031, in the bankruptcy matter captioned *In re: Giga Watt Inc.*, Case No. 18-03197.

EXHIBIT A, Page 29 of 37

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

00203372

## VIII.  ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF SERVICE AWARD

A.    Class Counsel shall make an application for an award of attorneys' fees in an amount not to exceed 25% of the Common Fund or one million one hundred twenty-five thousand dollars ($1,125,000).

B.    Class Counsel shall make an application for reimbursement of Plaintiff's Counsel's reasonable out-of-pocket expenses and for approval of the fees and costs to be incurred by the Settlement Administrator.

C.    The award of Attorneys' Fees and Expenses will be paid to Class Counsel from the Common Fund. The application for an award of Attorneys' Fees and Expenses will be made by Class Counsel on behalf of themselves and the other Plaintiff's Counsel. Class Counsel shall distribute and allocate the Attorneys' Fees and Expense awarded to Plaintiff's Counsel in its sole discretion. Perkins Coie shall not be responsible for any other fees or expenses incurred by Class Counsel, Plaintiff's Counsel or Plaintiff.

D.    Plaintiff will apply for a Class Representative service award in the amount of $5,000.00. Any Court-approved service award is in addition to the benefits that the Class Representative is entitled to receive as a member of the Class.

E.    The Court-approved Attorneys' Fees and Expenses and Class Representative service award will be paid from the Common Fund within seven (7) days of the Settlement Escrow Agent's receipt of the Common Fund.

F.    The Court's determination of Attorneys' Fees and Expenses and the Class Representative service award will not affect the remainder of the Settlement.

EXHIBIT A, Page 30 of 37

STIPULATION OF SETTLEMENT - 27

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

18-03197-FPC7    Doc 1052-1    Filed 08/27/24    Entered 08/27/24 15:11:48    Pg 30 of 37

**IX.    FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT**

      A.    This Settlement Agreement is subject to and conditioned upon the issuance by the Court of the Final Judgment and Approval Order that finally certifies the Class for the purposes of this settlement, grants final approval of the Settlement Agreement, and provides the relief specified herein. Such Final Judgment and Approval Order shall be in substantially the form attached hereto as Exhibit D.

**X.    NO ADMISSION OF LIABILITY/FOR SETTLEMENT ONLY**

      A.    This Agreement reflects the compromise and settlement of disputed claims among the Parties and is for settlement purposes only. Neither the fact of, or any provision contained in this Agreement or its Exhibits, nor any action taken hereunder, shall constitute, be construed as, or be admissible in evidence as an admission of: (a) the validity of any claim or allegation by Plaintiff, or of any defense asserted by Perkins Coie, in the Action or in any other action or proceeding; (b) any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, Defendants, Released Party, or their respective counsel; or (c) the facts recited herein.

      B.    The terms of this Settlement Agreement are not, and should not be construed as, an admission of liability or wrongdoing on the part of Perkins Coie.

**XI.    TERMINATION OF THIS SETTLEMENT AGREEMENT**

      A.    Except for Section XI.A.2, which may be exercised only by Perkins Coie, any Party may terminate this Settlement Agreement by providing written notice to the other Parties within thirty days of any of the following events:

          1.    The Court does not enter a Preliminary Approval Order that conforms in material respects to Exhibit E; or

EXHIBIT A, Page 31 of 37

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

00203372

2.    If Class Members owning more than a specified number of Tokens opt out as described above at Section VI.B.5. The specified number of Tokens for purposes of this provision is agreed to by the Parties in a separate written agreement.

B.    In the event that this Settlement Agreement terminates for any reason, all Parties shall be restored to their respective positions as of the date of execution of the Settlement Agreement. In no event will Defendants be entitled to recover any funds advanced to the Settlement Administrator for Notice and Claim Administration Expenses pursuant to Section IV.3.b.

## XII.  ADDITIONAL PROVISIONS

A.    Entire Settlement Agreement: The Settlement Agreement, including all Exhibits, shall constitute the entire Settlement Agreement among the Parties with regard to the Action and shall supersede any previous settlement agreements, terms sheets, representations, communications and understandings among the Parties with respect to the subject matter of the Settlement Agreement.

B.    Execution in Counterparts: The Settlement Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or signatures sent by email shall be treated as original signatures and shall be binding.

C.    Notices: Whenever this Settlement Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided in writing by first class U.S. Mail and email to:

1.    If to Plaintiff or Class Counsel:

Timothy G. Blood
BLOOD HURST & O'REARDON, LLP
501 W. Broadway, Suite 1490

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

00203372

San Diego, California 92101
Tel: 619-338-1100
tblood@bholaw.com

2.    If to Defendants or Defendants' Counsel:

Ralph E. Cromwell, Jr.
BYRNES KELLER CROMWELL LLP
1000 2nd Avenue, 38th Floor
Seattle, Washington 98105
Tel: 206-622-2000
rcromwell@byrneskeller.com

D.    Good Faith: The Parties agree that they will act in good faith and will not engage in any conduct that will or may frustrate the purpose of this Settlement Agreement. The Parties further agree, subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

E.    Publicity: To the extent Defendants or Plaintiff make any public statements regarding the settlement of this Action, any such statements shall be consistent with the Court-approved documents that comprise this Settlement Agreement.

F.    Binding on Successors: The Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors and/or assigns of the Released Parties.

G.    Arms-Length Negotiations: The determination of the terms and conditions contained herein and the drafting of the provisions of this Settlement Agreement has been by mutual understanding after negotiation, with consideration by, and participation of, the Parties hereto and their counsel. This Settlement Agreement shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting. Any statute or rule of construction that

EXHIBIT A, Page 33 of 37

STIPULATION OF SETTLEMENT - 30

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

18-03197-FPC7    Doc 1052-1    Filed 08/27/24    Entered 08/27/24 15:11:48    Pg 33 of 37

1   ambiguities are to be resolved against the drafting party shall not be employed in

2   the implementation of this Settlement Agreement and the Parties agree that the

3   drafting of this Settlement Agreement has been a mutual undertaking.

4          H.     Waiver: The waiver by one Party of any provision or breach of the

5   Settlement Agreement shall not be deemed a waiver of any other provision or

6   breach of the Settlement Agreement.

7          I.     Variance: In the event of any variance between the terms of this

8   Settlement Agreement and any of the Exhibits hereto, the terms of this Settlement

9   Agreement shall control and supersede the Exhibit(s).

10         J.     Taxes: No opinion concerning the tax consequences of the Settlement

11  Agreement to any Class Member is given or will be given by Defendants,

12  Defendants' Counsel, Class Counsel, or Plaintiff's Counsel; nor is any Party or

13  their counsel providing any representation or guarantee respecting the tax

14  consequences of the Settlement Agreement as to any Class Member. Each Class

15  Member is responsible for his/her tax reporting and other obligations respecting

16  the Settlement Agreement, if any.

17         K.    Modification in Writing: The Settlement Agreement may not be

18  changed, modified, or amended except in a writing signed by one of Class Counsel

19  and one of Perkins Coie's Counsel and, if required, approved by the Court. The

20  Parties contemplate that the Exhibits to the Settlement Agreement may be

21  modified by subsequent agreement of Defendants and Class Counsel so long as

22  the modifications do not alter the substantive terms of the Agreement, reduce the

23  rights and benefits of Class Members, or affect the rights of the Trustee as set forth

24  in the settlement agreement of the Adversary Proceeding.

25         L.    Retain Jurisdiction: Subject to Section VII.E, the Court shall retain

26  jurisdiction with respect to the implementation and enforcement of the terms of

EXHIBIT A, Page 34 of 37

00203372

STIPULATION OF SETTLEMENT - 31

**Western Washington Law Group PLLC**
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

18-03197-FPC7   Doc 1052-1   Filed 08/27/24   Entered 08/27/24 15:11:48   Pg 34 of 37

1  this Settlement Agreement, and the Parties hereto submit to the jurisdiction of the

2  Court for purposes of implementing and enforcing the settlement.

3      M.    Choice of Law: This Settlement Agreement is governed by, and shall

4  be construed and enforced in accordance with, Washington law.

5      N.    Computation of Time: All deadlines and time periods prescribed in

6  this Settlement Agreement shall be calculated pursuant to Fed. R. Civ. P. 6.

7      IN WITNESS WHEREOF, the Parties hereto have caused the Settlement

8  Agreement to be executed as of the last date set forth below.

9                                      Respectfully submitted,

10  Dated: September 12, 2023

    BLOOD HURST & O'REARDON, LLP
    TIMOTHY G. BLOOD (*pro hac vice*)

11      THOMAS J. O'REARDON II
        (*pro hac vice*)

12      PAULA R. BROWN (254142)

13      By: _____

14                      TIMOTHY G. BLOOD

15      501 West Broadway, Suite 1490
    San Diego, CA 92101
    Tel: 619/338-1100

16      619/338-1101 (fax)
    tblood@bholaw.com

17      toreardon@bholaw.com
    pbrown@bholaw.com

18      WESTERN WASHINGTON LAW

19          GROUP PLLC
    DENNIS J. MCGLOTHIN (#28177)

20      ROBERT J. CADRANELL (41773)
    P.O. Box 468

21      Snohomish, WA 98291
    Tel: 425/728-7296, ext. 4

22      dennis@westwalaw.com
    robert@westwalaw.com
    docs@westwalaw.com

23      *Plaintiffs' Counsel*

24

25  Dated: Sept. 12, 2023

    BYRNES KELLER CROMWELL, LLP

26

00203372

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA 98291
(425) 728-7296, ext. 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

RALPH E. CROMWELL, JR.
(WA11784)

By: _Ralph E. Cromwell Jr._
RALPH E. CROMWELL, JR.

1000 2nd Avenue, 38th Floor
Seattle, WA  98105
Tel: 206/622-2000
rcromwell@byrneskeller.com

*Attorneys for Defendants Perkins Coie
LLP; Perkins Coie U.S., P.C.; Perkins
Coie California, P.C.;
and Lowell Ness*

MUNDING, P.S.
John D. Munding
309 E. Farwell Rd., Ste. 310
Spokane, WA  99218-1152
Tel: 509/624-6464
john@mundinglaw.com

*Attorneys for Defendants Perkins Coie
LLP and Lowell Ness*

EXHIBIT A, Page 36 of 37

STIPULATION OF SETTLEMENT - 33

Western Washington Law Group PLLC
P.O. Box 468, Snohomish, WA  98291
(425) 728-7296, ext. 4

00203372

# [EXHIBITS OMITTED]

EXHIBIT A, Page 37 of 37