The Honorable Frederick P. Corbit
Hearing Date: September 10, 2024
Hearing Time: 10:30 a.m.
Chapter 7 Proceeding
Tacoma, Washington

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In Re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor, | Bankruptcy Case No.:<br><br>DECLARATION OF MARK D. WALDRON IN SUPPORT OF POTOMAC LAW GROUP'S REPLY TO JUN DAM'S OBJECTION TO THE FIRST AND FINAL CONTINGENCY FEE APPLICATION OF THE POTOMAC LAW GROUP PLLC (PERKINS ADVERSARY PROCEEDING |

I, Mark D. Waldron, in my capacity as the chapter 7 trustee ("Trustee") in the above-captioned bankruptcy case, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration.

2. I am the Chapter 7 Trustee in the above-captioned bankruptcy case. I submit this declaration in support of the *Potomac Law Group's Reply to Jun Dam's Objection to the First and Final Contingency Fee Application of the Potomac Law Group PLLC (Perkins Adversary Proceeding* ("Reply"). Unless otherwise defined herein, capitalized



Law Offices of Mark D. Waldron
6824 19th St. W., PMB 250
University Place, WA 98466
Telephone: 253.565.5800
email: mark@mwaldronlaw.com

Declaration of Mark D. Waldron in Support of
Potomac Law Group's Reply - 1

terms have the meanings ascribed to them in the Reply. I am also submitting a Joinder in the Reply.

3. The statements made herein are based on my personal knowledge. If called, I could and would testify to the facts stated herein.

4. PLG was employed on a contingent fee basis, plus costs, subject to later Court approval, to represent the estate in the Perkins Adversary, which as the Court knows was successful and beneficial to the creditors in this bankruptcy case.

5. As Trustee, I had the exclusive standing to bring the Perkins Adversary on the estate's behalf. I relied on the Automatic Stay Order which held that the facts underlying Mr. Dam's first three claims of relief were the same as the facts underlying my claims in the Perkins Adversary and that only I had standing to bring claims arising from these facts.

6. Throughout the Perkins Adversary and the negotiations to settle both the Perkins Adversary and the WTT Token Class Action, I maintained the following three points that are relevant to this matter: (1) relief from the stay would have to be obtained before Mr. Dam could settle the generalized claims alleged in Mr. Dam's complaint, (2) Mr. Dam and the class members would have to release the estate; and (3) Mr. Dam would have to dismiss his appeal of the Automatic Stay Order with prejudice.

7. Without the release, I would not have settled the Perkins Adversary on the terms approved by the Court.

8. Without the release, I would not have moved for limited relief of the stay to allow Mr. Dam to settle the three generalized claims asserted in the WTT Token Class Action.

Declaration of Mark D. Waldron in Support of
Potomac Law Group's Reply - 2

Law Offices of Mark D. Waldron
6824 19th St. W., PMB 250
University Place, WA 98466
Telephone: 253.565.5800
email: mark@mwaldronlaw.com

18-03197-FPC7    Doc 1054    Filed 08/27/24    Entered 08/27/24 15:19:57    Pg 2 of 3

9. I would not have entered into the settlement with Perkins if Mr. Dam had not agreed to dismiss the appeal of the Automatic Stay Order with prejudice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 27th day of August, 2024, in Tacoma, Washington.

_____
MARK D. WALDRON (WSBA #9578)
Chapter 7 Trustee

Declaration of Mark D. Waldron in Support of
Potomac Law Group's Reply - 3



Law Offices of Mark D. Waldron
6824 19th St. W., PMB 250
University Place, WA 98466
Telephone: 253.565.5800
email: mark@mwaldronlaw.com

18-03197-FPC7    Doc 1054    Filed 08/27/24    Entered 08/27/24 15:19:57    Pg 3 of 3