1  Pamela M. Egan, WSBA No. 54736
   POTOMAC LAW GROUP PLLC
2  2212 Queen Anne Ave. N., #836
   Seattle, WA 98109
3  Telephone: (415) 297-0132
   Email: pegan@potomaclaw.com
4    *Counsel for Mark D. Waldron, Chapter 7 Trustee*

5              **UNITED STATES BANKRUPTCY COURT**
              **EASTERN DISTRICT OF WASHINGTON**
6

7  In re:                              Case No. 18-03197 FPC 7

8  GIGA WATT, Inc., a                  The Honorable Frederick P. Corbit
   Washington corporation,
9                      Debtor.         Chapter 7

10                                     **CHAPTER 7 TRUSTEE'S MOTION**
                                       **FOR A PRE-FILING REVIEW ORDER**
11                                     **AND/OR SANCTIONS AGAINST JUN**
                                       **DAM**
12

13

14

15

16

17

18

19

20

21

22

23  CHAPTER 7 TRUSTEE'S
24  MOTION FOR A PRE-FILING
    REVIEW ORDER/SANCTIONS AGAINST JUN DAM
25

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. RELIEF SOUGHT ............................................................................................ 3

III. APPLICABLE LAW AND FACTORS ............................................................ 5

    A. This Motion Meets the Requirements for a Pre-Filing Review Order ..... 7

        1. Notice Is Adequate ................................................................................ 7

        2. The Record Is Adequate ........................................................................ 7

        3. Mr. Dam's Litigation History Entails Vexatious, Harassing and
           Duplicative Filings ............................................................................ 14

        4. Mr. Dam Lacked an Objective Good Faith Expectation of
           Prevailing ........................................................................................ 26

        5. Mr. Dam Litigated the Automatic Stay Contested Matter and
           Settled the Class Action With an Improper Purpose ........................ 35

        6. Mr. Dam Uses Lawyers to Tee Up his Frivolous Litigation;
           Then He Unleashes the Abuse *Pro Se* .............................................. 36

        7. Mr. Dam Has Caused Needless Expense to this Estate and
           Has Posed an Unnecessary Burden on the Courts and
           Their Personnel. ............................................................................... 37

        8. The Scope of the Requested Pre-Filing Order is
           Narrowly Tailored. .......................................................................... 38

IV. CONCLUSION .............................................................................................. 39

TABLE OF CONTENTS/AUTHORITIES/EXHIBITS - i

# TABLE OF AUTHORITIES

## CASES

*De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990) ................................. 6, 8, 14

*In re Bertran*, No. 4:12-BK-501-FC, 2018 WL 1704306
(B.A.P. 9th Cir. Apr. 6, 2018) ................................................................. 3

*In re Koshkalda*, 622 B.R. 749 (B.A.P. 9th Cir. 2020) ........................................ 6

*In re Rainbow Magazine, Inc.*, 77 F.3d 278 (9th Cir. 1996) ................................. 6

*In re Singh*, 551 B.R. 54 (Bankr. E.D. Cal. 2016) ................................................ 6

*Molski v. Evergreen Dynasty Corp, et al*, 500 F.3d 1047
(9th Cir. 2007), *en banc hearing denied*, 521 F.3d 1215 (9th Cir. 2008)  6, 7, 14,
15, 38

*Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*,
210 F.3d 1112 (9th Cir. 2000) ...................................................... 5, 7

*Safir v. United States Lines, Inc.*, 792 F. 2d 19 (2nd Cir. 1986) ....................... 15

*Wages v. I.R.S.*, 915 F.2d 1230 (9th Cir. 1990) ................................................ 4

*Wood v. Santa Barbara Chamber of Commerce, Inc.*,
699 F.2d 484 (9th Cir. 193) (*cert denied*), 465 U.S. 1080,
104 S. Ct. 1445, 79 L.Ed.2d 765 (1984) ............................................... 4

## STATUTES

11 U.S.C. § 362 ................................................................................................ 2

28 U.S.C. § 1927 ...................................................................................... 4, 5

## OTHER AUTHORITIES

Black's Law Dictionary 1241 (8th ed. 2004) ............................................... 7

TABLE OF CONTENTS/AUTHORITIES/EXHIBITS - ii

**LIST OF EXHIBITS**

Documents Filed in Courts Other Than This Court (Other than Appellate Briefs); Documents Filed in this Court Are not Attached as Exhibits

| Document Title | Exhibit |
| --- | --- |
| D.Ct. ECF No. 4 - Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, District Court, Case No. 2:20-cv-00391-SAB (filed November 2, 2020) | A |
| D.Ct. ECF No. 14 - Memorandum in Support of Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, District Court, Case No. 2:20-cv-00391-SAB (filed November 30, 2020) (without the approx. 300 pages of exhibits) | B |
| D.Ct. ECF No. 1 - Class Action Complaint, District Court, Case No. 2:20-cv-00464-SAB (filed December 16, 2020) | C |
| D.Ct. ECF No. 18 - Order Denying Motions as Moot, Case No. 2:20-cv-00391-SAB (relating to mot. to stay ML Equipment sale) (filed January 21, 2021) | D |
| BAP ECF No. 20-1 - Memorandum, Dam v. Waldron, U.S. BAP, 9th. Cir., Case No. 20-1156 (TNT Sale appeal) (filed January 29, 2021) | E |
| BAP ECF No. 25 - Notice of Appeal (appeal of TNT Sale Order to 9th Cir.), BAP 9th Cir., Case No. 20-1156 (filed March 2, 2021) | F |

TABLE OF CONTENTS/AUTHORITIES/EXHIBITS - iii

| Document Title | Exhibit |
|---|---|
| Ct. App. 9th Cir ECF No. 3 - Response to Order to Show Cause, 9th Cir. Court of Appeals, Case No. 21-60016 (TNT Sale appeal) (filed March 30, 2021) | **G** |
| Ct. App. 9th Cir. ECF No. 6 - Order, U.S. Ct. App., 9th Cir., App. Case No. 21-60016, (filed June 11, 2021) | **H** |
| D.Ct. ECF No. 15 - Order Affirming the Bankruptcy Court's Order Granting Appellee's Motion to Dismiss, U.S. Dist. Ct., EDWA, Case No. 20-351 (re dismissal of complaint against Trustee and PLG) (filed July 30, 2021) | **I** |
| D.Ct. ECF No. 21 - Order Affirming the Bankruptcy Court's Sale Approval Order, *Dam v. Waldron*, Case No. 2:20-cv-00391-SAB (ML Equipment Sale appeal), (filed July 30, 2021) | **J** |
| D.Ct. ECF No. 61-4 - Stipulation of Settlement, District Court, Case No. 2:20-cv-464-SAB (filed November 29, 2023) (without attached exhibits) | **K** |
| D.Ct. ECF No. 65 - Stipulated Dismissal of Consolidated Appeals, District Court, Case No. 2:21-cv-00291-SAB (filed June 28, 2024) together with D.Ct. ECF No. 66, Order Granting Dismissal and Closing File, Dam v. Waldron, U.S. D. Ct. EDWA, Case No. 2:21-cv-00291-SAB (filed August 2, 2024) | **L** |

TABLE OF CONTENTS/AUTHORITIES/EXHIBITS - iv

# I.   INTRODUCTION[1]

Jun Dam, working in concert with his confederate, John Winslow, has engaged in a pattern of frivolously and improperly objecting to proposed actions based on the slimmest allegation of ownership. They did this with the TNT Sale and the ML Equipment Sale. They are setting up another round through their objections to PLG's fees.

In its Orders approving the TNT Sale and the ML Equipment Sale, the Court ensured that Mr. Dam and other members of his *ad hoc* committees were provided the opportunity to prove their ownership claims. The Court approved the TNT Sale without prejudice to Mr. Dam's committee setting up a hearing to prove their claim of ownership of the assets sold. But they never did that. Instead, the lawyer quit, the committee dissolved, and Mr. Dam unleashed a torrent of litigation which was so duplicative and flimsy that the only inference reasonably drawn is an intent to harass the Court, the estate, the Trustee, and PLG.

Regarding the ML Equipment Sale, the Court ensured that parties claiming ownership of the ML Equipment would have a fair opportunity to prove their claims of ownership. The Court ordered the Trustee to encumber the sales proceeds pending the presentation of evidence and converted Mr. Dam's claim to an adversary proceeding. No one ever presented evidence. (None exists.) Instead,

---

[1] Because the Court is familiar with the facts of this case, this Motion does not define familiar terms such as the White Paper, TNT Sale, ML Equipment Sale, WTT Token Class Action, WTT Token Settlement, PLG, Perkins Adversary or the Automatic Stay Order.

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **1**

Mr. Dam unleashed another torrent of duplicative litigation based on flimsy argument.

Now Mr. Dam wants to open another round of lawfare by objecting to PLG's contingency fee on the claim of "ownership" of the settlement proceeds. As he did in his objection to the Trustee's fee application and in his motion for reconsideration of the TNT Sale Order, Mr. Dam is again using the threat of a lawsuit to try to stop the Trustee from administering the assets of this estate.

Mr. Dam's objection to the PLG fee request is an escalation in his vexatious tactics because he is threatening to sue to recover the Perkins settlement proceeds after releasing the estate of all claims relating to the facts of the Perkins litigation and in violation of the Automatic Stay Order and the automatic stay of section 362 of the Bankruptcy Code. 11 U.S.C. § 362.

The Court did not impose sanctions against Mr. Dam the first time he tried to usurp the estate's claims against Perkins. This Motion states grounds to sanction him for his second violation, in light of his pattern of vexatious litigation and in light of the fact that this latest threatened round of litigation is a brazen violation of the release that he gave to the estate to induce the Trustee to agree to a $3 million - $4.5 million bifurcated settlement with Perkins.

The burden of Mr. Dam's frivolous and harassing litigation has already impacted the Debtor's creditors causing the estate to incur attorneys' fees. His

latest threatened round of litigation will further diminish the funds Mr. Waldron might use to pay creditors.

A pre-filing Order and monetary sanctions will serve the best interests of the estate and its creditors. The Court has given Mr. Dam all the deference and leeway he is due. Mr. Dam established a track record of harassing, frivolous, and burdensome litigation, and now should live with its consequences.

## II.    RELIEF SOUGHT

The Trustee proposes that, in a prefiling order, the court require Mr. Dam to: (a) file an application seeking leave to file any pleading in the bankruptcy case, including any adversary proceeding; (b) attach to any such application a copy of the pleading he wishes to file and a copy of the prefiling order; (c) support any such application with a declaration attesting under penalty of perjury that the matters addressed by the proposed pleading: (i) have not previously been raised or disposed of by any court; (ii) that Mr. Dam has conducted a reasonable investigation into the facts supporting the relief he wishes to seek or the arguments he wishes to make; and (iii) that such investigation supports the relief or arguments; and (d) any declaration be based on admissible evidence and detail the factual basis for the relief or arguments. These terms are consistent with a pre-filing order upheld by the Ninth Circuit's Bankruptcy Appellate Panel in *In re Bertran*, No. 4:12-BK-501-FC, 2018 WL 1704306, at *7 (B.A.P. 9th Cir. Apr. 6, 2018).

1  Following submission of such application and declaration, the court would

2  review those materials and decide whether any relief Mr. Dam wishes to seek or

3  whether any arguments he might wish to make might have merit. If the court

4  determines they lack merit, it would deny the application. If the court determines

5  they might have merit, it would grant the application and instruct Mr. Dam to file

6  the proposed pleading and notice it for hearing in due course.

7  The Trustee requests that the court exempt from the foregoing procedure any

8  notice of appeal that Mr. Dam might file with respect to this order.

9  In the event that the Court is not inclined to enter a pre-filing order or in

10  addition to the pre-filing order, the Trustee requests monetary sanctions pursuant

11  to 28 U.S.C. § 1927 which provides that:

12  Any attorney or other person admitted to conduct cases
   in any court of the United States or any Territory thereof
13  who so multiplies the proceedings in any case
   unreasonably and vexatiously may be required by the
14  court to satisfy personally the excess costs, expenses, and
   attorneys' fees reasonably incurred because of such
15  conduct.

16  *Id*. Under Ninth Circuit law, section 1927 may also be used to impose costs and

17  attorney's fees on *pro se* litigants. *See e.g., Wages v. I.R.S.*, 915 F.2d 1230, 1235-

18  36 (9th Cir. 1990) (*citing Wood v. Santa Barbara Chamber of Commerce, Inc*., 699

19  F.2d 484, 485-86 (9th Cir. 193) (*cert denied*), 465 U.S. 1080, 104 S. Ct. 1445, 79

20  L.Ed.2d 765 (1984).

21

22

23  CHAPTER 7 TRUSTEE'S
   MOTION FOR A PRE-FILING
24  REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **4**

25

Relief under 28 U.S.C. § 1927 requires a finding of bad faith, which is a subjective standard that may be met with knowing or reckless conduct. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc*., 210 F.3d 1112, 118 (9th Cir. 2000). As set forth in detail below, Mr. Dam never presented evidence to support the claim that he or others owned the debtor's facilities and equipment, even after the Court explained the procedure necessary to establishing their claims in an adversary proceeding. Instead of presenting evidence, he filed motions, objections, a complaint and appeals rehashing failed arguments and attacking the Trustee and PLG. Now is teeing up another round of vexatious litigation with an allegation of ownership that violates the Automatic Stay Order and the WTT Token Settlement Agreement.

As an alternative to or in addition to a pre-filing review order, the Trustee requests that the estate be reimbursed for (1) all fees paid to date to PLG relating to Jun Dam's vexatious litigation in this case, adversary proceedings and related appeals, (2) all fees incurred in the chapter 11 case relating to Jun Dam's vexatious litigation and (3) all fees incurred with respect to this Motion and Mr. Dam's objection to PLG's fees.

### III.    APPLICABLE LAW AND FACTORS

A federal court has the power to manage vexatious litigants. *See Molski v. Evergreen Dynasty Corp, et al*, 500 F.3d 1047, 1057 (9th Cir. 2007), *en banc*

*hearing denied*, 521 F.3d 1215 (9th Cir. 2008) ("While a person has a right to access the courts, such is not a license to abuse the judicial process and treat the courts merely as a tool to abuse others."). *See also In re Singh*, 551 B.R. 54 (Bankr. E.D. Cal. 2016):

> The abusive filing of bankruptcy petitions, motions, and adversary proceedings for purposes other than as allowed by law diminishes the quality of and respect for the judicial system and laws of this country.

*Id.*, at 71. *See In re Rainbow Magazine, Inc.*, 77 F.3d 278 (9th Cir. 1996). Whether to grant the motion for a pre-filing review order rests within the Court's discretion. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). *Accord In re Koshkalda*, 622 B.R. 749, 757–58 (B.A.P. 9th Cir. 2020).

In the Ninth Circuit, before a court may enter a pre-filing order, the court must (1) give notice to the litigant and an opportunity to be heard before the order is entered; (2) compile an adequate record for review; (3) make substantive findings regarding the frivolous or harassing nature of the plaintiff's litigation; and (4) narrowly tailor the pre-filing order to closely fit the specific vice encountered. *Molski*, 500 F.3d at 1058. The first two requirements are procedural. They "define '[a] specific method or course of action' that district courts should use to asses

[*This Motion continues on the following page.*]

whether to declare a party a vexatious litigant and enter a pre-filing order." *Id.*, 500

F.3d at 1057-58 (*quoting* Black's Law Dictionary 1241 (8th ed. 2004)). The latter

two requirements are substantive. They:

> help the district court define who is, in fact, a 'vexatious
> litigant' and construct a remedy that will stop the
> litigant's abusive behavior while not unduly infringing
> the litigant's right to access the courts."

*Id.*, 500 F.3d 1058.

**A.     This Motion Meets the Requirements for a Pre-Filing Review Order.**

> ***1.   Notice Is Adequate***

The Trustee is serving this motion on Mr. Dam, who is represented by

counsel. Mr. Dam may file a written response. This is sufficient and adequate

notice. *Molski*, 500 F.3d at 1058-59. *See Pac. Harbor Capital, Inc. v. Carnival Air*

*Lines, Inc*., 210 F.3d 1112, 1118 (9th Cir. 2000) (holding, in a case involving

sanctions levied against an attorney, that "an opportunity to be heard does not

require an oral or evidentiary hearing on the issue," but instead that "[t]he

opportunity to brief the issue fully satisfies due process requirements").

Under these circumstances, Mr. Dam will receive adequate notice of the

relief sought and an adequate opportunity to oppose it.

> ***2.   The Record Is Adequate***

For purposes of a pre-filing order, "[a]n adequate record for review should

include a listing of all the cases and motions that led the [court] to conclude that a

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **7**

vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. The Motion identifies the many contested matters and other disputes raised or caused by Mr. Dam over the past four years.

The Trustee submits the following list of filings by Mr. Dam that support a pre-filing order:

| **Filing** | **Court** |
|---|---|
| **1.** ECF No. 547 - Application of WTT Token Holders and Miner Owners for Administrative Expense and for Declaratory Relief (filed April 10, 2020) | This Court, Main Case |
| **2.** ECF No. 592 - Response of WTT Token Holders and Miners to Trustee's Motion for Order Approving Sale of TNT Facility and Trailer Equipment Free and Clear of Liens (filed May 7, 2020) | This Court, Main Case |
| **3.** ECF No. 1 - Complaint for Breach of Fiduciary Duty; Professional Negligence; Unjust Enrichment (filed June 5, 2020) | This Court, *Dam v. Waldron, et al*, Adv. Proc. No. 20-80020 |
| **4.** ECF No. 610 - Motion to Request Reconsideration of Order Approving Sale of TNT Facility and Trailer Equipment Free and Clear of Liens (filed June 5, 2020) | This Court, Main Case |

| | Filing | Court |
|---|---|---|
| **5.** | ECF No. 626 - Notice of Appeal and Statement of Election (Order Approving TNT Sale) (BAP appeal) (filed June 25, 2020) | This Court, Main Case |
| **6.** | AP ECF No. 10 - Amended Complaint for Breach of Fiduciary Duty; Professional Negligence; Unjust Enrichment; Breach of Contract (filed July 23, 2020) | This Court, Adv. Proc. No. 20-80020 |
| **7.** | BAP ECF No. 6 - Appellant's Opening Brief (BAP appeal of TNT Sale Approval Order) (filed August 3, 2020) | BAP 9th Cir., Case No. 20-1156 |
| **8.** | ECF No. 661 - Objection to Trustee's (1) Application for Award of Compensation and (2) Motion for an Order Authorizing Payment of Previously Awarded But Unpaid Compensation (filed August 4, 2020) | This Court, Main Case |
| **9.** | ECF No. 675 - Motion to Request Reconsideration of Order Awarding Compensation for Services Rendered Pursuant to 11 USC § 330 or § 331 (filed August 18, 2020) | This Court, Main Case |
| **10.** | AP ECF No. 18 - Motion for District Court to Withdraw the Bankruptcy Reference, Adv. Proc. No. 20-80020 (filed August 24, 2020) | This Court, *Dam v. Perkins*, APN 20-80020 |

| Filing | Court |
|---|---|
| **11.** <u>AP ECF No. 19</u> - Motion for Leave of Court to Sue Trustee and Counsel (filed August 24, 2020) | This Court, *Dam v. Perkins*, APN 20-80020 |
| **12.** <u>AP ECF No. 20</u> - Response to Motion of Mark D. Waldron, Pamela M. Egan, and the Potomac Law Group to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (filed August 24, 2020) | This Court, *Dam v. Waldron*, Adv. Proc. No. 20-80020 |
| **13.** <u>BAP ECF No. 13</u> - Appellant's Reply Brief  (BAP appeal of TNT Sale Approval Order) (filed August 27, 2020) | BAP 9th Cir., Case No. 20-1156 |
| **14.** <u>AP ECF No. 30</u> - Notice of Appeal and Statement of Election (appeal to District Court of Order dismissing Complaint against the Trustee and PLG) (filed September 28, 2020) | This Court, *Dam v. Waldron*, Adv. Proc. No. 20-80020 |
| **15.** <u>ECF No. 753</u> - Objection to Motion (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures (iii) Shortening Time to Object (filed October 8, 2020) | This Court, Main Case |

| | Filing | Court |
|---|---|---|
| | | |
| **16.** | ECF No. 758 - Application of WTT Token Holders and Miner Owners for Administrative Expense and for Declaratory Relief (filed October 15, 2020) | This Court, Main Case |
| **17.** | ECF No. 769 - Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures (filed October 22, 2020) | This Court, Main Case |
| **18.** | ECF No. 770 - Notice of Appeal and Statement of Election (appeal of ML Equipment Sale Approval Order) (filed October 22, 2020) | This Court, Main Case |
| **19.** | D. Ct. ECF No. 4 - Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures (filed November 2, 2020) | District Court, Case No. 2:20-cv-00391-SAB |
| **20.** | D. Ct. ECF No. 14 - Memorandum in Support of Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures (filed November 30, 2020) | District Court, Case No. 2:20-cv-00391-SAB |

| Filing | Court |
|---|---|
| **21.** <u>ECF No. 831</u> - Notice of Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures (filed December 8, 2020) | This Court, Main Case |
| **22.** <u>D. Ct. ECF No. 1</u> - Class Action Complaint (filed December 16, 2020) | District Court, Case No. 2:20-cv-00464-SAB |
| **23.** <u>D. Ct. ECF No. 17</u> - Appellant's Opening Brief (ML Equipment Sale appeal) (filed January 19, 2021) | District Court, Case No. 2:20-cv-00391-SAB |
| **24.** <u>D.Ct. ECF No. 9</u> - Appellant's Opening Brief (appeal of dismissal of amended complaint) (filed January 29, 2021) | District Court, Case No. 2:20-cv-00351-SAB |
| **25.** <u>BAP ECF No. 25</u> - Notice of Appeal (appeal of BAP's affirmance of TNT Sale Order) (filed March 2, 2021) | BAP 9th Cir., Case No. 20-1156 |
| **26.** <u>Ct. App 9th Cir ECF No. 3</u> - Response to Order to Show Cause (filed March 30, 2021) | 9th Cir. Court of Appeals, Case No. 21-60016 |

| Filing | Court |
|---|---|
| **27.** <u>D.Ct. ECF No. 37</u> - Appellant's Brief (appeal of Automatic Stay Order) (filed June 9, 2022) | District Court, *Dam v. Waldron*, Case No. 2:21-cv-00291-SAB |
| **28.** <u>D.Ct. ECF No. 61-4</u> - Stipulation of Settlement (filed November 29, 2023) | District Court, *Dam v. Perkins*, Case No. 2:20-cv-464-SAB |
| **29.** <u>D.Ct. ECF No. 65</u> - Stipulated Dismissal of Consolidated Appeals (filed June 28, 2024) | District Court, *Dam v. Waldron*, Case No. 2:21-cv-00291-SAB |
| **30.** <u>ECF No. 1048</u> - Objection to First and Final Contingency Fee Application of the Potomac Law Group PLLC (Perkins Adversary Proceeding) (filed August 22, 2024) (filed by Jun Dam) | This Court, Main Case |
| **31.** <u>ECF No. 1049</u> - Declaration of Jun Dam in Support of Objection to Contingency Fee Application (filed August 22, 2024) | This Court, Main Case |

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **13**

| Filing | Court |
|---|---|
| **32.** ECF No. 1051 - Objection to Order Awarding Compensation for Services Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. § 330 or § 331, and Approving the Payment of Bank Fees (filed August 23, 2024) (filed by John Winslow) | This Court, Main Case |

### 3. Mr. Dam's Litigation History Entails Vexatious, Harassing and Duplicative Filings

To decide whether a litigant's actions are frivolous or harassing, the court must "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims…The plaintiff's claims must not only be numerous, but also patently without merit." *Molski*, 500 F.3d at 1059. As an alternative to the finding of frivolousness, a pattern of harassment can justify sanctions. *De Long,* 912 F.2d at 1148.

Furthermore, the Ninth Circuit considers the Second Circuit five-factor test to be a "helpful framework" in evaluating factors number 3 and 4. These factors are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel;

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **14**

and (5) whether other sanctions would be adequate to
protect the courts and other parties."

*Molski*, 500 F.3d at 1058, *citing Safir v. United States Lines, Inc.*, 792 F. 2d 19, 24
(2nd Cir. 1986).

Mr. Dam's numerous, frivolous, harassing, duplicative filings span the
dockets of four courts (this Court, the District Court, the BAP, and the Court of
Appeals 9th Circuit). They all turn on the same false claim: he owns something, be
it the TNT Facility, the ML Equipment, or now, the Perkins settlement proceeds.
He tees up this false issue to provide a platform from which he can harass this
estate. The following narrative summarizes Mr. Dam's abusive tactics.

In April 2020, an *ad hoc* committee acting, through an attorney and
consisting of Mr. Dam, Mr. Winslow, and other asserted WTT Token and miner
purchasers, filed an administrative claim allegedly arising from the Trustee's use
of the Debtor's facilities. Application of WTT Token Holders and Miner Owners
for Administrative Expense and for Declaratory Relief, filed April 10, 2020, ECF
No. 547. This committee also objected to the TNT sale alleging ownership of the
facility. *Response of WTT Token Holders and Miners to Trustee's Motion for
Order Approving Sale of TNT Facility and Trailer Equipment Free and Clear of
Liens*, filed on May 7, 2020, ECF No. 592.

Neither Mr. Dam nor anyone in this group intervened when the Trustee was
suing David Carlson to recover the facility for the benefit of the estate. Neither did
anyone object when the Trustee settled that dispute.

1    The Court approved the sale without prejudice to the administrative claim.

2    *Order Approving: (i) Sale of TNT Facility and Trailer Equipment Free and Clear*

3    *of all Liens, Claims and Interests, etc.*, filed on May 19, 2020 (ECF No. 602) (the

4    "TNT Sale Order").

5    After the TNT Sale Order was entered, the ad hoc committee's lawyer

6    withdrew and the committee dissolved. Mail sent to the committee's address is

7    returned as undeliverable. *See* Egan Declaration. Instead of proving the claim as

8    the Court encouraged the *ad hoc* committee to do, Mr. Dam unleashed rounds of

9    frivolous, harassing, repetitive litigation.

10   Mr. Dam moved for reconsideration of the TNT Sale Approval Order

11   rehashing previously rejected arguments and stating his intent to sue the Trustee

12   and PLG for alleged wrongdoing. *Motion to Request Reconsideration of Order*

13   *Approving Sale of TNT Facility and Trailer Equipment Free and Clear of Liens*,

14   filed on June 5, 2020, ECF No. 610).

15   The Court denied Mr. Dam's motion for reconsideration of the TNT Sale

16   Approval Order, Order Denying Motion for Reconsideration, filed on June 18,

17   2020, ECF No. 624. Mr. Dam then filed a late appeal of the TNT Sale Approval

18   Order, (Notice of Appeal, ECF No. 626), which the BAP treated as an appeal of

19   the reconsideration order. Regarding Mr. Dam's allegations of wrongdoing by the

20   Trustee and PLG, the BAP held:

21       The bankruptcy court properly rejected this argument
         because **Mr. Dam offered only allegations, and no**

22

23   CHAPTER 7 TRUSTEE'S
     MOTION FOR A PRE-FILING
24   REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **16**

25

> *evidence, of misconduct. Based on this complete failure of proof*, the court did not abuse its discretion in rejecting Mr. Dam's arguments concerning misconduct and fraud.

Memorandum, *Dam v. Waldron*, U.S. BAP, 9th. Cir., Case No. 20-1156, filed on January 29, 2021, BAP ECF No. 20-1 at 12, attached hereto as **Exhibit E** (Emphasis added.) Regarding his other arguments, the BAP stated:

> ***Nearly all of Mr. Dam's arguments on appeal are ones that he could have made, or that the committee he chaired did make, in opposition to the Sale Motion.*** The bankruptcy court correctly refused to allow Mr. Dam to relitigate the Sale Order.

*Id.*, BAP ECF No. 20-1 at 11, **Exh. E.** Mr. Dam appealed this decision, filing his Notice of Appeal one day after the appellate deadline. Notice of Appeal, *Dam v. Waldron*, U.S. BAP, 9th Cir., filed on March 2, 2021, ECF No. 25, attached hereto as Exhibit F. Since he had failed to ask for permission to file a tardy Notice of Appeal and the deadline to use that safe harbor had passed, the Court of Appeals, after briefing on the lateness issue, dismissed the TNT Sale Appeal for lack of jurisdiction. *Order*, U.S. Ct. App., 9th Cir., App. Case No. 21-60016, filed on June 11, 2021, Ct. App. 9th Cir. ECF No. 6, **Exhibit H**.

[*This Motion continues on the following page.*]

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **17**

On the same day that Mr. Dam filed his frivolous motion for reconsideration of the TNT Sale Order, Mr. Dam filed a complaint against the Trustee and PLG seeking $2.836 million in damages allegedly arising from:

1. the David Carlson settlement, although the Court had approved this settlement and he had neither objected to the settlement nor intervened to raise his new vague allegation that he owned the TNT Facility;

2. the sale of the TNT Facility, which this Court had approved;

3. the Trustee's operation of the Debtor's facilities, pursuant to Court Orders;

4. the Trustee's refusal to sue the Douglas County Public Utility District ("DC PUD") or to stipulate to the Official Committee of Unsecured Creditors suing the DC PUD, and

5. PLG's statements that the WTT token holders could be considered equity holders.

Complaint, *Dam v. Waldron*, Adv. Proc. No. 20-80020, filed on June 5, 2020, ECF No. 1. He later amended the complaint to almost double his damages from $2.836 to $5.391 million. Amended Complaint, Adv. Proc. No. 20-80020, filed on July 23, 2020, ECF No. 10. In the amended complaint, Mr. Dam alleged that the White Paper was a contract to which he was a party and that the Trustee and PLG had breached this contract. The amended complaint was 182 pages (including exhibits).

In an effort to further harass the Trustee, Mr. Dam and his cohort objected to the Trustee's fee application, arguing that the Trustee should not be paid before his amended complaint against the Trustee was resolved. *Objection to Trustee's (1) Application for Award of Compensation, etc*., filed August 4, 2020, ECF No. 661. The Court approved the amount requested by the Trustee but did not authorize payment at that time. (ECF No. 669). Incredibly, Mr. Dam filed a motion to reconsider this Order. (ECF No. 675.) This Court denied this motion stating:

> The Motion raises no new arguments for this court to consider, as the only argument in the Motion cites to Mr. Dam's Objection, which has already been fully considered and decided.

> Mr. Dam's request for Mr. Waldron to submit additional information regarding time he expended and work he performed places an unnecessary burden on Mr. Waldron.

> As a Trustee, Mr. Waldron's compensation is determined pursuant to 11 U.S.C. § 326(a), so a detailed accounting is not necessary to award him compensation for his work. . . .

*Order Denying Debtor's Motion for Reconsideration*, filed on August 24, 2020, ECF No. 684 at 1, ¶¶ 2-4.

Back in the adversary proceeding against the Trustee and PLG, Mr. Dam filed a 39-page response to the Trustee and PLG's motion to dismiss his amended complaint, *Response to Motion of Mark D. Waldron, Pamela M. Egan, and the Potomac Law Group to Dismiss Amended Complaint, etc*., *Dam v. Waldron*, Adv. Proc. No. 80-20020, filed on August 24, 2020, AP ECF No. 20. He also moved to

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **19**

withdraw the reference. *Motion for District Court to Withdraw the Bankruptcy Reference, Dam v. Waldron*, Adv. Proc. No. 20-80020, filed on August 24, 2020), Adv. Proc. No. 20-80020, ECF No. 18. In this motion, he claimed that he needed "an Article III court to protect his individual liberty." *Id*. at 8:13-14. And in explaining his preference for an Article III judge over an Article I judge, he wrote, "Article I judges that are creations of the legislature may be more likely to support any statutory securities laws." *Id*., at 9:1-2.

On the same day that Mr. Dam filed his candid explanation for wanting to leave the Bankruptcy Court, he also filed a motion for leave to sue the Trustee in the District Court. *Motion for Leave of Court to Sue Trustee and Counsel, Dam v. Waldron*, Adv. Proc. No. 20-80020, filed on August 24, 2020, ECF No. 19. The Motion begins with a quote from Chief Justice Marshall, "The very essence of civil liberty consists in the right of every individual to claim the protections of the laws whenever he receives an injury." *Id*. at 3:9-11. Mr. Dam has not claimed the protections of the laws. He has engaged in four years of frivolous, harassing and repetitive filings which have cost this estate time and attorneys fees to the detriment of honest creditors who have been waiting six years for a distribution.

On September 17, 2020, the Court dismissed Mr. Dam's amended complaint against the Trustee and PLG for failure to state a claim. *Order Granting Defendant's Motion to Dismiss*, Adv. Pro. N. 20-80020, ECF No. 28. This decision mooted the motions to withdraw the reference and for leave to sue the Trustee in

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **20**

the District Court. Mr. Dam appealed the Court's dismissal of his amended complaint against the Trustee and PLG. The District Court affirmed the Bankruptcy Court's dismissal. *Order Affirming the Bankruptcy Court's Order Granting Appellee's Motion to Dismiss*, U.S. Dist. Ct., EDWA, Case No. 20-351, dated July 30, 2021, D. Ct. ECF No. 15, attached hereto as **Exhibit I**.

As Mr. Dam's appeal to the BAP of the TNT Sale Approval Order and his appeal to the District Court of the dismissal of his adversary proceeding were percolating, Mr. Dam opened a third front: this time centered on the ML Equipment Sale. First, he and a group of alleged WTT Token and miner called into the hearing and disrupted it with loud interruptions. In response, the Court postponed the hearing, which was Mr. Dam's intent.

Then, Jun Dam and a constellation of parties, including John Winslow, filed an Objection to the sale of the ML Equipment asserting without a shred of evidence and despite the dismissal of his amended complaint that "[t]he Trustee and counsel have continued to commit acts of theft and conversion." *Objection to Motion (i) Approving the Sale of Moses Lake Equipment, etc.*, filed on October 8, 2020, ECF No. 753 at 2:1. He also claimed ownership of the equipment on behalf of third parties. He admitted that he had no ownership interest. As with the TNT sale, he presented no evidence of ownership.

The Court approved the ML Equipment Sale finding that it was made in good faith. The Court also ordered the Trustee to "hold the [ML Equipment] Sale

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **21**

proceeds until further Order of this Court so that the ownership rights of creditors in the property sold, if any will, attach to the sales proceeds." *Order: (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, and (iii) Shortening Time to Object*, filed on October 20, 2020, ECF 765 at 4:10-12. Accordingly, the Trustee is holding the $112,000 sales proceeds.

Furthermore, the Court made a docket entry with respect to the administrative claim asserting ownership of the ML Equipment. The docket entry provided that the administrative claim contested matter would be converted to an adversary proceeding. Referring to the Order that the Court would enter, the docket entry reads:

> The order shall recite that the Motion for Administrative Expenses will be considered the complaint in an adversary proceeding upon Mr. Dam filing a case cover sheet, paying the filing fee, and attaching the Motion to the case cover sheet. The trustee's Objection will constitute the answer. The other parties who signed off on the Motion will need to commence their own proceeding which the judge may consolidate later for administrative purposes.

ECF 844, filed on December 17, 2020. On December 22, 2020, the Court entered its *Order Converting Application for Administrative Expenses and Declaratory Relief to an Adversary Proceeding*, providing:

> Upon the entry of this Order, if Mr. Dam wants to pursue his demands set forth in the Application [for administrative expense], he must file an adversary case

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **22**

cover sheet, with the Application attached hereto, and
pay the $350 filing fee.

*Id*., ECF No. 846 at 2, ¶ 3. The Order also prohibited Mr. Dam from representing

others in court without a law license. *Id*., at ¶ 5.

As with the administrative claim asserting ownership of the TNT equipment,

Jun Dam and his committee made no effort to submit proof pursuant to this

procedure. Rather than present their evidence in an adversary proceeding as invited

by the Court, Mr. Dam, Mr. Winslow and other putative ML Equipment owners

unleashed frivolous litigation rehashing arguments that this Court had earlier

rejected and attacking the Trustee and PLG.

Mr. Dam and his cohort appealed the Order approving the ML Equipment

Sale. Notice of Appeal and Statement of Election, filed on October 22, 2020, ECF

No. 770. They also filed two motions to stay the ML Equipment Sale pending

appeal: one in this Court (ECF No. 769) and one in the District Court (D. Ct. Case

No. 2:20-cv-00391-SAB, D.Ct. ECF No. 4, **Exh. A**). The motions were signed by

Mr. Dam, Mr. Winslow and approximately 30 other putative ML Equipment

owners.

Mr. Dam did not file a notice of hearing regarding the first motion to stay

the ML Equipment Sale until two weeks after the sale had closed. *See Notice of*

*Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake*

*Equipment and Related Relief, (ii) Approving Bid Procedures*, filed on December

8, 2020 (ECF No. 831); *Chapter 7 Trustee's Report of Sale of the Moses Lake*

1  *Inventory/ Equipment*, filed on October 23, 2020 (ECF No. 776). Mr. Dam filed

2  his second motion after the sale had closed. *Motion for Stay Pending Appeal of*

3  *Order (i) Approving the Sale of Moses Lake Equipment, etc.*, D.Ct. Case No. 2:20-

4  cv-00391-SAB, filed  on November 2, 2020, D.Ct. ECF No. 4, attached hereto as

5  **Exhibit A**, and supporting memorandum, filed almost a month later on November

6  30, 2024, in the same case, D.Ct. ECF No. 14, attached hereto as **Exhibit B**

7  (without the approximately 300 pages of exhibits with which Mr. Dam burdened

8  the District Court)

9         At oral argument on his motion to stay the ML Equipment Sale filed in this

10  Court, Mr. Dam raised new, late objections to the ML Equipment Sale. This Court

11  held:

12              These late objections included an objection to the form of
              the order approving the sale and an objection to the
13              Trustee's selection of attorney. Notwithstanding the
              failure to timely raise and provide notice of these new
14              complaints, the new objections provide no basis for
              granting the Motion.
15

16  *Id*. at 5,  ¶ 16. Both Courts dismissed these motions. In dismissing Mr. Dam's

17  motion, this Court stated:

18              As a result of the consummation of the sale of the
              equipment before Mr. Dam even noted the Motion for
19              hearing, the Motion was moot. Even if the Motion was

20

21

22

23  CHAPTER 7 TRUSTEE'S
    MOTION FOR A PRE-FILING
24  REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **24**

25

1    timely filed, Mr. Dam presented no evidence that would
     justify a stay.

2   *Order Denying Motion for Stay*, filed on December 11, 2020, ECF No. 836 at 3,

3   ¶ 8. The District Court also dismissed the motion as moot. *Order Denying Motions*

4   *as Moot*, Case No. 2:20-cv-00391-SAB, D. Ct. ECF No. 18, filed on January 21,

5   2021, attached hereto as **Exhibit D**.

6        Because the sale closed before the courts could hear the motion, the motions

7   were futile, suggesting that the point was not to obtain a stay, but to burden two

8   courts and this estate with needless litigation.

9        While fending off the frivolous and harassing ML Equipment Sale filings,

10  the Trustee diligently investigated and developed the case against Perkins. On

11  November 18, 2020, the Trustee commenced the Perkins Adversary. Three weeks

12  later, Mr. Dam filed a copycat complaint. Class Complaint, *Dam v. Perkins*, US

13  D.Ct. EDWA, Case No. 2:20-cv-00464-SAB, ECF No. 1, attached as **Exhibit C**.

14  The Bankruptcy Court found that the first three claims for relief asserted in the

15  WTT Token Class Action violated the automatic stay, but declined to sanction Mr.

16  Dam at that time. *Memorandum Opinion and Order Regarding Stay and Motion*

17  *for Order to Show Cause*, filed on September 27, 2021, ECF No. 921. Mr. Dam

18  dismissed his appeal of this Order with prejudice pursuant to the WTT Token

19  settlement. *Stipulated Dismissal of Consolidated Appeals*, Dam v. Waldron, U.S.

20  D. Ct. EDWA, Case No. 2:21-cv-00291-SAB, filed on June 28, 2024, ECF No. 65,

21  attached hereto as **Exhibit L** and the *Order Granting Dismissal and Closing File*,

22

23  CHAPTER 7 TRUSTEE'S
    MOTION FOR A PRE-FILING
24  REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **25**

25

*Dam v. Waldron*, U.S. D. Ct. EDWA, Case No. 2:21-cv-00291-SAB, filed on August 2, 2024, ECF No. 66, included with **Exhibit L**.

### 4.   *Mr. Dam Lacked an Objective Good Faith Expectation of Prevailing*

Mr. Dam lacked an objective good faith expectation that he would prevail on:

- <u>ECF No. 547</u> - *Application of WTT Token Holders and Miner Owners for Administrative Expense and for Declaratory Relief* (filed April 10, 2020). The Court gave Mr. Dam's ad hoc committee an opportunity to prove their claim. They never did. The lawyer quit, the committee dissolved, and Mr. Dam merely rehashed arguments and attacked the professionals. The failure to even try to present evidence betrays bad faith.

- <u>ECF No. 592</u> - *Response of WTT Token Holders and Miners to Trustee's Motion for Order Approving Sale of TNT Facility and Trailer Equipment Free and Clear of Liens* (filed May 7, 2020). Mr. Dam has never presented any evidence of ownership of the TNT Facility. The objection's timing supports an inference of bad faith. Mr. Dam knew the Trustee was suing David Carlson to recover the TNT Facility for the estate's benefit. Yet, he never intervened or objected to the settlement. He only claimed ownership when the Trustee tried to sell the facility. He tried to use the Trustee and the estate's resources to recover an asset for *his* benefit alone.

- AP ECF No. 1 - *Complaint for Breach of Fiduciary Duty; Professional Negligence; Unjust Enrichment* (filed June 5, 2020). The complaint sued the Trustee for actions taken pursuant to Court Orders. Mr. Dam even complained about the Carlson settlement, despite not having objected to the Trustee's motion for approval of that settlement. He alleged frivolously that PLG owed him a fiduciary duty. The Court dismissed Mr. Dam's complaint for failure to state a claim. *Order Granting Defendant's Motion to Dismiss*, *Dam v. Waldron*, Adv. Proc. No. 20-80020-FBC, filed on September 17, 2020, AP ECF No. 28.

- ECF No. 610 - *Motion to Request Reconsideration of Order Approving Sale of TNT Facility and Trailer Equipment Free and Clear of Liens* (filed June 5, 2020). This motion was filed late (16 days after entry of the TNT Sale Order). In this motion, Mr. Dam rehashed unsuccessful arguments previously made and alleged fraud without evidence. That Court denied this motion. *Order Denying Motion for Reconsideration,* filed on June 18, 2020 ,ECF No. 624.

- ECF No. 626 - *Notice of Appeal and Statement of Election (Order Approving TNT Sale)* (filed June 25, 2020). Mr. Dam had not objected to the TNT Sale. Instead, an ad hoc committee had objected. Nonetheless, Mr. Dam appealed the TNT Sale Order, filing his appeal late. The BAP, ruling against him, held that his allegations against the Trustee and PLG suffered from a "complete failure of proof" and that his other arguments only rehashed earlier ones. Memorandum,

*Dam v. Waldron*, U.S. BAP, 9th. Cir., Case No. 20-1156, BAP ECF No. 20-1 at 12, attached hereto as **Exhibit E.**

- <u>AP ECF No. 10</u> - *Amended Complaint for Breach of Fiduciary Duty; Professional Negligence; Unjust Enrichment; Breach of Contract* (filed July 23, 2020). The Court held, "None of Plaintiff's claims are facially plausible. . . ." Order Granting Motion to Dismiss, filed on September 17, 2020, ECF No. 24 at 18, ¶ 54, and that Mr. Dam simply disagreed with the Trustee's exercise of his business judgment. *Id.*, ECF No. 24 at 14, ¶ 39.

- <u>ECF No. 661</u> - *Objection to Trustee's (1) Application for Award of Compensation and (2) Motion for an Order Authorizing Payment of Previously Awarded But Unpaid Compensation* (filed August 4, 2004). Mr. Dam claimed that the Trustee's fees should not be approved until his frivolous lawsuit against the Trustee and PLG was resolved.

- <u>ECF No. 675</u> - *Motion to Request Reconsideration of Order Awarding Compensation for Services Rendered Pursuant to 11 USC § 330 or § 331* (filed August 18, 2020). Mr. Dam only rehashed arguments previously rejected by the Court. [It was denied] Order Denying Debtor's Motion for Reconsideration, filed on August 24, 2020, ECF No. 684 holding that "the Motion raises no new arguments" and that Mr. Dam's demand for an itemization of the Trustee's fees "places an unnecessary burden on Mr. Waldron" and is not required. *Id.*, at 1, ¶¶ 2-4.

- <u>AP ECF No. 18</u> - *Motion for District Court to Withdraw the Bankruptcy Reference*, Adv. Proc. No. 20-80020 (filed August 24, 2020). Although he requested "an Article III court to protect his individual liberty," *id.*, at 8:13-14, he wanted out of the Article I court because it might "be more likely to support any statutory securities laws. . . ." *Id.*, at 9:1-2. In other words, he wanted to find a Court that was *less likely* to enforce the law. This is an admission of bad faith. This motion was mooted by the dismissal of the adversary for failure to state a claim. Order Granting Defendant's Motion to Dismiss, filed on September 17, 2020, ECF No. 28 at 26, ¶ 31.

- <u>AP ECF No. 19</u> - *Motion for Leave of Court to Sue Trustee and Counsel* (filed on August 24, 2020). This motion was tied to Mr. Dam's motion to withdraw the reference. He had already sued the Trustee in this court. His frivolous suit against the Trustee concerned the administration of the estate and was therefore part of the Court's core jurisdiction. 28 U.S.C. 157(a). There could be no objective good faith basis to believe that the District Court. This motion was mooted by the dismissal of the adversary for failure to state a claim. *Order Granting Motion to Dismiss*, *Dam v. Waldron*, Adv. Case No. 20-80020, filed on September 17, 2020, ECF No. 298 at 26, ¶ 31.

- <u>AP ECF No. 20</u> - *Response to Motion of Mark D. Waldron, Pamela M. Egan, and the Potomac Law Group to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)* (filed August 24, 2020). In this Response, Mr.

Dam tried to buy time by claiming that he would amend his complaint to remedy the fact that neither the Trustee nor PLG were parties to the contract that he alleged they breached. Twenty-four days went by without an amendment. The Court then entered its order dismissing the Complaint, holding that, "[n]one of Plaintiff's claims are facially plausible. . . ." *Order Granting Motion to Dismiss, Dam v. Waldron*, Adv. Case No. 20-80020, filed on September 17, 2020, ECF No. 28 at 18, ¶ 54.

- <u>AP ECF No. 30</u> - *Notice of Appeal and Statement of Election* (filed September 28, 2020) (relating to dismiss of complaint against the Trustee and PLG). The District Court rejected Mr. Dam's allegation that the Court acted with "bias" as well as his frivolous argument that the dismissal should be overturned because the Court had not included Giga Watt as a defendant in the caption of its Order. Order Affirming the Bankruptcy Court's Order Granting Appellees' Motion to Dismiss, Dam v. Waldron, Case No. 2:20-cv-00351-SAB, filed on July 30, 2021, D.Ct. ECF No. 15 at 9-10. attached hereto as **Exhibit I**. The District further stated:

> It is unclear to the Court whether Appellant is arguing that (1) the Bankruptcy Court should have stayed the case and refrained from deciding the Motion to Dismiss because of the Motion to Withdraw or that (2) Appellant's Motion to Withdraw indicated his lack of consent to non-Article III adjudication. . . . ***If it is the former, then Appellant's argument is a non-starter***. Fed. R. Bankr. P. 5011(c) states that filing a motion for withdrawal "shall not stay the administration of the case . . . before the bankruptcy judge except that the

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **30**

> bankruptcy judge may stay . . . proceedings pending disposition of the motion."
>
> But even if it is the latter, the Bankruptcy Court still properly adjudicated Appellees' Motion to Dismiss. . . .

*Id.*, D.Ct. ECF No. 15 at 5:25-28, 6:1-7, **Exh. I**. (Emphasis added.)

- <u>ECF No. 753</u> - *Objection to Motion (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures (iii) Shortening Time to Object* (filed October 8, 2020). Mr. Dam used the objection to the ML Equipment Sale to set up another round of abusive litigation against the estate. He was not a miner and did not have a license to practice law. No one has ever presented any evidence that the miners sold in the ML Equipment sale belonged to anyone but Giga Watt. The Court overruled the objection and approved the sale. *Order (i) Approving the Sale of Moses Lake Equipment, etc.*, filed on October 20, 2020, ECF No. 765.

- <u>ECF No. 758</u> - *Application of WTT Token Holders and Miner Owners for Administrative Expense and for Declaratory Relief* (filed October 15, 2020) (relating to ML Equipment). The fact that no one from Mr. Dam's ad hoc committee commenced an adversary proceeding to establish ownership of ML Equipment, as invited by the Court, suggests that they lacked any evidence tying their ownership interest the machines located at the debtor's Moses Lake facilities. Nonetheless, this did not stop Mr. Dam from appealing the Order approving the sale.

1 • <u>ECF No. 769</u> - *Motion for Stay Pending Appeal of Order (i)*

2 *Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving*

3 *Bid Procedures*, filed on October 22, 2020. Mr. Dam did not have a good faith

4 expectation of prevailing on this motion. The Trustee had filed his report that the

5 sale had closed (ECF No. 776) before Mr. Dam noticed the motion for hearing.

6 (ECF No. 8310). In denying the motion, the Court stated, "Even if the Motion was

7 timely filed, Mr. Dam presented no evidence that would justify a stay." *Order*

8 *Denying Motion for Stay*, filed on December 11, 2020, ECF No. 836 at 3, ¶ 8. Mr.

9 Dam did not intend to win the motion. He intended to burden the Court and harass

10 the Trustee.

11 • <u>ECF No. 770</u> - *Notice of Appeal and Statement of Election (ML*

12 *Equipment Sale Approval Order)* (filed October 22, 2020) Mr. Dam  lacked an

13 objective good faith basis to believe that ownership of the ML Equipment was in

14 bona fide dispute and that therefore the sale should not have been approved until

15 that dispute was resolved. The District Court pointed out this Court's findings that:

16                             Only Trustee Waldron had the keys to the buildings
where the equipment was located; (2) the cryptocurrency

17 miners in the Moses Lake facility were labels "property
of Giga Watt, Inc." and that these labels were affixed

18 before Trustee Waldron was appointed (3) the serials
numbers that Appellants provided to try and prove their

19 ownership of the mining machines could not be matched
to the Moses Lake equipment; (4) no financing

20 statements referencing liens against the miners were on
file with the Washington State Department of Licensing;

21 and (5) Appellants did not try to take to take [sic] control

22

25

1    or possession of the miners, despite their claimed
     ownership of the equipment.

2    *Order Affirming the Bankruptcy Court's Sale Approval Order, Dam v. Waldron*,

3    Case No. 2:20-cv-00391-SAB, filed on July 30, 2021, D.Ct. ECF No. 21, attached

4    hereto as **Exhibit J**. The District Court also held the appeal was moot because the

5    sale had closed.

6    • D. Ct. ECF Nos. 4 and 14 - *Motion to Stay ML Equipment Sale*, US D.

7    Ct. EDWA, *Dam v. Waldron*, Case No. 2:20-cv-00391-SAB, filed on November 2,

8    2020, ECF No. 4, attached as **Exhibit A**, with supporting memorandum filed

9    almost a month later, attached as **Exhibit B** without the approximately 300 pages

10   of exhibits. This was Mr. Dam's second motion to stay the ML Equipment Sale.

11   He filed it before this court decided the motion to stay that he had filed in this

12   Court on October 22, 2020, ECF No. 769. Mr. Dam filed this second motion to

13   stay the ML Equipment sale pending appeal after the sale had closed. Therefore, he

14   could not have had an objective good faith expectation of prevailing on this

15   duplicative The District Court dismissed the Motion as moot. *Order Denying*

16   *Motions as Moot*, *Dam v. Waldron*, Case No. 2:20-cv-00391-SAB, D. Ct. ECF No.

17   18, attached hereto as **Exhibit D**.

18   • D.Ct. ECF No. 1 - *Class Action Complaint,* District Court, Case No.

19   2:20-cv-00464-SAB (filed on December 16, 2020), attached hereto as **Exhibit C**.

20   Mr. Dam's filing of this complaint, which violated the automatic stay to the extent

21   of his first three claims is part of his pattern of claiming that all the assets in this

22

23   CHAPTER 7 TRUSTEE'S
     MOTION FOR A PRE-FILING
24   REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **33**

25

estate belong to him. *Memorandum Opinion and Order Regarding Stay and Motion for Order to Show Cause*, filed on September 26, 2021, ECF No. 921. The Court declined to sanction Mr. Dam for this first violation of the automatic stay.

- <u>BAP ECF No. 25</u> - *Notice of Appeal* (appeal of BAP's affirmance of TNT Sale Order) (filed March 2, 2021), attached as **Exhibit F.** This appeal was late. Therefore, Mr. Dam lacked an objective good faith expectation of prevailing.

- <u>Ct. App 9th Cir ECF No. 3</u> - *Response to Order to Show Cause* (filed March 30, 2021), attached as Exhibit G. Mr. Dam blamed Federal Express for his late filing despite the fact that the court of appeals lacks jurisdiction to create equitable exceptions to the jurisdictional requirement of a timely notice of appeal. *Order*, *Dam v. Waldron*, U.S. Ct. App. 9th Cir., Case No. 21-60016, ECF No. 6, attached as **Exhibit H**.

- <u>ECF No. 1048</u> - *Objection to First and Final Contingency Fee Application of the Potomac Law Group PLLC (Perkins Adversary Proceeding)* (filed on August 22, 2024). Mr. Dam does not have a good faith expectation of prevailing on his objection to the PLG fees. As set forth in the Potomac Law Group's Reply to Jun Dam's Objection to the First and Final Contingency Fee Application of the Potomac Law Group PLLC (Perkins Adversary Proceeding), filed on August 27, 2024, ECF No. 1052, which the Trustee incorporates herein as if set forth fully herein, Mr. Dam released the estate of all claims arising from or related to the facts giving rise to the WTT Token Class Action. The Court held in

the Automatic Stay Order that the facts underlying the WTT Token Class Action related to and were the same as those underlying the Perkins Adversary. Therefore, Mr. Dam released the estate of any claim that he owns the settlement proceeds from the Perkins Adversary.

- ECF No. 1049 - *Declaration of Jun Dam in Support of Objection to Contingency Fee Application* (filed on August 22, 2024). In this declaration, Mr. Dam is evidencing his intent to violate the automatic stay and breach the WTT Token Settlement Agreement which released the estate of all claims relating to the Perkins litigation.

- ECF No. 1051 - *Objection to Order Awarding Compensation for Services Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. § 330 or § 331, and Approving the Payment of Bank Fees* (filed on August 23, 2024) (John Winslow). Jun Dam and John Winslow tag team the estate. Mr. Winslow joins in Mr. Dam's frivolous filings. This filing is consistent with Mr. Dam's pattern of vexatious litigation against the estate, using Mr. Winslow to increase the burden on the Court and the Trustee.

### 5. *Mr. Dam Litigated the Automatic Stay Contested Matter and Settled the Class Action With an Improper Purpose*

Mr. Dam's latest gambit, reneging on his release and attacking the Automatic Stay Order, suggests a long con. Mr. Dam never intended to abide by the Automatic Stay Order or his release in settlement of the dispute relating to the

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **35**

Automatic Stay Order. *See* Stipulation of Settlement, District Court, Case No. 2:20-cv-464-SAB, filed on November 29, 2023, D.Ct. ECF No. 61-4, attached hereto as **Exhibit K** (without Stipulation's exhibits) and Stipulated Dismissal of Consolidated Appeals, District Court, Case No. 2:21-cv-00291-SAB, filed on June 28, 2024, D.Ct. ECF No. 65, and Order Granting Dismissal and Closing File, filed on August 2, 2024, D.Ct. ECF No. 66, attached hereto together as **Exhibit L**.

This Court declined to sanction Mr. Dam or his attorneys for commencing the WTT Token Class Action in violation of the automatic stay. The Court reasoned that the issue had not yet been decided. However, now that the Automatic Stay Order is final and nonappealable and Mr. Dam granted a release, the issue of ownership is clear. Mr. Dam intends to violate the automatic stay generally, the Automatic Stay Order specifically, and his release of the estate.

### 6. *Mr. Dam Uses Lawyers to Tee Up his Frivolous Litigation; Then He Unleashes the Abuse Pro Se*

An attorney filed the administrative claim and objection relating at the beginning of the TNT Facility contested matter, but that attorney resigned shortly before Mr. Dam filed a torrent of frivolous filings relating to the TNT Sale: motion for reconsideration (ECF No. 610), objection to the Trustee's fees (ECF No. 661), lawsuit (Adv. Proc. No. 20-80020, AP, ECF No. 1), opposition to the Trustee's motion to dismiss the lawsuit (*id.*, AP ECF No. 20), motion to withdraw the

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **36**

reference (*id.*, ECF No. 18), motion for leave to sue and two appeals (*id.*, AP ECF No. 19).

Mr. Dam worked with a group of other pro se "ad hoc" committee members to tee up his abusive litigation regarding the ML Equipment.

Mr. Dam worked with an attorney in the WTT Token class action and in unsuccessfully contesting the Trustee's motion to impose the stay and to enjoin the WTT Token Class Action

Consistent with his pattern, Mr. Dam is working with an attorney to tee up his latest round of abusive litigation. An attorney filed the objection to PLG's fees on the now familiar ground of an "ownership" interest. (ECF No. 1048) When this objection is overruled, the Trustee expects that Mr. Dam will move for reconsideration. He will appeal. He will follow through on his threat to sue the Trustee (again) with frivolous allegation. He will move to withdraw the reference again in the hope of finding a judge who he hopes would be less likely to enforce the law.

### 7. Mr. Dam Has Caused Needless Expense to this Estate and Has Posed an Unnecessary Burden on the Courts and Their Personnel.

Mr. Dam's actions have cost the estate $141,833 in fees paid to Counsel during the Chapter 7 case. Of the fees paid to counsel, $94,433 or 38%, are attributable to Mr. Dam's post-conversion frivolous claims, and 19% are attributed to Mr. Dam's litigation with an improper purpose relating to the Automatic Stay

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **37**

Order, the related preliminary injunction adversary proceeding, and the related appeals for a total of 58% of fees. The Trustee's counsel has incurred $150,000 in accrued but unpaid fees relating to Mr. Dam's vexatious litigation in the Chapter 11 case. *See* Egan Declaration, filed herewith. His frivolous and bad faith claim to ownership of the Perkins settlement proceeding threatens to significantly increase these fees, which will deplete the resources of this estate to the detriment of creditors.

He has also delayed this case. The Trustee and his counsel were actively investigating and developing the claims against Perkins while simultaneously defending the estate (and themselves) against his frivolous, harassing and repetitive filings. While the Trustee was able to complete both tasks, it necessarily created delay by consuming bandwidth.

Mr. Dam has burdened this Court, the District Court, the BAP, and the Ninth Circuit with his frivolous, harassing, and repetitive filings. He filed six appeals, four of which he lost, and two of which he dismissed pursuant to his settlement with the Trustee on which he now seeks to renege.

### 8. *The Scope of the Requested Pre-Filing Order is Narrowly Tailored.*

Any pre-filing order must be "narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. Generally, a court must direct a pre-filing order at the particular conduct it has found vexatious. *See generally Molski*, 500 F.3d at 1061.

CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **38**

| | |
|---|---|
| 1 | These terms will generally address the particular burdens imposed by Mr. |
| 2 | Dam's frivolous pleadings: that they have largely lacked any factual or legal basis. |
| 3 | These terms will allow the court to determine quickly whether the issues Mr. Dam |
| 4 | wishes to raise have merit and it will relief the parties from the burden of having to |
| 5 | respond to any unmeritorious arguments, saving their resources as well as those of |
| 6 | the estate. |

### IV. CONCLUSION

Mr. Dam has been afforded leeway as a *pro se* litigant. Over time, however, a pattern has emerged showing an intent to harass the Court and this process.

Mr. Dam's tactics are to object with a claim of ownership and then, rather than prove ownership, file multiple motions and appeals, rehashing the same arguments over and over in a pattern of escalating disregard for the dignity of this Court and the bankruptcy process.

After approving the TNT Sale, the Court provided that its Order was without prejudice to the WTT token/owner ad hoc committee's pending administrative claim. No effort was made to present evidence supporting that claim. Instead, the lawyer quit, the committee dissolved, and Mr. Dam filed duplicative frivolous pleadings. After the ML Equipment sale, the Court provided that the proceeds would be set aside pending proof of ownership. The Court also issued an order converting Mr. Dam's administrative claim to an adversary. He only had to pay the $350 filing to get started. No adversary was ever opened.

1    This conduct raises the inference that Mr. Dam is not trying to establish

2    ownership of anything. He is trying to put as much burden on this Court and the

3    Trustee as possible.

4        Now he is threatening to unleash another round of litigation that will violate

5    the automatic stay generally, the Automatic Stay Order specifically, and the release

6    provided in the WTT Token Settlement Agreement.

7        WHEREFORE, PLG respectfully requests that the Court grant this Motion

8    and grant such other and further relief as the Court deems appropriate and just.

9    Dated: September 3, 2024              POTOMAC LAW GROUP PLLC

10

11                        By:    ____/s/ Pamela M. Egan_____
                                 Pamela M. Egan (WSBA No. 54736)

12                               *Attorneys for Mark D. Waldron, Chapter
                                 7 Trustee*

13

14

15

16

17

18

19

20

21

22

23   CHAPTER 7 TRUSTEE'S
     MOTION FOR A PRE-FILING
24   REVIEW ORDER/SANCTIONS AGAINST JUN DAM -- P a g e | **40**

25