# EXHIBIT J

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 30, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUN DAM, et al., | No. 2:20-CV-00391-SAB |
|       Appellants, | |
|       v. | **ORDER AFFIRMING THE** |
| MARK D. WALDRON, as Chapter 7 Trustee, | **BANKRUPTCY COURT'S SALE** |
| | **APPROVAL ORDER** |
|       Appellee. | |

This matter comes before the Court on Appellants' appeal seeking review of the Bankruptcy Court's Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, and (iii) Shortening Time to Object, which was filed on October 20, 2020. Having considered the briefing, applicable caselaw, and the certified record, the Court affirms the Bankruptcy Court's order.

## Background

The following facts are drawn from Appellants' Opening Brief, ECF No. 17, and Appellee's Response Brief, ECF No. 19.

Debtor Giga Watt was a business that provided cryptocurrency miners access to facilities with cheap power rates around Grant County and Douglas County. Giga Watt built infrastructure within their facilities that could host cryptocurrency mining machines—however, Appellants allege that Giga Watt did

**ORDER AFFIRMING THE BANKRUPTCY COURT'S SALE APPROVAL ORDER** # 1

EXHIBIT J, 1 of 10

1  not actually own the mining machines. Instead, Appellants allege that individual

2  miners who wanted to use Giga Watt's facilities would pre-purchase space in Giga

3  Watt's facilities by buying WTT Tokens (Giga Watt's own cryptocurrency) and

4  then either (1) buy mining machines from other sellers and have the machines

5  shipped to Giga Watt facilities or (2) buy mining machines from Giga Watt, after

6  which Giga Watt would waive the installation fee for equipment from other

7  sources. But Appellants stress that they, as the purchasers, were the rightful owner

8  of the mining machines. Appellants also allege that they have receipts and proof of

9  purchases for these mining machines.

10  However, in 2018, the value of most cryptocurrencies crashed. Additionally,

11  because Giga Watt's facilities were straining the local utilities, the Douglas County

12  Public Utility District reneged on their power service agreement with Giga Watt.

13  Thus, Giga Watt filed for Chapter 11 bankruptcy on November 19, 2018 in the

14  Eastern District of Washington. Appellee Mark D. Waldron ("Trustee Waldron")

15  was appointed as the Chapter 11 Trustee. However, in September 2020, the

16  Bankruptcy Court converted the case to a Chapter 7 bankruptcy and reappointed

17  Trustee Waldron as the Chapter 7 Trustee.

18  On September 23, 2020, Trustee Waldron filed a motion with the

19  Bankruptcy Court, requesting authorization to sell the equipment in the Moses

20  Lake facility. On October 20, 2020, the Bankruptcy Court entered an Order: (i)

21  Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving

22  Bid Procedures, and (iii) Shortening Time to Object (the "Sale Approval Order"),

23  as well as its Findings of Fact and Conclusions of Law in support of the Sale

24  Approval Order. Subsequently, on that same day, Trustee Waldron held an oral

25  auction pursuant to the Sale Approval Order. The auction closed on October 22,

26  2020, and the equipment was sold to the winning bidder for $112,000. Appellants

27  argue that, because the Bankruptcy Court did not issue an order approving the final

28  sale to the winning bidder, they had no opportunity to object to the final sale price.

**ORDER AFFIRMING THE BANKRUPTCY COURT'S SALE APPROVAL ORDER** # 2

EXHIBIT J, 2 of 10

On October 22, 2020 (the day the auction closed), Appellants filed a Notice of Appeal and a Motion for Stay Pending Appeal of the Sale Approval Order. But because Appellants had failed to note the motion for hearing in violation of the Local Bankruptcy Rules, on October 26, 2020, the Bankruptcy Court issued a Notice Re: Failure to Note Motion for Stay Pending Appeal. Appellants then refiled their motion for stay on October 30, 2020, which stated that any objections should be filed by November 22, 2020. But because November 22 was a Sunday, Trustee Waldron filed his objection to the motion for stay on November 23, 2020.

Appellants appealed the Bankruptcy Court's Sale Approval Order to this Court on October 23, 2020. ECF No. 1. Appellants also filed a Motion for Stay in this Court on November 2, 2020, which was almost identical to the Motion for Stay they had filed in the Bankruptcy Court on October 22, 2020. ECF No. 4. The case was originally assigned to Judge Mendoza, but due to his order of recusal, it was reassigned to this Court on November 12, 2020. ECF No. 7. Appellee filed his objection to the motion for stay on November 25, 2020. ECF No. 10.

The Bankruptcy Court held a hearing on Appellants' Motion for Stay Pending Appeal of the Sale Approval Order on December 10, 2020. The Bankruptcy Court then issued an order denying the request for the stay as moot. On January 21, 2021, this Court also denied the request for a stay as moot. ECF No. 18.

Appellants filed their Opening Brief on January 19, 2021. ECF No. 17. Appellee filed his response brief on February 18, 2021. ECF No. 19.

## Legal Standard

A federal district court has jurisdiction to hear appeals of final orders from core bankruptcy proceedings. 28 U.S.C. § 158(a)(1). Core bankruptcy proceedings include matters concerning the administration of the estate and orders regarding the sale, use, or lease of property. 28 U.S.C. § 157(b)(2). The district court reviews bankruptcy appeals under traditional appellate standards. *Stern v. Marshall*, 564

**ORDER AFFIRMING THE BANKRUPTCY COURT'S SALE APPROVAL ORDER** # 3

1 U.S. 462, 474–75 (2011). The district court shall not set aside the bankruptcy

2 court's findings of fact unless they are clearly erroneous. *Id.* at 487; *see also* Fed.

3 R. Bankr. P. 8013. However, the district court reviews the bankruptcy judge's

4 decision to grant a motion to dismiss *de novo*. *In re Warren*, 568 F.3d 1113, 1116

5 (9th Cir. 2009). In reviewing decisions of the bankruptcy court, the district court

6 can affirm or reverse on any basis supported by the record, even if different from

7 that relied on by the bankruptcy court. *See In re Frontier Properties, Inc.*, 979 F.2d

8 1358, 1364 (9th Cir. 1992).

9        A bankruptcy court's order authorizing a sale of property pursuant to 11

10 U.S.C. § 363 is reviewed for abuse of discretion. *In re Lahijani*, 325 B.R. 282, 287

11 (B.A.P. 9th Cir. 2005). A bankruptcy court abuses its discretion if it fails to apply

12 the correct law or rests its decision on a clearly erroneous finding of material fact.

13 *In re Popp*, 323 B.R. 260, 265 (B.A.P. 9th Cir. 2005) (internal quotations and

14 citations omitted).

15                                 **Discussion**

16        Appellants argue that the Bankruptcy Court erred in the following ways:

17 (1) allowing Trustee Waldron to sell the Moses Lake equipment free and clear of

18 all liens when the Bankruptcy Court had not yet ruled on whether Appellants'

19 asserted property interest was in bona fide dispute pursuant to 11 U.S.C. §

20 363(f)(4); (2) allowing Trustee Waldron to sell the Moses Lake equipment free and

21 clear of all liens when the Bankruptcy Court had not yet determined whether

22 Appellants could be compelled to accept monetary payment pursuant to 11 U.S.C.

23 § 363(f)(5); (3) allowing Trustee Waldron to sell the Moses Lake equipment, even

24 though 11 U.S.C. § 363(e) prohibits sales until there is adequate protection of

25 creditors' property interests; and (4) determining that Trustee Waldron had

26 provided sufficient proof of adequate protection under 11 U.S.C. § 363(p). ECF

27 No. 17.

28

**ORDER AFFIRMING THE BANKRUPTCY COURT'S SALE APPROVAL
ORDER** # 4                                                    EXHIBIT J, 4 of 10

1    Appellee in response argues that (1) the sale of the Moses Lake equipment is

2  statutorily moot pursuant to 11 U.S.C. § 363(m); (2) the sale is equitably moot; (3)

3  contrary to Appellants' assertion, the Bankruptcy Court did determine that asserted

4  property interests were in bona fide dispute; (4) Appellants submitted proofs of

5  claims in Bankruptcy Court requesting monetary satisfaction of their interests,

6  which is sufficient to satisfy 11 U.S.C. § 363(f)(5); (5) any property interests that

7  Appellants might have are adequately protected because they can attach to the sale

8  proceeds; and (6) Appellants are equitably estopped from pursuing this appeal

9  because they are unlawfully practicing law without a license.[1] ECF No. 19.

10    For the reasons discussed below, the Court affirms the Bankruptcy Court's

11  Sale Approval Order.

12    1.    Whether the Bankruptcy Court erred in authorizing the sale of the

13        Moses Lake equipment pursuant to 11 U.S.C. § 363(f)(4)

14    11 U.S.C. § 363(f)(4) states that a trustee may sell property free and clear of

15  any interest if the alleged interest is in bona fide dispute. The rationale behind

16  § 363(f)(4) is to ensure that liquidation of a bankrupt estate's assets is not

17  unnecessarily delayed while property interests that are disputed by the estate

18  representative are being litigated. *In re Clark*, 266 B.R. 163, 171 (B.A.P. 9th Cir.

19  2001). Typically, if a property is sold pursuant to § 363(f)(4), the bankrupt estate

20  _____

21  [1] A litigant in federal court has a statutory right to self-representation. *See* 28

22  U.S.C. § 1654. "[W]hile a non-attorney may appear pro se on his own behalf, he

23  has no authority to appear as an attorney for others than himself." *Johns v. County*

24  *of San Diego*, 114 F.3d 874, 877 (9th Cir.1997) (citing *C.E. Pope Equity Trust v.*

25  *United States*, 818 F.2d 696, 697 (9th Cir. 1987). In this matter, Appellants are

26  representing themselves, and only themselves, *pro se*. Appellee has proffered no

27  evidence to indicate otherwise. Accordingly, this argument is rejected with

28  prejudice.

**ORDER AFFIRMING THE BANKRUPTCY COURT'S SALE APPROVAL ORDER** # 5

1  will hold the proceeds of the sale subject to the disputed property interests and then

2  will distribute the proceeds once the disputes have been resolved. *Id.*

3    However, in order to authorize a sale pursuant to § 363(f)(4), the bankruptcy

4  court must first determine whether the property to be sold is (1) the property of the

5  bankrupt estate or (2) that any alleged property interest is in bona fide dispute by

6  the estate. A bona fide dispute exists when there is an objective basis for a factual

7  or a legal dispute related to the validity of the alleged property interest. *In re*

8  *Vortex Fishing Sys., Inc.*, 277 F.3d 1057, 1064 (9th Cir. 2002). The bankruptcy

9  court is not required to adjudicate the outcome of the bona fide dispute before

10 authorizing a sale pursuant to § 363(f)(4)—it must merely determine whether a

11 bona fide dispute is present. *Id.*

12    Here, the Bankruptcy Court's authorization of the Moses Lake equipment

13 pursuant to 11 U.S.C. § 363(f)(4) was proper because there was an objective basis

14 for determining that Appellants' alleged property interests were in bona fide

15 dispute. In his Findings of Fact and Conclusions of Law in Support of the Sale

16 Approval Order, Bankruptcy Judge Frederick P. Corbit found that the Moses Lake

17 equipment was part of the bankrupt estate because (1) only Trustee Waldron had

18 the keys to the buildings where the equipment was located; (2) the cryptocurrency

19 miners in the Moses Lake facility were labeled "Property of Giga Watt, Inc." and

20 that these labels were affixed before Trustee Waldron was appointed; (3) the serial

21 numbers that Appellants provided to try and prove their ownership of the mining

22 machines could not be matched to the Moses Lake equipment; (4) no financing

23 statements referencing liens against the miners were on file with the Washington

24 State Department of Licensing; and (5) Appellants did not try to take to take

25 control or possession of the miners, despite their claimed ownership of the

26 equipment. This is sufficient evidence to create an objective basis for finding that

27 Appellants' asserted interests in the Moses Lake equipment were in bona fide

28 dispute. *C.f. In re Federico*, No. 07-21245-B-7, 2009 WL 2905855, at *1–3 (E.D.

**ORDER AFFIRMING THE BANKRUPTCY COURT'S SALE APPROVAL
ORDER** # 6

EXHIBIT J, 6 of 10

1    Cal. Sept. 8, 2009) (finding no bona fide dispute when most of the disputed

2    property was registered in the debtor's name and the only evidence the creditor

3    provided to support his property interest was his own declaration).

4              2.       Whether the Bankruptcy Court erred in authorizing the sale of the

5                       Moses Lake equipment pursuant to 11 U.S.C. § 363(f)(5)

6        11 U.S.C. § 363(f)(5) states that a trustee may sell property free and clear of

7    any interest if the person asserting the interest can be compelled to accept a money

8    satisfaction of their interest in a legal or equitable proceeding. Courts generally

9    interpret "can be compelled to accept a money satisfaction" loosely. *See*, *e.g.*, *In re*

10   *MMH Auto. Grp., LLC*, 385 B.R. 347, 371 (Bankr. S.D. Fla. 2008), *as*

11   *amended* (Mar. 18, 2008) ("The phase 'could be compelled' has been interpreted to

12   mean that, on a hypothetical basis, a creditor could be required to accept money in

13   satisfaction of its interest, not that the condition must actually have occurred."); *In*

14   *re Love*, 553 B.R. 54, 59 (Bankr. D.S.C. 2016) (stating that the hypothetical

15   proceeding for money satisfaction needs to be at least legally possible). Thus,

16   courts look at whether the applicable law provides for money damages based on

17   the creditor's claim/property interest and whether damages are appropriate under

18   the circumstances. *See In re Signature Devs., Inc.*, 348 B.R. 758, 764 (Bankr. E.D.

19   Mich. 2006); *see also In re Trans World Airlines, Inc.*, 322 F.3d 283, 290–91 (3d

20   Cir. 2003) (finding that creditors' travel vouchers and EEOC claims still fell under

21   the scope of § 363(f)(5) because they could be reduced to a specific monetary

22   value, even though the creditors sought injunctive relief); *contra Gouveia v.*

23   *Tazbir*, 37 F.3d 295, 299 (7th Cir. 1994) (finding that creditors' claims could not

24   be subject to monetary satisfaction because the covenant did not allow the

25   breaching party to force the creditors to forego injunctive relief and accept

26   damages).

27       Here, the Bankruptcy Court's authorization of the Moses Lake equipment

28   pursuant to 11 U.S.C. § 363(f)(5) was proper because Appellants' asserted

**ORDER AFFIRMING THE BANKRUPTCY COURT'S SALE APPROVAL**
**ORDER** # 7                                              EXHIBIT J, 7 of 10

1  property interests are subject to monetary satisfaction. In his Findings of Fact and

2  Conclusions of Law in Support of the Sale Approval Order, Judge Corbit noted

3  that "[t]he disputed ownership claims of creditors are adequately protected by the

4  order approving the sale of the Moses Lake equipment providing that ownership

5  rights, if any, will attach to the proceeds." Additionally, several Appellants

6  submitted proofs of claim in the bankruptcy, which specified the dollar amount

7  they believed they were owed. Thus, Appellants' claims are subject to monetary

8  valuation under 11 U.S.C. § 363(f)(5).

9      3.    <u>Whether Appellants' asserted property interests were adequately</u>

10          <u>protected in the sale</u>

11      Appellants' asserted property interests were adequately protected through

12  the sale of the Moses Lake equipment. As discussed above, Judge Corbit

13  specifically found that Appellants' interests were adequately protected because any

14  property interest found to be legitimate would attach to the sale proceeds.

15  Moreover, allowing a creditors' interest to attach to sale proceeds is common

16  procedure in bankruptcy proceedings. *See, e.g.*, *In re Clark*, 266 B.R. at 171.

17      4.    <u>Whether the sale of the Moses Lake equipment is moot</u>

18      There are two forms of mootness for bankruptcy court: statutory and

19  equitable mootness. A sale in a bankruptcy proceeding is statutorily moot if the

20  purchaser bought the property in good faith and the authorization of the sale was

21  not stayed pending appeal. 11 U.S.C. § 363(m) (stating that—even if the district

22  court reverses the bankruptcy court's authorization of a sale—if the purchaser

23  bought the property in good faith and the authorization was not stayed pending

24  appeal, the reversal does not affect the validity of the sale). A sale in a bankruptcy

25  proceeding is equitably moot if the court determines that the value of finality in

26  bankruptcy renders it inequitable to consider an appeal of the sale approval order.

27  *In re Roberts Farms, Inc.*, 652 F.2d 793, 798 (9th Cir. 1981).

28

**ORDER AFFIRMING THE BANKRUPTCY COURT'S SALE APPROVAL
ORDER** # 8

1    When determining whether a sale is equitably moot, courts consider whether

2  a stay was sought; whether the sale has been substantially consummated; whether

3  third party rights have intervened; and whether any relief can be provided

4  practically and equitably. *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir.

5  2012). If an appellant failed to seek a stay of the sale approval order pending

6  appeal and there has been a substantial change in circumstances since the sale, a

7  district court can affirm the bankruptcy court's decision based on equitable

8  mootness. *In re Roberts Farms, Inc.*, 652 F.2d at 798.

9    Here, the Court finds that the sale of the Moses Lake equipment is both

10  statutorily and equitably moot. Under § 363(m), a reversal of the Sale Approval

11  Order would not affect the validity of the sale because (1) Judge Corbit found that

12  sale was negotiated at arms' length; (2) the parties were acting in good faith; and

13  (3) Appellants were unsuccessful in seeking a stay pending appeal. Moreover, the

14  sale is equitably moot because it would be impracticable, if not impossible, to

15  fashion relief. Appellee states that the cryptocurrency miners in question are "made

16  up of thousands of small computers that since the closing could have been resold,

17  installed in densely-packed crypto-mining sheds, dismantled, and/or repurposed."

18  ECF No. 19 at 7-8. Thus, the Court affirms the Bankruptcy Court's Sale Approval

19  Order of the Moses Lake equipment.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

**ORDER AFFIRMING THE BANKRUPTCY COURT'S SALE APPROVAL ORDER** # 9

1     Accordingly, **IT IS HEREBY ORDERED:**

2     1.     The Bankruptcy Court's October 20, 2020 Order (i) Approving the

3 Sale of Moses Lake equipment and Related Relief, (ii) Approving Bid Procedures,

4 and (iii) Shortening Time to Object is **AFFIRMED**.

5     **IT IS SO ORDERED.** The District Court Clerk is hereby directed to file

6 this Order, provide copies to the parties and the Clerk of the Bankruptcy Court, and

7 **close** the file.

8     **DATED** this 30th day of July 2021.

9

10

11

12 

13

14             Stanley A. Bastian
            Chief United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER AFFIRMING THE BANKRUPTCY COURT'S SALE APPROVAL ORDER** # 10                   EXHIBIT J, 10 of 10