1

Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
2212 Queen Anne Ave. N., #836
Seattle, WA 98109
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
  *Counsel for Mark D. Waldron, Chapter 7 Trustee*

2

3

4

5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

6

7

| In re: | Case No. 18-03197 FPC 7 |
|---|---|
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| | **NOTICE OF MOTION AND MOTION OF THE POTOMAC LAW GROUP PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R. CAMERON PURSUANT TO BANKRUPTCY RULE 9011; NOTICE THEREON** |

8

9

10

11

12

13

14

<u>**NOTICE**</u>

15

Please take notice that the Potomac Law Group PLLC is filing this *Motion of the Potomac Law Group PLLC for Sanctions Against Hanson Baker Ludlow Drumheller, P.S., Lacee L. Curtis, and Douglas R. Cameron Pursuant to Bankruptcy Rule 9011* (the "<u>Motion</u>"). The Motion requests sanctions as set forth below.

16

17

18

19

20

If you wish to object to the Motion, you must file with the U.S. Bankruptcy Court, Eastern District of Washington, 904 West Riverside Avenue Suite 304,

21

22

MOTION FOR ORDER
OF RULE 9011 SANCTIONS
AGAINST HANSON BAKER, ET AL - P a g e | **1**

23

24

25

Spokane, WA 99201 and serve upon undersigned an objection. The deadline to file an objection is September 27, 2024. If a timely objection is filed and served, the movant will obtain a hearing date and serve notice thereof. The Court may enter an Order without further notice or hearing unless a written objection is timely served and filed.

## **MOTION**

If Lacee L. Curtis, Douglas R. Cameron and Hanson Baker Ludlow Drumheller, P.S. (collectively, "Hanson Baker") had conducted a reasonable inquiry before filing the *Objection to First and Final Contingency Fee Application of the Potomac Law Group PLLC (Perkins Adversary Proceeding)* (the "Objection") on August 22, 2024, ECF No. 1048, they would have learned that:

1. The Objection was being presented for the improper purpose of harassing the Court, the estate, the Trustee, and PLG as set forth in the *Chapter 7 Trustee's Motion for a Pre-Filing Review Order and/or Sanctions Against Jun Dam*, filed in the bankruptcy case on September 3, 2024 (ECF No. 1056), incorporated herein by reference as if set forth fully herein.

2. The legal contentions made in the Objection contradict and violate: (a) the Automatic Stay Order, (b) the automatic stay provisions of the Bankruptcy Code, which are self-executing, 11 U.S.C. § 362, and (c) the WTT Token Settlement Agreement, as set forth more fully in the

MOTION FOR ORDER
OF RULE 9011 SANCTIONS
AGAINST HANSON BAKER, ET AL - P a g e | **2**

*Potomac Law Group's Reply to Jun Dam's Objection to the First and Final Contingency Fee Application of the Potomac Law Group PLLC (Perkins Adversary Proceeding)*, filed on August 27, 2024, ECF No. 1052, incorporated herein by reference as if set forth fully herein.

3.  There is no support for Mr. Dam's contention that he owns the Perkins settlement proceeds.

Filing the Objection violated Bankruptcy Rule 9011(b) pursuant to which Hanson Baker certified that the Objection was presented with a proper purpose and that there was reasonable support in the law and evidence to support the Objection.

Hanson Baker's certification was false. Hanson Baker has assisted Mr. Dam with teeing up his fourth round of vexatious litigation against this estate using the same tactic: an objection, a claim of ownership, and rounds of frivolous, rehashed arguments devoid of any proof of ownership. This conduct causes detriment to creditors who have been waiting nearly six years to be paid. Hanson Baker's gambit attempts to delay that even further with a filing that is contemptuous, improper and frivolous.

This Motion complies with the safe harbor provision of Rule 9011(a)(1)(C). On September 3, 2024, PLG sent a letter to Hanson Baker Ludlow Drumheller, P.S., Lacee L. Curtis, and Douglas R. Cameron requesting that they withdraw the Objection by September 6, 2024, 5:00 p.m., Pacific Time. PLG enclosed the Motion and stated that they would file the Motion if the Objection was not

1  withdrawn, as requested. The Objection was not withdrawn by September 6, 2024,

2  5:00 p.m. Egan Declaration, filed herewith.

3       PLG requests that the Court find that the foregoing period of time to

4  withdraw the Objection was appropriate and sufficient, under the circumstances.

5       PLG requests that the Court impose an appropriate sanction. Pursuant to

6  Bankruptcy Rule 9011 "[a] sanction imposed for violation of this rule shall be

7  limited to what is sufficient to deter repetition of such conduct or comparable

8  conduct by others similarly situated."

9       This case is at an inflection point. The Trustee intends to make a distribution

10  to creditors pursuant to the priority scheme of the Bankruptcy Code. Mr. Dam

11  intends to consume and tie up the estate's funds in vexatious litigation. It is

12  important to send a signal to future law firms whom Mr. Dam might contact by

13  sanctioning Hanson Baker at this time. Imposing a monetary sanction against

14  Hanson Baker will deter repetition of this and comparable conduct by Hanson

15  Baker and other law firms.

16       PLG requests that the Court impose a monetary sanction in the amount of

17  attorneys' fees and costs that the Objection has caused PLG to accrue in the case.

18       [*This Motion continues on the next page*.]

19

20

21

22

23  MOTION FOR ORDER
    OF RULE 9011 SANCTIONS
24  AGAINST HANSON BAKER, ET AL - P a g e | **4**

25

1      WHEREFORE, PLG requests that the Court grant the Motion, impose an

2  appropriate sanction against Hanson Baker as requested herein, and grant such

3  other and further relief as the Court deems appropriate and just.

4  Dated:  September 6, 2024          POTOMAC LAW GROUP PLLC

5

6                       By:  /s/ Pamela M. Egan
                          Pamela M. Egan (WSBA No. 54736)

7                          *Attorneys for Mark D. Waldron, Chapter 7*
                          *Trustee*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  MOTION FOR ORDER
    OF RULE 9011 SANCTIONS

24  AGAINST HANSON BAKER, ET AL - P a g e | **5**

25