1
Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
2
2212 Queen Anne Ave. N., #836
Seattle, WA 98109
3
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
4
  *Counsel for Mark D. Waldron, Chapter 7 Trustee*

5
## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON
6

7
In re:                                        Case No. 18-03197 FPC 7

8
GIGA WATT, Inc., a                            The Honorable Frederick P. Corbit
Washington corporation,
9
                    Debtor.                    Chapter 7

10
                                              **CHAPTER 7 TRUSTEE'S MOTION**
                                              **FOR SANCTIONS AGAINST JOHN T.**
11
                                              **WINSLOW**

12

13

14

15

16

17

18

19

20

21

22

23
CHAPTER 7 TRUSTEE'S
24
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW
25

# **TABLE OF CONTENTS**

I.    INTRODUCTION...................................................................................... 1

II.   RELIEF REQUESTED .......................................................................... 2

III.  APPLICABLE LAW .............................................................................. 2

IV.   NOTICE IS SUFFICIENT ..................................................................... 4

V.    THE RECORD IS ADEQUATE ............................................................. 4

VI.   MR. WINSLOW'S PATTERN OF UNREASONABLE, VEXATIOUS,

      AND BAD FAITH LITIGATION ........................................................... 7

VII.  THE RECORD IS ADEQUATE ........................................................... 19

VIII. CONCLUSION ..................................................................................... 24

TABLE OF CONTENTS/
AUTHORITIES/EXHIBITS - i

# <u>TABLE OF AUTHORITIES</u>

<u>C</u><u>ASES</u>

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123,
115 L. Ed. 2d 27 (1991) ...................................................................... 2

*Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001) ........................................... 3

*In re Itel Securities Litigation,* 791 F.2d 672 (9th Cir. 1986) ................................ 3

*Lipsig v. National Student Mktg. Corp.,* 663 F.2d 178 (D.C. Cir. 1980) ............... 3

*Lozano v. Cabrera*, No. 22-55273,
2023 WL 2387583 (9th Cir. Mar. 7, 2023) ........................................... 4

*Masolosalo by Masolosalo v. Stonewall Insurance Company,*
718 F.2d 955 (9th Cir. 1983) ................................................ 3

*New Alaska Dev. Corp. v. Guetschow,* 869 F.2d 1298 (9th Cir. 1989).................. 4

*Trulis v. Barton*, 107 F.3d 685 (9th Cir. 1995)...................................... 18

*Wages v. I.R.S.*, 915 F.2d 1230 (9th Cir. 1990) ...................................... 3

*Wood v. Santa Barbara Chamber of Commerce, Inc.*,
699 F.2d 484 (9th Cir. 1983) (*cert denied*), 465 U.S. 1080,
104 S. Ct. 1445, 79 L.Ed.2d 765 (1984) ............................................. 4

<u>S</u><u>TATUTES</u>

28 U.S.C. § 1927 ...................................................................... 2, 3

TABLE OF CONTENTS/
AUTHORITIES/EXHIBITS - ii

**LIST OF EXHIBITS**

*Documents Filed in Courts Other Than This Court*

*(Documents Filed in this Court Are <u>Not</u> Attached as Exhibits)*

| Document Title | Exhibit |
|---|---|
| D.Ct. ECF No. 4 - Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures [#2],  District Court, *Dam v. Waldron*, D.Ct. Case No. 2:20-cv-00391-SAB (filed November 2, 2020) | **A** |
| D.Ct. ECF No. 14 - Memorandum in Support of Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures [#2], District Court, *Dam v. Waldron*, D.Ct. Case No. 2:20-cv-00391-SAB (without the approx. 300 pages of exhibits) (filed November 30, 2020) | **B** |
| D.Ct. ECF No. 17 - Appellant's Opening Brief  [ML Equipment Sale Appeal], District Court, *Dam v. Waldron*, D.Ct. Case No. 2:20-cv-00391-SAB (filed January 19, 2021) | **C** |
| D.Ct. ECF No. 18 - Order Denying Motions as Moot, District Court, *Dam v. Waldron*, D.Ct. Case No. 2:20-cv-00391-SAB (relating to second motion to stay ML Equipment sale) (filed  January 21, 2021) | **D** |

| | | |
|---|---|---|
| D.Ct. ECF No. 21 - Order Affirming the Bankruptcy Court's Sale Approval Order, District Court, *Dam v. Waldron*, D.Ct. Case No. 2:20-cv-00391-SAB (ML Equipment Sale appeal) (filed July 30, 2021) | **E** | |
| D.Ct. ECF No. 61-4 - Stipulation of Settlement, District Court, *Blomquist and Dam v. Perkins, et al.*, D.Ct. Case No. 2:20-cv-464-SAB (filed November 29, 2023) (without attached exhibits) | **F** | |
| D.Ct. ECF No. 83 - Order Granting Final Approval of Class Action Settlement, District Court, *Blomquist and Dam v. Perkins, et al.*, D.Ct. Case No. 2:20-cv-00464-SAB (filed May 23, 2024) | **G** | |
| D.Ct. ECF No. 65 - Stipulated Dismissal of Consolidated Appeals, District Court, *Dam v. Waldron*, Case No. 2:21-cv-00291-SAB (filed June 28, 2024) together with D.Ct. ECF No. 66, Order Granting Dismissal and Closing File, District Court, *Dam v. Waldron*, D.Ct. Case No. 2:21-cv-00291-SAB (filed August 2, 2024) | **H** | |

TABLE OF CONTENTS/
AUTHORITIES/EXHIBITS - iv

# I.     INTRODUCTION

Mr. Winslow has kept a lower public profile than Jun Dam. However, he has been and remains an active participant in Jun Dam's bad faith, frivolous, and harassing litigation in this case. Mr. Winslow repeats arguments that the Court has already rejected. And he lies in wait for the Trustee to recover assets before asserting that they belong to him. He, like Jun Dam, is reneging on his word.

Specifically, Mr. Winslow signed the administrative claim and objection that teed up Mr. Dam's frivolous litigation relating to the TNT Sale and against the Trustee.[1] He signed all the documents in the frivolous and bad faith litigation relating to the ML Equipment Sale. Now he is tag teaming with Mr. Dam to sue the estate to recover the $3 million Perkins settlement in a direct and brazen violation of the WTT Token Settlement Agreement release.

Sanctions are necessary to deter him from future misconduct, particularly in light of his threat to commence a new round of bad faith litigation.

The Trustee incorporates by reference as if set forth fully herein the *Chapter 7 Trustee's Motion for a Pre-Filing Review Order and/or Sanctions Against Jun Dam*, filed on September 3, 2024 (ECF No. 1056) and *Potomac Law Group's Reply to Jun Dam's Objection to the First and Final Contingency Fee Application*

---

[1] Because the Court is familiar with the facts of this case, this Motion does not define common terms such as the TNT Sale, the ML Equipment Sale, the WTT Token Settlement Agreement, the WTT Token Class Action or the Perkins Adversary. "District Court" refers to the U.S. District Court, Eastern District of Washington.

CHAPTER 7 TRUSTEE'S
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW -- P a g e | **1**

*of the Potomac Law Group PLLC (Perkins Adversary Proceeding)*, filed on

August 27, 2024 (ECF No. 1052).

## II.    RELIEF REQUESTED

The Trustee requests monetary sanctions against Mr. Winslow pursuant to

the Court's inherent powers and pursuant to 28 U.S.C. § 1927.

The Trustee requests that Mr. Winslow be required by the Court to pay to

the estate the attorneys' fees reasonably incurred because of Mr. Winslow's bad

faith and vexatious conduct. As set forth in the Egan Declaration, filed herewith,

these fees are in the following amounts as of September 5, 2024. The Trustee will

seek additional fees as they accrue:

| | |
|---|---|
| Chapter 11 Fees (accrued and unpaid): | $40,936.50 |
| Chapter 7 Fees (accrued and paid): | $24,720.00 |
| Chapter 7 Fees Incident to the tandem Objections of Messrs. Winslow and Dam and related sanctions motions (8/23/24 to 9/5/24; this amount is accruing): | $46,040.00 |
| | **$111,696.50** |

## III.    APPLICABLE LAW

The Court has authority to sanction Mr. Winslow under both its inherent

powers and 28 U.S.C. § 1927. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.

Ct. 2123, 115 L. Ed. 2d 27 (1991) (holding that a federal court can sanction a party

by means of both its inherent power and the statute).  The inherent power "extends

to a full range of litigation abuses." *Chambers*, 501 U.S. at 46-47. However, bad

faith or willful disobedience of a Court order is required. *Id.* at 501 U.S. at 46–47.

"For purposes of imposing sanctions under the inherent power of the court, a

CHAPTER 7 TRUSTEE'S
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW -- P a g e | **2**

finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.'" *In re Itel Securities Litigation,* 791 F.2d 672 (9th Cir. 1986) (*quoting Lipsig v. National Student Mktg. Corp.,* 663 F.2d 178, 182 (D.C. Cir. 1980) (per curiam)). *See also Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) ("Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."). A finding of bad faith under the court's inherent power "will be overturned only if clearly erroneous." *Masolosalo by Masolosalo v. Stonewall Insurance Company,* 718 F.2d 955, 957 (9th Cir. 1983) (superseded by rule on other grounds).

Section 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Under Ninth Circuit law, section 1927 may be used to impose costs and attorneys' fees on *pro se* litigants who "unreasonably and vexatiously" multiply the proceedings. *See e.g., Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) (*citing Wood v. Santa Barbara Chamber of Commerce, Inc.*, 699 F.2d 484, 485-86 (9th Cir. 1983) (*cert denied*), 465 U.S. 1080, 104 S. Ct. 1445,

CHAPTER 7 TRUSTEE'S
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW -- P a g e | **3**

79 L.Ed.2d 765 (1984)) Whether to impose sanctions rests within the Court's discretion. *Lozano v. Cabrera*, No. 22-55273, 2023 WL 2387583, at *1 (9th Cir. Mar. 7, 2023)

"Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow,* 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (internal quotation marks omitted).

## IV.   NOTICE IS SUFFICIENT

The Trustee is serving this motion on Mr. Winslow. This motion specifically outlines the conduct that justifies the requested sanction. Mr. Winslow may file a written response and request a hearing. This is sufficient and adequate notice.

## V.   THE RECORD IS ADEQUATE

The Trustee submits the following list of filings by Mr. Winslow that have (1) so multiplied the proceedings in this case unreasonably and vexatiously that sanctions against Mr. Winslow are justified and/or (2) justify a finding that Mar. Winslow has acted in bad faith in this case sufficient to sanction him.

| **Filing** | **Court** |
|---|---|
| **1.** <u>ECF No. 547</u> - Application of WTT Token Holders and Miner Owners for Administrative Expense and for Declaratory Relief (filed April 10, 2020) | This Court, Main Case |

CHAPTER 7 TRUSTEE'S
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW -- P a g e | **4**

| | **Filing** | **Court** |
|---|---|---|
| **2.** | ECF No. 592 - Response of WTT Token Holders and Miners to Trustee's Motion for Order Approving Sale of TNT Facility and Trailer Equipment Free and Clear of Liens (filed May 7, 2020) | This Court, Main Case |
| **3.** | ECF No. 753 - Objection to Motion (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures (iii) Shortening Time to Object (filed October 8, 2020) | This Court, Main Case |
| **4.** | ECF No. 758 - Application of WTT Token Holders and Miner Owners for Administrative Expense and for Declaratory Relief (filed October 15, 2020) | This Court, Main Case |
| **5.** | ECF No. 769 - Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures [#1] (filed October 22, 2020) | This Court, Main Case |
| **6.** | ECF No. 770 - Notice of Appeal and Statement of Election [Appeal of ML Equipment Sale Approval Order] (filed October 22, 2020) | This Court, Main Case |

| **Filing** | **Court** |
|---|---|
| **7.** <u>D. Ct. ECF No. 4</u> - Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures [#2] (filed November 2, 2020) | District Court, Case No. 2:20-cv-00391-SAB |
| **8.** <u>ECF No. 805</u> - Memorandum in Support of Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures [#1] (filed November 17, 2020 | This Court, Main Case |
| **9.** <u>D. Ct. ECF No. 14</u> - Memorandum in Support of Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures [#2] (filed November 30, 2020) | District Court, Case No. 2:20-cv-00391-SAB |
| **10.** <u>D. Ct. ECF No. 17</u> - Appellant's Opening Brief (ML Equipment Sale appeal) (filed January 19, 2021) | District Court, Case No. 2:20-cv-00391-SAB |
| **11.** <u>D.Ct. ECF No. 61-4</u> - Stipulation of Settlement (filed November 29, 2023) | District Court, *Dam v. Perkins*, Case No. 2:20-cv-464-SAB |

| Filing | Court |
|---|---|
| **12.** ECF No. 1051 - Objection to Order Awarding Compensation for Services Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. § 330 or § 331, and Approving the Payment of Bank Fees (filed by John Winslow) (filed August 23, 2024) | This Court, Main Case |

## VI. MR. WINSLOW'S PATTERN OF UNREASONABLE, VEXATIOUS, AND BAD FAITH LITIGATION

In April 2020, an *ad hoc* committee filed an administrative claim allegedly arising from the Trustee's use of the Debtor's facilities. *Application of WTT Token Holders and Miner Owners for Administrative Expense and for Declaratory Relief*, filed April 10, 2020, ECF No. 547. This committee also objected to the TNT Sale alleging ownership of the facility. *Response of WTT Token Holders and Miners to Trustee's Motion for Order Approving Sale of TNT Facility and Trailer Equipment Free and Clear of Liens*, filed on May 7, 2020, ECF No. 592.

While Mr. Dam filed the documents, Mr. Winslow was the leader behind the scenes. John Winslow was the Governor of this ad hoc committee, which means he

*[This Motion continues on the following page.]*

CHAPTER 7 TRUSTEE'S
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW -- P a g e | **7**

was a director. *See* Corporations and Charities System (wa.gov)[2], last accessed on

September 5, 2024; RCW 23.95.105 (defining "governor" as "[a] director of a

nonprofit corporation"). *See also Declaration of Samuel J. Dart in Support of*

*Application for Administrative Expense and for Declarator Relief*, filed on May 8,

2020, ECF No. 593 at 4 (showing Mr. Winslow as the governor of this ad hoc

committee).

Mr. Winslow did not intervene in the adversary proceeding that the Trustee

commenced against David Carlson to recover the TNT facility for the benefit of

the estate. (Adv. Proc. No. 19-80012.) Mr. Winslow did not object when the

Trustee settled that dispute for the benefit of the estate. *See Declaration of No*

*Objection* (docket text only), filed on March 9, 2020, ECF No. 506. Instead, Mr.

Winslow waited until the Trustee had successfully settled that litigation. Then he

laid claim to the TNT facility, just as he has done with the Perkins settlement

proceeds, as set forth below.

The Court approved the TNT Sale without prejudice to the ad hoc

committee's administrative claim. *Order Approving: (i) Sale of TNT Facility and*

*Trailer Equipment Free and Clear of all Liens, Claims and Interests, etc.*, filed on

May 19, 2020 (ECF No. 602) (the "TNT Sale Order"). Yet, Mr. Winslow failed to

---

[2] The web page address is:

> https://ccfs.sos.wa.gov/?_gl=1*rl9py2*_ga*ODk4NTQ1
> NzEwLjE3MjQyODM5MTI.*_ga_7B08VE04WV*MTc
> yNTU4NDE3Ny4zLjAuMTcyNTU4NDE3OS4wLjAuM
> A..#/BusinessSearch/BusinessInformation.

CHAPTER 7 TRUSTEE'S
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW -- P a g e | **8**

offer any evidence to support his claim of ownership, raising the inference that Mr. Winslow had no evidence.

After the TNT Sale Order was entered, the ad hoc committee's lawyer withdrew and the committee dissolved. *See* Order on Motion to Withdraw, filed on September 25, 2020, ECF No. 738. *See also* Corporations and Charities System (wa.gov), last accessed on September 5, 2024, (showing that the committee was administratively dissolved in 2021).[3]

As Mr. Dam pushed his frivolous and harassing appeals of this Court's orders (1) approving the TNT Sale (BAP No. EW-20-bk-1156-FBG) and (2) dismissing Mr. Dam's lawsuit against the Trustee and PLG (D.Ct. Case No. 2:20-cv-00351-SAB), Mr. Winslow opened another front against the estate by filing an Objection to the sale of the ML Equipment. *Objection to Motion (i) Approving the Sale of Moses Lake Equipment, etc.*, filed on October 8, 2020, ECF No. 753. As with the objection to the TNT Sale, Mr. Winslow asserted without evidence that he owned the ML Equipment.

In this objection, Mr. Winslow and others also alleged, "[t]he Trustee and counsel have continued to commit acts of theft and conversion. . . ." *Objection to Motion (i) Approving the Sale of Moses Lake Equipment, etc.*, filed on October 8,

---

[3] The website address is:

        https://ccfs.sos.wa.gov/?_gl=1*rl9py2*_ga*ODk4NTQ1
        NzEwLjE3MjQyODM5MTI.*_ga_7B08VE04WV*MTc
        yNTU4NDE3Ny4zLjAuMTcyNTU4NDE3OS4wLjAuM
        A..#/BusinessSearch/BusinessFilings.

2020, ECF No. 753 at 2:1-2. This statement was made after the Court had already dismissed Mr. Dam's allegations of similar misconduct against the Trustee. *Order Granting Defendant's Motion to Dismiss*, filed on September 17, 2020, Adv. Proc. No. 20-80020-FPC, AP ECF No. 28. Court Orders have no influence on Mr. Winslow. He is obdurate.

The Court approved the ML Equipment Sale, finding that it was made in good faith and that the Debtor owned the ML Equipment. *Order: (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procures, and (iii) Shortening Time to Object*, filed on October 20, 2020, ECF No. 765 at 2:15, ¶ 7 ("The Sale is in good faith."); *id.*, 3:1-3, ¶ 11 ("The ML Equipment is property of the estate. . . ."). However, the Court also ordered the Trustee to "hold the [ML Equipment] Sale proceeds until further Order of this Court so that the ownership rights of creditors in the property sold, if any, will attach to the sales proceeds." *Id.*, ECF No. 765 at 4:10-12, ¶ 7. The Court also made a docket entry with respect to the ML Equipment administrative claim stating that the administrative claim contested matter would be converted to an adversary proceeding. Referring to the Order that the Court would enter, the docket entry reads:

> The order shall recite that the Motion for Administrative Expenses will be considered the complaint in an adversary proceeding upon Mr. Dam filing a case cover sheet, paying the filing fee, and attaching the Motion to the case cover sheet. The trustee's Objection will constitute the answer. ***The other parties who signed off on the Motion will need to commence their own***

CHAPTER 7 TRUSTEE'S
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW -- P a g e | **10**

> *proceeding which the judge may consolidate later for administrative purposes*. . . .

Docket Entry, ECF No. 844, filed on December 17, 2020. (Emphasis added.)

On December 22, 2020, the Court entered its *Order Converting Application for Administrative Expenses and Declaratory Relief to an Adversary Proceeding*, providing:

> Upon the entry of this Order, if Mr. Dam wants to pursue his demands set forth in the Application [for administrative expense], he must file an adversary case cover sheet, with the Application attached hereto, and pay the $350 filing fee.

*Id*., ECF No. 846 at 2, ¶ 3. As with the TNT litigation, Mr. Winslow failed to produce any proof, raising the inference that he had no proof.

Instead of proving his claim, which he could not do, he harassed two courts with duplicative and frivolous motions.

Specifically, Mr. Winslow, along with other putative owners, signed two motions to stay the ML Equipment Sale pending their appeal. They filed their first motion in this Court. *Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures*, filed on October 22, 2020 (ECF No. 769). The sale closed the same day, October 22, 2020. *See Chapter 7 Trustee's Report of Sale of the Moses Lake Inventory/ Equipment,* filed on October 23, 2020 (ECF No. 776).

On November 17, 2020, Jun Dam and John Winslow, without the other putative owners, filed in this Court their *Memorandum in Support of Motion for*

CHAPTER 7 TRUSTEE'S
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW -- P a g e | **11**

1  *Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment,*

2  *etc*. (ECF No. 805). This memorandum was 288 pages (including exhibits). Only

3  Jun Dam and John Winslow signed this memorandum, although John Winslow

4  never presented any evidence of ownership of the ML Equipment and Jun Dam

5  conceded that he had not even purchased ML Equipment. *See Findings of Fact and*

6  *Conclusions of Law in Support of Order Authorizing Trustee's Sale of Moses*

7  *Equipment*, filed on October 2020, ECF No. 764 at 8, ¶ 29.

8       Jun Dam waited until December to note the Motion for hearing in this Court

9  by which time the sale had been closed for a month and a half. *Notice of Motion*

10  *for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment*

11  *and Related Relief, (ii) Approving Bid Procedures*, filed on December 8, 2020

12  (ECF No. 831).

13       To further burden the courts and harass the Trustee, Mr. Winslow, Mr. Dam

14  and the other putative owners filed a second motion to stay the ML Equipment sale

15  pending appeal. *Motion for Stay Pending Appeal of Order (i) Approving the Sale*

16  *of Moses Lake Equipment, etc.*, D.Ct. Case No. 2:20-cv-00391-SAB, filed on

17  November 2, 2020, D.Ct. ECF No. 4, attached hereto as **Exhibit A**. On November

18  30, 2020, Jun Dam and John Winslow, without the other putative owners, filed in

19  the District Court another *Memorandum in Support of Motion for Stay Pending*

20  *Appeal of Order (i) Approving the Sale of Moses Lake Equipment, etc.*, D.Ct. Case

21  No. 20-cv-00391-SAB, D.Ct. ECF No. 14. This memorandum was 325 pages long

22  (including exhibits). It is attached hereto as **Exhibit B** (without the exhibits).

23

Both courts dismissed these motions. In dismissing Mr. Dam and Mr. Winslow's motion, this Court stated:

> As a result of the consummation of the sale of the equipment before Mr. Dam even noted the Motion for hearing, the Motion was moot. Even if the Motion was timely filed, Mr. Dam presented **no evidence** that would justify a stay.

*Order Denying Motion for Stay*, filed on December 11, 2020, ECF No. 836 at 3, ¶ 8 (emphasis added). Although the Order refers to Mr. Dam's failure to present evidence, Mr. Winslow was a signatory to the motion. Therefore, he also failed to present evidence. The District Court dismissed the second motion as moot. *Order Denying Motions as Moot*, Case No. 2:20-cv-00391-SAB, D. Ct. ECF No. 18, filed on January 21, 2021, attached hereto as **Exhibit D**.

Furthermore, the arguments made on the ML Equipment Sale appeal were vexatious and in bad faith. In the Appellant's Opening Brief, signed only by Mr. Dam and Mr. Winslow, they argued that it was error for this Court to have approved the ML Equipment Sale because, among other things, the Trustee had breached a contract with them. Appellant's Opening Brief, D.Ct. Case No. 2:20-cv-00391-SAB, filed on January 19, 2021 at D.Ct. ECF No. 17 at 5 (1ˢᵗ full paragraph), attached hereto as **Exhibit C**. Yet, Mr. Dam had already conceded in this Court that there was no breach of contract claim against the Trustee. *See* Order Granting Defendant's Motion to Dismiss, Adv. Proc. No. 20-80020-FPC, filed on September 17, 2020, ECF No. 28 at 10, ¶ 28, n. 7 ("[Mr. Dam's] Response concedes that Defendants 'are not a party to the hosting lease contract.'"). Further,

CHAPTER 7 TRUSTEE'S
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW -- P a g e | **13**

this Court had already dismissed the breach of contract allegation for failure to state a claim. *Id*., ECF No. 28 at 10-11, ¶¶ 26-30. It was bad faith to raise this argument again in the District Court after Mr. Dam had conceded in this Court that there was no such claim and after this Court had dismissed that claim.

While fending off the frivolous and harassing ML Equipment Sale filings, the Trustee, with PLG's assistance, diligently investigated and litigated the case against Perkins reaching a settlement that provided for (1) $4.5 million to the WTT settlement class to which Mr. Winslow belonged and (2) $3 million to the estate. Pursuant to this settlement, Mr. Winslow released the estate of all claims "that arise from or relate to the facts giving rise to this Action." Stipulation of Settlement (referred to herein as the "WTT Token Settlement Agreement," *Blomquist and Dam v. Perkins et al.*, District Court, Case No. 2:20-cv-00464-SAB, filed on November 29, 2023, ECF No. 61-4 at 12:7-11, Art. II, ¶ A.35, attached hereto as **Exhibit F** (without exhibits).

The Perkins settlement proceeds "relate to" the facts giving rise to the WTT Token Class action. They settled the same claims arising from the same facts. They were different in name only. The Trustee moved for relief from the stay to allow Mr. Winslow and the other WTT Token holders to recover the $4.5 million settlement on the WTT Token settlement class's first three claims which pursuant to the Automatic Stay Order belonged to the estate. *Chapter 7 Trustee's Motion for Relief From the Stay and Waiver of 14-Day Stay; In the Alternative, Chapter 7 Trustee's Motion For Indicative Ruling*, filed on October 19, 2023, ECF No. 1033.

1  Further, the WTT Token holders' "particularized" claims were related to and arose

2  from the facts asserted in the Perkins Adversary.

3      In his objection to PLG's contingency fee (ECF No. 1051), Mr. Winslow

4  has reprised the deceptive tactic that he used with the TNT facility: lie in wait,

5  allow the Trustee to work hard and recover an asset for the estate's benefit, not

6  object when the Trustee seeks approval of the settlement for the estate's benefit,

7  and then file a frivolous objection in tandem with Mr. Dam.

8      Just like he waited for the Trustee to win the TNT facility in litigation before

9  claiming "ownership," Mr. Winslow waited for the Perkins settlement to fund

10  before claiming that the $3 million settlement fund "should go directly to token

11  holders as a priority class" because they are "the true intended beneficiaries of the

12  settlement award." *Objection to Order Awarding Compensation for Services*

13  *Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. § 330 or § 331,*

14  *and Approving the Payment of Bank Fees,* ECF No. 1051 at 1:22-25, ¶ 1, 2:9-10,

15  ¶ 3. To give the estate a release of claim claims relating to the facts of the Perkins

16  litigation only to turn around and claim to be the "intended beneficiary" of the

17  estate's $3 million settlement fund is bad faith.

18      As set forth more fully in the *Potomac Law Group's Reply to Jun Dam's*

19  *Objection to the First and Final Contingency Fee Application of the Potomac Law*

20  *Group PLLC (Perkins Adversary Proceeding)*, filed on August 27, 2024, ECF No.

21  1052, which is incorporated by reference as if set forth fully herein, all WTT

22

23

24  CHAPTER 7 TRUSTEE'S
   MOTION FOR SANCTIONS
   AGAINST JOHN T. WINSLOW -- P a g e | **15**

25

Token class members released the estate. Specifically, the WTT Token Settlement

Agreement states:

> Upon the Effective Date, each and every Releasing Party
> shall by order of this Court be deemed to have released,
> waived, forfeited and shall be permanently barred and
> enjoined from initiating, asserting, and/or prosecuting
> any Released Claim against any Released Party in any
> court or any forum.

WTT Token Settlement Agreement, Case No. 2:20-cv-00464-SAB, ECF No. 61-4

at 27:20-23, Art. VII, ¶ A, attached hereto as **Exhibit F**. (Emphasis added.) The

Effective Date occurred on July 8, 2024. *See* Egan Declaration, filed herewith.

The WTT Token Settlement Agreement further states:

> "Released Claims" means any and all actions, claims,
> demands, rights, suits, and causes of action of whatever
> kind or nature against the Released Parties, including
> damages, costs, expenses, penalties, equitable relief,
> injunctions, and attorneys' fees, known or unknown,
> suspected or unsuspected, in law or in equity, that arise
> from or relate to the facts giving rise to this Action.

WTT Token Settlement Agreement, ECF No. 61-4 at 12:7-11, Art. II, ¶ A.35, **Exh.**

**F**. The WTT Token Settlement Agreement further provided that:

> [U]pon final approval of the Settlement Agreement, the
> Final Judgment and Approval Order shall be entered
> dismissing the Action with prejudice and releasing all
> Released Claims against the Released Parties.

*Id.*, Recitals, ECF No. 61-4 at 6:19-21, **Exh. F**.

As defined in the WTT Token Settlement Agreement, "'Releasing Party'

means Plaintiff and each and every Class Member." WTT Token Settlement

CHAPTER 7 TRUSTEE'S
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW -- P a g e | **16**

Agreement, ECF No. 61-4 at 12:18-19, Art. II, ¶ A.37, **Exh. F**. John Winslow is a "Releasing Party" because he is a Class Member, which the WTT Token Settlement Agreement defines as "all persons or entities who owned one or more Tokens on November 19, 2018" who have not opted out. *Id*., ECF No. 61-4 at 7:24-26, 8:1-9, Art. II, ¶ A.9, **Exh. F**. John Winslow admits he is a class member. *See Objection to Order Awarding Compensation for Services Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. § 330 or § 331, and Approving the Payment of Bank Fees* ("Winslow Objection"), filed on August 23, 2024, ECF No. 1051 at 3:2-5, ¶ 6 (describing himself as a "certified class member").

The WTT Token Settlement Agreement defines "Released Party" or "Released Parties" to include, "the Giga Watt Estate, Mark D. Waldron as Chapter 7 Trustee of the Giga Watt Estate, and agents and attorneys of the Giga Watt Estate." WTT Token Settlement Agreement, ECF No. 61-4 at 12:12-17, Art. II, ¶ A.36, **Exh. F**.

The District Court approved the WTT Token Settlement Agreement on May 23, 2024. *See Order Granting Final Approval of Class Action Settlement*, D.Ct. Case No. 2:20-cv-00464-SAB, filed on May 23, 2024, D.Ct. ECF No. 83, attached hereto as **Exhibit G**.

The facts giving rise to the WTT Token Action and to the Perkins Adversary relate to each other. They arise from the GW ICO and WTT Token purchases. They both allege damages caused by Perkins handling of the GW ICO "escrow." Therefore, Mr. Winslow's assertion that the Perkins settlement proceeds "should

1  go directly to token holders" is a flagrant violation of the WTT Token Settlement

2  Agreement's release. Winslow Objection, ECF No. 1051 at 1:22-25. Mr. Winslow

3  should be sanctioned. *See Trulis v. Barton*, 107 F.3d 685 (9th Cir. 1995) in which

4  the Court of Appeals stated:

5      The only evidence in the record is that [attorney] and his
        purported clients actively participated in the bankruptcy
6      proceedings through effective legal counsel, and that
        they ***were well aware of the release provisions in the***
7      ***Joint Plan.*** We find that under these circumstances
        maintenance of this suit after the confirmation of the
8      Joint Plan ***was reckless as a matter of law and***
        ***vexatiously multiplied the proceedings in violation of***
9      ***§ 1927***.

10  *Id*., 107 F.3d at 692. (Emphasis added.)

11      Apart from the release, the Automatic Stay Order and section 362 of the

12  Bankruptcy Code prohibit Mr. Winslow from claiming ownership of the Perkins

13  settlement proceeds. Mr. Winslow's disagreement with the Automatic Stay Order

14  is irrelevant. Any dispute regarding the Automatic Stay Order was put to rest when

15  Mr. Dam dismissed the Automatic Stay Order pursuant to the WTT Token Class

16  Action settlement. *See Stipulated Dismissal of Consolidated Appeals*, District

17  Court, Case No. 2:21-cv-00291-SAB, filed on June 28, 2024, D.Ct. ECF No. 65,

18  together with Order Granting Dismissal and Closing File, *Dam v. Waldron*, U.S.

19  D. Ct. EDWA, Case No. 2:21-cv-00291-SAB, filed on August 2, 2024, D.Ct. ECF

20  No. 66, attached hereto together as **Exhibit H**.

21      It is vexatious to rehash the arguments against the Automatic Stay Order.

22  Without being sanctioned, Mr. Winslow will continue to raise the same arguments

23  
24  CHAPTER 7 TRUSTEE'S
    MOTION FOR SANCTIONS
    AGAINST JOHN T. WINSLOW -- P a g e | **18**

25

over and over again to the detriment of honest general unsecured creditors who have been waiting six years to receive anything.

## VII. THE RECORD IS ADEQUATE

The following filings signed by Mr. Winslow support sanctions against Mr. Winslow:

- ECF No. 547 - *Application of WTT Token Holders and Miner Owners for Administrative Expense and for Declaratory Relief* (filed April 10, 2020). The Court gave the members of the ad hoc committee, including Mr. Winslow, an opportunity to prove their claim. Instead, the lawyer withdrew and the committee dissolved. Mr. Winslow presented no evidence raising the inference that he had no evidence. Therefore, standing alone this claim was frivolous. When viewed in context, it was bad faith.

- ECF No. 592 - *Response of WTT Token Holders and Miners to Trustee's Motion for Order Approving Sale of TNT Facility and Trailer Equipment Free and Clear of Liens* (filed May 7, 2020). The basis for this objection was an assertion of ownership. As set forth above, Mr. Winslow has not presented any evidence of ownership of the TNT Facility, despite the passage of more than four years. The objection's timing also supports an inference of bad faith. Mr. Winslow let the Trustee do the work of recovering the TNT facility before laying claim to it. He is doing the same thing with the Perkins settlement proceedings. This is bad faith.

CHAPTER 7 TRUSTEE'S
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW -- P a g e | **19**

- ECF No. 753 - *Objection to Motion (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures (iii) Shortening Time to Object* (filed October 8, 2020). Mr. Winslow used the objection to the ML Equipment Sale to set up another round of abusive litigation. No one has ever presented any evidence that the miners sold in the ML Equipment sale belonged to anyone but Giga Watt. The Court overruled the objection and approved the sale. *Order (i) Approving the Sale of Moses Lake Equipment, etc.*, filed on October 20, 2020, ECF No. 765. The claim was frivolous and filed in bad faith.

- ECF No. 758 - *Application of WTT Token Holders and Miner Owners for Administrative Expense and for Declaratory Relief* (filed October 15, 2020) (relating to ML Equipment). Mr. Winslow, one of the parties to the Application, did not commence an adversary proceeding to establish ownership of ML Equipment, as invited by the Court. This failure to provide proof implies that he has no evidence. Therefore, this Application was frivolous and filed in bad faith.

- ECF No. 769 - *Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures* (filed October 22, 2020). This Motion was a non-starter. The sale had closed (ECF No. 776) before the motion was even noticed for hearing. (ECF No. 831). In denying the motion, the Court stated, "Even if the Motion was timely filed, Mr. Dam presented no evidence that would justify a stay." *Order Denying Motion for Stay*, filed on December 11, 2020, ECF No. 836 at 3, ¶ 8. Although the

Order refers to Mr. Dam, Mr. Winslow was a signatory to the Motion. He, like Mr. Dam, presented no evidence.

- ECF No. 770 - *Notice of Appeal and Statement of Election (ML Equipment Sale Approval Order)* (filed October 22, 2020). Mr. Winslow recklessly pursued this appeal. It was reckless because he had no evidence of any ownership interest in the ML Equipment sale as demonstrated by his failure to provide any evidence of ownership.

The District Court pointed out this Court's findings that:

> . . . (1) [O]nly Trustee Waldron had the keys to the buildings where the equipment was located; (2) the cryptocurrency miners in the Moses Lake facility were labeled "property of Giga Watt, Inc." and that these labels were affixed before Trustee Waldron was appointed (3) the serial numbers that Appellants provided to try and prove their ownership of the mining machines could not be matched to the Moses Lake equipment; (4) no financing statements referencing liens against the miners were on file with the Washington State Department of Licensing; and (5) Appellants did not try to take to take [sic] control or possession of the miners, despite their claimed ownership of the equipment.

*Order Affirming the Bankruptcy Court's Sale Approval Order, Dam v. Waldron*, Case No. 2:20-cv-00391-SAB, filed on July 30, 2021, D.Ct. ECF No. 21 at 6:17-26, attached hereto as **Exhibit E**. The District Court also held the appeal was moot because the sale had closed. *Id.*

- D. Ct. ECF No. 4 - *Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures,* District Court, *Dam v. Waldron*, Case No. 2:20-cv-00391-SAB

CHAPTER 7 TRUSTEE'S
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW -- P a g e | **21**

(filed November 2, 2020), attached hereto as **Exhibit A**. This was Messrs. Dam and Winslow's *second* futile motion to stay the ML Equipment Sale. They filed it before this Court could decide their first motion to stay and *after* the sale had closed. Therefore, Mr. Winslow knew that this duplicative motion could not prevail. The District Court dismissed the Motion as moot. *Order Denying Motions as Moot*, *Dam v. Waldron*, Case No. 2:20-cv-00391-SAB, D. Ct. ECF No. 18, attached hereto as **Exhibit D**.

- ECF No. 805 - *Memorandum in Support of Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures [#1]* (filed November 17, 2020). This 288-page memorandum (including exhibits) was filed after the ML Equipment had already closed. Therefore, they knew the ML Equipment Sale could not be stayed. They forced the issue to litigation anyway. This vexatiously and unreasonably multiplied the proceedings in this case.

- D. Ct. ECF No. 14 - *Memorandum in Support of Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedur*es [#2] (filed November 30, 2020), attached hereto as **Exhibit B** (without exhibits). This 325-page memorandum (including exhibits) was duplicative. It was also futile because it was filed after the sale had already closed. Therefore, it evidences bad faith.

- D. Ct. ECF No. 17 - *Appellant's Opening Brief* (ML Equipment Sale appeal), D.Ct. Case No. 2:20-cv-00391-SAB (filed January 19, 2021), attached

CHAPTER 7 TRUSTEE'S
MOTION FOR SANCTIONS
AGAINST JOHN T. WINSLOW -- P a g e | **22**

hereto as **Exhibit C**. This brief is captioned, *Jun Dam, John Winslow et al.,*

*Plaintiff-Appellant v. Mark D. Waldron, Defendant-Appellee*. Apart from the fact

that his claim to own the ML Equipment was not supported by evidence and that

the appeal was moot, Mr. Winslow argued:

> A*ppellee Waldron breached the white paper contract Debtor had with customers* and restarted mining operations at Moses Lake in March, 2019 and then at TNT Facilities in August, 2019 using customer mining machines and customer facilities.

Appellant's Opening Brief, D.Ct. ECF No. 17 at 5 (first full paragraph, first

sentence), **Exh. C**. (Emphasis added.) As set forth above, Mr. Dam had already

conceded that Mr. Waldron was not a party to the alleged contract. *See Order*

*Granting Defendant's Motion to Dismiss*, Adv. Proc. No. 20-80020-FPC, AP ECF

No. 28 at 10, ¶ 28, n. 7 ("[Mr. Dam's] Response concedes that Defendants "are not

a party to the hosting lease contract."). This Court had already held that the White

Paper was not a contract. *Id*., AP ECF No. 28 at 10, ¶ 27. And no one had

presented any evidence that they owned the mining machines or facilities. This is

bad faith.

- D.Ct. ECF No. 61-4 - Stipulation of Settlement, District Court, Dam

v. Perkins, Case No. 2:20-cv-464-SAB (filed on November 29, 20203), attached

hereto as **Exhibit F**. As set forth above, Mr. Winslow released the estate of any

claim to the estate's share of Perkins $7.5 million settlement. Mr. Winslow is

violating this release by claiming that the estate's share of this settlement belongs

to him and his cohort. This is bad faith.

1    • ECF No. 1051 - *Objection to Order Awarding Compensation for*

2    *Services Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. § 330 or*

3    *§ 331, and Approving the Payment of Bank Fees* (filed on August 23, 2024). This

4    objection is law. Mr. Winslow objects to the fees claiming that the Perkins

5    settlement proceeds should be paid to WTT Token holders "directly." Winslow

6    Objection, ECF No. 1051 at 1:22-25, ¶ 1. This is bad faith. Mr. Winslow released

7    the estate of this claim. Mr. Winslow's rehashing of rejected arguments regarding

8    the Automatic Stay Order is exactly what he did in the ML Equipment litigation. It

9    demonstrates an obdurate refusal to accept this Court's Orders.

10                                    **VIII. CONCLUSION**

11          Mr. Winslow is a bad faith litigant, lying in wait until the Trustee recovers

12    an asset, then claiming it belongs to him. One can infer that Mr. Winslow's claims

13    of ownership were made with knowledge of their falsity from the facts that (1) Mr.

14    Winslow produced no evidence of ownership of the TNT facility, despite being

15    given an opportunity to do so, (2) Mr. Winslow produced no evidence of

16    ownership of the ML Equipment, despite being given an opportunity to do so, and

17    (3) Mr. Winslow released the estate of any claim to being the "intended

18    beneficiary" of the estate's $3 million settlement of the Perkins Adversary.

19          Mr. Winslow is threatening to unleash another round of bad faith litigation

20    that will violate the automatic stay generally, the Automatic Stay Order

21    specifically, and the release provided in the WTT Token Settlement Agreement. If

22

23    CHAPTER 7 TRUSTEE'S
24    MOTION FOR SANCTIONS
      AGAINST JOHN T. WINSLOW -- P a g e | **24**
25

he is not deterred the $3 million settlement fund will be consumed by litigation costs.

WHEREFORE, the Trustee respectfully requests that the Court grant this Motion and grant such other and further relief as the Court deems appropriate and just.

Dated: September 7, 2024                POTOMAC LAW GROUP PLLC

                                 By:      /s/ Pamela M. Egan
                                      Pamela M. Egan (WSBA No. 54736)

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*