# EXHIBIT C

CASE #: 2:20-CV-00391-SAB

---

EASTERN DISTRICT OF WASHINGTON

U.S. DISTRICT COURT

JUN DAM, JOHN WINSLOW et al.
Plaintiff-Appellant,

v.

MARK D. WALDRON
Defendant-Appellee .

---

On Appeal from the United States Bankruptcy Court
for the Eastern District of Washington
No.: 18-03197-FPC
Hon. Frederick P. Corbit
APPELLANT'S OPENING BRIEF

Jun Dam, John Winslow et al.(*Pro Se*)
237 Kearny St, #9096
San Francisco, CA 94108
415-748-1113
Email: jundam@hotmail.com

EXHIBIT C, Page 1 of 16

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. 2
 INTRODUCTION ............................................................................................... 3
 JURISDICTIONAL STATEMENT ...................................................................... 5
 ISSUES PRESENTED .......................................................................................... 6
 STATEMENT OF THE CASE .............................................................................. 7
 SUMMARY OF THE ARGUMENT .................................................................... 9
 ARGUMENT ....................................................................................................... 10

    I. COURT MADE CLEAR ERROR BY NOT
    RULING ON PROPERTY OWNERSHIP …………...…………………….. 10
        A. Standard Of Review ................................................................... 11

    II. APPELLANTS CAN NOT BE COMPELLED
    TO ACCEPT MONEY SATISFACTION AND HAVE
    NOT BEEN ADEQUATELY PROTECTED…………...………………… 11
        A. Standard Of Review ................................................................... 12

    III. SALE ORDER IS NOT EQUITABLY MOOT ………...…..……….... 12
        A. Standard Of Review ….............................................................. 12

CONCLUSION ................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1151 (9th Cir. 2017) ………….. 12

*Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*
    391 B.R. 25 (B.A.P. 9th Cir. 2008)........................................................ 11 ,12

*In re Hunt*, No. CV 12-08439 MMM, 2014 U.S. Dist. LEXIS 189464,
    at *41 (C.D. Cal. July 25, 2014).................................................................. 10

*Lim v. City of Long Beach*, 217 F.3d 1050, 1054 (9th Cir. 2000) …………..... 11, 12

*Moldo v. Clark (In re Clark)* 266 B.R. 163, 172 (9th Cir. BAP 2001).................... 10

*Warnick v. Yassian* (In re Rodeo Canon Dev. Corp.)
    362 F.3d 603, 608 (9th Cir. 2004)
    *opinion withdrawn and superseded*…………………….......................... 10

*Warnick v. Yassian* (In re Rodeo Dev. Corp.) 126 F. App'x 353 (9th Cir. 2005).... 10

**Statutes**

11 U.S.C. §363(f) ................................................................................. 6, 7, 10, 11

28 U.S.C. § 1334  ....................................................................................... 5
28 U.S. Code § 158(b)  ....................................................................................... 5

**Other Authorities**

Collier on Bankruptcy ¶ 363.06 (16th 2020)...................................................... 10

## INTRODUCTION

Giga Watt, Inc., the Debtor, is a cryptocurrency mining hosting company that sold roughly $20 million worth of pre-paid hosting lease access to its facilities in a globally public sale of WTT tokens to customers between May and July of 2017. One WTT token represents access to one Watt's worth of Giga Watt hosting center's capacity, rent-free for 50 years, at a low electricity rate. The terms of the contract between the Debtor and WTT token purchasers are described in the Giga Watt white paper that was actively marketed and widely publicized during the sale period. The Debtor also sold over $27 million in mining machines to customers. WTT token and mining machine customers constitute up to 80-90% or more of the likely allowable general unsecured creditor claims in this case.

The Debtor had access to extremely cheap power rates at several locations in Grant County and Douglas County in Washington and earned profit primarily by: 1) building hosting infrastructure and reselling hosting access to customers using WTT tokens that represented prepaid access 2) reselling mining machines 3) and earning fees to maintain infrastructure and machines. Customers would use the mining machines they bought combined with WTT tokens that secured access to Debtor hosting facilities to mine cryptocurrencies. Debtor established infrastructure that provides 2 Megawatts (ie. 2,000,000 Watts) of hosting capacity at a location called TNT in Douglas County and an estimated 6.6 Megawatts (ie. 6,600,000 Watts) of hosting capacity at Moses Lake in Grant County for WTT token holders. The remaining infrastructure was supposed to be built at the

Pangborn site in Douglas County, but only a .75 Megawatt capacity demo pod was built there.  Debtor was only able to complete about half of the infrastructure it promised due to its own mismanagement and also because the Douglas County PUD reneged on the power service agreement recital and did not allow the Debtor to own or maintain a power substation as originally planned at the Pangborn site. Hence, the Debtor filed for bankruptcy on Nov 19th, 2018.

    Appellee Waldron breached the white paper contract Debtor had with customers and restarted mining operations at Moses Lake in March, 2019 and then at TNT Facilities in August, 2019 using customer mining machines and customer facilities.  The Grant County PUD increased electricity rates for cryptocurrency mining companies causing mining operations at the Moses Lake facilities to become unprofitable.  However the roughly 5,900 machines the Trustee held in bailment at Moses Lake facilities are valuable and belong to the many customers who owned the mining machines and who have always had receipts and proof of purchases.  On 10/20/20 the bankruptcy court approved the bid procedures for sale of all the mining machines at Moses Lake facilities and on 10/23/20 the Trustee issued a report of sale to Soluna Technologies, Ltd for $112,000.  The bankruptcy court did not issue an order approving the final sale to Soluna Technologies, Ltd hence no creditors had an opportunity to object to the final sales price.

## JURISDICTIONAL STATEMENT

The district courts have original and exclusive jurisdiction of all cases under title 11 pursuant to 28 U.S.C. § 1334.  A district court has jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court pursuant to 28 U.S. Code § 158(a).

This appeal is from a final order that disposes all parties' claims to Moses Lake mining machine equipment that was entered on October 20th, 2020.   The Notice of Appeal was filed on October 22nd, 2020.

## ISSUES PRESENTED

1. Whether the bankruptcy court erred in allowing the debtor to sell Moses Lake facility equipment free and clear of all liens pursuant to 11 U.S.C. § 363(f)(4) when the court had not ruled if the property were in an actual bona fide dispute rather than a spurious one.

2. Whether the bankruptcy court erred in allowing the debtor to sell Moses Lake equipment free and clear of all liens pursuant to 11 U.S.C. § 363(f)(5) when the court had not determined if mining machine owners could be compelled to accept a monetary payment in a legal or equitable proceeding.

3. Whether the bankruptcy court erred in allowing the debtor to sell Moses Lake equipment after appellants and other mining machine owners, some of whom may or may not have been notified of the sale of their property, requested adequate protection under 11 U.S.C. § 363(e) that prohibits sales until providing adequate protection of such interest.

4. Whether the bankruptcy court erred in determining the Chapter 7 Trustee provided sufficient proof of adequate protection under 11 U.S.C. § 363(p)

6

EXHIBIT C, Page 7 of 16

## STATEMENT OF THE CASE

Creditor and customer appellants purchased mining machine equipment from Debtor in 2017 and 2018. The mining machine equipment was held in bailment at Debtor hosting facilities. The following evidence of invoices and proof of purchase for mining machine equipment is provided in the excerpt of records, but represents just a small sample of evidence from the Debtor's many hundreds of customers including: [Doc. #40, 2-57], [Doc. #58, 58-64], [Doc. #56, 65-71], [Doc. #48, 72-74], [Doc. #44, 75]. Furthermore the Appellee also has a customer list 268 pages long that clearly identified mining machine owners by email. An excerpt was attached in the memorandum in support of the motion for stay pending appeal [ECF DOC. #14, 151]

On 5/2/19, the Official Creditor's Committee of Unsecured Creditors filed a response [DOC. #2, 76-77] stating it did not object to the opening of Moses Lake facilities, but stated:

> "The Committee also does not object to the Trustee's use of property that it believes may belong to creditors, so long as it is understood that creditors are not waiving any future rights to reimbursement that would be due from any income generated through the use of their property, or any other rights that would arise under the Trustee's operations at Moses Lake."

On 4/10/20, Samuel Dart, legal counsel of the Creditor's Committee of WTT Token Holders and Miners (CCWTHM), asserted rights to mining machines pursuant to 11 U.S.C. § 363(e) in a Motion for Allowance of Administrative Expenses and Declaratory Relief [DOC. #5, 78-80]. On the same day Samuel Dart

filed a declaration from Scott Glasscock, a WTT token holder and mining machine owner, who clearly asserts ownership to mining machines [DOC. #6, 81].

On 9/23/20, Appellee moved to sell roughly 5,900 mining machines at Moses Lake facility.  After certain appellants filed an objection on 10/8/20 and a hearing was held on 10/19/20 and the order to approve sale was entered on 10/20/20 [Doc. #31, 82-85].  Appellants filed a notice of appeal and motion for stay pending appeal on 10/22/20 .  Certain Appellants then filed declarations of mining machine ownership and in support of the motion for stay 10/23/20 [Doc. #35, 86-150] in the bankruptcy court.   On 10/23/20 the Trustee issued a report of sale to Soluna Technologies, Ltd for $112,000.

In the district court certain Appellants filed the same motion for stay pending appeal and declarations in support of the motion for stay pending appeal on 11/10/20, and a memorandum in support of motion for stay pending appeal [ECF Doc. #14] on 11/30/20.

## SUMMARY OF THE ARGUMENT

I.  The bankruptcy court erred in approving ML facility equipment sales free and clear of all liens without first ruling on property ownership.

II.  The bankruptcy court erred in approving ML facility equipment sales free and clear of all liens without ruling that the Appellants could be compelled to accept a money satisfaction of its claim and without adequate protections for Appellants.

III.  The sale order is not equitably moot and there are sufficient grounds to overturn the order and require Soluna Technologies, Ltd to return its ill-gotten property to appellants.

## ARGUMENT

## I. COURT MADE CLEAR ERROR WHEN IT DID NOT RULE ON PROPERTY OWNERSHIP

The bankruptcy court erred in allowing the debtor to sell Moses Lake facility equipment free and clear of all liens pursuant to 11 U.S.C. § 363(f)(4) because the court did not rule on property ownership and whether or not there was an actual 'bona fide' dispute.   As stated in Dart's motion [Doc. #5] :

"Where there is a dispute over the debtor's interest in the property, and thus a dispute whether property is property of the estate, "the court may not authorize a sale under section 363 until the court resolves the dispute and determines that the debtor has an interest that can be sold. Until that occurs, section 363 does not even apply." 3 Collier on Bankruptcy ¶ 363.06 (16th 2020)"

"Unless and until the bankruptcy court determines that the digital mining machines are property of the bankruptcy estate it cannot and should not approve a sale of that equipment. *Warnick v. Yassian (In re Rodeo Canon Dev. Corp.)*, 362 F.3d 603, 608 (9th Cir. 2004) opinion withdrawn and superseded, 126 F. App'x 353 (9th Cir. 2005), as amended on denial of reh'g (Apr. 1, 2005); *Moldo v. Clark (In re Clark)*, 266 B.R. 163, 172 (9th Cir. BAP 2001)). Regardless of whether the Trustee believes there is a bona fide dispute as to ownership, where the question is if property is property of the estate, the court must decide that issue prior to authorizing the sale. In *re Hunt*, No. CV 12-08439 MMM, 2014 U.S. Dist. LEXIS 189464, at *41 (C.D. Cal. July 25, 2014) (collecting cases)."

Hence the bankruptcy court erred and should not have authorized the sale of mining machines without first deciding the issue of ownership.

## A. Standard Of Review

Mixed questions of law and fact are reviewed de novo. See *Lim v. City of Long Beach*, 217 F.3d 1050, 1054 (9th Cir. 2000)

## II. APPELLANTS CANNOT BE COMPELLED TO ACCEPT MONEY SATISFACTION OF CLAIM AND WERE NOT ADEQUATELY PROTECTED

The bankruptcy court also erred in allowing a sale under 11 U.S.C. § 363(f)(5). In *Clear Channel Outdoor, Inc. v. Knupfer* (In re PW, LLC) 391 B.R. 25 (B.A.P. 9th Cir. 2008), the court asserted and noted the following about 11 U.S.C. § 363(f)(5):

> Paragraph (5) requires that there be, or that there be the possibility of, some proceeding, either at law or at equity, in which the non-debtor could be forced to accept money in satisfaction of its interest. [26]
>
> [26] We assume, but do not decide, that the appositive "in a legal or equitable proceeding" excludes the possibility of an administrative proceeding.

Therefore, because the Appellee did not provide any supporting evidence that there could be a possible 'legal or equitable' proceeding that could force Appellants to

accept money, the bankruptcy court erred in approving the sale under § 363(f)(5) and appellants were not adequately protected under 11 U.S.C. § 363(e) and (p).

## A. Standard Of Review

Mixed questions of law and fact are reviewed de novo. See *Lim v. City of Long Beach*, 217 F.3d 1050, 1054 (9th Cir. 2000)

## III. SALE ORDER IS NOT EQUITABLY MOOT

In *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)* 391 B.R. 25 (B.A.P. 9th Cir. 2008), the BAP court asserted that an order is not constitutionally moot if "there is still a live case or controversy because it is still possible to fashion some relief." The BAP court further asserted equitable mootness:

> "requires the court to look beyond impossibility of a remedy to "the consequences of the remedy and the number of third parties who have changed their position in reliance on the order that is being appealed." In *re Popp*, 323 B.R. at 271. As we further stated in *Popp*, "[c]ourts have applied the doctrine of equitable mootness when the appellant has failed to obtain a stay and [although relief is possible] the ensuing transactions are too `complex and difficult to unwind.'" Id. at 271

In this instant case, the ensuing transactions are not too complex to unwind. It could be as simple as the act of a criminal returning stolen property when apprehended by the police.

## A. Standard Of Review

Mootness is a question of law reviewed de novo.  *See Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1151 (9th Cir. 2017)

## CONCLUSION

Wherefore, upon considerations of law and facts de novo the district court should reverse the sale order, return the case to the status quo and be remanded to the bankruptcy court to provide equitable remedies for all affected parties.

Date: Jan 19th, 2021

Jun Dam (*Pro Se*)
237 Kearny #9096
San Francisco, CA 94108
Phone: (415) 748-1113
Email: jundam@hotmail.com
Proof of Claim #: 52

Krishna Karthik Reddy(*Pro Se*)
1700 Halford Ave
Santa Clara CA 95051
Phone: (510) 363-5032
Email: kay.reddy.3399@gmail.com
Proof of Claim #: 119

Filip Scheperjans (Pro Se)

Roger Sutton

13

Pellonperäntie 1 B
00830 Helsinki, Finland
Phone: +358-40-7791575
Email: filip@gmx.net
Proof of Claim #: 207, 208
Assets: 6x L3+ + PSU, (6404 WTT)

716 Contessa
Irvine, CA 92620
Phone: (949) 636-4020
Email: rogersutton@gmail.com
Proof of Claim #: 295
Assets: 1x A5 & 1x S9, (3547 WTT)

Andrea Sharp (*Pro Se*)
268 Bush Street #2520
San Francisco, California 94104
Proof of Claim #: 20

Patrick Blount (*Pro Se*)
848 N Rainbow Blvd #1800
Las Vegas, NV 89107
Phone: 212.380.8019
Email: hagan.blount@gmail.com
Proof of Claim #: 127
Assets: 13x L3+ miners

Pablo Hernandez(*Pro Se*)
Calle este Res. Mi Refugio
P9 Apto 9A Urb Manzanares Caracas
Phone:+58 4142577872
Email: pablovhg@gmail.com
Proof of Claim #: 116

Jacqueline Bussey (*Pro Se*)
Percheron House, Goudhurst Road
Cranbrook, Kent TN17 2PA
United Kingdom
Email: jackie.bussey@gmail.com
Proof of Claim #61

Ken McCoy (*Pro Se*)
1401 Woodstock Way #103H
Bellingham, Wa 98226
C: 360-739-4837        :
Email: ken@northentier.com
Proof of Claim #: 37

Clinton F. Sikes (*Pro Se*)
4206 Brazos Bend Dr.
Pearland, TX 77584
Phone: (832) 289-6403
Email: csikes@nohome.net
Proof of Claim #: 275

Mark Weitzel (*Pro Se*)
15460 W 199th St

John T. Winslow (*Pro Se*)
5544 Las Virgenes Rd. #99

14

Spring Hill, KS 66083
Phone: (913) 490 8534
Email: admin@ip2p.io
Proof of Claim #: 296
Assets: 8x Panda B3, 2x L3+, 4x S9, 4x D3

Calabasas, CA 91302
Phone: (818) 880-9999
Email: jtwinslow@juno.com
Proof of Claim #: 60
Assets: 59x S9, 81x L3+, 58x D3

Scott Glasscock (*Pro Se*)
229 Craft Road
Brandon, FL 33511
Phone: 813-689-2930
Email: sg_personal@live.com
Proof of Claim #: 64

Omar Monsalve
Avenida Cónego Bernardo Chouzal
284 1o. Dto Paredes de Coura
Portugal 4940-520
Phone: +351-916908437
Email: omarjavier2012@gmail.com
Proof of Claim: 1 L3  WTT:901

Cesar Diaz
8137 Malachite Ave Suite G
Rancho Cucamonga, Ca 91730
(909) 262-5358
cesar@eoslab.io

Georgios Lignos (*Pro Se*)
Kritis 25
Aegaleo, 12243
Attiki, Greece
Phone: (+30) 693 26 16 894
Email: g.dlignos@gmail.com
Proof of Claim #: 12

Larry Baggs (*Pro Se*)
1502 Sharon Drive
Duncanville, TX
Phone: c. 972-460-6806
Email: baileren@yahoo.com
Claim: filed 2/2019, # unknown
Proof of Claim #: 116

Adam Schainblatt *(Pro Se)*
8809 Walking Stick Trail
Raleigh, NC 27615
Phone: 9194557770
Email: adamschainblatt@gmail.com
Proof of Claim #:
Assets: 2x L3, 1x Panda, 1x S9