# EXHIBIT D

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 21, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUN DAM et al., <br><br>　　　　Appellants, <br><br>　　　　v. <br><br>MARK D. WALDRON, as Chapter 7 Trustee, <br><br>　　　　Appellee. | No. 2:20-CV-00391-SAB <br><br> **ORDER DENYING MOTIONS AS MOOT** |

　　Before the Court are Appellants' Motion for Stay Pending Appeal of Order (I) Approving the Sale of Moses Lake Equipment and Related Relief, (II) Approving Bid Procedures, ECF No. 4, and Appellee's Request for Judicial Notice in Support of Appellee's Objection to Motion for Stay Pending Appeal of Order (I) Approving the Sale of Moses Lake Equipment and Related Relief, (II) Approving Bid Procedures, ECF No. 12. The motions were heard without oral argument. For the reasons discussed below, the Court denies both motions as moot.

## Background

　　The following facts are drawn from Appellants' Motion for Stay Pending Appeal, ECF No. 4, and Appellee's Objection, ECF No. 10. Debtor Giga Watt was a business that provided cryptocurrency miners access to facilities with extremely cheap power rates around Grant County and Douglas County. Giga Watt built infrastructure within their facilities that could host cryptocurrency mining

machines—however, Appellants allege that Giga Watt did not actually own the mining machines. Instead, individual miners who wanted to use Giga Watt's facilities would (1) pre-purchase space in Giga Watt's facilities by buying WTT Tokens and then (2) either buy mining machines from other sellers and have the machines shipped to Giga Watt facilities or buy mining machines from Giga Watt, after which Giga Watt would waive the installation fee for equipment from other sources. But Appellants stress that Giga Watt's "main business model was always a hosting service" and "specifically advertised that it was not the owner of miners at its facility." ECF No. 4 at 4. Appellants instead claim that they, as the purchasers, were the rightful owner of the mining machines.

However, in 2018, the value of most crypocurrencies crashed. Additionally, because Giga Watt's facilities were straining the local utilities, the Douglas County Public Utility District reneged on their power service agreement with Giga Watt and refused to let Giga Watt own or maintain a power substation near the Pangborn airport. Thus, Giga Watt filed for Chapter 11 bankruptcy on November 19, 2018 in the Eastern District of Washington.

On September 30, 2020, the Eastern District of Washington Bankruptcy Court converted the case to a Chapter 7 bankruptcy and appointed Mark D. Waldron as the Chapter 7 Trustee. On October 20, 2020, the Bankruptcy Court authorized Mr. Waldron to proceed with the sale of the equipment located at Giga Watt's Moses Lake facility. That same day, Mr. Waldron held an oral auction pursuant to the Sale Approval Order—the auction closed on October 22, 2020, and the equipment was sold to the winning bidder for $112,000.

On October 22, 2020—the day the auction closed—Appellants filed a Notice of Appeal and a Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures in the Bankruptcy Court. But because Appellants had failed to note the motion for hearing in violation of the Local Bankruptcy Rules, the Bankruptcy Court issued a

Notice Re: Failure to Note Motion for Stay Pending Appeal on October 26, 2020. Appellants then refiled their stay motion in Bankruptcy Court on October 30, 2020, which stated that any objections should be filed by November 22, 2020—but because November 22, 2020 was a Sunday, the deadline for filing was November 23, 2020. Appellee then filed his objection to the stay motion on November 23, 2020. But Appellants also filed a similar Motion for Stay in this Court on November 4, 2020, to which Appellee filed an objection on November 25, 2020.

The Bankruptcy Court held a hearing on Appellants' Motion for Stay Pending Appeal on December 10, 2020. BK Doc. 835. The Bankruptcy Court then issued an Order Denying Motion for Stay on the grounds that (1) the motion was moot because the sale of the Moses Lake equipment had already begun before Appellants filed their first Motion for Stay on October 22, 2020, and (2) even if the Motion was timely filed, Appellants could not show likelihood of success on the merits, irreparable injury, substantial injury to other interested parties, and lack of a public interest. BK Doc. 836.

## Appellants' Motion to Stay

Appellants request that the Court grant a stay pending appeal of the Bankruptcy Court's Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures because (1) the mining machines sold in that sale belonged to Appellants, not the Giga Watt bankruptcy estate, (2) the Appellants are not investors or equity holders of Giga Watt, (3) the mining machines are not in a bona fide dispute under 11 U.S.C. § 363(f)(4), and (4) Appellants cannot be compelled to accept a monetary satisfaction under 11 U.S.C. § 363(f)(5) and have not received adequate protection under 11 U.S.C. §§ 363(e), (p)(1). ECF No. 4 at 1-15. Appellants also argue that the Court's failure to grant a stay would cause immediate and irreparable harm, that the equities favor granting a motion for stay, and that no bond should be required for the stay. *Id.* at 16-17. Appellee in response argues that (1) Appellants' motion is moot because the sale of

the equipment has already been closed, (2) Appellants are improperly trying to bypass the Bankruptcy Court by filing duplicative motions to stay in both bankruptcy court and district court, and (3) Appellants are barred from bringing this motion because they are illegally practicing law without a law license. ECF No. 10. In reply, Appellants further argue that the mining machines belonged to Appellants, rather than to Giga Watt. ECF No. 14.

## Legal Standard

28 U.S.C. § 158(c)(2) allows a party to appeal a bankruptcy court order to a district court. A party can also file a motion for a stay of a bankruptcy court order while this appeal is pending. Fed. R. Bankr. P. 8007(a)(1)(A). Ordinarily, a party must first move for a stay of a bankruptcy court order in bankruptcy court, but the Federal Rules of Bankruptcy Procedure also allow a party to move for a stay in the district court where the party's appeal is pending. Fed. R. Bankr. P. 8007(b)(1). If the party moves for a stay of the bankruptcy order in district court, the party in their motion must show either that (1) moving first in the bankruptcy court would be impracticable or (2) if a motion was made in bankruptcy court, either state that the court has not yet ruled on the motion or state that the court has ruled and set out any reasons given for the ruling. Fed. R. Bankr. P. 8007(b)(2).

A district court has considerable discretion when determining whether to issue a stay pending appeal. *In re GGW Brands, LLC*, 2013 WL 6906375, at *10 (Bankr. C.D. Cal Nov. 15, 2013) (citing to *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)). The Court must consider four factors when determining whether to issue a stay pending appeal: (1) whether the stay applicant has made a strong showing of likelihood of success on the merits, (2) whether the stay applicant will be irreparably harmed, (3) whether the stay will substantially injure other parties interested in the proceeding and (4) whether the stay would be in the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

If a bankruptcy court orders the sale of property other than cash collateral, the order is ordinarily stayed until 14 days after the entry of the order—however, the court can order otherwise and waive the 14-day stay. Fed. R. Bankr. P. 6004. If the court waives the automatic 14-day stay and the sale of the property authorized by the order closes before a party can move for a stay, any subsequently filed motion to stay is moot. *See In re Akhlaghpour*, No. 1:17-BK-12739-VK, 2018 WL 3357367, at *2 (Bankr. C.D. Cal. July 9, 2018). Similarly, an appellant's failure to obtain a stay of an order approving a sale moots the appeal. *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1171 (9th Cir. 1988).

<u>Discussion</u>

The Court denies Appellants' Motion to Stay as moot because the property for which Appellants seek a stay—the Moses Lake equipment—was already sold on October 22, 2020. Additionally, the Bankruptcy Court already heard Appellants' Motion to Stay on December 10, 2020 and denied it as untimely and moot or, alternatively, denied it because Appellants' motion could not satisfy the *Hilton* factors for granting a stay. Thus, the Court dismisses Appellants' Motion to Stay as moot.

**Appellee's Request for Judicial Notice**

Appellee requests that the Court take judicial notice of eleven different court filings from the Bankruptcy Court:

(1) Proof of Claim No. 52-1, filed by Jun Dam on February 14, 2018;
(2) Order Converting Case to Chapter 7, filed September 30, 2020 [BK Doc. 744];
(3) Appointment of Trustee, filed September 30, 2020 [BK Doc. 745];
(4) Findings of Fact and Conclusions of Law in Support of Order Authorizing Trustee's Sale of Moses Lake Equipment, filed October 20, 2020 [BK Doc. 764];
(5) Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, and (iii) Shortening Time to Object, filed October 20, 2020 [BK Doc. 765];

(6) Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, filed October 22, 2020 [BK Doc. 769];
(7) Notice of Appeal, filed October 22, 2020 [ECF No. 1; BK Doc. 770];
(8) Chapter 7 Trustee's Report of Sale of Moses Lake Inventory / Equipment, filed October 23, 2020 [BK Doc. 776];
(9) Notice Re: Failure to Note Motion for Stay Pending Appeal, filed October 30, 2020 [BK Doc. 781];
(10) Notice of Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, filed October 30, 2020 [BK Doc. 794];
(11) Objection of the Chapter 7 Trustee to Motion for Stay Pending Appeal of Order (i) Approving the Sale of Moses Lake Equipment and Related Relief, (ii) Approving Bid Procedures, filed November 23, 2020 [BK Doc. 812].

ECF No. 12 at 1-2.

The Court denies Appellee's Request for Judicial Notice as moot. The Court will review all material and pleadings necessary from the bankruptcy court to make any required decisions.

//
//
//
//
/
//
//
//
//
//
//
//

Accordingly, **IT IS HEREBY ORDERED:**

1. Appellants' Motion for Stay Pending Appeal of Order (I) Approving the Sale of Moses Lake Equipment and Related Relief, (II) Approving Bid Procedures, ECF No. 4, is **DENIED as moot**.

2. Appellee's Request for Judicial Notice in Support of Appellee's Objection to Motion for Stay Pending Appeal of Order (I) Approving the Sale of Moses Lake Equipment and Related Relief, (II) Approving Bid Procedures, ECF No. 12, is **DENIED as moot**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to *pro se* Appellant and counsel.

**DATED** this 21st day of January 2021.



_____
Stanley A. Bastian
United States District Judge