EXHIBIT G

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# May 23, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC BLOOMQUIST, individually and on behalf of all others similarly situated, and JUN DAM, individually | No. 2:20-CV-00464-SAB |
| Plaintiff, | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| PERKINS COIE, LLP, a Washington limited liability partnership; PERKINS COIE I, P.C., a Washington corporation registered in California; PERKINS COIE CALIFORNIA, P.C., a California corporation; PERKINS COIE CALIFORNIA II, P.C., a California corporation; LOWELL NESS, individually. | |
| Defendants. | |

A motion hearing was held in the above-mentioned matter on May 21, 2024 in Yakima, Washington. Plaintiff was represented by Timothy G. Blood and Robert J. Cadranell, II. Robert J. Cadranell, II appeared by videoconference.

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** # 1

Defendant Waldron was represented by Pamela E. Egan who appeared by videoconference. All other Defendants were represented by Ralph E. Cromwell, Jr. Pending before the Court was Plaintiff's Notice of Motion and Motion for Final Approval of Class Action Settlement and Request for Attorney's Fees, Expenses and Service Award; Memorandum in Support Thereof, ECF No. 68.

This class action sought monetary relief from Defendants' alleged misappropriation of money that Defendants agreed to hold in escrow and distribute related an initial token offering in the cryptocurrency market. In this case, GigaWatt Pte., Ltd., a Singapore based entity, and its affiliate Giga Watt, Inc., a Washington corporation headquartered in Wenatchee, Washington, proposed to create a cryptocurrency mining facility in the Eastern District of Washington. To finance this project, the Giga Watt entities solicited investors, including cryptocurrency miners, to prepurchase "Tokens" that represented the right to access and use 1 watt of power and related infrastructure to conduct cryptocurrency mining operations. In time, the Giga Watt Project failed and Plaintiff alleges breaches of Fiduciary Duty, Express or Implied Contract, violation of Washington State's Consumer Protection Act, and violation of Washington State's Escrow Agen Registration Act. Since the Amended Complaint, the parties have come to a Stipulated Settlement, ECF No. 61-4, and on February 2, 2024, this Court granted preliminary approval of this agreement.

**Final Approval of Class Action**

The Stipulated Settlement is fair, reasonable, and adequate, and is therefore approved.

"The claims, issues, or defenses of a certified class – or a class proposed to be certified for purposes of settlement – may be settled ... only with the court's approval." Fed. R. Civ. P. 23(e). A district court may approve a settlement

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** # 2

agreement "after a hearing and only on finding that it is fair, reasonable, and adequate ...." Fed. R. Civ. P. 23(e)(2).

In making this decision, Rule 23(e)(2) states that district courts must consider whether: (1) the class representatives and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the class is adequate, taking into account: the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; the terms of any proposed award of attorney's fees, including timing of payment; and any agreement required to be identified under Rule 23(e)(3), and; (4) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

Rule 23(e) of the Federal Rules of Civil Procedure largely overlaps with the factors the Ninth Circuit has long considered for settlement approval: (1) "the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *In re Bluetooth Headseat Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

The Stipulated Settlement represents the class, was negotiated at 'arm's length', provides adequate costs, risks, dispersal of claims, attorneys' fees, and treats class member equitably relative to each other. Furthermore, the Stipulated Settlement considers the strength of Plaintiff's case, the overall costs of litigation, the risk of maintaining the class through trial, the amount offered to settle, the extent of discovery completed, the experience and views of counsel, and the

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** # 3

reaction of the class members to the proposed settlement. Therefore, the Stipulated Settlement at ECF No. 61-4 is approved.

### Attorneys' Fees, Costs, and Service Award

In common fund settlements like this one, the Ninth Circuit approves the "percentage of recovery" method. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019). In the Ninth Circuit, 25 percent of the fund is the 'benchmark' award that should be granted in common fund cases. *Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). In determining whether the percentage requested is fair and reasonable in a common fund case, courts may consider a range of factors, including: (1) the results achieved; (2) the risk of litigation; (3) the skill required; (4) the quality of the work; and (5) the contingent nature of the fee and the financial burden. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

In general, when assessing attorneys' fees in the Ninth Circuit, district courts must calculate awards for attorneys' fees using the lodestar method. The lodestar is calculated by multiplying the number of hours the prevailing party reasonable expended on the litigation by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). In common fund cases, the lodestar method "provides a check on the reasonableness of the percentage award." *See Vizcaino*, 290 F.3d at 1050. When conducting this lodestar cross-check, courts compare the requested fee to class counsel's lodestar, and courts regularly approve fee awards that are several times class counsel's lodestar. *Id.* at 1051.

When considering the factors in *Vizcaino* and the Ninth Circuit's lodestar cross-check, the requested benchmark fee of 25% of the Common Fund is fair and reasonable. Therefore, the Court approves counsel's benchmark fee of 25% of the Common Fund.

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** # 4

In assessing the reasonableness of the reimbursement request, the Court is "reminded that it is generally not the practice of an attorney to bill a client for every expense incurred in connection with the litigation in question," and "[t]he attorney is expected to absorb some of the cost of doing business as an attorney…" *In re Media Vision Tech. Sec. Litig.*, 913 F.Supp. 1362, 1366 (N.D. Cal. 1996).

Counsel's request of reimbursing $9,760.65 is fair and reasonable. All these costs were necessary to litigate this action and were incurred for the benefit of the Class. Therefore, Plaintiff's counsel shall be awarded $9,760.65.

Incentive awards are common in class action cases. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Service awards "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.* at 958-59.

Class Representative Eric Blomquist shall be awarded a service award of $5,000. Class Representative Blomquist devoted time and effort to this case, assisted counsel, reviewed the Stipulated Settlement, and actively participated in this litigation and settlement discussions. Furthermore, he represented the Class. Therefore, $5,000 shall be awarded to Class Representative Eric Blomquist.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Notice of Motion and Motion for Final Approval of Class Action Settlement and Request for Attorney's Fees, Expenses and Service Award; Memorandum in Support Thereof, ECF No. 68, is **GRANTED**.

2.    Finding that the fairness factors favor settlement, the Stipulated Settlement found at ECF No. 61-4 is **APPROVED**.

3.    The notice afforded to Class Members is adequate and sufficient to inform Class Member of their rights.

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** # 5

4. Defendants **shall** pay 25% of the $4.5 million Common Fund to Plaintiff's class counsel for fair and reasonable attorneys' fees.

5. Defendants **shall** pay Plaintiff's class counsel $9,760.65 for reasonable reimbursement expenses.

6. Representative Eric Blomquist **shall** receive $5,000 from the Common Fund as a service award for work done on behalf of the Class.

**IT IS SO ORDERED**. The Clerk of the Court is hereby directed to file this Order, provide copies to counsel, and **close the file**.

**DATED** this 23rd day of May 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** # 6