**So Ordered.**

**Dated: September 17th, 2024**



Frederick P. Corbit
Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| In re: | Case No. 18-03197-FPC7 |
|---|---|
| GIGA WATT INC., | **ORDER GRANTING FINAL APPLICATION FOR SERVICES RENDERED** |
| Debtor. | |

THIS MATTER came before the court on the Final Application of Potomac Law Group, PLLC for an Award of Compensation for Services Rendered and Reimbursement of Expenses (ECF No. 1044) ("Application"). On August 22, 2024, Mr. Jun Dam filed an Objection to the Application (ECF No. 1048). On August 23, 2024, Mr. John Winslow filed an Objection to the Application (ECF No. 1051). On August 27, 2024, Potomac Law Group replied to Mr. Dam's Objection (ECF No. 1052).

The hearing on the Application was held on September 10, 2024, and was attended by Pamela Egan, of the Potomac Law Group, which represented the trustee; Douglas Cameron, attorney for Jun Dam; Gary Dyer, attorney for U.S. Trustee; John Winslow; and John Munding, attorney for Perkins Coie, et al. After

ORDER GRANTING APPLICATION - 1

reviewing the files and records herein, and hearing argument of counsel and Mr. Winslow, the court finds, concludes, and orders as follows:

## FINDINGS OF FACT[1]

1.      On November 19, 2018, Giga Watt filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (ECF No. 1).

2.      After being converted to Chapter 7, the Chapter 7 Trustee initiated an adversary proceeding against Perkins Coie law firm on November 30, 2020.

3.      On December 2, 2020, the Chapter 7 Trustee's Application to Approve Employment of Potomac Law Group, PLLC as Litigation Counsel was filed (ECF No. 828). The application provided for the Potomac Law Group to receive 30% of any recovery up to $10 million. No parties objected to the application. On December 15, 2020, the court approved the Application (ECF No. 840).

4.      Ms. Pamela Egan of Potomac Law Group worked on the adversary proceeding against Perkins Coie for approximately 3.5 years without objection.

5.      Mr. Dam is a California citizen. In 2017, Mr. Dam pre-purchased "tokens" from Giga Watt's initial coin offering and on the secondary market. Mr. Dam was the nominal plaintiff in putative class actions against Perkins Coie and

---

[1] Where a finding of fact is actually a conclusion of law, it shall be treated as such and vice versa.

ORDER GRANTING APPLICATION - 2

the affiliates in both this Court in Adversary Case No. 20-80020-FPC, and in the U.S. Eastern District of Washington, Case No. 20-cv-00464-SAB.

6. Eventually, Ms. Egan's efforts in the adversary proceeding resulted in the WTT Token Settlement Agreement[2] ("Settlement Agreement"). Mr. Jun Dam was present for these negotiations as a member of the settling parties.

7. The settlement allocated $3 million to the estate and $4.5 million to the Token Holders. Token Holders were given the opportunity to opt out or object to the settlement. No Token Holders opted out or objected to the settlement. The District Court approved the Settlement Agreement on May 23, 2024 (EDWA District Court Case No. 20-cv-00464-SAB, ECF No. 83). The Bankruptcy Court approved the Settlement Agreement on October 4, 2023 (ECF No. 1031).

8. The Settlement Agreement defined a "Released Claim" as "any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Parties, including damages, costs, expenses, penalties, equitable relief, injunctions and attorneys' fees, known or unknown, suspected or unsuspected, in law or in equity, that arise from or relate to the facts giving rise to this Action" (ECF No. 1052-1 at p.12).

---

[2] The Settlement Agreement was appended to Ms. Egan's Reply (ECF No. 1052) as Exhibit A.

ORDER GRANTING APPLICATION - 3

9. A "Released Party" was defined as including "the Giga Watt estate, Mark D. Waldron as Chapter 7 Trustee of the Giga Watt Estate, and agents and attorneys of the Giga Watt Estate" (ECF No. 1052-1 at p.12).

10. A "Releasing Party" was defined as "Plaintiff and each and every Class Member" (ECF No. 1052-1 at p.12).

11. The Settlement Agreement release clause provides: "Upon the Effective Date, each and every Releasing Party shall by order of this Court be deemed to have released, waived, forfeited and shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum" (ECF No. 1052-1 at p. 27).

12. Mr. Dam was a Token Holder and a class member. He did not opt out of the Settlement Agreement. As a result, Mr. Dam was a "Releasing Party" to the Settlement Agreement.

13. Mr. Winslow was a Token Holder and class member. He did not opt out of the Settlement Agreement. As a result, Mr. Winslow was a "Releasing Party" to the Settlement Agreement.

14. On July 26, 2024, Potomac Law Group submitted the Application (ECF No. 1044). Potomac Law Group requested $900,000.00 in attorney fees, plus $1,648.15 in expenses. Ms. Egan devoted 2,536.80 hours to the Perkins adversary case, and her typical rate is $600 per hour. The time Ms. Egan alleges she devoted

ORDER GRANTING APPLICATION - 4

18-03197-FPC7    Doc 1079    Filed 09/17/24    Entered 09/17/24 16:17:25    Pg 4 of 8

to the Perkins adversary multiplied by her hourly rate totals $1,522,080—which far exceeds the amount requested. Ms. Egan's requested fees are reasonably structured and her services were beneficial to both the Token Holders and the estate.

15. On August 22, 2024, Mr. Dam filed an objection to the Application (ECF No. 1048). Mr. Dam presented an equitable argument, requesting the court to reserve a ruling on the Application to permit Mr. Dam to pursue, sometime in the future, a claim that he had an equitable right to the settlement proceeds. Mr. Dam did not dispute that Ms. Egan's requested fees were reasonable or necessary.

16. Mr. Dam had ample opportunity to object when Ms. Egan first filed her employment application. Additionally, Mr. Dam was present at various settlement discussions and failed to object. Finally, Mr. Dam had the opportunity to object or opt out of the Settlement Agreement while it was pending in the District Court, but he did not object or opt out.

17. On August 23, 2024, Mr. Winslow filed an objection to the Application (ECF No. 1051). Mr. Winslow argued the $900,000 contingency fee was not agreed to by Token Holder creditors and should be adjusted based on "actual effort required."

18. The funds that are available to pay the fees of the Potomac Law Group would not be available but for the work of the Potomac Law Group.

19. Mr. Winslow had ample opportunities to object to the employment of Potomac Law Group. Mr. Winslow could have objected during discussions and could have opted out of the Settlement Agreement, but he did neither.

20. On August 27, 2024, Ms. Egan filed a reply to Mr. Dam's objection (ECF No. 1052). Ms. Egan asserted that claim preclusion, issue preclusion, and the release terms of the settlement agreement bar any "future" claims by Mr. Dam to the settlement proceeds.

21. The fees requested by Potomac Law Group are reasonable whether based on the contingency fee agreement or if billed at Ms. Egan's customary hourly rate.

## **CONCLUSIONS OF LAW**

1. Pursuant to 11 U.S.C. § 330, the court may award reasonable compensation and expenses for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney. In determining an attorney's reasonable compensation, the court considers factors such as whether the services were "beneficial at the time at which the service was rendered toward the completion" of a bankruptcy case. 11 U.S.C. § 330(a)(3)(C).

2. Claim preclusion "bars a party in successive litigation from pursuing claims that 'were raised or could have been raised in a prior action.'" *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001). Claim

ORDER GRANTING APPLICATION - 6

preclusion applies where "the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Save the Bull Trout v. Williams,* 51 F.4th 1101, 1107 (9th Cir. 2022).

    3.    Issue preclusion prevents relitigating issues that have already been litigated and which were necessary to a prior judgment. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979). Issue preclusion exists where "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom [issue preclusion] is asserted was a party or in privity with a party at the first proceeding." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 (9th Cir. 2006).

    4.    Settlement agreements are interpreted "the same way as other contracts." *McGuire v. Bates*, 169 Wash. 2d 185, 188 (2010). As such, their construction "is governed by the legal principles applicable to contracts and they are subject to judicial interpretation in light of the language used and the circumstances surrounding their making." *Stottlemyre v. Reed*, 35 Wash. App. 169, 171 (1983).

5. Mr. Dam was a Releasing Party to the Settlement Agreement, and thus Mr. Dam agreed to release, waive, and/or forfeit any claims arising from or relating to the facts giving rise to the Settlement Agreement.

6. Mr. Winslow was a Releasing Party to the Settlement Agreement. Accordingly, Mr. Winslow agreed to release, waive, and/or forfeit any claims arising from or relating to the facts giving rise to the Settlement Agreement.

7. Because the services rendered by Ms. Egan were both reasonable and necessary, Mr. Dam and Mr. Winslow had ample opportunity to object to the Potomac's employment and to opt out of the Settlement Agreement but did neither, both Mr. Dam and Mr. Winslow are Releasing Parties and have no viable claims to the funds requested in the Application.

THEREFORE, based on the foregoing it is ordered that:

1. the Application (ECF No. 1044) by Potomac Law Group, PLLC is **GRANTED**;

2. the trustee is authorized to disburse $901,648.15 in funds to Potomac Law Group, PLLC;

3. the Objection (ECF No. 1048) filed on behalf of Jun Dam is **OVERRULED**; and

4. the Objection (ECF No. 1051) filed on behalf of John T. Winslow is **OVERRULED**.

///End of Order///

ORDER GRANTING APPLICATION - 8