United States Bankruptcy Court
Eastern District of Washington

| | |
|---|---|
| In re: | Case No. 18-03197-FPC |
| GIGA WATT INC | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

District/off: 0980-2     User: notice     Page 1 of 4
Date Rcvd: Sep 18, 2024     Form ID: pdf002     Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 20, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| cr | + John T. Winslow, 112 Weisbrook Ct., Henderson, NV 89011-2560 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 20, 2024     Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 18, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Adam C. Doupe | on behalf of Interested Party Allrise Financial Group adoupe@buchalter.com doupear96329@notify.bestcase.com,simmel@ryanlaw.com |
| Angie Lee | on behalf of Creditor Washington State Taxing Agencies bculee@atg.wa.gov |
| Benjamin A Ellison | on behalf of Creditor Committee Unsecured Creditors' Committee salishsealegal@outlook.com |
| Benjamin J McDonnell | on behalf of Defendant Enterprise Focus Inc. ben@pyklawyers.com, shanson@pyklawyers.com,cclaeson@pyklawyers.com,rroller@pyklawyers.com |
| Benjamin J McDonnell | on behalf of Creditor Clever Capital LLC ben@pyklawyers.com, shanson@pyklawyers.com,cclaeson@pyklawyers.com,rroller@pyklawyers.com |

Benjamin J McDonnell
on behalf of Defendant Clever Capital LLC ben@pyklawyers.com, shanson@pyklawyers.com,cclaeson@pyklawyers.com,rroller@pyklawyers.com

Benjamin J McDonnell
on behalf of Creditor David M Carlson ben@pyklawyers.com shanson@pyklawyers.com,cclaeson@pyklawyers.com,rroller@pyklawyers.com

Benjamin J McDonnell
on behalf of Defendant David M. Carlson and Jane Doe 1 ben@pyklawyers.com shanson@pyklawyers.com,cclaeson@pyklawyers.com,rroller@pyklawyers.com

Christopher F Ries
on behalf of Creditor Neppel Electrical & Controls LLC , diana@rieslawfirm.com;cdg@rieslawfirm.com;carrie@rieslawfirm.com

Danial D Pharris
on behalf of Creditor NC Machinery Co. pharris@lasher.com luksetich@lasher.com

Daniel William Short
on behalf of Creditor Douglas County PUD dan.short@painehamblen.com sheila.espinoza@painehamblen.com

David A Kazemba
on behalf of Creditor MLDC1 LLC dkazemba@overcastlaw.com, kera@overcastlaw.com,debbie@overcastlaw.com,jose@overcastlaw.com,dusty@overcastlaw.com

David A Kazemba
on behalf of Creditor Giga Plex LLC dkazemba@overcastlaw.com, kera@overcastlaw.com,debbie@overcastlaw.com,jose@overcastlaw.com,dusty@overcastlaw.com

David R Law
on behalf of Creditor Port of Douglas County david@dadkp.com amy@dadkp.com

Dennis J. McGlothin
on behalf of Creditor Jun Dam docs@westwalaw.com

Dennis J. McGlothin
on behalf of Defendant Jun Dam docs@westwalaw.com

Dominique R Scalia
on behalf of Interested Party Unsecured Creditors Committee of Giga Watt Inc. dscalia@lawdbs.com paralegal@lawdbs.com;jsmith@lawdbs.com

Dominique R Scalia
on behalf of Attorney DBS Law dscalia@lawdbs.com paralegal@lawdbs.com;jsmith@lawdbs.com

Donald A Boyd
on behalf of Defendant Andrey Kuzenny dboyd@hummerboyd.com kvoelker@hummerboyd.com

Douglas A. Hofmann
on behalf of Creditor Refael Sofair dhofmann@williamskastner.com tdondero@williamskastner.com

Douglas R Cameron
on behalf of Creditor Jun Dam dcameron@hansonbaker.com hwatson@hansonbaker.com

Gary W Dyer
on behalf of U.S. Trustee US Trustee Gary.W.Dyer@usdoj.gov

Gretchen J. Hoog
on behalf of Attorney Emerald City Statewide LLC hoog@ryanlaw.com dhutchings@corrdowns.com

James D Perkins
on behalf of U.S. Trustee US Trustee james.perkins@usdoj.gov

Jason T Piskel
on behalf of Defendant Enterprise Focus Inc. jpiskel@pyklawyers.com, ephelps@pyklawyers.com

Jason T Piskel
on behalf of Creditor David M Carlson jpiskel@pyklawyers.com ephelps@pyklawyers.com

Jason T Piskel
on behalf of Defendant David M. Carlson and Jane Doe 1 jpiskel@pyklawyers.com ephelps@pyklawyers.com

Jason T Piskel
on behalf of Defendant Clever Capital LLC jpiskel@pyklawyers.com, ephelps@pyklawyers.com

Jason T Piskel
on behalf of Creditor Clever Capital LLC jpiskel@pyklawyers.com, ephelps@pyklawyers.com

Jofrey M McWilliam
on behalf of Defendant Perkins Coie LLP jmcwilliam@byrneskeller.com jmcwilliam@byrneskeller.com, jbenson@byrneskeller.com,lsweetser@byrneskeller.com,docket@byrneskeller.com

Jofrey M McWilliam
    on behalf of Defendant Lowell Ness jmcwilliam@byrneskeller.com jbenson@byrneskeller.com,lsweetser@byrneskeller.com,docket@byrneskeller.com

John Knox
    on behalf of Creditor Refael Sofair jknox@williamskastner.com rnelson@williamskastner.com

John D Munding
    on behalf of Defendant Lowell Ness John@Mundinglaw.com Karenchpt7@gmail.com

John D Munding
    on behalf of Defendant Perkins Coie LLP John@Mundinglaw.com Karenchpt7@gmail.com

Joseph A.G. Sakay
    on behalf of Interested Party Allrise Financial Group jsakay@buchalter.com pjolley@buchalter.com

Mark Waldron
    trustee@mwaldronlaw.com mark@mwaldronlaw.com

Pamela Marie Egan
    on behalf of Defendant GIGA WATT INC pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Defendant The Potomac Law Group a Washington DC Limited Liability Partnership pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Other Professional Potomac Law Group PLLC pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Attorney Potomac Law Group PLLC pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Defendant Mark D. Waldron pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Plaintiff Mark D. Waldron pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Defendant Pamela M Eagan pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Plaintiff Mark Waldron pegan@potomaclaw.com

Pamela Marie Egan
    on behalf of Trustee Mark Waldron pegan@potomaclaw.com

Quentin D Batjer
    on behalf of Creditor Port of Douglas County quentin@dadkp.com quentin@dadkp.com

Ralph E Cromwell, Jr
    on behalf of Witness Perkins Coie LLP rcromwell@byrneskeller.com ssandusky@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com

Ralph E Cromwell, Jr
    on behalf of Defendant Lowell Ness rcromwell@byrneskeller.com ssandusky@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com

Ralph E Cromwell, Jr
    on behalf of Defendant Perkins Coie LLP rcromwell@byrneskeller.com ssandusky@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com

Reid G Johnson
    on behalf of Defendant Timur Usmanov rjohnson@lukins.com

Roberto H Castro
    on behalf of Interested Party Nathan Welling rcastro@rcastrolaw.com castro.ava@gmail.com

Scott B Henrie
    on behalf of Creditor Refael Sofair scott@scotthenrie.com DLevitin@williamskastner.Com

Scott R. Smith
    on behalf of Creditor Douglas County PUD srs@painehamblen.com

Shauna S Brennan
    on behalf of Creditor ECO Diversified Holdings Inc. sbrennan@outsidegeneralcounsel.com, admin@outsidegeneralcounsel.com

Tara J. Schleicher
    on behalf of Interested Party EcoChain Inc. tara.schleicher@foster.com, kim.fergin@foster.com,estela.acosta@foster.com,ellie.bulin@foster.com

Timothy G. Blood
    on behalf of Defendant Jun Dam tblood@bholaw.com efile@bholaw.com;toreardon@bholaw.com;lhurst@bholaw.com

| | |
| --- | --- |
| Timothy G. Blood | on behalf of Creditor Refael Sofair tblood@bholaw.com efile@bholaw.com;toreardon@bholaw.com;lhurst@bholaw.com |
| Timothy G. Blood | on behalf of Creditor Jun Dam tblood@bholaw.com efile@bholaw.com;toreardon@bholaw.com;lhurst@bholaw.com |
| US Trustee | USTP.REGION18.SP.ECF@usdoj.gov |
| Vanessa Pierce | on behalf of Creditor David M Carlson vprollins@gmail.com |
| Vanessa Pierce | on behalf of Creditor Clever Capital LLC vprollins@gmail.com |

TOTAL: 61


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197-FPC7 |
| GIGA WATT INC., | **ORDER GRANTING FINAL APPLICATION FOR SERVICES RENDERED** |
| Debtor. | |

THIS MATTER came before the court on the Final Application of Potomac Law Group, PLLC for an Award of Compensation for Services Rendered and Reimbursement of Expenses (ECF No. 1044) ("Application"). On August 22, 2024, Mr. Jun Dam filed an Objection to the Application (ECF No. 1048). On August 23, 2024, Mr. John Winslow filed an Objection to the Application (ECF No. 1051). On August 27, 2024, Potomac Law Group replied to Mr. Dam's Objection (ECF No. 1052).

The hearing on the Application was held on September 10, 2024, and was attended by Pamela Egan, of the Potomac Law Group, which represented the trustee; Douglas Cameron, attorney for Jun Dam; Gary Dyer, attorney for U.S. Trustee; John Winslow; and John Munding, attorney for Perkins Coie, et al. After

ORDER GRANTING APPLICATION - 1

reviewing the files and records herein, and hearing argument of counsel and Mr. Winslow, the court finds, concludes, and orders as follows:

## FINDINGS OF FACT[1]

1. On November 19, 2018, Giga Watt filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (ECF No. 1).

2. After being converted to Chapter 7, the Chapter 7 Trustee initiated an adversary proceeding against Perkins Coie law firm on November 30, 2020.

3. On December 2, 2020, the Chapter 7 Trustee's Application to Approve Employment of Potomac Law Group, PLLC as Litigation Counsel was filed (ECF No. 828). The application provided for the Potomac Law Group to receive 30% of any recovery up to $10 million. No parties objected to the application. On December 15, 2020, the court approved the Application (ECF No. 840).

4. Ms. Pamela Egan of Potomac Law Group worked on the adversary proceeding against Perkins Coie for approximately 3.5 years without objection.

5. Mr. Dam is a California citizen. In 2017, Mr. Dam pre-purchased "tokens" from Giga Watt's initial coin offering and on the secondary market. Mr. Dam was the nominal plaintiff in putative class actions against Perkins Coie and

---

[1] Where a finding of fact is actually a conclusion of law, it shall be treated as such and vice versa.

ORDER GRANTING APPLICATION - 2

the affiliates in both this Court in Adversary Case No. 20-80020-FPC, and in the U.S. Eastern District of Washington, Case No. 20-cv-00464-SAB.

6. Eventually, Ms. Egan's efforts in the adversary proceeding resulted in the WTT Token Settlement Agreement[2] ("Settlement Agreement"). Mr. Jun Dam was present for these negotiations as a member of the settling parties.

7. The settlement allocated $3 million to the estate and $4.5 million to the Token Holders. Token Holders were given the opportunity to opt out or object to the settlement. No Token Holders opted out or objected to the settlement. The District Court approved the Settlement Agreement on May 23, 2024 (EDWA District Court Case No. 20-cv-00464-SAB, ECF No. 83). The Bankruptcy Court approved the Settlement Agreement on October 4, 2023 (ECF No. 1031).

8. The Settlement Agreement defined a "Released Claim" as "any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Parties, including damages, costs, expenses, penalties, equitable relief, injunctions and attorneys' fees, known or unknown, suspected or unsuspected, in law or in equity, that arise from or relate to the facts giving rise to this Action" (ECF No. 1052-1 at p.12).

---

[2] The Settlement Agreement was appended to Ms. Egan's Reply (ECF No. 1052) as Exhibit A.

ORDER GRANTING APPLICATION - 3

9. A "Released Party" was defined as including "the Giga Watt estate, Mark D. Waldron as Chapter 7 Trustee of the Giga Watt Estate, and agents and attorneys of the Giga Watt Estate" (ECF No. 1052-1 at p.12).

10. A "Releasing Party" was defined as "Plaintiff and each and every Class Member" (ECF No. 1052-1 at p.12).

11. The Settlement Agreement release clause provides: "Upon the Effective Date, each and every Releasing Party shall by order of this Court be deemed to have released, waived, forfeited and shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum" (ECF No. 1052-1 at p. 27).

12. Mr. Dam was a Token Holder and a class member. He did not opt out of the Settlement Agreement. As a result, Mr. Dam was a "Releasing Party" to the Settlement Agreement.

13. Mr. Winslow was a Token Holder and class member. He did not opt out of the Settlement Agreement. As a result, Mr. Winslow was a "Releasing Party" to the Settlement Agreement.

14. On July 26, 2024, Potomac Law Group submitted the Application (ECF No. 1044). Potomac Law Group requested $900,000.00 in attorney fees, plus $1,648.15 in expenses. Ms. Egan devoted 2,536.80 hours to the Perkins adversary case, and her typical rate is $600 per hour. The time Ms. Egan alleges she devoted

ORDER GRANTING APPLICATION - 4

to the Perkins adversary multiplied by her hourly rate totals $1,522,080—which far exceeds the amount requested. Ms. Egan's requested fees are reasonably structured and her services were beneficial to both the Token Holders and the estate.

15. On August 22, 2024, Mr. Dam filed an objection to the Application (ECF No. 1048). Mr. Dam presented an equitable argument, requesting the court to reserve a ruling on the Application to permit Mr. Dam to pursue, sometime in the future, a claim that he had an equitable right to the settlement proceeds. Mr. Dam did not dispute that Ms. Egan's requested fees were reasonable or necessary.

16. Mr. Dam had ample opportunity to object when Ms. Egan first filed her employment application. Additionally, Mr. Dam was present at various settlement discussions and failed to object. Finally, Mr. Dam had the opportunity to object or opt out of the Settlement Agreement while it was pending in the District Court, but he did not object or opt out.

17. On August 23, 2024, Mr. Winslow filed an objection to the Application (ECF No. 1051). Mr. Winslow argued the $900,000 contingency fee was not agreed to by Token Holder creditors and should be adjusted based on "actual effort required."

18. The funds that are available to pay the fees of the Potomac Law Group would not be available but for the work of the Potomac Law Group.

ORDER GRANTING APPLICATION - 5

19. Mr. Winslow had ample opportunities to object to the employment of Potomac Law Group. Mr. Winslow could have objected during discussions and could have opted out of the Settlement Agreement, but he did neither.

20. On August 27, 2024, Ms. Egan filed a reply to Mr. Dam's objection (ECF No. 1052). Ms. Egan asserted that claim preclusion, issue preclusion, and the release terms of the settlement agreement bar any "future" claims by Mr. Dam to the settlement proceeds.

21. The fees requested by Potomac Law Group are reasonable whether based on the contingency fee agreement or if billed at Ms. Egan's customary hourly rate.

## CONCLUSIONS OF LAW

1. Pursuant to 11 U.S.C. § 330, the court may award reasonable compensation and expenses for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney. In determining an attorney's reasonable compensation, the court considers factors such as whether the services were "beneficial at the time at which the service was rendered toward the completion" of a bankruptcy case. 11 U.S.C. § 330(a)(3)(C).

2. Claim preclusion "bars a party in successive litigation from pursuing claims that 'were raised or could have been raised in a prior action.'" *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001). Claim

preclusion applies where "the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Save the Bull Trout v. Williams,* 51 F.4th 1101, 1107 (9th Cir. 2022).

3. Issue preclusion prevents relitigating issues that have already been litigated and which were necessary to a prior judgment. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979). Issue preclusion exists where "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom [issue preclusion] is asserted was a party or in privity with a party at the first proceeding." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 (9th Cir. 2006).

4. Settlement agreements are interpreted "the same way as other contracts." *McGuire v. Bates*, 169 Wash. 2d 185, 188 (2010). As such, their construction "is governed by the legal principles applicable to contracts and they are subject to judicial interpretation in light of the language used and the circumstances surrounding their making." *Stottlemyre v. Reed*, 35 Wash. App. 169, 171 (1983).

5. Mr. Dam was a Releasing Party to the Settlement Agreement, and thus Mr. Dam agreed to release, waive, and/or forfeit any claims arising from or relating to the facts giving rise to the Settlement Agreement.

6. Mr. Winslow was a Releasing Party to the Settlement Agreement. Accordingly, Mr. Winslow agreed to release, waive, and/or forfeit any claims arising from or relating to the facts giving rise to the Settlement Agreement.

7. Because the services rendered by Ms. Egan were both reasonable and necessary, Mr. Dam and Mr. Winslow had ample opportunity to object to the Potomac's employment and to opt out of the Settlement Agreement but did neither, both Mr. Dam and Mr. Winslow are Releasing Parties and have no viable claims to the funds requested in the Application.

THEREFORE, based on the foregoing it is ordered that:

1. the Application (ECF No. 1044) by Potomac Law Group, PLLC is **GRANTED**;

2. the trustee is authorized to disburse $901,648.15 in funds to Potomac Law Group, PLLC;

3. the Objection (ECF No. 1048) filed on behalf of Jun Dam is **OVERRULED**; and

4. the Objection (ECF No. 1051) filed on behalf of John T. Winslow is **OVERRULED**.

///End of Order///

ORDER GRANTING APPLICATION - 8