Jun Dam (*Pro Se*)
5432 Geary Blvd #535
San Francisco, CA 94121
Phone: (415) 748-1113
Email: jundam@hotmail.com

The Honorable Frederick P. Corbit
Chapter 11

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT INC.,

Debtor

Case No. 18-03197-FPC

**MOTION FOR STAY PENDING APPEAL**

**TO THE UNITED STATES BANKRUPTCY COURT:**

I, Jun Dam, respectfully move this Court for a stay pending appeal of the Order Granting the Final Application for Compensation of Potomac Law Group, PLLC (the "Application") (ECF No. 1079), which awarded $900,000 in attorney's fees and $1,648.15 in expenses to Potomac Law Group. This Motion is made on the grounds that (1) a stay is necessary to prevent the improper disbursement of funds that may not be recoverable if my appeal is successful; (2) I am likely to succeed on the merits of the appeal based on my claims that the bankruptcy estate had no standing to receive the $3 million settlement from Perkins Coie, and the fees should not be allocated for actions rooted in errors or unproductive efforts; and (3) I will suffer irreparable harm if the stay is not granted, as the funds will likely be disbursed without the possibility of recovery.

## 1. A Stay is Necessary to Prevent Irreparable Harm

The disbursement of $900,000 in attorney fees to Potomac Law Group from the Perkins Adversary Settlement Proceeds creates an urgent risk of irreparable harm. If these funds are paid out and my appeal succeeds, there may not be sufficient funds left in the estate to recover the fees, particularly if it is determined that the bankruptcy estate never had standing to claim the $3 million settlement in the first place.

I contend that the $3 million settlement, minus legal fees, unjustly enriched the bankruptcy estate, as the causes of action pursued by the Trustee rightfully belonged to the class-action group of which I am a part. These funds should be placed in a constructive trust for the benefit of the class-action group, and not be disbursed to pay attorney's fees for actions that were erroneous, unproductive, or based on fraud on the court.

As noted in *In re Golden Triangle Capital, Inc.*, **171 B.R. 79 (B.A.P. 9th Cir. 1994)**, funds subject to a constructive trust may be excluded from the bankruptcy estate. Allowing the immediate disbursement of $900,000 without fully adjudicating my claims regarding the ownership of the settlement proceeds would make it impossible to recover those funds should my appeal prevail.

## 2. Likelihood of Success on the Merits

I am likely to succeed on the merits of this appeal for several reasons:

**Claims Preclusion and Issue Preclusion:**

The doctrine of **claim preclusion** does not bar my current arguments because I, along with John Winslow, was never a direct party to the $3 million settlement between the bankruptcy estate and Perkins Coie. We were members of a class-action group that had a separate settlement for $4.5 million. Additionally, the release language in the class-action settlement is unenforceable against

us due to lack of privity, lack of consideration, and lack of authority to enforce third-party beneficiary rights.

Similarly, **issue preclusion** does not apply because the specific issue of whether the class-action group was entitled to the $3 million settlement was never litigated. The court's decision to approve the bankruptcy estate's settlement with Perkins Coie did not adjudicate the rights of the class-action group to those funds. Therefore, my claims for a constructive trust on the $3 million settlement proceeds remain valid and should be fully considered by the appellate court.

**Enforceability of the Settlement Agreement:**

The settlement agreement between the bankruptcy estate and Perkins Coie did not involve me or John Winslow as direct parties. The purported release of the Trustee and the Giga Watt estate from liability under the class-action settlement is unenforceable due to lack of consideration and privity of contract. As such, the funds from the $3 million settlement should not have been distributed to the estate, and the court's approval of fees to Potomac Law Group for actions related to this settlement is inappropriate.

**Reasonableness of Compensation:**

The reasonableness of the $900,000 contingency fee is questionable given that the bankruptcy estate had no standing to bring claims against Perkins Coie for the premature release of escrowed funds. The estate improperly benefited from a settlement that rightfully belonged to the class-action group. As such, no fees should be awarded for actions rooted in errors, unproductive efforts, or fraud on the court. *In re Lochmiller Industries, Inc.*, **178 B.R. 241 (Bankr. S.D. Cal. 1995)** provides that legal fees paid in error or based on inappropriate actions are subject to review and possible disgorgement.

### 3. Irreparable Harm Without a Stay

Disbursing the $900,000 in attorney's fees to Potomac Law Group prior to resolving my appeal will cause irreparable harm. The bankruptcy estate has limited funds (approximately $479,000 before the settlement), and if the court later determines that the $3 million settlement belonged to the class-action group, the funds will not be available for recovery.

Furthermore, once the fees are disbursed, it is unlikely that I will be able to recover them if my appeal is successful, due to the limited resources of the estate. This justifies the imposition of a stay, as irreparable harm will occur if the funds are disbursed prematurely.

### 4. Balance of Equities and Public Interest

The balance of equities weighs in favor of granting the stay. Potomac Law Group has already received substantial compensation for their services, and delaying the distribution of the $900,000 contingency fee will not cause them undue hardship. On the other hand, if the funds are disbursed and my appeal succeeds, it will be impossible to recover those funds, causing significant harm to the class-action group.

Granting a stay also serves the public interest by ensuring that legal fees are not awarded for actions that may be based on improper or unproductive efforts, and that the proper parties receive the settlement funds to which they are entitled.

### Conclusion

For the foregoing reasons, I respectfully request that this Court grant a **stay pending appeal** of the order approving the $900,000 contingency fee application to Potomac Law Group. In the alternative, I request that the Court include a provision for **disgorgement** of those fees should my appeal be successful and the settlement funds determined to belong to the class-action group.

Respectfully submitted,

Dated this 24th day of September, 2024

*signature*

Jun Dam (*Pro Se*)
5432 Geary Blvd #535
San Francisco, CA 94108
Phone: (415) 748-1113
Email: jundam@hotmail.com

# CERTIFICATE OF SERVICE

I certify that on the 24th day of September, 2024, I filed the **MOTION FOR STAY PENDING APPEAL** with the Clerk of the Court. I certify a true and correct copy of said Notice was sent electronically to:

Ben Ellison, on behalf of the Official Committee of Unsecured Creditors - salishsealegal@outlook.com, benaellison@gmail.com
James D Perkins on behalf of The United States Trustee - James.Perkins@usdoj.gov
Samuel Dart as attorney for Creditors' Committee of WTT Token Holders and Miners - sdart@eisenhowerlaw.com
Quentin D Batjer on behalf of Port of Douglas County - pam@dadkp.com, quentin@dadkp.com
William L Hames on behalf of Port of Douglas County - billh@hawlaw.com, mecqueh@hawlaw.com, juliem@hawlaw.com, frontdesk@hawlaw.com, carmenb@hawlaw.com, katies@hawlaw.com
David R Law on behalf of Port of Douglas County - david@dadkp.com, amy@dadkp.com
Shauna S Brennan on behalf of ECO Diversified Holdings, Inc. - sbrennan@outsidegeneralcounsel.com, admin@outsidegeneralcounsel.com
Robert H Castro on behalf of Interested Party Nathan Welling - rcastro@rcastrolaw.com, castro.ava@gmail.com
Adam C. Doupe on behalf of Interested Party Allrise Financial Group - doupe@ryanlaw.com, doupear96329@notify.bestcase.com
Gary W Dyer on behalf of US Trustee - gary.w.dyer@usdoj.gov
Pamela Marie Egan on behalf of Trustee Mark Waldron - pegan@potomaclaw.com
Scott B Henrie on behalf of Creditor Rafael Sofair - shenrie@williamskastner.com, dlevitin@williamskastner.com
Douglas A. Hofmann on behalf of Creditor Rafael Sofair - dhofmann@williamskastner.com, kmejia@williamskastner.com
Gretchen J. Hoog on behalf of Emerald City Statewide LLC - ghoog@pcslegal.com, danderson@pcslegal.com
David Kazemba on behalf of Creditor Giga Plex, LLC and MLDC1, LLC - dkazemba@overcastlaw.com, amber@overcastlaw.com, lindat@overcastlaw.com, debbie@overcastlaw.com; kazembadr92395@notify.bestcase.com
John Knox on behalf of Creditor Rafeal Sofair - jknox@williamskastner.com, rnelson@williamskastner.com
Angie Lee on behalf of Creditor Washington State Taxing Agencies - bculee@atg.wa.gov
Benjamin J McDonnell on behalf of Clever Capital, LLC, David M Carlson, Enterprise Focus, Inc. - ben@pyklawyers.com, lauren@pyklawyers.com, eboudreau@pyklawyers.com, ncross@pyklawyers.com
Kathryn R McKinley on behalf of Creditor Douglas County PUD kathryn.mckinley@painehamblen.com, ads@painehamblen.com
Danial D Pharris on behalf of Creditor NC Machinery Co. - pharris@lasher.com, lukesetich@lasher.com
Jason T Piskol on behalf of Clever Capital, LLC, David M Carlson, Enterprise Focus, Inc. - jtp@pyklawyers.com
Christopher F Ries on behalf of Creditor Neppel Electrical & Controls, LLC - diana@rieslawfirm.com, cdg@rieslawfirm.com, carrie@rieslawfirm.com
Vanessa Pierce Rollins on behalf of Clever Capital, LLC, David M Carlson - vprollins@gmail.com
Joseph A. G. Sakay on behalf of Interested Party Allrise Financial Group sakay@ryanlaw.com, docketing@ryanlaw.com

Dominique R Scalia on behalf of Attorney DBS Law dscalia@lawdbs.com, paralegal@lawdbs.com
Tara J. Schleicher on behalf of interested party EcoChain, Inc.

tara.schleicher@foster.com, kesarah.rhine@foster.com
US Trustee
ustp.region18.sp.ecf@usdoj.gov
Mark Waldron
trustee@mwaldronlaw.com, mark@mwaldronlaw.com
Brian A. Walker on behalf of Defendant Jeffrey Field
bwalker@omwlaw.com, rgrim@omwlaw.com
Scott Weaver on behalf of Creditor Executive Flight, Inc.
weaver@carneylaw.com, fuhrmann@carneylaw.com


Date Served: 9/24/2024


Sign your name: _____

Print name: Jun Dam