Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
2212 Queen Anne Ave. N., #836
Seattle, WA 98109
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 7<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S THIRD OMNIBUS OBJECTION TO CLAIMS (RELEASED)** |

**CLAIMANTS RECEIVING THIS OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND CORRESPONDING CLAIMS ON EXHIBIT 1 TO THE PROPOSED ORDER ATTACHED HERETO**

The Chapter 7 Trustee hereby files this third omnibus objection (the "Objection") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), disallowing and expunging from the claims register each of the claims identified on **Exhibit 1** to the Proposed Order (collectively, the "Claims" or "Proofs of Claims") in their entirety. Each of the Claims have been released pursuant to the *Order Granting Final Approval of Class Action Settlement*, D.Ct. ECF No. 83 (the "Final

Approval Order"), on May 23, 2024, entered by the U.S. District Court for the Eastern District of Washington in the case entitled, *Blomquist, Dam v. Perkins*, Case No. 2:20-cv-00464-SAB (the "Class Action").

In support of this Objection, the Trustee submits the *Declaration of Mark D. Waldron in Support of Debtor's First, Second, and Third Omnibus Objections to Claims (Released)*, filed herewith.

## JURISDICTION AND STATUTORY PREDICATES

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate is 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## BACKGROUND

On November 19, 2018 ("Petition Date"), Giga Watt, Inc. filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

On March 4, 2019, this Court set the deadline to file claims as April 19, 2019 pursuant to the *Order Granting Motion of the Chapter 11 Trustee for Order (i) Extending Deadline to File Proofs of Claim, etc.*, ECF No. 219.

On September 30, 2020, the case was converted to one under Chapter 7 of the Bankruptcy Code pursuant to the *Order Converting Case to Chapter 7*, dated September 30, 2020, ECF No. 744. That same day, the U.S. Trustee's Office appointed Mark Waldron as the Chapter 7 Trustee. ECF No. 745.

**FACTS SPECIFIC TO THE RELIEF REQUESTED**

On November 19, 2020, the Trustee commenced an adversary proceeding (the "Perkins Adversary") against Perkins Coie LLP and affiliates ("Perkins") alleging claims arising from the collapse of the Giga Watt Project and alleging that Perkins' conduct damaged Giga Watt by, among other things, preventing Giga Watt from paying refunds to Token holders. *Waldron v. Perkins*, Adv. Proc. No. 20-80031.

On December 16, 2020, Jun Dam commenced a putative class action against Perkins on behalf of Token holders (the "Class") alleging claims (the "Class Claims") arising from the collapse of the Giga Watt Project and alleging the right to a refund. *Dam v. Perkins*, U.S. District Court for the Eastern District of Washington, Case No. 2:20-cv-00464-SAB (the "Class Action").

On September 27, 2021, this Court held that three of the claims asserted in the Class Action were property of the estate and, accordingly, it stayed prosecution of those claims. *Memorandum Opinion and Order Regarding Stay and Motion for Order to Show Cause*, ECF No. 921 (the "Automatic Stay Order"). Jun Dam appealed this Order.

On February 23, 2022, this Court enjoined prosecution of the remaining claims in the Class Action. *Order Denying Mr. Dam's Motion to Dismiss and Granting Trustee's Motion for Preliminary Injunction*, Adv. Proc. No. 21-80053, Adv. Proc. No. 38 (the "Preliminary Injunction"). Jun Dam appealed this Order.

Trustee's Third Omnibus
Objection (Released Claims)     P a g e | 3

After lengthy negotiations, the Trustee, the Class, and Perkins settled the disputes between themselves arising from the collapse of the Giga Watt Project, subject to court approval. As set forth below, Perkins agreed to pay the estate $3 million and to pay the Class $4.5 million. In exchange, the Class agreed to release Perkins and the Trustee. Further, the Trustee agreed to release Perkins and to modify the Automatic Stay Order and the Preliminary Injunction to allow the Class settlement to proceed.

On October 5, 2023, this Court entered its Order approving the settlement of the Perkins Adversary, *Order (1) Approving Settlement Agreement with Perkins Coie LLP and Lowell Ness, etc.*, ECF No. 1031.

On November 21, 2023, on the Trustee's motions, this Court granted relief from the stay and, in addition, modified the Automatic Stay Order and the Preliminary Injunction for the limited purpose of allowing the Class to pursue the settlement to which Perkins, the Class, and the Trustee had agreed. *See Order Granting Chapter 7 Trustee's Motion for Relief From the Stay and Waiver of 14-Day Stay,* ECF No. 1040; *see also Order Regarding Preliminary Injunction*, Adv. Proc. No. 21-80053, AP ECF No. 87.

On February 2, 2024, the District Court approved the settlement (the "Class Action Settlement") of the Class Action on a preliminary basis. *Order Granting Preliminary Approval of Class Action Settlement* (D.Ct. ECF No. 67) (the "Preliminary Approval Order"). The Preliminary Approval Order (i) held that Eric Blomquist, a/k/a Richard Blomquist, who has filed Proof of Claim No. 324 in this

case, adequately represented the Class, (ii) certified the Class for settlement purposes, and (iii) approved the substance and manner of notice to the Class of the Class Action Settlement. The Class Action Settlement agreement was filed in the Class Action as D.Ct. ECF No. 61-4.

No one objected to or opted out of the Class Action Settlement. *See Reply Declaration of Timothy G. Blood in Support of Plaintiff's Motion for Final Approval, etc.*, dated May 14, 2024 ("Blood Declaration"), D.Ct. ECF No. 78 at 2:16-18, ¶ 4. On May 23, 2024, the District Court approved the Class Action Settlement on a final basis pursuant to the *Order Granting Final Approval of Class Action Settlement*, D.Ct. ECF No. 83 (the "Final Approval Order").

**BASIS FOR RELIEF**

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). Section 502(a) provides that a claim, properly filed, "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Pursuant to Bankruptcy Rule 3001(f), a claimant establishes a *prima facie* case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. Fed. R. Bankr. P. 3001(f).

Section 502(b)(1) provides that claims may be disallowed if they are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1). "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a

preponderance of the evidence." *Ashford v. Consolidated Pioneer Mort. (In re Consol. Pioneer Mort.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (*quoting In re Allegheny Int'l, Inc.,* 954 F.2d 167, 174 (3rd Cir. 1992)). The ultimate burden of persuasion remains at all times upon the claimant. *See Wright v. Holm (In re Holm )*, 931 F.2d 620, 623 (9th Cir. 1991) (*quoting* 3 L. King, Collier on Bankruptcy § 502.02, at 502–22 (15th ed. 1991)).

**A.       The Proofs of Claims Were Released By the Class Action Settlement**

The Class Action Settlement provides:

> Upon the Effective Date, each and every Releasing Party shall by order of this Court be deemed to have released, waived, forfeited and shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum.

Class Action Settlement, D.Ct. ECF No. 61-4 at 27:20-23, Art. VII, ¶ A. The Effective Date occurred on July 8, 2024.

The Class Action Settlement defines "Releasing Party" as "each and every Class Member." Class Action Settlement, D.Ct. ECF No. 61-4 at 12:18-19, Art. II, ¶ A.37. Class Member is defined as "all persons or entities who owned one or more Tokens on November 19, 2018" who have not opted out. *Id.*, D.Ct. ECF No. at 61-4 at 7:24-26, 5:1-9, Art. II, ¶ A.9.[1] As set forth in the Blood Declaration,

[*This Objections continues on the next page*.]

---

[1] The exceptions to class membership stated therein do not apply here.

Trustee's Third Omnibus Objection (Released Claims)     P a g e | 6

referenced above, no Class Member opted out of the Class Action Settlement. As set forth in the Class Action Settlement:

> Each Token entitled the purchaser to place one watt of computing power in cryptomining facilities maintained by Giga Watt, Inc. in Eastern Washington (the "Giga Watt Project"). The initial sale of Tokens ("Initial Token Offering") was conducted in May through July of 2017.

Class Action Settlement, D.Ct. ECF No. 61-4 at 4:18-21; Recitals ¶ C.

The Giga Watt estate is a Released Party. Class Action Settlement, D.Ct. ECF No. 61-4 at 12:12-17, Art. II, ¶ A.36. Released Claims are defined as:

> [A]ll actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Parties, including damages, costs, expenses, penalties, equitable relief, injunctions, and attorneys' fees, known or unknown, suspected or unsuspected, in law or in equity, that arise from or relate to the facts giving rise to this Action.

Class Action Settlement, D.Ct. ECF No. 61-4 at 12:7-11, Art. II, ¶ A.35. The term, Action, is defined as the Class Action. *Id.*, D.Ct. ECF No. at 6:25-26; Art. II, ¶ A.1.

**B.     The Proofs of Claims Are Released by the Class Action Settlement**

A class action settlement binds class members to third-party releases when the claims asserted in the class action and the third-party claims released by the class action settlement arise from a common nucleus of operative fact also referred to as the identical predicate of fact. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992).

The Proofs of Claims arise from the same nucleus of operative fact as the Class Action. Both the Proofs of Claims and the Class Claims allege damages arising from the purchase of Tokens, the failure to construct sufficient

cryptocurrency mining facilities and the collapse of the Giga Watt Project. In the Class Action, Class Members specifically alleged that because the Giga Watt Project had collapsed after constructing only 50% of the planned cryptocurrency facilities, Class Members should receive a 50% refund. *See* First Amended Class Action Complaint filed in the Class Action at ECF No. 59 at 5:22-24. Those two sets of claims arise from Giga Watt's collapse and the failure to construct sufficient facilities. Thus, they arise from the identical predicate of fact.

In *Class Plaintiffs*, bondholders commenced lawsuits in different federal courts against the parties and their professionals who had sold them bonds to finance the construction of nuclear power plants. Those federal court actions were consolidated. Separately, bondholders also commenced suit in state court against the State of Washington alleging a special relationship and damages. These state court allegations focused on the State's audit letter regarding the nuclear power project before its collapse, alleging deficiencies in the audit letter disclosures.

In *Class Plaintiffs*, the settlement of the federal class action included a third-party release of the claims against the State of Washington asserted in the separate action. The state court litigants objected claiming that their action involved different claims, different law, and different defendants than those in the federal action. The courts disagreed. In affirming the district court's approval of the third-party release (and the settlement generally), the court of appeals stated:

> "[W]here a particular type of relief potentially available to the class members is compromised in the settlement process, *it is mainly irrelevant whether or not that relief was specifically requested in the*

*complaint. The breadth of negotiations is not necessarily strictly confined by the pleadings.*"

*Class Plaintiffs*, 955 F.2d at 1288 (*quoting Officers for Justice v. Civil Service Commission of City & County of San Francisco*, 688 F.2d 615, 632, n. 18 (9th Cir. 1982)) (emphasis added by court in *Class Plaintiffs*). The Court held:

> [A] federal court may release not only those claims alleged in the complaint, but also a claim "based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented *and might not have been presentable in the class action.*"

*Id.* at 1287 (*quoting TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 460 (2nd Cir. 1982) (emphasis added in *Class Plaintiffs*). The Court in *Class Plaintiffs* continued, "the claims asserted against the State in [the state court action] arise from the same common nucleus of operative fact as those set forth in [the federal action]." *Class Plaintiffs,* 955 F.2d at 1288. Therefore, the third-party release was valid and enforceable. *Class Plaintiffs* is supported by the weight of authorities on the issue. *See In re TikTok, Inc., Consumer Priv. Litig.*, No. 20 C 4699, 2024 WL 278987 at *10 (N.D. Ill. Jan. 25, 2024) (referring to the standard set forth in *Class Plaintiffs* and stating, "[a] version of this standard has been applied by courts in nearly every circuit, including the Seventh, and no circuit has rejected it.").

    *Class Plaintiffs* is binding precedent and governs the result here. The Proofs of Claims were released by the Class Action Settlement because they and the Class Claims arise from a common nucleus of fact and identical predicate of fact,: the purchase of Tokens in the Giga Watt Project and the damages arising from the

Project's collapse. The fact that the claims are asserted against different parties, in different courts, on different theories is not relevant under *Class Plaintiffs*. They are released.

**C.     The GigaWatt Estate Substantially Contributed to the Class Action Settlement**

The Trustee's successful litigation efforts pushed Perkins to the settlement table. The Trustee defeated Perkins' motion to compel arbitration in Singapore, which would have vastly increased the cost of litigation for both the estate and the Class Members. The Trustee also investigated, compiled, analyzed, and produced to the Class Members the evidence necessary to establish Perkins' liability in both the Perkins Adversary and the Class Action.

In addition, the Class Action Settlement could not have occurred without the Trustee's consent to modifying the Automatic Stay Order and the Preliminary Injunction. The Automatic Stay Order prohibited the Class from recovering on the first three claims of relief asserted in the Class Action. The Preliminary Injunction enjoined the Class from pursuing its remaining claims. Without the Trustee's agreement, the Class Action would not have settled.

Finally, the third-party release of the Giga Watt estate is an essential component of the Class Action Settlement. The Trustee, Perkins, the Class, and their respective counsel participated in a lengthy mediation process to resolve the disputes between the Trustee, Perkins, and the Class. Throughout the negotiations, the Trustee maintained that the estate would not settle with Perkins without a

release from the Class. And Perkins maintained that it would not settle with either the Class or the Giga Watt estate without a release from both. The three parties resolved the stalemate by having the Class release the estate and having both the Class and the estate release Perkins.

**D.     The Class Members Received Proper Notice of the Release**

As required by the Preliminary Approval Order, Class Members received written notice of the terms of the proposed Class Action Settlement and of the procedures for objecting to the settlement and for opting out of the settlement class. Epiq Class Actions & Claims Solutions, Inc. provided notice which included a link to a website where the entire settlement agreement could be found. A long-form notice included the text of the release. *See Declaration of Morgan Kimball Regarding Completion of the Class Notice Program*, filed in the Class Action on April 9, 2024, D.Ct. ECF No. 71. To help Class Members decide whether or not to opt out, the notice also provided:

> 10. In return for these settlement benefits, what am I giving up?
>
> Unless you "exclude" yourself from the Class by timely submitting a Request for Exclusion (see Questions 13-14 below), you will remain in the Class. By remaining in the Class, that means you "release" and cannot sue, continue to sue, or be part of any other lawsuit against Perkins Coie or any other Released Parties, which include the Giga Watt Estate and the Chapter 7 Trustee of the Giga Watt Estate, concerning the claims asserted in this Action.
>
> By remaining in the Class, you also may affect any claim you may have made or will make in the bankruptcy matter captioned In re Giga Watt,

Inc., Case no. 18-03197 (E.D. Wash.). Any such effect will be decided by the bankruptcy court in different proceedings.

*Id.*, ECF No. 71 at 32. The District Court held that the foregoing notice of the Class Action Settlement was "adequate and sufficient." Final Approval Order, D.Ct. ECF No. 83 at 5:25-26. *See also, In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 221 (5th Cir. 1981) (approving third-party release where class members "were notified that their state law claims might be released before they had to decide whether to opt out of the class") (cited with approval in *Class Plaintiffs*, 955 F.2d at 1276).

In addition to receiving notice in the Class Action, the claimants listed on **Exhibit 1** also received notices from the Trustee informing them of the release. This notice was served before claimants had to decide whether to object to the settlement of the Perkins Adversary or whether to object to or opt-out of the Class Action Settlement. Specifically, on August 28, 2023, the Trustee filed his *Notice of Chapter 7 Trustee's Motion for Order Approving Settlement and of Hearing Thereon*. ECF No. 1013. The Notice provided:

> In the Class Settlement, WTT token holders are releasing the Giga Watt estate of all claims that arise from or relate to the facts giving rise to the Class Action.

ECF No. 1013 at 2:16-18. *See Certificate of Service*, dated September 1, 2023, ECF No. 1016 (showing service on the creditor matrix). No WTT token holder objected.[2]

---

[2] A non-Token holder, the former counsel to the dissolved Official Committee of Unsecured Creditors, objected to the settlement. (ECF No. 1021). It was overruled.

Trustee's Third Omnibus Objection (Released Claims)     P a g e | 12

Further, on October 20, 2023, the Trustee served all claimants on **Exhibit 1** with the *Notice of Chapter 7 Trustee's Motion for Relief From Stay and Opportunity for Hearing* (ECF No. 1034) which provided further notice of the release and stated that the Trustee was moving for relief from stay:

> [T]o permit Jun Dam, Eric Blomquist, Perkins Coie LLP, Perkins Coie California, P.C., Perkins Coie U.S., P.C. and Lowell Ness to amend the complaint and seek approval of the settlement ("Class Action Settlement") of Mr. Dam's putative class action complaint. . . . Subject to District Court approval, Perkins has agreed to pay $4.5 million to a class of WTT token holders. Pursuant to the Class Action Settlement, WTT token holders are releasing the Giga Watt the estate of all claims that arise from or relate to the facts giving rise to the Class Action.

ECF No. 1034 at 1:18-23; 2:1-3. *See* Certificate of Service (certifying service upon all creditors), ECF No. 1035. No one objected. *See* Declaration of No Objection, ECF No. 1038.

On November 21, 2023, on the Trustee's motions, this Court granted relief from the stay and modified the Automatic Stay Order (ECF No. 1040). That same day, the Court also modified the related Preliminary Injunction (Adv. Proc. No. 21-80053, ECF No. 87). The Trustee's agreement to obtain these Orders and his consent to the Class Action Settlement constituted valuable consideration to the Class Members as the settlement could not have moved forward without these Orders. The Trustee obtained these Orders in exchange for the release.

## RESERVATION OF RIGHTS

This Objection is limited to the grounds stated herein and is without prejudice to the Trustee's right to object to any claim on any grounds whatsoever.

Trustee's Third Omnibus
Objection (Released Claims)     P a g e | 13

18-03197-FPC7    Doc 1102    Filed 10/02/24    Entered 10/02/24 14:39:37    Pg 13 of 14

The Trustee expressly reserves all further substantive or procedural objections. Nothing contained herein is intended or should be construed as a waiver of the Trustee's rights under the Bankruptcy Code or any other applicable law.

## CONCLUSION

Based on the foregoing, the Trustee respectfully requests that the Court (a) enter the Proposed Order and (b) grant such other and further relief as this Court deems equitable and just.

Dated: October 2, 2024      POTOMAC LAW GROUP PLLC

By:     /s/ Pamela M. Egan
        Pamela M. Egan (WSBA No. 54736)

*Counsel to the Chapter 7 Trustee*