Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
2212 Queen Anne Ave. N., #836
Seattle, WA 98109
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Counsel to Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>           Debtor. | Case No. 18-03197 FPC 7<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 7<br><br>**DECLARATION OF MARK D. WALDRON IN SUPPORT OF CHAPTER 7 TRUSTEE'S FIRST, SECOND, AND THIRD OMNIBUS OBJECTIONS TO CLAIMS (RELEASED)** |

I, Mark D. Waldron, in my capacity as the Chapter 7 Trustee in the above-captioned bankruptcy case, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration.

2. I submit this declaration in support of the (1) *Chapter 7 Trustee's First Omnibus Objection to Claims (Released)*; (2) *Chapter 7 Trustee's Second Omnibus Objection to Claims (Released)*; and (3) *Chapter 7 Trustee's Third Omnibus Objection to Claims (Released)* (collectively, the "Omnibus

Declaration of Mark D. Waldron
in Support of Trustee's First, Second
and Third Omnibus Objection to
Claims (Released)

P a g e | 1

18-03197-FPC7    Doc 1104    Filed 10/02/24    Entered 10/02/24 15:26:27    Pg 1 of 4

Objections"). Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Omnibus Objections.

3. I have read the Omnibus Objections and am directly, or by and through people working under my supervision, familiar with the information contained therein and the exhibits attached thereto.

4. All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my experience and knowledge of this case, of the debtor and the debtor's operations and history, and of the litigation described in the Omnibus Objections; or (d) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel and my experience and knowledge as an attorney. If called upon to testify, I could and would testify competently to the facts set forth therein.

5. Upon a thorough review of the Proofs of Claims filed in this case and supporting documentation thereto, I have determined that the claims listed on **Exhibit 1** to the proposed Orders for the Omnibus Objections have been filed by Token holders and assert damages arising from the failure of the Giga Watt Project.

6. The Omnibus Objections accurately describe the Class Action Settlement. The Effective Date of the Class Action Settlement occurred on July 8, 2024.

Declaration of Mark D. Waldron
in Support of Trustee's First, Second
and Third Omnibus Objection to
Claims (Released)                           P a g e | 2

18-03197-FPC7    Doc 1104    Filed 10/02/24    Entered 10/02/24 15:26:27    Pg 2 of 4

7. I pulled the laboring oar with respect to the claims against Perkins. The Class Action was stayed and enjoined. The estate's successful litigation efforts pushed Perkins to the settlement table. In particular, my litigation team defeated Perkins' motion to compel arbitration in Singapore, which would have vastly increased the cost of litigation for both the estate and the Class Members. With counsel, I also investigated, compiled, analyzed, and produced to the Class Members all the evidence necessary to show that escrow proceeds were released out of step with construction of the Giga Watt Project. In my business judgment, this information was critical to establishing Perkins' liability to the estate and the Class Members.

8. Further, the Class Action Settlement could not have occurred without my consent to modifying the Automatic Stay Order and the Preliminary Injunction. The Automatic Stay Order prohibited the Class from recovering on the first three claims of relief because, as the Court ruled, they were property of the estate. The Preliminary Injunction enjoined the Class from pursuing its remaining claims.

Perkins, the Class Members, and I, with respective counsel, participated in a lengthy mediation process to reach the three-way settlement between all three parties. I maintained that the estate would not settle with Perkins without a release from the Class Members. Perkins maintained that it would not settle with either the Class Members or the Giga Watt estate without a release from both. We

Declaration of Mark D. Waldron
in Support of Trustee's First, Second
and Third Omnibus Objection to
Claims (Released)        P a g e | 3

18-03197-FPC7    Doc 1104    Filed 10/02/24    Entered 10/02/24 15:26:27    Pg 3 of 4

resolved the three-way stalemate when the Class Members agreed to release the estate and both the Class Members and the estate agreed to release Perkins.

9. Based on my active participation in the negotiations, the release of the Giga Watt estate comprises an integral part of both the Class Action Settlement and the Trustee's settlement with Perkins.

10. I relied on the release in settling with Perkins and consenting to the Class Settlement. I would not have settled without the release.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30 day of September 2024.

_____
Mark D. Waldron

Declaration of Mark D. Waldron
in Support of Trustee's First, Second
and Third Omnibus Objection to
Claims (Released)  P a g e | 4