Jun Dam (*Pro Se*)
5432 Geary Blvd #535
San Francisco, CA 94121
Phone: (415) 748-1113
Email: jundam@hotmail.com

The Honorable Frederick P. Corbit
Chapter 7

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT INC.,

Debtor

Case No. 18-03197-FPC

**MOTION FOR RECONSIDERATION OF ORDER GRANTING FINAL APPLICATION FOR COMPENSATION FOR SERVICES RENDERED**

**TO THE PRESIDING JUDGE OF THIS COURT:**

I, **Jun Dam**, respectfully request that the Court reconsider its **Order Granting Final Application for Compensation for Services Rendered and Reimbursement of Expenses** (ECF No. 1079) entered on **September 17, 2024**. This motion is brought pursuant to **Federal Rule of Bankruptcy Procedure 9023**, which incorporates **Rule 59(e)** of the Federal Rules of Civil Procedure, to correct clear errors of law and fact, to avoid manifest injustice, and to provide the Court with the opportunity to consider significant issues that were not fully presented during the original hearing due to inadequate representation by my counsel.

# I. INTRODUCTION

This Court's order granting Potomac Law Group, PLLC (PLG) $900,000 in attorney's fees and $1,648.15 in expenses is based on conclusions of law that were not fully contested in the original hearing. My counsel did not adequately represent my interests during the hearing, and key arguments related to **claim preclusion**, **issue preclusion**, the **reasonableness of the compensation**, and the **enforceability of the settlement agreement** were not fully articulated. I believe that reconsideration of the Court's order is necessary to ensure that my full arguments are heard and to correct legal errors in the prior ruling.

# II. FACTUAL BACKGROUND

As detailed in my **Objection to the First and Final Contingency Fee Application** (ECF No. 1048), I objected to PLG's fee application on the grounds that:

1.  The bankruptcy estate improperly benefited from a **$3 million settlement** that should have gone to the class-action group of which I am a member, not to the estate. This was due to the **bankruptcy estate's lack of standing** in filing claims related to the release of escrowed funds.

2.  The **$900,000 contingency fee** requested by PLG was unreasonable given the circumstances, particularly since the funds were obtained by the estate through improper means, and legal work based on unproductive or erroneous claims should not be compensated.

3.  I intend to establish that the **$3 million should be placed in a constructive trust** for the benefit of the class-action group, rather than being used to pay legal fees to PLG. My claim to these funds is grounded in equitable principles, and PLG should not receive compensation for actions rooted in the estate's unjust enrichment.

# III. LEGAL STANDARD

A motion for reconsideration under **Rule 59(e)** is appropriate where there has been:

1. A **manifest error of law or fact**;

2. **Newly discovered evidence**;

3. **An intervening change in controlling law**; or

4. **To prevent manifest injustice**.

(*See In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991).)

This motion is based on the grounds that:

- The Court committed a **clear legal error** in its application of **claim and issue preclusion**, which barred me from raising legitimate objections.

- The **reasonableness of the compensation** was not adequately contested due to **counsel's failure** to present critical arguments.

- There are significant **issues of enforceability** in the settlement agreement, which were not fully addressed in the original proceedings.

## IV. ARGUMENTS FOR RECONSIDERATION

### A. Failure to Adequately Contest Claim and Issue Preclusion

The **claim preclusion** and **issue preclusion** doctrines were improperly applied by the Court to bar my objections and claims. Specifically:

- **Separate Settlements**: I was not a direct party to the $3 million settlement between the estate and Perkins Coie. The class-action group, of which I am a member, entered into a **separate settlement** for $4.5 million. The issues related to the bankruptcy estate's settlement are distinct from those in the class action. The application of claim preclusion was a clear error, as the issues involved were never fully litigated or decided in the bankruptcy proceedings.

- The **issue of the estate's standing** to claim the $3 million was never fully adjudicated. Thus, **issue preclusion** should not apply to bar my objections regarding the allocation of the settlement proceeds or the subsequent fee application.

**B. Reasonableness of Compensation Awarded to PLG**

Under **11 U.S.C. § 330**, the Court is required to ensure that attorney fees are **reasonable and necessary**. However, the award of $900,000 to PLG is neither reasonable nor justifiable, considering:

- The estate **lacked standing** to assert the claims against Perkins Coie. The **$3 million settlement** should have been allocated to the class-action group, not the bankruptcy estate. As a result, compensating PLG for its work on these claims constitutes **unjust enrichment**.
- The legal work performed by PLG was based on **unproductive and erroneous efforts**, particularly the estate's improper assertion of claims that did not belong to it. Legal fees should not be awarded for actions that resulted in no benefit to the rightful claimants (i.e., the class-action group).
- The **constructive trust** argument raised in my objection further demonstrates that the $3 million should not be used to pay legal fees, but rather should be preserved for the class-action group.

**C. Enforceability of Settlement Agreement**

The Court erroneously determined that the **settlement agreement** bars my claims to the $3 million. This finding was incorrect because:

- **Lack of Privity**: Neither the Trustee nor the Giga Watt estate were in privity with the class-action group. The release language in the settlement agreement is unenforceable against me due to the lack of any contractual relationship between the estate and the class-action members.
- **Lack of Consideration**: There was no valid consideration provided by the estate for the release of claims. Therefore, the release provisions in the settlement agreement do not bind me

and should not preclude me from asserting my claim that the $3 million belongs in a constructive trust for the class-action group.

- **Authority to Enforce**: The Trustee and the Giga Watt estate **lacked the authority** to enforce third-party beneficiary rights under the class-action settlement. As such, the settlement agreement does not bar me from raising objections to the fee application or from asserting my equitable claim to the funds.

# V. CONCLUSION

For the reasons stated above, I respectfully request that the Court **reconsider** its **Order Granting Final Application for Compensation for Services Rendered** (ECF No. 1079) and either:

1. **Vacate or modify the order** to address the issues of **claim preclusion**, **issue preclusion**, the **reasonableness of compensation**, and the **enforceability of the settlement agreement**; or

2. **Reserve ruling** on the fee application pending full adjudication of my equitable claims to the settlement proceeds, including my request for the imposition of a **constructive trust**.

I believe reconsideration is necessary to correct the errors in the prior ruling, to ensure that my full arguments are heard, and to prevent **manifest injustice** in this case.

Respectfully submitted,

Dated this 29th day of September, 2024

Jun Dam (*Pro Se*)
5432 Geary Blvd #535
San Francisco, CA 94108
Phone: (415) 748-1113
Email: jundam@hotmail.com

**CERTIFICATE OF SERVICE**

I certify that on the 29th day of September, 2024, I filed the **MOTION FOR RECONSIDERATION OF ORDER GRANTING FINAL APPLICATION FOR COMPENSATION FOR SERVICES RENDERED** with the Clerk of the Court. I certify a true and correct copy of said Notice was sent electronically to:

Ben Ellison, on behalf of the Official Committee of Unsecured Creditors - salishsealegal@outlook.com, benaellison@gmail.com

James D Perkins on behalf of The United States Trustee - James.Perkins@usdoj.gov

Samuel Dart as attorney for Creditors' Committee of WTT Token Holders and Miners - sdart@eisenhowerlaw.com

Quentin D Batjer on behalf of Port of Douglas County - pam@dadkp.com, quentin@dadkp.com

William L Hames on behalf of Port of Douglas County - billh@hawlaw.com, mcequeh@hawlaw.com, juliem@hawlaw.com, frontdesk@hawlaw.com, carmenb@hawlaw.com, katies@hawlaw.com

David R Law on behalf of Port of Douglas County - david@dadkp.com, amy@dadkp.com

Shauna S Brennan on behalf of ECO Diversified Holdings, Inc. - sbrennan@outsidegeneralcounsel.com, admin@outsidegeneralcounsel.com

Robert H Castro on behalf of Interested Party Nathan Welling - rcastro@rcastrolaw.com, castro.ava@gmail.com

Adam C. Doupe on behalf of Interested Party Allrise Financial Group - doupe@ryanlaw.com, doupear96329@notify.bestcase.com

Gary W Dyer on behalf of US Trustee - gary.w.dyer@usdoj.gov

Pamela Marie Egan on behalf of Trustee Mark Waldron - pegan@potomaclaw.com

Scott B Henrie on behalf of Creditor Rafael Sofair - shenrie@williamskastner.com, dlevitin@williamskastner.com

Douglas A. Hofmann on behalf of Creditor Rafael Sofair - dhofmann@williamskastner.com, kmejia@williamskastner.com

Gretchen J. Hoog on behalf of Emerald City Statewide LLC - ghoog@pcslegal.com, danderson@pcslegal.com

David Kazemba on behalf of Creditor Giga Plex, LLC and MLDC1, LLC - dkazemba@overcastlaw.com, amber@overcastlaw.com, lindat@overcastlaw.com, debbie@overcastlaw.com; kazembadr92395@notify.bestcase.com

John Knox on behalf of Creditor Rafeal Sofair - jknox@williamskastner.com, rnelson@williamskastner.com

Angie Lee on behalf of Creditor Washington State Taxing Agencies - beulee@atg.wa.gov

Benjamin J McDonnell on behalf of Creditor Clever Capital, LLC, David M Carlson, Enterprise Focus, Inc. - ben@pyklawyers.com, lauren@pyklawyers.com, cboudreau@pyklawyers.com, ncross@pyklawyers.com

Kathryn R McKinley on behalf of Creditor Douglas County PUD kathryn.mckinley@painehamblen.com, ads@painehamblen.com

Danial D Pharris on behalf of Creditor NC Machinery Co. - pharris@lasher.com, lukesetich@lasher.com

Jason T Piskol on behalf of Creditor Clever Capital, LLC, David M Carlson, Enterprise Focus, Inc. - jtp@pyklawyers.com

Christopher F Ries on behalf of Creditor Neppel Electrical & Controls, LLC - diana@rieslawfirm.com, cdg@rieslawfirm.com, carrie@rieslawfirm.com

Vanessa Pierce Rollins on behalf of Clever Capital, LLC, David M Carlson - vprollins@gmail.com

Joseph A. G. Sakay on behalf of Interested Party Allrise Financial Group sakay@ryanlaw.com, docketing@ryanlaw.com

Dominique R Scalia on behalf of Attorney DBS Law dscalia@lawdbs.com, paralegal@lawdbs.com

Tara J. Schleicher on behalf of interested party EcoChain, Inc.

tara.schleicher@foster.com, kesarah.rhine@foster.com
US Trustee
ustp.region18.sp.ecf@usdoj.gov
Mark Waldron
trustee@mwaldronlaw.com, mark@mwaldronlaw.com
Brian A. Walker on behalf of Defendant Jeffrey Field
bwalker@omwlaw.com, rgrim@omwlaw.com
Scott Weaver on behalf of Creditor Executive Flight, Inc.
weaver@carneylaw.com, fuhrmann@carneylaw.com


Date Served: 9/29/2024


Sign your name:


Print name: Jun Dam