UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re: | Case No.: 18-03197 FPC 7 |
|---|---|
| GIGA WATT, Inc., a Washington corporation, Debtor. | OBJECTION TO MOTION OF THE POTOMAC LAW GROUP PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R. CAMERON PURSUANT TO BANKRUPTCY RULE 9011 |

Hanson Baker Ludlow Drumheller, P.S., Lacee L. Curtis, and Douglas R. Cameron (collectively "Hanson Baker") objects to the Potomac Law Group PLLC's ("PLG") Motion for Sanctions Against Hanson Baker Pursuant to Bankruptcy Rule 9011 ("Motion"). ECF No. 1061. For the reasons detailed below, Hanson Baker has not violated Bankruptcy Rule 9011 and an award of monetary sanctions is not warranted in this case.

**1. RELEVANT PROCEDURAL HISTORY & FACTS**

Hanson Baker represented Jun Dam and filed a four-page objection to PLG's First and Final Contingency Fee Application of PLG (Perkins Adversary Proceeding) (the "Objection") on

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R. CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 1

Hanson Baker Ludlow Drumheller P.S.
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

4895-3589-3728.FPC7    Doc 1111    Filed 10/03/24    Entered 10/03/24 14:45:39    Pg 1 of 14

| | |
|---|---|
| 1 | behalf of Mr. Dam. ECF No. 1048. The Objection did not dispute that PLG's requested fees |
| 2 | were authorized. Rather, the Objection asked the Court to reserve its ruling on the Contingency |
| 3 | Fee Application to allow Mr. Dam additional time to assert equitable claims to the bankruptcy |
| 4 | estate's property, and retain counsel to assist him with those claims, from which the Contingency |
| 5 | Fee Application was to be paid. Objection (ECF No. 1048) at 4:5-9. After a hearing, the Court |
| 6 | issued an Order Granting Final Application for Services Rendered (ECF No. 1079). In that |
| 7 | Order, the Court overruled the Objection, concluding that Mr. Dam had released any claims he |
| 8 | had to the Settlement Funds. ECF No. 1079 at 8. Hanson Baker filed a stipulated motion to |
| 9 | withdraw as Mr. Dam's attorney on September 12, 2024. ECF No. 1076. Mr. Dam then filed a |
| 10 | notice of appearance to proceed pro se. ECF No. 1086. |
| 11 | On September 3, PLG emailed a letter to Hanson Baker with a proposed motion for |
| 12 | sanctions against Hanson Baker. Cameron Decl. Ex. A. In that letter, PLG demanded that Mr. |
| 13 | Dam's Objection be withdrawn by September 6 at 5pm, otherwise PLG would file its motion for |
| 14 | sanctions against Hanson Baker. *Id.* On September 4, Hanson Baker emailed PLG requesting a |
| 15 | call to discuss the motion for sanctions. *Id.* at ¶ 4. The call occurred on September 6 around |
| 16 | 9:30am. In her declaration, Ms. Egan vaguely describes that September 6 call as a "confer[ence] |
| 17 | regarding the facts and circumstances underlying the Motion [for Sanctions]." ECF No. 1062 at |
| 18 | 2:9-10. In truth, and despite Hanson Baker's reasonable efforts, counsel did not confer. |
| 19 | Cameron Decl. ¶ 4. Rather, the call was a one-sided litany of insults from Ms. Egan. She |
| 20 | asserted that Mr. Cameron did not know what he was doing, mocked him and accused him of |
| 21 | being sexist. *Id.* at ¶ 4, Ex. B. Notably, Ms. Egan does not deny her conduct. *Id.* |
| 22 | |

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP
PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW
DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R.
CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 2

HB
Hanson Baker Ludlow Drumheller P.S.
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

4895-3589-3728, v. 7

19-03129-FPC7    Doc 1111    Filed 10/03/24    Entered 10/03/24 14:45:39    Pg 2 of 14

PLG filed its motion for sanctions against Hanson Baker later that same day on September 6.[1] Rather than wait the prescribed 21 days under Rule 9011(c)(1)(A), PLG filed its motion against Hanson Baker just 15 days after it filed Mr. Dam's Objection.

Since that first call on September 6, Ms. Egan has sent a barrage of emails (38 to be exact) to Mr. Cameron, in many of which she continues her mantra of insults.[2] Cameron Decl. ¶ 6, Ex. B. When Mr. Cameron would not cede to her demand that Mr. Dam's objection be withdrawn (because Mr. Dam would not authorize withdrawal), Ms. Egan sought the ear of John Ludlow, a former shareholder at Hanson Baker. Cameron Decl. ¶ 7, Ex. C. Mr. Ludlow is semi-retired, he is not a bankruptcy attorney, and he has no involvement in this matter. *Id.* at ¶ 7. Ms. Egan reached out to Mr. Ludlow as a "fellow Dartmouth graduate" who could convince Mr. Dam to withdraw his objection. *Id.* Mr. Ludlow does not know Ms. Egan. *Id.*

Despite Hanson Baker's good faith efforts to come to a resolution about Mr. Dam's Objection and the motion for sanctions, including notice that Hanson Baker was withdrawing as counsel, PLG refused to withdraw its motion for sanctions, instead demanding not only that Mr. Dam's Objection be withdrawn but also that Hanson Baker somehow make *pro se* litigant John Winslow withdraw his objection.[3] PLG later withdrew its offer and indicated it would not be withdrawing its motions for sanctions at all. Since this was the only offer provided to Hanson Baker by PLG, the parties could not come to an agreement.

Since Hanson Baker filed its stipulated motion to withdraw, Ms. Egan has continued to

---

[1] PLG filed a total of three motions for sanctions against Hanson Baker, Jun Dam and *pro se* litigant John Winslow.
[2] For comparison, Mr. Cameron has sent 13 emails to Ms. Egan in that same timeframe. Cameron Decl. ¶ 6.
[3] Immediately after the September 10 hearing, Ms. Egan had a call with John Winslow, which he then relayed to Mr. Cameron. Ms. Egan's conduct on that call was apparently in line with her prior conduct with Mr. Cameron. She left Mr. Winslow "shaken" and scared. Cameron Decl. ¶ 6, Ex. B.

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP
PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW
DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R.
CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 3

Hanson Baker Ludlow Drumheller P.S.
2229  112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

4895-3589-3728,  FPC7    Doc 1111    Filed 10/03/24    Entered 10/03/24 14:45:39    Pg 3 of 14

deliver pleadings to Hanson Baker that Mr. Dam has filed *pro se*, which includes his motion for reconsideration of the Order (ECF No. 1079) and notice of appeal. Cameron Decl. ¶ 11. Hanson Baker has had no involvement in Mr. Dam's *pro se* filings, yet PLG refuses to withdraw the motion for sanctions. Hanson Baker must file this objection to PLG's request for sanctions on the legal grounds discussed below.

## 2. LEGAL DISCUSSION

A Court may impose sanctions if it finds that an attorney or law firm violated Bankruptcy Rule 9011(b):

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed **after an inquiry reasonable under the circumstances**, –
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
> . . .

(emphasis added). Thus, "[t]he certifications dictated by Rule 9011(b) are: (1) no improper purpose; (2) [legal] contentions warranted by existing law or nonfrivolous argument to revise existing law; (3) factual contentions have, or are likely to have after discovery, evidentiary support . . ." *In re LeGrand*, 638 B.R. 151, 157 (Bankr. E.D. Cali. 2022).

Parties have a "safe harbor" of 21 days after service of a motion for sanctions under Rule

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R. CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 4

Hanson Baker Ludlow Drumheller P.S.
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

4895-3589-3728.FPC7    Doc 1111    Filed 10/03/24    Entered 10/03/24 14:45:39    Pg 4 of 14

9011 to "withdraw[] or appropriately correct[]" the challenged action. Rule 9011(c)(1)(A).

Here, the Objection was not filed for an improper purpose, nor was it frivolous. Alternatively, Hanson Baker has "appropriately corrected" the Objection by withdrawing its representation of Mr. Dam, indicating that it will not represent Mr. Dam in his pursuit of claims that the Court found to be not "viable" as concluded in its Order Granting Final Application for Services Rendered. ECF No. 1079.

### 1.1 Hanson Baker Did Not File The Objection For An Improper Purpose.

A claim is filed for an improper purpose when it is filed by a party "*for the purpose of delay or harassment*." *In re Lawrence*, 494 B.R. 525, 533 (Bankr. E.D. Cali. 2013) (emphasis added). "Whether a party has been harassed is based on an objective standard." *Id.* Here, Hanson Baker did not file the Objection to harass PLG or the Trustee, to cause unnecessary delay, or to needlessly increase the cost of litigation; therefore, the Objection was not filed for an "improper purpose" under Rule 9011.

Courts typically find that pleadings were filed for the purpose of delay when parties affirmatively state that was the intended purpose. *See, e.g., In re Estate of Taplin, Ernes Von*, 641 B.R. 236, 247 (Bankr. E.D. Cali. 2022) ("The stated purpose . . . was to block a foreclosure by hijacking an automatic stay to which the filer is not entitled."). Mr. Dam and Hanson Bakerhave affirmatively *denied* that was the purpose. *See* Curtis Decl. ¶ 13; *see also* Dam Declaration (ECF No. 1049) ¶ 3. Instead, the stated purpose of the Objection, as attested by Mr. Dam in a sworn declaration, was to allow Mr. Dam an opportunity to pursue equitable claims he intended to raise. Dam Decl. (ECF No. 1049) at ¶ 3. He continues to attest to that purpose in his response to the motion for sanctions against him, individually. *See generally* Response to

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R. CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 5

Hanson Baker Ludlow Drumheller P.S.
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

4895-3589-9728.FPC7    Doc 1111    Filed 10/03/24    Entered 10/03/24 14:45:39    Pg 5 of 14

Chapter 7 Trustee's Motion for a Pre-Filing Review Order and/or Sanctions Against Jun Dam (ECF No. 1085).

Courts will not find pleadings filed for the purpose of harassment, without some indication that the offender has engaged in "a pattern of abusive litigation or harassment in this case." *Lawrence*, 494 B.R. at 534. Typically, Courts award sanctions against attorneys or a law firm only after they "establish[] *a pattern of violations* of Rule 9011(b)(2)." *In re Fiedler*, 654 B.R. 787, 797 (Bankr. E.D. Cali. 2023) (emphasis added). Something more is needed than multiple pleadings, even when those pleadings are unsuccessful, especially when a litigant proceeds pro se. *See, e.g., In re Greenstein*, 576 B.R. 139, 186-88 (Bankr. C.D. Cal. 2017) (refusing to find that pleadings were "abusive" or "vexatious" and refusing to impose sanctions on a party who had filed multiple unsuccessful motions or other pleadings).

Here, Hanson Baker filed a single four-page Objection. That single filing is not enough to conclude that Hanson Baker engaged in "a pattern of abusive litigation or harassment" against PLG or the Trustee. *Lawrence*, 494 B.R. at 534. Nor is it enough to "establish[] a pattern of violations of Rule 9011(b)(2)," *Fiedler*, 654 B.R. at 797, especially because the Objection was not "frivolous," as detailed in the following section. Rather, Hanson Baker filed a non-frivolous Objection to advocate for its client, Mr. Dam as best it could under the circumstances. There is nothing "improper" about that. It is has been Ms. Egan's conduct that has been improper. Cameron Decl. ¶¶ 6-7, Ex. B & C.

Hanson Baker has found no case law authorizing the Court to "impute" the prior actions of a pro se client to their newly-hired attorney. Consequently, PLG's allegations that Hanson Baker is party to a pattern of litigation through Mr. Dam's previous actions should be denied.

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP
PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW
DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R.
CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 6

Hanson Baker Ludlow Drumheller P.S.
2229  112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

4895-3589-7328.v2

19-03129-FPC7    Doc 1111    Filed 10/03/24    Entered 10/03/24 14:45:39    Pg 6 of 14

But, to the extent Mr. Dam's previous actions while he acted pro se in this matter are "imputed" to Hanson Baker, his actions are likewise insufficient to establish "harassment" under Rule 9011. Mr. Dam is proceeding pro se to remedy what he believes was wrongful action by Giga Watt. That he continues to "repeat[] this allegation in multiple proceedings – and has been unsuccessful in obtaining relief – does not meant that [his] commencement of these proceedings has been abusive." *Greenstein*, 576 B.R. at 187. Based on Hanson Baker's review of the pleadings, the Courts have granted Mr. Dam appropriate leeway as a pro se litigant and addressed as many of his claims on the merits as possible given procedural and jurisdictional constraints. Curtis Decl. ¶ 9. This Court should find that "[]he has been aggressively pursuing [his] rights, and at times has been misguided in [his] efforts," or made procedural mistakes, but those mistakes and conduct toward PLG have not been "vexatious." *Greenstein*, 576 B.R. at 187-88. As such, Hanson Baker has also not been "vexatious" for acting as Mr. Dam's counsel when it filed the Objection. This is especially true because the Objection was not "frivolous."

### 1.2 The Objection Filed by Hanson Baker Was Not Frivolous.

"The purpose of Rule 9011 is designed to encourage counsel to avoid a groundless filing. . ." *In re Cadena*, 364 B.R. 1038, 1053 (Bankr. S.D. Cali. 2022). A groundless filing is one that is not warranted by existing law or lacks any evidentiary support, sometimes referred to as a "frivolous" claim. "A petition is frivolous if it is 'both baseless and made without reasonable and competent inquiry.'" *In re Blue Pine Group, Inc.*, 526 Fed. Appx. 768, 769 (9th Cir. 2013). A litigant "must stop-and-think before making legal or factual contentions." *Taplin*, 641 B.R. at 246. "[T]he reasonableness of an inquiry into law and facts is determined under an objective standard based on the complexity of the subject, the party's familiarity with the subject, the time

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R. CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 7

Hanson Baker Ludlow Drumheller P.S.
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

4895-3589-3728, v. 2

18-03197-FPC7    Doc 1111    Filed 10/03/24    Entered 10/03/24 14:45:39    Pg 7 of 14

available, and the relative ease of access to necessary information." *Id.* "Careful lawyers will protect themselves by making some form of correction formally on the record," so that they do not "'later advocate' initial positions that turn out to be unsupportable." *Id.* at 246-47.

Here, the legal basis underlying the Objection – the Court's discretion to decide matters of administrative compensation, including the timing of that compensation – is warranted by existing law. The factual circumstances underlying the request for the Court to exercise that discretion had evidentiary support or were likely to have evidentiary support after further discovery. As a result, the Objection was not frivolous and did not otherwise violate Rule 9011(b).

The legal contention in the Objection – that the Court had discretion to reserve ruling on the Contingency Fee Application – was warranted by existing law. The Objection cited three different bankruptcy cases with precedential value to support its request that the Court had discretion to reserve ruling on a fee application to achieve equitable results: *In re Lochmiller Industries, Inc.*, 178 B.R. 241 (Bankr. S.D. Cali. 1995); *In re United West, Inc.*, 87 B.R. 138, 141 (D. Nev. 1988); and *In re Barron*, 73 B.R. 812 (Bankr. S.D. Cali. 1987). Objection (ECF No. 1048) at 2:5-14.

PLG *agreed* in its reply to the Objection that the Court had such discretion under the Bankruptcy Rules. *See* PLG's Reply to Jun Dam's Objection to PLG Contingency Fee Application ("Reply") (Dkt. No. 1052) at 7:14-15 (noting that "a court can extend a hearing '***for cause*** shown . . . ***in its discretion*** . . .'") (emphasis original). Both case law and the Bankruptcy Rules supported the request made in the Objection. The Trustee and PLG further conceded that it is "well within the Court's discretion to postpone consideration of PLG's fees." *Id*. at 22:9-10.

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP
PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW
DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R.
CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 8

Hanson Baker Ludlow Drumheller P.S.
2229  112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

4895-0589-3728, FPC7   Doc 1111   Filed 10/03/24   Entered 10/03/24 14:45:39   Pg 8 of 14

Thus, despite agreeing with Mr. Dam and Hanson Baker that the Court could reserve ruling on the Contingency Fee Application, PLG is still proceeding with its motion for sanctions.

PLG conflates the legal basis for the Objection with the efficacy of equitable claims to funds belonging to the bankruptcy estate, which Mr. Dam intended to raise. Hanson Baker did not allege those claims in the Objection nor file anything to advance those claims since the Court ruled those claims not "viable." Curtis Decl. ¶ 12. Instead, Mr. Dam's intention to bring those claims was the factual support on which the Objection relied to request that the Court exercise its discretion to reserve ruling on the Contingency Fee Application. Based on Hanson Baker's reasonable inquiry under the circumstances, Mr. Dam's intention to raise those equitable claims had evidentiary support or were likely to have evidentiary support after further discovery. *Id.* at ¶¶ 4-11.

Mr. Dam engaged Hanson Baker on August 16, 2024. Curtis Decl. ¶ 2. The Objection was due on August 22, 2024. *Id.* During the four working days between its engagement and the date it filed the Objection, Hanson Baker diligently worked to get up to speed on the current circumstances of the case. *Id.* at ¶ 3. Attorney Lacee Curtis reviewed 48 cases related to the legal arguments in the Objection as well the legal theories Mr. Dam intended to pursue in his equitable claims. *Id.* at ¶ 4. Ms. Curtis additionally reviewed dozens of pleadings filed in the bankruptcy case, which had been open since 2018. *Id.* at ¶ 7. Among other things, Ms. Curtis reviewed the settlement agreements in the class action and adversary case, Mr. Dam's past filings in the bankruptcy case and related matters, and employment applications and orders related to PLG's work in the case and for the Contingency Fee Application. *Id.* Ms. Curtis likewise confirmed that Mr. Dam had never been represented as an individual in the bankruptcy

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP
PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW
DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R.
CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 9

Hanson Baker Ludlow Drumheller P.S.
2229  112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

4895-3589-3728-FPC7    Doc 1111    Filed 10/03/24    Entered 10/03/24 14:45:39    Pg 9 of 14

case. *Id.* at ¶ 8. Most importantly, Ms. Curtis confirmed that no Court had yet ruled on the equitable claims that Mr. Dam intended to raise. *Id.*

Based on this review, Hanson Baker determined that it could not dispute that PLG was entitled to a Contingency Fee; therefore, Hanson Baker did not contest the amount requested by PLG in its Contingency Fee Application. Curtis Decl. ¶ 5. Instead, Hanson Baker asked the Court to reserve ruling on the Contingency Fee Application to allow Mr. Dam an opportunity to raise his equitable claims. *Id.* It agreed that such claims should be raised soon and suggested that the Court could set a "deadline" for Mr. Dam to file those claims. *Id.* at ¶ 13.

Hanson Baker presented additional evidence supporting the Objection in a declaration from Mr. Dam. *See* Dam Declaration (ECF No. 1049). In that sworn declaration, Mr. Dam did not say or even indicate an intention to bring his claims for an improper purpose, such as undue delay. *Id.* Hanson Baker conducted its own research into his statements. Curtis Decl. ¶¶ 3-9. Hanson Baker first researched whether the claims Mr. Dam wished to bring were already decided by a prior Court decision. *Id.* at ¶ 8. They were not. *Id.*

Upon discovering the release provision in the class action settlement agreement, Hanson Baker verified with Mr. Dam how he intended to overcome that release provision. Curtis Decl. ¶ 9. Mr. Dam intended to argue that the waiver and/or release provision was not enforceable, including that the Trustee and/or PLG lacked third party beneficiary rights to enforce the waiver and/or release provision or lack of consideration. *See* Dam Decl. (ECF No. 1049) ¶¶ 6-7. Again, Hanson Baker did not just accept Mr. Dam's word without conducting its own research. Curtis Decl. ¶¶ 9-10. Rather, Ms. Curtis conducted preliminary research into these arguments to confirm whether they were supported by existing law or could be supported by the extension or

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R. CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 10

Hanson Baker Ludlow Drumheller P.S.
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

18-03197-FPC37    Doc 1111    Filed 10/03/24    Entered 10/03/24 14:45:39    Pg 10 of 14

establishment of new law. *Id.* at ¶ 10.  Based on Ms. Curtis' review, Mr. Dam's intent to argue that the waiver and/or release provision was not enforceable was not per se barred under existing law.  *Id.*  Whether his intended arguments were with merit would have to be determined at a later date.  *Id.*

Hanson Baker did not attempt to "hide" the terms of the release provision from the Court or otherwise ignore the legal implications of that provision.  Curtis Decl. ¶ 12.  Instead, it affirmatively noted the existence of the release provision in the Objection.  *Id.*; *see also* Objection (ECF No. 1048) at 3:16-18.  Hanson Baker also presented evidence, supported by Mr. Dam's declaration and Ms. Curtis' initial review, about how Mr. Dam intended to overcome or otherwise challenge the applicability of the release provision.  *Id.* at 3:21-22 – 4:1-4.  There was nothing frivolous or otherwise improper about how the Objection addressed the issue of the release provision.

Under the circumstances, Hanson Baker's inquiry into the facts underlying Mr. Dam's Objection was reasonable.  Hanson Baker did not affirmatively assert any of the equitable claims in the Objection.  Curtis Decl. ¶ 12.  Hanson Baker did not agree to represent Mr. Dam in bringing any of those equitable claims.  *Id.*  As noted in the Objection, Mr. Dam was "seeking counsel to assist him in filing these claims." Objection (ECF No. 1048) at 4:5-6.  Hanson Baker likewise asked that those claims be "adjudicated with proper notice to and opportunity to respond for all parties." *Id.* at 3:18-20.

Instead, Mr. Dam's Objection was limited to a request for the Court to exercise its discretion to reserve ruling on the Contingency Fee Application to allow Mr. Dam an opportunity to raise his intended claims within a reasonable time period.  Objection (ECF No.

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R. CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 11

HB
Hanson Baker Ludlow Drumheller P.S.
2229  112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

1048) at 4:11-13. Again, the Court's discretion to grant that request was well-supported by existing law and by the facts established in Mr. Dam's declaration and/or additional support that could be established at a later date upon further investigation of Mr. Dam's claims. *See* Curtis Decl. ¶¶ 4-11. Moreover, the Trustee and PLG agreed that the court had authority to exercise discretion in the context. *See* Reply (ECF No. 1052) at 22:9-10.

Hanson Baker also asked for alternative relief in the Objection, requesting that the Court include a disgorgement provision if it was decided at a later date that any of the funds used to pay PLG's contingency fee were not part of the bankruptcy estate. Objection (ECF No. 1048) at 4:14-20. This request was likewise supported by citation to existing, precedential bankruptcy case law. *Id.* Taken together, the Objection was not frivolous.

### 1.3 Hanson Baker Took Appropriately Corrected Action Within 21-Days After Receiving Notice of the Motion for Sanctions Under Rule 9011(c)(1)(A).

Ultimate disagreement from the Court on a legal position and "failure to succeed on the merits is not *per se* grounds for sanctions under 9011." *In re Westin Capital Markets, Inc.*, 184 B.R. 109, 121 (Bankr. D. Ore. 1995); *see also In re Southern California Sound Systems, Inc.*, 69 B.R. 893, 901 (Bankr. S.D. Cali. 1987) (noting that dismissal of a case "does not and should not automatically result in the imposition of sanctions under Bankruptcy Rule 9011" and that "[s]uch a *per se* rule for the imposition of sanctions is inappropriate"). Instead, parties are given a "safe-harbor" period of 21-days to "appropriately correct" any action deemed sanctionable under Rule 9011. Rule 9011(c)(1)(A). Only when a party continues to advocate a legal position without legal or factual basis, the imposition of sanctions under Rule 9011 is warranted. *Taplin*, 641 B.R. at 246. Instead, "[c]areful lawyers will protect themselves by making some form of

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP
PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW
DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R.
CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 12

**HB** Hanson Baker Ludlow Drumheller P.S.
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

Case 18-03197-FPC7    Doc 1111    Filed 10/03/24    Entered 10/03/24 14:45:39    Pg 12 of 14

correction formally on the record as to avoid stumbling into the 'later advocate' trap." *Id*. at 246-47.

Here, although the Court declined to exercise its discretion in favor of the Objection, that did not render the Objection "sanctionable." Even if it did, Hanson Baker has not continued to advocate a legal position the Court has now ruled not "viable" and has affirmatively disavowed any intent to do so in the future. As a result, it has "appropriately corrected" any position advanced in the Objection that could be deemed sanctionable under Rule 9011(b).

Only after the hearing and review of the pleadings did the Court rule that Mr. Dam's intended equitable claims against the settlement funds in the bankruptcy estate was not viable. ECF No. 1079 at 8. This was the first time any Court had ruled that Mr. Dam's intended equitable claims were not "viable." *Id.* Hanson Baker clearly disavowed any intention to pursue any of these equitable claims deemed not "viable" by the Court when it filed to withdraw its representation of Mr. Dam on September 12, 2024. By withdrawing its representation, Hanson Baker clearly indicated to the Court that it will not pursue any claims that it ruled were released by Mr. Dam. It will not "later advocat[e]" those claims in violation of Rule 9011(b).

Because Hanson Baker filed its withdrawal within 21-days of receiving notice of the Motion for Sanctions, and did not otherwise advocate any of the claims the Court deemed not "viable," Hanson Baker is within the safe-harbor period of Rule 9011(c)(1)(A). As a result, any action deemed objectionable by Hanson Baker under Rule 9011(b) has now been "appropriately corrected," and sanctions are not warranted.

### 3. CONCLUSION

For the reasons discussed above, Hanson Baker respectfully requests that this Court deny

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R. CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 13

Hanson Baker Ludlow Drumheller P.S.
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

Case 18-03197-FPC7    Doc 1111    Filed 10/03/24    Entered 10/03/24 14:45:39    Pg 13 of 14

1 the Trustee and PLG's Motion for Sanctions against it.  Given the Trustee and PLG's refusal to

2 withdraw the Motion for Sanctions, despite Hanson Baker's timely corrective action, Hanson

3 Baker should not have to bear the burden of its fees incurred relating to this objection.

4 Accordingly, should the Court deem Hanson Baker as the prevailing party, Hanson Baker hereby

5 reserves its right to request reimbursement of its reasonable expenses and attorney fees against

6 the Trustee and/or PLG pursuant to Rule 9011(c)(1)(A).

7     In the alternative, Hanson Baker asks that the Court require PLG to submit an accounting

8 of all the attorney fees it requests as a "sanction" against Hanson Baker and any additional

9 monetary sanctions it seeks against Hanson Baker.  Hanson Baker also asks that the Court allow

10 Hanson Baker an opportunity to further object on the basis of reasonableness of those fees and/or

11 the appropriateness of the amount of PLG's requested sanctions under Rule 9011(c).

    DATED this _3rd_ day of October, 2024.

        HANSON BAKER LUDLOW
        DRUMHELLER P.S.


        By: */s/ Douglas R. Cameron*
            Douglas R. Cameron
            WSBA No. 43091
            dcameron@hansonbaker.com
            Lacee L. Curtis
            WSBA No. 49953
            lcurtis@hansonbaker.com

OBJECTION TO MOTION OF THE POTOMAC LAW GROUP
PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW
DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R.
CAMERON PURSUANT TO BANKRUPTCY RULE 9011 - 14



Hanson Baker Ludlow Drumheller P.S.
2229  112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

18-03197-FPC 7    Doc 1111    Filed 10/03/24    Entered 10/03/24 14:45:39    Pg 14 of 14