UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, Inc., a Washington corporation,

          Debtor.

Cause No.: 18-03197 FPC 7

DECLARATION OF DOUGLAS R.
CAMERON IN SUPPORT OF OBJECTION
TO MOTION OF THE POTOMAC LAW
GROUP PLLC FOR SANCTIONS AGAINST
HANSON BAKER LUDLOW
DRUMHELLER, P.S., LACEE L. CURTIS,
AND DOUGLAS R. CAMERON
PURSUANT TO BANKRUPTCY RULE
9011

        Douglas R. Cameron, under penalty of perjury, pursuant to the laws of the State of

Washington declares the following as true and correct:

        1.      I am over 18 years of age and competent to swear to the matters contained herein.

The following statements are based on my personal knowledge, public records, and on business

records maintained by Hanson Baker Ludlow Drumheller, P.S. ("Hanson Baker") in the regular

course of business.

        2.      I filed a notice of appearance on behalf of Jun Dam in this matter.

        3.      On August 22, Hanson Baker filed Mr. Dam's objection to PLG's Contingency

Fee Application.

DECLARATION OF DOUGLAS R. CAMERON - 1

**Hanson Baker Ludlow Drumheller P.S.**
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

4.      On September 3, PLG emailed a letter to Hanson Baker with a proposed motion for sanctions against Hanson Baker.  A copy of that letter is attached hereto as **Exhibit A**.  On September 4, I emailed Ms. Egan requesting a call to discuss the motion for sanctions.  The call occurred on September 6 around 9:30am.  As set forth in more detail below, that call did not fit within any reasonable description for a "conference" of counsel as Ms. Egan portrays.  Instead, Ms. Egan lobbed insults, mockery and an accusation that I was sexist.  Ms. Egan does not deny her conduct.

5.      Later on September 6, PLG filed its motion for sanctions against me, my firm, Hanson Baker, and Lacee Curtis.  This was 15 days after Hanson Baker filed Mr. Dam's Objection.

6.      Since my first call with Ms. Egan on September 6, she has sent me 38 emails (compared to my 13 emails to her), in many of which she continues her insults.  A sampling of her more harassing, and quite frankly bullying, emails are attached hereto as **Exhibit B**, which includes an email summarizing her conduct toward *pro se* litigant John Winslow.  As Mr. Winslow described to me, her conduct toward him on their September 10 call left him "shaken." Her conduct since Hanson Baker's involvement in this matter has been unbecoming of a lawyer and far beyond the scope of her motions for sanctions which she tied to Mr. Dam's objection to her Contingency Fee Application.  When I informed her that Mr. Dam did not authorize Hanson Baker to withdraw his objection, Ms. Egan pursued other means to have her demands satisfied.

7.      On September 17, Ms. Egan emailed attorney John Ludlow, formerly a shareholder at Hanson Baker.  Mr. Ludlow is semi-retired, he is not a bankruptcy attorney, and he has had no involvement in this matter.  Ms. Egan's emails to John Ludlow are attached hereto

DECLARATION OF DOUGLAS R. CAMERON - 2

**HB**

**Hanson Baker Ludlow Drumheller P.S.**
2229  112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

as **Exhibit C**.  Mr. Ludlow does not know Ms. Egan.  Her emails to John Ludlow can easily be described as gaslighting.

8.     In my emails and calls with Ms. Egan, I tried in good faith to come to a resolution about the Objection and PLG's motion for sanctions.  PLG refused to withdraw the motion for sanctions unless Hanson Baker withdrew Mr. Dam's Objection, and also somehow made *pro se* litigant John Winslow withdraw his objection.  PLG later withdrew this offer and indicated that it would not withdraw its motion for sanctions.  Since this was the only offer provided to Hanson Baker by PLG, the parties could not come to an agreement.

9.     On September 12, Hanson Baker and Mr. Dam filed a stipulated motion for Hanson Baker to withdraw as counsel for Mr. Dam.  After the stipulated motion to withdraw was filed, I asked PLG to withdraw its motion for sanctions.  PLG refused to do so.

10.     Mr. Dam filed his appearance *pro se* on September 18.  The Court granted Hanson Baker's withdrawal on October 1.

11.     Despite our withdrawal as counsel, Ms. Egan continues to deliver Mr. Dam's *pro se* filings to my firm as if we still represent him.  Hanson Baker will not advocate any of the equitable claims deemed not "viable" by the Court's Order entered on September 17, 2024.  Hanson Baker has had no involvement in any of Mr. Dam's *pro se* filings.

Dated this __3rd__ day of October, 2024, in Ravensdale, Washington.


                                             _/s/ Douglas R. Cameron_____
                                             Douglas Cameron

DECLARATION OF DOUGLAS R. CAMERON - 3

**Hanson Baker Ludlow Drumheller P.S.**
2229  112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

# **Exhibit A**



**Potomac Law Group, PLLC**
2212 Queen Anne Ave. N.| Seattle, WA 98109
T 415.297.0132 | F 202.318.7707 | www.potomaclaw.com

VIA EMAIL AND U.S. FIRST CLASS MAIL

September 3, 2024

Ms. Lacee L. Curtis
Mr. Douglas R. Cameron
Hanson Baker Ludlow Drumhaller, P.S.
2229 117th Ave. NE, Ste. 200
Bellevue, WA 98004
Email: lcurtis@handsonbaker.com; dcameron@hansonbaker.com

Re:     *In re Giga Watt, Inc*., Case No. 18-03197; Objection to First and Final Contingency Fee
        Application of the Potomac Law Group PLLC (Perkins Adversary Proceeding), filed on
        August 22, 2024, ECF No. 1048,

Dear Ms. Curtis and Mr. Cameron:

I request that you withdraw the above-referenced Objection by 5:00 p.m., Pacific Time,
September 6, 2028. If you do not do so, I will file the enclosed Motion for Sanctions.

Thank you for your prompt attention.

Very truly yours,

*Pamela M. Egan*

Pamela M. Egan

cc: Mark D. Waldron, Chapter 7 Trustee

Enclosure

1  Pamela M. Egan, WSBA No. 54736
   POTOMAC LAW GROUP PLLC
2  2212 Queen Anne Ave. N., #836
   Seattle, WA 98109
3  Telephone: (415) 297-0132
   Email: pegan@potomaclaw.com
4    *Special Litigation Counsel for Mark D. Waldron, Chapter 7 Trustee*

5              **UNITED STATES BANKRUPTCY COURT**
                 **EASTERN DISTRICT OF WASHINGTON**
6

| 7 | In re: | Case No. 18-03197 FPC 7 |
|---|---|---|
| 8 | GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| 9 | Debtor. | Chapter 7 |

10  **NOTICE OF MOTION AND MOTION OF THE POTOMAC LAW GROUP PLLC FOR SANCTIONS AGAINST HANSON BAKER**
11  **LUDLOW DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R. CAMERON**
12  **PURSUANT TO BANKRUPTCY RULE 9011; NOTICE THEREON**
13

14

15                          <u>**NOTICE**</u>

16          Please take notice that the Potomac Law Group PLLC is filing this *Motion*

17  *of the Potomac Law Group PLLC for Sanctions Against Hanson Baker Ludlow*

18  *Drumheller, P.S., Lacee L. Curtis, and Douglas R. Cameron Pursuant to*

19  *Bankruptcy Rule 9011* (the "<u>Motion</u>"). The Motion requests sanctions as set forth

20  below.

21          If you wish to object to the Motion, you must file with the U.S. Bankruptcy

22  Court, Eastern District of Washington, 904 West Riverside Avenue Suite 304,

23  TRUSTEE'S MOTION FOR ORDER
    OF RULE 9011 SANCTIONS
24  AGAINST HANSON BAKER, ET AL - P a g e | **1**

25

Spokane, WA 99201 and serve upon undersigned an objection. The deadline to file an objection is September [*], 2024. The Court may enter an Order without further notice or hearing unless a written objection is timely served and filed.

## **MOTION**

If Lacee L. Curtis, Douglas R. Cameron and Hanson Baker Ludlow Drumheller, P.S. (collectively, "<u>Hanson Baker</u>") had conducted a reasonable inquiry before filing the *Objection to First and Final Contingency Fee Application of the Potomac Law Group PLLC (Perkins Adversary Proceeding)* (the "<u>Objection</u>") on August 22, 2024, ECF No. 1048, they would have learned that:

1.  The Objection was being presented for the improper purpose of harassing the Court, the estate, the Trustee, and PLG as set forth in the *Chapter 7 Trustee's Motion for a Pre-Filing Review Order and/or Sanctions Against Jun Dam*, filed in the bankruptcy case on September 3, 2024 (ECF No. 1056), incorporated herein by reference as if set forth fully herein.

2.  The legal contentions made in the Objection contradict and violate: (a) the Automatic Stay Order, (b) the automatic stay provisions of the Bankruptcy Code, which are self-executing, 11 U.S.C. § 362, and (c) the WTT Token Settlement Agreement, as set forth more fully in the *Potomac Law Group's Reply to Jun Dam's Objection to the First and Final Contingency Fee Application of the Potomac Law Group PLLC*

1   *(Perkins Adversary Proceeding)*, filed on August 27, 2024, ECF No.

2   1052, incorporated herein by reference as if set forth fully herein.

3   3.  There is no support for Mr. Dam's contention that he owns the Perkins

4       settlement proceeds.

5   Filing the Objection violated Bankruptcy Rule 9011(b) pursuant to which

6   Hanson Baker certified that the Objection was presented with a proper purpose and

7   that there was reasonable support in the law and evidence to support the Objection.

8   Hanson Baker's certification was false. Hanson Baker has assisted Mr. Dam

9   with teeing up his fourth round of vexatious litigation against this estate using the

10  same tactic: an objection, a claim of ownership, and rounds of frivolous, rehashed

11  arguments devoid of any proof of ownership. This conduct causes detriment to

12  creditors who have been waiting nearly six years to be paid. Hanson Baker's

13  gambit attempts to delay that even further with a filing that is contemptuous,

14  improper and frivolous.

15  This Motion complies with the safe harbor provision of Rule 9011(a)(1)(C).

16  On September 3, 2024, PLG sent a letter to Hanson Baker Ludlow Drumheller,

17  P.S., Lacee L. Curtis, and Douglas R. Cameron requesting that they withdraw the

18  Objection by September 6, 2024, 5:00 p.m., Pacific Time. PLG enclosed the

19  Motion and stated that they would file the Motion if the Objection was not

20  withdrawn, as requested. The Objection was not withdrawn by September 6, 2024,

21  5:00 p.m. Egan Declaration, filed herewith.

22

23  TRUSTEE'S MOTION FOR ORDER
    OF RULE 9011 SANCTIONS
24  AGAINST HANSON BAKER, ET AL - P a g e | **3**

25

1    PLG requests that the Court find that the foregoing period of time to

2  withdraw the Objection was appropriate and sufficient, under the circumstances.

3    PLG requests that the Court impose an appropriate sanction. Pursuant to

4  Bankruptcy Rule 9011 "[a] sanction imposed for violation of this rule shall be

5  limited to what is sufficient to deter repetition of such conduct or comparable

6  conduct by others similarly situated."

7    This case is at an inflection point. The Trustee intends to make a distribution

8  to creditors pursuant to the priority scheme of the Bankruptcy Code. Mr. Dam

9  intends to consume and tie up the estate's funds in vexatious litigation. It is

10  important to send a signal to future law firms whom Mr. Dam might contact by

11  sanctioning Hanson Baker at this time. Imposing a monetary sanction against

12  Hanson Baker will deter repetition of this and comparable conduct by Hanson

13  Baker and other law firms.

14    PLG requests that the Court impose a monetary sanction in the amount of

15  attorneys' fees and costs that the Objection has caused PLG to accrue in the case.

16              [*This Motion continues on the next page.*]

TRUSTEE'S MOTION FOR ORDER
OF RULE 9011 SANCTIONS
AGAINST HANSON BAKER, ET AL - P a g e | **4**

1   WHEREFORE, PLG requests that the Court grant the Motion, impose an

2   appropriate sanction against Hanson Baker as requested herein, and grant such

3   other and further relief as the Court deems appropriate and just.

4   Dated:  September [*], 2024                     POTOMAC LAW GROUP PLLC

5

6                                          By:  _____
                                                Pamela M. Egan (WSBA No. 54736)
7                                               *Attorneys for Mark D. Waldron, Chapter 7
                                                Trustee, Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  TRUSTEE'S MOTION FOR ORDER
    OF RULE 9011 SANCTIONS
24  AGAINST HANSON BAKER, ET AL - P a g e | **5**

25

# Exhibit B

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Tuesday, September 10, 2024 1:08 PM
**To:** Douglas R. Cameron <dcameron@hansonbaker.com>; Lacee L. Curtis <lcurtis@hansonbaker.com>
**Cc:** Heather R. Watson <hwatson@hansonbaker.com>
**Subject:** Re: GW/Rule 9011 Safe Harbor + Motion

John Winslow is shaken because Jun Dam falsely told him that I am not responsible for the $3 million to $4.5 million settlement. He was shocked when the Court and John Munding confirmed the truth.

Stop with your false accusations against me.

Pam

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC

Tel: (415) 297-0132 | Fax: (202) 318-7707

pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

---

**From:** Pamela M. Egan
**Sent:** Tuesday, September 10, 2024 1:06 PM
**To:** Douglas R. Cameron <dcameron@hansonbaker.com>; Lacee L. Curtis

<[lcurtis@hansonbaker.com](mailto:lcurtis@hansonbaker.com)>
**Cc:** Heather R. Watson <[hwatson@hansonbaker.com](mailto:hwatson@hansonbaker.com)>
**Subject:** RE: GW/Rule 9011 Safe Harbor + Motion


You are falsely implying that I intimidated John Winslow.


**Pamela M. Egan** | Partner | Potomac Law Group, PLLC

Tel: (415) 297-0132 | Fax: (202) 318-7707

[pegan@potomaclaw.com](mailto:pegan@potomaclaw.com) | [www.potomaclaw.com](http://www.potomaclaw.com)





*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*


**From:** Douglas R. Cameron <[dcameron@hansonbaker.com](mailto:dcameron@hansonbaker.com)>
**Sent:** Tuesday, September 10, 2024 1:03 PM
**To:** Pamela M. Egan <[pegan@potomaclaw.com](mailto:pegan@potomaclaw.com)>; Lacee L. Curtis <[lcurtis@hansonbaker.com](mailto:lcurtis@hansonbaker.com)>
**Cc:** Heather R. Watson <[hwatson@hansonbaker.com](mailto:hwatson@hansonbaker.com)>
**Subject:** RE: GW/Rule 9011 Safe Harbor + Motion


**WARNING:** External email, do not click on links or open attachments unless you recognize the sender's full email address and expect the attachments.

Pam:


I understand that you talked to John Winslow after the hearing today. He just called my office to inform me that you suggested that he call me to relay your message that Dam and Winslow should withdraw their objections to PLG's fee application, otherwise all three motions for sanctions will proceed.

He said that your call left him "shaken." His words. My own observation from the 21 minute call was that Mr. Winslow was very distraught and scared after he talked to you. Again, I'm sharing this conversation with you because we do not represent John Winslow.

On the judge's recommendation, I think we should discuss the trustee's motion for sanctions against my firm and Jun Dam. I am hopeful that we can come to a resolution of the motions.

Are you available tomorrow, 9/11 in the afternoon?

Thank you.

-Doug

**Douglas R. Cameron** | Shareholder

**HANSON BAKER LUDLOW DRUMHELLER P.S.**

2229 - 112th Avenue NE, Suite 200 | Bellevue, WA 98004

dcameron@hansonbaker.com

(425) 454-3374 (office)

(425) 289-1783 (direct)

(425) 454-0087 (fax)



This email and any attachments are confidential, privileged and intended only for the use of the intended recipient(s). If you have received this email in error, please notify us immediately.

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Tuesday, September 10, 2024 7:27 AM
**To:** Douglas R. Cameron <dcameron@hansonbaker.com>; Lacee L. Curtis
<lcurtis@hansonbaker.com>
**Subject:** RE: GW/Rule 9011 Safe Harbor + Motion


Good morning, I thought I'd add another point: we've already "come to terms."  Jun Dam and
John Winslow settled. It's over.

Don't get your hopes up about any negotiations.

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC

Tel: (415) 297-0132 | Fax: (202) 318-7707

pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or
privileged. If you are not the intended recipient, please notify us immediately and destroy all
copies of this message and any attachments.*


**From:** Douglas R. Cameron <dcameron@hansonbaker.com>
**Sent:** Monday, September 9, 2024 5:24 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>; Lacee L. Curtis <lcurtis@hansonbaker.com>
**Subject:** RE: GW/Rule 9011 Safe Harbor + Motion


**WARNING:** External email, do not click on links or open attachments unless you recognize the
sender's full email address and expect the attachments.

Pam:

We do not represent John Winslow. We have never talked with Mr. Winslow. We are not advising him in this case or any other case.

We did speak with our client, Jun Dam, this morning. Mr. Dam has not authorized us to withdraw his objection.

I am still hopefully that we can come to terms on the fee application, the trustee's motion for sanctions against Mr. Dam and Hanson Baker, and future litigation in this case.

Thank you.

-Doug

**Douglas R. Cameron** | Shareholder

**HANSON BAKER LUDLOW DRUMHELLER P.S.**

2229 - 112th Avenue NE, Suite 200 | Bellevue, WA 98004

dcameron@hansonbaker.com

(425) 454-3374 (office)

(425) 289-1783 (direct)

(425) 454-0087 (fax)



This email and any attachments are confidential, privileged and intended only for the use of the intended recipient(s). If you have received this email in error, please notify us immediately.

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Thursday, September 5, 2024 12:32 PM
**To:** Douglas R. Cameron <dcameron@hansonbaker.com>; Lacee L. Curtis

<[lcurtis@hansonbaker.com](mailto:lcurtis@hansonbaker.com)>
**Cc:** mark <[mark@mwaldronlaw.com](mailto:mark@mwaldronlaw.com)>
**Subject:** Re: GW/Rule 9011 Safe Harbor + Motion

Hopefully, you can reach Messrs. Dam and Winslow before then. I have articulated the Trustee's position.

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC

Tel: (415) 297-0132 | Fax: (202) 318-7707

[pegan@potomaclaw.com](mailto:pegan@potomaclaw.com) | [www.potomaclaw.com](http://www.potomaclaw.com)



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

---

**From:** Douglas R. Cameron <[dcameron@hansonbaker.com](mailto:dcameron@hansonbaker.com)>
**Sent:** Thursday, September 5, 2024 12:23 PM
**To:** Pamela M. Egan <[pegan@potomaclaw.com](mailto:pegan@potomaclaw.com)>; Lacee L. Curtis <[lcurtis@hansonbaker.com](mailto:lcurtis@hansonbaker.com)>
**Cc:** mark <[mark@mwaldronlaw.com](mailto:mark@mwaldronlaw.com)>
**Subject:** RE: GW/Rule 9011 Safe Harbor + Motion

**WARNING:** External email, do not click on links or open attachments unless you recognize the sender's full email address and expect the attachments.

Pam:

It looks like you fixed your mistake.  I sent an updated Teams invite for 9:30am tomorrow.

Thank you.

-Doug

**Douglas R. Cameron**  |  Shareholder

**HANSON BAKER LUDLOW DRUMHELLER P.S.**

2229 - 112th Avenue NE, Suite 200  |  Bellevue, WA 98004

dcameron@hansonbaker.com

(425) 454-3374 (office)

(425) 289-1783 (direct)

(425) 454-0087 (fax)



This email and any attachments are confidential, privileged and intended only for the use of the intended recipient(s).  If you have received this email in error, please notify us immediately.

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Thursday, September 5, 2024 12:01 PM
**To:** Douglas R. Cameron <dcameron@hansonbaker.com>; Lacee L. Curtis <lcurtis@hansonbaker.com>
**Cc:** mark <mark@mwaldronlaw.com>
**Subject:** Re: GW/Rule 9011 Safe Harbor + Motion

Please stop copying yourself at the wrong email address, which I admit I typed in my first email to you.

Get [Outlook for iOS](#)

---

**From:** Douglas R. Cameron <[dcameron@hansonbaker.com](mailto:dcameron@hansonbaker.com)>
**Sent:** Thursday, September 5, 2024 11:54:24 AM
**To:** Pamela M. Egan <[pegan@potomaclaw.com](mailto:pegan@potomaclaw.com)>; Lacee L. Curtis <[lcurtis@hansonbaker.com](mailto:lcurtis@hansonbaker.com)>; [dcameron@handsonbaker.com](mailto:dcameron@handsonbaker.com) <[dcameron@handsonbaker.com](mailto:dcameron@handsonbaker.com)>
**Cc:** mark <[mark@mwaldronlaw.com](mailto:mark@mwaldronlaw.com)>
**Subject:** RE: GW/Rule 9011 Safe Harbor + Motion


**WARNING:** External email, do not click on links or open attachments unless you recognize the sender's full email address and expect the attachments.

Pam:


We don't represent Mr. Winslow and we therefore have no say in the pleadings he files.


I'm available between 9am – 11am tomorrow morning. If that works for you, I'll send you an updated calendar event.



Thank you.


-Doug


**Douglas R. Cameron** | Shareholder


**HANSON BAKER LUDLOW DRUMHELLER P.S.**

2229 - 112th Avenue NE, Suite 200 | Bellevue, WA 98004

[dcameron@hansonbaker.com](mailto:dcameron@hansonbaker.com)

(425) 454-3374 (office)

(425) 289-1783 (direct)

(425) 454-0087 (fax)



This email and any attachments are confidential, privileged and intended only for the use of the intended recipient(s).  If you have received this email in error, please notify us immediately.

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Thursday, September 5, 2024 11:45 AM
**To:** Douglas R. Cameron <dcameron@hansonbaker.com>; Lacee L. Curtis <lcurtis@hansonbaker.com>; dcameron@handsonbaker.com
**Cc:** mark <mark@mwaldronlaw.com>
**Subject:** Re: GW/Rule 9011 Safe Harbor + Motion

I'm sorry for your water issue. A postponement is acceptable, although not welcome.

And to be clear, unless Mr. Dam withdraws the objection tomorrow by 5:00 p.m., I  will file the Rule 9011 Motion tomorrow evening.

Furthermore, unless <u>Mr. Winslow</u> withdraws his objection, the Trustee will keep the Motion for Pre-Filing Order against Mr. Dam on file.  They tag team the estate.

At the Trustee's request, I am further preparing a motion for sanctions against Mr. Winslow which I expect to file tomorrow morning.

Pam

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC

Tel: (415) 297-0132 | Fax: (202) 318-7707

pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Tuesday, September 10, 2024 3:17 PM
**To:** Douglas R. Cameron <dcameron@hansonbaker.com>; Lacee L. Curtis <lcurtis@hansonbaker.com>
**Cc:** Heather R. Watson <hwatson@hansonbaker.com>
**Subject:** RE: GW/Rule 9011 Safe Harbor + Motion

I bet you spent a lot of time writing that letter about your hopes and feelings.

It's not persuasive.

We're going to keep our motions on file. Jun Dam is a vexatious litigant. We're going to protect the estate against him.

Lawyers are gate keepers. You have failed in your gate keeping duties. You're part of the problem.

Pam

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC

Tel: (415) 297-0132 | Fax: (202) 318-7707

pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

**From:** Douglas R. Cameron <dcameron@hansonbaker.com>
**Sent:** Tuesday, September 10, 2024 2:53 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>; Lacee L. Curtis <lcurtis@hansonbaker.com>
**Cc:** Heather R. Watson <hwatson@hansonbaker.com>
**Subject:** RE: GW/Rule 9011 Safe Harbor + Motion

**WARNING:** External email, do not click on links or open attachments unless you recognize the sender's full email address and expect the attachments.

Pam:

There are no false accusations here.

John Winslow's recital of his call with you is consistent with the call I had with you on Friday, 9/6 at 9:30am. On that call I attempted to have a reasonable conversation with you to (i) introduce myself; and (ii) better understand the trustee's motions for sanctions.

You did not want to have a reasonable conversation. Instead, you repeatedly said I didn't know what I was doing and that we didn't do our research and repeatedly raised your voice at me. I stated that it seemed that you were taking this matter personally to which you responded that my comment was "sexist." I was flabbergasted. When I asked you how you came to that conclusion you falsely asserted that my comment was directed at you "being emotional" and a "woman." Moments later, you then mocked me when I increased the pitch of my voice in exasperation at one of your comments.

That is not a false narrative. That is exactly what happened on our call.

While I can understand how frustrating this litigation has been for the trustee and you, we reviewed the facts, procedural history and legal authority in support of Mr. Dam's objection based on a reasonable inquiry and the best of our ability under the circumstances. That is all that is required under FRBP 9011(b).

Indeed, the trustee concedes that it is "well within the Court's discretion to postpone consideration of PLG's fees," Dkt. 1052 at 22:9-10, which is the only relief that Mr. Dam

requested in his objection. It would appear that the trustee agrees that Dam's objection is founded on sufficient legal basis.

The trustee's motions for sanctions appear more focused on Mr. Dam's claims, which he has yet to assert. The trustee's motions are not ripe.

If you proceed with the motions for sanctions, we will also request an award of our attorney fees in opposing the motion. FRBP 9011(c)(1(A) ("if warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.")

I recommend that the trustee withdraw his motions for sanctions and save them for when Mr. Dam actually files claims for relief against the estate.

Thank you.

-Doug

**Douglas R. Cameron** | Shareholder

**HANSON BAKER LUDLOW DRUMHELLER P.S.**

2229 - 112th Avenue NE, Suite 200 | Bellevue, WA 98004

[dcameron@hansonbaker.com](mailto:dcameron@hansonbaker.com)

(425) 454-3374 (office)

(425) 289-1783 (direct)

(425) 454-0087 (fax)



This email and any attachments are confidential, privileged and intended only for the use of the intended recipient(s).  If you have received this email in error, please notify us immediately.

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Wednesday, September 11, 2024 11:06 AM
**To:** Heather R. Watson <hwatson@hansonbaker.com>; Lacee L. Curtis <lcurtis@hansonbaker.com>; Douglas R. Cameron <dcameron@hansonbaker.com>
**Subject:** Re: GW


I'm resending the email with corrections to some typos:


The court, Mark and I have been defending against Jun for many years. He presents superficially as a reasonable and nice person. This is a facade.


Jun Dam is a vexatious litigant. He does not listen to sound advice. He does not know how to retreat. When his objection is overruled, he will ask you to appeal, file a motion for reconsideration and/or a motion to stay pending appeal. He will ask you to oppose the motion for a pre-filing review order. Eventually, a pre-filing review order will be entered. He will ask you to appeal again, move to reconsider, move to stay pending appeal and on and on.


Objecting to my firm's fees is a terrible choice of battlefields. But Jun isn't strategically savvy. And he doesn't know how to retreat.


Both the BAP and the district court are familiar with Jun Dam. They are not friendly fora.


There is no basis to delay (or deny) my firm's fees. Mark and I created the fund to which Jun wants to assert a lien. It's irrational and vindictive (by Jun) to hold up my pay, no matter his newest underlying theory.


I encourage you to listen to the audio of the hearing.


Jun was defrauded by Russian crypto scammers. But he does not admit that. Instead, he blames everyone else, including Mark and me, accusing us of "theft and conversion," and "breach of contract."  He lacks credibility in court.

In summary, Jun Dam presents superficially as normal. But he's irrational. He will not and cannot take advice.


Pam


**Pamela M. Egan** | Partner | Potomac Law Group, PLLC

Tel: (415) 297-0132 | Fax: (202) 318-7707

pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

---

**From:** Pamela M. Egan
**Sent:** Wednesday, September 11, 2024 9:41 AM
**To:** Heather R. Watson <hwatson@hansonbaker.com>; Lacee L. Curtis <lcurtis@hansonbaker.com>; Douglas R. Cameron <dcameron@hansonbaker.com>
**Subject:** GW


The court, Mark and I have been defending against Jun for many years. He presents superficially as a reasonable and nice person. This is a facade.


Jun Dam is a vexatious litigant. He does not listen to sound advice. He does not know how to retreat. When his objection is overruled, he will ask you to file a motion for reconsideration and/or a motion to stay pending appeal. He will ask you to oppose the motion for a pre-filing review order. Eventually, a pre-filing review order will be entered. He will ask you to appeal again, move to reconsider, move to stay pending appeal and on and on.

Objecting to my fee is a terrible choice of battlefield field. But Jun isn't strategically savvy. And he doesn't know how to retreat.

Both the BAP and Jun Dam are familiar with Jun Dam. They are not friendly fora.

There is no basis to delay (or deny) my fee. Mark and I created the fund to which he wants to assert a lien. It's irrational and vindictive (by Jun) to hold up my pay, no matter his newest underlying theory.

I encourage you to listen to the audio of the hearing.

Jun was defrauded by Russian crypto scammers. But he does not admit that. Instead, he blames everyone else, including Mark and me, accusing us of "theft and conversion," and "breach of contract."  He lacks credibility in court.

In person, he presents superficially as normal. But he's irrational. He will not and cannot take advice.

Pam


Pam Egan


Get Outlook for iOS

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Tuesday, September 17, 2024 10:27 AM
**To:** Douglas R. Cameron <dcameron@hansonbaker.com>
**Subject:** Re: GW/Jun Dam - Significant Financial Consequences for Jun Dam

No. You deserve to be sanctioned, in my opinion.

Get Outlook for iOS

---

**From:** Douglas R. Cameron <dcameron@hansonbaker.com>
**Sent:** Tuesday, September 17, 2024 10:06:22 AM
**To:** Pamela M. Egan <pegan@potomaclaw.com>
**Subject:** RE: GW/Jun Dam - Significant Financial Consequences for Jun Dam

**WARNING:** External email, do not click on links or open attachments unless you recognize the sender's full email address and expect the attachments.

Pam:

Please stipulate to our withdrawal as counsel, withdraw the trustee's motion for sanctions against Hanson Baker, after which I will submit your request to Mr. Dam.

Thank you.

-Doug

**Douglas R. Cameron**  |  Shareholder

**HANSON BAKER LUDLOW DRUMHELLER P.S.**

2229 - 112th Avenue NE, Suite 200   |   Bellevue, WA 98004

dcameron@hansonbaker.com

(425) 454-3374 (office)

(425) 289-1783 (direct)

(425) 454-0087 (fax)



This email and any attachments are confidential, privileged and intended only for the use of the intended recipient(s).  If you have received this email in error, please notify us immediately.

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Tuesday, September 17, 2024 8:46 AM
**To:** Douglas R. Cameron <dcameron@hansonbaker.com>
**Subject:** Re: GW/Jun Dam - Significant Financial Consequences for Jun Dam

May I have your and his consent to speak with him directly before your withdrawal?

Get Outlook for iOS

---

**From:** Douglas R. Cameron <dcameron@hansonbaker.com>
**Sent:** Monday, September 16, 2024 2:26:44 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>
**Subject:** RE: GW/Jun Dam - Significant Financial Consequences for Jun Dam

**WARNING:** External email, do not click on links or open attachments unless you recognize the sender's full email address and expect the attachments.

Pam:

Mr. Dam has asked that we cease communications with you.  Please direct your communications to him after our withdrawal as his counsel.

Thank you.

-Doug

**Douglas R. Cameron**  |  Shareholder

**HANSON BAKER LUDLOW DRUMHELLER P.S.**

2229 - 112th Avenue NE, Suite 200  |  Bellevue, WA 98004

dcameron@hansonbaker.com

(425) 454-3374 (office)

(425) 289-1783 (direct)

(425) 454-0087 (fax)



This email and any attachments are confidential, privileged and intended only for the use of the intended recipient(s).  If you have received this email in error, please notify us immediately.

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Monday, September 16, 2024 2:19 PM
**To:** Douglas R. Cameron <dcameron@hansonbaker.com>
**Subject:** GW/Jun Dam - Significant Financial Consequences for Jun Dam

Doug,

I understand that Jun Dam is emboldened. In his mind,  he obtained $4.5 million for the WTT Token holders and no one sanctioned him. He thinks he lost every battle but won the war.  So, he's going to keep doing what's been successful before.

Reality check for Jun Dam:  He will suffer consequences.

I will obtain sanctions against him every time he files something in this matter, in any court he chooses.

Pam

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC

Tel: (415) 297-0132 | Fax: (202) 318-7707

pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Friday, September 20, 2024 2:34 PM
**To:** Douglas R. Cameron <dcameron@hansonbaker.com>
**Subject:** Fwd: NOTICE OF PRO SE APPEARANCE & RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION FOR A PRE-FILING REVIEW ORDER AND/OR SANCTIONS AGAINST JUN DAM

Fraud? You thought that was viable?

Get Outlook for iOS

---

**From:** jun dam <jundam@hotmail.com>
**Sent:** Friday, September 20, 2024 10:52:32 AM
**Subject:** NOTICE OF PRO SE APPEARANCE & RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION FOR A PRE-FILING REVIEW ORDER AND/OR SANCTIONS AGAINST JUN DAM

**WARNING:** External email, do not click on links or open attachments unless you recognize the sender's full email address and expect the attachments.

Attached:

1) **NOTICE OF PRO SE APPEARANCE**

2) **RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION FOR A PRE-FILING REVIEW ORDER AND/OR SANCTIONS AGAINST JUN DAM**

# <u>Exhibit C</u>

**From:** John T. Ludlow <[jludlow@hansonbaker.com](mailto:jludlow@hansonbaker.com)>
**Sent:** Tuesday, September 17, 2024 4:47 PM
**To:** Douglas R. Cameron <[dcameron@hansonbaker.com](mailto:dcameron@hansonbaker.com)>
**Subject:** Fwd: Subject: A Professional Courtesy Regarding In re Giga Watt

FYI

---

**From:** Pamela M. Egan <[pegan@potomaclaw.com](mailto:pegan@potomaclaw.com)>
**Sent:** Tuesday, September 17, 2024 4:45:02 PM
**To:** John T. Ludlow <[jludlow@hansonbaker.com](mailto:jludlow@hansonbaker.com)>
**Subject:** Re: Subject: A Professional Courtesy Regarding In re Giga Watt

You don't often get email from [pegan@potomaclaw.com](mailto:pegan@potomaclaw.com). [Learn why this is important](#)

Following up, the Court has awarded my fees over your client's objection. The Court called your client's asserted claim "not viable."

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC

Tel: (415) 297-0132 | Fax: (202) 318-7707

[pegan@potomaclaw.com](mailto:pegan@potomaclaw.com) | [www.potomaclaw.com](http://www.potomaclaw.com)



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

---

**From:** Pamela M. Egan
**Sent:** Tuesday, September 17, 2024 2:28 PM

**To:** jludlow@hansonbaker.com <jludlow@hansonbaker.com>
**Subject:** Subject: A Professional Courtesy Regarding In re Giga Watt

Dear John,

I hope this message finds you well. I'm reaching out as a fellow Dartmouth graduate, as I believe there is an issue in the *Giga Watt* Chapter 7 case that may benefit from a collegial discussion.

As you may know, I represent the Trustee in this matter. One of your partners, Doug Cameron, has enabled a vexatious litigant to file a frivolous objection to my fees and to threaten to pursue litigation that is barred by a settlement release. Although Mr. Cameron has now filed a motion to withdraw from the case, I believe this action is insufficient to avoid the sanctions I've already moved for under Federal Rule of Bankruptcy Procedure 9011. The objection's consequences will still have to be borne by the estate, regardless of his withdrawal.

Given the circumstances, and with a hearing scheduled for October 8, 2024, I wanted to reach out directly. I know your firm values professionalism, and I believe there's still an opportunity to resolve this in a manner that avoids further litigation. I would appreciate it if you could review the situation and, if appropriate, encourage your client to withdraw the objection. This would help avoid sanctions and conserve valuable time and resources for all parties involved.

I'm happy to discuss this further at your convenience, and I trust we can address it in the best interests of both our clients.

Best regards,


Pam Egan
Dartmouth Class of 1982


**Pamela M. Egan** | Partner | Potomac Law Group, PLLC

Tel: (415) 297-0132 | Fax: (202) 318-7707

pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or*

*privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*