UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT, Inc., a Washington corporation,

Debtor.

Cause No.: 18-03197 FPC 7

DECLARATION OF LACEE L. CURTIS IN SUPPORT OF OBJECTION TO MOTION OF THE POTOMAC LAW GROUP PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R. CAMERON PURSUANT TO BANKRUPTCY RULE 9011

Lacee L. Curtis, under penalty of perjury, pursuant to the laws of the State of Washington declares the following as true and correct:

1. I am over 18 years of age and competent to swear to the matters contained herein. The following statements are based on my personal knowledge, public records, and on business records maintained by Hanson Baker Ludlow Drumheller, P.S. ("Hanson Baker") in the regular course of business.

2. Jun Dam engaged Hanson Baker to represent him in the Giga Watt bankruptcy case on August 16, 2024. Specifically, Mr. Dam asked Hanson Baker to help him file an Objection to the First and Final Contingency Fee Application of PLG (Perkins Adversary

DECLARATION OF LACEE L. CURTIS - 1

Hanson Baker Ludlow Drumheller P.S.
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

18-03197-FPC7    Doc 1113    Filed 10/03/24    Entered 10/03/24 14:50:34    Pg 1 of 5

1 Proceeding) (the "Objection"). ECF No. 1048. The Objection was due on August 22, 2024,

2 which was six days after Mr. Dam engaged Hanson Baker.

3       3. In the four working days between when Mr. Dam engaged Hanson Baker and

4 when the Objection was due, I worked diligently to get up to speed on the Giga Watt bankruptcy

5 case, including the factual and legal basis underlying the Objection.

6       4. I reviewed 48 cases on Westlaw related to the legal arguments in the Objection,

7 including the Court's authority and discretion to reserve ruling on a fee application for equitable

8 reasons. Based on my review, I determined there was precedential legal authority to request that

9 the Court reserve ruling on the Contingency Fee Application. I cited three cases to support the

10 request made in the Objection related to the Court's discretion and authority to reserve ruling on

11 a fee application.

12       5. Based on my review of legal authority, I determined that there was not adequate

13 legal support to contest the amount requested in the Contingency Fee Application under these

14 circumstances. I also determined that there was no authority to contest that PLG was entitled to

15 a contingency fee under the circumstances. As a result, the Objection did not contest either of

16 those points. Instead, the Objection was limited to asking the Court to reserve ruling on the

17 Contingency Fee Application for equitable reasons, specifically to provide Mr. Dam an

18 opportunity to raise certain equitable claims that he intended to make.

19       6. I also reviewed cases related to the equitable claims Mr. Dam wished to bring.

20 Since he had not asserted any of these claims yet, they were mostly broad legal concepts,

21 including constructive trust, third party beneficiary rights, and enforceability of waiver and

22 release provisions in settlement agreements and contracts. Based on my review, I determined

DECLARATION OF LACEE L. CURTIS - 2

HB
Hanson Baker Ludlow Drumheller P.S.
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

4873-2937-4987 FPC7   Doc 1113   Filed 10/03/24   Entered 10/03/24 14:50:34   Pg 2 of 5

that the claims had the potential to exclude property from a bankruptcy estate. The Objection cited legal authority for this position.

7. I also reviewed dozens of pleadings and other documents related to the factual background of this matter prior to filing the Objection. Because the case had been open since 2018, there were over 1,000 pleadings on file in just the bankruptcy case. I could not realistically review every pleading before the Objection filing deadline. So, I focused on the most important ones for the Objection and representation of Mr. Dam, including employment applications and orders related to PLG's work in the bankruptcy case and for the Contingency Fee Application, as well as Mr. Dam's previous filings, which he made pro se.

8. Based on my review of pleadings, I determined that Mr. Dam had not been represented as an individual in the bankruptcy case. The Court granted Mr. Dam appropriate leeway as a pro se litigant and addressed as many of his claims on the merits as possible given specific procedural and jurisdictional constraints. I also confirmed that no Court had ruled on the equitable claims that he wanted to raise.

9. I also reviewed related pleadings in the Perkins Adversary Proceeding and class action matter. Among other things, I reviewed the complaints and the settlement agreements. Upon discovering the release provision in the class action settlement agreement, I spoke with Mr. Dam about how he intended to overcome that provision. I also did some preliminary legal research (discussed above) into whether his intended arguments were supported by existing law or could be supported by the extension or establishment of new law.

10. Based on my review, I determined that challenging the release provision was not barred under existing law. The Objection affirmatively noted the release provision and argued

DECLARATION OF LACEE L. CURTIS - 3

HB
Hanson Baker Ludlow Drumheller P.S.
2229  112th Avenue NE, Suite 200
Bellevue, WA  98004
(425) 454-3374

4873-2937-4987 v.3  18-03197-FPC7   Doc 1113   Filed 10/03/24   Entered 10/03/24 14:50:34   Pg 3 of 5

1    that the merits of its enforceability should be addressed in a later pleading. Hanson Baker did

2    not attempt to hide the terms of the release provision from the Court. Nor did Hanson Baker

3    simply ignore the legal implications of the provision. Rather, the Objection addressed the release

4    directly and noted that Mr. Dam intended to argue that the provisions were not enforceable as

5    part of bringing his equitable claims.

6        11.    Hanson Baker obtained a sworn declaration from Mr. Dam to support the factual

7    basis for the Objection. ECF No. 1049.

8        12.    In the Objection, Hanson Baker did not affirmatively assert any of the equitable

9    claims that Mr. Dam wanted to raise. Hanson Baker did not agree to represent Mr. Dam in

10    bringing any of those equitable claims. As noted in Mr. Dam's declaration, he was "seeking

11    counsel to assist him in filing these claims." I provided Mr. Dam with some referrals to follow

12    up with about filing the claims.

13        13.    Hanson Baker did not file the Objection to delay or harass PLG or the Trustee.

14    Hanson Baker did not file the Objection to needlessly increase the cost of litigation. Mr. Dam

15    likewise attested that his purpose was not to delay or harass PLG or the Trustee. In the

16    Objection, Hanson Baker proposed that the Court set a "deadline" for Mr. Dam to bring the

17    equitable claims so that the Contingency Fee Application could be decided in a reasonable

18    amount of time. Hanson Baker alternatively asked the Court to add a disgorgement provision to

19    an order granting the Contingency Fee Application. The request was likewise supported by a

20    citation to existing, precedential bankruptcy case law.

DECLARATION OF LACEE L. CURTIS - 4

Hanson Baker Ludlow Drumheller P.S.
2229   112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374

18-03197-FPC7    Doc 1113    Filed 10/03/24    Entered 10/03/24 14:50:34    Pg 4 of 5

14. In sum, Hanson Baker did not file the Objection for an improper purpose. The Objection was not frivolous as it was supported by legal authority and facts that were identified by Hanson Baker's reasonable investigation and discovery under the circumstances.

Dated this 3rd day of October, 2024, in Bellevue, Washington.

*/s/ Lacee L. Curtis*
Lacee Curtis

DECLARATION OF LACEE L. CURTIS - 5

Hanson Baker Ludlow Drumheller P.S.
2229 112th Avenue NE, Suite 200
Bellevue, WA 98004
(425) 454-3374