John Winslow (*pro se*)

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT INC.,

Debtor

Case No. 18-03197 FPC

**RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION FOR SANCTIONS AGAINST JOHN T. WINSLOW**

**I. INTRODUCTION / BACKGROUND**

As a significant creditor in this case, I have participated not only in service of my own claim (Proof of Claim No. 60), but I have also voluntarily served on both the Unsecured Creditors' Committee ("UCC") and on the Ad Hoc Creditors' Committee Of WTT Token Holders And Miners ("AHC").

In my role as a member of the UCC, I represented the collective interests of unsecured creditors, working to maximize recovery for the unsecured creditor class whose total claims amount to $138,433,142 (Source: Claims Register in Case No. 18-03197-FPC7).

As a director and member of the AHC, I advocated for the specific interests of tokenholder

creditors and miner creditors whose total claims amount to $32,242,237 (Source: Claims Register in Case No. 18-03197-FPC7, and AHC internal records) and who represent a majority of claims by number (71%) of the unsecured creditor class.

In my capacity on both of these committees, I have always sought to balance my own interests with those of the constituencies I represented as well as to recognize the potential conflicts inherent in bankruptcy, the serious nature of the role of the court in resolving conflicts, and the importance of acting under advice and guidance of counsel whenever possible.

The *Chapter 7 Trustee's Motion For Sanctions Against John T. Winslow* (ECF No. 1065, filed September 7, 2024) ("Trustee's Motion") alleges "frivolous and bad faith litigation relating to the ML Equipment Sale", a "Pattern Of Unreasonable, Vexatious, And Bad Faith Litigation", and that "Mr. Winslow is a bad faith litigant, lying in wait until the Trustee recovers an asset, then claiming it belongs to him"

**II. RESPONSE TO ENUMERATED FILINGS**

In response to the Trustee's Motion I will stipulate to and address each of the 12 filings attributed to me as evidence of vexatiousness and bad faith, categorized by subject as follows below, and for clarity will hereinafter refer to each by its ECF (Electronic Case Filing) reference only, and will stipulate to the Trustee's common terms as referenced in Motion: "TNT Sale", the "ML Equipment Sale", the "WTT Token Settlement Agreement", the "WTT Token Class Action" or the "Perkins Adversary" and that "'District Court" refers to the U.S. District Court, Eastern District of Washington and that "Winslow Objection" refers to ECF No. 1051 - Objection to

Order Awarding Compensation for Services Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. § 330 or § 331, and Approving the Payment of Bank Fees (filed by John Winslow) (filed August 23, 2024) and add further for that "Administrative Expense Filings" refers to ECF No. 758 - *Application of WTT Token Holders and Miner Owners for Administrative Expense and for Declaratory Relief (filed October 15, 2020) (relating to ML Equipment),* and ECF No. 547 - *Application of WTT Token Holders and Miner Owners for Administrative Expense and for Declaratory Relief (filed April 10, 2020)*, and that "Hearing" refers to the hearing that took place on September 10, 2024, in GIGA WATT INC, 2:2018bk03197, United States Bankruptcy Court for the Eastern District of Washington, September 10, 2024 Time: 10:30 AM (PST), *Order Awarding Compensation For Services Rendered And Reimbursement Of Expenses Pursuant To 11 U.S.C. §330 or §331, And Approving The Payment Of Bank Fees*, via Zoom call, and for the sake of clarity and brevity, it is assumed that the readers of this document are generally familiar with the history of this case and its filings.

**A. ML Equipment Sale**

In my role as director and member of the AHC, and as pro se signatory in the ML Equipment Sale filings, of the seven filings attributed to me, four were filed by 77 members of the AHC pro se, (ECF No. 753, ECF No. 769, ECF No. 770, and D. Ct. ECF No. 4), and three were filed by Jun Dam and John Winslow pro se (ECF No. 805, D. Ct. ECF No. 14, and D. Ct. ECF No. 17).

As a pro se signatory to these filings, it is to the best of my understanding that they followed proper legal procedure, represented the legitimate concerns of the movants (including

irreparable harm to miners) presented new information or arguments relevant to the case (including concerns over the short notice period for the sale of equipment, and related additional potential hardships due to USPS delays during COVID) and were consistent with the legal duties of the directors of an ad hoc committee, including duties of care, loyalty, reasonable expectation of representation, disclosure, transparency and access to legal counsel when possible.

Further, as both the number of claims by miners (totaling 185, Source: Claims Register in Case No. 18-03197-FPC7, and AHC internal records) and the total dollar amount of claims by miners of $21,829,788 (Source: Claims Register in Case No. 18-03197-FPC7, and AHC internal records) as well as the aggregate value of miners involved in the ML Equipment Sale are significant, it is my belief to the best of my knowledge and understanding, that these actions were reasonable.

**B. TNT Sale**

In my role as director and member of the AHC in the TNT Sale filings, the one filing attributed to me was filed on behalf of the AHC by and through their attorneys of record, Samuel J. Dart and Eisenhower Carlson PLLC, (ECF No. 592).

As a director of the AHC and as a represented party in this filing, it is to the best of my understanding that Samuel J. Dart and Eisenhower Carlson PLLC dutifully followed proper legal procedure in representing the legitimate concerns of the movants thereby fulfilling the obligation of the directors of the AHC to seek legal counsel when possible in addition to other inherent duties of directors of an ad hoc committee.

Further, As both the number of claims (a total of 185, (Source: Claims Register in Case No. 18-03197-FPC7, and AHC internal records) and the total dollar amount of claims by miners of $21,829,788 (Source: Claims Register in Case No. 18-03197-FPC7, and AHC internal records) as well as the aggregate value of equipment involved in the TNT Sale are significant, it is my belief, to the best of my knowledge and understanding, that these actions were reasonable.

**C. Administrative Expense Filings**

In my role as director and member of the AHC in the Administrative Expense Filings, of the two filings attributed to me, one was filed on behalf of the AHC by and through their attorneys of record, Samuel J. Dart and Eisenhower Carlson PLLC, (ECF No. 547) and the other was filed by 35 members of the AHC pro se by, (ECF No. 758).

As a director of the AHC and as a represented party in filing ECF No. 547, it is to the best of my understanding that Samuel J. Dart and Eisenhower Carlson PLLC dutifully followed proper legal procedure in representing the legitimate concerns of the movants thereby fulfilling the obligation of the directors of the AHC to seek legal counsel when possible in addition to other inherent duties of directors of an ad hoc committee.

As a director of the AHC and pro se signatory in filing ECF No. 758, it is to the best of my knowledge and understanding that Samuel J. Dart and Eisenhower Carlson PLLC followed proper legal procedure and practice in representing its client, the AHC.

**D. WTT Token Class Action**

The remaining referenced filings attributed to me and filed in District Court, (D.Ct. ECF No. 61-4) I believe were filed on behalf of Jun Dam and/or Eric Blomqist and all others similarly situated ("Class") by Western Washington Law Group PLLC Dennis J. McGlothin (#28177) Robert J. Cadranell (41773).

To the best of my knowledge I have not participated in any filings related to the WTT Token Class Action except by extension as a potential tokenholder class member should a class be established and prevail, and in later filing a claim as a tokenholder, and was generally unaware of any filings therein other than through my own independent research and in my limited conversations with Jun Dam.

**III. Summary Response to Enumerated Filings**

As a represented party and pro se signatory, and to the best of my knowledge and understanding, the actions taken by the AHC and its directors in the above enumerated filings were in service of asserting their legitimate claims to property held in the debtor's estate they believed was rightfully theirs, were not outside the scope of the committee's authorized activity, were not harassing, fraudulent, or meant to obstruct the bankruptcy process, were consistent with the legal duties of the directors of an ad hoc committee, including duties of care, loyalty, reasonable expectation of representation, disclosure, transparency and access to legal counsel when possible, and faithfully represented the collective views of the AHC.

Therefore I respectfully submit that these actions were not filed in willful disobedience of a Court order, were not substantially motivated by vindictiveness, obduracy, or mala fides, were not unreasonable and vexatious, and therefore do not support a finding of subjective bad faith.

**IV. Coordination with Jun Dam**

I am aware that the subject of sanctions has been brought up by the court in relation to filings by Jun Dam. In my interactions with Mr. Dam I have always sought to distance myself from such actions and did not at any time think that any actions attributable to me would be subject to such measures. All of the enumerated joint pro se filings with Jun Dam and the AHC listed above were acknowledged by me in conversations, **but initiated, drafted, submitted and filed by Mr. Dam**.

My interactions with Mr. Dam were always as a matter of common interest as creditors in the case and as the two largest tokenholders in the amounts of 1,025,660 bought by Mr. Dam, as evidenced by Proof of Claim No. 52 (filed on February 14, 2019) and 278,384 bought by myself (in addition to purchases of mining equipment) as evidenced by Proof of Claim No. 60 (filed on February 15, 2019), and as members of the UCC and directors and members of the AHC and were not in any way intended to be frivolous, harassing, fraudulent, or meant to obstruct the bankruptcy process.

As evidence of this limited relationship, in his *Response To Chapter 7 Trustee's Motion For A Pre-Filing Review Order And/Or Sanctions Against Jun Dam* (ECF 1085; p. 4, ¶2), (Filed September 23, 2024) and regarding the Trustee's claims of coordination between myself, Jun

Dam states: "Furthermore, the Trustee's lawyer has made exaggerated claims of coordination between me and John Winslow. Aside from our joint service on the UCC, my actions have been independent and focused mainly on my lease rights as a token holder. **John Winslow has had limited involvement to protect miner rights, but has generally tried to stay out of legal proceedings**."

Further, I hereby state that **Jun Dam did not have my consent or authorization to include me, directly or indirectly, in his** *Motion for Stay Pending Appeal* **(ECF No. 1089)** (Filed September 26 , 2024). Any statements or representations suggesting otherwise are incorrect and made without my knowledge or approval. I have no involvement, connection, or association with the motion. I have not participated in, contributed to, or authorized any actions or statements contained therein, and any suggestion to the contrary is incorrect.

**V. Response to Winslow Objection**

As sole pro se movant and signatory in the **Winslow Objection (ECF No. 1051), this is the only filing out of twelve attributed to me by the Trustee which was initiated, drafted, and filed by me alone as pro se**. Other than my proof of claim, and by extension my tokenholer class action claim, my experience filing documents in this case is limited to this filing alone, and to the best of my knowledge, also the first time I have ever personally and independently filed any official document pro se in any legal case, and as a result I acknowledge that I did so hastily and without adequate consideration of the potential legal and other consequences.

I hereby acknowledge my gross error in judgement, lack of due diligence and lack of

consideration for the court, the bankruptcy case, and the potential and unnecessary additional time and effort on the part of the professionals involved, of my filing it and accept full responsibility for my actions.

Further, to the best of my knowledge this has been my first and only interaction with the court regarding sanctions. Had I believed that my actions could even remotely have resulted in sanctions I would not have filed such a motion.

**VI. Attempts to Mitigate**

After realizing my mistake, I stated at the Hearing that "...I do not intend to file an adversarial complaint as it is well beyond my personal resources and capabilities, and I'd be happy to modify or withdraw my objection to that effect with guidance from the court." as referenced in the court hearing on September 10, 2024, (ECF No.s 1074, 1075).

After speaking with Ms. Egan after the Hearing, I came to realize the possibility that not only had I mistakenly indicated an intent to pursue an adversarial complaint I did not intend to pursue, I had allowed myself to be influenced by a potentially faulty view of the case, and one not likely to be successful if pursued, so realizing the now compounding nature of my errors I immediately offered to withdraw my objection.

As soon as practicable, and within 1 week of the Hearing I filed a *Motion For Withdrawal Of Objection To Order Awarding Compensation For Services Rendered And Reimbursement Of Expenses Pursuant To 11 U.S.C. §330 or §331, And Approving The Payment Of Bank Fees* (ECF

No. 1084, Entered on 9/23/24) via USPS express mail on 9/16/24 to the court, via regular mail to Mark Waldron and Pamela Egan, and via email to all email notification parties. I also contacted the clerk's office on 9/13/24 prior to filing and asked the clerk to notify Judge Corbit that it would be coming in an attempt to prevent or minimize any undue fallout from my actions.

I also filed a *Notice Of Withdrawal Of Objection To Order Awarding Compensation For Services Rendered And Reimbursement Of Expenses Pursuant To 11 U.S.C. §330 OR §331, And Approving The Payment Of Bank Fees To The Honorable Frederick P. Corbit, United States Bankruptcy Judge, The Debtor, All Creditors, And All Parties In Interest* (ECF No. 1082, Entered 9/19/24 ) via USPS express mail on 9/18/24 to the court, via regular mail to Mark Waldron and Pamela Egan, and via email to all email notification parties to further ensure that my withdrawal included specific reference to withdrawing the intention to file an adversarial complaint.

**VII. Request For Relief**

I respectfully request that the Court consider affording me the same leeway as was afforded to Mr. Dam previously as evidenced by "Mr. Dam has been afforded leeway as a pro se litigant." as stated in *Chapter 7 Trustee's Motion for a Pre-Filing Review Order and/or Sanctions Against Jun Dam*, filed on September 3, 2024 (ECF No. 1056) and deny Trustee's Motion in this instance and grant such other and further relief as the Court deems just and proper, and in the alternative, I request that the Court limit any sanctions to non-monetary penalties as they would represent a great burden that would be difficult for me to recover from, and in consideration of that I do not intend to initiate and/or file and/or participate in initiating or filing any further adversarial complaints in this case.

## VIII. Conclusion

I respectfully acknowledge that in filing the Winslow Objection (ECF No. 1051) on 8/23/24, I exercised poor judgment by failing to fully comprehend the legal context, consequences, and risks associated with that filing. Upon further review, I now understand that my actions were not in compliance with the applicable legal standards, and I deeply regret any disruption or burden this has caused to the Court and the parties involved in this case.

I take full responsibility for this error and apologize for any confusion or unnecessary proceedings that may have resulted from my filing. I assure the Court that I am committed to acting in accordance with the Court's rules and procedures moving forward and that this will not happen again.

I sincerely appreciate the Court's time and consideration in this matter and will cooperate fully to rectify any issues resulting from my actions.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. I further acknowledge that any inaccuracies or errors contained herein are unintentional and may result from misunderstanding or typographical error.

Further, I am representing myself and have completed this filing to the best of my ability without the assistance of legal counsel. I make this filing in good faith and with the full understanding that I am required to provide complete and accurate information under penalty of

perjury.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Response To Chapter 7 Trustee's Motion For Sanctions Against John T. Winslow* was served on all parties of interest via the Court's ECF system and/or by mail or email as appropriate on this 27th day of September, 2024.

Dated: September 27, 2024

Respectfully submitted,

*John T. Winslow*

John T. Winslow (*pro se*)
112 Weisbrook Ct.
Henderson, NV 89011
Phone: (818) 862-1257
Email: jtwinslow@live.com
Proof of Claim #: 60