Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
2212 Queen Anne Ave. N., #836
Seattle, WA 98109
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Counsel for Mark D. Waldron, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 7<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 7<br><br>**PLG'S REPLY TO OBJECTION TO MOTION OF THE POTOMAC LAW GROUP PLLC FOR SANCTIONS AGAINST HANSON BAKER LUDLOW DRUMHELLER, P.S., LACEE L. CURTIS, AND DOUGLAS R. CAMERON PURSUANT TO BANKRUPTCY RULE 9011** |

## I.    INTRODUCTION

Hanson Baker's objection to PLG's contingency fee application is a textbook case of frivolous and vindictive litigation. Hanson Baker abdicated their role as gatekeepers, parroting baseless claims, enabling vexatious litigation, and generally turning equity on its head by trying to allow Mr. Dam not only to deprive PLG of its fees, but to unjustly enrich Mr. Dam by helping him grab the estate's share of the bifurcated settlement with Perkins. This response demonstrates why

REPLY TO MOTION FOR ORDER
OF RULE 9011 SANCTIONS
AGAINST HANSON BAKER, ET AL - P a g e | **1**

Hanson Baker's objection warrants sanctions to deter further attacks on the estate and to preserve judicial integrity.

## II. ARGUMENT

Rule 11 is "applied vigorously" to curb abuse from the filing of frivolous pleadings." *Valley Nat'l Bank of Ariz. v. Needler In re Grantham Bros.*, 922 F.2d 1438, 1441 (9th Cir. 1991). The language of Rule 9011(a) is virtually identical to that of Fed.R.Civ.P. 11, and therefore, courts considering sanctions under Rule 9011(a) rely on Rule 11 cases. *In re Chisum,* 847 F.2d 597, 599 (9th Cir.), *cert. denied,* 488 U.S. 892 (1988) (citing *In re Lewis,* 79 B.R. 893, 895 n. 2 (Bankr. App. 9th Cir. 1987))

Under Rule 11, attorney conduct is measured objectively against a reasonableness standard, which consists of a competent attorney admitted to practice before the involved court. *Grantham Bros.*, 922 F.2d at 1441

### A. The Objection Was Frivolous.

Hanson Baker points to the three cases that it cited in support of a postponement. However, citing irrelevant cases is not reasonable. In *In re Barron*, 73 B.R. 812, 813 (Bankr. S.D. Cal. 1987), the Court delayed payment of interim fees to chapter 11 professionals because the case was sliding into administrative insolvency. The decision ensured that some professionals would not get paid ahead of other professionals. Here, Hanson Baker sought a postponement so that Mr. Dam could get paid ahead of creditors.

In *In re Lochmiller Industries, Inc.*, 178 B.R. 241, 243 (Bankr. S.D. Cal. 1995), the Court required professionals to disgorge fees which had been awarded on an interim basis in a chapter 11 case before it had become administratively insolvent and converted to chapter 7. This case is not administratively insolvent and PLG did not ask for interim fees. PLG asked for a contingency fee award on a final basis.

In *In re United W., Inc.*, 87 B.R. 138, 141 (Bankr. D. Nev. 1988) the Court held that the Bankruptcy Code does not specify when an administrative rent claim has to be paid. In *dictum*, the Court referred to section 331 of the Bankruptcy Code which authorizes interim fees to professionals but does not mandate the timing of those payments. PLG did not ask for administrative rent or payment on an interim basis.

No one can reasonably argue that these cases provide a basis for postponing the hearing on PLG's final contingency fee application in order to buy time for Mr. Dam to assert his inequitable claim that he owns the Settlement Proceeds.

Hanson Baker ignored equitable fundamentals. Bankruptcy courts do not deprive attorneys of their fees when they rely on a court order and benefit the estate. This is true even when someone files a nonfrivolous objection to those fees. *See In re S.S. Retail Stores Corp.*, No. C 98-3794 CRB, (N.D. Cal. Apr. 29, 1999), *aff'd* 216 F.3d 882 (9th Cir. 2000) (dismissing on equitable grounds appeal of orders granting fees where the lawyers' work benefitted the estate and was

REPLY TO MOTION FOR ORDER
OF RULE 9011 SANCTIONS
AGAINST HANSON BAKER, ET AL - P a g e | **3**

performed in reliance on a Court Order even where a party raised a nonfrivolous argument that the lawyers were not disinterested).

Ms. Curtis states:

> Based on my review of legal authority, I determined that there was not adequate legal support to contest the amount requested in the Contingency Fee Application under these circumstances. I also determined that there was no authority to contest that PLG was entitled to a contingency fee under the circumstances.

Curtis Declaration, ECF No. 1113 at 2:12-15. Given that PLG was entitled to be paid $900,000 plus costs, there was no basis to postpone the hearing.

Hanson Baker tries to avoid sanctions by stating that they did not actually argue Jun Dam's frivolous claims. Response, ECF No. 1111 at 9:4-6; Curtis Declaration, ECF No. 1113 at 4:8-12. However, they did argue Jun Dam's frivolous claims. At the hearing, counsel stated, "My client still says . . . *we believe* [Mr. Dam] has equitable claims here that certain parts of the settlement agreement do not apply to him and that he can assert his individual claims." Audio, ECF No. 1075 at 10:06-10:19 (emphasis added). There is zero explanation as to how Mr. Dam has such claims. In defense, they simply repeat their naked conclusion. *See* Curtis Declaration, ECF No. 1113 at 3:21-22. ("Based on my review, I determined that challenging the release provision was not barred under existing law."). Hanson Baker has not a presented a reasonable basis for these claims. *See Matter of Scandies Rose Fishing Co. LLC*, 569 F. Supp. 3d 1082, 1088 (W.D. Wash. 2021)

REPLY TO MOTION FOR ORDER
OF RULE 9011 SANCTIONS
AGAINST HANSON BAKER, ET AL - P a g e | **4**

("Plaintiff's counsel contend that they are entitled to make an argument for the extension or modification of existing law. Their difficulty, however, is that they have not advanced one.") (*quoting WSB Elec. Co., Inc. v. Rank & File Comm. to Stop the 2-Gate Sys.*, 103 F.R.D. 417, 420 (N.D. Cal. 1984).

Mr. Cameron all but admitted his inability to properly argue the point, asking for a postponement, "honestly so we can get a better handle on what we have in front of us for our client." Audio, 9/10/24 Hearing, ECF No. 1075, starting at 10:23-10:30.

Contradicting itself, Hanson Baker also claims to have performed a reasonable inquiry, reading "48 cases" and "dozens" of documents. Curtis Declaration, ECF No. 1113 at 2:6, 3:3. Based on that inquiry, Hanson Baker had to know that Mr. Dam's claims were frivolous. *Scandies Rose Fishing*, 569 F. Supp. 3d at 1088 (stating that an attorney "had to know that these claims were not viable" and assessing sanctions).

Hanson Baker argues that the Objection was supported by fact because they submitted a declaration by Mr. Dam in which he argued that he owned the Settlement Proceeds. *See* Response, ECF No. 1011 at 9:6-9. Mr. Dam's claims are not facts.

Hanson Baker argues that if a constructive trust were imposed, then the estate would not own the Perkins settlement proceeds and therefore PLG would have no right to be paid from those proceeds. Hanson Baker continues that they

REPLY TO MOTION FOR ORDER
OF RULE 9011 SANCTIONS
AGAINST HANSON BAKER, ET AL - P a g e | 5

were only asking for more time to develop this claim. The basis for imposing a constructive trust must be established by clear, cogent, and convincing evidence. *Baker v. Leonard,* 120 Wash.2d 538, 547, 843 P.2d 1050, 1054 (1993). It generally requires a showing of fraud, misrepresentation, bad faith or overreaching. *Baker,* 120 Wash.2d at 547. There is not a shred of evidence to support any of these factors.

"When there is no evidence of fraud or wrongdoing, a constructive trust may be imposed when 'an equitable base is established by evidence of intent' that the legal title holder was not the intended beneficiary." *In re Pittman*, 540 B.R. 451, 459 (Bankr. W.D. Wash. 2015) (quoting *Baker,* 120 Wash.2d at 548, 843 P.2d 1050 (citing *Mehelich v. Mehelich,* 7 Wash.App. 545, 500 P.2d 779 (1972)). There can be no reasonable dispute that the Giga Watt estate was the intended beneficiary of the Settlement Proceeds. Perkins paid the amount to the estate pursuant to an agreement with the estate, which this Court approved *without Mr. Dam's objection*. Furthermore, Mr. Dam obtained a share of a $4.5 million fund in exchange for a release of the estate. If there would be any "unjust enrichment," it would be to allow Mr. Dam to take both shares of the bifurcated settlement. Hanson Baker's filing of the Objection to buy time for Mr. Dam to develop his asset grab is sanctionable.

REPLY TO MOTION FOR ORDER
OF RULE 9011 SANCTIONS
AGAINST HANSON BAKER, ET AL - P a g e | **6**

**B.      The Objection Was Filed for an Improper Purpose**

Rule 11, applicable hereto by Bankruptcy Rule 9011, is a certification, by the signing attorney, that it is not filed for an improper purpose. Hanson Baker violated this rule. *See Chevron, U.S.A., Inc. v. Hand*, 763 F.2d 1184, 1187 (10th Cir. 1985) ("Rule 11 directs that the sanction should fall upon the individual responsible for the filing of the offending document. In a given case this could be the attorney, the client, or both."); *Pan-P. and Low Ball Cable TV Co. v. P. Union Co.*, 987 F.2d 594, 597 (9th Cir. 1993) (citing *Chevron* for this proposition) (*Pan-P was superseded by rule on other grounds*).

"Although the term 'improper purpose' can be construed to require an improper subjective intent, this court analyzes an allegedly improper purpose under an objective standard." *Grantham Bros.*, 922 F.2d at 1443.

The Rule gives examples of an "improper purpose," "such as to harass or to cause unnecessary delay or needless increase" in costs. Bankruptcy Rule 9011. Hanson Baker filed the Objection to delay payment based on claims that are facially inequitable.

Indeed, the Objection's frivolousness raises an inference of improper purpose under the circumstances of this case. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990)

> A district court confronted with solid evidence of a
> pleading's frivolousness may in circumstances that

| | |
|---|---|
| 1 | warrant it infer that it was filed for an improper purpose. . . . . [T]he test for improper purpose is objective. |
| 2 | *Id*. at 1365 (citing *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 829 (9th Cir. |
| 3 | 1986)*, abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.,* 496 U.S. |
| 4 | 384 (1990) (*superseded by statute on other grounds*)). *See also In re Hageman*, |
| 5 | No. 6:18-AP-01081-MW, 2022 WL 2176773, at *5 (B.A.P. 9th Cir. June 13, |
| 6 | 2022), *aff'd*, No. 22-60025, 2024 WL 1636725 (9th Cir. Apr. 16, 2024) ("Although |
| 7 | the 'improper purpose' and 'frivolousness' inquiries are separate and distinct, they |
| 8 | will often overlap since evidence bearing on frivolousness or non-frivolousness |
| 9 | will often be highly probative of purpose. The standard governing both inquiries is |
| 10 | objective.") (*quoting Townsend*, 929 F.2d at 1362). |
| 11 | In *Townsend*, the court inferred that a lawsuit was vindictive by the fact that |
| 12 | the allegations were frivolous and that the defendant law firm had opposed the |
| 13 | plaintiff in other litigation. The court of appeals held that this inference was not an |
| 14 | abuse of discretion and therefore upheld the sanctions. *Townsend,* 929 F.2d at |
| 15 | 1366. |
| 16 | *Townsend* applies here. The Objection was frivolous and PLG, as Trustee's |
| 17 | counsel, has contested Mr. Dam's litigation in this case, including the TNT |
| 18 | facility, the ML Equipment and the Trustee's claims against Perkins. Trustee's |
| 19 | counsel also obtained a stay and injunction against the Class Action over Mr. |
| 20 | Dam's objections. These circumstances raise a strong inference of vindictiveness. |

REPLY TO MOTION FOR ORDER
OF RULE 9011 SANCTIONS
AGAINST HANSON BAKER, ET AL - P a g e | **8**

There is other evidence of vindictiveness. The Response begins with pages of narrative attacking the Trustee's counsel as if that were relevant to whether the Objection violated Rule 9011.

Finally, Hanson Baker had to know that Mr. Dam was and is acting with an improper purpose. Ms. Curtis, the person who signed the Objection, is a highly intelligent and accomplished individual, graduating *magna cum laude* from law school and clerking for the Washington Supreme Court and the Utah Supreme Court. *See* Hanson Baker website, https://hansonbaker.com/our-attorneys/lacee-l-curtis/ (accessed on 10/6/2024). Further, Mr. Cameron is a bankruptcy specialist. His website bio states:

> In bankruptcy and insolvency situations, it will be crucial to take prompt action in order to preserve the full value of assets. A significant portion of my practice is devoted to helping creditors advance their interests and realize the value of their security interests before significant asset diminution has occurred."

Hanson Baker website, https://hansonbaker.com/our-attorneys/douglas-r-cameron/ (accessed 10/6/2024). Best Lawyers in America® has recognized him regarding Bankruptcy and Creditor Debtor Rights for 2021 through 2025. He was selected to "Washington Rising Stars," in 2017 through 2020. *Id.*

Mr. Curtis states in her declaration:

> I also reviewed dozens of pleadings and other documents related to the factual background of this matter prior to filing the Objection. . . . I focused on the most important ones for the Objection and representation of Mr. Dam, including employment applications and orders related to

REPLY TO MOTION FOR ORDER
OF RULE 9011 SANCTIONS
AGAINST HANSON BAKER, ET AL - P a g e | **9**

> PLG's work in the bankruptcy case and for the Contingency Fee Application, as well as Mr. Dam's previous filings, which he made pro se.

Curtis Declaration, ECF No. 1113 at 3:3-9. Ms. Curtis' declaration continues:

> I also reviewed related pleadings in the Perkins Adversary Proceeding and class action matter. Among other things, I reviewed the complaints and the settlement agreements. Upon discovering the release provision in the class action settlement agreement, I spoke with Mr. Dam about how he intended to overcome that provision. I also did some preliminary legal research (discussed above) into whether his intended arguments were supported by existing law or could be supported by the extension or establishment of new law.

Curtis Declaration, ECF No. 1113 at 3:15-20. Based on this review Hanson Baker knew or should have known that the Objection was the latest step in a bright, long pattern of harassing this estate and its professionals. *Scandies Rose Fishing*, 569 F. Supp. 3d at 1088 (stating that an attorney "had to know that these claims were not viable" and assessing sanctions).

### C. **Hanson Baker Has Not Corrected the Problem**

Hanson Baker's withdrawal does not solve the problem.

> Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates Rule 11 merits sanctions even after a dismissal. Moreover, the imposition of such sanctions on abusive litigants is useful to deter such misconduct. If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to "stop, think and

investigate more carefully before serving and filing papers."
*Cooter & Gell*, 496 U.S. at 398 (*superseded by statute on other grounds*) (*quoting* Amendments to Federal Rules of Civil Procedure, 97 F.R.D. 165, 192 (1983) (Letter from Judge Walter Mansfield, Chairman, Advisory Committee on Civil Rules) (Mar. 9, 1982)). This reasoning applies here. If Hanson Baker could avoid sanctions simply by withdrawing, then it would lose all incentive to "stop, think and investigate more carefully before serving and filing papers." It could file a frivolous objection and then withdraw.

Furthermore, the damage is done. Since the Objection was overruled, Mr. Dam has filed a frivolous appeal (ECF No. 1088), a frivolous motion to stay payment to PLG pending appeal (ECF No. 1089), and a frivolous motion for reconsideration (ECF No. 1109). Hanson Baker teed up this fourth round of vexatious litigation for Mr. Dam. They should suffer the consequences, just as the estate, PLG and now both the bankruptcy court and the district court have to suffer the consequences.

**D.     Hanson Baker Is Receiving Due Process**

Hanson Baker complains about the timing of the motion for sanctions. However, Rule 9011 allows the Court to adjust the time of the filing of the motion. Rule 9011(a)(1)(C). The Motion was filed on September 6, 2024. A response was not due until October 3, 2024. This has provided Hanson Baker ample time to reconsider its approach in this case. Instead, it has doubled down, making frivolous

REPLY TO MOTION FOR ORDER
OF RULE 9011 SANCTIONS
AGAINST HANSON BAKER, ET AL - P a g e | **11**

arguments and echoing Mr. Dam's vitriol. A separate hearing on the amount of attorneys fees or other sanction can be held. This provides sufficient and adequate process.[1]

### III. CONCLUSION

Hanson Baker opened the gate and escorted Mr. Dam into court on claims that are frivolous and vindictive. The estate, the Trustee, PLG, this Court and the District Court are now burdened with frivolous motions and a frivolous appeal all triggered by Hanson Baker's failure to fulfill its role as gatekeeper. Rather than admit its mistake, it has gone on the attack demonstrating a lack of insight regarding its conduct. Sanctioning Hanson Baker is necessary to deter and curb both Hanson Baker and any other attorneys from engaging in these abusive litigation tactics.

WHEREFORE, PLG requests that the Court grant the Motion, impose an appropriate sanction against Hanson Baker, and grant such other and further relief as the Court deems appropriate and just.

Dated: October 7, 2024          POTOMAC LAW GROUP PLLC

By:  /s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

---

[1] PLG will not respond to Hanson Baker's *ad hominem* arguments unless asked to do so by the Court.

REPLY TO MOTION FOR ORDER
OF RULE 9011 SANCTIONS
AGAINST HANSON BAKER, ET AL - P a g e | **12**