**So Ordered.**

**Dated: October 7th, 2024**



Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197-FPC7 |
| GIGA WATT INC., | **ORDER DENYING MOTION FOR RECONSIDERATION AND RULE 59(e) MOTION TO AMEND OR ALTER JUDGMENT** |
| Debtor. | |

THIS MATTER came before the Court on Mr. Jun Dam's pro se motion captioned "Motion for Reconsideration of Order Granting Final Application for Compensation of Services Rendered" ("Motion") (ECF No. 1109).

Based upon a thorough review of the record, and the Court's familiarity with this matter as the result of previous hearings, the Court is fully advised in the premises, and finds:

1.      On October 4, 2023, the Court entered an order approving several settlement agreements[1] ("Settlement Agreement Order") (ECF No. 1031), that settled four separate cases and three appeals. One settlement agreement allocated

---

[1] The District Court also approved the settlement agreements. *See* EDWA District Court Case No. 20-cv-00464-SAB, ECF No. 83.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

$3 million to the estate (ECF No. 1011-1), and a second settlement agreement allocated $4.5 million to a class of Token Holders (the "Token Holder Settlement Agreement") (ECF No. 1011-2). Mr. Dam was a member of the class, and a party to the Token Holder Settlement Agreement.

2. On September 17, 2024, the Court entered an Order Granting Compensation for Services Rendered and Reimbursement of Expenses for Potomac Law Group, PLLC ("Fee Order"). (ECF No. 1079)

3. Mr. Dam filed the Motion on October 3, 2024. (ECF No. 1109) In the Motion's title and arguments, Mr. Dam consistently refers to the Motion as a "Motion for Reconsideration" of the Fee Order. The Motion alleges that the Fee Order:

> is based on conclusions of law that were not fully contested in the original hearing. My counsel did not adequately represent my interests during the hearing, and key arguments related to claim preclusion, issue preclusion, the reasonableness of the compensation and the enforceability of the settlement agreement were not fully articulated.

(ECF No. 1109 at p.2)

4. Local Bankruptcy Rule 9013-1(e) requires that a motion for reconsideration "shall be filed and served within 14 days after entry of the judgment or order." Fourteen days from September 17, 2024, is October 1, 2024. Mr. Dam's Motion is untimely.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

5.    Nevertheless, the Court will address Mr. Dam's arguments to demonstrate that even if Mr. Dam had filed his Motion in a timely manner, the Motion should be denied.

6.    Motions for reconsideration are not granted absent "highly unusual circumstances," such as: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or made an initial decision that was manifestly unjust; or (3) an intervening change in controlling law applies. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

7.    Mr. Dam argues: (1) the Court committed a clear legal error in finding claim preclusion and issue preclusion prevented Mr. Dam's argument that he had an equitable right to the $3 million estate recovery because the two settlements were separate agreements; (2) the reasonableness of Potomac Law Group's compensation was not adequately contested due to Mr. Dam's former counsel's failure to present critical arguments that the estate lacked standing to pursue the claims and the Fee Order unjustly enriched the Potomac Law Group; and (3) significant issues of enforceability of the settlement agreement were not fully addressed.

8.    Mr. Dam does not raise any new evidence to support his contentions, nor does he present any intervening change in controlling law. Instead, Mr. Dam

asserts the court's Fee Order was the product of clear legal error and/or manifestly unjust. However, each argument presented was previously considered and adjudicated.

9.      First, regarding claim and issue preclusion, Mr. Dam claims he was not a direct party to the $3 million settlement between the estate and Perkins Coie and therefore he did not forfeit any claims. Mr. Dam asserts that the issue of the estate's standing to pursue the claims related to escrowed funds was never fully adjudicated.

10.      Mr. Dam incorrectly characterizes the Settlement Agreement Order and the history of this case. The Court entered a Memorandum Opinion and Order Regarding Stay and Motion for Order to Show Cause ("Memorandum Order") (ECF No. 921) on September 26, 2021. In the Memorandum Order, the Court explained why particular claims belonged to the estate rather than to the class. Mr. Dam appealed the Memorandum Order (ECF No. 922), but the parties stipulated to voluntary dismissal upon reaching settlement, and the District Court dismissed the appeal.[2] As a result, the estate's standing to assert certain claims and recoup related settlement funds were fully adjudicated. Mr. Dam presents no new evidence or clear legal error to support reconsideration.

_____

[2] *See Dam v. Waldron*, EDWA Case No. 2:21-CV-00291-SAB, (ECF No. 66).

ORDER DENYING MOTION FOR RECONSIDERATION - 4

11.     Additionally, the Settlement Agreement Order sets forth a finding of fact that the Token Holder Settlement Agreement settled six separate cases, of which Mr. Dam was a party in interest to at least three (ECF No. 1031, p. 4). Mr. Dam failed to appeal the Settlement Agreement Order.

12.     Furthermore, Mr. Dam is a "Releasing Party" under the Token Holder Settlement Agreement. As a Releasing Party, Mr. Dam agreed to release, waive, forfeit, and be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum. (ECF No. 1052-1 at p. 27) The Token Holder Settlement Agreement defined a "Released Claim" as

> any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Parties, including damages, costs, expenses, penalties, equitable relief, injunctions and attorneys' fees, known or unknown, suspected or unsuspected, in law or in equity, that arise from or relate to the facts giving rise to this Action.

(ECF No. 1052-1 at p.12).

13.     The estate's recovery of $3 million in settlement from Perkins Coie for improperly releasing the escrowed funds is a Released Claim within the parameters of the Token Holder Settlement Agreement's terms. The $3 million estate settlement arises out of the same facts as the $4.5 million class settlement; the estate claims were rightfully pursued by the trustee as adjudicated in the Memorandum Order. Additionally, the Court's Settlement Order also found the

ORDER DENYING MOTION FOR RECONSIDERATION - 5

Token Holder Settlement Agreement encompassed six related cases and appeals, including cases to which Mr. Dam was a party. Mr. Dam failed to establish that his present claim to the estate's $3 million settlement funds was not a Released Claim.

14.    Therefore, the Court did not commit a clear legal error by applying claim and issue preclusion to Mr. Dam's recent attempts to re-litigate his argument that the estate had no standing to assert claims related to the escrowed funds.

15.    Second, regarding reasonableness of compensation, Mr. Dam argues his former counsel failed to present critical arguments related to unjust enrichment because the trustee's counsel was based on "unproductive and erroneous efforts, particularly the estate's improper assertion of claims that did not belong to it." (ECF No. 1109 at p.4) This argument has been rejected and is not grounds for reconsideration, as it presents no new evidence, intervening controlling law, or demonstrates the Court made clear legal error.

16.    Finally, regarding enforceability, Mr. Dam argues that because he was not a party to the settlement agreement between the estate and Perkins Coie, he is not barred from asserting claims against the estate's $3 million settlement proceeds. Mr. Dam relies on contract principles (privity, consideration, and enforceability) to demonstrate he is not barred from asserting a "constructive trust" claim against the $3 million settlement.

17.     Mr. Dam is incorrect. He was a Releasing Party under the Token Holders Settlement Agreement. Accordingly, Mr. Dam agreed to release, waive, forfeit, and be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum. Mr. Dam has failed to establish that the $3 million settlement obtained by the trustee in settling the escrowed funds claims does not meet the definition of a Released Claim in Token Holder Settlement Agreement.

18.     Mr. Dam argues he is entitled to relief under Civil Rule 59(e), applied to bankruptcy proceedings through Bankruptcy Rule 9023. Rule 59(e) authorizes motions to "alter or amend a judgment" within 28 days of the judgment.

19.     A motion under Rule 59(e) "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

20.     Every argument raised in the Motion was either already raised or could have reasonably been raised earlier in the litigation.

21.     In sum, the Motion presents no evidence of "manifest injustice," no clear error of law or fact, no newly discovered evidence that could not have been presented to the Court earlier, nor an intervening change in law that would apply to this case.

THEREFORE, based on the foregoing it is ordered that:

ORDER DENYING MOTION FOR RECONSIDERATION - 7

The Motion (ECF No. 1109) is **<u>DENIED</u>**.

///End of Order///