UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

Case No. 18-03197-FPC

**APPELLANT'S DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL**

**Appellate Case No: 24-cv-00334-SAB (E.D. Wash.)**

Jun Dam (*Pro Se*)  
5432 Geary Blvd #535  
San Francisco, CA 94121  
Phone: (415) 748-1113  
Email: jundam@hotmail.com

The Honorable Frederick P. Corbit  
Chapter 7

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT INC.,

Debtor

Case No. 18-03197-FPC

**APPELLANT'S DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL**

**Appellate Case No: 24-cv-00334-SAB (E.D. Wash.)**

**Bankruptcy Court Orders Appealed:**

- ECF No. 1079: Order Granting Final Application for Compensation of Services Rendered and Reimbursement of Expenses
- Related Filings: Motion for Reconsideration (ECF No. 1109), Motion for Stay Pending Appeal (ECF No. 1089)

**Statement of Issues and Designation of Record**

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, Appellant Jun Dam, proceeding pro se, hereby submits this Statement of Issues and Designation of Record on Appeal

to the United States District Court for the Eastern District of Washington. This appeal arises from the following order of the United States Bankruptcy Court for the Eastern District of Washington:

1. Order Granting Compensation for Services Rendered and Reimbursement of Expenses (ECF No. 1079) entered in Bankruptcy Case No. 18-03197-FPC7 by the Honorable Frederick P. Corbit, United States Bankruptcy Judge, on September 17, 2024.

**I. STATEMENT OF ISSUES ON APPEAL**

**1. Whether the bankruptcy court erred by approving a $900,000 contingency fee award to Potomac Law Group despite the lack of standing of the bankruptcy estate to assert claims related to the $3 million settlement from Perkins Coie.**

The appellant argues that the bankruptcy estate lacked standing to assert claims related to the $3 million settlement because the causes of action rightly belonged to the class-action token holders, not the estate. Therefore, awarding attorney's fees for actions that wrongfully benefited the estate constitutes unjust enrichment and was improper under applicable law.

**2. Whether the bankruptcy court improperly applied claim preclusion and issue preclusion doctrines to bar the appellant's objections and claims, including those related to the standing of the estate and the allocation of settlement funds.**

The appellant contends that the bankruptcy court improperly barred his objections to the allocation of the $3 million settlement based on claim and issue preclusion. The specific issue of the estate's entitlement to the settlement funds was never fully litigated, and the doctrines were applied in error.

**3. Whether the bankruptcy court erred by finding that the $900,000 attorney's fee awarded to Potomac Law Group was reasonable under 11 U.S.C. § 330 given the unproductive and erroneous legal actions pursued by the bankruptcy estate.**

Appellant asserts that the legal work performed by Potomac Law Group was based on unproductive efforts and erroneous claims, particularly because the $3 million settlement should have gone to the class-action token holders, not the estate. Therefore, the award of $900,000 in fees was neither reasonable nor necessary under the circumstances.

**4. Whether the bankruptcy court erred in concluding that either the settlement agreement between the class-action and Perkins Coie or the settlement agreement between the bankruptcy estate and Perkins Coie barred the appellant from asserting his claims to the $3 million bankruptcy settlement, particularly given that neither the bankruptcy estate nor the appellant were parties to the other settlement agreements, and neither received any consideration.**

The appellant argues that the bankruptcy estate was not a party to the settlement agreement between the class-action and Perkins Coie, nor was the appellant a party to the separate settlement agreement between the bankruptcy estate and Perkins Coie. Therefore, the release provisions are unenforceable due to the lack of privity. Additionally, neither the estate nor the appellant received any consideration for the release of claims, which is a critical element for a valid contract. As a result, the agreement does not preclude the appellant from pursuing his equitable claims to the settlement funds.

Appellant reserves the right to amend this Statement of Issues on Appeal to include any additional issues that may arise following the bankruptcy court's rulings on the pending Motion for Reconsideration (ECF 1109) and Motion for Stay Pending Appeal (ECF 1089). Should the bankruptcy court deny these motions, Appellant anticipates adding additional issues concerning the denial of the motions and any resulting legal errors.

## II. DESIGNATION OF RECORDS ON APPEAL

| Filing Date | ECF # | Docket Text |
|---|---|---|
| 10/3/2024 | 1109 | MOTION to Reconsider (RE: Order Awarding Compensation for Services Rendered). Filed by Jun Dam. |
| 09/27/2024 | 1094 | STATUS Report to Appellate Court Regarding Payment of Appeal Filing Fee. |
| 09/26/2024 | 1093 | CASE Number from Appellate Court. |
| 09/26/2024 | 1092 | CERTIFICATE of Service. Filed by Cassandra Rehn. |
| 09/26/2024 | 1091 | APPEAL Transmittal to District Court. |
| 09/26/2024 | 1090 | NOTICE of Fees Due. Filed by Jun Dam. |
| 09/26/2024 | 1089 | MOTION to Stay Order Pending Appeal. |
| 09/26/2024 | 1088 | NOTICE of Appeal and Statement of Election. |
| 09/17/2024 | 1079 | ORDER Granting Compensation for Services Rendered and Reimbursement of Expenses. |
| 08/27/2024 | 1054 | DECLARATION of Mark D. Waldron in Support of PLG's Reply to J. Dam's Objection. |
| 08/27/2024 | 1053 | DECLARATION of Pamela M. Egan in Support of PLG's Reply to J. Dam's Objection. |
| 08/27/2024 | 1052 | REPLY signed by Pamela M. Egan (RE: Objection). |

| 08/23/2024 | 1051 | OBJECTION RE: Order Awarding Compensation for Services Rendered. |

| 08/22/2024 | 1049 | DECLARATION in Support of Objection to Contingency Fee Application signed by Jun Dam. |

| 08/22/2024 | 1048 | OBJECTION RE: Application for Award of Compensation. |

| 07/26/2024 | 1045 | NOTICE of Hearing for Application for Award of Compensation. |

| 07/26/2024 | 1044 | FINAL APPLICATION for Award of Compensation for Services Rendered. |

Respectfully submitted,

Dated this 7th day of October, 2024

Jun Dam (*Pro Se*)
5432 Geary Blvd #535
San Francisco, CA 94108
Phone: (415) 748-1113
Email: jundam@hotmail.com