**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

In re:
Giga Watt, Inc.,
Debtor.
Case No. 18-03197 FPC 7

**OBJECTION: TO CHAPTER 7 TRUSTEE'S
SECOND OMNIBUS OBJECTION
TO CLAIMS (RELEASED)**

TO: THE HONORABLE JUDGE OF THE UNITED STATES BANKRUPTCY COURT: **Frederick P. Corbit**

COMES NOW, Michael Detrinidad, by and through self, and hereby files this Objection to SECOND OMNIBUS and in support thereof respectfully states the following:

I. Introduction

1. Michael Detrinidad objects to the purported enforcement of any "release" or agreement between Michael Detrinidad and the bankruptcy estate (the "Estate"), Giga Watt, Inc. (the "Debtor"), or the Trustee, on the grounds that no enforceable agreement or contractual obligation exists between the parties as alleged.

2. The "release" referenced in this matter stems from a settlement agreement reached solely with Perkins Coie, LLP (the "Settlement Agreement"), and does not involve or bind the Trustee, Giga Watt, Inc., or the Estate. As a result, any attempt to enforce such a release against Michael Detrinidad is without legal basis.

II. Grounds for Objection

1. **Lack of Privity of Contract Between the Trustee/Giga Watt/Estate and Michael Detrinidad**
   The Settlement Agreement, which purportedly forms the basis for the release, was entered into exclusively between Michael Detrinidad and Perkins Coie. Neither the Trustee, the Debtor, nor the Estate were parties to this contract. It is a fundamental principle of contract law that obligations under a contract cannot be imposed on a third party who is not a signatory or otherwise in privity with the contracting parties. Consequently, the Trustee, Giga Watt, and the Estate cannot assert rights or obligations under a contract to which they were not parties.

2. **No Contract or Consideration with Trustee/Giga Watt/Estate**
   An enforceable contract requires the exchange of consideration between the parties. In this case, no consideration was provided by the Trustee, Giga Watt, or the Estate to [Your Name or Your Client's Name] in connection with the Settlement Agreement. Without consideration or any mutual exchange of obligations, there can be no enforceable contract between Michael Detrinidad and the Trustee, Giga Watt, or the Estate.

3. **Trustee/Giga Watt/Estate Was Not a Third-Party Beneficiary**

Under contract law, a third party may enforce a contract only if it is an intended beneficiary. Here, there is no evidence to suggest that the Trustee, Giga Watt, or the Estate was an intended third-party beneficiary of the Settlement Agreement between Michael Detrinidad and Perkins Coie. The mere fact that a release was included in the settlement does not make these parties intended beneficiaries, and no language in the Settlement Agreement expressly grants such rights to them. Therefore, the Trustee, Giga Watt, and the Estate cannot claim any benefit from the release.

III. Conclusion

For the foregoing reasons, Michael Detrinidad respectfully requests that the Court deny any motion or pleading seeking to enforce the release as it pertains to the Trustee, Giga Watt, or the Estate, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

*Michael Detrinidad*

Verified by pdfFiller
10/17/2024

Michael Detrinidad
726 Balsam Dr.
Newman, Ca 95360
408-616-0100
mdetrini@icloud.com

Dated: Oct 17, 2024