So Ordered.

Dated: October 17th, 2024



Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT INC.,<br><br>                Debtor. | Case No. 18-03197-FPC7<br><br>**ORDER DENYING MOTION FOR SANCTIONS AGAINST HANSON BAKER LUDLOW DRUMHELLER, P.S., LACEE L. CURTIS AND DOUGLAS R. CAMERON** |

THIS MATTER came before the Court on the motion of the Potomac Law Group, PLLC ("Potomac Law") for sanctions against the law firm Hanson Baker Ludlow Drumheller, P.S., and attorneys Lacee L. Curtis and Douglas R. Cameron (collectively "Hanson Baker"), pursuant to Bankruptcy Rule 9011 ("Sanctions Motion") (ECF No. 1061).

The hearing on the Sanctions Motion was held on October 8, 2024, and was attended by Pamela Egan on behalf of Potomac Law and Douglas Cameron on behalf of Hanson Baker. The Court considered the arguments, record, pleadings, and related filings, including Hanson Baker's Objection to the Motion (ECF No. 1111) and Potomac Law's Reply to Objection (ECF No. 1118) and finds:

ORDER DENYING MOTION FOR SANCTIONS - 1

1. An abbreviated statement of facts are necessary to provide background. Jun Dam purchased "tokens" from Giga Watt and on the secondary market. During the bankruptcy case, the trustee sued Perkins Coie for improperly releasing escrowed funds. Jun Dam was the nominal plaintiff in a putative class action against Perkins Coie based on the same acts related to the escrowed funds. The trustee sued Perkins Coie on behalf of the Giga Watt estate. Eventually, the trustee and the class reached a bifurcated settlement agreement where Perkins Coie paid $4.5 million to the class and $3 million to the estate. Under the settlement agreement, class members could opt out or object, and Mr. Dam did neither. As a result, Mr. Dam was a "releasing party" under the settlement agreement, which meant he released all actions or claims "that arise from or are related to the facts giving rise to" the lawsuit against Perkins Coie.

2. On July 26, 2024, Potomac Law filed a final application for an award of compensation for services provided as special litigation counsel to the chapter 7 trustee. (ECF No. 1044). Potomac Law requested an award of $901,648.15, representing a one-third award of the $3 million Perkins adversary lawsuit settlement, pursuant to Potomac Law's approved employment application fee structure.

3. On August 22, 2024, Hanson Baker filed a notice of appearance as representative of Jun Dam. (ECF No. 1047)

ORDER DENYING MOTION FOR SANCTIONS - 2

4. On behalf of Mr. Dam, Hanson Baker filed an objection to Potomac Law's contingency fee application, Mr. Dam's declaration in support of the objection, and a proposed order denying the fee application. (ECF Nos. 1048, 1049). The objection requested the Court "reserve ruling" on the contingency fee application or disbursing any of the settlement funds to Potomac Law "until the adjudication of [Jun Dam's] claims is complete." (ECF No. 1048 at p. 2)

5. Mr. Dam objected to disbursing funds from the estate's settlement because he intended to file a motion arguing the class had an equitable right to a constructive trust over the $3 million estate settlement proceeds.

6. On September 10, 2024, the Court held a hearing on Potomac Law's fee application.

7. On September 12, 2024, Douglas Cameron filed a motion to withdraw as Jun Dam's attorney, with Mr. Dam's consent. (ECF No. 1076). The motion to withdraw was filed six days after the Sanctions Motion.

8. On September 17, 2024, the Court entered an order awarding the full fee requested by Potomac Law. (ECF No. 1079)

9. Potomac Law, representing the Chapter 7 trustee, filed motions for sanctions against every party that objected to the fee application: (i) motion for sanctions against Jun Dam (ECF No. 1056); (ii) motion for sanctions against

ORDER DENYING MOTION FOR SANCTIONS - 3

Hanson Baker (ECF No. 1061); and (iii) motion for sanctions against John T. Winslow (ECF No. 1065).

10. The Sanctions Motion asserts that Hanson Baker failed to conduct a reasonable inquiry before filing the objection to the fee application.

11. Additionally, Potomac Law asserts Hanson Baker's objection on behalf of Mr. Dam constitutes frivolous and vindictive litigation:

> Hanson Baker abdicated their role as gatekeepers, parroting baseless claims, enabling vexatious litigation, and generally turning equity on its head by trying to allow Mr. Dam not only to deprive [Potomac Law] of its fees, but to unjustly enrich Mr. Dam by helping him grab the estate's share of the bifurcated settlement with Perkins.

(ECF No. 1118 at p. 1). Potomac Law argues that sanctions are necessary to deter further attacks on the estate and to preserve judicial integrity.

12. Hanson Baker responded that the objection to the fee application does not support a motion for sanctions because: (i) Hanson Baker conducted a reasonable inquiry in the four business days that existed before the filing was due; (ii) the filed objection merely requested the Court delay ruling on the award and thus cannot support 9011 sanctions which require an improper purpose; (iii) Hanson Baker quickly moved to withdraw from representing Mr. Dam; and (iv) a single filing of a motion cannot support a "pattern of violations" as required to impose Rule 9011 sanctions.

13. Both Potomac Law and Hanson Baker request attorney fees and costs.

ORDER DENYING MOTION FOR SANCTIONS - 4

18-03197-FPC7    Doc 1131    Filed 10/17/24    Entered 10/17/24 16:23:05    Pg 4 of 6

14. Under Fed. R. Bankr. P. 9011(c),

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

15. To substantiate an imposition of sanctions, the offending party's conduct must arise to "something more egregious than mere negligence or recklessness." *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1996 (9th Cir. 2003). A finding of sanctions "must be supported by a finding of subjective bad faith." *In re Keegan Mgmt Co., Securities Litigation*, 78 F.3d 431, 436 (9th Cir. 1996).

16. The trustee failed to establish that Hanson Baker acted in bad faith or presented arguments for an improper purpose. In the four business days Hanson Baker had to prepare, Hanson Baker made reasonable inquiries into whether Mr. Dam had any viable legal arguments. The Declaration of Lacee L. Curtis (ECF No. 1113) states that she reviewed 48 cases on Westlaw and determined precedential legal authority existed to support a request that the Court reserve ruling. Hanson Baker did not assert any of Mr. Dam's purported equitable claims, nor did Hanson Baker request the Court to deny any fees owed to Potomac Law.

ORDER DENYING MOTION FOR SANCTIONS - 5

17. Furthermore, Bankruptcy Rule 9011(c)(2) provides sanctions "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."

18. Hanson Baker quickly moved to withdraw from representing Mr. Dam, which the Court granted. Because Hanson Baker no longer represents Mr. Dam, any threat of repetitive conduct by Hanson Baker is now nonexistent.

19. Finally, Hanson Baker acted within the "safe harbor" provision of Bankruptcy Rule 9011(c)(1)(A), which provides:

> (1) *How Initiated.*
> (A) . . . The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . .

THEREFORE, based on the foregoing it is ordered that:

The Sanctions Motion (ECF No. 1061) is **DENIED**.

///End of Order///

ORDER DENYING MOTION FOR SANCTIONS - 6