| | |
|---|---|
| In re: | Case No. 18-03197-FPC |
| GIGA WATT INC | Chapter 7 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0980-2 | User: notice | Page 1 of 4 |
| Date Rcvd: Oct 16, 2024 | Form ID: pdf002 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 18, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| cr | + Jun Dam, 5432 Geary Blvd #535, San Francisco, CA 94121-2307 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 18, 2024            Signature:    /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 16, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Adam C. Doupe | on behalf of Interested Party Allrise Financial Group adoupe@buchalter.com mbrandt@buchalter.com |
| Angie Lee | on behalf of Creditor Washington State Taxing Agencies bculee@atg.wa.gov |
| Benjamin A Ellison | on behalf of Creditor Committee Unsecured Creditors' Committee salishsealegal@outlook.com |
| Benjamin J McDonnell | on behalf of Defendant Enterprise Focus Inc. ben@pyklawyers.com, shanson@pyklawyers.com |
| Benjamin J McDonnell | on behalf of Creditor Clever Capital LLC ben@pyklawyers.com, shanson@pyklawyers.com |
| Benjamin J McDonnell | on behalf of Defendant Clever Capital LLC ben@pyklawyers.com, shanson@pyklawyers.com |

Benjamin J McDonnell
    on behalf of Creditor David M Carlson ben@pyklawyers.com shanson@pyklawyers.com

Benjamin J McDonnell
    on behalf of Defendant David M. Carlson and Jane Doe 1 ben@pyklawyers.com shanson@pyklawyers.com

Christopher F Ries
    on behalf of Creditor Neppel Electrical & Controls LLC , diana@rieslawfirm.com;cdg@rieslawfirm.com;carrie@rieslawfirm.com

Danial D Pharris
    on behalf of Creditor NC Machinery Co. pharris@lasher.com luksetich@lasher.com

Daniel William Short
    on behalf of Creditor Douglas County PUD dan.short@painehamblen.com sheila.espinoza@painehamblen.com

David A Kazemba
    on behalf of Creditor MLDC1 LLC dkazemba@overcastlaw.com, kera@overcastlaw.com,debbie@overcastlaw.com,jose@overcastlaw.com,dusty@overcastlaw.com

David A Kazemba
    on behalf of Creditor Giga Plex LLC dkazemba@overcastlaw.com, kera@overcastlaw.com,debbie@overcastlaw.com,jose@overcastlaw.com,dusty@overcastlaw.com

David R Law
    on behalf of Creditor Port of Douglas County david@dadkp.com amy@dadkp.com

Dennis J. McGlothin
    on behalf of Defendant Jun Dam docs@westwalaw.com

Dominique R Scalia
    on behalf of Interested Party Unsecured Creditors Committee of Giga Watt Inc. dscalia@lawdbs.com paralegal@lawdbs.com;jsmith@lawdbs.com

Dominique R Scalia
    on behalf of Attorney DBS Law dscalia@lawdbs.com paralegal@lawdbs.com;jsmith@lawdbs.com

Donald A Boyd
    on behalf of Defendant Andrey Kuzenny dboyd@hummerboyd.com kvoelker@hummerboyd.com

Douglas A. Hofmann
    on behalf of Creditor Refael Sofair dhofmann@williamskastner.com tdondero@williamskastner.com

Douglas R Cameron
    on behalf of Respondent Hanson Baker Ludlow Drumheller P.S. dcameron@hansonbaker.com, hwatson@hansonbaker.com

Gary W Dyer
    on behalf of U.S. Trustee US Trustee Gary.W.Dyer@usdoj.gov

Gretchen J. Hoog
    on behalf of Attorney Emerald City Statewide LLC hoog@ryanlaw.com dhutchings@corrdowns.com

James D Perkins
    on behalf of U.S. Trustee US Trustee james.perkins@usdoj.gov

Jason T Piskel
    on behalf of Defendant Enterprise Focus Inc. jpiskel@pyklawyers.com, ephelps@pyklawyers.com

Jason T Piskel
    on behalf of Creditor David M Carlson jpiskel@pyklawyers.com ephelps@pyklawyers.com

Jason T Piskel
    on behalf of Defendant David M. Carlson and Jane Doe 1 jpiskel@pyklawyers.com ephelps@pyklawyers.com

Jason T Piskel
    on behalf of Defendant Clever Capital LLC jpiskel@pyklawyers.com, ephelps@pyklawyers.com

Jason T Piskel
    on behalf of Creditor Clever Capital LLC jpiskel@pyklawyers.com, ephelps@pyklawyers.com

Jofrey M McWilliam
    on behalf of Defendant Perkins Coie LLP jmcwilliam@byrneskeller.com jmcwilliam@byrneskeller.com, jbenson@byrneskeller.com,lsweetser@byrneskeller.com,docket@byrneskeller.com

Jofrey M McWilliam
    on behalf of Defendant Lowell Ness jmcwilliam@byrneskeller.com jbenson@byrneskeller.com,lsweetser@byrneskeller.com,docket@byrneskeller.com

John Knox
    on behalf of Creditor Refael Sofair jknox@williamskastner.com rnelson@williamskastner.com

John D Munding
    on behalf of Defendant Lowell Ness John@Mundinglaw.com Karenchpt7@gmail.com

| | |
|---|---|
| John D Munding | on behalf of Defendant Perkins Coie LLP John@Mundinglaw.com Karenchpt7@gmail.com |
| Joseph A.G. Sakay | on behalf of Interested Party Allrise Financial Group jsakay@buchalter.com pjolley@buchalter.com,cdaniel@buchalter.com |
| Mark Waldron | trustee@mwaldronlaw.com mark@mwaldronlaw.com |
| Pamela Marie Egan | on behalf of Defendant The Potomac Law Group a Washington DC Limited Liability Partnership pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Other Professional Potomac Law Group PLLC pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Attorney Potomac Law Group PLLC pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Defendant Mark D. Waldron pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Plaintiff Mark D. Waldron pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Defendant Pamela M Eagan pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Plaintiff Mark Waldron pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Trustee Mark Waldron pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Defendant GIGA WATT INC pegan@potomaclaw.com |
| Quentin D Batjer | on behalf of Creditor Port of Douglas County quentin@dadkp.com quentin@dadkp.com |
| Ralph E Cromwell, Jr | on behalf of Witness Perkins Coie LLP rcromwell@byrneskeller.com ssandusky@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com |
| Ralph E Cromwell, Jr | on behalf of Defendant Lowell Ness rcromwell@byrneskeller.com ssandusky@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com |
| Ralph E Cromwell, Jr | on behalf of Defendant Perkins Coie LLP rcromwell@byrneskeller.com ssandusky@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com |
| Reid G Johnson | on behalf of Defendant Timur Usmanov rjohnson@lukins.com |
| Roberto H Castro | on behalf of Interested Party Nathan Welling rcastro@rcastrolaw.com castro.ava@gmail.com |
| Scott B Henrie | on behalf of Creditor Refael Sofair scott@scotthenrie.com DLevitin@williamskastner.Com |
| Scott R. Smith | on behalf of Creditor Douglas County PUD srs@painehamblen.com |
| Shauna S Brennan | on behalf of Creditor ECO Diversified Holdings Inc. sbrennan@outsidegeneralcounsel.com, admin@outsidegeneralcounsel.com |
| Tara J. Schleicher | on behalf of Interested Party EcoChain Inc. tara.schleicher@foster.com, kim.fergin@foster.com,estela.acosta@foster.com,ellie.bulin@foster.com |
| Timothy G. Blood | on behalf of Defendant Jun Dam tblood@bholaw.com efile@bholaw.com;toreardon@bholaw.com;lhurst@bholaw.com |
| Timothy G. Blood | on behalf of Creditor Refael Sofair tblood@bholaw.com efile@bholaw.com;toreardon@bholaw.com;lhurst@bholaw.com |
| US Trustee | USTP.REGION18.SP.ECF@usdoj.gov |
| Vanessa Pierce | on behalf of Creditor David M Carlson vprollins@gmail.com |
| Vanessa Pierce | |

on behalf of Creditor Clever Capital LLC vprollins@gmail.com

TOTAL: 59

So Ordered.

Dated: October 16th, 2024



Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT INC.,<br><br>Debtor. | Case No. 18-03197-FPC11<br><br>**ORDER DENYING MOTION FOR STAY PENDING APPEAL** |

THIS MATTER came before the Court on creditor Jun Dam's Motion for Stay Pending Appeal (the "Motion") (ECF No. 1089). After reviewing the Motion and the record, the Court finds:

1. On July 26, 2024, Potomac Law Group, Special Litigation Counsel to the Chapter 7 Trustee, filed an Application for Award of Compensation for Services Rendered and Reimbursement of Expenses ("Fee Application") (ECF No. 1044).

2. On August 22, 2024, Mr. Dam objected and asked the Court to reserve ruling on the Fee Application to allow him to pursue a claim asserting that

ORDER DENYING MOTION FOR STAY - Page 1

he had an equitable right to the estate's share of the settlement proceeds (ECF No. 1048).

3. The Court granted the Fee Application (the "Fee Order"). The Court found the objection lacked merit because: (i) Mr. Dam had ample opportunity to object when Ms. Egan first filed her employment application; (ii) Mr. Dam did not dispute that Ms. Egan's requested fees were reasonable or necessary; (iii) the funds that were available to pay the fees of the Potomac Law Group would not be available but for the work of the Potomac Law Group; and (iv) the fees requested by Potomac Law Group were reasonable whether based on the contingency fee agreement or if billed at Ms. Egan's customary hourly rate. (ECF No. 1079) Additionally, Mr. Dam is a Releasing Party under the Settlement Agreement[1] and has no credible claim to the estate's funds as requested in the Application (ECF No. 1079).

4. On September 26, 2024, Mr. Dam appealed the Fee Order (ECF No. 1088) and filed the present Motion to stay the case pending appeal (ECF No. 1089).

---

[1] On October 4, 2023, the Court approved the WTT Token Settlement Agreement[1] ("Settlement Agreement") (ECF No. 1031). The settlement allocated $3 million to the estate, $4.5 million to a class of Token Holders, and settled six separate cases and appeals. Mr. Dam was a member of the class and thus a "Releasing Party" as defined in the Settlement Agreement. The District Court also approved the settlement agreements. *See* EDWA District Court Case No. 20-cv-00464-SAB, ECF No. 83.

ORDER DENYING MOTION FOR STAY - Page 2

5. On October 3, 2024, Mr. Dam filed a Motion to Reconsider the Fee Order (ECF No. 1109). The Court denied Mr. Dam's motion to reconsider (ECF No. 1119). The Court found Mr. Dam failed to present new evidence or argument that established: (i) the Court erred by finding his claim to the estate's $3 million settlement funds was released under the token holders' settlement agreement with Perkins Coie; (ii) the Court erred by applying claim and issue preclusion to prohibit his argument that the estate lacked standing to assert claims related to the escrowed funds; (iii) the Court erred in concluding he was not entitled to a constructive trust over the estate's proceeds; and (iv) the existence of a manifest injustice, error of law or fact, new evidence, or applicable intervening law that required a different result. Finally, the Court found that every argument raised in the reconsideration motion had been raised and rejected or could have been raised earlier in the litigation. (ECF No. 1119)

6. "A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926). A stay is rather "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id*. at 672–73.

7. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

8. When considering whether to grant a motion for stay, the court considers four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits on appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) where the public interest lies. *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (*citing Nken*, 556 U.S. at 434), *see also In re Katz*, No. 2:19-BK-10596-RK, 2019 WL 2896196, at *1 (Bankr. C.D. Cal. May 8, 2019). The first two of these factors, likelihood of success on the merits and irreparable injury, "are the most critical." *Lair,* 697 F.3d at 1204.

9. Mr. Dam argues: (i) he is not bound by the Settlement Agreement; (ii) the funds disbursed to the bankruptcy estate should be placed in a constructive trust; (iii) the Court improperly applied claim and issue preclusion; (iv) Potomac Law Group's fees were unreasonable; and (v) a stay would serve the public interest.

10. To satisfy the first factor, "a petitioner must show that there is a 'substantial case for relief on the merits.'" *Lair*, 697 F.3d at 1204 (*citing Leiva– Perez v. Holder,* 640 F.3d 962, 968 (9th Cir.2011) (per curiam)).

11. This Court ruled twice that that the Settlement Agreement is enforceable against Mr. Dam as a Releasing Party (ECF Nos. 1079; 1119)

ORDER DENYING MOTION FOR STAY - Page 4

Therefore, Mr. Dam has no valid claim to a constructive trust. Mr. Dam has not asserted new arguments or evidence to support his request for a stay. Because the court has twice rejected Mr. Dam's claim, he has failed to make a strong showing that he is likely to succeed on the merits on appeal. Mr. Dam fails to satisfy the first factor.

12. The second factor requires the applicant to demonstrate "a *probability* of irreparable injury if the stay is not granted." *Lair*, 697 F.3d at 1214 (*citing Leiva–Perez*, 640 F.3d at 968) (emphasis in original). "[N]ormally the mere payment of money is not considered irreparable" where the funds can be recouped. *Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010) (*citing Sampson v. Murray,* 415 U.S. 61, 90 (1974)), *see also In re Woodcraft Studios, Inc.*, No. C-11-3219 EMC, 2012 WL 160225, at *3 (N.D. Cal. Jan. 18, 2012).

13. The injury Mr. Dam argues he will suffer absent a stay is the chance that he may be unable to recover funds if his appeal succeeds. This described injury is neither probable, nor irreparable and thus fails to meet the second prong of the test for a stay pending appeal.

14. The third factor assesses whether the issuance of a stay will substantially injure other parties interested in the proceeding, such as an opposing party. *See Lair*, 697 F.3d at 1215 (*citing Nken*, 556 U.S. at 434–35).

15. Mr. Dam's stay motion does not address potential injury to other interested parties. The Court notes the issuance of a stay may substantially injure Potomac Law Group by delaying the disbursement of reasonable fees for necessary services. Therefore, Mr. Dam fails to satisfy the third factor.

16. Finally, the fourth factor requires analysis of the public interest. Mr. Dam offers no evidence to support his assertion that the fees awarded Potomac Law Group were based on improper or unproductive efforts. The public interest is best served by awarding counsel compensation for services that provide a substantial benefit to the bankruptcy estate. Therefore, Mr. Dam fails to satisfy the fourth factor, and ultimately fails to meet his burden.

Therefore, IT IS ORDERED that the Motion for Stay Pending Appeal (ECF No. 1089) is **DENIED**.

///END OF ORDER///