Ruben del Muro (*Pro Se*)
[725-0301, Hiroshima-ken,
Toyota-gun, Osakikamijima-cho,
Nakano, 728. Japan]
[+8107043510988]
[zensei@protonmail.com]

The Honorable Frederick P.Corbit

**Chapter 7**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT INC.,

Debtor

Case No. 18-03197-FPC

**"Notice of Chapter 7 Trustee's First Omnibus Objection To Claims (Alleged Release) "**

**TO THE HONORABLE JUDGE OF THIS COURT:**

**I. INTRODUCTION**

This response is filed to address the defendant's improper attempt to confer obligations or benefits upon a third party not involved in the contract or settlement at issue. I reside in Japan, and attending court in person is not feasible at this time, so I respectfully request that my submission be fully considered in my absence.

**II. FACTUAL BACKGROUND**

The release in question arose out of a $4.5 million settlement agreement with Perkins Coie. However, this agreement was strictly between myself and Perkins Coie, with no involvement from the Trustee, Giga Watt, or the Estate. There was no contractual relationship, exchange of consideration, or intent to designate these parties as third-party beneficiaries. As such, any attempt to extend the terms of the settlement to these parties is improper and unsupported by contract law.

**III. LEGAL STANDARD**

Contract law requires privity of contract for obligations or benefits to be enforced. Furthermore, without explicit designation as a third-party beneficiary, a non-party to the contract has no rights to enforce the agreement or claim any benefits from it.

**IV. ARGUMENTS**

**Objection to Defendant Conferring Obligation or Benefit to a Third Party Not Involved in Contract or Settlement**

**Your Honor:**

I respectfully object to the defendant's attempt to confer an obligation or benefit to a third party who is not a party to the contract or settlement at issue. This action is improper for the following reasons:

**1. Lack of Privity:** The Trustee, Giga Watt, and the Estate lack privity of contract with the parties to the settlement. It is a fundamental principle of contract law that only parties to a contract can enforce its rights or be held to its obligations. Privity of contract ensures that only those directly involved in the negotiation and execution of a contract are bound by its terms. The release in question is based solely on a $4.5 million settlement agreement with Perkins Coie, to which the Trustee, Giga Watt, or the Estate were not parties. Absent any direct involvement or legal relationship with these entities, they cannot claim rights or be imposed upon with duties under this agreement.

**2. No Contract or Consideration:** The Trustee, Giga Watt, and the Estate were not parties to the settlement, and there was no exchange of consideration with them. Consideration is a fundamental requirement for any contract, ensuring that each party provides something of value. The lack of consideration between myself and these third parties underscores that they are not entitled to any benefits under the settlement and cannot be subject to any obligations stemming from it.

**3. Not a Third-Party Beneficiary:** Additionally, the Trustee, Giga Watt, or the Estate were not expressly named or intended as third-party beneficiaries under the settlement agreement. Under contract law, a third party can only enforce rights under a contract if it is clearly intended by the contracting parties to benefit them. In this case, the terms of the settlement do not extend any benefits or obligations to these third parties, making any release purportedly involving them non-enforceable. The contract was structured exclusively between the signatories, with no provision for these entities' involvement.

**4. Violation of Contractual Terms:** Any attempt by the defendant to unilaterally modify the settlement terms to include obligations or benefits for the Trustee, Giga Watt, or the Estate is without legal foundation. The settlement contains no clause that extends its terms to non-signatories, and such a modification would contradict the clear and specific language agreed upon by the actual parties. Courts have consistently held that the terms of a contract must be honored as written, and any attempt to alter these terms without the consent of all parties involved is invalid.

**5. Potential for Unforeseen Consequences:** Extending obligations or benefits to an uninvolved third party introduces significant legal and practical risks. It can result in unintended liabilities, disputes, or responsibilities that were not contemplated by the original contracting parties. Such complications undermine the intended clarity and finality of the agreement. Contracts are designed to resolve disputes and create certainty between the parties, and expanding their scope to include third parties who were not contemplated creates unnecessary ambiguity and potential litigation.

**6. Unjust Enrichment or Unwarranted Burden:** The defendant's actions risk resulting in unjust enrichment for the third parties or placing an unfair burden on one of the original contracting parties. For example, allowing the Trustee, Giga Watt, or the Estate to gain benefits from a settlement they had no part in negotiating or providing consideration for could amount to a windfall at my expense. Similarly, imposing new obligations upon me or Perkins Coie without a legal basis would shift the balance of responsibilities that were carefully negotiated, which is inherently inequitable.

**7. Precedent and Equity**: Allowing such a deviation from established contract law principles would set a dangerous precedent, undermining the enforcement of contracts and the predictability of private agreements. Courts have a duty to uphold the integrity of contracts as instruments of mutual agreement. Permitting third-party interference in private contracts, absent clear statutory or equitable justification, would erode the foundation upon which contract law stands and create uncertainty in future cases.

**Conclusion**: In light of these reasons, I respectfully urge the court to reject the defendant's attempt to confer any obligation or benefit to third parties such as the Trustee, Giga Watt, or the Estate, who are not involved in the contract or settlement. Their lack of privity, the absence of consideration, and the clear contractual terms make such an extension improper and legally unfounded. Upholding the integrity of the original agreement is crucial to maintaining the principles of contract law and ensuring fair and predictable outcomes in this case.

Respectfully submitted,

Ruben del Muro (Pro Se)
725-0301
Hiroshima-ken, Toyota-gun, Osakikamijima-cho, Nakano, 728
Japan
Phone: 070-4351-0988
Email: [zensei@protonmail.com]
Dated this 21 day of October, 2024