Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
2212 Queen Anne Ave. N., #836
Seattle, WA 98109
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Counsel for Mark D. Waldron, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 7 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| | **SUPPLEMENT TO CHAPTER 7 TRUSTEE'S MOTION FOR A PRE-FILING REVIEW ORDER AND/OR SANCTIONS AGAINST JUN DAM** |

The Trustee hereby respectfully supplements the *Chapter 7 Trustee's Motion for a Pre-Filing Review Order and/or Sanctions Against Jun Dam*, filed on September 3, 2024, ECF No. 1056 (the "Motion").

On October 22, 2023, Mr. Dam filed with this Court another collateral attack against the settlements that he neither objected to nor opted out of. *See Objection to Release of Token Holder Creditor Claims*, ECF No. 1135. In the foregoing, Mr. Dam, among things, again baselessly alleges, "fraud on the court," ECF No. 1135

at 2:25. He specifically alleges that the Court entered the Automatic Stay Order[1] as a result of fraud by the Trustee. *Id.*, 4:13-19.

He also collaterally attacks the Automatic Stay Order, omitting that he dismissed his appeal of the Automatic Stay Order with prejudice. *See Stipulation of Dismissal of Consolidated Appeals*, dated July 1, 2024, D. Ct. ECF No. 65, attached hereto as **Exhibit A**, and the *Order Granting Dismissal and Closing File*, dated August 2, 2024, ECF No. 66, attached hereto as **Exhibit B**. Despite dismissing his appeal of the Automatic Stay Order, Mr. Dam is continuing to dispute that Order. This conduct is sanctionable.

Mr. Dam further alleges baselessly that "the bankruptcy estate wrongfully obtained" the $3 million settlement proceeds, ECF No. 1135 at 3:13-14, although he never objected to the Trustee's motion to approve the settlement pursuant to which the estate received a $3 million settlement payment from Perkins Coie LLP.

Mr. Dam appears to be attempting to commence an adversary proceeding against the Trustee so that he can renegotiate the settlements that the Class and the Trustee negotiated with Perkins Coie LLP and that both this court and the district court approved without objection from Mr. Dam. If this is the case, then under Rule 7019 of the Federal Rules of Bankruptcy Procedure, both Perkins Coie and Eric Blomquist, as Class Representative of the WTT Token settlement class, would be required parties, representing a significant escalation of Mr. Dam's vexatious

---

[1] The term, Automatic Stay Order, refers to that certain *Memorandum Opinion and Order Regarding Stay and Motion for Order to Show Cause*, dated September 27, 2021, ECF No. 921.

SUPPLEMENT TO CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER AGAINST JUN DAM

conduct. The Trustee released Perkins Coie LLP in exchange for the $3 million. Unwinding the $3 million settlement payment would require unwinding the release, which in turn, would then unwind the Class Action Settlement given that both agreements were contingent on the other.

Perhaps most disturbingly, Mr. Dam is threatening to bring a lawsuit in the United States District Court for the Eastern District of Washington to unwind the Trustee's settlement with Perkins Coie LLP. ECF No. 1135 at 5:8-9. This action would violate the automatic stay. 11 U.S.C. § 362. It would also significantly escalate Mr. Dam's vexatious conduct. Pending dismissal of the action, or in the unlikely event that the action was not dismissed, then, as with the adversary proceeding, both Perkins Coie LLP and Eric Blomquist, as the settlement class representative, would be necessary parties, pursuant to Rule 19 of the Federal Rules of Civil Procedure. Mr. Dam's vexatious conduct is now threatening to burden multiple courts and multiple parties.

WHEREFORE, the Trustee respectfully requests that the Court consider this recent filing by Mr. Dam in deciding the Motion in which the Trustee requests a pre-filing Order and sanctions against Mr. Dam.

Dated: October 23, 2024    POTOMAC LAW GROUP PLLC

By:    /s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

SUPPLEMENT TO CHAPTER 7 TRUSTEE'S
MOTION FOR A PRE-FILING
REVIEW ORDER AGAINST JUN DAM