# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

Case No. 18-03197-FPC

**OBJECTION TO RELEASE OF TOKEN HOLDER CREDITOR CLAIMS**

Gregory Klumov (*Pro Se*)
Rondex Finance Ltd
104 Pendergardens
Triq ivo muscat azzopardi
St Julians, Malta, STJ1901
Phone: +35699112321
Email: gk@rondex.eu

The Honorable Frederick P. Corbit
Chapter 7

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT INC.,

Debtor

Case No. 18-03197-FPC

**OBJECTION TO RELEASE OF TOKEN HOLDER CREDITOR CLAIMS**

I. Introduction

The undersigned creditor, a fellow token holder in the same creditor class as those listed in the Chapter 7 Trustee's First Omnibus Objection to Claims, hereby objects to the release of creditor claims. Although my specific claim was not listed in the Trustee's omnibus filing, I hold similar claims as a token holder and am directly affected by the misallocation of the $3 million settlement to the bankruptcy estate. This objection is rooted in claims of unjust enrichment, constructive trust, and fraud on the court, regarding the wrongful inclusion of the $3 million settlement funds as part of the bankruptcy estate, and the improper release of my creditor claims.

## II. Facts and Background

1. **Same Creditor Class as Token Holders in Omnibus Motion**

   As a token holder, I am part of the same creditor class as those whose claims were listed in the omnibus motion. I participated in Giga Watt's token sale and, like the listed creditors, was deprived of my rightful share of the settlement due to the improper diversion of $3 million to the bankruptcy estate.

2. **Improper Inclusion of the $3 Million Settlement in the Estate**

   The $3 million settlement that the bankruptcy estate received was derived from the premature release of escrow funds by Perkins Coie LLP. These funds were originally intended to benefit token holders under a 2017 escrow agreement. Despite lacking standing, the bankruptcy estate wrongfully obtained these funds, depriving the token holders, including the undersigned creditor, of the full value of the settlement to which we were entitled.

3. **Class Action and Bankruptcy Settlement Overlap**

   The Class Action Settlement approved by the U.S. District Court was intended to resolve claims between token holders and Perkins Coie. However, the bankruptcy court's erroneous rulings misallocated three of five class-action claims to the bankruptcy estate, despite the estate lacking any contractual or equitable right to these funds. This misallocation, coupled with the improper application of the automatic stay, allowed the estate to secure a $3 million windfall that rightfully belongs to the token holders.

### 4. $3.477 Million in the Bankruptcy Estate

Currently, the estate holds approximately $3.477 million, which includes the $3 million that was improperly obtained through the misallocation of settlement funds. Allowing the estate to retain these funds while releasing creditor claims would result in further unjust enrichment.

## III. Legal Basis for Objection

### 1. Unjust Enrichment and Constructive Trust

The bankruptcy estate was unjustly enriched by retaining the $3 million settlement, which was never intended for the estate. Under principles of unjust enrichment, the court must impose a constructive trust over these funds for the benefit of the token holders, including the undersigned creditor.

### 2. Fraud on the Court

The Chapter 7 Trustee engaged in fraud on the court by misrepresenting the estate's standing to the bankruptcy court and wrongfully asserting claims that properly belonged to the token holders. These misrepresentations enabled the estate to receive funds that were not part of the bankruptcy estate, violating the rights of token holders.

### 3. Lack of Privity and Standing

The bankruptcy estate lacked privity with the escrow agreement and had no standing to claim the $3 million. The escrow agreement was between the token holders and Perkins Coie, with the token holders as the intended beneficiaries. The estate suffered no harm from the premature release of funds and, therefore, has no legal basis to retain the settlement funds.

4. **Misapplication of the Automatic Stay**

   The bankruptcy court improperly applied the automatic stay to claims that were independent of the bankruptcy estate. The claims related to the escrow agreement and the premature release of funds predate the bankruptcy and involve state-law rights. Courts have consistently ruled that independent state-law claims should not be subjected to the automatic stay, particularly when they are not property of the estate.

**IV. Reservation of Creditor Rights**

This objection is submitted without prejudice to the undersigned creditor's right to pursue legal remedies in the U.S. District Court. As a creditor with valid claims against the estate, I reserve the right to litigate these claims in an impartial forum to recover the misallocated funds. Furthermore, this objection does not waive any rights to pursue the $3 million in a separate lawsuit against the estate and Trustee in the U.S. District Court.

**V. Relief Sought**

The undersigned creditor respectfully requests the following relief:

1. **Preservation of Creditor Claims**

   The court should not release or expunge my creditor claims, as these claims are separate and distinct from the Class Action Settlement. The $3 million from the separate bankruptcy settlement was wrongfully diverted to the estate, when it should have been allocated to the token holders, including myself.

2. **Vacating of the Class Action Release as to My Claims**

   The release of claims against the estate should be vacated in my case, given the improper allocation of funds and the fraudulent misrepresentations made to the bankruptcy court.

3. **Return of the $3 Million Settlement to a Constructive Trust**

The $3 million improperly allocated to the estate should be returned to a constructive trust for the benefit of the token holders, including myself.

4. **Any Additional Relief**

Any further relief that the court deems just and equitable, including reconsidering the wrongful allocation of the $3 million settlement money from Perkins Coie to the bankruptcy estate, and any necessary steps to ensure the funds are restored to their rightful beneficiaries, the token holders.

Respectfully submitted,

Dated this 24nd day of October, 2024

_____

Gregory Klumov (Pro Se)
Rondex Finance Ltd
104 Pendergardens
Triq ivo muscat azzopardi
St Julians, Malta, STJ1901
Phone: +35699112321 Email: gk@rondex.eu

## CERTIFICATE OF SERVICE

I hereby certify that on 10/24/24 I electronically filed the foregoing **OBJECTION TO RELEASE OF TOKEN HOLDER CREDITOR CLAIMS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF participants.

Date Served: 10/24/2024

Sign your name: _[signature]_

Print name: Gregory Klumov