UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

Case No. 18-03197-FPC

**OBJECTION TO CHAPTER 7 TRUSTEE'S RELEASE OF CREDITOR CLAIMS**

```
1  Kenneth D. McCoy, pro per
2  C/O 1401 Woodstock Way #103H
3  Bellingham, WA [98226]
4
```

|  |  |
|---|---|
| In re:<br><br>GIGA WATT INC.,<br><br>Debtor | Case No: 18-03197 FPC<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 7<br><br>**OBJECTION TO NOTICE OF CHAPTER 7 TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS (ALLEGED RELEASE)**<br><br>Hearing Date: November 13, 2024<br>Time: 11:30 a.m. |

```
5
6
7              UNITED STATES DISTRICT COURT
8              EASTERN DISTRICT OF WASHINGTON
9
10
11  OBJECTION TO CHAPTER 7 TRUSTEE'S RELEASE OF CREDITOR CLAIMS
12
13
14           TO THE HONORABLE JUDGE OF THIS COURT:
15    Comes now Kenneth D. McCoy, one of the people of Washington and in this court of record,
16  do hereby provide a declaration of Objection to the TRUSTEE'S attempt to disallow and
17  expunge Claims from the Register as identified in 'Exhibit 1 in the Omnibus Objection'. I
18  respectfully submit this objection and do not release my claims in the bankruptcy proceedings as
19  the Trustee's request for 'release' is improper and unenforceable for the reasons explained herein.
20
21
22  I. INTRODUCTION
23      • Giga Watt, Inc. filed for Chapter 11 bankruptcy on November 19, 2018.
```

- The case converted to Chapter 7 on September 30, 2020, appointing Mark Waldron as Trustee.

## II. FACTUAL BACKGROUND

- Jun Dam initiated a class action on behalf of token holders against Perkins Coie LLP, alleging that Perkins' conduct contributed to the project's collapse.
- The Trustee's legal efforts were essential in obtaining the settlement, defeating a motion to arbitrate in Singapore, and modifying bankruptcy court injunctions to allow the class settlement to proceed.
- A settlement agreement was reached, under which Perkins agreed to pay $4.5 million to the class and $3 million to the Giga Watt bankruptcy estate.
- As part of the settlement, the class and estate released all claims against Perkins and agreed to allow the class settlement to proceed by modifying bankruptcy court injunctions.
- The District Court approved the final class action settlement on May 23, 2024.
- All claimants were notified of the settlement terms and given an opportunity to object or opt-out, but no relevant objections were filed.

## III. LEGAL STANDARD

- Under 11 U.S.C. § 502(b)(1), claims may be disallowed if they are unenforceable against the debtor under any agreement or law.

- Following binding precedent (e.g., *Class Plaintiffs v. City of Seattle*), third-party claims can be released if they arise from a common nucleus of operative facts as the class action claims.

**Efficiency in Settlement and Resolution** (*Class Plaintiffs v. City of Seattle*)
- This rule promotes judicial efficiency by allowing broader settlement terms in class actions. If the court allows third-party claims to be released in these circumstances, it avoids the need for future, separate litigation on the same issues.
- By resolving all related claims in one action, it prevents duplication of efforts, reduces litigation costs, and promotes finality in settlement agreements.

**Limits to the Rule**
- While third-party claims can be released if they share a common nucleus of operative facts, this does not mean that *all* claims by third parties can be released. Independent claims, which arise from different facts or legal theories, generally cannot be released.
- Additionally, the release of third-party claims must be consistent with principles of fairness, ensuring that the parties whose rights are affected are adequately represented or have an opportunity to contest the release.

**Example**

In a class action where a company is sued for environmental damage caused by a factory, third parties (e.g., property owners or individuals with related but separate claims) might have claims based on the same environmental damage. Since these claims arise from the same facts—contamination by the factory—those third-party claims could be released as part of the class action settlement under the Class Plaintiffs v. City of Seattle rule. This principle

allows for a more comprehensive resolution and is commonly invoked to ensure that all claims tied to the same underlying issue are resolved together.

## IV. ARGUMENTS

The TRUSTEE'S attempt to confer an obligation or benefit to a third party; ie the Trustee for the Giga Watt Estate, who is not a party to the $4.5 mm settlement agreement noted above, and his action to disallow and expunge Claims from the Register, identified as 'Exhibit 1 in the Omnibus Objection' should not be allowed as this action is improper and unenforceable for several key reasons:

**A. Lack of Privity:** My 'release' thus far was based on the $4.5 mm settlement agreement and is only with Perkins Coie, and therefore the Trustee for the Giga Watt Estate has no privity of contract with either party. It is a fundamental principle of contract law that only those who are parties to a contract can have rights or obligations under it. A third party, not being a signatory or involved in the negotiation of the contract, cannot be imposed upon with duties or obligations, nor can they claim benefits under said contract unless expressly intended as a third-party beneficiary. Trustee for the Giga Watt Estate was not a 3rd party beneficiary, hence the 'release' we supposedly 'agree to' is non-enforceable.

**B. Lack of Standing:** The source of the escrow funds was comprised entirely from Token Holder investment and therefore the Estate's claim to benefits from the alleged release of the $3 mm escrow is without standing. Since I did not authorize any release of claims, the Estate cannot assert rights or privileges over the funds or the claims associated with them. Any

assertion to the contrary fails to recognize the necessary legal principles governing standing in contract disputes.

**C. Violation of Contractual Terms:** There was no contract or consideration with the Trustee for the Giga Watt Estate, and the Class Action does not contain any clause or language that would extend obligations or confer benefits to non-signatories. The inclusion of the Trustee is not only legally baseless but also contradicts the clear terms agreed upon by the actual parties involved. Any attempt to modify these terms unilaterally to involve a non-party is invalid and without legal foundation.

**D. Potential for Unforeseen Consequences:** Conferring obligations or benefits to a third party; i.e. the Trustee for the Giga Watt Estate, introduces unpredictable legal and practical complications, such as unintended liabilities or disputes that may arise from the third party's involvement. This goes against the intended finality and clarity of the agreement between the original contracting parties; i.e. the Class Action Members and Perkins Coie. By denying the Trustee's attempt to confer obligations or benefits to third parties, the court reinforces the need for clarity and fairness in contractual dealings.

**E. Unjust Enrichment or Unwarranted Burden:** Allowing the Trustee to bestow benefits or obligations upon an uninvolved third party; the GigaWatt Estate, could result in unjust enrichment of the third party or place an unjust burden on the contracting parties. . This enrichment is without a proper legal foundation, as the Estate lacked standing to benefit from

18-03197-FPC7    Doc 1144    Filed 10/25/24    Entered 10/25/24 10:25:18    Pg 6 of 9

such a release. Without any legal or factual basis, this move unfairly shifts the balance of responsibilities and benefits that were carefully negotiated between said parties. The Estate has been unjustly enriched by an amount exceeding $3 million due to the premature release of escrow funds. Allowing the Estate to retain these funds would contradict principles of equity and fairness, as I have valid claims that remain unresolved.

**F. Precedent and Equity:** Permitting such actions would create a dangerous precedent that could destabilize contract enforcement and undermine the legal certainty that comes with clear agreements. Courts should be reluctant to allow third-party interference in private agreements, absent a clear statutory or equitable justification.

**G. Irrelevance of Miners to Escrow Agreement:** The miners mentioned by the Trustee are unrelated to the issues concerning the escrow agreement. Their involvement does not create any legitimate basis for conferring benefits or obligations outside the parameters of the established contractual relationships. Therefore, the Trustee's attempts to connect the miners to the escrow agreement are unfounded and should not influence the court's decision, and should the court decide in favor of the Trustee for the Estate, I would further maintain my claim against the Estate in light of their malfeasance, lack of fiduciary responsibility to the creditors, and for their poor handling of the miner situation in general.

## V. CONCLUSION

I Kenneth D. McCoy, as a Token holder and Miner, did not release my creditor claims against the Trustee. Any assertion that a release has occurred is inaccurate and unsupported by the facts of the case. The claims remain valid and actionable, and any attempt to suggest otherwise is not only misleading but also legally untenable. For these reasons, as creditor I respectfully requests relief by the court and to reject the Trustee's attempt to release or expunge my creditor claim so as to confer any obligation or benefit to the GigaWatt Estate, a third party, who is neither involved in the contract nor the settlement, and is thereby in violation of my rights. Further, the $3 million settlement from the Perkins Coie class action has been misallocated so as to benefit the estate and any relief that the court deems just and equitable is requested so as to ensure the funds are restored to creditors, whomever being the true source of those funds.

Respectfully submitted,

Signed: _____
Kenneth D. McCoy ~ All Rights Reserved

Date: 10·23·2024

## CERTIFICATE OF SERVICE

I hereby certify that on 10/22/24 I electronically filed the foregoing **OBJECTION TO CHAPTER 7 TRUSTEE'S RELEASE OF CREDITOR CLAIMS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF participants.

Date Served: 10/24/2024

Signed: */s/ Kenneth D. McCoy*

Kenneth D. McCoy