The Honorable Frederick P.

Chapter 7

Roosevelt Scott
802 Hawk View Court
Fairview Heights, IL 62208
618-980-7179
Lilscottie101@yahoo.com

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT<br><br>INC.,<br><br>Debtor | Case No. 18-03197-FPC<br><br>**OBJECTION TO** Chapter 7 Trustee's First Omnibus Objection to Claims (Alleged Release) |

# Your Honor:

**I respectfully submit this objection to the Trustee's attempt to disallow or expunge my claims. The 'release' in the class-action settlement does cannot confer an obligation or benefit to a third party, specifically regarding the release of claims related to the escrow agreement. The Trustee's actions are improper for the following reasons:**

**1. No Release of Claims:** I / Roosevelt Scott / Token holder and Miner owner did not release my claims against the Trustee. Any assertion that a release has occurred is inaccurate and unsupported by the facts of the case. The claims remain valid and actionable, and any attempt to suggest otherwise is not only misleading but also legally untenable.

**2. Unenforceable Release Language Due to Lack of Privity:** The release language referenced by the Trustee is unenforceable because there is no privity of contract between (Roosevelt Scott - token holders and miner owner) and the Trustee, the Estate, or Giga Watt. Under contract law, only parties with a direct contractual relationship can be bound by or benefit from the terms of an agreement. Since I am a token holder and miner owner is not in privity with these entities, any purported release affecting their rights is null and void.

**3. Irrelevance of Miners to Escrow Agreement:** The miners mentioned by the Trustee are unrelated to the issues concerning the escrow agreement. Their involvement does not create any legitimate basis for conferring benefits or obligations outside the parameters of the established contractual relationships. Therefore, the Trustee's attempts to connect the miners to the escrow agreement are unfounded and should not influence the court's decision.

**4. Unjust Enrichment of the Estate:** The Estate has been unjustly enriched by an amount exceeding $3 million due to the premature release of escrow funds. This enrichment occurred without a proper legal foundation, as the Estate lacked standing to benefit from such a release. Allowing the Estate to retain these funds would contradict principles of equity and fairness, as I have valid claims that remain unresolved.

**5. Lack of Standing:** The Estate's claim to benefits from the alleged release of escrow is without standing. Since I did not authorize any release of claims, the Estate cannot assert rights or privileges over the funds or the claims associated with them. Any assertion to the contrary fails to recognize the necessary legal principles governing standing in contract disputes.

**6. Impact on Contractual Integrity:** Permitting the Trustee to confer benefits to the Estate undermines the integrity of the contractual relationships involved. Such actions could set a dangerous precedent, eroding trust in the contractual framework and leading to potential abuses where parties attempt to manipulate agreements without proper authorization or legal basis.

**7. Court's Responsibility to Uphold Legal Principles:** It is the duty of this court to uphold the principles of contract law and ensure that obligations and benefits are confined to the parties involved. By denying the Trustee's attempt to confer obligations or benefits to third parties, the court reinforces the need for clarity and fairness in contractual dealings.

For these reasons, I respectfully request that the court deny the Trustee's attempt to confer any obligation or benefit to a third party and affirm that the claims remain intact and actionable.

Respectfully submitted,

*Roosevelt Scott*

Roosevelt Scott

Dated this 25 day of October, 2024