Jun Dam (*Pro Se*)  
5432 Geary Blvd #535  
San Francisco, CA 94121  
Phone: (415) 748-1113  
Email: jundam@hotmail.com

The Honorable Frederick P. Corbit  
Chapter 7

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT INC.,

Debtor

Case No. 18-03197-FPC

**SUPPLEMENTAL JOINDER IN SUPPORT OF OBJECTION TO TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS**

**SUPPLEMENTAL JOINDER IN SUPPORT OF OBJECTION TO TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS**

**Jun Dam**, Creditor, hereby files this Supplemental Joinder in support of the Objection to the Trustee's First Omnibus Objection to Claims, and respectfully states as follows:

**1. Background**

On 10/22/24, Creditor filed an objection to the Trustee's First Omnibus Objection to Claims (Docket No. 1135). In that objection, Creditor raised specific arguments regarding the

inapplicability of the class action release to their claims based on unjust enrichment, constructive trust, and fraud on the court. The objection emphasizes the wrongful inclusion of a $3 million settlement in the bankruptcy estate, arguing that these funds were misallocated through procedural errors and misrepresentations. Creditor asserts that the estate lacked both standing and privity with the escrow agreement intended for token holders, and that the improper application of the automatic stay facilitated this misallocation, depriving token holders, including themselves, of their rightful share.

Since filing, Creditor has reviewed the additional objection submitted by Georgios Lignos (Docket No. 1150) and supports the arguments contained therein.

## 2. Joinder to Additional Arguments

Creditor hereby joins and adopts the legal and factual arguments presented in the objection filed by George Lignos, as they similarly apply to Creditor's claim. Specifically, Creditor agrees with and incorporates the following arguments from George Lignos's objection:

- The release of creditor claims is improper as Creditor's claim pertains to specific, tangible assets (lease rights) that are distinct from the class action settlement claims centered on token-holder escrow rights. These separate and unique asset-based claims do not arise from an "identical factual predicate" as the class action claims, rendering the third-party release inapplicable.
- The lack of genuine consideration for the third-party release, as the bankruptcy estate's procedural actions—particularly the misapplication of the automatic stay—did not confer a real or equitable benefit to token holders. The procedural leverage exerted does not meet the necessary standard for valid consideration.
- The absence of proper standing by the bankruptcy estate to claim funds intended for token holders under the escrow agreement further undermines the validity of the third-party release, as

outlined in relevant case law, which requires rigorously established standing and genuine benefit to the releasing parties.

- Finally, the diversion of the $3 million settlement to the bankruptcy estate, without an equitable distribution to token holders, fails the fair and equitable standard and constitutes an improper reallocation of assets intended for Creditor and similarly situated token holders.

**3. Request for Relief**

For the reasons set forth in Creditor's original objection and in the objection of Georgios Lignos, Creditor respectfully requests that the Court deny the Trustee's First Omnibus Objection to Claims as it pertains to Creditor's claim.

Creditor further requests any other relief the Court deems just and proper.

Respectfully submitted,

Dated this 31st day of October, 2024

Jun Dam (*Pro Se*)
5432 Geary Blvd #535
San Francisco, CA 94121
Phone: (415) 748-1113
Email: jundam@hotmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on 10/31/24 I electronically filed the foregoing **SUPPLEMENTAL JOINDER IN SUPPORT OF OBJECTION TO TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF participants.

Date Served: 10/31/2024

Sign your name: *[signature]*

Print name: Jun Dam