In re:                                                                                                         Case No. 18-03197-FPC

GIGA WATT INC                                                            Chapter 7

     Debtor

# CERTIFICATE OF NOTICE

District/off: 0980-2                                    User: notice                                  Page 1 of 4

Date Rcvd: Nov 01, 2024                      Form ID: pdf002                        Total Noticed: 2

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 03, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| cr | #+ | John T. Winslow, 112 Weisbrook Ct., Henderson, NV 89011-2560 |
| cr | + | Jun Dam, 5432 Geary Blvd #535, San Francisco, CA 94121-2307 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 03, 2024                             Signature:            /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 1, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Adam C. Doupe | on behalf of Interested Party Allrise Financial Group adoupe@buchalter.com mbrandt@buchalter.com |
| Angie Lee | on behalf of Creditor Washington State Taxing Agencies bculee@atg.wa.gov |
| Benjamin A Ellison | on behalf of Creditor Committee Unsecured Creditors' Committee salishsealegal@outlook.com |
| Benjamin J McDonnell | on behalf of Defendant Enterprise Focus Inc. ben@pyklawyers.com, shanson@pyklawyers.com |
| Benjamin J McDonnell | |

| | |
|---|---|
| | on behalf of Creditor Clever Capital LLC ben@pyklawyers.com, shanson@pyklawyers.com |
| Benjamin J McDonnell | |
| | on behalf of Defendant Clever Capital LLC ben@pyklawyers.com, shanson@pyklawyers.com |
| Benjamin J McDonnell | |
| | on behalf of Creditor David M Carlson ben@pyklawyers.com shanson@pyklawyers.com |
| Benjamin J McDonnell | |
| | on behalf of Defendant David M. Carlson and Jane Doe 1 ben@pyklawyers.com shanson@pyklawyers.com |
| Christopher F Ries | |
| | on behalf of Creditor Neppel Electrical & Controls LLC , diana@rieslawfirm.com;cdg@rieslawfirm.com;carrie@rieslawfirm.com |
| Danial D Pharris | |
| | on behalf of Creditor NC Machinery Co. pharris@lasher.com luksetich@lasher.com |
| Daniel William Short | |
| | on behalf of Creditor Douglas County PUD dan.short@painehamblen.com sheila.espinoza@painehamblen.com |
| David A Kazemba | |
| | on behalf of Creditor MLDC1 LLC dkazemba@overcastlaw.com, kera@overcastlaw.com,debbie@overcastlaw.com,jose@overcastlaw.com,dusty@overcastlaw.com |
| David A Kazemba | |
| | on behalf of Creditor Giga Plex LLC dkazemba@overcastlaw.com, kera@overcastlaw.com,debbie@overcastlaw.com,jose@overcastlaw.com,dusty@overcastlaw.com |
| David R Law | |
| | on behalf of Creditor Port of Douglas County david@dadkp.com amy@dadkp.com |
| Dennis J. McGlothin | |
| | on behalf of Defendant Jun Dam docs@westwalaw.com |
| Dominique R Scalia | |
| | on behalf of Interested Party Unsecured Creditors Committee of Giga Watt Inc. dscalia@lawdbs.com paralegal@lawdbs.com;jsmith@lawdbs.com |
| Dominique R Scalia | |
| | on behalf of Attorney DBS Law dscalia@lawdbs.com paralegal@lawdbs.com;jsmith@lawdbs.com |
| Donald A Boyd | |
| | on behalf of Defendant Andrey Kuzenny dboyd@hummerboyd.com kvoelker@hummerboyd.com |
| Douglas A. Hofmann | |
| | on behalf of Creditor Refael Sofair dhofmann@williamskastner.com tdondero@williamskastner.com |
| Douglas R Cameron | |
| | on behalf of Respondent Hanson Baker Ludlow Drumheller P.S. dcameron@hansonbaker.com, hwatson@hansonbaker.com |
| Gary W Dyer | |
| | on behalf of U.S. Trustee US Trustee Gary.W.Dyer@usdoj.gov |
| Gretchen J. Hoog | |
| | on behalf of Attorney Emerald City Statewide LLC hoog@ryanlaw.com dhutchings@corrdowns.com |
| James D Perkins | |
| | on behalf of U.S. Trustee US Trustee james.perkins@usdoj.gov |
| Jason T Piskel | |
| | on behalf of Defendant Enterprise Focus Inc. jpiskel@pyklawyers.com, ephelps@pyklawyers.com |
| Jason T Piskel | |
| | on behalf of Creditor David M Carlson jpiskel@pyklawyers.com ephelps@pyklawyers.com |
| Jason T Piskel | |
| | on behalf of Defendant David M. Carlson and Jane Doe 1 jpiskel@pyklawyers.com ephelps@pyklawyers.com |
| Jason T Piskel | |
| | on behalf of Defendant Clever Capital LLC jpiskel@pyklawyers.com, ephelps@pyklawyers.com |
| Jason T Piskel | |
| | on behalf of Creditor Clever Capital LLC jpiskel@pyklawyers.com, ephelps@pyklawyers.com |
| Jofrey M McWilliam | |
| | on behalf of Defendant Perkins Coie LLP jmcwilliam@byrneskeller.com jmcwilliam@byrneskeller.com, jbenson@byrneskeller.com,lsweetser@byrneskeller.com,docket@byrneskeller.com |
| Jofrey M McWilliam | |
| | on behalf of Defendant Lowell Ness jmcwilliam@byrneskeller.com jbenson@byrneskeller.com,lsweetser@byrneskeller.com,docket@byrneskeller.com |

| | |
|---|---|
| John Knox | on behalf of Creditor Refael Sofair jknox@williamskastner.com rnelson@williamskastner.com |
| John D Munding | on behalf of Defendant Lowell Ness John@Mundinglaw.com Karenchpt7@gmail.com |
| John D Munding | on behalf of Defendant Perkins Coie LLP John@Mundinglaw.com Karenchpt7@gmail.com |
| Joseph A.G. Sakay | on behalf of Interested Party Allrise Financial Group jsakay@buchalter.com pjolley@buchalter.com,cdaniel@buchalter.com |
| Mark Waldron | trustee@mwaldronlaw.com mark@mwaldronlaw.com |
| Pamela Marie Egan | on behalf of Defendant GIGA WATT INC pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Defendant The Potomac Law Group a Washington DC Limited Liability Partnership pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Other Professional Potomac Law Group PLLC pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Attorney Potomac Law Group PLLC pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Defendant Mark D. Waldron pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Plaintiff Mark D. Waldron pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Defendant Pamela M Eagan pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Plaintiff Mark Waldron pegan@potomaclaw.com |
| Pamela Marie Egan | on behalf of Trustee Mark Waldron pegan@potomaclaw.com |
| Quentin D Batjer | on behalf of Creditor Port of Douglas County quentin@dadkp.com quentin@dadkp.com |
| Ralph E Cromwell, Jr | on behalf of Witness Perkins Coie LLP rcromwell@byrneskeller.com ssandusky@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com |
| Ralph E Cromwell, Jr | on behalf of Defendant Lowell Ness rcromwell@byrneskeller.com ssandusky@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com |
| Ralph E Cromwell, Jr | on behalf of Defendant Perkins Coie LLP rcromwell@byrneskeller.com ssandusky@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com |
| Reid G Johnson | on behalf of Defendant Timur Usmanov rjohnson@lukins.com |
| Roberto H Castro | on behalf of Interested Party Nathan Welling rcastro@rcastrolaw.com castro.ava@gmail.com |
| Scott B Henrie | on behalf of Creditor Refael Sofair scott@scotthenrie.com DLevitin@williamskastner.Com |
| Scott R. Smith | on behalf of Creditor Douglas County PUD srs@painehamblen.com |
| Shauna S Brennan | on behalf of Creditor ECO Diversified Holdings Inc. sbrennan@outsidegeneralcounsel.com, admin@outsidegeneralcounsel.com |
| Tara J. Schleicher | on behalf of Interested Party EcoChain Inc. tara.schleicher@foster.com, kim.fergin@foster.com,estela.acosta@foster.com,ellie.bulin@foster.com |
| Timothy G. Blood | on behalf of Defendant Jun Dam tblood@bholaw.com efile@bholaw.com;toreardon@bholaw.com;lhurst@bholaw.com |
| Timothy G. Blood | on behalf of Creditor Refael Sofair tblood@bholaw.com efile@bholaw.com;toreardon@bholaw.com;lhurst@bholaw.com |
| US Trustee | |

USTP.REGION18.SP.ECF@usdoj.gov

Vanessa Pierce
    on behalf of Creditor David M Carlson vprollins@gmail.com

Vanessa Pierce
    on behalf of Creditor Clever Capital LLC vprollins@gmail.com

TOTAL: 59

So Ordered.

Dated: October 31st, 2024



Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT INC.,<br><br>Debtor. | Case No. 18-03197-FPC7<br><br>**ORDER RE PRE-FILING REVIEW ORDER AGAINST JUN DAM** |

This matter came before the Court on the Chapter 7 Trustee's Motion for a Pre-filing Review Order and/or Sanctions Against Jun Dam (the "Motion") (ECF No. 1056).

The Court held a hearing on October 8, 2024, and present were Pamela Egan on behalf of the Chapter 7 Trustee and Jun Dam, appearing pro se. The Court considered the arguments, record, pleadings and related filings including Mr. Dam's Response (ECF No. 1085) and makes the following factual findings and legal conclusions:

1. This case has a long and complicated history. Jun Dam has been an active participant, sometimes represented by counsel and sometimes acting pro se. Mr. Dam filed a claim in the bankruptcy case on February 14, 2019 for $5,391,720.37 (Claim 52-1). As early as June, 2020, Mr. Dam started filing

ORDER RE PRE-FILING REVIEW - 1

18-03197-FPC7    Doc 1169    Filed 11/03/24    Entered 11/03/24 20:22:19    Pg 5 of 15

pleadings—his first was a Motion to Request Reconsideration of Order Approving Sale of TNT Facility and Trailer Equipment Free and Clear of Liens. (ECF No. 610) Mr. Dam also filed Giga Watt-related lawsuits in this Court and in the District Court. (See Adversary Case. No. 20-80020-FPC; United States District Court Case No. 20-cv-00464-SAB).

2. An abbreviated recitation of the facts is necessary to provide background. Jun Dam purchased "tokens" both from Giga Watt and on the secondary market. Token sales proceeds were collected by the law firm Perkins Coie, initially held in escrow, and eventually released. The trustee for the Giga Watt estate sued Perkins Coie in this Court for improperly releasing escrowed funds. At the same time, the Giga Watt token holders filed a class-action lawsuit against Perkins Coie in District Court based on the same acts related to the escrowed funds. Jun Dam was the nominal plaintiff[1] in the putative class action.

3. Eventually, the trustee and the class reached a bifurcated, global settlement agreement where Perkins Coie paid $4.5 million to the token holder class and $3 million to the Giga Watt estate trustee to settle all claims. (See ECF Nos. 1011-1; 1011-2) Under the Class Action Stipulated Settlement Agreement, the class members were termed Releasing Parties[2] who, in exchange for $4.5

---

[1] At the time of the settlement agreement, the nominal plaintiff was Eric Blomquist. (ECF No. 1011-2 at p.2)
[2] Under the Agreement, Releasing Party "means Plaintiff and each and every Class Member." (ECF No. 1011-2 at p.13)

ORDER RE PRE-FILING REVIEW - 2

million, released all claims[3] against the defendants and the Giga Watt estate.[4] Class members could opt out or object, and Mr. Dam did neither.

4. On July 26, 2024, Potomac Law filed a final application for an award of compensation for services provided as special litigation counsel to chapter 7 trustee. (ECF No. 1044). Potomac Law requested an award of $901,648.15, representing a one-third award of the $3 million Perkins adversary settlement as provided for in the contingent fee agreement approved by the Bankruptcy Court (ECF Nos. 828; 840).

5. Mr. Dam hired lawyers to request the Court indefinitely postpone awarding the trustee's fees. Mr. Dam planned to file a motion arguing that the token holder class had an equitable right to a constructive trust over the $3 million Giga Watt estate settlement proceeds. (ECF No. 1048)

6. The trustee filed responsive pleadings and appeared at a hearing to argue in support of an award of compensation. The Court entered an order awarding the full fee requested. (ECF No. 1079) Mr. Dam filed an unsuccessful reconsideration motion and an appeal to the District Court. (ECF Nos. 1088; 1109; 1119)

---

[3] The Agreement defined Released Claims as "any and all actions, claims, demands, rights, suits and causes of action of whatever kind or nature against the Released Parties, including damages, costs, expenses, penalties, equitable relief, injunctions, attorneys fees, known or unknown, suspected or unsuspected, in law or in equity, that arise from or relate to the facts giving rise to this Action." (ECF No. 1011-2 at p.13)

[4] The Agreement defined "Released Party" as including "the Giga Watt estate, Mark D. Waldron as Chapter 7 Trustee of the Giga Watt Estate, and agents and attorneys of the Giga Watt Estate." (ECF No. 1011-2 at p. 13)

ORDER RE PRE-FILING REVIEW - 3

7. The Trustee moved for sanctions against every party who objected to the requested compensation. (ECF Nos. 1056; 1061; 1065) The Motion relating to Mr. Dam requests the Court either sanction or limit Mr. Dam's ability to file pleadings in this Court without first obtaining permission.[5] In essence, the Motion requests the Court treat Mr. Dam as a vexatious litigant. (ECF No. 1056)[6]

8. Federal courts may regulate a litigant's abusive conduct by imposing carefully tailored restrictions under appropriate circumstances. *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061–62 (9th Cir. 2014). Restricting access to the courts is a serious matter. "[T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998). Bankruptcy courts have inherent authority to sanction vexatious litigation occurring in that court. *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996).

9. The Court shares some of the Trustee's concerns about Mr. Dam's pursuit of baseless claims. Over three years ago, this Court ruled that the Giga Watt estate, and not the class members, had standing to pursue the contract and tort

---

[5] Specifically, the Trustee asks this Court to require Mr. Dam to: (a) file an application seeking leave to file any pleading in the bankruptcy case, including any adversary proceeding; (b) attach to any such application a copy of the pleading he wishes to file and a copy of the prefiling order; (c) support any such application with a declaration attesting under penalty of perjury that the matters addressed by the proposed pleading: (i) have not previously been raised or disposed of by any court; (ii) that Mr. Dam has conducted a reasonable investigation into the facts supporting the relief he wishes to seek or the arguments he wishes to make; and (iii) that such investigation supports the relief or arguments; and (d) any declaration be based on admissible evidence and detail the factual basis for the relief or arguments. (ECF No. 1056 at p.3)

[6] Trustee cites as authority a vexatious litigant order from the Alaska Bankruptcy Court. *See In re Bertran*, No. 4:12-BK-501-FC, 2018 WL 1704306, at *7 (B.A.P. 9th Cir. Apr. 6, 2018).

claims against Perkins Coie. (ECF No. 922) Mr. Dam acknowledged this ruling[7] and yet continues to argue the estate lacked standing to assert those claims.

10. In 2021, the Court entered a Memorandum Opinion and Order Regarding Stay and Motion for Order to Show Cause ("Memorandum Order") (ECF No. 921). In the Memorandum Order, the Court explained that the class of token holders lacked standing to pursue three of the five claims against Perkins Coie, and instead, the estate was the sole party with standing to pursue the claims.[8] Mr. Dam appealed the Memorandum Order (ECF No. 922), but before the appeal was decided, he voluntarily dismissed it because the parties agreed to settle the case.

11. Mr. Dam incorrectly asserts that "the specific issue of whether the class-action group was entitled to the $3 million settlement was never litigated." (ECF No. 1089 at p. 3) This Court ruled in 2021 that the class lacked "standing," to

---

[7] "…[L]eading to an erroneous ruling that granted the estate control of three out of five key causes of action from the class-action complaint." (ECF No. 1085 at p.3)

[8] The Trustee moved to show cause why a class of token holders' (with Jun Dam as the nominal plaintiff) lawsuit in District Court against Perkins Coie did not violate the automatic stay. The class action complaint against Perkins alleged that Giga Watt token purchasers suffered damages when: (1) Perkins breached a contract with the token purchasers and thereby breached a fiduciary duty to the token purchasers (Count I); (2) Perkins breached an express or implied agreement with the token purchasers (Count II); and (3) the token purchasers were third party beneficiaries to an agreement between Perkins and the Giga Watt corporations, and Perkins' breach of the agreement injured the token purchasers (Count III). The class alleged two additional causes of action related to violation of the Consumer Protection Act and the Washington Escrow Agent Registration Act. This Court ruled that the class of token holders lacked standing to pursue the first three claims against Perkins Coie. The Court's analysis concluded: "The members of the proposed Class pursue essentially the same remedy as the Trustee: $10.8 million in purchase money that was supposed to be held in escrow. Many and possibly all of the proposed class members have filed proof of claims in this bankruptcy for refunds of purchase money. The first, second and third causes of action in the Class Complaint are not direct and particularized, but instead are merely reflective of the estate's claims. As a result, the Class lacks standing to pursue the claims." (ECF No. 921 at p.19)

ORDER RE PRE-FILING REVIEW - 5

bring the causes of action raised by the estate against Perkins Coie. In other words, the class of token holders had no right to litigate the contract and tort claims raised in the class action complaint in District Court, and thus the class had no claim to the funds paid to settle those claims.

12. "A fundamental precept of common-law adjudication is that an issue once determined by a competent court, it is conclusive." *See Montana v. United States*, 440 U.S. 147, 153 (1979); *see also Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Cromwell v. County of Sac.*, 94 U.S. 351, 352–53 (1876). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Arizona v. California,* 460 U.S. 605, 619 (1983) (*citing Montana v. United States*, 440 U.S. at 153–54), *decision supplemented* 466 U.S. 144 (1984).

13. Additionally, this Court's Memorandum Order ruling that the class of token holders lacked standing to litigate the contract and tort issues raised against Perkins Coie is the law of the case. "As most commonly defined, the [the law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988)

18-03197-FPC7    Doc 1169    Filed 11/03/24    Entered 11/03/24 20:22:19    Pg 10 of 15

(alteration in original). When a rule of law has been decided adversely to one or more codefendants, the law of the case doctrine precludes all other codefendants from relitigating the legal issue. *See United States v. Schaff*, 948 F.2d 501, 506 (9th Cir. 1991) (law of the case doctrine precluded defendant from challenging jury instruction that was previously upheld in codefendant's appeal); *see also United States v. Bushert*, 997 F.2d 1343, 1355–56 (11th Cir. 1993) (law of the case doctrine precluded defendant from challenging suppression motion where codefendants had unsuccessfully made the same challenge in prior appeal). "Unlike the more precise requirements of res judicata, law of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona,* 460 U.S. at 618 (*citing Southern Ry. Co. v. Clift*, 260 U.S. 316, 319 (1922); *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)).

14. "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *United States v. Jingles*, 702 F.3d 494, 499–500 (9th Cir. 2012) (*quoting Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988)). "For the doctrine to apply, the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'" *United States v. Lummi*

18-03197-FPC7    Doc 1169    Filed 11/03/24    Entered 11/03/24 20:22:19    Pg 11 of 15

*Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (alteration in original) (quoting *Liberty Mutual Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir.1982)).

15. The token holders—which includes Mr. Dam—voluntarily dismissed with prejudice their appeal of the Memorandum Order. The result is the Memorandum Order is the law of the case: only the Giga Watt estate had standing to assert certain breach of contract and tort claims against Perkins Coie. If the estate was the sole party with standing to pursue the claims against Perkins Coie, the estate is the sole party entitled to settlement funds for the asserted claims.

16. The trustee's point is well taken that Mr. Dam's recent filings have been predicated upon singular, incorrect position. Mr. Dam has repeatedly argued that the Giga Watt estate had no standing to assert the contract and tort claims against Perkins Coie:

- 9/23/24 Response to Motion for Sanctions: "The bankruptcy estate never had standing to file a complaint against Perkins Coie for the premature release of escrowed funds. As such, the estate improperly benefitted from $3 million it should not have received." (ECF No. 1085 at p.3)
- 9/26/24 Motion for Stay Pending Appeal: "I am likely to succeed on the merits of the appeal based on my claims that the bankruptcy estate had no standing to receive the $3 million settlement from Perkins Coie…. The reasonableness of the $900,000 contingency fee is questionable given that the bankruptcy estate had no standing to bring claim against Perkins Coie for the premature release of escrowed funds. The estate benefitted from a settlement that rightfully belonged to the class-action group." (ECF No. 1089 at pp.1; 3)
- 10/3/24 Motion to Reconsider: "The bankruptcy estate improperly benefitted from a $3 million settlement that should have gone to the class-action group of which I am a member, not to the estate. This was

ORDER RE PRE-FILING REVIEW - 8

due to the bankruptcy estate's lack of standing in filing claims related to the release of escrowed funds …. The issue of the estate's standing to claim the $3 million was never fully adjudicated." (ECF No. 1109 at pp.2; 4)

17. However, courts are cautioned that pre-filing orders should be a rarely granted remedy. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *see, e.g.*, *In re Oliver,* 682 F.2d 443, 445 (3d Cir. 1982) (an order imposing an injunction "is an extreme remedy, and should be used only in exigent circumstances"); *Pavilonis v. King,* 626 F.2d 1075, 1079 (1st Cir. 1980) ("The use of such measures against a pro se plaintiff should be approached with particular caution."); *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (pre-filing should remain the exception to the general rule of free access to the courts).

18. To support a pre-filing order, the court must provide "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long v. Hennessey,* 912 F.2d 1144, 1148 (9th Cir. 1990); *Powell*, 851 F.2d at 431; *see also Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984) (pre-filing order vacated because court found the party was "a constant litigator" but failed to state the claims were frivolous or brought in bad faith). In determining if a litigant is engaging in frivolous or harassing conduct, the court examines "both the number and content of the filings as indicia" of frivolousness. *Powell*, 851 F.2d at 431; *see also Moy v. United States*, 906 F.2d 467, 470 (1990) (pre-filing order "cannot issue merely upon a showing of litigiousness.").

ORDER RE PRE-FILING REVIEW - 9

19. Significantly, when determining the frivolousness of claims, courts are directed to "be careful not to review pending cases." *In re Powell*, 851 F.2d at 431. In denying Mr. Dam's motion to delay compensation to the trustee's counsel, this Court stated that Mr. Dam had "no viable claim" to the estate's settlement funds, but the Court did not characterize the argument as "frivolous."[9] (ECF No. 1079) The decision is currently on appeal. As a result, this Court declines the invitation to find Mr. Dam a vexatious litigant at this stage.

20. Nevertheless, the Court finds that Mr. Dam's various legal maneuvers have unreasonably required time and attention from trustee's counsel. Mr. Dam's legal filings had a significant financial impact on the estate and the creditors. Ms. Egan's declaration asserted: (i) of the Chapter 7 fees paid to trustee's counsel, "$141,833 is attributable to Mr. Dam's actions;" (ii) Trustee's counsel "has accrued $150,000 in unpaid fees relating to Mr. Dam's vexatious litigation in the Chapter 11 case;" and (iii) trustee's counsel "incurred an additional $43,200 in unpaid fees relating to Mr. Dam's objection to PLG's fees and this Motion. These fees are accruing." (ECF No. 1057)

---

[9] The Court's findings and conclusions included:
- "Mr. Dam was a Token Holder and a class member. He did not opt out of the Settlement Agreement. As a result, Mr. Dam was a "Releasing Party" to the Settlement Agreement."
- "Mr. Dam was a Releasing Party to the Settlement Agreement, and thus Mr. Dam agreed to release, waive, and/or forfeit any claims arising from or relating to the facts giving rise to the Settlement Agreement."
- "Mr. Dam … had ample opportunity to … opt out of the Settlement Agreement but did [not] … Mr. Dam … [is a] Releasing Part[y] and [has] no viable claims to the funds requested in the Application."

(ECF No. 1079 at pp. 4, 8)

ORDER RE PRE-FILING REVIEW - 10

21. While the Court will not, at this time, impose sanctions or declare Mr. Dam a vexatious litigant, it is appropriate for the Court to exercise its inherent power to relieve the parties from preparing and filing responses to Mr. Dam's future filings in this Court, unless the Court requests a response. Moreover, if Mr. Dam persists in causing the Court or parties to respond to frivolous arguments or revisit matters that have already been resolved, the Court will reconsider whether Mr. Dam is a vexatious litigant.

THEREFORE, based on the foregoing it is ordered that:

1. Chapter 7 Trustee's Motion for a Pre-filing Review Order and/or Sanctions Against Jun Dam is **DENIED** (ECF No. 1056); and

2. No parties in this matter or any related matters need prepare a response to any pleading or document filed in this Court by Mr. Dam or his counsel, until and unless the Court specifically requests the party respond to the filing.

///End of Order///