Steve Delassus
665 Rue de la Mairie
Apt B09 - 01170 CESSY
France
Phone: +33 6 68 61 14 93
Email: delassus.steve@gmail.com

The Honorable Frederick P. Corbit
Chapter 7

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GIGA WATT INC.,

Debtor

Case No. 18-03197-FPC

**JOINDER IN SUPPORT OF OBJECTION TO TRUSTEE'S OMNIBUS OBJECTION TO CLAIMS**

**JOINDER IN SUPPORT OF OBJECTION TO TRUSTEE'S OMNIBUS OBJECTION TO CLAIMS**

**Steve Delassus,** Creditor, hereby submits this Joinder in support of the Objection filed by George Lignos's (ECF Docket No. 1150) to the Trustee's First Omnibus Objection to Claims. Creditor agrees with and fully supports the arguments and relief requested in George Lignos's Objection and respectfully requests that the Court deny the Trustee's Omnibus Objection to Claims as it pertains to Creditor's claim.

Additionally, I am writing to formally object to the request made by the Trustee to disallow and expunge my claims as part of the GigaWatt, Inc. bankruptcy proceedings, as detailed in the recent First Omnibus Objection.

I would like to specifically reference **Claim #262**, filed under my name on **April 11, 2019**, for a total amount of **$33,503**. This claim is included in **Exhibit 1** of the Trustee's objection. I wish to emphasize that I still have miners which are my sole property, and these assets are directly tied to my claims. These miners were never part of the class action settlement and should remain under my ownership. Any attempt to expunge my claims, particularly those related to these miners, would constitute a violation of my property rights. I have never agreed to release or forfeit these claims, and they must not be disallowed as they are unrelated to the settlement.

Furthermore, I object to the Trustee's position regarding the disallowance of claims based on the $4.5 million class action settlement. I believe that the 'release' referenced in the settlement is unenforceable against me for the following reasons:

The 'release' was limited to the settlement agreement between the token holders and Perkins Coie LLP. Neither the Trustee, Giga Watt, nor its estate were parties to this agreement. As such, they have no right to extend the settlement terms to my unrelated claims.

There was no contractual agreement or consideration between myself and the Trustee, Giga Watt, or its estate that would justify the disallowance of my claims.

The Trustee and Giga Watt estate were not third-party beneficiaries under the class action settlement, which means they cannot benefit from any 'release' included in that agreement.

For these reasons, I strongly request that Claim #262 and my miner-related claims remain valid and that any attempt to disallow or expunge them be denied, as it would infringe on my rights as the sole owner of these assets.

Thank you for your attention to this matter.

Respectfully submitted,

Dated this 04 th day of November, 2024

_____
Steve Delassus
665 Rue de la Mairie
Apt B09 - 01170 CESSY
France
Phone: +33 6 68 61 14 93
Email: delassus.steve@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 11/04/24 I electronically filed the foregoing **OBJECTION TO RELEASE OF CLAIMS BY TOKEN HOLDERS AND MINER CREDITORS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF participants.

Date Served: 11/04/2024

Steve Delassus