Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
2212 Queen Anne Ave. N., #836
Seattle, WA 98109
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br>                    Debtor.<br><br>W | Case No. 18-03197 FPC 7<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR SANCTIONS AGAINST JUN DAM FOR UNAUTHORIZED PRACTICE OF LAW AND VEXATIOUS LITIGATION** |

Chapter 7 Trustee's Motion for
Sanctions Against Jun Dam for
Unauthorized Practice of Law and
Vexatious Litigation

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

JURISDICTION ................................................................................................ 2

FACTS SPECIFIC TO THE RELIEF REQUESTED ............................................ 3

BASIS FOR RELIEF ........................................................................................ 9

    A.   The Court Has the Inherent Power to Sanction Mr. Dam ........................ 9

    B.   The Court Has the Authority to Sanction Mr. Dam Pursuant to 28 U.S.C.

        § 1927 ............................................................................................. 10

MR. DAM HAS ENGAGED IN THE  UNAUTHORIZED

PRACTICE OF LAW ...................................................................................... 11

SANCTIONS ARE APPROPRIATE .................................................................. 13

CONCLUSION ............................................................................................... 16

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Dunn*, 6 Wheat. 204, 5 L.Ed. 242 (1821) ............................................ 9

*Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626 (9th Cir. 2017) ......... 9

*Chambers v. NASCO, Inc*., 501 U.S. 32 (1991) ....................................................... 9

*Cultum v. Heritage House Realtors, Inc*.,

    103 Wash.2d 623, 694 P.2d 630 (Wash. 1985) ................................................... 9

*Gallo v. United States District Court. for the District of Arizona*,

    349 F.3d 1169 (9th Cir. 2003) .............................................................................. 9

*Hecomovich v. Nielsen,* 10 Wash.App. 563, 518 P.2d 1081 (1974) ..................... 12

*In the Matter of the Disciplinary Proceedings Against Droker*

    *and Mulholland*, 59 Wash.2d 707, 370 P.2d 242 (1962)................................... 11

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006)........... 14

*State v. Hunt,* 75 Wash.App. 795, 880 P.2d 96 (1994) ......................................... 12

*Wages v. Internal Revenue Service*, 915 F.2d 1230 (9th Cir. 1990) ..................... 10

*Washington State Bar Association v. Great Western Union*

    *Fed. Sav. and Loan Association,* 91 Wash.2d 48,

    586 P.2d 870 (Wash. 1978) ................................................................................ 12

*Wood v. Santa Barbara Chamber of Commerce, Inc*.,

    699 F.2d 484 (9th Cir. 1993) (*cert denied*), 465 U.S. 1080,

    104 S. Ct. 1445, 79 L.Ed.2d 765 (1984)............................................................ 10

<u>STATUTES</u>

11 U.S.C. § 101 ................................................................................................... 3

28 U.S.C. § 157 ................................................................................................... 2

28 U.S.C. § 1927 ................................................................................... 2, 10, 16

28 U.S.C. § 1334 ................................................................................................ 2

RCW 2.48.170 .................................................................................................. 11

RCW 2.48.180 .................................................................................................. 11

<u>RULES</u>

General Rule 24 ........................................................................................... 12, 13

TABLE OF CONTENTS/AUTHORITIES      P a g e | iii

The Chapter 7 Trustee hereby respectfully moves (the "<u>Motion</u>") for an Order (1) sanctioning Mr. Dam for (a) engaging in the unauthorized practice of law and (b) unreasonably and vexatiously multiplying the proceeds relating to the Trustee's Omnibus Objections (defined below) and (2) for such other relief as the Court deems appropriate.

## INTRODUCTION[1]

Mr. Dam provided legal analysis to WTT Token holders[2] regarding the Class Action Settlement release that was approved by a final order of the District Court, stating that it was "unenforceable." He advised WTT Token holders that the District Court's Order approving the Class Action Settlement release was "unenforceable" based on legal concepts of "privity," "consideration," and "third party beneficiary analysis." He encouraged them to file responses to the Omnibus Objections based on his legal analysis, drafted a joinder for them to file as if they were filed by *pro se* litigants, which added the legal analysis that the Trustee had lacked "standing," and provided detailed instructions on how to file the joinder, along with a reminder about the applicable deadlines.

In advising WTT Token holders regarding how these legal concepts apply to the Omnibus Objections, he has orchestrated a collateral attack on two final and

---

[1] Unless otherwise defined in this Introduction, capitalized terms have the meanings ascribed to them later in this Motion.

[2] This Motion uses the terms WTT Token holder and miner owner for ease of reference. The Trustee is not admitting that any individual actually purchased a WTT Token or miner.

CHAPTER 7 TRUSTEE'S MOTION
FOR SANCTIONS AGAINST JUN DAM
FOR UNAUTHORIZED PRACTICE OF
LAW AND VEXATIOUS LITIGATION          P a g e | 1

1  nonappealable federal court orders approving the settlements with Perkins Coie
2  LLP.

3       As a result, 15 responses and 41 joinders have been filed. Mr. Dam's
4  response and joinder are included in this count. He filed a response and joinder,
5  although the Trustee did not include his claim in the Omnibus Objections and did
6  not provide him notice.

7       The Trustee asks that Mr. Dam be sanctioned under both the Court's
8  inherent power and 28 U.S.C. § 1927. His unauthorized practice of law has
9  unreasonably and vexatiously multiplied the proceedings relating to the Omnibus
10 Objections. Accordingly, the Trustee requests attorneys' fees incurred both in
11 addressing the filings triggered by Mr. Dam's unauthorized practice of law and in
12 preparing this Motion.

13      As of November 8, 2024, at 6:30 p.m., those fees are $7,520 for reviewing
14 and addressing the responses and joinders (18.8 hours at $400 per hour) and
15 $7,360 in drafting these motions papers (18.4 hours at $400 per hour), for a total
16 of $14,880 and accruing.

17      In support of this Motion, the Trustee submits the arguments set forth below
18 and the *Declaration of Pamela M. Egan,* filed herewith.

19                              **JURISDICTION**

20      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157
21 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## FACTS SPECIFIC TO THE RELIEF REQUESTED

This Court is familiar with the facts of this lengthy case. Therefore, this Motion only highlights facts that are specific to the relief requested.

On November 19, 2018, Giga Watt, Inc. filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

On September 30, 2020, the case was converted to one under Chapter 7 of the Bankruptcy Code pursuant to the *Order Converting Case to Chapter 7*, dated September 30, 2020, ECF No. 744. That same day, the U.S. Trustee's Office appointed Mark Waldron as the Chapter 7 Trustee. ECF No. 745.

On December 22, 2020, the Court entered an order, which among other things, stated:

> In the above-described adversary proceeding and all other matters in the Court, Mr. Dam may not pursue claims for other parties, as he is not a licensed attorney.

*Order Converting Application for Administrative Expenses and Declaratory Relief to an Adversary Proceeding*, ECF No. 846 at 2, ¶ 5. This Order was entered in the context of Mr. Dam representing the interests of miner owners with respect to the Trustee's sale of mining equipment.

On October 4, 2023, this Court approved the settlement (the "Trustee's Settlement") of the Trustee's claims against Perkins Coie, LLP and affiliates (collectively, "Perkins"). *See Order (1) Approving Settlement With Perkins Coie LLP and Lowell Ness; (2) Approving Stipulation With Refael Sofair; and (3)*

CHAPTER 7 TRUSTEE'S MOTION
FOR SANCTIONS AGAINST JUN DAM
FOR UNAUTHORIZED PRACTICE OF
LAW AND VEXATIOUS LITIGATION                    P a g e | 3

*Approving Stipulation With Timur Usmanov*. This Order is final and nonappealable.

On May 23, 2024, the United States District Court Eastern District of Washington approved the settlement (the "Class Action Settlement") of the class action (the "Class Action") by WTT Token holders against Perkins. *See Order Granting Final Approval of Class Action Settlement*, D.Ct. ECF No. 83. This Order is final and nonappealable.

On June 28, 2024, Mr. Dam filed with the District Court his *Stipulated Dismissal of Consolidated Appeals*, *Dam v. Waldron*, District Court, Case No. 2:21-cv-00291-SAB, D.Ct. ECF No. 65. In this Stipulation, Mr. Dam dismissed his appeal of this Court's *Memorandum Order Regarding Stay and Motion for Order to Show Cause*, dated September 27, 2021, ECF No. 921 (the "Automatic Stay Order") pursuant to which this Court held that the Trustee had the exclusive standing to bring the first three claims asserted in the Class Action.

On August 2, 2024, the District Court entered its *Order Granting Dismissal and Closing File*, *Dam v. Waldron*, U.S. D. Ct. EDWA, Case No. 2:21-cv-00291-SAB, D.Ct. ECF No. 66, dismissing Mr. Dam's appeal of the Automatic Stay Order with prejudice.

The Court is familiar with the terms of the Trustee's Settlement and the Class Action Settlement. Therefore, they are not repeated here in full. Both the Trustee's Settlement and the Class Action Settlement were contingent on approval

of the other. They were also each contingent on the dismissal of Mr. Dam's appeal of the Automatic Stay Order. The Class Action Settlement contained a release of the Giga Watt estate.

Despite the opportunity to do so, no WTT Token holder objected to either settlement and no WTT Token holder opted out of the Class Action Settlement.

On October 2, 2024, the Trustee filed the *Trustee's First Omnibus Objection to Claims (Released)*, ECF No. 1098, the *Trustee's Second Omnibus Objection to Claims (Release)*, ECF No. 1100, and the *Trustee filed the Trustee's Third Omnibus Objection to Claims (Released)*, ECF No. 1103 (collectively, the "Omnibus Objections"). These objections did not object to Mr. Dam's claim.

On October 17, 2024, at 12:11 a.m., Jun Dam sent an email to recipients of the Omnibus Objections advising them to respond to the Omnibus Objections. He stated:

> Hey all,
>
> Some of you may have received a request from the Trustee to disallow or expunge your claims.
>
> 1) I do not believe any token holder released their claims in the bankruptcy despite language in the $4.5 mm class-action settlement.
> 2) You can object to the Trustee request and state the "release" is unenforceable.

*[This Motion continued on the next page.]*

CHAPTER 7 TRUSTEE'S MOTION
FOR SANCTIONS AGAINST JUN DAM
FOR UNAUTHORIZED PRACTICE OF
LAW AND VEXATIOUS LITIGATION                    P a g e | 5

3) You may also have unrelated miner claims that should not be disallowed.

Email from Jun Dam, PaulPatriots@gmail.com, attached hereto as **Exhibit A**. Mr.

Dam continued:

1) Your 'release' was based on an [sic] a $4.5 mm settlement agreement only with Perkins Coie so the Trustee/Giga Watt/Estate had no privity to the settlement contract and you can't confer an obligation or benefit to a third party that's not part of a contract

2) There was no contract or consideration with Trustee/Giga Watt/Estate

3) Trustee/Giga Watt/Estate was not a 3rd party beneficiary.
Hence the "release" we supposedly agreed to is non-enforceable.

*Id*., **Exh. A**. This email also contained an outline entitled, "Key Details and Background," in which Mr. Dam summarizes what he identifies as the key points of the Omnibus Objections. *Id*. Jun Dam also scheduled two zoom calls "to answer questions." **Exh. A**. As set forth in the Egan Declaration, Mr. Dam held at least one of these calls with WTT Token holders.

After Mr. Dam circulated his legal analysis on October 17, 2024, 15 responses to the Omnibus Objections were filed (as of November 8, 2024), including Mr. Dam's response, although the Trustee has not objected to Mr. Dam's claim.

On October 31, 2024, Mr. Dam sent another email to WTT token holders and miner owners providing a Google docs link to a "joinder" to one of the responses to the Omnibus Objection. *See* Email from Jun Dam, attached hereto as

CHAPTER 7 TRUSTEE'S MOTION
FOR SANCTIONS AGAINST JUN DAM
FOR UNAUTHORIZED PRACTICE OF
LAW AND VEXATIOUS LITIGATION          P a g e | 6

**Exhibit B**. The joinder that is available through the link is included with **Exhibit B**. The joinder provides for signatories to state that they were "*pro se*."

In this email, Mr. Dam provides detailed instructions on how to fill in the joinder and file it, including a link for uploading it to the Bankruptcy Court and the clerk's contact information. It also includes Mr. Dam's phone number, "Let me know if you have any questions." **Exh. B**.

Mr. Dam's draft joined in a response filed by Georgios Lignos, a miner owner, in which, among other things, he claimed that miner claims were outside the scope of the Class Action Settlement release. *See* ECF No. 1150 at 3:16-19. Mr. Dam does not own miners.

Mr. Lignos' response also echoes Mr. Dam's arguments. It states that the release approved by the District Court was unenforceable as not supported by consideration. It adds that the estate had lacked standing to sue Perkins. It suggests that the Trustee corruptly diverted $3 million to the estate. It collaterally attacks the final and nonappealable Automatic Stay Order and the final and nonappealable Order approving the Trustee's Settlement and the Class Action Settlement.

On October 31, 2024, Mr. Dam filed a "supplement" joining in Mr. Lignos' collateral attack and arguments, although the Trustee has not objected to Mr. Dam's claim. ECF No. 1154.

CHAPTER 7 TRUSTEE'S MOTION
FOR SANCTIONS AGAINST JUN DAM
FOR UNAUTHORIZED PRACTICE OF
LAW AND VEXATIOUS LITIGATION          P a g e | 7

1    The next day, November 1, 2024, this Court issued an Order finding that:

2    Mr. Dam's various legal maneuvers have unreasonably required time
     and attention from trustee's counsel. Mr. Dam's legal filings [have] had
3    a significant financial impact on the estate and the creditors.

4    *Order re Pre-Filing Review Against Jun Dam*, dated November 1, 2024, ECF No.

5    151 at 10, ¶ 20. In this Order, the Court stated that the estate's standing to sue

6    Perkins is the law of the case. *Id*., ECF No. 1151 at 4-6. It also stated:

7    Moreover, if Mr. Dam persists in causing the Court or parties to respond
     to frivolous arguments or revisit matters that have already been resolved,
8    the Court will reconsider whether Mr. Dam is a vexatious litigant.

9    Pre-Filing Review Order, ECF No. 1151 at 11, ¶ 21.

10   The joinder that Mr. Dam drafted and circulated states:

11   Creditor agrees with and fully supports the arguments and relief request
     in George Lignos's Objection and respectfully requests that the Court
12   deny the Trustee's Omnibus Objection to Claims as it pertains to
     Creditor's claim.

13

14   **Exhibit B**.

15   After Mr. Dam circulated his joinder, 41 joinders were filed using Mr.

16   Dam's form.[3] In many cases, parties did not even remove the brackets that had

17   been used to show how to fill in the form. *See e.g.*, ECF Nos. 1156, 1157, 1162,

18   1175, 1177, 1186, and 1191.

19

20

21   _____

22   [3] One was withdrawn on November 6, 2024. ECF No. 1201.

     CHAPTER 7 TRUSTEE'S MOTION
23   FOR SANCTIONS AGAINST JUN DAM
     FOR UNAUTHORIZED PRACTICE OF
24   LAW AND VEXATIOUS LITIGATION          P a g e | 8

25

**BASIS FOR RELIEF**

The bases for this Motion are two-fold: (1) this Court's inherent power to regulate the practice before this Court; and (2) 28 U.S.C. § 1927.

**A.      The Court Has the Inherent Power to Sanction Mr. Dam**

The practice of law is a crime in Washington pursuant to RCW 2.48.180.[4] Further, this criminal statute "did not restrict or take away any of the courts' power." *Cultum v. Heritage House Realtors, Inc.*, 103 Wash.2d 623, 631, 694 P.2d 630, 635 (Wash. 1985) (emphasis added). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, *and submission to their lawful mandates*.") (*quoting Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821)) (emphasis added). *See also Gallo v. United States District Court. for the District of Arizona*, 349 F.3d 1169, 1180–81 (9th Cir. 2003) (discussing the power of federal courts to regulate practice before them).

When using its inherent powers, the Court can impose sanctions for fees incurred responding to the offending conduct. *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 630 (9th Cir. 2017). Thus, fees incurred in responding

---

[4] "A single violation of this section is a gross misdemeanor." RCW 2.48.180(3)(a). "Each subsequent violation of this section, whether alleged in the same or in subsequent prosecutions, is a class C felony." RCW 2.48.180(3)(b).

1   to the responses and joinders that Mr. Dam encouraged and drafted can be

2   included in a sanctions award.

3   **B.      The Court Has the Authority to Sanction Mr. Dam Pursuant to 28**

4   **U.S.C. § 1927**

5           Section 1927 of title 28 of the United States Code provides:

6           Any attorney or other person admitted to conduct cases in any court of
            the United States or any Territory thereof who so multiplies the
7           proceedings in any case unreasonably and vexatiously may be required
            by the court to satisfy personally the excess costs, expenses, and
8           attorneys' fees reasonably incurred because of such conduct.

9   *Id*. Under Ninth Circuit law, section 1927 may be used to impose costs and

10  attorney's fees on *pro se* litigants. *See e.g., Wages v. Internal Revenue Service*,

11  915 F.2d 1230, 1235-36 (9th Cir. 1990) (*citing Wood v. Santa Barbara Chamber*

12  *of Commerce, Inc*., 699 F.2d 484, 485-86 (9th Cir. 1993) (*cert denied*), 465 U.S.

13  1080, 104 S. Ct. 1445, 79 L.Ed.2d 765 (1984). Under section 1927, fees incurred

14  in responding to the vexatious filings and fees incurred in preparing the motion for

15  sanctions may be recovered. *See Blixseth,* 854 F.3d at 631 ("the costs of obtaining

16  sanctions may be included in a sanctions award under § 1927."). Thus, under

17  section 1927, the Court can order Mr. Dam to pay the attorneys fee incurred both

18  in response to the responses and joinder and in drafting and litigating this Motion.

19                      [*This Motion continues on the next page.*]

20

21

22

23  CHAPTER 7 TRUSTEE'S MOTION
    FOR SANCTIONS AGAINST JUN DAM
    FOR UNAUTHORIZED PRACTICE OF
24  LAW AND VEXATIOUS LITIGATION              P a g e | 10

25

## MR. DAM HAS ENGAGED IN THE
## UNAUTHORIZED PRACTICE OF LAW

Washington statute prohibits the practice of law by nonlawyers. *See* RCW 2.48.170 ("No person shall practice law in this state subsequent to the first meeting of the state bar unless he or she shall be an active member thereof."). The "[u]nlawful practice of law is a crime." RCW 2.48.180(3)(a). The unlawful practice of law occurs when "[a] nonlawyer practices law." RCW 2.48.180(2)(a).

Mr. Dam is a nonlawyer who has practiced law. The statute defines a nonlawyer as:

> [A] person to whom the Washington [S]upreme [C]ourt has granted a limited authorization to practice law but who practices law outside that authorization, and *a person who is not an active member in good standing of the state bar, including persons who are disbarred or suspended from membership*[.]"

RCW 2.48.180(1)(b) (emphasis added). Mr. Dam lacks authorization from the Washington Supreme Court to practice law and is not a member of the Washington State Bar. Therefore, he is a non-lawyer.

Although Mr. Dam is a non-lawyer, Mr. Dam is practicing law in this case.

> It is now a generally acknowledged concept that the term "practice of law" includes not only the doing or performing of services in a court of justice, in any matter depending therein, throughout its various stages, and in conformity with the adopted rules of procedure, *but in a larger sense includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured*.

*In the Matter of the Disciplinary Proceedings Against Droker and Mulholland*, 59 Wash.2d 707, 719, 370 P.2d 242, 248 (1962) (emphasis added).

The Washington Supreme Court has expanded on this definition, stating:

> [T]he selection and completion of form legal documents, or the drafting of such documents, including deeds, mortgages, deeds of trust, promissory notes and agreements modifying these documents constitutes the practice of law.

*Washington State Bar Association v. Great Western Union Fed. Sav. and Loan Association,* 91 Wash.2d 48, 55, 586 P.2d 870, 875 (Wash. 1978). "Also, when 'one determines for the parties the kinds of legal documents they should execute to effect their purpose, such is the practice of law.'" *State v. Hunt,* 75 Wash.App. 795, 802, 880 P.2d 96, 100 (1994) (quoting *Hecomovich v. Nielsen,* 10 Wash.App. 563, 571, 518 P.2d 1081 (1974)). In *Great Western*, the Washington Supreme Court held that services that are ordinarily performed by licensed lawyers and that involve legal rights and obligations constitute the practice of law. *Great Western*, 91 Wash.2d at 55.

In 2001, the Washington legislature adopted General Rule 24 which states in full:

> (a) General Definition: The practice of law is the application of legal principles and judgment with regard to the circumstances or objectives of another entity or person(s) which require the knowledge and skill of a person trained in the law. This includes but is not limited to:
>
> (1) Giving advice or counsel to others as to their legal rights or the legal rights or responsibilities of others for fees or other consideration.
>
> (2) Selection, drafting, or completion of legal documents or agreements which affect the legal rights of an entity or person(s).
>
> (3) Representation of another entity or person(s) in a court, or in a formal administrative adjudicative proceeding or other formal dispute resolution process or in an administrative adjudicative proceeding in

1  which legal pleadings are filed or a record is established as the basis for judicial review.

2  (4) Negotiation of legal rights or responsibilities on behalf of another entity or person(s).

3  GR 24.

4  Mr. Dam has practiced law. He advised WTT Token holders regarding legal

5  concepts of privity, consideration, third-party-beneficiary status, and standing in

6  the specific context of the Class Action Settlement and the Omnibus Objections.

7  He applied these concepts to the Class Action Settlement release. He advised third

8  parties regarding the enforceability of the District Court's final and nonappealable

9  Orders approving the Class Action Settlement. He encouraged others to challenge

10  the estate's receipt of $3 million pursuant to this Court's final and nonappealable

11  Order. ECF 1150 at 6:1-9. He encouraged others to challenge the final and

12  nonappealable Automatic Stay Order. This is the practice of law under GR 24 (a).

13  Furthermore, Mr. Dam selected and/or drafted a joinder and encouraged

14  WTT Token holders and miner owners to file it in response to the Omnibus

15  Objections. He instructed them on how to fill it out and how to file it so that they

16  could defeat the Class Action Settlement release and the Omnibus Objections.

17  This is the practice of law under GR 24(a)(2).

18  Mr. Dam's conduct fits within none of the exceptions provided in GR 24.

19  **SANCTIONS ARE APPROPRIATE**

20  This Court has already informed Mr. Dam that he cannot "pursue claims for

21  other parties, as he is not a licensed attorney." *Order Converting Application for*

22
23  CHAPTER 7 TRUSTEE'S MOTION
   FOR SANCTIONS AGAINST JUN DAM
   FOR UNAUTHORIZED PRACTICE OF
24  LAW AND VEXATIOUS LITIGATION                    P a g e | 13

25

*Administrative Expenses and Declaratory Relief to an Adversary Proceeding*,

ECF No. 846 at 2, ¶ 5. This warning had no effect. He advised WTT Token

holders that the "Trustee/Giga Watt/Estate had no privity to the settlement

contract. . . ." **Exh. A**. There was no "consideration with Trustee/Giga

Watt/Estate." *Id*. The "Trustee/Giga Watt/Estate was not a 3rd party beneficiary."

*Id*. This is the unlawful practice of law.

After receiving only a tepid response to his legal counsel, he then made it

easier for WTT Token holders to respond to the Omnibus Objections by providing

them with a form "joinder" and instructions on how to fill it out and file it. This is

a separate act of the unauthorized practice of law.

With respect to whether the release covers miner claims – which it does[5] –

Mr. Dam does not own miners. Further, the Trustee has not objected to Mr. Dam's

claim. Therefore, he has no *pro se* role here.

Mr. Dam is trying to undermine confidence in the integrity of the federal

judiciary. He has advised and encouraged collateral attacks on the District Court's

final and nonappealable Orders approving the Class Action Settlement release

when, in fact, the District Court's Order approving the Class Action Settlement

has the force of a final judgment on the merits. *Reyn's Pasta Bella, LLC v. Visa*

*USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (holding that approval of a class

action settlement "constituted a final judgment on the merits."). He has advised

_____

[5] The Trustee's reply to the responses and joinders will set forth this analysis.

CHAPTER 7 TRUSTEE'S MOTION
FOR SANCTIONS AGAINST JUN DAM
FOR UNAUTHORIZED PRACTICE OF
LAW AND VEXATIOUS LITIGATION          P a g e | 14

1  and encouraged collateral attacks on this Court's final and nonappealable Order

2  approving the Trustee's Settlement and the Automatic Stay Order. He is sowing

3  doubt and chaos.

4  　　Mr. Dam's conduct is also deceptive. His form "joinder" provided for the

5  filers to state that they were "pro se." **Exhibit B**. But the filers were not *pro se*. He

6  provided them with the analysis, the form and the instructions on how to file their

7  joinder. He tried to make it look as if there is an organic, spontaneous

8  disagreement with the Class Action Settlement and the Trustee's Settlement,

9  when, in fact, he is the source of these filings.

10  　　Finally, Mr. Dam's conduct is unethical, apart from violating a criminal

11  statute. Mr. Dam was actively involved in both this bankruptcy case and the Class

12  Action. He dismissed his appeal of this Court's Automatic Stay Order with

13  prejudice as an express condition of the Class Action Settlement. He did not

14  object to either settlement or opt out of the Class Action.

15  　　Given the lack of integrity in Mr. Dam's argument and conduct, a strong

16  inference arises that Mr. Dam intends to harass the estate.

17  　　For all the foregoing reasons, Mr. Dam respectfully should be sanctioned.

18  　　As set forth in the declaration filed herewith, the Trustee's counsel has

19  spent 18.8 hours or $7,520 in fees as of 6:30 p.m., November 8, 2024, reviewing

20  and tracking the multiple responses and joinders relating to the Omnibus

21  Objections, communicating with those who have filed these responses and

22
23  CHAPTER 7 TRUSTEE'S MOTION
    FOR SANCTIONS AGAINST JUN DAM
    FOR UNAUTHORIZED PRACTICE OF
24  LAW AND VEXATIOUS LITIGATION          P a g e | 15

25

joiners, drafting a reply to those responses and joinders, which will be filed in the near future. The Court has the inherent power to order Mr. Dam to pay these fees as a sanction.

As set forth in the declaration filed herewith, the Trustee's counsel has as of 6:30 p.m. November 8, 2024, spent 18.4 hours or $7,360 in fees preparing these sanctions papers. Under 28 U.S.C. § 1927, the Court has the power to order Mr. Dam to pay both the fees incurred in responding to the responses and joinders and in drafting these sanction motion papers.

In sum, as of 6:30 p.m., November 8, 2024, fees caused by Mr. Dam's unauthorized practice of law and vexatious litigation tactics have caused the estate to incur $14,880 ($7,520 plus $7,360 in fees, which are accruing.

## CONCLUSION

Mr. Dam practiced law in violation of Washington law after this Court told him to stop practicing law. He is undermining confidence and faith in the District Court's Orders and of these proceedings with frivolous arguments amounting to pure misinformation. He tried to create the illusion that WTT Token holders spontaneously and broadly believed that the Class Action Settlement and Trustee's Settlement was unenforceable by having them falsely state that they were acting *pro se*. A sanctions Order will compensate the estate, deter Mr. Dam, and vindicate the authority of the federal judiciary.

CHAPTER 7 TRUSTEE'S MOTION
FOR SANCTIONS AGAINST JUN DAM
FOR UNAUTHORIZED PRACTICE OF
LAW AND VEXATIOUS LITIGATION          P a g e | 16

1  Based on the foregoing, the Trustee respectfully requests that the Court

2  (a) sanction Mr. Dam by requiring him to pay the Trustee $14,880, plus fees

3  incurred through the hearing on the Omnibus Objections and this Motion, and (b)

4  grant such other and further relief as this Court deems equitable and just.

5  Dated: November 9, 2024                    POTOMAC LAW GROUP PLLC

6                                        By:      */s/ Pamela M. Egan*
                                            Pamela M. Egan (WSBA No. 54736)
7
                                            *Counsel to the Chapter 7 Trustee*
8

CHAPTER 7 TRUSTEE'S MOTION
FOR SANCTIONS AGAINST JUN DAM
FOR UNAUTHORIZED PRACTICE OF
LAW AND VEXATIOUS LITIGATION                    P a g e | 17