Jun Dam (*Pro Se*)
5432 Geary Blvd #535
San Francisco, CA 94121
Phone: (415) 748-1113
Email: jundam@hotmail.com

The Honorable Frederick P. Corbit
Chapter 7

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF WASHINGTON**

In re:

GIGA WATT INC.,

Debtor

Case No. 18-03197-FPC

**MOTION TO INTERVENE AND STAY PROCEEDINGS**

**COMES NOW**, Jun Dam ("Creditor"), by and through his pro se status, and respectfully moves this Court pursuant to Rule 24 of the Federal Rules of Civil Procedure, as incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7024, for leave to intervene in the matter of the Trustee's First Omnibus Objection to Claims and to stay the proceedings pending resolution of Creditor's claims.

**I. BACKGROUND**

1. **Creditor's Claims**:
    i. Creditor holds a claim for 1,025,660 tokens with a filed Proof of Claim amounting to $5,391,720.37 (Claim No. 52, Filed on February 14, 2019).
    ii. Creditor's claims are identical in legal and factual substance to those of other token holders listed in the Trustee's omnibus motion to dismiss creditor claims.

2. **Exclusion from the Omnibus Motion**:
    i. Despite being the largest token holder creditor, Creditor was excluded from the Trustee's omnibus motion.
    ii. Creditor believes this exclusion was deliberate, as Trustee's counsel may hold bias against Creditor.
3. **Potential Prejudice**:
    i. The dismissal of token-holder claims in the omnibus motion would set a legal precedent that would severely impair Creditor's ability to defend his claims.
    ii. Such dismissal would also preclude Creditor from litigating identical issues and deprive him of procedural due process.
4. **Creditor's Objections**:
    i. On October 22, 2024, Creditor filed an objection to the Trustee's First Omnibus Objection to Claims and subsequently filed a joinder to the objection of Georgios Lignos. These filings outlined key arguments that creditor claims were separate and distinct from the class action and that the third-party release in the class action is unenforceable.

## II. LEGAL BASIS

1. **Intervention of Right** (Fed. R. Civ. P. 24(a)):
    - **Interest in the Subject Matter**: Creditor holds a direct and substantial interest in the proceedings, as the claims dismissed in the omnibus motion are identical to his own.
    - **Impairment of Rights**: Dismissing token-holder claims would impair Creditor's ability to litigate his identical claims and would bind him to adverse legal precedent without being heard.
    - **Inadequate Representation**: No other party can adequately represent Creditor's interests, as the listed token holders lack the same resources or standing.

2. **Permissive Intervention** (Fed. R. Civ. P. 24(b)):

   - Creditor's claims share common questions of law and fact with those at issue in the omnibus motion, including:

     1. Distinction in Factual Nucleus of Token Holder Claims
     2. Class-Action Settlement vs. Creditor Claims
     3. Escrow Agreement and Breach
     4. Misapplication of Statute of Frauds in Lease Rights
     5. Fraud on the Court
     6. Enforceability of the Third-Party Release Clause
     7. Damages, Offsets & Creditor Claims Adjustment

## III. REQUEST TO STAY PROCEEDINGS

1. **Basis for Stay**:

   i. Proceedings should be stayed until Creditor's claims are properly adjudicated or consolidated with the token-holder claims in the omnibus motion.

   ii. Proceeding without including Creditor would result in inconsistent outcomes and inequitable treatment.

2. **Judicial Economy**:

   i. A stay would prevent piecemeal litigation and ensure that all token-holder claims are resolved uniformly and efficiently.

## IV. RELIEF REQUESTED

For the foregoing reasons, Creditor respectfully requests that this Court:

1. Grant Creditor leave to intervene in the Trustee's First Omnibus Objection to Claims.
2. Stay proceedings on the omnibus motion until Creditor's claims are addressed.
3. Consolidate Creditor's claims with those of other token holders in the omnibus motion.
4. Grant any additional relief that the Court deems just and proper.

Dated this 22nd day of November, 2024

_____
Jun Dam (*Pro Se*)
5432 Geary Blvd #535
San Francisco, CA 94108
Phone: (415) 748-1113
Email: jundam@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on 11/22/24 I electronically filed the foregoing **MOTION TO INTERVENE AND STAY PROCEEDINGS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF participants.

Date Served: 11/22/2024

Sign your name: /s/

Print name: Jun Dam