

Frederick P. Corbit
Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197-FPC7 |
| GIGA WATT INC., | **ORDER GRANTING JUN DAM'S MOTION TO INTERVENE FOR LIMITED PURPOSE AND DENYING MOTION TO STAY PROCEEDINGS** |
| Debtor. | |

This matter came before the Court on the pro se creditor Jun Dam's Motion to Intervene and Stay Proceedings (the "Motion"). (ECF No. 1240) The Court held hearings on January 3 and January 7, 2025. Attending the hearings were Pamela Egan, attorney for the chapter 7 trustee Mark Waldron, and pro se creditor Jun Dam.

The Court makes the following factual findings and legal conclusions:

1.     On October 2, 2024, the chapter 7 trustee filed three separate omnibus objections to proof of claims filed in the Giga Watt bankruptcy case. (ECF Nos. 1098; 1100; 1102)

2.     The trustee requested that the claims be disallowed and expunged from the claims register because each claim had been released pursuant to the final

ORDER GRANTING LIMITED INTERVENTION - 1

approval of a class action settlement entered by the U.S. District Court for the Eastern District of Washington in the case *Dam v. Perkins Coie LLP*, no. 2:20-cv-00464-SAB (E.D. Wash. May 23, 2024) (ECF No. 83).

3.      Each omnibus objection included an attachment that listed several claimants. The claimants were listed in alphabetical order and divided into three groups. The claimants included purchasers of mining equipment and purchasers of WTT tokens.

4.      The trustee did not include an objection to Jun Dam's proof of claim number 52-1 in any of the three omnibus objections to claims motions.

5.      Notwithstanding Mr. Dam's awareness that his claim was not included in any of the omnibus motions, on October 22, 2024, Mr. Dam filed an objection to the Trustee's omnibus motion. (ECF 1135) Mr. Dam argued: (i) the bankruptcy estate was unjustly enriched by retaining the settlement proceeds; (ii) the Chapter 7 Trustee engaged in fraud by asserting claims that belonged to the token holders; (iii) the estate lacked privity and standing to claim the settlement proceeds; and (iv) the Court misapplied the automatic stay to "claims that were independent of the bankruptcy estate." (ECF No. 1135)

6.      Several—but not all—listed claimants filed responses or objections to the trustee's omnibus motions. Most claimants' responses contained arguments similar or identical to Mr. Dam's arguments.

ORDER GRANTING LIMITED INTERVENTION - 2

7. For the claimants who did not respond to the trustee's omnibus motions, the Court entered three separate orders granting the Trustee's motions and dismissing the claims. (ECF Nos. 1213, 1214, 1232)

8. On November 21, 2024, the Court held a hearing on the Omnibus Objections and heard argument from the pro se claimants who objected to the trustee's motion. At the conclusion of the hearing, the Court took the matter under advisement.[1]

9. On November 25, 2024, Mr. Dam moved to intervene in the matter of the Trustee's First Omnibus Objection to Claims as a matter of right under Federal Rules of Civil Procedure 24(a), or as a permissive intervenor under Federal Rules of Civil Procedure 24(b). Mr. Dam also moved to stay proceedings "pending resolution of Creditor's claims." (ECF No. 1240) On the same day, Mr. Dam filed "Response to Omnibus Action," that presented written arguments responding to the trustee's omnibus objections. (ECF No. 1242)

## **INTERVENTION**

10. Federal Rule of Bankruptcy Procedure 2018 applies to an intervention motion in a Chapter 7 case and provides: "[a]fter hearing on such notice as the

---

[1]Because Mr. Dam's claim was not included in the omnibus objections, he was not allowed to argue at the hearing. As a result of this order, on January 22, 2025, Mr. Dam will be permitted to argue his response to the trustee's omnibus objections. Therefore, this Court will not take the omnibus objections under advisement until January 22, 2025.

ORDER GRANTING LIMITED INTERVENTION - 3

court orders and for cause, the court may permit an interested entity to intervene generally or in any specified matter."[2]

11.  "The standards under Rule 2018 and Federal Rule of Civil Procedure 24 overlap." *In re Adilace Holdings, Inc.*, 548 B.R. 458, 462 (Bankr. W.D. Tex. 2016) (citing *In re Alterra Healthcare Corp*., 353 B.R. 66, 71 (Bankr.D. Del. 2006)).

12.  Federal Rule of Civil Procedure 24(a) governs intervention as a matter of right and provides in relevant part:

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

13.  The Ninth Circuit has adopted a four-part test to analyze applications for intervention under Rule 24(a)(2). Intervention as a matter of right is appropriate if: (1) the motion is timely; (2) the applicant has asserted an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that without intervention the disposition may, as a practical matter, impair

---

[2] "Rule 2018(a) should be read in conjunction with other provisions of the Bankruptcy Code which permit intervention…. In chapter 7 … intervention would occur under Rule 2018. Although in these chapters creditors and other entities may be entitled to notice and a hearing before their rights are affected…." 9 COLLIER ON BANKRUPTCY ¶ 2018.01 (Alan N. Resnick & Henry J. Sommer, eds. (16th ed. 2024)).

ORDER GRANTING LIMITED INTERVENTION - 4

or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties. *U.S. ex rel. McGough v. Covington Techs. Co.,* 967 F.2d 1391, 1394 (9th Cir. 1992). The Ninth Circuit construes Rule 24(a)(2) broadly in favor of proposed intervenors. *Id.*

14.    In determining the first prong analyzing timeliness, the court evaluates three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *Id.* (citing *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir.1986)).

15.    When the Motion was filed, the Court had heard argument from the trustee and the objecting parties and had taken the matter under advisement. However, prior to filing the Motion, Mr. Dam filed two responsive pleadings to the omnibus objections on October 22 and November 25, presenting his arguments opposing the trustee's omnibus motions to dismiss the proof of claims. (ECF Nos. 1135; 1242). Crucially, the Court has not yet issued an order resolving the trustee's omnibus objections. Because Mr. Dam has already filed responsive pleadings, no delay and no prejudice to the other claimants will result from his intervention. Additionally, the intervention motion is timely because the Court is currently considering the matter and has not yet issued an opinion. Under these circumstances, Mr. Dam's motion to intervene will be deemed timely.

ORDER GRANTING LIMITED INTERVENTION - 5

16.     The second factor examined in determining intervention as a matter of right is whether the applicant has asserted an interest relating to the property or transaction which is the subject of the action. Mr. Dam filed a proof of claim in the main bankruptcy case. Similar proofs of claim in the main case are the subject of the Trustee's omnibus motions to dismiss. Because Mr. Dam has filed a proof of claim, he has an interest in the subject of the Trustee's omnibus objections. As a result, this factor is met.

17.     The third intervention factor the court examines is whether Mr. Dam is so situated that without intervention, the Court's ruling on the omnibus objections may impair or impede his ability to protect his claim in the bankruptcy case. Mr. Dam argued that dismissing other token-holder claims would impair his ability to litigate his identical claims and would bind him to adverse legal precedent without being heard.

18.     Mr. Dam's claims are facially similar to the claims the Trustee has moved to dismiss. Mr. Dam did not own mining equipment, but he purchased tokens issued by Giga Watt that gave him a right to use the electricity in the Giga Watt facilities.

19.     The Trustee has not yet filed an objection to Mr. Dam's claim, and thus the Trustee's has not yet articulated how or if Mr. Dam's proof of claim is unique compared to the other claimants. Notwithstanding Trustee's counsel's

ORDER GRANTING LIMITED INTERVENTION - 6

representations,[3] the Court assumes without deciding that if Mr. Dam's claims are identical to the omnibus objection claims, the Court's rulings on the omnibus claims may be subsequently applicable to Mr. Dam's claim. This factor favors allowing Mr. Dam's intervention for the purpose of asserting his response to Trustee's asserted omnibus objections.

20.     The fourth factor the court examines is whether another party can adequately represent Mr. Dam's interests. Mr. Dam argues that no other party can adequately represent his interests because the other creditors lack standing and the "same resources." The Court agrees that no other party can represent Mr. Dam's interests on his personal proof of claim and thus this element is met.

21.     The Court finds that the four factors for intervention as a matter of right under CR 24(a) are met and thus Mr. Dam's motion to intervene as a matter of right will be granted.

22.     The Court has discretion to limit the scope of Mr. Dam's intervention. *See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico,* 872 F.3d 57, 64 (1st Cir. 2017) (citing *United States v. City of Detroit*, 712 F.3d 925, 933 (6th Cir. 2013) (FRCP 24 advisory committee's note to 1966 amendment: "Intervention of right . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."));

---

[3] See hearing on 1/3/24: ECF No. 1249.

ORDER GRANTING LIMITED INTERVENTION - 7

*Adelphia Commc'ns Corp. v. Rigas (In re Adelphia Commc'ns Corp.)*, 285 B.R. 848, 851 (Bankr. S.D.N.Y. 2002) ("[I]t does not necessarily follow that once having intervened, intervenors have the right to litigate as the possessors of causes of action do, or to act wholly free of any limitations imposed by the Court in the interests of orderly procedure.").

23.     Courts may restrict intervention to "the claims raised by the original parties." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 737 n.11 (D.C. Cir. 2003). Additionally, a court can limit intervention to a particular set of issues. *See Harris v. Pernsley*, 820 F.2d 592, 599 (3d Cir. 1987).

## **STAY OF PROCEEDINGS**

24.     In support of the motion for stay, Mr. Dam argues that "proceedings should be stayed until [Mr. Dam's] claims are properly adjudicated or consolidated with the token-holder claims in the omnibus motion." (ECF No. 1240) A consolidation motion is not before the Court.[4]

25.     A stay of proceedings is not necessary because Mr. Dam has already filed two documents setting forth his position and explaining his arguments resisting the omnibus objections. Additionally, the Court will allow Mr. Dam to

---

[4] Mr. Dam did not file, brief, or present a consolidation motion. The Trustee's anticipated objection to Mr. Dam's proof of claim, along with Mr. Dam's response, will be considered and decided separately, when filed. At present, no other proceedings exist that could appropriately be "consolidated."

ORDER GRANTING LIMITED INTERVENTION - 8

present argument responding to the omnibus objections on January 22, 2025. As such, the Court will be fully apprised of Mr. Dam's responses to the Trustee's omnibus objections and no stay is warranted.

THEREFORE, based on the foregoing it is ordered that:

1. The Motion (ECF No. 1240) **is GRANTED IN PART and DENIED in PART**:

2. The Motion to Intervene is **<u>GRANTED AND LIMITED:</u>** The Court limits the scope of Mr. Dam's intervention to responding to the Trustee's omnibus objections. The Court will consider the two pleadings filed by Mr. Dam (ECF Nos. 1135; 1242) and Mr. Dam's oral argument on January 22, 2025. The Court will not consider additional pleadings or argument from Mr. Dam related to the omnibus objections; and

3. The Motion for a Stay of Proceedings is **<u>DENIED.</u>**


///End of Order///