1  Pamela M. Egan, WSBA No. 54736
   POTOMAC LAW GROUP, PLLC
2  2212  Queen Anne Ave., N., #836
   Seattle, WA 98109
3  Telephone: (415) 297-0132
   Facsimile: (202) 318 7707
4  Email: pegan@potomaclaw.com

   *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

5

6           **UNITED STATES BANKRUPTCY COURT**

7           **EASTERN DISTRICT OF WASHINGTON**

8  In re:                              Case No. 18-03197 FPC 7

9  GIGA WATT, Inc., a Washington       Chapter 7
   corporation,
10                                     The Honorable Frederick P. Corbit
              Debtor.

11                                     **TRUSTEE'S NOTICE OF MOTION
                                       AND MOTION FOR SANCTIONS**
12                                     **AGAINST JUN DAM FOR
                                       VIOLATING THE AUTOMATIC**
13                                     **STAY AND VEXATIOUS
                                       LITIGATION; MEMORANDUM OF**
14                                     **POINTS AND AUTHORITIES**

15                                     <u>**Hearing Information**</u>
                                       Date: February 25, 2025
16                                     Time: 10:30 a.m.
                                       Location: Zoomgov.com
17                                     Meeting ID: 1606922376

18

19

20

21

22

23
   TRUSTEE'S NOTICE OF MOTION
24 AND MOTION FOR SANCTIONS

25

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................... 1

II. JURISDICTION ............................................................................... 4

III. BACKGROUND ............................................................................... 4

    A.    The Court Cautioned Dam About Repeating Baseless
            Claims, Including that the Trustee Had Lacked Standing
            to Sue Perkins ............................................................................... 4

    B.    Dam Responded by Filing a Complaint in the District
            Court Seeking to Recover the $3 Million Perkins
            Settlement Proceeds and Alleging That the Trustee Had
            Lacked Standing to Sue Perkins ............................................... 5

    C.    Dam Has Failed to Dismiss the Complaint Despite Multiple
            Notifications ............................................................................... 7

IV. ARGUMENT ............................................................................... 7

    A.    The Complaint Violates the Automatic Stay by Trying
            to Recover Property of the Estate and From the Estate ...................... 7

    B.    Dam's Violation of the Automatic Stay is Willful
            Justifying Civil Contempt Sanctions Under 11 U.S.C. § 105 ........... 8

            *1.    Dam Has Violated His Affirmative Duty to Remedy
                  his Stay Violation.* ............................................................ 9

            *2.    Dam Bears the Burden to Demonstrate Why He Was
                  Unable to Comply With the Automatic Stay* ............................ 9

    C.    Dam's Violation of the Automatic Stay is Deliberate and
            in Bad Faith Justifying Sanctions Under 28 U.S.C. § 1927
            and the Court's Inherent Power ............................................... 10

            *1.    Dam Violated the Automatic Stay in a Deliberate and
                  Bad Faith Effort to Evade this Court's Jurisdiction* .................. 11

            *2.    Dam's Violated the Automatic Stay to Further His
                  Bad-Faith Plan to Attack the Perkins Settlement After
                  the Money Arrived* ............................................................ 13

             *3.    The Complaint's Inflammatory Allegations Attempt to
                  Distract From Dam's Bad Faith* ............................................ 14

             *4.    Dam Has Otherwise Acted Deceptively and Is
                  Becoming Erratic* ............................................................ 14

18-03197-FPC7   Doc 1257   Filed 01/20/25   Entered 01/20/25 18:54:01   Pg 2 of 22

V. SANCTIONS ARE NECESSARY ................................................................ 14

VI. CONCLUSION ......................................................................... 16

TABLES OF CONTENTS/
AUTHORITIES - Page ii

<u>CASES</u>

*America Unites for Kids v. Rousseau,*
   985 F.3d 1075 (9th Cir. 2021) ....................................................... 11, 15

*Avendano v. Security Consultants Group,*
   No. 3:13-CV-00168-HDM, 2014 WL 6773027 (D. Nev. Dec. 2, 2014) ......... 14

*Barton v. Barbour,*
   104 U.S. 126 (1881)...................................................................... 12

*Beck v. Fort James Corp. et al. (In re Crown Vantage, Inc.),*
   421 F.3d 963 (9th Cir. 2005) ............................................................ 12

*Blixseth v. Yellowstone Mountain Club, LLC,*
   854 F.3d 626 (9th Cir. 2017) ............................................................ 15

*Caldwell v. Unified Capital Corp. (In re Rainbow Mag., Inc.),*
   77 F.3d 278 (9th Cir. 1996) .............................................................. 11

*Caputo v. Tungsten Heavy Powder, Inc.,*
   96 F.4th 1111 (9th Cir. 2024) ........................................................... 15

*Evon v. Law Offices of Sidney Mickell,*
   688 F.3d 1015 (9th Cir. 2012) .......................................................... 11

*Federal Trade Commission v. Affordable Media, LLC,*
   179 F.3d 1228 (9th Cir. 1999) ........................................................... 9

*Fink v. Gomez,*
   239 F.3d 989 (9th Cir. 2001) ........................................................... 11

*Goodyear Tire & Rubber Co. v. Haeger,*
   581 U.S. 101, 137 S. Ct. 1178, 197 L. Ed. 2d 585 (2017) ............................... 16

*Gwynn v. Walker (In re Walker),*
   532 F.3d 1304 (11th Cir. 2008) ......................................................... 14

*In re Preserve, LLC,*
   No. 2:10-BK-18429-BB, 2018 WL 4292023
   (B.A.P. 9th Cir. Sept. 7, 2018)........................................................... 15

*Jove Engineering, Inc. v. IRS (In re Jove Engineering, Inc.),*
   92 F.3d 1539 (11th Cir. 1996) ........................................................... 8

TABLES OF CONTENTS/
AUTHORITIES - Page iii

*Knupfer v. Lindblade (In re Dyer)*,
   322 F.3d 1178 (9th Cir. 2003) .......................................... 8, 9, 11, 15

*Lahiri v. Universal Music & Video Distribution Corporation*,
   606 F.3d 1216 (9th Cir. 2010) ................................................ 13

*Lankford v. Wagner*,
   853 F.3d 1119 (10th Cir. 2017) ............................................ 12

*Matter of BCB Contracting Services LLC*,
   No. 2:19-BK-15555-DPC, 2022 WL 44675 (D. Ariz. Jan. 5, 2022)................ 12

*Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*,
   210 F.3d 1112 (9th Cir. 2000) ............................................ 10

*Pinkstaff v. United States (In re Pinkstaff)*,
   974 F.2d 113 (9th Cir. 1992) ............................................... 8

*Stone v. City and County of San Francisco*,
   968 F.2d 850 (9th Cir. 1992) ............................................... 9

*Wages v. Internal Revenue Service*,
   915 F.2d 1230 (9th Cir. 1990) ............................................ 10

STATUTES

11 U.S.C. § 105............................................................. 1, 8, 15

28 U.S.C. § 1334............................................................... 4

28 U.S.C. § 1927......................................................... 11, 15

28 U.S.C. §157................................................................. 4

RULES

Fed.R.Bank.P. 9020 ......................................................... 1

TABLES OF CONTENTS/
AUTHORITIES - Page iv

Mark D. Waldron, the duly appointed chapter 7 trustee in the above-captioned case, hereby moves (the "Motion") for sanctions against Jun Dam for violating the automatic stay under the Court's civil contempt powers pursuant to 11 U.S.C. § 105 and Fed.R.Bank.P. 9020. The Trustee further seeks sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power. This Motion is supported by the Memorandum of Points and Authorities below, and the Declaration of Pamela M. Egan, filed herewith.

## NOTICE

**PLEASE TAKE NOTICE** that the Trustee is moving for sanctions against Jun Dam as set forth herein. A hearing on the Motion is set for **February 25, 2025 at 10:30 a.m. by Zoom**, as noted above in the caption. Any objection must be filed and served upon undersigned counsel **by February 14, 2025**. The Court may enter an order without an actual hearing or further notice unless a written objection is timely served and filed.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Jun Dam has violated the automatic stay by filing a Complaint against the Trustee and undersigned counsel ("Counsel") seeking to recover the estate's $3

*[This Motion continues on the following page.]*

TRUSTEE'S NOTICE OF MOTION
AND MOTION FOR SANCTION- Page 1

million share of the Perkins settlement[1] for himself and WTT Token holders. A copy of the Complaint (without exhibits) is attached to this Motion as **Exhibit A**. Egan Decl., ¶ 5. Despite multiple notifications of this violation and repeated opportunities to dismiss the Complaint, Dam has refused to act, necessitating both this Motion and a motion to dismiss filed in the District Court, attached hereto as **Exhibit B**. Egan Decl., ¶¶ 6-10.

The timing of Dam's filing—after this Court cautioned him against rehashing baseless arguments attacking the Perkins settlement—and his failure to seek this Court's permission pursuant to the Barton doctrine, compel the conclusion that this filing was a deliberate attempt to circumvent this Court's jurisdiction.

Further, this stay violation is part of a broader and increasingly erratic effort to collect both shares of the bifurcated Perkins settlement. As this Court knows, Dam facilitated the settlement's closing by stipulating[2] with the Trustee to dismiss

---

[1] the term, Perkins settlement, refers to the settlement approved by this Court pursuant to the *Order (1) Approving Settlement Agreement with Perkins Coie LLP and Lowell Ness, etc.*, ECF No. 1031 (the "Trustee's Settlement") and by the District Court pursuant to the *Order Granting Final Approval of Class Action Settlement*, filed in this Court as ECF No. 1052-2.

[2] *The Stipulated Dismissal of Consolidated Appeals* and resulting *Order Granting Dismissal and Closing File* have previously been filed in this bankruptcy case as ECF Nos. 1052-3 and 1052-4.

TRUSTEE'S NOTICE OF MOTION
AND MOTION FOR SANCTION- Page 2

the appeal of this Court's *Memorandum Opinion and Order Regarding Stay and Motion for Order to Show Cause*, ECF No. 921, (the "<u>Automatic Stay Order</u>"), and by refraining from objecting to the release (the "<u>Release</u>") set forth in the Class Action Stipulation of Settlement[3] (the "<u>Class Action Settlement</u>"). However, once the funds were distributed, Dam immediately reversed course, collaterally attacking both the Automatic Stay Order and the Release.

The Complaint also misrepresents the settlement's terms and asserts allegations of judicial bias, fraud on the court, and financial motive, serving only to distract from the impropriety of its own filing.

Dam has flouted the automatic stay, the Barton doctrine and this Court's exclusive jurisdiction. This has required yet another round of motion practice by the Trustee, further disrupting the administration of the estate, delaying the distribution of settlement proceeds to creditors who have already waited over six years, and further burdening this Court.

Dam has not been deterred by this Court's detailed rulings or the appellate courts' uniformly adverse decisions. After being put on notice that further baseless attacks on the Trustee's standing could result in sanctions, Dam escalated his misconduct by violating the automatic stay.

---

[3] The *Class Action Stipulation of Settlement* has previously been filed in this bankruptcy case as ECF No. 1052-1. It resolves the class action ("<u>Class Action</u>") that Dam commenced against Perkins in the District Court.

TRUSTEE'S NOTICE OF MOTION
AND MOTION FOR SANCTION- Page 3

1  Dam's actions necessitate a proportionately escalated response from this

2  Court to prevent further abuse.

## II. JURISDICTION

4  The bankruptcy court has jurisdiction over this Motion under 28 U.S.C.

5  §§ 1334 and 157(b)(1). This matter is core. 28 U.S.C. §157(b)(2)(A) and (O).

## III. BACKGROUND

7  The Court knows the facts. Therefore, this section is brief.

8  **A.  The Court Cautioned Dam About Repeating Baseless Claims,**

9  **Including that the Trustee Had Lacked Standing to Sue Perkins**

10  On August 22, 204, Dam filed a declaration with this Court stating that he

11  was going to "file claims to establish equitable rights" to the Perkins settlement

12  proceeds. (ECF No. 1049 at 1, ¶ 3) He followed up with: (1) an objection to

13  Counsel's fees (ECF No. 1048), (2) a motion to stay pending appeal (ECF No.

14  1089), (3) a motion for reconsideration (ECF No. 1109), (4) two responses to the

15  Trustee's omnibus objections to claims (ECF Nos. 1135 and 1242), (5) a joinder

16  in another party's objection to that party's claim (ECF No. 1154), and (6) an

17  appeal, Case No. 24-cv-00334-SAB.  His conduct in advising WTT Token holders

18  to collaterally attack the Perkins settlement is the subject of a separate motion

19  (ECF No. 1208) which is set for hearing on January 22, 2025 at 1:30 pm.

20  On November 1, 2024, this Court reiterated that "only the Giga Watt estate

21  had standing to assert certain breach of contract and tort claims against Perkins

22  Coie. If the estate was the sole party with standing to pursue the claims against

23  Perkins Coie, the estate is the sole party entitled to settlement funds for the

24  TRUSTEE'S NOTICE OF MOTION
AND MOTION FOR SANCTION- Page 4

25

asserted claims." (ECF No. 1151 at 8, ¶ 15) The Court added, "if Mr. Dam persists in causing the Court or parties to respond to frivolous arguments or revisit matters that have already been resolved, the Court will reconsider whether Mr. Dam is a vexatious litigant." (*Id*. at 11,¶ 21)

**B.    Dam Responded by Filing a Complaint in the District Court Seeking to Recover the $3 Million Perkins Settlement Proceeds and Alleging That the Trustee Had Lacked Standing to Sue Perkins**

On December 13, 2024, Dam filed a complaint entitled, *Complaint for Unjust Enrichment, Constructive Trust, and Fraud on the Court,* asking the United States District Court for the Eastern District of Washington to (i) order the Trustee, Counsel, and the "Giga Watt Bankruptcy Estate" to disgorge the Perkins settlement proceeds, (ii) impose a constructive trust on the Perkins settlement proceeds, and (iii) award damages against the Trustee and Counsel for "fraud on the court."

The Complaint alleges that the $3 million that Perkins Coie LLP and affiliates ("Perkins") paid to the Giga Watt estate was "intended for the Plaintiff," Jun Dam. (**Exh. A**, ECF No. 1[4] at 2:2) But, due to this Court's "erroneous ruling" in the Automatic Stay Order, this payment was made to the estate. (*Id*. at 15:3-9) This "misapplication of the automatic stay" caused the WTT token holders to receive less than they should have received. (*Id*. at 2:10)

---

[4] ECF No. 1 is the ECF No. in the action commenced by Dam in the District Court, Case No. 2:24-cv-00417-SAB.

TRUSTEE'S NOTICE OF MOTION
AND MOTION FOR SANCTION- Page 5

The Complaint further alleges that "misrepresentations made by Trustee Waldron and his counsel Egan . . . led to the bankruptcy court's erroneous ruling . . . ." (**Exh. A**, ECF No. 1 at 2:7-9) "The Trustee and Egan misled the [bankruptcy] court by portraying the estate as having suffered harm from the premature release of escrow funds [by Perkins]." (*Id*. at 30:5-6) It alleges that "[t]he Trustee and Egan concealed critical facts, such as the **estate's lack of standing** and that the token holders were the rightful beneficiaries of the [Perkins] escrow." (Emphasis in original.) (*Id*. at 31:5-6) It further alleges that "Trustee's counsel Egan was incentivized by a 30% contingency fee, amounting to $900,000 of the $3 million settlement. This financial motive drove the deliberate misrepresentation of facts to the court." (*Id*. at 32:3-5)

The Complaint alleges that "[t]he agreement's language makes no mention of extending the release to include the Trustee or the bankruptcy estate, nor does it suggest that their involvement was contemplated as part of the agreement." (**Exh. A**, ECF No. 1 at 48:17-19, 49:1) However, the Release expressly applies to "the Giga Watt Estate, Mark D. Waldron as Chapter 7 Trustee of the Giga Watt Estate, and agents and attorneys of the Giga Watt Estate." (ECF No. 1052-1 at 12:12-17; 27:20-23)

The Complaint further alleges, "[t]he bankruptcy judge has **demonstrated bias in favor of the Trustee**, advancing **frivolous motions** that favored the estate and ignoring valid challenges regarding **standing and unjust enrichment**." (**Exh. A**, ECF No. 1 at 38:10-12) (Emphasis in original.)

TRUSTEE'S NOTICE OF MOTION
AND MOTION FOR SANCTION- Page 6

Dam did not mention the Complaint during his appearance before this Court on January 3, 2025. He informed the Trustee of the Complaint on January 9, 2025 in an email to counsel sent at 3:30 a.m. Egan Decl., at ¶ 4.

**C.     Dam Has Failed to Dismiss the Complaint Despite Multiple Notifications**

The Trustee has repeatedly notified Dam of his violation of the automatic stay and requested that he voluntarily dismiss the Complaint. Egan Decl., ¶¶ 6-7, 9. Dam's refusal to comply has necessitated this Motion. *Id.*, ¶ 10. On January 16, 2024, the Trustee and Counsel also filed a motion to dismiss the District Court action. A copy of the *Trustee's and Counsel's Motions to Dismiss Complaint for (i) Lack of Subject Matter Jurisdiction, (ii) Lack of Personal Jurisdiction Over the "Giga Watt Bankruptcy Estate" and (iii) Failure to State a Claim Against the "Giga Watt Bankruptcy Estate,"* ("Motion to Dismiss") is attached hereto as **Exhibit B**. Egan Decl., ¶ 8.

## IV.  ARGUMENT

**A.     The Complaint Violates the Automatic Stay by Trying to Recover Property of the Estate and From the Estate**

The automatic stay bars any "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The Complaint demands disgorgement of and a constructive trust on funds held by the estate. Therefore, it violates the automatic stay.

TRUSTEE'S NOTICE OF MOTION
AND MOTION FOR SANCTION- Page 7

**B.      Dam's Violation of the Automatic Stay is Willful Justifying Civil Contempt Sanctions Under 11 U.S.C. § 105**

The Bankruptcy Court has the authority to impose civil contempt sanctions under § 105(a) of the Bankruptcy Code for willful violations of a court order. 11 U.S.C. § 105; *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1189–90 (9th Cir. 2003). The automatic stay "qualifies as a specific and definite court order." *Dyer*, 322 F.3d at 1190-91; *accord Jove Engineering, Inc. v. IRS (In re Jove Engineering, Inc.)*, 92 F.3d 1539, 1546 (11th Cir. 1996)).

The moving party has the burden of showing a willful violation of the automatic stay by clear and convincing evidence. *Dyer,* 322 F.3d at 1190–91. "A 'willful violation' does not require a specific intent to violate the automatic stay. *Pinkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113, 115 (9th Cir. 1992). Instead, a party is subject to sanction "upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional." *Dyer*, 322 F.3d at 1191.

The Complaint establishes knowledge of the stay by asking the District Court to "[g]rant relief from the automatic stay under 11 U.S.C. § 362(d) to allow this Court to adjudicate the Plaintiff's state-law claims and determine the proper allocation of the $3 million settlement funds." (**Exh. A**, ECF No. 1 at 51:17-19, 52:1-5) Second, this Court has already enforced the automatic stay against Dam in the Automatic Stay Order. The collateral attack on that Order is the crux of his Complaint. This further establishes Dam's knowledge that the stay prohibits efforts to collect property of and from the estate.

TRUSTEE'S NOTICE OF MOTION
AND MOTION FOR SANCTION- Page 8

The filing of the Complaint was intentional. Dam wrote to Counsel in the pre-dawn email, "I am writing to inform you that, as referenced in my objection to the fee application, I have filed a lawsuit, **Case No. 2:24-cv-00417**, against you, Mark Waldron, Potomac Law Group PLLC, and the Giga Watt Bankruptcy Estate." Egan Decl. at ¶ 4. (Emphasis in original).

      1.   *Dam Has Violated His Affirmative Duty to Remedy his Stay Violation.*

The Trustee, through counsel, has asked Dam three times to dismiss the complaint for violating the automatic stay. Egan Decl., ¶¶ 6-7, 9. Dam's refusal to do so establishes willfulness, standing alone. *Dyer*, 322 F.3d at 1192.

      2.   *Dam Bears the Burden to Demonstrate Why He Was Unable to Comply With the Automatic Stay*

Once willfulness is established, as it is here, "[t]he burden then shifts to the contemnors to demonstrate why they were unable to comply" with the Court order. *Federal Trade Commission v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (*quoting Stone v. City and County of San Francisco,* 968 F.2d 850, 856 n. 9 (9th Cir. 1992)). Dam will not be able to meet this burden.

[*This Motion continues on the following page.*]

TRUSTEE'S NOTICE OF MOTION
AND MOTION FOR SANCTION- Page 9

**C. Dam's Violation of the Automatic Stay is Deliberate and in Bad Faith Justifying Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Power [5]**

This Court put Dam on notice that he could be sanctioned if he required the Trustee to respond to further re-hashing of the baseless standing argument. ECF No. 1151 at 11, ¶ 21. Dam reacted by filing the Complaint requiring the Trustee and Counsel to respond.

Under Ninth Circuit law, the court may impose costs and attorney's fees on Dam, although he is a *pro se* litigant, for "unreasonably and vexatiously" multiplying the proceedings in this case. 28 U.S.C. § 1927*; Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235-36 (9th Cir. 1990). Violating the automatic stay and the Barton Doctrine has unreasonably and vexatiously multiplied these proceedings by compelling the Trustee to file the Motion to Dismiss and this motion.

Relief under either 28 U.S.C. § 1927 requires a finding of bad faith, which is a subjective standard that may be met with knowing or reckless conduct. *See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

---

[5] The Trustee incorporates by reference as if set forth fully herein the arguments and evidence of Dam's vexatiousness presented in the *Chapter 7 Trustee's Motion for a Pre-Filing Review Oreder and/or Sanctions Against Jun Dam*, ECF No. 1056.

TRUSTEE'S NOTICE OF MOTION
AND MOTION FOR SANCTION- Page 10

Bankruptcy courts also possess the same inherent powers as district courts to "sanction vexatious conduct presented before the court." *Caldwell v. Unified Capital Corp. (In re Rainbow Mag., Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996). Such sanctions are available if the court makes an "explicit finding of bad faith or willful misconduct" before their imposition. *Dyer*, 322 F.3d at 1196; *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021).

"A determination that a party was willfully disobedient is different from a finding that a party acted in bad faith. Either supports the imposition of sanctions." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). "[A] 'willful' violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Id.* On the other hand, bad faith, including conduct done vexatiously, wantonly, or for oppressive reasons, requires proof of bad intent or improper purpose. *Id*. Furthermore, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose ... [is also] sanctionable under a court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

1. *Dam Violated the Automatic Stay in a Deliberate and Bad Faith Effort to Evade this Court's Jurisdiction*

As this Court knows, "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's

TRUSTEE'S NOTICE OF MOTION
AND MOTION FOR SANCTION- Page 11

1 official capacity." *Beck v. Fort James Corp. et al. (In re Crown Vantage, Inc.)*,
2 421 F.3d 963, 970 (9th Cir. 2005).

3    Dam is aware of the Barton doctrine's mandate. In his first lawsuit against
4 the Trustee and Counsel, Dam filed a *pro se* motion for permission to sue under
5 the Barton Doctrine, stating:

6       Under the Barton doctrine in *Barton v. Barbour*, 104 U.S. 126
        (1881), plaintiffs are required to first request approval from the
7       appointing court to file lawsuits against the Trustee. In
        *Lankford v. Wagner*, 853 F.3d 1119 (10th Cir. 2017), that court
8       also extended the requirement for lawsuits against Trustee's
        counsel.
9

10 (Adv. Proc. No. 20-80020, ECF No. 19 at 3:12-16) In addition, the Trustee has
11 reminded Dam of the Barton doctrine more than once. Egan Decl., ¶¶ 6-7. Dam
12 has not dismissed the Complaint. *Id.*, ¶ 10. Thus, Dam knowingly and recklessly
13 violated the Barton doctrine.

14    Dam violated the Barton doctrine because he was evading this Court's
15 jurisdiction after the Court put him on notice that he risked sanctions by
16 continuing his baseless attacks on the Perkins settlement. This is bad faith. *Cf.*
17 *Matter of BCB Contracting Services. LLC*, No. 2:19-bk-15555-DPC, 2022 WL
18 44675, at *3 (D. Ariz. Jan. 5, 2022) (sanctioning party for refusing to dismiss
19 action after being notified that the Barton doctrine applies, using its inherent
20 powers).

21
22
23
24 TRUSTEE'S NOTICE OF MOTION
   AND MOTION FOR SANCTION- Page 12
25

1    2.    *Dam's Violated the Automatic Stay to Further His Bad-Faith Plan to*

2          *Attack the Perkins Settlement After the Money Arrived*

3    Dam was a named plaintiff represented by counsel in the Class Action. He

4    could have objected to the Release or opted out of the Class Action Settlement. He

5    chose not to. Instead, he affirmatively stipulated with the Trustee to dismiss his

6    appeal of the Automatic Stay Order to fulfill a necessary condition of both the

7    Class Action Settlement and the Trustee's Settlement. But once the settlement

8    funded, Dam made an immediate about face and began collaterally attacking the

9    Orders approving and implementing the settlement. Notably, class counsel is not

10   assisting this effort and Dam is unable to find counsel willing to help him.

11   The Complaint alleges that the Class Action Settlement "makes no mention

12   of extending the release to include the Trustee or the bankruptcy estate nor does it

13   suggest that their involvement was contemplated as part of the agreement." ECF

14   No. 1 at 48:18-19. However, only weeks earlier, on November 25, 2024, Dam

15   conceded in a filing with this Court, "The release clause in the class-action

16   settlement generally prohibits class members from suing the Trustee, debtor, or

17   estate." (ECF No. 1242 at 4:5-6) Dam is saying one thing in this Court and

18   another in the District Court as if no one would be the wiser.

19   Misrepresentations to the court indicate bad faith. *See Lahiri v. Universal*

20   *Music & Video Distribution Corporation.,* 606 F.3d 1216, 1221–22 (9th Cir.

21   2010) (holding that an attorney's misrepresentations and manipulative tactics,

22   unnecessarily protracting the proceedings, warranted the imposition of sanctions);

23   *Avendano v. Security Consultants Group*, No. 3:13-CV-00168-HDM, 2014 WL

24   TRUSTEE'S NOTICE OF MOTION
     AND MOTION FOR SANCTION- Page 13

25

6773027, at *11 (D. Nev. Dec. 2, 2014) ("Intentionally misleading the court is bad faith conduct.").

3. *The Complaint's Inflammatory Allegations Attempt to Distract From Dam's Bad Faith*

Dam's inflammatory allegations of judicial bias, fraud on the court, and pecuniary motives on the part of Counsel are a transparent attempt to distract from the impropriety of his Complaint. Such allegations, devoid of support, further underscore Dam's bad faith. *Cf. Gwynn v. Walker* (*In re Walker*), 532 F.3d 1304, 1310 (11th Cir. 2008) (upholding sanctions against party who alleged fraud on the court and accused counsel of acting out of pecuniary interest, stating "[t]he seriousness of the allegations combined with the lack of any evidentiary support or minimal investigation support a finding of bad faith").

4. *Dam Has Otherwise Acted Deceptively and Is Becoming Erratic*

Dam's delay in disclosing the Complaint, including his failure to mention it at the January 3rd hearing, was deceptive and intended to cause further delay, which hurts creditors. Dam filed the Complaint on December 13, 2024, yet said nothing until January 9, 2025.

His manner of providing notice, a pre-dawn email, is erratic.

### V. SANCTIONS ARE NECESSARY

The Court's prior responses to Dam's conduct have not deterred him from engaging in a pattern of escalating misconduct. The Court has written multiple detailed opinions outlining why it is ruling against Dam. Uniformly adverse

1  appellate rulings have affirmed those rulings in detailed written opinions. Yet,
2  Dam now argues that this Court is "biased."

3   This Court cautioned Dam against re-hashing the baseless standing
4  argument. In reaction, he escalated, by violating the automatic stay.

5   Under section 105 of the Bankruptcy Code, this Court has the discretion to
6  impose civil penalties that are compensatory and designed to coerce compliance.
7  *Dyer*, 322 F.3d at 1192. "Attorneys' fees are an appropriate component of a civil
8  contempt award." *Id*. at 1195. "The 'American Rule' on attorneys' fees is
9  inapplicable in a § 105(a) context." *In re Preserve, LLC*, No. 2:10-BK-18429-BB,
10 2018 WL 4292023, at *11 (B.A.P. 9th Cir. Sept. 7, 2018) "Civil contempt
11 sanctions for willful violations of the automatic stay may appropriately include
12 actual damages and attorney's fees and costs incurred in voiding the stay violation
13 *and* in pursuing damages for the violation." *Id*. (Emphasis added.)

14  Attorney's fees incurred, including those incurred in obtaining sanctions,
15 may also be recovered under 28 U.S.C. § 1927. *See Blixseth v. Yellowstone*
16 *Mountain Club, LLC*, 854 F.3d 626, 631 (9th Cir. 2017) "[T]he costs of obtaining
17 sanctions may be included in a sanctions award under § 1927."

18  A court ordering compensatory monetary relief under its inherent power
19 must "apply a 'but-for' causation standard," tracing the compensation back to the
20 sanctionable conduct of the party. *Caputo v. Tungsten Heavy Powder, Inc.*, 96
21 F.4th 1111, 1148 (9th Cir. 2024) *(quoting America Unites for Kids*, 985 F.3d at
22 1089–90. "The court's fundamental job is to determine whether a given legal
23 fee—say, for taking a deposition or drafting a motion—would or would not have

24 TRUSTEE'S NOTICE OF MOTION
   AND MOTION FOR SANCTION- Page 15
25

been incurred in the absence of the sanctioned conduct." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110, 137 S. Ct. 1178, 1187, 197 L. Ed. 2d 585 (2017).

The Trustee would not have incurred the attorney fees for drafting the Motion to Dismiss in the absence of Dam's filing of the Complaint. Therefore, fees incurred on the Motion to Dismiss pass the "but for" test.

Here, the Trustee requests that Dam be ordered to pay attorneys' fees incurred in moving to dismiss the Complaint and in filing this Motion, which as of January 20, 2025 at 12:00 p.m. are as follows and are accruing:

| Activity | Hours | Amount |
|---|---|---|
| Motion to Dismiss | 33.4 | $13,360 |
| Motion for Sanctions | 19.5 | $7,800 |
| TOTAL | 52.9 | $21,160 |

**VI.**

**CONCLUSION**

Dam's actions not only waste the estate's limited resources but also harm creditors by needlessly prolonging the administration of this case. Creditors have waited over six years for a distribution. Dam's misconduct—marked by willful violations of the automatic stay and bad faith attempts to undermine this Court's jurisdiction—demands a proportionate and compensatory response.

WHEREFORE, the Trustee respectfully requests that this Court issue an Order: (1) requiring Jun Dam to pay all attorneys' fees incurred on the Motion to

TRUSTEE'S NOTICE OF MOTION
AND MOTION FOR SANCTION- Page 16

1   Dismiss and this Motion; and (2) granting such other and further relief as the

2   Court deems equitable and just.

3   Dated: January 21, 2025                    POTOMAC LAW GROUP, PLLC

4

5                                        By:    _____/s/ Pamela M. Egan_____
                                                Pamela M. Egan (WSBA No. 54736)
6                                               *Attorneys for Mark D. Waldron, Chapter 7*
                                                *Trustee*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   TRUSTEE'S NOTICE OF MOTION
     AND MOTION FOR SANCTION- Page 17
25