1  Pamela M. Egan, WSBA No. 54736
   POTOMAC LAW GROUP PLLC
2  2212 Queen Anne Ave. N., #836
   Seattle, WA 98109
3  Telephone: (415) 297-0132
   Email: pegan@potomaclaw.com
4    *Attorneys for Trustee and Counsel*

5           **UNITED STATES DISTRICT COURT**
            **EASTERN DISTRICT OF WASHINGTON**
6

7  **JUN DAM**,                          | Case No. 2:24-cv-00417-SAB

8           Plaintiff,                   | **TRUSTEE'S AND COUNSEL'S**
                                         | **MOTIONS TO DISMISS**
9       vs.                              | **COMPLAINT FOR (I) LACK**
                                         | **OF SUBJECT MATTER**
10 **MARK D. WALDRON, CHAPTER**          | **JURISDICTION, (II) LACK OF**
   **7 TRUSTEE, PAMELA M. EGAN,**        | **PERSONAL JURISDICTION**
11 **POTOMAC LAW GROUP, PLLC,**          | **OVER THE "GIGA WATT**
   **and GIGA WATT BANKRUPTCY**          | **BANKRUPTCY ESTATE" AND**
12 **ESTATE**                            | **(III) FAILURE TO STATE A**
                                         | **CLAIM AGAINST THE "GIGA**
13          Defendants.                  | **WATT BANKRUPTCY**
                                         | **ESTATE"**
14
                                         | **3/7/2025**
15                                       | **Without Oral Argument**

16

17

18

19

20

21

22

23 MOTIONS TO DISMISS FOR           **EXHIBIT B, Page 1 of 28**
24 LACK OF SUBJECT MATTER
   JURISDICTION, etc.
25

1

# TABLE OF CONTENTS

2    I.   INTRODUCTION ............................................................................. 1

3    II.  BACKGROUND ............................................................................. 3

4        A.   The Trustee and Counsel Are Court-Appointed and
5             Court-Approved Professionals in the Giga Watt
             Bankruptcy Case ............................................................... 3

6        B.   Dam Did Not Obtain Bankruptcy Court Permission Before
7             Commencing This Suit......................................................... 3

8        C.   The Complaint Arises from the Perkins Settlement as
             Approved by this Court and the Bankruptcy Court Pursuant
9             to Final and Nonappealable Orders....................................... 4

10       D.   The Trustee, Perkins, and Dam Litigated Against Each Other............ 4

11       E.   The Trustee, Perkins and Dam Settled Pursuant to Final and
             Nonappealable Orders.......................................................... 5

12            1.   Perkins Paid $4.5 Million to the Class and $3 Million
                  to the Estate; the Class Released Perkins and the
13                 Giga Watt Estate ...................................................... 6

14            2.   Dam Dismissed His Appeal of the Automatic Stay
                  Order and Preliminary Injunction With Prejudice
15                 Pursuant to the Perkins Settlement and This Court's
                  Final and Nonappealable Order ................................... 7
16
         F.   The Complaint Alleges That the Automatic Stay Order,
17            Whose Appeal Dam Dismissed With Prejudice, Was Wrongly
             Decided and That This Court's Final and Nonappealable Order
18            Releasing the Giga Watt Estate, the Trustee and Counsel Is
             Unenforceable ...................................................................... 8
19

20   III. LEGAL STANDARD ...................................................................... 9

21       A.   Challenging Subject Matter Jurisdiction Under Rule 12(b)(1)............ 9

22       B.   Challenging Capacity of the "Giga Watt Bankruptcy Estate"
             to Be Sued ......................................................................... 9
23

**EXHIBIT B, Page 2 of 28**

24   TABLES OF CONTENTS
     AND AUTHORITIES -- i

25

1.    Standard Under Rule 12(b)(2) .................................................. 11

2.    Standard Under Rule 12(b)(6) .................................................. 12

IV.  ARGUMENT .......................................................................................... 13

A.   Dismissal of the Action is Required Because the Court Lacks Subject Matter Jurisdiction ......................................... 13

    1.   Under the Barton Doctrine, the Court Lacks Subject Matter Jurisdiction Over the Claims Against the Trustee and Counsel .............................................................. 13

    2.   The Court Lacks Subject Matter Jurisdiction Over the Perkins Settlement Proceeds Because They Are Property of the Estate ............................................. 15

    3.   This Court Lacks Subject Matter Jurisdiction to Grant Relief From the Stay ....................................................... 17

B.   The Giga Watt Bankruptcy Estate Lacks the Capacity to Be Sued .................................................................................. 17

    1.   The Complaint Does Not Make a Prima Facie Showing of Personal Jurisdiction Over the Giga Watt Bankruptcy Estate ....................................................... 18

    2.   The Complaint Fails to State a Plausible Claim Against the Giga Watt Bankruptcy Estate ............................... 19

C.   Amendment Would Be Futile ............................................................ 19

V.  CONCLUSION ........................................................................................... 20

TABLES OF CONTENTS
AND AUTHORITIES -- ii

**EXHIBIT B, Page 3 of 28**

TABLE OF AUTHORITIES

C<small>ASES</small>

*Allard v. Weitman, (In re DeLorean Motor Co.)*,
  991 F.2d 1236 (6th Cir. 1993) ........................................................... 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................ 12

*AT & T v. Compagnie Bruxelles Lambert*,
  94 F.3d 586 (9th Cir. 1996), *opinion supplemented
  in unpublished opinion*, 95 F.3d 1156 (9th Cir. 1996) ...................... 12

*Barton v. Barbour*,
  104 U.S. 126 (1881).......................................................................... 2, 13

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (1955)............................................................................ 12

*Bourg v. United States*,
  No. 2:23-CV-00348-SAB, 2024 WL 4778024 (E.D. Wash. Nov. 13, 2024)...... 9

*Carroll Shelby Licensing, Inc. v. Tango Classic Autos, Inc.*,
  No. CV 15-06264 SJO (KSx), 2015 WL 12765632
  (C.D. Cal. Dec. 10, 2015) ............................................................. 10, 18

*Catholic Bishop of Spokane v. Paine Hamblen, LLP*,
  No. 12-CV-0583-TOR, 2013 WL 11319241 (E.D. Wash. May 15, 2013)....... 13

*Coates v. Brazoria County Texas*,
  894 F. Supp. 2d 966 (S.D. Tex. 2012)........................................... 11, 19

*Committee of Tort Litigants v. Catholic Diocese of Spokane*,
  364 B.R. 81 (E.D. Wash. 2006) .......................................................... 16

*Committee of Tort Litigants v. Catholic Diocese of Spokane*,
  No. CV-05-0274-JLQ, 2006 WL 211792 (E.D. Wash. Jan. 24, 2006) ............. 16

*Copeland v. Morgan Stanley Cap. Tr.*,
  No. CV 23-3536-AB (JPR), 2024 WL 4797226
  (C.D. Cal. Aug. 29, 2024), report and recommendation
  adopted, No. CV 23-3536-AB (JPR), 2024 WL 4375737
  (C.D. Cal. Oct. 1, 2024) ................................................................ 10, 18

**EXHIBIT B, Page 4 of 28**

TABLES OF CONTENTS
AND AUTHORITIES -- iii

*Doe v. Mckesson*,
   945 F.3d 818 (5th Cir. 2019), *cert. granted,*
   *judgment vacated on other grounds*, 141 S. Ct. 48 (2020).......................... 10, 19

*Eggers v. Healing Lodge of the Seven Nations*,
   No. 2:24-CV-00078-SAB, 2024 WL 4629114
   (E.D. Wash. Oct. 30, 2024)............................................................... 9

*Erickson v. Pardus*,
   551 U.S. 89  (2007)........................................................................ 12

*Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia St. LLC*,
   2015 WL 4932640 (N.D. Cal. 2015) ................................................ 11

*Fox Hollow of Turlock Owner's Association v. Sinclair*,
   No. 1:03-CV-5439 AWI SAB., 2013 WL 1628260
   (E.D. Cal. Apr. 15, 2013)................................................................ 18

*Hal Roach Studios v. Richard Feiner & Co., Inc*.,
   896 F.2d 1542 (9th Cir. 1990) ........................................................ 13

*In re Advanced Rods, Inc.*,
   No. ADV 04-6247, 2005 WL 6960214 (B.A.P. 9th Cir. June 27, 2005).......... 18

*In re Balboa Improvements, Ltd*.,
   99 B.R. 966 (B.A.P. 9th Cir. 1989) ................................................. 14

*In re Catholic Bishop of Spokane*,
   329 B.R. 304 (Bankr. E.D. Wash. 2005) .......................................... 16

*In re Crown Vantage, Inc*.,
   421 F.3d 963 (9th Cir. 2005) ................................................. 2, 13, 15

*In re Gruntz*,
   202 F.3d 1074 (9th Cir. 2000) ...................................................... 2, 17

*In re Wardrobe*,
   No. ADV. 04-05241, 2007 WL 7540982
   (B.A.P. 9th Cir. July 31, 2007), *aff'd,* 559 F.3d 932 (9th Cir. 2009) ............... 17

*Jordan v. Grace Living Centers*,
   2020 WL 130147 (W.D. Okla. 2020) ......................................... 11, 19

*Klebanow v. N.Y. Produce Exchange*,
   344 F.2d 294 (2d Cir. 1965) .......................................................... 10

**EXHIBIT B, Page 5 of 28**

TABLES OF CONTENTS
AND AUTHORITIES -- iv

*Moneymaker v. CoBen, (In re Eisen),*
  31 F.3d 1447 (9th Cir. 1994) ............................................................... 17

*Pacific Atlantic Trading Co., Inc. v. M/V Main Express,*
  758 F.2d 1325 (9th Cir. 1985) ............................................................. 11

*W.J. Estelle, v. Gamble,*
  429 U.S. 97 (1976) ................................................................................. 12

*White v. Lee,*
  227 F.3d 1214 (9th Cir. 2000) .............................................................. 9

STATUTES

11 U.S.C. § 323 ................................................................................ 2, 17, 19

11 U.S.C. § 362 ...................................................................................... 17

28 U.S.C. § 1334 ................................................................................. 2, 16

28 U.S.C. § 1409 ...................................................................................... 18

28 U.S.C. § 157 ............................................................................. 2, 16, 17

28 U.S.C. § 959 ................................................................................ 14, 15

TREATISES

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* ........ 10

RULES

Fed.R.Civ.P. 12 ............................................................ 1, 9, 10, 11, 18, 19, 20

Fed.R.Civ.P. 8 ......................................................................................... 12

L.Civ.R. 83.5 ...................................................................................... 2, 16

**EXHIBIT B, Page 6 of 28**

TABLES OF CONTENTS
AND AUTHORITIES -- v

1    Mark D. Waldron, as Chapter 7 Trustee in the bankruptcy case of Giga

2  Watt, Inc. pending in the United States Bankruptcy Court for the Eastern District

3  of Washington, Case No. 2:18-bk-03197-FPC and his counsel, Pamela M. Egan,

4  and the Potomac Law Group, PLLC (collectively, "Counsel"), hereby move for an

5  order dismissing the Complaint pursuant to Rule 12(b)(1) for lack of subject matter

6  jurisdiction over the action, pursuant to Rule 12(b)(2) for lack of personal

7  jurisdiction over the "Giga Watt Bankruptcy Estate," as lacking the capacity to be

8  sued, and pursuant to Rule 12(b)(6) for failure to state a claim against the "Giga

9  Watt Bankruptcy Estate," as lacking the capacity to be sued.

10    This Motion is supported by the Declaration of Mark D. Waldron ("Waldron

11  Decl."), the Declaration of Pamela M. Egan ("Egan Decl."), and the *Request for*

12  *Judicial Notice in Support of Trustee's and Counsel's Motions to Dismiss*

13  *Complaint for (i) Lack of Subject Matter Jurisdiction, (ii) Lack of Personal*

14  *Jurisdiction Over the "Giga Watt Bankruptcy Estate" and (iii) Failure to State a*

15  *Claim Against the "Giga Watt Bankruptcy Estate,"* filed herewith,[1] and by the

16  arguments set forth below.

## I.   INTRODUCTION

18    Although Jun Dam has not served a summons in this action, the Trustee and

19  Counsel hereby waive service and hereby appear in this action. Dam filed the

---

[1] References to documents listed in the Request for Judicial Notice are by RJN, followed by the bates stamped number. For example, RJN 1.

MOTIONS TO DISMISS FOR                    **EXHIBIT B, Page 7 of 28**
LACK OF SUBJECT MATTER
JURISDICTION, etc.  -- 1

1  Complaint on December 13, 2024. He notified Counsel of this filing by email

2  delivered at 3:30 a.m. on January 9, 2025. Egan Decl., ¶ 6.

3      This Court lacks subject matter jurisdiction over the Complaint for three

4  reasons. First, the Complaint violates the Barton Doctrine because Dam failed to

5  obtain the Bankruptcy Court's permission to sue the Trustee and Counsel. *Barton*

6  *v. Barbour*, 104 U.S. 126, 127 (1881); *In re Crown Vantage, Inc*., 421 F.3d 963,

7  970 (9th Cir. 2005). Second, it seeks to control property of the bankruptcy estate

8  which lies within the Bankruptcy Court's exclusive jurisdiction. 28 U.S.C.

9  § 1334(e); 28 U.S.C. § 157; L.Civ.R. 83.5(a). Third, it seeks relief from the

10  automatic stay which also lies in the exclusive core jurisdiction of the Bankruptcy

11  Court. 28 U.S.C. § 157(b)(2)(G); *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir.

12  2000) .

13      In addition, the Complaint fails to establish personal jurisdiction over and

14  fails to state claim against the "Giga Watt Bankruptcy Estate" because the Giga

15  Watt Bankruptcy Estate lacks the capacity to be sued. The Trustee, as the estate's

16  representative, is the party with the capacity to be sued on behalf of the estate. 11

17  U.S.C. § 323.

18      Amending the Complaint cannot remedy the lack of subject matter

19  jurisdiction or the estate's lack of capacity to be sued. Accordingly, amendment

20  would be futile.

21      Therefore, the Trustee and Counsel respectfully request that this Court

22  dismiss the Complaint, without leave to amend.

23  MOTIONS TO DISMISS FOR                    **EXHIBIT B, Page 8 of 28**
24  LACK OF SUBJECT MATTER
    JURISDICTION, etc.   -- 2
25

## II. BACKGROUND

**A.    The Trustee and Counsel Are Court-Appointed and Court-Approved Professionals in the Giga Watt Bankruptcy Case**

Defendant Mark Waldron is the duly-appointed Chapter 7 Trustee in the bankruptcy case of Giga Watt, Inc., pending in the United States Bankruptcy Court for the Eastern District of Washington, Case No. 2:18-bk-03197-FPC (the "Bankruptcy Case"). (RJN 1) *See also* Waldron Decl., ¶ 2. The Trustee retained PLG as bankruptcy counsel and special litigation counsel. Waldron Decl., ¶ 5. The Bankruptcy Court approved PLG's employment pursuant to two orders. (RJN 2 and 34) Defendant Pamela Egan is a partner at PLG who has primary responsibility for representing the Trustee. Egan Decl., ¶ 5. Dam admits, as he must, that at all material times alleged in the Complaint, the Trustee and Counsel were administering the Giga Watt estate. (ECF No. 1 at 10:13-14; ECF No. 1 at 10:17-19)

**B.    Dam Did Not Obtain Bankruptcy Court Permission Before Commencing This Suit**

The Complaint does not allege – and cannot allege – that the Bankruptcy Court granted Dam permission to commence this action.

[*This Motion continues on the next page*.]

MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, etc.  -- 3

**EXHIBIT B, Page 9 of 28**

C.    **The Complaint Arises from the Perkins Settlement as Approved by this Court and the Bankruptcy Court Pursuant to Final and Nonappealable Orders**

The Complaint alleges that this Court's Order approving the Perkins settlement is unenforceable and that the Perkins settlement should be revised to provide that the estate's $3 million share of the settlement should be paid to WTT Token holders in addition to the $4.5 million that they received pursuant to this Court's Order approving the settlement, as set forth below.

The Complaint alleges three counts: (1) unjust enrichment, (2) constructive trust, and (3) fraud. It also asks for relief from the automatic stay to allow this action to proceed.

D.    **The Trustee, Perkins, and Dam Litigated Against Each Other**

On November 18, 2020, the Trustee commenced an adversary proceeding against Perkins and others in the Bankruptcy Court on the estate's behalf, asserting claims arising from the collapse of the Giga Watt Project and alleging that Perkins had prematurely released the proceeds of the sale of WTT Tokens from its IOLTA trust account, referred to also as the "escrow." (RJN 3) Waldron Decl., ¶ 7.

On December 13, 2020, Dam commenced in this Court a putative class action on behalf of WTT Token holders against Perkins alleging claims arising from the same facts as the Trustee alleged in the bankruptcy case (the "Class Action"). (ECF No. 1-2) Like the Trustee, Dam alleged that Perkins had disbursed

MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, etc.  -- 4

**EXHIBIT B, Page 10 of 28**

1   approximately $10.8 million in WTT Token sales proceeds out of step with

2   construction. (ECF No. 1-2 at ¶¶ 28, 29)

3        On June 18, 2021, the Trustee moved the Bankruptcy Court to find Dam in

4   contempt for violating the automatic stay by pursuing claims against Perkins that

5   belonged to the estate. Waldron Decl., ¶ 8. The Bankruptcy Court partially agreed

6   with the Trustee, finding that the first three claims for relief in the Class Action

7   were property of the estate over which the Trustee had exclusive standing (the

8   "Automatic Stay Order"). (ECF No. 1-7)

9        Dam appealed to this Court the Automatic Stay Order and the Court's

10  subsequent injunction of the Class Action. Waldron Decl., ¶ 9. This Court

11  consolidated these appeals in *Dam v. Waldron*, Case No. 2:21-cv-00291 SAB (the

12  "Consolidated Appeal"). Dam dismissed the Consolidated Appeal with prejudice

13  pursuant to the Perkins settlement, as set forth below. (RJN 50 and 54)

14  **E.    The Trustee, Perkins and Dam Settled Pursuant to Final and**

15       **Nonappealable Orders**

16       In July 2022, after extensive litigation in the Bankruptcy Court by the

17  Trustee against Perkins and Dam, and after full briefing on Dam's appeals before

18  this Court, the parties agreed to mediation. Settlement negotiations lasted more

19  than a year. Waldron Decl., ¶ 10. In late 2023, the parties finally settled. *Id*. As the

20  Complaint alleges, "the Giga Watt bankruptcy estate, represented by the Trustee,

21  entered into a $3 million settlement with Perkins Coie." (ECF No. 1 at 14:2-4)

22

23

24  MOTIONS TO DISMISS FOR                    **EXHIBIT B, Page 11 of 28**
    LACK OF SUBJECT MATTER
    JURISDICTION, etc.  -- 5

25

1.    ***Perkins Paid $4.5 Million to the Class and $3 Million to the Estate; the Class Released Perkins and the Giga Watt Estate***

Subject to court approval, Perkins agreed to pay the WTT Token settlement class $4.5 million (the "Class Action Settlement") and to pay the estate $3 million (the "Trustee's Settlement") pursuant to two agreements. (ECF No. 1-3 and 1-5) Both agreements were contingent on the other becoming effective and on court approval. (ECF No. 1-3 at 30:22-26 and 32:1-12; ECF No. 1-5 at 10, ¶¶ III.G.1 and G.2)

The Class Action Settlement contains an express release (the "Release") by "each and every Releasing Party" (defined as Class Members, ECF No. 1-3 at 13:18-19) "by order of this Court" (ECF NO. 1-3 at 28:20-21) "of any Released Claim against any Released Party." (ECF No. 1-3 at 28:22-23) Released Party includes, "the Giga Watt Estate, Mark D. Waldron as Chapter 7 Trustee of the Giga Watt Estate, and agents and attorneys of the Giga Watt Estate." (ECF No. 1-3 at 13:12-17. "Released Claims" means "all . . . claims . . . including . . . equitable relief . . . that arise from or related to the facts giving rise to this [Class] Action." (ECF No. 1-3 at 13:7-11)The Trustee would not have agreed to the Perkins settlement without this Release. Waldron Decl., ¶ 12.

The Bankruptcy Court approved the Trustee's Settlement on October 5, 2023. (RJN 35) It held that the settlement was "fair and equitable." (RJN 42) Only one party – not Dam – objected. Waldron Decl., ¶ 13. At the Trustee's request, the Bankruptcy Court also granted limited relief from the stay on November 21, 2023

MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, etc.  -- 6

**EXHIBIT B, Page 12 of 28**

1    to allow the Class Action Settlement to move forward. (RJN 45) Waldron Decl.,

2    ¶ 14.

3        This Court granted final approval of the Class Action Settlement on May 23,

4    2024. (ECF No. 1-4) It found that the Class Action Settlement was "fair,

5    reasonable, and adequate." (ECF No. 1-4 at 3:22) The Class Action Settlement

6    gave WTT Token holders the right to opt out of the settlement. (ECF No. 1-3 at

7    27-28) No WTT Token holders, including Dam, opted out of the Class Action

8    Settlement. (RJN 48) And no one objected. *Id.*

9        **2.**    ***Dam Dismissed His Appeal of the Automatic Stay Order and***

10        ***Preliminary Injunction With Prejudice Pursuant to the Perkins***

11        ***Settlement and This Court's Final and Nonappealable Order***

12        Both the Class Action Settlement and the Trustee's Settlement were

13    conditioned on the dismissal of Dam's Consolidated Appeal of the Automatic Stay

14    Order and preliminary injunction which had stayed and enjoined the Class Action.

15    (ECF No. 1-3 at 30:10-21; ECF No. 1-5 at 10, ¶ III.G.3) In compliance with this

16    necessary condition to the Perkins settlement, Dam and the Trustee stipulated to

17    the dismissal of the Consolidated Appeal with prejudice on July 2, 2024. (RJN 50)

18    Waldron Decl., ¶ 15. On August 2, 2024, this Court dismissed the Consolidated

19    Appeal with prejudice. (RJN 54) The Trustee would not have agreed to the Perkins

20    Settlement without the condition of dismissal of the Consolidated Appeal. Waldron

21    Decl., ¶¶ 12, 15.

22

23    MOTIONS TO DISMISS FOR           **EXHIBIT B, Page 13 of 28**

24    LACK OF SUBJECT MATTER
    JURISDICTION, etc.   -- 7

25

1    Perkins paid $3 million to the estate pursuant to the settlement on or about

2    July 29, 2024. Waldron Decl., ¶ 16.

3    **F.    The Complaint Alleges That the Automatic Stay Order, Whose Appeal**

4    **Dam Dismissed With Prejudice, Was Wrongly Decided and That This**

5    **Court's Final and Nonappealable Order Releasing the Giga Watt**

6    **Estate, the Trustee and Counsel Is Unenforceable**

7    The Complaint alleges that the $3 million that Perkins paid to the Giga Watt

8    estate pursuant to the settlement was "intended for the Plaintiff," Jun Dam. (ECF

9    No. 1 at 2:2) But, due to the Bankruptcy Court's "erroneous ruling" in the

10   Automatic Stay Order, this payment was made to the estate. (ECF No. 1 at 15:3-9)

11   This "misapplication of the automatic stay" caused the WTT token holders to

12   receive less than they should have received. (ECF No. 1 at 2:10)

13   Referring to the Automatic Stay Order, the Complaint further alleges that

14   "misrepresentations made by Trustee Waldron and his counsel Egan . . . led to the

15   bankruptcy court's erroneous ruling . . . ." (ECF No. 1 at 2:7-9) "The Trustee and

16   Egan misled the [bankruptcy] court by portraying the estate as having suffered

17   harm from the premature release of escrow funds [by Perkins]." (ECF No. 1 at

18   30:5-6) It alleges that "[t]he Trustee and Egan concealed critical facts, such as the

19   **estate's lack of standing** and that the token holders were the rightful beneficiaries

20   of the [Perkins] escrow." (Emphasis in original.) (ECF No. 1 at 31:5-6)

21   The Complaint does not refer to Dam's stipulated dismissal of his appeal of

22   the Automatic Stay Order pursuant to the Perkins settlement nor does it refer to

23
24   MOTIONS TO DISMISS FOR                    **EXHIBIT B, Page 14 of 28**
     LACK OF SUBJECT MATTER
     JURISDICTION, etc.   -- 8
25

1  this Court's Order dismissing that appeal with prejudice at Dam's request pursuant

2  to the Perkins settlement.

3       The Complaint further alleges that the Release, approved by this Court, is

4  unenforceable. (ECF No. 1 at 15:10-17, 43:17-19, 44-50)

5  ### III.  LEGAL STANDARD

6  **A.  Challenging Subject Matter Jurisdiction Under Rule 12(b)(1)**

7       A challenge to subject matter jurisdiction pursuant to Federal Rule of Civil

8  Procedure 12(b)(1) may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242

9  (9th Cir. 2000). This Motion makes a factual challenge. On a factual challenge, the

10  court may "look beyond the complaint to matters of public record" and "need not

11  presume the truthfulness of the plaintiffs' allegations." *White*, 227 F.3d at 1242

12  (citation omitted); *Eggers v. Healing Lodge of the Seven Nations*, No. 2:24-CV-

13  00078-SAB, 2024 WL 4629114, at *1 (E.D. Wash. Oct. 30, 2024).

14       "Plaintiff bears the burden of proving the existence of such jurisdiction

15  when considering a Rule 12(b)(1) motion." *Bourg v. United States*, No. 2:23-CV-

16  00348-SAB, 2024 WL 4778024, at *2 (E.D. Wash. Nov. 13, 2024). A district court

17  must dismiss the action if it determines that it lacks subject matter jurisdiction over

18  the dispute. Fed.R.Civ.P. 12(h)(3).

19  **B.  Challenging Capacity of the "Giga Watt Bankruptcy Estate" to Be Sued**

20       When a party's lack of capacity to be sued appears on the face of a

21  complaint, as is the case here regarding the "Giga Watt Bankruptcy Estate," a

22  motion to dismiss that named party is appropriate. Courts dismiss these complaints

23

24  MOTIONS TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION, etc.  -- 9    **EXHIBIT B, Page 15 of 28**

25

1    under either Rule 12(b)(2) for lack of personal jurisdiction or Rule 12(b)(6) for

2    failure to state a claim.

3    Rule 12(b) does not specifically authorize a motion to dismiss based on a

4    lack of capacity to be sued. "However, federal courts . . . traditionally have

5    entertained certain pre-answer motions that are not expressly provided for by the

6    rules or by statutes including motions raising a lack of capacity to sue or be sued."

7    5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §

8    1360 (3rd ed. 2004). The majority of reported decisions dismiss such complaints

9    under Rule 12(b)(6). However, some dismiss under Rule 12(b)(2). *Compare*

10   *Carroll Shelby Licensing, Inc. v. Tango Classic Autos, Inc*., No. CV 15-06264 SJO

11   (KSx), 2015 WL 12765632, at *2-3 (C.D. Cal. Dec. 10, 2015) (granting motion to

12   dismiss under Fed.R.Civ P. 12(b)(2) because court lacked personal jurisdiction

13   over dissolved-corporation defendant that no longer had capacity to be sued);

14   *Copeland v. Morgan Stanley Cap. Tr.*, No. CV 23-3536-AB (JPR), 2024 WL

15   4797226, at *1 (C.D. Cal. Aug. 29, 2024), *report and recommendation adopted*,

16   No. CV 23-3536-AB (JPR), 2024 WL 4375737 (C.D. Cal. Oct. 1, 2024)

17   (dismissing case against non-jural entity for lack of personal jurisdiction) *with Doe*

18   *v. Mckesson*, 945 F.3d 818 (5th Cir. 2019), *cert. granted, judgment vacated on*

19   *other grounds*, 141 S. Ct. 48 (2020) (dismissing lawsuit against Black Lives Matter

20   for lack of capacity to be sued; applying Rule 12(b)(6)),; *Klebanow v. N.Y.*

21   *Produce Exchange*, 344 F.2d 294, 296 n.1 (2nd Cir. 1965) ("Although the defense

22   of lack of capacity is not expressly mentioned in [Federal Rule of Civil Procedure]

23

24   MOTIONS TO DISMISS FOR                    **EXHIBIT B, Page 16 of 28**
     LACK OF SUBJECT MATTER
     JURISDICTION, etc.  -- 10

25

12(b), the practice has grown up of examining it by a 12(b)(6) motion when the defect appears upon the face of the complaint."); *Jordan v. Grace Living Centers*, 2020 WL 130147, *1 (W.D. Okla. 2020) ("Because Grace Living Centers is a trade name and does not have a legal existence under Oklahoma law separate and distinct from Defendant Amity Care, L.L.C., Plaintiff cannot state a plausible claim for relief against it. Accordingly, the Court finds that Grace Living Centers should be dismissed from the present action."); *Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia St. LLC*, 2015 WL 4932640, *5 (N.D. Cal. 2015) ("[T]he 'lack of capacity to sue' defense is one of legal insufficiency, and a claim made by or against a party that lacks the capacity to sue or be sued should be dismissed under Rule 12(b)(6) for failure to state a claim 'upon which relief can be granted.'"); *Coates v. Brazoria County Texas*, 894 F. Supp. 2d 966, 968–69 (S.D. Tex. 2012) (after noting that "[w]hether a party has the capacity to sue or be sued is a legal question that may be decided at the Rule 12 stage," the court granted the defendant's motion to dismiss under Rule 12(b)(6) because the defendant county lacked the capacity to be sued under Texas law). This Motion seeks dismissal of the "Giga Watt Bankruptcy Estate" under both Rule 12(b)(2) and Rule 12(b)(6).

### 1.   *Standard Under Rule 12(b)(2)*

At the pre-discovery stage of litigation on a Rule 12(b)(2) motion, the court accepts as true the jurisdiction-related facts in the complaint. *Pacific Atlantic Trading Co., Inc. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985). When the court is asked to rely only on written materials, as here, "dismissal is

MOTIONS TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION, etc.  -- 11

**EXHIBIT B, Page 17 of 28**

1  appropriate only if the plaintiff has not made a *prima facie* showing of personal

2  jurisdiction." *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir.

3  1996), *opinion supplemented in unpublished opinion*, 95 F.3d 1156 (9th Cir.

4  1996).

5      **2.    *Standard Under Rule 12(b)(6)***

6      "To survive a motion to dismiss, a complaint must contain sufficient factual

7  matter, accepted as true, to state a claim to relief that is plausible on its face."

8  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*,

9  550 U.S. 544, 570 (1955). A document filed *pro se* is "liberally construed," and a

10  *pro se* complaint, "however inartfully pleaded, must be held to less stringent

11  standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.

12  89, 94 (2007) (*quoting W.J. Estelle, v. Gamble*, 429 U.S. 97, 106 (1976)); *Cf.*

13  Fed.R.Civ.P. 8(e) ("pleadings must be construed so as to do justice").

14      A plausible claim exists when a plaintiff pleads sufficient facts allowing the

15  court to reasonably infer that the defendant is liable for the misconduct alleged.

16  Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a probability

17  requirement, but it asks for more than a sheer possibility that a defendant has acted

18  unlawfully." *Iqbal*, 556 U.S. at 678.  *See also Order Affirming the Bankruptcy*

19  *Court's Order Granting Appellees' Motion to Dismiss*, filed in this Court, *Dam v.*

20  *Waldron*, Case No. 2:20-cv-00351-SAB, ECF No. 15 (applying the plausibility

21  standard in upholding the Bankruptcy Court's order dismissing Dam's first

22  complaint against the Trustee and Counsel for failure to state a claim).

23  MOTIONS TO DISMISS FOR              **EXHIBIT B, Page 18 of 28**

24  LACK OF SUBJECT MATTER
    JURISDICTION, etc.  -- 12

25

1    A district court may consider all materials submitted as part of the complaint

2    including exhibits and documents to which the complaint specifically refers and

3    whose authenticity is not questioned even if they are not physically appended to

4    the complaint. *Hal Roach Studios v. Richard Feiner & Co., Inc*., 896 F.2d 1542,

5    1555 n. 19 (9th Cir. 1990). This motion to dismiss for failure to state a cause of

6    action against the Giga Watt Bankruptcy Estate relies solely on the complaint and

7    its exhibits.

8    **IV.   ARGUMENT**

9    **A.    Dismissal of the Action is Required Because the Court Lacks Subject**

10   **Matter Jurisdiction**

11       **1.    *Under the Barton Doctrine, the Court Lacks Subject Matter***

12       ***Jurisdiction Over the Claims Against the Trustee and Counsel***

13       The Barton Doctrine requires a party to "first obtain leave of the bankruptcy

14   court before it initiates an action in another forum against a bankruptcy trustee or

15   other officer appointed by the bankruptcy court for acts done in the officer's

16   official capacity." *Crown Vantage,* 421 F.3d at 970. *See Barton,* 104 U.S. at 127.

17   The Barton Doctrine applies broadly to court-appointed and court-approved

18   professionals. *See Catholic Bishop of Spokane v. Paine Hamblen, LLP*, No. 12-

19   CV-0583-TOR, 2013 WL 11319241, at *2 (E.D. Wash. May 15, 2013) (dismissing

20   lawsuit against debtor's counsel for failure to obtain permission to sue from the

21   bankruptcy court as required by the Barton Doctrine); *Allard v. Weitman, (In re*

22   *DeLorean Motor Co.)*, 991 F.2d 1236, 1241 (6th Cir. 1993) (cited with approval

23   MOTIONS TO DISMISS FOR                          **EXHIBIT B, Page 19 of 28**

24   LACK OF SUBJECT MATTER
     JURISDICTION, etc.   -- 13

25

by *Crown Vantage* and holding that the Barton Doctrine applies to counsel for the trustee as "court appointed officers who represent the estate"). *See also In re Balboa Improvements, Ltd*., 99 B.R. 966, 969-70 (B.A.P. 9th Cir. 1989) (citing authority that applies Barton, stating that "[j]urisdiction over a claim of misconduct by the debtor's attorney in the administration of an estate may be analogized to the exclusive jurisdiction over similar claims against a court-appointed trustee or debtor-in-possession" and holding that such state law claims gave rise to "core" bankruptcy jurisdiction).

The limited statutory exception to the Barton doctrine, codified at 28 U.S.C. § 959(a), is not applicable here. Section 959(a) provides that Trustees may be sued without leave of the bankruptcy court "with respect to any of their acts or transactions in carrying on business connected with such property." 28 U.S.C. § 959. By its terms, section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate.

As alleged in the Complaint, the Trustee was not operating the business previously conducted by the debtor. Instead, it converted to a Chapter 7 liquidation case. (ECF No. 1 at 12:18-19, 13:1-2) The Trustee was liquidating the assets of the estate, which included the estate's claims against Perkins. Waldron Decl., ¶¶ 17, 18. Furthermore, Egan was acting "within the scope of her employment [by PLG] while representing Defendant Waldron and the bankruptcy estate." (ECF No. 1 at 11:6-9) This is precisely the type of activity that the *Barton* doctrine was designed to protect. Thus, the limited exception to the *Barton* doctrine contained in 28

MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, etc.  -- 14

**EXHIBIT B, Page 20 of 28**

U.S.C. § 959(a) does not apply. Instead, all of the Plaintiff's allegations pertain directly to the Trustee's and Counsel's action in administering the estate, specifically, litigating the estate's claims against Perkins and defending those claims against Dam. Waldron Decl., ¶¶ 17-18; Egan Decl., ¶ 7.

Failure to obtain permission to sue the Trustee and Counsel outside the Bankruptcy Court means that this Court lacks subject matter jurisdiction to hear the dispute. *Crown Vantage*, 421 F.3d at 970-71.

As alleged in the Complaint, the Trustee and Counsel contested Dam's class action against Perkins, obtained the Automatic Stay Order and injunction, contested Dam's appeal of these orders, litigated against Perkins, negotiated the Perkins settlement, and obtained approval of the Perkins settlement in their roles as court-appointed Trustee and court-approved Counsel on behalf of the Giga Watt estate. Waldron Decl., ¶ 18.

The Complaint does not allege – and cannot allege – that Dam obtained the Bankruptcy Court's permission to commence this action. Waldron Decl., ¶ 19.

Therefore, under the Barton Doctrine, this Court lacks subject matter jurisdiction over these claims.

**2.    *The  Court Lacks Subject Matter Jurisdiction Over the Perkins Settlement Proceeds Because They Are Property of the Estate***

The Complaint seeks disgorgement of the Perkins settlement proceeds that Perkins paid to the estate pursuant to the Bankruptcy Court's final and nonappealable Order approving the Perkins settlement. [citation] The Complaint

MOTIONS TO DISMISS FOR
LACK OF SUBJECT MATTER            **EXHIBIT B, Page 21 of 28**
JURISDICTION, etc.  -- 15

1    alleges that the "retention of $3 million by the bankruptcy estate is unjust . . . ."

2    (ECF No. 1 at 19:4) It also seeks imposition of a constructive trust over the "$3

3    million settlement funds currently held by the bankruptcy estate." (ECF No. 1 at

4    26:15-16) (Emphasis in original removed.)

5        "[T]he district court in which a case under title 11 is commenced or is

6    pending shall have exclusive jurisdiction -- (1) of all the property, wherever

7    located, of the debtor as of the commencement of such case, and of property of the

8    estate." 28 U.S.C.A. § 1334. Furthermore,  "[e]ach district court may provide that

9    any or all cases under title 11 and any or all proceedings arising under title 11 or

10   arising in or related to a case under title 11 shall be referred to the bankruptcy

11   judges for the district." 28 U.S.C. § 157.

12       This Court has referred that jurisdiction to the Bankruptcy Court pursuant to

13   L.Civ.R. 83.5. Therefore, the Bankruptcy Court has exclusive jurisdiction over

14   property of the estate, including the Perkins settlement proceeds on which Dam

15   seeks to impose a constructive trust. *See In re Catholic Bishop of Spokane*, 329

16   B.R. 304, 315 (Bankr. E.D. Wash. 2005) (holding that the bankruptcy court's

17   jurisdiction over property of the estate is exclusive), *aff'd in part sub nom.*

18   *Committee of Tort Litigants v. Catholic Diocese of Spokane*, No. CV-05-0274-

19   JLQ, 2006 WL 211792 (E.D. Wash. Jan. 24, 2006), and *rev'd in part on other*

20   *grounds sub nom. Committee of Tort Litigants v. Catholic Diocese of Spokane*, 364

21   B.R. 81 (E.D. Wash. 2006).

22

23

24   MOTIONS TO DISMISS FOR                    **EXHIBIT B, Page 22 of 28**
     LACK OF SUBJECT MATTER
     JURISDICTION, etc.  -- 16

25

1    Therefore, this Court lacks subject matter jurisdiction over these claims.

2    However, even if this were not the case – and it is the case – Dam would need the

3    Bankruptcy Court's permission to sue the Trustee and Counsel to recover these

4    funds.

5        **3.    *This Court Lacks Subject Matter Jurisdiction to Grant Relief***

6             ***From the Stay***

7        The Bankruptcy Court has exclusive jurisdiction over Dam's request to lift

8    the stay imposed by 11 U.S.C. § 362. *See* 28 U.S.C. § 157(b)(2)(G) (providing that

9    actions to "terminate, annul, or modify" the automatic stay are core bankruptcy

10   proceedings); *Gruntz*, 202 F.3d at 1082 ("The automatic stay is an injunction

11   issuing from the authority of the bankruptcy court, and bankruptcy court orders are

12   not subject to collateral attack in other courts."). *Accord In re Wardrobe*, No.

13   ADV. 04-05241, 2007 WL 7540982, at *4 (B.A.P. 9th Cir. July 31, 2007), *aff'd*,

14   559 F.3d 932 (9th Cir. 2009).

15       Therefore, this Court lacks subject matter jurisdiction to lift the automatic

16   stay.

17   **B.    The Giga Watt Bankruptcy Estate Lacks the Capacity to Be Sued**

18       The Trustee is the representative of the Giga Watt estate vested by statute

19   with the capacity to sue and be sued. 11 U.S.C. § 323. *See Moneymaker v. CoBen,*

20   *(In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994) ("Under section 323 of the

21   Bankruptcy Code, a trustee is the representative of the debtor's estate and has the

22   capacity to sue and be sued."); *In re Advanced Rods, Inc.*, No. ADV 04-6247, 2005

23

24   MOTIONS TO DISMISS FOR            **EXHIBIT B, Page 23 of 28**
     LACK OF SUBJECT MATTER
     JURISDICTION, etc.  -- 17

25

WL 6960214, at *3 (B.A.P. 9th Cir. June 27, 2005) ("Bankruptcy estates are sued by naming the trustee as the party-defendant in an official capacity."). *Cf.* 28 U.S.C. § 1409(e) ("A proceeding arising under title 11 or arising in or related to a case under title 11, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced *against the representative of the estate*"). (Emphasis added.) *See Fox Hollow of Turlock Owner's Association v. Sinclair*, No. 1:03-CV-5439 AWI SAB., 2013 WL 1628260, at *4 (E.D. Cal. Apr. 15, 2013) ("[W]hen an entity lacks the capacity to be sued, all claims against that entity should be dismissed.").

1.    ***The Complaint Does Not Make a Prima Facie Showing of Personal Jurisdiction Over the Giga Watt Bankruptcy Estate***

When a party does not have the capacity to be sued, a court lacks personal jurisdiction over it. *See, e.g., Carroll Shelby Licensing,* 2015 WL 12765632, at *2-3 (granting motion to dismiss under Fed.R Civ.P. 12(b)(2) because court lacked personal jurisdiction over dissolved-corporation defendant that no longer had capacity to be sued). *Accord Copeland*, 2024 WL 4797226, at *1, *report and recommendation adopted*, No. CV 23-3536-AB (JPR), 2024 WL 4375737 (C.D. Cal. Oct. 1, 2024).

The face of the complaint establishes that the named defendant, the "Giga Watt Bankruptcy Estate," refers to the estate in the Giga Watt bankruptcy case. For example, it alleges, "the Giga Watt bankruptcy estate, represented by the Trustee,

MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, etc.  -- 18

**EXHIBIT B, Page 24 of 28**

1  entered into a \$3 million settlement with Perkins Coie." (ECF No. 1 at 14:2-4) It

2  refers to the estate being "managed" by the Trustee. (ECF No. 1 at 11:10-11)

3      Because the Giga Watt Bankruptcy Estate lacks the capacity to be sued, this

4  Court cannot obtain personal jurisdiction over it and the complaint against the

5  "Giga Watt Bankruptcy Estate" should be dismissed.

6      **2.    *The Complaint Fails to State a Plausible Claim Against the Giga***

7           ***Watt Bankruptcy Estate***

8      A plausible claim cannot be asserted against the "Giga Watt Bankruptcy

9  Estate" because as a matter of law, only the Trustee can be sued on the Giga Watt

10  bankruptcy estate's behalf. 11 U.S.C. § 323. Therefore, dismissal under Rule

11  12(b)(6) is appropriate.. *Mckesson*, 945 F.3d 818 (dismissing lawsuit under Rule

12  12(b)(6) against Black Lives Matter for lack of capacity to be sued), c*ert. granted,*

13  *judgment vacated on other grounds*, 141 S. Ct. 48 (2020); *Grace Living Centers*,

14  2020 WL 130147, *1 (dismissing lawsuit under Rule 12(b)(6) against entity that

15  lacked capacity to be sued); *Coates v. Brazoria County Texas*, 894 F. Supp. 2d

16  966, 968–69 (S.D. Tex. 2012) (granting defendant's Rule 12(b)(6) because the

17  defendant county lacked the capacity to be sued). Accordingly, the claims against

18  the "Giga Watt Bankruptcy Estate" must be dismissed pursuant to Rule 12(b)(6).

19  **C.    Amendment Would Be Futile**

20      This action cannot proceed against the Trustee and Counsel, no matter how

21  the Complaint is framed, without the Bankruptcy Court's permission. Similarly, no

22  amendment can evade the Bankruptcy Court's exclusive jurisdiction over the

23

24  MOTIONS TO DISMISS FOR              **EXHIBIT B, Page 25 of 28**
    LACK OF SUBJECT MATTER
    JURISDICTION, etc.   -- 19

25

1  Perkins settlements proceeds and whether to lift the automatic stay. Finally, no

2  matter how the Complaint is framed, the "Giga Watt Bankruptcy Estate" lacks

3  capacity to be sued. Therefore, amendment would be futile.

4  ### V.   CONCLUSION

5  For the reasons set forth above, the Trustee and Counsel respectfully request

6  that the Court dismiss the Complaint against the Trustee and Counsel pursuant to

7  Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter

8  jurisdiction. The Barton Doctrine bars this action absent prior authorization from

9  the Bankruptcy Court, which the plaintiff did not obtain. Additionally, the

10  Complaint seeks to impose a constructive trust on property of the bankruptcy

11  estate and to lift the automatic stay, matters that fall squarely within the exclusive

12  jurisdiction of the Bankruptcy Court.

13  The Trustee and Counsel further request that the "Giga Watt Bankruptcy

14  Estate" be dismissed for lack of personal jurisdiction and failure to state a claim

15  pursuant to Rule 12(b)(2) and (6) for lack of capacity to be sued.

16  Amendment would be futile because the core jurisdictional and pleading

17  deficiencies cannot be cured.

18  [*This Motion continues on the next page.*]

19

20

21

22

23

24  MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, etc.  -- 20

**EXHIBIT B, Page 26 of 28**

25

1    For these reasons, the Trustee and Counsel respectfully request that the

2    Court dismiss the Complaint without leave to amend and grant such other and

3    further relief as the Court deems equitable and just.

4    Dated:  January 16, 2025                POTOMAC LAW GROUP, PLLC

5

6                                    By:  */s/ Pamela M. Egan*

7                                         Pamela M. Egan, WSBA # 54736
                                         *Attorneys for Trustee and Counsel*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    MOTIONS TO DISMISS FOR                **EXHIBIT B, Page 27 of 28**
      LACK OF SUBJECT MATTER
      JURISDICTION, etc.  -- 21

25

**CERTIFICATE OF SERVICE**

I am over the age of 18 years old and am not a party to the above-captioned adversary proceeding. I certify that on January 17, 2025, I will serve the foregoing document through the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage in a sealed envelope addressed as follows:

Jun Dam
5432 Geary Boulevard, #535
San Francisco, CA 94121-2307

On January 16, 2025, I further served the foregoing document upon Jun Dam l by email addressed to Mr. Dam at jundam@hotmail.com.

Dated this 16th day of January 2025.

*/s/ Pamela M. Egan*
Pamela M. Egan

**EXHIBIT B, Page 28 of 28**

CERTIFICATE OF SERVICE                - i -