Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP, PLLC
2212 Queen Anne Ave., N., #836
Seattle, WA 98109
Telephone: (415) 297-0132
Facsimile: (202) 318 7707
Email: pegan@potomaclaw.com

*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>               Debtor. | Case No. 18-03197 FPC 7<br><br>Chapter 7<br><br>The Honorable Frederick P. Corbit<br><br>**DECLARATION OF PAMELA M. EGAN IN SUPPORT OF TRUSTEE'S MOTION FOR SANCTIONS AGAINST JUN DAM FOR VIOLATING THE AUTOMATIC STAY AND VEXATIOUS LITIGATION**<br><br>**<u>Hearing Information</u>**<br>Date: February 25, 2025<br>Time: 10:30 a.m.<br>Location: Zoomgov.com<br>Meeting ID: 1606922376 |

I, Pamela M. Egan, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

DECLARATION OF PAMELA M. EGAN
IN SUPPORT OF TRUSTEE'S MOTION
FOR SANCTIONS -- 1

1.     I am over 18 years of age, of sound mind, and other competent to make this Declaration.

2.     I submit this declaration in support of the *Trustee's Motion for Sanctions Against Jun Dam for Violating the Automatic Stay and Vexatious Litigation* (the "Motion"), filed herewith. Unless otherwise defined herein, capitalized terms used in this Declaration have the meaning ascribed to them in the Motions.

3.     All facts set forth in this Declaration are based upon my personal knowledge.

4.     On January 9, 2025 at 3:30 a.m., I received an email from Jun Dam stating, "I am writing to inform you that, as referenced in my objection to the fee application, I have filed a lawsuit, **Case No. 2:24-cv-00417**, against you, Mark Waldron, Potomac Law Group PLLC, and the Giga Watt Bankruptcy Estate." (Emphasis in original).

5.     A true and correct copy of the Complaint (without exhibits) is attached to the Motion as Exhibit A. It was filed almost a month earlier on December 13, 2025.

6.     On January 15, 2025, I notified Mr. Dam by email that the Complaint violates 11 U.S.C. § 362(a)(3) by trying to recover property from the estate and that he has an affirmative duty under In re Dyer, 322 F.3d 1178, 1192 (9th Cir. 2003), to remedy the violation by dismissing the complaint. In the same correspondence, I notified him that the Complaint also violates the Barton doctrine.

7.     On January 16, 2025, I sent to Jun Dam by email a copy of the *Trustee's and Counsel's Motions to Dismiss Complaint for (i) Lack of Subject*

DECLARATION OF PAMELA M. EGAN
IN SUPPORT OF TRUSTEE'S MOTION
FOR SANCTIONS -- 2

*Matter Jurisdiction, (ii) Lack of Personal Jurisdiction Over the "Giga Watt Bankruptcy Estate" and (iii) Failure to State a Claim Against the "Giga Watt Bankruptcy Estate,"* ("Motion to Dismiss") filed in the District Court. In this email, I reminded him of his affirmative duty to remedy the stay violation and I asked him again to dismiss the Complaint.

8.      A true and correct copy of the Motion to Dismiss is attached to the Motion as Exhibit B.

9.      On January 17, 2025, I made my last request to dismiss the Complaint.

10.     As of the date of this filing, Dam has neither responded nor dismissed the Complaint.

11.     As of 11:30 a.m., January 20, 2025, I have spent the following time on the Motion to Dismiss and the Motion:

| Activity | Hours | Amount |
|---|---|---|
| Motion to Dismiss | 33.4 | $13,360 |
| Motion for Sanctions | 19.5 | $7,800 |
| TOTAL | 52.9 | $21,160 |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of January 2025.

*/s/ Pamela M. Egan*
Pamela M. Egan

DECLARATION OF PAMELA M. EGAN
IN SUPPORT OF TRUSTEE'S MOTION
FOR SANCTIONS -- 3